IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| *ex. rel.* ALEX DOE, Relator | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | FILED UNDER SEALED |
| OF AMERICA, INC., *et al.*, | § | PURSUANT TO |
| | § | 31 U.S.C. § 3730(b). |
| Defendants. | § | |

**ORDER**

Before the Court is the United State's Unopposed[1] *ex parte* Application for Extension of Time (ECF No. 13). The Application is **GRANTED.**

The False Claims Act allows the Government to move the Court for extensions of time to decide whether to intervene *if* good cause is shown. 31 U.S.C. § 3730(b)(3). In its memorandum, the United States provided three reasons for an extension of time: (1) the need to collect and analyze additional information provided by Relator; (2) the need to coordinate with the appropriate agents within the Texas and Louisiana Medicaid programs; and (3) the need to interview witnesses identified by the Relator and others that have knowledge relevant to Relator's allegations.

The Court is nonplussed by the Government's briefing. Although the Government identifies a to-do list of tasks to be done, it provides little analysis on why the previous sixty days has been insufficient to perform them. Nor does the Government explain why a 180-day extension will be sufficient. Recognizing the complexity of the alleged Medicaid fraud and the voluminous related records, the Court finds that the United States has shown good cause but only just.

---

[1] The Plaintiff States of Texas and Louisiana agree to the extension. The Relator also consents to the extension.

The seal provision of the False Claims Act "was enacted in the 1980's as part of a set of reforms that were meant to 'encourage more private enforcement suits.'" *State Farm Fire and Cas. Co. v. United States ex rel. Rigsby*, 137 S. Ct. 436, 443 (2016) (quoting S. Rep. No. 99–345, p. 23–24 (1986)). "The Senate Committee Report indicates that the seal provision was meant to allay the Government's concern that a relator filing a civil complaint would alert defendants to a pending federal criminal investigation." *Id.* The seal provision thus reflects Congress's balancing of law enforcement interests on one hand and "the *public's* right of access to judicial proceedings" on the other. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) (emphasis added).

The Act prescribes a narrowly defined 60–day period in which the Government may elect to intervene in a *qui tam* suit. 31 U.S.C. § 3730(b)(2). Congress did not arrive at this 60–day period by mere happenstance. The Senate Committee's Report is instructive on this point:

> Subsection (b)(3) of section 3730 establishes that the Government may petition the Court for extensions of both the 60-day evaluatory period and the time during which the complaint remains under seal. Extensions will be granted, however, only upon a showing of 'good cause'. The Committee intends that courts *weigh carefully* any extensions on the period of time in which the Government has to decide whether to intervene and take over the litigation. The Committee feels that with the *vast majority* of cases, 60 days is an adequate amount of time to allow Government coordination, review and decision. Consequently, 'good cause' would not be established merely upon a showing that the Government was overburdened and had not had a chance to address the complaint.
>
> . . .
>
> The Government should not, in any way, be allowed to unnecessarily delay lifting of the seal from the civil complaint or processing of the qui tam litigation.

S. Rep. 99–345, p. 24–25 (1986) (emphases added).

Should the Government again seek to extend the period in which it may elect to intervene (and, thus, the period in which the case remains under seal), the Court will expect it to delineate a clear rationale for the extension in view of the statute's *substantive* "good cause" requirement.

Accordingly, it is **ORDERED** that the United States and the Plaintiff States shall have until and including **November 3, 2021**, to intervene in this action or to notify the Court that they decline to do so. Additionally, it is **ORDERED** that the Complaint and all other filings shall remain under seal, subject to this Court's further order.

**SO ORDERED.**

May 11, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE