# EXHIBIT 3



# Texas Medicaid

## Provider Procedures Manual

### January 2017

## Volumes 1 & 2



The Texas Medicaid & Healthcare Partnership (TMHP) is the claims administrator for Texas Medicaid under contract with the Texas Health and Human Services Commission.

TMHP must receive claims from out-of-state providers within 365 days from the date of service.

*Refer to:*  Subsection 10.2.1, "Prior Authorization" in the *Medical and Nursing Specialists, Physicians, and Physician Assistants Handbook* (*Vol. 2, Provider Handbooks*).

# 1.10   Medicaid Waste, Abuse, and Fraud Policy

The OIG has the responsibility to identify and investigate cases of suspected waste, abuse, and fraud in Medicaid and other health and human services programs. This responsibility, granted through state and federal law, gives the OIG the authority to pursue administrative sanctions and to refer cases to prosecutors, licensure and certification boards, and other agencies. Additionally, Texas Medicaid is required to disenroll or exclude any provider who has been disenrolled or excluded from Medicare or any other state health-care program.

Anyone participating in Texas Medicaid must understand the requirements for participation. Available methods both to learn and stay up to date on program requirements include the following:

- *Provider education.* Attendance at educational workshops and training sessions. Regular training opportunities are offered by TMHP.

- *Texas Medicaid publications.* These include the *Texas Medicaid Provider Procedures Manual* and banner messages, which are included in R&S Reports.

- *All adopted agency rules.* These include those related to fraud, waste, and abuse contained in 1 TAC Chapter 371.

- *State and federal law.* Statutes and other law pertinent to Texas Medicaid and fraud, waste, and abuse within Texas Medicaid.

In addition, providers are responsible for the delivery of health-care items and services to Medicaid clients in accordance with all applicable licensure and certification requirements and accepted health care professionals' community standards. Such standards include those related to medical record and claims filing practices, documentation requirements, and records maintenance. The TAC requires providers to follow these standards. For more information, consult 1 TAC §371.1659.

Texas Medicaid providers must follow the coding and billing requirements of the *Texas Medicaid Provider Procedures Manual* (TMPPM). However, if coding and billing requirements for a particular service are not addressed in the TMPPM, and if coding and billing requirements are not otherwise specified in program policy (such as in provider bulletins or banners), then providers must follow the most current coding guidelines. These include:

- CPT as set forth in the American Medical Association's most recently published "CPT books", "CPT Assistant" monthly newsletters, and other publications resulting from the collaborative efforts of American Medical Association with the medical societies.

- Healthcare Common Procedure Coding System (HCPCS) as developed and maintained by the federal government.

- National Correct Coding Initiative (NCCI), as set forth by the CMS and as explained in the NCCI Policy and Medicare Claims Processing Manuals. NCCI consists of procedure code combinations that a provider must not bill together. One of the codes in the pair is considered a part of the primary procedure and not reimbursable to the same provider on the same date of service.

*Exception:*  *NCCI outlines use of modifiers some of which are not currently recognized by Texas Medicaid. See the list of modifiers utilized by Texas Medicaid in subsection 6.3.5, "Modifiers" in "Section 6: Claims Filing" (Vol. 1, General Information).*

- *Current Dental Terminology* (CDT) as published by the American Dental Association (ADA).

- Other publications resulting from the collaborative efforts of the ADA with dental societies.

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

- *International Classification of Diseases*, 10th Revision, Clinical Modification (ICD-10-PCS).

- *Diagnostic and Statistical Manual of Mental Disorders* (DSM).

Failure to comply with the guidelines provided in these publications may result in a provider being found to have engaged in one or more program violations listed in 1 TAC §371.1659.

All providers are held responsible for any claims preparation or other activities that may be performed under the provider's authority. For example, providers are held responsible for any omissions and the accuracy of submitted information, even if those actions are performed by office staff, contractors, or billing services. This, however, does not absolve these other individuals for their participation in any documents provided to the state or designee with false, inaccurate, or misleading information; or pertinent omissions.

HHSC-OIG may impose one or any combination of administrative actions or administrative sanctions on Texas Medicaid providers or other persons when fraud, waste, or abuse is determined. Those who may be sanctioned include:

- Those furnishing services or items directly or indirectly.

- Those billing for services.

- Those violating any of the provisions delineated in this section.

- Affiliates of a provider or person violating any of the provisions delineated in this section.

Administrative sanctions include, without limitation:

- Exclusion from program participation for a specified period of time, permanently, or indefinitely. Anyone excluded from Texas Medicaid is also automatically excluded from all programs under Titles V and XX of the Social Security Act.

- Suspension of Medicaid payments (payment hold) to a provider.

- Recoupment of Medicaid overpayments, including any overpayments determined through statistical sampling and extrapolation.

- Restricted Medicaid reimbursement (specific services will not be reimbursed to an individual provider during the time the provider is on restricted reimbursement; however, reimbursement for other services may continue).

- Cancellation of the Medicaid provider agreement (however, a deactivation in accordance with the agreement itself is not considered a sanction).

- Exclusion or suspension under the authority of the CFR.

Administrative actions include:

- Amending a provider agreement so that it will deactivate on a specific date.

- Granting an agreement or transferring a provider to an agreement with special terms or conditions, including a probationary agreement.

- Required attendance at provider education sessions.

- Prior authorization of selected services.

- Pre-payment review.

- Post-payment review.

- Required attendance at informal or formal provider corrective action meetings.

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

- Submission of additional documentation or justification that is not normally required to accompany submitted claims. (Failure to submit legible documentation or justification requested will result in denial of the claim.)

- Oral, written, or personal educational contact with the provider.

- Posting of a surety bond or providing a letter of credit.

- Having a subpoena served to compel an appearance for testimony or the production of relevant evidence, as determined by the HHSC-OIG.

Anyone facing an administrative sanction has a right to formal due process. This formal due process may include a hearing before an administrative law judge. Conversely, anyone facing an administrative action is not entitled to formal due process. People who induce, solicit, receive, offer, or pay any remuneration (including, but not limited to, bribes, kickbacks, or rebates) directly or indirectly in relation to referrals, purchases, leases, or arrangements of services covered by Medicare or Texas Medicaid may be in violation of state statutes and guilty of a federal felony offense. State law also allows for the suspension of providers convicted of a criminal offense related to Medicare or Texas Medicaid. The commission of a felony in Medicaid or Medicare programs may include fines or imprisonment ranging from five years to life in prison. Examples of inducements include a service, cash in any amount, entertainment, or any item of value.

As stated in 1 TAC §§371.1651-371.1669, following is a nonexclusive list of grounds or criteria for the Inspector General's administrative enforcement and/or referral for criminal, civil, or licensure or certi-fication investigation and judicial action regarding program violations by any provider or person. Violations result from a provider or person who knew or should have known the following were viola-tions. The headings of each group listed below are provided solely for organization and convenience and are not elements of any program violation.

1) Claims and Billing.

    a) Submitting or causing to be submitted a false statement or misrepresentation, or omitting pertinent facts when claiming payment under the Texas Medicaid or other HHS program or when supplying information used to determine the right to payment under the Texas Medicaid or other HHS program;

    b) Submitting or causing to be submitted a false statement, information or misrepresentation, or omitting pertinent facts to obtain greater compensation than the provider is legally entitled to;

    c) Submitting or causing to be submitted a false statement, information or misrepresentation, or omitting pertinent facts to meet prior authorization requirements;

    d) Submitting or causing to be submitted under Title XVIII (Medicare) or a state health-care program claims or requests for payment containing unjustified charges or costs for items or services that substantially exceed the person's usual and customary charges or costs for those items or services to the public or the private pay patients unless otherwise authorized by law;

    e) Submitting or causing to be submitted claims with a pattern of inappropriate coding or billing that results in excessive costs to the Texas Medicaid or other HHS program;

    f) Billing or causing claims to be filed for services or merchandise that were not provided to the recipient;

    g) Submitting or causing to be submitted a false statement or misrepresentation that, if used, has the potential of increasing any individual or state provider payment rate or fee;

    h) Submitting or causing to be submitted to the Texas Medicaid or other HHS program a cost report containing costs not associated with Texas Medicaid or other HHS program or not permitted by Texas Medicaid or other HHS program policies;

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

i) Presenting or causing to be presented to an operating agency or its agent a claim that contains a statement or representation that the person knows or should have known to be false;

j) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program for services or items furnished personally by, at the medical direction of, or on the prescription or order of a person who is excluded from Texas Medicaid, other HHS program, or Medicare or has been excluded from and not reinstated within Texas Medicaid, other HHS program, or Medicare;

k) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program for services or items that are not reimbursable by the Texas Medicaid or other HHS program;

l) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program for a service or item which requires a prior order or prescription by a licensed health-care practitioner when such order or prescription has not been obtained;

m) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program for an item or service substituted without authorization for the item or service ordered, prescribed or otherwise designated by the Texas Medicaid or other HHS program;

n) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program by a provider or person who is owned or controlled, directly or indirectly, by an excluded person; *and*

o) Billing or causing claims to be submitted to the Texas Medicaid or other HHS program by a provider or person for charges in which the provider discounted the same services for any other type of patient.

2) Records and Documentation.

a) Failing to maintain for the period of time required by the rules relevant to the provider in question records and other documentation that the provider is required by federal or state law or regulation or by contract to maintain in order to participate in the Texas Medicaid or other HHS program or to provide records or documents upon request for any records or documents determined necessary by the Inspector General to complete their statutory functions related to a fraud and abuse investigation. Such records and documentation include, without limitation, those necessary:

i) To verify specific deliveries, medical necessity, medical appropriateness, and adequate written documentation of items or services furnished under Title XIX or Title XX;

ii) To determine in accordance with established rates appropriate payment for those items or services delivered;

iii) To confirm the eligibility of the provider to participate in the Texas Medicaid or other HHS program; e.g., medical records (including, without limitation, X-rays, laboratory and test results, and other documents related to diagnosis), billing and claims records, cost reports, managed care encounter data, financial data necessary to demonstrate solvency of risk-bearing providers, and documentation (including, without limitation, ownership disclosure statements, articles of incorporation, by-laws, and corporate minutes) necessary to demonstrate ownership of corporate entities; *and*

iv) To verify the purchase and actual cost of products;

b) Failing to disclose fully and accurately or completely information required by the Social Security Act and by 42 CFR Part 455, Subpart B; 42 CFR Part 420, Subpart C; 42 CFR §1001.1101; and 42 CFR Part 431;

c) Failing to provide immediate access, upon request by a requesting agency, to the premises or to any records, documents, and other items or equipment the provider is required by federal or state law or regulation or by contract to maintain in order to participate in the Texas Medicaid or other HHS program (see subparagraphs (a) and (b) of this paragraph), or failing to provide

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

records, documents, and other items or equipment upon request that are determined necessary by the Inspector General to complete their statutory functions related to a fraud and abuse investigation, including without limitation all requirements specified in 1 TAC §§371.1701, 371.1703, 371.1705, 371.1707, 371.1709, 371.1711, 371.1713, and 371.1715 of this subchapter. "Immediate access" is deemed to be within 24 hours of receiving a request, unless the requesting agency has reason to suspect fraud or abuse or to believe that requested records, documents, or other items or equipment are about to be altered or destroyed, thereby necessitating access at the actual time the request is presented or, in the opinion of the Inspector General, the request may be completed at the time of the request and/or in less than 24 hours;

d) Developing false source documents or failing to sign source documents or to retain supporting documentation or to comply with the provisions or requirements of the operating agency or its agents pertaining to electronic claims submittal; *and*

e) Failing as a provider, whether individual, group, facility, managed care or other entity, to include within any subcontracts for services or items to be delivered within Texas Medicaid all information that is required by 42 CFR §434.10(b).

3) Program-Related Convictions.

a) Pleading guilty or nolo contendere, agreeing to an order of probation without adjudication of guilt under deferred adjudication, or being a defendant in a court judgment or finding of guilt for a violation relating to performance of a provider agreement or program violation of Medicare, Texas Medicaid, other HHS program, or any other state's Medicaid program;

b) Pleading guilty or being convicted of a violation of state or federal statutes relating to dangerous drugs, controlled substances, or any other drug-related offense;

c) Pleading guilty of, being convicted of, or engaging in conduct involving moral turpitude;

d) Pleading guilty or being convicted of a violation of state or federal statutes relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct relating to the delivery of a health-care item or service or relating to any act or omission in a program operated or financed by any federal, state, or local government agency;

e) Being convicted in connection with the interference with or obstruction of any investigation into any criminal offense that would support mandatory exclusion under 1 TAC §371.1705 of this subchapter or any offense listed within paragraph (3) of this subsection regarding program-related convictions; *and*

f) Being convicted of any offense that would support mandatory exclusion under 1 TAC §371.1705 of this subchapter.

4) Provider Eligibility.

a) Failing to meet standards required for licensure, when such licensure is required by state or federal law, administrative rule, provider agreement, or provider manual for participation in the Texas Medicaid or other HHS program;

b) Being excluded, suspended or otherwise sanctioned within any federal program involving the provision of health care;

c) Being excluded, suspended or otherwise sanctioned under any state health-care program for reasons bearing on the person's professional competence, professional performance or financial integrity;

d) Failing to fully and/or correctly complete a Provider Enrollment Agreement, Provider Re-enrollment Agreement or other enrollment form prescribed by the relevant operating agency or its agent for enrollment; *and*

e) Loss or forfeiture of corporate charter.

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

5) Program Compliance.

a) Failing to comply with the terms of the Texas Medicaid or other HHS program contract or provider agreement, assignment agreement, the provider certification on the Texas Medicaid or other HHS program claim form, or rules or regulations published by the Commission or a Medicaid or other HHS operating agency;

b) Violating any provision of the Human Resources Code, Chapter 32 or 36, or any rule or regulation issued under the Code;

c) Submitting a false statement or misrepresentation or omitting pertinent facts on any application or any documents requested as a prerequisite for the Texas Medicaid or other HHS program participation;

d) Refusing to execute or comply with a provider agreement or amendments when requested;

e) Failing to correct deficiencies in provider operations after receiving written notice of them from an operating agency, the commission or their authorized agents;

f) Failing to abide by applicable federal and state law regarding handicapped individuals or civil rights;

g) Failing to comply with the Texas Medicaid or other HHS program policies, published Texas Medicaid or other HHS program bulletins, policy notification letters, provider policy or procedure manuals, contracts, statutes, rules, regulations, or interpretation previously sent to the provider by an operating agency or the commission regarding any of the authorities listed above, including statutes or standards governing occupations;

h) Failing to fully and accurately make any disclosure required by the Social Security Act, §1124 or §1126;

i) Failing to disclose information about the ownership of a subcontractor with whom the person has had business transactions in an amount exceeding $25,000 during the previous 12 months or about any significant business transactions (as defined by HHS) with any wholly-owned supplier or subcontractor during the previous five years;

j) Failing, as a hospital, to comply substantially with a corrective action required under the Social Security Act, §1886(f)(2)(B);

k) Failing to repay or make arrangements that are satisfactory to the commission to repay identified overpayments or other erroneous payments or assessments identified by the commission or any Texas Medicaid or other HHS program operating agency;

l) Committing an act described as grounds for exclusion in the Social Security Act, §1128A (civil monetary penalties for false claims) or §1128B (criminal liability for health care violations);

m) Defaulting on repayments of scholarship obligations or items relating to health profession education made or secured, in whole or in part, by HHS or the state when they have taken all reasonable steps available to them to secure repayment;

n) Soliciting or causing to be solicited, through offers of transportation or otherwise, Texas Medicaid or other HHS program recipients for the purpose of delivering to those recipients health-care items or services;

o) Marketing, supplying or selling confidential information (e.g., recipient names and other recipient information) for a use that is not expressly authorized by the Texas Medicaid or other HHS program; *and*

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

p) Failing to abide by applicable statutes and standards governing providers.

**Important:** *Providers must comply with their applicable licensing agency's laws and regulations, including any related to marketing and advertising, and any applicable state and federal laws and regulations, contractual requirements, and other guidance documents. Providers are encouraged to review the "Provider Marketing Guidelines," which are available on the TMHP website at* <u>www.tmhp.com</u>.

6) Delivery of Health-Care Services.

   a) Failing to provide health-care services or items to Texas Medicaid or other HHS program recipients in accordance with accepted medical community standards or standards required by statute, regulation, or contract, including statutes and standards that govern occupations;

   b) Furnishing or ordering health-care services or items for a recipient-patient under Title XVIII or a state health-care program that substantially exceed the recipient's needs, are not medically necessary, are not provided economically or are of a quality that fails to meet professionally recognized standards of health care; *and*

   c) Engaging in any negligent practice that results in death, injury, or substantial probability of death or injury to the provider's patients.

7) Improper Collection and Misuse of Funds.

   a) Charging recipients for services when payment for the services was recouped by the Texas Medicaid or another HHS program for any reason;

   b) Misapplying, misusing, embezzling, failing to promptly release upon a valid request, or failing to keep detailed receipts of expenditures relating to any funds or other property in trust for a Texas Medicaid or other HHS program recipient;

   c) Failing to notify and reimburse the relevant operating agency or the commission or their agents for services paid by the Texas Medicaid or other HHS programs if the provider also receives reimbursement from a liable third party;

   d) Rebating or accepting a fee or a part of a fee or charge for a Texas Medicaid or other HHS program patient referral;

   e) Requesting from a recipient in payment for services or items delivered within the Texas Medicaid or other HHS program any amount that exceeds the amount the Texas Medicaid or other HHS program paid for such services or items, with the exception of any cost-sharing authorized by the program; *and*

   f) Requesting from a third party liable for payment of the services or items provided to a recipient under the Texas Medicaid or other HHS program, any payment other than as authorized at 42 CFR §447.20.

8) Licensure Actions.

   a) Having a voluntary or involuntary action taken by a licensing or certification agency or board that requires the provider or employee to comply with professional practice requirements of the board after the board receives evidence of noncompliance with licensing or certification requirements; *and*

   b) Having its license to provide health care revoked, suspended, or probated by any state licensing or certification authority, or losing a license or certification, because of action based on assessment of the person's professional competence, professional performance, or financial integrity, non-compliance with Health and Safety Code, statutes governing occupations, or surrendering a license or certification while a formal disciplinary proceeding is pending before

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

licensing or certification authorities when the proceeding concerns the person's professional competence, professional performance, or financial integrity.

9) MCOs and Persons Providing Services or Items Through Managed Care.

> *Note:* *This paragraph includes those program violations that are unique to managed care; paragraphs (1) through (8) and (11) of this section also apply to managed care.*

a) Failing, as an MCO, or an association, group or individual health-care provider furnishing services through an MCO, to provide to recipient enrollee a health-care benefit, service or item that the organization is required to provide under its contract with an operating agency;

b) Failing, as an MCO or an association, group or individual health-care provider furnishing services through an MCO, to provide to an individual a health-care benefit, service or item that the organization is required to provide by state or federal law, regulation or program rule;

c) Engaging, as an MCO, in actions that indicate a pattern of wrongful denial or payment for a health-care benefit, service or item that the organization is required to provide under its contract with an operating agency;

d) Engaging, as an MCO, in actions that indicate a pattern of wrongful delay of at least 45 days or a longer period specified in the contract with an operating agency, not to exceed 60 days, in making payment for a health-care benefit, service or item that the organization is required to provide under its contract with an operating agency;

e) Engaging, as an MCO or an association, group or individual health-care provider furnishing services through managed care, in a fraudulent activity in connection with the enrollment in the organization's managed care plan of an individual eligible for medical assistance or in connection with marketing the organization's services to an individual eligible for medical assistance;

f) Discriminating against enrollees or prospective enrollees on any basis, including, without limitation, age, gender, ethnic origin or health status;

g) Failing, as an MCO, to comply with any term within a contract with a Texas Medicaid or other HHS program operating agency to provide healthcare services to Texas Medicaid or HHS program recipients; and

h) Failing, as an MCO, reasonably to provide to the relevant operating agency, upon its written request, encounter data and/or other data contractually required to document the services and items delivered by or through the MCO to Texas Medicaid or other HHS program recipients.

10) Cost-Report Violations.

a) Reporting noncovered or nonchargeable services as covered items; e.g., incorrectly apportioning or allocating costs on cost reports; including costs of noncovered services, supplies or equipment in allowable costs; arrangements between providers and employees, related parties, independent contractors, suppliers, and others that appear to be designed primarily to overstate the costs to the program through various devices (such as commissions or fee splitting) to siphon-off or conceal illegal profits;

b) Reporting costs not incurred or which were attributable to nonprogram activities, other enterprises or personal expenses;

c) Including unallowable cost items on a cost report;

d) Manipulating or falsifying statistics that result in overstatement of costs or avoidance of recoupment, such as incorrectly reporting square footage, hours worked, revenues received, or units of service delivered;

e) Claiming bad debts without first genuinely attempting to collect payment;

CPT ONLY - COPYRIGHT 2016 AMERICAN MEDICAL ASSOCIATION. ALL RIGHTS RESERVED.

f) Depreciating assets that have been fully depreciated or sold or using an incorrect basis for depreciation; *and*

g) Reporting costs above the cost to the related party.

11) Kickbacks and Referrals.

a) Violating any of the provisions specified in 1 TAC §371.1655 (30) of this subchapter relating to kickbacks, bribes, rebates, referrals, inducements, or solicitation;

b) As a physician, referring a Texas Medicaid or other HHS program patient to an entity with which the physician has a financial relationship for the furnishing of designated health services, payment for which would be denied under Title XVIII (Medicare) pursuant to §1877 and §1903(s) of the Social Security Act (Stark I and II). Neither federal financial participation nor this state's expenditures for medical assistance under the state Medicaid plan may be used to pay for services or items delivered within the program and within a relationship that violates Stark I or II. The Commission hereby references and incorporates within these rules the federal regulations promulgated pursuant to Stark I and II, and expressly recognizes all exceptions to the prohibitions on referrals established within those rules;

c) Failing to disclose documentation of financial relationships necessary to establish compliance with Stark I and II, as set forth in subparagraph (b) of this paragraph; *and*

d) Offering to pay or agreeing to accept, directly or indirectly, overtly or covertly any remuneration in cash or in kind to or from another for securing or soliciting a patient or patronage for or from a person licensed, certified, or registered or enrolled as a provider or otherwise by a state health-care regulatory or health and human service agency.

Involvement in any of these practices may result in provider exclusion or suspension from Texas Medicaid. Providers are notified in writing of any actions taken as well as procedures for appeal and reinstatement. The written notification will specify the date on which Medicaid program participation may resume. The reinstated person may then apply for a contract or provider agreement.

Providers and individuals who have been excluded from Texas Medicaid may be reinstated only by HHSC-OIG. If HHSC-OIG approves an individual's request for reinstatement, a written notice will be sent to that individual. The provider must first be reinstated into Medicaid and receive written notification specifying the date on which Medicaid program participation may resume. Once the provider has been reinstated into Medicaid, the provider may then apply for a contract or provider agreement.

Full investigation of criminal Medicaid fraud is the MFCU's responsibility and may result in a felony or misdemeanor criminal conviction.

## 1.10.1    Reporting Waste, Abuse, and Fraud

Anyone with knowledge about suspected Medicaid waste, abuse, or fraud of provider services must report the information to the HHSC-OIG. To report waste, abuse, or fraud, visit www.hhs.state.tx.us and select **Reporting Waste, Abuse, and Fraud**. Waste, abuse, and fraud may also be reported by calling the OIG hotline at 1-800-436-6184. All reports of waste, abuse, or fraud received through either channel remain confidential.

HHSC-OIG encourages providers to voluntarily investigate and report fraud, waste, abuse, or inappropriate payments of Medicaid funds in their own office. Providers are required to report these activities to HHSC-OIG when identified. HHSC-OIG will work collaboratively with self-reporting providers. More information about provider self-reporting is available on the OIG website at https://oig.hhsc.texas.gov/providers.