IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | FILED UNDER SEAL |
| OF AMERICA INC., *et al.*, | § | PURSUANT TO |
| | § | 31 U.S.C. § 3730(b) |
| Defendants. | § | |

**ORDER**

Consistent with this Court's order dated November 8, 2021 (ECF No. 21), the State of Texas timely filed its Complaint-in-Intervention on January 6, 2022 (ECF No. 22). On or before **5:00 p.m. (CST)** on **January 11, 2022**, counsel of record for the United States of America, Relator Alex Doe, and the State of Texas shall identify the documents that (1) should be served on Defendants, and (2) the documents or document excerpts that should remain "sealed" because the reasons for non-disclosure outweigh the public's common-law right of access. *Compare June Med. Servs., L.L.C. v. Phillips*, No. 21-30001, 2022 WL 72074, at *6–7 (5th Cir. Jan. 7, 2022) ("To decide whether something should be sealed, the court must undertake a 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'") (internal marks omitted) *and Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("And a court abuses its discretion if it ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing.") (internal marks omitted) *with* Order (ECF No. 12). Specifically, counsel of record must state with particularity the "case-by-case," "document-by-document," "line-by-line" reasons for non-disclosure. *Le*, 990 F.3d at 419.

2

**SO ORDERED.**

January 10, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE