IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § § Plaintiffs, § § v. § § PLANNED PARENTHOOD FEDERATION § OF AMERICA INC, *et al.*, § § Defendants. § | 2:21-CV-022-Z |

## ORDER

Before the Court is the Joint Advisory Regarding Unsealing filed by Plaintiffs, Relator Alex Doe and Intervenor the State of Texas, on January 11, 2022 (ECF No. 26).

**DIRECTION TO THE DISTRICT CLERK AND INSTRUCTION ON SEALING**

Upon reviewing the filing and the docket, the Court directs the United States District Clerk to **UNSEAL** all documents in this case except for Notice of Identity of Alex Doe (ECF No. 9), Motion for Protective Order filed by Alex Doe with Brief/Memorandum in Support (ECF No. 10), and Sealed Order (ECF No. 12). *Cf. Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (using "protecting . . . the identities of confidential informants" as an example of good cause for litigants to file documents under seal).

The Court — by "evaluat[ing] all of the documents individually" — finds that under a "stricter balancing test" the interests articulated in ECF Nos. 9, 10, and 12, favor nondisclosure. *See June Med. Servs., L.L.C. v. Phillips*, No. 21-30001, 2022 WL 72074, at *6–7 (5th Cir. Jan. 7, 2022) ("To decide whether something should be sealed, the court must undertake a 'document-by-

document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'") (internal marks omitted).[1]

All papers filed or lodged in this action after the date of this Order shall not be sealed unless otherwise ordered by the Court. A party who wishes to seal a filing must state with particularity the "case-by-case," "document-by-document," "line-by-line" reasons for nondisclosure. *Le*, 990 F.3d at 419.

### ORDER TO THE PARTIES

The Court **ORDERS** Relator and Intervenor to serve on Defendants **on or before January 14, 2022 at 5:00 p.m. (CST)**, pursuant to Rule 4 of the Federal Rules of Civil Procedure:

- Relator's Complaint (ECF No. 2);
- Relator's Certificate of Interested Persons (ECF No. 3);
- Relator's Notice of Identity (ECF No. 9), which is to remain **SEALED**;
- Protective Order (ECF No. 12), which is to remain **SEALED**;
- The State of Texas's Notice of Election to Intervene (ECF No. 16);
- The United States of America's Declination Notice (ECF No. 18);
- The State of Texas's Complaint in Intervention (ECF No. 22);
- The State of Texas's Certificate of Interested Persons (ECF No. 24).

---

[1] The Notice of Identity of Alex Doe (ECF No. 9) is akin to the "good cause" in "protecting . . . identities of confidential informants." *Cf. Le*, 990 F.3d at 419. The Motion for Protective Order filed by Alex Doe with Brief/Memorandum in Support (ECF No. 10) weighs in favor of nondisclosure for the reasons articulated in ECF No. 10 at 4–13. The Sealed Order (ECF No. 12) weighs in favor of nondisclosure for the reasons articulated in ECF No. 12 at 2–3.

Failure to comply with this Order will result in dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. Failure to adhere to this order **may also result in sanctions** such as, but not limited to, disbarment from the U.S. District Court for the Northern District of Texas.

**SO ORDERED.**

January 12, 2022.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE