**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| | § | Date:        January 28, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINTS

Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf

Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc.,

Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.

(collectively "Defendants") move this Court pursuant to Federal Rule of Civil Procedure 6(b) for

a 24-day extension of time to answer or otherwise respond to Relator's Complaint for Damages

and the State of Texas's Complaint in Intervention (the "Complaints") from February 3, 2022 to

February 28, 2022.  Plaintiffs have consented to a 9-day extension of time beyond the 21 days specified under Rule 12(a)(1)(A)(i), but have advised Defendants that they oppose any further extension.

## I.     Procedural Background

Defendants are three affiliates of Planned Parenthood that provide medical services in the State of Texas: Planned Parenthood Gulf Coast, Inc.; Planned Parenthood of Greater Texas, Inc.; and Planned Parenthood South Texas, Inc.; and Planned Parenthood Federation of America, Inc., the national organization, which itself does not provide medical services in Texas but of which the three affiliates are members. [1]  Relator Alex Doe filed the Complaint under seal nearly a year ago, on February 5, 2021, asserting claims under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"), and various state analogues, seeking recovery of Medicaid funds allegedly paid to some or all Defendants over the course of a decade, from "at least 2010 . . . through 2020." (ECF No. 2 at ¶ 3)  The United States declined to intervene on November 3, 2021.  (ECF 18) The State of Texas filed a Complaint in Intervention on January 6, 2022.  (ECF No. 22)  The Court ordered this case unsealed on January 12, 2022, (ECF No. 27), and summons to Defendants were issued on the same day.  (ECF No. 28)  Defendants engaged the undersigned counsel to represent Defendants in this litigation on January 13, 2022.  (Declaration of Craig Margolis ¶ 2).

Plaintiffs' counsel has stated that Defendants were served on January 14, 2022, and calculates the deadline for Defendants to respond to the Complaints as 21 days from that date, February 4, 2022.  Given the length of the Plaintiffs' Complaints (totaling together nearly 100 pages) and the complexity of the legal and factual issues involved (including four named

---

[1] Due to a consolidation in 2010 and name change in 2014, Planned Parenthood Cameron County, Inc. and The Planned Parenthood Trust of San Antonio, Inc. are now sub-affiliates of Planned Parenthood South Texas, Inc.

defendants, each of which are differently situated and may have different defenses and allegations that span more than a decade), Defendants contacted Plaintiffs' counsel to request a modest extension of time to respond to the Complaints.  Defendants proposed the same 60-day response period to which they would have been entitled under the Federal Rules had Plaintiffs asked Defendants to waive service (as is customary in complex FCA cases and to which Defendants would have agreed).  (ECF No. 2; ECF No. 22; Margolis Decl. at ¶ 3 and Ex. 1, Ex. 2)  Defendants offered to waive objections to the sufficiency of service of process in exchange for the requested extension, thereby reducing costs for both sides and reducing the burden on the Court.  Plaintiffs' counsel refused to agree to more than a nine-day extension.  Defendants proposed as a compromise an extension until March 7, 2022 and again offered to accept service for Defendants that have not been properly served and to waive any objections to defects in service of process.  Nonetheless, without so much as an explanation, let alone a showing that urgent action is needed in a case that has been pending under seal for nearly a year, Plaintiffs again refused to extend the answer date beyond February 14, 2022 (i.e., thirty days from January 14, 2022, Plaintiffs' calculated date of service).  On January 27, 2022, Defense Counsel proposed a compromise extension to February 28, which Plaintiffs also rejected.  (Margolis Decl. at 4 and Ex. 3).  Plaintiffs have not identified any prejudice from Defendants' requested brief extension.

## II.      Legal Standard and Argument

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).  "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 3:14-CV-

1204-N, 2020 WL 869888, *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008)).

All Defendants seek a 24-day extension of time until February 28, 2022 to answer or otherwise respond to the Complaints.  As undersigned counsel explained to Plaintiffs' Counsel, this extension is not sought for the purpose of delay.  Rather, Defendants have shown good cause for an extension, first by filing this motion promptly and in advance of the answer date, and also by demonstrating need for the requested extension.

The need for the requested extension is clear.  This is a complex case, as the two Complaints indicate: Relator's Complaint contains 138 paragraphs of detailed allegations against four distinct defendants stretching back 12 years and asserts a variety of state and federal fraud and False Claims Act ("FCA") violations.  (ECF No. 2 at ¶¶ 113–38).  Similarly, Texas's Complaint in Intervention seeks repayments and civil penalties under Texas state law.  (ECF No. 22 at ¶¶ 34–35).  Defendants require additional time to investigate the Plaintiffs' factual allegations and legal claims.  Defendants anticipate at this time filing a motion to dismiss that will raise complex questions about falsity under the FCA, the effect of federal court injunctions under which the affiliates continued to provide Medicaid-covered services, and the public disclosure bar, among other issues.

Plaintiffs cannot demonstrate any prejudice resulting from the requested extension.  Defendants were previously terminated from Texas Medicaid, are no longer billing under that program, and there is no urgency that would preclude the short extension requested here.  Indeed, Plaintiffs do not seek any emergency or interim relief but only money damages and a legally unsupported "permanent injunction" in connection with allegedly improper payments, which is not available relief under the FCA  (ECF No. 22 at ¶¶ 48–51; ECF No. 2 at 44–45)  Notably,

Relator previously agreed to the United States Government's application for extension of time to determine whether to intervene, (ECF 13), but has refused a similar courtesy here without explanation, even as Defendants have offered multiple compromise extensions.  (Margolis Decl. at 4 and Ex. 3).

Having shown good cause for the requested extension and the absence of any prejudice to the Plaintiffs, Defendants respectfully request that the Court enter an Order extending the deadline to answer or otherwise respond to the Complaints until February 28, 2022.  In the alternative, and at a minimum, Defendants ask this Court to enter the 9-day extension to which Plaintiffs have already consented, which would extend the Defendants' time to respond to February 14, 2022.  A proposed Order is submitted herewith.

Dated: January 28, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/Christopher M. Odell*
      Craig D. Margolis*
      Craig.Margolis@arnoldporter.com

      601 Massachusetts Ave, NW
      Washington, DC 20001-3743
      Telephone: +1 202.942.6127
      Fax: +1 202.942.5999

      Tirzah Lollar*
      Tirzah.Lollar@arnoldporter.com

      601 Massachusetts Ave, NW
      Washington, DC 20001-3743
      Telephone: +1 202.942.6199
      Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com

700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499


BLACKBURN & BROWN LLP


By:   */s/ Ryan Patrick Brown*
Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com

1222 S. Fillmore St.
Amarillo, TX 79101
Telephone: (806) 371-8333
Fax: (806) 350-7716

* *pro hace vice application to be filed*

Attorneys for Defendants

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on January 18-21, 2022 and January 27, 2022, I communicated with

opposing counsel by telephone and email regarding the Defendants' proposed extension.  This

motion is OPPOSED.

*/s/ Craig D. Margolis*
Craig D. Margolis

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 28, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Craig D. Margolis*
Craig D. Margolis