IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br> <br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br> <br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br> <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE
RESPOND TO COMPLAINTS**

Plaintiffs the United States of America, the State of Texas, and the State of Louisiana ("Plaintiffs")[1] file this response in opposition to Defendants' Motion to Extend Time to Answer or Otherwise Respond to Complaints, and respectfully request that the Court deny Defendants' request for a 24-day extension of time.

## INTRODUCTION

Federal Rule of Civil Procedure 12(a)(1) provides that "[u]nless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer (i) within 21 days after being served with the summons and complaint." The False Claims Act provides that "the defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(3). Defendants ask the Court to grant them over twice the time they are allowed under the Act on the ground that they have shown "good cause for an extension" and their "need for an extension is clear." Mot. at 4. Defendants have shown neither and have refused to accept a reasonable extension repeatedly offered by Plaintiffs as a professional courtesy. Defendants' motion should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides district courts the discretion to grant extensions of time for good cause. Fed. R. Civ. P. 6(b)(1)(A); *Doss*

---

[1] USA and Louisiana have declined intervention; Texas has intervened as to the TMFPA claims only.

*v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017) ("A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion."). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (4th ed. 2008).

Defendants claim that this is a "complex case" involving multiple defendants and a variety of state and federal fraud and False Claims Act violations. This case is no more complex than other False Claims Act cases, which frequently involve claims brought under state and federal fraud statutes against multiple defendants. Unlike many other False Claims Act cases, the multiple Defendants in this case are all closely aligned as affiliates of Planned Parenthood Federation of America, represented by the same counsel, and have been aligned as parties in numerous other lawsuits in state and federal courts in Texas. The few legal issues that Defendants identify in their motion are not novel or complex legal issues in False Claims Act litigation. And Defendants' counsel certainly has experience defending companies in False Claims Act cases, as well as the resources of a global law firm with 1,000 lawyers, including 38 lawyers who advertise themselves as False Claims Act Investigations & Defense professionals.[2] The alleged complexity of this case does not

---

[2] *See, e.g.*, Arnold & Porter, *False Claims Act Investigations & Defense*, https://www.arnoldporter.com/en/services/capabilities/practices/false-claims-act-investigations-and-defense.

3

support Defendants' request for over twice the time allowed for their response to the complaints under the Federal Rules of Civil Procedure and the False Claims Act.

Defendants claim that they "require additional time to investigate the Plaintiffs' factual allegations and legal claims." But in the Declaration submitted in support of Defendants' motion, counsel acknowledges that they previously represented Defendants "in connection with responding to Civil Investigative Demands issued by the Department of Justice." Dkt. 36 (Decl. of C. Margolis). Thus, it appears that Defendants' counsel has been investigating the underlying facts of this case since before the complaints were unsealed and served on Defendants. Defendants also do not identify which factual allegations or legal claims, if any, require additional time to investigate. Defendants cite the Court's prior order granting the United States additional time to investigate the claims while the case was under seal. Dkt. 15. But Defendants ignore the Court's directive from that same order: "the Court will expect [the party seeking an extension] to delineate a clear rationale for the extension in view of the statute's *substantive* "good cause" requirement." Dkt. 15 at 2. Defendants have not done so here.

Finally, the course of the negotiations between Plaintiffs' counsel and Defendants' counsel regarding the requested extension calls into doubt Defendants' claim that they attempted in good faith to reach an agreement with Plaintiffs' counsel. When Defendants' counsel initially requested an extension, the reason for that request was that Defendants' counsel was scheduled for a trial to begin on February 14, 2022 in Houston. Defendants' counsel did not inform Plaintiffs' counsel

that they asked for a continuance of the trial date and did not inform Plaintiffs' counsel that Judge Hoyt set a hearing on their request for continuance. Then, after Judge Hoyt *granted* the continuance, Defendants' counsel still did not initially inform Plaintiffs' counsel of that fact. Only after Plaintiffs' counsel asked Defendants' counsel directly whether Judge Hoyt had ruled on the continuance did Defendants admit that their continuance was granted. Defendants' counsel should not be awarded an extension of more than twice the time they are allowed under the Federal Rules of Civil Procedure and the False Claims Act because they have not shown good cause as the Court requires.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

/s/ Raymond Charles Winter
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
Texas Bar No. 24097834

**HALIE E. DANIELS**
Assistant Attorney General
Texas Bar No. 24100169

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov
Halie.Daniels@oag.texas.gov

**Attorneys for State of Texas**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 1, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

                                           /s/ Andrew B. Stephens
                                           Andrew B. Stephens