IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America § <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> § <br> § <br> The State of Texas § <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> § <br> § <br> The State of Louisiana § <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> Planned Parenthood Federation of America, Inc., § <br> Planned Parenthood Gulf Coast, Inc., Planned § <br> Parenthood of Greater Texas, Inc., Planned § <br> Parenthood South Texas, Inc., Planned Parenthood § <br> Cameron County, Inc., Planned Parenthood San § <br> Antonio, Inc., § <br> § <br>     Defendants. § | CIVIL ACTION NO. 2:21-CV-00022-Z <br><br> Date:    February 1, 2022 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINTS**

Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively "Defendants") make the following brief reply in support their Motion to Extend Time to Answer or Otherwise Respond to Plaintiffs' Complaints (ECF No. 35).

**ARGUMENT**

The law is well-established: "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 3:14-CV-1204-N, 2020 WL 869888, *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008)). So long as the movant timely seeks relief and demonstrates good cause, the Court may grant an appropriate extension of time to respond. *See* Fed. R. Civ. P. 6(b)(1)(A). After several days of negotiation, Plaintiffs consented to a 9-day extension of time beyond the 21 days specified under Rule 12(a)(1)(A)(i), but advised Defendants that they opposed any further extension. Defendants therefore timely moved this Court for a 24-day extension of time to answer or otherwise respond to Relator's Complaint for Damages and the State of Texas's Complaint in Intervention (the "Complaints") from February 3, 2022 to February 28, 2022.[1] (ECF No. 35) Defendants' Motion established good cause for the requested extension based on the extent and complexity of the factual allegations and legal claims set forth in the Complaints, ECF No. 35 at 4, and showed that Plaintiffs could not demonstrate any resulting prejudice.

Plaintiffs' Response (ECF No. 38) only confirms that Defendants are entitled to the relief they seek. Plaintiffs first acknowledge, as they must, that the Court has discretion to grant the requested extension. (ECF No. 38 at 2-3) Plaintiffs also admit that this case involves numerous claims brought under a complex framework of state and federal laws against multiple defendants.

---

[1] Contrary to Plaintiffs' styling, ECF No. 38 at 1, the United States declined to intervene in these proceedings and is therefore not a party to this case; nor does the Relator represent the United States in this matter. ECF No. 38 at n. 1 (acknowledging that the United States and Louisiana declined to intervene in this action); *see also, e.g., U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 937, 129 S. Ct. 2230, 2236, 173 L. Ed. 2d 1255 (2009) ("We hold that when the United States has declined to intervene in a privately initiated FCA action, it is not a 'party' to the litigation for purposes of either § 2107 or Federal Rule of Appellate Procedure 4.").

(ECF No. 38 at 3)  Although Plaintiffs contend that this case is "no more complex than other False Claims Act cases," that statement, even if true, says very little; indeed, courts in this circuit have noted the False Claims Act's "rather complex statutory requirements for qui tam cases[.]" *United States ex rel. Gage v. Rolls-Royce North Am., Inc.*, 2017 WL 8896869, at *3 (W.D.T.X. Aug. 23, 2017).  That Defendants have had to engage specialized counsel experienced in False Claims Act litigation to represent them in this case, ECF No. 38 at 3-4, only underscores the complexity of the allegations set forth in the Complaints—comprising nearly 200 paragraphs in total—and the need for an appropriate extension of time to investigate and respond to them.  Indeed, the requested extension will enable Defendants' counsel to better frame the specific legal issues to be addressed by the Court, including, as specified in the Motion, "complex questions about falsity under the FCA, the effect of federal court injunctions under which the affiliates continued to provide Medicaid-covered services, and the public disclosure bar[.]" (ECF No. 35 at 4)  Defendants have therefore clearly demonstrated good cause for the modest extension requested in the Motion.  Tellingly, Plaintiffs do not even attempt to show that they would suffer any prejudice from the requested extension.  Nor could they, given that the case has been pending nearly a year already; Plaintiffs previously did not oppose extensions requested by the United States; the claims at issue involve payments made over the course of more than a decade; and Plaintiffs do not seek any emergency or interim relief from the Court.  (ECF No. 35 at 4-5)

Finally, Defendants must address the Plaintiffs' baseless suggestion that this extension was not sought in good faith because one of several original grounds for the requested extension—a conflicting trial setting in an unrelated FCA case in the Southern District of Texas—was subsequently mooted by that court's order continuing the trial.  (ECF No. 38 at 4-5)  As the parties' email correspondence (ECF No. 35 at Ex. 3, App. 014) shows, the conflicting

trial setting was only one of the grounds offered by Defendants for the requested extension, together with the breadth and complexity of the Plaintiffs' factual and legal claims ("two lengthy complaints, multiple parties, and complex allegations") and the complete absence of any prejudice to the Plaintiffs.  After Judge Hoyt continued the other FCA trial, Defendants offered to reduce their proposed extension as a result—but Plaintiffs again refused to compromise, offering no explanation.  (ECF No. 35 at Ex. 3, App. 011)  The record amply demonstrates that Plaintiffs' offer of a 9-day extension was made with full awareness that Defendants' counsel's conflicting trial setting had been continued.  (ECF No. 35 at Ex. 3, App. 010)

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' Motion, the Court should enter an Order extending the Defendants' deadline to answer or otherwise respond to the Complaints until February 28, 2022.  In the alternative, and at a minimum, the Court should enter an Order granting the 9-day extension to which Plaintiffs previously consented and on which Defendants have relied, which would extend the time to respond to February 14, 2022.

Dated: February 1, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/Craig D. Margolis
Craig D. Margolis*
Craig.Margolis@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

        Tirzah Lollar*
        Tirzah.Lollar@arnoldporter.com

        601 Massachusetts Ave, NW
        Washington, DC 20001-3743
        Telephone: +1 202.942.6199
        Fax: +1 202.942.5999


        Christopher M. Odell
        Texas State Bar No. 24037205
        Christopher.Odell@arnoldporter.com

        700 Louisiana Street, Suite 4000
        Houston, TX 77002-2755
        Telephone: +1 713.576.2400
        Fax: +1 713.576.2499


        BLACKBURN & BROWN LLP


    By:  <u>/s/ Ryan Patrick Brown</u>
        Ryan Patrick Brown
        Texas State Bar No. 24073967
        brown@blackburnbrownlaw.com

        1222 S. Fillmore St.
        Amarillo, TX 79101
        Telephone: (806) 371-8333
        Fax: (806) 350-7716

        * *pro hace vice application to be filed*

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

/s/Craig D. Margolis
Craig D. Margolis