IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    February 14, 2020 |

# DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Defendant Planned Parenthood Federation of America, Inc. ("PPFA") submits this memorandum in support of its motion to dismiss the Doe *qui tam* Complaint ("Doe Complaint") and Texas' Complaint-in-Intervention ("Texas Complaint") for lack of proper service.[1]

## INTRODUCTION

Although Plaintiffs have tried to improperly serve PPFA three times, none of these attempts has met the clear requirements of Federal Rule of Civil Procedure 4(c). A process server has twice brought the Complaints and Summons to PPFA's offices, leaving the documents with the Mailroom Manager and then the building's security staff. Because neither of those persons is a registered agent or a person authorized by law to receive service, these attempts were ineffective. Then, a process server mailed the documents to PPFA; however, this attempt to serve by certified mail was not proper under either Texas or New York law. None of Plaintiffs' attempts at service has been valid, and so their Complaints must be dismissed under Rules 12(b)(2) and 12(b)(5).

## BACKGROUND

### 1. Plaintiffs Failed to Serve PPFA

Relator and the State (collectively, "Plaintiffs") have attempted to serve summons on PPFA three different times since the Complaints filed by the Relator and the State (collectively, "the Complaints") were unsealed on January 12, 2022. Order [Dkt. 27]. First, on Thursday, January 13, 2022, Plaintiffs delivered the Complaints and Summons to Nathaniel Gage, the Mailroom Manager, at PPFA's offices in New York City, New York. Gage Decl. ¶ 1, 5; Ex. A. On January

---

[1] Pending the Court's ruling on PPFA's party-specific arguments to dismiss in the instant motion, PPFA conditionally joins the other Defendants' separate motions to dismiss the Complaints filed by the Relator [Dkt. 2] and the State of Texas [Dkt. 22], also filed on this date.

1

13, Mr. Gage met the process server and signed for the service documents. *Id.* ¶ 5. The documents were loose—i.e., not even in an envelope—and were unaddressed. *Id.*

Second, on Tuesday, January 18, 2022, Mr. Gage found another copy of the documents in PPFA's mailroom when he arrived at work following a long weekend. *See id.* ¶ 6. This time, the documents were unaddressed but enclosed in an envelope. *Id.* ¶ 6. The documents had been given to a security staff member the previous Friday and then brought to and left in the mailroom. *Id.*

Third, on Wednesday, February 2, 2022, the documents were delivered via USPS certified mail to PPFA's offices. *Id.* ¶ 7. The documents were sent by process server AustinProcess, Inc., addressed to "Planned Parenthood Federation of America Inc.," and signed for by Mr. Gage. *Id.*

**2. Plaintiffs Refused to Extend Defendant's Response Date in Return for Defendants' Offer to Waive Service Defects**

On January 14, 2022, counsel for Relator provided to counsel for PPFA an Affidavit of Service purporting to show that service had been made on Nathaniel Gage. Defendants' Mot. To Extend Time to Answer or Otherwise Respond to Complaints, Ex. 3 at App. 017-018; Affidavit of Service, Ex. B. In emails dated January 14 and 18, Counsel for PPFA stated that there were questions as to the effectiveness of service on certain Defendants, but that Defendants would agree to waive any defects in service if the Plaintiffs would agree to a 60 day extension of time to respond to the Complaints. Defendants' Mot. To Extend Time to Answer or Otherwise Respond to Complaints, Ex. 3 at App. 016-017. Plaintiffs rejected Defendants' offer, so Defendants' offered to agree to waive any defects in service if Plaintiffs would agree to a 32 day extension of time to respond to the Complaints. *Id.* at App. 013-014. Relators rejected that offer as well and would agree only to a 7 day extension (in addition to the 21 days afforded under Federal Rule of Civil

2

Procedure 12(a)) without any agreement from Defendants to waive defects in service. *Id.* at App. 013.

## **LEGAL STANDARD**

A party may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction under Rule 12(b)(2). "A federal court is without personal jurisdiction over a defendant *unless* service is properly effected according to Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. Of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (emphasis added). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-CV-01062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020).

"When a defendant challenges the validity of service of process, the serving party bears the burden of showing its validity." *Parson v. Wilmer Hutchins Indep. Sch. Dist.*, No. CIV.A.3:03-CV-0492-K, 2004 WL 575958, at *1 (N.D. Tex. Feb. 27, 2004). Strict compliance with the service of process rules is required, so it is not enough that a defendant has notice of the suit. *Diggs v. Ditech Fin., LLC*, No. A-16-CV-828 LY, 2016 WL 6082049, at *3 (W.D. Tex. Oct. 17, 2016) ("[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect"), *report and recommendation adopted*, No. 1:16-CV-828-LY, 2016 WL 10957316 (W.D. Tex. Dec. 9, 2016); *Holland Co. v. Trinity Indus., Inc.*, No. 11-93-153-CV, 1994 WL 16189699, at *2 (Tex. App. May 5, 1994) ("Actual notice of the lawsuit without proper service of process is not sufficient to confer jurisdiction on the trial court," so a defendant "does not waive any error in the service of process by admitting that it had received notice of the lawsuit.").

## ARGUMENT

"Service of process is 'fundamental to any procedural imposition on a named defendant' and is therefore 'the official trigger for responsive action by an individual or entity named defendant.'" *Webb v. Dall. Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999)). Federal Rule of Civil Procedure 4(h) authorizes two methods of service on a corporation relevant here: First, "the plaintiff may deliver the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1156 (5th Cir. 2021) (citing Fed. R. Civ. P. 4(h)(1)(B)). Second, "the plaintiff may serve the corporation per the law of the state where he files the suit" or the state where "service is made." *Id.;* Fed. R. Civ. P. 4(h)(1)(e), 4(e)(1).

"In Texas, one may serve a firm by serving its president, vice president, or registered agent." *Id.* (citing Tex. Bus. Orgs. Code §§ 5.201(b) & 5.255); *see also Zachery v. United States Cold Storage LP*, No. 4:20-CV-01224-O-BP, 2021 WL 5855138, at *1 (N.D. Tex. Oct. 8, 2021). For a nonprofit organization, a person who is "authorized to perform the chief executive function of the corporation is an agent of that corporation." Tex. Bus. Orgs. Code § 5.255(5). "[W]hen serving an agent for a corporation or other entity, the citation must affirmatively show that the individual served is in fact the agent for service." *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ). If a plaintiff attempts service on a company's employee who is not a vice president, president, officer, managing or general agent, or agent authorized to accept service, then service is improper. *See, e.g., Rich v. Witt O'Brien's, LLC*, No. 1:19-CV-00022, 2021 WL 3064133, at *1–2, *3 (D.V.I. July 20, 2021) (service first attempted on

4

"Director of Contracts and Compliance" and then again attempted on "the receptionist on duty" did not support, under Texas law, that defendant "was ever validly served"); *Jones v. United Parcel Serv., Inc.*, No. 3:15-CV-1315-K (BF), 2016 WL 4467655, at *2 (N.D. Tex. July 7, 2016), *report and recommendation adopted*, No. 3:15-CV-1315-K, 2016 WL 4429250 (N.D. Tex. Aug. 22, 2016) (service upon a "non-managerial employee" who was "not authorized to receive service" was insufficient).

In addition, under Texas law, several requirements must be met for service by mail to be effective. Service by mail "must, if requested, be made by the clerk of the court in which the case is pending." Tex. R. Civ. P. 103. "Federal courts throughout Texas have interpreted this portion of the Rule to allow only the clerk of court—and no other persons—to serve by certified mail." *Hestand v. Enge*, No. 6:20CV71, 2021 WL 5989137, at *8 (E.D. Tex. Sept. 21, 2021), r*eport and recommendation adopted sub nom. Hestand v. TDCJ-CID*, No. 6:20-CV-71-JDK-JDL, 2021 WL 5149796 (E.D. Tex. Nov. 5, 2021). In addition, "the return receipt must be signed by the addressee." *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-CV-1391-S-BN, 2019 WL 5790516, at *5 (N.D. Tex. Oct. 7, 2019), *report and recommendation adopted*, No. 3:19-CV-1391-S-BN, 2019 WL 5790264 (N.D. Tex. Nov. 5, 2019) (citing Tex. R. Civ. P. 106(a)(2)). And because "[a] corporation is not a person capable of accepting process on its own behalf," it "must be served through an agent." *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013). So, to serve a corporation by certified mail, the mail must be sent by the clerk of court and addressed to an officer or agent authorized to accept service, and, "if the return receipt is signed by someone other than the addressee, service of process is defective." *Armstrong v. Sw. Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (brackets omitted).

Similarly, under New York law, service may be made "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311. "Strict compliance is required to obtain jurisdiction over a corporation." *Cowley Holdings Servs. Inc. v. Prodigy Network*, LLC, 73 Misc. 3d 1216(A), 155 N.Y.S.3d 60 (N.Y. Sup. Ct. 2021) (holding that leaving service with an "intake specialist" was not sufficient service of process). Service cannot be properly effectuated via mail sent to an organization's offices; any service by mail must be served on and sent by the Secretary of State. *See generally* N.Y. C.P.L.R. § 311; N.Y. Not-for-Profit Corp. Law § 306; *see also Cooke v. Berkshire Farm Ctr. & Servs. for Youth*, No. 11-CV-2970 SJF GRB, 2012 WL 668612, at *3 (E.D.N.Y. Feb. 29, 2012) (holding that an "attempt at service" via mail sent to the defendant "was insufficient" and noting "whether or not defendant actually received this mailing is irrelevant"); *Fairman v. Hurley*, 373 F.Supp.2d 227, 232 (W.D.N.Y.2005) ("Neither the Federal Rules nor New York's CPLR permit service of a summons and complaint by simply mailing a copy to a defendant via the U.S. Postal Service or an express delivery service[.]").

Here, on January 13, 2022, a process server delivered the Complaints and Summons to Nathaniel Gage, the Mailroom Manager at PPFA's offices in New York City. Gage Decl. ¶ 5. Mr. Gage is not a registered agent or otherwise authorized to accept service on behalf of PPFA. *Id.* ¶ 3. He also is not a president, vice president, officer, cashier, or assistant cashier for PPFA. *Id.* ¶¶ 2, 4. Because he is not in any of the categories of persons authorized under Rule 4(h), Texas, or New York law to receive service, service was not properly effectuated by these deliveries. Then, on January 18, 2022, Mr. Gage found the Complaints and Summons in an envelope in PPFA's mailroom. *Id.* ¶ 6. He later found out that the documents had been delivered to the building's

security office the previous Friday. *Id.* Again, this attempt at service was improper because Plaintiffs failed to serve the documents on a person who is authorized to receive service. Finally, on February 2, 2022, the documents were delivered via USPS certified mail to PPFA's offices. *Id.* ¶ 7. The documents were not sent by the clerk of court; nor were they served on or sent by the New York Secretary of State. *See id.* And they were not addressed to or signed by a person authorized to accept service. *See id.* None of the relevant authorities allow service by mail sent in this manner, so this attempt was also ineffective.

Due to the ineffective service, the Court lacks personal jurisdiction over PPFA as a matter of well-settled law. It is irrelevant the PPFA personnel other than those authorized to accept service have received the Complaints. Plaintiffs had multiple opportunities to avoid this dispute in exchange for a reasonable extension of the response date for PPFA and the other Defendants. Defendants first offered to waive any service defects in return for Plaintiffs' agreement to a 60 day extension, and when that offer was rejected, Defendants offered to waiver any service defects in return for Plaintiffs' agreement to a 32 day extension. Plaintiffs rejected that offer as well. Plaintiffs must live with their choices. They failed to effectively serve PPFA and the Complaints against PPFA should be dismissed.

PPFA also joins the motions to dismiss under Rule 12(b)(6), filed on this day, and by doing so, does not waive its objection to improper service. *See, e.g., Winegarner v. Cinemark Holdings, Inc.*, No. 4:09CV627, 2010 WL 5489617, at *2 (E.D. Tex. Oct. 27, 2010) ("[A]s long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service."), *report and recommendation adopted*, No. 4:09CV627, 2011 WL 13837 (E.D. Tex. Jan. 4, 2011).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaints against PPFA.

Dated: February 14, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig D. Margolis*
Craig D. Margolis
Craig.Margolis@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Tirzah Lollar
Tirzah.Lollar@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6199
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com

700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Craig D. Margolis*
Craig D. Margolis