# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>        Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>        Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:     February 14, 2022 |

**DEFENDANT PLANNED PARENTHOOD OF GREATER TEXAS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINTS OF RELATOR AND STATE OF TEXAS FOR IMPROPER SERVICE OF PROCESS**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Defendant Planned Parenthood of Greater Texas, Inc. ("PPGT") submits this memorandum in support of its motion to dismiss the Doe *qui tam* Complaint ("Doe Complaint") and Texas' Complaint-in-Intervention ("Texas Complaint") for lack of proper service.[1]

## INTRODUCTION

Although Plaintiffs have tried to improperly serve PPGT three times, none of these attempts has met the clear requirements of Federal Rule of Civil Procedure 4(c). A process server has twice brought the Complaints and Summons to PPGT's office: first leaving the papers outside the office after the Senior Director of Business Operations informed the process server he could not accept service, and second serving them on PPGT's Health Services & Operations Support Coordinator. Because neither of those persons is a registered agent or a person authorized by law to receive service, these attempts were ineffective. Then, a process server mailed the documents to PPGT; however, this attempt to serve by certified mail was not proper under Texas law. None of Plaintiffs' attempts at service has been valid, and so their Complaints should be dismissed under Rules 12(b)(2) and 12(b)(5).

## BACKGROUND

### 1.      Plaintiffs Failed to Serve PPGT

Relator and the State (collectively, "Plaintiffs") have attempted to serve summons on PPGT three different times since the Complaints filed by the Relators and the State (collectively, "the Complaints") were unsealed on January 12, 2022. Order [Dkt. 27]. First, on Thursday, January 13, 2022, around 1:50 pm, a courier arrived at PPGT's Dallas office, located at 7424 Greenville

---

[1] Pending the Court's ruling on PPGT's party-specific arguments to dismiss in the instant motion, PPGT conditionally joins the other Defendants' separate motions to dismiss the Complaints filed by the Relator [Dkt. 2] and the State of Texas [Dkt. 22], also filed on this date.

1

Avenue, Suite 206; Dallas, TX 75231. Holder Decl. ¶ 4, Ex. A. After Richard Holder, PPGT's Senior Director of Business Operations, answered the doorbell, the courier attempted to serve him with the Complaints and Summons. *Id.* ¶¶ 1, 5. Mr. Holder told the courier that he was unable to accept service of process. *Id.* ¶ 5. The courier informed Mr. Holder that the documents were for Ken Lambrecht, who is the President & Chief Executive Officer of PPGT. *Id.* ¶ 6. Mr. Lambrecht was not in the office at the time. *Id.* Again, Mr. Holder advised the courier that he could not accept the documents, and the courier departed with the documents. *Id.* About five minutes later, the courier returned to the offices and, again, Mr. Holder informed the process server that he could not accept the documents. *Id.* ¶ 7. The courier then placed the documents outside the doors to PPGT's offices and left. *Id.* ¶ 8; *see also* Ex. C, Affidavit of Service (reflecting delivery of documents to "Ric Holder"). When PPGT's Health Services & Operations Support Coordinator, Renee Townsend, returned to the PPGT office following her lunch break, she saw the documents outside the office. Townsend Decl. ¶¶ 1, 4. Later, Ms. Townsend brought the envelope containing the documents inside. *Id.* ¶ 4.

Second, on Monday, January 17, 2022, a process server returned to the PPGT office with a new set of documents. *Id.* ¶ 5. Ms. Townsend met the process server and informed him that she did not have the authority to accept the documents. *Id.* After the process server continued to try and serve the documents, Ms. Townsend took the documents from the process server and brought them inside. *Id.* Third, on Monday, January 31, 2022, Ms. Townsend checked the mail at PPGT's office. Townsend Decl. ¶ 6. She routinely checks the mail and would ordinarily be the person who signs for certified mail. *Id.* She saw that documents related to the lawsuit had arrived in the mail over the weekend. *Id.* Although the mail arrived from Austin Process with a certified return receipt, the green signature slip was missing from the envelope. *Id.* PPGT's office is closed during

2

the weekend and employees generally do not go to the office during the weekend. *Id.* Ms. Townsend, therefore, understands that nobody from PPGT could have signed for the documents because they arrived over the weekend when PPGT's office was closed. *Id.*

> **2. Plaintiffs Refused to Extend Defendant's Response Date in Return for Defendants' Offer to Waive Service Defects**

On January 14, 2022, counsel for Relators provided to counsel for PPGT an Affidavit of Service purporting to show that service had been made on "Ric Holder." Defendants' Mot. To Extend Time to Answer or Otherwise Respond to Complaints, Ex. 3 at App. 017-018; Affidavit of Service, Ex. C. In emails dated January 14 and 18, Counsel for PPGT stated that there were questions as to the effectiveness of service on certain Defendants, but that Defendants would agree to waive any defects in service if the Plaintiffs would agree to a 60 day extension of time to respond to the Complaints. Defendants' Mot. To Extend Time to Answer or Otherwise Respond to Complaints, Ex. 3 at App. 016-017. Plaintiffs rejected Defendants' offer, so Defendants offered to agree to waive any defects in service if Plaintiffs would agree to a 32 day extension of time to respond to the Complaints. *Id.* at App. 013-014. Relators rejected that offer as well and would agree only to a 7 day extension (in addition to the 21 days afforded under Federal Rule of Civil Procedure 12(a)) without any agreement from Defendants to waive defects in service. *Id.* at App. 013.

## LEGAL STANDARD

A party may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction under Rule 12(b)(2). "A federal court is without personal jurisdiction over a defendant unless service is properly effected according to Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. Of Am.,* 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5)

motions." *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-CV-01062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020).

"When a defendant challenges the validity of service of process, the serving party bears the burden of showing its validity." *Parson v. Wilmer Hutchins Indep. Sch. Dist.*, No. CIV.A.3:03-CV-0492-K, 2004 WL 575958, at *1 (N.D. Tex. Feb. 27, 2004). Strict compliance with the service of process rules is required, so it is not enough that a defendant has notice of the suit. *Diggs v. Ditech Fin., LLC*, No. A-16-CV-828 LY, 2016 WL 6082049, at *3 (W.D. Tex. Oct. 17, 2016) ("[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect."), *report and recommendation adopted*, No. 1:16-CV-828-LY, 2016 WL 10957316 (W.D. Tex. Dec. 9, 2016); *Holland Co. v. Trinity Indus., Inc.*, No. 11-93-153-CV, 1994 WL 16189699, at *2 (Tex. App. May 5, 1994) ("Actual notice of the lawsuit without proper service of process is not sufficient to confer jurisdiction on the trial court," so a defendant "does not waive any error in the service of process by admitting that it had received notice of the lawsuit.").

## ARGUMENT

"Service of process is 'fundamental to any procedural imposition on a named defendant' and is therefore 'the official trigger for responsive action by an individual or entity named defendant.'" *Webb v. Dall. Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999)). "A federal court is without personal jurisdiction over a defendant unless service is properly effected according to Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. Of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). "When a defendant challenges the validity of service of process, the serving party bears the burden of showing its validity." *Parson v. Wilmer*

*Hutchins Indep. Sch. Dist.*, No. CIV.A.3:03-CV-0492-K, 2004 WL 575958, at *1 (N.D. Tex. Feb. 27, 2004).

Federal Rule of Civil Procedure 4(h) authorizes two methods of service on a corporation relevant here. First, "the plaintiff may deliver the summons and complaint 'to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1156 (5th Cir. 2021) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Second, "the plaintiff may serve the corporation per the law of the state where he files the suit. Fed. R. Civ. P. 4(h)(1)(A)." *Id.*

"In Texas, one may serve a firm by serving its president, vice president, or registered agent." *Id.* (citing Tex. Bus. Orgs. Code §§ 5.201(b) & 5.255); *see also Zachery v. United States Cold Storage LP*, No. 4:20-CV-01224-O-BP, 2021 WL 5855138, at *1 (N.D. Tex. Oct. 8, 2021). For a nonprofit organization, a person who is "authorized to perform the chief executive function of the corporation is an agent of that corporation." Tex. Bus. Orgs. Code § 5.255(5). "[W]hen serving an agent for a corporation or other entity, the citation must affirmatively show that the individual served is in fact the agent for service." *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ). If a plaintiff attempts service on a company's employee who is not a vice president, president, officer, managing or general agent, or agent authorized to accept service, then service is improper. *See, e.g., Rich v. Witt O'Brien's, LLC*, No. 1:19-CV-00022, 2021 WL 3064133, at *1–2, *3 (D.V.I. July 20, 2021) (service first attempted on "Director of Contracts and Compliance" and then again attempted on "the receptionist on duty" did not support, under Texas law, that defendant "was ever validly served"); *Jones v. United Parcel Serv., Inc.*, No. 3:15-CV-1315-K (BF), 2016 WL 4467655, at *2 (N.D. Tex. July 7, 2016), *report and recommendation adopted*, No. 3:15-CV-1315-K, 2016 WL 4429250 (N.D. Tex. Aug. 22,

2016) (service upon a "non-managerial employee" who was "not authorized to receive service" was insufficient).

Here, Relator's first two attempts at service were insufficient because they were made on employees who do not have authority to accept service. Neither Richard Holder nor Renee Townsend is a president, vice president, officer, managing or general agent, or agent authorized to accept service by PPGT. *See* Holder Decl. ¶¶ 2–3; Townsend Decl. ¶¶ 2–3. Accordingly, the process server failed to properly effect service on January 13 and 17.

Likewise, the attempt to serve by certified mail was defective for several reasons. Under Texas law, several requirements must be met for service by mail to be effective. Service by mail "must, if requested, be made by the clerk of the court in which the case is pending." Tex. R. Civ. P. 103. "Federal courts throughout Texas have interpreted this portion of the Rule to allow only the clerk of court—and no other persons—to serve by certified mail." *Hestand v. Enge*, No. 6:20CV71, 2021 WL 5989137, at *8 (E.D. Tex. Sept. 21, 2021), r*eport and recommendation adopted sub nom. Hestand v. TDCJ-CID*, No. 6:20-CV-71-JDK-JDL, 2021 WL 5149796 (E.D. Tex. Nov. 5, 2021). In addition, "the return receipt must be signed by the addressee." *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-CV-1391-S-BN, 2019 WL 5790516, at *5 (N.D. Tex. Oct. 7, 2019), *report and recommendation adopted*, No. 3:19-CV-1391-S-BN, 2019 WL 5790264 (N.D. Tex. Nov. 5, 2019) (citing Tex. R. Civ. P. 106(a)(2)). And because "[a] corporation is not a person capable of accepting process on its own behalf," it "must be served through an agent." *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013). So, to serve a corporation by certified mail, the mail must be sent by the clerk of court and addressed to an officer or agent authorized to accept service and, "if the return receipt is signed by someone other than

the addressee, service of process is defective." *Armstrong v. Sw. Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (brackets omitted).

In this case, Ms. Townsend found documents in PPGT's mailroom, but there is no indication that the documents were signed by a person who is authorized to accept service on PPGT's behalf. *See* Townsend Decl. ¶ 6. Moreover, the documents were sent by a company called Austin Process and not the clerk of court. *See id.* Relator, therefore, did not effectively serve PPGT by mail.

Due to the ineffective service, the Court lacks personal jurisdiction over PPGT. It is irrelevant that PPGT personnel other than those authorized to accept service have received the Complaints. Plaintiffs had multiple opportunities to avoid this dispute in exchange for a reasonable extension of the response date for PPGT and the other Defendants. Defendants first offered to waive any service defects in return for Plaintiffs' agreement to a 60 day extension, and when that offer was rejected, Defendants offered to waiver any service defects in return for Plaintiffs' agreement to a 32 day extension. Plaintiffs rejected that offer as well. Plaintiffs must live with their choices. They failed to effectively serve PPGT, and the Complaints against PPGT should be dismissed.

PPGT also joins the motions to dismiss under Rule 12(b)(6), filed on this day, and by doing so, does not waive its objection to improper service. *See, e.g., Winegarner v. Cinemark Holdings, Inc.*, No. 4:09CV627, 2010 WL 5489617, at *2 (E.D. Tex. Oct. 27, 2010) ("[A]s long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service."), *report and recommendation adopted*, No. 4:09CV627, 2011 WL 13837 (E.D. Tex. Jan. 4, 2011).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaints against PPGT.

Dated: February 14, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig D. Margolis*
Craig D. Margolis
Craig.Margolis@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Tirzah Lollar
Tirzah.Lollar@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6199
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com

700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Craig D. Margolis*
Craig D. Margolis