# EXHIBIT C

CAUSE NO. D-1-GN-21-000528

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| PLANNED PARENTHOOD OF GREATER | § | |
| TEXAS FAMILY PLANNING AND | § | |
| PREVENTATIVE HEALTH SERVICES, INC., | § | |
| PLANNED PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED PARENTHOOD SAN | § | |
| ANTONIO, PLANNED PARENTHOOD | § | TRAVIS COUNTY, TEXAS |
| CAMERON COUNTY, PLANNED | § | |
| PARENTHOOD SOUTH TEXAS SURGICAL | § | |
| CENTER, and PLANNED PARENTHOOD | § | |
| GULF COAST, | § | |
| | § | |
| *Relators*. | § | 53RD JUDICIAL DISTRICT |

## ORDER GRANTING RELATORS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON TEMPORARY MANDATORY INJUNCTION

On February __3rd__, 2021, the Court considered the Application for Temporary Restraining Order filed by Relators, Planned Parenthood of Greater Texas Family Planning and Preventative Health Services, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood San Antonio, Planned Parenthood Cameron County, Planned Parenthood South Texas Surgical Center, and Planned Parenthood Gulf Coast (collectively, the "Providers") in the above-referenced case against Sylvia Hernandez Kauffman, Inspector General, the Office of Inspector General (jointly, the "OIG"); and Cecile Young, the Executive Commissioner of the Texas Health and Human Services Commission, and the Texas Health and Human Services Commission (jointly, "HHSC").

It appears from the specific facts set forth in the verified Application for Temporary Restraining Order, and the evidence submitted to the Court, if any, that immediate and irreparable harm will result to Providers before notice can be served on the OIG and HHSC and a hearing can be held on Providers' request for a temporary restraining order unless the OIG and HHSC are restrained as requested in Providers' Application for a Temporary Restraining Order.

Specifically, it appears to the Court from the Application and accompanying exhibits that Providers are, at future trial, likely to succeed in establishing:

1. HHSC sent Providers a letter dated January 4, 2021, wherein HHSC informed Providers that they may continue to provide services in the Medicaid program through February 3, 2021, after which time Providers would be terminated from the program.

2. The January 4, 2021 letter did not include the six specified items required under the Texas Administrative Code for a proper notice of termination, *i.e.*, (i) a description of the termination, (ii) the basis for the termination; (iii) the effect of the termination; (iv) the duration of the termination; (v) whether re-enrollment will be required after the period of termination; and (vi) a statement of the person's right to request an informal resolution meeting or an administrative hearing regarding the imposition of the termination unless the termination is required under 42 C.F.R. §455.416.

3. Providers contested the termination letter from HHSC and have identified and disclosed to the OIG and HHSC the deficiencies in the letter.

4. The status quo between the OIG, HHSC, and Providers is such that Providers continue to participate in the Medicaid program.

5. HHSC's attempt to terminate Providers from the Medicaid program will take effect on February 4, 2021. An insufficient notice of termination that fails to comply with regulatory requirements would cut off Providers from providing services in the Medicaid program. Thus, HHSC will disrupt the status quo by improperly terminating Providers from the program.

6. Terminating Providers from the Medicaid program before the Court rules on the

      request for writ of mandamus, or before Providers have exhausted their administrative and appellate remedies relating to the termination, will cause immediate and irreparable damage to Providers.

7. Specifically, even if Providers are subsequently able to resume providing services in the Medicaid program because of relief from this Court, Providers' patients who were unable to obtain care at Providers in the interim will remain confused about their ability to do so, causing patients who prefer to obtain care at Providers to nevertheless attempt to obtain care elsewhere if they are able to do so, or forego care altogether; Providers will lose reimbursements for services they would otherwise have provided; and Providers' mission of providing care to underserved patients will be irreparably harmed.

8. Further, Providers need to allow their patients to take care of urgent health needs during this crisis stage of the pandemic and, at the least, help their patients attempt to find new providers willing to accept new patients insured through Medicaid. Abruptly discontinuing services on February 4, 2021 will leave Providers' patients with nowhere else to turn during a pandemic that has pushed the capacity of our health care system to the brink. It is Providers' mission to care for these patients, and termination from Medicaid would be denying Providers' their mission.

9. Providers cannot continue to serve their patients insured through Medicaid if HHSC's attempt to terminate them from the Medicaid program is allowed to take effect on February 4, 2021, as a result of HHSC's improper notice of termination and failure to comply with its regulatory obligations. If Providers are successful on their request for a writ of mandamus and are granted an administrative hearing, the terminations would not take effect until the final outcome of the administrative

      action.

10. Allowing those terminations to go into effect now would leave Providers without an adequate remedy at law. Such terminations based on an insufficient notice would cause grave public health harms, specifically during the COVID-19 pandemic. Such damages cannot be measured by any pecuniary standard.

11. Unless the OIG and HHSC are immediately enjoined, Providers will suffer immediate and irreparable injury for which there is no adequate remedy at law.

12. In short, the Court finds that absent a temporary injunction: (i) Providers will be terminated from the Medicaid program without a proper notice of termination; (2) HHSC's improper termination of Providers' participation in the Medicaid program will prevent Providers from caring for their patients or helping their patients attempt to find new providers; (3) HHSC's improper termination of Providers' participation in the Medicaid program will result in patients obtaining care elsewhere or foregoing care altogether, which is incalculable.

Accordingly, **IT IS ORDERED THAT** the Clerk of this Court issue forthwith a Temporary Restraining Order to continue in effect until the conclusion of the hearing on the Application for Temporary Mandatory Injunction to be held in this cause, or until such further order of this Court, restraining or enjoining HHSC, the OIG, and anyone acting under their direction or control or in concert with HHSC or the OIG, including, but not limited to, their officers, directors, employees, agents, servants, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, from directly or indirectly terminating or otherwise interfering with Providers' participation in the Medicaid program.

This Order is conditioned, however, upon Providers either filing with the Clerk of this

Court a bond in the amount of $200.00 executed by a sufficient surety, payable to HHSC, and otherwise conditioned as the law requires, or depositing that amount with the Clerk of this Court in the form of cash or cashier's check or check issued by a bank chartered by the United States government or any state in the United States that is insured by the Federal Deposit Insurance Corporation, in at least the amount of the total deposit. The cash deposit in lieu of bond shall be deemed payable and conditioned in the same manner as a bond under Texas Rule of Civil Procedure 684. Once the order becomes effective, it shall remain in effect for fourteen (14) days or until further order of this Court.

**IT IS FURTHER ORDERED** that Providers' Application for Temporary Mandatory Injunction shall be heard in this Court on the 17th day of February, 2021, at 9:00 a.m., in the Travis County District Court to be assigned under the local rules.  Further instructions regarding remote proceedings for this hearing will be

**IT IS FURTHER ORDERED** that the Clerk of this Court issue notice for service on Respondents Sylvia Hernandez Kauffman, Inspector General, the Office of Inspector General, Cecile Young, the Executive Commissioner of the Texas Health and Human Services Commission, and the Texas Health and Human Services Commission, notifying them of the time commanding them to appear and show cause why the Temporary Mandatory Injunction prayed for in Providers' Application for Temporary Mandatory Injunction should not be granted.

**IT IS SO ORDERED.**

SIGNED this the 3rd day of February 2021, at 4:43p.m.

JUDGE PRESIDING
MAYA GUERRA GAMBLE