IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § |
| Plaintiffs, | § § |
| v. | § § Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § |
| Defendants. | § § |

**JOINT PROPOSED SCHEDULING ORDER**

Plaintiffs Relator Doe and the State of Texas, ("Plaintiffs"), and Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San

Antonio, Inc. ("Defendants") submit this Joint Proposed Scheduling Order pursuant to the Court's February 2, 2022 Order [Doc. 43].

**1. Statement of the Nature of the Case**

Relator Alex Doe brought this lawsuit on behalf of the United States and the States of Texas and Louisiana against Defendants to recover damages and civil penalties pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001 *et seq.*, and the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat §§ 46:437.1 *et seq*. Relator alleges that Defendants presented false or fraudulent claims for payment or approval under the Medicaid program, and concealed or improperly avoided an obligation to repay money wrongfully obtained by Defendants under the Medicaid program.

The State of Texas intervened in Relator's claims under section 36.002(12) of the TMFPA. Specifically, the State contends that Defendants knowingly and improperly avoided an obligation to pay money to the State under the Medicaid program, and consequently Defendants are liable to the State for civil remedies under section 36.052 of the TMFPA.

Defendants deny that they violated the False Claims Act, the Texas Medicaid Fraud Prevention Act, and the Louisiana Medical Assistance Programs Integrity Law. Defendants contend that Defendant Planned Parenthood Federation of America, Inc. did not participate in Medicaid and that Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South

Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (the "Affiliate Defendants") complied with the relevant Medicaid eligibility requirements. Defendants also contend that the Affiliate Defendants only provided services under Medicaid when they were lawfully in the program. Defendants have filed motions to dismiss the complaints filed by Relator and the State.

## 2. Statement of the Basis for the Court's Jurisdiction

Plaintiffs allege that this Court has jurisdiction over this lawsuit pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§1331 and 1345 because this civil action arises under the laws of the United States and the United States is a real party in interest. Plaintiffs allege that this Court has jurisdiction over the state law claims pursuant to 31 U.S.C. § 3732(b) because those claims arise from the same transaction or occurrence as Plaintiffs' claims under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and further alleges that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution as Relator's claims under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq*.

Defendants contend that Relator's federal claims should be dismissed and that the Court should decline to exercise supplemental jurisdiction over the state law claims. Should the Court exercise jurisdiction over the state law claims, Defendants contend that those claims should be dismissed as well.

### 3. Statement as to the Likelihood that Other Parties Will Be Joined

At this time, the parties do not anticipate the joinder of any third party.

### 4. Proposed Deadlines

Plaintiffs propose the deadlines listed below.

For the reasons discussed in the Defendants' Motion to Stay Discovery filed on March 2, 2022, Defendants propose that discovery be stayed pending resolution of Defendants' motions to dismiss. [Docs. 44, 46, 48, 50] If the Motion to Stay is granted, Defendants propose that the parties be permitted to file a revised Joint Proposed Scheduling Order ("JPSO") to propose deadlines within a reasonable period of time after the filing of any Answer in this case. If Defendants' Motion to Stay is denied, Defendants join Plaintiffs in proposing the deadlines listed below.

### A. Deadline to Join Other Parties:

Plaintiffs propose April 1, 2022.

### B. Deadline for Parties Seeking Affirmative Relief to Designate Expert Witnesses:

Plaintiffs propose July 21, 2022.

### C. Deadline for Parties Seeking Affirmative Relief to Make Expert Disclosures Required by Rule 26(a)(2):

Plaintiffs propose July 28, 2022.

### D. Deadline for Parties Opposing Affirmative Relief to Designate Expert Witnesses:

Plaintiffs propose August 25, 2022.

### E. Deadline for Parties Opposing Affirmative Relief to Make the Expert Disclosures Required by Rule 26(a)(2):

Plaintiffs propose September 1, 2022.

### F. Deadline for All Parties to Designate Rebuttal Expert Witnesses:

Plaintiffs propose September 22, 2022.

### G. Deadline to Object to Experts (i.e., Daubert and similar motions):

Plaintiffs propose October 13, 2022.

### H. Deadline to Amend the Pleadings:

Plaintiffs propose May 12, 2022.

### I. Deadline to Mediate the Case:

Plaintiffs propose October 6, 2022.

### J. Deadline to Complete Discovery:

Plaintiffs propose October 13, 2022.

### K. Deadline to File Dispositive Motions, Including Motions for Summary Judgment:

Plaintiffs propose October 27, 2022.

### L. Deadline to File Other Motions Except Motions in Limine:

Plaintiffs propose October 27, 2022.

### M. Deadline for Filing Rule 26(a)(3) Disclosures:

Plaintiffs propose January 10, 2022.

## 5. Matters Listed in Rule 26(f)(3)(A)-(F)

### A. Timing, Form, or Requirement for Disclosures Under Rule 26(a):

Plaintiffs do not propose changing the initial disclosure requirements established by Rule 26(a)(1)(C). Plaintiffs propose amending the expert disclosure deadline and pretrial disclosure deadline pursuant to the deadlines set forth above. If Defendants' Motion to Stay is granted, Defendants propose that (1) the deadline

for initial disclosures be changed to within fourteen (14) days of the filing of any Answer in this case; and (2) the expert disclosure deadline and pretrial disclosure deadline be set after the parties file a revised JPSO within a reasonable period of time after the filing of any Answer in this case. If Defendants' Motion to Stay is denied, Defendants join Plaintiffs in proposing the modifications to the deadlines listed above.

### B. Discovery Subjects, Completion, and Limits:

The parties believe that discovery is needed about the facts alleged in Plaintiffs' complaints and damages claims. The parties expect expert discovery on liability, causation, and damages. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

### C. Disclosure, Discovery, and Preservation of Electronically Stored Information:

The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.

### D. Claims of Privilege or Protection:

The parties anticipate the need for a protective order regarding confidential information and will draft and submit a proposed agreed protective order for consideration. The parties anticipate the need for a clawback agreement under Federal Rule of Evidence 502 and will draft and submit a proposed agreed order for consideration.

### E. Discovery Limitations:

The parties do not propose any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules.

### F. Other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c):

The parties do not propose any other orders under Rule 26(c) or under Rule 16(b) and (c).

### 6. Other Matters

### A. Settlement:

The parties have not engaged in settlement discussions and the parties do not believe that it is advisable to refer this case for alternative dispute resolution.

### B. "Ready for Trial Date":

The parties propose January 30, 2023. The parties estimate 10 trial days. A jury has been demanded by the State of Texas. Defendants also anticipate demanding a jury.

### C. Local Counsel:

The Court granted Relator leave to proceed without local counsel. [Doc. 11]. Local counsel for Defendants entered an appearance on February 1, 2022. [Doc. 37].

### D. Certificate of Interested Person:

Relator filed a certificate of interested person on February 24, 2021 [Doc. 3]. Defendants filed a certificate of interested persons on February 25, 2022 [Doc. 52].

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens

Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

/s/ Raymond C. Winter
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

AMY S. HILTON
Assistant Attorney General
Texas Bar No. 24097834

HALIE E. DANIELS
Assistant Attorney General
Texas Bar No. 24100169

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

8

Halie.Daniels@oag.texas.gov

**Attorneys for State of Texas**


*/s/ Craig D. Margolis*
**Craig D. Margolis**
Craig.Margolis@arnoldporter.com
**Murad Hussain**
Murad.Hussain@arnoldporter.com
**Tirzah Lollar**
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

**Christopher M. Odell**
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

**Ryan Patrick Brown**
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

**Attorneys for Defendants**

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Andrew B. Stephens
Andrew B. Stephens