IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    March 2, 2022 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

## TABLE OF CONTENTS

Page

I. STATEMENT OF RELEVANT FACTS ................................................................................ 2

    A. Procedural Posture of Action ................................................................................ 2

    B. Relator's Allegations ............................................................................................. 2

    C. Texas' Allegations ................................................................................................. 3

II. LEGAL STANDARDS ........................................................................................................... 4

III. ARGUMENT ........................................................................................................................... 5

    A. Plaintiffs Are Not Permitted Access to Discovery Without Framing Complaints that Pass Muster Under Rule 9(b) ...................................................... 5

    B. Discovery in This Action Would Unduly Burden the Parties and the Government .............................................................................................................. 7

    C. A Stay of Discovery Would Not Unduly Prejudice Plaintiffs ............................... 9

    D. PPFA and PPGT Should Not Be Required to Engage in Discovery Because They Were Improperly Served ................................................................. 10

IV. CONCLUSION ...................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Career Techs., Inc. v. Does*,
   No. 13-CV-00304, 2014 WL 3749218 (D. Colo. July 30, 2014) ............................................10

*Am. Civil Liberties Union v. Holder*,
   673 F.3d 245 (4th Cir. 2011) (Gregory, J. dissenting)..............................................................6

*AMC Fabrication, Inc., v. KRD Trucking West, Inc.*,
   No. 2:12-cv-00146, 2012 WL 4846152 (D. Nev. Oct. 12, 2012).............................................10

*Belmonte v. Medstar Mobile Healthcare*,
   Civ. A. No. 3:19-CV-1867, 2020 WL 6119907 (N.D. Tex. Apr. 3, 2020)..........................4, 11

*Brown v. DFS Servs. L.L.C.*,
   434 Fed. App'x 347 (5th Cir. 2011) ...........................................................................................4

*Clark v. Djukic*,
   No. 2:14-cv-160, 2014 WL 6674610 (N.D. Ind. Nov. 25, 2014) ..............................................9

*Dillinger, LLC v. Elec. Arts, Inc.*,
   No. 1:09-cv-01236, 2010 WL 1945739 (S.D. Ind. May 11, 2010) .........................................10

*Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*,
   412 F.3d 745 (7th Cir. 2005) .....................................................................................................8

*Fujita v. U.S.*,
   416 Fed. App'x 400 (5th Cir. 2011) ...........................................................................................4

*Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*,
   Case No. 3:17-cv-30037, 2018 WL 3727365 (D. Mass Aug. 6, 2018) ...................................10

*In re Harrah's Ent., Inc. Sec. Litig.*,
   Civ. A. No,95-3925, 1997 WL 40640 (E.D. La. Feb. 3, 1997) ............................................7, 9

*Johnson v. Ashmore*,
   Case No. 3:15-CV-2475, 2016 WL 8453918 (N.D. Tex. Jan. 22, 2016) .....................4, 10, 11

*Laufer v. Patel*,
   Case No. 1:20-CV-631, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021)....................................10

*Mcpeters v. Lexisnexis*,
   Civ. A. No. 4-11-cv-02056, 2011 WL 13253446 (S.D. Tex. Oct. 5, 2011) .........................4, 7

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) ...................................................................................... 4, 10

*Sallie v. Spanish Basketball Fed'n*,
    Civ. A. No. 12-cv-01095, 2013 WL 5253028 (D. Colo. Sept. 17, 2013) ............................. 10

*String Cheese Incident, LLC v. Stylus Shows, Inc.*,
    No. 1:02-CV-01934, 2006 WL 894955 (D. Colo. Mar. 30, 2006) ....................................... 10

*Summers v. La.*,
    Civ. A. Nos. 20-21, 20-289, 20-386, 20-580, 2021 WL 4714642 (M.D. La.
    Oct. 8, 2021) ............................................................................................................... 10

*U.S. ex rel. Butler v. Magellan Health Servs., Inc.*,
    74 F. Supp. 2d 1201 (M.D. Fla. 1999) .............................................................................. 6

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
    290 F.3d 1301 (11th Cir. 2002) ........................................................................................ 6

*U.S. ex rel. Foster v. Bristol-Meyers Squibb Co.*,
    587 F. Supp. 2d 805 (E.D. Tex. 2008) ........................................................................... 6, 7

*U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*,
    571 F.Supp.2d 766 (W.D. Tex. 2008) ................................................................................ 4

*U.S. ex rel. Griffith v. Conn.*,
    117 F.Supp.3d 961 (E.D. Ky. 2015) ................................................................................... 6

*U.S. ex rel. Grubbs v. Kanneganti*,
    565 F. 3d 180 (5th Cir. 2009) ......................................................................................... 5, 7

*U.S. ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*,
    409 F.Supp.2d 43 (D. Mass) ............................................................................................. 6

*U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*,
    441 F.3d 552 (8th Cir. 2006) ............................................................................................. 5

*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
    360 F.3d 220 (1st Cir. 2004) .......................................................................................... 5, 6

*U.S. ex rel. King v. Alcon Labs., Inc.*,
    232 F.R.D. 568 (N.D. Tex. 2005) ...................................................................................... 6

*U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.*,
    193 F.3d 304 (5th Cir. 1999) *abrogated in nonrelevant part by United States
    ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928 (2009) .............................................. 5

*U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*,
  Case No. 4:02-cv-996, 2004 WL 579505 (N.D. Tex. Mar. 18, 2004)..................................6, 7

*U.S. ex rel. Woodard v. DaVita, Inc.*,
  Civ. A. No. 1:05-CV-227, 2010 WL 11531271 (E.D. Tex. Dec. 10, 2010).............................6

*U.S. v. Cnty. of Nassau*,
  188 F.R.D. 187 (E.D.N.Y. 1999) ..............................................................................................7

*U.S. v. DynCorp. Int'l, LLC*,
  253 F.Supp.3d 89 (D.D.C. 2017) ..............................................................................................6

*U.S. v. Supervalu, Inc.*,
  No. 11-cv-3290, 2016 WL 3906570 (C.D. Ill. July 14, 2016)...................................................9

*Universal Health Srvcs., Inc. v. U.S. ex rel. Escobar*,
  579 U.S. 176 (2016)..................................................................................................................8

*Von Drake v. Nat'l Broad. Co., Inc.*,
  No. 3-04-CV-0652, 2004 WL 1144142 (N.D. Tex. May 20, 2004).................................4, 5, 7

*Williams. v. WMX Technologies, Inc.*,
  112 F.3d 175 (5th Cir. 1997) .................................................................................................1, 5

**Statutes**

31 U.S.C. § 3729(b)(1)(A)................................................................................................................8

False Claims Act ..............................................................................................................................1

Tex. Hum. Res. Code Ann. § 36.002(12) ........................................................................................4

Texas Medicaid Fraud Prevention Act ........................................................................................2, 3

TMFPA ............................................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(c) ...............................................................................................................1, 4, 11

FRCP 8 and 9(b) ..............................................................................................................................1

John T. Boese & Douglas W. Baruch, *Civil False Claims and Qui Tam Actions*, §
  5.03 (5th Ed., 2022-1 Supp. 2020).........................................................................................7

Local Rule 7.1(a) ..............................................................................................................................1

Rule 9(b) .................................................................................................................................5, 6, 7

Rule 9(b)[ ..................................................................................................................................7

Rule 9(b)'s ............................................................................................................................5, 7

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26(c), Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") (collectively, "Affiliate Defendants"), and Planned Parenthood Federation of America, Inc. ("PPFA") (all collectively, "Defendants") submit this memorandum in support of their combined Motion to Stay Discovery Pending Resolution to Defendants' Motions to Dismiss.[1]

Defendants have separately moved for complete dismissal of Relator's and Texas' Complaints on multiple grounds, including failure to meet the pleading requirements of FRCP 8 and 9(b).  *See* [Dkts. 48, 50].  Courts—routinely in fraud cases generally, and particularly in False Claims Act litigation—stay discovery until pending motions to dismiss are adjudicated for the simple reason that "the who, what, when, and where must be laid out before access to the discovery process is granted."  *Williams. v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  Moreover, Defendants have moved on several grounds that, if granted, may dispose of this matter in its entirety; deferring discovery until the motions are decided would avoid the needless expenditure of resources.  Finally, even if the motions to dismiss are granted only in part, the scope of discovery will be narrowed by the struck claims.  For all of these reasons, discovery in FCA cases does not commence until motions to dismiss are decided, and the contours of any remaining operative complaints are known.  Indeed, undersigned counsel represents that in handling three dozen or more FCA cases over the course of his career, not once has discovery commenced before

---

[1] In accordance with Fed. R. Civ. P. 26(c) and Local Rule 7.1(a), counsel for Defendants, counsel for Relator, and counsel for Texas met and conferred by telephone on this issue on February 23, 2022 and February 28, 2022. Counsel for Relator and Counsel for Texas have indicated that they oppose this motion.

motions to dismiss were decided. Defendants therefore respectfully submit that discovery should be deferred pending the outcome of the motions.

I.     **STATEMENT OF RELEVANT FACTS**

    A.     **Procedural Posture of Action[2]**

Relator filed his *qui tam* complaint on February 5, 2021, alleging FCA violations for claims submitted to Texas and Louisiana Medicaid. [Dkt. 2]. As required by the FCA, the matter was originally filed under seal to allow the Attorneys General in Louisiana and Texas and the U.S. Department of Justice ("DOJ") to investigate and determine whether to intervene. On January 6, 2022, Texas filed its complaint in intervention under the Texas Medicaid Fraud Prevention Act ("TMFPA"). [Dkt. 22]. Both Louisiana and DOJ declined to intervene, and the action was unsealed on January 12, 2022. [Dkt. 27] This Court ordered the Parties to propose a scheduling order in this action on February 9, 2022 [Dkt. 43]—the same day this Court granted the Parties' Joint Motion to Exceed Page Limits for their respective motions to dismiss and oppositions to the same [Dkt. 42]. Shortly thereafter, on February 14, 2022, Defendants filed their Motions to Dismiss the Relator's Complaint [Dkt. 48] and Texas' Complaint in Intervention [Dkt. 50]. Defendants PPFA and PPGT also filed motions to dismiss for improper service of process. [Dkts. 44, 46]. Plaintiff's responses to Defendants' motions are due March 11, 2022, with any replies due fourteen (14) days later. As a result, briefing on the motions will be complete on March 25, 2022.

    B.     **Relator's Allegations**

Relator alleges that he gathered evidence that PPGC "began violating federal and state law in at least 2010-2011" in connection with placental tissue donated by patients to University of

---

[2] Defendants separately lay out in the motions to dismiss the procedural posture of this litigation, and therefore in the interest of brevity, only briefly restates it here.

2

Texas Medical Branch ("UTMB") researchers. *Id.* ¶ 105. Relator further alleges that PPGC did not disclose those alleged violations, rendering its claims for Medicaid reimbursement legally false under the FCA. *Id.* Relator therefore claims that these violations occurred "[f]rom at least 2010 and continuing through 2020[.]" *Id*. ¶ 3. Relator alleges that PPFA "directed and participated in" PPGC's wrongdoing because PPFA "approves all affiliate research programs and research contracts," "sets the medical standard and guidelines each affiliate is required to comply with," and "requires all affiliates to perform abortions." *Id.* ¶¶ 100, 101. Relator further alleges that in 2020, once the Fifth Circuit reversed the federal injunction in place in Texas on the ground that there was no private right of action for Medicaid beneficiaries to enforce the Medicaid Act's Free Choice of Provider requirement (the basis on which the injunction had been granted), Affiliate Defendants had retroactive obligations to repay all Medicaid reimbursements received since October 15, 2015 (Louisiana) and January 19, 2017 (Texas), the dates on which Relator alleges the terminations "became final under [State] law." *Id.* ¶¶ 10, 11, 83, 92. Relator alleges that because Affiliate Defendants did not repay these amounts, they violated the FCA's "reverse false claims" provision and the Texas and Louisiana equivalents. Relator claims that Defendants' allegedly wrongful retention of overpayments occurred from February 1, 2017 through March 12, 2021. *Id.* ¶ 8.

    **C.**    **Texas' Allegations**

Texas alleges that on March 12, 2021, the 261st District Court of Travis County, Texas, which had enjoined Defendants' termination from Medicaid for a period after the federal injunction was lifted, issued a final order dismissing Defendants' claims for injunctive and mandamus relief in Texas. Tex. Compl. ¶ 37. As a result, Affiliate Defendants allegedly were "effectively terminated from Texas Medicaid, at the latest, by February 1, 2017," and thus were "not entitled to retain reimbursements from Texas Medicaid for services delivered after February

3

1, 2017." *Id*. Texas further alleges that Affiliate Defendants were "obligated to repay Texas Medicaid dollars that [they] received in [those] reimbursements to which [they] w[ere] not entitled." *Id.* Texas alleges that because Defendants did not do so, they violated the reverse false claims provision of the TMFPA. *Id.* ¶¶ 38-39 (citing Tex. Hum. Res. Code Ann. § 36.002(12)). Accordingly, Texas claims violations based on Affiliate Defendants' allegedly wrongful retention of overpayments from February 1, 2017 until March 21, 2021, during the period that federal and state injunctions allowed Defendants to provide Medicaid services. *Id.* ¶¶ 3, 8-9.

## II.    LEGAL STANDARDS

Courts are authorized by FRCP 26(c) to stay discovery. Upon a showing of good cause, courts may issue a stay "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c); *see also Belmonte v. Medstar Mobile Healthcare*, Civ. A. No. 3:19-CV-1867, 2020 WL 6119907, at *1 (N.D. Tex. Apr. 3, 2020). Courts in this District "[have] broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. U.S.*, 416 Fed. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Indeed "a stay may be particularly appropriate 'where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense.'" *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 766, 768 (W.D. Tex. 2008) (quoting *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)); *see also Brown v. DFS Servs. L.L.C.*, 434 Fed. App'x 347, 351-2 (5th Cir. 2011) (affirming grant of defendant's motion to stay discovery pending resolution of dispositive motions); *Johnson v. Ashmore*, Case No. 3:15-CV-2475, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (finding "good cause" where pending motion to dismiss might resolve all claims); *Mcpeters v. Lexisnexis*, Civ. A. No. 4-11-cv-02056, 2011 WL 13253446 (S.D. Tex. Oct. 5, 2011) (granting stay of discovery pending

4

resolution of motion to dismiss); *Von Drake*, 2004 WL 1144142, at *2 (finding good cause where defendants had substantial arguments for dismissal of many, if not all, of plaintiff's claims).

### III.   ARGUMENT

#### A.   Plaintiffs Are Not Permitted Access to Discovery Without Framing Complaints that Pass Muster Under Rule 9(b)

Before being permitted access to discovery, the Relator and Texas first should be able to state a claim for relief with the particularity demanded by FRCP 9(b). This rule requires FCA plaintiffs to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *U.S. ex rel. Grubbs v. Kanneganti*, 565 F. 3d 180, 185 (5th Cir. 2009). Defendants have moved to dismiss both complaints for failure to meet this requirement among other grounds. Dkt. 49 at 29-34, Dkt. 51 at 19-21.

The Fifth Circuit applies Rule 9(b) "with bite and without apology," *Grubbs*, 565 F.3d at 185, and it is well settled in that complaints sounding in fraud must satisfy Rule 9(b) without resort to discovery. *See, e.g., U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308-09 (5th Cir. 1999) ("A special relaxing of Rule 9(b) is a *qui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate.") *abrogated in nonrelevant part by United States ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928 (2009); *Williams. v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("Directly put, the who, what, when, and where must be laid out before access to the discovery process is granted."). This rule is common to FCA cases generally. *See, e.g., U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) (rejecting request to relax Rule 9(b)'s pleading standards by allowing relator to plead his complaint generally and to "fill in the blanks" following discovery); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) ("The reluctance of courts to permit *qui tam* relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff,

5

who has suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown wrongs." (internal quotations omitted)); *U.S. ex rel. King v. Alcon Labs., Inc.*, 232 F.R.D. 568 (N.D. Tex. 2005) (noting relator "cannot use the discovery process to bypass FCRP 9(b)'s pleading requirements" and dismissing action for failure to meet 9(b)); *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, Case No. 4:02-cv-996, 2004 WL 579505, at *5 (N.D. Tex. Mar. 18, 2004) (granting motion to dismiss and noting FCA and Rule 9(b) do not contemplate a complaint "providing a vehicle for pretrial discovery that . . . will give [plaintiff] knowledge that might enable him to succeed in a FCA claim"); *U.S. ex rel. Woodard v. DaVita, Inc.*, Civ. A. No. 1:05-CV-227, 2010 WL 11531271, at *3-*4 (E.D. Tex. Dec. 10, 2010) (one purpose of Rule 9(b) is "to eliminate fraud actions in which all the facts are learned after discovery") (internal citation omitted); *U.S. ex rel. Foster v. Bristol-Meyers Squibb Co.,* 587 F. Supp. 2d 805, 819 (E.D. Tex. 2008) (granting motion to dismiss, noting that the "who, what, when, where, and how" of the alleged fraud required by Rule 9(b) must be laid out "before access to the discovery process is granted") (citation omitted); *see also U.S. ex rel. Butler v. Magellan Health Servs., Inc.*, 74 F. Supp. 2d 1201, 1215 (M.D. Fla. 1999) (stating that purpose of Rule 9(b) is to "prevent fishing expeditions to uncover imagined wrongs" and dismissing complaint for failure to satisfy 9(b)). Moreover, a well-respected treatise, relied on by numerous courts when considering issues unique to FCA litigation,[3] has noted that "it is appropriate and within the court's inherent power to stay discovery . . . where potentially dispositive motions are pending, including motions to dismiss for failure to comply

---

[3] *See U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1309 n.16 (11th Cir. 2002) (referring to Boese as "[t]he leading commentator in [the FCA] field"); *Melrose-Wakefield Hosp.*, 360 F.3d at 321 (same); *see also U.S. v. DynCorp. Int'l, LLC*, 253 F.Supp.3d 89, 113 (D.D.C. 2017) (referring to *Civil False Claims and Qui Tam Actions* as "[a] major treatise on the [FCA]"); *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 263 (4th Cir. 2011) (Gregory, J. dissenting) (same); *U.S. ex rel. Griffith v. Conn.*, 117 F.Supp.3d 961, 977 (E.D. Ky. 2015) (same); *U.S. ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 409 F.Supp.2d 43, 47 (D. Mass) (same).

6

with Rule 9(b)[.]" John T. Boese & Douglas W. Baruch, *Civil False Claims and Qui Tam Actions*, § 5.03 (5th Ed., 2022-1 Supp. 2020).

Even a "cursory review" of Defendants' motions to dismiss reveals that Defendants "have substantial arguments for dismissal" under Rule 9(b). *See Von Drake*, 2004 WL 1144142 at *1; *see also Mcpeters*, 2011 WL 13253446 at *1. For example, neither Plaintiff has alleged the details of an actually submitted false claim, the details of a scheme to submit false claims, or the existence of an obligation to repay the government, as required by the relevant FCA provisions. *Grubbs*, 565 F.3d 188-190; Dkt. 49 at 29-34; Dkt. 51 at 19-21. These failures are sufficient to trigger Rule 9(b)'s discovery-gatekeeping function. *Foster*, 587 F.Supp.2d at 819 ("Rule 9(b)'s 'particularity' requirement serves several purposes" including preventing "plaintiffs from filing a claim and then attempting to uncover unknown wrongs through discovery."). Should Defendants prevail on their 9(b) arguments, both complaints will be dismissed, *see, e.g., Bell Helicopter Textron, Inc.*, 2004 WL 579505 at *3 ("dismissal of action is appropriate when the pleading requirements of 9(b) have not been met"), and "no discovery would be necessary and any production of documents . . . would have been a useless and wasteful effort," *In re Harrah's Ent., Inc. Sec. Litig.*, Civ. A. No,95-3925, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997).

### B. Discovery in This Action Would Unduly Burden the Parties and the Government

Courts view the cost of conducting needless discovery sufficient in itself to justify a stay of discovery. "[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from [defendant's] business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that [defendant's] motion to dismiss is ultimately granted." *U.S. v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (holding that "fairness, economy and efficiency" favor the

7

issuance of a stay of discovery). Courts have specifically recognized that the cost of discovery in even a baseless fraud case is often so large as to have an "extortionate impact" on the defendant. *See, e.g., Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005). The potential discovery to be taken in this action calls for the expenditure of significant time, money, and resources by both Parties, the government, and third-party witnesses.

In this case, discovery could be substantial, as the Plaintiffs allege a fraudulent scheme that spanned, depending on the complaint, as much as ten years. *See, e.g.,* Relator's Compl. ¶¶ 3, 8, 10-11, 83, 92; Tex. Compl. ¶¶ 3, 8-9, 37. And, because the FCA is not "an all-purpose antifraud statute" but focuses instead on fraudulent claims, *Universal Health Srvcs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 194 (2016) (citation omitted), Plaintiffs will likely seek discovery on the potentially thousands of actual claims submitted by the Affiliate Defendants over as much as a decade.

Furthermore, Relator's allegations delve into Affiliate Defendants' abortion services, *id.* ¶¶ 69-78, and an agreement to facilitate patients' donation of placental tissue to UTMB researchers, *id.* ¶ 87, neither of which are covered services under Medicaid. Presumably, Plaintiffs would seek broad discovery from Defendant PPGC about its research protocols over a ten-year period, and potentially would seek discovery from all Affiliate Defendants regarding their performance of abortion procedures more generally. And, given the sparse and conclusory allegations regarding PPFA, *id.* ¶ 100-104, Plaintiffs would undoubtedly seek broad discovery of the relationships between PPFA and the Affiliate Defendants, as well as PPFA's exercise of control, if any, over the Affiliate Defendants' in the research context. In addition, because scienter is a FCA element, 31 U.S.C. § 3729(b)(1)(A), Plaintiffs will have to take discovery to establish knowledge, likely involving the collection and production of electronic data and depositions.

Defendants also anticipate that Relator will propound broad discovery requests on Defendant entities that have not been properly served. *See* [Dkts. 44, 46].

Defendants too will have to take substantial discovery from multiple sources that could include, without limitation, the Centers for Medicare and Medicaid Services ("CMS"), which administers the Medicaid program on the federal level; various Texas state agencies involved in investigating the Relator's allegations and the resulting terminations (including without limitation the Texas Ranger Division of the Texas Department of Public Safety, the Texas Health and Human Services, and the Texas Inspector General); and various congressional entities involved in the investigation that resulted in the terminations, including the Senate Judiciary Committee and the U.S. House of Representatives Select Investigative Panel. Such discovery would not only be probative of materiality, another FCA element, but also as to whether Relator is properly an original source. [Dkt. 48 at 9-16].

Importantly, all Defendants are non-profit organizations, which will be significantly impacted by discovery made unnecessary by the grant of the motions to dismiss.

C.  **A Stay of Discovery Would Not Unduly Prejudice Plaintiffs**

A stay is further appropriate because Plaintiffs will not suffer meaningful prejudice. Neither Relator nor Texas have alleged any claims or sought any relief in which time is of the essence. Thus, Plaintiffs' only prejudice is the inconvenience of a brief delay while the Court considers the motions to dismiss. *See U.S. v. Supervalu, Inc.*, No. 11-cv-3290, 2016 WL 3906570, at *2 (C.D. Ill. July 14, 2016); *Clark v. Djukic*, No. 2:14-cv-160, 2014 WL 6674610, at *2 (N.D. Ind. Nov. 25, 2014); *see also In re Harrah's Entertainment, Inc. Sec. Litig.*, 1997 WL 40640 at *2 (rejecting plaintiff's argument that a stay pending resolution of a motion to dismiss would cause "prejudice inherent in the passage of substantial time" sufficient to defeat defendant's motion). Moreover, a stay of discovery at this stage would not prejudice either plaintiff because "nothing

9

[plaintiffs] could learn through discovery would affect the resolution of the defendant's motion to dismiss." *Johnson*, 2016 WL 8453918 at *1 (quoting *Petrus*, 833 F.2d at 583). Conversely, "avoiding potentially unnecessary discovery costs . . . may indeed even operate to [Relators'] benefit." *Dillinger, LLC v. Elec. Arts, Inc.*, No. 1:09-cv-01236, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010); *see also Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, Case No. 3:17-cv-30037, 2018 WL 3727365, at *2 (D. Mass Aug. 6, 2018) (citation omitted) (same and granting motion to stay).

        **D.    PPFA and PPGT Should Not Be Required to Engage in Discovery Because They Were Improperly Served**

The lack of proper service—which goes to the heart of this Court's jurisdiction—provides additional reason to delay discovery related to PPFA and PPGT. *See AMC Fabrication, Inc., v. KRD Trucking West, Inc.*, No. 2:12-cv-00146, 2012 WL 4846152, at *2 (D. Nev. Oct. 12, 2012) (motion challenging jurisdiction "strongly favors" stay until jurisdictional question resolved); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (granting stay pending motion to dismiss for lack of personal jurisdiction); *see also Advanced Career Techs., Inc. v. Does*, No. 13-CV-00304, 2014 WL 3749218, at *2 (D. Colo. July 30, 2014) (same, unopposed motion to stay); *Sallie v. Spanish Basketball Fed'n*, Civ. A. No. 12-cv-01095, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) (same, unopposed motion to stay). Courts in this Circuit have routinely held that where jurisdictional challenges are raised on a motion to dismiss, a stay of discovery is appropriate. *See Summers v. La.*, Civ. A. Nos. 20-21, 20-289, 20-386, 20-580, 2021 WL 4714642, at *1 (M.D. La. Oct. 8, 2021) (finding "good cause" to stay discovery where motion to dismiss challenges subject matter jurisdiction); *Laufer v. Patel*, Case No. 1:20-CV-631, 2021 WL 327704, at *1 (W.D. Tex.

Feb. 1, 2021) (same); *Belmonte*, 2020 WL 6119907 at *1 (same); *Johnson*, 2016 WL 8453918 at *1-*2 (same).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue a protective order pursuant to Rule 26(c) to stay discovery in this case pending the resolution of Defendants' Motions to Dismiss.

Dated: March 2, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig D. Margolis*
    Craig D. Margolis
    Craig.Margolis@arnoldporter.com
    Murad Hussain
    Murad.Hussain@arnoldporter.com
    Tirzah Lollar
    Tirzah.Lollar@arnoldporter.com
    601 Massachusetts Ave, NW
    Washington, DC 20001-3743
    Telephone: +1 202.942.6127
    Fax: +1 202.942.5999

    Christopher M. Odell
    Texas State Bar No. 24037205
    Christopher.Odell@arnoldporter.com
    700 Louisiana Street, Suite 4000
    Houston, TX 77002-2755
    Telephone: +1 713.576.2400
    Fax: +1 713.576.2499

    Ryan Patrick Brown
    Texas State Bar No. 24073967
    brown@blackburnbrownlaw.com
    1222 S. Fillmore
    Amarillo, TX 79101
    Tel: (806) 371-8333
    Fax: (806) 350-7716

    *Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

On February 25, 2022 and February 28, 2022, in accordance with Fed. R. Civ. P. 26(c) and Local Rule 7.1(a), counsel for Defendants conferred with counsel for Relator and counsel for Texas regarding the relief requested in this motion. Relator and Texas are opposed.

*/s/ Craig D. Margolis*
Craig D. Margolis

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Craig D. Margolis*
Craig D. Margolis