IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| UNITED STATES OF AMERICA *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | |
| OF AMERICA INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendants'[1] Planned Parenthood Federation of America, Inc.'s Motion to Dismiss Complaints of Relator and State of Texas for Improper Service of Process (ECF No. 44) and Planned Parenthood of Greater Texas, Inc.'s Motion to Dismiss Complaints of Relator and State of Texas for Improper Service of Process (ECF No. 46) ("Motions"). The two defendants addressed in this Order ("Defendants") moved to dismiss Relator Alex Doe's and Intervenor Texas's Complaints (ECF Nos. 2, 22) under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). Having considered the Motions and relevant law, the Court **DENIES** the Motions.

Rule 12(b)(2) permits a party to move to dismiss an action for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2) ("[A] party may assert the following defense[] by motion: . . . lack of personal jurisdiction."). Rule 12(b)(5) permits a party to move to dismiss an action for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5) ("[A] party may assert the following defense[] by motion: . . . insufficient service of process."). "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."

---

[1] In total, Defendants are Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood of Cameron County, Inc., and Planned Parenthood of San Antonio, Inc.

*Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Although Defendants filed motions to dismiss for insufficient service of process, both now acknowledge any alleged defects in service have been cured. *See* ECF No. 64. Defendants no longer argue the Court lacks personal jurisdiction over Defendants. Accordingly, the Court **DENIES** Defendants' Motions as moot.

**SO ORDERED**.

April 12, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2