**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF LOUISIANA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH TEXAS, | § | |
| INC., PLANNED PARENTHOOD | § | |
| CAMERON COUNTY, INC., | § | |
| PLANNED PARENTHOOD SAN | § | |
| ANTONIO, INC., | § | |
| | § | |
| Defendants. | § | |

**RELATOR'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO**
**UNSEAL RELATOR'S NOTICE OF IDENTITY AND REVOKE RELATOR'S**
**PROTECTIVE ORDER**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION .................................................................................................1

ARGUMENT ........................................................................................................2

    I.   The Stegall Factors Favor Anonymity.............................................................2

    II.  The Evidence of Specific Threats of Violence and Retaliation Against Relator
        Justifies Anonymity. .....................................................................................3

    III. Courts Permit *Qui Tam* Plaintiffs to Proceed Anonymously. ...........................6

    IV. Defendants Will Not Be Prejudiced by The Protective Order, As This Court
        Already Determined. .....................................................................................7

    V.  Defendants' Motion Circumvents the Court's Protective Order. .......................7

CONCLUSION ......................................................................................................8

CERTIFICATE OF SERVICE .................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Doe A v. Rolling Meadows Hospice LLC*,
  No. 3:17-cv-00050-C (N.D. Tex. Jan. 6, 2017) ........................................................ 6

*Doe v. Beaumont Indep. Sch. Dist.*,
  172 F.R.D. 215 (E.D. Tex. 1997). .......................................................................... 5

*Doe v. Compact Info. Sys., Inc.*,
  No. 3:13-CV-5013-M, 2015 WL 11022761 (N.D. Tex. Jan. 26, 2015) ...................... 3

*Doe v. Lab. Corp. of Am.*,
  No. 3:15-cv-00985-P (N.D. Tex. Mar. 30, 2015) ...................................................... 6

*Doe v. McKesson*,
  945 F.3d 818, 835 n.12 (5th Cir. 2019), *cert. granted, vacated on other grounds*,
  141 S. Ct. 48 (2020) ............................................................................................... 5

*Doe v. Stegall*,
  653 F.2d 180 (5th Cir. 1981) ......................................................................... 2, 3, 4, 5

*In re Blackwell*,
  263 B.R. 505, 509 (W.D. Tex. 2000). ..................................................................... 5

*Planned Parenthood of Greater Tex. Family Planning & Prev. Health Servs. v.*
  *Smith*, No. 1:15-cv-01058 (W.D. Tex. Nov. 23, 2015) ............................................ 7

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
  599 F.2d 707 (5th Cir. 1979) .................................................................................. 3

*United States ex rel. Doe v. Heart Solution, PC*,
  923 F.3d 308 (3d Cir. 2019) ................................................................................... 6

*United States ex rel. Doe v. N.Y. State Sch. Dists.*,
  597 F. App'x 16 (2d Cir. 2015) ............................................................................... 6

*United States ex rel. Doe v. X Corp.*,
  862 F. Supp. 1502 (E.D. Va. 1994) ........................................................................ 6

**Rules**

Fed. R. Civ. P. 26(c) ................................................................................................. 2

**INTRODUCTION**

Defendants argue that the Court should reverse its decision to permit Relator Alex Doe to proceed under a pseudonym and unseal Relator's identity but provide no reason that the Court's previous reasoning and conclusion is incorrect. Defendants merely argue that Relator's involvement with the underlying facts is well known. But Relator has never denied this, and the Court also acknowledged this in the protective order. Instead, the Court found that given the evidence of specific threats, harassment, and retaliation that Relator has experienced directly because of Planned Parenthood and its supporters and employees, Relator is likely to experience threats and harassment because of Relator's involvement in *this* case, which subjects Planned Parenthood to significant monetary liability.

As the Court noted that Planned Parenthood itself argued in a different case when it secured pseudonyms for its clients, the personal characteristics of Relator are not at issue in this case. Relator does not bring this suit on Relator's own behalf but on behalf of the United States, Texas, and Louisiana. Nor is Planned Parenthood prejudiced in its defense because all Defendants were served with Relator's identity at least three times since this case was unsealed. While Defendants point to no reason this Court's previous determination was an abuse of discretion, they made sure to "out" Relator by repeating Relator's gender (despite Relator's use of a gender-neutral pseudonym) and repeatedly linking to irrelevant video disclosing Relator's identity in a public filing in defiance of the protective order. Planned Parenthood clearly intends to continue retaliating against Relator, and this Court should not provide it a permission slip to do so. Defendants' motion should be denied, and Defendants'

motion should be sealed or redacted to protect Relator's identity and prevent further circumvention of the protective order.

## ARGUMENT

This Court has discretion to enter a protective order to maintain the confidentiality of Relator's identity. *See* Fed. R. Civ. P. 26(c). In this Circuit, there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Rather, "[t]he decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings." *Id.* As this Court already decided after balancing those circumstances, a protective order is necessary to protect Relator's identity in this case. Dkt. 12 at 5. Planned Parenthood contends that Relator has forfeited any claim to anonymity because of public statements elsewhere. But this Court's protective order turns on the threat it recognized Relator faces specifically from *this* suit, and the circumstances of *this* suit satisfy the applicable legal test. Dkt. 12 at 6-7.

### I.    The Stegall Factors Favor Anonymity.

To the extent that the following factors are present in a particular case, the Fifth Circuit has determined that they "deserve considerable weight:" (1) whether plaintiff is "suing to challenge governmental activity;" (2) whether the suit requires plaintiff to "disclose information 'of the utmost intimacy;'" and (3) whether the suit requires plaintiff to "admit their intention to engage in illegal conduct." *Id.* at 185-86 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d

707, 712-13 (5th Cir. 1979)). As this Court has already determined, this case involves the second and third factors. Dkt. 12 at 5-6.

Courts have determined that abortion is an example of "'information of the utmost intimacy' that might justify allowing a plaintiff to proceed anonymously." *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015) (quoting *Wynne & Jaffe*, 599 F.2d at 712, 713); *see also id.* (collecting cases naming abortion as a matter of "utmost intimacy"). Relator, like the *Stegall* plaintiffs, has "made revelations about [Relator's] personal beliefs and practices"— beliefs about abortion—"that are shown to have invited opprobrium analogous to the infamy associated with criminal behavior." 653 F.2d at 186; Dkt. 12 at 5-6. Indeed, Relator is being criminally prosecuted for the investigation at Planned Parenthood's behest, and Planned Parenthood brought civil claims against Relator. Dkt. 12 at 3. Relator's conduct was not illegal. But the fact that Relator will stand trial and possibly incur criminal liability for the investigation underlying the claims in this lawsuit satisfies the third *Stegall* factor, as the Court found. Dkt. 12 at 6. That, as well as the civil litigation, is certainly enough to "invite[] an opprobrium analogous to the infamy associated with criminal behavior." *Stegall*, 653 F.2d at 186. The presence of two of three *Stegall* factors "tip the balance against the customary practice of judicial openness." *Id.*; *see also* Dkt. 12 at 6.

## II. The Evidence of Specific Threats of Violence and Retaliation Against Relator Justifies Anonymity.

*Stegall* cautioned that it was not establishing a "rigid, three-step test for the propriety of party anonymity," and the Fifth Circuit has instructed courts to engage

in a "fact-sensitive" analysis, considering other factors in the case. *Id.* at 185. Because "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity," *id.* at 186, courts in this Circuit also consider whether there is evidence that the parties have been subject to specific threats for reasons related to the lawsuit in question when assessing the need for anonymity. As this Court determined, there is ample evidence of specific threats to Relator that create a reasonable likelihood that Relator will suffer further threats of violence, harassment, and retaliation in *this* case. Dkt. 12 at 7.

A. In *Stegall*, the plaintiff sued on behalf of her two minor children, complaining of "religiously-oriented ceremonies broadcast each morning over the public address system" in a Mississippi public school. *Id.* at 182. The Fifth Circuit noted that "evidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the viewpoint reflected in plaintiffs' complaint." *Id.* at 186. In particular, the plaintiffs "offered several documentary exhibits [newspaper articles] to bolster their assertions that they might be subjected to retaliatory harassment or violence if their identities were publicly revealed," including a statement in a newspaper article quoting one county resident as stating that "Christians must beat the evil out of these people," referring to the plaintiffs. *Id.* at 182 n.6. The Fifth Circuit found that "threats of violence generated by this case, in conjunction with the other factors . . . tip the balance against the customary practice of judicial openness." *Id.* at 186.

4

As this Court determined, Dkt. 12 at 7 n.1, the evidence of specific threats of violence against Relator distinguish this case from *Doe v. McKesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *cert. granted, vacated on other grounds*, 141 S. Ct. 48 (2020). There, the Fifth Circuit affirmed the denial of a protective order to proceed anonymously in a suit brought by a police officer because there was no evidence of particularized threat. The plaintiff's evidence of potential violence pertained to police offers in general, "did not involve Officer Doe and w[as] not related to this lawsuit," and was simply reflective of a "generalized threat of violence that all police officers face." *Id.* Thus, district courts applying *Stegall* similarly consider whether the individual requesting anonymity has sufficiently shown that their particular circumstances—and not just generalized threats—warrant allowing the party to proceed anonymously. *See, e.g., Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 217 (E.D. Tex. 1997) (declining to allow the claimants to proceed anonymously, noting that "there is no record of threats against Plaintiffs personally of any kind."); *In re Blackwell*, 263 B.R. 505, 509 (W.D. Tex. 2000) (declining to allow anonymity where the evidence suggested only a "general fear," which did "not support the investors' claims that these proceedings, or the publication of their names, increase their risk.")

B. Far from mere "conclusory allegations," Dkt. 68 at 11, there is detailed evidence of specific threats of violence made directly against Relator because of Relator's investigation underlying this case, including evidence of retaliation and harassment against Relator by the Defendants, their employees, and supporters. *See* Dkt. 10-1. These threats are detailed in the Court's protective order yet are ignored

5

by Defendants. Dkt. 12 at 2-3; *see also* Dkt. 68 at 10-11. Further, as the Court determined, given the potentially significant financial impact of this lawsuit on Planned Parenthood (unlike the other litigation), the evidence indicates a reasonable likelihood that Relator will suffer further threats of violence, harassment, and retaliation directly because of bringing *this* lawsuit. Dkt. 12 at 7. Thus, as the Court correctly concluded, this case is one of those exceptional cases, like *Stegall*, where anonymity is justified.

### III.   Courts Permit *Qui Tam* Plaintiffs to Proceed Anonymously.

Planned Parenthood asserts that there is greater public interest in this case because it is a *qui tam* case. Dkt. 68 at 9. But courts regularly permit relators to proceed under a pseudonym. *See, e.g.*, *United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308 (3d Cir. 2019); *United States ex rel. Doe v. N.Y. State Sch. Dists.*, 597 F. App'x 16 (2d Cir. 2015); *cf. United States ex rel. Doe v. X Corp.*, 862 F. Supp. 1502 (E.D. Va. 1994). That includes courts in this District. *See, e.g., Doe A v. Rolling Meadows Hospice LLC*, No. 3:17-cv-00050-C (N.D. Tex. Jan. 6, 2017); *Doe v. Lab. Corp. of Am.*, No. 3:15-cv-00985-P (N.D. Tex. Mar. 30, 2015). Moreover, as Defendants acknowledged in a different case, shielding Relator's identity in this case will not obstruct public scrutiny of the important issues in this case because the case turns on questions of law and *Defendants*' conduct, not the individual characteristics of Relator. Dkt. 12 at 7-8. After all, Relator does not even bring this case on Relator's own behalf, but on behalf of the United States, Texas, and Louisiana.

6

## IV.   Defendants Will Not Be Prejudiced by The Protective Order, As This Court Already Determined.

As this Court already found, this protective order will not prevent Defendants from mounting an effective defense because Relator is willing to disclose Relator's identity to Defendants, subject to the protective order. Dkt. 12 at 7. In fact, Relator has already done so multiple times. *See* Dkt. 27, 32, 63, 64. It is unclear why Defendants are pretending that they merely guessed at Relator's identity when it was served on them on multiple occasions. *See* Dkt. 68 at 1. Nonetheless, Defendants claim that the protective order "has impeded Defendants' ability to respond to [Relator's] Complaint." Dkt. 68 at 9. There is no explanation as to how. Indeed, Defendants filed multiple motions to dismiss Relator's Complaint, indicating that Defendants had no trouble at all responding. *See* Dkt. 44, 46, 48. Defendants claim that anonymity will present "difficulties" and "impose additional burdens on the parties and the Court," yet Defendants are well-versed in proceeding in cases involving pseudonymous parties. *See* Pls.' Mot. For Protective Order, *Planned Parenthood of Greater Tex. Family Planning & Prev. Health Servs. v. Smith*, No. 1:15-cv-01058, ECF No. 7 (W.D. Tex. Nov. 23, 2015); Protective Order, *Planned Parenthood of Greater Tex.*, ECF No. 39 (W.D. Tex. Jan. 14, 2016).

## V.   Defendants' Motion Circumvents the Court's Protective Order.

Despite this Court's order protecting Relator's identity, Defendants defy it. Defendants link to online videos which they claim include Relator, thus exposing Relator's identity. Dkt. 68 at 2-3. Yet Defendants filed their motion on the public

docket and not under seal. This Court should seal Defendants' motion to protect Relator's identity. It should also admonish Defendants against any further attempt to circumvent its protective order.

## CONCLUSION

Given the substantial need to protect Relator's privacy because of particularized threats of violence and actual retaliation against Relator by Defendants, as this Court already determined, the Court should continue to allow Relator to proceed in this matter using a pseudonym. Defendants' motion should be denied. Moreover, Defendants' motion should be sealed or redacted on the public docket to protect Relator's identity.

Respectfully submitted.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
andrew@hackerstephens.com

HEATHER GEBELIN HACKER
Texas Bar No. 24103325
heather@hackerstephens.com

HACKER STEPHENS LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)

Attorneys for Relator Alex Doe

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS

9