**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-<br>00022-Z |
| | § | |
| The State of Louisiana | § | Date:     May 18, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
|     Defendants. | § | |
| | § | |

**<u>DEFENDANTS' OPPOSITION TO REQUEST FOR CLERK'S ENTRY OF DEFAULT
AND MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE, CERTIFICATION FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)</u>**

This action is a substantial, complex False Claims Act ("FCA") case, which it is abundantly clear Defendants are contesting.  Defendants timely appeared to file a motion to dismiss, and on April 29, 2022, the Court entered an order denying, in large part, Defendants' motions to dismiss Relator's Complaint and the State of Texas' Complaint.  Dkt. 71.  The Court further entered a scheduling order for discovery followed by trial on May 11, 2022.  Dkt. 72.  Defendants are preparing to move for reconsideration, or in the alternative, certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  In the course of preparing this motion, Defendants inadvertently omitted moving for a brief extension of time to file this motion before the time for filing an answer otherwise provided by rule.  Without conferring with Defendants, and with full knowledge of Defendants' intent to defend the case, Relator has asked the Clerk of Court to enter a default.[1]

Defendants regret their oversight; however, the law is clear that default is improper where the defending party has demonstrated an intent to defend the action.  Under Rule 55(a), a default may be entered only if a party has failed to "plead or *otherwise defend*."  Fed. R. Civ. P. 55(a) (emphasis added).  The Advisory Committee Notes make clear that courts have rejected reading the rule to allow the clerk to "enter a default even if the party did something showing an intent to defend."  *Id.* (adv. comm. notes 2007 amendment).   As discussed below, the court of appeals and several district courts have rejected entry of default in circumstances similar to those presented here.

---

[1]     Defendants ordinarily would confer with opposing counsel before filing this motion. However, given Relator's and Texas' failure to confer with Defendants before requesting the extraordinary remedy of default – despite the fact that the parties corresponded regarding discovery on Monday – and the emergency nature of this matter, Defendants were constrained to immediately file this motion.

"A defendant in federal court is entitled to an adequate opportunity to present a defense without suffering a possible default judgment." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). As the court further explained:

> Rule 55(a) permits a default against a party when it "has failed to plead or otherwise defend" itself. Rule 55(b)(1) permits judgment by default to be entered by the clerk upon certain conditions. Rule 55(b)(2) requires, however, that the court, not the clerk, enter a default judgment "[i]f the party against whom judgment by default is sought has appeared in the action." In that event, the party "shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."
>
> The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party."

*Id.* (citations omitted). Further, "[t]he filing of a motion to dismiss is normally considered to constitute an appearance," and "convey[s] [an] intent to contest the suit." *Id.* (holding entry of default was reversible error where party moved to dismiss); *see also Benny's Farm Fresh Produce, Inc. v. Vine Ripe Texas, Inc.*, 2009 WL 185056 (S.D. Tex. June 29, 2009) (citing *Sun Bank* and collecting other cases holding entry of default was reversible error where party demonstrated an intent to defend).

Defendants have clearly "otherwise defend[ed]" by moving to dismiss, filing a Joint Proposed Scheduling Order, *see* Dkt. 56, and as recently as Monday, conferring with Relator's and Texas' counsel regarding modification of the discovery schedule. The Court also plainly contemplated that this action would be litigated as it entered a Rule 16 Scheduling Order, setting deadlines for discovery and trial. *See* Dkt. 72. The Federal Rules are not a game of "gotcha" and entry of default, even if a proper application were made, would be inappropriate. *See, e.g., Fortenberry v. Texas*, 75 F. App'x 924, 926 n.1 (5th Cir. 2003) (affirming denial of motion for

2

default judgment where defendants filed answer six days late and plaintiff failed to show prejudice, noting "[d]efault judgments are generally disfavored in the law, . . . and there is a strong policy to decide cases on the merits"); *Reed v. Wal-Mart Stores, E., L.P.*, No. 20-cv-254, 2020 WL 8672072, at *1 (S.D. Miss. Nov. 23, 2020) (setting aside default where party inadvertently mis-calendared answer deadline and filed three days late, and noting "default in the present case was unintentional, and [the defendant] took swift action in an attempt to remedy the default").

Indeed, one court in this District held that it is bad faith for a plaintiff to immediately move for default based on a missed deadline. *See Goldstein v. Gordon*, No. 03-cv-22, 2002 WL 324289, at *2 & n.3 (N.D. Tex. Feb. 27, 2002) (noting that plaintiff sought default judgment "a mere eight days after expiration of the answer deadline," and "[t]his immediate action could be interpreted as constituting bad faith in seeking the default judgment"). Defendants' counsel regret their oversight, but, as the Fifth Circuit has held, the Federal Rules are designed for the adjudication of the merits of lawsuits, not "termination of litigation by procedural maneuver." *Sun Bank*, 874 F.2d at 276.

Defendants understand that, by operation of rule, an answer following adjudication of a motion to dismiss would ordinarily be due within fourteen days. Fed. R. Civ. P. 12(a)(4)(A). However, this Court had not set by order a deadline for filing an answer or to move for reconsideration. Such motions are routinely granted absent a showing of undue delay or prejudice. *See, e.g. Robin v. City of Frisco, Tex.*, No. 16-cv-576, 2017 WL 2986315, at *1 (E.D. Tex. July 13, 2017). Relator (and the State of Texas) have not identified any prejudice stemming from the brief delay. By rule, Defendants' answer (or a motion for reconsideration) would have been due on May 13, 2022, and Defendants ask for a short extension of seven days to file their reconsideration motion on or before Friday, May 20, and further request that the time period for

Defendants to file answers to the complaints be tolled pending the Court's resolution of Defendants' motion. Following a determination by the Court of the motion for reconsideration or certification, Defendants would answer within five days.

As will be discussed in the motion for reconsideration or alternatively to certify for interlocutory appeal, the case presents important questions as to the proper interpretation, among other things, of the FCA's public disclosure bar, an issue which is likely case dispositive and that the Court should entertain certifying to the court of appeals if it declines to reconsider.

For the foregoing reasons, a default should not enter and Defendants respectfully submit that the Court allow a brief extension until Friday, May 20, to file the motion outlined above.

Dated: May 18, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By   /s/ *Craig D. Margolis*
    Craig D. Margolis
    Craig.Margolis@arnoldporter.com
    Murad Hussain
    Murad.Hussain@arnoldporter.com
    Tirzah Lollar
    Tirzah.Lollar@arnoldporter.com
    601 Massachusetts Ave, NW
    Washington, DC 20001-3743
    Telephone: +1 202.942.6127
    Fax: +1 202.942.5999

    Christopher M. Odell
    Texas State Bar No. 24037205
    Christopher.Odell@arnoldporter.com
    700 Louisiana Street, Suite 4000
    Houston, TX 77002-2755
    Telephone: +1 713.576.2400
    Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 18, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

/s/ *Craig D. Margolis* _
Craig D. Margolis