**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH TEXAS,<br>INC., PLANNED PARENTHOOD<br>CAMERON COUNTY, INC.,<br>PLANNED PARENTHOOD SAN<br>ANTONIO, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 2:21-CV-00022-Z |

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION**
**OF TIME TO FILE MOTION FOR RESCONSIDERATION/MOTION FOR**
**CERTIFICATION AND DELAY FILING OF ANSWER**

Defendants acknowledge that their answer was due on May 13, 2022 and that

they did not file one. Fed. R. Civ. P. 12(a)(4)(A). Their excuse is that they intended to

file a motion for reconsideration of the Court's order denying in part the motions to

dismiss, apparently not intending to file an answer until after the Court resolves that

1

yet-to-be filed motion. Defendants are free to file a meritless motion for reconsideration or certification of interlocutory appeal if they choose. But they should not be permitted to delay this case, which is obviously their goal and has been their goal since this case was unsealed. Rather than file an answer, Defendants' counsel instead contacted Plaintiffs' counsel on May 16, 2022 to obtain their position on a motion to extend the deadlines in the Court's scheduling order, even though (as the Court noted) Defendants agreed to the deadlines in that order. Dkt. 72 at 2. Defendants never mentioned any motion for reconsideration or intent to try to certify an interlocutory appeal, nor did they acknowledge their answer deadline or mention their intention to indefinitely delay filing an answer.

Defendants accuse Plaintiffs of bad faith in requesting entry of default after several days had passed since the answer deadline but cite a case where the plaintiff sought and received a default *judgment* even though the defendant had not been served and the plaintiff filed a consent motion without getting defendants' consent, which is obviously not the case here. *See Goldstein v. Gordon*, No. CIV.A. 300CV0022P, 2002 WL 324289, at *1–2 (N.D. Tex. Feb. 27, 2002). And notably, Plaintiffs did not move for default *judgment*—the clerk's entry of default is only a prerequisite to doing so, and may be set aside by the Court. *Compare* Fed. R. Civ. P. 55(a) *with* Fed. R. Civ. P. 55(b); *see also* L.R. 55.3. Regardless, entering default acknowledges that Defendants failed to timely respond to the complaint, which would require Defendants to expeditiously rectify the error by seeking leave to file their

answer. And the answer deadline is critical, and even more so in the context of this case, given the schedule the parties agreed to follow. *See* Dkt. 72 at 2.

Plaintiffs require Defendants' answer(s) as soon as possible in order to comply with the deadlines in the Court's scheduling order and thus would be prejudiced by allowing Defendants to file their answer after their intended motions are resolved, as they propose. Plaintiffs do not oppose, however, granting Defendants an extension to file their answer until May 20, 2022. If they wish, Defendants can file their motion for reconsideration within the period provided by the Federal Rules of Civil Procedure. Defendants state that the time for filing a motion for reconsideration expired "by rule" on May 13, 2022 but cite no such rule. Dkt. 74 at 3.[1] While there is no "motion for reconsideration" technically contemplated by the Federal Rules, *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004), federal courts do entertain motions for reconsideration under Rules 54, 59, and 60, *U.S. Bank Nat. Ass'n v. Verizon Commc'ns Inc.*, No. 3:10-CV-1842-G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012). But while the time for filing an answer has passed, *see* Fed. R. Civ. P. 12(a)(4)(A), the time for filing a motion for reconsideration has not yet expired to Plaintiffs' knowledge. For instance, the Fifth Circuit treats a motion for reconsideration filed within 28 days of judgment as a motion to alter or amend the

---

[1] If Defendants are referring to Rule 12(a)(4)(A) stating that a "responsive pleading" must be served within 14 days after notice of the Court's action on a Rule 12 motion to dismiss, it is unclear that a motion for reconsideration of a motion to dismiss would be a "responsive pleading." *See* Fed. R. Civ. P. 7(a). Plaintiffs were unable to locate any authority stating that, nor any rule specifically imposing a 14-day deadline on filing motions for reconsideration of an order denying a motion to dismiss.

judgment under Rule 59(e). *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). A motion under Rule 60(b) for relief from a judgment or order "must be made within a reasonable time." Rule 54(b) allows for interlocutory orders to "be revised at any time before the entry of a judgment." But that rule does not appear to have a 14-day deadline except for filing motions for attorneys' fees. Fed. R. Civ. P. 54(d)(2). 28 U.S.C. § 1292(b) does not have a 14-day deadline either.

Regardless, if Defendants are correct that the time for filing a motion for reconsideration or certification under 28 U.S.C. § 1292(b) has expired, they have provided no "good cause" or explanation of "excusable neglect" to justify their failure to file by the deadline. *See* Fed. R. Civ. P. 6(b); *see also* Dkt. 72 at 11. Either way, the Court should deny Defendants' motion.

## CONCLUSION

The Court should deny Defendants' motion and order the answer(s) to be filed by May 20, 2022.

Respectfully submitted.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
andrew@hackerstephens.com
HEATHER GEBELIN HACKER
Texas Bar No. 24103325
heather@hackerstephens.com
HACKER STEPHENS LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)

Attorneys for Relator Alex Doe

4

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

/S/ Raymond C. Winter
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950
Raymond.Winter@oag.texas.gov
AMY S. HILTON
Assistant Attorney General
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

Attorneys for State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS