**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America *ex rel.* ALEX DOE, Relator, | § § § | |
| The State of Texas *ex rel.* ALEX DOE, Relator, | § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| The State of Louisiana *ex rel.* ALEX DOE, Relator, | § § § | Date:      May 20, 2022 |
| Plaintiffs, | § § § | |
| v. | § § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § § § § § § § § | |
| Defendants. | § § § § § § § § § § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO STATE OF TEXAS'S COMPLAINT IN INTERVENTION

Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc. (collectively, "Affiliate Defendants"), Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., and Planned Parenthood Federation of America, Inc. (all together, "Defendants"), respectfully submit the following Affirmative Defenses and Answer ("Answer") to the State of Texas's Complaint in Intervention [Dkt. 22] ("Texas Complaint").

## DEFENDANTS' ANSWER

Defendants deny all allegations in the Texas Complaint except as specifically admitted, modified, or explained in this Answer, and demand strict proof of all allegations in the Texas Complaint that are not admitted in this Answer.  Further, as explained in Defendants' memorandum in support of their motion to dismiss the Texas Complaint [Dkt. 51],  the Texas Complaint contains improper group pleading, and Defendants deny all allegations in the Texas Complaint that contain such improper group pleading except as specifically admitted, modified, or explained in this Answer, and demand strict proof of all allegations in the Texas Complaint as to each Defendant that are not admitted in this Answer.  Headings in the Texas Complaint are not factual allegations and require no response.  To the extent a response is required, all statements in headings are denied.  Defendants answer the numbered paragraphs set forth in the Texas Complaint as follows:

1.      This is a complaint in intervention and civil law enforcement action to recover taxpayer dollars paid to Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., (collectively "Defendants" or "Planned Parenthood") that Planned Parenthood was not entitled to receive, and to assess civil remedies against Planned Parenthood under the TMFPA. Specifically, Planned Parenthood received reimbursement from Texas Medicaid to which it was not entitled. Planned Parenthood knowingly and improperly avoided its obligation to repay money owed to the Texas Medicaid program.

**Answer**: Paragraph 1 alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 1.

Defendants also specifically deny that they violated the Texas Medicaid Fraud Prevention Act ("TMFPA").

2.      Planned Parenthood owns and operates abortion facilities and health clinics in Texas with the purported purpose of providing medical services, delivering pharmaceuticals, providing counseling and educational services and materials for family planning and family planning preventative care, and providing medication and surgical abortions. Planned Parenthood and its clinics are grantees of state and federal funds provided through state programs and/or directly through federal programs, including the Medicaid program.

**Answer:** Defendants admit that Affiliate Defendants have at some point received state and federal funds, including funds related to the Medicaid program. Defendants deny all remaining allegations in Paragraph 2.

3.      From February 1, 2017, and continuing through March 2021, Planned Parenthood Defendants presented or caused to be presented thousands of claims for payment for Medicaid services, received approximately $10 million dollars in payments from state funds for these claims, and failed to repay the money they received from these claims after they knew or should have known that they were not entitled to keep the money.

**Answer:** Paragraph 3 alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants admit that Affiliate Defendants continued to submit requests to Texas Medicaid for reimbursement of services delivered, and continued to receive such reimbursement, from February 1, 2017 through March 12, 2021, when their terminations from Texas Medicaid became final.  Defendants deny the remaining allegations in Paragraph 3.

4.      In October 2015, Texas Health and Human Services Commission Office of Inspector General (HHSC-OIG) initiated proceedings to terminate Planned Parenthood's Medicaid provider credentials. In December 2016, HHSC-OIG served a final Notice of Termination on Planned Parenthood. The Notice advised Planned Parenthood of its rights to administrative due process to contest the termination determination. Planned Parenthood failed to exercise any of its rights to challenge the termination, and by mid-January 2017 all of Planned Parenthood's deadlines to request a hearing had expired. The HHSC-OIG decision to terminate therefore became final under Texas law by end of January 2017. 1 Tex. Admin. Code § 371.1703(f)(2), (7).

**Answer:** Defendants admit that on or about October 21, 2015, Affiliate Defendants received a document titled "Notice of Termination" from the Texas Medicaid Program, issued by the Texas Health and Human Services Commission Office of Inspector General ("HHSC-OIG"). Defendants further admit that HHSC-OIG issued a document titled "Final Notice of Termination" to the Affiliate Defendants dated December 20, 2016.  Defendants further state that the third sentence of Paragraph 4 refers to and characterizes a document, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents and admit that the December 20, 2016 Final Notice of Termination advised the Affiliate Defendants of their ability to appeal the enrollment termination.  The fourth sentence alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 4. The fifth sentence of Paragraph 4 alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations. Defendants deny all remaining allegations in Paragraph 4.

5.      Rather than avail itself of its administrative remedies, Planned Parenthood brought suit in the United States District Court for the Western District of Texas against HHSC-OIG seeking, among other things, temporary, preliminary, and permanent injunctive relief enjoining the State from terminating or threatening to terminate Planned Parenthood's Medicaid provider agreements ("the federal court action").  *See Planned Parenthood of Greater Tex. Family Planning and Preventative Health Servs., Inc., et al. v. Traylor, et al.*, No. 1:15-cv-01058 (W.D. Tex. 2015). In January 2016, the district court issued a preliminary injunction against Texas, enjoining the State from terminating Planned Parenthood's Medicaid provider agreements. Texas appealed the district court's order, and in November 2020 the Fifth Circuit issued an *en banc* opinion reversing the district court and vacating the injunction. In December 2020 the Fifth Circuit mandate issued, effectively ending the federal court action.

**Answer:** Defendants state that Paragraph 5 refers to and characterizes public court documents, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the documents for a complete and accurate statement of their contents and admit that the Affiliate Defendants filed suit against the Executive Commissioner and Inspector General of Texas Health and Human Services Commission on November 23, 2015, in the Western District of Texas, No. 1:15-cv-01058, seeking, among other relief, to enjoin the defendants and their agents, employees, delegates or successors from terminating, or threatening to terminate the plaintiffs' Medicaid provider agreements.  Defendants further admit that, the Western District of Texas granted the plaintiffs' motion for a temporary restraining order on January 19, 2017 and issued a preliminary injunction enjoining the termination of the Affiliate Defendants' Medicaid provider agreements on February 21, 2017.  Defendants further admit that Texas appealed the entry of the preliminary injunction and, on November 23, 2020, the United

States Court of Appeals for the Fifth Circuit, sitting *en banc*, vacated the preliminary injunction, and the mandate issued on December 15, 2020. Defendants deny all remaining allegations in Paragraph 5.

6.      On December 15, 2020, the same day the Fifth Circuit's mandate issued vacating the preliminary injunction, Planned Parenthood sent a letter to Texas Medicaid requesting an administrative appeal of Texas's December 2016 decision to terminate its enrollment as a provider. Texas Medicaid denied Planned Parenthood's request as untimely. Planned Parenthood also sent a letter to Texas Medicaid requesting a 90-day grace period to transition its patients to other providers. On January 4, 2021, HHSC granted a 30-day grace period, through February 3, 2021.

**Answer:** Defendants state that Paragraph 6 refers to and characterizes documents, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the documents for a complete and accurate statement of their contents and admit that, by letter dated December 14, 2020, the Affiliate Defendants asked Texas Medicaid officials to reconsider the State's termination decision, or, in the alternative, to be granted a six-month grace period to maintain service for established Medicaid patients. Defendants further admit that, by letter dated January 4, 2021, HHSC denied the Affiliate Defendants' reconsideration request but granted the Affiliate Defendants a 30-day grace period from January 4, 2021 to February 3, 2021 to ensure that their current Medicaid clients receiving services from Affiliate Defendants could be transitioned to new providers. Defendants further admit that Affiliate Defendants filed an administrative appeal of Texas's Final Notice of Termination, which Texas denied as untimely. Defendants deny all remaining allegations in Paragraph 6.

7.      On the last day of the grace period, February 3, 2021, Planned Parenthood filed a Motion for Temporary Restraining Order and a request for mandamus relief in Travis County

6

District Court (the "State court action"). The State court issued a Temporary Restraining Order enjoining HHSC-OIG "from directly or indirectly terminating or otherwise interfering with Providers' participation in the Medicaid program." The Temporary Restraining Order was subsequently extended twice. On March 12, 2021, the State Court denied Planned Parenthood's Motion for Preliminary Injunction and dismissed its request for mandamus relief with prejudice. See Exh. 1, final order in In re Planned Parenthood, cause no. D-1-GN-21-000528, in the 261st District Court of Travis County, Texas. Planned Parenthood did not appeal the Order denying its Motion for Preliminary Injunction and dismissing its mandamus action.

**Answer:**   Defendants state that Paragraph 7 refers to and characterizes public court documents, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the documents for a complete and accurate statement of their contents and admit that, on February 3, 2021, the Affiliate Defendants filed a petition for writ of mandamus and an application for a temporary mandatory injunction in the Texas District Court of Travis County.  Defendants further admit that, on February 3, 2021, the state district court issued the temporary restraining order enjoining the Affiliate Defendants' termination until February 17, 2021, and then extended that order until March 10, 2021 following a historic winter storm in Austin delaying court proceedings.  Defendants further admit that, on March 12, 2021, the court issued a decision letter denying the Affiliate Defendants' request for mandamus relief and its application for a temporary injunction, which allowed the termination to become effective.  Defendants further admit that the Affiliate Defendants did not appeal that decision letter.  Defendants deny all remaining allegations in Paragraph 7.

8.    Planned Parenthood continued to submit requests for reimbursement by Texas Medicaid and continued to receive payments from Texas Medicaid during the pendency of the

federal court action and the State court action, on and between February 1, 2017, and March 12, 2021, when Planned Parenthood knew or should have known it was not a qualified Texas Medicaid provider by operation of Texas law.

    **Answer:**   Defendants admit that Affiliate Defendants continued to submit requests for reimbursement by Texas Medicaid, and continued to receive such reimbursement, during the pendency of the above-referenced litigation.   Defendants deny all remaining allegations in Paragraph 8.

    9.    Planned Parenthood received reimbursements in the amount of approximately $10 million for services delivered on and between February 1, 2017, through March 12, 2021. Planned Parenthood has not made any attempt to repay any of this money to Texas.

    **Answer:**   Defendants admit that Affiliate Defendants received reimbursements from Texas Medicaid for services delivered on and between February 1, 2017, through March 12, 2021. Defendants admit that because they have no legal obligation to make any repayments, Affiliate have accepted and not returned these reimbursements for services delivered.   Defendants deny all remaining allegations in Paragraph 9.

    10.    On February 5, 2021, Alex Doe ("Relator") filed this lawsuit under seal in the United States District Court for the Northern District of Texas, alleging Planned Parenthood committed violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* and the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. §§ 46:437.1 *et seq.*, as well as the TMFPA. Relator seeks remedies under all three statutes. With this complaint in intervention, Texas intervenes only as to the TMFPA allegations discussed herein.

    **Answer:**   Defendants state that Paragraph 10 refers and characterizes to public court documents, which speak for themselves; to the extent a response is required, Defendants

respectfully refer the Court to the documents for a complete and accurate statement of their contents and admit the allegations in Paragraph 10.

11.    Under the federal Medicaid Act, states use federal and state funds to reimburse healthcare providers' costs in providing medical care to certain categories of individuals. *See NFIB v. Sebelius*, 567 U.S. 519, 575 (2012). As a condition of participating in Medicaid, states must provide an administrative process for providers to challenge their exclusion or termination from the Medicaid program. 42 C.F.R. §§ 1002.210, 1002.213.

**Answer:**  Paragraph 11 alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants admit that the cited sources support the stated propositions.

12.    Accordingly, Section 32.034(a) of the Texas Human Resources Code requires "reasonable notice and an opportunity for hearing if one is requested" before a Medicaid contract is terminated. See also 1 Tex. Admin. Code § 371.1703(e) (setting out the requirements for a termination notice).

**Answer:**  Paragraph 12 alleges legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to statutory provisions, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the provisions for a complete and accurate statement of their contents and admit that Section 32.034(a) of the Texas Human Resources Code states, in part, that "[w]hen the commission intends to cancel its contract or impose monetary penalties under a contract with a person providing medical assistance, the commission shall give reasonable notice and an opportunity for hearing if one is requested," and further admit that Section 371.1703(e) of the Texas Administrative Code lists items included in a termination notice.

13.    A provider may request an administrative hearing upon receipt of a final notice of termination.  *Id.* § 371.1615(b)(2).  But the provider does not have unlimited time to act—the request for a hearing must be received within 15 days after the provider received its final notice:

> A person may request an administrative hearing after receipt of a final notice of termination in accordance with § 371.1615 of this subchapter (relating to Appeals) unless the termination is required under 42 C.F.R. § 455.416.  The OIG must receive the written request for a hearing no later than the 15 days after the date the person receives the notice.

*Id.* § 317.1703(f)(2).

**Answer:** Paragraph 13 alleges legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes statutory provisions, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the provisions for a complete and accurate statement of their contents and admit that Section 371.1615(b)(2) of the Texas Administrative Code states that "[a] request for an administrative hearing at HHSC Appeals Division on a Final Notice of Contract Cancellation, Final Notice of Exclusion, or Notice of Final Assessment of Administrative Penalties must be received in writing by the OIG no later than 15 days after the date the person is served the notice."  Defendants further admit that Section 371.1703(f)(2) of the Texas Administrative Code contains the quoted language.  Defendants deny all remaining allegations in Paragraph 13.

14.    If the provider does not timely request an administrative hearing, the termination becomes "final and unappealable."  *Id.* § 371.1615(c).  Specifically, the termination becomes "final" 30 calendar days after service of the final notice if no request for appeal has been timely received.  *Id.* § 371.1617(a)(1); *see also id.* § 371.1703(g)(8) ("Unless otherwise provided in this section, the termination becomes final as provided in § 371.1617(a) of this subchapter (relating to Finality and Collections.")).

**Answer:** Paragraph 14 alleges legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes statutory provisions, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the provisions for a complete and accurate statement of their contents and admit that Section 371.1615(c) of the Texas Administrative Code states that "[i]f a person who has been served notice of a final sanction or notice of a payment hold fails to timely request an administrative hearing, the sanction becomes final and unappealable."  Defendants admit that Section 371.1617(a)(1) states that "Unless otherwise provided in this subchapter, a sanction becomes final upon any of the following events: (1) expiration of 30 calendar days after service of the notice of final sanction if no request for appeal of imposition of the sanction is received by the OIG by the 30th calendar day after service . . . .".  Defendants admit that Section 371.1703(g)(8) contains the quoted language.  Defendants deny all remaining allegations in Paragraph 14.

15.     Accordingly, under Texas law, a Medicaid provider who receives a final notice that its contract will be terminated has 15 days from receipt of the Final Notice to request an administrative appeal.  Otherwise, the termination becomes final 30 days from receipt of the Final Notice.  1 Tex. Admin. Code § 371.1617(a)(1); *see also id.* § 371.1703(g)(8).

**Answer:** Paragraph 15 alleges legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes statutory provisions, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the provisions for a complete and accurate statement of their contents and admit that Section 371.1617(a)(1) states that "Unless otherwise provided in this subchapter, a sanction becomes final upon any of the following events: (1) expiration of 30 calendar days after service of the notice of final sanction if no request for appeal of imposition of the sanction is

received by the OIG by the 30th calendar day after service . . . ."  Defendants admit that Section 371.1703(g)(8) states that "Unless otherwise provided in this section, the termination becomes final as provided in § 371.1617(a) of this subchapter (relating to Finality and Collections)." Defendants deny all remaining allegations in Paragraph 15.

16.     A provider whose Medicaid credentials are terminated is no longer a "qualified" provider and is no longer eligible to seek or receive reimbursement from Medicaid.  1 Tex. Admin. Code § 371.1705(e)(5) ("If, after the effective date of an exclusion, an excluded person submits or causes to be submitted claims for services or items furnished within the period of exclusion, the person may be subject to civil monetary penalty liability").

**Answer:** Paragraph 16 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to a statutory provision, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the provision for a complete and accurate statement of its contents and admit that the cited provision contains the quoted language.  Defendants deny all remaining allegations in Paragraph 16.

17.     A provider who receives reimbursement from Texas Medicaid to which it is not entitled is obligated to remit the payments back to the State.  *See* Exh. 2 (Provider Agreement), § 1.3.7; Exh. 3 (excerpts from Texas Medicaid Provider Procedures Manual), § 1.10, p. 54; *see also* 1 Tex. Admin. Code § 371.1703 (failure to repay overpayments to the Medicaid program is grounds for termination of provider agreement); *id.* § 371.1655(4) (a provider who fails to repay an overpayment within 60 days is subject to administrative sanctions).

**Answer:** Paragraph 17 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes statutory provisions and documents, which speak for themselves; to the extent a response is required,

12

Defendants respectfully refer the Court to the provisions and documents for a complete and accurate statement of their contents and admit that Exhibit 2 to the Texas Complaint is a blank copy of a Medicaid Provider Agreement with Texas HHSC, and that Section 1.3.7 of that document states that "Provider has an affirmative duty to verify that payments received are for actual services rendered and medically necessary. Provider must refund any overpayments, duplicate payments and erroneous payments that are paid to Provider by Medicaid or a third party as soon as any such payment is discovered or reasonably should have been known."  Defendants admit that Exhibit 3 to the Texas Complaint is a copy of Texas's selected excerpts from the Texas Medicaid Provider Procedures Manual, January 2017, Volumes 1 & 2, and that Section 1.10 lists "Failing to repay or make arrangements that are satisfactory to the commission to repay identified overpayments or other erroneous payments or assessments identified by the commission or any Texas Medicaid or other HHS program operating agency" as a "ground[] or criteria for the Inspector General's administrative enforcement and/or referral for criminal, civil, or licensure or certification investigation and judicial action regarding program violations by any provider or person." Defendants admit that Section 371.1703(b)(7) states that "[w]hen the OIG establishes the following by prima facie evidence, the OIG must terminate or cancel the enrollment or contract from the Medicaid program or any other HHS program of: . . . a person that fails to repay overpayments under the Medicaid program or CHIP."  Defendants admit that Section 371.1655(4) states that "[a] person is subject to administrative actions or sanctions if the person: . . . fails to repay overpayments within 60 calendar days of self-identifying or discovering an overpayment that was made to the person by the Medicaid, CHIP or other HHS program."  Defendants deny all remaining allegations in Paragraph 17.

18.     The Plaintiffs are the State of Texas, by and through the Attorney General of Texas, Ken Paxton, ("the State") and relator Alex Doe (collectively, "Plaintiffs").  As intervenor on the TMFPA allegations, Texas is lead plaintiff as to the claims asserted under Texas law.  Tex. Hum. Res. Code § 36.107(a).  The United States and Louisiana have declined intervention; therefore, Relator stands in the shoes of the sovereigns as to federal law and Louisiana law.

**Answer:** Defendants admit that the Plaintiffs in this action are the State of Texas and Relator and that the United States and State of Louisiana have declined intervention in this action. The second and third sentences of Paragraph 18 contain legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes a statutory provision, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the provision for a complete and accurate statement of its contents and admit that Section 36.107(a) of the Texas Human Resources Code states that: "If the state proceeds with the action, the state has the primary responsibility for prosecuting the action and is not bound by an act of the person bringing the action. The person bringing the action has the right to continue as a party to the action, subject to the limitations set forth by this section."  Defendants deny all remaining allegations in Paragraph 18.

19.     Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., are a system of affiliated entities operating as and collectively referred to herein as "Planned Parenthood" or "Defendants." Planned Parenthood provides women's health services and abortion services at clinics in the State of Texas and the State of Louisiana, including Medicaid services that are the subject of this action.

**Answer:** Defendants admit that the Affiliate Defendants are affiliates of Planned Parenthood Federation of America, Inc. ("PPFA"), a federation-style organization that licenses the Planned Parenthood name and mark to other, separate not-for-profit organizations that satisfy certain licensing criteria. Defendants further admit that the Affiliate Defendants provide women's health services in the State of Texas and the State of Louisiana, including Medicaid services in Texas until March 2021 and, for Planned Parenthood Gulf Coast, in Louisiana, Defendants deny all remaining allegations in Paragraph 19.

20. Defendant Planned Parenthood Federation of America, Inc. ("PPFA") is a New York corporation that has over 50 affiliate organizations that provide health care services and abortion services in every State, including the other Defendants in this case. PPFA provides significant monetary support to these affiliates as well as other types of support and control, such as directives, marketing, communications, requirements, standards, policies, and accreditation for affiliates providing medical care, insurance coverage, legal counsel and representation, and direct support for the provision of healthcare services.

**Answer:** Defendants admit that Planned Parenthood Federation of America, Inc. is a non-profit corporation organized under the laws of New York and exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, which has 49 affiliates—including Defendants Planned Parenthood Gulf Coast, Planned Parenthood of Greater Texas, and Planned Parenthood of South Texas—that operate health centers across the nation serving approximately 2.4 million patients each year and providing vital reproductive and women's health services. Defendants further state that, in order to use the Planned Parenthood name and mark, affiliates must satisfy certain criteria established by PPFA. Defendants deny all remaining allegations in Paragraph 20.

15

21.     PPFA maintains its executive and corporate administrative offices at 123 Williams Street, Tenth Floor, New York City, New York.

**Answer:** Defendants admit the allegations in Paragraph 21.

22.     Defendant Planned Parenthood Gulf Coast ("PPGC") maintains its executive and corporate administrative offices at 4600 Gulf Freeway, Houston, Texas, and provides medical services at multiple clinics, including the following: (1) Fannin Clinic in Houston, Texas; (2) Greenbriar Clinic in Stafford, Texas; (3) 1960 Clinic in Houston, Texas; (4) Southwest Clinic in Houston, Texas; (5) Greenspoint Clinic in Houston, Texas; (6) Dickinson Clinic in Dickinson, Texas; (7) Rosenberg Clinic in Rosenberg, Texas; (8) Prevention Park clinic; (9) Northwest clinic; (10) Spring clinic; (11) Northville clinic; (12) Southwest clinic; (13) Stafford clinic; (14) Baton Rouge Clinic in Baton Rouge, Louisiana; and (15) New Orleans Clinic in New Orleans, Louisiana.

**Answer:** Defendants admit that Planned Parenthood Gulf Coast maintains its executive and corporate administrative offices at 4600 Gulf Freeway, Houston, Texas, and provides medical services at the following locations: Baton Rouge Health Center 3825 Government Street Baton Rouge, LA 70806; New Orleans Health Center 4636 S. Claiborne Avenue New Orleans, LA; Northville Health Center 9919 North Freeway, Suite 107 Houston, TX  77037; Northwest Health Center 13169 Northwest Freeway, Ste 115 Houston TX 77040-6326; Prevention Park Health Center 4600 Gulf Freeway, Ste. 100 Houston, TX 77023-3548; Southwest Health Center 5800 Bellaire Blvd. Bldg. 1b, Ste. 120 Houston, TX  77081-5537; Spring Health Center 4747 Louetta Road Spring, TX 77388; and Stafford Health Center 12614 Southwest Freeway, Ste. A Stafford, TX 77477.  Defendants deny all remaining allegations in Paragraph 22.

23.     Defendant Planned Parenthood of Greater Texas, Inc. ("PPGT") is a Texas corporation and an affiliate of PPFA that provides women's health services and abortion services

at clinics in the State of Texas.  PPGT and its clinics are recipients of federal funds provided through Texas.

**Answer:** Defendants admit that Planned Parenthood of Greater Texas, Inc. is an affiliate of PPFA, incorporated in Texas, that provides vital reproductive and women's health services in the State of Texas.  Defendants admit that Planned Parenthood of Greater Texas has received federal funds through Texas programs.  Defendants deny the remaining allegations in Paragraph 23.

24.    PPGT maintains its executive and corporate administrative offices at 7424 Greenville Avenue, Dallas, Texas, and provides medical services at the following clinics: (1) Addison Health Center in Addison, Texas; (2) Arlington Health Center in Arlington, Texas; (3) Bedford Health Center in Bedford, Texas; (4) Cedar Hill Health Center in Cedar Hill, Texas; (5) North Dallas Shelburne Health Center in Dallas, Texas; (6) South Dallas Surgical Health Services Center in Dallas, Texas; (7) Lubbock Health Center in Lubbock, Texas; (8) Southeast Fort Worth Health Center in Fort Worth, Texas; (9) Southwest Fort Worth health Center in Fort Worth, Texas; (10) Southwest Fort Worth Surgical Health Services Center in Fort Worth, Texas; (11) Mesquite Health Center in Mesquite, Texas; and (12) Plano Health Center in Plano, Texas.

**Answer:** Defendants admit that Planned Parenthood of Greater Texas, Inc. maintains administrative offices at 201 E. Ben White Blvd, Austin, Texas 78704; 7424 Greenville Avenue, Suite 206, Dallas, Texas 75231; 700 West Highway 6, Waco, Texas 76712; 6464 John Ryan Drive, Fort Worth, Texas 76132; and 3716 22nd Pl, Lubbock, Texas 79410.   Defendants admit that Planned Parenthood of Greater Texas, Inc. provides medical services at the following locations: Addison Health Center in Addison, Texas; Arlington Health Center in Arlington, Texas; Bedford Health Center in Bedford, Texas; Cedar Hill Health Center in Cedar Hill, Texas; Central Austin

17

Health Center in Austin, Texas; Denton Health Center in Denton, Texas; Downtown Austin Health Center in Austin, Texas; El Paso Health Center in El Paso, Texas; Lubbock Health Center in Lubbock, Texas; Mesquite Health Center in Mesquite, Texas; North Austin Health Center in Austin, Texas; North Dallas Shelburne Health Center in Dallas, Texas; Paris Health Center in Paris, Texas; Plano Health Center in Plano, Texas; South Austin Health Center in Austin, Texas; Southeast Fort Worth Health Center in Fort Worth, Texas; Southwest Fort Worth Health Center in Fort Worth, Texas; Tyler Health Center in Tyler, Texas; Virtual Health Center in Dallas, Texas; and Waco Health Center in Waco, Texas.  Defendants deny all remaining allegations in Paragraph 24.

25.     Defendant Planned Parenthood of South Texas, Inc. is a Texas corporation and affiliate of PPFA that is a parent corporation of three other corporations, Defendant Planned Parenthood of Cameron County, Defendant Planned Parenthood of San Antonio (hereinafter referred to collectively as "PPST"), and Planned Parenthood South Texas Surgical Center, which provides women's health services and abortion services at clinics in the State of Texas.  PPST and its clinics are recipients of federal funds provided through Texas.

**Answer:** Defendants admit that Planned Parenthood of South Texas, Inc. is an affiliate of PPFA, incorporated in Texas, that provides vital reproductive and women's health services in the State of Texas.  Defendants admit that Planned Parenthood of South Texas, Inc. is a parent corporation of Planned Parenthood of Cameron County, Defendant Planned Parenthood of San Antonio, and Planned Parenthood South Texas Surgical Center, which are not affiliates of PPFA. Defendants admit that Planned Parenthood of South Texas has received federal funds through Texas programs.  Defendants deny the remaining allegations in Paragraph 25.

18

26.     PPST maintains its executive and corporate administrative offices at 2140 Babcock Road, San Antonio, Texas and provides medical services at the following clinics: Planned Parenthood-Harlingen in Harlingen, Texas; Planned Parenthood-Southeast in San Antonio, Texas; Planned Parenthood-San Pedro in San Antonio, Texas; Planned Parenthood-Northeast in San Antonio, Texas; Planned Parenthood-Marbach in San Antonio, Texas; Planned Parenthood-South Texas Medical Center in San Antonio, Texas; and Planned Parenthood-Brownsville in Brownsville, Texas.

**Answer:** Defendants admit the allegations in Paragraph 26.

27.     This Court has jurisdiction over this action pursuant to Tex. Hum. Res. Code § 36.101 to recover civil remedies, and costs of suit, including reasonable attorneys' fees and expenses.  This Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367.

**Answer:** Paragraph 28 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny that this Court has jurisdiction over Texas's claims in this matter.

28.     The state and federal governments fund health care for the poor and mentally ill through public health assistance programs.  The Medical Assistance Program in Texas, commonly referred to as Texas Medicaid, was created to provide medical assistance for low-income individuals and families in Texas.  *See generally* Tex. Gov't Code ch. 531.

**Answer:** Defendants admit the allegations in the first sentence of Paragraph 28.  The second sentence of Paragraph 28 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to a chapter of the Texas Government Code, which speaks for itself; to the extent a response is required, Defendants respectfully refer

the Court to the chapter for a complete and accurate statement of its contents and admit the allegations in Paragraph 28.

29.     The Texas Medicaid program is a system that provides medical products and services to qualified recipients.  The program is funded jointly by the State of Texas and the federal government.  The Texas Health and Human Services Commission ("HHSC") administers the Texas Medicaid program and has authority to promulgate rules and other methods of administration governing the program.  *See, e.g.*, Tex. Gov't Code § 531.021.

**Answer:** Paragraph 29 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to a chapter of the Texas Government Code, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the chapter for a complete and accurate statement of its contents and admit the allegations in Paragraph 29.

30.     Healthcare providers such as pharmacies and physicians may elect to participate in the Texas Medicaid program.  To become a Texas Medicaid Provider, a healthcare provider must submit a Provider Enrollment Application and enter into a Medicaid Provider Agreement with HHSC ("Provider Agreement").  *See, e.g.*, Exh. 2.

**Answer:** Paragraph 30 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to a document, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents and admit the allegations in the first and second sentence of Paragraph 30 and admit that Exhibit 2 to the Texas Complaint is a blank copy of a Medicaid Provider Agreement with Texas HHSC.

31.     As a condition for participating in Texas Medicaid, a provider must represent to Texas Medicaid that they will comply with the requirements of the Texas Medicaid Provider Procedures Manual ("Provider Manual").  Providers must further acknowledge their duties to be familiar with the Provider Manual and to ensure that employees acting on behalf of the providers also comply with the requirements set forth in the Provider Manual.  *See, e.g.*, Exh. 3.

**Answer:** Paragraph 31 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes documents, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the documents for a complete and accurate statement of their contents and admit that the blank Provider Agreement attached to the Texas Complaint at Exhibit 2 states, in part, that "Provider agrees to comply with all of the requirements of the Provider Manual, as well as all state and federal laws governing or regulating Medicaid, and provider further acknowledges and agrees that the provider is responsible for ensuring that all employees and agents of the provider also comply." Defendants admit that Exhibit 3 to the Texas Complaint is a copy of Texas's selected excerpts from the Texas Medicaid Provider Procedures Manual, January 2017, Volumes 1 & 2.  Defendants deny all remaining allegations in Paragraph 31.

32.     Providers further agree under the Provider Agreement that they will comply with applicable state and federal laws governing and regulating Medicaid, and all state and federal laws and regulations related to waste, abuse, and fraud.

**Answer:** Paragraph 32 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes a document, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents and admit that the blank

Provider Agreement attached to the Texas Complaint at Exhibit 2 states, in part, that "Provider agrees to comply with . . . all state and federal laws governing or regulating Medicaid" and "Provider is specifically responsible for ensuring that the provider and all employees and agents of the Provider comply with the requirements of Title 1, Part 15, Chapter 371 of the Texas Administrative Code, related to waste, abuse and fraud." Defendants deny all remaining allegations in Paragraph 32.

33.     When approving a healthcare provider to become a Texas Medicaid Provider, Texas Medicaid must rely upon the representations of the provider that he or she will comply with the terms and conditions of the Provider Agreement and the Provider Manual. Accordingly, Texas Medicaid Providers have an on-going duty to Texas Medicaid to comply with these terms and conditions and comply with state and federal laws when providing medical services and treatment to Texas Medicaid patients.

**Answer:** Paragraph 33 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 33 on the basis that Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. Defendants deny all remaining allegations in Paragraph 33.

34.     Plaintiffs re-allege and reincorporate by reference as set forth herein the allegations contained in Paragraphs 1 through 33 of this Complaint.

**Answer:** Defendants repeat and incorporate their answers to Paragraphs 1 to 33 as if set forth in full.

35.     A person commits an unlawful act as defined under the Texas Medicaid Fraud Prevention Act, if the person:

Knowingly makes, uses, or causes the making or use of a false record or statement material to an obligation to pay or transmit money or property to this state under

22

the Medicaid program, or knowingly conceals **or knowingly and improperly avoids** or decreases **an obligation to pay or transmit money** or property **to this state under the Medicaid program**.

Tex. Hum. Res. Code § 36.002(12) (emphasis added).

Hereinafter, references to conduct as constituting "unlawful acts" mean that the conduct being described was done by Defendants at times when one or more of the statutory provisions set forth in this Paragraph applied and was done in ways and through means that satisfy all the required elements of at least one applicable statutory provision.

**Answer:** Paragraph 35 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to and characterizes a statutory provision, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the provision for a complete and accurate statement of its contents and admit that the cited provision contains the quoted language.  Defendants deny all remaining allegations in Paragraph 35.

36.     Plaintiffs re-allege and reincorporate by reference as set forth herein the allegations contained in Paragraphs 1 through 35 of this Complaint.

**Answer:** Defendants repeat and incorporate their answers to Paragraphs 1 to 35 as if set forth in full.

37.     On March 12, 2021, the Hon. Lora J. Livingston of the 261st District Court of Travis County, Texas issued a final order dismissing Planned Parenthood's claims for injunctive and mandamus relief in the State court action.  *See* Exh. 1. Planned Parenthood did not appeal Judge Livingston's decision.  Therefore, as of March 12, 2021, the question whether Planned Parenthood had any legal remedy to appeal from the State's termination decision was resolved fully and finally as a matter of law.  Indeed, by operation of law, Planned Parenthood was effectively terminated from Texas Medicaid, at the latest, by February 1, 2017, by which date it

23

had failed to exhaust its administrative remedies.  Consequently, Planned Parenthood was not entitled to retain reimbursements from Texas Medicaid for services delivered on or after February 1, 2017.  Planned Parenthood was obligated to repay to Texas Medicaid dollars that it received in reimbursements to which it was not entitled.  *See* 1 Tex. Admin. Code §§ 371.1655(4); 371.1703; 371.1705(e)(5); *see also* Exh. 2; Exh. 3.

**Answer:**  Defendants state that the first sentence of Paragraph 37 refers to and characterizes a public court document, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents and admit that on March 12, 2021, the District Court of Travis County Texas issued an order denying the Affiliate Defendants' request for mandamus relief and its application for a temporary injunction.  Defendants admit that Exhibit 1 to the Texas Complaint is a copy of that decision.  Defendants admit that the Affiliate Defendants did not appeal that decision.  The remaining allegations in Paragraph 37 contain legal conclusions or assertions to which no response is required.  Defendants further state that these allegations refer to and characterize statutory provisions and documents, which speak for themselves; to the extent a response is required, Defendants respectfully refer the Court to the provisions and documents for a complete and accurate statement of their contents and admit that Section 371.1655(4) of the Texas Administrative Code states that ""[a] person is subject to administrative actions or sanctions if the person: . . . fails to repay overpayments within 60 calendar days of self-identifying or discovering an overpayment that was made to the person by the Medicaid, CHIP or other HHS program." Defendants admit that Section 371.1703 contains provisions related to "Termination of Enrollment or Cancellation of Contract."  Defendants admit that Section 371.1705(e)(5) states that "[i]f, after the effective date of an exclusion, an excluded person submits or causes to be submitted claims for

services or items furnished within the period of exclusion, the person may be subject to civil monetary penalty liability."  Defendants admit that Exhibit 2 to the Texas Complaint is a blank copy of a Medicaid Provider Agreement with Texas HHSC and that Exhibit 3 to the Texas Complaint is a copy of Texas's selected excerpts from the Texas Medicaid Provider Procedures Manual, January 2017, Volumes 1 & 2.  Defendants deny all remaining allegations in Paragraph 37.

38.     Planned Parenthood has received approximately $10 million in reimbursements from Texas Medicaid for services delivered after February 1, 2017, and before March 12, 2021.

**Answer:** Defendants admit that Affiliate Defendants received reimbursements from Texas Medicaid for services delivered on and between February 1, 2017, through March 12, 2021. Defendants deny all remaining allegations in Paragraph 38.

39.     Under the TMFPA a person commits an unlawful act if the person "knowingly and improperly avoids an obligation to pay or transmit money . . . to [this] State under the Medicaid program." Tex. Hum. Res. Code § 36.002(12).

**Answer:** Paragraph 39 contains legal conclusions or assertions to which no response is required.  Defendants further state that this paragraph refers to a statutory provision, which speaks for itself; to the extent a response is required, Defendants respectfully refer the Court to the provision for a complete and accurate statement of its contents and admit that Section 36.002(12) of the Texas Human Resources Code states, in part, that "[a] person commits an unlawful act if the person: . . . knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to this state under the Medicaid program."

40.     Planned Parenthood has not paid any of the $10 million back to Texas Medicaid. Planned Parenthood was obligated to repay the overpayment within 60 calendar days of identifying

it.  1 Tex. Admin. Code § 371.1655(4).  Planned Parenthood identified, or should have identified, the overpayment on March 12, 2021, the date of Judge Livingston's final order.  Exh. 1.  Planned Parenthood should have repaid Texas Medicaid on or before May 12, 2021.  It has not done so.  Accordingly, Planned Parenthood knowingly avoided its obligation to pay money to the State and has committed an unlawful act under the TMFPA.  *See* Tex. Hum. Res. Code § 36.002(12).

**Answer:** Paragraph 40 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny all allegations in Paragraph 40 except that they admit that the Affiliate Defendants have accepted and not returned the reimbursements they received from Texas Medicaid for services delivered on and between February 1, 2017, through March 12, 2021.

41.     Each day since May 12, 2021, that Planned Parenthood has avoided its obligation to repay the Texas Medicaid is a separate unlawful act under the TMFPA.  Planned Parenthood's unlawful acts under section 36.002(12) began on May 12, 2021 and are continuing on each subsequent day until this obligation is satisfied.  Each day Planned Parenthood fails to repay this money to Texas Medicaid, it incurs an additional civil penalty.  *See*, *e.g.*, *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223 (1975); *see also State v. City of Greenville*, 726 S.W.2d 162 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

**Answer:** Paragraph 41 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     Under the TMFPA, a defendant who commits an unlawful act is liable to the State of Texas for civil remedies for each unlawful act, in some instances, without regard to whether that violation resulted in "any loss to the Medicaid program." *In re Xerox Corp.*, 555 S.W.3d 518, 533 (Tex. 2018) (citing Tex. Hum. Res. Code § 36.052(a)(1)).

**Answer:** Paragraph 42 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants admit that the cited source supports the stated proposition.  Defendants deny all remaining allegations in Paragraph 42.

43.    Defendants are liable to Texas for the amount paid by Texas Medicaid to Planned Parenthood directly or indirectly as a result of each unlawful act committed by Planned Parenthood.  Tex. Hum. Res. Code § 36.052(a)(1).

**Answer:** Paragraph 43 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.    Defendants are liable to Texas for interest on the amount paid by Texas Medicaid to Planned Parenthood directly or indirectly as a result of each unlawful act committed by Planned Parenthood.  Tex. Hum. Res. Code § 36.052(a)(2).  Interest is due at the prejudgment interest rate from the date of the payment by Medicaid resulting from the unlawful act until the State recovers the amount of the payment from Defendants.  *Id.*

**Answer:** Paragraph 44 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.    Defendants are liable to Texas for civil penalties for each unlawful act found by the trier of fact, in an amount not less than $5,500 per unlawful act and not more than $11,000 (or the maximum amount provided by 31 U.S.C. § 3729(a)) per unlawful act.  Tex. Hum. Res. Code § 36.052(a)(3)(B).

**Answer:** Paragraph 45 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.    Defendants are liable to Texas for two times the amount described in section 36.052(a)(1).  Tex. Hum. Res. Code § 36.052(a)(4).

**Answer:** Paragraph 46 contains legal conclusions or assertions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     Plaintiffs respectfully request a trial by jury on all claims pursuant to Federal Rule of Civil Procedure 38.

**Answer:** Defendants admit that Plaintiff demands a jury trial.

48.     The State of Texas asks that judgment be entered upon trial of this case in favor of the State and Relator against Defendants to the maximum extent allowed by law.

**Answer:** Defendants deny that Plaintiff is entitled to the relief requested in its Prayer for Relief, or to any other relief.

285.     The State of Texas asks that it recover from Defendants under the TMFPA:

A.     the amount of any payment or the value of any monetary or in-kind benefit provided under the Medicaid program, directly or indirectly, as a result of the unlawful acts, including any payment made to a third party;

B.     two times the amount of the payment or the value of the benefit described above;

C.     civil penalties in an amount not less than $5,500 or more than $11,000 (or the maximum amount provided by 31 U.S.C. § 3729(a)) for each unlawful act committed by Defendants;

D.     interest on the amount of the payment or the value of the benefit described in subsection (A) above at the prejudgment interest rate in effect on the day the payment or benefit was received or paid, for the period from the date the benefit was received or paid to the date that the state recovers the amount of the payment or value of the benefit;

E.     expenses, costs, and attorneys' fees; and

F.     post-judgment interest at the legal rate.

**Answer:** Defendants deny that Plaintiff is entitled to the relief requested in its Prayer for Relief, or to any other relief.

286.     Plaintiffs seek monetary relief in excess of $1,000,000.

**Answer:** Defendants deny that Plaintiff is entitled to the relief requested in its Prayer for Relief, or to any other relief.

287.    The Relator asks that he be awarded:

A.    expenses, costs and attorneys' fees;

B.    Relator's share as provided by the TMFPA; and

C.    Such other and further relief to which Relator may show himself entitled, either at law or in equity.

**Answer:** Defendants deny that Relator is entitled to the relief requested or any other relief

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.    For the reasons stated in Defendants' memorandum in support of their motion to dismiss the Texas Complaint [Dkt. 51], the Texas Complaint fails to state a claim upon which relief can be granted and fails to plead its allegations with particularity.

2.    The prayer for relief seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

3.    Texas's claim against Defendants is barred, in whole or in part, by judicial estoppel.

4.    Defendants hereby give notice that they may rely upon other applicable affirmative defenses of which they become aware during discovery in this case and hereby reserve the right to amend this Answer to assert any such defenses.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

WHEREFORE, having fully answered the Texas Complaint, Defendants pray that the claims set forth therein be dismissed in total, that this Court award Defendants their costs and

attorneys' fees incurred in defending the claims in the Texas Complaint and that this Court grant such further relief as its deems just and proper.

Dated: May 20, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By   _/s/ Craig D. Margolis_____
     Craig D. Margolis
     Craig.Margolis@arnoldporter.com
     Murad Hussain
     Murad.Hussain@arnoldporter.com
     Tirzah Lollar
     Tirzah.Lollar@arnoldporter.com
     601 Massachusetts Ave, NW
     Washington, DC 20001-3743
     Telephone: +1 202.942.6127
     Fax: +1 202.942.5999

     Christopher M. Odell
     Texas State Bar No. 24037205
     Christopher.Odell@arnoldporter.com
     700 Louisiana Street, Suite 4000
     Houston, TX 77002-2755
     Telephone: +1 713.576.2400
     Fax: +1 713.576.2499

     Ryan Patrick Brown
     Texas State Bar No. 24073967
     brown@blackburnbrownlaw.com
     1222 S. Fillmore
     Amarillo, TX 79101
     Tel: (806) 371-8333
     Fax: (806) 350-7716

     _Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Craig D. Margolis*
Craig D. Margolis