IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br> <br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br> <br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br> <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

Relator Alex Doe and the State of Texas respectfully moves this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to enter the proposed protective order attached hereto as Exhibit 1. In support thereof, Relator and Texas state as follows:

1

The parties have been conferring in good faith about the terms of a protective order and have been able to come to an agreement about significant portions of a proposed order. The parties have reached an impasse regarding some terms, however.[1] Relator and Texas believe that the terms proposed by Defendants are overbroad, unnecessary, and inappropriately hinder the free exchange of information, especially in light of the expeditious schedule the Court entered (and the parties agreed to). Counsel for Defendants stated yesterday, June 22, 2022, that Defendants will not comply with discovery deadlines and produce any documents they deem confidential until a protective order is entered. Given that Defendants' first production is due on June 27, 2022—in four days—Relator and Texas believe that the Court's intervention is warranted at this time.

The dispute between the parties mainly centers on three areas: (1) the treatment of information Planned Parenthood deems confidential health information, but which goes beyond the scope of protected information under the Health Insurance Portability and Accountability Act (HIPAA); (2) Planned Parenthood's desire to both designate confidential or Attorney Eyes Only *and* redact before producing information they deem confidential or personal; and (3) Planned Parenthood's desire to allow up to fourteen days for a party to file a motion to preserve the confidentiality designation of documents after the end of the meet-and-confer process, instead of

---

[1] Before filing, Defendants' counsel stated that they believed they may have "some room" on "some" of the issues and requested that Relator and Texas wait longer to file this motion. But because Defendants' production is due in a few days, Relator and Texas felt that the motion needed to be filed. Relator and Texas are of course willing to continue conferring with Defendants and will inform the Court if any agreement is reached on the issues outlined here.

2

fourteen days after the written objection to the designation. Each area will be addressed in turn.

1. **Health Information**

Planned Parenthood proposed creating a third category of confidentiality designation to apply to "Confidential Health Information," which is defined very broadly:

> [T]he "Confidential Health Information" designation means any document or information supplied in any form, including via testimony from any person, or any portion thereof, which identifies an individual or subscriber in any manner and that: (i) related to the past, present, or future case, services, or supplies relating to the physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and; (ii) either reveals the identity of the specific individual or could reasonably be used to reveal the identity of the specific individual. Confidential Health Information specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R § 160.103 ("protected health information" and "individually identifiable health information"). "Confidential Health Information" includes, but is not limited to, health care information in a personnel file, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information of a specific individual, [. . .]

Relator and Texas agree that any documents containing protected health information as defined by HIPAA may be designated as "Confidential Information." *See* Ex. 1 at 2. Relator and Texas are sensitive to the fact that Defendants are healthcare providers and have in fact tailored their discovery requests to exclude

3

patient charts. *See, e.g.,* Ex. 2 at 8, 9 (Relator's First Set of Document Requests). But Relator and Texas believe that Planned Parenthood's proposal would lead to over-designation of discovery information as confidential. Relator and Texas also believe that it is unnecessary and cumbersome given that the parties already agreed to permit HIPAA information to be protected with a "Confidential Information" designation, which should be sufficient to prevent any patient identifying information from being disclosed.

### 2. Redaction of Personal Information

Planned Parenthood wants to be able to designate documents containing the personal information of its employees as Attorney Eyes Only *and* redact information it deems confidential. For example, the Planned Parenthood proposal defines Attorneys Eyes Only as:

> the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information *and Planned Parenthood Personal Identification Information ("PP Personal Identification Information"), defined broadly to include: (1) names of Planned Parenthood staff; (2) social security numbers of Planned Parenthood staff; (3) taxpayer-identification numbers of Planned Parenthood; (4) any financial account information of Planned Parenthood and/or its staff; (5) birthdates of Planned Parenthood staff; (6) direct phone numbers of Planned Parenthood staff; (7) drivers' license numbers of Planned Parenthood staff; (8) addresses of Planned Parenthood staff; and (9) email addresses of Planned Parenthood staff.*

(disputed language italicized).

Defendants want to also redact this information before production and instead use pseudonyms to refer to Planned Parenthood staff members:

4

>Redacting Confidential Information.
>
>6.   Notwithstanding Paragraph 2 above, Defendants may redact from all Disclosure and Discovery material they produce information protected from disclosure under state or federal law and PP Personal Identification Information.  Any such redactions will be done in such a way that Planned Parenthood staff whose names have been redacted will be anonymously identified in a consistent, recognizable manner (e.g., DOE #1, DOE #2, etc.).  Defendants shall not redact the names of members of Planned Parenthood Federation of America's executive team, officers, directors, spokespersons, or other publicly identified staff.  The same is true for publicly identified executives, directors, officers, and spokespersons of the other Defendant affiliates.  Defendants will disclose to Plaintiff's Counsel, subject to the terms of the Protective Order, the identity of any witnesses (a) whose names have been redacted in accordance with this paragraph, and (b) who have been noticed for deposition, identified in any party's Initial Disclosures, or whose names either Plaintiff requests and is able to provide a good faith basis supporting their need to identify the individuals.

Defendants state that their reasons for this are concerns over the safety and privacy of Planned Parenthood employees. Relator and Texas believe that pre-production redaction, especially of highly relevant information like staff names that could lead to identification of witnesses and further sources of information, will inappropriately hinder the exchange of information between the parties as required by the Federal Rules. The use of pseudonyms would be extremely cumbersome and would hinder the parties' expeditious litigation of this matter. Further, Defendants' proposal would only allow counsel for Relator and Texas to receive the true names of these individuals only if counsel notices them for a deposition or provides a "good faith basis supporting their need to identify the individuals," as adjudged by Defendants. If inadvertent disclosure is Defendants' concern, pre-production

redaction is also redundant and unnecessary if the documents are designated Attorney Eyes Only.

As a compromise, and to attempt to address Defendants' stated concerns, Relator and Texas proposed eliminating the pre-production redaction language and proposed the following language, which would also allow for protection of the personal information of Relator and State employees through designation as Attorney Eyes Only Information:

> the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information *and Personal Identification Information, which includes: (1) social security numbers of Relator, Planned Parenthood staff, or State Employees; (2) any financial account numbers of Relator, Planned Parenthood and/or its staff, and the State and/or its employees; (3) birthdates of Relator, Planned Parenthood staff, or State Employees; (4) drivers' license numbers of Relator, Planned Parenthood staff, or State Employees; (5) home addresses of Relator, Planned Parenthood staff, or State Employees; and (6) personal email addresses of Relator, Planned Parenthood staff, or State Employees.*

(disputed language italicized).

### 3. Deadline to File Motion to Preserve Challenged Designation

Defendants proposed allowing fourteen days for a designating party to file a motion to preserve a challenged designation after the *conclusion* of the meet-and-confer process:

> A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with LR 7.1(a). *If the parties are unable to reach an agreement through the meet and confer process,*

> *the producing party shall be required to move the court for an order preserving the designated status of the disputed information within fourteen (14) days of the conclusion of the meet and confer process (which conclusion shall be as documented in writing). Failure to file a motion with the Court within fourteen (14) days of the conclusion of the meet and confer process, or such other time as the parties may agree in writing, shall terminate any restrictions and nullify any designation of "Confidential" or "Confidential Attorney Eyes Only" on the use of such information.*

(disputed language italicized).

Relator and Texas also wish to engage in the meet-and-confer process to avoid unnecessarily involving the Court in disputes between the parties, but also believe that the timeline suggested by Defendants is too long in light of the schedule and will hinder the efficient progress of the case according to the deadlines set by the Court and agreed to by the parties. Relator and Texas proposed the following instead:

> A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with LR 7.1(a). *If the parties are unable to reach an agreement through the meet and confer process, the producing party shall be required to move the court for an order preserving the designated status of the disputed information. Failure to file a motion with the Court within fourteen (14) days of the written objection shall terminate any restrictions and nullify any designation of "Confidential" or "Confidential Attorney Eyes Only" on the use of such information.*

(disputed language italicized).

Relator and Texas believe that this appropriately balances respect for the meet-and-confer process while also requiring the parties to move expeditiously to both confer and address preservation of a challenged designation.

7

## CONCLUSION

The Court should enter the proposed Protective Order attached hereto as Exhibit 1.

Respectfully submitted.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
Texas Bar No. 24103325
heather@hackerstephens.com
ANDREW B. STEPHENS
Texas Bar No. 24079396
andrew@hackerstephens.com
HACKER STEPHENS LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)

Attorneys for Relator Alex Doe
KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

*/s/* Raymond Charles Winter
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950
Raymond.Winter@oag.texas.gov
AMY S. HILTON
Assistant Attorney General
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

Office of the Attorney General

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

Attorneys for State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
