IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| PLANNED PARENTHOOD FEDERATION | § |
| OF AMERICA, INC., *et al.*, | § |
| | § |
| Defendants. | § |

2:21-CV-022-Z

**ORDER**

Before the Court is Relator Alex Doe's and Plaintiff State of Texas's ("Plaintiffs") Motion for Entry of Protective Order ("Motion") (ECF No. 101), filed on June 23, 2022. The Court **ORDERS** Defendants to respond to the Motion **on or before 5:00 p.m. (CDT) on Monday, June 27, 2022,** as follows:

First, the Court **ORDERS** Defendants to expressly identify what non-*patient* "individual" or "subscriber" information should be protected with a "Confidential Information" designation to prevent disclosure of "individually identifiable health information" or "protected health information" as defined in 45 C.F.R. § 160.103.

Second, the Court **ORDERS** Defendants to explain *why* Plaintiffs' proposed definition of "Confidential Attorney Eyes Only" set forth on Page 6 of Document 101 does not adequately ameliorate the stated "safety and privacy" concerns — including disclosure of "personal information" — which apply with equal force to personnel affiliated with Defendants or Plaintiffs.

Third, the Court **ORDERS** Defendants to explain *why* the Northern District of Texas Local Rule 7.1(a) conference must conclude before triggering the fourteen (14) day deadline between the (1) written objection and (2) motion to the Court.

Fourth, the Court **ORDERS** Defendants to (1) review the Proposed Protective Order attached as Exhibit 1 (ECF No. 101-1) to the Motion ("PPO"), and (2) submit a red-lined version of the PPO reflecting Defendants' proposed inserts, edits, revisions, amendments, or modifications to same.

Fifth, relevant to the scope of the Health Insurance Portability and Accountability Act ("HIPAA"), the Court **ORDERS** Defendants to affirm or deny that the Court may order production of non-redacted "individually identifiable health information" or "protected health information" pursuant to 45 C.F.R. § 160.103 and 45 C.F.R. § 164.512. *See, e.g., United States v. Zamora*, 408 F. Supp. 2d 295, 297 (S.D. Tex. 2006) ("There are several instances where disclosure is permitted without authorization from the individual.... 'Required by law' includes, but is not limited to, court orders and court-ordered warrants. . . ." (internal marks omitted)); *Durham v. Ankura Consulting Grp., LLC*, No. 2:20-CV-112-KS-MTP, 2021 WL 6618644, at *2 (S.D. Miss. May 18, 2021) ("HIPAA allows for limited exceptions to its use and disclosure limitations. . . . For judicial proceedings like the current action, covered entities are permitted to make disclosures by order of the court or in response to a subpoena or discovery request if it receives satisfactory assurance that reasonable efforts were made to secure a qualified protective order." (internal marks omitted)).

Plaintiffs may reply to Defendants' response **on or before 5:00 p.m. (CDT) on Wednesday, June 29, 2022**. In the interim, the Court **STAYS** parties' production deadlines and will issue an appropriate order setting such deadlines when ruling on the Motion.

**SO ORDERED**.

June 2⁴, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE