# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| U.S. ex rel. ALEX DOE et. al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc. et. al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: U.S. Department of Health and Human Services

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: described in Attachment A

| Place: 601 Massachusetts Ave NW Washington, DC 20001 | Date and Time: 06/15/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/26/2022

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Planned Parenthood Federation of America, Inc., et. al. , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave NW Washington, DC 20001, 202-942-6143, tirzah.lollar@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:21-cv-00022-Z   Document 106-3   Filed 06/27/22   Page 3 of 14   PageID 1693

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A TO SUBPOENA TO THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

**DEFINITIONS AND TERMS**

The definitions that apply to the Subpoena for Production of Documents issued by the Planned Parenthood Defendants are set forth below.

1. "You" or "your" refers to the United States Department of Health and Human Services ("HHS"), including but not limited to its subsidiaries, divisions, departments (such as the Centers for Medicare & Medicaid Services), business units, employees, or any third parties acting on its behalf.

2. The term "Planned Parenthood Defendants" refers to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") and Planned Parenthood Federation of America, Inc. ("PPFA").

3. The term "Affiliate Defendants" refers to Defendants PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

4. The term "Complaint" refers to Relator's Complaint filed on February 5, 2021.

5. The term "Center for Medical Progress" refers to the entity headquartered in Irvine, California, including all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

6. The term "Center for Medical Progress videos" refers to videos related to any Planned Parenthood Defendant created by the Center for Medical Progress and/or currently or

previously posted to the website of the Center for Medical Progress or Center for Medical Progress's YouTube channel from 2013 to the present.

7. The term "David Daleiden" refers to the founder and president of Center for Medical Progress, including but not limited to any agents, representatives, employees, consultants, attorneys, and others acting on his behalf.

8. The terms "Person" and "Persons" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

9. The term "Government" refers to the government of the United States of America; any agency, office, or military branch of the U.S. Government; and any officers, officials, employees, agents, attorneys, or other representatives (including any auditors or investigators hired by the U.S. Government) acting or purporting to act on its behalf.

10. The term "Texas" refers to the government of the State of Texas; any agency, office, division, or department of the Texas Government, including but not limited to the Texas Health & Human Services Commission, Texas Office of the Inspector General and the Texas Department of Public Safety; and any officers, officials, employees, agents, attorneys, or other representatives (including any auditors or investigators hired by the Texas Government) acting or purporting to act on its behalf.

11. The term "Louisiana" refers to the government of the State of Louisiana; any agency, office, division, or department of the Louisiana Government, including but not limited to the Louisiana Department of Health; and any officers, officials, employees, agents, attorneys, or other representatives (including any auditors or investigators hired by the Louisiana Government) acting or purporting to act on its behalf.

12. The term "Medicaid" refers to the federal Centers for Medicare & Medicaid Services administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf.

13. The term "Texas Medicaid" refers to the State of Texas administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf.

14. The term "Louisiana Medicaid" refers to the State of Louisiana administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf.

15. The term "Medicaid's free choice of provider requirement" refers to the requirement a state plan to allow a beneficiary to obtain Medicaid services from any institution, agency, pharmacy, person, or organization, including family planning services, that is qualified to furnish services and willing to furnish them to that particular beneficiary. *See* 42 CFR § 431.51.

16. The term "including" shall mean "including, but not limited to."

17. "Documents" as used herein shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda, tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps,

sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature.

18. The terms "relate to," "related to," "relating to," and "concerning" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A document may "relate to" or an individual or entity without specifically mentioning or discussing that individual or entity by name.

19. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

20. The terms "rely," "relied," and "relied upon" shall refer to all information that in any way served as the basis for Relators' allegations, including any information that, in whole or in part, confirmed, supported, influenced, shaped, or contributed to Relators' knowledge of the allegations made in the Complaint, or otherwise was considered by Relators in asserting the allegations made in the Complaint.

21. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written, and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

## Instructions

1. Furnish all documents and things within the possession, custody, or control of HHS that are responsive to these Requests, including information or items in the possession of their assignees, agents, legal representatives, employees, representatives, attorneys, other personnel thereof, or anyone purporting to act on behalf of the HHS within 20 days upon receipt of the subpoena due to a compressed discovery schedule.

2. If an objection is made to any request herein, all documents and things responsive to the request not subject to the objection should be produced. Similarly, if any objection is made to the production of a document, the portion(s) of that document not subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly as such. Otherwise, no communication, document, file, or thing requested should be altered, changed, or modified in any respect. All communications, documents, and files shall be produced in full and unexpurgated form, including all attachments and enclosures either as they are kept in the ordinary course or organized to correspond with those requests.

3. No communication, document, file, or thing requested should be disposed of or destroyed.

4. If you object to any Document Request, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds:

      a. identify the Document Request to which objection or claim of privilege is made;

      b. identify every document withheld; the author, the date of creation, and all recipients;

      c. identify all grounds for objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; and

      d. identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants.

5. Unless otherwise indicated, the relevant time period for these Document Requests is 2010 to the present.

6. You are under an affirmative duty to supplement your responses to these Document Requests with documents you may acquire or discover after completing your production, if you learn your response is in some material respect incomplete or incorrect and the additional or corrective information has not be made known to Planned Parenthood.

## **DOCUMENTS TO BE PRODUCED**

### **REQUEST NO. 1**

All documents relating to or reflecting communications with Texas Medicaid from 2013 to present, about any Planned Parenthood Defendant, related to:
- fetal tissue studies and/or fetal tissue donations;
- the Center for Medical Progress videos;
- congressional hearings and/or reports into fetal tissue studies;
- the qualifications of any of the Planned Parenthood Defendants to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- termination of any of the Planned Parenthood Defendants from Texas Medicaid and/or Louisiana Medicaid;
- continued participation of any Planned Parenthood Defendant in Louisiana Medicaid;
- federal court injunctions and/or the effects of federal court injunctions preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;

- state court injunctions and/or the effects of a state court injunction preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement and why;
- whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present; and
- Texas Medicaid's decision on or about January 4, 2021 to grant PPGC, PPST, and PPGT a 30-day grace period to assist their Medicaid patients find replacement Medicaid providers.

## REQUEST NO. 2

All documents relating to or reflecting communications with Louisiana Medicaid from 2013 to present, about any Planned Parenthood Defendant, related to:
- fetal tissue studies and/or fetal tissue donations;
- the Center for Medical Progress videos;
- congressional hearings and/or reports into fetal tissue studies;
- the qualifications of any of the Planned Parenthood Defendants to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- termination of any of the Planned Parenthood Defendants from Texas Medicaid and/or Louisiana Medicaid;
- continued participation of any Planned Parenthood Defendant in Louisiana Medicaid;
- federal court injunctions and/or the effects of federal court injunctions preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- state court injunctions and/or the effects of a state court injunction preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement and why;
- whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present; and
- Texas Medicaid's decision on or about January 4, 2021 to grant PPGC, PPST, and PPGT a 30-day grace period to assist their Medicaid patients find replacement Medicaid providers.

## REQUEST NO. 3

All documents relating to or reflecting communications with Texas Medicaid from 2013 to present related to fetal tissue studies and/or fetal tissue donations in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated.

**REQUEST NO. 4**

All documents relating to or reflecting communications with Louisiana Medicaid from 2013 to present related to fetal tissue studies in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated.

**REQUEST NO. 5**

All documents relating to or reflecting communications with the Center for Medical Progress and/or David Daleiden from 2013 to present.

**REQUEST NO. 6**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to:
- Any Planned Parenthood Defendant's claims for Medicaid, Texas Medicaid, or Louisiana Medicaid payment;
- Any Planned Parenthood Defendant's actual Medicaid, Texas Medicaid, or Louisiana Medicaid payments;
- fetal tissue studies, including but not limited to whether participation in fetal tissue studies rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid;
- Any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- Any Planned Parenthood Defendant's terminations in Texas and/or Louisiana;
- continued participation of any Planned Parenthood Defendant in Louisiana Medicaid;
- whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement and why;
- federal court injunctions and/or the effects of a federal court injunction preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- state court injunctions and/or the effects of a state court injunction preventing the termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present; and
- Texas Medicaid's decision on or about January 4, 2021 to grant PPGC, PPST, and PPGT a 30-day grace period to assist their Medicaid patients find replacement Medicaid providers.

**REQUEST NO. 7**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) from 2015 to the present about the Center for Medical Progress

videos, Your response(s) to those videos, and any public official or other public agency's response(s) to those videos.

### REQUEST NO. 8

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) about congressional hearings regarding any Planned Parenthood Defendant that were held from 2015 to the present, Your response(s) to those hearings, and any public official or other public agency's response(s) to those hearings.

### REQUEST NO. 9

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) about federal or state investigations regarding any Planned Parenthood Defendants conducted from 2015 to present, Your response(s) to those investigations, and any public official or other public agency's response(s) to those investigations, including but not limited to investigations conducted by:
- U.S. Congress;
- U.S. Department of Justice;
- Federal Bureau of Investigation;
- Louisiana; and/or
- Texas.

### REQUEST NO. 10

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) about congressional reports regarding fetal tissue donation that were issued from 2015 to the present, Your response(s) to those reports, and any public official or other public agency's response(s) to those reports.

### REQUEST NO. 11

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to information provided by You to the U.S. Congress related to and Planned Parenthood Defendant from 2013 to present, regarding:
- Any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid;
- Any Planned Parenthood Defendant's Medicaid terminations in Texas and/or Louisiana;
- continued participation of any Planned Parenthood Defendant in Louisiana Medicaid;
- fetal tissue studies, including but not limited to whether participation in fetal tissue studies rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and
- whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**REQUEST NO. 12**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to any Planned Parenthood Defendants' qualifications to provide Medicaid services in Texas and Louisiana.

**REQUEST NO. 13**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to termination of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, including but not limited to whether any terminated Medicaid, Texas Medicaid, or Louisiana Medicaid provider was asked to return amounts reimbursed under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**REQUEST NO. 14**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to termination by Texas and Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid, Texas Medicaid, or Louisiana Medicaid provider was asked to return amounts reimbursed under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**REQUEST NO. 15**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to Your understanding of relationships between affiliated companies under Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider.

**REQUEST NO. 16**

All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to Your views regarding whether a payment, to which a Medicaid, Texas Medicaid, or Louisiana Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

**REQUEST NO. 17**

Copies of all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which:

- You have concluded that the claim was false or fraudulent; and/or
- You contend that the claim was false or fraudulent.

### REQUEST NO. 18

Copies of all unpaid Medicaid claims that any Planned Parenthood Defendant presented or caused to be presented to Medicaid from 2010 to present, for which:
- You have concluded that the claim was false or fraudulent; and/or
- You contend that the claim was false or fraudulent.

### REQUEST NO. 19

Copies of all records or statements that any Planned Parenthood Defendant made, used, or caused to be made or used in connection with a claim for Medicaid payment, including but not limited to a claim that Medicaid paid, from 2010 to present, for which:
- You have concluded that the record or statement was material to a false or fraudulent claim for payment; and/or
- You contend that the record or statement was material to a false or fraudulent claim for payment.

### REQUEST NO. 20

Copies of all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which:
- You have concluded that the Planned Parenthood Defendant has an obligation to repay the claim(s); and/or
- You contend the Planned Parenthood Defendant has an obligation to repay the claim(s).

\*   \*   \*