# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF TIRZAH S. LOLLAR

I, Tirzah S. Lollar, declare as follows:

1. I am an attorney in good standing of the bars of Virginia and the District of Columbia, and a partner in the law firm of Arnold and Porter Kaye Scholer LLP ("Arnold & Porter"), which is counsel to Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), and Planned Parenthood San Antonio, Inc. ("PPSA")

1

(collectively, "Affiliate Defendants") in the above-captioned action. I have been admitted *pro hac vice* in this case. Dkt. 98. I submit this Declaration in support of Defendants' Motion for Extension of Schedule and Affiliate Defendants' Motion to Compel production of documents by the U.S. Department of Health and Human Services.

**Discovery from HHS**

2. On May 26, 2022, Defendants issued a document subpoena in this case to U.S. Department of Health & Human Services ("HSS") and its constituent agencies with a return date of June 15, 2022. Ex. B.

3. On May 31, 2022, CMS sent Defendants a letter stating certain objections in response to Defendants' subpoena, but noting that CMS is "committed to working with [Defendants] to resolve [CMS's] concerns and produce responsive, non-privileged, documents." Ex. C.

4. On June 2 and June 13, 2022, Defendants' counsel and attorneys for CMS and DOJ conferred via telephone about CMS's efforts to respond to the document subpoena. During the June 3, 2022, conference counsel for CMS expressed concern regarding the time needed to respond to the Subpoena. Defendants' counsel reiterated that Defendants are entitled to the Subpoena requests because CMS is the putative victim of allegedly inaccurate Medicaid claims. An attorney from HHS's Office of Inspector General ("HHS-OIG") was also present during the June 13 telephonic conference. During that June 13 discovery conference, CMS's counsel stated that CMS expected to produce some documents on the June 15 return date, but CMS would not be producing all responsive documents on that date and would need to produce on a rolling basis. CMS's counsel further represented that CMS would continue to search for all responsive and non-privileged documents. CMS counsel further stated that CMS intends to assert deliberative process

privilege over a large volume of otherwise responsive documents. HHS-OIG's counsel did not comment on HHS-OIG's forthcoming productions.

5. Following the June 13, 2022 telephonic discovery conference, Defendants sent CMS and HHS-OIG an email later that same day, memorializing Defendants understanding of key points from the conference. Ex. D. Defendants' email advised CMS and HHS-OIG that Defendants reserve all rights to challenge the withholding of any responsive documents, including those withheld on the grounds of deliberative process privilege. Defendants further asked if CMS and HHS-OIG would agree to log documents withholds on the basis of that privilege. As of the time this motion was filed, CMS and HHS-OIG have not yet responded as to whether they would agree to provide a privilege log.

6. On June 15, 2022 CMS and HHS-OIG made initial, limited, productions of documents in response to the subpoena. Exs. E, F. CMS produced 114 pages of documents and HHS-OIG produced five pages of documents. CMS did not provide either responsive documents or specific objections to 16 requests in the Subpoena. Both CMS and HHS-OIG noted certain objections to some of Defendants' document requests, and Defendants intend to meet and confer with the agencies regarding their objections. In an accompanying response letter, CMS's counsel reiterated her intention to "continue to work with CMS to identify and collect all relevant, responsive, and non-privileged documents within CMS's custody and control and expect to produce additional documents on a rolling basis." Ex. E. Similarly, HHS-OIG stated that it is "committed to working with [Defendants] to resolve [its] concerns and produce responsive, non-privileged, documents in a manner consistent with federal law, regulations, and procedure" and stated that it "will provide any responsive documents in a rolling production as [it] locate[s] them." Ex. F.

**Discovery from Louisiana**

7. On June 1, 2022, Affiliate Defendants served requests for production and interrogatories on Texas. Affiliate Defendants served requests for admission on Texas on June 3, 2022.

8. On June 20, 2022, Planned Parenthood Gulf Coast, Inc. served a subpoena on the State of Louisiana. Ex. G. The return date on the subpoena is July 11, 2022. As of the time of filing, Louisiana has not responded to the subpoena.

**Party Discovery**

9. On June 1, 2022, Affiliate Defendants served requests for production and interrogatories on Texas. Affiliate Defendants served requests for admission on Texas on June 3, 2022. Among other things, Affiliate Defendants seek from Texas documents and information on similar topics from the Texas Health and Human Services Commission, the Texas Office of Inspector General, and the Texas Ranger Division of the Texas Department of Public Safety.

10. On June 13, 2022, Planned Parenthood Gulf Coast, Inc. served requests for production and interrogatories on Relator. Among other things, Affiliate Defendants seek discovery from Relator regarding his pre-suit investigation; communications he had with HHS, Texas, and Louisiana regarding his investigation and claims against Planned Parenthood; and the basis for his claims that Affiliate Defendants were aware or should have been aware of their obligation to repay the government when neither Texas nor Louisiana initiated an action to recoup any amounts that had been paid.

11. The parties met and conferred by telephone on June 22, 2022 regarding discovery issues. Counsel for Texas and Relator stated that they oppose any extension of the case. When asked if they contend that Texas or Relator would suffer any prejudice if Defendants' motion to

extend the schedule by four months is granted, counsel for Texas stated that delay is unnecessary and expressed a concern since Texas is seeking to recover taxpayer dollars in this case. Relator's counsel did not have anything to add regarding prejudice.

**Defendants' Responses to Discovery**

12. Relator and Texas propounded interrogatories and requests for documents on Defendants on May 27, 2022. Relator subsequently served three additional requests for production Defendants on June 2, 2022 and June 16, 2022. Affiliate Defendants are diligently working to identify and collect documents responsive to the document requests served by Relator and Texas. They will respond in writing to the document requests and interrogatories within the 30-day deadline required under the Federal Rules, such that Affiliate Defendants' responses will be served between June 27 and mid-July 2022. However, it is not feasible for Affiliate Defendants to respond in writing and identify, collect, review, log, and produce all documents responsive to those requests within a 30-day period. Affiliate Defendants will need to produce responsive documents on a rolling basis.

**Protective Order Regarding Confidential Information**

13. The parties stated in their Joint Proposed Scheduling Order that they "anticipate the need for a protective order regarding confidential information and will draft and submit a proposed agreed protective order for consideration." Defendants sent a draft protective order regarding confidential information to Relator and Texas on June 8, 2022. Relator and Texas sent Defendants combined comments on the draft protective order on June 17, 2022. The parties met and conferred by telephone on June 21, 2022 regarding the protective order and exchanged subsequent drafts. Ultimately, the parties were unable to come to an agreement, so this issue has been briefed with the Court. Dkts. 101, 102, 103, 104.

**Stipulation and Proposed Order Regarding Production of Electronically Stored Information and Hard Copy Documents**

14. The parties stated in their Joint Proposed Scheduling Order that they "anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced." Dkt. 56 ¶ 5(D). Defendants sent a draft stipulation and proposed order regarding confidential information to Relator and Texas on June 21, 2022. As of the time of filing, neither Relator nor Texas have responded to Defendants' draft.

**Review of Scheduling Orders in Other Cases**

15. Defendants have reviewed the twenty most recent initial scheduling orders entered by this Court as of June 21, 2022 (excluding the instant action).[1] To calculate the average length of discovery provided by this Court, Defendants tallied the number of months between the date of the initial scheduling order and date of the close of discovery noted in the same initial scheduling order. This calculation resulted in the total number of months of discovery provided in each individual case Defendants reviewed. Defendants then added together the total number of months of discovery for every scheduling order reviewed and divided the product of that calculation by the total number of scheduling orders analyzed (*i.e.*, 20). This calculation resulted in the average number of months of discovery provided in the twenty most recent scheduling orders published by this Court. The average discovery period is approximately eight-and-one-half (8.5) months.

16. Additionally, Defendants have reviewed thirty-eight initial scheduling orders entered in False Claims Act ("FCA") actions in U.S. District Courts for the Northern District of

---

[1] Defendants pulled twenty most recent cases with a scheduling order entered on the docket that appeared in a June 21, 2022 Lexis Nexis search for Judge Matthew Kaczmaryk in the Northern District of Texas. A list of those cases is included for the Court's convenience at Exhibit H. Defendants only considered initial scheduling orders entered in these cases and not any subsequent modified scheduling orders because they are seeking a modification to the initial scheduling order entered in this case.

Texas, Eastern District of Texas, Western District of Texas, and Southern District of Texas since June 16, 2016, when the Supreme Court clarified how the "rigorous materiality requirement [in FCA cases] should be enforced" in *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 178, 195 (2016).

17. Attached hereto as Exhibit I is a chart summarizes the discovery dates and length of discovery periods in 38 of the aforementioned scheduling orders reviewed by Defendants. In those cases, the average discovery period is approximately nine (9) months, while many cases set even longer discovery periods, and three cases in this District allowed 15.5 months for discovery:

   a. *U.S. v. Healthcare Associates of Texas LLC*, Case No. 3:19-cv-2486: 15.5 months from January 20, 2022 to May 14, 2023.

   b. *U.S. ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co.*, Case No. 3:18-CV-1775: 15.5 months from February 19, 2020 to June 9, 2021; and

   c. *U.S. ex rel. Beck v. St. Joseph Health System*, Case No. 5:17-CV-052: 15.5 months from December 16, 2019 to April 12, 2021.

18. Lead counsel for Affiliate Defendants, Craig Margolis, and two other members of the Planned Parenthood Affiliates outside-counsel team are scheduled for a jury trial in another FCA case on March 20, 2023 in *U.S. ex rel. Romero v. AECOM*, 16-cv-15092 (E.D. La.). A final pretrial conference in *Romero* is scheduled for March 6, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2022.

_____
Tirzah S. Lollar