# EXHIBIT C



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**  Office of the General Counsel
Centers for Medicare &
 Medicaid Services Division

_____

7500 Security Boulevard
Baltimore, MD 21244-1850

May 31, 2022

Murad Hussain
Tirzah Lollar
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743

Sent Via Email: Murad.Hussain@arnoldporter.com; Tirzah.Lollar@arnoldporter.com

Re:   *U.S. ex rel. Doe v. Planned Parenthood*, No. 2:21-cv-00022-Z (N.D. Tex.)

Dear Mr. Hussain and Ms. Lollar,

    This letter responds to the Rule 45 discovery subpoena dated May 26, 2022 that you served on the U.S. Department of Health and Human Services ("HHS"), Office of the General Counsel ("OGC"), which was received on May 26, 2022. At the outset, I note that this letter responds to your subpoena on behalf of the Centers for Medicare & Medicaid Services ("CMS")[1] and not on behalf of any other division of HHS.

    A party seeking third party discovery from the United States must comply with any applicable agency *Touhy* regulations. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-70 (1951) (upholding regulation prohibiting agency employees from releasing documents without consent of agency head); 45 C.F.R. Part 2 (outlining the appropriate procedures that must be followed when documents or testimony are requested from HHS).

    We write to provide you with a brief statement of our objections to your May 26, 2022 subpoena. Because our review of the subpoena continues, we reserve the right to supplement these objections in the future. We also specifically reserve and do not waive other objections that may be applicable in discovery or at trial.

---

[1] For purposes of this letter, unless otherwise specified, "CMS" includes both CMS and its contractors.

1

First, we object to the subpoena on the ground that the time provided to produce the requested records is unreasonable. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Your requests seek up to 12 years' worth of information spanning 20 categories, some of which have dense and numerous subcategories. In addition, the potentially responsive documents you seek may contain information that is privileged, patient-identifiable, or otherwise protected from release or disclosure, and we must carefully review potentially responsive documents to determine whether any of the information must be withheld from production. Given the time needed to identify, collect and review the documents responsive to your subpoena, directing HHS to respond by June 15, 2022 is unreasonable.

Second, we further object to the subpoena to the extent that it is vague, ambiguous, overly broad, and unduly burdensome, and not proportional to the needs of the case. For example, several of the requests are overly broad, vague, and ambiguous in that they seek "All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to …" for a broad range of topics. In addition, Request 15 is extremely vague, seeking, "All documents … related to Your understanding of relationships between affiliated companies under Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider." Responding to these requests would require identification and review (and potential production) of both internal and external communications relating in any way to the listed topics, including drafts and internal transmittal documents, regardless of whether such documents include any substantive discussion of the issues relevant to this case or reflect official agency views or policy. These requests purport to impose an unduly burdensome discovery obligation on CMS.

Third, we further object to the subpoena to the extent it purports to require HHS to draw legal conclusions or otherwise seeks to impose upon HHS or CMS any requirements beyond those established by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Texas.

Fourth, we further object to the subpoena to the extent that it seeks Medicaid claims data. State Medicaid programs are the appropriate source for Medicaid claims data.

Fifth, we further object to the subpoena to the extent that it seeks information that is publicly available, properly sought from another source, including other parties in this case, or otherwise available through other means.

Sixth, we object to the subpoena to the extent that it seeks information or documents on investigations or other enforcement actions that do not involve the defendants in this action, such as open government investigations, pending self-disclosures, and any prior government investigations or settlements.

Seventh, we object generally to the subpoena to the extent that it seeks information or documents protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative file privilege, the work product privilege, the deliberative process

privilege, the law enforcement privilege, or any other applicable basis for invoking privilege or protection.  *See* Fed. R. Civ. P. 45(c)(2)(A)(iii).

Finally, we object to the subpoena to the extent that the potential costs associated with production of these requests are excessive, unduly burdensome and disproportionate to the need of the case.

We are committed to working with you to resolve these concerns and produce responsive, non-privileged, documents in a manner consistent with federal law, regulations and procedure, without subjecting CMS to an unreasonable burden. Please contact me directly at 240-551-9392 to set up a call to discuss this matter further.

Sincerely,

/s/ Dawn M Popp_____
Attorney
Office of the General Counsel - CMS Division
U.S. Department of Health & Human Services
Dawn.Popp@hhs.gov

3