# EXHIBIT E



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Office of the General Counsel
 Centers for Medicare &
 Medicaid Services Division

7500 Security Boulevard
Baltimore, MD 21244-1850

June 15, 2022

Murad Hussain
Tirzah Lollar
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743

Sent Via Email: Murad.Hussain@arnoldporter.com; Tirzah.Lollar@arnoldporter.com

Re:     *U.S. ex rel. Doe v. Planned Parenthood*, No. 2:21-cv-00022-Z (N.D. Tex.)

Dear Murad and Tirzah:

I am sending to you today via email a zip file consisting of the Centers for Medicare & Medicaid Services' (CMS) first production of documents responsive to your Rule 45 subpoena dated May 26, 2022. This production includes the following:

1. Documents with Bates numbers PP-CMS-0000001 through PP-CMS-0000004 and PP-CMS-0000037 through PP-CMS-0000038. These documents reflect communications between CMS and Texas or Louisiana relating to the Planned Parenthood defendants, between 2010 and 2013, and are thus responsive to Requests for Production 6 and 12. We note that we are producing these documents as a courtesy, although these and similar communications would also be available from either Texas (which, unlike CMS, is a party to this case) or Louisiana. This production is not intended to waive our objection to the subpoena to the extent it seeks information properly sought from another source.

2. Documents with Bates numbers PP-CMS-0000005 through PP-CMS-0000036, PP-CMS-0000039 through PP-CMS-0000048, PP-CMS-0000052 through PP-CMS-0000053, PP-CMS-0000055 through PP-CMS-0000060, PP-CMS-0000068 through PP-CMS-0000072, and PP-CMS-0000114. These documents reflect communications

1

between CMS and Texas or Louisiana relating to the Planned Parenthood defendants, and communications between Texas or Louisiana and the Planned Parenthood defendants that were provided to CMS, between 2013 and the present, and are thus responsive to Requests for Production 1, 2, 6, and 12. Again, we note that we are producing these documents as a courtesy, although these and similar communications would also be available from either Texas (which, unlike CMS, is a party to this case) or Louisiana. This production is not intended to waive our objection to the subpoena to the extent it seeks information properly sought from another source.

3. Documents with Bates numbers PP-CMS-0000049 through PP-CMS-0000051, PP-CMS-0000054, PP-CMS-0000061 through PP-CMS-0000067. Subject to, and without waiving any of the objections asserted in my letter dated May 31, 2022 and/or below, these documents reflect non-privileged communications regarding the Planned Parenthood defendants between 2013 and the present, and are thus arguably responsive to Requests for Production 6 and 12. We do not believe these documents are within the scope of permissible discovery, but we are nonetheless producing them as they were incidentally identified in the course of collecting related responsive documents.

4. Documents with Bates numbers PP-CMS-0000073 through PP-CMS-0000113. These documents reflect screenshots from the Medicaid Data Exchange system (DEX), reflecting the information submitted to DEX by Texas with respect to its terminations of the Planned Parenthood defendants' participation in Texas Medicaid, and are thus responsive to Requests for Production 1, 6, and 12.

We expressly reserve the objections outlined in my letter dated May 31, 2022 (sent via email on June 1, 2022), and this production is not intended to waive any of those objections, nor any other objections that may be applicable in discovery or at trial. In particular, while we are producing, or intend to produce, all relevant, responsive, and non-privileged documents within CMS's custody and control, we continue to object to the subpoena to the extent it seeks internal CMS documents that do not reflect final agency decisions or policy, and/or documents reflecting unofficial interpretations of any statute, regulation, or rule, as such documents are outside the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, insofar as they do not represent official CMS interpretations, decisions or policy, such documents are not relevant to the claims or defenses in this case. Moreover, the requests for such documents are both vague and overly broad, and not proportional to the needs of the case. Identification and collection of such documents would be unduly burdensome for CMS, a non-party to this case, and such burden outweighs any potential benefit to Planned Parenthood. Finally, such documents are likely to be subject to either the attorney-client privilege, the deliberative process privilege, or in many cases, both, and again, the burden associated with reviewing all such documents far outweighs any potential benefit to Planned Parenthood.

Subject to, and without waiving any of these objections, I continue to work with CMS to identify and collect all relevant, responsive, and non-privileged documents within CMS's custody and control, and expect to produce additional documents on a rolling basis.

        Sincerely,

        /s/ Dawn M Popp_____
        Attorney
        Office of the General Counsel - CMS Division
        U.S. Department of Health & Human Services
        Dawn.Popp@hhs.gov

cc:    Emily Oren, HHS-OGC
        Yolonda Y. Campbell, U.S. Department of Justice, Civil Division