# EXHIBIT F




DEPARTMENT OF HEALTH AND HUMAN SERVICES

# OFFICE OF INSPECTOR GENERAL

WASHINGTON, DC 20201
ANNE MACARTHUR, SENIOR COUNSEL
ADVICE BRANCH
OFFICE OF COUNSEL TO THE INSPECTOR GENERAL
330 INDEPENDENCE AVENUE, SW
COHEN BUILDING - ROOM 5527
WASHINGTON, DC 20201
TELEPHONE: (202) 205-99404
FACSIMILE: (202) 000-0000
EMAIL: ANNE.MACARTHUR@OIG.HHS.GOV

June 15, 2022

Murad Hussain
Tirzah Lollar
Arnold & Porter Kay Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

Sent via Email: Murad.Hussain@arnoldporter.com; Tirzah.Lollar@arnoldporter.com

Re:   *U.S. ex rel. Doe v. Planned Parenthood,* No. 2:21-cv-00022-Z (N.D. Tex.)

Dear Mr. Hussain and Ms. Lollar:

This letter responds to the Rule 45 discovery subpoena dated May 26, 2022, that you served on the U.S. Department of Health and Human Services ("HHS"), Office of the General Counsel ("OGC"), which was received by OGC on May 26, 2022. OGC forwarded the subpoena to the Office of Inspector General ("OIG") for responsive documents. This letter responds to your subpoena on behalf of OIG and not to any other division of HHS.

I write to provide you with a brief statement of our objections to your May 26, 2022, subpoena. Because our review of the subpoena and our search for responsive documents continues, we reserve the right to supplement these objections in the future. HHS/OIG also specifically reserve and do not waive other objections that may be applicable in discovery or at trial.

First, HHS/OIG objects to the subpoena on the ground that the time provided to produce the requested records is unreasonable. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Your requests seek up to 12 years' worth of information spanning 20 categories, some of which have dense and numerous subcategories. In addition, the potentially responsive documents you seek may contain information that is privileged, patient-identifiable, or otherwise protected from release or disclosure, and we must carefully review potentially responsive documents to determine whether any of the information must be withheld from production. Given the time needed to identify, collect and review the documents responsive to your subpoena, directing HHS/OIG to respond by June 15, 2022, is unreasonable.

Second, OIG/HHS further objects to the subpoena to the extent that it is vague, ambiguous, and overly broad, and not proportional to the needs of the case. For example, several of the requests are overly broad, vague, and ambiguous in that they seek "All documents (including, but not limited to, communications involving one of Your personnel and any other person or persons) related to …" for a broad range of topics. In addition, Request 15 is extremely vague, seeking, "All documents … related to Your understanding of relationships between affiliated companies under Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider." Responding to these requests would require identification and review (and potential production) of both internal and external communications relating in any way to the listed topics, including drafts and internal transmittal documents, regardless of whether such documents include any substantive discussion of the issues relevant to this case or reflect official agency views or policy.

Third, OIG further objects to the subpoena to the extent it purports to require HHS to draw legal conclusions or otherwise seeks to impose upon HHS any requirements beyond those established by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Texas.

Fourth, HHS/OIG further objects to the subpoena to the extent that it seeks information that is publicly available, properly sought from another source, including other parties in this case, or otherwise available through other means.

Fifth, HHS/OIG objects to the subpoena to the extent that it seeks information or documents on investigations or other enforcement actions that do not involve the defendants in this action, such as open government investigations, pending self-disclosures, and any prior government investigations or settlements.

Sixth, HHS/OIG objects generally to the subpoena to the extent that it seeks information or documents protected from disclosure by privilege or doctrine, including the attorney-client privilege, the investigative file privilege, the work product privilege, the deliberative process privilege, the law enforcement privilege, or any other applicable basis for invoking privilege or protection. *See* Fed. R. Civ. P. 45(c)(2)(A)(iii).

We are committed to working with you to resolve these concerns and produce responsive, non-privileged, documents in a manner consistent with federal law, regulations and procedure. We will provide any responsive documents in a rolling production as we locate them. At present we provide the following non-privileged documents from the HHS/OIG-OI case file:

    a. Opening Investigative Memorandum
    b. Closing Investigative Memorandum
    c. OIG Hotline complaint
    d. OIG Hotline referral form (Operations Officer's name was redacted as investigative file (Law Enforcement) privileged information).

Please contact me directly at 202-205-9404 if you would like to discuss this matter further.

Sincerely,

Anne L. MacArthur
Senior Counsel