# EXHIBIT H

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



August 11, 2016

Gary Jessee, Associate Commissioner for Medicaid/CHIP
Texas Health and Human Services Commission
4900 Lamar Boulevard
Austin, TX 78751

Dear Associate Commissioner Jessee:

This letter is in response to recent actions taken by the State of Texas to terminate its Medicaid provider agreements with Planned Parenthood Gulf Coast (PPGC). As previously discussed with the state on August 4, 2016, the Centers for Medicare & Medicaid Services (CMS) would like to remind the state of its obligation to remain in compliance with the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act (the Act). In addition, the state is obligated to ensure beneficiary access to covered services under section 1902(a)(30)(A) of the Act. As highlighted below, CMS seeks a response from the state detailing its compliance with those requirements.

Under federal law, at section 1902(a)(23) of the Act, a Medicaid beneficiary may obtain medical services "from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . who undertakes to provide him such services." This provision is often referred to as the "any willing provider" or "free choice of provider" provision. While states maintain the authority to establish reasonable standards for provider qualifications (in accordance with 42 C.F.R. § 431.51(c)(2)), any willing provider that is qualified to provide covered services according to the reasonable standards established by the state must be allowed to provide such services to Medicaid beneficiaries. For further discussion of the "Free Choice of Provider Provisions," see State Medicaid Director Letter #16-005, published on April 19, 2016.

In addition, CMS is concerned about the effect termination of the provider agreement with PPGC would have on Texas Medicaid beneficiaries' access to women's health services within the state. Section 1902(a)(30)(A) of the Act requires that states have methods and procedures to ensure that there are sufficient providers so that care and services are available to Medicaid beneficiaries "at least to the extent that such care and services are available to the general population in the area." It is not clear that this access requirement would be met for beneficiaries in several areas in Texas without the participation of PPGC, absent other changes in Texas's program.

Although states have authority to terminate providers from participating in Medicaid, this authority is limited to circumstances implicating the fitness of the provider to perform covered medical services or appropriately bill for them. States must terminate those providers that have committed certain types of fraud or other criminal acts related to involvement with the Medicare, Medicaid or the Children's Health Insurance Program (CHIP) programs. States must also terminate providers subject to federal disbarment or exclusion determinations. As explained in

Page 2 – Gary Jessee, Associate Commissioner for Medicaid/CHIP

the April 2016 guidance, states must have a valid reason for terminating a provider, related to the provider's ability to render covered services or to properly bill for those services – reasons, for instance, that bear on the individual's or entity's professional competence, professional performance, or financial integrity.

We are unaware of any basis for Texas to terminate PPGC's provider agreements, which would be consistent with these limited reasons for excluding providers from Medicaid participation. Therefore, we ask that you provide information to CMS documenting the state's basis for termination, including documentation and supporting evidence that answers the following questions:

1. How do the allegations relied on in the notice of termination relate to the fitness of the provider to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

2. Has the state terminated other types of providers for similar allegations?

3. Does the state have evidence that the provider has committed fraud or criminal action, was in material non-compliance with relevant requirements, or had material issues concerning its fitness to perform covered services or appropriately bill for them? If so, please provide that evidence.

4. How will the state's actions affect access to women's health services in the state, including the state's ability to comply with the requirements set forth in section 1902(a)(30)(A)?

To the extent that Texas' actions conflict with federal law, CMS may take further actions to protect Medicaid beneficiaries using its authority under section 1904 of the Act, as implemented at 42 Code of Federal Regulations (CFR) 430.35 and 42 CFR Part 430, Subpart D. Please submit a response to this letter explaining the reasons for the termination of PPGC, and the state's analysis of access issues, by September 6, 2016. Absent a response by this date indicating how Texas is in compliance with section 1902(a)(23), CMS may initiate a compliance action that could result in the withholding of federal funds.

Should the state have any questions or wish to discuss the federal requirements applicable to this matter, please feel free to contact me at (410)786-3870.

Sincerely,

Vikki Wachino

Director