# EXHIBIT I

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



August 11, 2016

Ms. Jen Steele, Medicaid Director
State of Louisiana
Department of Health and Hospitals
628 N. 4th Street
PO Box 91030
Baton Rouge, LA  70821-9030

Dear Director Steele:

This letter is in response to recent actions taken by the State of Louisiana to terminate its Medicaid provider agreements with Planned Parenthood Gulf Coast (PPGC).  As previously discussed with the state on August 4, 2016, the Centers for Medicare & Medicaid Services (CMS) would like to remind the state of its obligation to remain in compliance with the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act (the Act).  In addition, the state is obligated to ensure beneficiary access to covered services under section 1902(a)(30)(A) of the Act.   As highlighted below, CMS seeks a response from the state detailing its compliance with those requirements.

Under federal law, at section 1902(a)(23) of the Act, a Medicaid beneficiary may obtain medical services "from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . who undertakes to provide him such services."  This provision is often referred to as the "any willing provider" or "free choice of provider" provision.  While states maintain the authority to establish reasonable standards for provider qualifications (in accordance with 42 C.F.R. § 431.51(c)(2)), any willing provider that is qualified to provide covered services according to the reasonable standards established by the state must be allowed to provide such services to Medicaid beneficiaries.  For further discussion of the "Free Choice of Provider Provisions," see [State Medicaid Director Letter](#) #16-005, published on April 19, 2016.

In addition, CMS is concerned about the effect the termination of the provider agreement with PPGC would have on Louisiana Medicaid beneficiaries' access to women's health services within the state.  Section 1902(a)(30)(A) of the Act requires that states have methods and procedures to ensure that there are sufficient providers so that care and services are available to Medicaid beneficiaries "at least to the extent that such care and services are available to the general population in the area."  It is not clear that this access requirement would be met for beneficiaries in several areas in Louisiana without the participation of PPGC, absent other changes in Louisiana's program.

Although states have authority to terminate providers from participating in Medicaid, this authority is limited to circumstances implicating the fitness of the provider to perform covered medical services or appropriately bill for them.  States must terminate those providers that have

Page 2 – Ms. Jen Steele, Medicaid Director

committed certain types of fraud or other criminal acts related to involvement with the Medicare, Medicaid or the Children's Health Insurance Program (CHIP) programs.  States must also terminate providers subject to federal disbarment or exclusion determinations.  As explained in the April 2016 guidance, states must have a valid reason for terminating a provider, related to the provider's ability to render covered services or to properly bill for those services – reasons, for instance, that bear on the individual's or entity's professional competence, professional performance, or financial integrity.

We are unaware of any basis for Louisiana to terminate PPGC's provider agreements, which would be consistent with these limited reasons for excluding providers from Medicaid participation.   Therefore, we ask that you provide information to CMS documenting the state's basis for termination, including documentation and supporting evidence that answers the following questions:

1. Why does the state believe that there were violations of La R.S. 46:437.11 and 46:437.14?

2. Has the state terminated other types of providers for similar violations of these provisions?

3. How do the state provisions located at La R.S. 46:437.11 and 46:437.14 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

4. Why does the state believe that there were violations of the State's Administrative Code Title 50?

5. How does the State's Administrative Code Title 50 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

6. Does the state have evidence that the provider has committed fraud or criminal action, was in material non-compliance with relevant requirements, or had material issues concerning its fitness to perform covered services or appropriately bill for them?  If so, please provide that evidence.

7. How will the state's actions affect access to women's health services in the state, including the state's ability to comply with the requirements set forth in section 1902(a)(30)(A)?

To the extent that Louisiana's actions conflict with federal law, CMS may take further actions to protect Medicaid beneficiaries using its authority under section 1904 of the Act, as implemented at 42 Code of Federal Regulations (CFR) 430.35 and 42 CFR Part 430, Subpart D.  Please submit a response to this letter explaining the reasons for the termination of PPGC, and the state's analysis of access issues, by September 6, 2016.  Absent a response by this date indicating how Louisiana is in compliance with section 1902(a)(23), CMS may initiate a compliance action that could result in the withholding of federal funds.

Should the state have any questions or wish to discuss the federal requirements applicable to this matter, please feel free to contact me at (410)786-3870.

Sincerely,

Vikki Wachino
Director