IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br> *Plaintiffs*,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br> *Defendants*. | Civil Action No. 2-21-CV-022-Z |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

NOW COME Plaintiffs the State of Texas ("Texas") and Relator Alex Doe and hereby file this reply brief in support of their Motion for Entry of Protective Order (the "Motion"). Dkt. 101. For the reasons set forth herein, Plaintiffs respectfully request that this Court enter the Protective Order attached as Exhibit 1 to the Motion. Dkt. 101-1.

## INTRODUCTION

Defendants' Opposition to the Motion presents only three issues for this Court to decide. Dkt. 103 at p. 2. First, Defendants request that the Protective Order require production of all patient-identifying information to be designated "Attorneys' Eyes Only." *Id.* Second, Defendants request that the Protective Order require that the names and other identifying information for Planned Parenthood employees be designated "Attorneys' Eyes Only." *Id.* Third, Defendants request that the Protective Order permit a party receiving a document in discovery to designate the document as "confidential." *Id.* Each of these requests is unnecessary and/or would stymie the efficient litigation of this action. Accordingly, this Court should enter the Protective Order attached as Exhibit 1 to the Motion. Dkt. 101-1.

## ARGUMENTS & AUTHORITIES

**I.   Protected Health Information is adequately protected by a "Confidential Information" designation.**

Defendants' request that the Protective Order require production of all patient-identifying information to be designated "Attorneys' Eyes Only" is unnecessary. Plaintiffs' proposed Protective Order requires parties to redact protected health information ("PHI") before publicly filing any document containing such information. Dkt. 101-1, ¶ 5. Moreover, parties are required to destroy protected health information at the conclusion of the action. *Id.*, ¶ 19. These safeguards are adequate to prevent the improper disclosure of PHI and ensure the government is not unduly burdened in the

administration of its "health care oversight function." *See, e.g.*, *U.S. ex rel. Stewart v. Louisiana Clinic*, 2002 WL 31819130, at *9 (E.D. La. Dec. 12, 2002) (holding that in False Claims Act action, government entitled to receive unredacted patient records and cannot otherwise be restricted by a protective order in exercise of its "health care oversight function").

Additionally, the primary justification Defendants offer for requiring PHI to be designated "Attorneys' Eyes Only"—that the claims in this action "have no rational connection to the disclosure of" PHI—is plainly erroneous. Dkt. 103 at p. 4.  For instance, Texas alleges that Defendants "received reimbursements in the amount of approximately $10 million for services delivered on and between February 1, 2017, through March 12, 2021." Dkt. 22, ¶ 9.  Defendants have denied that they received $10 million during this time period. Dkt. 80, ¶ 9.  Proving the amount Texas Medicaid reimbursed Defendants during this period will require, at a minimum, production and use of Medicaid claims data rife with PHI.  To prohibit attorneys from sharing with client parties PHI and other information about the services at issue in this action would unduly burden the litigation. *See* Dkt. 103-2, ¶ 12 (providing that Confidential Attorneys Eyes Only Information may not be shared with "the party, if a natural person, or current employees, officers, members, or agents of parties or affiliates of parties").

## II. Defendants' request that the Protective Order require employee information to be designated "Attorneys' Eyes Only" and redacted from filings is not appropriate.

Defendants have failed to demonstrate the exacting standard to justify the Protective Order requiring an "Attorneys' Eyes Only" designation for basic identifying information of Defendants' employees. An "Attorneys' Eyes Only" designation is "highly restrictive"—and even more so under Defendants' proposed terms. *Perez v. Bodega Latina Corp.*, EP-19-cv-00360, 2021 WL 3272211, at *6 (W.D. Tex. July 30, 2021). Under Defendants' proposed Protective Order, Defendants will only disclose to Plaintiffs' counsel "the identity of not-publicly-disclosed Planned Parenthood witnesses (i) who are noticed for deposition, (ii) who are identified in any party's Initial Disclosures, or (iii) who Plaintiffs articulate a good-faith basis for identifying based on documents and information produced during discovery." Dkt. 103-1 at ¶ 2 n.1. Under the "Attorneys' Eyes Only" designation, counsel would be prohibited from sharing that information with the client parties. *Id.* The terms of Defendants' proposed Protective Order give Defendants the exclusive prerogative to determine whether their employees' information has been "publicly disclosed" *and* to determine whether Plaintiffs have "articulate[d] a good-faith basis for identifying" the names of Defendants' employees. Defendants should not be permitted to exercise sweeping control over such basic information routinely exchanged in litigation.

Federal law favors public access to litigation. "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin.*

*Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Indeed, the Fifth Circuit has long noted the "clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). In cases where courts have protected the identities of abortion providers, they do so only where there is particularized evidence regarding specific threats to the individuals seeking anonymity. The providers for whom courts have granted anonymity had much more than vague, unsubstantiated "concerns" about anti-abortion violence; rather, they had been specifically targeted in the past or had specific threats made against them. *See Stegall*, 653 F.2d at 186; *see also* Motion for Protective Order, at 5 (Dkt. 8-2), *June Med. Servs. LLC v. Gee*, No. 16-444 (M.D. La. July 1, 2016) (noting that the providers at issue had "received numerous physical and verbal threats to their lives, necessitating involvement from both local police and the FBI"); Declaration of John Doe 3, M.D., ¶¶ 3-4 (Dkt. 4-5), *June Med. Servs. LLC v. Caldwell*, No. 16-444 (M.D. La. Aug. 22, 2014) (same); Declaration of Shannon Brewer-Anderson, ¶¶ 4-6 (Dkt. 59-2), *Jackson Women's Health Org. v. Currier*, No. 12-436 (S.D. Miss. Mar. 8, 2013) (submitting evidence that the providers had been personally named and targeted by anti-abortion protesters).

Defendants have not met their high burden to demonstrate that this basic information should not be freely exchanged between the parties. Defendants must articulate "particular and specific demonstration[s] of fact" supporting an allegation of harm. *Perez*, 2021 WL 3272211, at *6. Defendants' two declarations in support of their

*Reply in Support of Plaintiffs' Motion for Entry of Protective Order* 5

position rely almost exclusively on hearsay and fall woefully short of the requisite showing to justify virtual anonymity for Defendants' employees. The declarations describe roughly 18 alleged incidents that have purportedly taken place in Texas dating back almost a decade. Dkt. 103-3; 103-4. Significantly, none of the described incidents are alleged to have occurred since the unsealing of this action. *See id.* Importantly, Plaintiffs' proposed Protective Order is sensitive to the competing privacy concerns in this action and provides for "Attorneys' Eyes Only" designations of virtually all personal information (except for names) of Defendants' employees. Dkt. 101-1, ¶ 2. Defendants' argument also fails to consider how the recently-changed landscape in abortion practice in Texas will impact the likelihood of future security concerns. Any specific security concerns requiring additional consideration can be addressed by this Court on a case-by-case basis.

### III. Receiving Parties should not be permitted to designate documents "confidential."

Defendants' request that the Protective Order permit a party receiving a document in discovery to designate the document as "confidential" is likewise inappropriate. Plaintiffs' proposed Protective Order defines "confidential information" as a document:

> comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164[.]

Dkt. 101-1, ¶ 2 (containing very similar language to the form protective order available for use in the Northern District of Texas). By its very definition, a document cannot be

"confidential" to the receiving party if it is already in the possession of the producing party. *Id.* It is thus illogical to permit the receiving party to designate discovery documents as "confidential."

As the primary justification for this request, Defendants argue that in the face of "material that fairly falls within the scope of the Order[,]" Plaintiffs might nevertheless "decide[ ] to not designate the information as confidential." Dkt. 103 at p. 9. In other words, Defendants' request presumes Plaintiffs will flagrantly violate the provisions of the Protective Order. This absurd hypothetical hardly warrants rewriting the Order; indeed, the Order already provides for remedies, including sanctions, for parties who violate the Order. Dkt. 101-1, ¶ 21.

## CONCLUSION

For these reasons, and those set forth in Plaintiffs' Motion for Entry of Protective Order (Dkt. 101), this Court should enter the Protective Order attached as Exhibit 1 to said Motion. Dkt. 101-1. Plaintiffs further seek any and all other relief, whether at law or in equity, to which they justly may be entitled.

Dated: June 29, 2022                    Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation


*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY SNOW HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov


**ATTORNEYS FOR STATE OF TEXAS**

        */s/ Andrew B. Stephens*
        **ANDREW B. STEPHENS**
        Texas Bar No. 24079396
        **HEATHER GEBELIN HACKER**
        Texas Bar No. 24103325

        HACKER STEPHENS LLP
        108 Wild Basin Road South, Suite 250
        Austin, Texas 78746
        (512) 399-3022
        heather@hackerstephens.com
        andrew@hackerstephens.com

**ATTORNEYS FOR RELATOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on June 29, 2022, causing electronic service on all counsel of record

        */s/ Raymond C. Winter*
        **RAYMOND C. WINTER**
        Chief, Civil Medicaid Fraud Division