# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF SCHEDULE**

The State of Texas and Relator Alex Doe ("Plaintiffs") submit this Response in Opposition to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., and

Planned Parenthood Federation of America, Inc.'s ("PPFA") Motion for Extension of Schedule. Dkt. 107. Plaintiffs oppose this request and respectfully ask that this Court deny Defendants' Motion for Extension of Schedule, maintaining the current Scheduling Order.

## INTRODUCTION

The Parties agreed to the Scheduling Order in this case. Dkt. 56 at 4 ("If Defendants' Motion to Stay is denied, Defendants join Plaintiffs in proposing the deadlines proposed below."). When the Court entered the Scheduling Order, it notified the Parties that the Order would only be modified by a showing of good cause and the trial date would only be moved with a showing of "exceptional circumstances." Dkt. 72 at 2, 11. Defendants' request for a four-month extension should be denied. Since the inception of this case, Defendants have attempted to delay virtually every deadline. Delay in this matter would significantly prejudice Relator, the State and federal and state taxpayers. Defendants have not established "good cause" or "exceptional circumstances" for their requested extension. Accordingly, Defendants' motion should be denied.

## PROCEDURAL HISTORY

Defendants mischaracterize the procedural history of this case attempting to justify another delay. Relator filed the Complaint on February 5, 2021. Dkt. 2. The State filed its Compliant in Intervention on January 6, 2022. Dkt. 22. In response to the State's Complaint in Intervention, the Defendants requested an extension of time to answer. Dkt. 35. The court granted the Defendants an extension to answer until

February 14, 2022. Dkt. 40. Defendants filed motions to dismiss on February 14, 2022. Dkt. 49, 51. The parties had their Rule 26(f) conference on February 23, 2022 and thus could have served discovery after that date. Plaintiffs were prepared to proceed with discovery, but Defendants requested the Court stay discovery until their Motions to Dismiss were decided. *See* Dkt. 57. The Court denied Defendants' Motion to Stay Discovery. Dkt. 59. This Court denied Defendants' Motions to Dismiss on April 29, 2022. Dkt. 69. On May 11, 2022, the Court entered the Scheduling Order. Dkt. 72. On May 16, counsel for Defendants emailed Plaintiffs' counsel stating that they intended to seek an extension of the schedule, and Plaintiffs' counsel stated their opposition. Defendants then filed a Motion for Reconsideration of the Motions to Dismiss on May 24, 2022, repeating arguments already argued at length in their Motions to Dismiss. *See* Dkt. 82, 95.

Defendants waited until May 26, 2022 to serve their subpoena on federal HHS. Texas and Relator served discovery requests to all Defendants on May 27, 2022. The Affiliate Defendants served discovery requests on Texas on June 1, 2022 and June 3, 2022. On June 2, 2022, Relator served discovery requests on PPFA. PPFA served discovery requests on both Texas and Relator on June 3, 2022. PPGC served discovery requests on Relator on June 13, 2022. Relator served a third set of discovery requests to PPFA and second requests to the Affiliate Defendants on June 16, 2022. The Affiliate Defendants served a subpoena on Louisiana on June 21, 2022. During a meet-and-confer call on June 21, 2022, Defendants' counsel again stated that they wanted an extension and Plaintiffs' counsel again stated their opposition. Defendants

3

waited until June 27, 2022 to file the instant motion seeking a four-month extension of the scheduling order, including an extension of the trial date. *See* Dkt. 107. Because Defendants' Motion fails to describe "exceptional circumstances" warranting such an extension, Defendants' Motion should be denied. *See* Dkt. 72 at 2.

## ARGUMENT & AUTHORITIES

Before modification of a scheduling order is appropriate, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Sw. Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). In determining whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id.* at 536. Notwithstanding this four-factor test, the court still has the "inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion." *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978) (citing *United States v. Correia*, 531 F.2d 1095, 1098 (1st Cir. 1976)).

Defendants have failed to proffer any "exceptional circumstance" or otherwise show "good cause" to support a four-month extension of the scheduling order, which

would necessarily postpone the agreed-upon trial date. The Scheduling Order specifically prohibits changes to the trial date unless an "exceptional circumstance" exists. Dkt. 72 at 2. The purpose of a scheduling order is to allow the district court to control and expedite pretrial discovery matters. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner. *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994) (citations omitted).

### a. Defendants agreed to the dates in the Scheduling Order.

Defendants justify their request for extension by arguing that the discovery period began in May 2022, which shortened the discovery period. Dkt. 107 ¶ 1. But if this period was shortened, it was at Defendants' own request, as they insisted discovery not begin until the motions to dismiss were ruled upon. Regardless of that request to stay, Defendants agreed to the discovery period in the Scheduling Order. Dkt. 56 at 4. Given the narrow issues in this case, Plaintiffs do not anticipate the need for the parties to exchange voluminous sets of documents. For example, Plaintiffs designated only one expert witness. Dkt. 116. Defendants also have not identified which factual allegations or legal claims, if any, require additional time to investigate. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009) (plaintiffs' counsel failed to explain how the complexities of the case warranted an extension where plaintiffs' counsel twice agreed to discovery deadlines now considered unreasonable). The discovery period in this case ends on September

30, 2022, which gives the Defendants ample time to respond to the State's very limited discovery requests. Dkt. 72.

### b. Defendants' overbroad discovery requests do not form an adequate basis to justify the extension.

Defendants have since served the State and Relator's counsel with numerous requests for production, interrogatories, and requests for admission. To date, Defendants have served 56 requests for production of documents and 34 interrogatories on the Relator, and 66 requests for production, 31 interrogatories, and 129 requests for admission on the State. Most are wholly outside the bounds of relevant information in this case. By contrast, Texas has propounded 9 requests for production and 4 interrogatories to each defendant entity. Relator has propounded 17 requests for production and 5 interrogatories on Defendants. While Defendants have served "[e]xtensive [d]iscovery [r]equests," Plaintiffs are diligently meeting discovery deadlines and complying with the Court's Scheduling Order. *See* Dkt. 107 at 10. Many of Defendants' requests relate to issues irrelevant to this case. Defendants' own overly broad discovery requests should not form the basis for an extension.

### c. Defendants have more than adequate counsel to satisfy the deadlines.

Defendants' large team of qualified lawyers should be able to prepare this case for trial within the limits of the Scheduling Order. Defendants collectively have filed 10 Notices of Appearance of Counsel and/or Motions for Pro Hac Vice with the court. *See* Dkts. 34, 37, 84, 96, 97, 98 and 99. Defendants' additional complaint that one of PPFA's new lawyers has a conflict with the trial date is likewise not "good cause" for

a four-month extension of the Scheduling Order dates, including the trial date. *See Anthony Agee v. City of McKinney, et al*, 593 F. App'x 311 (5th Cir. 2014) (upholding district court's denial of extension of time due to lawyer's health issues because other lawyers working on the case could step in to meet deadline). Here, as in *Agee*, Defendants have an adequate number of attorneys available to meet the deadlines. Moreover, the trial date was already set and agreed to by PPFA before their new counsel made an appearance. PPFA should not have retained an attorney who could not comply with the deadlines PPFA already agreed to.

Defendants also point to outstanding issues with respect to the entering a protective order and an electronically stored information (ESI) order. Dkt. 107. Neither is cause for delay. The Parties' briefing concerning the terms of a protective order is currently before the Court, and Plaintiffs do not expect that the Defendants' proposed ESI order will require briefing or further involvement from the Court.

### d. Unnecessary third-party discovery from the federal government cannot justify the delay of the entire case.

Furthermore, Defendants' concern that third party discovery is continuing is not applicable to a claim or defense in this case and does not provide "exceptional circumstances" warranting an extension. Dkt. 72 at 2; Dkt. 107 ¶ 2. First, Defendants have not identified which documents or communications federal HHS possesses that correlate to any factual allegation or legal claim in this case, nor how they are so critical that they warrant an extension of the entire schedule. Second, even if the information Defendants seek from HHS is critical to Defendants' defense, Defendants knew or reasonably should have known that at the time they agreed to the Scheduling

7

Order, which provides no excuse for an extension now. If Defendants do not have the documents they requested from federal HHS within four months, they will likely ask this Court for yet another extension. But the Court should not allow Defendants to make the timeline and resolution of this case hinge on third-party discovery with the federal government—particularly when Defendants fail to identify what documents are allegedly necessary to their defense.

### e. Delay would be prejudicial.

An extension of the Scheduling Order would result in prejudice to Plaintiffs. The extension of the Scheduling Order would burden Plaintiffs by adding four more months of expense while delaying the recovery of taxpayer dollars.

"It is well established that the district court is entitled [to] manage its court room and docket." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996). Allowing Defendants to delay this process would reward them with four months of additional discovery while unfairly punishing Plaintiffs who have made efforts to limit the issues in this case and have worked to refine and limit the discovery they have propounded.

Moreover, Plaintiffs are proceeding toward a reasonably prompt resolution of this case as state and federal taxpayer dollars—Medicaid dollars—are involved. Extending the Scheduling Order would result in added litigation and actual costs to Plaintiffs. For the foregoing reasons, Defendants have failed to meet their burden of establishing good cause for the requested extension, and their motion should be denied.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for Extension of Schedule.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

/s/ Raymond Charles Winter
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
State Bar No. 24097834

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325

>HACKER STEPHENS LLP
>108 Wild Basin Road South, Suite 250
>Austin, Texas 78746
>(512) 399-3022
>andrew@hackerstephens.com
>heather@hackerstephens.com
>
>**Attorneys For Relator**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on July 6, 2022, causing electronic service on all counsel of record.

                                      */s/ Raymond Charles Winter*
                                      **Raymond Charles Winter**