IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America *ex rel.* ALEX DOE, Relator, § § § § § The State of Texas *ex rel.* ALEX DOE, Relator, § § § § The State of Louisiana *ex rel.* ALEX DOE, Relator, § § § § § Plaintiffs, § § v. § § Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., § § § § § § § § § § Defendants. § | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:     July 8, 2022 |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF SCHEDULE

With the discovery process at this point underway for only approximately one month, no party or third party has produced discovery in earnest, no party has noticed a deposition, and the parties' dispute regarding confidentiality is still pending. Defendants' efforts to obtain discovery from the federal government (Dkt. 106) has already required motion practice (not yet fully briefed), and another motion will be required if Louisiana does not produce documents by the upcoming July 11, 2022 subpoena response date. Finally, the sole expert disclosed to date—Plaintiffs' purported damages expert—expressly states that he anticipates supplementing and revising his

1

opinions once he has access to discovery, i.e., he will want a do-over in a few months once the discovery record is formed. That same expert opines, however, that Defendants could be liable for *up to more than $2 billion in penalties*.

In light of the foregoing, it would be highly prejudicial to require Defendants to litigate these couldn't-be-higher stakes with insufficient time to develop even a limited record on which to defend themselves against Plaintiffs' staggering claims. For example, Defendants' August 1, 2022, expert-disclosure deadline is looming approximately three weeks away, and Defendants do not even have the beginnings of a discovery record on which an expert could opine. A modest, four-month extension of the schedule would ensure that all parties have a reasonable amount of time during which to obtain highly relevant discovery, depose witnesses on that record, and develop expert discovery. The current schedule is not tenable.

Plaintiffs' arguments to the contrary take a cramped and legally unsupported view of what qualifies as relevant discovery. Indeed, their insistence that the current schedule is tenable hinges on their apparent assumption that this Court will find that despite their decision to pursue these sweeping claims, Plaintiffs are required to produce nearly no documents, and Defendants must proceed through expert discovery and summary judgment without a reasonable opportunity to obtain document and testimonial evidence relating to their defenses. Plaintiffs' refusal to engage in meaningful discovery will result in additional motions practice and only further delay getting discovery to Defendants so they can take depositions and develop additional support for their defenses.

Moreover, Plaintiffs' refrain that Defendants "agreed" to this schedule is simply wrong. As Defendants showed in their opening brief, the schedule that they proposed at the beginning of

the year assumed that discovery would commence promptly and did not account for the several-month adjournment that followed.

Finally, Plaintiffs' unsupported claim that a modest four-month extension would prejudice them is fatally flawed. Courts routinely hold that delay alone is not a sufficient basis to withhold relief where justified. Given these "exceptional circumstances," good cause exists to extend the schedule.

## ARGUMENT

### I. Defendants Have Worked Diligently to Advance the Case

Contrary to Plaintiffs' hollow arguments, Defendants have worked diligently to advance this case. *See* Motion for Extension of Schedule at 5 [Dkt. 107]. Since filing that motion, Defendants have continued to press for discovery as described below.

#### A. Party Discovery is Ongoing and Will Require Motions Practice

A protective order regarding confidential information has not yet been entered, and the parties' discovery deadlines have been stayed. Order at 2 [Dkt. 102]. Relatedly, a stipulated order regarding the production of electronically stored information and hard copy documents also has not been entered because Defendants continue to wait for a response from Plaintiffs to the draft proposed by Defendants on June 21, 2022. Ex. O, Supplemental Declaration of Tirzah Lollar ("Lollar Supp. Decl.") ¶ 8.

After receiving written discovery responses from Texas that were riddled with objections and refusals to respond, Defendants met and conferred with Plaintiffs regarding the scope of discovery on July 6 and July 7, 2022. *Id.* at ¶ 4. During the conferences, Plaintiffs largely refused to produce discovery on topics critically important to Defendants' defenses to Relator's FCA

3

claims, such as materiality under *Escobar* and falsity. *Id.*[1] Barring a substantial change of Texas's position on these issues, Defendants will be forced to file motions to compel discovery from Texas in accordance with the Scheduling Order. *Id.* Relator has yet to serve written responses to Affiliate Defendants' discovery requests, but his comments on July 6 and 7 and responses to Planned Parenthood Federation of America, Inc. ("PPFA")'s discovery requests suggest that motions practice will be required for Relator to produce the discovery to which the Defendants are entitled. *Id.*[2] For their part, Plaintiffs have requested meet and confers with Defendants next week regarding Defendants' discovery responses and suggested that they, too, may have issues they wish to bring to the Court's attention. *Id.* ¶ 5. Briefing on such respective motions would not be complete until mid to late-August, leaving only about one month remaining in the current discovery period. *Id.* at ¶¶ 4-5.

### B.     Third Party Discovery is Ongoing and Has Required Motions Practice

As the Court is aware, Defendants filed a motion to compel production of documents from the U.S. Department of Health & Human Services ("HHS") on June 27, 2022. *See* Motion to Compel [Dkt. 106]. Since the filing of that motion, neither HHS nor the Center for Medicaid and

---

[1] Plaintiffs incorrectly contend that Defendants have not identified which factual allegations or legal claims require additional time to investigate. Pls.' Response at 5 [Dkt. 117]. To the contrary, Defendants have provided Plaintiffs and the Court with many examples of the factual allegations and legal claims that Defendants need time to investigate. *See, e.g.,* Defs.' Mot. for Extension at 10-16 (describing discovery sought from parties and third parties and justification for the same) [Dkt. 107]; Defs.' Mot. to Compel at 2-4, 8-13 [Dkt. 106] (describing discovery sought from HHS and CMS and justification for the same). Moreover, the case on which Plaintiffs rely (Pls.' Resp. at 5) [Dkt. 117], *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009), is inapposite. There, plaintiffs' counsel claimed, "that the discovery period Plaintiffs agreed to was unrealistic given the complexity of the issues" without "explain[ing] how the complexities of the case warrant an extension or *why he agreed on two occasions to discovery deadlines that he felt were unreasonable*." *Id.* (emphasis added). Defendants I agreed to the current discovery deadlines.

[2] Defendants will of course review Relator's discovery responses upon receipt, meet and confer in good faith, and resort to motions practice only if the parties are unable to resolve their disputes.

4

US 172161333v5

Medicare Services ("CMS") has produced additional documents beyond their initial production from June 15, 2022. *Id.* at 5-6; Lollar Supp. Decl. ¶ 2. Briefing on this motion to compel will not be complete until July 18, 2022.

To date, Planned Parenthood Gulf Coast, Inc. ("PPGC") has not received *any* response or documents from the Louisiana Department of Health in response to PPGC's June 17, 2022 subpoena. *Id.* ¶ 3. If Louisiana does not produce responsive documents, Defendants will need to move to compel production from Louisiana as well.

    **C.    Expert Discovery is Underway Although Document Discovery Has Barely Begun**

Because the parties did not begin discovery until after the Scheduling Order was issued on May 11, 2022, and due to the other discovery issues discussed above, the parties have had to begin expert discovery without the benefit of even basic discovery. *Id.* ¶ 6. Plaintiffs disclosed a damages expert on July 1, 2022, who asserts that Defendants could be liable for more than $2 billion in penalties. He expressly reserves the right to supplement his opinions once discovery is produced,[3] and discloses for the first time an enormous volume of Medicaid claim data that Texas and Relators apparently obtained for his use *ex parte*. *Id*. This data was provided to Defendants for the first time on July 1 and over the July 4 holiday weekend. *Id*. Defendants are moving quickly to identify and retain an expert to review this voluminous data and prepare an adequate expert report by the current August 1, 2022 deadline. *Id*. Three weeks, however, is a wholly unreasonable amount of time in which to review and analyze such a large volume of data, identify and engage an expert to analyze it, and draft reliable scientific opinions based on the data. Even if Defendants could identify an expert who can do all those things in such a truncated amount of

---

[3] Given Plaintiffs' refusal to agree to a modest extension of the schedule, Defendants reserve the right to object to any subsequent effort to supplement these opinions.

time, he or she would still be opining on a grossly incomplete discovery record. The current schedule will thus inevitably result in additional motion practice regarding the permissibility of additional and supplemental expert reports and the need for multiple rounds of expert depositions. If expert deadlines are extended until basic fact discovery can occur--the usual sequencing of fact and expert discovery--supplemental reports and second depositions would not be necessary.

At the same time, Defendants are working to engage experts critical to their defense. *Id.* ¶ 7. The work of these experts is substantially hamstrung by the lack of discovery from Plaintiffs, the government, and Louisiana. *Id*. Absent a change to the schedule, Defendants' experts will have to caveat their reports as based on documents currently available and reserve their rights to supplement should additional relevant discovery be produced. *Id*. That would not be so in the typical case where significant document discovery and fact depositions take place well before the parties are required to prepare and produce expert reports. Indeed it has been Defendants' counsel's experience that in FCA cases, discovery is often bifurcated into a period for fact discovery, followed by a period for expert discovery. *Id*. Here, the reverse is true under the current schedule with fact discovery *following* expert discovery.

## II.   Defendants Must Be Permitted to Obtain Discovery Sought that is Relevant and Proportional to the Needs of the Case

Defendants have previously described the importance of the discovery they are seeking to take in this case and will not repeat that discussion here. *See, e.g.,* Defs.' Mot. For Extension at 10-16 (describing discovery sought from parties and third parties and justification for the same) [Dkt. 107]; Defs.' Mot. To Compel at 2-4, 8-13 [Dkt. 106] (describing discovery sought from HHS and CMS and justification for the same). But as discussed above, the parties have a fundamental disagreement about the proper scope of discovery, and motions practice will be required. For example, Texas has claimed it is only required to produce discovery relevant to its claim under

Section 36.002(12) of the Texas Medicaid Fraud Prevention Act (Lollar Supp. Decl. ¶ 4), even though it joined this suit filed by Relator in which he is pursuing claims both under the federal False Claims Act and *two other provisions* of the Texas Medicaid Fraud Prevention Act (Sections 36.002(2) and (4)) (Compl. ¶¶ 123-126).  It is axiomatic that Texas is required to produce discovery relevant to Defendants' defenses to Relator's claims brought in the same suit.  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding *any nonprivileged matter* that is *relevant to any party's claim or defense* and proportional to the needs of the case….") (emphasis added).

While Relator seems to acknowledge that he must produce discovery relevant to his FCA and state law claims, he is taking an improperly limited view of what discovery is relevant to those claims.  Lollar Supp. Decl. ¶ 4.  For example, both Plaintiffs stated during the July 7, 2022 meet and confer that they do not believe Plaintiffs are required to produce discovery regarding how Texas has treated similarly-situated Medicaid providers that were terminated from Medicaid, or to provide discovery on whether any terminated Medicaid provider was required to repay amounts that had been previously reimbursed.  *Id*.  This is core FCA materiality evidence that *Escobar* says Defendants are entitled to receive.  *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 178, 195 ("if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, and has signaled no change in position, that is *strong evidence that the requirements are not material*") (emphasis added).  Defendants must be permitted sufficient time in the schedule to meet and confer with Plaintiffs regarding these issues and if those efforts are unsuccessful, to seek and obtain the Court's intervention and then take additional fact discovery as needed.

### III. Plaintiffs Will Suffer No Prejudice by the Modest Extension Defendants Seek

Plaintiffs have not identified any meaningful prejudice that they will suffer as a result of the modest extension sought and do not even attempt to address Defendants' argument that delay alone does not justify denial of a motion. Defs.' Mot at 18-19 [Dkt. 107]. That is because the "four more months of expense," Pls.' Resp. at 8 [Dkt. 117]—most of which Plaintiffs would have to incur anyway, just on an accelerated schedule—pales in comparison to the enormous harm Defendants would suffer if they are forced to defend potential $2 billion case on a barebones record. Defendants will suffer significant prejudice if the modest extension is not granted. They need a fair chance to take discovery when facing the FCA's "essentially punitive" regime of treble damages and per-claim penalties. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 784-85; *see also U.S. ex rel. Sheldon v. Allergan Sales, LLC*, 24 F.4th 340, 350 (4th Cir. 2022), *reh'g granted*, 2022 WL 1467710 (4th Cir. May 10, 2022).[4] Indeed, Plaintiffs apparently concede that the amount of time available for discovery in this case is half the length of the average discovery period in this Court and in FCA cases in this Circuit. Defs.' Mot. at 17 [Dkt. 107].

---

[4] Plaintiffs blithely suggest that Defendant PPFA should be required to proceed to trial without its lead trial counsel. Pls.' Resp. at 6-7 [Dkt. 117] (*citing Agee v. City of McKinney, Tex.*, 593 Fed. Appx. 311 (5th Cir. 2014). The *Agee* case has no relevance here. There, the Fifth Circuit found the trial court did not abuse its discretion in denying a motion to extend a *briefing* deadline *after* the party had already missed the deadline. 593 Fed. Appx. at 314. And Plaintiffs do not respond at all to Affiliate Defendants' concern that their lead counsel is currently scheduled for trial in another FCA case starting on March 20, 2023, with a final pretrial conference scheduled for March 6, 2023, that would likely conflict with trial currently set in this case. Defs.' Mot. to Extend at 17-18 [Dkt. 107].

## **CONCLUSION**

Defendants respectfully request that this Court grant Defendants' Motion for Extension of Schedule, and adopt the dates proposed by Defendants' in Exhibit N to that Motion (Dkt. 107-14).

Dated: July 8, 2022	Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By	/s *Tirzah S. Lollar*
CRAIG D. MARGOLIS (admitted *pro hac vice*)
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR (admitted *pro hac vice*)
Tirzah.Lollar@arnoldporter.com
CHRISTIAN D. SHEEHAN (admitted *pro hac vice*)
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-6000
Fax: (202) 942-5999

CHRISTOPHER M. ODELL
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Affiliate Defendants*

**O'MELVENY & MEYERS LLP**

*/s Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Tel: (972) 360-1900
Fax: (972) 360-1901

LEAH GODESKY (admitted *pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore Street
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

                                        /s Tirzah S. Lollar
                                        Tirzah S. Lollar

US 172161333v5