# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |

**SUPPLEMENTAL DECLARATION OF TIRZAH S. LOLLAR**

I, Tirzah S. Lollar, declare as follows:

1.I am an attorney in good standing of the bars of Virginia and the District of Columbia, and a partner in the law firm of Arnold and Porter Kaye Scholer LLP ("Arnold & Porter"), which is counsel to Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), and Planned Parenthood San Antonio, Inc. ("PPSA")

1

(collectively, "Affiliate Defendants") in the above-captioned action. I have been admitted *pro hac vice* in this case. Dkt. 98. I submit this Supplemental Declaration in support of Defendants' Motion for Extension of Schedule and Affiliate Defendants' Motion to Compel production of documents by the U.S. Department of Health and Human Services.

**Discovery from HHS and CMS**

2. Defendants have received no additional documents or information from the U.S. Department of Health & Human Services ("HSS") or Centers for Medicare & Medicaid Services ("CMS") since the filing of the motion to compel filed by the Affiliate Defendants (Dkt. 106) and the motion to extend filed by Defendants (Dkt. 107).

**Discovery from Louisiana**

3. Defendant PPGC has received no documents or other response to the subpoena PPGC served on the State of Louisiana on June 20, 2022. Ex. G. The return date on the subpoena is July 11, 2022.

**Party Discovery**

4. On July 1 and 5, 2022, Texas served written responses to requests for production, interrogatories, and requests for admission propounded by Defendants. On July 6 and 7, 2022, the parties met and conferred regarding the Texas's objections specifically and the scope of discovery more broadly. During the conferences, Plaintiffs largely refused to produce discovery on topics critically important to Defendants' defenses to Relator's FCA claims, such as materiality under *Escobar* and falsity. For example, Texas has claimed it is only required to produce discovery relevant to its claim under Section 36.002(12) of the Texas Medicaid Fraud Prevention Act. Barring a substantial change of Texas's position on these issues, Defendants will be forced to file motions to compel discovery from Texas in accordance with the Scheduling Order. Relator has

yet to serve written responses to Affiliate Defendants' discovery requests, but his comments on July 6 and 7 and responses to Planned Parenthood Federation of America, Inc. ("PPFA")'s discovery requests suggest that motions practice will be required for Relator to produce the discovery to which the Defendants are entitled. Finally, both Plaintiffs stated during the July 7, 2022 meet and confer that they do not believe Plaintiffs are required to produce discovery regarding how Texas has treated similarly-situated Medicaid providers that were terminated from Medicaid, or to provide discovery on whether any terminated Medicaid provider was required to repay amounts that had been previously reimbursed. Briefing on any motions Defendants are required to file to obtain discovery from Plaintiffs would not be complete until mid- to late-August.

5.      In addition, Plaintiffs have requested meet and confers with Defendants next week regarding Defendants' discovery responses and suggested that they, too, may have issues they wish to bring to the Court's attention. Briefing on such a motion would not be complete until mid- to late-August.

**Expert Discovery**

6.      Because the parties did not begin discovery until after the Scheduling Order was issued on May 11, 2022, and due to the other discovery issues discussed above, the parties have had to begin expert discovery without the benefit of even basic discovery. On July 1, 2022, Plaintiffs disclosed a damages expert who asserts that Defendants could be liable for more than $2 billion in penalties. In his report, Plaintiffs' damages expert purports to reserve the right to supplement his opinions once discovery is produced, and discloses for the first time an enormous volume of Medicaid claim data that Texas and Relators apparently obtained for his use *ex parte*. This data was provided to Defendants for the first time on July 1 and over the July 4 holiday

3

weekend. Defendants are moving quickly to identify and retain an expert to review this voluminous data and prepare an adequate expert report by the current August 1, 2022 deadline.

7. Concurrently, Defendants are working to engage experts critical to their defense. The work of these experts is substantially hamstrung by the lack of discovery from Plaintiffs, the government, and Louisiana. Absent a change to the schedule, Defendants' experts will have to caveat their reports as based on documents currently available and reserve their rights to supplement should additional relevant discovery be produced. In contrast to the current schedule here, it has been Defendants' counsel's experience that in FCA cases, discovery is often bifurcated into a period for fact discovery, followed by a period for expert discovery.

## Stipulation and Proposed Order Regarding Production of Electronically Stored Information and Hard Copy Documents

8. As of the time of filing, neither Relator nor Texas have responded to Defendants' draft stipulation and proposed order regarding production of electronically stored information and hard copy documents sent to Relator and Texas on June 21, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2022.

_____
Tirzah S. Lollar