IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF TEXAS, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF LOUISIANA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>          Plaintiffs, §<br>§<br>v. §<br>§<br>PLANNED PARENTHOOD §<br>FEDERATION OF AMERICA, INC., §<br>PLANNED PARENTHOOD GULF §<br>COAST, INC., PLANNED §<br>PARENTHOOD OF GREATER §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD SOUTH §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD CAMERON §<br>COUNTY, INC., PLANNED §<br>PARENTHOOD SAN ANTONIO, §<br>INC., §<br>§<br>          Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S MOTION TO COMPEL DISCOVERY RESPONSES**

Relator Alex Doe and the State of Texas assert claims against Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and PPFA's Texas and Louisiana affiliates ("PPFA Affiliates"). PPFA moved to dismiss the claims against it on the ground that it does not directly participate in Texas and Louisiana Medicaid

and cannot be held liable for the actions and alleged violations by the PPFA Affiliates. The Court denied PPFA's motion to dismiss. Plaintiffs' claims against PPFA are based on allegations that PPFA exercises significant oversight and control over the business and operations of the PPFA Affiliates, including their enrollment and participation in Medicaid, and can therefore be held liable for violations of the False Claims Act, Texas Medicaid Fraud Prevention Act, and Louisiana Medical Assistance Program Integrity Law. Relator served discovery requests on PPFA aimed at PPFA's control, oversight, participation, and knowledge of the PPFA Affiliates business and operations, including Texas and Louisiana Medicaid.

PPFA has refused to produce the requested documents and unilaterally imposed limitations on the documents and information that Plaintiffs are entitled to discover in this lawsuit. The documents and information sought by Plaintiffs goes directly to the allegations against PPFA in Plaintiffs' complaints and may be offered at trial by Plaintiffs to prove PPFA's liability. In light of the parties' agreement to complete all discovery in this case by September 30, 2022, the Court should compel PPFA to answer Relator's requests and produce the requested documents and information within ten (10) days.

## DISCOVERY AT ISSUE[1]

On May 27, 2022, Relator served PPFA with Relator's First Requests for Production. *See* Ex. A. On June 2, 2022, Relator served PPFA with Relator's Second

---

[1] Relator's First Requests for Production are attached as Exhibit A, and PPFA's objections and responses thereto are attached as Exhibit B. Relator's Second Requests for Production are attached as Exhibit C, and PPFA's objections and responses thereto are attached as Exhibit D.

Requests for Production. *See* Ex. C. PPFA served objections and responses to Relator's First Request for Production on June 27, 2022. *See* Ex. B. PPFA served objections and responses to Relator's Second Request for Production on July 5, 2022. *See* Ex. D. PPFA's objections demonstrate their complete disregard for the fact that the Court denied PPFA's motion to dismiss and that PPFA is therefore obligated to produce the documents Relator has requested which are directly relevant to PPFA's liability and the liability of the PPFA Affiliates. On July 11, 2022, counsel for Relator, the State of Texas, and PPFA met and conferred regarding PPFA's objections. PPFA's counsel would not agree to produce all requested documents and communications in PPFA's possession, custody or control.

## LEGAL STANDARD

Pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling a discovery response against another party when the latter has failed to answer an interrogatory submitted under Rule 33 or failed to produce documents requested under Rule 34. See Fed. R. Civ. P. 37(a)(3)(iii)-(iv). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Fath v. Tex. Dep't of Transp.*, No. 1:16-CV-234-LY, 2016 WL 7442870, at *1 (W.D. Tex. Oct. 19, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). The Court should consider the scope of permissible discovery as defined by Rule 26(b)(1), including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

3

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In the event a motion to compel is granted or responses are provided after filing of said motion, a "court *must* . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

**A.  Relator's discovery requests to PPFA seek documents and information that is relevant and discoverable.**

Relator served discovery requests on PPFA seeking documents and communications that are relevant, discoverable, and likely to lead to admissible evidence that Relator may use to prove PPFA's and the PPFA Affiliates' liability at trial. The disputed discovery requests generally fall into two categories.

**1.  Documents and Communications Concerning Texas and/or Louisiana Medicaid.[2]**

Relator has requested that PPFA produce all documents and communications in PPFA's possession, custody or control concerning Texas Medicaid and/or Louisiana Medicaid during the relevant time period. Relator is entitled to discovery of all non-privileged documents in PPFA's possession, custody or control concerning Texas and/or Louisiana Medicaid because those documents may by used at trial to prove (1)

---

[2] *See* Relator's First Requests for Production. Request No. 7 requests all documents and communications concerning Texas and/or Louisiana Medicaid and is the focus of this section of the Motion to Compel.

4

PPFA's role in the PPFA Affiliates' enrollment and participation in Texas Medicaid and/or Louisiana Medicaid; (2) PPFA's knowledge of violations of Texas and/or Louisiana Medicaid rules, regulations, and medical and ethical standards, including the obligation to repay the government Medicaid funds received from Texas Medicaid and/or Louisiana Medicaid; (3) the PPFA Affiliates' knowledge of the obligation to repay the government any overpayment of Medicaid funds; (4) internal PPFA documents and communications demonstrating that PPFA does not act as a separate entity concerning the PPFA Affiliates' participation in Texas Medicaid and/or Louisiana Medicaid; and (5) the financial implications for PPFA and the PPFA Affiliates arising from participation in Texas Medicaid and/or Louisiana Medicaid. Furthermore, PPFA's communications with the PPFA Affiliates concerning Texas Medicaid and/or Louisiana Medicaid are probative of every issue in the case, as PPFA is alleged to set policies and procedures for each of the PPFA Affiliates, including policies and procedures concerning the provision of Medicaid services.

### 2. Documents and Communications Concerning PPFA's Oversight and Control of the PPFA Affiliates' Business and Operations.[3]

Relator has requested that PPFA produce all documents and communications in PPFA's possession, custody or control concerning the PPFA Affiliates' affiliation with PPFA, and PPFA's "support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal

---

[3] *See* Relator's Second Requests for Production. Request Nos. 2 and 3 request documents and communications concerning oversight and control of the PPFA Affiliates and are the focus of this section of the Motion to Compel.

5

requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements" concerning any PPFA Affiliate. PPFA has objected to these requests and refused to produce all requested documents and communications. Relator is entitled to discovery of all non-privileged documents in PPFA's possession, custody or control concerning affiliation with PPFA, including each of the specific categories of documents and information described in the requests, because those documents may be used at trial to prove (1) that PPFA directs and controls the business and operations of the PPFA Affiliates; (2) PPFA exercises significant oversight of the activities of the PPFA Affiliates; (3) PPFA requires the PPFA Affiliates to provide certain medical practices and participate in certain government programs; (4) PPFA requires the PPFA Affiliates to comply with standards and guidelines promulgated and enforced by PPFA; and (5) the significant financial relationship between PPFA and the PPFA Affiliates.

**B.      PPFA's objections to Relator's discovery requests are meritless.**

PPFA objected to providing the documents and communications that Relator requested, other than a few very specific types of documents that are publicly available and/or publicly known to exist. *See* Ex. B at 9, Ex. D at 7-9. PPFA's objection to producing all documents and communications in its possession, custody or control concerning Texas and/or Louisiana Medicaid is meritless. Plaintiffs have alleged that PPFA and the PPFA Affiliates violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew

6

or should have known they were obligated to repay. Plaintiffs allege that PPFA is liable based on its own actions and PPFA's control and oversight of the business and operations of the PPFA Affiliates, including their participation in Texas and Louisiana Medicaid. In light of these allegations and the Court's denial of PPFA's motion to dismiss, there is no basis for PPFA's objection to producing all documents and communications in its possession, custody or control concerning Texas and Louisiana Medicaid. And there is no basis for PPFA's objection to producing all documents and communications in its possession, custody or control concerning PPFA's control and oversight of the PPFA Affiliates. Relator has reasonably limited the scope of this discovery to the time period alleged in Relator's Complaint, the parties to this lawsuit, the Texas and Louisiana Medicaid programs, and Relator's allegations regarding PPFA's control and oversight.

## CONCLUSION

Based on the foregoing, Relator respectfully requests the Court grant the instant motion and compel PPFA to provide full and complete responses to Relator's First Requests for Production and Relator's Second Requests for Production, and to produce to Relator all requested non-privileged documents in PPFA's possession, custody or control within ten (10) days.

Respectfully submitted.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

## CERTIFICATE OF CONFERENCE

On July 11, 2022, in accordance with Local Rule 7.1(b), counsel for Relator certifies that they conferred with counsel for Texas and counsel for Defendant PPFA regarding the relief requested in this motion. Defendant PPFA's counsel Danny Ashby and Justin Chapa stated that PPFA is opposed to producing the documents that are the subject of this motion to compel.

/s/ Andrew B. Stephens
Andrew B. Stephens

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, the foregoing document was filed and served via CM/ECF.

<u>/s/ Andrew B. Stephens</u><br>
Andrew B. Stephens