# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>The State of Texas §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>§<br>The State of Louisiana §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>Planned Parenthood Federation of America, Inc., §<br>Planned Parenthood Gulf Coast, Inc., Planned §<br>Parenthood of Greater Texas, Inc., Planned §<br>Parenthood South Texas, Inc., Planned Parenthood §<br>Cameron County, Inc., Planned Parenthood San §<br>Antonio, Inc., §<br>§<br>    Defendants. §<br>§ | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    June 27, 2022 |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S
RESPONSES AND OBJECTIONS TO RELATOR'S FIRST REQUESTS FOR
PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby submits its responses and objections to Relator Alex Doe's ("Relator") First Requests for Production (the "Requests," and, individually, each "Request") as follows:

1

## PRELIMINARY STATEMENT

The following responses to the Relator's Requests are based solely on PPFA's knowledge as of the date of these responses and are given without prejudice to PPFA's right to produce evidence of any subsequently discovered facts. PPFA reserves the right to supplement and/or amend these responses. No response is an admission regarding relevance or admissibility.

By these responses, PPFA does not intend to waive, and does not waive, in whole or in part, any objection to admitting these responses into evidence. Rather, PPFA intends to preserve, and does preserve, all such objections, including, without limitation, objections based on relevance, foundation, authenticity, or privilege.

## GENERAL OBJECTIONS

In addition to PPFA's specific responses and objections to each Request as provided below, PPFA makes the following general objections with respect to each and every Request set forth below:

1. Privileged information will not be knowingly disclosed. Any disclosure of privileged information in response to any Request is inadvertent and not intended to waive any privileges or protections. As provided for in the Court's May 11, 2022, Scheduling Order, section 6(C), PPFA reserves the right to demand that the Relator return or destroy any privileged information inadvertently produced, including all copies and summaries thereof.

2. PPFA will produce documents based on a good-faith and reasonable review of information sources and document repositories and custodians likely to contain responsive, non-privileged documents.

3. PPFA objects to each and every Request to the extent it seeks information that is within the possession, custody, or control of Defendants other than PPFA, entities that PPFA

2

does not control and within which PPFA is not able to search for documents or communications responsive to these Requests.

4. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by PPFA as to the validity of any claim against, or defense asserted by, PPFA.

5. PPFA's responses to these Requests do not in any way constitute an adoption of the Relator's purported definitions of words or phrases contained in these Requests, including the definitions more specifically objected to below.

## OBJECTIONS TO DEFINITIONS

1. PPFA objects to Relator's definition of "Concerning" because it would render the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will define "Concerning" to mean directly relating to, directly referring to, directly describing, directly evidencing, or directly constituting, as relevant to the subject matter of the current litigation.

2. PPFA objects to Relator's definition of "Defendants" to the extent it would require PPFA to respond to these Requests on behalf of any other Defendant, entities that PPFA does not control and within which PPFA is not able to search for documents or communications responsive to these Requests.

3. PPFA objects to Relator's definitions of "Document" and "documents" because they would result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will define "Document" and "documents" according to the definition stated in Federal Rules of Civil Procedure 34(a)(1)(A),

i.e., "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." PPFA also objects to Relator's definitions of "Document" and "documents" to the extent they purport to require the production of "original" copies, identical copies, and/or all iterations of a document where it would be unduly burdensome to do so. PPFA will conduct a reasonable search for responsive and non-privileged unique, non-cumulative hard-copy documents and electronically stored information in individual custodial email accounts mailboxes and any shared electronic drives locations likely to contain such documents that may exist.

4.  PPFA objects to Relator's definition of "Person" because it renders the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will define "Person" to mean natural persons and legal entities.

5.  PPFA objects to Relator's definition of "Statement" to the extent that it purports to require PPFA to produce identical copies of documents. PPFA further objects to the definition as vague and ambiguous as to statements "otherwise adopted or approved by the person making it."

## OBJECTIONS TO INSTRUCTIONS

1.  PPFA objects to the Instructions as overbroad and unduly burdensome to the extent they call for the production of documents as far back as January 1, 2010. The Instructions seek documents dated more than five years before either Texas or Louisiana even initiated termination proceedings regarding any Defendant's status as a Medicaid provider. Although PPFA is agreeing to reasonably search for and produce January 1, 2010-present

documents (if any) in response to certain of these Requests for Production, PPFA expressly reserves the right to object to such a long time period in connection with other discovery requests.

2. As of the date of these Responses, the Court has not entered a Protective Order, and has stayed the parties' discovery obligations pending entry of a Protective Order. *See* Dkt. 102. PPFA objects to any Request that calls for PPFA to provide confidential or sensitive documents before entry of an adequate Protective Order.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PPFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. Construing the term "Defendants" to mean "PPFA," no documents exist concerning PPFA's provision of services billed to Texas Medicaid, because PPFA does not provide healthcare services or bill claims to Texas Medicaid.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; or (c) the Texas Provider Identification Number of the Defendant

that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PPFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. Construing the term "Defendants" to mean "PPFA," no documents exist concerning claims submitted by PPFA to Texas Medicaid for Fee For Service, because PPFA does not provide healthcare services or submit claims to Texas Medicaid.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PFFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. Construing the term "Defendants" to mean "PPFA," no documents exist concerning PPFA submitting claims through a managed care organization for services provided by PPFA, because PPFA does not does not provide healthcare services or submit claims through managed care organizations.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PPFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. Construing the term "Defendants" to mean "PPFA," no documents exist concerning PPFA's provision of services billed to Louisiana Medicaid, because PPFA does not provide healthcare services or bill claims to Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the

present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PPFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. Construing "Defendants" to mean "PPFA," no documents exist concerning claims submitted by PPFA to Louisiana Medicaid for Fee For Service, because PPFA does not provide healthcare services or submit claims to Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you

received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PPFA objects that this Request is vague and disproportionate to the needs of the case as to PPFA because the Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. The Request also is duplicative of Request No. 3. Construing the term "Defendants" to mean "PPFA," no documents exist concerning PPFA submitting claims through a managed care organization for services provided by PPFA, because PPFA does not does not provide healthcare services or submit claims through managed care organizations.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PPFA objects that this Request (a) is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case as to PPFA, and (b) seeks irrelevant information. The Request purports to seek the production of all documents and communications from a 12-year period that relate in any way for any reason to Texas or Louisiana Medicaid without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this action. The Request also (i) does not differentiate between the six Defendants,

(ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control.

PPFA will conduct a reasonable search for and produce any non-duplicative, non-privileged 2010-present documents exchanged between (i) PPFA and (ii) Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., or Planned Parenthood San Antonio, Inc. (collectively, the "Affiliate Defendants") concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid. Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, using good-faith and reasonable efforts to be complete by August 1, 2022.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

PPFA objects that this Request (a) is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case as to PPFA, and (b) seeks irrelevant information. The Request purports to seek the production of all documents and communications from a 12-year period that relate in any way for any reason to Texas or Louisiana Medicaid without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this action. The Request (i) does not differentiate between the six Defendants, (ii) is

duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control. The Request also is duplicative of Request No. 7.

PPFA will conduct a reasonable search for and produce any non-duplicative, non-privileged 2010-present communications between (i) PPFA and (ii) employees of the State of Texas or the State of Louisiana concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid. Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, using good-faith and reasonable efforts to be complete by August 1, 2022.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

PPFA objects that this Request (a) is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case and, (b) seeks irrelevant information. The Request purports to seek the production of all documents and communications involving any of four individuals with any other person anywhere for any reason from a 12-year period that relate in any way to Texas or Louisiana Medicaid, without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this action. The Request (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants, and (iii) purports to seek from PPFA documents

11

that are not within PPFA's possession, custody, or control. The Request also is duplicative of Request Nos. 7 and 8.

PPFA does not employ, and has no control over, Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton. PPFA will conduct a reasonable search for and produce any non-duplicative, non-privileged 2010-present communications involving Cecile Richards concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid. Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, using good-faith and reasonable efforts to be complete by August 1, 2022.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

PPFA objects that this Request (a) is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case as to PPFA, and (b) seeks irrelevant information. The Request purports to seek 12 years' worth of documents that concern to any degree for any reason any of the six Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position. The Request also (i) does not differentiate between the six Defendants, (ii) is duplicative of the Relator's discovery requests to the other five Defendants,

and (iii) purports to seek from PPFA documents that are not within PPFA's possession, custody, or control.

PPFA will interpret this request to seek documents sufficient to ascertain PPFA's relationship to the Affiliate Defendants (if any) during approximately the time period coinciding with Texas's and Louisiana's efforts to terminate the Affiliate Defendants' Medicaid provider status. PPFA will conduct a reasonable search for and produce non-privileged, final 2014-2021 Form 990s and consolidated financial statements identified by its reasonable search. Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on rolling basis, with all good-faith efforts to ensure that production is complete by August 1, 2022.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

No documents exist concerning payments from any state or federal program that PPFA returned or refunded to the state or federal government between January 1, 2010 to present, because PPFA has not received any state or federal funding during that period.

Dated:   June 27, 2022 **O'MELVENY & MYERS LLP**

*/s/ Leah Godesky*

DANNY S. ASHBY
Texas State Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas State Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on June 27, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s Responses and Objections to Relator's First Requests for Production was served by electronic mail on all counsel of record.

*/s/ Leah Godesky*
