# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>         Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>         Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:      July 5, 2022 |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO RELATOR'S SECOND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby submits its responses and objections to Relator Alex Doe's ("Relator") Second Requests for Production (collectively, "Requests," and, individually, "Request") as follows:

1

**PRELIMINARY STATEMENT**

The following responses to Relator's Requests are based solely on PPFA's knowledge as of the date of these responses and are given without prejudice to PPFA's right to produce evidence of any subsequently discovered facts. PPFA reserves the right to supplement and/or amend these responses. No response is an admission regarding relevance or admissibility.

By these responses, PPFA does not intend to waive, and does not waive, in whole or in part, any objection to admitting these responses into evidence. Rather, PPFA intends to preserve, and does preserve, all such objections, including, without limitation, objections based on relevance, foundation, authenticity, or privilege.

**GENERAL OBJECTIONS**

In addition to PPFA's specific responses and objections to each Request as provided below, PPFA makes the following general objections to the Requests:

1. Privileged information will not be knowingly disclosed. Any disclosure of privileged information in response to any Request is inadvertent and not intended to waive any privileges or protections. As provided for in the Court's May 11, 2022, Scheduling Order, Section 6(c), PPFA reserves the right to demand that the Relator return or destroy any privileged information inadvertently produced, including all copies and summaries thereof.

2. PPFA will produce documents based on a good-faith and reasonable review of information sources and document repositories and custodians likely to contain responsive, non-privileged documents.

3. PPFA objects to each and every Request to the extent it seeks information that is within the possession, custody, or control of Defendants other than PPFA, entities that PPFA

does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

4. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by PPFA as to the validity of any claim against, or defense asserted by, PPFA.

5. PPFA's responses to these Requests do not in any way constitute an adoption of the Relator's purported definitions of words or phrases contained in these Requests, including the definitions more specifically objected to below.

## OBJECTIONS TO DEFINITIONS

1. PPFA objects to Relator's definition of "Concerning" because it would render the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will define "Concerning" to mean directly relating to, directly referring to, directly describing, directly evidencing, or directly constituting, as relevant to the subject matter of the current litigation.

2. PPFA objects to Relator's definition of "Defendants" to the extent it would require PPFA to respond to these Requests on behalf of any other Defendant, entities that PPFA does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

3. PPFA objects to Relator's definitions of "Document" and "Documents" because they would result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will define "Document" and "Documents" according to the definition stated in Federal Rules of Civil Procedure 34(a)(1)(A),

3

i.e., "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." PPFA also objects to Relator's definitions of "Document" and "Documents" to the extent they purport to require the production of "original" copies, identical copies, and/or all iterations of a document where it would be unduly burdensome to do so.  PPFA will conduct a reasonable search for responsive and non-privileged unique, non-cumulative hard-copy documents and electronically stored information in individual custodial email accounts mailboxes and any shared electronic drives locations likely to contain such documents that may exist.

4. PPFA objects to Relator's definitions of "Communication" and "Communications" as overly broad, unduly burdensome, and oppressive.  Relator's definitions would result in a production that is largely irrelevant and not material to the issues in the current litigation.  PPFA also objects to Relator's definitions of "Communication" and "Communications" insofar as they purport to call for the production of communications that have not been memorialized or that are not in PPFA's possession, custody, or control.

5. PPFA objects to Relator's definition of "Person" because it renders the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation.  In responding to the Requests, PPFA will define "Person" to mean natural persons and legal entities.

6. PPFA objects to Relator's definition of "Planned Parenthood Affiliates" to the extent the definition implies or asserts that PPFA exerts any measure of control or direction over Planned Parenthood Gulf Coast, Inc.; Planned Parenthood Greater Texas, Inc.; Planned Parenthood South Texas, Inc.; Planned Parenthood Cameron County, Inc.; Planned Parenthood

4

San Antonio, Inc.; and any or all of their respective representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, representatives, or any other person acting or purporting to act on behalf of the aforementioned entities.  PPFA further objects to this definition to the extent it purports to suggest that any of the aforementioned entities is an agent of PPFA or vice versa.

## OBJECTIONS TO INSTRUCTIONS

1. As of the date of these Responses, the Court has not entered a Protective Order, and has stayed the parties' discovery obligations pending entry of a Protective Order.  *See* Dkt. 102.  PPFA objects to any Request that calls for PPFA to provide confidential or sensitive documents before entry of an adequate Protective Order.

2. PPFA objects to the Instructions as overbroad and unduly burdensome to the extent they call for the production of documents as far back as January 1, 2010.  The Instructions seek documents dated more than five years before either Texas or Louisiana even initiated termination proceedings regarding any Affiliate Defendant's status as a Medicaid provider.  Although PPFA is agreeing to reasonably search for and produce January 1, 2010-present documents (if any) in response to certain of these Requests for Production, PPFA expressly reserves the right to object to such a long time period in connection with other discovery requests, including on the ground that the requested search and collection would be unduly burdensome.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents and communications concerning any agreements between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate, including but not limited to any affiliation agreements, bylaws, contracts, governing documents, and/or other corporate documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. In addition, PPFA objects to this Request to the extent it seeks PPFA's sensitive, confidential, or proprietary business information, or protected health information ("PHI"). PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications that concern in any way any formal or informal "agreement" between PPFA and any Affiliate Defendant entered for any reason during a 12-year period, without regard to whether those documents and communications have anything to do with the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce non-privileged, final 2010-present PPFA bylaws, as well as PPFA's non-privileged, final business-associate documents applicable to the Affiliate Defendants, PPFA's contracts for services with the Affiliate Defendants, and PPFA's revenue-sharing agreements with the Affiliate Defendants. Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, with all good faith efforts to ensure that production is complete by August 5, 2022.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning affiliation with Planned Parenthood Federation of America, Inc. and/or with any other person or entity affiliated with Planned Parenthood Federation of America, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  In addition, PPFA objects to this Request to the extent it seeks PPFA's sensitive, confidential, or proprietary business information, or PHI.  PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period that relate in any way to any unspecified "affiliation" between PPFA and any Affiliate Defendant, without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce (i) 2010-present accreditation-application materials and other accreditation documents for the Affiliate Defendants, and (ii) non-privileged 2010-present communications relating to the accreditation process for the Affiliate Defendants.  Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, with all good-faith efforts to ensure that production is complete by August 5, 2022.

7

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning Planned Parenthood Federation of America, Inc.'s relationship with any Planned Parenthood Affiliate, including but not limited to all documents and communications concerning Planned Parenthood Federation of America, Inc.'s support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements concerning any Planned Parenthood Affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. In addition, PPFA objects to this Request to the extent it (i) seeks PPFA's sensitive, confidential, or proprietary business information, or PHI, or (ii) is duplicative of Request Nos. 1 and 2. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period that relate in any way to any unspecified formal or informal "relationship" between PPFA and any Affiliate Defendant, without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce:

- Non-privileged, final 2010-present PPFA bylaws, as well as PPFA's non-privileged, final business-associate agreements with the Affiliate Defendants, PPFA's contracts for

8

services with the Affiliate Defendants, and PPFA's revenue-sharing documents applicable to with the Affiliate Defendants.

- 2010-present accreditation-application materials and other accreditation documents for the Affiliate Defendants, and non-privileged 2010-present communications relating to the accreditation process for the Affiliate Defendants.

- Non-privileged 2010-present communications between PPFA and the Affiliate Defendants relating to or reflecting any PPFA control over or management of the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid.

Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on a rolling basis, with all good-faith efforts to ensure that production is complete by August 5, 2022.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Texas Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period involving PPFA and any Affiliate Defendant that relate in any way in any context and for any reason to Texas Medicaid, without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this case.

9

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce non-privileged 2010-present communications between PPFA and the Affiliate Defendants concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid.  Under Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce documents on rolling basis, with all good-faith efforts to ensure that production is complete by August 5, 2022.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period involving PPFA and any Affiliate Defendant that relate in any way in any context and for any reason to Louisiana Medicaid without regard to whether such documents and communications have anything to do with the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce non-privileged 2010-present communications between PPFA and the Affiliate Defendants concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Louisiana Medicaid.  Under Federal Rule of

Civil Procedure 34(b)(2)(B), PPFA will produce documents on rolling basis, with all good-faith efforts to ensure that production is complete by August 5, 2022.

Dated: July 5, 2022            **O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*

DANNY S. ASHBY
Texas State Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas State Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

11

## **CERTIFICATE OF SERVICE**

I certify that on July 5, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s Responses and Objections to Relator's Second Requests for Production was served by electronic mail on all counsel of record.

*/s/ Tyler C. Bittner*
