IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | |
| OF AMERICA INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for Extension of Schedule ("Motion") (ECF No. 107). Defendants, Pursuant to Federal Rule of Civil Procedure 16(b)(4), request a four-month extension to the current Scheduling Order. The Court finds the Motion should be and is hereby **GRANTED IN PART**.

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The party seeking relief must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Sw. Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal marks omitted). In examining the appropriateness of amending the scheduling order, a court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of amending the schedule; (3) the potential prejudice in allowing amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. Here, application of these factors results in a close case.

Factors two and three are most relevant in this situation, and they pull in opposite directions. Take factor three. Granting the Motion would potentially prejudice the Plaintiffs.

As Plaintiffs point out: "extension of the Scheduling Order would burden Plaintiffs by adding four more months of expense while delaying the recovery of taxpayer dollars." ECF No. 117 at 8. Therefore, factor three weighs in favor of denying Defendants' Motion.

But factor two merits a decision in Defendants' favor. As emphasized throughout the Motion, False Claims Act cases present complex issues requiring extensive discovery for the parties to effectively proceed through litigation. *See* ECF 107 at 10 (citing *U.S. ex rel. Thomas v. St. Joseph Hospice, LLC*, Civ. A. No. 2:16-CV-143, 2020 WL 1249907, at *4 (S.D. Miss. Mar. 16, 2020)). The Court agrees that discovery in this case "is no exception, given the (i) need to take third-party discovery from the federal government, (ii) critical nature of yet-to-be obtained discovery from Texas and Louisiana, and (iii) limited progress to date with regard to the parties' own document productions." ECF 107 at 10.

Ultimately, factor two tips the scales in Defendants' favor. The Court is particularly mindful of its determination Defendants' Motions to Dismiss constituted "good cause for delay" in issuing a scheduling order. As a result, all parties proceeded from March 7 to May 11, 2022, without serving discovery requests. The Court's May 11, 2022 Scheduling Order largely adopted the schedule the parties proposed in March 2022 and did not account for the delay to discovery. Therefore, the Court finds good cause to grant Defendant's Motion, but only in part. To account for the two-month delay, the Court extends the deadlines contained in the Scheduling Order by approximately **two months**.

Finally, the Court reminds the parties of its "inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," as well as its "inherent power to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal

marks omitted). The Court expects counsel for the parties to zealously advocate on behalf of their clients consistent with the rules of ethics. *See* MODEL RULES OF PROF'L CONDUCT r. 1.3 cmt. (AM. BAR ASS'N 1983). The Court — however — will not tolerate any gamesmanship in discovery or tactics meant to delay the final resolution of this case. Any effort by any party to do so will be met by swift and appropriate sanctions.

### CONCLUSION

The Court **GRANTS IN PART** Defendants' Motion. Deadlines in the Court's Scheduling Order are extended by approximately **two months**. The Court will issue a revised scheduling order with changes to the remaining effected deadlines.

**SO ORDERED.**

July 13, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE