IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED SCHEDULING ORDER

### SUMMARY OF CRITICAL DEADLINES AND DATES

| | |
|---|---|
| Joinder of Parties (¶ 2) | **Only with Leave of Court** |
| Amendment of Pleadings (¶ 3) | **May 13, 2022** |
| Initial Expert Designation & Report (¶ 5(a)) | **July 22, 2022** |
| Responsive Expert Designation & Report (¶ 5(b)) | **September 26, 2022** |
| Rebuttal Expert Designation (¶ 5(c)) | **October 16, 2022** |
| Expert Objections (¶ 5(d)) | **March 20, 2023** |
| Dispositive Motions (¶ 4) | **December 27, 2022** |
| Completion of Discovery (¶ 6) | **November 30, 2022** |
| Pretrial Disclosures and Objections (¶ 7) | **March 15, 2023** |
| Pretrial Materials (¶ 8) | **March 31, 2023** |
| Exchange of Exhibits (¶ 8(c)) | **April 10, 2023** |
| Pretrial Conference (¶ 10) | **Aril 14, 2023 at 10:00 a.m.** |
| Trial Date (¶ 1) | **April 24, 2023 at 9:00 a.m.** |

### SCHEDULING INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except

as modified herein), the Court, having considered the status report submitted by the parties, finds

that the following schedule should govern the disposition of this case. Unless otherwise ordered

or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

The Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes the parties **thoroughly** discussed scheduling issues prior to submitting their status report and that the parties understand the deadlines imposed in this order are firmly in place, absent the few exceptions set forth below.

### 1. Trial Date

This case is set for trial on this Court's three-week civil trial docket beginning **April 24, 2023, at 9:00 a.m.** Counsel and parties shall be ready for trial on three days' notice at any time during this three-week period, unless the Court orders otherwise.[1] The trial date will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Northern District of Texas Local Civil Rule 40.1.

### 2. Joinder of Parties

The Parties' proposed deadline of April 1, 2022, for Joinder of Parties has passed. The Court will not consider a motion for the joinder of any additional parties unless the parties move for leave and show good cause.

### 3. Amendment of Pleadings

By **May 13, 2022**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. To the amended complaint, the amending party shall attach a redlined version of the complaint specifying any changes. After the

---

[1] The Court usually schedules its criminal trials to begin the first Tuesday of every month, and those trials, if any, are usually completed within one week. If the criminal docket is clear by **February 27, 2023**, the Court expects to begin trial on that date. When the Court knows a definite trial date, it will notify the parties.

date specified in this paragraph, a party may only amend the pleadings by leave of court upon a showing of good cause. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline.

### 4. Dispositive Motions

All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **December 27, 2022**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table of authorities. *See* N.D. Tex. Rs. 56.3, 56.5(b). The party filing a dispositive motion must — in a separate section at the beginning of the brief — identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court within **three business days**.

### A. *Dispositive Motion Evidence*

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record

materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

### B. *Number of Dispositive Motions*

No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. R. 56.2(B). If a motion for summary judgment is timely filed, the Court may establish a summary-judgment briefing schedule by separate order. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* N.D. Tex. R. 56.7. Cross-motions for summary judgment shall not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

### 5. Experts

A. **Initial Designation of Experts:** Unless otherwise stipulated or directed by court order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **July 22, 2022**.

B. **Responsive Designation of Experts:** Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **September 26, 2022**.

C. **Rebuttal Experts:** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party and no later than **October 16, 2022**.

D. **Challenges to Experts:** Objections to the qualifications or competency of experts — sometimes referred to as *Daubert* motions — must be made in a written motion filed by no later than **March 20, 2023**.

### 6. Completion of Discovery

By **November 30, 2022**, all discovery — including discovery concerning expert witnesses — shall be completed. The parties may agree to extend this discovery deadline, provided (a) the extension does not affect the trial setting, dispositive-motions deadline, or pretrial-submission dates; and (b) the parties give written notice of the extension to the Court. A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions. The Court expects the parties to work in good faith to resolve discovery disputes.

A. *Motion to Compel Discovery or Protective Order*

Any motion to compel discovery or for a protective order must be filed by 15 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-of-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed by 15 days after the discovery response at issue was served or due to be served.

B. *Motion to Quash or Protective Order Relating to Deposition*

Any motion to quash or for protective order relating to a deposition that is filed less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

C. *Attorney-Client Privilege and Work-Product Protection*

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information — whether

inadvertent or otherwise — is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### 7.  Pretrial Disclosures and Objections

Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by **March 15, 2023**. With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript they intend to use. Identification should be done by highlighting the relevant testimony. Parties' highlights should be specific to the relevant testimony only. Before **March 15, 2023**, a party must serve and file a list disclosing any objections, together with the grounds therefor, to (a) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and (b) the admissibility of materials identified under Rule 26(a)(3)(A)(iii). The list must identify the nature

of the objection. Each objection must identify the specific portion of the exhibit object to and explain in detail the basis of the objection. Other than exhibits on file with the Court, the objecting party must attach the materials at issue to the objections. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause.

Counsel — or the party if not represented by counsel — must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial order and pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

### 8. Pretrial Materials

A. **Pretrial Order:** A joint pretrial order shall be submitted by the Plaintiff's attorney by **March 31, 2023.** The pretrial order shall address each matter listed in Local Rule 16.4 and state the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings. The proposed pretrial order must be transmitted to the electronic address used for receipt of proposed orders, Kacsmaryk_Orders@txnd.uscourts.gov.

B. **Witness List:** Each party must file a list of witnesses who may be called by each party in its case in chief by **March 31, 2023.** Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable or possible. The witness list should also state whether the witness will offer testimony as an expert, record custodian, or fact witness. If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

C. **Exhibit List and Deposition-Testimony Designations:** A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial shall be filed by each party by **April 10, 2023.** The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list shall be accompanied by a written statement, signed by counsel for each party, and shall state that, as to each exhibit shown on the list, either (i) the

7

parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, **specifically** identifying the nature and legal basis of any objection and the objected-to portions of the exhibit as well as the name of the objecting party or parties. All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been filed timely. In addition, objections not adequately identified in the statement may be waived. A list of each party's exhibits to which no objection will be lodged (pre-admitted) must be submitted at the pretrial conference. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

Counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel at least 14 days before trial and shall deliver a set of marked exhibits to the Amarillo Division's Clerk's Office, marked to the attention of Judge Kacsmaryk's chambers. Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench — the Court prefers each binder to contain no more than approximately 300 pages.

D. **Jury Charge:** The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than **April 14, 2023**. The parties shall simultaneously email the agreed charge and verdict form in Word format to Kacsmaryk_Orders@txnd.uscourts.gov. Counsel for Plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document, but, if no plaintiff is represented by counsel, counsel for Plaintiff must assume this responsibility.

All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions. The Court advises the parties to rely, wherever possible, on United States Supreme Court and/or Fifth Circuit authority and pattern instructions or relevant state-law authority and pattern instructions.

The Court expects the parties to engage — in person, by telephone, or via video teleconference — in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in **boldface**. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal positions regarding the disputed portions of the

8

joint proposed jury charge and verdict form. If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions or questions must be filed with the Clerk of Court as soon as reasonably possible and simultaneously emailed in Word format to Kacsmaryk_Orders@txnd.uscourts.gov.

E. **Voir Dire:** Voir dire will be conducted initially by the Court, with each party being allotted **twenty (20) minutes** for supplementary voir dire. Parties must submit any requested voir dire questions to Kacsmaryk_Orders@txnd.uscourts.gov no later than **the pretrial conference**. Depending on need, the Court may provide a written questionnaire for the jury pool to answer. Additionally at voir dire, the parties will be provided a "Juror Chart" with the venire panel members plotted by venireperson, in order, with the name, occupation, age, and marital status of each venireperson printed on each space provided.

F. **Motions in Limine:** Motions in limine must be filed with the Court and served on the opposing party by **March 24, 2023**. Motions in limine must contain both discrete topics that are actually in dispute and supporting legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) for each topic. Motions in limine are subject to good faith compliance with the conference requirements of Local Rule 7.1 — this conference will help the parties narrow issues and determine the topics that are actually in dispute.

Boilerplate requests that are not tailored to a case-specific matter will not be tolerated. Parties may not raise an issue in a motion in limine in an effort to obtain a substantive ruling that should have been requested in advance of trial by appropriate motion.

Responses must be filed with the Court and served on the opposing party by **March 31, 2023**. Responses must contain legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that supports the respondent's position.

Replies to responses are due **April 10, 2023**.

If no topics are disputed after the Rule 7.1 conference, the parties must file a joint advisory with the Court by **March 28, 2023**. The joint advisory must confirm that the parties engaged in a Rule 7.1 conference in good faith, no disputed topics exist, and a motion in limine is unnecessary.

G. **Trial Briefs:** A short trial brief, not to exceed 5 pages (excluding any table of contents and table of authorities), is **required** of each party and shall be filed by **April 14, 2023**. The trial briefs should briefly explain and address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

H. **Trial Binders:** No later than by 5:00 p.m., on **April 14, 2023**, each party shall deliver to the Court, after allowing an inspection by the opposing party, a three-ring, tabbed trial binder that contains: (1) a table of contents, (2) all attorney's contact information,

(3) witness lists, (4) exhibit lists, (5) relevant pretrial motions and orders expected to be addressed during trial, (6) the Joint Proposed Jury Charge, (7) relevant bench briefs and caselaw, (8) the trial brief, (9) any motions in limine, and (10) any other relevant documents that will assist the Court and the parties during trial.

The exhibits that will be sent to the Amarillo Division Clerk's Office in a separate binder, as stated in subsection "8c" of this order, should not be included in the trial binder.

The binders must be three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled as "Trial Binder — [Party Name]". The parties should make sure that the size of the trial binders is not overly cumbersome for the Court to utilize on the bench — the Court prefers each binder to contain no more than approximately 300 pages.

**9. Pretrial Conference**

A pretrial conference will be held at **10:00 a.m.** on **April 14, 2023**. During the pretrial conference, the Court will discuss, ascertain, and finalize the *time limits* on the presentation of evidence that will likely reduce the parties' estimated trial length — and the Court's methodology for tracking and enforcing the *time limits* on a daily basis. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. FED. R. CIV. P. 16 (c)(1) & (e). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The Court will hear and *decide* objections on exhibits. At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket. Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial to counsel or Court staff.

**10. Modification of the Scheduling Order**

This order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause — even if the motion is agreed or unopposed.

**11. Trial Procedures**

Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Civil Rule 83.4 governs the conduct of counsel at trial.

Each party is responsible for keeping track of which exhibits are admitted during trial, for conferring with opposing counsel on a consolidated list, and for submitting the list as a table of contents to accompany the exhibits to the jury room and to file of record in the case. If the parties have electronic evidence they intend to admit as exhibits and send to the jury room, the parties must bring the necessary equipment to view it in the jury room.

**12. Compliance with this Order**

Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**SO ORDERED**.

July __13__, 2022

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE