IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | |
| OF AMERICA INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Relator Alex Doe and Plaintiff State of Texas's ("Plaintiffs") Motion for Entry of Protective Order ("Motion") (ECF No. 101), filed on June 23, 2022. The Court **GRANTS IN PART** Plaintiffs' Motion and **ADOPTS** Plaintiffs' proposals. Because parties continued conferring as the Court considered the Motion, parties must submit a joint proposed protective order for the Court's approval **on or before 5:00 p.m. (CDT) on July 20, 2022**. The joint proposed protective order must comply with this Order.

### BACKGROUND

Plaintiffs and Defendants agree the Court should issue a protective order. But parties disagree about the specifics of such an order. First, Plaintiffs argue Defendants' proposed "Confidential Health Information" designation is overbroad. *See* ECF No. 101 at 3–4. Plaintiffs therefore propose an alternative designation. *Id.* Second, Plaintiffs assert Defendants' proposed language would allow Defendants to redact information they unilaterally deem confidential. Plaintiffs also assert Defendants want to unduly limit who may view certain information based on a "Confidential Attorney Eyes Only" designation. *See id.* at 4–6. Plaintiffs contend some

information Defendants seek to redact may be relevant to this lawsuit. *Id.* Third, Plaintiffs claim Defendants' proposed period to challenge a designation is too long. *See id.* at 6–7.

After Plaintiffs filed the Motion, parties continued to confer. ECF No. 103 at 2. Plaintiffs have since withdrawn their proposal to create a separate "Confidential Health Information" designation. *Id.* And Defendants have now "agreed to Plaintiffs' language on the deadline to file motions relating to challenged designations." *Id.*

ANALYSIS

Three issues remain before the Court. First, whether "individually identifiable health information" and "protected health information" should be designated "Confidential Attorney Eyes Only." *Id.* Second, whether names of persons not publicly identified as Planned Parenthood employees should be protected on a "Confidential Attorney Eyes Only" basis. *Id.* And third, whether a party *receiving* a document produced in discovery may designate the document as confidential if it falls within the scope of the protective order. *Id.* The Court will address each remaining issue in turn.

### 1. Whether Certain Patient-Identifying Information Should Be Designated "Confidential Information" or "Confidential Attorney Eyes Only"

Plaintiffs propose "individually identifiable health information" and "protected health information" be redacted before publicly filing any document containing such information. ECF No. 101 at 5. Defendants — by contrast — request documents containing such information be redacted pre-production and that such documents be designated "Confidential Attorney Eyes Only." ECF No. 103 at 3. The parties agree these two categories of information should be redacted in public court filings. *Id.* at 3 n.1.

The Health Insurance Portability and Accountability Act ("HIPAA") defines "individually identifiable health information" and "protected health information." 45 C.F.R. § 160.130. Parties adopt those definitions. HIPAA states:

> A covered entity may use or disclose protected health information in the course of any judicial or administrative proceeding [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.

*Id.* § 164.512(e)(1)(i). Courts often require parties to disclose HIPAA-protected information when relevant to the claims at issue. *See, e.g., Booth v. City of Dallas*, 312 F.R.D. 427, 434 (N.D. Tex. 2015); *Daywalker v. Univ. of Tex. Med. Branch at Galveston*, No. 3:20-CV-00099, 2021 WL 4099827, at *1–2 (S.D. Tex. Sept. 9, 2021).

This case concerns alleged healthcare fraud. Plaintiffs allege Defendants "received reimbursements in the amount of approximately $10 million for services delivered on and between February 1, 2017, through March 12, 2021." ECF No. 22 at 6. Defendants deny they received $10 million during this time period. ECF No. 80 at 8. Plaintiffs contend "[p]roving the amount Texas Medicaid reimbursed Defendants during this period will require, at a minimum, production and use of Medicaid claims data rife with [protected health information]." ECF No. 115 at 3; *see also* ECF No. 101 at 5–6. The Court agrees. *See, e.g., U.S. ex rel. Stewart v. La. Clinic*, No. 99-1767, 2002 WL 31819130, at *9 (E.D. La. Dec. 12, 2002). The Court finds the protections proposed by Plaintiffs adequately address Defendants' concerns.

Parties may designate "individually identifiable health information" and "protected health information" as "Confidential Information," but may not designate such information as "Confidential Attorney Eyes Only" unless expressly allowed by the latter designation. Parties may not use acronyms to refer to persons mentioned in produced documents or otherwise redact "individually identifiable health information" or "protected health information" pre-production.

Furthermore, the Court **ADOPTS** Plaintiffs' proposed "Confidential Attorney Eyes Only" designation and definition. *See* ECF 101 at 6.

### 2. Whether Names and Identifying Information of Persons Not Publicly Identified as Planned Parenthood Employees Should Be Protected on a "Confidential Attorney Eyes Only" Basis

Plaintiffs argue Defendants must, on a case-by-case basis, use unredacted names of non-publicly identified Planned Parenthood employees. ECF No. 115 at 6. Plaintiffs further argue such information should not be covered by the "Confidential Attorney Eyes Only" designation. *Id.* at 4. Defendants seek to produce "the names of Planned Parenthood employees who are not already publicly identified as such . . . on an 'Attorneys' Eyes Only' basis." ECF No. 103 at 5. Defendants also ask that such employees' names be "redacted from any public filing." *Id.*

"Judicial records belong to the American people; they are public, not private documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "What transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947)). Courts have protected identities of individuals in cases where there is particularized evidence regarding specific threats to the persons seeking anonymity. *See, e.g.*, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

To avail themselves of redaction, Defendants must articulate "particular and specific demonstration[s] of fact" supporting allegations of harm. *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360-DCG, 2021 WL 3272211, at *6 (W.D. Tex. July 30, 2021). Although Defendants provided two anonymized declarations, those declarations do not support *blanket redaction* of the names and other identifying information of Defendants' employees. *See* ECF Nos. 103-3, 103-4. The adopted "Confidential Attorney Eyes Only" designation will protect persons not publicly

identified as Planned Parenthood employees at this stage of the litigation. Individual security concerns will be addressed by the Court on a case-by-case basis.[1]

### 3. Whether a Receiving Party May Designate a Document "Confidential Information"

Plaintiffs argue the producing party should be the only party able to label a document "confidential." Defendants argue the receiving party should also be given this opportunity. Defendants assert Plaintiffs might "decide to not designate information as confidential" that "fairly falls within the scope of the Order." ECF No. 103 at 9.

The Court will sanction any party that fails to properly designate "confidential" information. Accordingly, a joint proposed protective order should only allow the producing party to designate material as "confidential."

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiffs' Motion and **ADOPTS** Plaintiffs' proposals. Parties must submit a joint proposed protective order for the Court's approval **on or before 5:00 p.m. (CDT) on July 20, 2022.** The joint proposed protective order must comply with this Order.

**SO ORDERED.**

July 13, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Defendants argue "[b]asic fairness also dictates that if the Relator's name merits protection from public disclosure. . . . so, too, do the names of non-publicly-identified Planned Parenthood staff who are not even parties to this litigation." ECF No. 103 at 8. The Court looked at Relator's *individual* circumstances when redacting Relator's name. *See* SEALED ECF No. 12. A case-by-case analysis of non-publicly identified Planned Parenthood staff's security concerns will afford such persons the same protection as Relator.