# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | Date:     June 1, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FIRST SET OF INTERROGATORIES TO THE STATE OF TEXAS
BY DEFENDANTS PLANNED PARENTHOOD GULF COAST, INC., PLANNED
PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD OF SOUTH
TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., AND
PLANNED PARENTHOOD SAN ANTONIO, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. propound to the State of Texas the following First Set of Interrogatories. These

Requests are deemed to be continuing as to the State of Texas. If the State of Texas subsequently learns of additional information and/or documents responsive to these Requests, it is required to supplement any responses. The requested responses are to be provide in writing, under oath, within the time provided by law.

### **Definitions**

1. The terms "Texas," "you," and "your" refer to the government of the State of Texas; any agency, office, division, or department of the Texas Government, including but not limited to the Texas Health & Human Services Commission, Texas Office of the Inspector General, Texas Attorney General's Office, Texas Department of State Health Services, and the Texas Department of Public Safety; and any attorneys, agents, representatives (including any auditors or investigators hired by the Texas Government) acting or purporting to act on its behalf.

2. The term "Relator" refers to Relator, Alex Doe, his agents, legal representatives, or anyone purporting to act on the named Relator's behalf.

3. The term "Planned Parenthood Defendants" refers to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") and Planned Parenthood Federation of America, Inc. ("PPFA").

4. The term "Affiliate Defendants" refers to Defendants PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

5. The term "Relator's Complaint" refers to Relator's Complaint filed on February 5, 2021.

6. The term "Texas's Complaint" refers to Texas's Complaint filed on January 6, 2022.

US 171950822v3

7.  The term "Center for Medical Progress" refers to the entity headquartered in Irvine, California, including all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

8.  The term "Center for Medical Progress videos" refers to videos related to any Planned Parenthood Defendant or other Planned Parenthood entity created by the Center for Medical Progress and/or currently or previously posted to the website of the Center for Medical Progress and/or Center for Medical Progress's YouTube Channel from 2013 to the present.

9.  The terms "Person" and "Persons" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

10. The term "Government" refers to the government of the United States of America; any agency, office, or military branch of the U.S. Government; and any attorneys, agents, representatives (including any auditors or investigators hired by the U.S. Government) acting or purporting to act on its behalf.

11. The term "Louisiana" refers to the government of the State of Louisiana; any agency, office, division, or department of the Louisiana Government, including but not limited to the Louisiana Department of Health; and any attorneys, agents, representatives (including any auditors or investigators hired by the Louisiana Government) acting or purporting to act on its behalf.

12. The term "Medicaid" refers to the federal Centers for Medicare & Medicaid Services administered Medicaid program and any officers, officials, employees, agents, attorneys, or

US 171950822v3

other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

13. The term "Texas Medicaid" refers to the State of Texas administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

14. The term "Louisiana Medicaid" refers to the State of Louisiana administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

15. The term "generally accepted medical standards" has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016.  Relator's Compl. [Dkt. 2] Ex. C.

16. The term "fetal tissue procurement" and has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016.  Relator's Compl. [Dkt. 2] Ex. C (referring to Planned Parenthood's alleged "policy of agreeing to procure fetal tissue, potentially for valuable consideration, even it means altering the timing or method of abortion" and Planned Parenthood's alleged "misrepresentation about [its] activity related to fetal tissue procurements").

17. The term "Medicaid's free choice of provider requirement" refers to the requirement for a state plan to allow a beneficiary to obtain Medicaid services from any institution, agency, pharmacy, person, or organization, including family planning services, that is qualified to furnish services and willing to furnish them to that particular beneficiary. *See* 42 CFR § 431.51.

18. The term "including" shall mean "including, but not limited to."

19. The term "overpayment" has the meaning as used in Paragraphs 17 and 40 of the Texas Complaint.

US 171950822v3

20. The term "Grace Period" refers to the thirty-day period granted by Texas Health and Human Services Commission to Planned Parenthood through February 3, 2021, referenced in Texas's Complaint.  Tex. Compl. ¶ 6.

21. The term "the Media" refers to any news organization or mass media organization, including print, internet, television, radio, or other media.

22. "Documents" as used herein shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda, tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature.

23. The terms "relate to," "related to," "relating to," and "concerning" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A

5

document may "relate to" or an individual or entity without specifically mentioning or discussing that individual or entity by name.

24. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

25. The terms "rely," "relied," and "relied upon" shall refer to all information that in any way served as the basis for Texas's allegations, including any information that, in whole or in part, confirmed, supported, influenced, shaped, or contributed to Texas's knowledge of the allegations made in Texas's Complaint, or otherwise was considered by Texas in asserting the allegations made in Texas's Complaint.

26. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written, and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

27. "Identify" or "state the identity of" shall mean to state all dates, names of all persons with knowledge, descriptions of the knowledge of each person, and descriptions of all documents relating to your response. In addition:

  o In the case of meetings or communications, to state the date of the communication or meeting, and all persons present.

  o In the case of invoices or payments, to state the invoice amounts, invoice dates, payment amounts, payment dates, descriptions of services performed, credits

6

relating to the invoice or payment, and any amendments, modifications, revisions, or recalculations of any invoices or payments.

o   In the case of a person, to state the full name; home and business address and telephone numbers; employer or business affiliation; and occupation and business position held.

o   In the case of a company, to state the name; if incorporated, the place of incorporation; the principal place of business; and the identity of the person(s) having knowledge of the matter with respect to which the company is named.

o   In the case of a partnership, to state its principal address and the name and resident address of each general partner.

o   In the case of a document, to state the identity of the person(s) who prepared it; the sender and all recipients; the title or a description of the general nature of the subject matter; the date of preparation; the date and manner of distribution and publication; the location of each copy; the bates-number(s), if applicable; the identity of the present custodian; and the identity of the person(s) who can identify it.

o   In the case of an act or event, to state a complete description of the act or event; when it occurred; where it occurred; the identity of the person(s) performing said act (or omission); the identity of all persons who have knowledge, information or belief about the act; when the act, event, or omission first became known; the circumstances; the manner in which such knowledge was first obtained; and the documents or other writings which memorialize the instance.

28. "Describe in detail" shall mean to identify any document or communication concerning the item in question and to provide a complete, factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the item in question.

## Instructions

1. These Interrogatories are continuing in character, so as to require you to file supplemental responses if you obtain further or different information after the date upon which you provided your Response(s).

7

2. Please note that all answers are to be made separately and fully, and that an incomplete or evasive answer is a failure to answer. When an Interrogatory calls for an answer in more than one part, please separate the parts in your answer accordingly so that each part is clearly set out and understandable.

3. If you have only incomplete knowledge of the answer to an Interrogatory, please answer to the extent of your knowledge and state specifically the portion or area of the Interrogatory of which you have only incomplete knowledge, and identify the person who does or persons who do have, or might have, additional knowledge or information to complete the answer.

4. For each Interrogatory, please identify the persons from whom the information contained in the answer is obtained, the persons who swear to the truth of that information, and any documents you relied on in formulating your answer.

5. If you object to any Interrogatory or Interrogatory subpart, or otherwise withhold responsive information because of a claim of privilege, work product or other grounds:

   o identify the Interrogatory question and subpart to which objection or claim of privilege is made;

   o state whether the information is found in a document, oral communication, or in some other form;

   o identify all grounds for objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; and

   o identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants.

6. If, in the course of answering any of the Interrogatories, you encounter any ambiguity in construing either the inquiry or a definition relevant to the inquiry, explain what you find to be ambiguous and what construction you used in providing your answer.

7. All uses of the conjunctive in these Interrogatories should be interpreted as including the disjunctive and vice versa. Words in the singular should be read to include words in the plural and vice versa.

8. When an Interrogatory asks about "each of the Planned Parenthood Affiliates" you must provide a response for each of PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

9. Unless otherwise specified, the relevant time period for these Document Requests is 2010 to the present.

10. You are under an affirmative duty to supplement your responses to these Document Requests with documents you may acquire or discover after completing your production, if you learn your response is in some material respect incomplete or incorrect and the additional or corrective information has not been made known to Planned Parenthood.

## Interrogatories

1. Identify each claim for payment submitted by each of the Affiliate Defendants that you contend was submitted in violation of the Texas Medicaid Fraud Prevention Act.  For each claim, state the date of submission; the name of the Affiliate Defendant that submitted the claim; the amount of the claim submitted; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly fraudulent claim.  This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

US 171950822v3

2.   Identify each overpayment received by each of the Affiliate Defendants that you contend Affiliate Defendants were obligated to report and return, but did not.  For each overpayment, identify any associated claim by stating the date of submission of the claim; the name of the Affiliate Defendant that submitted the claim, the amount of the claim; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly fraudulent claim. This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with any associated claims.

3.   For each violation of the Texas Medicaid Fraud Prevention Act that you allege in this case, state the damages that you believe Texas incurred as a result of the conduct you have alleged. Your answer should include a detailed description of how the damages are calculated, the facts supporting your contention that each Planned Parenthood Defendant is liable for those damages, and all persons with knowledge of the foregoing.

4.   Identify and describe in detail the principal and material facts that form the basis for Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid.  Your response should include the basis of your contention that the affiliate: (A) is not qualified to provide medical services under Texas Medicaid, including but not limited to all laws, regulations, policies, agreements, manuals, or other guidance that you contend each of the Planned Parenthood Affiliates violated; (B) engaged in practices that violated generally accepted medical standards, including which generally accepted medical standards you contend were

violated and how they were violated; and/or (C) engaged in misrepresentations about its activity relating to fetal tissue procurements, including identifying any such misrepresentations.

5.  Identify and describe in detail the principal and material facts that form the basis of your contention that PPGT, PPST, PP Cameron County, and PP San Antonio are each "a person that is affiliated with a person who commits a program violation" under 1 Tex. Admin. Code Sec. 371.1703(c)(7) and/or are otherwise not qualified to provide medical services under Texas Medicaid.

6.  State when you were first contacted by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations that any Planned Parenthood Affiliate was improperly engaged in fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement.  Describe in detail the information provided to you by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including but not limited to any documents or other evidence that was provided to you.

7.  Describe in detail your communications with the Government, if any, regarding the qualifications of each of the Planned Parenthood Affiliates to provide Medicaid or Texas Medicaid services, whether each of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether each of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid, and whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement.  Your response should include, but not be limited to, a detailed

US 171950822v3

description of any response from Texas to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Gary Jessee, Associate Commissioner for Medicaid/CHIP, Texas Health and Human Services Commission (attached as Ex. A).

8. Describe in detail all investigations, reviews, or other inquiries conducted by Texas related to Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid.  Your response should identify the persons involved in such investigations, reviews, or other inquiries and describe each person's role in the investigations, reviews, or other inquiries.

9. Identify each person with knowledge of the principal and material facts relevant to the allegations in your Complaint, including but not limited to, your allegations that any of the Planned Parenthood Affiliates are not qualified to provide medical services under Texas Medicaid, whether any of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether any of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, that Texas's decision to terminate each of the Planned Parenthood Affiliates' participation in Texas Medicaid was justified, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017, that each of the Planned Parenthood Affiliates were obligated to repay to Texas Medicaid dollars it received in reimbursements, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017.  Your response should describe the facts about which each person has knowledge.

US 171950822v3

10. Identify the sources of all information underlying your allegations in this case and for each source, describe what Texas learned from that source, state when Texas received information from and/or consulted the source, and identify any documents the source showed Texas, provided to Texas, or directed Texas to.

11. Describe in detail your views, including the basis for those views, regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

12. Identify every Texas Medicaid provider that Texas has terminated from Texas Medicaid from 2010 to the present. Your response should state the name of the provider, the reason(s) for the termination, the date of the termination, whether Texas requested or required repayment of any Texas Medicaid dollars that had been paid to the provider, and the amounts the provider returned, if any.

13. For every former Texas Medicaid provider (whether affiliated to a Planned Parenthood Defendant or not) whose participation in Texas Medicaid was terminated from 2010 to the present on the basis that the provider was not qualified to provide medical services under Texas Medicaid, engaged in practices that violated generally accepted medical standards; and/or engaged in misrepresentations about its activity relating to fetal tissue procurements, identify the provider by name, state the date of the termination, describe the principal and material facts

that lead to the provider's termination, state whether Texas asked or required the provider to return amounts reimbursed under Texas Medicaid, and state the provider returned, if any.

14. Describe in detail your efforts, if any, to determine whether providers under Texas Medicaid have engaged in fetal tissue procurement that, in your view, might render them unqualified to provide medical services under Texas Medicaid or might violate generally accepted medical standards.  Your response should describe the extent to which Texas Medicaid providers are informed of any such efforts.  Your response should also identify any Texas Medicaid providers identified as a result of these efforts and describe in detail Texas's consideration of potentially terminating such providers, whether such providers were terminated, whether such providers asked or required to repay amounts reimbursed under Texas Medicaid, and the amounts returned, if any.

15. Describe in detail why Texas granted the Grace Period, including but not limited to its basis for its apparent assertion that granting the Grace Period is not inconsistent with its contention in the Texas Complaint that the Planned Parenthood Affiliates were obligated to repay Texas Medicaid dollars that it received during the Grace Period.

16. Describe in detail your view on whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider prior to January 4, 2021, whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider between January 4, 2021 and February 3, 2021, and whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider after February 3, 2021.  Your response should describe the basis for your views regarding the status of each of the Planned Parenthood Affiliates for each of the three time periods.

US 171950822v3

17. Describe in detail why Texas believes that the termination of each of the Planned Parenthood Affiliates from Texas Medicaid does not violate Medicaid's free choice of provider requirement.

15

18. If you deny any of the Requests for Admission issued by any of the Defendants in this case in full or in part, describe in detail the basis for your denial.

*/s/ Tirzah S. Lollar*

Craig D. Margolis
Craig.Margolis@arnoldporter.com
Murad Hussain
Murad.Hussain@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

June 1, 2022

16

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing First Set of Interrogatories to the State of Texas by Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. has been served upon all attorneys of record in this case on this, the 1st day of June, 2022, by electronic email.

_____/s Tirzah S. Lollar_____

17

US 171950822v3