# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| *ex rel.* ALEX DOE, Relator, | § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| The State of Texas | § § § | Date:   June 1, 2022 |
| *ex rel.* ALEX DOE, Relator, | § § § § § | |
| The State of Louisiana | § § § | |
| *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § § § § § § § § § | |
| Defendants. | § § | |

**FIRST SET OF REQUESTS FOR PRODCUTION TO STATE OF TEXAS
BY DEFENDANTS PLANNED PARENTHOOD GULF COAST, INC., PLANNED
PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD OF SOUTH
TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., AND
PLANNED PARENTHOOD SAN ANTONIO, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San

1

Antonio, Inc. propound to the State of Texas the following First Request for Production. The production of documents shall be in accordance with the definitions and instructions below.

These Requests are deemed to be continuing as to the State of Texas. If the State of Texas subsequently learns of additional information and/or documents responsive to these Requests, it is required to supplement any responses.

## Definitions

1. The terms "Texas," "you," and "your" refer to the government of the State of Texas; any agency, office, division, or department of the Texas Government, including but not limited to the Texas Health & Human Services Commission, Texas Office of the Inspector General, Texas Attorney General's Office, Texas Department of State Health Services, and the Texas Department of Public Safety; and any attorneys, agents, representatives (including any auditors or investigators hired by the Texas Government) acting or purporting to act on its behalf.

2. The term "Relator" refers to Relator Alex Doe, his agents, legal representatives, or anyone purporting to act on the named Relator's behalf.

3. The term "Planned Parenthood Defendants" refers to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") and Planned Parenthood Federation of America, Inc. ("PPFA").

4. The term "Affiliate Defendants" refers to Defendants PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

5. The term "Relator's Complaint" refers to Relator's Complaint filed on February 5, 2021.

6. The term "Texas's Complaint" refers to Texas's Complaint filed on January 6, 2022.

7. The term "Center for Medical Progress" refers to the entity headquartered in Irvine, California, including all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

8. The term "Center for Medical Progress videos" refers to videos related to any Planned Parenthood Defendant or other Planned Parenthood entity created by the Center for Medical Progress and/or currently or previously posted to the website of the Center for Medical Progress and/or Center for Medical Progress's YouTube Channel from 2013 to the present.

9. The terms "Person" and "Persons" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

10. The term "Government" refers to the government of the United States of America; any agency, office, or military branch of the U.S. Government; and any attorneys, agents, representatives (including any auditors or investigators hired by the U.S. Government) acting or purporting to act on its behalf.

11. The term "Louisiana" refers to the government of the State of Louisiana; any agency, office, division, or department of the Louisiana Government, including but not limited to the Louisiana Department of Health; and any attorneys, agents, representatives (including any auditors or investigators hired by the Louisiana Government) acting or purporting to act on its behalf.

12. The term "Medicaid" refers to the federal Centers for Medicare & Medicaid Services administered Medicaid program and any officers, officials, employees, agents, attorneys, or

other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

13. The term "Texas Medicaid" refers to the State of Texas administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

14. The term "Louisiana Medicaid" refers to the State of Louisiana administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

15. The term "generally accepted medical standards" has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C.

16. The term "fetal tissue procurement" and has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C (referring to Planned Parenthood's alleged "policy of agreeing to procure fetal tissue, potentially for valuable consideration, even it means altering the timing or method of abortion" and Planned Parenthood's alleged "misrepresentation about [its] activity related to fetal tissue procurements").

17. The term "Medicaid's free choice of provider requirement" refers to the requirement for a state plan to allow a beneficiary to obtain Medicaid services from any institution, agency, pharmacy, person, or organization, including family planning services, that is qualified to furnish services and willing to furnish them to that particular beneficiary. *See* 42 CFR § 431.51.

18. The term "including" shall mean "including, but not limited to."

19. The term "overpayment" has the meaning as used in Paragraphs 17 and 40 of the Texas Complaint.

20. The term "Grace Period" refers to the thirty-day period granted by Texas Health and Human Services Commission to Planned Parenthood through February 3, 2021, referenced in Texas's Complaint. Tex. Compl. ¶ 6.

21. The term "the Media" refers to any news organization or mass media organization, including print, internet, television, radio, or other media.

22. "Documents" as used herein shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda, tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature.

23. The terms "relate to," "related to," "relating to," and "concerning" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A

5

document may "relate to" or an individual or entity without specifically mentioning or discussing that individual or entity by name.

24. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

25. The terms "rely," "relied," and "relied upon" shall refer to all information that in any way served as the basis for Texas's allegations, including any information that, in whole or in part, confirmed, supported, influenced, shaped, or contributed to Texas's knowledge of the allegations made in Texas's Complaint, or otherwise was considered by Texas in asserting the allegations made in Texas's Complaint.

26. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written, and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

## Instructions

1. Furnish all documents and things within the possession, custody, or control of Texas that are responsive to these Requests, including information or items in the possession of their assignees, agents, legal representatives, employees, representatives, attorneys, other personnel thereof, or anyone purporting to act on behalf of Texas.

2. If an objection is made to any request herein, all documents and things responsive to the

request not subject to the objection should be produced. Similarly, if any objection is made to the production of a document, the portion(s) of that document not subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly as such. Otherwise, no communication, document, file, or thing requested should be altered, changed, or modified in any respect. All communications, documents, and files shall be produced in full and unexpurgated form, including all attachments and enclosures either as they are kept in the ordinary course or organized to correspond with those requests.

3. No communication, document, file, or thing requested should be disposed of or destroyed.

4. If you object to any Document Request, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds:

   a. identify the Document Request to which objection or claim of privilege is made;

   b. identify every document withheld; the author, the date of creation, and all recipients;

   c. identify all grounds for objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; and

   d. identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants.

5. Unless otherwise specified, the relevant time period for these Document Requests is 2010 to the present.

6. You are under an affirmative duty to supplement your responses to these Document Requests with documents you may acquire or discover after completing your production, if you learn your response is in some material respect incomplete or incorrect and the

additional or corrective information has not been made known to Planned Parenthood.

**Requests for Production**

1. All documents identified in the Texas Complaint, supporting your allegations in the Texas Complaint, or that you relied on or rely upon in making the allegations in the Texas Complaint, your Rule 26 Initial Disclosures, your March 11, 2022 Opposition to Defendants' Motion to Dismiss Texas's Complaint, and your other filings in this case, including but not limited to, documents substantiating your version of events and showing the manner in which you contend Planned Parenthood benefited or Texas was harmed by the acts or omissions you allege.

2. Documents sufficient to identify what are characterized in your Complaint, your Rule 26 Initial Disclosures, your March 11, 2022 Opposition to Defendants' Motion to Dismiss Texas's Complaint, and your other filings in this case as "claims" that were submitted to Texas for payment, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

3. Transcribed, recorded, or written statements, correspondence, affidavits, or declarations relating to your claims in this case made by any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case, including any documents received from any persons or witnesses relating to your claims in this litigation, or during the course of obtaining these statements, correspondence, affidavits, or declarations.

4. Notes of any conversations related to your claims in this case with any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case.

5. All documents provided to, reviewed by, relied upon, or created by any expert witness for Texas or Relator.

6. All documents and communications between Texas or Relator that relate to compensation for any expert's study or testimony in this case, identify facts or data that Texas or Relator attorney provided and that the expert considered in forming the opinions to be expressed by the expert, and/or identify assumptions that Texas or Relator provided and that the expert relied on in forming the opinions to be expressed in this case.

7. All documents identified in your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

8. All documents you relied on in drafting your responses to Interrogatories or Requests for Admission in this case.

9. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to each of the Planned Parenthood Affiliates' Texas Medicaid status from 2010 to the present.

8

10. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's consideration and decision to terminate any Planned Parenthood Defendant from Texas Medicaid.

11. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's consideration and decision to terminate any Planned Parenthood Defendant from Louisiana Medicaid.

12. All documents relating to or reflecting communications with the Center for Medical Progress and/or Relator from 2013 to present.

13. All documents related to your decision to intervene in Relator Doe's case.

14. All documents relating to or reflecting communications with any staff, attorneys, or investigators for Texas regarding the matters alleged Texas's Complaint, including but not limited to (i) information about any Planned Parenthood Defendant provided to the State of Texas by Relator, (ii) the termination of any Planned Parenthood Defendant from Texas Medicaid, and (iii) the litigation initiated by any Planned Parenthood Defendant regarding its potential termination from Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

15. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the "visit by the Texas Ranger Division of the Texas Department of Public Safety and discussions relating to PPGC's transactions with a researcher who was interested obtaining fetal tissue" as alleged in Paragraph 97 of Relator's Complaint.

16. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any fetal tissue procurement in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or agreed to participate.

17. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the participation or alleged participation of any Planned Parenthood Defendant in any fetal tissue procurement.

18. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether participation or an agreement to participate in any fetal tissue procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid.

19. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Texas's decision to grant the Grace Period to PPGC, PPST, and PPGT.

20. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether each of the Planned Parenthood Affiliates was a Texas Medicaid provider prior to January 4, 2021, whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider between

January 4, 2021 and February 3, 2021, and whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider after February 3, 2021.

21. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to federal court injunctions and/or the effects of federal court injunctions described related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

22. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to state court injunctions and/or the effects of a state court injunction related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

23. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement and why.

24. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the continued participation of any Planned Parenthood Defendant in Louisiana Medicaid.

25. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Texas Medicaid to any Planned Parenthood Affiliate.

26. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

27. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement, or an agreement to engage in fetal tissue procurement, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

28. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked to return amounts reimbursed under Medicaid.

10

29. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your understanding of relationships between affiliated companies under Medicaid, Texas Medicaid, or Louisiana Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider.

30. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your views regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

31. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any Planned Parenthood Affiliate's qualifications to provide services under Medicaid, Texas Medicaid, or Louisiana Medicaid.

32. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's determination that any Planned Parenthood Affiliate is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

33. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's determination that any Planned Parenthood Affiliate is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

34. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to information provided by you to the U.S. Congress related to any Planned Parenthood Defendant from 2015 to present regarding any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or agreeing to participate in fetal tissue procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

35. All communications between Texas and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or

11

Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or an agreement to participate in fetal tissue procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

36. All documents or videos (both edited and unedited) provided to Texas by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf to Texas, including staff, attorneys, or investigators for Texas.

37. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Texas's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos.

38. All communications between Texas and the Media relating to the Center for Medical Progress videos.

39. All communications between Texas and members of the United States Congress (including their staff) related to the Center for Medical Progress videos.

40. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) supporting any claim for damages alleged in Texas's Complaint.

41. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your allegations that Planned Parenthood submitted claims to the United States, Texas, or Louisiana in violation of the Texas Medicaid Fraud Prevention Act.

42. Documents sufficient to identify the Texas Medicaid claims for which Texas Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act; and/or (b) you contend that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

43. Documents sufficient to identify all unpaid Texas Medicaid claims that any Planned Parenthood Defendant presented or caused to be presented to Texas Medicaid from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act; and/or (b) you contend that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

44. Documents sufficient to identify all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which: (a) you have concluded that the Planned Parenthood Defendant has an obligation to repay the claim(s); and/or (b) you contend the Planned Parenthood Defendant has an obligation to repay the claim(s), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

45. Documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the materiality of the alleged participation of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider in fetal tissue procurement or agreement to participate in fetal tissue procurement to the payment of claims to that provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

46. All documents produced to you in response to any subpoena(s) you issue(d) in connection with this matter pursuant to Fed. R. Civ. P. 45.

/s/ *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Murad Hussain
Murad.Hussain@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore

13

US 171950821v4

        Amarillo, TX 79101
        Tel: (806) 371-8333
        Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

June 1, 2022

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing First Set of Requests for Production to the State of Texas by Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. has been served upon all attorneys of record in this case on this, the 1st day of June, 2022, by electronic email.

/s Tirzah S. Lollar