# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § | |
| Defendants. | § § | |

# STATE OF TEXAS'S OBJECTIONS, STATEMENTS OF PRIVILEGES, AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

The State of Texas files these objections, statements of privileges, and Responses to Defendants' First Set of Interrogatories.

## OBJECTIONS

1.    The State objects to the Interrogatories where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 33, other FRCPs, or elsewhere. The State will respond to the Interrogatories in accordance with FRCP 33, other FRCPs, and applicable law.

2.    The State objects to the Interrogatories where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.    The State objects to the Interrogatories where they seek information not within the State's possession, custody, or control.

4.    The State objects to the Interrogatories where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.    The State objects to the Interrogatories where they are not properly limited to an appropriate time period. Answering Interrogatories outside of the Specified Time Period from February 1, 2017 to the present will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Texas claims are only for the time period February 1, 2017 to the present.

6.    The responses made at this time are without prejudice to the State's rights to amend or supplement its responses as appropriate under FRCP 33 or other rules or law.

7.    By answering these Interrogatories, the State does not concede the relevance or admissibility of answers or other information. The State further does not waive, but instead, expressly preserves, the objections here.

8.    The State incorporates by reference the Objections above into the responses set forth below. The failure to repeat any of the Objections above does not waive any Objection to the specific Interrogatory.

9.    The State intends to not produce documents which are privileged under

2

the attorney-client privilege or work-product protection. Any production of documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence (FRE) 502.

10.     The State reserves its rights to object under Texas Government Code 402.004 to any Response to these Interrogatories – or to any response to discovery – being used in this suit, either at trial, in hearings, or otherwise. Texas Government Code 402.004 reads: "An admission, agreement, or waiver made by the attorney general in an action or suit to which the state is a party does not prejudice the rights of the state."

11.     The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

## OBJECTIONS TO DEFENDANTS' DEFINITIONS

1.      **Defendants' Definition 1.** Defendants' definition and use of the terms "Texas," "you," and "your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Interrogatories, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any Interrogatory with the terms as defined by Defendants exceed the scope of the specific claims and issues in this case and therefore makes those Interrogatories objectionable. The Attorney General of Texas brings this suit on behalf of the Texas Medicaid program, which is part of the Texas Health and Human Services Commission ("HHSC"). In this suit, the plaintiff, the "State," does not represent any other agency, office, division, department, program, commission, board, or administrator of the Texas Government, or individuals. Where Defendants use those terms and overbroad definitions of the terms to seek information that is beyond the possession and reasonable control of the Office of the Attorney General as counsel for the HHSC; beyond the possession and reasonable control of the HHSC; or beyond the possession and reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies, the State requests that Defendants show cause as to why such information should be provided. Until such cause is shown, the State will only provide responses to Interrogatories on behalf of the Texas Medicaid Program and within the reasonable control of the Office of the Attorney General as counsel for the HHSC; within the reasonable control of the HHSC; or within the reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies. The State further objects to this definition to the extent its use in an Interrogatory seeks information protected by the attorney-client or work product privileges.

2.      **Defendants' Definition 22.** Defendants' definition of the term "documents" is overly broad, vague, and answering Interrogatories with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any other tangible thing of whatever nature" to the definition of "documents." The State will interpret the term "documents" consistent with FRCP 33 and other applicable FRCPs, rules, and law.

4

3.     **Defendants' Definition 23.** Defendants' definition of the terms "related to," "relating to," and "concerning" is overly broad, vague, and answering Interrogatories with that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "involving in any way whatsoever the subject matter of the request" and "A document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." The State will interpret the terms "related to," "relating to," and "concerning" consistent with applicable FRCPs, rules, law, and common usage.

4.     **Defendants' Definitions 24 and 26.** Defendants' definitions of the terms "communication" and "communications" are overly broad, vague, and answering Interrogatories with those definitions would be unduly burdensome. Defendants' definitions of the terms include "all oral. . . expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons." The State will interpret the terms "communication" and communications" consistent with applicable FRCPs, rules, law, and common usage.

5.     **Defendants' Definition 27.**   Defendants' definitions of the terms "Identify" or "state the identity of" are overly broad, vague, and answering Interrogatories with those definitions would be unduly burdensome. Defendants' definitions of the terms include "state all dates, names of all persons with knowledge, descriptions of the knowledge of each person, and descriptions of all documents relating to your response" plus overbroad requirements for "meetings or communications," "invoices or payments," "persons," "companies," "documents," and "act[s] or event[s]." The State will interpret the terms "Identify" and "state the identity of" consistent with applicable FRCPs, rules, law, and common usage.

6.     **Defendants' Definition 28.** Defendants' definition of "Describe in detail" is overly broad, vague, and answering Interrogatories with that definition would be unduly burdensome. Defendants' definition of the phrase includes: "identify any document or communication concerning the item in question and to provide a complete, factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the item in question." The State will interpret the phrase "Describe in detail" consistent with applicable FRCPs, rules, law, and common usage.

5

**OBJECTIONS TO DEFENDANTS' INSTRUCTIONS**

1.     The State objects to all of Defendants' Instructions which exceed the requirements of FRCP 33, or other applicable Rules or law. The State will answer these Interrogatories as required by FRCP 33, and other applicable Rules and law.

2.     The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

Designated discovery in this case has not been completed.

The State is ready to confer or attempt to confer, in good faith, to resolve any disputes related to objections, claims of privilege, or other matters.

6

## INTERROGATORIES

1.      Identify each claim for payment submitted by each of the Affiliate Defendants that you contend was submitted in violation of the Texas Medicaid Fraud Prevention Act. For each claim, state the date of submission; the name of the Affiliate Defendant that submitted the claim; the amount of the claim submitted; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly fraudulent claim. This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and is therefore in large part irrelevant. The State's Complaint has no allegations the Defendants "submitted claims" that were "fraudulent" in violation of the TMFPA, therefore this Interrogatory is irrelevant.**

**ANSWER:**

**Without waiving its Objections, Texas does not allege that the Defendants submitted claims to Texas in violation of the TMFPA. Rather, Texas alleges that Defendants failed to repay money to the State of Texas that they were obligated to repay. Defendants were paid for delivering Texas Medicaid services to Texas Medicaid patients during a time window when Defendants were not eligible Texas Medicaid providers. The TMFPA unlawful act giving rise to the Texas suit is the obligation Defendants had to repay money that Defendants were paid for services delivered when they were not eligible Texas Medicaid providers. TMFPA § 36.002(12). For further information about the amounts of those payments *see* Expert reports and claims data. The burden of deriving or ascertaining any**

7

**relevant answers to this Interrogatory is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

2.      Identify each overpayment received by each of the Affiliate Defendants that you contend Affiliate Defendants were obligated to report and return, but did not. For each overpayment, identify any associated claim by stating the date of submission of the claim; the name of the Affiliate Defendant that submitted the claim, the amount of the claim; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly fraudulent claim. This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with any associated claims.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in the State's Complaint in Intervention and is therefore irrelevant. The State's Complaint alleges that the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The Complaint has no allegations the Defendants "submitted claims" that were "fraudulent" in violation of the TMFPA, therefore this Interrogatory is irrelevant.**

**ANSWER:**

**Without waiving its Objections, Texas does not allege that the Defendants submitted claims to Texas in violation of the TMFPA. Rather, Texas alleges that Defendants failed to repay money to the State of Texas that they were obligated to repay. Defendants were paid for delivering Texas Medicaid services to Texas Medicaid patients during a time window when Defendants were not eligible Texas Medicaid providers. The TMFPA unlawful act giving rise to this Texas suit is the obligation Defendants had**

8

**to repay money that Defendants were paid for services delivered when they were not eligible Texas Medicaid providers. TMFPA § 36.002(12). For further information about the amounts of those payments *see* Expert reports and claims data. The burden of deriving or ascertaining any relevant answers to this Interrogatory is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

3.      For each violation of the Texas Medicaid Fraud Prevention Act that you allege in this case, state the damages that you believe Texas incurred as a result of the conduct you have alleged. Your answer should include a detailed description of how the damages are calculated, the facts supporting your contention that each Planned Parenthood Defendant is liable for those damages, and all persons with knowledge of the foregoing.

**OBJECTIONS:**

**Not Relevant. The remedies the State is entitled to in this TMFPA case are not "damages." *See In re Xerox*, 555 S.W.3d 518, 534 (Tex. 2018) (holding that "[c]onstruing the [TMFPA] as a whole" it "employs a penalty scheme" rather than an "action for the recovery of damages"); *Nazari v. State*, 561 S.W.3d 495, 502 (Tex. 2018) (citing *Xerox*, 555 S.W.3d at 534). This Interrogatory, asking the State to "state damages" is asking for inapplicable, and irrelevant information.**

**ANSWER:**

**Without waiving its Objections, Texas is not seeking damages here under its allegations of unlawful acts under the TMFPA. The State is seeking all available remedies under the TMFPA, which do not include damages. This remedies model is detailed in our Expert reports.**

4.      Identify and describe in detail the principal and material facts that form the basis for Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid. Your response should include the basis of your contention that the affiliate: (A) is not qualified to provide medical services under Texas Medicaid, including but not limited to all laws, regulations, policies, agreements, manuals, or other guidance that you contend each of the Planned Parenthood Affiliates violated; (B) engaged in practices that violated generally accepted medical standards, including which generally

accepted medical standards you contend were violated and how they were violated; and/or (C) engaged in misrepresentations about its activity relating to fetal tissue procurements, including identifying any such misrepresentations.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The "termination of each of the Planned Parenthood Affiliates" is not an issue in this case. That issue was decided as a matter of law when the Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. This question, therefore, asks for information that is irrelevant to any of the State's claims or to defenses to the State's claims in this case.**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case.**

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

5.      Identify and describe in detail the principal and material facts that form the basis of your contention that PPGT, PPST, PP Cameron County, and PP San Antonio are each "a person that is affiliated with a person who commits a program violation" under 1 Tex. Admin. Code Sec. 371.1703(c)(7) and/or are otherwise not qualified to provide medical services under Texas Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas**

10

Medicaid. The "commission of program violations" is not an issue in this case. That issue, and the ensuing termination of the Defendants, was decided as a matter of law when the Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. This question, therefore, asks for information that is irrelevant to any of the State's claims or to defenses to the State's claims in this case.

Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case.

**ANSWER:**

The State stands on its Objections and will not answer this Interrogatory.

6.      State when you were first contacted by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations that any Planned Parenthood Affiliate was improperly engaged in fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement. Describe in detail the information provided to you by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including but not limited to any documents or other evidence that was provided to you.

**OBJECTION:**

Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. When the "Relator, the Center for Medical Progress, or third parties" first contacted the State, and "fetal tissue" are not relevant to the State's claims or to defenses to the State's claims in this case.

**STATEMENT OF PRIVILEGES:**

Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into when Texas was first contacted by "Relator,

11

The Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations" of "fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement" asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," and "you."

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into when Texas was first contacted by "Relator, The Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations" of "fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement" especially with its overbreadth, asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**ANSWER:**

**The State stands on its Objections and Statement of Privileges and will not answer this Interrogatory.**

7.    Describe in detail your communications with the Government, if any, regarding the qualifications of each of the Planned Parenthood Affiliates to provide Medicaid or Texas Medicaid services, whether each of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether each of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, Texas's termination of each of the Planned Parenthood Affiliates from Texas

Medicaid, and whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement. Your response should include, but not be limited to, a detailed description of any response from Texas to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Gary Jessee, Associate Commissioner for Medicaid/CHIP, Texas Health and Human Services Commission (attached as Ex. A).

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Neither Defendants' "qualifications" and possible "misrepresentations," "generally accepted medical standards," "fetal tissue," Defendants' terminations from Texas Medicaid, nor "Medicaid's free choice of provider requirement" are relevant to the State's claims or to defenses to the State's claims in this case.**

**Lacking specificity. It is unclear what the term "the Government" means in this Interrogatory which is directed to the State, which is a "Government."**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**Overbroad. This request is overbroad because of the objectionably very broad definition of "your" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into "your communications with the Government" "regarding" Defendants': "qualifications to provide**

13

Medicaid or Texas Medicaid services," engaging "in practices that violated generally accepted medical standards" and misrepresentations about "fetal tissue procurements,"  Texas's termination of Defendants, and "whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement" asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "your."

Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into "your communications with the Government" "regarding" Defendants': "qualifications to provide  Medicaid or Texas Medicaid services," engaging "in practices that violated generally accepted medical standards" and misrepresentations about "fetal tissue procurements," Texas's termination of Defendants, and "whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement," especially with its overbreadth, asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

**The State stands on its Objections and Statement of Privileges and will not answer this Interrogatory.**

8.      Describe in detail all investigations, reviews, or other inquiries conducted by Texas related to Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid. Your response should identify

the persons involved in such investigations, reviews, or other inquiries and describe each person's role in the investigations, reviews, or other inquiries.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Defendants' terminations from Texas Medicaid, is not relevant to the State's claims or to defenses to the State's claims in this case.**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into "all investigations, reviews, or other inquiries conducted by Texas related to Texas's termination" asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "Texas."**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into "all investigations, reviews, or other inquiries conducted by Texas related to Texas's termination" asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or**

15

investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

**The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.**

9.      Identify each person with knowledge of the principal and material facts relevant to the allegations in your Complaint, including but not limited to, your allegations that any of the Planned Parenthood Affiliates are not qualified to provide medical services under Texas Medicaid, whether any of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether any of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, that Texas's decision to terminate each of the Planned Parenthood Affiliates' participation in Texas Medicaid was justified, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017, that each of the Planned Parenthood Affiliates were obligated to repay to Texas Medicaid dollars it received in reimbursements, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017. Your response should describe the facts about which each person has knowledge.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Neither Defendants' "qualifications" and possible "misrepresentations," "generally accepted medical standards," "fetal tissue," Defendants' terminations from Texas Medicaid, nor "Medicaid's free choice of provider requirement," let alone any person's knowledge of such, are relevant to the State's claims or to defenses to the State's claims in this case.**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack on**

16

**Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**ANSWER:**

**Without waiving any Objections, the Complaint speaks for itself. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory is substantially the same for the Defendant as it is for the State. Designated discovery has not been completed.**

10.    Identify the sources of all information underlying your allegations in this case and for each source, describe what Texas learned from that source, state when Texas received information from and/or consulted the source, and identify any documents the source showed Texas, provided to Texas, or directed Texas to.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Neither "information" shared by "sources" nor "when Texas received that information" nor other requests are relevant to the State's claims or to defenses to the State's claims in this case.**

**Overbroad. This request is overbroad because of the very wide definition of "Texas" which encompasses persons and entities here who have nothing to do with any claims or defenses in this case. The request to "describe what Texas learned," and other details is also overbroad.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into "what Texas learned from sources" and other details asks for information which is covered by the attorney-client, common interest, and work product privileges and protections.**

17

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into "what Texas learned from sources" and other details asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**ANSWER:**

*See* **the Answer to RFP 1 in the State's Responses to the Affiliated Defendants' First Set of Requests for Production, and the State's Complaint in Intervention. The burden of deriving or ascertaining any relevant and discoverable answers to the discrete subparts of this Interrogatory is substantially the same for the Defendant as it is for the State. Designated discovery has not been completed. Other than that Answer, the State stands on its Objections and Statements of Privileges and will not further answer this Interrogatory.**

11.   Describe in detail your views, including the basis for those views, regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants, and not any other Medicaid provider, knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to Texas's personnel's "views regarding" payments, subsequent changes in law, judicial decisions," etc. Such subsequent changes in law, judicial decisions, etc., speak for themselves and Texas personnel cannot change them, making the State's personnel's views not relevant to any of the State's claims or defenses to the State's claims in this case.**

**Overbroad. This request is overbroad because of the very wide definition of "your" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

12.    Identify every Texas Medicaid provider that Texas has terminated from Texas Medicaid from 2010 to the present. Your response should state the name of the provider, the reason(s) for the termination, the date of the termination, whether Texas requested or required repayment of any Texas Medicaid dollars that had been paid to the provider, and the amounts the provider returned, if any.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Defendants' terminations from Texas Medicaid – an issue which has been decided as a matter of law – is not relevant to the State's claims or to defenses to the State's claims in this case. Equally, the termination of Medicaid providers who are not Defendants is not relevant to the State's claims or to defenses to the State's claims in this case. The number of, reasons for termination of, and any other facts surrounding the termination of Medicaid providers who are not Defendants is not relevant to the State's claims or to defenses to the State's claims in this case. Those facts cannot be the basis of defenses of disparate treatment,**

19

estoppel, or other common law defenses – which are not available against the State in this TMFPA action.

**Improper collateral attack of decided issues.** This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.

**ANSWER:**

The State stands on its Objections and will not answer this Interrogatory.

13.     For every former Texas Medicaid provider (whether affiliated to a Planned Parenthood Defendant or not) whose participation in Texas Medicaid was terminated from 2010 to the present on the basis that the provider was not qualified to provide medical services under Texas Medicaid, engaged in practices that violated generally accepted medical standards; and/or engaged in misrepresentations about its activity relating to fetal tissue procurements, identify the provider by name, state the date of the termination, describe the principal and material facts that lead to the provider's termination, state whether Texas asked or required the provider to return amounts reimbursed under Texas Medicaid, and state the provider returned, if any.

**OBJECTIONS:**

**Not relevant.** Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The termination of Texas Medicaid providers "(whether affiliated to a Planned Parenthood Defendant or not)" is not at issue in this case. The issue of Defendants' termination has been decided as a matter of law and is not relevant to the State's claims or to defenses to the State's claims in this case. Equally, the termination of Medicaid providers who are not Defendants is not relevant to the State's claims or to defenses to the State's claims in this case. The number of, reasons for termination of, and any other facts surrounding the termination of Medicaid providers who are not Defendants is not relevant to the State's

20

claims or to defenses to the State's claims in this case. Those facts cannot be the basis of defenses of disparate treatment, estoppel, or other common law defenses – which are not available against the State in this TMFPA action.

**Improper collateral attack of decided issues.** This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

14.     Describe in detail your efforts, if any, to determine whether providers under Texas Medicaid have engaged in fetal tissue procurement that, in your view, might render them unqualified to provide medical services under Texas Medicaid or might violate generally accepted medical standards. Your response should describe the extent to which Texas Medicaid providers are informed of any such efforts. Your response should also identify any Texas Medicaid providers identified as a result of these efforts and describe in detail Texas's consideration of potentially terminating such providers, whether such providers were terminated, whether such providers asked or required to repay amounts reimbursed under Texas Medicaid, and the amounts returned, if any.

**OBJECTIONS:**

**Not Relevant.** Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Fetal tissue," "generally accepted medical standards," and informing and terminating Medicaid providers are not relevant to the State's claims or to defenses to the State's claims in this case.

**Improper collateral attack of decided issues.** This Interrogatory seeks irrelevant information and is an improper collateral attack of

21

**Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

15.    Describe in detail why Texas granted the Grace Period, including but not limited to its basis for its apparent assertion that granting the Grace Period is not inconsistent with its contention in the Texas Complaint that the Planned Parenthood Affiliates were obligated to repay Texas Medicaid dollars that it received during the Grace Period.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Texas's Complaint does not seek payment of civil remedies from Defendants or any recovery of Texas Medicaid dollars paid to Defendants for services delivered during the Grace Period. This makes facts regarding that Grace period not relevant to any of the State's claims or to defenses to the State's claims in this case.**

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

16.    Describe in detail your view on whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider prior to January 4, 2021, whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider between January 4, 2021 and February 3, 2021, and whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider after February 3, 2021. Your response should describe the basis for your views regarding the status of each of the Planned Parenthood Affiliates for each of the three time periods.

**OBJECTIONS:**

**Irrelevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The "view" of Texas personnel is not relevant to the State's claims or to defenses to the State's claims in this case.**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. The "view" of Texas personnel cannot change that.**

**Overbroad. This request is overbroad because of the very wide definition of "your" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**ANSWER:**

**Without waiving its Objections, by operation of Texas law, after January 2017 Defendants were not valid Texas Medicaid providers. For additional details, *see* the State's Complaint in Intervention, and the Answer to RFP 1, in the State's Responses to the Affiliated Defendants' First Set of Requests for Production. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory from those sources is substantially the same for the Defendant as it is for the State.**

17.    Describe in detail why Texas believes that the termination of each of the Planned Parenthood Affiliates from Texas Medicaid does not violate Medicaid's free choice of provider requirement.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas**

23

Medicaid. **Why anyone "believes" the termination of Defendants from Texas Medicaid does not violate Medicaid's free choice of provider requirement" is not relevant to the State's claims or to defenses to the State's claims in this case.**

**Improper collateral attack of decided issues. This Interrogatory seeks irrelevant information and is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants did not properly contest their status as terminated from Texas Medicaid. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. The "belief" of Texas personnel, and certainly the details of that "belief," cannot change that.**

**Overbroad. This request is overbroad because of the very wide definition of "Texas" here which encompasses untold persons and entities who with their "beliefs" or otherwise  have nothing to do with any claims or defenses in this case.**

**ANSWER:**

**The State stands on its Objections and will not answer this Interrogatory.**

18.    If you deny any of the Requests for Admission issued by any of the Defendants in this case in full or in part, describe in detail the basis for your denial.

**OBJECTIONS:**

**Discrete subparts. Each RFA answer will be a discrete subpart, functioning as a separate Interrogatory, under FRCP 33(a)(1).**

**ANSWER:**

**Without waiving its Objections, the State will answer this Interrogatory under the Rules and law at a reasonable time. The State has not answered Requests for Admission in this case, as designated discovery has not been completed. Each RFA answer here will be a discrete subpart, functioning as a separate Interrogatory under FRCP 33(a)(1).**

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil
Litigation

*/s/   Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
State Bar No. 24097834

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

25

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on July 1, 2022, causing electronic service on all counsel of record.

*/S/    Raymond Charles Winter*
**Raymond C. Winter**

26