# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, | § <br> § <br> § | |
| THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, | § <br> § <br> § | |
| THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, | § <br> § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants. | § <br> § <br> § | |

## STATE OF TEXAS'S OBJECTIONS, STATEMENTS OF PRIVILEGES, AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

To:     Christopher M. Odell, Arnold & Porter, 700 Louisiana Street, Suite 4000, Houston, TX 77002-2755; and Tirzah S. Lollar, Craig D. Margolis, and Murad Hussain, Arnold & Porter, 601 Massachusetts Ave, NW, Washington, DC 20001-3743.

The State of Texas serves these Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production.

## OBJECTIONS

1.      The State objects to the Requests for Production (RFPs), including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 34, other FRCPs, or elsewhere. The State will respond to the RFPs in accordance with FRCP 34, other FRCPs, and applicable law.

2.      The State objects to the RFPs where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.      The State objects to the RFPs where they seek information not within the State's possession, custody, or control.

4.      The State objects to the RFPs where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.      The State objects to the RFPs where they are not properly limited to an appropriate time period. Answering RFPs outside of the State's Specified Time Period from February 1, 2017, to the present will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Texas claims are only for the time period February 1, 2017, to the present.

6.      The responses made at this time are without prejudice to the State's rights to amend or supplement its responses as appropriate under FRCP 34 or other rules or law.

7.      By answering these RFPs and producing documents responsive to these RFPs, the State does not concede the relevance or admissibility of the

2

documents, materials, or information. The State further does not waive, but instead, expressly preserves, the Objections here.

8.     The State incorporates by reference the Objections above into the responses set forth below. The failure to repeat any of the Objections above does not waive any Objection to the specific RFP.

9.     The State intends to not produce documents which are privileged under the attorney-client privilege or work-product protection. Any production of documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence (FRE) 502.

10.    The State reserves its rights to object under Texas Government Code 402.004 to any Response to these RFPs – or to any response to discovery – being used in this suit, either at trial, in hearings, or otherwise. Texas Government Code 402.004 reads: "An admission, agreement, or waiver made by the attorney general in an action or suit to which the state is a party does not prejudice the rights of the state."

11.    The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

3

## OBJECTIONS TO DEFENDANTS' DEFINITIONS

1.      **Defendants' Definition 1.** Defendants' definition and use of the terms "Texas," "you," and "your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering RFPs, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any RFP with the terms as defined by Defendants exceed the scope of the specific claims and issues in this case and therefore makes those RFPs objectionable. The Attorney General of Texas brings this suit on behalf of the Texas Medicaid program, which is part of the Texas Health and Human Services Commission ("HHSC"). In this suit, the plaintiff, the "State," does not represent any other agency, office, division, department, program, commission, board, or administrator of the Texas Government, or individuals. Where Defendants use those terms and overbroad definitions of the terms to seek information that is beyond the possession and reasonable control of the Office of the Attorney General as counsel for HHSC; beyond the possession and reasonable control of HHSC; or beyond the possession and reasonable control of the state agencies under HHSC's organizational umbrella, or their successor agencies, the State requests that Defendants show cause as to why such information should be provided. Until such cause is shown, the State will only provide responses to RFPs on behalf of the Texas Medicaid Program and within the reasonable control of the Office of the Attorney General as counsel for HHSC; within the reasonable control of HHSC; or within the reasonable control of the state agencies under HHSC's organizational umbrella, or their successor agencies. The State further objects to this definition to the extent its use in an RFP seeks information protected by the attorney-client or work product privileges.

2.      **Defendants' Definition 22.** Defendants' definition of the term "documents" is overly broad, vague, and answering RFPs with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any other tangible thing of whatever nature" to the definition of "documents." The State will interpret the term "documents" consistent with FRCP 34 and other applicable FRCPs, rules, and law.

3.      **Defendants' Definition 23.** Defendants' definition of the terms

"related to," "relating to," and "concerning" is overly broad, vague, and answering RFPs by searching for and producing documents with that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "involving in any way whatsoever the subject matter of the request" and "A document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." The State will interpret the terms "related to," "relating to," and "concerning" consistent with applicable FRCPs, rules, law, and common usage.

4.      **Defendants Definitions 24 and 26.** Defendants' definitions of the terms "communication" and "communications" are overly broad, vague, and answering RFPs by searching for and producing documents with those definitions would be unduly burdensome. Defendants' definitions of the terms include "all oral. . . expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons." The State will interpret the terms "communication" and "communications" consistent with applicable FRCPs, rules, law, and common usage.

## OBJECTIONS TO DEFENDANTS' INSTRUCTIONS

1.      The State objects to all of Defendants' Instructions which exceed the requirements of FRCP 34, or other applicable Rules or law. The State will answer these RFPs as required by FRCP 34, and other applicable Rules and law.

2.      **Instruction 1.** The State objects to Instruction 1 asking the State to "[f]urnish all documents and things within the possession, custody, or control of Texas . . . including information or items in the possession of their . . . legal representatives . . . attorneys, other personnel thereof," as such over broad instruction necessarily requests core work product and otherwise privileged material. The State intends to not produce documents which are privileged under the attorney-client privilege or work-product protection. Any production of documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence 502.

Designated discovery in this case has not been completed.

The State is ready to confer or attempt to confer, in good faith, to resolve any disputes related to objections, claims of privilege, or other matters.

6

## REQUESTS FOR PRODUCTION

RFP 1: All documents identified in the Texas Complaint, supporting your allegations in the Texas Complaint, or that you relied on or rely upon in making the allegations in the Texas Complaint, your Rule 26 Initial Disclosures, your March 11, 2022 Opposition to Defendants' Motion to Dismiss Texas's Complaint, and your other filings in this case, including but not limited to, documents substantiating your version of events and showing the manner in which you contend Planned Parenthood benefited or Texas was harmed by the acts or omissions you allege.

**OBJECTIONS:**

**Not Relevant. The State did not "contend" that Defendants "benefitted" or that "Texas was harmed" in the State of Texas's Complaint in Intervention and its claim under TMFPA Section 36.002(12). These are not elements in this TMFPA Section 36.002(12) claim.** ***See generally In re Xerox*, 555 S.W.3d 518, 533-534 (Tex. 2018).**

**Proportionality. As noted below, Defendants have the same relative access as the State to many of the documents relevant and responsive to RFP 1.** ***See* FRCP 26 (b) (1).**

**RESPONSE:**

**Without waiving any Objections, or Statements of Privilege, the State will produce discoverable documents, including:**

**Letter Announcing Denial of Original Petition for Writ of Mandamus and Application for Injunctive Relief, from The Honorable State District Judge Lora Livingston (March 10, 2021) (Defendants have the same relative access as the State to these documents related to the State Court action.).**

**Orders related to previous litigation involving Defendants (produced at TXPP_0118137 – TXPP_0118295) including:**

**Order Denying Original Petition for Writ of Mandamus and Application for Injunctive Relief, signed by The Honorable**

**State District Judge Lora Livingston (March 12, 2021) (Exhibit 1 attached to the State of Texas's Complaint in Intervention (1/6/2022), Dckt. 22 SEALED)**

**The Original Motion for Temporary Restraining Order, and supporting documents in *In re Planned Parenthood*, No. D-1-GN-21-000528, in the 261st District Court of Travis County, Texas (the "State Court action")**

**The Temporary Restraining Order, issued by the Honorable State District Court Judge Lora Livingston, in the State Court action**

**The Original Complaint, Preliminary Injunction Order, and supporting documents in *Planned Parenthood of Greater Tex. Family Planning and Preventative Health Servs., Inc., et al. v. Traylor, et al.*, No. 1:15-cv-01058, in the Western District of Texas (the "Federal Court action")**

**The Honorable Federal District Judge Sam Sparks's Order granting a Preliminary Injunction in the Federal Court action, *Whole Woman's Health v. Hellerstedt*, 231 F. Supp. 3d 218 (W.D. Tex. 2017)**

**The Honorable Federal District Judge Sam Sparks's Order granting a Stay in the Federal Court action, *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477 (W.D. Tex. Mar. 16, 2017)**

**The Fifth Circuit's Opinion, Judgment and Mandate, in Planned Parenthood of *Greater Texas, et. al. v. Kauffman*, No. 17-50282, reversing the Western District Court and vacating the injunction, (Opinion filed November 23, 2020) (Judgment and Mandate issued December 15, 2022)**

**The Record on Appeal in the Federal Court Action (As originators of this action, Defendants have the same relative access as the State to the Record on Appeal in the Federal Court action.)**

8

*Medicaid Provider Agreement* (Exhibit 2 attached to the State of Texas's Complaint in Intervention, Dckt. 22 SEALED)

*Texas Medicaid Provider Procedures Manual* Section 1.10, and Section 1.10.1 (January 2017) (Exhibit 3 attached to the State of Texas's Complaint in Intervention, Dckt. 22 SEALED) (Additionally relevant Texas Medicaid Providers Procedure Manuals [TMPPMs] are produced at Bates numbers TXPP_0000002 – TXPP_0118136)

Data of thousands of Texas Medicaid claims presented or caused to be presented by Defendants from February 1, 2017 through March 2021. The State will produce these within a reasonable time, including during expert discovery

Documents related to Termination of Defendants as Medicaid Providers

The Final Notice of Termination served by HHSC-OIG on Planned Parenthood in December 2016 (Defendants have the same relative access as the State to this Final Notice.)

Documents related to the "Grace Period" in this litigation

Documents related to the Defendants' failure to timely request a hearing on administrative remedies

Documents from CMS providing guidance and notice

Documents from Texas Medicaid providing guidance and notice

Letter from Planned Parenthood to Texas Medicaid requesting an administrative appeal of Texas's December 2016 decision to terminate Planned Parenthood's Medicaid provider enrollment (December 15, 2020) (Defendants have the same relative access as the State to this letter.)

Texas Medicaid Letter to Planned Parenthood responding to Planned Parenthood's December 15, 2020 letter (Defendants have the same relative access as the State to this letter.)

**Letter from Planned Parenthood to Texas Medicaid requesting a 90-day grace period (Defendants have the same relative access as the State to this letter.)**

**Letter from Texas Medicaid granting a 30-day grace period, through February 3, 2021 (January 4, 2021) (Defendants have the same relative access as the State to this letter.)**

**Relevant Texas Medicaid Providers Procedure Manuals (TMPPM) (Bates numbered TXPP_0000002 – TXPP_0118136)**

**Documents related to the Enrollment of Defendants as Texas Medicaid Providers**

**Texas HHSC-OIG, Self-Disclosure Protocol (February 2016) < https://oig.hhs.texas.gov/sites/default/files/documents/resources/Self-disclosure-protocol-2016.pdf >**

*NFIB v. Sebelius*, **567 U.S. 519, 575 (2012) (Defendants have the same relative access as the State to this case.)**

*United States v. ITT Cont'l Baking Co*., **420 U.S. 223 (1975) (Defendants have the same relative access as the State to this case.)**

*In re Xerox Corp*., **555 S.W.3d 518 (Tex. 2018) (Defendants have the same relative access as the State to this case.)**

*Nazari v. State*, **561 S.W.3d 495 (Tex. 2018) (Defendants have the same relative access as the State to this case.)**

*State v. City of Greenville*, **726 S.W.2d 162 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (Defendants have the same relative access as the State to this case.)**

**28 U.S.C. § 1367 (Defendants have the same relative access as the State to this provision of the U.S. Code.)**

10

**31 U.S.C. § 3729(a) (Defendants have the same relative access as the State to this provision of the U.S. Code.)**

**42 U.S.C. § 1320A-7a ((Defendants have the same relative access as the State to this provision of the U.S. Code.)**

**42 C.F.R. §§ 401, 405, 455.416, 1002.210, 1002.213 (Defendants have the same relative access as the State to these federal regulations.).**

**Texas Human Resources Code, Chapter 36, the Texas Medicaid Fraud Protection Act ("TMFPA"), including § 36.002(12); § 36.052(a)(1), (2), (3)(B), (4); § 36.107(a) (Defendants have the same relative access as the State to these provisions of the TMFPA.).**

**Texas Human Resources Code § 32.034(a) (Defendants have the same relative access as the State to this provision of the Texas Human Resources Code.).**

**Texas Government Code, Chapter 531, including § 531.021 (Defendants have the same relative access as the State to these provisions of the Texas Government Code.)**

**The Texas Medicaid Fraud Prevention Act, Texas Human Resources Code § §§ 36.001-.132 (Defendants have the same relative access as the State to the TMFPA.)**

**Relevant Texas Administrative Code and Texas Register provisions, from 2015-2021, including: 1 Tex. Admin. Code § 353.505; 1 Tex. Admin. Code § 353.1454; 1 Tex. Admin. Code § 371.1615 including subsections (b)(2), (c); 1 Tex. Admin. Code § 371.1617 including subsections (a), (a)(1); 1 Tex. Admin. Code § 371.1655 including subsection (4); 1 Tex. Admin. Code § 371.1633, 1 Tex. Admin. Code § 371.1703 including subsections (e), (f)(2), (f)(7), (g)(8); 1 Tex. Admin. Code § 371.1705 including subsection (e )(5) (Relevant Texas Administrative Code and Texas Register provisions are produced at Bates numbers TXPP_0118296 – TXPP_0118426.)**

11

RFP 2: Documents sufficient to identify what are characterized in your Complaint, your Rule 26 Initial Disclosures, your March 11, 2022 Opposition to Defendants' Motion to Dismiss Texas's Complaint, and your other filings in this case as "claims" that were submitted to Texas for payment, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**RESPONSE:**

**The State will produce Texas Medicaid claims data within a reasonable time, including during expert discovery.**

RFP 3: Transcribed, recorded, or written statements, correspondence, affidavits, or declarations relating to your claims in this case made by any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case, including any documents received from any persons or witnesses relating to your claims in this litigation, or during the course of obtaining these statements, correspondence, affidavits, or declarations.

**OBJECTIONS:**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name."**

**STATEMENT OF PRIVILEGES:**

**Attorney-Client communication and Core Work Product. Because of the overbreadth of this RFP, especially with the expansive definition of the phrase "relating to," this RFP necessarily requests production of Attorney-Client communication and Core Work Product.**

**RESPONSE:**

**Subject to its Objections the State will produce Witness Statements as required under the Rules.**

RFP 4: Notes of any conversations related to your claims in this case with any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case.

**OBJECTIONS:**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name."**

**STATEMENT OF PRIVILEGES:**

**Attorney-Client communication and Core Work Product. Because of this RFP's request for "notes of any conversations related to your claims," and especially with the expansive definition of the phrase "related to," this RFP necessarily requests the production of Attorney-Client communication and Core Work Product.**

**Government Code Medicaid Investigative Privilege. This request for "notes of any conversations related to your claims in this case," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the Office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.")**

13

**RESPONSE:**

**The State will stand on its Objections and Statements of Privilege and will not produce documents in response to this RFP.**

RFP 5: All documents provided to, reviewed by, relied upon, or created by any expert witness for Texas or Relator.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Experts' Documents beyond those required to be produced under FRCP 26, and other applicable Rules and laws, are not relevant to either the State's claims, or to defenses to the State's claims here.**

**Overbroad. This RFP is overbroad because of its request for "[a]ll documents provided to, reviewed by, . . . or created by any expert witness" which exceeds the requirements of FRCP 26, and other applicable Rules and laws. This is especially true with the very broad definition of "documents."**

**Scope. Texas is not the Relator, so this RFP's request of documents "provided to, reviewed by, relied upon, or created by" the Relator's expert witnesses is outside the permissible scope of discovery to Texas. The information requested in this RFP necessarily applies to experts employed only for trial preparation, or consulting-only experts, as defined in Federal Rule of Civil Procedure (FRCP) 26(b)(4)(D) and is not discoverable.**

**STATEMENT OF PRIVILEGES:**

**Consulting-only experts. Documents "provided to, reviewed by, relied upon, or created by" consulting-only experts, as defined in FRCP 26(b)(4)(D) are not discoverable.**

14

**RESPONSE:**

**The State will produce all discoverable documents relied upon by the State's Experts as designated under the Scheduling Order in this case, FRCP 26, and other applicable Rules and laws.**

RFP 6: All documents and communications between Texas or Relator that relate to compensation for any expert's study or testimony in this case, identify facts or data that Texas or Relator attorney provided and that the expert considered in forming the opinions to be expressed by the expert, and/or identify assumptions that Texas or Relator provided and that the expert relied on in forming the opinions to be expressed in this case.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Any "documents and communications" between Texas or Relator asked for here are not relevant to either the State's claims, or to defenses to the State's claims.**

**Overbroad. This RFP is overbroad because of its request for "[a]ll documents and communications between Texas or Relator that relate to" many areas which exceeds the requirements of FRCP 26, and other applicable Rules and laws. This is especially true because of the almost unlimited definition of "relate to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, the definition of "documents" is overbroad.**

**Scope. The information requested in this RFP necessarily applies to experts employed only for trial preparation, or consulting-only experts, as defined in FRCP 26(b)(4)(D) and is not discoverable.**

15

**STATEMENT OF PRIVILEGES:**

**Consulting-only experts. "Documents and communications" related to "any expert's study," etc., for consulting-only experts, as defined in FRCP 26(b)(4)(D), are not discoverable.**

**Attorney-client, Common Interest, and Work Product. This request asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

**The State will produce all discoverable documents relied upon by the State's Experts as designated under the Scheduling Order in this case, FRCP 26, and other applicable Rules and laws, but will otherwise stand on its Objections and Statement of Privileges and not further produce documents in response to this RFP.**

RFP 7: All documents identified in your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

**RESPONSE:**

*See* **Response to RFP 1 above. The State will produce other discoverable documents, if any.**

RFP 8: All documents you relied on in drafting your responses to Interrogatories or Requests for Admission in this case.

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for all documents the State relied on in answering discovery necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections.**

16

**RESPONSE:**

*See* **Response to RFP 1 above. The State will produce other discoverable documents, if any.**

RFP 9: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to each of the Planned Parenthood Affiliates' Texas Medicaid status from 2010 to the present.

**OBJECTIONS:**

**Overbroad: This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. Also, this request for documents "related to" defendants' status "from 2010 to the present" is outside the temporal scope of discovery for the claims and defenses of this case.**

**Not Relevant. The Defendants' "Texas Medicaid status" is not an issue in this case. That issue was decided as a matter of law when the Defendants did not properly contest their status. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. Likewise, documents from outside the temporal scope of discovery, as requested here, are irrelevant to the claims and defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents. . . related to" Defendants' "Texas Medicaid Status" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to,"**

17

"documents," "communications," "your" personnel, and the addition of "any other person or persons."

**Government Code Medicaid Investigative Privilege.** This request for "notes of any conversations related to your claims in this case," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § o(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.")

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response the State will stand on its objections and not further produce documents in response to this RFP.**

RFP 10: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's consideration and decision to terminate any Planned Parenthood Defendant from Texas Medicaid.

**OBJECTIONS:**

**Overbroad: This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or**

persons" here who have nothing to do with any claims or defenses in this case. Also, this request for documents with no time limit is necessarily outside the temporal scope of discovery for the claims and defenses of this case.

Not Relevant. "Texas's consideration and decision to terminate" Defendants from Texas Medicaid is not an issue in this case. That issue was decided as a matter of law when the Defendants did not properly contest the termination. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.

STATEMENT OF PRIVILEGES:

Attorney-client, Common Interest, and Work Product. This request for all documents "related to Texas's consideration and decision to terminate" Defendants from Texas Medicaid necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."

Government Code Medicaid Investigative Privilege. This request for "notes of any conversations related to your claims in this case," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response the State will stand on its Objections and not further produce documents in response to this RFP.**

RFP 11: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's consideration and decision to terminate any Planned Parenthood Defendant from Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. The State of Texas is not bringing any claims on behalf of Louisiana or Louisiana Medicaid in the State's Intervention in this TMFPA case. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Documents related to Louisiana's actions related to Louisiana Medicaid are not relevant to either the State's claims, or to defenses to the State's claims here.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. Also, this request for documents with no time limit is necessarily outside the temporal scope of discovery for the claims and defenses of this case.**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for all documents "related to Louisiana's consideration and decision" Defendants from Louisiana Medicaid necessarily asks for documents which are covered by the attorney-client, common interest, and work**

20

**product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privilege and will not produce documents in response to this RFP.**

RFP 12: All documents relating to or reflecting communications with the Center for Medical Progress and/or Relator from 2013 to present.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Communications "related to or reflecting communications" with either Relator or "the Center for Medical Progress" are not relevant to either the State's claims, or to defenses to the State's claims here. Documents from this request for documents "related to" defendants' status "from 2010 to the present" is outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request for documents with no time limit is necessarily outside the temporal scope of discovery for the claims and defenses of this case.**

**Vague. This request is vague in that it is unclear what "reflecting" means in this RFP, especially in addition to "relating to" – a phrase that is almost unlimited as defined by Defendants.**

**STATEMENT OF PRIVILEGES:**

**Government Code Medicaid Investigative Privilege. This request for "notes of any conversations related to your claims in this case," especially**

21

with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.")

**RESPONSE:**

**The State will stand on its Objections and Statements of Privilege and will not produce documents in response to this RFP.**

RFP 13: All documents related to your decision to intervene in Relator Doe's case.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Documents related to" the State's decision in intervene in this action are not relevant to either the State's claims, or to defenses to the State's claims here.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request also is overbroad because of the very broad definition of "your." This request for documents with no time limit is necessarily outside the temporal scope of discovery for the claims and defenses of this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents related to" the State's intervention in this case necessarily calls for documents which are privileged under the attorney-client, common interest, and core work product privileges and protections.**

**Government Code Medicaid Investigative Privilege. This request for "notes of any conversations related to your claims in this case," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.")**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privilege and will not produce documents in response to this RFP.**

RFP 14: All documents relating to or reflecting communications with any staff, attorneys, or investigators for Texas regarding the matters alleged Texas's Complaint, including but not limited to (i) information about any Planned Parenthood Defendant provided to the State of Texas by Relator, (ii) the termination of any Planned Parenthood Defendant from Texas Medicaid, and (iii) the litigation initiated by any Planned Parenthood Defendant regarding its potential termination from Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**OBJECTIONS:**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name."**

**Vague. This request is vague in that it is unclear what "reflecting" means in this RFP, especially in addition to "relating to" – a phrase that is almost unlimited as defined here.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents relating to or reflecting communications with any staff, attorneys, or investigators for Texas regarding the matters alleged [in] Texas's Complaint" asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "communications" and the inclusion of the very broad phrase "any staff, attorneys, or investigators for Texas."**

**Government Code Medicaid Investigative Privilege. This request for "[a]ll documents relating to or reflecting communications with any staff, attorneys, or investigators for Texas regarding the matters alleged [in] Texas's Complaint," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

24

**RESPONSE:**

**Please see the answer to RFP 1 above, otherwise the State stands on its Objections and Statements of Privilege and will not otherwise produce documents in response to this RFP.**

RFP 15: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the "visit by the Texas Ranger Division of the Texas Department of Public Safety and discussions relating to PPGC's transactions with a researcher who was interested obtaining fetal tissue" as alleged in Paragraph 97 of Relator's Complaint.

**OBJECTIONS:**

**Not Relevant. This RFP requests documents which are not relevant to the State's Intervention in this case. The State's Intervention speaks for itself and does not otherwise incorporate other filings. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Documents," "communications" or anything else about "visits" by Texas Rangers or "discussions with researchers" or "fetal tissue" are not relevant to the State's claims or to defenses to the State's claims. The requested documents are not relevant to any claims or defenses germane to the State's Intervention.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

25

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents. . . related to" Texas Rangers' visits and discussions asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "communications" and the inclusion of the very broad phrase "involving one of your personnel and any other person or persons."**

**Government Code Medicaid Investigative Privilege. This request for "[a]ll documents. . . related to" Texas Rangers' visits and discussions," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 16: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any fetal tissue procurement in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or agreed to participate.

26

**OBJECTIONS:**

**Not Relevant.** "Documents," "communications" or anything else about "fetal tissue" are not relevant to the State's claims or to defenses to the State's claims. Likewise, the State of Texas is not bringing any claims on behalf of Louisiana or Louisiana Medicaid in the State's Intervention in this TMFPA case. Documents related to Louisiana's actions related to Louisiana Medicaid are not relevant to either the State's claims, or to defenses to the State's claims here. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The requested documents are not relevant to any claims or defenses germane to the State's Intervention.

**Overbroad.** This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product.** This request for "[a]ll documents . . . relating to any fetal tissue procurement" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."

**Government Code Medicaid Investigative Privilege.** This request for "[a]ll documents . . . relating to any fetal tissue procurement," especially with its overbreadth, calls for documents which are privileged under the

27

**Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**
**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 17: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the participation or alleged participation of any Planned Parenthood Defendant in any fetal tissue procurement.

**OBJECTIONS:**

**Not Relevant. "Documents," "communications" or anything else about "fetal tissue" are not relevant to the State's claims or to defenses to the State's claims. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The requested documents are not relevant to any claims or defenses germane to the State's Intervention.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may**

28

'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . relating to" participation in "fetal tissue procurement" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**Government Code Medicaid Investigative Privilege. This request for "[a]ll documents . . . relating to" participation in "fetal tissue procurement," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 18: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether participation or an agreement to participate in any fetal tissue

procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. "Documents," "communications" or anything else about "fetal tissue" are not relevant to the State's claims or to defenses to the State's claims. Likewise, the State of Texas is not bringing any claims on behalf of Louisiana or Louisiana Medicaid in the State's Intervention in this TMFPA case. Documents related to Louisiana's actions related to Louisiana Medicaid are not relevant to either the State's claims, or to defenses to the State's claims here. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The requested documents are not relevant to any claims or defenses germane to the State's Intervention.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to whether participation or an agreement to participate in any fetal tissue procurement rendered a Medicaid provider unqualified to provide service" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents,"**

30

"communications," "your" personnel, and the addition of "any other person or persons."

**Government Code Medicaid Investigative Privilege.** This request for "[a]ll documents . . . related to whether participation or an agreement to participate in any fetal tissue procurement rendered a Medicaid provider unqualified to provide service," especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

**The State will stand on its Objections and will not produce documents in response to this RFP.**

RFP 19: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Texas's decision to grant the Grace Period to PPGC, PPST, and PPGT.

**OBJECTIONS:**

**Overbroad.** This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may

'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client:** This request for "[a]ll documents. . . relating to Texas's decision to grant the Grace Period" asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "Texas," "communications" and the inclusion of the very broad phrase "involving one of your personnel and any other person or persons."

**Government Code Medicaid Investigative Privilege.** This request for "[a]ll documents. . . relating to Texas's decision to grant the Grace Period" especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **Response to RFP 1 above. Without waiving any Objections, or Statements of Privilege, the State will produce other discoverable documents, if any.**

RFP 20: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether each of the Planned Parenthood Affiliates was a Texas Medicaid provider prior to January 4, 2021, whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider between January 4, 2021 and February 3, 2021, and whether each of the Planned Parenthood Affiliates' was a Texas Medicaid provider after February 3, 2021.

**OBJECTIONS:**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents. . . relating to whether each of the Planned Parenthood Affiliates was a Texas Medicaid provider" at various times necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

*See* **Response to RFP 1 above. Without waiving any objections, the State will produce other discoverable documents, if any.**

RFP 21: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to federal court injunctions and/or the effects of federal court injunctions

described related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Documents and communications involving the State's personnel with anything to do with federal court injunctions are not relevant to either the State's claims or defenses to the State's claims here. The law concerning "federal court injunctions" related to this suit has been litigated and decided by the Fifth Circuit. Communications by State personnel cannot overrule the Fifth Circuit, the Western District of Texas Federal Court, or otherwise change the law. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

**STATEMENT OF PRIVILEGES:**

**This request for "[a]ll documents . . . relating to federal court injunctions" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

34

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response, the State will stand on its Objections and will not produce documents in response to this RFP.**

RFP 22: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to state court injunctions and/or the effects of a state court injunction related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Documents and communications involving the State's personnel with anything to do with state court injunctions are not relevant to either the State's claims or defenses to the State's claims here. The law concerning "state court injunctions" related to this suit has been litigated and decided by The Honorable Travis County District Court Judge Lora Livingston, and other sources. Communications by State personnel cannot overrule the Judge Livingston's rulings, other sources, or otherwise change the law. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." Additionally, this RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents. . . relating to state court injunctions" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

***See* Response to RFP 1 above. Other than that Response, the State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 23: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement and why.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "Medicaid's free choice of provider requirement." Additionally, the law concerning "Medicaid's free choice of provider requirement" speaks for itself, and communications by State personnel cannot change the law, and are irrelevant to any claims or defenses in this case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." Additionally, this RFP is also overbroad because**

of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents. . . relating to whether termination of any Planned Parenthood Defendant violated Medicaid's free choice of provider requirement" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response, the State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 24: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the continued participation of any Planned Parenthood Defendant in Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The "continued participation of any Planned Parenthood Defendant" in Louisiana, or Texas, or anywhere is not part of this litigation. The law concerning continued participation in Medicaid speaks for itself, and communications by State personnel cannot change the law. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request for "[a]ll documents . . . relating to the continued participation of any . . . Defendant in Louisiana Medicaid" is**

**overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." This RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."**

**RESPONSE:**

**The State will stand on its Objections and will not produce documents in response to this RFP.**

RFP 25: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Texas Medicaid to any Planned Parenthood Affiliate.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The law concerning Defendants' "obligation to repay any amount paid by Texas Medicaid" speaks for itself, and communications by State personnel cannot change that law, and is therefore not relevant to any claims or defenses of this case.**

**Overbroad. This request for "[a]ll documents . . . related to whether any Planned Parenthood Defendant had an obligation to repay any amount" is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." This RFP is**

also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to whether any Planned Parenthood Defendant had an obligation to repay any amount" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response, the State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 26: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Recoupment and whether Texas Medicaid "could" or "should" seek recoupment is not an element or defense to this TMFPA claim. The law concerning recoupment by, and reimbursement of, Texas Medicaid speaks for itself, and communications by State personnel cannot change the law. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request for "[a]ll documents . . . relating to"** recoupment is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" as "involving in any way whatsoever the subject matter of the request." This RFP is also overbroad because of the very broad phrase "involving one of your personnel and any other person or persons."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . relating to" recoupment necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response, the State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 27: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement, or an agreement to engage in fetal tissue procurement, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants, and not any other unrelated Medicaid provider, knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to" Defendants for any reasons or to "fetal tissue." Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 28: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked to return amounts reimbursed under Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants, and not any other Medicaid provider, knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "termination by the United States, Texas, or Louisiana of any Medicaid provider" other than the Defendants for any reasons, or to "fetal tissue," or to being "asked to return amounts." Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to termination . . . of any Medicaid provider on" whatever basis necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 29: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your understanding of relationships between affiliated companies under Medicaid, Texas Medicaid, or Louisiana Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants, and not any other Medicaid provider, knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "relationships between affiliated companies. . . and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider." Such laws, regulations, policies or guidance, speaks for itself and Texas personnel cannot change them. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to your understanding of relationships between affiliated companies . . . and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not**

**a qualified provider may affect an affiliated company's qualifications as a provider" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

*See* **Response to RFP 1 above. Other than that Response, the State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 30: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your views regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants, and not any other Medicaid provider, knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to Texas's personnel's "views regarding" payments, subsequent changes in law, judicial decisions, etc." Such subsequent changes in law, judicial decisions, etc., speak for themselves and Texas personnel cannot change them.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name."**

44

This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case.

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for [a]ll documents . . . related to your views regarding" payments, subsequent changes in law, judicial decisions, etc., necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."**

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 31: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any Planned Parenthood Affiliate's qualifications to provide services under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**OBJECTIONS:**

**Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The Defendants' "qualifications to provide services" are not an issue in this case. Defendant's termination was decided as a matter of law when the Defendants did not properly contest their status. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. Likewise, documents from outside the temporal scope of discovery, as requested here, are irrelevant to the claims and defenses in this case. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or**

45

Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.

Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. This RFP is also overbroad because there is no time limit to its request of "all documents" with the other overbroad definitions.

STATEMENT OF PRIVILEGES:

Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents . . . related to any" of Defendants' necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."

RESPONSE:

The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.

RFP 32: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's determination that any Planned Parenthood Affiliate is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

OBJECTIONS:

Not relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The determination by Texas that Defendants are not qualified

providers is not an issue in this case. Defendant's termination was decided as a matter of law when the Defendants did not properly contest their status. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. Likewise, documents from outside the temporal scope of discovery, as requested here, are irrelevant to the claims and defenses in this case. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.

**Overbroad.** This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. This RFP is also overbroad because there is no time limit to its request of "all documents" with the other overbroad definitions.

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product.** This request for "[a]ll documents . . . related to" Texas's determinations asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," "communications," "your" personnel, and the addition of "any other person or persons."

**RESPONSE:**

**The State will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 33: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's determination that any Planned Parenthood Affiliate is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana, Louisiana's determinations, or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**RESPONSE:**

**Texas will stand on its Objections and will not produce documents in response to this RFP.**

RFP 34: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to information provided by you to the U.S. Congress related to any Planned Parenthood Defendant from 2015 to present regarding any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or agreeing to participate in fetal tissue procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to communications with the U.S. Congress, or to "fetal tissue." Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or**

48

**defenses in this TMFPA case. This RFP seeks documents from a temporal discovery period which is not relevant.**

**RESPONSE:**

**Texas will stand on its Objections and will not produce documents in response to this RFP.**

RFP 35: All communications between Texas and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or an agreement to participate in fetal tissue procurement rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "fetal tissue." Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case. This RFP seeks documents from a temporal discovery period which is not relevant.**

**RESPONSE:**

**Texas will stand on its Objections and will not produce documents in response to this RFP.**

RFP 36: All documents or videos (both edited and unedited) provided to Texas by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf to Texas, including staff, attorneys, or investigators for Texas.

49

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to videos.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents or videos . . . provided to Texas by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf to Texas, including staff, attorneys, or investigators for Texas" asks for documents and things which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "Texas," and the inclusion of the very broad phrase "including staff, attorneys, or investigators for Texas."**

**Government Code Medicaid Investigative Privilege. This request for "[a]ll documents or videos . . . provided to Texas by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf to Texas, including staff, attorneys, or investigators for Texas" especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**Texas will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 37: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Texas's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to videos, or to communications or responses relating to any videos.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. Also, this request for documents "relating to" allegations has no time period limitations and is outside the temporal scope of discovery for the claims and defenses of this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents . . . relating to Texas's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos" asks for documents and things which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the**

almost unlimited definitions of "relating to," "Texas, "your" and the inclusion of the very broad phrase "any public official or other public agency's response(s) to those videos."

**Government Code Medicaid Investigative Privilege.** This request for "[a]ll documents . . . relating to Texas's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos" especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

**Texas will stand on its Objections and Statement of Privileges and will not produce documents in response to this RFP.**

RFP 38: All communications between Texas and the Media relating to the Center for Medical Progress videos.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to videos, or to communications between Texas and the Media relating to any videos.**

52

**RESPONSE:**

**Texas will stand on its Objections and will not produce documents in response to this RFP.**

RFP 39: All communications between Texas and members of the United States Congress (including their staff) related to the Center for Medical Progress videos.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. No relevant claims or defenses in this suit are related to "communications between Texas and members of the United States Congress" or otherwise related to any videos.**

**RESPONSE:**

**Texas will stand on its Objections and will not produce documents in response to this RFP.**

RFP 40: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) supporting any claim for damages alleged in Texas's Complaint.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The State seeks civil remedies under the TMFPA. The State does not make any claims for "damages" in the State's Complaint in Intervention. As a result, "documents" or "communications" about "damages" are not relevant to any claims or defenses in this case.**

**RESPONSE:**

**None. The State of Texas does not allege, and is not seeking, damages in its Complaint in Intervention. The State is seeking all available remedies under the TMFPA, which do not include damages.**

RFP 41: All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your allegations that Planned Parenthood submitted claims to the United States, Texas, or Louisiana in violation of the Texas Medicaid Fraud Prevention Act.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The State does not allege in its Complaint in Intervention that Defendants "submitted claims . . . in violation of the" TMFPA. As a result, "submission of claims" in violation of the TMFPA is not relevant to any claims or defenses in this case. Also, Texas does not represent Louisiana in this TMFPA cause of action and there are no allegations by Texas that Defendants "submitted claims" to Louisiana "in violation of the" TMFPA. Documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.**

**Overbroad. This request is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case. Also, this request for documents "related to" allegations has no time period limitations and is outside the temporal scope of discovery for the claims and defenses of this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This request for "[a]ll documents . . . related to your allegations. . . " asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," "communications," "Texas, "your," and the inclusion of the very broad phrase "one of your personnel and any other person or persons."**

**Government Code Medicaid Investigative Privilege. This request for a]ll documents . . . related to your allegations. . . " especially with its overbreadth, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**Texas will stand on its Objections Statements of Privilege and will not produce documents in response to this RFP.**

RFP 42: Documents sufficient to identify the Texas Medicaid claims for which Texas Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act; and/or (b) you contend that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The State does not conclude or contend in its Complaint in Intervention that claims were "submitted in violation of the" TMFPA. As a result, "submission of claims" in violation of the TMFPA is not relevant to any claims or defenses in this case. Also, Texas does not seek remedies for the time period in this request, back to 2010, so documents going back to 2010 are outside the time period and are neither relevant to the State's claims nor to any defenses to the State's claims.**

**RESPONSE:**

*See* **Response to RFP 1 above, and Expert discovery. Other than that, the State will stand on its Objections and not further produce documents in response to this RFP.**

RFP 43: Documents sufficient to identify all unpaid Texas Medicaid claims that any Planned Parenthood Defendant presented or caused to be presented to Texas Medicaid from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act; and/or (b) you contend that the claim was submitted in violation of the Texas Medicaid Fraud Prevention Act, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The State does not conclude or contend in its Complaint in Intervention that claims were "submitted in violation of the" TMFPA. As a result, "submission of claims" in violation of the TMFPA or "unpaid Medicaid claims" which were "presented or caused to be presented" are not relevant to any claims or defenses in this case. Also, Texas does not seek remedies for the time period in this request, back to 2010, so documents going back to 2010 are outside the time period and are neither relevant to the State's claims nor to any defenses to the State's claims.**

56

**RESPONSE:**

*See* **Response to RFP 1 above, and Expert discovery. Other than that, the State will stand on its Objections and not further produce documents in response to this RFP.**

RFP 44: Documents sufficient to identify all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which: (a) you have concluded that the Planned Parenthood Defendant has an obligation to repay the claim(s); and/or (b) you contend the Planned Parenthood Defendant has an obligation to repay the claim(s), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Texas does not seek remedies for the time period in this request, back to 2010, so documents going back to 2010 are outside the time period and are neither relevant to the State's claims nor to any defenses to the State's claims.**

**RESPONSE:**

*See* **Response to RFP 1 above, and Expert discovery.**

RFP 45: Documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the materiality of the alleged participation of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider in fetal tissue procurement or agreement to participate in fetal tissue procurement to the payment of claims to that provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas**

Medicaid. The word "material" is not in TMFPA section 36.002(12) and "materiality" or "materiality of the alleged participation of Medicaid providers" are not elements the State has to prove under that TMFPA unlawful act. As a result, "materiality" is not relevant to any claims or defenses in this case. Also, "fetal tissue" is not a part of the State's case, and no relevant claims or defenses in this suit are related to "fetal tissue." Texas does not represent Louisiana in this TMFPA cause of action and documents involving Louisiana or Louisiana Medicaid are not relevant to claims or defenses in this TMFPA case.

Overbroad. This request is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This request is also overbroad because of the very wide definition of "your" which would encompass "personnel" and "any other person or persons" here who have nothing to do with any claims or defenses in this case.

RESPONSE:

Texas will stand on its Objections and will not produce documents in response to this RFP.

RFP 46: All documents produced to you in response to any subpoena(s) you issue(d) in connection with this matter pursuant to Fed. R. Civ. P. 45.

RESPONSE:

NONE. Texas has not issued any subpoenas in connection with this matter pursuant to Fed. R. Civ. P. 45.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil
Litigation

_____/s/ Raymond Charles Winter_____
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

AMY S. HILTON
Assistant Attorney General
State Bar No. 24097834

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

59

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on July 1, 2022, causing electronic service on all counsel of record.

_/s/  Raymond Charles Winter_
**Raymond Charles Winter**

60