# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z |

**[PARTIES' JOINT PROPOSED] PROTECTIVE ORDER**

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are

1

designated by a party as "Confidential Information," or "Confidential Attorney Eyes Only Information," in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. The parties understand that this protective order does not supplant or supersede the Court's previous protective order (ECF No. 12).

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information and Personal Identification Information, which includes: (1) social security numbers of Relator, Planned Parenthood staff, or State Employees; (2) any financial account numbers of Relator, Planned Parenthood and/or its staff, and the State and/or its employees; (3) birthdates of Relator, Planned Parenthood staff, or State Employees; (4) drivers' license numbers of Relator, Planned Parenthood staff, or State Employees; (5) home addresses of Relator, Planned Parenthood staff, or State Employees; (6) personal email addresses of Relator, Planned Parenthood staff, or State Employees; and (7) the names of non-publicly identified Planned Parenthood employees.

3. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorney Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the

information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorney Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Redacting Confidential Information.**

5. Use of Protected Health Information in Court Filings.  In the event any party wishes to use protected health information as defined by and subject to HIPAA in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in this action, such party shall take appropriate steps to safeguard such protected health information in documents filed with the Court, which steps will include redaction.  In the event this Court wishes to review the redacted material, the Court may review the redacted material *in camera* or order that the documents containing protected health information be filed under seal.  Alternatively, the parties may file such affidavits, briefs, memoranda of law, exhibits to motions, or other papers under seal with the Court. Protected Health Information in Open Court. The procedures for use of documents containing protected health information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall  redact documents containing protected health information to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying

4

information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and identifying numbers associated with the names of individual patients have been removed. No party shall disclose designated documents containing protected health information in open Court without prior court order.

**Inadvertent Failure to Designate.**

6. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

7. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with LR 7.1(a). If the parties are unable to reach an agreement through the meet and confer process, the producing party shall be required to move the court for an order preserving the designated status of the disputed information. Failure to file a motion with the Court within fourteen (14) days of the written objection shall terminate any restrictions and nullify any designation of "Confidential" or "Confidential Attorney Eyes Only" on the use of such information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

8. In the event the producing party timely files a motion to preserve designation(s) of Confidential Information or Confidential Attorneys Eyes Only Information, the information, documents or materials specified in such motion shall continue to receive their "Confidential" status until the Court rules on the motion or the parties informally resolve the issue. The party that designated the information "Confidential," or "Confidential Attorney Eyes Only" shall have the burden of demonstrating the propriety of its designation. If the Court should find that a litigant and/or its counsel have unfairly and without reasonable justification abused the process of designating any discovery materials or testimony as "Confidential" or has used such designation in a purely prophylactic manner, the Court may hold some or all such designations as having been waived.

**Disclosure and Use of Confidential Information.**

9. Information designated as Confidential Information, Confidential Health Information, or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

10. Subject to paragraph 14 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to comply with the terms of this Protective Order: (a) the party, if a natural person; (b) if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case; (c) outside counsel for the receiving party; (d) supporting personnel employed by (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation; and (f) any persons requested by counsel to furnish

6

services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

    11.   Subject to paragraph 14 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to comply with the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; and (c) experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the party, if a natural person, or current employees, officers, members, or agents of parties or affiliates of parties).

    12.   Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must receive and keep on file until the conclusion of this litigation, including any appeal, a signed Confidentiality Agreement, attached as Exhibit A from the proposed expert, consultant, or employee.

    13.   Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

    14.   Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); (b) the designating party is the person or is a party for

whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person.

15. In the event of disclosure under Paragraph 14, only the court reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential Attorney Eyes Only Information. Disclosure of material pursuant to Paragraph 14 does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court.**

17. If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the Court, the submission may be filed either with a motion for leave to file under seal using the *Sealed and/or Ex Parte Motion* event in ECF with the word "Sealed" in the title or caption of the Confidential Information or Confidential Attorney Eyes Only Information.

**No Prejudice.**

18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding

judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

19. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

20. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion, subpoena, or other compulsory process to disclose another party's information designated Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order must promptly notify that party of the motion at least five (5) days where possible, but in any event before producing any Confidential Information or Confidential Attorney Eyes Only Information, so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

21. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

22. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Modifications.**

23. The Court shall have continued jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

Signed:

_____
Matthew J. Kacsmaryk
United States District Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| United States of America § § <br> *ex rel.* ALEX DOE, Relator, § § § § <br>  § <br> The State of Texas § § <br> *ex rel.* ALEX DOE, Relator, § § § § <br>  § <br> The State of Louisiana § § <br> *ex rel.* ALEX DOE, Relator, § § <br>   Plaintiffs, § § <br> v. § § <br> Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., § § § § § § § § <br>   Defendants. § § | CIVIL ACTION NO. 2:21-CV-00022-Z <br><br> Date: |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

11

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Health Information, or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Health Information, or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

Exhibit B

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date: |

## **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

    Information, including documents and things, designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    I have been given a copy of and have read the Protective Order.

13

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date