# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | Date:     July 20, 2022 |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S MOTION TO COMPEL TO RELATOR AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ..................................................................................................... 2

LEGAL STANDARD.............................................................................................. 3

    I.      The Discovery Requests and Responses and Objections at Issue......................... 4

    II.     PPFA Is Entitled to Relator's Best Responses....................................................... 6

    III.    Relator's Claims of Privilege Are Unsubstantiated. .............................................. 9

          A.    Communications and Documents Exchanged Prior to February 5, 2021 Are Not Privileged or Protected........................................................ 9

          B.    The Attorney-Client and Work-Product Privileges Do Not Protect Facts. ....................................................................................................... 11

    IV.    Relator's Responses Must Allow PPFA to Identify and Locate the Responsive Discovery.......................................................................................... 13

    V.    Relator Must Revise Reponses to Misinterpreted Requests. ................................ 15

          A.    Relator Must Amend Responses About Communicating with Others. ....................................................................................................... 16

          B.    Relator Cannot Rely on Improper Contention Objections...................... 16

          C.    Relator Must Clarify Responsive Documents Exist. .............................. 17

CONCLUSION....................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of the Ozarks v. Just Kids Child Care Ctr., Inc.*,
  2012 WL 13020706 (N.D. Ga. May 23, 2012) .......................................................... 6

*Cartel Asset Mgmt. v. Ocwen Fin. Corp.*,
  2010 WL 502721 (D. Colo. Feb. 8, 2010) ............................................................... 8

*Coughlin v. Lee*,
  946 F.2d 1152 (5th Cir. 1991) ............................................................................... 3

*Crosby v. La. Health Serv. & Indem. Co.*,
  647 F.3d 258 (5th Cir. 2011) ................................................................................ 3

*Export Worldwide, Ltd. v. Knight*,
  241 F.R.D. 259 (W.D. Tex. 2006) ......................................................................... 4

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
  219 F.R.D. 396 (E.D. Tex. 2003) ......................................................................... 10

*Heller v. City of Dallas*,
  303 F.R.D. 466 (N.D. Tex 2014) ........................................................................... 8

*In re Lindsey*,
  148 F.3d 1100 (D.C.Cir.1998) ............................................................................. 11

*Jacquez v. Compass Bank*,
  2015 WL 11529918 (W.D. Tex. Dec. 17, 2015) ..................................................... 6

*Nat'l Sur. Corp. v. Ferguson Enters., Inc.*,
  2015 WL 12753139 (N.D. Tex. Sept. 2, 2015) ..................................................... 17

*Navigant Consulting, Inc. v. Wilkinson*,
  220 F.R.D. 467 (N.D. Tex. 2004) ......................................................................... 11

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ............................................................................................. 3

*Provost v. Kia Motors Am.*,
  2006 WL 8432930 (M.D. La. June 27, 2006) .......................................................... 8

*Scott Hutchison Enters., Inc. v. Cranberry Pipeline Corp.*,
  318 F.R.D. 44 (S.D. W. Va. 2016) ....................................................................... 15

*SEC v. Brady*,
  238 F.R.D. 429 (N.D. Tex. 2006) ......................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

*United States ex rel. Fisher v. JPMorgan Chase Bank N.A.*,
 2020 WL 3265060 (E.D. Tex. June 17, 2020) ............................................................ 4

*United States ex rel. Landis v. Tailwind Sports Corp.*,
 303 F.R.D. 419 (D.D.C. 2014) ............................................................................. 10

*United States ex rel. Robinson v. Northrop Corp.*,
 824 F. Supp. 830 (N.D. Ill. 1993) ....................................................................... 11

*United States ex rel. Stone v. Rockwell Int'l Corp.*,
 144 F.R.D. 396 (D. Colo. 1992) ........................................................................... 12

*United States v. Cameron-Ehlen Grp., Inc.*,
 2019 WL 6875354 (D. Minn. Dec. 17, 2019) .................................................. 10, 11

*United States v. Davis*,
 636 F.2d 1028 (5th Cir. 1981) ............................................................................... 4

*United States v. Homeward Residential, Inc.*,
 2016 WL 1031154 (E.D. Tex. Mar. 15, 2016) ....................................................... 10

*United States v. Ocwen Loan Servicing, LLC*,
 2016 WL 1031157 (E.D. Tex. Mar. 15, 2016) ....................................................... 11

*Upjohn Co. v. United States*,
 449 U.S. 383 (1981) ............................................................................................. 11

**Rules**

Fed. R. Civ. P. 26(b)(1) .......................................................................................... 3

Fed. R. Civ. P. 33(a)(2) .................................................................................... 13, 17

Fed. R. Civ. P. 33(d) .............................................................................................. 6

Fed. R. Civ. P. 33(d)(1) ........................................................................................ 15

Fed. R. Civ. P. 37(a)(1) .......................................................................................... 4

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby moves to compel Relator to (a) respond to Requests for Production Nos. 1–11, 13–14, and 16 in PPFA's First Set of Requests for Production ("RFPs"); and (b) provide complete, verified answers to Interrogatory Nos. 6–23 in PPFA's First Set of Interrogatories ("Interrogatories," and with the RFPs, the "Requests").

## PRELIMINARY STATEMENT

PPFA served Relator with 16 RFPS and 23 Interrogatories.  In Relator's objections and responses ("Responses"), Relator refused to produce a single document, instead sweepingly pointing to an expert report, a handful of documents associated with that report, unspecified documents ostensibly in PPFA's possession, and documents filed in prior litigation in the Western District of Texas, the Middle District of Louisiana, and the Fifth Circuit Court of Appeals.  Among other things, Relator raised privilege objections to 13 of the 16 RFPs and 18 of the 23 Interrogatories, including attorney-client, work-product, common-interest, and government-investigative privileges—even though Relator says in Interrogatory Responses that communications with <u>any</u> government-entity party about the allegations in the Complaint did not occur until the date that Relator filed this lawsuit, February 5, 2021.  At the same time, however, Relator insists that the relevant time period for discovery starts in 2010.

Despite the transparent inconsistency in Relator's position, Relator has refused to withdraw the privilege assertions, one of several indefensible and unsupportable positions that Relator stakes out in the Responses.  Just yesterday (July 19), Relator produced over 10,000 pages of documents, which appear primarily to be the record for the prior litigation referenced in the Responses, with no apparent effort made to limit production only to those documents actually relevant to Relator's claims and PPFA's Requests.

1

Because Relator's discovery conduct to date reflects an impermissibly narrow approach that is inappropriate for any case—let alone one in which Relator seeks over $1 billion in recovery—PPFA moves under Rule 37(a)(3) for an order compelling Relator to fully respond to PPFA's RFPs and Interrogatories and, as appropriate, to produce documents.

## **BACKGROUND**

Relator asserts claims for (1) implied false certification and avoiding an obligation to return overpayments to the United States under the False Claims Act ("FCA"), (2) presenting a false or fraudulent claim, avoiding an obligation to return overpayments to Louisiana Medicaid, and conspiracy to commit both violations under the Louisiana Medical Assistance Programs Integrity Law ("LMAPIL"), and (3) violations of subsection 2 (concealing or failing to disclose information that permits a person to receive an unauthorized Medicaid payment), subsection 4 (making or causing false statements to be made concerning the conditions or operations of a facility in order to qualify for Medicaid certification or recertification), and subsection 9 for conspiracy under the Texas Medicaid Fraud Prevention Act ("TMFPA").

On June 3, 2022, PPFA served its Requests on Relator, seeking discovery related to Texas's and Relator's claims and allegations, as well as discovery relevant to PPFA's defenses thereto.[1] Relator served written Responses to the Requests on July 5, 2022.  PPFA therefore timely files this Motion within the 15-day window under the Court's Amended Scheduling Order [DE 123].

Counsel for PPFA and Relator met and conferred by phone regarding Relator's Responses on July 11, 2022.  A second meet-and-confer call was held on July 15, 2022, to address Texas's written discovery responses.  Counsel for Relator attended that call as well, and Relator's

---

[1] PPFA's RFPs are attached as **Exhibit A**, and Relator's Responses thereto as **Exhibit B**. PPFA's Interrogatories are attached as **Exhibit C**, and Relator's Responses thereto as **Exhibit D**.

Responses were discussed at various points.  Although counsel for Relator indicated that Relator would consider possible amendments to certain of the Interrogatory Responses, counsel for Relator would not agree to withdraw Relator's objections or to produce documents, other than the record of the prior litigation concerning the termination of the Medicaid status of non-PPFA Defendants (collectively, the "Affiliates" of "Affiliate Defendants").  During the second meet-and-confer, Relator's counsel specifically indicated that Relator's privilege objections are proper, even though Relator's counsel has not identified a date before February 2021 that could supply a beginning point for Relator's joint efforts with the United States, Texas, or Louisiana to specifically pursue this FCA case.  Thus far, Relator and PPFA have been unable to make meaningful progress on the issues PPFA raised during the meet-and-confer calls about Relator's Responses.

On July 19, 2022, Relator served on PPFA a single, unprocessed PDF of approximately 500 MB and 10,500 pages—mostly publicly available court documents and tax filings.

## **LEGAL STANDARD**

Rule 26 allows a party to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  In the Fifth Circuit, a discovery request is considered "relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'"  *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citations omitted).  "At the discovery stage, relevancy is broadly construed, and information is considered relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Should one party resist responding to a relevant

discovery request, Rule 37 permits the discovering party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).

The moving party on a motion to compel bears the burden of showing that the discovery sought is relevant to the action or will lead to the discovery of admissible evidence.  *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).  Once it has been established that the materials requested are within the scope of permissible discovery, "the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted."  *United States ex rel. Fisher v. JPMorgan Chase Bank N.A.*, 2020 WL 3265060, at *3 (E.D. Tex. June 17, 2020).  This required burden shifting also occurs where the resisting party has asserted privilege as a basis to withhold otherwise discoverable materials.   "Blanket assertions of privilege before a district court are usually unacceptable."  *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981).

## ARGUMENT

### I.     The Discovery Requests and Responses and Objections at Issue.

PPFA's discovery requests to Relator target information, documents, and communications that are relevant to this case and could reasonably lead to the disclosure of admissible evidence. PPFA seeks documents and information concerning, among other things:

1. The Texas Medicaid claims submitted by the Affiliate Defendants, and the Texas Medicaid payments received by the Affiliate Defendants, which are the subject of the FCA, LMAPIL, and TMFPA claims.  *See* Ex. A (RFP Nos. 1–4); Ex. C (Interrogatory Nos. 2–5, 18, 21–23); *see also* Compl. ¶¶ 107–112 [DE 2].

2. Whether the Affiliate Defendants could receive and retain the Medicaid payments that are the subject of Relator's and Texas's claims.  *See* Ex. A (RFP Nos. 1–4); *see also* Compl. ¶¶ 110–111; Texas Compl. ¶ 9 [DE 22].

3. Relator's and Texas's allegations that PPFA directly participated in—or controlled the Affiliates' actions regarding—the submission of claims, the withholding of repayment, and fetal tissue studies.  *See* Ex. A (RFP Nos. 10–11); Ex. C (Interrogatory Nos. 2–5, 19–23); *see also* Compl. ¶¶ 16, 100–104; Texas Compl. ¶ 20.

4. Relator's allegations and potential limitations, public-disclosure bar, and government-action-bar defenses, including (a) Relator's communications with the United States, Texas, Louisiana, the Center for Medical Progress, and the media; (b) Relator's communications with other third parties concerning PPFA or the Affiliate Defendants; and (c) documents that reflect, or relate to, statements made by any person that concern the claims alleged against PPFA.  *See* Ex. A (RFP Nos. 5–8); Ex. C (Interrogatory Nos. 6–17); *see also* Compl. ¶¶ 79–80, 84, 99.

5. Relator's claim for damages or penalties.  *See* Ex. A (RFP No. 13); Ex. C (Interrogatory No. 23); *see also* Compl. Prayer.

6. Witnesses with relevant knowledge, *see* Ex. C (Interrogatory No. 1), and documents related to Relator's responses to the Interrogatories, *see* Ex. A (RFP No. 16).

Relator has not meaningfully responded to the vast majority of PPFA's Requests.

*First*, Relator variously misconstrues and refuses to construe several of PPFA's Requests, and the Responses provided do not actually address the discovery sought.  To the extent Relator believes any specific Request is overbroad or seeks irrelevant information, PPFA nonetheless is entitled to Responses and production for any portion of a Request that is not objectionable under a reasonable and ordinary construction consistent with the Rules.

*Second*, PPFA seeks to compel the disclosure of relevant, non-privileged documents and communications over which Relator has erroneously asserted various privileges and protective doctrines, including the attorney-client privilege, the work-product doctrine, the common-interest

privilege, and the government-investigative privilege.  This includes documents that form the basis for Relator's and Texas's claims against PPFA, such as those Relator contends constitute evidence of PPFA's involvement in the Affiliates' submission of claims to Medicaid.

*Finally*, Relator repeatedly answers PPFA's Requests by asserting that responsive information can be found in one of two places: the expert report of Donald Lochabay (and the documents it relies upon) and "documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint."  Ex. B at 6–8, 12–16; Ex. D at 6–10, 20–22, 24–25.  PPFA is entitled to fulsome responses that identify the responsive information and material and to the production of other documents that indisputably exist given the nearly 12-year history recounted in the Complaint.  *See Bank of the Ozarks v. Just Kids Child Care Ctr., Inc.*, 2012 WL 13020706, at *5 (N.D. Ga. May 23, 2012) (A party "must actually identify the previously-produced responsive documents so that [the other party] can locate those documents."); *cf. Jacquez v. Compass Bank*, 2015 WL 11529918, at *1 (W.D. Tex. Dec. 17, 2015) ("[D]ocuments produced in lieu of a written answer must be specified 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'") (citing Fed. R. Civ. P. 33(d)).

## II.     PPFA Is Entitled to Relator's Best Responses.

In several Responses, Relator objects that PPFA's Requests are overbroad and simply points PPFA to documents allegedly already in PPFA's control or to the "Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and . . . to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint."  Ex. B at 6–7,12–13, 15–16.  For example, PPFA requested in RFP No. 2 that Relator produce:

6

> [a]ll documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any paid or unpaid Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

Ex. A at 8.  Relator responded to that straightforward Request for documents (central to Relator's theory of liability as to PPFA) by stating:

> This Request is overbroad because of the request of "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties." This Request asks for documents and communications which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

Ex. B at 6–7.

These objections lack merit.  Setting aside for now Relator's improper privilege objections, it strains credulity for Relator to represent that the only responsive relevant documents in this case—based on claims and allegations going back a dozen years—are Relator's expert report, its associated documents, and publicly available court filings.  Relator's overbreadth objection is especially puzzling given the central role that Relator claims in the Complaint, which includes a lengthy history of Relator interacting with government entities, alleged PPFA personnel, and third parties.  *See, e.g.*, Compl. ¶¶ 4–13, 65–68, 79–82.

7

Relator fails to explain how any specific Request is overbroad, and each of the RFPs and Interrogatories are tailored to the time period, factual allegations, and the claims and defenses in this case. Although Relator asserts (without explanation) that PPFA's defined terms—such as "you," "documents," "communications," and "relating to"—are overbroad, Relator also committed to interpreting those terms "consistent with FRCP 34 and other applicable FRCPs, rules, and law" in responding to PPFA's Requests. *See, e.g.*, Ex. B at 3; Ex. D at 2–4. Relator's Responses do not explain how or why any Request is overbroad if interpreted according to "common usage."

Even if Relator established that some portion of a Request actually is "overbroad"—and they are not and Relator has not—such a showing would not relieve Relator wholesale of any obligation to produce relevant information and documents. *See Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex 2014) ("If a discovery request is overbroad, the responding party must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to."); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010) ("Discovery requests must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none."); *Provost v. Kia Motors Am.*, 2006 WL 8432930, at *3 (M.D. La. June 27, 2006) ("While certain of these requests are overbroad, KMA nevertheless had an obligation to produce information responsive to those requests subject to that objection.").

PPFA is entitled to responses to its Requests that are based on a reasonable construction of their language. Accordingly, Relator must amend the Responses to specifically describe the objectionable portions of any RFP or Interrogatory that Relator still believes to be overbroad,

commit to producing relevant documents, state that Relator has no relevant documents to produce, or some other response that complies with Relator's discovery obligations under the Rules.

### III.    Relator's Claims of Privilege Are Unsubstantiated.

Relator refuses to produce documents and answer Interrogatories based on the claim that such materials are privileged or otherwise protected under the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or the government-investigative privilege. Specifically, Relator rejects the need to produce any documents in response to RFP Nos. 5, 6, or 7, in which PPFA sought Relator's communications with Texas, Louisiana, and the United States "relating to PPFA or [Relator's] allegations and claims in this litigation, including without limitation all documents provided to" Texas, Louisiana, and the United States "before the filing of the Relator's Complaint."  Ex. B at 9–11.  Relator further claims privilege to avoid providing full and complete responses to RFP Nos. 10–11, 13–14, and 16, as well as to Interrogatories 12–17 and 23.

#### A.    Communications and Documents Exchanged Prior to February 5, 2021 Are Not Privileged or Protected.

Relator's privilege claims suffer from a fatal flaw.  According to Relator's *own Responses* to PPFA's Interrogatories 6, 7, 8, 9, 10, and 11, the first date on which Relator disclosed the material facts alleged in Relator's Complaint to Texas, Louisiana, and the United States was "February 5, 2021 prior to filing Relator's Complaint."  Ex. D at 11–15.  As such, Relator and the government entities did not share a common legal interest or enjoy joint-prosecution protections at any time before February 5, 2021, and any communications or transmissions of documents that precede that time are not protected.

"Despite its name, the common interest privilege is neither common nor a privilege. Instead, it is an extension of the attorney-client privilege and of the work-product doctrine."  *Ferko*

*v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003). The mere fact that two entities have a common interest or goal does not, in and of itself, create a protection against disclosure. "In the civil context, the common interest privilege protects two types of communications: (1) communications between co-[parties] in actual litigation and their counsel; and (2) communications between potential co-[parties] and their counsel." *United States v. Homeward Residential, Inc.*, 2016 WL 1031154, at *5-6 (E.D. Tex. Mar. 15, 2016). Thus "the common interest doctrine protects communications between two parties or attorneys that share a common legal interest. 'A shared rooting interest in the "successful outcome of a case"… is not a common legal interest.'" *Id.* at *6 (cleaned up).

Crediting Relator's Responses,[2] Relator could not have shared in a common-interest or joint-prosecution protection with the government-entity parties here *prior* to February 5, 2021. *See id.*; *see also United States v. Cameron-Ehlen Grp., Inc.*, 2019 WL 6875354, at *1 (D. Minn. Dec. 17, 2019) ("[A]ny common interest privilege is properly asserted only once [the relator] made his pre-filing disclosure to the Government."). Before then—according to Relator—Relator had not apprised the government entities of the material facts underlying Relator's Complaint, and Relator could not have had a common legal interest with them. *See id.* (viewing the date of "pre-filing disclosure" as a "clear point of demarcation" for privilege purposes); *see also United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 427 (D.D.C. 2014) ("A common interest privilege can exist 'so long as [the]transferor and transferee anticipate litigation against a common adversary on the same issue or issues.'") (citation omitted).

To that end, if Relator (1) had any communications with Texas, Louisiana, or the United States "relating to PPFA or [Relator's] allegations and claims in this litigation," or (2) provided

---

[2] The Interrogatory Responses are not verified.

any documents to Texas, Louisiana, or the United States before February 5, 2021, those communications and documents are not shielded from discovery by any common-interest or joint-prosecution protections.  That includes any required disclosure or factual statement provided to the United States, Texas, or Louisiana.  *See, e.g.*, *Cameron-Ehlen Grp.*, 2019 WL 6875354, at *1–2; *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 838–39 (N.D. Ill. 1993).  Such documents are at minimum relevant to PPFA's defenses to Relator's claims against PPFA, including limitations, the original-source defense, and the public-disclosure bar.

      B.      The Attorney-Client and Work-Product Privileges Do Not Protect Facts.

Although Relator further objects to producing documents or responding to PPFA's Interrogatories by citing the attorney-client privilege and work-product doctrine, neither applies here.  "The attorney-client privilege protects confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services."  *In re Lindsey*, 148 F.3d 1100, 1103 (D.C. Cir. 1998).  The work product doctrine protects "a lawyer's research, analysis, legal theories, mental impressions, notes and memoranda of witness' statements from an opposing counsel's inquiries."  *United States v. Ocwen Loan Servicing, LLC*, 2016 WL 1031157, at *1 (E.D. Tex. Mar. 15, 2016) (citations omitted).  "Work product is not a substantive privilege within the meaning of Fed. R. Evid. 501."  *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 476 (N.D. Tex. 2004).  Attorney-client privilege and work-product protection protect only communications with an attorney; they do not "protect disclosure of the underlying facts."  *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981); *SEC v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006).

Communications between Relator and the government-entity parties conveying Relator's beliefs, understanding of the facts, and transmission of the underlying supporting documents are thus not eligible for protection, irrespective of whether those communications or transmissions

were made "in anticipation of litigation."  *See United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 400 (D. Colo. 1992).  For example, Relator asserts privilege in Responses to PPFA's Interrogatories Nos. 6–11, which seek information about communications with the government-entity parties about any of the Affiliates' submission of claims to Medicaid that Relator contends were false or fraudulent. Ex. D at 11–15.  But any documents or communications that Relator conveyed to the government entities that allegedly showed that PPFA had knowledge of, involvement in, or control over any allegedly false or fraudulent claim submitted by an Affiliate are not protected under *any* privilege.  Relator must therefore produce all such documents and amend the Responses to PPFA's Requests.

A similar defect plagues Relator's Responses to PPFA's Interrogatories Nos. 12–17. There, PPFA asks Relator to identify (1) all facts in Texas's Complaint that Relator contends the government entities did not have knowledge of, and could not have obtained knowledge of, prior to February 5, 2021, and (2) all facts in Relator's Complaint that Relator contends the government entities did not have knowledge of, and could not have obtained knowledge of, prior to February 5, 2021. Ex. C at 11.  Relator claims that such factual information is protected by privilege.  Ex. D at 16–19.  Yet it is Relator's burden to explain how knowledge of facts (all of which are presently stated in public filings) or the lack thereof is privileged or protected.  That is a burden Relator cannot carry given that PPFA's Requests ask for Relator's contentions and beliefs (which are not attorney work product), and that Relator could not have had joint interest with the government in the claims asserted in this lawsuit until February 2021.  *See* Fed. R. Civ. P. 33(a)(2) (allowing for contention interrogatories).

Relator must therefore produce all documents and communications responsive to any RFPs that seeks production of pre-February 5, 2021, documents and communications, including RFP

Nos. 5–7, 10–11, 13–14, and 16.   Relator must further amend the Responses to PPFA's

Interrogatories Nos. 12–17 and 23.

## IV.   Relator's Responses Must Allow PPFA to Identify and Locate the Responsive Discovery.

Relator repeatedly asserts that PPFA can find the requested documents in one or two

repositories of information.   Instead of actually addressing the Requests, Relator refers PPFA "to

the Expert Reports of Donald Lochabay and the documents cited therein" (the "Lochabay

Documents") and "to the documents contained in the trial and appellate record in the federal court

litigation involving Defendants referenced in Relator's Complaint" (the "Prior Litigation

Documents").[3]  *See* Ex. B at 6–8, 12–16; Ex. D at 6–10, 20–22, 24–25.   Such Responses are wholly

inadequate and improper, and PPFA is entitled to Responses that will allow PPFA to identify and

locate the documents that Relator contends support the various allegations in this case.

The Responses are replete with examples of such insufficient answers to the simple

Requests made by PPFA.   *See, e.g.*, *id.*   As one example, PPFA sought the following material in

its RFP No. 1:

> Documents sufficient to show and all communications relating to all paid and unpaid
> Medicaid claims that You contend were false or fraudulent and which any Affiliate
> Defendant presented or caused to be presented to Medicaid, including without limitation
> Medicaid claim documents, internal communications, and communications with third
> parties.

Ex. A at 8.   Relator responded by asserting various inapplicable objections and privileges and

referring PPFA to the Lochabay Documents and the Prior Litigation Documents.   Ex. B at 5–6.

But that universe of documents is vast.   Relator's Responses effectively force PPFA to guess at

---

[3] Notably, PPFA's counsel was not involved in that litigation and—while those dockets are
publicly available—PPFA's counsel does not enjoy the same familiarity with the record as do
counsel for Relator or Texas.

which documents among thousands—in entirely different cases—Relator believes support claims that the Affiliates presented false or fraudulent claims to Medicaid.

Yet another example is RFP No. 10, in which PPFA seeks "[a]ll documents relating to PPFA's alleged involvement in or knowledge of any alleged violation of medical and/or ethical standard or state or federal law by any Affiliate Defendant in connection with the provision of fetal tissue to any third parties." Ex. A at 9. Here, again, Relator merely "refers PPFA to the documents contained in the trial and appellate record in the federal court litigation," without identifying any specific documents responsive to the Request or indicating whether further responsive documents exist or are being withheld. Ex. B at 11–12.

The issue persists in Relator's Responses to PPFA's Interrogatories Nos. 19–22. Ex. D at 20–25. To illustrate the problem with these Responses, in Interrogatory No. 21, PPFA asks Relator to "[i]dentify and describe all facts demonstrating that PPFA knowingly and improperly avoided or decreased an obligation to pay money under the Texas Medicaid program"—a critical element of Relator's FCA claims. Ex. C at 12. Rather than provide such a complete identification, Relator refers PPFA "to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates"— without stating what those documents are. Ex. D at 22–23. Relator takes a similar approach to Interrogatory No. 19, where, in response to a Request that Relator "identify all 2010-to-present facts demonstrating PPFA's alleged involvement in or knowledge of the alleged provision of fetal tissue by Defendant Planned Parenthood Gulf Coast, Inc. to the University of Texas Medical Branch," Relator refers PPFA "to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including

14

statements by Melissa Farrell"—without indicating which statements by Melissa Farrell in the Prior Litigation Documents bear on this subject or in which documents the statements may be found.  Ex. D at 20–21.

This simply does not comply with the Rules.  *See* Fed. R. Civ. P. 33(d)(1) (requiring that, if a party chooses to answer interrogatories by producing documents, the party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could").  That Relator yesterday produced nearly 10,000 pages of the Prior Litigation Documents does not aid Relator's cause.  Such document dumps are improper "tactic[s] [that] can bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which may be relevant."  *Scott Hutchison Enters., Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 54 (S.D. W. Va. 2016).

Relator is far better situated to provide PPFA with the documents requested or, failing that, to provide PPFA with sufficient information to locate and identify the specific documents. Accordingly, Relator must amend the Responses to identify specifically which materials contained among the Lochabay Documents and the Prior Litigation Documents are responsive to each individual Request, specifically including RFP Nos. 1–4, 10–11, 14, and 16, as well as Interrogatories Nos. 19–22.

## V.    Relator Must Revise Reponses to Misinterpreted Requests.

When responding to several of PPFA's Requests, Relator misconstrued the request posed and provided a response that is either inadequate or nonresponsive.  Relator has not amended the Responses since counsel's July 11, 2022, meet-and-confer call and thus should be compelled to revise the Responses to those Requests to properly address the discovery sought.

15

A.    <u>Relator Must Amend Responses About Communicating with Others.</u>

In RFP Nos. 8 and 9, PPFA sought discovery from Relator regarding communications with two groups:  the Center for Medical Progress ("CMP") and the media.  More specifically, RFP Nos. 8 and 9 state as follows:

### REQUEST FOR PRODUCTION NO. 8

All communications with the Center for Medical Progress relating to PPFA or Your allegations and claims in this litigation.

### REQUEST FOR PRODUCTION NO. 9

All communications between You and the Media relating to PPFA or your allegations and claims in this litigation.

Ex. A at 9.

These requests plainly seek any communications between Relator and CMP or the media that relate to (i) PPFA or (ii) the factual allegations made by Relator in this litigation.  But, rather than address the actual Requests, Relator answered in such a fashion as to avoid having to produce any documents.   Relator responded to both RFP Nos. 8 and 9, stating:   "Relator has not communicated with [CMP or the media] *relating to this lawsuit* and therefore has no documents responsive to this Request."  Ex. B at 11 (emphasis added).

PPFA did not seek communications "relating to this lawsuit," and Relator's Responses are therefore inadequate.  Given the events detailed in the Complaint, Relator cannot seriously deny communicating with CMP or the media about PPFA or Defendants; indeed, some of those communications are a matter of public record.  Consequently, Relator must be compelled to address the discovery actually sought by PPFA and produce communications with CMP and the media that relate either to PPFA or to the allegations and claims in this litigation.

B.    <u>Relator Cannot Rely on Improper Contention Objections.</u>

Relator further fails to actually address PPFA's Interrogatory No. 18:

> If you contend that PPFA had or has an obligation to repay 2010-to-present Texas or Louisiana Medicare overpayments made to any Affiliate Defendant, describe all facts (and identify all statutes, regulations and judicial decisions) supporting Your contention, including all facts supporting Your belief that PPFA should have made such payments despite the injunctions against the termination of provider status that are described in Texas's Complaint and the Relator's Complaint.

Ex. C at 11–12.  Here, again, Relator misconstrues PPFA's Request to avoid having to make a meaningful response.  Instead, Relator responds as follows:

> This Interrogatory calls for a legal conclusion and is an improper contention interrogatory. This Interrogatory asks for communications between Relator and the State of Texas and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the facts alleged in Relator's Complaint.

Ex. D at 19–20.

Interrogatory No. 18 does not seek a legal conclusion.  It asks Relator to explain the grounds for Relator's contention that *PPFA* must repay the alleged overpayments under the circumstances alleged in the operative pleadings.  Rule 33 also expressly forecloses Relator's contention-interrogatory objection:  "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  Fed. R. Civ. P. 33(a)(2).

      C.     Relator Must Clarify Responsive Documents Exist.

Finally, the Responses should be amended to clarify whether Relator actually is in possession of any responsive documents.  To the extent Relator contends responsive documents can be found in the Lochabay Documents or the Prior Litigation Documents, that does not vitiate the obligation to address whether any other responsive materials are in Relator's possession, custody, or control.  *See Nat'l Sur. Corp. v. Ferguson Enters., Inc.*, 2015 WL 12753139, at *1 (N.D. Tex. Sept. 2, 2015) (ordering the responding party on a motion to compel to "withdraw its

objections and serve an amended response that states that [responding party] has no documents within its possession, custody, or control that are responsive to the request as served").

## **CONCLUSION**

PPFA served targeted Requests on Relator in an effort to understand the basis for the claims in this case and to discover information relevant to PPFA's defenses.  Relator's Responses are not sufficient and must be amended.  The claimed privileges and protections are improper, and thus provide no basis to withhold discovery from PPFA.  Relator should be compelled to produce documents or identify with specificity which documents already available to PPFA are responsive to the Requests, in addition to being compelled to answer the Requests as written or as reasonably construed.

Dated:   July 20, 2022

**O'MELVENY & MYERS LLP**


*/s/ Danny S. Ashby*

DANNY S. ASHBY
Texas State Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas State Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 371-8333
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2022, the foregoing *Motion to Compel* was filed via the Court's CM/ECF system and, therefore, was served electronically on all counsel of record.

*/s/ Danny S. Ashby*
Danny S. Ashby

## CERTIFICATE OF CONFERENCE

I certify that on July 11, 2022, counsel for PPFA and counsel for Relator discussed the propriety of Relator's objections and responses to PPFA's discovery requests, but were unable to make meaningful progress towards resolving their disputes. Relator has not since served amended objections and responses to PPFA's discovery requests. Counsel for PPFA and Relator also briefly discussed certain of their disputes during a meet-and-confer with counsel for Texas on July 15, 2022, regarding PPFA's concerns with Texas's objections and responses to PPFA's discovery requests served on Texas. Again, no meaningful progress was made on resolving the issues addressed herein.

*/s/ Justin R. Chapa*
Justin R. Chapa