# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § <br> Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S OBJECTIONS AND RESPONSES TO PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR**

To: Leah Godesky, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067, Amanda Santella, O'Melvany & Myers LLP, 1625 Eye Street NW, Washington, DC 20006, Danny S. Ashby, Justin R. Chapa, O'Melveny & Myers LLP, 2501 North Harwood Street, Suite 1700, Dallas, Texas 75201, Attorneys for Defendant Planned Parenthood Federation of America, Inc.

Relator Alex Doe serves these Objections and Responses to Planned Parenthood Federation of America, Inc.'s First Set of Requests for Production to Relator.

## OBJECTIONS

1. Relator objects to the Requests for Production, including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 34, other FRCPs, or elsewhere. Relator will

1

respond to the Requests in accordance with FRCP 34, other FRCPs, and applicable law.

2. Relator objects to the Requests where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3. Relator objects to the Requests where they seek information not within Relator's possession, custody, or control.

4. Relator objects to the Requests where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5. Relator objects to the Requests where they are not properly limited to an appropriate time period. Answering Requests outside of an appropriate time period will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1).

6. Defendants' definition of the term "Communication" is overly broad, vague, and answering Requests by searching for and producing documents with this definition would be unduly burdensome. Defendants' definition of the term includes "the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion." Relator will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

7. Defendants' definition of the term "Document" is overly broad, vague, and answering Requests with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any designated tangible things," to the definition of "document." Relator will interpret the term "document" consistent with FRCP 34 and other applicable FRCPs, rules, and law.

8. Defendants' definition of the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" is overly broad, vague, and answering Requests by searching for and producing documents with that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly." Relator will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

9. Defendants' definition and use of the terms "Relator," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Requests, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities

3

with no relation to this matter. The terms' vagueness and overbreadth make any Request with the terms as defined by Defendant exceed the scope of the specific claims and issues in this case and therefore makes those Requests objectionable. Relator will respond to Requests and produce responsive documents in Relator's possession, custody or control in accordance with the applicable FRCPs.

10. Relator objects to all of Defendants' Instructions which exceed the requirements of FRCP 34, or other applicable Rules or law. Relator will answer the Requests as required by FRCP 34, and other applicable Rules and law.

11. The responses made at this time are without prejudice to Relator's rights to amend or supplement its responses as appropriate under FRCP 34 or other rules or law.

12. By answering these Requests and producing documents responsive to these Requests, Relator does not concede the relevance or admissibility of the documents, materials, or information. Relator further does not waive, but instead, expressly preserves, the Objections here.

13. Relator incorporates by reference the objections above into the responses set forth below. The failure to repeat any of the objections above does not waive any objection to the specific Request.

14. Relator intends to not produce documents which are privileged under the attorney-client, common interest, work-product, and government investigative privileges and protections. Any production of documents which are covered by the

4

attorney-client, common interest, work product and government investigative privileges and protections is inadvertent under Federal Rule of Evidence 502.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to show and all communications relating to all paid and unpaid Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**RESPONSE**:

This Request is overbroad because of the request of "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties." This Request asks for documents and communications which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You"

5

and the inclusion of "internal communications" and "communications with third parties." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any paid or unpaid Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**RESPONSE:**

This Request is overbroad because of the request of "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties." This Request asks for documents and

6

communications which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show and all communications relating to all paid Medicaid claims that You contend should have been repaid to Medicaid and which any Affiliate Defendant presented or caused to be presented to Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**RESPONSE:**

This Request is overbroad because of the request for "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic] an individual or entity without specifically mentioning or discussing that

7

individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties." This Request asks for documents and communications which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any paid Medicaid claims that You contend should have been repaid to Medicaid and which any Affiliate Defendant presented or caused to be presented to Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**RESPONSE:**

This Request is overbroad because of the request of "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic] an individual or entity without specifically mentioning or discussing that

8

individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties." This Request asks for documents and communications which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties." Relator further responds that this Request seeks documents concerning PPFA's knowledge, control, and involvement, and therefore seeks documents that would be in the possession, custody, or control of Defendants.

**REQUEST FOR PRODUCTION NO. 5:**

All communications with the State of Texas relating to PPFA or Your allegations and claims in this litigation, including without limitation all documents provided to the State of Texas before the filing of the Relator's Complaint.

**RESPONSE:**

This Request asks for communications with the State of Texas, especially "all documents provided to the State of Texas before the filing of the Relator's Complaint," which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definition of "communications" and "documents." Relator will stand on the objections and statement of privileges and will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All communications with the State of Louisiana relating to PPFA or Your allegations and claims in this litigation, including without limitation all documents provided to the State of Louisiana before the filing of the Relator's Complaint.

**RESPONSE:**

This Request asks for communications with the State of Louisiana, especially "all documents provided to the State of Louisiana before the filing of the Relator's Complaint," which are covered by the attorney-client, common interest, work product and government investigative privileges and protections. This is especially true with the almost unlimited definition of "communications" and "documents." Relator will stand on the objections and statement of privileges and will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with the United States relating to PPFA or Your allegations and claims in this litigation, including without limitation all documents provided to the United States before the filing of the Relator's Complaint.

**RESPONSE:**

This Request asks for communications with the United States, especially "all documents provided to the United States before the filing of the Relator's Complaint," which are covered by the attorney-client, common interest, work product and government investigative privileges and protections. This is especially true with the almost unlimited definition of "communications" and "documents." Relator will stand

on the objections and statement of privileges and will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All communications with the Center for Medical Progress relating to PPFA or Your allegations and claims in this litigation.

**RESPONSE:**

Relator has not communicated with the Center for Medical Progress relating to this lawsuit and therefore has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All communications between You and the Media relating to PPFA or your allegations and claims in this litigation.

**RESPONSE:**

Relator has not communicated with the Media relating to this lawsuit and therefore has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to PPFA's alleged involvement in or knowledge of any alleged violation of medical and/or ethical standard or state or federal law by any Affiliate Defendant in connection with the provision of fetal tissue to any third parties.

**RESPONSE:**

This Request asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true

11

with the almost unlimited definitions of "relating to" and "documents." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to PPFA's alleged involvement in or knowledge of the alleged provision of fetal tissue by Defendant Planned Parenthood Gulf Coast, Inc. to the University of Texas Medical Branch.

**RESPONSE:**

This Request asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any formal or informal statements regarding Your allegations and claims against PPFA in this litigation by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements.

**RESPONSE:**

This Request for "[a]ll documents relating to any formal or informal statements regarding Your" claims in this case is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This Request is also overbroad because it has no time limit, and because of the broad phrase "by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements." Additionally, this RFP is overbroad because of the very broad definitions of "Your" and documents. This Request for "[a]ll documents relating to any formal or informal statements regarding Your" claims in this case necessarily asks for documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents," and the very broad phrase "by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to Your claim for damages or penalties.

**RESPONSE:**

This Request for "[a]ll documents relating to Your claim for damages or penalties" in this case is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This Request is also overbroad because of the very broad definitions of "Your" and "documents." This Request for "[a]ll documents relating to Your claim for damages or penalties" necessarily asks for documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "relating to, "documents," and "Your." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not already produced in response to the above Requests, all documents on which the Relator relies to support any of the allegations relating to PPFA in Relator's Complaint.

**RESPONSE:**

This Requests for "all documents on which the Relator relies to support any of

the allegations relating to PPFA in Relator's Complaint" is overbroad because of the broad definition of "documents." This Request for "all documents on which the Relator relies to support any of the allegations in relating to PPFA in Relator's Complaint" necessarily asks for documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

**REQUEST FOR PRODUCTION NO. 15:**

All documents provided by or on behalf of You to any person that You designate as an expert witness in this litigation.

**RESPONSE:**

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not already produced in response to the above Requests, all documents that relate to any of the matters referenced in PPFA's First Set of Interrogatories to the Relator or Your responses to PPFA's First Set of Interrogatories.

**RESPONSE:**

This Request for "all documents that relate to any of the matters referenced in PPFA's First Set of Interrogatories to the Relator or Your responses to PPFA's First Set of Interrogatories" is overbroad because of the almost unlimited definition of "relate to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This Request is also overbroad because of the broad the very broad definitions of "documents." This Request for "[A]ll documents that relate to any of the matters referenced in the claims in PPFA's First Set of Interrogatories to the Relator or Your responses to PPFA's First Set of Interrogatories" not already produced necessarily asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the almost unlimited definitions of "documents." Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint which are in the possession, custody or control of Defendants.

Respectfully submitted.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens