# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.,* | § § § | |
| | § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.,* | § § § | |
| *Defendants.* | § § | |

---

**RELATOR'S OBJECTIONS AND RESPONSES TO PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO RELATOR**

---

To:    Leah Godesky, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067, Amanda Santella, O'Melvany & Myers LLP, 1625 Eye Street NW, Washington, DC 20006, Danny S. Ashby, Justin R. Chapa, O'Melveny & Myers LLP, 2501 North Harwood Street, Suite 1700, Dallas, Texas 75201, Attorneys for Defendant Planned Parenthood Federation of America, Inc.

Relator Alex Doe serves these Objections and Responses to Planned Parenthood Federation of America, Inc.'s First Set of Interrogatories to Relator.

## OBJECTIONS

1.    Relator objects to the Interrogatories, including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 33, other FRCPs, or elsewhere. Relator will respond to the Interrogatories in accordance with FRCP 33, other FRCPs, and applicable law.

2.     Relator objects to the Interrogatories where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.     Relator objects to the Interrogatories where they seek information not within Relator's possession, custody, or control.

4.     Relator objects to the Interrogatories where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.     Relator objects to the Interrogatories where they are not properly limited to an appropriate time period. Answering Interrogatories outside of an appropriate time period will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1).

6.     Defendants' definition of the term "Communication" is overly broad, vague, and answering Interrogatories by using this definition would be unduly burdensome. Defendants' definition of the term includes "the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion." Relator will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

7.     Defendants' definition of the term "Describe" is overly broad, vague, and answering Interrogatories by this definition or searching for and identifying "any document or communication" with this definition would be unduly burdensome. Defendants' definition of the term includes "to identify any document or communication concerning the item in question and to provide a complete factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the information in question." Relator will interpret the terms "describe" consistent with applicable FRCPs, rules, law, and common usage.

8.     Defendants' definition of the term "Document" is overly broad, vague, and answering Interrogatories using that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any designated tangible things," to the definition of "document." Relator will interpret the term "document" consistent with FRCP 33 and other applicable FRCPs, rules, and law.

9.     Defendants' definition of the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" is overly broad, vague, and answering Interrogatories using that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting,

evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly." Relator will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

10.    Defendants' definition and use of the terms "Relator," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Interrogatories using that definition would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any Interrogatory with the terms as defined by Defendants exceed the scope of the specific claims and issues in this case and therefore makes those Interrogatories objectionable. Relator will interpret and respond to Interrogatories consistent with applicable FRCPs, rules, law, and common usage.

11.    Relator objects to all of Defendants' Instructions which exceed the requirements of FRCP 33, or other applicable Rules or law. Relator will answer the Interrogatories as required by FRCP 33, and other applicable Rules and law.

12.    The answers made at this time are without prejudice to Relator's rights to amend or supplement its answers as appropriate under the FRCPs or other rules or law.

13.     By answering these Interrogatories, Relator does not concede the relevance or admissibility of the information. Relator further does not waive, but instead, expressly preserves, the objections here.

14.     Relator incorporates by reference the objections above into the answers set forth below. The failure to repeat any of the objections above does not waive any objection to the specific Interrogatory.

15.     Relator intends to not produce documents which are privileged under the attorney-client, common interest, work-product, and government investigative privileges and protections. Any production of documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections is inadvertent under Federal Rule of Evidence (FRE) 502.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person with knowledge of the facts relevant to the allegations in the Relator's Complaint. Your response should identify the facts about which each person has knowledge.

**ANSWER**:

Relator refers Defendants to the persons listed in the parties' Initial Disclosures and the facts set forth therein.

### INTERROGATORY NO. 2:

For each 2010-to-present Texas Medicaid claim submitted by an Affiliate Defendant that You contend was a false or fraudulent claim, identify all facts that

You contend demonstrate PPFA's knowledge of, involvement in, or control over the claim.

**ANSWER:**

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including the PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are

controlled by PPFA through PPFA's mandatory medical standards and guidelines, financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

**INTERROGATORY NO. 3:**

For each 2010-to-present Texas Medicaid overpayment received by an Affiliate Defendant that You contend the Affiliate Defendant was obligated to report and repay, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over the nonpayment of the claim, as well as all facts that You contend demonstrate that PPFA directed or controlled the Affiliate Defendant's alleged concealment of any overpayment or decision to not report or repay an overpayment.

**ANSWER:**

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including the PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the

public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are controlled by PPFA through PPFA's mandatory medical standards and guidelines, financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

INTERROGATORY NO. 4:

For each 2010-to-present Louisiana Medicaid claim submitted by an Affiliate Defendant that You contend was a false or fraudulent claim, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over such claim.

RESPONSE:

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to

the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including the PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are controlled by PPFA through PPFA's mandatory medical standards and guidelines, financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

**INTERROGATORY NO. 5:**

For each 2010-to-present Louisiana Medicaid overpayment received by an Affiliate Defendant that You contend the Affiliate Defendant was obligated to report and repay, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over the nonpayment of the claim, as well as all facts that You contend demonstrate that PPFA directed or controlled the Affiliate Defendant's alleged concealment of any overpayment or decision to not report or repay an overpayment.

**RESPONSE:**

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, and further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including the PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets

medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are controlled by PPFA through PPFA's mandatory medical standards and guidelines, financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

**INTERROGATORY NO. 6:**

Identify the first date on which the Relator communicated with the State of Texas regarding any of the Affiliate Defendants' submission of claims to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the Relator's communication with the State of Texas regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This Interrogatory asks for communications between Relator and the State of Texas and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and

protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of privileges, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the State of Texas on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 7:**

Identify the first date on which the Relator communicated with the State of Texas regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the Relator's communication with the State of Texas regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This Interrogatory asks for communications between Relator and the State of Texas and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the State of Texas on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 8:**

Identify the first date on which the Relator communicated with the State of Louisiana regarding any of the Affiliate Defendants' submission of claims to Louisiana Medicaid that You contend were false or fraudulent, and describe, in detail, the Relator's communication with the State of Louisiana regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This interrogatory asks for communications between Relator and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of Privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the State of Louisiana on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 9:**

Identify the first date on which the Relator communicated with the State of Louisiana regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the Relator's communication with the State of Louisiana regarding such claim (including without

limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This Interrogatory asks for communications between Relator and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the State of Louisiana on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 10:**

Identify the first date on which the Relator communicated with the United States regarding any of the Affiliate Defendants' submission of claims to Texas or Louisiana Medicaid that You contend were false or fraudulent, and describe, in detail, the Relator's communication with the United States regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This interrogatory asks for communications between Relator and the United States and seeks information which is covered by the attorney-

client, common interest, work product, and government investigative privileges and protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the United States on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 11:**

Identify the first date on which the Relator communicated with the United States regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the Relator's communication with the United States regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

**RESPONSE:**

This Interrogatory is overbroad because of the objectionably very broad definition of "communications." This Interrogatory asks for communications between Relator and the United States and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. This is especially true with the broad definition of "communications." Subject to Relator's objections and statements of privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the United States on February 5, 2021 prior to filing Relator's Complaint.

**INTERROGATORY NO. 12:**

Identify all facts in Texas's Complaint of which You contend the State of Texas did not have knowledge before February 5, 2021, and describe, in detail, why the State of Texas could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the State of Texas and calls for speculation regarding how or why another person or party could or could not have obtained knowledge. This Interrogatory asks for communications between Relator and the State of Texas and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all facts in Texas's Complaint of which You contend the State of Louisiana did not have knowledge before February 5, 2021, and describe, in detail, why the State of Louisiana could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the State of Louisiana and calls for speculation regarding how or why another person or party could or could not have obtained knowledge. This Interrogatory asks

for communications between Relator and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all facts in Texas's Complaint of which You contend You had knowledge and the United States had no knowledge before February 5, 2021, and describe, in detail, why the United States could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the United States and calls for speculation regarding how or why another person or party could or could not have obtained knowledge. This Interrogatory asks for communications between Relator and the United States and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 15:**

Identify all facts in the Relator's Complaint of which You contend the State of Texas did not have knowledge before February 5, 2021, and describe, in detail, why the State of Texas could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the State of Texas and calls for speculation regarding how or why another person or party could or could not have obtained knowledge. This Interrogatory asks for communications between Relator and the State of Texas and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify all facts in the Relator's Complaint of which You contend the State of Louisiana did not have knowledge before February 5, 2021, and describe, in detail, why the State of Louisiana could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the State of Louisiana and calls for speculation regarding how or why another person or party could or could not have obtained knowledge. This Interrogatory asks for communications between Relator and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify all facts in the Relator's Complaint of which You contend You had knowledge and the United States had no knowledge before February 5, 2021, and describe, in detail, why the United States could not have obtained knowledge of those facts before February 5, 2021.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of the United States and calls for speculation. This Interrogatory asks for communications between Relator and the United States and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator states that Relator disclosed the material facts alleged in Relator's Complaint to the United States prior to filing Relator's Complaint and that the United States did not have knowledge of those material facts prior to Relator's disclosure.

**INTERROGATORY NO. 18:**

If you contend that PPFA had or has an obligation to repay 2010-to-present Texas or Louisiana Medicare overpayments made to any Affiliate Defendant, describe all facts (and identify all statutes, regulations and judicial decisions) supporting Your contention, including all facts supporting Your belief that PPFA should have made such payments despite the injunctions against the termination of provider status that are described in Texas's Complaint and the Relator's Complaint.

**RESPONSE:**

This Interrogatory calls for a legal conclusion and is an improper contention interrogatory. This Interrogatory asks for communications between Relator and the State of Texas and the State of Louisiana and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the facts alleged in Relator's Complaint.

**INTERROGATORY NO. 19:**

Identify all 2010-to-present facts demonstrating PPFA's alleged involvement in or knowledge of the alleged provision of fetal tissue by Defendant Planned Parenthood Gulf Coast, Inc. to the University of Texas Medical Branch.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of Defendants and calls for speculation. This Interrogatory asks for communications between Relator and the United States, the State of Texas, and the State of Louisiana, and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including statements by Melissa Farrell. Relator further states that all fetal tissue research had to be reviewed and approved by PPFA so PPFA was aware of the PPFA Affiliates'

research projects.

**INTERROGATORY NO. 20:**

Identify all 2010-to-present facts demonstrating PPFA's alleged knowledge of, involvement in, or control of any alleged violation of medical and ethical standards or state or federal law by any Affiliate Defendant in connection with the provision of fetal tissue to any third parties, including without limitation:

    i.   the date of any alleged knowledge of, involvement in, or control by PPFA;

    ii.   the specific persons that You allege acted on behalf of PPFA; and

    iii.  the medical and/or ethical standard or state or federal law that You allege was violated by the Affiliate Defendant.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of Defendants. This Interrogatory asks for communications between Relator and the United States, the State of Texas, and the State of Louisiana, and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts in the record regarding the organizational structure and relationship between PPFA and PPFA Affiliates. Relator further states that all fetal tissue research had to be approved by PPFA, so the date of alleged knowledge of, involvement in, or

control by PPFA was the date research projects were reviewed and approved by PPFA, Johanna Morfesis was in charge of research at PPFA during the relevant time period, and the numerous medical and ethical standards and state or federal laws that were violated are described in trial and appellate record in the federal court litigation involving Defendants' termination from Medicaid.

**INTERROGATORY NO. 21:**

Identify and describe all facts demonstrating that PPFA knowingly and improperly avoided or decreased an obligation to pay money under the Texas Medicaid program.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of Defendants and calls for a legal conclusion. This Interrogatory asks for communications between Relator and the United States, the State of Texas, and the State of Louisiana, and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including Defendants PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided

that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are controlled by PPFA through PPFA's mandatory medical standards and guidelines, financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

**INTERROGATORY NO. 22:**

Identify and describe all facts demonstrating that PPFA knowingly and improperly avoided or decreased an obligation to pay money under the Louisiana Medicaid program.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of Defendants and calls for a legal conclusion. This Interrogatory asks for

communications between Relator and the United States, the State of Texas, and the State of Louisiana, and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, including but not limited to documents and facts regarding the control and relationship between PPFA and PPFA Affiliates. Relator further states that PPFA provides medical services through approximately 50 affiliates nationwide, including Defendants PPFA Affiliates. PPFA Affiliates pay dues to PPFA and in exchange for these payments and provided that PPFA Affiliates comply with PPFA's policies, PPFA Affiliates can hold themselves out to the public using the named "Planned Parenthood" and receive other benefits like monetary support and legal representation. PPFA provided legal representation to the PPFA Affiliates in federal court litigation involving the PPFA Affiliates termination from Medicaid. PPFA also exercises functional control over the PPFA Affiliates. It sets medical and operational standards for PPFA Affiliates and requires all PPFA Affiliates to provide certain core medical services. PPFA must review and approve all PPFA Affiliate research projects and PPFA sets policies that govern their medical practices, mandates certain informed consent forms to be used by PPFA Affiliates, and works with PPFA Affiliates to share best practices and industry information. PPFA Affiliates' medical services, including their enrollment and participation in Medicaid, are controlled by PPFA through PPFA's mandatory medical standards and guidelines,

financial support, PPFA's counsel providing representation to the PPFA Affiliates in litigation over their termination from Medicaid, PPFA's leadership and managerial influence and control of the PPFA Affiliates, and PPFA's organizational structure.

**INTERROGATORY NO. 23:**

For each false or fraudulent claim that You allege PPFA had knowledge of, involvement in, or control over, state the damages that You contend are associated with such claim, the basis for calculating those damages, and the amount of any penalties that You contend should be assessed for the claim.

**RESPONSE:**

This Interrogatory seeks information that is within the knowledge, custody or control of Defendants and calls for a legal conclusion. This Interrogatory asks for communications between Relator and the United States, the State of Texas, and the State of Louisiana, and seeks information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privilege, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood
Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood
Federation of America, Inc., Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of Greater
Texas, Inc., Planned Parenthood South Texas,
Inc., Planned Parenthood Cameron County, Inc.,
and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens