# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>The State of Texas §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>The State of Louisiana §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>  Plaintiffs, §<br>§<br>v. §<br>§<br>Planned Parenthood Federation of America, Inc., §<br>Planned Parenthood Gulf Coast, Inc., Planned §<br>Parenthood of Greater Texas, Inc., Planned §<br>Parenthood South Texas, Inc., Planned Parenthood §<br>Cameron County, Inc., Planned Parenthood San §<br>Antonio, Inc., §<br>§<br>  Defendants. §<br>§ | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:   June 3, 2022 |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S
FIRST REQUESTS FOR PRODUCTION TO THE STATE OF TEXAS**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") requests that the State of Texas (i) respond to these Requests for Production fully and in writing, within 30 days after service, and (ii) produce electronic copies of the documents to be delivered in accordance with the definitions

1

and instructions set forth below.[1]  These Requests for Production (each, "Request," and, collectively, "Requests") are continuing, and there is a continuing obligation on the State of Texas to amend and supplement its responses as additional documents and information become available.  PPFA reserves the right to serve supplemental and additional requests for production of documents.

## DEFINITIONS

Unless the terms of a particular Request specifically indicate otherwise, the following definitions are applicable throughout these Requests and are incorporated into each specific Request.

1. "And" and "or" mean both and shall always be read to require the more inclusive answer.

2. "Any" means "all" and vice versa.

3. "Affiliate Defendants" mean Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., and "Affiliate Defendant" means any one of the Affiliate Defendants.

4. "Communication" means the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion.

5. "Center for Medical Progress" means the non-profit organization by that name founded in or around 2013 and any current or former associated corporation or entity, as well as

---

[1] To the extent that the parties enter an agreement regarding the production of electronically stored information ("ESI"), the ESI agreement shall supersede these instructions.

any current and former officers, directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of the Center for Medical Progress.

6.  "Document" is used in its broadest sense to mean all materials within the scope of Federal Rule of Civil Procedure 34(a), including without limitation any designated tangible things, documents, or electronically stored information (including without limitation communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations) stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, that are in the possession, custody, or control of You or Your counsel (as defined below). "Document" further includes originals and all drafts and copies that differ in any respect from the original.

7.  "Louisiana" means the government of the State of Louisiana, and any current or former subsidiary, division, affiliate, predecessor entity, agency, office, or department of the Louisiana government (including without limitation the Louisiana Department of Health and Louisiana Attorney General's Office) as well as any current and former directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of the government of the State of Louisiana (including any auditors or investigators hired by the Louisiana government).

8.  "Media" means any news organization, application, or platform (including without limitation newspapers, websites, television networks, radio stations, podcasts, blogs, and social-media outlets) and their respective employees, agents, representatives, and any other person acting or purporting to act on behalf of a news organization, application, or platform.

9. "Person" or "Persons" means a natural person, corporation, firm, proprietorship, partnership, association, company, joint venture, group, estate, trust, organization, business, and/or governmental entity or agency having a separate identification, recognized in law or in fact, or any other type of organization or entity.

10. "PPFA" means Planned Parenthood Federation of America, Inc.

11. "Regarding," "relating to," "related to," "in relation to," or "relates to" means relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly.

12. "Relator" means Relator Alex Doe individually, and any current or former associated corporation or entity, as well as any current and former officers, directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of Relator.

13. "Texas," "State of Texas," "You," and "Your" mean the government of the State of Texas, and any current or former subsidiary, division, affiliate, predecessor entity, agency, office, or department of the Texas government, including without limitation the Texas Health & Human Services Commission, the Texas Office of the Inspector General, the Texas Attorney General's Office, the Texas Department of State Health Services, and the Texas Department of Public Safety, as well as any current and former directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of the government of the State of Texas (including any auditors or investigators hired by the Texas government).

14. "Texas's Complaint" means the State of Texas's Complaint In Intervention filed on or about January 6, 2022 (Dkt. No. 22).

15. "Texas Medicaid" means the Medicaid program administered by the State of Texas, as well as any current and former directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of Texas's Medicaid program.

## INSTRUCTIONS

1. You must respond to these Requests to the fullest extent required by the applicable law, including without limitation Federal Rules of Civil Procedure 26 and 34.

2. You must produce documents as they are kept in the usual course of business or you must organize and label them to correspond to the categories in each Request. Please produce all documents (including electronically stored information) with metadata intact in native form.

3. Any Request propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa. Any Request propounded in the masculine shall also be read as if propounded in the feminine, and vice versa. Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa. Any Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa. The foregoing four sentences apply whenever appropriate in order to bring within the scope of these Requests any information that otherwise might be considered to be beyond their scope.

4. You are required, in responding to these Requests, to obtain and furnish all non-privileged documents in your possession, custody, or control, including any documents in the possession of your attorneys, agents, and/or any other persons or entities acting, or purporting to act, on Your behalf or pursuant to Your direction or control.

5. Your refusal to produce any document, or Your objection to any Request, in no way excuses You from the timely production of all other documents requested herein.

6. These Requests are of a continuing nature and You are required to serve supplemental productions if You obtain or become aware of additional or different responsive documents.

7. For any documents You withhold because of a claim of privilege or immunity, please provide the information required by Federal Rule of Civil Procedure 26 and applicable case law.

8. If any requested document is known to have existed and cannot now be located, or has been destroyed or discarded, please identify each such document by setting forth:

   a. the name and identification by position, title, affiliation, or other appropriate information of the current or last-known custodian of each such document;

   b. whether the document is lost or was destroyed or discarded;

   c. the date of loss, destruction, or discard;

   d. the manner of and reason for destruction or discard, if any;

   e. the efforts made to locate lost or misplaced documents; and

   f. a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown, or who had possession, custody, or control of the document.

9. If any documents that are no longer in existence contained information responsive to any Request, then in the answer to that Request:

   a. identify all information contained in the documents;

   b. identify each type of document (e.g., letters, ledgers) that contained the information;

    c.   state the time period during which the documents were maintained;

    d.   state the circumstances under which the documents ceased to exist;

    e.   identify all persons who have knowledge of the circumstances under which the documents ceased to exist; and

    f.   identify all persons who have knowledge or had knowledge of the documents and their contents.

10.    If any requested document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction until the full and final resolution of this litigation unless otherwise permitted by the Court.

11.    It is not grounds for objection that the documents sought are in the possession of the party serving these Requests. It is not grounds for objection that the documents sought may be inadmissible at trial.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to show and all communications relating to all 2017-to-present paid and unpaid Texas Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

### REQUEST FOR PRODUCTION NO. 2

All documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any 2017-to-present paid or unpaid Texas Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

### REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show and all communications relating to all 2017-to-present paid Texas Medicaid claims that You contend should have been repaid to Texas Medicaid and which

any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**REQUEST FOR PRODUCTION NO. 4**

All documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any 2017-to-present paid Texas Medicaid claims that You contend should have been repaid to Texas Medicaid and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**REQUEST FOR PRODUCTION NO. 5**

All 2013-to-present communications with the Relator, including without limitation any communications between the Texas Attorney General and the Relator.

**REQUEST FOR PRODUCTION NO. 6**

All 2013-to-present documents and communications relating to the Relator, including without limitation all internal communications and communications with third parties.

**REQUEST FOR PRODUCTION NO. 7**

All 2013-to-present communications with the Center for Medical Progress, including without limitation any communications between the Texas Attorney General and the Center for Medical Progress.

**REQUEST FOR PRODUCTION NO. 8**

All 2010-to-present documents relating to any fetal-tissue study in which any Texas Medicaid provider other than the Affiliate Defendants participated.

**REQUEST FOR PRODUCTION NO. 9**

All 2013-to-present documents relating to whether Texas Medicaid did, could, or should seek repayment of claims from any Affiliate Defendant, including without limitation internal communications and communications with Texas Medicaid.

**REQUEST FOR PRODUCTION NO. 10**

All 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a litigation or administrative proceeding regarding the provider's qualifications under the Texas Medicaid program.

**REQUEST FOR PRODUCTION NO. 11**

All 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a temporary restraining order or preliminary injunction barring termination of the provider from the Texas Medicaid program.

**REQUEST FOR PRODUCTION NO. 12**

All 2010-to-present documents relating to a Texas Medicaid provider's obligation or lack of obligation to repay claims received during the pendency of a temporary restraining order or preliminary injunction barring termination of the provider from the Texas Medicaid program.

**REQUEST FOR PRODUCTION NO. 13**

All 2013-to-present communications with Louisiana relating to PPFA or any of the Affiliate Defendants.

**REQUEST FOR PRODUCTION NO. 14**

All 2013-to-present communications between You and the Media relating to Your or Relator's allegations and claims in this litigation.

**REQUEST FOR PRODUCTION NO. 15**

All documents relating to the allegation in Paragraph 20 of Texas's Complaint that PPFA "provides significant monetary support to [the Affiliate Defendants] as well as other types of support and control."

**REQUEST FOR PRODUCTION NO. 16**

All documents relating to any formal or informal statements regarding Your allegations and claims against PPFA in this litigation by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements.

**REQUEST FOR PRODUCTION NO. 17**

All documents relating to Your claim for damages or penalties.

**REQUEST FOR PRODUCTION NO. 18**

To the extent not already produced in response to any of the above Requests, all documents on which the State of Texas relies to support any of the allegations in Texas's Complaint relating to PPFA.

9

**REQUEST FOR PRODUCTION NO. 19**

All documents provided by or on behalf of You to any person that You designate as an expert witness in this litigation.

**REQUEST FOR PRODUCTION NO. 20**

To the extent not already produced in response to any of the above Requests, all documents that relate to any of the matters referenced in PPFA's First Set of Interrogatories to the State of Texas or Your responses to PPFA's First Set of Interrogatories.

Dated:   June 3, 2022                                       **O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*

Danny S. Ashby
Texas State Bar No. 01370960
    dashby@omm.com
Justin R. Chapa
Texas State Bar No. 24074019
    jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

Leah Godesky (*pro hac vice* forthcoming)
    lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s First Requests of Production to the State of Texas was served by electronic mail on all counsel of record.

*/s/ Danny S. Ashby*