# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV-|
| | § | 00022-Z |
| The State of Texas | § | |
| | § | Date:      June 3, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO THE STATE OF TEXAS

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Planned

Parenthood Federation of America, Inc. ("PPFA") requests that the State of Texas provide

answers to the following First Set of Interrogatories (each, "Interrogatory," and, collectively,

"Interrogatories") within the time and in the manner provided by the Federal Rules of Civil

Procedure and any other applicable legal authority.  Please note that there is a continuing

obligation to amend and supplement the State of Texas's answers as additional information

becomes available.  PPFA reserves the right to serve supplemental and additional interrogatories.

## **DEFINITIONS**

Unless the terms of a particular Interrogatory specifically indicate otherwise, the following definitions are applicable throughout these Interrogatories and are incorporated into each specific Interrogatory.

1.      "And" and "or" means both and shall always be read to require the more inclusive answer.

2.      "Any" means "all" and vice versa.

3.      "Affiliate Defendants" means Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., and "Affiliate Defendant" means any one of the Affiliate Defendants.

4.      "Center for Medical Progress" means the non-profit organization by that name founded in or around 2013 and any current or former associated corporation or entity, as well as any current and former officers, directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of the Center for Medical Progress.

5.      "Communication" means the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion.

6.      "Date" means the exact day, month, and year, if known or ascertainable, or if not, the best approximation (including relationship to other events).

7.      "Describe" means to identify any document or communication concerning the item in question and to provide a complete factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the information in question.

8.      "Document" is used in its broadest sense to mean all materials within the scope of Federal Rule of Civil Procedure 34(a), including without limitation any designated tangible things, documents, or electronically stored information (including without limitation communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations) stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, that are in the possession, custody, or control of You or Your counsel.  "Document" further includes originals and all drafts and copies that differ in any respect from the original.

9.      "Identify" when used with respect to documents means that, for each and every document, the following information must be provided:

a.      the location of any file or files where the document, or any copy thereof, is normally or presently kept, and identify the custodian thereof; and

b.      a general description of the document.

10.      "Identify" when used with respect to persons means that, for each and every person, the following information must be provided:

a.      the name and current address of any and all natural persons;

3

      b.      the employer and job title of any and all natural persons, if known, or the last-known place of employment of any and all natural persons, if current employment information is unknown; and

      c.      the full name and address of the entity, if other than a natural person, and the name, last-known address, and place of employment and employer, if different from the entity, of each and every natural person employed by or representing such entity having knowledge of or with whom communications have occurred relating to the subject matter of the Interrogatory.

11.    "Person" or "Persons" means a natural person, corporation, firm, proprietorship, partnership, association, company, joint venture, group, estate, trust, organization, business, and/or governmental entity or agency having a separate identification, recognized in law or in fact, or any other type of organization or entity.

12.    "PPFA" means Planned Parenthood Federation of America, Inc.

13.    "Regarding," "relating to," "related to," "in relation to," or "relates to" means relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly.

14.    "Relator" means Relator Alex Doe individually, and any current or former associated corporation or entity, as well as any current and former employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of Relator.

4

15.     "Relator's Complaint" means the Complaint that Relator Alex Doe filed in this matter on or about February 5, 2021 (Dkt. No. 2).

16.     "Texas," "State of Texas," "You," and "Your" mean the government of the State of Texas, and any current or former subsidiary, division, affiliate, predecessor entity, agency, office, or department of the Texas government (including without limitation the Texas Health & Human Services Commission, the Texas Office of the Inspector General, the Texas Attorney General's Office, the Texas Department of State Health Services, and the Texas Department of Public Safety), as well as any current and former directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of the government of the State of Texas (including without limitation any auditors or investigators hired by the Texas government).

17.     "Texas's Complaint" means the State of Texas's Complaint In Intervention filed in this matter on or about January 6, 2022 (Dkt. No. 22).

18.     "Texas Medicaid" means the Medicaid program administered by the State of Texas, as well as any current and former directors, employees, agents, attorneys, accountants, representatives, and any other person acting or purporting to act on behalf of Texas's Medicaid program.

## **INSTRUCTIONS**

The following general instructions apply to each of the Interrogatories:

1.     You must respond to these Interrogatories to the fullest extent required by the applicable law, including without limitation Federal Rules of Civil Procedure 26 and 33.

2.     You are required, in responding to these Interrogatories, to obtain and furnish all information available to You and any of Your departments, divisions, affiliates, representatives,

employees, agents, consultants, experts, or attorneys, and to obtain and to furnish all information that is in Your possession or under Your control, or in the possession or under the control of any of Your departments, divisions, affiliates, representatives, employees, agents, consultants, experts, or attorneys.

3.      Each Interrogatory, including subparts, is to be answered by You separately, completely, fully, and under oath.  Any objections should clearly indicate to which part or portion of the Interrogatory it is directed, and You must answer any portion of the Interrogatory to which You do not object.

4.      If You are unable to answer any Interrogatory in full after exercising due diligence to secure the requested information, please so state, answer to the fullest extent possible, and explain why the Interrogatory cannot be answered in full.

5.      Any Interrogatory propounded in the present tense shall also be read as if propounded in the past tense, and vice versa.  Any Interrogatory propounded in the singular shall also be read as if propounded in the plural, and vice versa.  A conjunctive word shall be interpreted as a disjunctive word, and vice versa.  Any Interrogatory propounded in the masculine shall also be read as if propounded in the feminine, and vice versa.  The foregoing four sentences apply whenever appropriate in order to bring within the scope of these Interrogatories any information which otherwise might be considered to be beyond their scope.

6.      If You refuse to provide any information requested on the grounds of privilege or otherwise, please provide the information required by Federal Rule of Civil Procedure 26 and specify: (1) the nature of the privilege that is claimed; (2) the exact basis for the claim of privilege; (3) whether any documents exist or any oral communications took place with regard to the requested information, and, if so, identify: (i) the name of the person making

6

the communication and the names of persons present while the communication was made; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

7.      If, in answering any of these Interrogatories, You claim any ambiguity in interpreting an Interrogatory, or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to answer, and there shall be set forth as part of the answer the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

8.      Whenever a date, amount, or other computation or figure is requested, the exact date and time, amount, computation, or figure is to be given unless it is not known.  If it is not known, then the approximate date and time, amount, computation, or figure should be given or the best estimate thereof, and the answer shall state that the date, amount, computation, or figure is an estimate or approximation, as well as the basis for making the estimate or approximation.

9.      No answer shall be left blank.  If the answer to an Interrogatory or subpart of an Interrogatory is "none" or "unknown," the word "none" or "unknown" must be written in the answer.

10.     If any identified document included or referenced in any answer to any Interrogatory is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction until the conclusion of this lawsuit unless otherwise permitted by the Court.

11.     These Interrogatories are continuing in nature.  If, after answering these Interrogatories, You or any person acting on Your behalf obtain(s) or become(s) aware of additional information or document responsive to these Interrogatories, You are required to

7

serve a supplemental answer reflecting all such subsequently acquired information or document. Supplemental answers are to be served as soon as reasonably possible after receipt of such information.

12.     When answering these Interrogatories, please provide as much detail and specificity as possible and provide detailed explanations for all contentions asserted in Your answers, including (without limitation) all facts that support and/or refute Your contentions.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person with knowledge of the facts relevant to the allegations in Texas's Complaint. Your response should identify the facts about which each person has knowledge.

### INTERROGATORY NO. 2

For each 2017-present Texas Medicaid claim submitted by an Affiliate Defendant that You contend was a false or fraudulent claim, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over such claim.

### INTERROGATORY NO. 3

For each 2017-present Texas Medicaid overpayment received by an Affiliate Defendant that You contend the Affiliate Defendant was obligated to report and repay, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over the nonpayment of the claim, as well as all facts that You contend demonstrate that PPFA directed or controlled the Affiliate Defendant's alleged concealment of any overpayment or decision to not report or repay an overpayment.

### INTERROGATORY NO. 4

Identify all facts in Texas's Complaint or the Relator's Complaint that the Relator disclosed to You and of which You did not have knowledge before February 5, 2021.

### INTERROGATORY NO. 5

For each fact identified in response to Interrogatory No. 4, please:
  i.    identify the date on which You obtained knowledge of the information;
  ii.   identify the source of the information; and
  iii.  describe, in detail, why You could not have obtained such information before February 5, 2021.

8

## INTERROGATORY NO. 6

Identify the first date on which the State of Texas communicated with the Relator regarding any of the Affiliate Defendants' submission of claims to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

## INTERROGATORY NO. 7

Identify the first date on which the State of Texas communicated with the Relator regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

## INTERROGATORY NO. 8

Identify the first date on which the State of Texas communicated with the Center for Medical Progress regarding any of the Affiliate Defendants' submission of claims to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

## INTERROGATORY NO. 9

Identify the first date on which the State of Texas communicated with the Center for Medical Progress regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

## INTERROGATORY NO. 10

If you contend that PPFA had or has an obligation to repay Medicare overpayments made to any Affiliate Defendant, describe all facts (and identify all statutes, regulations and judicial decisions) supporting Your contention, including all facts supporting Your belief that PPFA should have made such payments despite the injunctions against the termination of provider status that are described in Texas's Complaint and/or the Relator's Complaint.

## INTERROGATORY NO. 11

Describe all facts supporting the allegation in Paragraph 20 of Texas's Complaint that PPFA "provides significant monetary support to [the Affiliate Defendants] as well as other types of support and control."

9

**INTERROGATORY NO. 12**

Identify and describe all facts demonstrating that PPFA knowingly and improperly avoided or decreased an obligation to pay money under the Texas Medicaid program.

**INTERROGATORY NO. 13**

For each false or fraudulent claim that You allege PPFA had knowledge of, involvement in, or control over, state the damages that You contend are associated with the claim, the basis for calculating those damages, the amount, if any, of Texas's contribution (as opposed to federal contribution) to the associated Medicaid payment, and the amount of any penalties that You contend should be assessed for the claim.

Dated:   June 3, 2022                          **O'MELVENY & MYERS LLP**

                                               */s/ Danny S. Ashby*
                                               Danny S. Ashby
                                                  Texas Bar No. 01370960
                                                  dashby@omm.com
                                               Justin R. Chapa
                                                  Texas Bar No. 24074019
                                                  jchapa@omm.com
                                               2501 North Harwood Street, Suite 1700
                                               Dallas, Texas 75201
                                               T: (972) 360-1900
                                               F: (972) 360-1901

                                               Leah Godesky (*pro hac vice* forthcoming)
                                                  lgodesky@omm.com
                                               1999 Avenue of the Stars, 8th Floor
                                               Los Angeles, California 90067
                                               T: (310) 553-6700
                                               F: (310) 246-6779

                                               *Attorneys for Defendant Planned Parenthood*
                                               *Federation of America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 3, 2022, a true and correct copy of the foregoing Defendant Planned

Parenthood Federation of America, Inc.'s First Set of Interrogatories to the State of Texas was

served by electronic mail on all counsel of record.


*/s/ Danny S. Ashby*

11