# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

## STATE OF TEXAS'S OBJECTIONS, STATEMENTS OF PRIVILEGES, AND RESPONSES TO PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

To:     Danny S. Ashby and Justin R. Chapa, O'Melveny & Myers LLP, 2501 N. Harwood Street Suite 1700, Dallas, Texas 75201 and Leah Godesky, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067.

The State of Texas serves these Objections, Statements of Privileges, and Responses to Planned Parenthood Federation of America, Inc.'s First Set of Requests for Production.

## OBJECTIONS

1.    The State objects to the Requests for Production (RFPs), including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 34, other FRCPs, or elsewhere. The State will respond to the RFPs in accordance with FRCP 34, other FRCPs, and applicable law.

2.    The State objects to the RFPs where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.    The State objects to the RFPs where they seek information not within the State's possession, custody, or control.

4.    The State objects to the RFPs where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.    The State objects to the RFPs where they are not properly limited to an appropriate time period. Answering RFPs outside of the State's Specified Time Period from February 1, 2017 will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Texas claims are only for the time period February 1, 2017 to the present.

6.    The responses made at this time are without prejudice to the State's rights to amend or supplement its responses as appropriate under FRCP 34 or other rules or law.

7.    By answering these RFPs and producing documents responsive to these RFPs, the State does not concede the relevance or admissibility of the documents, materials, or information. The State further does not waive, but instead, expressly preserves, the Objections here.

8.    The State incorporates by reference the Objections above into the responses set forth below. The failure to repeat any of the Objections above does not waive any Objection to the specific RFP.

9.    The State intends to not produce documents which are privileged under the attorney-client privilege or work-product protection. Any production of documents

which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence (FRE) 502.

10.     The State reserves its rights to object under Texas Government Code 402.004 to any Response to these RFPs – or to any response to discovery – being used in this suit, either at trial, in hearings, or otherwise. Texas Government Code 402.004 reads: "An admission, agreement, or waiver made by the attorney general in an action or suit to which the state is a party does not prejudice the rights of the state."

11.     The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

## OBJECTIONS TO DEFENDANTS' DEFINITIONS

1.      **Defendant's Definition 4.** Defendants' definition of the term "Communication" is overly broad, vague, and answering RFPs by searching for and producing documents with this definition would be unduly burdensome. Defendants' definition of the term includes "the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion." The State will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

2.      **Defendant's Definition 6.** Defendants' definition of the term "Document" is overly broad, vague, and answering RFPs with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any designated tangible things," to the definition of "document." The State will interpret the term "document" consistent with FRCP 34 and other applicable FRCPs, rules, and law.

3.      **Defendant's Definition 11.** Defendants' definition of the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" is overly broad, vague, and answering RFPs by searching for and producing documents with that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly." The State will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

4.      **Defendant's Definition 13.** Defendants' definition and use of the terms "Texas," "State of Texas," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering RFPs, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any RFP with the terms as defined by Defendant

4

exceed the scope of the specific claims and issues in this case and therefore makes those RFPs objectionable. The Attorney General of Texas brings this suit on behalf of the Texas Medicaid program, which is part of the Texas Health and Human Services Commission ("HHSC"). In this suit, the plaintiff, the "State," does not represent any other "current or former subsidiary, division, affiliate, predecessor entity, agency, office, or department of the Texas Government," or individuals. Where Defendant uses those terms and overbroad definitions of the terms to seek information that is beyond the possession and reasonable control of the Office of the Attorney General as counsel for the HHSC; beyond the possession and reasonable control of the HHSC; or beyond the possession and reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies, the State requests that Defendant show cause as to why such information should be provided. Until such cause is shown, the State will only provide responses to RFPs on behalf of the Texas Medicaid Program and within the reasonable control of the Office of the Attorney General as counsel for the HHSC; within the reasonable control of the HHSC; or within the reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies. The State further objects to this definition to the extent its use in an RFP seeks information protected by the attorney-client or work product privileges.

## OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

1.     The State objects to all of Defendant's Instructions which exceed the requirements of FRCP 34, or other applicable Rules or law. The State will answer these RFPs as required by FRCP 34, and other applicable Rules and law.

2.     Any production of documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence 502.
        Designated discovery in this case has not been completed.

        The State is ready to confer or attempt to confer, in good faith, to resolve any disputes related to objections, claims of privilege, or other matters.

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Documents sufficient to show and all communications relating to all 2017-to-present paid and unpaid Texas Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Presentment of "false or fraudulent claims" is not an element of this TMFPA claim, and documents, communications, etc., related to "presentment of false or fraudulent claims" is neither relevant to the State's claims or to Defendants' defenses. Additionally, "internal communications" of Texas Medicaid are neither relevant to the State's claims or to Defendants' defenses.**

**Overbroad. This RFP is overbroad because of the request of "[d]ocuments sufficient to show any and all communications," the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request asks for documents and/or communications which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties."**

Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

Subject to the State's Objections and Statements of Privileges, the State does not contend that there were "false or fraudulent" claims which were "presented or caused to be presented to Texas Medicaid" as the basis for this suit.

**REQUEST FOR PRODUCTION NO. 2**

All documents and communications relating to PPFA's alleged involvement in, control over, or knowledge of any 2017-to-present paid or unpaid Texas Medicaid claims that You contend were false or fraudulent and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

**OBJECTIONS:**

Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Presentment of "false or fraudulent claims" is not an element of this TMFPA claim, and documents, communications, etc., related to "presentment of false or fraudulent claims" is neither relevant to the State's claims or to Defendants' defenses. Additionally, "internal communications" of Texas Medicaid are neither relevant to the State's claims or to Defendants' defenses.

8

**Overbroad. This RFP is overbroad because of the request of "[a]ll documents and communications relating to" presentment of "false or fraudulent" claims, the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request asks for documents and communications which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**Subject to the State's Objections and Statements of Privileges, the State does not contend that there were "false or fraudulent" claims which were "presented or caused to be presented to Texas Medicaid" as the basis for this suit.**

## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to show and all communications relating to all 2017-to-present paid Texas Medicaid claims that You contend should have been repaid to Texas Medicaid and which any Affiliate Defendant presented or caused to be presented to Texas Medicaid, including without limitation Medicaid claim documents, internal communications, and communications with third parties.

## OBJECTIONS:

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. While the State does contend Defendants should have repaid money paid to them, presentment of claims is not an element of this TMFPA claim, and documents, communications, etc., related to presentment of claims is neither relevant to the State's claims or to Defendants' defenses. Additionally, "internal communications" of Texas Medicaid are neither relevant to the State's claims or to Defendants' defenses.**

**Overbroad. This RFP is overbroad because of the request of "[d]ocuments sufficient to show and all communications relating to" claims which were "presented or caused to be presented" which the State claims should have been repaid, the definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties."**

## STATEMENT OF PRIVILEGES:

**Attorney-client, Common Interest, and Work Product. This request asks for documents and communications which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions, calls for documents which are privileged under the**

**Government Code Medicaid Investigative Privilege. Texas Government Code §
531.102(k) and Texas Government Code § 531.1021 (g) ("All information and
materials subpoenaed or compiled by the [OIG] office in connection with an
audit or investigation or by the office of the attorney general in connection with
a Medicaid fraud investigation are confidential and not subject to disclosure
under Chapter 552, and not subject to disclosure, discovery, subpoena, or other
means of legal compulsion for their release to anyone other than the office or the
attorney general or their employees or agents involved in the audit or
investigation conducted by the office or the attorney general, except that this
information may be disclosed to the state auditor's office, law enforcement
agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**Subject to the State's Objections and Statements of Privileges, we are producing
claims data, related Expert discovery production, and relevant communications
between Texas Medicaid and the Defendants.**

**REQUEST FOR PRODUCTION NO. 4**

All documents and communications relating to PPFA's alleged involvement in,
control over, or knowledge of any 2017-to-present paid Texas Medicaid claims that
You contend should have been repaid to Texas Medicaid and which any Affiliate
Defendant presented or caused to be presented to Texas Medicaid, including without
limitation    Medicaid    claim    documents,    internal    communications,    and
communications with third parties.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under
section 36.002(12) of the TMFPA, alleging the Defendants knowingly and
improperly avoided an obligation to repay money owed to Texas Medicaid.
While the State does contend Defendants should have repaid money paid to
them, presentment of claims is not an element of this TMFPA claim, and
documents, communications, etc., related to presentment of claims is neither
relevant to the State's claims or to Defendants' defenses. Additionally, "internal
communications" of Texas Medicaid are neither relevant to the State's claims or
to Defendants' defenses.**

**Overbroad. This RFP is overbroad because of the request of "[a]ll documents and communications relating to" claims which were "presented or caused to be presented," the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Defendant's definitions of the terms "communications" and "You" is also overly broad, as is seeking "internal communications" and "communications with third parties."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request asks for documents and communications which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents," "communications," "You" and the inclusion of "internal communications" and "communications with third parties."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions, calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**Subject to the State's Objections and Statements of Privileges, we are producing claims data, related Expert discovery production, and relevant communications between Texas Medicaid and the Defendants.**

## REQUEST FOR PRODUCTION NO. 5

All 2013-to-present communications with the Relator, including without limitation any communications between the Texas Attorney General and the Relator.

## OBJECTIONS:

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Communications with the Relator at any time are not relevant to either the State's claims, or to defenses to the State's claims here. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This RFP is overbroad because of the request of "[a]ll 2013-to-present communications" especially with the overbroad definition of "communications."**

## STATEMENT OF PRIVILEGES:

**Attorney-client, Common Interest, and Work Product. This request asks for communications with the Relator, especially "any communications between the Texas Attorney general and the Relator," which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "communications."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definition of "communications," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 6**

All 2013-to-present documents and communications relating to the Relator, including without limitation all internal communications and communications with third parties.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Documents and communications relating to the Relator" at any time are not relevant to either the State's claims, or to defenses to the State's claims here. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This RFP is overbroad because of the request of "[a]ll 2013-to-present communications," the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." The definition of "communications" is also overbroad, "especially with the overbroad definition of "communications" and the phrase "including without limitation all internal communications and communications with third parties.:**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request asks for "documents and communications relating to the Relator," especially "all internal communications and communications with third parties," which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents" and "communications."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definition of "communications," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 7**

All 2013-to-present communications with the Center for Medical Progress, including without limitation any communications between the Texas Attorney General and the Center for Medical Progress.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Communications with the Center for Medical Progress at any time are not relevant to either the State's claims, or to defenses to the State's claims here. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This RFP is overbroad because of the request of "[a]ll 2013-to-present communications" especially with the overbroad definition of "communications."**

15

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request asks for communications with the Center for Medical Progress, especially "any communications between the Texas Attorney general and the Center for Medical Progress," which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "communications."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definition of "communications," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 8**

All 2010-to-present documents relating to any fetal-tissue study in which any Texas Medicaid provider other than the Affiliate Defendants participated.

**OBJECTIONS:**

**Not Relevant. The State's Complaint in Intervention here is brought under section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Documents, communications, or anything else "relating to any fetal-tissue study" at any time are not relevant to either the State's claims, or to defenses to the**

State's claims here. Documents going back to 2010 are outside the temporal scope of discovery for the claims and defenses of this case.

**Overbroad.** This RFP is overbroad because of the request of "[a]ll 2010-to-present documents," the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name."

## STATEMENT OF PRIVILEGES:

**Attorney-client, Common Interest, and Work Product.** This request asks for "[a]ll 2010-to-present documents relating to any fetal-tissue study," especially with the overbroad definition of "relating to," which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

## RESPONSE:

The State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.

## REQUEST FOR PRODUCTION NO. 9

All 2013-to-present documents relating to whether Texas Medicaid did, could, or should seek repayment of claims from any Affiliate Defendant, including without limitation internal communications and communications with Texas Medicaid.

**OBJECTIONS:**
**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Whether Texas Medicaid "could" or "should" seek recoupment is not an element or defense to this TMFPA claim. The law concerning recoupment by, and reimbursement of, Texas Medicaid speaks for itself, and "internal communications and communications with Texas Medicaid" cannot change the law. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll 2013-to-present documents relating to whether Texas Medicaid did, could, or should seek repayment of claims" from Defendants is overbroad because of the almost unlimited definition of "related to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "documents." This RFP is also overbroad because of the very broad phrase "including without limitation internal communications and communications with Texas Medicaid."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll 2013-to-present documents relating to whether Texas Medicaid did, could, or should seek repayment of claims" from Defendants necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to," "documents," and the addition of "including without limitation internal communications and communications with Texas Medicaid."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

*See* **The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on July 1, 2022. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 10**

All 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a litigation or administrative proceeding regarding the provider's qualifications under the Texas Medicaid program.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a litigation or administrative proceeding" is not an element or defense to this TMFPA claim. The law concerning retention and repayment of payments to Texas Medicaid speaks for itself, and all documents "relating to" that cannot change the law. Documents going back to 2010 are outside the temporal scope of discovery for the claims and defenses of this case.**

19

Overbroad. This request for "[a]ll 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a litigation or administrative proceeding" is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "documents."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product.** This request for "[a]ll 2010-to-present documents relating to" receiving and retaining Texas Medicaid payments necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on

July 1, 2022. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.

**REQUEST FOR PRODUCTION NO. 11**

All 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a temporary restraining order or preliminary injunction barring termination of the provider from the Texas Medicaid program.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims during the pendency of a temporary restraining order or preliminary injunction" is not an element or defense to this TMFPA claim. The law concerning retention and repayment of payments to Texas Medicaid, and of action during temporary restraining orders or preliminary injunctions speaks for itself, and all documents "relating to" that cannot change the law. Documents going back to 2010 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll 2010-to-present documents relating to a Texas Medicaid provider's ability or inability to receive and retain payments for Texas Medicaid claims" during temporary restraining orders or injunctions is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "documents."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll 2010-to-present documents relating to" receiving and retaining Texas Medicaid payments during temporary restraining orders and injunctions necessarily asks for documents which are covered by the attorney-client, common interest, and**

21

work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on July 1, 2022. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

## REQUEST FOR PRODUCTION NO. 12

All 2010-to-present documents relating to a Texas Medicaid provider's obligation or lack of obligation to repay claims received during the pendency of a temporary restraining order or preliminary injunction barring termination of the provider from the Texas Medicaid program.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. A "Texas Medicaid provider's obligation or lack of obligation to repay claims received during" a temporary restraining order or injunction is not an element or defense**

to this TMFPA claim. The law concerning obligations to repay claims to Texas Medicaid, and of action during temporary restraining orders or preliminary injunctions speaks for itself, and all documents "relating to" that cannot change the law. Documents going back to 2010 are outside the temporal scope of discovery for the claims and defenses of this case.

**Overbroad.** This request for "[a]ll 2010-to-present documents relating to a Texas Medicaid provider's obligation or lack of obligation to repay claims received during" a temporary restraining order or injunction is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "documents."

## STATEMENT OF PRIVILEGES:

**Attorney-client, Common Interest, and Work Product.** This request for "[a]ll 2010-to-present documents relating to" receiving and retaining Texas Medicaid payments during temporary restraining orders and injunctions necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on July 1, 2022. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 13**

All 2013-to-present communications with Louisiana relating to PPFA or any of the Affiliate Defendants.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "[C]ommunications with Louisiana" have nothing to do with any elements or defenses to this TMFPA claim. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll communications with Louisiana" is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll communications with Louisiana" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions of "communications" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas**

**Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**RESPONSE:**

**The State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 14**

All 2013-to-present communications between You and the Media relating to Your or Relator's allegations and claims in this litigation.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Communications between Texas Medicaid, or anyone, have nothing to do with any elements or defenses to this TMFPA claim. Documents going back to 2013 are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll 2013-to-present communications between You and the Media relating to" the allegations in this litigation is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "communications" and "You."**

**RESPONSE:**

**Subject to these Objections, the State will search for and produce press releases provided to the Media by Texas Medicaid or the Office of the Attorney General, if any, related to this litigation.**

**REQUEST FOR PRODUCTION NO. 15**

All documents relating to the allegation in Paragraph 20 of Texas's Complaint that PPFA "provides significant monetary support to [the Affiliate Defendants] as well as other types of support and control."

**OBJECTIONS:**

**Overbroad. This request for "[a]ll documents relating to the allegation in Paragraph 20 of Texas's Complaint" is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." Additionally, this RFP is overbroad because of the very broad definition of "documents."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll relating to the allegation in Paragraph 20 of Texas's Complaint" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions of "documents" and "relating to," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees**

or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **Response to RFP 1 in The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, served on July 1, 2022, especially The Record on Appeal in the Federal Court Action. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 16**

All documents relating to any formal or informal statements regarding Your allegations and claims against PPFA in this litigation by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Documents "relating to any formal or informal statements regarding" the claims in this case are not relevant to any elements or defenses to this TMFPA claim. Documents with no time limit are outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll documents relating to any formal or informal statements regarding Your" claims in this case is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This RFP is also overbroad because it has no time limit, and because of the broad phrase "by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements."**

27

Additionally, this RFP is overbroad because of the very broad definitions of "Your" and "documents."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product.** for "[a]ll documents relating to any formal or informal statements regarding Your" claims in this case necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to" and "documents," and the very broad phrase "by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents" and "relating to," and the very broad phrase "by any person who claims to have or You claim to have knowledge of facts relevant to this case, including without limitation any notes relating to such statements," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* the State's Complaint in Intervention, filings in this case and other litigation, Response to RFP 1 in The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, served on July 1, 2022. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.

## REQUEST FOR PRODUCTION NO. 17

All documents relating to Your claim for damages or penalties.

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid, and asking for civil penalties but not for "damages." Documents "relating to . . . damages" are not relevant to any elements or defenses to this TMFPA claim. This request for documents with no time limit is outside the temporal scope of discovery for the claims and defenses of this case.**

**Overbroad. This request for "[a]ll documents relating to Your claim for damages or penalties" claims in this case is overbroad because of the almost unlimited definition of "relating to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This RFP is also overbroad because of the broad the very broad definitions of "Your" and "documents."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "[a]ll documents relating to Your claim for damages or penalties" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "relating to, "documents," and "Your."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions of "documents," "relating to," and "Your" calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may**

be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **the Expert Report and Expert Production in this case; Response to RFP 1 in The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, served on July 1, 2022; the State's Complaint in Intervention, and filings in this case and other litigation. Other than that Response, the State will stand on its Objections and Statements of Privileges and will not produce documents in response to this RFP.**

**REQUEST FOR PRODUCTION NO. 18**

To the extent not already produced in response to any of the above Requests, all documents on which the State of Texas relies to support any of the allegations in Texas's Complaint relating to PPFA.

**OBJECTIONS:**

**Overbroad. This request for "all documents on which the State of Texas relies to support any of the allegations in Texas's Complaint' if not already produced in response to the RFPs above" is overbroad because of the broad definition of "documents."**

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product. This request for "all documents on which the State of Texas relies to support any of the allegations in Texas's Complaint" necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents."**

**Government Code Medicaid Investigative Privilege. This request, especially with its overbroad definitions of "documents," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not**

subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

*See* **the State's Complaint in Intervention, and filings in this case and other litigation; the Expert Report and Expert Production in this case; The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, especially Response to RFP 1, served on July 1, 2022. Other than that Response, and subject to the State's Objections and Statements of Privileges we will produce additional non-privileged relevant documents in discovery.**

**REQUEST FOR PRODUCTION NO. 19:**

All documents provided by or on behalf of You to any person that You designate as an expert witness in this litigation.

**RESPONSE:**

**See Expert Report and Expert Production in this case.**

**REQUEST FOR PRODUCTION NO. 20**

To the extent not already produced in response to any of the above Requests, all documents that relate to any of the matters referenced in PPFA's First Set of Interrogatories to the State of Texas or Your responses to PPFA's First Set of Interrogatories.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "[A]ll documents that relate to any of the matters referenced in the claims in PPFA's First Set of**

Interrogatories," especially those to which the State has objected or claimed privilege, are not necessarily relevant to any elements or defenses to this TMFPA claim. Documents with no time limit are outside the temporal scope of discovery for the claims and defenses of this case.

**Overbroad.** This request for "[A]ll documents that relate to any of the matters referenced in the claims in PPFA's First Set of Interrogatories to the State of Texas or Your responses to PPFA's First Set of Interrogatories" is overbroad because of the almost unlimited definition of "relate to" as "involving in any way whatsoever the subject matter of the request" and the further definition that a "document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." This RFP is also overbroad because of the broad the very broad definitions of "documents."

**STATEMENT OF PRIVILEGES:**

**Attorney-client, Common Interest, and Work Product.** This request for "[A]ll documents that relate to any of the matters referenced in the claims in PPFA's First Set of Interrogatories to the State of Texas or Your responses to PPFA's First Set of Interrogatories" not already produced necessarily asks for documents which are covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "documents."

**Government Code Medicaid Investigative Privilege.** This request, especially with its overbroad definitions of "documents," calls for documents which are privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021 (g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**RESPONSE:**

***See*** **the State's Complaint in Intervention, and filings in this case and other litigation; the Expert Report and Expert Production in this case; The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, especially Response to RFP 1, served on July 1, 2022. Other than that Response, and to the production of other additional non-privileged relevant documents in discovery, the State will stand on its Objections and Statements of Privileges and not produce additional documents in response to this RFP.**

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

### CERTIFICATE OF SERVICE

I certify that on **July 5, 2022**, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Christian Sheehan     christian.sheehan@arnoldporter.com

Christopher Mohr Odell     christopher.odell@arnoldporter.com

Craig D Margolis     craig.margolis@arnoldporter.com

Danny S Ashby     dashby@omm.com

Justin Roel Chapa     jchapa@omm.com

Leah Godesky     lgodesky@omm.com

Ryan Patrick Brown     brown@blackburnbrownlaw.com

Tirzah Lollar     tirzah.lollar@arnoldporter.com

**Attorneys for Defendant**


                                                    */s/ Raymond Charles Winter*
                                                    **Raymond Charles Winter**