# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

## STATE OF TEXAS'S OBJECTIONS, STATEMENTS OF PRIVILEGE, AND ANSWERS TO PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES

To:   Danny S. Ashby and Justin R. Chapa, O'Melveny & Myers LLP, 2501 N. Harwood Street Suite 1700, Dallas, Texas 75201 and Leah Godesky, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067.

The State of Texas serves these Objections, Statements of Privileges, and Responses to Planned Parenthood Federation of America, Inc.'s First Set of Interrogatories.

## OBJECTIONS

1.  The State objects to the Interrogatories, including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 33, other FRCPs, or elsewhere. The State will respond to the Interrogatories in accordance with FRCP 33, other FRCPs, and applicable law.

2.  The State objects to the Interrogatories where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.  The State objects to the Interrogatories where they seek information not within the State's possession, custody, or control.

4.  The State objects to the Interrogatories where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.  The State objects to the Interrogatories where they are not properly limited to an appropriate time period. Answering Interrogatories outside of the State's Specified Time Period from February 1, 2017 to the present will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Texas claims are only for the time period February 1, 2017 to the present.

6.  The responses made at this time are without prejudice to the State's rights to amend or supplement its responses as appropriate under FRCP 33 or other rules or law.

7.  By answering these Interrogatories, the State does not concede the relevance or admissibility of answers or other information. The State further does not waive, but instead, expressly preserves, the Objections here.

8.  The State incorporates by reference the Objections above into the responses set forth below. The failure to repeat any of the Objections above does not waive any Objection to the specific Interrogatory.

9.  The State intends to not produce documents which are privileged under the attorney-client privilege or work-product protection. Any production of documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence (FRE) 502.

## OBJECTIONS TO DEFENDANT'S DEFINITIONS

1.     **Defendant's Definition 5.** Defendant's definition of the term "Communication" is overly broad, vague, and answering Interrogatories by using this definition would be unduly burdensome. Defendant's definition of the term includes "the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion." The State will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

2.     **Defendant's Definition 7.** Defendant's definition of the term "Describe" is overly broad, vague, and answering Interrogatories by this definition or searching for and identifying "any document or communication" with this definition would be unduly burdensome. Defendant's definition of the term includes "to identify any document or communication concerning the item in question and to provide a complete factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the information in question." The State will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

3.     **Defendant's Definition 8.** Defendant's definition of the term "Document" is overly broad, vague, and answering Interrogatories with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "including without limitation any designated tangible things," to the definition of "document." The State will interpret the term "document" consistent with FRCP 33 and other applicable FRCPs, rules, and law.

4.     **Defendant's Definition 13.** Defendant's definition of the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" is overly broad, vague, and answering Interrogatories by searching for and producing documents with that definition would be unduly burdensome. Defendant's definition of the terms includes these unlimited descriptions: "relating in any way

to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly." The State will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

5.      **Defendant's Definition 16.** Defendant's definition and use of the terms "Texas," "State of Texas," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Interrogatories, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any Interrogatory with the terms as defined by Defendant exceed the scope of the specific claims and issues in this case and therefore makes those Interrogatories objectionable. The Attorney General of Texas brings this suit on behalf of the Texas Medicaid program, which is part of the Texas Health and Human Services Commission ("HHSC"). In this suit, the plaintiff, the "State," does not represent any other "current or former subsidiary, division, affiliate, predecessor entity, agency, office, or department of the Texas Government," or individuals. Where Defendant uses those terms and overbroad definitions of the terms to seek information that is beyond the possession and reasonable control of the Office of the Attorney General as counsel for the HHSC; beyond the possession and reasonable control of the HHSC; or beyond the possession and reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies, the State requests that Defendant show cause as to why such information should be provided. Until such cause is shown, the State will only provide responses to Interrogatories on behalf of the Texas Medicaid Program and within the reasonable control of the Office of the Attorney General as counsel for the HHSC; within the reasonable control of the HHSC; or within the reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies. The State further objects to this definition to the extent its use in an Interrogatory seeks information protected by the attorney-client or work product privileges.

## OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

1.      The State objects to all of Defendant's Instructions which exceed the requirements of FRCP 33, or other applicable Rules or law. The State will answer these Interrogatories as required by FRCP 33, and other applicable Rules and law.

2.      The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

Designated discovery in this case has not been completed.

The State is ready to confer or attempt to confer, in good faith, to resolve any disputes related to objections, claims of privilege, or other matters.

## ANSWERS TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify each person with knowledge of the facts relevant to the allegations in Texas's Complaint. Your response should identify the facts about which each person has knowledge.

## ANSWER:

*See* the State's Filings in this case including, but not limited to, the State's Initial Disclosures.

## INTERROGATORY NO. 2

For each 2017-present Texas Medicaid claim submitted by an Affiliate Defendant that You contend was a false or fraudulent claim, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over such claim.

## OBJECTION:

Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and is therefore in large part irrelevant. The TMFPA does not require "false claims" but rather identifies "unlawful acts." *See* TMFPA 36.002 (defining "Unlawful Acts"). The TMFPA also has no requirement of "facts" to demonstrate a party's "knowledge of, involvement in, or control over" a claim. The State's Complaint has no allegations the Defendants "submitted" claims that were "false or fraudulent" in violation of the TMFPA, therefore this Interrogatory is irrelevant.

## ANSWER:

Subject to the State's Objections, Texas does not allege that the Defendants submitted false or fraudulent claims to Texas in violation of the TMFPA. Rather, Texas alleges that Defendants failed to repay money to the State of Texas that they were obligated to repay. Defendants were paid for delivering Texas Medicaid services to Texas Medicaid patients during a time window when

6

**Defendants were not eligible Texas Medicaid providers. The TMFPA unlawful act giving rise to the Texas suit is the obligation Defendants had to repay money that Defendants were paid for services delivered when they were not eligible Texas Medicaid providers. TMFPA § 36.002(12). For further information about the amounts of those payments** *see* **Expert Reports, Expert Discovery Production including claims data. The burden of deriving or ascertaining any relevant answers to this Interrogatory is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

**INTERROGATORY NO. 3**

For each 2017-present Texas Medicaid overpayment received by an Affiliate Defendant that You contend the Affiliate Defendant was obligated to report and repay, identify all facts that You contend demonstrate PPFA's knowledge of, involvement in, or control over the nonpayment of the claim, as well as all facts that You contend demonstrate that PPFA directed or controlled the Affiliate Defendant's alleged concealment of any overpayment or decision to not report or repay an overpayment.

**OBJECTION:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and is therefore in large part irrelevant. The basis of the State's allegations in this case is not Defendants' "nonpayment" of a claim or Defendants' "concealment of any overpayment or decisions to not report" an overpayment.**

**ANSWER:**

**Subject to the State's Objections,** *see* **Expert Reports, Expert Discovery Production including claims data;** *see also* **the State's Filings, and Discovery Responses in this case.**

**INTERROGATORY NO. 4**

Identify all facts in Texas's Complaint or the Relator's Complaint that the Relator disclosed to You and of which You did not have knowledge before February 5, 2021.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. What part of Texas's Complaint was disclosed by Relator to the State, and when, is not relevant to any of the State's claims or to defenses to the State's claims in this case.**

**Overbroad. This Interrogatory is overbroad because of the objectionably very broad definition of "You" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into disclosures from Relator to Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "you."**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into disclosures from Relator to Texas, especially with its overbreadth, asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**ANSWER:**

**The State stands on its Objections and Statement of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 5**

For each fact identified in response to Interrogatory No. 4, please:

 i. identify the date on which You obtained knowledge of the information;

 ii. identify the source of the information; and

 iii. describe, in detail, why You could not have obtained such information before February 5, 2021.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. What part of Texas's Complaint was disclosed by Relator to the State, and when, is not relevant to any of the State's claims or to defenses to the State's claims in this case.**

**Overbroad. This Interrogatory – like Interrogatory 4, above – is overbroad because of the objectionably very broad definition of "You" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory – like Interrogatory 4, above – inquiring into disclosures from Relator to Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "you."**

**Government Code Medicaid Investigative Privilege. This Interrogatory, and Interrogatory 4, above, inquiring into disclosures from Relator to Texas, especially with its overbreadth, ask for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and**

materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

**The State stands on its Objections and Statement of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 6**

Identify the first date on which the State of Texas communicated with the Relator regarding any of the Affiliate Defendants' submission of claims to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention, and enquires into Relator communications, and is therefore irrelevant. The State does not contend in this case that Defendants' submissions of claims were "false or fraudulent." Communications with Relator are not relevant to the State's claims or to defenses to the State's claims.**

**Overbroad. This Interrogatory is overbroad because of the objectionably very broad definition of "communications" here.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory**

inquiring into communications between Relator and Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the broad definition of "communication."

**Government Code Medicaid Investigative Privilege.** This Interrogatory inquiring into communications between Relator and Texas, especially with its overbreadth, ask for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

**The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 7**

Identify the first date on which the State of Texas communicated with the Relator regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

**OBJECTIONS:**

**Not Relevant.** Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention, and enquires into Relator communications, and is therefore in

11

large part irrelevant. The State does not contend in this case that Defendants' submissions of claims were "false or fraudulent." Communications with Relator, about PPFA or otherwise,  are not relevant to the State's claims or to defenses to the State's claims.

**Overbroad.** This Interrogatory is overbroad because of the objectionably very broad definition of "communications" here.

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client:** This Interrogatory inquiring into communications between Relator and Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the broad definition of "communication."

**Government Code Medicaid Investigative Privilege.** This Interrogatory inquiring into communications between Relator and Texas, especially with its overbreadth, ask for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.

**INTERROGATORY NO. 8**

Identify the first date on which the State of Texas communicated with the Center for Medical Progress regarding any of the Affiliate Defendants' submission of claims

to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and enquires into communications with the Center for Medical Progress and is therefore in large part irrelevant. The State does not contend in this case that Defendants' submissions of claims were "false or fraudulent." Communications with the Center for Medical Progress are not relevant to the State's claims or to defenses to the State's claims.**

**Overbroad. This Interrogatory is overbroad because of the objectionably very broad definition of "communications" here.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into communications between the Center for Medical Progress and Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the broad definition of "communication."**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into communications between the Center for Medical Progress and Texas, especially with its overbreadth, ask for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except**

13

that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

**The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 9**

Identify the first date on which the State of Texas communicated with the Center for Medical Progress regarding PPFA's alleged knowledge of, involvement in, or control over any claim that You contend was false or fraudulent, and describe, in detail, the State of Texas's communication regarding such claim (including without limitation the nature, circumstances, participants, and contents of the communication).

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. This Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and enquires into communications with the Center for Medical Progress and is therefore irrelevant. The State does not contend in this case that Defendants' submissions of claims were "false or fraudulent." Communications with the Center for Medical Progress, about PPFA or otherwise, are not relevant to the State's claims or to defenses to the State's claims.**

**Overbroad. This Interrogatory is overbroad because of the objectionably very broad definition of "communications" here.**

**STATEMENT OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into communications between the Center for Medical Progress and Texas asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the broad definition of "communication."**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into communications between the Center for Medical Progress and Texas, especially with its overbreadth, ask for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

**ANSWER:**

**The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 10**

If you contend that PPFA had or has an obligation to repay Medicare overpayments made to any Affiliate Defendant, describe all facts (and identify all statutes, regulations and judicial decisions) supporting Your contention, including all facts supporting Your belief that PPFA should have made such payments despite the injunctions against the termination of provider status that are described in Texas's Complaint and/or the Relator's Complaint.

**OBJECTIONS:**

**Not Relevant. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. By referencing "Medicare" and not Medicaid overpayments, this Interrogatory misstates the elements of the State's claims in its Complaint in Intervention and is therefore irrelevant. Medicare is not relevant to the State's claims or to defenses to the State's claims.**

**ANSWER:**

**The State stands on its Objections and Statements of Privileges and will not answer this Interrogatory.**

**INTERROGATORY NO. 11**

Describe all facts supporting the allegation in Paragraph 20 of Texas's Complaint that PPFA "provides significant monetary support to [the Affiliate Defendants] as well as other types of support and control."

**ANSWER:**

*See* **The State's Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on July 1, 2022;** *see also* **the State's additional filings. The burden of deriving or ascertaining any additional and relevant answers to this Interrogatory is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

**INTERROGATORY NO. 12**

Identify and describe all facts demonstrating that PPFA knowingly and improperly avoided or decreased an obligation to pay money under the Texas Medicaid program.

**ANSWER:**

**Defendants, including PPFA, received final termination letters providing them notice of the potential issue of overpayment. Defendants received guidance from HHSC including, but not limited to – the Texas Medicaid Providers Procedure Manual (TMPPM), the Texas Medicaid Provider Agreement and regulations agreed to in the Provider Agreement – and based on this guidance Defendants, including PPFA, knew or should have know that they needed to repay payments received after their termination as Texas Medicaid providers. The TMPPM informed Defendants, including PPFA, that once they were terminated they were no longer Texas Medicaid providers. The Provider Agreement and TMPPM informed Defendants, including PPFA, they were obligated to repay Texas for payments for services provided when Defendants were not Texas Medicaid providers. For more details,** *see* **The State's Objections, Statements of Privileges,**

**and Responses to Defendants' First Set of Requests for Production, Response to RFP 1, served on July 1, 2022;** *see also* **the State's additional filings. The burden of deriving or ascertaining any additional and relevant answers to this Interrogatory is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

**INTERROGATORY NO. 13**

For each false or fraudulent claim that You allege PPFA had knowledge of, involvement in, or control over, state the damages that You contend are associated with the claim, the basis for calculating those damages, the amount, if any, of Texas's contribution (a s opposed to federal contribution) to the associated Medicaid payment, and the amount of any penalties that You contend should be assessed for the claim.

**OBJECTION:**

**Not Relevant. The remedies the State is entitled to in this TMFPA case are not "damages."** *See In re Xerox*, **555 S.W.3d 518, 534 (Tex. 2018) (holding that "[c]onstruing the [TMFPA] as a whole" it "employs a penalty scheme" rather than an "action for the recovery of damages");** *Nazari v. State*, **561 S.W.3d 495, 502 (Tex. 2018) (citing** *Xerox*, **555 S.W.3d at 534). This Interrogatory, asking the State to "state the damages" or otherwise answer questions about "damages" is asking for inapplicable, and irrelevant information. Additionally, the State does not contend in this case that Defendants' submissions of claims were "false or fraudulent."**

**ANSWER:**

**Without waiving its Objections, Texas is not seeking damages here under its allegations of unlawful acts under the TMFPA. The State is seeking all available remedies under the TMFPA, which do not include damages. For the State's remedies model including civil penalties calculations** *see* **our Expert Report and Expert discovery production.**

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

18

## CERTIFICATE OF SERVICE

I certify that on **July 5, 2022**, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Christian Sheehan     christian.sheehan@arnoldporter.com

Christopher Mohr Odell     christopher.odell@arnoldporter.com

Craig D Margolis     craig.margolis@arnoldporter.com

Danny S Ashby     dashby@omm.com

Justin Roel Chapa     jchapa@omm.com

Leah Godesky     lgodesky@omm.com

Ryan Patrick Brown     brown@blackburnbrownlaw.com

Tirzah Lollar     tirzah.lollar@arnoldporter.com

**Attorneys for Defendant**

*/s/ Raymond Charles Winter*
**Raymond C. Winter**