# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, <br><br> THE STATES OF TEXAS, *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, e*x rel.* ALEX DOE, Relator, <br><br>    Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br>    Defendants. | Civil Action No. 2-21-CV-022-Z |

## STATE OF TEXAS'S RULE 26(a)(1) INITIAL DISCLOSURES

The State of Texas ("Texas" or "State") hereby submits its Initial Disclosures to Planned Parenthood Gulf Coast, Planned Parenthood of Greater Texas, Inc., Planned Parenthood Cameron County, Inc., Planned

Parenthood San Antonio, Inc., and Planned Parenthood Federation of America, Inc. (collectively "Planned Parenthood" or "Defendants") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

These Initial Disclosures are made based on information currently available to the State and are subject to supplementation or modification as more information becomes available. By making these Initial Disclosures the State is not representing that it is identifying every document, tangible thing or witness relevant to this law enforcement action. These Initial Disclosures are not intended to waive or prejudice any privileges or objections that the State may have to any outstanding or subsequent discovery requests.

## 1. Rule 26(a)(1)(A)(i) Witnesses

The State identifies and incorporates by reference all individuals listed in Planned Parenthood's and in Relator's Initial Disclosures, any individual who is deposed in this case, any expert designated by any party in this case, and any individual who is mentioned in any of the discovery responses or documents produced in this case.

In addition, the State discloses the following:

2

Custodian of HHSC records to verify Medicaid claims data showing Planned Parenthood Medicaid utilization between February 1, 2017 and March 12, 2021. This witness will be contacted through counsel for the State.

**2. Rule 26(a)(1)(A)(ii) Documents and Tangible Things**

The State identifies the following categories of documents and tangible things in its possession that it may use to support its allegations in this case:

A. Communications between the State and Planned Parenthood relating to Planned Parenthood's participation in Texas Medicaid as an enrolled provider;

B. Planned Parenthood's Texas Medicaid provider agreements;

C. The Texas Medicaid Provider Procedures Manuals for the identified time period;

D. Termination notices delivered to Planned Parenthood by the Health and Human Services Commission – Office of Inspector General;

E. Documents relating to the lawsuit filed by Planned Parenthood in the Western District of Texas in response to the Texas notice of termination proceedings, and the subsequent appeal to the United States Court of Appeals for the Fifth Circuit;

F. Documents relating to the lawsuit filed by Planned Parenthood in the District Court of Travis County, Texas,

3

>   relating to the Texas notice of termination proceedings; and
>
> G. Documents and data relating to Planned Parenthood's claims to, and reimbursements received from Texas Medicaid between February 1, 2017 and March 12, 2021.

### 3. Rule 26(a)(1)(A)(iii) Damages

The State is not seeking "damages" in this law enforcement action under the Texas Medicaid Fraud Prevention Act. Rather, the State is entitled to recover from Planned Parenthood the civil remedies provided by section 36.052 of the TMFPA. These remedies are not defined as a measure of "damages," "harm," or "overpayments." *In re Xerox Corporation*, 555 S.W.3d 518 (Tex. 2018). Instead, the base remedy is the amount of money paid under the Medicaid program directly or indirectly as a result of Defendants' unlawful acts. *See* Tex. Hum. Res. Code § 36.052(a)(1).

In addition to the amount of the payments, Texas is entitled to the other remedies prescribed by section 36.052, including interest on the amount of the payments, two times the amount of the payments, and a civil penalty for each date on which the Defendants avoided their obligation to refund the amount of the payments to Texas Medicaid. *Id.*, at § 36.052.

4

As a consequence of Planned Parenthood's unlawful acts under section 36.002(12) of the TMFPA, Planned Parenthood is liable to the State for the amount of any payments made by Texas Medicaid directly or indirectly as a result of Defendants' unlawful acts, trebled, plus interest on the amount of the payments, plus an additional civil penalty of not less than $5,500 and not more than the maximum amount provided under 31 U.S.C § 3729(a) for each day that Planned Parenthood avoided its obligation to refund the payments to Texas Medicaid.

### 4. Rule 26(a)(1)(A)(iv) Insurance

Not applicable.

### 5. Supplementation

The State's Initial Disclosures are made without prejudice to its right to change, amend or supplement these answers, and without prejudice to its rights to assert privileges or objections to any of Planned Parenthood's discovery requests, and without prejudice to the State's right to introduce at trial such additional evidence and documents as may be warranted by the facts in this law enforcement action.

Dated:  March 9, 2022          Respectfully submitted,

                                         **KEN PAXTON**
                                         Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/S/ Raymond C. Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
State Bar No. 24097834

**HALIE E. DANIELS**
Assistant Attorney General
State Bar No. 24100169

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov
Halie.Daniels@oag.texas.gov

**Attorneys for State of Texas**

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was on all counsel of record via email.

*/S/ Raymond C. Winter*
**Raymond C. Winter**
