## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | Date:     July 28, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## BRIEF OF DEFENDANT PLANNED PARENTHOOD GULF COAST, INC. IN SUPPORT OF MOTION TO COMPEL TO RELATOR

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

I.    Allegations in Relator's and Texas' Complaints ............................................... 2

II.    PPGC's Discovery Requests & Relator's Responses ........................................ 3

III.    July 25, 2022 Meet & Confer ............................................................................ 4

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT ........................................................................................................................ 7

I.    Relator's Privilege Assertions Are Inadequate and Improper ........................... 7

II.    Relator's Discovery Responses That Provide Long, Undifferentiated Lists of Documents Are Insufficient ......................................................................................... 10

III.    Relator's Boilerplate Relevance & Overbreadth Objections Should be Overruled .......... 12

IV.    Relator's Counsel Should Preserve and Search Relator's Data Consistent with Generally Accepted Document Collection Methods .......................................................... 13

V.    Relator Must Verify his Responses to Interrogatories ..................................... 15

CONCLUSION .................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Actos (Pioglitazone) Prod. Liab. Litig.*,
No. 6:11-MD-2299, 2014 WL 2921653 (W.D. La. June 23, 2014) .......................................13

*Am. Elec. Power Co. v. Affiliated FM Ins. Co.*,
No. CV 02-1133-D-M2, 2005 WL 8155251 (M.D. La. Aug. 11, 2005) ...............................11

*Areizaga v. ADW Corp.*,
314 F.R.D. 428 (N.D. Tex. 2016) ...............................................................................................7

*Century Sur. Co. v. Nafel*,
No. 3:14-CV-00101, 2016 WL 4059678 (M.D. La. July 28, 2016) ....................................13

*Chemtech Royalty Assocs., L.P. v. United States*,
No. 06-258-RET-DLD, 2009 WL 854358 (M.D. La. Mar. 30, 2009)....................................9

*Dugas v. Mercedes-Benz USA, LLC*,
Civ. A No. 6:12-CV-02885, 2014 WL 458083 (W.D. La. Feb. 3, 2014)...............................15

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
219 F.R.D. 396 (E.D. Tex. 2003).................................................................................................9

*In re Fort Worth Osteopathic Hosp.*,
No. 05-41513-DML-7, 2008 WL 2095601 (Bankr. N.D. Tex. May 15, 2008).......................9

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) ..............................................................................................6

*Jeffers v. Tran*,
No. CV 07-329-FJP-SCR, 2008 WL 11449248 (M.D. La. Feb. 29, 2008)............................11

*Jorge v. Atl. Hous. Found., Inc.*,
No. 3:20-CV-2782-N, 2022 WL 1082345 (N.D. Tex. Apr. 11, 2022) ...................................15

*Lee v. Aramark Facility Servs.*,
LLC, No. CV 20-2049, 2021 WL 6070448 (E.D. La. July 15, 2021) .....................................7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
894 F.2d 1482 (5th Cir. 1990) .................................................................................................12

*MetroPCS v. Thomas*,
327 F.R.D. 600 (N.D. Tex. 2018) ..............................................................................................6

*Perez v. Bodega Latina Corp.*,
    No. EP-19-CV-00360-DCG, 2021 WL 3272211 (W.D. Tex. July 30, 2021) ........................12

*S.E.C. v. Brady*,
    238 F.R.D. 429 (N.D. Tex. 2006) ........................................................................................7, 12

*In re Santa Fe Int'l Corp.*,
    272 F.3d 705 (5th Cir. 2001) ......................................................................................................9

*Streety v. Univ. of Tex. at Arlington*,
    Civ. A. No. 4:09-CV-012-Y, 2010 WL 11619399 (N.D. Tex. May 3, 2010) ........................10

*Tonti Mgmt. Co., Inc. v. Soggy Doggie, LLC*,
    Civ. A. No. 19-13134, 2020 WL 9172077 (E.D. La. June 25, 2020)........................................8

*United States v. Cameron-Ehlen Grp., Inc.*,
    Civ. A. No. 13-cv-3003, 2019 WL 6875354 (D. Minn. Dec. 17, 2019)...................................8

*United States v. Homeward Residential, Inc.*,
    Case No. 4:12-cv-461, 2016 WL 1031154 (E.D. Tex. Mar. 15, 2016) ....................................8

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
    250 F.R.D. 251 (D. Md. 2008)................................................................................................14

*Waskul v. Washtenaw Cnty. Cmty. Mental Health*,
    569 F. Supp. 3d 626 (E.D. Mich. 2021)..................................................................................14

*Worrell v. Houston Can! Acad.*,
    424 F. App'x 330 (5th Cir. 2011) ............................................................................................10

**Statutes**

False Claims Act ...........................................................................................................................2, 7

Louisiana Medical Assistance Programs Integrity Law .....................................................................2

Texas Government Code § 531.1021(g)........................................................................................7, 8

Texas Medicaid Fraud Prevention Act ........................................................................................2, 3

**Other Authorities**

Fed. R. Civ. P. Rule 16 ....................................................................................................................3

Fed. R. Civ. P. 26(b)(1)....................................................................................................................6

Fed. R. Civ. P. 26(b)(5)(A) ..............................................................................................................9

Fed. R. Civ. P. 33(b)(3)...................................................................................................................15

Fed. R. Civ. P. 37(a)(3)(B) ...................................................................................................6

SEDONA CONFERENCE, *The Sedona Principles, Third Edition: Best Practices,*
    *Recommendations & Principles for Addressing Electronic Document*
    *Production* 59 (3d ed. 2018) .................................................................................13

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") respectfully moves the Court pursuant to Federal Rule of Civil Procedure ("FRCP") 37 for an order compelling Relator's production of complete written responses and responsive documents in response to PPGC's Interrogatories and Requests for Production (collectively, "Discovery Requests").[1]

## INTRODUCTION

Relator's responses to PPGC's Discovery Requests consist almost entirely of boilerplate relevance and overbreadth objections that have been copied and pasted into almost every response; privilege objections that are plainly inapplicable and that Relator's counsel could not defend during a meet and confer; and references to an undifferentiated set of produced documents and public records. Relator has not come close to meeting his obligations under the Federal Rules of Civil Procedure. He has not even attempted to offer any particularized support for his relevance or overbreadth objections, as required by Fifth Circuit precedent. Nor has he articulated the scope of or bases for the privileges he asserts. And the case law is clear that a party does not comply with its discovery obligations simply by providing a long list of documents that might contain responsive information. The Court should compel Relator to provide supplemental responses that comply with the Federal Rules and produce all responsive documents in his possession, custody, or control.[2]

In addition, Relator's counsel has suggested that Relator might unilaterally refuse to produce responsive documents if he is unsatisfied with the documents that Relator receives from

---

[1] Defendants Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), and Planned Parenthood San Antonio, Inc. ("PP San Antonio") consent to this motion.

[2] PPGC reserves its right to move to compel as to other requests depending on the documents that Relator produces and re-produces subsequent to this filing and any orders issued by the Court.

1

Defendants.  PPGC requests that this Court make clear that such gamesmanship has no place in the discovery process and order Relator's counsel to fulfill his discovery obligations in good faith.

For these reasons and as discussed further below, the Court should grant PPGC's Motion.

## BACKGROUND

### I.     Allegations in Relator's and Texas' Complaints

From 2013 to 2015, Relator engaged in what he terms an "extensive undercover investigation" related to Planned Parenthood.  S*ee* Dkt. 2 ¶¶ 13, 64.  Relator alleges that as part of this "investigation," he had several meetings, created and edited videos, and communicated with various persons.  Thereafter, Relator alleges, he communicated with government officials, the media, and other third parties about his "investigation."

On February 5, 2021, Relator filed this *qui tam* action, alleging that Defendants violated the False Claims Act ("FCA") in connection with Affiliate Defendants'[3] participation in the Louisiana and Texas Medicaid programs.  Dkt. 2.  Relator alleges that Defendants violated the FCA by knowingly submitting false claims for payment to Medicaid and making material misrepresentations regarding Affiliate Defendants' qualifications to provide medical services and their compliance with medical and ethical standards.  *See id.* ¶¶ 115-117.  Additionally, Relator alleges that Affiliate Defendants received and retained millions of dollars in Medicaid overpayments to which they are not entitled.  *See id.* ¶¶ 118-121.  Relator also alleges violations of the Texas Medicaid Fraud Prevention Act ("TMFPA") and the Louisiana Medical Assistance Programs Integrity Law, *id*. at ¶¶ 122-134, though Texas has intervened as to the TMFPA claim and assumed primary responsibility for pursuing that claim.  *See* Dkt. 71 at 32-33.

---

[3] "Affiliate Defendants" are PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio, collectively.

The United States and the State of Louisiana declined to intervene. *See* Dkts. 18, 27. As noted, Texas filed its Complaint in Intervention for the TMFPA claim, alleging that Defendants violated the TMFPA by improperly avoiding an obligation to repay payments received under the injunctions. Dkt. 22 ¶¶ 40-41.

## II.     PPGC's Discovery Requests & Relator's Responses

Per the Court's Rule 16 Order, a party must file "[a]ny motion to compel discovery or for a protective order . . . 15 days after the discovery response at issue was served or due to be served." Dkt. 123 § 6(A). On June 13, 2022, PPGC served its First Set of Interrogatories and Requests for Production of Documents to Relator. *See* PPGC's Interrogatories at **Exhibit A** and PPGC's Requests for Production at **Exhibit B**. On July 13, 2022, Relator submitted its responses to the Discovery Requests. *See* Relator's Responses to Interrogatories at **Exhibit C** and Relator's Responses to Requests for Productions at **Exhibit D**.

Relator's Responses are grossly inadequate. Relator submitted boilerplate relevance and overbreadth objections, without making any effort to support those objections with specifics as required by the Federal Rules. For example, Relator copied and pasted the following objection (or something very similar[4]) in response to *more than 80 percent* of PPGC's requests for production (32 of 39 to be precise):

> This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by

---

[4] Response Nos. 1, 9, 10, 22, 23, 26 also include "the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants" within the laundry list of documents. And Response Nos. 11, 14, 15, 16, 17, 18, 19, 24, 25, 28, 35 do not refer to "the State of Texas in response to Request No. 1 in Defendants' First Set of Request for Production to the State of Texas" in their lists of documents.

3

the State of Texas in response to Request No. 1 in Defendants' First Set of Request for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

*See* Ex. D at Reponses 1, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39.  Relator's other responses to PPGC's requests for production are similarly inadequate as discussed further below.

Relator's responses to PPGC's interrogatories suffer from similar problems:  Relator responded to interrogatories 1, 2, 3, 5, 6, 8, by referring to a similar laundry list of documents; he responded to interrogatory 7 with a list of largely inapplicable privileges; and he simply stated that interrogatories 9 and 10 are "not relevant" without providing any support for his position.  All in, Relator did not provide a complete answer to a single one of PPGC's interrogatories.  Like Texas, Relator also failed to verify his responses.

### III.     July 25, 2022 Meet & Confer

On July 25, 2022, counsel for Relator, PPGC and the other Affiliate Defendants, and Planned Parenthood Federation of America ("PPFA") met and conferred by telephone regarding Relator's responses.

During the conference, counsel for Relator indicated that, while Relator objects on the basis of relevance and overbreadth, he has produced or plans to produce documents responsive to all requests for production.  Counsel for Relator said that, notwithstanding his objection, Relator will not withhold documents that he believes are already in the possession of the Defendants.  Counsel for Relator did not identify any specific request that is not relevant or overbroad.  Counsel for Relator did indicate, however, that he may decide to withhold not-yet-produced documents if he is dissatisfied with the scope of Defendants' document productions.

When asked about Relator's methodology for ensuring all responsive documents are located and produced, counsel for Relator indicated that he has had discussions with his client but has not methodically collected his client's emails and documents by doing either a complete mailbox collection or by imaging his client's computer(s).

When asked about the assertions of privileges, counsel for Relator declined to provide a basis for Relator's assertion of government investigative privilege or to take a position on the scope for the common interest privilege assertion. Counsel indicated that Relator has not yet determined the scope of the privileges that he has asserted, and therefore was unable to take a position on those privileges.

Counsel for PPGC explained that interrogatory responses listing a broad range of documents are impermissible. Counsel for Relator indicated that, while he does not concede the responses were insufficient, he intends to supplement his interrogatory responses. Given the July 29, 2022 deadline for this motion, counsel for PPGC asked whether Relator could supplement his responses by that date. Counsel for Relator said he would not be able to do so. Following the conference, counsel for PPGC emailed counsel for Relator and asked whether Relator could supplement his responses by August 1, 2022 (which would provide a seven-day time period for him to supplement). Counsel for Relator indicated that he would try, but could not commit to a date certain for supplementing Relator's responses.

*     *     *

The parties discussed these issues in good faith but were unable to come to an agreement before the deadline set forth in the Court's scheduling order. This Motion seeks an order (1) compelling full and complete responses to PPGC's interrogatories and requests for production, (2) requiring that Relator follow a reliable, generally accepted method for identifying, collecting,

and producing responsive documents, and (3) requiring that Relator verify his interrogatory responses.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Courts analyze six factors to determine whether discovery requests are proportional to the needs of the case: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1); *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citation omitted).

"A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld."  *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Among other things, failure to answer interrogatories or to produce documents are appropriate bases for a motion to compel.  *Id.*  On a motion to compel, once the moving party establishes the materials requested are within the scope of permissible discovery, the party resisting discovery bears the burden of specifically objecting

and showing that a discovery request would impose an undue burden or expense or is otherwise objectionable.  *See S.E.C. v. Brady*, 238 F.R.D. 429, 436-37 (N.D. Tex. 2006).

## ARGUMENT

### I.      Relator's Privilege Assertions Are Inadequate and Improper

Relator's privilege objections are plainly deficient.  "[A] one-sentence restatement of the allegation that a discovery response would violate work-product protection or attorney-client privilege is not adequate in the face of Federal Rules' directive that interrogatories be answered separately and fully in writing or that assertions of privilege must be expressly asserted, providing sufficient information to evaluate the claim of work-product protection or privilege."  *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 439 (N.D. Tex. 2016); *see also Lee v. Aramark Facility Servs.*, LLC, No. CV 20-2049, 2021 WL 6070448, at *6 (E.D. La. July 15, 2021) (objections to requests for production, including those related to privilege, "must be made with *specificity*" (emphasis in original)).  Yet bare-bones conclusory assertions – in some cases of privileges that Relator plainly has no standing to invoke – are all Relator offers here.  Remarkably, Relator's counsel *admitted* during the parties' meet-and-confer teleconference that he has not yet determined Relator's position on the privileges he has already asserted, raising questions about whether there was a basis to assert the privileges in the first place.  For the reasons discussed below, the Court should require Relator to provide a privilege log by a date certain, either within four weeks following completion of his production or by September 30, 2022, whichever comes first.

**Government Investigative Privilege**.  Relator has not identified any "government investigative privileges and protections" that could shield from discovery information PPGC seeks *from Relator* in a federal FCA case — and PPGC is aware of none.  To the extent that Relator is referring to Texas Government Code § 531.1021(g), that statute expressly applies only to

"materials" that were "*subpoenaed or compiled by . . . the office of the attorney general*," *id.*, based

on a subpoena issued by the "office of inspector general . . . in connection with an investigation,"

*id.* § 531.1021(a) (emphasis added).  The statute does not concern documents in the possession of

private persons like Relator.  In any event, Texas statutory privileges do not apply in this case.

The "federal law of privilege governs determination of *all* privilege issues raised in a federal

question case involving pendent state law claims, even where the evidence sought is relevant to a

pendent state law claim to which a contrary state privilege law would otherwise apply." *Tonti*

*Mgmt. Co., Inc. v. Soggy Doggie, LLC*, , Civ. A. No. 19-13134, 2020 WL 9172077, at *2 (E.D.

La. June 25, 2020) (emphasis in original); *see also* PPFA Mot. To Compel State of Texas, ECF

No. 132, at 13-17 (collecting cases showing that only federal privileges apply in this litigation,

including for pendent state-law claims).  Accordingly, Relator cannot withhold discovery on the

basis of any "government investigative privilege," and the Court should order Relator to produce

of any documents Relator intends to withhold based on this inapplicable privilege.

      **Common Interest Privilege**.  Although Relator has not articulated a clear position as to

the scope of the common interest privilege, the law is clear that the privilege simply does not apply

to certain categories of documents PPGC seeks.  First, common interest privilege does not apply

to any communications between Relator and Texas prior to his statutorily required pre-suit

disclosure on February 5, 2021.  *United States v. Cameron-Ehlen Grp., Inc.*, Civ. A. No. 13-cv-

3003, 2019 WL 6875354, at *1 (D. Minn. Dec. 17, 2019) (noting that the "the pre-filing disclosure"

is a "clear point of demarcation" for the earliest point of when the common-interest privilege may

apply).  Second, the privilege does not apply to Relator's communications with third parties.  *See*

*United States v. Homeward Residential, Inc.*, Case No. 4:12-cv-461, 2016 WL 1031154, at *5-6

(E.D. Tex. Mar. 15, 2016) (common-interest privilege extends only to "(1) communications

between co-[parties] in actual litigation and their counsel; and (2) communications between potential co-[parties] and their counsel"); *see also In re Fort Worth Osteopathic Hosp.*, No. 05-41513-DML-7, 2008 WL 2095601, at *2 (Bankr. N.D. Tex. May 15, 2008) (rejecting arguments related to common interest privilege and noting that having "freely disclosed the documents to others" would "waiv[e] the privilege").[5] Third, like the attorney-client privilege and attorney work product doctrine, the common interest privilege does not apply to underlying non-privileged documents. *See Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003) (stating that the common-interest privilege is closely tied to the attorney-client privilege and of the work-product doctrine but is not a broadly applicable privilege). Therefore, if Relator and Texas exchanged documents or videos that were not themselves privileged or work product, those documents or videos must be produced; the mere fact that they were shared in a potentially privileged communication does not immunize otherwise discoverable information.

**Withholding of Privileged Documents**. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), when a party withholds otherwise information based on a claim of privilege, the party must (1) expressly make the claim; and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed. *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (holding that a party asserting a privilege bears the burden of demonstrating its applicability). To the extent Relator possesses responsive documents that are legitimately privileged, he must provide a privilege log. *See Chemtech Royalty Assocs., L.P. v. United States*, No. 06-258-RET-DLD, 2009 WL 854358, at *3 (M.D. La. Mar. 30, 2009) ("[A] privilege log must contain sufficient information that would allow a court or party to assess the applicability of the

---

[5] Relator has improperly asserted the common interest privilege to requests seeking communications with third parties. *See, e.g.*, Ex. D at Response 11, 13, 16, 28, 29, 30, 31, 32, 35, 36, 37.

privilege or protection.").  Although Relator has indicated that he intends to provide a privilege log, given the deadline for this Motion and the short discovery period in this case, PPGC moves for an order requiring Relator to provide his log by September 30, 2022, or within four weeks of his completion of document production, whichever comes first, to give PPGC time to review it, meet and confer with Relator about any deficiencies, and seek the Court's intervention as needed.

## II.    Relator's Discovery Responses That Provide Long, Undifferentiated Lists of Documents Are Insufficient

In response to nearly all of Affiliate Defendants' discovery requests, Relator copied and pasted the same list of legal authorities and dockets of other judicial proceedings, and referred to 10,000 pages of discovery produced so far in this case.  But courts have held time and again that these sorts of responses are insufficient.

**Interrogatories**.  A party responding to interrogatories must "provide answers that discuss the relevant facts where called for by the interrogatory, rather than merely referring to documents" and "where reference to documents is appropriate, his response to any particular interrogatory [must] specifically identif[y] only the documents relevant to that interrogatory."  *Streety v. Univ. of Tex. at Arlington*, Civ. A. No. 4:09-CV-012-Y, 2010 WL 11619399, at *2 (N.D. Tex. May 3, 2010) (granting motion to compel where party's interrogatory response referred to "voluminous document sets).  Indeed, the Fifth Circuit has made clear that discovery responses are "incomplete," when the responding party "merely directs [the party seeking discovery] to . . . answers to," among other things, "all pages of all documents she has produced."  *Worrell v. Houston Can! Acad.*, 424 F. App'x 330, 334 (5th Cir. 2011) (affirming sanction of dismissal with prejudice due to "contumacious" conduct and "bad faith" after the plaintiff failed to provide complete answers to discovery requests after being compelled to do so).

10

Although Relator has indicated that he anticipates providing supplemental interrogatory responses at some point, he has neither specified how he intends to supplement his responses nor committed to a date certain by which to provide such supplemental responses. Given the glaring deficiencies in Relator's responses and the deadline for the instant Motion, PPGC seeks an order compelling Relator to supplement his responses within seven days of the Court's order resolving this Motion, and, in so doing, to fully and properly answer each interrogatory posed. The Court should further order that to the extent Relator relies on documents to answer an interrogatory in part or in whole, he must specify the particular documents relied on and describe the portion(s) of the interrogatory the documents to which the documents respond.

**Requests for Production**. Similarly, a broad list of other documents is not an adequate response to a request for production. *See, e.g., Jeffers v. Tran*, No. CV 07-329-FJP-SCR, 2008 WL 11449248, at *1 (M.D. La. Feb. 29, 2008) (compelling production of documents over objection that some responsive documents "were previously produced in response to other document requests"); *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, No. CV 02-1133-D-M2, 2005 WL 8155251, at *3 (M.D. La. Aug. 11, 2005) (compelling production of documents and ordering "to the extent that [objecting party] has previously produced documents responsive to [the relevant] Request for Production . . . those documents should be specifically identified" and further that the party must "required to specifically identify all documents responsive to each request . . . that *have not yet been produced*" (emphasis in original)).[6]

---

[6] PPGC reserves its right to seek again to compel sufficient responses if Relator's new productions or revised responses remain insufficient.

11

### III.    Relator's Boilerplate Relevance & Overbreadth Objections Should be Overruled

Relator has objected to nearly all of PPGC's discovery requests as "overbroad" and "not relevant." These boilerplate objections are deficient. The "party resisting discovery" bears the burden to "show specifically" how a discovery request "is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal citations omitted). Relevance is broadly construed at this stage of proceedings: information is relevant if there is any possibility that it may be relevant to the claim or defense of any party. *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360-DCG, 2021 WL 3272211, at *3 (W.D. Tex. July 30, 2021). Thus, unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed. *Brady*, 238 F.R.D. at 436-37 (overruling objection where party did not meet the burden of showing the discovery had no possible bearing on the outcome of the case).[7]

Relator has not come close to meeting his burden here because he has provided no support whatsoever for his boilerplate, conclusory objections. Nor did Relator provide any meaningful additional specificity during the parties' meet-and-confer teleconferences. Although counsel for

---

[7] Relator's relevance objections are difficult to square with the expansive view of relevance reflected in his own document requests. Relator's First Requests for Production, served May 27, 2022, seek "[a]ll documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid." Relator's Third Requests for Production, served July 7, 2022, go even further, asking for broad ranges of documents and communications "concerning" oversight, compliance, audits, or service expansion related to Texas or Louisiana Medicaid – not in any way limited to the topics at issue in the suit. And his Second Requests for Production directed to PPFA, served June, 2, 2022, seek "[a]ll documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning" Texas or Louisiana Medicaid. Relator cannot have it both ways. His broad view of the scope of appropriate discovery confirms his relevance objections are meritless and PPGC is entitled to the comparatively narrow discovery they seek.

Relator indicated that Relator currently intends to search for and produce documents responsive to each request to which Relator lodged objections, he also indicated that Relator might decline to produce responsive documents because the position Relator takes will depend on what Relator's counsel "sees in [Defendants'] productions."  "Such a unilateral determination," however, "is not the purview of any party within discovery," *see In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 6:11-MD-2299, 2014 WL 2921653, at *44 (W.D. La. June 23, 2014) (holding that a party cannot "unilaterally decide to withhold the fact of the very existence of information which falls under a valid discovery request").  If Relator takes issue with Defendants' discovery responses, he should meet and confer with Defendants and he may file a motion to compel pursuant to the Court's Scheduling Order if the parties are unable to resolve their disputes.  What Relator may not do is unilaterally limit his own productions.  The Court has made clear that it will not tolerate any such "gamesmanship."  *See* Dkt. 122 at 3.

## IV.   Relator's Counsel Should Preserve and Search Relator's Data Consistent with Generally Accepted Document Collection Methods

"For years, the Rules have placed upon all parties and lawyers the 'professional obligation to conduct discovery in a diligent and candid manner.'" *Century Sur. Co. v. Nafel*, No. 3:14-CV-00101, 2016 WL 4059678, at *9 (M.D. La. July 28, 2016) (citing THE SEDONA CONFERENCE, The Sedona Conference Cooperation Proclamation (2008)).  The "duty to preserve ESI implicates special considerations," so "[c]ourts should encourage and promote the use of technology and processes to search, preserve, collect, review, and produce ESI."  THE SEDONA CONFERENCE, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production* 59, 166 (3d ed. 2018).  "Self-collections by custodians may give rise to questions regarding the accuracy and completeness of collections" and so this requires extensive "oversight by legal counsel or forensics experts."  *Id.* at 168.  With this in mind, courts

13

have cautioned that "an attorney may not simply rely on custodian self-collection of ESI" because "counsel must test the accuracy of the client's response to document requests to ensure that all appropriate sources of data have been searched and that responsive ESI has been collected—and eventually reviewed and produced." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 636 (E.D. Mich. 2021) (internal quotation marks and citation omitted).

Based on publicly accessible information about Relator, counsel for PPGC anticipates that Relator's computer and personal email inbox contain significant amounts of documents and communications responsive to PPGC's requests for production.  As detailed in Relator's Complaint, Relator conducted what he calls an "extensive undercover investigation," spanning from 2013 to 2015, and Relator communicated extensively — including with government actors, members of the media, and other third parties — about his efforts.  PPGC anticipates that these extensive efforts led to high volumes of discoverable ESI.

During the July 25, 2022 conference, counsel for Relator indicated that he has not collected his client's complete email inbox or imaged his client's computer(s).  Relator's counsel also stated that he does not plan to employ search terms to search within his client's documents.  While counsel noted that he has had discussions with Relator, he declined to provide additional information about the process that Relator is using to ensure all responsive documents are located and produced.  Thus far, Relator's counsel has "failed to carry [his] burden of explaining what [he] has done" and "why it [is] sufficient" to ensure that all sources of ESI have been searched and produced. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D. Md. 2008).

PPGC is concerned that, without taking proper steps to electronically image and preserve Realtor's computer and email inbox such that counsel for Relator can inspect and search within Relator's documents, responsive documents are more likely to be missed in Relator's document

14

production.  Accordingly, PPGC seeks that this Court order Relator's counsel to collect Relator's email inbox and image his computer, in line with best practices for preserving and searching ESI.

## V.        Relator Must Verify his Responses to Interrogatories.

Finally, like Texas, Relator failed to verify his responses to PPGC's interrogatories.  Rule 33(b)(3) requires that parties answer interrogatories "fully in writing under oath."  Accordingly, a party must "serve interrogatory verifications to their . . . that state: 'I hereby declare under penalty of perjury that the foregoing is true and correct'" in order comply with the Federal Rules.  *Jorge v. Atl. Hous. Found., Inc.*, No. 3:20-CV-2782-N, 2022 WL 1082345, at *3-4 (N.D. Tex. Apr. 11, 2022); *see also, e.g., Dugas v. Mercedes-Benz USA, LLC*, Civ. A No. 6:12-CV-02885, 2014 WL 458083, at *2 (W.D. La. Feb. 3, 2014) ("verification of discovery responses is required by Fed. R. Civ. P. 33(b)(3)").  Since Relator has not properly verified its interrogatories, PPGC requests that this Court order that Relator verify his responses to their interrogatories.

## CONCLUSION

Relator's objections to PPGC's discovery requests are meritless.  Accordingly, this Court should overrule his objections to PPGC's interrogatories and requests for production and order that Relator provide complete, verified responses and produce all responsive documents.  This Court should also order Relator to produce a privilege log for any of its assertions of privileges.


Dated:  July 28, 2022                                    Respectfully submitted,

                                                         ARNOLD & PORTER KAYE SCHOLER
                                                         LLP

                                                         By:    */s/ Tirzah S. Lollar*
                                                                Craig D. Margolis
                                                                Craig.Margolis@arnoldporter.com
                                                                Tirzah S. Lollar
                                                                Tirzah.Lollar@arnoldporter.com

15

Christian Sheehan
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County,
and Planned Parenthood San Antonio*

## **CERTIFICATE OF CONFERENCE**

On July 25, in accordance with Local Rule 7.1(b), counsel for Defendants certify that they conferred with counsel for Relator and counsel for Texas regarding the relief requested in this motion.  Relator's counsel Andrew Stephens participated in the conference.  Mr. Stephens stated that Relator is opposed.


*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

18