# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    June 13, 2022 |

**FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR, ALEX DOE, BY DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Gulf Coast, Inc. propounds to Relator Alex Doe the following First Request for Production. Defendant requests that Relator produces the documents requested herein within

1

thirty (30) days of being served. The production of documents shall be in accordance with the definitions and instructions below.

These Requests are deemed to be continuing as to the Relator. If the Relator subsequently learns of additional information and/or documents responsive to these Requests, it is required to supplement any responses.

**Definitions**

1. The terms "You" or "your" or "Relator" refers to Relator Alex Doe, his agents, legal representatives, or anyone purporting to act on the named Relator's behalf.

2. The term "Planned Parenthood Defendants" refers to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") and Planned Parenthood Federation of America, Inc. ("PPFA").

3. The term "Affiliate Defendants" refers to Defendants PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

4. The term "Relator's Complaint" refers to Relator's Complaint filed on February 5, 2021.

5. The term "Texas's Complaint" refers to Texas's Complaint filed on January 6, 2022.

6. The term "Center for Medical Progress" refers to the entity headquartered in Irvine, California, including all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

2

7. The term "Center for Medical Progress videos" refers to videos related to any Planned Parenthood Defendant or other Planned Parenthood entity created by the Center for Medical Progress and/or currently or previously posted to the website of the Center for Medical Progress and/or Center for Medical Progress's YouTube Channel from 2013 to the present.

8. The terms "Person" and "Persons" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

9. The term "Government" refers to the government of the United States of America; any agency, office, or military branch of the U.S. Government; and any attorneys, agents, representatives (including any auditors or investigators hired by the U.S. Government) acting or purporting to act on its behalf.

10. The term "Texas" refers to the government of the State of Texas; any agency, office, division, or department of the Texas Government, including but not limited to the Texas Health & Human Services Commission, Texas Office of the Inspector General and the Texas Department of Public Safety; and any attorneys, agents, or representatives (including any auditors or investigators hired by the Texas Government) acting or purporting to act on its behalf.

11. The term "Louisiana" refers to the government of the State of Louisiana; any agency, office, division, or department of the Louisiana Government, including but not limited to the Louisiana Department of Health; and any attorneys, agents, or representatives (including any auditors or investigators hired by the Louisiana Government) acting or purporting to act on its behalf.

12. The term "Medicaid" refers to the federal Centers for Medicare & Medicaid Services administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

13. The term "Texas Medicaid" refers to the State of Texas administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

14. The term "Louisiana Medicaid" refers to the State of Louisiana administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

15. The term "including" shall mean "including, but not limited to."

16. The term "qualified medical expert" has the meaning used in Texas Gov't Cod Ann. § 531.1-2(l) ("a medical director who is a licensed physician under Subtitle B, Title 3, Occupations Code, and the rules adopted by that subtitle by the Texas Medical Board, and who preferably has significant knowledge of Medicaid").

17. The term "generally accepted medical standards" has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C.

18. The term "fetal tissue procurement" and has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C (referring to Planned Parenthood's alleged "policy of agreeing to procure fetal tissue, potentially for valuable consideration, even it means altering the timing or method of abortion" and Planned Parenthood's alleged "misrepresentation about [its] activity related to fetal tissue procurements").

19. The term "the Media" refers to any news organization or mass media organization, including print, internet, television, radio, or other media.

20. The term "Medicaid's free choice of provider requirement" refers to the requirement for a state plan to allow a beneficiary to obtain Medicaid services from any institution, agency, pharmacy, person, or organization, including family planning services, that is qualified to furnish services and willing to furnish them to that particular beneficiary. See 42 CFR § 431.51.

21. The term "overpayment" has the meaning as used in Paragraphs 17 and 40 of Texas's Complaint.

22. The term "Grace Period" refers to the thirty-day period granted by the Texas Health and Human Services Commission to Planned Parenthood through February 3, 2021, referenced in Texas's Complaint. Tex. Compl. ¶ 6.

23. "Documents" as used herein shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda, tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions,

5

assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature.

24. The terms "relate to," "related to," "relating to," and "concerning" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A document may "relate to" or an individual or entity without specifically mentioning or discussing that individual or entity by name.

25. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

26. The terms "rely," "relied," and "relied upon" shall refer to all information that in any way served as the basis for Relators' allegations, including any information that, in whole or in part, confirmed, supported, influenced, shaped, or contributed to Relators' knowledge of the allegations made in the Complaint, or otherwise was considered by Relators in asserting the allegations made in the Complaint.

27. The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written, and electronic

6

expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

### **Instructions**

1. Furnish all documents and things within the possession, custody, or control of the Relator that are responsive to these Requests, including information or items in the possession of their assignees, agents, legal representatives, employees, representatives, attorneys, other personnel thereof, or anyone purporting to act on behalf of the Relator.

2. If an objection is made to any request herein, all documents and things responsive to the request not subject to the objection should be produced. Similarly, if any objection is made to the production of a document, the portion(s) of that document not subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly as such. Otherwise, no communication, document, file, or thing requested should be altered, changed, or modified in any respect. All communications, documents, and files shall be produced in full and unexpurgated form, including all attachments and enclosures either as they are kept in the ordinary course or organized to correspond with those requests.

3. No communication, document, file, or thing requested should be disposed of or destroyed.

4. If you object to any Document Request, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds:

    a. identify the Document Request to which objection or claim of privilege is made;

    b. identify every document withheld; the author, the date of creation, and all recipients;

      c. identify all grounds for objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; and

      d. identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants.

5. Unless otherwise specified, the relevant time period for these Document Requests is 2010 to the present.

6. You are under an affirmative duty to supplement your responses to these Document Requests with documents you may acquire or discover after completing your production, if you learn your response is in some material respect incomplete or incorrect and the additional or corrective information has not been made known to Planned Parenthood.

## Requests for Production

1. All documents identified in the Relator's Complaint, supporting your allegations in the Relator's Complaint, or that you relied on in making the allegations in the Relator's Complaint, your Rule 26 Initial Disclosures, Relator's Opposition to Motion to Dismiss [Dkt. No. 61], and your other filings in this case, including but not limited to, documents substantiating your version of events and showing the manner you contend the Planned Parenthood Defendants benefited or the Government, Texas, and Louisiana were harmed by the acts or omissions you allege.

2. Documents sufficient to identify what are characterized in the Relator's Complaint, your Rule 26 Initial Disclosures, Relator's Opposition to Motion to Dismiss [Dkt. No. 61], and your other filings in this case as "claims" that were submitted to the Government, Texas, and Louisiana for payment, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

3. Transcribed, recorded, or written statements, correspondence, affidavits, or declarations relating to your claims in this case made by any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case, including any documents received from any persons or witnesses relating to your claims in this litigation, or during the course of obtaining these statements, correspondence, affidavits, or declarations.

4. Notes of any conversations related to your claims in this case with any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case.

5. All documents provided to, reviewed by, relied upon, or created by any expert witness for you or Texas.

6. All documents and communications between you and Texas that relate to compensation for any expert's study or testimony in this case, identify facts or data that you or Texas's attorney(s) provided and that the expert considered in forming the opinions to be expressed by the expert, and/or identify assumptions that Texas or Relator provided and that the expert relied on in forming the opinions to be expressed in this case.

7. All documents you relied on in drafting your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

8. All documents identified in your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

9. All documents related to every claim for payment submitted by each Affiliate Defendants that you contend was submitted in violation of the False Claims Act, the Texas Medicaid Fraud Prevention Act, or the Louisiana Medical Assistance Programs Integrity Law. This request does not seek patients' names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient identifying information associated with the claims.

10. All documents related to every overpayment received by each of the Affiliate Defendants that you contend Affiliate Defendants were obligated to report and return, but did not. This request does not seek patients' names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

11. All documents relating to or reflecting communications with the Center for Medical Progress from 2013 to the present relating to the allegations in Relator's Complaint.

12. All documents relating to or reflecting communications with Texas from 2013 to the present relating to the allegations in Relator's Complaint or Texas' Complaint.

13. All documents relating to or reflecting communications with Louisiana from 2013 to the present relating to the allegations in Relator's Complaint.

14. All documents and communications relating to any fetal tissue procurement or donation in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or facilitated or agreed to participate or facilitate.

9

15. All documents and communications relating to the participation or alleged participation or facilitation of any Planned Parenthood Defendant in any fetal tissue procurement or donation.

16. All documents and communications relating to any investigation Relator, the Center for Medical Progress, and/or third parties acting on Relator's behalf have conducted or are conducting from 2010 to the present into participation, past or present, by any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood in fetal tissue procurement, including but not limited to the plans for the investigation, interview methodology, investigative notes, and documents sufficient to show participants in the investigation.

17. All documents and communications with Medicaid, Texas Medicaid, and/or Louisiana Medicaid regarding any investigation Relator, the Center for Medical Progress, and/or third parties acting on Relator's behalf have conducted or are conducting from 2010 to the present into participation or facilitation, past or present, by any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood in fetal tissue procurement or donation.

18. All documents and communications related to whether participation in or an agreement to participate in or facilitate any fetal tissue procurement or donation, or conduct relating to such participation or facilitation, renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid.

19. All documents and communications relating to Texas's decision to grant the Grace Period to PPGC, PPST, and PPGT, including but not limited to documents and communications relating to the Affiliate Defendants status as Medicaid providers before or during the Grace Period.

20. All documents and communications relating to whether termination of any Affiliate Defendant violated Medicaid's free choice of provider requirement and if so, why.

21. All documents and communications relating to the continued participation of any Affiliate Defendant in Louisiana Medicaid.

22. All documents and communications relating to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Medicaid, Texas Medicaid, or Louisiana Medicaid to any Affiliate Defendant.

23. All documents and communications relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

24. All documents and communications relating to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement, or an agreement to

engage in fetal tissue procurement, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

25. All documents and communications relating to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked or obligated to return amounts reimbursed under Medicaid.

26. All documents and communications relating to any Affiliate Defendants' qualifications to provide services under Medicaid, Texas Medicaid, or Louisiana Medicaid.

27. All documents and communications relating to Texas's determination that any Affiliate Defendant is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

28. All documents and communications relating to Louisiana's determination that any Affiliate Defendant is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

29. All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and members of the United States Congress (including their staff) or the Government related to the Center for Medical Progress videos.

30. All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and Texas related to the Center for Medical Progress videos.

31. All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and Louisiana related to the Center for Medical Progress videos.

32. All communications between you, including third parties acting on your behalf (including but not limited to CRC Public Relations), and the Media relating to the Center for Medical Progress videos.

33. All documents that you provided to or received from the Government relating to your claims or otherwise providing an account of your investigation and alleged observations of any Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation, or agreement.

34. All documents that you provided to or received from Texas relating to your claims or otherwise providing an account of your investigation and alleged observations of any

11

       Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation, or agreement.

35. All documents that you provided to or received from the Louisiana relating to your claims, or otherwise providing an account of your investigation and alleged observations of any Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation or agreement.

36. All communications between you and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether conduct relating to participation in fetal tissue procurement or donation an agreement to participate in or facilitate fetal tissue procurement or donation rendered a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

37. All Center for Medical Progress videos (both edited and unedited), including but not limited to all such videos you or third parties acting on your behalf provided to the Government (including Congress), Texas, and/or Louisiana.

38. All documents, including communications, supporting any claim for damages alleged in the Relator's Complaint.

39. All documents and communications supporting your allegation that each Affiliate Defendant participated in fetal tissue procurement.

40. All documents produced to you in response to any subpoena(s) you issue(d) in connection with this matter pursuant to Fed. R. Civ. P. 45.

/s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Gulf Coast, Inc.*

June 13, 2022

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing First Set of Requests for Production to Relator, Alex Doe, by Defendant Planned Parenthood Gulf Coast, Inc. has been served upon all attorneys of record in this case on this, the 13th day of June 2022, by electronic email.

      /s Tirzah S. Lollar