# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.,* § § § § | |
| *Plaintiffs,* § § | |
| v. § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.,* § § § § | |
| *Defendants.* § | |

---

### RELATOR'S OBJECTIONS AND RESPONSES TO PLANNED PARENTHOOD GULF COAST, INC.'S FIRST SET OF INTERROGATORIES TO RELATOR

---

To:   Defendant Planned Parenthood Gulf Coast, Inc., c/o Craig Margolis, Murad Hussain, Tirzah Lollar, Christopher Odell, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001, Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.

Relator Alex Doe serves these Objections and Responses to Planned Parenthood Gulf Coast, Inc.'s First Set of Interrogatories to Relator.

### OBJECTIONS

1.     Relator objects to the Interrogatories, including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 33, other FRCPs, or elsewhere. Relator will respond to the Interrogatories in accordance with FRCP 33, other FRCPs, and applicable law.

2.     Relator objects to the Interrogatories where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.     Relator objects to the Interrogatories where they seek information not within Relator's possession, custody, or control.

4.     Relator objects to the Interrogatories where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.     Relator objects to the Interrogatories where they are not properly limited to an appropriate time period. Answering Interrogatories outside of an appropriate time period will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1).

6.     Defendants' definition of the term "Communication" is overly broad, vague, and answering Interrogatories by using this definition would be unduly burdensome. Defendants' definition of the term includes "the transmission or expression of any thought, word, statement, fact, thing, idea, opinion, document, instruction, demand, or question, whether written or oral, whether made in person, by telephone, in a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion." Relator will interpret the terms "communication" consistent with applicable FRCPs, rules, law, and common usage.

7.     Defendants' definition of the term "Describe" is overly broad, vague, and answering Interrogatories by this definition or searching for and identifying "any document or communication" with this definition would be unduly burdensome. Defendants' definition of the term includes "to identify any document or communication concerning the item in question and to provide a complete factual summary chronologically setting forth the substance of, and identifying any person participating in, witnessing, or having knowledge of, whether firsthand or otherwise, any fact, action, occurrence, conduct, event, condition, or circumstance concerning the information in question." Relator will interpret the terms "describe" consistent with applicable FRCPs, rules, law, and common usage.

8.     Defendants' definition of the term "Document" is overly broad, vague, and answering Interrogatories using that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any designated tangible things," to the definition of "document." Relator will interpret the term "document" consistent with FRCP 33 and other applicable FRCPs, rules, and law.

9.     Defendants' definition of the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" is overly broad, vague, and answering Interrogatories using that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "relating in any way to, referring to, arising from, dealing with, consisting of, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, constituting,

evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly." Relator will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

10.     Defendants' definition and use of the terms "Relator," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Interrogatories using that definition would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any Interrogatory with the terms as defined by Defendants exceed the scope of the specific claims and issues in this case and therefore makes those Interrogatories objectionable. Relator will interpret and respond to Interrogatories consistent with applicable FRCPs, rules, law, and common usage.

11.     Relator objects to all of Defendants' Instructions which exceed the requirements of FRCP 33, or other applicable Rules or law. Relator will answer the Interrogatories as required by FRCP 33, and other applicable Rules and law.

12.     The answers made at this time are without prejudice to Relator's rights to amend or supplement its answers as appropriate under the FRCPs or other rules or law.

13.     By answering these Interrogatories, Relator does not concede the relevance or admissibility of the information. Relator further does not waive, but instead, expressly preserves, the objections here.

14.     Relator incorporates by reference the objections above into the answers set forth below. The failure to repeat any of the objections above does not waive any objection to the specific Interrogatory.

15.     Relator intends to not produce documents which are privileged under the attorney-client, common interest, work-product, and government investigative privileges and protections. Any production of documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections is inadvertent under Federal Rule of Evidence (FRE) 502.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every claim for payment submitted by each of the Affiliate Defendants that you contend was submitted in violation of the False Claims Act, the Texas Medicaid Fraud Prevention Act, or Louisiana Medical Assistance Programs Integrity Law.  For each claim, state the date of submission; the name of the Affiliate Defendant that submitted the claim; the amount of the claim submitted; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify all evidence you have to support your assertion that the claim was fraudulent; and identify all persons with knowledge

concerning the allegedly fraudulent claim. This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

ANSWER:

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

INTERROGATORY NO. 2:

Identify each overpayment received by each of the Affiliate Defendants that you contend Affiliate Defendants were obligated to report and return, but did not. For each overpayment, identify any associated claim by stating the date of submission of the claim; the name of the Affiliate Defendant that submitted the claim, the amount of the claim; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly

fraudulent claim. For each violation of the False Claims Act, the Texas Medicaid Fraud Prevention Act, and the Louisiana Medical Assistance Programs Integrity Law Act that you allege in this case, state the damages that you believe the Government, Texas, or Louisiana incurred as a result of the conduct you have alleged. Your answer should include a detailed description of how the damages are calculated, the facts supporting your contention that each Planned Parenthood Defendant is liable for those damages, and all persons with knowledge of the foregoing. This request does not seek patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

**ANSWER:**

Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 3:**

To the extent that information underlying your allegations in this case came from sources other than your own investigation as described in the Relator's Complaint, identify the sources from which your information is derived, describe

7

what you learned from that source, and state when you consulted the source.

**ANSWER:**

This Interrogatory is overbroad and asks for information which is covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 4:**

Identify and describe in detail the specific parts of the Texas Medicaid Provider Procedures Manual and the Louisiana Medicaid Services Manual that you contend each of the Planned Parenthood Affiliates violated, and describe in detail how you believe that each of the Planned Parent Affiliates violated the Texas Medicaid Provider Procedures Manual and/or the Louisiana Medicaid Services Manual.

**ANSWER:**

The Texas Medicaid Provider Procedures Manual states that providers must be enrolled to participate in the Texas Medicaid Program and to receive

reimbursement for services provided to Medicaid recipients, meet all program requirements and licensing and certification requirements, and comply with all other requirements in accordance with all federal and state laws and rules and regulations. In addition, the Texas Provider Manual states that a provider agrees to comply with all state and federal laws and regulations and policies established by the federal Centers for Medicare and Medicaid Services and the Texas Health & Human Services Commission. The Texas Provider Manual also informs providers of their responsibility for knowing the terms of the Texas Provider Agreement, program standards, statutes and penalties for violations.  The Louisiana Medicaid Services Manual provides that in order to receive reimbursement for healthcare services provided to Medicaid recipients, the provider must be enrolled to participate in the Louisiana Medicaid Program, meet all licensing and/or certification requirements inherent to the healthcare profession, and comply with all other requirements in accordance with all federal and state laws and Louisiana Bureau of Health Services Financing policies. The Louisiana Provider Manual further provides that when enrolled in the Louisiana Medicaid Program, a provider agrees to abide by all applicable state and federal laws and regulations and policies established by the federal Centers for Medicare and Medicaid Services and the Louisiana Department of Health. It also informs providers that they are responsible for knowing the terms of the Louisiana Provider Agreement, program standards, statutes and penalties for violations. Relator further refers Defendants to the documents contained in the trial and appellate record in the federal court litigation

9

involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 5:**

Identify and describe in detail the principal and material facts and documents known to you relating to any actions taken by each of the Planned Parenthood Affiliates to engage in or facilitate fetal tissue procurement or donation, or agree to engage in or facilitate such procurement or donation, including any and all facts relating to the Center for Medical Progress videos, that in your view renders each of the Planned Parenthood Affiliates unqualified to provide medical services under Medicaid, Texas Medicaid, or Louisiana Medicaid or violates generally accepted medical standards. As required by Instruction No. 8, you must provide a response for each of PPGC, PPST, PP Cameron County, and PP San Antonio.

**ANSWER:**

Relator refers to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 6:**

Describe in detail all investigations, reviews, or other inquiries conducted by

you related to your allegations that each Affiliate Defendant engaged in improper conduct relating to fetal tissue procurement or donation, or agreed to engage in such conduct, or otherwise violated laws or regulations relating to medical research or fetal tissue procurement or donation or agreed to do so.  Your response should identify the persons involved in such investigations, reviews, or other inquiries, and describe each person's role in the investigation, reviews, or other inquiries.

**ANSWER:**

Relator refers to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 7:**

Describe in detail the information you claim that you "voluntarily disclosed to the government prior to any public disclosure."  Rel.'s Opp'n to Defs.' Mot. To Dismiss [Dkt. 61] at 26-27.  Your response should identify the specific facts, allegations, and transactions that you claim you disclosed, to whom you disclosed them, through what means you disclosed them, any documents (including videos) through which you disclosed them, and when you disclosed them.

**ANSWER:**

This Interrogatory asks for communications between Relator and the government and seeks information which is covered by the attorney-client, common

11

interest, work product, and government investigative privileges and protections. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 8:**

Describe in detail the principal and material facts relevant to your contention that each of the Planned Parenthood Affiliates were "aware of or should have been aware of their obligation to repay the government." Rel.'s Opp'n to Defs.' Mot. To Dismiss [Dkt. 61] at 12-16.

**ANSWER:**

Relator refers to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**INTERROGATORY NO. 9:**

Identify by dates, locations, and names of institution or employer each and every place you have ever lived, studied, or worked, beginning with high school. Include in your response your reason for leaving each institution or employer, including whether you were terminated or asked to resign, and if so why.

**ANSWER:**

This Interrogatory is overbroad and not relevant. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify each and every civil, criminal, or administrative proceeding in which you have been accused of fraud, misrepresentation, false statement, perjury, theft, any other act of dishonesty, or recording a person without permission.  For each proceeding, identify the nature of the proceeding, the court or administrative tribunal, any case number assigned to the proceeding, and any judgment, decision, opinion, or outcome associated.

**ANSWER:**

This Interrogatory is overbroad and not relevant. Relator stands on Relator's objections to this Interrogatory.

**INTERROGATORY NO. 11:**

If you deny any of the Requests for Admission issued by any of the Defendants in this case, in full or in part, describe in detail the basis for your denial.

**ANSWER:**

This Interrogatory asks for information regarding Requests for Admissions that have not been served or directed to Relator. Relator cannot provide information concerning the basis for another party's denial of a Request for Admission. This Interrogatory also calls for discrete subparts which will be treated as separate Interrogatories under the FRCP. Relator stands on Relator's objections to this Interrogatory.

Respectfully submitted.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens