IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>   Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>   Defendants. | NO. 2:21-CV-00022-Z |

**PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S
RESPONSE TO RELATOR'S MOTION TO COMPEL**

Relator's Motion to Compel [DE 120] ("Motion") offers *no* substantive reason for requiring Defendant Planned Parenthood Federation of America, Inc. ("PPFA") to produce additional documents under the facially overbroad Requests for Production ("Requests") targeted by the Motion. The Motion makes no effort to satisfy Relator's burden to explain how the Requests seek proportionate discovery relevant to the claims and defenses in this case. Nor does it even attempt any argument about how PPFA's objections and responses ("Responses") are somehow

1

inappropriate or unduly limit the scope of documents that PPFA committed to produce. Instead, the Motion merely asserts that Relator is entitled to discovery of *every single* document in PPFA's possession, custody, or control that relates *in any way* to Texas or Louisiana Medicaid or the Affiliate Defendants ("Affiliates"), simply because Relator demanded in the Requests anything and everything that touches those two categories of documents and information. But the Federal Rules of Civil Procedure require far more from Relator. He cannot "simply request[] that the Court order [PPFA] to fully respond to [the Requests]," while also "fail[ing] to address any of [PPFA's] specific objections" to facially overbroad Requests. *Heaney v. Time Warner Cable, Inc.*, 2010 WL 56068, at *1 (W.D. Tex. Jan. 5, 2010). PPFA respectfully requests that the Court deny this unnecessary and premature Motion.

## PROCEDURAL HISTORY

The Motion mischaracterizes PPFA's positions during the July 11 meet-and-confer with regard to the three Requests at issue. It is not accurate to say that PPFA refused to produce relevant documents in its possession, custody, or control. *See* Mot. at 3. Rather, counsel for PPFA merely reiterated good-faith objections to generic requests for all documents relating to facially overbroad categories of subjects and attempted to narrow the Requests to a scope that comports with Rule 26. Even then, PPFA agreed to meet and confer regarding supplemental searches for additional relevant documents if Relator, after reviewing PPFA's initial production, believes in good faith that the categories of documents specified in the Responses prove insufficient. And at *that* time, counsel for Relator agreed that it made sense to wait on PPFA's production before meeting and conferring further over the Responses, and also stated that the parties likely could resolve any scope-of-discovery issues when conferring over search terms, as the parties' recently-filed ESI Protocol requires [DE 130–1]. The Motion thus comes as a surprise

2

to PPFA, whose counsel believed that the parties had resolved disputes over the subject Requests at the meet-and-confer, consistent with the Court's expectations. *See* Amended Scheduling Order [DE 123] at 5.

## LEGAL STANDARD

Rule 26 only permits parties to obtain discovery regarding non-privileged matters that are both (1) relevant to a claim or defense in the case, and (2) proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The moving party on a motion to compel bears the burden of showing that the discovery sought is relevant, and "both parties and the court [must] consider the proportionality of all discovery in resolving discovery disputes." *Innovation Sciences, LLC v. Amazon.com, Inc.*, 2020 WL 3288082, at * 1–2 (E.D. Tex. June 18, 2020); *see also Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) ("The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party."). Courts in the Fifth Circuit routinely deny motions to compel responses to overbroad and burdensome discovery requests that are not reasonably tailored to lead to the discovery of admissible evidence. *See, e.g., Innovation Sciences*, 2020 WL 3288082, at *3 (refusing to "compel production of a plethora of documents spanning fourteen years" where party's request was not "narrowly tailored" to the articulated issues in the case); *McPherson v. Bank of Am., N.A.*, 2014 WL 12596464, at *2–3 (N.D. Tex. May 22, 2014) (similar); *Lucero v. Target Corp.*, 2011 WL 13273660, at *3 (W.D. Tex. Jan. 25, 2011) (similar); *Steinberg v. BPO Mgmt. Servs., Inc.*, 2010 WL 11618166, at *5 (N.D. Tex. Nov. 8, 2010) (similar).

## ARGUMENT

The Court should deny the Motion because each of the three Requests at issue is facially overbroad, and the Motion does not articulate any actual deficiencies in PPFA's reasonable Responses. Relator's allegations and claims concern Medicaid claims and reimbursements and PPFA's relationship to the Affiliates. PPFA has, accordingly, agreed to collect, review, and produce documents relating to those issues. But Relator's insistence that PPFA commit to collecting and producing every single document in the files of unidentified current and former PPFA employees over a twelve-year period that in any way concern "Texas Medicaid and/or Louisiana Medicaid" or PPFA's "affiliation" or "relationship" with the Affiliates is not required under any reading of the applicable law. Because Relator has advanced no basis for imposing upon PPFA the enormous burden of collecting, reviewing, and producing thousands of documents and communications that have no bearing on any claim or defense in this case, the Motion should be denied.

### A.     First Requests for Production No. 7:  Texas and Louisiana Medicaid

The Request that PPFA produce "[a]ll documents and communications" that "concern Texas Medicaid and/or Louisiana Medicaid, excluding patient charts," is facially overbroad and unduly burdensome in light of Relator's claims. The claims in this case concern the submission of Medicaid claims and receipt and retention of Medicaid payments. But, as PPFA explained in its Response, Relator's request covers a twelve-year period and encompasses *every* document or communication that concerns Texas Medicaid or Louisiana Medicaid, *regardless* of whether the subject document or communication has anything to do with the submission or payment of Medicaid claims in this case. *See* Mot. Ex. B [DE 120–3] at 9.

Such overly broad "fishing expeditions" are precluded under the Rules when they are not tailored to the particular claims or defenses in the case and, thus, not reasonably calculated to

4

lead to the discovery of admissible evidence. *See United States ex rel. Grubbs v. Kanneganti*, 2012 WL 13094355, at *5 (E.D. Tex. Mar. 12, 2012) ("Discovery in *qui tam* actions must be limited and tailored to the specificity of the complaint."); *Innovation Sciences*, 2020 WL 3288082, at *3 ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery." (cleaned up)); *Millennium Mktg. Grp., LLC v. United States*, 2008 WL 4461999, at *4 (S.D. Tex. Sept. 29, 2008) ("Courts have also recognized that 'the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied as to allow fishing expeditions in discovery.'" (citation omitted)).

For example, a court in the Eastern District of Texas recently denied a plaintiff's motion to compel production of *all* the defendant's training documents on the ground that it was overbroad. *See Nava v. Allstate Texas Lloyds*, 2021 WL 7906872, at *8 (E.D. Tex. July 14, 2021). The court concluded that the plaintiff's request should have been limited to training documents that concerned "training specifically designed for claims-handling" in a case where the plaintiff alleged mishandling of an insurance claim. *Id.* Relator's sweeping request for all documents that concern Texas or Louisiana Medicaid in any way is likewise not tailored to the Medicaid claims-handling allegations in this case.

Accordingly, and consistent with the Rules, PPFA objected to the scope of the Request, while also committing to a reasonable search for all documents relating to PPFA's alleged knowledge and involvement in the Affiliates' Medicaid claim submissions or the Affiliates' receipt and/or retention of Medicaid reimbursements.[1]  *See Heller v. City of Dallas*, 303 F.R.D. 466, 488

---

[1] To the extent Relator claims a broad right to discovery concerning "PPFA's knowledge of violations of Texas and/or Louisiana Medicaid rules, regulations, and medical and ethical standards," Mot. at 5, the legal authority is to the contrary. *See United States v. Ed. Mgmt. LLC*, 2013 WL 3854453, at *8 (W.D. Pa. May 14, 2013) ("[A] *qui tam* action is not a roving commission which may investigate any alleged wrongdoing."). Relator may only seek discovery related to the

(N.D. Tex. 2014) ("If a discovery request is overbroad, the responding party must . . . explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to."). Specifically, PPFA agreed to produce any non-privileged documents and communications that concern (1) the Affiliates' submission of Medicaid claims; (2) the Affiliates' receipt of Medicaid payments; or (3) the actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid.[2] *See* Mot. Ex. B [DE 120–3] at 9–10.

Relator has never explained why PPFA's scope of production is insufficient, and "'a party claiming that a request is important to resolve the issues [in the case] should be able to explain the ways in which the underlying information bears on the issues.'" *Carr v. State Farm Mutual Auto. Ins. Co.*, 312 F.R.D. 459, 467 (N.D. Tex. 2015) (citation omitted); *see also McPherson*, 2014 WL 12596464, at *2 (denying motion to compel overbroad document requests where "[p]laintiffs were given ample opportunity to narrow their requests and to outline the specific type of documents they were seeking but failed to do so"). Indeed, the Motion—just like Relator during the meet-and-confer process—fails to identify a single category of relevant documents not captured by PPFA's Response. The Motion should be denied on that basis alone.

But the Motion is also inadequate because it is wholly unnecessary in view of the parties' meet-and-confer on these issues. On July 11, 2022, PPFA made clear that PPFA is willing to

---

specific violations asserted in the Complaint. *See Grubbs*, 2012 WL 13094355, at * 5; *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2009) ("[D]iscovery in *qui tam* actions must be limited and tailored to the specificity of the complaint. . . . [T]he right of action granted private citizens to bring *qui tam* actions on behalf of the United States is quite limited.").

[2] Although PPFA understands that its Response can be read to suggest that PPFA is only producing communications that were exchanged between PPFA and the Affiliates, counsel for PPFA clarified and confirmed during the meet-and-confer that PPFA will also produce internal PPFA communications that bear on these issues.

6

consider an expansion of the scope of its production (including additional custodians) if, after reviewing PPFA's initial production, Relator specifically identifies any other categories of relevant documents that should be collected and produced. *See Carr*, 312 F.R.D. at 467 ("'The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" (citation omitted)). Notably, counsel for Relator seemed satisfied with that approach during the parties' meet-and-confer.

Given PPFA's commitment to work with Relator, and Relator's inability to specifically identify any additional categories of relevant documents that PPFA must produce, the Motion should be denied. "[D]iscovery does have 'ultimate and necessary boundaries,'" and there is simply no good reason to compel PPFA to collect and produce every single document or communication, created over the past twelve years, that in any way, to any extent, or for any reason concerns Texas or Louisiana Medicaid. *Performance Pricing, Inc. v. Google Inc.*, 2009 WL 2832353, at *2 (E.D. Tex. Aug. 31, 2009) (citation omitted).

### B.   Second Requests for Production Nos. 2 & 3:  Documents Relating to the Affiliates

Relator charts a similar course with respect to RFP Nos. 2 and 3 in Relator's Second Requests for Production by broadly requesting that PPFA produce any documents or communications concerning PPFA's "affiliation" or "relationship" with the Affiliates. Again, PPFA objected to the scope of Relator's requests as overbroad and unduly burdensome because the request would facially require PPFA to produce *every single* document or communication that PPFA *ever* exchanged with or about the Affiliates *over a twelve-year period*. *See* Mot. Ex. D [DE 120–5] at 7–9. That is because every communication between PPFA and an Affiliate would seemingly bear on the parties' "affiliation" or "relationship," as would all PPFA's internal communications concerning any Affiliate issues. PPFA thus objected to the scope of the Requests

7

and instead agreed to produce a more tailored set of documents and communications relevant to the claims and defenses in this action.

To address Relator's request for documents concerning PPFA's "affiliation" with the Affiliates, PPFA agreed to produce (1) all the accreditation-application materials and other accreditation documents for all the Affiliates over a twelve-year period (2010 to present), and (2) all non-privileged communications related to the Affiliates' accreditation during that same time period that could be located after a reasonable search. *See id*. at 7. As for Relator's request for documents concerning PPFA's "relationship" with the Affiliates, PPFA further agreed to produce (1) all 2010-to-present PPFA bylaws, and any business-associate agreements, contracts for services, and revenue-sharing documents between PPFA and the Affiliates for that same twelve-year period (2010 to present), and (2) all non-privileged PPFA communications with the Affiliates that relate to or reflect PPFA alleged control[3] over the Affiliates' submission of Medicaid claims, receipt of Medicaid payments, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid, that could be located after a reasonable search. *See id*. at 8–9.

Aside from the blanket and unspecified assertion that PPFA should be required to produce all documents that could potentially be encompassed by the Requests, Relator again fails to address PPFA's objections concerning overbreadth and proportionality, as he is required to do. *See Kleppinger v. Tex. Dep't of Trans*., 2012 WL 12893652, at *2 (S.D. Tex. Mar. 12, 2012) ("[I]f the request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request."). Relator does not

---

[3] PPFA disputes that it exercises any control over the Affiliates' Medicaid claim submissions or reimbursements but is treating any documents that could potentially reflect coordination or input regarding these issues between PPFA and each of the respective Affiliates as responsive to the Request.

8

explain why the collection and production of every PPFA document that concerns, or was exchanged with, the Affiliates is relevant to the claims in this case or proportional to the needs of this case. Nor does Relator even attempt to demonstrate that PPFA's approach would fail to capture any particular type or category of relevant documents. *See Heaney*, 2010 WL 56068, at *1 (plaintiff did not sustain burden on motion to compel where "[p]laintiff [] failed to address any of Defendant's specific objections to Plaintiff's discovery request" and "simply request[ed] that the Court order Defendant to fully respond to all of the Requests for Production"); *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, 2013 WL 12124309, at *2 (N.D. Tex. Aug. 30, 2013) (denying motion because "[p]laintiff has not made the required showing that [] additional information is relevant" in seeking to compel defendant to produce additional documents in response to overbroad discovery requests).

To be sure, if he could articulate a basis for challenging PPFA's proposed production as too narrow, Relator presumably would have done so during the parties' meet-and-confer and in the Motion to this Court. But he did not, because he cannot. Counsel for PPFA, moreover, has already committed to working with Relator's counsel on the Requests to the extent Relator believes, after reviewing PPFA's initial production, that there are additional categories of relevant documents that should be collected, reviewed, and produced. But compelling PPFA to collect and produce *every* document and communication concerning its "affiliation" and "relationship" with the Affiliates over the past twelve years makes no sense in the context of this case. *See Carr*, 312 F.R.D. at 468 ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case."). The Court should deny the Motion in favor of the approach to which the parties already agreed during their July 11 meet-and-confer and under the ESI Protocol.

## CONCLUSION

The Requests are facially overbroad and would require a burdensome collection and production of documents and communications that are largely irrelevant to the claims in this case. As stated during the meet-and-confer and herein, PPFA remains willing to work with Relator on identifying any categories of relevant documents not captured by its Responses after Relator reviews PPFA's initial production of documents. To date, however, Relator has not specifically identified *any* relevant omissions from the Responses. Accordingly, PPFA respectfully requests that the Court deny Relator's Motion to Compel.

| | |
|---|---|
| Dated: August 2, 2022 | **O'MELVENY & MYERS LLP**<br><br>*/s/ Danny S. Ashby*<br>DANNY S. ASHBY<br>Texas Bar No. 01370960<br>dashby@omm.com<br>JUSTIN R. CHAPA<br>Texas Bar No. 24074019<br>jchapa@omm.com<br>2501 N. Harwood Street, Suite 1700<br>Dallas, Texas 75201<br>T: (972) 360-1900<br>F: (972) 360-1901<br><br>LEAH GODESKY (*pro hac vice*)<br>lgodesky@omm.com<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, California 90067<br>T: (310) 553-6700<br>F: (310) 246-6779<br><br>**BLACKBURN BROWN LLP**<br><br>RYAN PATRICK BROWN<br>Texas Bar No. 24073967<br>brown@blackburnbrownlaw.com<br>1222 S. Fillmore St.<br>Amarillo, Texas 79101<br>T: (806) 371-8333<br>F: (806) 350-7716<br><br>*Attorneys for Defendant Planned Parenthood Federation of America, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on August 2, 2022, the foregoing *Response to Relator's Motion to Compel* was filed via the Court's CM/ECF system and, therefore, was served electronically on all counsel of record.

*/s/ Danny S. Ashby*
Danny S. Ashby

11