# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF LOUISIANA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| PLANNED PARENTHOOD | § | Civil Action No. 2:21-CV-00022-Z |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH TEXAS, | § | |
| INC., PLANNED PARENTHOOD | § | |
| CAMERON COUNTY, INC., | § | |
| PLANNED PARENTHOOD SAN | § | |
| ANTONIO, INC., | § | |
| | § | |
| Defendants. | § | |

---

## APPENDIX TO STATE OF TEXAS'S OPPOSITION TO AFFILIATE DEFENDANTS' MOTION TO COMPEL TO THE STATE OF TEXAS AND BRIEF IN SUPPORT

---

| Ex | DOCUMENT NAME | APPX. PAGE NO. |
|---|---|---|
| A | Letter to Tirzah Lollar dated 8/3/2022 regarding Discovery Dispute | **Appx. 1-2** |
| B | Proposed Terms | **Appx. 3** |
| C | State of Texas's Objections, Statement of Privileges, and Responses to Defendants' First Set of Requests for Admission | **Appx. 4-41** |
| D | Declaration of Cheryl Fee | **Appx.42-44** |



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 3, 2022

Tirzah Lollar
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington D.C. 20001-3743

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Dear Tirzah:

Thank you for meeting and conferring with Texas by phone on Monday and Tuesday, August 1st and 2nd, regarding your Motion to Compel. As a result of those discussions, and in the spirit of compromise, without waiving our objections or assertions of privilege, and to narrow the issues requiring the Court's intervention, the State's position is as follows:

- **RFPs 3, 9, 10, 11, 12, 15, 16, 17, 18, 24, 33, 34, 35, 38 and 39:** Without waiver of our objections and assertions of privilege, Texas will search for and produce responsive non-privileged documents, if any, from HHSC and HHSC-OIG custodians, from 2011 to present, (or as modified by a shorter time frame as appropriate) using agreed upon search terms.  We will provide you with our list of search terms later today.  We are available to meet and confer with you regarding the list of search terms at your convenience.  As to these RFPs, the Affiliates' motion to compel is moot.

- **RFPs 4, 13, 41, 42, and 43:** Texas has no documents responsive to these requests and will change our response to: "none." As to these RFPs, the Affiliates' motion to compel is moot.

- **RFP 6:**  During our meet & confer you explained that the Affiliates are *only* seeking information allowed by the FRCP regarding experts.  We explained that Texas is complying with its discovery obligations under the FRCP as to experts.  As to this RFP, the Affiliates' motion to compel is moot.

- **RFPs 36 and 37:** Relator's counsel confirmed that they are responding to these requests, and as you stated, you do not need this produced twice.  Accordingly, we understand the Affiliates are standing down on their motion to compel with respect to these RFPs.

Appx._1

Tirzah Lollar
August 3, 2022
Page 2

- **RFPs 14, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, and 45:** Texas is standing on our objections, and assertions of privilege, and will not search for or produce responsive documents.

- **Interrogatories 4, 5, 6, 7, 9, 14, and 15**: Without waiving our objections and assertions of privilege, Texas will provide an amended response. As to these interrogatories, PPFA's motion to compel is moot.

- **Interrogatories 2, 8, 10, 11, 12, 13, 16, 17, and 18:** Texas is standing on our objections, and assertions of privilege, and will not answer these interrogatories.

The foregoing offers to compromise should not be construed as Texas agreeing that any documents produced, or interrogatory responses provided, are relevant or otherwise admissible at trial or for use in any way in this litigation. As always, we are open to further discussions to help alleviate the need for the Court's involvement in this or any future discovery dispute.

Sincerely,

*/s/ Raymond C. Winter*
Raymond Charles Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:   Amy Hilton
      Christopher Hilton
      Andrew Stephens
      Christian Sheehan
      Christopher Odell
      Craig Margolis
      Danny Ashby
      Heather Hacker
      Justin Chapa
      Leah Godesky
      Paula Ramer
      Ryan Brown

Appx._2

| | Proposed Terms |
|---|---|
| 1 | PPFA |
| 2 | PPGC |
| 3 | PPGT |
| 4 | PPST |
| 5 | PPCC |
| 6 | PPSA |
| 7 | PPH |
| 8 | Planned w/5 Parenthood |
| 9 | (provider* OR Medicaid) AND (terminat* OR dismiss* OR Repay* OR Refund* OR Overpay* OR Recoup* OR Reimburse* OR status OR unqualif* OR participat*) AND (planned w/5 parenthood) |
| 10 | "Center for Medical Progress" OR CMP |
| 11 | fetal w/5 tissue w/5 procurement |
| 12 | "Texas Ranger*"  AND (planned w/5 parenthood) |
| 13 | (media* OR journalist* OR reporter*) AND (planned w/5 parenthood) |
| 14 | (injunc* OR TRO OR "Temporary Restraining Order") AND (planned w/5 parenthood) |
| 15 | (Louisiana) AND (Planned w/5 Parenthood OR provider* OR Medicaid) AND (terminat* OR dismiss* OR Repay* OR Refund* OR Overpay* OR Recoup* OR Reimburse* OR status) |
| 16 | Congress AND ("Center for Medical Progress" OR Video*) AND (planned w/5 parenthood) |
| 17 | Relator AND (planned w/5 parenthood) |
| 18 | *[Relator's Name]* |
| 19 | "Grace Period" AND (planned w/5 parenthood) |
| 20 | "free choice of provider" |
| 21 | ("81 Fed Reg" OR "81 FedReg" OR "81 FR") AND (7653 OR 7658) |
| 22 | "Reporting and Returning of Overpayments" |
| 23 | "9:09-cv-124" |
| 24 | "4:12-cv-03505" |
| 25 | 1269599* OR 2164360* OR 2164345* OR 2187189* OR 2815037* OR 2815060* OR 2178055* OR 1126104* OR 0834095* OR 3035461* OR 0615007* OR 3944530* OR 1272197* OR 2999112* OR 3154965* OR 3150484* OR 3147803* OR 3159170* OR 3159402* OR 3148587* OR 3159394* OR 1769523* OR 0613655* OR 1272189* OR 1364812* OR 1122699* OR 0189623* OR 0840589* OR 1131914* OR 1474009* OR 0929424* OR 1373391* OR 2109696* OR 3353781* OR 2120669* OR 2100489* OR 2121964* OR 2096414* OR 2103566* OR 3960692* OR 2866873* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF LOUISIANA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH TEXAS, | § | |
| INC., PLANNED PARENTHOOD | § | |
| CAMERON COUNTY, INC., | § | |
| PLANNED PARENTHOOD SAN | § | |
| ANTONIO, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

# STATE OF TEXAS'S OBJECTIONS, STATEMENTS OF
# PRIVILEGES, AND RESPONSES TO DEFENDANTS' FIRST SET
# OF REQUESTS FOR ADMISSION

The State of Texas serves these Objections, Statements of Privileges, and Responses to Defendants' First Set of Requests for Admission.

## OBJECTIONS AND RESERVATIONS

1. The State objects to the Requests for Admission (RFAs) where they exceed the limitations imposed by Federal Rule of Civil Procedure (FRCP) 36, other FRCPs, or elsewhere. The State will respond to the RFAs in accordance with FRCP 36, other FRCPs and Rules, and applicable law.

2. The State objects to the RFAs where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions.

3. The State objects to the RFAs where they seek information not within the State's possession, custody, or control.

4. The State objects to the RFAs where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5. The State objects to the RFAs where they are not properly limited to an appropriate time period. Answering RFAs outside of the specified time period will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1).

6. The responses made at this time are without prejudice to the State's rights to amend or supplement its responses as appropriate under FRCP 36(b) or other rules or law.

7. By answering these RFAs, the State does not concede the relevance or admissibility of the answers, or of any documents, materials, or information. The State further does not waive, but instead, expressly preserves, the objections here.

8. The State incorporates by reference the Objections above into the responses set forth below. The failure to repeat any of the Objections above does not waive any Objection to the specific RFA.

9. The State intends to not produce documents which are privileged under the attorney-client privilege or work-product protection. Any production of

2

documents which are privileged under the attorney-client privilege or work-product protection is inadvertent under Federal Rule of Evidence 502.

10.    The State reserves its rights to object under Texas Government Code 402.004 to any Response to these RFAs – or to any response to discovery – being used in this suit, either at trial, in hearings, or otherwise. Texas Government Code 402.004 reads: "An admission, agreement, or waiver made by the attorney general in an action or suit to which the state is a party does not prejudice the rights of the state."

Appx._6

## OBJECTIONS TO DEFENDANTS' DEFINITIONS

1.      **Defendants' Definition 1.** Defendants' definition and use of the terms "Texas," "you," and "your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Requests for Admission (RFAs) with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any RFA with the terms as defined by Defendants exceed the scope of the specific claims and issues in this case and therefore makes those RFAs objectionable. The Attorney General of Texas brings this suit on behalf of the Texas Medicaid program, which is part of the Texas Health and Human Services Commission ("HHSC"). In this suit, the plaintiff, the "State," does not represent any other agency, office, division, program, commission, board, department, administrator, department of the Texas Government, or individuals. Where Defendants use those terms and overbroad definitions of the terms to seek information that is beyond the possession and reasonable control of the Office of the Attorney General as counsel for the HHSC; beyond the possession and reasonable control of the HHSC; or beyond the possession and reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies, the State requests that Defendants show cause as to why such information should be provided. Until such cause is shown, the State will only provide responses to Requests for Admission on behalf of the Texas Medicaid Program and within the reasonable control of the Office of the Attorney General as counsel for the HHSC; within the reasonable control of the HHSC; or within the reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies. The State further objects to this definition to the extent its use in a Request for Admission seeks information protected by the attorney-client or work product privileges.

2.      **Defendants' Definition 23.** Defendants' definition of the term "documents" is overly broad, vague, and answering RFAs with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law; including but not limited to, for example, adding "any other tangible thing of whatever nature" to the definition of "documents." The State will interpret the term "documents" consistent with FRCP 34 and other applicable FRCPs, rules, and law.

4

3.    **Defendants' Definition 24.** Defendants' definition of the terms "related to," "relating to," and "concerning" is overly broad, vague, and answering RFAs with that definition would be unduly burdensome. Defendants' definition of the terms includes these unlimited descriptions: "involving in any way whatsoever the subject matter of the request" and "A document may 'relate to' or [sic.] an individual or entity without specifically mentioning or discussing that individual or entity by name." The State will interpret the terms "related to," "relating to," and "concerning" consistent with applicable FRCPs, rules, law, and common usage.

4.    **Defendants Definition 25 and 27.** Defendants' definitions of the terms "communication" and "communications" are overly broad, vague, and answering RFAs with those definition would be unduly burdensome. Defendants' definitions of the terms include "all oral. . . expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons." The State will interpret the terms "communication" and communications" consistent with applicable FRCPs, rules, law, and common usage.

The State is ready to confer or attempt to confer, in good faith, to resolve any disputes related to these responses.

5

## OBJECTIONS TO DEFENDANTS' INSTRUCTIONS

1.      The State objects to all of Defendants' Instructions which exceed the requirements of FRCP 36, or other applicable Rules or law. The State will answer these RFAs as required by FRCP 36, and other applicable Rules and law.

2.      The State objects to all uses by Defendants of a Time Period which is irrelevant to the claims in this case.

6

# REQUESTS FOR ADMISSION

1.    Admit that the Texas Health and Human Services Commission is the Texas state entity with responsibility for administering Texas Medicaid.

**ANSWER: ADMIT**

2.    Admit that the Texas Health and Human Services Commission has the exclusive authority to initiate administrative proceedings to recoup amounts paid under Texas Medicaid.

**ANSWER: DENY**

3.    Admit that the Texas Health and Human Services Commission has the exclusive authority to impose sanctions for violations of Texas Medicaid requirements.

**ANSWER: DENY**

4.    Admit that the Texas Health and Human Services Commission has the exclusive authority to impose penalties for violations of Texas Medicaid requirements.

**ANSWER: DENY**

5.    Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider on the basis that the provider violated the generally accepted medical standards that you contend that Planned Parenthood Gulf Coast, Planned Parenthood of Greater Texas, Planned Parenthood of North Texas, Planned Parenthood San Antonio, Planned Parenthood South Texas Surgical Center, and Planned Parenthood Association of Cameron and Willacy County violated as described in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C.

**ANSWER:  DENY**

6.    Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider based on the provider's "willingness" to engage in potential future misconduct, absent findings or

7

allegations by the Texas Health and Human Service Commission Office of Inspector General that the provider has actually ever engaged in such misconduct.

**ANSWER:  DENY**

7.      Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider based on the provider's "willingness" to engage in potential unethical medical practices, absent findings or allegations by the Texas Health and Human Service Commission Office of Inspector General that the provider has actually ever engaged in such unethical medical practices.

**ANSWER: DENY**

8.      Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider based on the provider's "policy of agreeing to" engage in potential future misconduct, absent findings or allegations by the Texas Health and Human Service Commission Office of Inspector General that the provider has actually ever engaged in such misconduct.

**ANSWER: DENY**

9.      Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider based on the provider's "policy of agreeing to" engage in potential unethical medical practices, absent findings or allegations by the Texas Health and Human Service Commission Office of Inspector General that the provider has actually ever engaged in such unethical medical practices.

**ANSWER: DENY**

10.     Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider on the basis that the provider "follows a policy of agreeing to procure fetal tissue, potentially for valuable consideration, even if it means altering the timing or method of abortion."

**ANSWER: DENY**

11.    Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider on the basis that the provider was "affiliated with a person who commits a program violation" under 1 Tex. Admin. Code Sec. 371.1703(c)(7).

**ANSWER: DENY**

12.    Admit that the Texas Health and Human Services Commission has never terminated a Texas Medicaid Provider on the basis that the provider shares "common identifying information" with a provider who committed a program violation as "common identifying information" is used in the Final Notice of Termination of Enrollment dated December 20, 2016. Relator's Compl. [Dkt. 2] Ex. C.

**ANSWER: DENY**

13.    Admit that no qualified medical expert reviewed the Texas Health and Human Service Commission Office of Inspector General's investigative findings prior to Texas Health and Human Service Commission's termination of Planned Parenthood Gulf Coast, Inc. from Texas Medicaid.

**ANSWER: DENY**

14.    Admit that no qualified medical expert reviewed the Texas Health and Human Service Commission Office of Inspector General's investigative findings prior to Texas Health and Human Service Commission's termination of Planned Parenthood of Greater Texas, Inc. from Texas Medicaid.

**ANSWER: DENY**

15.    Admit that no qualified medical expert reviewed the Texas Health and Human Service Commission Office of Inspector General's investigative findings prior to Texas Health and Human Service Commission's termination of Planned Parenthood of South Texas, Inc. from Texas Medicaid.

**ANSWER: DENY**

16.    Admit that no qualified medical expert reviewed the Texas Health and Human Service Commission Office of Inspector General's investigative

9

findings prior to Texas Health and Human Service Commission's termination of Planned Parenthood Cameron County, Inc. from Texas Medicaid.

**ANSWER: DENY**

17.    Admit that no qualified medical expert reviewed the Texas Health and Human Service Commission Office of Inspector General's investigative findings prior to Texas Health and Human Service Commission's termination of Planned Parenthood San Antonio, Inc. from Texas Medicaid.

**ANSWER: DENY**

18.    Admit that the Texas Health and Human Services Commission was aware of the Fifth Circuit's November 2020 decision in *Planned Parenthood of Greater Texas v. Kauffman*, 981 F.3d 347 (5th Cir. 2020), no later than December 2020.

**ANSWER: ADMIT**

19.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Gulf Coast, Inc. repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: DENY**

20.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of Greater Texas, Inc. repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15- cv-1058.

**ANSWER: DENY**

21.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of South Texas, Inc. repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15- cv-1058.

10

**ANSWER: DENY**

22.     Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Cameron County, Inc. repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15- cv-1058.

**ANSWER: DENY**

23.     Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood San Antonio, Inc. repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: DENY**

24.     Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Gulf Coast, Inc. under Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

25.     Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of Greater Texas, Inc. under Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

11

26.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of South Texas, Inc. under Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

27.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Cameron County, Inc. under Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

28.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood San Antonio, Inc. under Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

29.    Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Gulf Coast, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

12

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

30.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of Greater Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

31.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of South Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

32.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Cameron County, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

33.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood San Antonio, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the

13

injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

34.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood Gulf Coast, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15- cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

35.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood of Greater Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

36.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood of South Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

14

37.    Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood Cameron County, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

38.    Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood San Antonio, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced injunction, but DENY any other implications beyond that.**

39.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Gulf Coast, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood Gulf Coast, Inc. The State lacks sufficient knowledge to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

40.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of Greater Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District

15

Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood of Greater Texas, Inc. The State lacks sufficient knowledge to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

41.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of South Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER:  CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood of South Texas, Inc. The State lacks sufficient knowledge to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

42.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Cameron County, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER:  CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood Cameron County, Inc. The State lacks sufficient knowledge to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

16

43.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood San Antonio, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the injunctions entered by the U.S. District Court for the Western District of Texas in *Planned Parenthood of Greater Texas v. Traylor*, No. 1:15-cv-1058.

**ANSWER:  CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood San Antonio, Inc. The State lacks sufficient knowledge to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

44.    Admit that the Grace Period allowed Planned Parenthood Gulf Coast, Inc. to continue to submit reimbursement requests to Texas Medicaid through February 3, 2021.

**ANSWER: ADMIT that Planned Parenthood Gulf Coast, Inc. submitted reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period, allowing Medicaid clients with Defendants to find alternate providers, but DENY any further implication that Planned Parenthood Gulf Coast, Inc.'s submission of reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period was otherwise "allowed" or authorized during the "Grace Period," or at any other time.**

45.    Admit that the Grace Period allowed Planned Parenthood of Greater Texas, Inc. to continue to submit reimbursement requests to Texas Medicaid through February 3, 2021.

**ANSWER: ADMIT that Planned Parenthood of Greater Texas, Inc. submitted reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period, allowing Medicaid clients with Defendants to find alternate providers, but DENY any further implication that Planned Parenthood of Greater Texas, Inc.'s submission of reimbursement requests to Texas Medicaid for Texas**

17

**Medicaid Services delivered during the Grace Period was otherwise "allowed" or authorized during the "Grace Period," or at any other time.**

46.     Admit that the Grace Period allowed Planned Parenthood of South Texas, Inc. to continue to submit reimbursement requests to Texas Medicaid through February 3, 2021.

**ANSWER: ADMIT that Planned Parenthood of South Texas, Inc. submitted reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period allowing Medicaid clients with Defendants to find alternate providers, but DENY any further implication that Planned Parenthood of South Texas, Inc.'s submission of reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period was otherwise "allowed" or authorized during the "Grace Period," or at any other time.**

47.     Admit that the Grace Period allowed Planned Parenthood Cameron County, Inc. to continue to submit reimbursement requests to Texas Medicaid through February 3, 2021.

**ANSWER: ADMIT that Planned Parenthood Cameron County, Inc. submitted reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period, allowing Medicaid clients with Defendants to find alternate providers, but DENY any further implication that Planned Parenthood Cameron County, Inc.'s submission of reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period was otherwise "allowed" or authorized during the "Grace Period," or at any other time.**

48.     Admit that the Grace Period allowed Planned Parenthood San Antonio, Inc. to continue to submit reimbursement requests to Texas Medicaid through February 3, 2021.

**ANSWER: ADMIT that Planned Parenthood San Antonio, Inc. submitted reimbursement requests to Texas Medicaid for Texas Medicaid Services delivered during the Grace Period, allowing Medicaid clients with Defendants to find alternate providers, but DENY any further implication that Planned Parenthood San Antonio, Inc.'s submission of reimbursement requests to Texas Medicaid for Texas**

Appx._21

**Medicaid Services delivered during the Grace Period was otherwise "allowed" or authorized during the "Grace Period," or at any other time.**

49.    Admit that at no time between January 4, 2021 and February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood Gulf Coast, Inc. that it would be required to repay amounts received during the Grace Period.

**ANSWER: DENY**

50.    Admit that at no time between January 4, 2021 and February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood of Greater Texas, Inc. that it would be required to repay amounts received during the Grace Period.

**ANSWER: DENY**

51.    Admit that at no time between January 4, 2021 and February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood of South Texas, Inc. that it would be required to repay amounts received during the Grace Period.

**ANSWER: DENY**

52.    Admit that at no time between January 4, 2021 and February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood Cameron County, Inc. that it would be required to repay amounts received during the Grace Period.

**ANSWER: DENY**

53.    Admit that at no time between January 4, 2021 and February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood San Antonio, Inc. that it would be required to repay amounts received during the Grace Period.

**ANSWER: DENY**

54.    Admit that at no time prior to February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood Gulf Coast, Inc.

19

that it would be required to repay amounts received for services provided on or before February 3, 2021.

**ANSWER: DENY**

55.    Admit that at no time prior to February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood of Greater Texas, Inc. that it would be required to repay amounts received for services provided on or before February 3, 2021.

**ANSWER: DENY**

56.    Admit that at no time prior to February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood of South Texas, Inc. that it would be required to repay amounts received for services provided on or before February 3, 2021.

**ANSWER: DENY**

57.    Admit that at no time prior to February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood Cameron County, Inc. that it would be required to repay amounts received for services provided on or before February 3, 2021.

**ANSWER: DENY**

58.    Admit that at no time prior to February 3, 2021 did the Texas Health and Human Services Commission tell Planned Parenthood San Antonio, Inc. that it would be required to repay amounts received for services provided on or before February 3, 2021.

**ANSWER: DENY**

59.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Gulf Coast, Inc. repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: DENY**

Appx._23

60.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of Greater Texas, Inc. repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: DENY**

61.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of South Texas, Inc. repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: DENY**

62.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Cameron County, Inc. repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: DENY**

63.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood San Antonio, Inc. repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: DENY**

64.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Gulf Coast, Inc. under Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas do not seek to recover Texas Medicaid amounts paid to Planned Parenthood Gulf Coast, Inc. for services provided during the Grace Period.**

65.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of Greater Texas, Inc. under Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas do not seek to recover Texas Medicaid amounts paid to Planned Parenthood of Greater Texas, Inc. for services provided during the Grace Period.**

21

66.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of South Texas, Inc. under Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas do not seek to recover Texas Medicaid amounts paid to Planned Parenthood of South Texas, Inc. for services provided during the Grace Period.**

67.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Cameron County, Inc. under Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas do not seek to recover Texas Medicaid amounts paid to Planned Parenthood Cameron County, Inc. for services provided during the Grace Period.**

68.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood San Antonio, Inc. under Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas do not seek to recover Texas Medicaid amounts paid to Planned Parenthood San Antonio, Inc. for services provided during the Grace Period.**

69.    Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Gulf Coast, Inc for its submission of reimbursement requests to Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas did not impose sanctions on Planned Parenthood Gulf Coast, Inc. for services provided during the Grace Period.**

70.    Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of Greater Texas, Inc for its submission of reimbursement requests to Texas Medicaid during the Grace Period.

22

**ANSWER: ADMIT that HHSC and Texas did not impose sanctions on Planned Parenthood of Greater Texas, Inc. for services provided during the Grace Period.**

71.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of South Texas, Inc for its submission of reimbursement requests to Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas did not impose sanctions on Planned Parenthood of South Texas, Inc. for services provided during the Grace Period.**

72.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Cameron County, Inc for its submission of reimbursement requests to Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas did not impose sanctions on Planned Parenthood Cameron County, Inc. for services provided during the Grace Period.**

73.     Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood San Antonio, Inc for its submission of reimbursement requests to Texas Medicaid during the Grace Period.

**ANSWER: ADMIT that HHSC and Texas did not impose sanctions on Planned Parenthood San Antonio, Inc. for services provided during the Grace Period.**

74.     Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Gulf Coast, Inc. was required to repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood Gulf Coast, Inc. The State lacks knowledge sufficient to either admit or deny this RFA because the**

23

information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.

75.     Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of Greater Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood of Greater Texas, Inc. The State lacks knowledge sufficient to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

76.     Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of South Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood of South Texas, Inc. The State lacks knowledge sufficient to admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

77.     Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Cameron County, Inc. was required to repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood Cameron County, Inc. The State lacks knowledge sufficient to either admit or deny this RFA because the**

24

**information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

78.    Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood San Antonio, Inc. was required to repay the amounts it received from Texas Medicaid during the Grace Period.

**ANSWER: CANNOT TRUTHFULLY ADMIT OR DENY. Counsel for the State of Texas does not represent all "Texas entities" and therefore cannot speak for them or what positions all "Texas entities" publicly took concerning Planned Parenthood San Antonio, Inc. The State lacks knowledge sufficient to either admit or deny this RFA because the information the State knows or can readily obtain is insufficient to enable the State to truthfully admit or deny this RFA.**

79.    Admit that Texas Health and Human Services Commission issued a notice to Texas Medicaid Managed Care Organizations in January 2021 that "[a]s of January 4, 202[1], Planned Parenthood of North Texas, Planned Parenthood of South Texas and Planned Parenthood of Gulf Coast have been terminated as providers in Texas Medicaid" and that there would "be a 30-day grace period (until February 3, 2021) provided to ensure that their current Medicaid clients [could] be transitioned to new providers."

**ANSWER: ADMIT**

80.    Admit that prior to January 2021, Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood Gulf Coast, Inc. had been terminated from Texas Medicaid.

**ANSWER: DENY**

81.    Admit that Health and Human Services Commission never provided notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of Greater Texas, Inc. has been terminated from Texas Medicaid.

**ANSWER: DENY**

Appx._28

82.   Admit that prior to January 2021, Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of Greater Texas, Inc. had been terminated from Texas Medicaid.

**ANSWER: DENY**

83.   Admit that prior to January 2021, Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of South Texas, Inc. had been terminated from Texas Medicaid.

**ANSWER: DENY**

84.   Admit that prior to January 2021, Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood Cameron County, Inc. had been terminated from Texas Medicaid.

**ANSWER: DENY**

85.   Admit that prior to January 2021, Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood San Antonio, Inc. had been terminated from Texas Medicaid.

**ANSWER: DENY**

86.   Admit that prior to January 4, 2021, a Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood Gulf Coast, Inc. could no longer accept new Medicaid clients.

**ANSWER: DENY**

87.   Admit that Texas Health and Human Services Commission has never provided notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of Greater Texas, Inc. can no longer accept new Medicaid clients.

**ANSWER: DENY**

26

88.    Admit that prior to January 4, 2021, a Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of Greater Texas, Inc. could no longer accept new Medicaid clients.

**ANSWER: DENY**

89.    Admit that prior to January 4, 2021, a Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood of South Texas, Inc. could no longer accept new Medicaid clients.

**ANSWER: DENY**

90.    Admit that prior to January 4, 2021, a Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood Cameron County, Inc. could no longer accept new Medicaid clients.

**ANSWER: DENY**

91.    Admit that prior to January 4, 2021, a Texas Health and Human Services Commission provided no notice to Texas Medicaid Managed Care Organizations that Planned Parenthood San Antonio, Inc. could no longer accept new Medicaid clients.

**ANSWER: DENY**

92.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Gulf Coast, Inc. repay the amounts it received during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc.*, No. D-1-GN-21-000528.

**ANSWER: DENY**

93.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of Greater Texas, Inc. repay the amounts

27

it received during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

94.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood of South Texas, Inc. repay the amounts it received during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

95.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood Cameron County, Inc. repay the amounts it received during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

96.    Admit that the Texas Health and Human Services Commission never requested that Planned Parenthood San Antonio, Inc. repay the amounts it received during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

97.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Gulf Coast, Inc. under Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

28

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

98.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of Greater Texas, Inc. under Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

99.    Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood of South Texas, Inc. under Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

100.   Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned Parenthood Cameron County, Inc. under Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

101.   Admit that the Texas Health and Human Services Commission never initiated administrative proceedings to recoup the amounts paid to Planned

Appx._32

Parenthood San Antonio, Inc. under Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

102.   Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Gulf Coast, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

103.   Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of Greater Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

104.   Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood of South Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

30

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

105.    Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood Cameron County, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

106.    Admit that the Texas Health and Human Services Commission did not impose sanctions on Planned Parenthood San Antonio, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

107.    Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood Gulf Coast, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

108.    Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood of Greater Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the

31

Appx._34

pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

109.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood of South Texas, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

110.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood Cameron County, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

111.   Admit that the Texas Health and Human Services Commission did not impose penalties on Planned Parenthood San Antonio, Inc. for its submission of reimbursement requests to Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: ADMIT that HHSC was prevented from pursuing this action or other actions during the referenced restraining orders, but DENY any other implications beyond that.**

Appx._35

112.   Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Gulf Coast, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

113.   Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of Greater Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

114.   Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood of South Texas, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

115.   Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood Cameron County, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

Appx._36

116.   Admit that prior to the filing of your Complaint in Intervention, no Texas entity publicly took the position that Planned Parenthood San Antonio, Inc. was required to repay the amounts it received from Texas Medicaid during the pendency of the temporary restraining orders entered by the Travis County District Court in *In re Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc*., No. D-1-GN-21-000528.

**ANSWER: DENY**

117.   Admit that the Texas Health and Human Services Commission has never requested that a Medicaid provider repay amounts received under a federal court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: DENY**

118.   Admit that the Texas Health and Human Services Commission has never requested that a Medicaid provider repay amounts received under a state court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: DENY**

119.   Admit that the Texas Health and Human Services Commission has never initiated administrative recoupment proceedings to recover amounts paid to a Medicaid provider under a federal court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: ADMIT that injunctions may temporarily prevent HHSC from taking such action, but DENY any implications beyond that.**

120.   Admit that the Texas Health and Human Services Commission has never initiated administrative recoupment proceedings to recover amounts paid to a Medicaid provider under a state court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: ADMIT that injunctions may temporarily prevent HHSC from taking such action, but DENY any implications beyond that.**

121.   Admit that Texas has never brought a Texas Medicaid Fraud Prevention Act action based on alleged failure to repay funds received under a federal court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: DENY**

122.   Admit that Texas has never brought a Texas Medicaid Fraud Prevention Act action based on alleged failure to repay funds received under a state court injunction prohibiting the provider's termination from Texas Medicaid.

**ANSWER: DENY**

123.   Admit that Planned Parenthood Gulf Coast, Inc. did not submit Medicaid reimbursement requests to Texas Medicaid for services provided after March 12, 2021.

**ANSWER: ADMIT**

124.   Admit that Planned Parenthood of Greater Texas, Inc. did not submit Medicaid reimbursement requests to Texas Medicaid for services provided after March 12, 2021.

**ANSWER: ADMIT**

125.   Admit that Planned Parenthood of South Texas, Inc. did not submit Medicaid reimbursement requests to Texas Medicaid for services provided after March 12, 2021.

**ANSWER: ADMIT**

126.   Admit that Planned Parenthood Cameron County, Inc. never submitted Medicaid reimbursement requests to Texas Medicaid.

**ANSWER:  DENY**

127.   Admit that Planned Parenthood San Antonio, Inc. never submitted Medicaid reimbursement requests to Texas Medicaid.

**ANSWER: DENY**

Appx._38

128.   Admit that Planned Parenthood Cameron County has never submitted a reimbursement request to Texas Medicaid.

**ANSWER: DENY**

129.   Admit that Planned Parenthood San Antonio has never submitted a reimbursement request to Texas Medicaid.

**ANSWER: DENY**

Appx._39

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

37

## CERTIFICATE OF SERVICE

I hereby certify that on **July 5, 2022**, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Christian Sheehan     christian.sheehan@arnoldporter.com

Christopher Mohr Odell     christopher.odell@arnoldporter.com

Craig D Margolis     craig.margolis@arnoldporter.com

Danny S Ashby     dashby@omm.com

Justin Roel Chapa     jchapa@omm.com

Leah Godesky     lgodesky@omm.com

Ryan Patrick Brown     brown@blackburnbrownlaw.com

Tirzah Lollar     tirzah.lollar@arnoldporter.com

*/s/ Raymond Charles Winter*

**Raymond Charles Winter**

38

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH TEXAS,<br>INC., PLANNED PARENTHOOD<br>CAMERON COUNTY, INC.,<br>PLANNED PARENTHOOD SAN<br>ANTONIO, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 2:21-CV-00022-Z |

**DECLARATION OF CHERYL FEE IN SUPPORT OF
STATE OF TEXAS'S RESPONSE TO AFFILIATE
DEFENDANTS' MOTION TO COMPEL THE STATE OF TEXAS**

I, Cheryl Fee, declare as follows:

1. I am the Case Manager for the Chief Counsel Division within the Texas Health and Human Services Commission Office of Inspector General ("HHSC-OIG"). I have held this position for approximately ten (10) years. In this capacity, among many other duties, I am responsible for collecting, maintaining and reporting information related to Texas Medicaid terminations.

1

Appx. 42

CamScanner

2. I have reviewed Discovery Requests by the Planned Parenthood Affiliate Defendants ("PPA") in the case of *U.S. ex. rel. Doe, Texas, and Louisiana v. Planned Parenthood Federation of America, Inc., et al.* including the Interrogatories propounded by PPA.

3. Providing a complete response to certain of PPA's Interrogatories as written would be unduly burdensome for HHSC-OIG given their substance and the time frame given (from 2010 to the present).

4. As just one example, PPA Interrogatory 12 reads:

> 12. Identify every Texas Medicaid provider that Texas has terminated from Texas Medicaid from 2010 to the present. Your response should state the name of the provider, the reason(s) for the termination, the date of the termination, whether Texas requested or required repayment of any Texas Medicaid dollars that had been paid to the provider, and the amounts the provider returned, if any.

5. PPA Interrogatory 12 provides no limitations with regard to type of provider, type of termination, or reason for termination.

6. Title 1 of the Texas Administrative Code Section 371.1 (86) defines "Terminated" as the following:

> (A) with respect to a Medicaid or CHIP provider, the revocation of the billing provider's Medicaid or CHIP billing privileges after the provider has exhausted all applicable appeal rights or the timeline for appeal has expired; and

> (B) with respect to a Medicare provider, supplier, or eligible professional, the revocation of the provider's, supplier's, or eligible professional's Medicare billing privileges after the provider, supplier, or eligible professional has exhausted all applicable appeal rights or the timeline for appeal has expired.

7. We do not maintain data in a form that readily captures all elements of Interrogatory 12.

8. Due to the span of the time frame of the request, some potentially responsive information will likely no longer be in existence due to HHSC-OIG retention policies.



9. It is unduly burdensome for HHSC-OIG to provide an answer to this Interrogatory as written due to the breadth of the request.  HHSC-OIG would be required to accumulate, investigate, and report on all of the requested categories of information for all terminations.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2022

Cheryl Fee,
Case Manager

Texas Health and Human Services Commission-Office of the Inspector General

Appx._44