IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**RELATOR'S RESPONSE TO PLANNED PARENTHOOD FEDERATION OF AMERICA'S MOTION TO COMPEL**

Relator Alex Doe files this Response to Defendant Planned Parenthood Federation of America, Inc.'s ("PPFA") Motion to Compel to Relator (Dkt. 131) and respectfully requests the Court deny PPFA's motion.

PPFA moved to dismiss the claims against it on the ground that it does not directly participate in Texas and Louisiana Medicaid and cannot be held liable for the actions and alleged violations by the PPFA Affiliates. The Court denied PPFA's motion to dismiss. Plaintiffs' claims against PPFA are based on allegations that PPFA exercises significant oversight and control over the business and operations of the PPFA Affiliates, including their enrollment and participation in Medicaid, and can therefore be held liable for violations of the False Claims Act, Texas Medicaid Fraud Prevention Act, and Louisiana Medical Assistance Program Integrity Law. Relator served discovery requests on PPFA aimed at PPFA's control, oversight, participation, and knowledge of the PPFA Affiliates business and operations, including Texas and Louisiana Medicaid.

PPFA responded by serving broad discovery requests on Relator, despite PPFA having custody or control of highly relevant information and documents concerning it own extensive control and oversight of the PPFA Affiliates that it is refusing to produce. Relator responded and objected to much of PPFA's discovery and PPFA filed a motion to compel.

Relator stands on its objections to PPFA's discovery. However, in an effort to resolve this discovery dispute and to move the case to trial without delay and with all parties having full and fair discovery, Relator is producing every document and communication in Relator's possession, custody or control concerning Relator's investigation of PPFA, the PPFA Affiliates, and the claims alleged in this lawsuit. In other words, with the exception of a small number of documents that are being

reviewed and may be withheld for privilege, Relator is producing every document and communication that has anything to do with the claims alleged in this lawsuit, including everything that PPFA has requested. More specifically, Relator is producing approximately 10,000 documents and emails, comprising nearly 40,000 pages. These documents and emails are everything that Relator has concerning Relator's investigation and the claims alleged in this lawsuit.

In response to PPFA's complaints about Relator's interrogatory responses, Relator is providing supplemental responses setting forth additional facts and information that should resolve PPFA's concerns without involving the court.[1] If and when Relator identifies any additional responsive documents or information through further investigation or discovery, Relator will again supplement Relator's responses with that information.

Accordingly, Relator respectfully requests that the court deny PPFA's motion to compel.[2]

                                        Respectfully submitted.

                                        /s/ Andrew B. Stephens
                                        Andrew B. Stephens
                                        Texas Bar No. 24079396
                                        Heather Gebelin Hacker
                                        Texas Bar No. 24103325

---

[1] PPFA's argument that it cannot easily identify relevant documents in the trial record from the prior termination litigation strains credulity. The PPFA Affiliates were represented by Jennifer Sandman, one of PPFA's two most senior litigators, at every stage of that prior litigation. Ms. Sandman was lead trial counsel and argued the case twice to the Fifth Circuit Court of Appeals. If PPFA's new lawyers need to know more about the record from that prior litigation, they can simply ask PPFA.

[2] For the reasons set forth in Relator's Motion to Compel (Dkt. 120) and forthcoming Reply in support of Relator's Motion to Compel, Relator has also requested that the Court order PPFA to produce all documents in its possession, custody or control concerning Medicaid, Texas Medicaid and Louisiana Medicaid.

                                                   HACKER STEPHENS LLP
                                                   108 Wild Basin Road South, Suite 250
                                                   Austin, Texas 78746
                                                   (512) 399-3022
                                                   andrew@hackerstephens.com
                                                   heather@hackerstephens.com

                                                   **Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Andrew B. Stephens
Andrew B. Stephens