# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § |
| Defendants. | § § |

Civil Action No. 2:21-CV-00022-Z

---

## APPENDIX TO STATE OF TEXAS'S OPPOSITION TO DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S MOTION TO COMPEL TO THE STATE OF TEXAS AND BRIEF IN SUPPORT

---

| Ex | DOCUMENT NAME | APPX. PAGE NO. |
|---|---|---|
| A | Declaration of G. Cisneros | **Appx. 1-3** |
| B | Letter to Danny S. Ashby dated 08-03-2022 regarding Meet & Confer | **Appx. 4-5** |
| C | Search Terms | **Appx. 6** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF LOUISIANA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH TEXAS, | § | |
| INC., PLANNED PARENTHOOD | § | |
| CAMERON COUNTY, INC., | § | |
| PLANNED PARENTHOOD SAN | § | |
| ANTONIO, INC., | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF GENE CISNEROS IN SUPPORT OF
STATE OF TEXAS'S RESPONSE TO AFFILIATE
DEFENDANTS' MOTION TO COMPEL THE STATE OF TEXAS**

I, Gene Cisneros, declare as follows:

1. I am the E-discovery Administrator for the Texas Health and Human Services Commission ("HHSC"). I have been with the agency for 7 years and I have a total of 25 years in the litigation support arena. In this capacity, among many other duties, I am responsible for assisting the Litigation Department, Legal Services Division, with the production of discovery propounded to HHSC.

2. Through the HHSC Litigation Department, I have been made aware of the Discovery Requests by all Defendants in the case of *U.S. ex. rel. Doe, Texas, and Louisiana v. Planned Parenthood*

1

*Federation of America, Inc., et al*. including the Requests for Production, Interrogatories and Requests for Admission propounded by the Affiliate Defendants ("PPA"), as well as the Requests for Production and Interrogatories propounded by Planned Parenthood Federation of America ("PPFA").

3. HHSC employs approximately 32,733 people.  From the plain wording of many of the Defendants' Requests for Production —including the stated time frame going back to 2010, and the definitions of "you," "your," "Texas," (which refers not only to HHSC, but to every branch of the Texas government), "relate to," "related to," and "relating to," and "concerning,"— for HHSC to respond to the discovery requests as written could require a search of the email boxes of hundreds of current and former employees from HHSC who worked in areas related to the Medicaid program. However, the broadest reading of Defendants' discovery requests could require expansion of those searches to potentially thousands more HHSC employees outside of Medicaid who communicate with the HHSC employees working in Medicaid-related areas.

4.  Depending on the search terms run, using the time frame and definitions given in Defendants' discovery, and the custodians identified, millions of potential emails and other documents, will be flagged as potentially responsive to Defendants' request. After such documents were gathered, they would require further review by HHSC counsel for privileges relating to HHSC's work, including deliberative process and attorney client privilege, before provision to the Texas Attorney General's Office for further review for relevance and privileges pertaining to this litigation.

5.  At the request of the Litigation Department, and in response to the very broadly written discovery requests summarized above, I conducted a search across the HHSC enterprise, of all employee and agency organization email boxes, with the following search conditions:

> **Search conditions**
>
> "Planned Parenthood" (c:s) Termination (c:s) Medicaid
> Date Range Searched: 2020-11-01 thru 2021-04-30

These are the results of that search:

> **Search Results**
>
> The search yielded 15,190,659 item(s) (13.83 TB)

I used these results to extrapolate an estimate of the time and cost to review 1,000,000 documents of the 15,000,000 that were found. If we use as an example 1 (One) million documents, with 4 (four) employees reviewing an estimated 100 documents per hour, 4 (four) hours a day, it will require a total of 625 Full Time Employee (FTE) Work Days to review these 1 Million documents.

2

I swear under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2022

Gene Cisneros
Digitally signed by Gene
Cisneros
Date: 2022.08.10 14:28:56
-05'00'

_____

Gene Cisneros,
E-discovery Administrator
Texas Health and Human Services Commission

3



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 3, 2022

Danny S. Ashby
O'Melveny & Meyers LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201

Re:    Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Dear Danny,

Thank you for meeting and conferring with Texas by phone on Monday and Tuesday, August 1st and 2nd, regarding your Motion to Compel. As a result of those discussions, and in the spirit of compromise, without waiving our objections or assertions of privilege, and to narrow the issues requiring the Court's intervention, the State's position is as follows:

- **RFPs 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, and 20:** Without waiver of our objections and assertions of privilege, Texas will search for and produce responsive non-privileged documents, if any, from HHSC and HHSC-OIG custodians, from 2011 to present, (or as modified by a shorter time frame as appropriate) using agreed upon search terms.  We will provide you with our list of search terms later today.  We are available to meet and confer with you regarding the list of search terms at your convenience.  As to these RFPs, PPFA's motion to compel is moot.

- **RFPs 1 and 2:** Texas has no documents responsive to these requests and will change our response to: "none." As to these RFPs, PPFA's motion to compel is moot.

- **RFPs 10, 11, and 12:**  Texas is standing on our objections, and assertions of privilege, and will not search for or produce responsive documents.

- **Interrogatories 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, and 13**: Without waiving our objections and assertions of privilege, Texas will provide an amended response. As to these interrogatories, PPFA's motion to compel is moot.

Appx._004

Danny Ashby
August 3, 2022
Page 2

- **Interrogatories 4 and 5:** Texas is standing on our objections, and assertions of privilege, and will not answer these interrogatories.

The foregoing offers to compromise should not be construed as Texas agreeing that any documents produced, or interrogatory responses provided, are relevant or otherwise admissible at trial or for use in any way in this litigation. As always, we are open to further discussions to help alleviate the need for the Court's involvement in this or any future discovery dispute.

Sincerely,

*/s/ Raymond C. Winter*

Raymond Charles Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:    Amy Hilton
       Christopher Hilton
       Tirzah Lollar
       Andrew Stephens
       Christian Sheehan
       Christopher Odell
       Craig Margolis
       Heather Hacker
       Justin Chapa
       Leah Godesky
       Paula Ramer
       Ryan Brown

Appx._005

|  | Proposed Terms |
|---|---|
| 1 | PPFA |
| 2 | PPGC |
| 3 | PPGT |
| 4 | PPST |
| 5 | PPCC |
| 6 | PPSA |
| 7 | PPH |
| 8 | Planned w/5 Parenthood |
| 9 | (provider* OR Medicaid) AND (terminat* OR dismiss* OR Repay* OR Refund* OR Overpay* OR Recoup* OR Reimburse* OR status OR unqualif* OR participat*) AND (planned w/5 parenthood) |
| 10 | "Center for Medical Progress" OR CMP |
| 11 | fetal w/5 tissue w/5 procurement |
| 12 | "Texas Ranger*"  AND (planned w/5 parenthood) |
| 13 | (media* OR journalist* OR reporter*) AND (planned w/5 parenthood) |
| 14 | (injunc* OR TRO OR "Temporary Restraining Order") AND (planned w/5 parenthood) |
| 15 | (Louisiana) AND (Planned w/5 Parenthood OR provider* OR Medicaid) AND (terminat* OR dismiss* OR Repay* OR Refund* OR Overpay* OR Recoup* OR Reimburse* OR status) |
| 16 | Congress AND ("Center for Medical Progress" OR Video*) AND (planned w/5 parenthood) |
| 17 | Relator AND (planned w/5 parenthood) |
| 18 | *[Relator's Name]* |
| 19 | "Grace Period" AND (planned w/5 parenthood) |
| 20 | "free choice of provider" |
| 21 | ("81 Fed Reg" OR "81 FedReg" OR "81 FR") AND (7653 OR 7658) |
| 22 | "Reporting and Returning of Overpayments" |
| 23 | "9:09-cv-124" |
| 24 | "4:12-cv-03505" |
| 25 | 1269599* OR 2164360* OR 2164345* OR 2187189* OR 2815037* OR 2815060* OR 2178055* OR 1126104* OR 0834095* OR 3035461* OR 0615007* OR 3944530* OR 1272197* OR 2999112* OR 3154965* OR 3150484* OR 3147803* OR 3159170* OR 3159402* OR 3148587* OR 3159394* OR 1769523* OR 0613655* OR 1272189* OR 1364812* OR 1122699* OR 0189623* OR 0840589* OR 1131914* OR 1474009* OR 0929424* OR 1373391* OR 2109696* OR 3353781* OR 2120669* OR 2100489* OR 2121964* OR 2096414* OR 2103566* OR 3960692* OR 2866873* |