IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF TEXAS, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF LOUISIANA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> PLANNED PARENTHOOD § <br> FEDERATION OF AMERICA, INC., § <br> PLANNED PARENTHOOD GULF § <br> COAST, INC., PLANNED § <br> PARENTHOOD OF GREATER § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD SOUTH § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD CAMERON § <br> COUNTY, INC., PLANNED § <br> PARENTHOOD SAN ANTONIO, § <br> INC., § <br> § <br> Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF DEFENDANTS' MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, TO STAY**

Defendants waited seven months to request that this lawsuit be transferred to another District Court, after this Court's decisions denying Defendants' Motions to Dismiss and Motion for Reconsideration, months into discovery, and after filing and

1

briefing several important discovery motions in this Court. Despite Defendants' inexcusable delay in filing a motion to transfer venue, Defendants now request an expedited briefing schedule and expedited consideration of their motion. Plaintiffs request that this Court deny Defendants' Motion to Expedite, Dkt. 144, so that Plaintiffs' response is due within 21 days of Defendants' motion, in accordance with Local Rule 7.1. Plaintiffs do not oppose Defendants' request to file their reply in support of Defendants' Motion to Transfer Venue within 7 days after Plaintiffs file their response. Plaintiffs also request that this Court deny Defendants' alternative request to stay the proceedings.

Motions to transfer venue must be filed with "reasonable promptness." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3844, at 335–37). Defendants' motion comes seven months after this lawsuit was unsealed, after this Court denied Defendants' Motions to Dismiss and Motion for Reconsideration, and months into the discovery period under the Court's Amended Scheduling Order. The discovery process is well underway: the parties have served numerous discovery requests and responses; produced thousands of documents; responded to hundreds of interrogatories and requests for admission; engaged in significant discovery-related motions practice, including negotiating and briefing a comprehensive protective order for the production of discovery materials, as well as an ESI agreement governing electronic discovery; and have filed several motions to compel which are pending in

this Court.[1] Briefing on Relator's Motion to Compel, Dkt. 120, will be completed today and a decision on the motion will significantly advance this case toward trial. "Defendants offer no reason for the delay in moving for a change of venue," despite having ample opportunity to file such motion. *F.T.C. v. Multinet Marketing, LLC*, 959 F. Supp. 394, 395 (N.D. Tex. 1997). "A change of venue now is likely to upset the discovery and trial schedule and waste judicial resources." *Id.* at 395-96.

Defendants did not object to venue in the multiple motions to dismiss they filed. Dkt. 45, 47, 49, 51. Defendants did not object to venue in their motion to stay discovery, Dkt. 58, nor did they object to venue in their various motions for extensions of time. Dkt. 35, 74, 107. Defendants also did not object to venue in their Answer to Relator's Complaint or the State of Texas's Complaint. Dkt. 80, 81. Nor did Defendants object to venue in the parties' Joint Proposed Scheduling Order. Dkt. 56. And Defendants did not communicate any venue objection or venue concerns to counsel for Relator or the State of Texas until August 12, 2022, the day that Defendants filed their motion. As will be explained in Plaintiffs' response in opposition to Defendants' motion, these factors counsel against Defendants' Motion to Transfer Venue and this Motion to Expedite. *See Multinet Marketing, LLC*, 959 F. Supp. at 395 (denying motion to transfer venue in similar circumstances, where

---

[1] *See* Dkt. 120 (Relator's Motion to Compel PPFA's Discovery Responses), Dkt. 127 (PPFA Affiliates' Motion to Compel the State of Texas), Dkt. 131 (PPFA's Motion to Compel Relator). Dkt. 132 (PPFA's Motion to Compel the State of Texas), Dkt. 134 (Affiliate Defendants' Motion to Compel Relator).

Defendants "waited nearly seven months" after the start of the action and "failed to raise venue objections in their Answer" or in a Joint Status Report).

In any event, adhering to this Court's standard briefing schedule will not prejudice Defendants given their already substantial delay. But Relator and the State of Texas will be prejudiced if required to respond to Defendants' meritless and dilatory Motion to Transfer Venue—which includes a 362-page Appendix consisting of 46 Exhibits and many declarations—within only 14 days, especially given that the parties are neck deep in discovery deadlines and briefing on the pending motions to compel. Allowing the normal 21 days for Plaintiffs to file their response in opposition to Defendants' motion will provide Plaintiffs' counsel sufficient time to respond to the motion and for the Court to rule on the pending discovery motions, including Relator's Motion to Compel Discovery, Dkt. 120, without delay or extension of the current deadlines in the Amended Scheduling Order. Because Plaintiffs do not oppose Defendants' request to file their reply in support of Defendants' Motion to Transfer Venue within 7 days of Plaintiffs filing their response, Plaintiffs' request to file their response within the normal 21 days will add only 7 days to the schedule proposed by Defendants (and is 7 days *shorter* than this Court's ordinary briefing schedule). This schedule will still allow for prompt resolution of Defendants' motion. Plaintiffs thus request that the Court deny Defendants' Motion to Expedite.

This Court should also deny Defendants' alternative request to stay proceedings pending resolution on their Motion to Transfer Venue. The parties have already expended considerable resources conducting discovery, engaging in

4

discovery-related motions practice, and briefing the pending motions to compel. Staying the proceedings at this point will delay discovery and inevitably lead to Defendants requesting yet another extension of the deadlines set forth in the Amended Scheduling Order, including the trial date.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

5

AMY SNOW HILTON
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

MICHAEL MOORE
Assistant Attorney General
Civil Medicaid Fraud Division
State Bar No. 24102236

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for The State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens
Andrew B. Stephens
