IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**RELATORS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY RESPONSES**

Relator Alex Doe files this reply in support of its Motion to Compel Discovery (the "Motion"). Dkt. 120. For the reasons set forth in the Motion, Relator respectfully requests the Court enter an order compelling Defendant Planned Parenthood Federation of America, Inc. ("PPFA") to produce within ten (10) days all documents

1

in PPFA's possession, custody, or control concerning (i) Texas Medicaid, (ii) Louisiana Medicaid, and/or (iii) PPFA's support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements concerning the Texas and/or Louisiana PPFA Affiliates.

## INTRODUCTION

PPFA makes three arguments in its Opposition to the Motion. Dkt. 136. First, PPFA claims that the Motion mischaracterizes PPFA's position during a July 11 meet and confer and that the Motion is therefore premature. *Id.* at 2-3, 6-7. Second, PPFA argues that Relator's discovery requests are "facially overbroad," "unduly burdensome," and not "proportional" to the claims and defenses in this lawsuit. *Id.* at 3, 4-5, 7-8. Third, PPFA claims that, because it has agreed to produce a few limited categories of documents, Relator cannot move to compel the production of all additional responsive documents until after Relator has reviewed PPFA's production and specifically identified documents that PPFA withheld from the production and should be required to produce. *Id.* at 6, 8-9. Each of these arguments fails and the Court should enter an order compelling PPFA to produce all requested documents in PPFA's possession, custody or control within ten (10) days. *See* Dkt. 120-1.

# ARGUMENT

**A.   Relator's Motion is not premature because it was filed after PPFA refused to agree to produce all documents that are responsive to the discovery requests.**

Relator's Motion accurately states that at the July 11 meet and confer, "PPFA's counsel would not agree to produce all requested documents and communications in PPFA's possession, custody or control." Dkt. 120 at 3.[1] Relator filed the Motion on July 12 after PPFA refused to agree to produce all documents in its possession, custody and control that are responsive to Relator's requests. There is no basis for PPFA's argument that the Motion is premature.

**B.   PPFA's argument that Relator's discovery requests are "facially overbroad," "unduly burdensome," and not "proportional" is meritless.**

PPFA argues that Relator's discovery requests are facially overbroad, unduly burdensome, and not proportional to the claims and defenses in the case. Dkt. 136 at 4. However, PPFA mischaracterizes Relator's claims and fails to respond to

---

[1] Relator's counsel sent PPFA's counsel a list of questions to discuss at the meet and confer, including questions addressing the specific discovery requests and responses that are the subject of this Motion:

> RFP Nos. 7-8: Will PPFA produce documents and communications in its possession, custody or control concerning Texas Medicaid and Louisiana Medicaid, without the limitations set forth in PPFA's responses to these Requests? […]
>
> RFP Nos. 1-2: Will PPFA produce documents and communications in its possession, custody or control concerning agreements and affiliation with PPFA, other than the four specific types of documents listed in your response to Request No. 1 and the two categories listed in your response to Request No. 2? […]
>
> RFP No. 3: Will PPFA produce documents in its possession, custody or control other than the four specific categories listed in the first bullet point of your response to this Request and the accreditation documents listed in the second bullet point of your response to this Request? Is PPFA standing [on] the objection/limitations in the third bullet point?

*See* Exh. A.

significant parts of the Motion. For example, the Motion explains that Relator is entitled to discovery of all non-privileged documents in PPFA's possession, custody or control concerning Texas Medicaid and/or Louisiana Medicaid because those documents may be used at trial to prove (1) PPFA's role in the PPFA Affiliates' enrollment and participation in Texas Medicaid and/or Louisiana Medicaid; (2) PPFA's knowledge of violations of Texas and/or Louisiana Medicaid rules, regulations, and Medicaid and ethical standards, including the obligation to repay the government Medicaid funds received from Texas Medicaid and/or Louisiana Medicaid; (3) the PPFA Affiliates' knowledge of the obligation to repay the government any overpayment of Medicaid funds; (4) internal PPFA documents and communications demonstrating that PPFA does not act as a separate entity concerning the PPFA Affiliates' participation in Texas Medicaid and/or Louisiana Medicaid; and (5) the financial implications for PPFA and the PPFA Affiliates arising from participation in Texas Medicaid and/or Louisiana Medicaid. Dkt. 120 at 4-5.

PPFA also ignores the Court's orders denying PPFA's and the PPFA Affiliates' Motions to Dismiss and Motions for Reconsideration. The Court held that Relator sufficiently pled facts attributing liability to PPFA stemming from the PPFA Affiliates' actions, including Relator's allegations that "PPFA provides significant monetary support to these affiliates as well as other types of support and control, such as directives, marketing, communications, standards, policies, and accreditation for affiliates providing medical care, insurance coverage, legal counsel and representation, and direct support for the provision of healthcare services." Dkt. 71

4

at 19. Based on those allegations and the Court's orders on the Motions to Dismiss, the Motion seeks an order compelling PPFA to produce all documents in PPFA's possession, custody or control concerning the PPFA Affiliates' affiliation with PPFA, and PPFA's "support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements" concerning the PPFA Affiliates. The Motion explains that these documents are relevant and may be used at trial to prove (1) that PPFA directs and controls the business and operations of the PPFA Affiliates; (2) PPFA exercises significant oversight of the activities of the PPFA Affiliates; (3) PPFA requires the PPFA Affiliates to provide certain medical practices and participate in certain government programs; (4) PPFA requires the PPFA Affiliates to comply with standards and guidelines promulgated and enforced by PPFA; and (5) the significant financial relationship between PPFA and the PPFA Affiliates.

PPFA asserts that it would be unduly burdensome for PPFA to collect, review and produce all of the documents that are the subject of the Motion. Dkt. 136 at 4. But PPFA does not offer any facts or information to support its assertion regarding undue burden. For example, PPFA does not identify the number of individual custodians with responsive documents, the estimated number of documents PPFA would be required to collect, review and produce, and PPFA does not provide any

information regarding the estimated time and cost of complying with the discovery Relator seeks. Moreover, PPFA cannot plausibly contend that it does not exercise control, oversight or direction of the PPFA Affiliates, while also claiming that it will be unduly burdened if required to produce documents in response to Relator's discovery requests. If the requested documents are in PPFA's possession, custody or control, those documents are relevant to PPFA's control, oversight and direction of the PPFA Affiliates. If PPFA does not have any such documents in its possession, custody or control, then it is not unduly burdened by Relator's discovery requests.

Finally, Relator's discovery requests are proportional to the needs of this case for several reasons. First, this case involves millions of dollars of Medicaid funds and substantial potential civil monetary penalties. PPFA and the PPFA Affiliates have described this case as involving "couldn't-be-higher stakes" and "staggering claims." Dkt. 118 at 2. Relator's discovery requests seeking PPFA's documents concerning Texas and/or Louisiana Medicaid are proportional to the nature of this case involving substantial Medicaid funds and the amount potential liability and civil penalties at stake. Second, PPFA has served Relator with broad discovery requesting that Realtor produce essentially every document in Relator's possession, custody or control concerning or relating in any way to PPFA, the PPFA Affiliates, Relator's investigation of PPFA and the PPFA Affiliates, and the allegations in Relator's Complaint. PPFA filed a motion to compel asking the Court to order Relator to produce the documents PPFA requested. Dkt. 131. In order to resolve PPFA's motion without court intervention, and to move this case to trial with full and fair discovery,

6

Relator agreed to produce all non-privileged documents requested by PPFA. Dkt. 140. Relator anticipates completing its production of documents within the next seven to ten days. An order compelling PPFA to produce all documents responsive to Relator's discovery requests is proportional to the discovery that PPFA has requested from Relator.

**C.   There is no basis for PPFA's claim that Relator must review PPFA's limited document production and provide PPFA or the Cout with additional information before moving to compel PPFA to produce all responsive documents.**

PPFA claims that Relator cannot move to compel PPFA to produce all responsive documents until after Relator has reviewed PPFA's limited document production and "specifically identifies any other categories of relevant documents that should be collected and produced." Dkt. 136 at 6-7. PPFA does not cite any authority for this implausible argument. Relator is not required to specifically identify documents or categories of documents that may have been withheld or that should have been collected or produced. Relator is entitled to full and complete responses to its discovery requests, including all responsive documents in PPFA's possession, custody or control.

## CONCLUSION

Relator respectfully requests the Court grant the Motion and Compel PPFA to provide full and complete responses to Relator's First Requests for Production and Relator's Second Requests for Production, and to produce to Relator all requested non-privileged documents in PPFA's possession custody or control within ten (10) days.

Respectfully submitted.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 16, 2022, this document was electronically filed and served via the Court's CM/ECF system.

                                    /s/ Andrew B. Stephens
                                    Andrew B. Stephens