# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § § | |
| Defendants. | § | |

## RELATOR'S RESPONSE TO PLANNED PARENTHOOD GULF COAST'S
## MOTION TO COMPEL

Relator Alex Doe files this Response to Defendant Planned Parenthood Gulf Coast's ("PPGC") Motion to Compel (Dkt. 134) and respectfully requests that the Court deny PPGC's motion.

## INTRODUCTION

PPGC served discovery requests on Relator requesting all of Relator's documents and information concerning PPGC, PPFA, PPFA Affiliates, and the claims and allegations in Relator's Complaint. Relator timely responded and objected to PPGC's discovery requests. On July 25, 2022, PPGC's counsel and Relator's counsel met and conferred regarding Relator's responses and objections. After the conference, PPGC filed its Motion to Compel seeking an order "(1) compelling full and complete responses to PPGC's interrogatories and requests for production, (2) requiring that Relator follow a reliable, generally acceptable method for identifying, collecting, and producing responsive documents, and (3) requiring that Relator verify [Relator's][1] interrogatory responses." Dkt. 135 at 5-6. PPGC is not entitled to the requested relief for the following reasons: (1) Relator has already agreed to produce the documents and information PPGC requested; (2) PPGC's request for specific document collection methods is unsupported; and (3) Relator has already agreed to verify Relator's interrogatory responses. Moving to compel documents another party has already agreed to produce is premature and a waste of the parties' and the Court's resources.[2]

---

[1] Relator notes that PPGC repeatedly utilized gendered pronouns for Relator in its filed motion. *Cf.* ECF No. 79.

[2] Notably, this is in stark contrast to PPFA, who claims that Relator's Motion to Compel is "premature," yet still refuses to produce documents Relator requested. *See* ECF No. 147 at 3.

## ARGUMENT

**A.    Relator has complied with Relator's discovery obligations and is producing the documents and information that PPGC has requested.**

PPGC acknowledges that

> [d]uring the [July 25] conference, counsel for Relator indicated that, while Relator objects on the basis of relevance and overbreadth, [Relator] has produced or plans to produce documents responsive to all requests for production. Counsel for Relator said that, notwithstanding [Relator's] objection, Relator will not withhold documents that [Relator] believes are already in the possession of the Defendant.

Dkt. 135 at 4. PPGC also acknowledges that "[c]ounsel for Relator indicated that, while he does not concede that the [interrogatory] responses were insufficient, he intends to supplement his interrogatory responses." *Id*. at 5. And PPGC recognizes that "Relator has indicated that [Relator] intends to provide a privilege log." *Id*. at 10. In other words, Relator has already agreed to produce the documents that PPGC has requested, to provide supplemental interrogatory responses addressing PPGC's concerns, and to produce a privilege log identifying any documents that are withheld on the basis of any privilege.

Relator's counsel has made diligent efforts to review and produce the documents and information that PPGC has requested and to provide the agreed supplemental responses. Since the date PPGC filed its Motion, Relator has produced approximately 10,000 documents and emails, comprising nearly 40,000 pages. Relator's counsel is continuing to review documents and intends to produce every non-privileged document as soon as possible to ensure that the parties have sufficient time to review the documents, take depositions, and complete all discovery by the discovery deadline set forth in the Court's Amended Scheduling Order.

In response to PPGC's complaints about Relator's interrogatory responses, Relator is providing supplemental responses setting forth additional facts and information that should resolve PPGC's concerns. Relator anticipates providing these supplemental responses within the next week and will verify the supplemental responses. If Relator identifies any additional responsive documents and information through further investigation and discovery, Relator will again supplement Relator's responses with that information.

**B.     PPGC cannot compel the use of specific-document collection methods because Relator has complied with discovery obligations and PPGC has not made a specific showing that Relator has omitted any documents from Relator's document production.**

Neither this Court nor the Fifth Circuit require counsel or a forensic specialist to search a client's data for responsive electronically stored information ("ESI"), and Defendant cites no source arguing otherwise. "As a general matter, it is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2021 WL 5176839, at *9 (N.D Tex. Nov. 8, 2021) (cleaned up). This is because "a responding party is best situated to preserve, search, and produce its own electronically stored information." *Id.* at *9 (cleaned up). This "principle is grounded in reason, common sense, procedural rules, and common law, and is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel, and eschewing 'discovery on discovery,' unless a specific deficiency is shown in a party's production." *Id.* (cleaned up).

PPGC asks the Court to order Relator's counsel to collect Relator's entire email inbox and image Relator's computer. Dkt. 135 at 14-15. But this Court has held that "ordering forensic imaging or examination of a computer system or server or other electronic storage device generally requires *a very particular showing.*" *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249 (N.D. Tex. 2016) (emphasis added). If PPGC believes that Relator has abdicated Relator's responsibility to preserve and produce ESI, PPGC would need to "make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed or must point to the existence of additional responsive material," to demonstrate "a specific or material deficiency in the [Realtor's] production to require [Relator] to engage in additional searches or discovery efforts or to obtain 'discovery on discovery' that is both relevant and proportional to the needs of the case[.]" *See VeroBlue Farms*, 2021 WL 5176839, at *9 (cleaned up).[3] PPGC has not even attempted to make such a showing. Instead, PPGC appears to object to *how* Relator has handled the production of ESI. This is improper.

Relator no doubt has a duty to preserve ESI, and Relator has fulfilled that duty. But Relator's counsel is under no duty to collect Relator's entire email inbox or image Relator's computer where Relator has identified and is producing the ESI that

---

[3] *See also Freedman v. Weatherford Int'l Ltd.*, No. 12 Civ. 2121 (LAK) (JCF), 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("In certain circumstances where a party *makes some showing that a producing party's production has been incomplete*, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material.") (emphasis added).

PPGC has requested. PPGC has made no showing that Relator's document production omits any ESI or that Relator has not complied with discovery obligations concerning ESI.

## CONCLUSION

To resolve this discovery dispute and to move this case to trial without delay and with all parties having full and fair discovery, Relator is producing all documents and communications that are responsive to PPGC's discovery requests, as well as providing PPGC with verified supplemental responses to PPGC's interrogatories. Relator has complied with discovery obligations concerning ESI and will produce to PPGC any additional documents or information that is identified through ongoing discovery. Relator respectfully requests that the Court deny PPGC's Motion.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens
Andrew B. Stephens