IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**RELATOR'S MOTION TO COMPEL DISCOVERY RESPONSES**

Relator Alex Doe files this Motion to Compel against Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San

Antonio, Inc. ("PPFA Affiliates"). Relator respectfully requests that the Court enter an order compelling PPFA and the PPFA Affiliates to produce the following documents and communications:

- All documents and communications concerning any employee lists and/or organizational charts of Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., including but not limited to all documents identifying each employee and the employee's position and/or job title, the employee hierarchy, the organizational hierarchy, the chain of command, and/or the lines of organizational communication.

- All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

- All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

- All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

- All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports of program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

- All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

PPFA and the PPFA Affiliates have refused to produce the requested documents and unilaterally imposed limitations on the documents and information that Plaintiffs are entitled to discover in this lawsuit. The documents and information

sought by Plaintiffs goes directly to the allegations against PPFA and the PPFA Affiliates in Relator's Complaint and may be offered at trial by Relator to prove PPFA's and the PPFA Affiliates' liability. The documents also go directly toward defenses that PPFA and the PPFA Affiliates have raised, including whether they have the requisite intent for liability. In light of the parties' agreement to complete all discovery in this case by November 30, 2022, the Court should compel PPFA and the PPFA Affiliates to answer Relator's requests and produce the requested documents and information within ten (10) days.

## DISCOVERY AT ISSUE[1]

On June 16, 2022, Relator served PPFA with Relator's Third Requests for Production. *See* Ex. A. On July 7, 2022, Relator served PPFA with Relator's Fourth Requests for Production. *See* Ex. B. On July 7, 2022, Relator served the PPFA Affiliates with Relator's Third Requests for Production. *See* Ex. C.

PPFA and the PPFA Affiliates timely served objections and responses. *See* Exs. D, E, F. On August 17, 2022, counsel for Relator and PPFA met and conferred regarding PPFA's objections. PPFA's counsel would not agree to produce the requested documents and communications in PPFA's possession, custody, or control. On August 19, 2022, counsel for Relator and the PPFA Affiliates' met and conferred regarding the PPFA Affiliates' objections. The PPFA Affiliates' counsel would not

---

[1] Relator's Third Requests for Production to PPFA are attached as Exhibit A, and PPFA's objections and responses thereto are attached as Exhibit D. Relator's Fourth Requests for Production to PPFA are attached as Exhibit B, and PPFA's objections and responses thereto are attached as Exhibit E. Relator's Third Requests for Production to the PPFA Affiliates are attached as Exhibit C, and the PPFA Affiliates' objections and responses thereto are attached as Exhibit F.

3

agree to produce the requested documents and communications in the PPFA Affiliates' possession, custody, or control. After the conference, counsel for the PPFA Affiliates informed Relator that they plan to serve amended objections and responses to the discovery requests, but did commit to produce any additional documents and did not provide a date when the amended objections and responses would be served. Accordingly, Relator files this Motion to Compel within the 15-day deadline set forth in the Court's Amended Scheduling Order.

## LEGAL STANDARD

Pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling a discovery response against another party when the latter has failed to answer an interrogatory submitted under Rule 33 or failed to produce documents requested under Rule 34. See Fed. R. Civ. P. 37(a)(3)(iii)-(iv). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Fath v. Tex. Dep't of Transp.*, No. 1:16-CV-234-LY, 2016 WL 7442870, at *1 (W.D. Tex. Oct. 19, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). The Court should consider the scope of permissible discovery as defined by Rule 26(b)(1), including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In the event a motion to compel is granted or responses are

provided after filing of said motion, a "court *must* . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

### A. Relator's discovery requests seek documents and information that is relevant and discoverable.

Relator served discovery requests on PPFA and the PPFA Affiliates seeking documents and communications that are relevant, discoverable, and likely to lead to admissible evidence that Relator may use to prove PPFA's and the PPFA Affiliates' liability at trial.

#### 1. PPFA's Organizational Charts[2]

Relator requested that PPFA produce all organizational charts for PPFA from January 1, 2015 to present. *See* Ex. A at 10. More specifically, Relator requested that PPFA produce:

- All documents and communications concerning any employee lists and/or organizational charts of Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., including but not limited to all documents identifying each employee and the employee's position and/or job title, the employee hierarchy, the organizational hierarchy, the chain of command, and/or the lines of organizational communication.

---

[2] *See* Exhibit A at 10 (Request No. 1)

*Id.* Relator further instructed PPFA that "[t]his request is limited to the time period of January 1, 2015 to present. You are to produce all responsive documents, including any and all versions of responsive documents during this time period." *Id.*

PPFA objected to this request and claimed that it does not maintain copies of historical organizational charts and would produce only the most recent version of the organizational chart for PPFA's executive level and for one of PPFA's divisions. *See* Ex. D at 6. It is implausible that PPFA—a billion-dollar company—does not possess copies of past organizational charts in its human resources department or on its computer servers or network. And there is no basis for PPFA to limit its production to the organizational charts for PPFA's executive level and a single division within PPFA. PPFA must produce all organizational charts that are in its possession, custody or control so that Relator can identify the names and job positions of current and former employees of PPFA who may have knowledge or information relevant to the claims and defenses in this lawsuit, as well as each of the divisions of PPFA.

### 2. PPFA's and the PPFA Affiliates' Policies, Practices, Training, Oversight, Audits, and Compliance with Medicaid Rules and Regulations Concerning Health Care Fraud[3]

Relator requested that PPFA and the PPFA Affiliates produce documents and communications concerning PPFA's and the PPFA Affiliates' policies, practices, training, oversight, audits, and compliance with Medicaid rules and regulations, including health care fraud and abuse. *See* Ex. B at 10; Ex. C at 10. More specifically, Relator requested that PPFA and the PPFA Affiliates produce:

---

[3] *See* Exhibit B at 10 (Request Nos. 1, 2, 4, 6); Exhibit C at 10 (Request Nos. 1, 2, 4, 6).

- All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

- All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

- All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

- All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports of program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

*Id.* PPFA and the PPFA Affiliates objected and refused to produce any documents responsive to these requests. *See* Ex. E at 5-10 (Responses to Request Nos. 1, 2, 4, 6); Ex. F at 7-10 (Responses to Request Nos. 1, 2, 4, 6). The requested documents obviously go straight to the heart of Relator's claims under the False Claims Act, Texas Medicaid Fraud Prevention Act, and Louisiana Medical Assistance Program Integrity Law because those claims allege violations of state and federal rules and regulations concerning payments under Medicaid, Texas Medicaid and Louisiana Medicaid. In particular, the requested documents and communications may show PPFA's and/or the PPFA Affiliates' compliance, knowledge, training, and oversight of potential health care fraud and/or violations of the fraud provisions of the relevant Medicaid, Texas Medicaid, and Louisiana Medicaid rules and regulations. This is also directly relevant to PPFA and the PPFA Affiliates' scienter defense.

7

### 3. PPFA's and the PPFA Affiliates' Plans to Increase Medicaid Services or Medicaid Volume[4]

Relator requested that PPFA and the PPFA Affiliates produce documents and communications concerning plans to increase Medicaid services or Medicaid volume. *See* Ex. B at 10-11; Ex. C at 10-11. More specifically, Relator requested that PPFA and the PPFA Affiliates produce the following:

- All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

*Id.* PPFA and the PPFA Affiliates objected and refused to produce any documents responsive to this request. *See* Ex. E at 10 (Response to Request No. 7); Ex. F at 11 (Response to Request No. 7). The requested documents are relevant to Relator's claims because they may show PPFA's and the PPFA Affiliates' plans to obtain additional Medicaid funds and/or increase Medicaid services and Medicaid revenues in Texas and Louisiana, including payments that the PPFA Affiliates received from Texas Medicaid and Louisiana Medicaid that are the subject of this lawsuit. They may also show the extent of oversight and knowledge PPFA has over the PPFA Affiliates' participation in Texas and Louisiana Medicaid, something PPFA has disclaimed.

### B. PPFA's and the PPFA Affiliates' objections are meritless.

PPFA and the PPFA Affiliates object to the discovery requests as overly broad, unduly burdensome, and on the ground that they seek documents that are not relevant to the claims in this lawsuit. There is no basis for the objections. Relator's

---

[4] *See* Ex. B at 10-11 (Request No. 7); Ex. C at 10-11 (Request No. 7).

8

discovery requests are narrowly tailored to PPFA's and the PPFA Affiliates' policies, procedures, oversight, training, compliance, and audits concerning health care fraud, and therefore are not overly broad. PPFA and the PPFA Affiliates also assert that the requests are unduly burdensome, but they provide no information to support that assertion. For example, PPFA and the PPFA Affiliates do not explain the number of custodians who may have responsive documents, the approximate number of documents they would have to collect, review, and produce, or the cost of complying with the request. Finally, PPFA and the PPFA Affiliates object to the requests on the ground that they seek documents that are not relevant to the claims in this lawsuit. The relevance objections are meritless because the requests seek documents and communications concerning PPFA's and the PPFA Affiliates' policies, procedures, oversight and oversight of Medicaid, Texas Medicaid, and Louisiana Medicaid rules and regulations concerning health care fraud and abuse, which may be offered as evidence to prove the alleged violations of the federal False Claims Act, Texas Medicaid Fraud Prevention Act, and Louisiana Medicaid Assistance Program Integrity Law, as well as disprove PPFA and the PPFA Affiliates' defenses of lack of knowledge that they have put at issue.

## CONCLUSION

Based on the foregoing, Relator respectfully requests the Court grant the instant motion and compel PPFA and the PPFA Affiliates to provide full and complete responses to the requests for production that are the subject of this Motion, and to

produce to Relator all requested non-privileged documents in PPFA's and the PPFA Affiliates' possession, custody or control within ten (10) days.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF CONFERENCE

On August 17, 2022, and August 19, 2022, in accordance with Local Rule 7.1(b), counsel for Relator certifies that they conferred with counsel for Defendants regarding the relief requested in this motion. Counsel for PPFA stated that PPFA is opposed to producing the documents that are the subject of this motion to compel. Counsel for the PPFA Affiliates stated that they intend to serve amended objections and responses to Relator's discovery requests but did not agree to produce the documents that are the subject of this motion to compel.

/s/ Andrew B. Stephens<br>
Andrew B. Stephens

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Andrew B. Stephens
Andrew B. Stephens
