# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.*, § § § § *Plaintiffs*, § § v. § § PLANNED PARENTHOOD FEDERATION § OF AMERICA, INC., *et al.*, § § *Defendants.* § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S THIRD REQUESTS FOR PRODUCTION**

To: Defendant Planned Parenthood Federation of America, Inc., c/o Leah Godesky, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 8th Floor, Los Angeles California 90067, Amanda Santella, O'Melvany & Myers LLP, 1625 Eye Street NW, Washington, DC 20006, Danny S. Ashby, Justin R. Chapa, O'Melveny & Myers LLP, 2501 North Harwood Street, Suite 1700, Dallas, Texas 75201, Attorneys for Defendant Planned Parenthood Federation of America, Inc.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator Alex Doe hereby requests that Defendant Planned Parenthood Federation of America, Inc. produce the following documents in accordance with the definitions and instructions set forth below at the office of Hacker Stephens LLP, c/o Andrew B. Stephens, 108 Wild Basin Road South, Suite 250, Austin, Texas 78746, within thirty (30) days after service of same.

1

## INSTRUCTIONS

1. In responding to these document requests, Defendants are required to furnish all responsive documents in their possession, custody, or control, or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them.

2. Each document request shall be responded to separately and fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, Defendants shall state the objection to that portion only and respond to the remainder of the request.

3. If, in responding to these document requests, Defendants claim any ambiguity in a document request, or in a definition or instruction applicable thereto, Defendants shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of their response the language deemed to be ambiguous and the interpretation used in responding to the request.

4. An original or one copy of each responsive document shall be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation, highlighting, underlining, or other marks, or a draft or successive iteration thereof and all modifications thereto, shall constitute a separate document and must be produced, whether or not the original of such document is within Defendants' possession, custody, or control. If the same document exists in both electronic and

non-electronic format, the electronically maintained document must be produced; provided, if the non-electronically maintained document varies in any way from the electronically maintained document as described above, both the electronically maintained and non-electronically maintained documents shall be produced.

5. Documents shall be produced as they are kept in the ordinary course of business.

6. If there are no documents responsive to any particular request, Defendants shall state so in writing.

7. A request for documents includes a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself. Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8. If the documents requested differ from one office, division, or location to another, the requests require production of documents for each office, division, or location.

9. Each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether Defendants consider the entire document to be relevant or responsive to these requests.

10. For any document withheld under a claim of privilege, submit a privilege log that complies with FRCP 26(b)(5)(A) with your response to these requests.

11. These document requests are continuing in nature. Any document obtained, created, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

12. For any document responsive to these requests that has been destroyed, lost, is otherwise unavailable, or is no longer in Defendants' present possession, custody, or control, identify with respect to each document: the author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

13. The relevant time period for these document requests is January 1, 2010, through the time of trial, unless otherwise stated.

14. You are hereby notified that your answers to these discovery requests may be used in evidence upon the trial of this case, or in support of pleadings and motions, or for other purposes.

15. In light of the scheduling order entered by the Court, you are further notified that if you fail to produce the requested documents and information by the deadline set forth above, Relator intends to file a motion to compel and may seek sanctions.

## DEFINITIONS

1. "Concerning" means having any relationship or connection to, relating to, mentioning, comprising, consisting, indicating, describing, reflecting, referring, containing, evidencing, regarding, pertaining to, showing, discussing, considering, connected with, memorializing, commenting on, responding to, addressed to, sent to, modifying, amending, confirming, endorsing, representing, supporting, substantiating, qualifying, negating, refuting, analyzing, consisting, indicating, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request.

2. "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, text messages, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form,

or translated if necessary, by Defendants through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

3. "Communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, text messages, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

4. The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request.

5. "Person" means the plural as well as the singular and includes without limitation natural persons, corporations, firms, associations, unincorporated associations, partnerships, joint ventures, affiliates, trusts, estates, or any other form of organization or legal entity, and any other governmental or non-governmental entity, agency, department, unit, or subdivision thereof.

6. "Defendants" means Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc., together with their current and former parent corporations, affiliates, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, and all representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, or any other person acting or purporting to act on behalf of any of them, including but not limited to any and all persons that provided services to persons enrolled in Texas Medicaid and/or Louisiana Medicaid during the relevant time period at any clinic or other facility owned, operated, leased or managed by any of Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., or any entity in any way associated with Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc.

7. "Statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other record or transcription thereof which is a

substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8. "Texas Medicaid" means the Texas Medicaid Assistance Program implemented by the State of Texas, under the provisions of Title XIX of the Social Security Act.

9. "Louisiana Medicaid" means the Louisiana Medicaid program implemented by the State of Louisiana, under the provisions of Title XIX of the Social Security Act.

10. "Planned Parenthood" means Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc., together with their current and former parent corporations, affiliates, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, and all representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, or any other person acting or purporting to act on behalf of any of them, including but not limited to any and all persons that provided services to persons enrolled in Texas Medicaid and/or Louisiana Medicaid during the relevant time period at any clinic or other facility owned, operated, leased or managed by any of Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron

County, Inc., Planned Parenthood San Antonio, Inc., or any entity in any way associated with Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc.

9

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning any employee lists and/or organizational charts of Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., including but not limited to all documents identifying each employee and the employee's position and/or job title, the employee hierarchy, the organizational hierarchy, the chain of command, and/or the lines of organizational communication.

This request is limited to the time period of January 1, 2015 to present. You are to produce all responsive documents, including any and all versions of responsive documents, during this time period.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

<b>CERTIFICATE OF SERVICE</b>

I hereby certify that on June 16, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens