# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § § | |
| *Defendants*. | § § | |

**RELATOR'S THIRD REQUESTS FOR PRODUCTION**

To: Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., c/o Craig Margolis, Murad Hussain, Tirzah Lollar, Christopher Odell, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001, Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator Alex Doe hereby requests that Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., produce the following documents in accordance with the definitions and instructions set forth below at the office of Hacker Stephens LLP, c/o Andrew B. Stephens, 108 Wild Basin Road South, Suite 250, Austin, Texas 78746, within thirty (30) days after

1

service of same.

## INSTRUCTIONS

1. In responding to these document requests, Defendants are required to furnish all responsive documents in their possession, custody, or control, or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them.

2. Each document request shall be responded to separately and fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, Defendants shall state the objection to that portion only and respond to the remainder of the request.

3. If, in responding to these document requests, Defendants claim any ambiguity in a document request, or in a definition or instruction applicable thereto, Defendants shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of their response the language deemed to be ambiguous and the interpretation used in responding to the request.

4. An original or one copy of each responsive document shall be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation, highlighting, underlining, or other marks, or a draft or successive iteration thereof and all modifications thereto, shall constitute a separate document and must be produced, whether or not the original of such document is within Defendants'

possession, custody, or control. If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced; provided, if the non-electronically maintained document varies in any way from the electronically maintained document as described above, both the electronically maintained and non-electronically maintained documents shall be produced.

5. Documents shall be produced as they are kept in the ordinary course of business.

6. If there are no documents responsive to any particular request, Defendants shall state so in writing.

7. A request for documents includes a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself. Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8. If the documents requested differ from one office, division, or location to another, the requests require production of documents for each office, division, or location.

9. Each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether Defendants consider the entire document to be relevant or responsive to these requests.

10. For any document withheld under a claim of privilege, submit a privilege log that complies with FRCP 26(b)(5)(A) with your response to these requests.

11. These document requests are continuing in nature. Any document obtained, created, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

12. For any document responsive to these requests that has been destroyed, lost, is otherwise unavailable, or is no longer in Defendants' present possession, custody, or control, identify with respect to each document: the author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

13. The relevant time period for these document requests is January 1, 2010, through the time of trial, unless otherwise stated.

14. You are hereby notified that your answers to these discovery requests may be used in evidence upon the trial of this case, or in support of pleadings and motions, or for other purposes.

15. In light of the scheduling order entered by the Court, you are further notified that if you fail to produce the requested documents and information by the deadline set forth above, Relator intends to file a motion to compel and may seek sanctions.

## DEFINITIONS

1. "Concerning" means having any relationship or connection to, relating to, mentioning, comprising, consisting, indicating, describing, reflecting, referring, containing, evidencing, regarding, pertaining to, showing, discussing, considering, connected with, memorializing, commenting on, responding to, addressed to, sent to, modifying, amending, confirming, endorsing, representing, supporting, substantiating, qualifying, negating, refuting, analyzing, consisting, indicating, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request.

2. "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, text messages, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form,

or translated if necessary, by Defendants through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

3. "Communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, text messages, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

4. The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request.

5. "Person" means the plural as well as the singular and includes without limitation natural persons, corporations, firms, associations, unincorporated associations, partnerships, joint ventures, affiliates, trusts, estates, or any other form of organization or legal entity, and any other governmental or non-governmental entity, agency, department, unit, or subdivision thereof.

6. "Defendants" means Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc., together with their current and former parent corporations, affiliates, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, and all representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, or any other person acting or purporting to act on behalf of any of them, including but not limited to any and all persons that provided services to persons enrolled in Texas Medicaid and/or Louisiana Medicaid during the relevant time period at any clinic or other facility owned, operated, leased or managed by any of Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., or any entity in any way associated with Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc.

7. "Statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other record or transcription thereof which is a

substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8. "Medicaid" means the Medicaid program administered by the federal Centers for Medicare & Medicaid Services.

9. "Texas Medicaid" means the Texas Medicaid Assistance Program administered by the State of Texas, under the provisions of Title XIX of the Social Security Act.

10. "Louisiana Medicaid" means the Louisiana Medicaid program administered by the State of Louisiana, under the provisions of Title XIX of the Social Security Act.

11. "Planned Parenthood" means Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc., together with their current and former parent corporations, affiliates, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, and all representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, or any other person acting or purporting to act on behalf of any of them, including but not limited to any and all persons that provided services to persons enrolled in Texas Medicaid and/or Louisiana Medicaid during the relevant time period at any clinic or other facility owned, operated, leased or managed by any of Planned Parenthood Federation of

America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., or any entity in any way associated with Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and/or Planned Parenthood San Antonio, Inc.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning oversight, review, and evaluation of compliance with laws, regulations, and requirements of Medicaid, Texas Medicaid, and Louisiana Medicaid by Planned Parenthood.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning internal audits of services rendered, charges posted, and coding compliance by Planned Parenthood, including but not limited to internal audits of services rendered, charges posted, and coding compliance concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports of program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning plans considered or incorporated by

10

Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning the registration, review, or reports of any research projects, studies, or research-related activities of Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. with Planned Parenthood Federation of America, Inc., including but not limited to all documents and communications concerning the same with the Planned Parenthood Federation of America, Inc. Research Department.

       Respectfully submitted.

       /s/ Andrew B. Stephens
       Andrew B. Stephens
       Texas Bar No. 24079396
       Heather Gebelin Hacker
       Texas Bar No. 24103325
       HACKER STEPHENS LLP
       108 Wild Basin Road South, Suite 250
       Austin, Texas 78746
       (512) 399-3022
       andrew@hackerstephens.com
       heather@hackerstephens.com

       **Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens