# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | Date:    July 18, 2022 |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO RELATOR'S THIRD REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby submits its objections and responses to Relator Alex Doe's ("Relator") Third Requests for Production (collectively, "Requests," and, individually, "Request") as follows:

1

## PRELIMINARY STATEMENT

The following responses to Relator's Requests are based solely on PPFA's knowledge as of the date of these responses and are being provided without prejudice to PPFA's right to produce evidence of any subsequently discovered facts. PPFA reserves the right to supplement and/or amend these responses. No response is an admission regarding relevance or admissibility.

By these responses, PPFA does not intend to waive, and does not waive, in whole or in part, any objection to admitting these responses into evidence. Rather, PPFA intends to preserve, and does preserve, all such objections, including, without limitation, objections based on relevance, foundation, authenticity, or privilege.

## GENERAL OBJECTIONS

In addition to PPFA's specific objections and responses to each Request as provided below, PPFA makes the following general objections to the Requests:

1. Privileged information will not be knowingly disclosed. Any disclosure of privileged information in response to any Request is inadvertent and is not intended to waive any privileges or protections. As provided for in the Court's May 11, 2022, Scheduling Order, Section 6(c), PPFA reserves the right to demand that the Relator return or destroy any privileged information inadvertently produced, including all copies and summaries thereof.

2. PPFA will produce documents based on a good-faith and reasonable review of information sources, document repositories, and custodian records likely to contain responsive, non-privileged documents.

3. PPFA objects to each and every Request to the extent it seeks information that is within the possession, custody, or control of Defendants other than PPFA, entities that PPFA

2

does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

4. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by PPFA as to the validity of any claim against, or defense asserted by, PPFA.

5. PPFA's responses to these Requests do not in any way constitute an adoption of the Relator's purported definitions of words or phrases contained in these Requests, including the definitions more specifically objected to below.

## OBJECTIONS TO DEFINITIONS

1. PPFA objects to Relator's definition of "Concerning" because it would render the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Concerning" to mean directly relating to, directly referring to, directly describing, directly evidencing, or directly constituting, as relevant to the subject matter of the current litigation.

2. PPFA objects to Relator's definition of "Defendants" to the extent it would require PPFA to respond to these Requests on behalf of any other Defendant, entities that PPFA does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

3. PPFA objects to Relator's definitions of "Document" and "Documents" because they would result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Document" and "Documents" according to the definition stated in Federal Rules of Civil Procedure 34(a)(1)(A),

3

i.e., "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." PPFA also objects to Relator's definitions of "Document" and "Documents" to the extent they purport to require the production of "original" copies, identical copies, and/or all versions of a document where it would be unduly burdensome to do so. To the extent that PPFA agrees to conduct a search for electronically stored information, it will search individual custodial email accounts and any shared electronic drive locations likely to contain such documents that may exist.

4. PPFA objects to Relator's definitions of "Communication" and "Communications" as overly broad, unduly burdensome, and oppressive. Relator's definitions would result in a production that is largely irrelevant and not material to the issues in the current litigation. PPFA also objects to Relator's definitions of "Communication" and "Communications" insofar as they purport to call for the production of communications that have not been memorialized or that are not in PPFA's possession, custody, or control.

5. PPFA objects to Relator's definition of "Person" because it renders the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Person" to mean natural persons and legal entities.

6. PPFA objects to Relator's definition of "Planned Parenthood" to the extent the definition implies or asserts that PPFA is part of the same corporate structure as any Planned Parenthood Affiliate and/or to the extent the definition implies or asserts that PPFA exerts any measure of control or direction over Planned Parenthood Gulf Coast, Inc.; Planned Parenthood

4

Greater Texas, Inc.; Planned Parenthood South Texas, Inc.; Planned Parenthood Cameron County, Inc.; Planned Parenthood San Antonio, Inc.; and any or all of their respective representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, representatives, or any other person acting or purporting to act on behalf of the aforementioned entities, which it does not.  PPFA further objects to this definition to the extent it purports to suggest that any of the aforementioned entities is an agent of PPFA or vice versa, which it is not.

## OBJECTIONS TO INSTRUCTIONS

1. As of the date of these Responses, the Court has not entered a Protective Order, and has stayed the parties' discovery obligations pending entry of a Protective Order.  *See* Dkt. 102.  Accordingly, PPFA objects to any Request that calls for PPFA to provide confidential or sensitive documents before entry of an adequate Protective Order.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning any employee lists and/or organizational charts of Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., including but not limited to all documents identifying each employee and the employee's position and/or job title, the employee hierarchy, the organizational hierarchy, the chain of command, and/or the lines of organizational communication.

This request is limited to the time period of January 1, 2015 to present.  You are to produce all responsive documents, including any and all versions of responsive documents, during this time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a seven-year period without regard to whether such documents and communications have to do with the parties' claims and defenses in this case. In addition, PPFA objects to this Request to the extent it (i) seeks information from PPFA more properly sought from other Defendants, which have relevant information in their possession, custody, or control; (ii) is overly broad and unduly burdensome because it seeks the production of all employee lists and organizational charts (and communications regarding those documents) created for any reason during an approximately seven-year period regardless of whether such documents contain duplicative information or relate to PPFA employees whose responsibilities at PPFA are related to the claims or defenses in this action; and (iii) is vague and ambiguous with respect to the undefined terms "employee lists" and "organizational charts."

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA does not maintain a repository of historical organization charts. PPFA will (i) produce by August 5, 2022 (a) an organizational chart that reflects PPFA's current leadership structure, and (b) an organizational chart that reflects the organizational structure of PPFA's Federation Engagement & Impact team; and (ii) include in its rolling production of electronically-stored information any communications involving or attaching organizational charts reflecting PPFA's historical leadership structure or Federation Engagement & Impact team.

| | |
|---|---|
| Dated: July 18, 2022 | **O'MELVENY & MYERS LLP**<br><br>*/s/ Danny S. Ashby*<br><br>DANNY S. ASHBY<br>Texas State Bar No. 01370960<br>dashby@omm.com<br>JUSTIN R. CHAPA<br>Texas State Bar No. 24074019<br>jchapa@omm.com<br>2501 N. Harwood Street<br>Suite 1700<br>Dallas, TX 75201<br>T: (972) 360-1900<br>F: (972) 360-1901<br><br>LEAH GODESKY (*pro hac vice*)<br>lgodesky@omm.com<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067<br>T: (310) 553-6700<br>F: (310) 246-6779<br><br>*Attorneys for Defendant Planned Parenthood Federation of America, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on July 18, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s Objections and Responses to Relator's Third Requests for Production was served by electronic mail on all counsel of record.

/s/ Katherine A. Takakjian