# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America § <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> § NO. 2:21-CV-00022-Z <br> § <br> The State of Texas § Date: August 10, 2022 <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> § <br> § <br> The State of Louisiana § <br> § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> Planned Parenthood Federation of America, Inc., § <br> Planned Parenthood Gulf Coast, Inc., Planned § <br> Parenthood of Greater Texas, Inc., Planned § <br> Parenthood South Texas, Inc., Planned Parenthood § <br> Cameron County, Inc., Planned Parenthood San § <br> Antonio, Inc., § <br> § <br> Defendants. § <br> § | |

### DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO RELATOR'S FOURTH REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby submits its objections and responses to Relator Alex Doe's ("Relator") Fourth Requests for Production (collectively, "Requests," and, individually, "Request") as follows:

1

## PRELIMINARY STATEMENT

The following responses to Relator's Requests are based solely on PPFA's knowledge as of the date of these responses and are being provided without prejudice to PPFA's right to produce evidence of any subsequently discovered facts. PPFA reserves the right to supplement and/or amend these responses. No response is an admission regarding relevance or admissibility.

By these responses, PPFA does not intend to waive, and does not waive, in whole or in part, any objection to admitting these responses into evidence. Rather, PPFA intends to preserve, and does preserve, all such objections, including without limitation objections based on relevance, foundation, authenticity, or privilege.

## GENERAL OBJECTIONS

In addition to PPFA's specific objections and responses to each Request as provided below, PPFA makes the following general objections to the Requests:

1. Privileged information will not be knowingly disclosed. Any disclosure of privileged information in response to any Request is inadvertent and is not intended to waive any privileges or protections. As provided for in the Court's July 13, 2022 Amended Scheduling Order, Section 6(c), PPFA reserves the right to demand that the Relator return or destroy any privileged information inadvertently produced, including all copies and summaries thereof.

2. PPFA objects to each and every Request to the extent it seeks information that is within the possession, custody, or control of Defendants other than PPFA, entities that PPFA does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

3. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by PPFA as to the validity of any claim against, or defense asserted by, PPFA.

4. PPFA's responses to these Requests do not in any way constitute an adoption of the Relator's purported definitions of words or phrases contained in these Requests, including the definitions more specifically objected to below.

5. PPFA objects to these Requests to the extent that they purport to seek documents or information from January 1, 2010 through the currently scheduled spring 2023 trial date. PPFA will limit its responses and productions to the period from 2010 to January 6, 2022, the date that Texas filed its Complaint in Intervention.

6. PPFA objects to these Requests to the extent they seek production of all documents within thirty days after service of the Requests. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPFA will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good-faith efforts to ensure that production is complete by September 15, 2022.

## OBJECTIONS TO DEFINITIONS

1. PPFA objects to Relator's definition of "Concerning" because it would render the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Concerning" to mean directly relating to, directly referring to, directly describing, directly evidencing, or directly constituting, as relevant to the subject matter of the current litigation.

2. PPFA objects to Relator's definition of "Defendants" to the extent it would require PPFA to respond to these Requests on behalf of any other Defendant, entities that PPFA does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

3. PPFA objects to Relator's definitions of "Document" and "Documents" because they would result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Document" and "Documents" according to the definition stated in Federal Rules of Civil Procedure 34(a)(1)(A), i.e., "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." PPFA also objects to Relator's definitions of "Document" and "Documents" to the extent they purport to require the production of "original" copies, identical copies, and/or all versions of a document where it would be unduly burdensome to do so.

4. PPFA objects to Relator's definitions of "Communication" and "Communications" as overly broad, unduly burdensome, and oppressive. Relator's definitions would result in a production that is largely irrelevant and not material to the issues in the current litigation. PPFA also objects to Relator's definitions of "Communication" and "Communications" insofar as they purport to call for the production of communications that have not been memorialized or that are not in PPFA's possession, custody, or control.

5. PPFA objects to Relator's definition of "Person" because it renders the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and

4

not material to the issues in the current litigation.  In responding to the Requests, PPFA will construe "Person" to mean natural persons and legal entities.

6.    PPFA objects to Relator's definition of "Planned Parenthood" to the extent the definition implies or asserts that PPFA is part of the same corporate structure as any Planned Parenthood Affiliate and/or to the extent the definition implies or asserts that PPFA exerts any measure of control or direction over Planned Parenthood Gulf Coast, Inc.; Planned Parenthood Greater Texas, Inc.; Planned Parenthood South Texas, Inc.; Planned Parenthood Cameron County, Inc.; Planned Parenthood San Antonio, Inc.; and any or all of their respective representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, representatives, or any other person acting or purporting to act on behalf of the aforementioned entities, which it does not.  PPFA further objects to this definition to the extent it purports to suggest that any of the aforementioned entities is an agent of PPFA or vice versa, which it is not.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and

defenses in this case.  In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows:  PPFA does not maintain policies or procedures regarding the prevention, detection, or reporting of healthcare fraud and abuse by PPFA, because PPFA does not provide healthcare services or receive Medicaid reimbursements.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case.  In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows:  PPFA does not provide training regarding the prevention, detection, or reporting of health care fraud and abuse, because PPFA does not provide healthcare services or receive Medicaid reimbursements.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning oversight, review, and evaluation of

compliance with laws, regulations, and requirements of Medicaid, Texas Medicaid, and Louisiana Medicaid by Planned Parenthood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in Relator's First Requests for Production. PPFA further objects to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to PPFA's Medicaid compliance. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Responses and Objections to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in Relator's First Requests for Production. PPFA further objections to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to internal Medicaid audits. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Responses and Objections to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits of services rendered, charges posted, and coding compliance concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA

further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.. PPFA further objects to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to internal Medicaid audits. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Responses and Objections to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports of program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard

to whether such documents and communications relate in any way to the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA does not have a Health Care Compliance Program or a Health Care Compliance Officer.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in Relator's First Requests for Production. PPFA further objects to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to any plan by PPFA to increase Medicaid services or volume. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Response and Objection to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

10

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning the registration, review, or reports of any research projects, studies, or research-related activities of Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. with Planned Parenthood Federation of America, Inc., including but not limited to all documents and communications concerning the same with the Planned Parenthood Federation of America, Inc. Research Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA will produce the 2010 to January 6, 2022 research files that are maintained in the regular course of business by PPFA's research department relating to any tissue-related research for which an Affiliate Defendant was involved in tissue collection or donation.

Dated:   August 10, 2022          **O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*

DANNY S. ASHBY
Texas State Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas State Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s Objections and Responses to Relator's Fourth Requests for Production was served by electronic mail on all counsel of record.

*/s/ Tyler C. Bittner*