# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America <br><br> *ex rel*. ALEX DOE, Relator, <br><br><br> The State of Texas <br><br> *ex rel*. ALEX DOE, Relator, <br><br><br><br> The State of Louisiana <br><br> *ex rel*. ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., <br><br> Defendants. | NO. 2:21-CV-00022-Z |

**DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S RESPONSES TO RELATOR'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court, Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") though its undersigned counsel, hereby makes the following Responses to Relator's July 7, 2022 Third Set of Requests for Production of Documents.

PPGC responds as follows:

-1-

## **GENERAL OBJECTIONS**

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGC's specific responses.

1. PPGC objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2. PPGC objects to Instruction No. 1, which purports to require PPGC to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGC, to the extent that such instruction calls for information not within PPGC's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3. PPGC objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGC reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable protection or grounds for objection concerning the use or admissibility of any information provided in that response.

4. PPGC objects to each Request for Production to the extent that it seeks a legal conclusion.

5. PPGC objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

6. PPGC objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGC to provide discovery beyond the scope of Relator's allegations. Unless otherwise indicated, PPGC will limit its responses and productions accordingly.

7. PPGC objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

8. PPGC objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9. PPGC objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022. The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021. PPGC will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

10. PPGC objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome. Documents may exist in a variety of locations and formats. PPGC has no reasonable means of searching across *all* of its available documents. PPGC will undertake reasonable, good faith efforts to identify sources of

potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGC's email retention policy allows current employees to manually delete emails older than 180 days unless the employee is under a litigation hold.  PPGC's IT department typically reviews former employees' emails twice a year.  If the user account associated with the emails has been inactive for six months or more, the user account may be deleted with approval from the senior leadership team, including the general counsel.  User accounts for former employees under a litigation hold, however are not deleted and are retained until the litigation hold is lifted.  PPGC will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPGC will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

   11. PPGC objects to each Request to the extent it seeks documents and communications concerning each and every claim submitted to Texas Medicaid for services provided by PPGC prior to May 3, 2021 or "each payment" PPGC received from "any" state or federal program prior to May 3, 2021 as overbroad, unduly burdensome, and disproportionate to the needs of the case.  PPGC objects to this Request to the extent it seeks claim data prior to May 3, 2021 as unduly

burdensome because of the cost and time that it would take to access such data. Claim data for this period is kept in two separate databases, neither of which is currently in use. The previous two databases are legacy systems that are not accessible for claims data reporting/exportation without significant infrastructure investment. In addition, no current PPGC employee has the expertise to be able to run accurate reports of information from those databases. PPGC would need to hire a former employee in order to run such reports, and PPGC expects that it could take six months or more for the reports to be created and run. Accordingly, PPGC does not have reasonable access to such claim data because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).

12. PPGC objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

13. PPGC objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGC.

14. PPGC objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible. PPGC's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

15. PPGC objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries. PPGC will limit it responses accordingly.

16. No incidental or implied admissions are intended by the responses herein. The fact that PPGC has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production. The fact that PPGC has answered part or all of any individual Request for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGC of any objection to such Requests for Production.

17. These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGC's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGC's right to rely on other facts and documents at trial.

18. Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGC reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

19. PPGC does not waive any general objections by providing specific responses to Relator's Requests.

20. Responsive documents will be produced in the format agreed upon by the Parties as reflected in the parties' Stipulation and Proposed Order Regarding the Production of Electronically Stored Information and Hard Copy Documents, Dkt. 130, the Protective Order, Dkt. 133, and as required by the Joint Proposed Scheduling Order. Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

21. PPGC objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPGC will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by September 15, 2022.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1**

All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**Response to Request for Production No. 1**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define, e.g., "health care fraud and abuse." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 2**

All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

**Response to Request for Production No. 2**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define, e.g., "health care fraud and abuse." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 3**

All documents and communications concerning oversight, review, and evaluation of compliance with laws, regulations, and requirements of Medicaid, Texas Medicaid, and Louisiana Medicaid by Planned Parenthood.

**Response to Request for Production No. 3**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged responsive documents and communications from February 1, 2011 to January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good

faith efforts to ensure that production is complete by September 15, 2022.

**Request for Production No. 4**

All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 4**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define, e.g., "fraud risk." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 5**

All documents and communications concerning internal audits of services rendered, charges posted, and coding compliance by Planned Parenthood, including but not limited to internal audits of services rendered, charges posted, and coding compliance concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 5**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of

all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged responsive documents and communications from February 1, 2011 to January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by September 15, 2022.

**Request for Production No. 6**

All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports on program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

**Response to Request for Production No. 6**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define, e.g., "health care fraud and abuse." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 7**

All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 7**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 8**

All documents and communications concerning the registration, review, or reports of any research projects, studies, or research-related activities of Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. with Planned Parenthood Federation of America, Inc., including but not limited to all documents and communications concerning the same with the Planned Parenthood Federation of America, Inc. Research Department.

**Response to Request for Production No. 8**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General

Objection 21.  PPGC further objects to this Request to the extent it purports to seek privileged communications or documents.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged responsive documents and communications from February 1, 2011 to January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by September 15, 2022.

 s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333

Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

August 8, 2022

-13-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood Gulf Coast, Inc.'s Objections and Responses to Relator's Third Set of Requests for Production has been served upon all attorneys of record in this case on this, the 8th day of August 2022, by email.

          /s Tirzah S. Lollar

-14-