# EXHIBIT G

**O'Melveny**

O'Melveny & Myers LLP
2501 North Harwood Street
Suite 1700
Dallas, TX 75201-1663

T: +1 972 360 1900
F: +1 972 360 1901
omm.com

File Number: 0674061-00003

August 8, 2022

**Danny S. Ashby**
D: +1 972 360 1904
dashby@omm.com

Raymond C. Winter
raymond.winter@oag.texas.gov
Division Chief, Civil Medicaid Fraud Division
Texas Attorney General
P. O. Box 12548
Austin, TX  78711

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division

Dear Ray,

Thank you for your August 3, 2022 letter reflecting Texas's position following the parties' meet and confer on Monday, August 1, and Tuesday, August 2.  I write in response to raise a few concerns and points for clarification.

**RFPs 1 and 2**.  First, we appreciate Texas's commitment to amend its responses to reflect that Texas has no responsive documents for these two RFPs.  We assume that this means that Texas is not withholding or failing to identify documents responsive to these RFPs based on Texas's objections to these responses, but please let us know if that is incorrect.  Otherwise, we agree that Texas's response moots PPFA's Motion to Compel as to RFPs 1 and 2.

**RFPS 3–9, 13–17 and 20**.  We understand that Texas is willing to search for and produce responsive, non-privileged documents from HHSC and HHSC-OIG custodians, from 2011 to present (modified as appropriate), using agreed upon search terms.  PPFA assumes that Texas is proposing to resolve its overbreadth and relevance objections through good faith negotiations over custodians and search terms for these requests.  We are happy to engage in those discussions and agree that the Court need not address Texas's overbreadth or relevance objections at this time but PPFA reserves all rights to challenge Texas's responses to these requests until Texas has completed its document production for these requests.

Separately, your letter indicates that Texas is only willing to produce "non-privileged" documents for these requests, which presents two issues specifically raised in the Motion to Compel.  First, Texas has asserted a common interest privilege over any and all communications with Relator (even though Texas's shared litigation interest with Relator did not arise until February 5, 2021) and with the Center for Medical Progress (a third party that has no shared litigation interest with Texas).  And second, Texas has asserted a state "Medicaid Investigative Privilege" as grounds for withholding responsive documents.  As our Motion explains, that privilege does not apply here. If Texas is no longer withholding documents on those bases, please let us know.  Otherwise,

O'Melveny

PPFA's Motion to Compel is not moot as to these RFPs, each of which asserts common interest and/or Medicaid investigative privileges as grounds for withholding responsive documents.

**Interrogatories 1–3, 6–13**. We appreciate Texas's commitment to provide amended responses to these interrogatories but it is not clear to us that the scope of those responses will address the concerns and deficiencies raised by PPFA's Motion to Compel. We would be happy to discuss this with you further or to evaluate Texas's amended responses to PPFA interrogatories as soon as Texas provides them, but we're not currently in a position to agree that the Motion to Compel is moot as to these interrogatories.

Of course, we remain willing to resolve these issues without the Court's intervention. If you have any additional information that we should consider on these issues, please let us know.

Sincerely,

Danny S. Ashby

cb

cc:   Amy Hilton
      Christopher Hilton
      Tirzah Lollar
      Andrew Stephens
      Christian Sheehan
      Christopher Odell
      Craig Margolis
      Heather Hacker
      Justin Chapa
      Leah Godesky
      Paula Ramer
      Ryan Brown

2