IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§ | NO. 2:21-CV-22-Z |

### DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL TO RELATOR

Relator's two-page Response [DE 140] to PPFA's[1] Motion to Compel to Relator [DE 131] ("Motion") exemplifies the meritless approach Relator has taken in negotiating discovery disputes. PPFA filed the Motion because, among other things, Relator refused to produce a single document in response to PPFA's RFPs and asserted privilege objections in response to 31 of 39 of PPFA's Requests. In an attempt to convince the Court to deny the Motion (apparently as moot), the Response avers (at 3) that Relator has decided to produce "every document and communication that has anything to do with the claims alleged in this lawsuit, including everything that PPFA has requested" and will amend Relator's Responses to PPFA's Interrogatories. To that end, on August

---

[1] Terms herein have the meaning given to them in PPFA's Motion to Compel [DE 131].

1

15, Relator served PPFA with almost 45 pages of amended Interrogatory Responses. *See* Ex. A. Relator's about-face from near-total obfuscation to purported complete disclosure is the result of PPFA's Motion. Regardless, the Response does not moot all the concerns raised in PPFA's Motion.

*First*, Relator's impermissibly broad view of privilege remains at issue. *See* Mot. at 9–13. The Response notes (at 2–3) that Relator plans to withhold "a small number of documents" on privilege grounds, but says nothing about Relator's position that various privileges apply to broad swaths of documents going back over a decade, including Relator's communications with Texas, the United States, Congress, and other government entities. Relator's amended Responses to PPFA's Interrogatories indicates that he has not altered his position. For example, Relator's amended Response to Interrogatory No. 11 still asserts that the sought-after information "is covered by the attorney-client, common interest, work product, and government investigative privileges and protections." Ex. A at 29–30.

As the Motion explains, those privileges do not apply to Relator's communications with government actors except in limited circumstances, and not at all to any communications involving the Center for Medical Progress. The amended Responses to PPFA's Interrogatories now claim that Relator "provided information and evidence concerning the material facts and allegations set forth in Relator's Complaint" to government actors "beginning in May 2015." But neither the Response nor Relator's amended Responses identify any authority that extends the privileges and protections invoked by Relator to time periods long before an FCA case is filed or a relator notifies the government of an intent to pursue an FCA case—the critical predicates for a joint-prosecutorial or co-party relationship sufficient to justify privilege objections. *See* Mot. at 9–13. Accordingly,

the Court should overrule Relator's privilege objections as to any responsive documents or information before February 5, 2021.

*Second*, despite the Response's concessions, Relator has yet to amend his Responses to PPFA's RFPs.  PPFA thus cannot ascertain, for example, whether Relator will ultimately contend he lacks possession, custody, or control over certain categories of documents.  PPFA also does not know as to which categories of requested documents that Relator intends to assert privilege.  Amended RFP responses also would inform PPFA whether it should continue to pursue additional discovery from Relator, or whether it should obtain certain categories of documents from third parties, Louisiana, or Texas.  PPFA thus asks the Court to order Relator to, at minimum, promptly amend his Responses to PPFA's RFPs.

The Response suggests (at 3 n.1) that PPFA should simply consult its in-house counsel—which was involved in the prior litigation—to determine which documents from prior litigations are responsive to PPFA's RFPs; Relator's amended Responses to PPFA's Interrogatories do the same. *See, e.g.*, Ex. A at 6, 11  That is not a proper discovery response.  Even if PPFA has access to some or all of the requested documents through other means, PPFA remains entitled to identification and a production of those documents *from Relator*.  *See* Mot. at 15; *Strobel v. Rusch*, 2020 WL 8079786, at *5 (D.N.M. Jan. 23, 2020) ("Because [the responding parties] repeatedly state they are not obliged to produce such records, the Court will disabuse them of that notion and order [them] to produce all responsive documents in their possession or control, regardless of whether they believe [the requesting parties] already have them or that [the requesting parties] can access them as easily or more readily than [the responding parties].  The fact that [the requesting parties] may already have some of the documents they are seeking does not relieve [the responding parties] of their discovery obligations." (collecting cases)).

*Third*, Relator's amended Interrogatory Responses remain improper.  Relator continues to make inappropriate privilege assertions and to refer PPFA to the prior-litigation record in an attempt to circumvent his own discovery obligations.  *See, e.g.*, Ex. A at 38–40 (Interrogatory No. 20), 30–35 (Nos. 12–17).  Beyond that, much of the "amended" Interrogatory Responses consist of copy-and-paste boilerplate statements full of non-specific speculation culled from Relator's Complaint.  *Compare, e.g.*, Ex. A at 6–10 (Interrogatory No. 2) *with, e.g.*, Ex A. at 44–48 (Interrogatory No. 22).  Relator also continues to improperly object to Interrogatory No. 18 as a "contention" interrogatory, even though Rule 33's explanatory notes expressly reject Relator's argument.  Mot. at 17.  Relator now goes so far as to claim PPFA is asking Relator to marshal "essentially all facts and evidence that support [his] allegations as well as every legal basis and legal theory for those claims and allegations."  But Interrogatory No. 18 merely asks Relator to explain a specific part of his FCA claim—i.e., that PPFA was required to pay back reimbursements despite federal court injunctions that barred Texas and Louisiana from terminating PPFA's provider status and that required continued reimbursement.  The Court should grant the Motion and order Relator to further amend his Interrogatory Responses in compliance with the Rules.

## CONCLUSION

PPFA respectfully requests that the Court grant its Motion to Compel to Relator and order Relator to (1) amend his discovery Responses with good faith, substantive responses made in compliance with the Rules, (2) begin a rolling production in 10 days, and meet and confer with PPFA regarding a procedure for ensuring the documents are produced before fact-witness depositions begin, (3) omit baseless privilege assertions made for documents and communications created and exchanged before February 5, 2021, and provide a privilege log for any documents withheld as privileged, (4) remove blanket references to records from prior litigation, and (5) address the other matters detailed above and in PPFA's Motion.

Dated: August 24, 2022　　　　　　　　　　Respectfully submitted,

            **O'MELVENY & MEYERS LLP**

            <u>*Danny S. Ashby*</u>
            DANNY S. ASHBY
            Texas Bar No. 01370960
            dashby@omm.com
            JUSTIN R. CHAPA
            Texas Bar No. 24074019
            jchapa@omm.com
            MEGAN R. WHISLER
            Texas Bar No. 24079565
            mwhisler@omm.com
            2501 N. Harwood Street, Suite 1700
            Dallas, TX 75201
            Tel: (972) 360-1900
            Fax: (972) 360-1901

            LEAH GODESKY (*pro hac vice*)
            lgodesky@omm.com
            1999 Avenue of the Stars, 8th Floor
            Los Angeles, CA 90067
            Tel: (310) 553-6700
            Fax: (310) 246-6779

            **BLACKBURN BROWN LLP**
            RYAN PATRICK BROWN
            Texas Bar No. 24073967
            brown@blackburnbrownlaw.com
            1222 S. Fillmore Street
            Amarillo, TX 79101
            Tel: (806) 371-8333
            Fax: (806) 350-7716

            *Attorneys for Planned Parenthood*
            *Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 24, 2022, the foregoing document was electronically filed and served upon all counsel of record via CM/ECF.

            <u>*Danny S. Ashby*</u>
            Danny S. Ashby