IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Relator's Motion to Compel Discovery Responses ("Motion") (ECF No. 120), filed on July 12, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the Motion.

### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("PPFA Affiliates") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On May 27, 2022, Relator served PPFA with Relator's First Requests for Production. ECF No. 120 at 2. On June 2, 2022, Relator served PPFA with Relator's Second Requests for Production. *Id.* at 2–3. Relator requested PPFA to produce all documents and communications concerning Texas and/or Louisiana Medicaid programs and PPFA's oversight and control of its affiliates' business and operations. *Id.* at 4–6. PPFA served objections and responses to each request, respectively, on June 27, 2022, and July 5, 2022. *Id.* at 3. PPFA argues the requests are facially overbroad, unduly burdensome, and not

1

proportional to the claims and defenses in this lawsuit. ECF No. 136 at 3, 4–5, 7–8. Relator has now moved this Court to compel PPFA to comply with the discovery requests and to pay Relator's reasonable expenses incurred in making the Motion, including attorney's fees. ECF No. 120 at 4.

### LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

## ANALYSIS

### A. Relator's Requests Are Relevant to His Claims

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). "At the discovery stage, relevancy is broadly construed, and information is considered relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat. Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-N-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.*

This Court finds that PPFA's communications with PPFA Affiliates are probative of every issue in this case. Relator alleges PPFA is liable based on its own actions and its control and oversight of the businesses and operations of PPFA Affiliates. The Court has held Relator's Complaint "plausibly alleges facts about PPFA's control and direction of its affiliates, as well as PPFA's involvement in its affiliates' violations of medical and ethical standards." ECF No 71 at 19. Thus, the requested documents are likely to lead to admissible evidence that may be used at trial to prove: (1) PPFA's role in PPFA Affiliates' enrollment and participation in Texas Medicaid

and/or Louisiana Medicaid; (2) PPFA's knowledge of violations of Texas and/or Louisiana Medicaid rules, including the obligation to repay the government Medicaid funds received from Texas Medicaid and/or Louisiana Medicaid; (3) that PPFA directs and controls the business and operations of PPFA Affiliates; and (4) the significant financial relationship between PPFA and PPFA Affiliates. *See* ECF Nos. 120 at 5–6, 147 at 4–5.

PPFA does not meaningfully argue Relator's requests are not relevant to his claims. Rather, PPFA argues the requests are overbroad and unduly burdensome. ECF No. 136 at 4. Because the Court agrees the requests are relevant to Relator's claims, Relator has met his burden with respect to Rule 26(b)(1)'s relevancy requirement.

### B. Relator's Requests Are Proportional to the Needs of the Case

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). "A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (internal marks omitted). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as

a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

PPFA argues the request is overbroad because it covers a twelve-year period and encompasses every document or communication that concerns Texas Medicaid or Louisiana Medicaid, regardless of whether the document or communication has anything to do with the submission or payment of Medicaid claims in this case. ECF No. 136 at 4. "Although Defendant's response briefs and arguments . . . provide[] some factual detail applicable to the undue burden objections . . . Defendant has never offered any factual support for its undue burden and overbreadth objections." *Heller*, 303 F.R.D. at 491. "PPFA does not identify the number of individual custodians with responsive documents, the estimated number of documents PPFA would be required to collect, review and produce, and PPFA does not provide any information regarding the estimated time and cost of complying with the discovery Relator seeks." ECF No. 147 at 5–6.

Relator reasonably limited the scope of discovery to the period alleged in Relator's Complaint, the parties to this lawsuit, the Texas and Louisiana Medicaid programs, and the allegations regarding PPFA's control and oversight. *See* ECF No. 2 at 3 (pleading allegations beginning "[f]rom at least 2010 and continuing through 2020"). Further, the Court disagrees with PPFA that "Relator has not specifically identified *any* relevant omissions from the Responses." ECF No. 136 at 10. Relator states PPFA has not provided the requested documents and communications "other than a few very specific types of documents that are publicly available and/or publicly known to exist." ECF No. 120 at 6. Relator filed the Motion on July 12 after PPFA refused to agree to produce all documents in its possession, custody and control that are responsive to Relator's requests. ECF No. 147 at 3.

5

CONCLUSION

For the reasons stated above, the Court **GRANTS** Relator's Motion. The Court **ORDERS** Defendant Planned Parenthood Federation of America, Inc. to provide full and complete responses to Relator's First Requests for Production and Relator's Second Requests for Production, and to produce to Relator all requested non-privileged documents in its possession, custody, or control **on or before September 9, 2022**. The Court grants PPFA an opportunity to file a response to the request for Rule 37(a)(5)(A) sanctions **on or before September 7, 2022**. PPFA must fully detail and explain whether PPFA's incomplete discovery requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(a) unjust. If PPFA files a response, Relator may file a reply in support of its request for Rule 37(a)(5)(A) sanctions **on or before September 21, 2022**.

**SO ORDERED.**

August 25, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE