## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD CAMERON | § | |
| COUNTY, INC., PLANNED | § | |
| PARENTHOOD SAN ANTONIO, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## RELATOR'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES

Relator Alex Doe files this Motion to Compel against Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("PPFA Affiliates"). Relator respectfully requests that the Court enter an order compelling the PPFA Affiliates to produce all documents and communications responsive to Relator's First Requests for Production for the same reasons that the Court entered an order compelling PPFA to produce all similar documents and communications in its possession in response to the same discovery requests. *See* Dkt. 153.

## DISCOVERY AT ISSUE[1]

Relator alleges that Defendants Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and Louisiana affiliates ("PPFA Affiliates") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On May 27, 2022, Relator served the PPFA Affiliates with Relator's First Requests for Production. *See* Ex. A. On June 27, 2022, the PPFA Affiliates served objections and responses to Relator's First Requests for Production *See* Ex. B. The PPFA Affiliates objected to the requests on numerous grounds and responded that, subject to their objections, they would produce responsive documents on a rolling

---

[1] Relator's First Requests for Production are attached as Exhibit A, and the PPFA Affiliates' objections and responses thereto are attached as Exhibit B.

basis. *Id.* On July 11, 2022, counsel for Relator and the PPFA Affiliates met and conferred regarding the PPFA Affiliates' objections and responses.

Since July 11, 2022, the PPFA Affiliates have produced three sets of documents in response to Relator's discovery requests. Relator's counsel reviewed the documents and emails and determined that the PPFA Affiliates have produced only 857 emails, *total*, in response to Relator's discovery requests. On August 30, 2022, counsel for Relator and the State of Texas met and conferred with counsel for the PPFA Affiliates, and the PPFA Affiliates stated that they had completed their rolling production and would not be producing any additional emails in response to Relator's discovery requests.

Based on Relator's review, the PPFA Affiliates' document production is woefully inadequate, so Relator moves to compel the PPFA Affiliates to produce all responsive documents and communications in the PPFA Affiliates' possession, custody, or control. By this Motion, Relator is requesting the same relief as to the PPFA Affiliates that the Court ordered on August 25, 2022 as to PPFA. Dkt. 153.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show

specifically how each interrogatory or document request is overly board, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

## ARGUMENT

**A.    Relator's discovery requests seek documents and information that are relevant to Relator's claims.**

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). "At the discovery stage, relevancy is broadly construed, and information is considered relevant if it

'encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat. Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-N-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.*

The PPFA Affiliates' documents and communications concerning Texas Medicaid and Louisiana Medicaid are "probative of every issue in this case."[2] Dkt. 153 at 3. Relator alleges that the PPFA Affiliates falsely certified their compliance with Medicaid rules and regulations, received millions of dollars of Medicaid funds that they were not entitled to receive, and failed to repay millions of dollars of Medicaid funds to Texas and Louisiana when they knew or should of known of their obligation to repay the money. This Court held that Relator's Complaint plausibly alleges (1) "the existence of an obligation" to repay Medicaid funds to the Texas and Louisiana Medicaid programs; (2) "Defendants 'knowingly' avoided their repayment obligations to the Texas and Louisiana Medicaid programs;" (3) "submission of a false

---

[2] *See, e.g.*, Relator's First Requests for Production, Request No. 7 requests all documents and communications concerning Texas and/or Louisiana Medicaid.

claim under an implied false-certification theory;" and (4) "facts about PPFA's control and direction of its affiliates, as well as PPFA's involvement in its affiliates' violations of medical and ethical standards." Dkt. 71. Thus, the requested documents and communications are likely to lead to admissible evidence that may be used at trial to prove: (1) the terms and conditions of the PPFA Affiliates' enrollment and participation in Texas Medicaid and/or Louisiana Medicaid; (2) the PPFA Affiliates' submission of claims for payment from Texas Medicaid and/or Louisiana Medicaid; (3) the PPFA Affiliates' knowledge of violations of Texas and/or Louisiana Medicaid rules, including the obligation to repay the government Medicaid funds received from Texas Medicaid and/or Louisiana Medicaid; (4) PPFA's direction and control of the business and operations of the PPFA Affiliates, including their participation in Texas and/or Louisiana Medicaid; and (5) the significant financial relationship between PPFA and the PPFA Affiliates. *See* Dkt. 153 at 3-4.

The PPFA Affiliates cannot plausibly contend that Relator's discovery requests are not relevant to Relator's claims. *See* Dkt. 153 at 4. Relator's request for "all documents and communications concerning Texas Medicaid and/or Louisiana Medicaid" is relevant to every claim and defense at issue in this case. Because the requests are relevant to Relator's claims, Relator's burden is met with respect to Rule 26(b)(1)'s relevancy requirement.

**B.    Relator's discovery requests are proportional to the needs of the case.**

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation

mandated by Rule 26(b) by coming forward with specific information to address –
insofar as that information is available to it – the importance of the issues at stake
in the action, the amount in controversy, the parties' relative access to relevant
information, the parties' resources, the importance of the discovery in resolving the
issues, and whether the burden or expense of the proposed discovery outweighs its
likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex.
2015). "A mere statement by a party that a request is overly broad and unduly
burdensome is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238
F.R.D. 429, 437 (N.D. Tex. 2006) (internal marks omitted). "A party asserting undue
burden must present an affidavit or other evidentiary proof of the time or expense
involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Fin.,
Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as a
general matter, makes such an unsupported objection nothing more than
unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

The PPFA Affiliates objected to Relator's discovery requests as overly broad
and unduly burdensome. *See* Ex. B at 12. The PPFA Affiliates, however, have not
provided factual support for their undue burden and overbreadth objections. *Heller*,
303 F.R.D. at 491. The PPFA Affiliates did not identify the custodians with responsive
documents, the estimated number of documents the PPFA Affiliates would be
required to collect, review and produce, and the PPFA Affiliates did not provide any
information regarding the estimated time and cost of complying with the discovery
Relator seeks. On the contrary, and unlike PPFA, the PPFA Affiliates stated they

would produce responsive documents on a rolling basis. But that production is now complete and it is apparent that the PPFA Affiliates have not complied with the requests or their discovery obligations.

Relator "reasonably limited the scope of discovery" to the time period alleged in Relator's Complaint, the parties to this lawsuit, the Texas and Louisiana Medicaid programs, and Relator's allegations regarding the PPFA Affiliates' alleged violations of federal and state laws arising from their participation in Texas Medicaid and/or Louisiana Medicaid. Dkt. 153 at 5; *see also* Dkt. 2 at 3 (pleading allegations beginning "[f]rom at least 2010 and continuing through 2020"). After several months of discovery and numerous discovery conferences with counsel on this and other matters, the PPFA Affiliates have produced a total of 857 emails and informed Relator's counsel yesterday morning that the PPFA Affiliates will not be producing any additional emails in response to Relator's First Requests for Production. Such blatant violations of a party's discovery obligations are unjustified and have no place in any case.

## CONCLUSION

For the reasons stated above, Relator respectfully requests that the Court grant Relator's motion and compel the PPFA Affiliates to provide full and complete responses to Relator's First Requests for Production, and to produce to Relator all requested non-privileged documents in their possession, custody, or control within fourteen (14) days.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF CONFERENCE

On July 11, 2022, and August 30, 2022, in accordance with Local Rule 7.1(b), counsel for Relator certifies that they conferred with counsel for the PPFA Affiliates regarding the relief requested in this motion. Counsel for the PPFA Affiliates did not agree to produce the documents that are the subject of this motion to compel.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Andrew B. Stephens
Andrew B. Stephens