# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.*, § § § § *Plaintiffs*, § § v. § § PLANNED PARENTHOOD FEDERATION § OF AMERICA, INC., *et al.*, § § *Defendants*. § | Civil Action No. 2:21-CV-00022-Z |

### RELATOR'S FIRST REQUESTS FOR PRODUCTION

To: Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., c/o Craig Margolis, Murad Hussain, Tirzah Lollar, Christopher Odell, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001-3747, Attorneys for Defendants.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator Alex Doe hereby requests that Defendants produce the following documents in accordance with the definitions and instructions set forth below at the office of Hacker Stephens LLP, c/o Andrew B. Stephens, 108 Wild Basin Road South, Suite 250, Austin, Texas 78746, within thirty (30) days after service of same.

1

## INSTRUCTIONS

1. In responding to these document requests, Defendants are required to furnish all responsive documents in their possession, custody, or control, or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them.

2. Each document request shall be responded to separately and fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, Defendants shall state the objection to that portion only and respond to the remainder of the request.

3. If, in responding to these document requests, Defendants claim any ambiguity in a document request, or in a definition or instruction applicable thereto, Defendants shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of their response the language deemed to be ambiguous and the interpretation used in responding to the request.

4. An original or one copy of each responsive document shall be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation, highlighting, underlining, or other marks, or a draft or successive iteration thereof and all modifications thereto, shall constitute a separate document and must be produced, whether or not the original of such document is within Defendants' possession, custody, or control. If the same document exists in both electronic and

non-electronic format, the electronically maintained document must be produced; provided, if the non-electronically maintained document varies in any way from the electronically maintained document as described above, both the electronically maintained and non-electronically maintained documents shall be produced.

5. Documents shall be produced as they are kept in the ordinary course of business.

6. If there are no documents responsive to any particular request, Defendants shall state so in writing.

7. A request for documents includes a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself. Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8. If the documents requested differ from one office, division, or location to another, the requests require production of documents for each office, division, or location.

9. Each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether Defendants consider the entire document to be relevant or responsive to these requests.

10. For any document withheld under a claim of privilege, submit a privilege log that complies with FRCP 26(b)(5)(A) with your response to these requests.

11. These document requests are continuing in nature. Any document obtained, created, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

12. For any document responsive to these requests that has been destroyed, lost, is otherwise unavailable, or is no longer in Defendants' present possession, custody, or control, identify with respect to each document: the author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

13. The relevant time period for these document requests is January 1, 2010, through the time of trial, unless otherwise stated.

14. You are hereby notified that your answers to these discovery requests may be used in evidence upon the trial of this case, or in support of pleadings and motions, or for other purposes.

15. In light of the scheduling order entered by the Court, you are further notified that if you fail to produce the requested documents and information by the deadline set forth above, Relator intends to file a motion to compel and may seek sanctions.

## DEFINITIONS

1. "Concerning" means having any relationship or connection to, regarding, relating, constituting, discussing, considering, being connected to, commenting on, responding to, addressed to, sent to, containing, evidencing, showing, memorializing, describing, modifying, amending, confirming, endorsing, representing, supporting, substantiating, qualifying, negating, refuting, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

2. "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, text messages, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Defendants through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information

5

stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

3. The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all documents that might otherwise be construed as nonresponsive to the request.

4. "Person" means the plural as well as the singular and includes natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of organization or legal entity; and governmental agencies, departments, units, or subdivisions thereof.

5. "Defendants" means Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., and all representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, representatives, or any other person acting or purporting to act on behalf of Defendants, including but not limited to any and all healthcare providers that provided services to persons enrolled in Texas Medicaid and/or Louisiana Medicaid during the relevant time period at any clinic or other facility owned, operated, leased or managed by any of the Defendants or any entity in any way associated with Defendants.

6. "Identify" or "identity of" when referring:

(a) to a person who is an individual or healthcare provider, means to state his or her full name and present, or last known, business or residential street address, city, state, and phone number;

(b) to a person who is a corporation, firm, partnership, association, joint venture, trust, estate or any other form of organization or legal entity or to a governmental agency (including any department, unit, or subdivision thereof) means to state its full name and present or last known pertinent business street address, city, state, and phone number;

(c) to a communication, means to state the substance of the communication, the date or which the communication occurred, and the name of each person who was either a participant in the communication or was present when said communication occurred.

7. "Statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other record or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8. "Texas Medicaid" means the Texas Medicaid Assistance Program implemented by the State of Texas, under the provisions of Title XIX of the Social Security Act.

9. "Louisiana Medicaid" means the Louisiana Medicaid implemented by the State of Louisiana, under the provisions of Title XIX of the Social Security Act.

10. "Patient charts" means the medical record containing clinical data and documentation of medical and/or health history of individual patients, excluding financial or billing documents or information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the

address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets,

liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

                Respectfully submitted.

                /s/ Andrew B. Stephens
                Andrew B. Stephens
                Texas Bar No. 24079396
                Heather Gebelin Hacker
                Texas Bar No. 24103325
                HACKER STEPHENS LLP
                108 Wild Basin Road South, Suite 250
                Austin, Texas 78746
                (512) 399-3022
                andrew@hackerstephens.com
                heather@hackerstephens.com

                **Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants**

/s/ Andrew B. Stephens
Andrew B. Stephens
