# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., , | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S RESPONSES TO
RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") though its undersigned counsel, hereby

makes the following Responses to Relator's May 27, 2022 First Set of Requests for Production of

Documents.

PPGC responds as follows:

**<u>GENERAL OBJECTIONS</u>**

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGC's specific responses.

1. PPGC objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2. PPGC objects to Instruction No. 1, which purports to require PPGC to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGC, to the extent that such instruction calls for information not within PPGC's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3. PPGC objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGC reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable protection or grounds for objection concerning the use or admissibility of any information provided in that response.

4. PPGC objects to each Request for Production to the extent that it seeks a legal conclusion.

5.      PPGC objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

6.      PPGC objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGC to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPGC will limit its responses and productions accordingly.

7.      PPGC objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

8.      PPGC objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPGC objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  Further, PPGC did not submit claims to Texas Medicaid after March 12, 2021.  PPGC will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

10.      PPGC objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPGC has no reasonable means of searching across *all* of its

available documents.  PPGC will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGC's email retention policy allows current employees to manually delete emails older than 180 days unless the employee is under a litigation hold.  PPGC's IT department typically reviews former employees' emails twice a year. If the user account associated with the emails has been inactive for six months or more, the user account may be deleted with approval from the senior leadership team, including the general counsel.  User accounts for former employees under a litigation hold, however are not deleted and are retained until the litigation hold is lifted.  PPGC will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information. PPGC will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

11.    PPGC objects to each Request to the extent it seeks documents and communications concerning each and every claim submitted to Texas Medicaid for services provided by PPGC prior to May 3, 2021 or "each payment" PPGC received from "any" state or federal program prior to May 3, 2021 as overbroad, unduly burdensome, and disproportionate to the needs of the case.

PPGC objects to this Request to the extent it seeks claim data prior to May 3, 2021 as unduly burdensome because of the cost and time that it would take to access such data.  Claim data for this period is kept in two separate databases, neither of which is currently in use.  The previous two databases are legacy systems that are not accessible for claims data reporting/exportation without significant infrastructure investment.  In addition, no current PPGC employee has the expertise to be able to run accurate reports of information from those databases.  PPGC would need to hire a former employee in order to run such reports, and PPGC expects that it could take six months or more for the reports to be created and run.  Accordingly, PPGC does not have reasonable access to such claim data because of undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B).

12.     PPGC objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

13.     PPGC objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGC.

14.     PPGC objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPGC's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

15.     PPGC objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPGC will limit it responses accordingly.

16.     No incidental or implied admissions are intended by the responses herein.  The fact that PPGC has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPGC has answered part or all of any individual Request for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGC of any objection to such Requests for Production.

17.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGC's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGC's right to rely on other facts and documents at trial.

18.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGC reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

19.     PPGC does not waive any general objections by providing specific responses to Relator's Requests.

20.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

21.     PPGC objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPGC will produce non-privileged, responsive documents that can be located through

a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts.

### Response to Request for Production No. 1

PPGCA objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

### Request for Production No. 2

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

### Response to Request for Production No. 2

PPGC objects to this Request for "all documents and communications" as overbroad and

unduly burdensome.  *See* General Objections 5, 10, 11.  PPGC further objects to this Request to

the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible

due to undue burden and cost.  *See* General Objection 11.  PPGC further objects to this Request to

the extent it seeks claims information after March 12, 2021 because it did not submit claims to

Texas Medicaid after that date.  *See* General Objection 9.  PPGC further objects to this Request on

the grounds it calls for information that is not relevant to the allegations in this case in that it seeks

information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General

Objection 9.  PPGC further objects to this Request to the extent it seeks production of all responsive

documents within thirty (30) days after service of the Requests.  *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC

will produce such non-privileged responsive documents that can be located through a reasonable

search on a rolling basis, with all good faith efforts to ensure that production is complete by August

1, 2022.

## Request for Production No. 3

All documents and communications concerning claims submitted through a managed care
organization for services provided by Defendants on and between January 1, 2010 and the present,
including but not limited to:  (a) the date the service was provided; (b) the amount of the claim
submitted to the managed care organization; (c) the Texas Provider Identification Number of the
Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant
that submitted the claim; (e) the address of the location where the service was provided; (f) the
amount of the payment you received for the claim and the identity of the payor; (g) the date you
received the payment for the claim.

## Response to Request for Production No. 3

PPGC objects to this Request for "all documents and communications" as overbroad and

unduly burdensome.  *See* General Objections 5, 10, 11.  PPGC further objects to this Request on

the grounds it calls for information that is not relevant to the allegations in this case in that it seeks

information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General

Objection 9.  PPGC further objects to this Request to the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible due to undue burden and cost.  *See* General Objection 11.  PPGC further objects to this Request to the extent it seeks claims information after March 12, 2021 because it did not submit claims to Texas Medicaid after that date.  *See* General Objection 9.  PPGC further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries.  *See* General Objection 15.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 4**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**Response to Request for Production No. 4**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC

will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 5**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 5**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10, 11. PPGC further objects to this Request to the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible due to undue burden and cost. *See* General Objection 11. PPGC further objects to this Request to the extent it seeks claims information after March 12, 2021 because it did not submit claims to Texas Medicaid after that date. *See* General Objection 9. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request to the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible due to undue burden and cost. *See* General Objection 11. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC

will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 6**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 6**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10, 11. PPGC further objects to this Request to the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible due to undue burden and cost. *See* General Objection 1. PPGC further objects to this Request to the extent it seeks claims information after March 12, 2021 because it did not submit claims to Texas Medicaid after that date. *See* General Objection 9. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries. *See* General Objection 15. PPGC further objects to this Request to the extent it seeks claim data prior to May 3, 2021 because the data is not reasonably accessible due to undue burden and cost. *See* General Objection 11. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.

*See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 7

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

## Response to Request for Production No. 7

PPGC objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 8

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and

Louisiana Medicaid.

**Response to Request for Production No. 8**

PPGC objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 5, 11. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 9**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 9**

PPGC objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 9. PPGC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law. *See* General Objection 3. PPGC further objects to this Request to the extent documents and communications by and between

Kenneth Lambrecht, Jeffrey Hons, and Cecile Richards are not in the possession, custody, or control of PPGC.  *See* General Objection 2.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged, responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

## Response to Request for Production No. 10

PPGC objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case.  *See* General Objections 5, 9, 11.  PPGCA further objects to this Request on the grounds that it calls for documents that are not relevant to the allegations in this case .  *See* General Objection 6.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this Request.

## Request for Production No. 11

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

## Response to Request for Production No. 11

PPGC objects to this Request for "all documents and communications" as it is unduly burdensome and overbroad.  *See* General Objections 5, 10, 11.  PPGC further objects to this Request on the basis that the term "any" is vague and ambiguous.  PPGC further objects to this Request as overbroad, unduly burdensome, not relevant and disproportionate to the needs of the case to the extent it seeks payment information from "any" state or federal program other than Texas Medicaid or Louisiana Medicaid.  *See* General Objections 5, 6.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 21.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

_____/s Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County,
and Planned Parenthood San Antonio*

June 27, 2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood Gulf Coast, Inc.'s Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

/s Tirzah S. Lollar

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD OF GREATER TEXAS, INC.'S**
**OBJECTIONS AND RESPONSES TO RELATOR'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood of Greater Texas Inc. ("PPGT") though its undersigned counsel,

hereby makes the following Responses to Relator's May 27, 2022 First Set of Requests for

Production of Documents.

PPGT responds as follows:

**GENERAL OBJECTIONS**

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGT's specific responses.ma

1.      PPGT objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.      PPGT objects to Instruction No. 1, which purports to require PPGT to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGT, to the extent that such instruction calls for information not within PPGT's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.      PPGT objects to each Request for Production addressed to PPGT because it did not submit any claims for reimbursement to Louisiana Medicaid.  Any objection or response to these Requests shall not be deemed an admission that PPGT submitted any claims for reimbursement to or received payments from Louisiana Medicaid.

4.      PPGT objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGT reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable

protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5.      PPGT objects to each Request for Production to the extent that it seeks a legal conclusion.

6.      PPGT objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

7.      PPGT objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGT to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPGT will limit its responses and productions accordingly.

8.      PPGT objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPGT objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

10.     PPGT objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  PPGT will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

11.     PPGT objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPGT has no reasonable means of searching across *all* of its available documents.  PPGT will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGT does not have an email retention policy.  All emails are retained indefinitely unless manually deleted, however, employees under a litigation hold may not manually delete email.  PPGT will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPGT will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

12.     PPGT objects to each Request to the extent it seeks documents and communications concerning each and every claim submitted to Texas Medicaid for services provided by PPGT or "each payment" PPGT received from any state or federal program as unduly burdensome because of the cost and time that it would take to access such data.  PPGT uses outside third parties to store and manage its patient and billing data.  Creating a new custom report to identify the requested

information is unduly burdensome because PPGT will have to merge data from two sources and work with two different third parties to generate the report.

13.     PPGT objects to each Request for Production to the extent it seeks documents and communications prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.

14.     PPGT objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

15.     PPGT objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGT.

16.     PPGT objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPGT's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

17.     PPGT objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPGT will limit it responses accordingly.

18.     No incidental or implied admissions are intended by the responses herein.  The fact that PPGT has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPGT has answered part or all of any individual Request

for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGT of any objection to such Requests for Production.

19.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGT's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGT's right to rely on other facts and documents at trial.

20.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGT reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

21.     PPGT does not waive any general objections by providing specific responses to Relator's Requests.

22.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

23.     PPGT objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**<u>SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>**

**<u>Request for Production No. 1</u>**

All documents and communications concerning Defendants' provision of services billed

to Texas Medicaid, excluding patient charts.

**Response to Request for Production No. 1**

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 23.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 2**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 2**

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPGT further objects to this Request to the extent it seeks documents prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.   *See* General Objection 13.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

### Request for Production No. 3

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

### Response to Request for Production No. 3

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 6, 11, 12.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks documents prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.  *See* General Objection 13.  PPGT further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries.  *See* General Objection 17.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.

*See* General Objection 23.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 4

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

## Response to Request for Production No. 4

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

## Request for Production No. 5

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

## Response to Request for Production No. 5

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

## Request for Production No. 6

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

### Response to Request for Production No. 6

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

### Request for Production No. 7

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

### Response to Request for Production No. 7

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad.  *See* General Objections 6, 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents and communications related to the submission

of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 8**

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

**Response to Request for Production No. 8**

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objection 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 9**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 9**

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law. *See* General Objection 4. PPGT further objects to this Request to the extent documents and communications by and between Melanie Linton, Jeffrey Hons, and Cecile Richards are not in the possession, custody, or control of PPGT. *See* General Objection 2.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 23.   PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 10**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**Response to Request for Production No. 10**

PPGT objects to this Request on the grounds that it is overbroad, unduly burdensome, and

disproportionate to the needs of the case.  *See* General Objections 6, 10, 11.  PPGT further objects

to this Request on the grounds that it calls for documents that are not relevant to the allegations in

this case.  *See* General Objection 7.

Subject to and on the basis of its General and Specific Objections, PPGT will not produce

documents responsive to this Request.

## Request for Production No. 11

All documents and communications concerning each payment you received from any state
or federal program from January 1, 2010 to present that you returned or refunded to the state or
federal government at any time.

## Response to Request for Production No. 11

PPGT objects to this Request as it is unduly burdensome and overbroad.  *See* General

Objections 6, 11, 12.  PPGT further objects to this Request as the term "any" is vague and

ambiguous. PPGT further objects to this Request as overbroad, unduly burdensome, not relevant,

and disproportionate to the needs of the case to the extent it seeks payment information from "any"

state or federal program other than Texas Medicaid or Louisiana Medicaid.  *See* General

Objections 6, 7.  PPGT further objects to this Request on the grounds it calls for information that

is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to

January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to

this Request to the extent it seeks production of all responsive documents within thirty (30) days

after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as

it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General

Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT

will produce such non-privileged responsive documents that can be located through a reasonable

search on a rolling basis, with all good faith efforts to ensure that production is complete by August

1, 2022.

_____/s Tirzah S. Lollar_____
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned*
*Parenthood Gulf Coast, Inc., Planned*
*Parenthood of Greater Texas, Inc.,*
*Planned Parenthood South Texas, Inc.,*
*Planned Parenthood Cameron County,*
*and Planned Parenthood San Antonio*

June 27, 2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood of Greater Texas Inc.'s Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

_____/s Tirzah S. Lollar_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD SOUTH TEXAS, INC.'S OBJECTIONS AND**
**RESPONSES TO RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood South Texas, Inc. ("PPST") though its undersigned counsel, hereby

makes the following Responses to Relator's May 27, 2022 First Set of Requests for Production of

Documents.

PPST responds as follows:

## GENERAL OBJECTIONS

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPST's specific responses.

1.      PPST objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.      PPST objects to Instruction No. 1, which purports to require PPST to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPST, to the extent that such instruction calls for information not within PPST's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.      PPST objects to each Request for Production addressed to PPST because it did not submit any claims for reimbursement to Louisiana Medicaid.  Any objection or response to these Requests shall not be deemed an admission that PPST submitted any claims for reimbursement to or received payments from Louisiana Medicaid.

4.      PPST objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPST reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable

protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5.      PPST objects to each Request for Production to the extent that it seeks a legal conclusion.

6.      PPST objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

7.      PPST objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPST to provide discovery beyond the scope of Relator's allegations.   Unless otherwise indicated, PPST will limit its responses and productions accordingly.

8.      PPST objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPST objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

10.     PPST objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  Further, PPST did not submit claims to Texas Medicaid after March 12, 2021.  PPST will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

11.     PPST objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPST has no reasonable means of searching across *all* of its available documents.  PPST will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPST does not have an email retention policy.  All emails are retained indefinitely unless manually deleted, however, employees under a litigation hold may not manually delete emails.  PPST will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPST will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

12.     PPST objects to each Request for Production to the extent it seeks documents and communications concerning each and every claim submitted to Texas and Louisiana Medicaid for services provided by PPST prior to May 1, 2013 or "each payment" PPST received from any state or federal program prior to May 1, 2013 or "each payment" PPST received from any state or federal

program prior to May 1, 2013 to the extent it seeks claim data prior to May 1, 2013, as PPST no longer has access to such data.  PPST also objects to each Request for Production to the extent it seeks the date when PPST received the payment for claims submitted to Texas Medicaid because PPST does not track the date when PPST received the payment for the claim.

13.     PPST objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

14.     PPST objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPST.

15.     PPST objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPST's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

16.     PPST objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPST will limit it responses accordingly.

17.     No incidental or implied admissions are intended by the responses herein.  The fact that PPST has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPST has answered part or all of any individual Request

for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPST of any objection to such Requests for Production.

18.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPST's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPST's right to rely on other facts and documents at trial.

19.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPST reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

20.     PPST does not waive any general objections by providing specific responses to Relator's Requests.

21.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

22.     PPST objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPST will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents and communications concerning Defendants' provision of services billed

to Texas Medicaid, excluding patient charts.

**Response to Request for Production No. 1**

PPST objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11. PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 2**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 2**

PPST objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPST further objects to this Request to the extent it seeks claim data prior to May 1, 2013, as PPST no longer has access to such data.  *See* General Objection 12.  PPST further objects to this Interrogatory to the extent that it seeks the date when PPST received the payment for claims submitted to Texas Medicaid because PPST does not track the date when PPST received the payment for the claim.  *See* General Objection 12.  PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 3**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 3**

PPST objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 6, 11, 12.  PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPST further objects to this Request to the extent it seeks claim data prior to May

1, 2013, as PPST no longer has access to such data.   *See* General Objection 12.  PPST further objects to this Interrogatory to the extent that it seeks the date when PPST received the payment for claims submitted to Texas Medicaid because PPST does not track the date when PPST received the payment for the claim.  *See* General Objection 12.  PPST further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries.  *See* General Objection 16.  PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 4**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**Response to Request for Production No. 4**

PPST objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPST did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPST states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 5**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the

location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 5**

PPST objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPST did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPST states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 6**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 6**

PPST objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPST did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPST states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 7**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 7**

PPST objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it

seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22. PPST further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce non-privileged, responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 8**

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

**Response to Request for Production No. 8**

PPST objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11. PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22. PPST further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce non-privileged, responsive documents that can be located through a reasonable search

on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 9**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 9**

PPST objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10.  PPST further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law.  *See* General Objection 4. PPST further objects to this Request to the extent documents and communications by and between Melanie Linton, Kenneth Lambrecht, and Cecile Richards are not in the possession, custody, or control of PPST.  *See* General Objection 2.  PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.   PPST further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 13.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 10**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**Response to Request for Production No. 10**

PPST objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. *See* General Objections 6, 10, 11. PPST further objects to this Request on the grounds that it calls for documents that are not relevant to the allegations in this case. *See* General Objection 7.

Subject to and on the basis of its General and Specific Objections, PPST will not produce documents responsive to this Request.

**Request for Production No. 11**

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

**Response to Request for Production No. 11**

PPST objects to this Request as it is unduly burdensome and overbroad. *See* General Objections 6, 11, 12. PPST further objects to this Request as the term "any" is vague and ambiguous. PPST further objects to this Request as overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to the extent it seeks payment information from "any" state or federal program other than Texas Medicaid or Louisiana Medicaid. *See* General Objections 6, 7. PPST further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPST further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days

after service of the Requests.  *See* General Objection 22.  PPST further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPST will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.


_____/s Tirzah S. Lollar_
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County
and Planned Parenthood San Antonio*

June 27, 2022

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood South Texas, Inc.'s Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

/s Tirzah S. Lollar

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., , | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD GCAMERON COUNTY' S OBJECTIONS
AND RESPONSES TO RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood Cameron County. ("PPCC") though its undersigned counsel,

hereby makes the following Responses to Relator's May 27, 2022 First Set of Requests for

Production of Documents.

PPCC responds as follows:

## GENERAL OBJECTIONS

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPCC's specific responses.

1.      PPCC objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.      PPCC objects to Instruction No. 1, which purports to require PPCC to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPCC, to the extent that such instruction calls for information not within PPCC's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.      PPCC objects to each Request for Production addressed to PPCC because it did not submit any claims for reimbursement to Louisiana Medicaid.  Any objection or response to these Requests shall not be deemed an admission that PPCC submitted any claims for reimbursement to or received payments from Louisiana Medicaid.

4.      PPCC objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPCC reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable

protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5.      PPCC objects to each Request for Production to the extent that it seeks a legal conclusion.

6.      PPCC objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

7.      PPCC objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPCC to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPCC will limit its responses and productions accordingly.

8.      PPCC objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPCC objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

10.      PPCC objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  Further, PPCC did not submit claims to Texas Medicaid after March 12, 2021 that were paid.  PPCC will limit its responses and productions to the time period

February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

11.     PPCC objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPCC has no reasonable means of searching across *all* of its available documents.  PPCC will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPCC does not have an email retention policy.  All emails are retained indefinitely unless manually deleted, however, employees under a litigation hold may not manually delete emails.  PPCC will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPCC will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

12.     PPCC objects to each Request for Production to the extent it seeks documents and communications concerning each and every claim submitted to Texas and Louisiana Medicaid for services provided by PPCC prior to May 1, 2013 or "each payment" PPCC received from any state

or federal program prior to May 1, 2013 or "each payment" PPCC received from any state or federal program prior to May 1, 2013 to the extent it seeks claim data prior to May 1, 2013, as PPCC no longer has access to such data.  PPCC also objects to each Request for Production to the extent it seeks the date when PPCC received the payment for claims submitted to Texas Medicaid because PPCC does not track the date when PPCC received the payment for the claim.

13.   PPCC objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

14.   PPCC objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPCC.

15.   PPCC objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPCC's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

16.   PPCC objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPCC will limit it responses accordingly.

17.   No incidental or implied admissions are intended by the responses herein.  The fact that PPCC has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPCC has answered part or all of any individual Request

for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPCC of any objection to such Requests for Production.

18.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPCC's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPCC's right to rely on other facts and documents at trial.

19.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPCC reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

20.     PPCC does not waive any general objections by providing specific responses to Relator's Requests.

21.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

22.     PPCC objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPCC will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

### **Request for Production No. 1**

All documents and communications concerning Defendants' provision of services billed

to Texas Medicaid, excluding patient charts.

**Response to Request for Production No. 1**

PPCC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11. PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 2**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 2**

PPCC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPCC further objects to this Request to the extent it seeks claim data prior to May 1, 2013, as PPCC no longer has access to such data.  *See* General Objection 12.  PPCC further objects to this Interrogatory to the extent that it seeks the date when PPCC received the payment for claims submitted to Texas Medicaid because PPCC does not track the date when PPCC received the payment for the claim.  *See* General Objection 12.  PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 3**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 3**

PPCC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 6, 11, 12.  PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPCC further objects to this Request to the extent it seeks claim data prior to May 1, 2013, as PPCC no longer has access to such data.  *See* General Objection 12.  PPCC further

objects to this Interrogatory to the extent that it seeks the date when PPCC received the payment for claims submitted to Texas Medicaid because PPCC does not track the date when PPCC received the payment for the claim. *See* General Objection 12. PPCC further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries. *See* General Objection 16. PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 4

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

## Response to Request for Production No. 4

PPCC objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPCC did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPCC states that there are no documents responsive to this Request in its possession, custody, or control.

## Request for Production No. 5

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 5**

PPCC objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPCC did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPCC states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 6**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 6**

PPCC objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPCC did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPCC states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 7**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 7**

PPCC objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11. PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.  PPCC further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce non-privileged, responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 8

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

## Response to Request for Production No. 8

PPCC objects to this Request for "all documents and communications" as unduly burdensome and overbroad.  *See* General Objection 11.  PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.  PPCC further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce non-privileged, responsive documents that can be located through a reasonable search

on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 9**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 9**

PPCC objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10.  PPCC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law. *See* General Objection 4. PPCC further objects to this Request to the extent documents and communications by and between Melanie Linton, Kenneth Lambrecht, Jeffrey Hons, and Cecile Richards are not in the possession, custody, or control of PPCC.  *See* General Objection 2.  PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.  PPCC further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 10**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**Response to Request for Production No. 10**

PPCC objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case.  *See* General Objections 6, 10, 11.  PPCC further objects to this Request on the grounds that it calls for documents that are not relevant to the allegations in this case.  *See* General Objection 7.

Subject to and on the basis of its General and Specific Objections, PPCC will not produce documents responsive to this Request.

**Request for Production No. 11**

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

**Response to Request for Production No. 11**

PPCC objects to this Request as it is unduly burdensome and overbroad.  *See* General Objections 6, 11, 12.  PPCC further objects to this Request as the term "any" is vague and ambiguous. PPCC further objects to this Request as overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to the extent it seeks payment information from "any" state or federal program other than Texas Medicaid or Louisiana Medicaid.  *See* General Objections 6, 7.  PPCC further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPCC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days

after service of the Requests.  *See* General Objection 22.  PPCC further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPCC will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

_____/s Tirzah S. Lollar_____
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

June 27, 2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood Cameron County's Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

/s Tirzah S. Lollar

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD GSAN ANTONIO'S OBJECTIONS AND RESPONSES TO RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court, Defendant Planned Parenthood San Antonio ("PPSA") though its undersigned counsel, hereby makes the following Responses to Relator's May 27, 2022 First Set of Requests for Production of Documents.

PPSA responds as follows:

## <u>GENERAL OBJECTIONS</u>

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPSA's specific responses.

1.     PPSA objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.     PPSA objects to Instruction No. 1, which purports to require PPSA to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPSA, to the extent that such instruction calls for information not within PPSA's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.     PPSA objects to each Request for Production addressed to PPSA because it did not submit any claims for reimbursement to Louisiana Medicaid.  Any objection or response to these Requests shall not be deemed an admission that PPSA submitted any claims for reimbursement to or received payments from Louisiana Medicaid.

4.     PPSA objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPSA reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable

-2-

protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5.      PPSA objects to each Request for Production to the extent that it seeks a legal conclusion.

6.      PPSA objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

7.      PPSA objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPSA to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPSA will limit its responses and productions accordingly.

8.      PPSA objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPSA objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

10.      PPSA objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  Further, PPSA did not submit claims to Texas Medicaid after March 12, 2021 that were paid.  PPSA will limit its responses and productions to the time period

February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

11.     PPSA objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPSA has no reasonable means of searching across *all* of its available documents.  PPSA will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPSA does not have an email retention policy.  All emails are retained indefinitely unless manually deleted, however, employees under a litigation hold may not manually delete emails. PPSA will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPSA will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

12.     PPSA objects to each Request for Production to the extent it seeks documents and communications concerning each and every claim submitted to Texas and Louisiana Medicaid for services provided by PPSA prior to May 1, 2013 or "each payment" PPSSA received from any

state or federal program prior to May 1, 2013 or "each payment" PPSA received from any state or federal program prior to May 1, 2013 to the extent it seeks claim data prior to May 1, 2013, as PPSA no longer has access to such data.  PPSA also objects to each Request for Production to the extent it seeks the date when PPSA received the payment for claims submitted to Texas Medicaid because PPSA does not track the date when PPSA received the payment for the claim.

13.     PPSA objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

14.     PPSA objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPSA.

15.     PPSA objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPSA's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

16.     PPSA objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPSA will limit it responses accordingly.

17.     No incidental or implied admissions are intended by the responses herein.  The fact that PPSA has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPSA has answered part or all of any individual Request

for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPSA of any objection to such Requests for Production.

18.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPSA's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPSA's right to rely on other facts and documents at trial.

19.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPSA reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

20.     PPSA does not waive any general objections by providing specific responses to Relator's Requests.

21.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

22.     PPSA objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPSA will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

### **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

#### **Request for Production No. 1**

All documents and communications concerning Defendants' provision of services billed

to Texas Medicaid, excluding patient charts.

**Response to Request for Production No. 1**

PPSA objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11. PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, /PPSA will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 2**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 2**

PPSA objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPSA further objects to this Request to the extent it seeks claim data prior to May 1, 2013, as PPSA no longer has access to such data.  *See* General Objection 12.  PPSA further objects to this Interrogatory to the extent that it seeks the date when PPSA received the payment for claims submitted to Texas Medicaid because PPSA does not track the date when PPSA received the payment for the claim.  *See* General Objection 12.  PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 3**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 3**

PPSA objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 6, 11, 12.  PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPSA further objects to this Request to the extent it seeks claim data prior to May 1, 2013, as PPSA no longer has access to such data.  *See* General Objection 12.  PPSA further

objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries. *See* General Objection 16. PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 4**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**Response to Request for Production No. 4**

PPSA objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3. Because PPSA did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPSA states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 5**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 5**

PPSA objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPSA did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPSA states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 6**

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 6**

PPSA objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPSA did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPSA states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 7**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 7**

PPPSA objects to this Request for "all documents and communications" as unduly burdensome and overbroad.  *See* General Objections 6, 11.  PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General

Objection 10.  PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.  PPSA further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce non-privileged, responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 8**

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

**Response to Request for Production No. 8**

PPSA objects to this Request for "all documents and communications" as unduly burdensome and overbroad.  *See* General Objection 11.  PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 22.  PPSA further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce non-privileged, responsive documents that can be located through a reasonable search

on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 9**

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 9**

PPSA objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10.  PPSA further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law. *See* General Objection 4. PPSA further objects to this Request to the extent documents and communications by and between Melanie Linton, Kenneth Lambrecht, Jeffrey Hons, and Cecile Richards are not in the possession, custody, or control of PPSA. *See* General Objection 2.  PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 22.  PPSA further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 10**

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

**Response to Request for Production No. 10**

PPSA objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. *See* General Objections 6, 10, 11. PPSA further objects to this Request on the grounds that it calls for documents that are not relevant to the allegations in this case. *See* General Objection 7.

Subject to and on the basis of its General and Specific Objections, PPSA will not produce documents responsive to this Request.

**Request for Production No. 11**

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

**Response to Request for Production No. 11**

PPSA objects to this Request as it is unduly burdensome and overbroad. *See* General Objections 6, 11, 12. PPSA further objects to this Request as the term "any" is vague and ambiguous. PPPSA further objects to this Request as overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to the extent it seeks payment information from "any" state or federal program other than Texas Medicaid or Louisiana Medicaid. *See* General Objections 6, 7. PPSA further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPSA further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days

after service of the Requests.  *See* General Objection 22.  PPSA further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPSA will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

<u>            /s Tirzah S. Lollar</u>
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron Countyand Planned Parenthood San Antonio*

June X27, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood San Antonio's Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

/s Tirzah S. Lollar