IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br>        Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br>        Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF RELATOR'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES**

On August 31, 2022, Relator Alex Doe filed a Motion to Compel against Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("PPFA Affiliates"), requesting that the Court enter an order compelling the PPFA Affiliates to produce all documents and communications responsive to Relator's First Requests for Production for the same reasons that the Court entered an order compelling PPFA to produce all similar documents and communications in its possession in response to the same discovery requests. *See* Dkt. 153. Because this Court has already found that such an order was appropriate as to the same requests to PPFA, there is no need to spend over a month briefing this motion, and because Relator is now prejudiced having waited in good faith to file this motion until after the PPFA Affiliates completed their "rolling production" only to receive a tiny fraction of the documents they should have received, expedited briefing and consideration of the motion is appropriate.

## BACKGROUND

As recounted in the Motion to Compel, on May 27, 2022, Relator served the PPFA Affiliates with Relator's First Requests for Production. On June 27, 2022, the PPFA Affiliates served objections and responses to Relator's First Requests for Production. The PPFA Affiliates objected to the requests on numerous grounds and responded that, subject to their objections, they would produce responsive documents on a rolling basis. On July 11, 2022, counsel for Relator and the PPFA Affiliates met

and conferred regarding the PPFA Affiliates' objections and responses. Since July 11, 2022, the PPFA Affiliates have produced three sets of documents in response to Relator's discovery requests. Relator's counsel reviewed the documents and emails and determined that the PPFA Affiliates have produced only 857 emails, *total*, in response to Relator's discovery requests. On August 30, 2022, counsel for Relator and the State of Texas met and conferred with counsel for the PPFA Affiliates, and the PPFA Affiliates stated that they had completed their rolling production and would not be producing any additional emails in response to Relator's discovery requests.

Based on Relator's review, the PPFA Affiliates' document production is woefully inadequate, so Relator moved to compel the PPFA Affiliates to produce all responsive documents and communications in the PPFA Affiliates' possession, custody, or control. *See* Dkt. 154. In that Motion, Relator requests the same relief as to the PPFA Affiliates that the Court ordered on August 25, 2022 as to PPFA. *See* Dkt. 153.

**ARGUMENT**

As explained in Relator's Third Motion to Compel and as this Court already determined with respect to PPFA, the PPFA Affiliates' documents and communications concerning Texas Medicaid and/or Louisiana Medicaid are "probative of every issue in this case." Dkt. 153 at 3. This Court has also already determined that the requested documents and communications are likely to lead to admissible evidence that may be used at trial to prove key issues in the case. *See* Dkt. 153 at 3-4. Nor can the PPFA Affiliates plausibly contend that Relator's discovery

3

requests are irrelevant to his claims. *See* Dkt. 153 at 4. Further, while the PPFA Affiliates objected to Relator's discovery requests as overly broad and unduly burdensome, they have not provided factual support for their undue burden and overbreadth objections. *See* Dkt. 153 at 4. On the contrary, and unlike PPFA, the PPFA Affiliates stated they would produce responsive documents on a rolling basis. But that production is now complete and it is apparent that the PPFA Affiliates have not complied with the requests or their discovery obligations.

Relator delayed filing the Motion to Compel in good faith reliance on PPFA Affiliates' counsel's statement that responsive documents would be produced on a rolling basis. But Relator's good faith (and attempt to avoid having to burden this Court with another motion to compel) was rewarded with the PPFA Affiliates' abuse of the discovery process. Relator now has only 847 emails from the PPFA Affiliates regarding key issues in this case with the end of discovery fast approaching. Given that the Court already decided that this discovery is both relevant and proportionate to the case, there is no need for extensive briefing to allow the PPFA Affiliates to continue to delay and shirk their discovery obligations.

## CONCLUSION

For the reasons stated above, Relator respectfully requests that the Court expedite briefing and consideration of Relator's Third Motion to Compel. Relator proposes that the Court order the PPFA Affiliates to respond to the Third Motion to Compel by September 6, 2022, and Relator to file any reply by September 8, 2022.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF CONFERENCE

On August 31, 2022, in accordance with Local Rule 7.1(b), counsel for Relator certifies that they conferred with counsel for the PPFA Affiliates regarding the relief requested in this motion. Counsel for the PPFA Affiliates stated that they opposed this relief.

/s/ Andrew B. Stephens<br>
Andrew B. Stephens

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Andrew B. Stephens
Andrew B. Stephens
