IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America <br> *ex rel.* ALEX DOE, Relator, <br><br> The State of Texas <br> *ex rel.* ALEX DOE, Relator, <br><br> The State of Louisiana <br> *ex rel.* ALEX DOE, Relator, <br>     Plaintiffs, <br> v. <br><br> Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., <br><br>     Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z <br><br> Date:    August 31, 2022 |

## AFFILIATE DEFENDANTS' OPPOSITION TO
## RELATOR'S MOTION TO EXPEDITE BRIEFING

Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") oppose Relator's Motion to expedite briefing on Relator's third motion to compel ("Motion to Expedite") [Dkt. 155].

### BACKGROUND

Affiliate Defendants have been transparent with Relator about their search methods, providing a list of their search terms and overview of their search methodology. During an August 30 meet and confer regarding the search terms and methodology, Relator stated that he did not have concerns about the search terms used by Affiliate Defendants, but rather believed that

Affiliate Defendants must have been withholding responsive documents because of the low responsive rate that resulted from the search they conducted. Affiliate Defendants explained that Relator seemed to misunderstand the search methodology that they had employed and agreed to provide additional information promptly to Relator, including the identities of the custodians searched and number of emails that were hit by the search terms. Affiliate Defendants offered to consider adding any other custodians Relator's counsel identified. Affiliate Defendants also asked Relator's counsel if there were types of documents or date ranges of documents he thought were missing from the production so Affiliate Defendants could look into whether there were gaps in their production. Relator's counsel did not specify what, if anything, was missing from the production, instead asserting without support that the size of the production indicated that relevant documents had been withheld. Notwithstanding Affiliate Defendants' willingness to provide additional information about its search within days and to consider expanded search methods, Relator instead filed a motion to compel and sought expedited briefing.

## ARGUMENT

The Court should deny Relator's motion to expedite briefing. Every other motion to compel filed by the parties has adhered to this Court's standard briefing schedule. There is no reason to deviate from that practice here. This Court's standard briefing schedule will not cause unnecessary delay, as more than six weeks will remain in the discovery period after all briefing is complete. Adhering to the normal schedule will instead provide the parties sufficient time to develop briefing that will aid this Court in its resolution of the motion. In order to provide this Court with the full information necessary to decide the important issues raised by Relator's motion -- including about the burden that certain discovery requests would impose on Affiliate Defendants, Affiliate Defendants' extensive discovery efforts thus far (including the production of

more than 6,000 documents responsive to Relator's RFPs)[1], and a complete discussion of relevant legal authorities -- Affiliate Defendants need more than three business days to respond. As this Court noted in granting Relator's motion to compel discovery from PPFA, a party raising a burden objection (which Affiliate Defendants do here) "must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." Dkt. 153 at 4. Affiliate Defendants will work expeditiously to prepare declarations providing the basis for their burden objections, but they would be unfairly prejudiced if afforded only three business days to do so – particularly with an intervening holiday weekend during which party representatives and counsel have pre-existing plans and/or family obligations. If the Court is inclined to expedite briefing at all, although it would be a challenge, Affiliate Defendants believe they could respond within 14 days (instead of 21), and would suggest then that Relator would have 9 days (instead of 14) to file a reply.

Further, contrary to Relator's assertion, this Court has not already decided the issues presented by Relator's motion. Relator wrongly contends that full briefing on his motion is unnecessary because this Court has already decided that an order compelling production of "similar documents and communications . . . was appropriate." Dkt. 155 at 2. Relator moved to compel production of different documents from a different party, which was at a different stage of its document collection and production process. The Court has not decided these issues as to the Affiliate Defendants and Affiliate Defendants should be afforded the opportunity to fully brief the issues and explain why they are differently situated. As the Court knows, Relator moved to compel

---

[1] Relator complains that Affiliate Defendants only produced 857 emails, ignoring the fact that Affiliate Defendants produced 6,000 documents in total responsive to Relator's First Set of Requests for Production, comprised of emails, email attachments, and stand-alone documents, which span more than 175,000 pages.

production of broad categories of documents from PPFA related to its relationship with Affiliate Defendants.  That is very different than what his current motion to compel seeks from Affiliate Defendants.  It instead seeks to compel production of  various broad categories of documents related to their provision of services and billings under Medicaid.  Affiliate Defendants' arguments about relevance, burden, and overbreadth are different from PPFA's arguments.  They are different organizations with different roles; they have different employees and thus different custodians; they have applied different search terms and other methods of identifying and producing documents; and they face different burdens in the discovery process.  Affiliate Defendants have not yet had the opportunity to be heard by the Court on these issues.

All Affiliate Defendants seek is the same treatment that has been afforded to every other party in this litigation that has been subject to a motion to compel, including Relator himself and Texas.  Several other motions to compel are pending resolution at this time, and *all of them* have been briefed according to the Court's standard briefing schedule.  As of filing, PPFA's motion to compel against Relator [Dkt. 131], PPFA's motion to compel against Texas [Dkt. 132], and Affiliate Defendants' motion to compel against Texas [Dkt. 127] are fully briefed and pending a ruling.  PPGC will be filing a reply in support of its motion to compel against Relator [Dkt. 134] tomorrow and then that motion also will be fully briefed and pending a ruling.  Affiliate Defendants would be prejudiced if they are required to respond to Relator's most recent motion to compel on expedited briefing schedule while the Plaintiffs were not required to do the same in responding to motions to compel.  *See also* Dkt. 146 (denying Defendants' motion to expedite briefing and consideration of motion to transfer venue or to stay on grounds of prejudice to Plaintiffs).  Relator also seeks to impose sanctions on Affiliate Defendants [Dkt. 154 at 4], providing yet another reason to give Affiliate Defendants the full 21 days to respond permitted under the Local Rules.

## CONCLUSION

For the foregoing reasons, this Court should deny Relator's Motion to expedite briefing on Relator's third motion to compel [Dkt. 155].

Dated:  August 31, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

/s/ *Tirzah S. Lollar*
Tirzah S. Lollar