IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>      Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>      Defendants. | NO. 2:21-CV-22-Z |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S
MOTION FOR PROTECTIVE ORDER AND FOR CLARIFICATION**

Pursuant to Paragraph 7 of the Protective Order [DE 133], Planned Parenthood Federation of America, Inc. ("PPFA") moves for an order "to preserv[e] the designated status of [] disputed information" in PPFA's first three document productions to Relator. Following those productions, Relator generically objected to all documents that PPFA had designated as "Confidential" or as "Confidential Attorney Eyes Only Information" ("AEO"). Counsel for PPFA and Relator since have conferred by email and telephone and narrowed their dispute. Approximately 250 documents remain at issue. Because Relator still has not identified any specific document that he believes to be improperly designated, this Motion addresses these documents by subject-matter categories, with exemplars filed with PPFA's concurrently filed Motion to Seal.

1

PPFA also respectfully requests guidance from the Court regarding the procedures the parties should use to resolve designation challenges in the future. In particular, PPFA seeks an instruction from the Court that Relator may not continue to make sweeping, nonspecific objections to PPFA's designations. Instead, Relator must—as the Protective Order's language indicates—object to individual designations and provide reasoned explanations for each objection. Otherwise, the parties cannot meaningfully meet and confer on designation challenges.

Such guidance is necessary because it is now clear that Relator intends to assert unspecified objections to every document that PPFA designates confidential or AEO. After PPFA continued its rolling production yesterday, Relator immediately lodged an objection to every AEO and Confidential designation in PPFA's fourth and fifth productions, without any explanation. This approach will unnecessarily waste enormous party and Court resources on disputes that are divorced from the merits of the case regarding documents that no party has even yet sought to use in depositions or motion practice. *See, e.g.*, *Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648 (D. Colo. 2021) (criticizing party for "conflat[ing] the entry of a protective order that facilitates the exchange of discovery in an efficient manner with the restriction of information and/or documents from the public docket"). It will also be untenable in the context of PPFA's forthcoming production of what PPFA anticipates will be tens of thousands of documents.

I.   BACKGROUND

On August 17, 2022, Relator's counsel sent an email to PPFA's counsel, objecting to (1) any documents that PPFA designated Confidential that do not contain Protected Health Information ("PHI") and (2) any documents that PPFA designated AEO that do not contain Personal Identification Information ("PII") as listed in examples 1–6 of the Protective Order. *See* Ex. A (Email Chain between Counsel) at 2. PPFA's counsel responded by noting that

"Confidential Information" under the Protective Order includes information beyond PHI, such as commercial information or information subject to confidentiality agreements. Ex. A at 1. PPFA's counsel also noted that AEO designations extend to information beyond PII, such as sensitive financial information. *Id.* Because PPFA marked non-PII/PHI documents Confidential or AEO consistent with those other categories of protected information, PPFA's counsel asked Relator's counsel to identify any documents that he believed were inappropriately designated, so that PPFA could review those documents and address any concerns. *Id.*

Relator's counsel declined to do so. Instead, on August 18, 2022, Relator's counsel reiterated his blanket "objection to every document [PPFA] ha[s] designated as confidential or AEO other than those that contain protected health information or personal identifying information listed in example (1)-(6) in Paragraph 2 of the Protective order." *Id.* He stated that if PPFA could provide the basis for its designations of documents not containing PHI or PII, then he might withdraw his objections to some of the documents. *Id.*

To promote resolution of Relator's challenges without Court intervention, PPFA reviewed its designations, modified some of them, and ultimately narrowed the dispute over designations to about 250 documents. PPFA then created a chart identifying each designated document by Bates number and the reason each document qualified for protection. *See* Ex. B. PPFA provided this chart to Relator's counsel on August 30, 2022, after counsel for Relator and PPFA met and conferred by telephone. Ex. C.

During the telephonic conference, PPFA's counsel again asked Relator to identify specific designations that Relator considered improper so that counsel could discuss the reasons underlying Relator's challenge to particular documents (or categories of documents) and PPFA could explain why it considered them to be properly designated. PPFA's counsel proposed that Relator

3

temporarily withdraw his blanket objections so that counsel for PPFA and Relator could work through the remaining designated documents, reiterating that it made little sense to burden the Court with a designation dispute over essentially every designated document not containing PHI or PII. Relator's counsel declined that proposal and, again, declined to identify any specific, allegedly improperly designated document, but indicated that he would let PPFA's counsel know if Relator could agree to withdraw any objections. PPFA's counsel has not heard further from Relator's counsel at the time of filing.

**II.   THE PROTECTIVE ORDER'S RELEVANT PROVISIONS**

Paragraph 2 of the Protective Order governs what information or documents may be designated "Confidential Information" or "Confidential Attorney Eyes Only Information."

The "Confidential Information" designation means:

> [T]he document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including 'protected health information' as the such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ('HIPAA').

Protective Order at 2.

The "Confidential Attorney Eyes Only Information" designation means:

> [T]he document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information and Personal Identification Information, which includes: (1) social security numbers of Relator, Planned Parenthood staff, or State employees; (2) any financial account numbers of Relator, Planned Parenthood and/or its staff, and the State and/or its employees; (3) birthdates of Relator, Planned Parenthood staff, or State employees; (4) drivers' license numbers of Relator, Planned Parenthood staff, or State employees; (5) home addresses of Relator, Planned Parenthood staff, or State employees; (6) personal email addresses of Relator, Planned

>    Parenthood staff, or State employees; and (7) the names of non-publicly identified Planned Parenthood employees.

Protective Order at 2.

Paragraph 7 of the Protective Order outlines the procedure for challenging and preserving the above-identified designations and provides, in relevant part, that:

>    A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with Local Rule 7.l(a). If the parties are unable to reach an agreement through the meet and confer process, the producing party shall be required to move the court for an order preserving the designated status of the disputed information. Failure to file a motion with the Court within fourteen (14) days of the written objection shall terminate any restrictions and nullify any designation of "Confidential Information" or "Confidential Attorney Eyes Only Information" on the use of such information.

Protective Order at 5.

### III.   THE DESIGNATIONS WERE MADE IN GOOD FAITH AND SHOULD STAND.

PPFA's designations fall into roughly six categories of documents, all protectable under the Protective Order. Because the challenged documents consist of several thousand pages, PPFA has provided the Court with exemplars of each category as exhibits to the attached Declaration of Vickie Jane Barrow-Klein. Ex. D (the "Declaration"). The exemplars have been filed under seal with PPFA's Motion to Seal. PPFA is happy to provide the Court with all designated documents for review *in camera* at the Court's request.

As explained in the Declaration, PPFA designated various documents in its first three productions as Confidential or AEO under the Protective Order. *Id.* ¶ 6. As to the documents designated AEO, PPFA considers and treats the information in those documents as especially confidential, proprietary, and/or competitively sensitive. PPFA takes reasonable measures to protect this confidential, proprietary, or competitively sensitive information from public

disclosure, including by storing the information in secure files, by limiting internal distribution to only those who require access to the information to carry out their duties and responsibilities, and implementing security procedures. Documents designated as Attorneys' Eyes Only includes documents not shared with the public, as well as certain information which is not known by or routinely shared with PPFA Affiliates. PPFA's employees also acknowledge receipt of policy documents that require PPFA employees to keep confidential internal private information. *See id.* ¶ 7.

The AEO-designated documents include the following categories:

(1) <u>Highly Sensitive Strategic, Programmatic, or Financial Information</u>. The documents in this category reflect PPFA's highly sensitive confidential information, including non-public information about PPFA's current grants or agreements and their terms; information reflecting PPFA's strategic or programming priorities; specific details about non-public programs or initiatives; key relationships with business partners whose contracts require anonymity or non-disclosure of the business relationship; and information on abortion providers that is treated with a high degree of secrecy even within PPFA, such that only about 5% of PPFA employees have access to the documents. In the regular course of business, PPFA does not release publicly the information reflected in the documents listed in this category. Attached as Exhibit 2 to the Declaration is a selection of documents within this category. Disclosure of this confidential and propriety information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors in the provision of healthcare services, and could disrupt PPFA's current programs or standing in the marketplace as well as expose the staff of PPFA, an Affiliate, and/or a business partner to unwarranted harassment or personal harm. For example, disclosure of the

information could disrupt the ability of an Affiliate to provide care to its patients, or for an Affiliate to recruit medical providers. *See id.* ¶ 8.

(2) <u>Internal Market and Financial Information</u>. The documents listed in this category reflect highly sensitive confidential and proprietary information that incorporates PPFA's analysis of the financial performance of PPFA or one of its Affiliates, or PPFA's analysis of the marketplace that PPFA prepares in pursuit of a competitive advantage. The information contained in the documents listed in this category is not information that PPFA ordinarily releases publicly, and in the regular course of business, PPFA treats this information and analyses as sensitive and confidential. Attached as Exhibit 3 to the Declaration is a selection of documents within this category. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, because it would reveal detailed information about the volume and variety of medical services provided by various PPFA Affiliates, and provide information about the financial performance of Affiliates that are not parties to this litigation. *See id.* ¶ 9.

(3) <u>Proprietary Fundraising Strategy</u>. The documents in this category reflect PPFA's highly sensitive confidential and proprietary information about PPFA's donor and fundraising strategy, including PPFA's collaborations with other organizations on fundraising strategies and efforts. In the regular course of business, PPFA does not release this information publicly. Attached as Exhibit 4 to the Declaration is an example document within this category. Disclosure of this confidential and propriety information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors because it would reveal the proprietary best practices that PPFA has developed regarding collaborative fundraising efforts, and could disrupt PPFA's ability to attract and retain donors or raise funds for its strategic priorities. *See id.* ¶ 10.

PPFA also has designated some documents as "Confidential" under the Protective Order. In compliance with the Protective Order, PPFA considers and treats the information described below as confidential, proprietary, and/or competitively sensitive. PPFA takes reasonable measures to protect this confidential, proprietary, or competitively sensitive information from public disclosure, including by storing the information in secure files, implementing security procedures, and by limiting internal distribution to only those who require access to the information to carry out their duties and responsibilities. PPFA's employees also acknowledge receipt of policy documents that require PPFA employees to keep confidential internal private information. *Id.* ¶ 11.

The "Confidential" documents consist of those in the following categories:

(4)   <u>Strategic Programming Information</u>. The documents listed in this category contain information that reflects PPFA's confidential strategic or programming priorities that do not rise to the level of Confidential – Attorneys' Eyes Only, but is nevertheless confidential and sensitive. This is not information that PPFA ordinarily releases publicly. Attached as Exhibit 5 to the Declaration is a selection of documents within this category. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, such as by revealing non-public information about PPFA sponsors, how PPFA allocates resources between Affiliates and in support of various programs or initiatives, or by revealing how PPFA assesses the efficacy of its programs. *Id.* ¶ 12.

(5)   <u>Safety and Security Information</u>. The documents listed in this category contain information that reflect the physical- or cyber-security of PPFA or its Affiliates. This is not information that PPFA or its Affiliates release to the public in the regular course of business. Attached as Exhibit 6 to the Declaration is an example document within this category. Disclosure

of this information could harm PPFA by disclosing information about the systems that PPFA uses to protect the safety of its employees as well as to safeguard confidential information of PPFA and others, including Protected Health Information of individual patients. *Id.* ¶ 13.

(6)   <u>Sensitive Business Relationships</u>.  The documents listed in this category contain information about how PPFA or its Affiliates conduct business and PPFA's contractual and business relationships with entities that assist PPFA and its Affiliates in real estate transactions. This is not information that PPFA or its Affiliates release to the public in the regular course of business.  Attached as Exhibit 7 to the Declaration is an example document within this category. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, and could hurt PPFA's ability to operate in the marketplace, such as by impeding the Affiliates' ability to secure the real estate required to support their daily operations.  *Id.* ¶ 14.

(7)   <u>Miscellaneous Sensitive Documents</u>.  The documents listed in this category are attached as Exhibit 8 to the Declaration and contain sensitive, confidential PPFA information that PPFA does not release publicly in the regular course of business that does not fall within one of the previous categories.  *Id.* ¶ 15.  The documents included in Exhibit 8 are:

- PPFA00001492, which contains non-public information about a grant issued by PPFA as well as information about employee benefit programs.  In a market where health care workers are in high demand, it provides detailed information on a key strategic benefit offered that gives PPFA and Affiliates an edge over others competing in the same workforce space;

- PPFA00001588, which contains non-public information about a data privacy incident at a PPFA Affiliate as well as information about that Affiliate's associated costs;

- PPFA00004666 and PPFA00004675, which are copies of correspondence from a PPFA business partner that attaches and references a document which contains Internal Market and Financial Information marked Confidential – Attorneys' Eyes Only; and

9

- PPFA00004778, which is a spreadsheet that contains confidential information and analysis of the performance of PPFA Affiliate health centers.

*Id.* ¶ 15.

\*   \*   \*   \*   \*

Relator has not explained why any designated document does not qualify for the indicated level of protection. Instead, Relator has "prophylactically" challenged every designation. Because each of the types of documents described above facially qualify for protection under the Protective Order, PPFA respectfully requests that the Court preserve the protections for each designated document. *See SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163, 168 (M.D.N.C. 2002) ("The burden of reviewing such a wholesale request [to remove confidentiality protections] constitutes grounds for denying the same.").

### IV. RELATOR'S BLANKET OBJECTIONS PREVENT MEANINGFUL DIALOGUE AND RESOLUTION OF DESIGNATION CHALLENGES.

PPFA has made every effort to resolve Relator's designation challenge in good faith and without Court intervention. But those efforts have been frustrated by Relator's approach. Relator's unelaborated blanket challenge to every designated document not containing PHI or PII is not what the Protective Order or the law envisions, and it virtually forecloses good faith conferral over PPFA's substantial interest in maintaining the confidentiality of certain of its non-public documents. *Cf. Barrington*, 339 F.R.D. at 650 (concluding that early, "preemptive" court review of proposed confidential documents "would impede the goal that civil discovery be largely self-regulating"). That Relator intends to persist in this approach was further demonstrated by his counsel's objection yesterday to <u>every</u> AEO-designated document in PPFA's fifth production of documents—just hours after receiving that production—including documents that unequivocally include PII that Relator's counsel already has conceded may be designated as AEO (as the Protective Order mandates he must). *See* Ex. E.

Relator (and every other party) must target specific designated documents to properly raise a designation objection and trigger the procedural mechanisms under the Protective Order. That is what the Protective Order's plain text requires. *See SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1272 (10th Cir.2010) ("The starting point for interpretation of a protective order lies in its plain language."). Paragraph 7 addresses disagreements with "a designation" and written requests to "change the designation." (emphasis added). PPFA cannot substantively or efficiently address Relator's concerns otherwise. Instead, PPFA has been forced to generally defend against unstated objections over broad swaths of designated documents, creating an obstacle to the free flow of documents between the parties that protective orders were designed to facilitate. *See, e.g.*, *Estate of Graves ex rel. Graves v. Nye Cnty., Nev.*, 2022 WL 902366, at *2 (Mar. 28, 2022) (explaining that protective orders like that here "are intended to facilitate the exchange of discovery documents" by, among other things, "permitting litigants to freely exchange sensitive information without the risk of disclosure"); *Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("[T]he use of blanket protective orders conserves judicial resources-and taxpayer money-by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003))).

Case law supports a document-specific approach to designation challenges. *See, e.g.*, *F.D.I.C. v. Cuttle*, 2013 WL 878773, at *4 (E.D. Mich. Mar. 8, 2013) (requiring "the challenging party [to] object to the designation of *particular material* and provide written notice of same to the designating party"). That approach "permits the designating party to review its designation of the material within the short [] window" and "to petition the Court for a ruling as to the particular designations challenged if the parties cannot agree on a resolution." *See id*. It also reduces the

scope of any dispute ultimately presented to the Court; as it stands, Relator's objections unnecessarily implicate thousands of pages of documents (which Relator's counsel either has not reviewed, or has refused to discuss despite a review).  As one district court in the Fifth Circuit has observed, even if a challenging party believes that a producing party has "blanketly marked" documents, it is nonetheless improper to respond in kind because "there must be some concrete challenge to begin the debate."  *Muslow v. Bd. of Supers. of La. State Univ.*, 2021 WL 4243354, at *3 (E.D. La. May 25, 2021) (collecting cases).

Indeed, a document-specific approach has been endorsed by courts in this District. Notably, Judge Horan has denied a "motion to alter the confidential status of designated information" precisely because the challenging party had not "properly confer[ed] as to each item in dispute" because it had not "addresse[d] designations as to specific materials."  *See Samsung Elec. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 287 (N.D. Tex. 2017).  Accordingly, PPFA respectfully asks the Court to clarify that Paragraph 7 does not permit blanket challenges to confidentiality designations, and instead requires the challenging party to identify specific designated documents of concern and to substantively identify to the producing party the basis for those concerns before the 14-day clock for a producing party to file a motion for protection begins to run.

## CONCLUSION

PPFA respectfully requests that the Court enter an order preserving the confidentiality designations at issue and clarifying that Paragraph 7 of the Protective Order requires document-specific challenges to designations.

Dated: August 31, 2022                                    **O'MELVENY & MYERS LLP**

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 371-8333
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, the foregoing document was electronically filed and served upon all parties and counsel of record via the Court's CM/ECF system.

/s/ *Danny S. Ashby*
Danny S. Ashby

## CERTIFICATE OF CONFERENCE

I hereby certify that, between August 17 and August 30, 2022, and counsel for PPFA conferred with counsel for Relator regarding the substance of the foregoing. Counsel for Relator stated that Relator opposes maintaining the designations addressed in this motion.

/s/ *Danny S. Ashby*
Danny S. Ashby