IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>   Plaintiffs,<br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>   Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    September 1, 2022 |

**PPGC'S REPLY IN SUPPORT OF ITS
<u>MOTION TO COMPEL RELATOR</u>**

Since PPGC filed its motion to compel, Relator has made a substantial document production, which PPGC appreciates.[1] Relator has not, however, addressed PPGC's arguments regarding Relator's deficient privilege objections or PPGC's request that Relator provide a privilege log by a date certain. Further, the Court should order Relator to preserve and produce

---

[1] Citing this Court's Order denying Defendants' motion to unseal Relator's identity, Relator notes that "PPGC repeatedly utilized gendered pronouns for Relator in its filed motion." Dkt. 148 at 2 n.1. PPGC appropriately used male gendered pronouns to refer to Relator because Relator filed this lawsuit using a male pseudonym – Alex Doe. Indeed, this Court has used male gendered pronouns to refer to Relator. *See, e.g.*, Dkt. 153 at 4. Plaintiffs also have used male pronouns in their complaints and other filings. *See, e.g.,* Dkt. 2 at ¶ 2; Dkt. 22 at ¶ 51; Dkt. 62 at 22.

1

data from Relator's computer and email inbox in accordance with best practices, particularly given the lack of transparency Relator's counsel has provided regarding his document collection methodology. For these reasons, the Court should grant PPGC's motion to compel.

Despite Relator's assurance in his August 18, 2022 opposition that he would provide supplemental interrogatory responses within a week [Dkt. 148 at 4], PPGC did not receive them until late in the evening on August 31, 2022 — two weeks after Relator's opposition was filed. Given that Relator waited until well past the date he had promised supplemental responses by, and until the eve of this reply, PPGC has not yet had the opportunity to determine whether Relator's supplemental responses are sufficient as to Interrogatories 1-8 and 11 and reserves all rights to seek to compel further responses within fifteen days of receipt of the supplemental interrogatory responses. *See* Dkt. 123 at 5.

## I.     Relator's Privilege Assertions Are Inadequate and Improper

Relator makes no effort to defend his plainly meritless privilege assertions. Although Relator says he will produce a privilege log, as discussed in PPGC's motion, several of Relator's privilege assertions are facially invalid. The Court should order Relator to promptly produce (1) any documents being withheld on the basis of a "government investigative privilege"; and (2) documents dated before February 5, 2021 being withheld on the basis of the common interest privilege. In addition, to ensure that the parties and the Court have adequate time to address any further privilege disputes, the Court should also order Relator to provide a privilege log by a date certain, either within four weeks following completion of his production or by September 30, 2022, whichever comes first.

As discussed in PPGC's motion, Relator cannot rely on an unspecified "government investigative privilege" to withhold responsive documents. To the extent Relator is relying on

Texas Government Code § 531.1021(g), by its plain terms, that provision does not apply to private persons.  *See* Dkt. 135 at 7-8.  Moreover, the "federal law of privilege governs determination of *all* privilege issues raised in a federal question case involving pendent state law claims, even where the evidence sought is relevant to a pendent state law claim to which a contrary state privilege law would otherwise apply." *Tonti Mgmt. Co., Inc. v. Soggy Doggie, LLC*, Civ. A. No. 19-13134, 2020 WL 9172077, at *2 (E.D. La. June 25, 2020) (emphasis in original).  There is nothing like the Texas Government Code provision under federal common law.  To the extent Relator is referring to the investigative/law enforcement privilege that federal courts have held may provide a basis for *the government* to withhold documents, Relator provides no authority that would support a private party's ability to invoke that privilege.

Further, Relator has not engaged with PPGC's arguments that Relator's "common interest privilege" privilege assertions are overly broad.  The common interest privilege does not apply to any communications between Relator and Texas prior to February 5, 2021.  *See United States v. Cameron-Ehlen Grp.*, 2019 WL 6875354, at *1 (D. Minn. Dec. 17, 2019) (the "the pre-filing disclosure" is the earliest point of when the common-interest privilege may apply).  Relator, however, asserts this privilege in response to nearly all of PPGC's requests and has made no effort to explain how requests directed largely at the information in his possession prior to filing suit could possibly be covered by the common interest privilege.  In addition, the common-interest privilege also does not apply to Relator's communications with third parties.  *See In re Fort Worth Osteopathic Hosp.*, No. 05-41513-DML-7, 2008 WL 2095601, at *2 (Bankr. N.D. Tex. May 15, 2008).  Therefore, Relator's Responses to RFPs 11, 13, 16, 28, 29, 30, 31, 32, 35, 36, and 37, which all seek documents and communications with third parties, assert a privilege that plainly does not apply to documents sought by those requests.

## II. This Court Can and Should Order That Relator Preserve And Produce Documents In Line With Best Practices

While courts often rely on parties to determine how to best preserve a client's ESI, this hinges on "[c]ooperation in a transparent discovery process[,]" "a sharing of facts[,]" and "a collaborative approach." *See Burnett v. Ford Motor Co.*, No. 3:13-CV-14207, 2015 WL 4137847, at *8 (S.D.W. Va. July 8, 2015); *see also In re Porsche Cars N. Am., Inc.*, No. 2:11-MD-2233, 2012 WL 4361430, at *6 (S.D. Ohio Sept. 25, 2012) (noting that "[t]ransparency in the discovery process is necessary to ensure that all relevant information is made available to the litigants such that both parties have mutual knowledge of all relevant facts").  But here, Relator's counsel has eschewed transparency in the discovery process:  Indeed, when PPGC's counsel asked Relator's counsel how he was searching his client's documents absent the use of imaging and search terms, Relator's counsel said he was talking with his client about what his client has that is responsive, but refused to provide any information about how Relator is searching for and locating documents in Relator's possession or how counsel is ensuring that Relator's searches are comprehensive. Courts have cautioned that "counsel must test the accuracy of the client's response to document requests to ensure that all appropriate sources of data have been searched and that responsive ESI has been collected—and eventually reviewed and produced." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 636 (E.D. Mich. 2021) (internal quotation marks and citation omitted). Notwithstanding these cautions, Relator's attorney has not given any indication that he has engaged in this type of rigorous testing of Relator's response to PPGC's document requests.

Relator's productions to date have been facially deficient.  Relator has not produced any emails dated later than March 9, 2016.  Relator has failed to produce families in a manner consistent with the ESI protocol (III.C) since not all families are produced "contemporaneously and sequentially" and some families do not include attachments at all.  Moreover, there are several

4

categories of documents that are missing completely from Relator's production that Relator should have in his custody: certain communications with, or documents provided to or received by, Texas or Louisiana (as sought by Requests 12, 13, 19, 22, 23, 28, 31, and 35); any communications regarding fetal tissue for providers unrelated to Planned Parenthood or Relator's investigations of the same (Requests 14, 16, and 17); and certain relevant communications with media about Texas or Louisiana Medicaid (Request 36). Since Relator has failed to adequately search for and produce documents, good cause exists for Relator's counsel to image their client's computer and email inbox, engage with PPGC's counsel about search terms, and search and produce documents in line with best practices.

### III.     Relator Must Respond to Interrogatories 9 and 10

Relator continues to refuse to respond to Interrogatories 9 and 10, even though these interrogatories seek plainly relevant and discoverable information. *See* Ex. E (Relator's Supplemental Interrogatory Responses). Interrogatory 9 seeks basic demographic information that is routinely sought from parties in discovery. Indeed, most depositions begin with a series of questions seeking information about the very same basic educational and employment history requested in Interrogatory 9. PPGC is entitled to seek the same information in writing, in advance of Relator's deposition, as it chooses. *See Williams Dev. & Constr., Inc. v. United States*, No. 4:18-CV-04033-LLP, 2019 WL 6716786, at *4 (D.S.D. Dec. 10, 2019) (citing Fed. R. Civ. P. 26(d)(3) (federal rules "specifically provide that parties may choose their own discovery devices and those devices may be used in any sequence desired"); *see also In re Norplant Contraceptive Prod. Liab. Litig.*, 170 F.R.D. 153, 153 (E.D. Tex. 1996) (compelling plaintiffs to provide IRS and social security records, even after plaintiffs had provided some employment information through interrogatory answers, depositions, and document requests, so defendants were not left with gaps

in plaintiffs' employment history). Interrogatory 9 also seeks information relevant to Relator's claim that he learned from his undercover investigation that Planned Parenthood had violated medical and ethical standards and state and federal laws that relate to the provision of medical services in a safe, legal, and ethical manner. Dkt. 22 at ¶ 4. PPGC is entitled to discover whether, for example, Relator has any prior education or work experience from which to form such opinions.

Interrogatory 10 is also a standard interrogatory often posed to parties that seeks information regarding any other proceeding in which Relator was accused of misrepresentation or perjury, among other things. This information goes to Relator's character for truthfulness and could be used for impeachment purposes. This information is discoverable. *See* Fed. R. Evid. 608, 609; *see also Gonzalez v. Goodyear Tire and Rubber Co.*, No. CIV 05-941, 2006 WL 8444095 (D.N.M. Jul 28, 2006) (compelling claimants to respond to interrogatories because "[i]n light of Rule 609, . . . [the defendant] is entitled to discover whether [potential trial witnesses] have been convicted of a felony, or any crime involving dishonesty or false statement, within the past ten years"). Whether such information is ultimately admissible will depend on the circumstances, but "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Since Relator's August 31 supplemental interrogatory responses continue to refuse to respond to Interrogatories 9 and 10, even though the information sought is discoverable, Affiliate Defendants request that this Court order him to respond to those interrogatories within ten business days.

**CONCLUSION**

For the foregoing reasons, this Court should order the relief sought in PPGC's Motion to Compel [Dkt. 135].

Dated:  September 1, 2022   Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar