IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 1 2022
CLERK, U.S. DISTRICT COURT
By ___ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Affiliate Defendants' Motion to Compel to the State of Texas ("Motion") (ECF No. 127), filed on July 18, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the Motion **IN PART**.

**BACKGROUND**

On February 5, 2021, Relator filed this *qui tam* action, alleging Defendants had violated the False Claims Act. ECF No. 2. On January 6, 2022, the State of Texas filed its Complaint in Intervention, alleging Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio Inc., (collectively, "Affiliate Defendants") violated the Texas Medicaid Fraud Prevention Act ("TMFPA") by "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to [the State of Texas] under the Medicaid Program." *See* ECF No. 22; TEX. HUM. RES. CODE § 36.002(12).

On June 1, 2022, Affiliate Defendants served their First Set of Interrogatories and Requests for Production of Documents to Texas. ECF No. 128 at 10. The requests include: (1) information regarding Affiliate Defendants' termination from Texas Medicaid; (2) information regarding

Texas's treatment of other health care providers enrolled or terminated from Texas Medicaid; (3) information pertaining to overpayments; (4) information relevant to the public disclosure bar; and (5) information related to the contentions made by Texas in this case. *Id.* On July 1, 2022, Texas submitted its responses to the discovery requests. *Id.* at 11. Affiliate Defendants now move this Court for an order overruling the discovery objections asserted by Texas and compelling Texas's production of complete written responses and documents responsive to Affiliate Defendants' Interrogatories and Requests for Production. Specifically, the Motion seeks an order to compel as to Interrogatory Nos. 2 and 4–17, requests for production ("RFP") Nos. 3, 4, 6, 9–18, 21–35, 37–39, 41–43, and 45. ECF No. 149 at 2. Affiliate Defendants also move to compel Texas to verify its responses to interrogatories and produce a privilege log for any information withheld on the basis of privilege. ECF No. 128 at 13.

### LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal

marks omitted). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-N-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.*

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). "A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (internal marks omitted). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as

3

a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

### ANALYSIS

#### A. Affiliate Defendant's Motion is Moot as to Interrogatory Nos. 4–7, 9, 14, 15, and RFP Nos. 3, 4, 6, 9–13, 15–18, 24, 33–39, and 41–43

Texas agreed to amend its responses to Interrogatory Nos. 4–7, 9, 14, 15, and RFP Nos. 3, 4, 6, 9–13, 15–18, 24, 33–39, and 41–43. ECF No. 137 at 10. Texas argues these amendments render moot the Motion for these requests. *Id.* Affiliate Defendants now agree that Texas has begun "engaging in meaningful discussions with Affiliate Defendants to narrow the scope of discovery, respond to interrogatories, and produce relevant responsive documents." ECF No. 149 at 2. But affiliate Defendants dispute whether the Motion is moot as to these Interrogatories and RFPs. *Id.* This is because Texas has yet to respond to Interrogatory Nos. 4–7, 9, 14, and 15. *Id.* Texas has also not produced any custodial documents since the parties met and conferred on August 1 and 2, 2022. *Id.* at 3.

The Court agrees with Texas that its agreement to amend its responses render the Motion moot as to these requests. The fact that Texas has not yet completely fulfilled its obligations does not require the Court to compel Texas to respond in ways it has already agreed to. Even Affiliate Defendants have stated that they are still producing documents "on a consistent, rolling basis." *Id.* at 2. Texas should be given the same opportunity to do the same. If Texas fails to amend its responses in a manner consistent with this Order, Affiliate Defendants may renew their Motion. The next section will address Texas's remaining objections.

### B. The Texas Medicaid Investigative Privilege is Applicable, but Texas Must Provide a Categorical Privilege Log

Rule 26(b)(1) limits the scope of discovery to "nonprivileged" matters. FED. R. CIV. P. 26(b)(1). "[W]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

Texas avers that Interrogatory Nos. 8, 10, 11, 16, 17, and RFP Nos. 14, 21–23, and 25–32 target information and documents covered by attorney-client, attorney work product, and common interest privileges. ECF No. 137 at 23 ("These requests do not merely *implicate* privileged materials — they strike at the very issues covered by the respective privileges."); *see also* ECF Nos. 128-1 at 13–16, 128-2 at 10–12. Texas further asserts Interrogatory Nos. 8 and 10 and RFP No. 14 target information and documents covered by the Texas Health and Human Services Commission Office of Inspector General ("HHSC-OIG") and Office of the Attorney General Investigative Privilege ("Medicaid Investigative Privilege"). ECF No. 137 (citing TEX. HUM. RES.

5

CODE §§ 531.102(k), 531.1021(g)). Affiliate Defendants argue the Medicaid Investigative Privilege is inapplicable and that Texas is required to produce a privilege log detailing any privileges it wishes to assert. ECF Nos. 128 at 24, 149 at 9.

Federal Rule of Evidence 501 governs evidentiary privileges in federal court. Affiliate Defendants contend the "federal law of privilege governs determination of *all* privilege issues raised in a federal question case involving pendent state law claims, even where the evidence sought is relevant to a pendent state law claim to which a contrary state privilege law would otherwise apply." ECF No. 149 at 8 (quoting *Tonti Mgmt. Co., Inc. v. Soggy Doggie, LLC*, No. CV 19-13134, 2020 WL 9172077, at *2 (E.D. La. June 25, 2020)). But as their co-defendant admits, an asserted state-law privilege not already acknowledged in the federal rules may be recognized if the privilege is "intrinsically meritorious." *See* ECF No. 151 at 5 (quoting *Sierra Club v. Woodville Pellets, LLC*, 553 F. Supp. 3d 378, 384 (E.D. Tex. Aug. 10, 2021)).

The Fifth Circuit formulated a balancing test that considers two inquiries: (1) whether the fact that courts of Texas would recognize the privilege itself creates good reason for respecting the privilege; and (2) whether the privilege is intrinsically meritorious in the court's independent judgment. *ACLU of Miss. v. Finch*, 638 F.2d 1336, 1343 (5th Cir. 1981); *see also In re Hampers*, 651 F.2d 19, 22 (1st Cir. 1981) (adopting the *Finch* test); 23 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5434 (1st ed. 1980) ("This ad hoc balancing seems more likely to comport with the underlying policy of Rule 501 than any of the categorical tests."). "Ultimately, the *Finch* test is a test that involves '. . . balancing the policies behind the privilege against the policies favoring disclosure.'" *Miles as Next Friend of Q.s v. Dolgencorp of Texas, Inc.*, No. 3:19-CV-2630-X, 2020 WL 6083006, at *9 (N.D. Tex. Oct. 14,

2020) (quoting *Finch*, 638 F.2d at 1343)). Generally, the Fifth Circuit "defer[s] to the discretion of the trial judge in applying this test." *Finch*, 638 F.2d at 1344 (internal marks omitted).

"The first question is almost always answered in the negative" because there is almost always a cost to the hindrance of finding the truth in a federal proceeding. *Fairchild v. Liberty Indep. Sch. Dist.*, 466 F. Supp. 2d 817, 822 (E.D. Tex. Dec. 11, 2006). But in this case, the United States and Texas both recognize the same basic privilege. The Federal False Claims Act makes "[a]ny documentary material, answers to written interrogatories, or oral testimony provided under any civil investigative demand. . . . exempt from disclosure under section 552 of title 5." 31 U.S.C. § 3733(k). Texas has a strong interest in preventing disclosure of this and other information obtained during Medicaid fraud investigations. This is because when "the state declines to take over the action, the person bringing the action may proceed without the state's participation." TEX. HUM. RES. CODE § 36.104(b). There are important policies mandating confidentiality, including safeguarding protecting health information and ensuring that the government maintains the ability to fully investigate matters.

The second question involves four conditions, whether: (1) communications originate in a confidence that they will not be disclosed; (2) confidentiality is essential to the full and satisfactory maintenance of the relation between the parties; (3) the relation is one which in the opinion of the community ought to be sedulously fostered; and (4) the injury would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation. *Finch*, 638 F.2d at 1344. As indicated by Plaintiffs, the communications between the Office of the Attorney General of Texas ("Texas OAG") and Relator originated in the confidence that they will be protected from disclosure under the TMFPA. *See* ECF Nos. 132-3 at 14–15, 131-2 at 10. The confidentiality provided by the TMPFA is also essential to foster

communications between the Texas OAG and defendants for the purpose of quickly and efficiently determining the merits of each *qui tam* case. And without the assurance of confidentiality, defendants would be unwilling to assist in investigations, which would hinder Texas's ability to determine which cases to pursue. Additionally, the Court finds the following reasoning persuasive:

> Federal courts have instances where a party's constitutional rights or special concerns raised by particular causes of action can outweigh state public policy concerns. However, none of these circumstances are present in this case. Plaintiffs do not bring a claim against the government and do not allege a constitutional violation that might outweigh the policy in favor of the privilege. Instead, the parties to this case merely seek information to aid in their lawsuit.

*Miles as Next Friend*, 2020 WL 6083006 at \*9–10; *see also League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00299-DCG-JES-JVB, 2022 WL 2329195, at \*4 (W.D. Tex. June 27, 2022) (applying legislative privilege under Texas law against United States' third-party subpoena despite federal interest in providing forum for adjudication of voting-rights violations by state officials). The same applies here.

Accordingly, the Court holds the Medicaid Investigative Privilege applies to this case. The "policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions." *Id.* (quoting *In re Grand Jury Subpoena for N.Y. State Income Tax Recs.*, 468 F. Supp. 575, 577 (N.D.N.Y. Mar. 8, 1979)). The Court "takes this action in the exercise of its broad discretion to manage discovery in a way that maximizes its efficiency and effectiveness." *Abbott*, 2022 WL 2329195 at \*5 (citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

However, the Court agrees with Affiliate Defendants that "Texas cannot blanketly refuse to produce information or documents" without allowing the Court or Affiliate Defendants to assess the applicability of the privilege. ECF No. 149. "Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature

8

of the document." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (quoting *S.E.C. v. Thrasher*, C.A. No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)). But under appropriate circumstances, a party "can properly submit a log that is organized categorically and not document-by-document." *See id.* (collecting cases). "Where a document-by-document privilege log would be unduly burdensome and without much benefit, courts have permitted a categorical logging approach. Even where a categorical approach is used, however, the log must still provide information needed to evaluate claims of privilege, including the category, date range, authors and recipients, privilege asserted, and representations that the materials fall within the scope of the privilege." *Id.* (quoting *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-CV-00463, 2018 WL 3628890, at *1 (M.D. Tenn. Mar. 29, 2018), *aff'd sub nom, EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-CV-00463, 2018 WL 3322305 (M.D. Tenn. May 14, 2018)).

Therefore, Texas must produce a privilege log for any of its assertions of privilege. Due to the sweeping nature of Affiliate Defendants' requests — however — the Court will permit Texas to use a categorical logging approach. The log must still provide information needed to evaluate claims of privilege.

### C. Affiliate Defendants' Remaining Requests are Relevant to the Needs of the Case

Affiliate Defendants' remaining requests that are not moot or seek potentially privileged information are limited to Interrogatory Nos. 2, 12, 13, and RFP No. 45. Before addressing each in turn, the Court will address Texas's "overarching argument" as to the relevancy of Affiliate Defendants' discovery requests. ECF No. 128 at 6. Affiliate Defendants spend many pages of their brief explaining why each of the interrogatories and RFPs are relevant. ECF No. 128 at 14–22. Texas objects to nearly all the discovery requests because the information requested is not relevant

to Texas's TMFPA claim or potential defenses to that claim. *Id.* at 12. Affiliate Defendants argue the plain language of Rule 26(b)(1) states that a party is entitled to discovery over any nonprivileged matter that is relevant to *any party's* claim or defense. ECF No. 128 at 22 (citing *Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015)). The Court agrees with Affiliate Defendants that — as a general matter — the fact that Texas has only alleged Defendants violated TMFPA does not render discovery requests related to Relator's claims under the False Claims Act irrelevant.

Similarly, Texas argues Interrogatory Nos. 2, 8, 11–13, 17, and RFP Nos. 21–23, 25, 27, 28, 30, 31, and 45 "seek plainly irrelevant information." ECF No. 137 at 12. However, Texas's briefing on this issue mostly goes to proportionality rather than relevancy. *See id.* at 12–17. Some of these arguments fail for the same reasons as Texas's overarching relevancy argument. For example, Affiliate Defendants argue the discovery requests seeking information pertaining to Texas's treatment of other health care providers are relevant to the issue of "materiality" for the purposes of the False Claims Act. ECF No. 128 at 19–20. Texas responds by pointing out that its cause of action under TMFPA does not have a materiality element. ECF No. 137 at 15. Again, Texas misconstrues the scope of permissible discovery under Rule 26(b)(1). If Texas is to prevail on its objections, it must do so on other grounds. To the extent Texas's objections to Affiliate Defendants' remaining requests incorporate these arguments, the Court does not address them individually.

### D. The Court Does Not Compel Texas to Amend its Responses to Affiliate Defendants' Remaining Requests

*Interrogatory No. 2.* This interrogatory requests Texas "[i]dentify each overpayment received by each of the Affiliate Defendants that [Texas] contend Affiliate Defendants were obligated to report and return, but did not." ECF No. 128-3 at 9. Affiliate Defendants further

request Texas to "identify any associated claim by stating the date of submission of the claim; the name of the Affiliate Defendant that submitted the claim, the amount of the claim; the person(s) who submitted or signed the claim; identify the recipient of the claim; state the amount paid to Affiliate Defendants on the claim; describe in detail what is allegedly fraudulent about the claim; identify the principal and material facts supporting your assertion that the claim was fraudulent; and identify all persons with knowledge concerning the allegedly fraudulent claim." *Id.*

Texas is correct. The State has not alleged Defendants "submitted claims" that were "fraudulent." ECF No. 128-3 at 9. "Rather, Texas alleges that Defendants failed to repay money to the State of Texas that they were obligated to repay." *Id.* The Court also agrees that the burden of deriving or ascertaining any relevant answers to this interrogatory is substantially the same for Affiliate Defendants as it is for Texas. Affiliate Defendants are aware of the time period Texas has identified. *See* ECF No. 22 at 3. The Court does not compel Texas to amend its response.

*Interrogatory No. 12.* This interrogatory requests Texas to "[i]dentify every Texas Medicaid provider that Texas has terminated from Texas Medicaid from 2010 to the present." ECF No. 128-3 at 20. This includes "the name of the provider, the reason(s) for the termination, the date of the termination, whether Texas requested or required repayment of any Texas Medicaid dollars that had been paid to the provider, and the amounts the provider returned, if any." *Id.*

Texas argues this request is overbroad. ECF No. 137 at 17. Texas attached the declaration of Cheryl Fee, the Case Manager for the Chief Counsel Division within HHSC-OIG. ECF No. 137-1 at 43. The declaration states providing a complete response to this interrogatory would be unduly burdensome for HHSC-OIG given the substance of the request and the time frame given. *Id.* at 44. Interrogatory No. 12 "provides no limitations with regard to type of provider, type of termination, or reason for termination." *Id.* Moreover, HHSC does "not maintain data in a form

that readily captures all elements of Interrogatory 12." *Id.* And "[d]ue to the span of the time frame of the request, some potentially responsive information will likely no longer be in existence due to HHSC-OIG retention policies." *Id.*

The Court finds that Texas has met its burden in objecting on proportionality and overbreadth grounds. Accordingly, the Court does not compel Texas to amend its response.

*Interrogatory No. 13.* This interrogatory requests that "[f]or every former Texas Medicaid provider (whether affiliated to a Planned Parenthood Defendant or not) whose participation in Texas Medicaid was terminated from 2010 to the present on the basis that the provider was not qualified to provide medical services under Texas Medicaid, engaged in practices that violated generally accepted medical standards; and/or engaged in misrepresentations about its activity relating to fetal tissue procurements," to "identify the provider by name, state the date of the termination, describe the principal and material facts that lead to the provider's termination, state whether Texas asked or required the provider to return amounts reimbursed under Texas Medicaid, and state the provider returned, if any." ECF No. 128-1 at 14.

Texas argues this request is overbroad for essentially the same reasons as Interrogatory No. 12. ECF No. 137 at 20. In addition to the reasons set forth in Cheryl Fee's declaration, Texas explains that more than 4.3 million Texans are enrolled in Medicaid, and the program accounts for more than a quarter of the entire state budget. *Id.* Given the time span of Affiliate Defendant's request, it is unduly burdensome for Texas to gather information that would completely respond to these requests. Therefore, the Court does not compel Texas to amend its response.

*RFP 45.* This request asks for Texas to produce "[d]ocuments (including, but not limited to, communications involving one of [Texas's] personnel and any other person or persons) relating to the materiality of the alleged participation of any Medicaid, Texas Medicaid, or Louisiana

12

Medicaid provider in fetal tissue procurement or agreement to participate in fetal tissue procurement to the payment of claims to that provider under Medicaid, Texas Medicaid, or Louisiana Medicaid." ECF No. 128-4 at 58.

In addition to the reasons Texas objects to Interrogatory Nos. 12 and 13, Texas argues this request is overbroad "because of the almost unlimited definition of 'relating to' as 'involving in any way whatsoever the subject matter of the request' and the further definition that a document may 'relate to' or [sic] an individual or entity without specifically mentioning or discussing that individual or entity by name." *Id.* at 59. Texas further argues the request is overbroad "because of the very wide definition of 'your' which would encompass 'personnel' and 'any other person or persons' here who have nothing to do with any claims or defenses in this case." *Id.*

Affiliate Defendants aver that Texas "must do more." ECF No. 149 at 7 (citing *Heller*, 303 F.R.D. at 489). The Court disagrees. The basis of Texas's objection is supported by: (1) its responses to the RFP; (2) the additional reasons set forth in Texas's brief; and (3) the declaration of Cheryl Fee. "[I]f answering or responding to a discovery request would impose an undue burden, the responding party must . . . properly substantiate that assertion and then should only answer or respond to the part or extent, if any, of the request that would not involve an undue burden." *Heller*, 303 F.R.D. at 489. Texas has done exactly that. Therefore, the Court does not order Texas to amend its response.

CONCLUSION

For the reasons stated above, PPFA's Motion is **GRANTED IN PART**. As Texas has already agreed to do, the State must continue to fulfill its discovery obligations in a manner consistent with this Order. Texas must also verify its responses to the Interrogatories and provide a categorical privilege log. Because the Court has denied in part the Motion, the Court determines

— under Federal Rules of Civil Procedure 37(a)(5)(C) and 26(c)(3) — the parties will bear their

own expenses in connection with PPFA's Motion. *See Veroblue Farms USA Inc. v. Wulf*, No. 3:19-

CV-764-X, 2022 WL 1644442, at \*23 (N.D. Tex. May 23, 2022).

     **SO ORDERED**.

     September  /  , 2022

                                  MATTHEW J. KACSMARYK
                                  UNITED STATES DISTRICT JUDGE