IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Planned Parenthood Federation of America, Inc.'s ("PPFA") Motion to Compel to Relator ("Motion") (ECF No. 131), filed on July 20, 2022. Having considered the parties' briefing and applicable law, the Court **DENIES** the Motion.

### BACKGROUND

Relator Alex Doe alleges PPFA and its Texas and/or Louisiana affiliates ("PPFA Affiliates") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay.

On June 3, 2022, PPFA served Relator with 16 Requests for Production ("RFPs") and 23 Interrogatories. ECF No. 131 at 6. Relator served written responses to the requests on July 5, 2022 — raising privilege objections to 13 of the 16 RFPs and 18 of the 23 Interrogatories. *Id.* at 5. On July 20, 2022, PPFA moved this Court to compel Relator to: (1) respond to RFP Nos. 1–11, 13–14, and 16, and (2) provide complete, verified answers to Interrogatory Nos. 6–23. *Id.* at 5. And on August 15, 2022, Relator served PPFA with almost 45 pages of amended Interrogatory Responses. *See* ECF No. 152-1.

The discovery requests seek documents and information concerning: (1) the Texas Medicaid claims submitted by the PPFA Affiliates and the Texas Medicaid payments received by PPFA Affiliates; (2) whether PPFA Affiliates could receive and retain the Medicaid payments that are the subject of Relator's and Texas's claims; (3) Relator's and Texas's allegations that PPFA directly participated in or controlled PPFA Affiliates' actions; (4) Relator's allegations and potential limitations, public-disclosure bar, and government action-bar defenses; (5) Relator's claim for damages or penalties; and (6) witnesses with relevant knowledge. ECF No. 131 at 8–9.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (internal marks omitted).

Federal Rule of Civil Procedure 37 provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).

**ANALYSIS**

**A. PPFA's Requests are Relevant to the Needs of the Case**

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.* (internal marks omitted).

Here, PPFA argues the requested documents are "at minimum relevant to PPFA's defenses to Relator's claims against PPFA, including limitations, the original-source defense, and the public-disclosure bar." ECF No. 131 at 15. Relator does not meaningfully argue PPFA's requests are irrelevant. Rather, Relator "stands on its objections" that the requests are either overbroad or refer to privileged documents. ECF No. 140 at 2. Except for RFP Nos. 8 and 9 — which are discussed below — the Court finds PPFA has met is burden with respect to Rule 26(b)(1)'s relevancy requirement.

## B. PPFA's Requests are Proportional to the Needs of the Case

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015).

"A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490. Outside of the privilege and work product context, "[i]f a responding party makes . . . an objection but answers or responds 'subject to' and 'without waiving' the objection, '[s]uch objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Heller*, 303 F.R.D. at 487 (quoting *Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008)).

Relator objects to RFP Nos. 1–4, 12–14, 16, and Interrogatory Nos. 6–11 on overbreadth grounds. *See* ECF Nos. 131-2 at 6–17, 131-4 at 12–16. Relator proceeds to answer these requests "subject to" the objections. However, "[o]bjecting but answering subject to the objection is not one of the allowed choices." *Heller*, 303 F.R.D. at 488 (quoting *Mann v. Island Resorts Dev., Inc.*, No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 21, 2009)). Accordingly, "this [C]ourt is reluctant to sustain the objection." *Id.* Furthermore, Relator has stated to the Court that — except for a small number of documents that are being withheld for privilege — Relator is "producing every document and communication that has anything to do with the claims alleged in this lawsuit, including everything that PPFA has requested." ECF No. 140 at 2–3. Therefore, the Court finds PPFA's requests proportional to the needs of the case for the purposes of Rule 26(b)(1).

### C. PPFA Has Not Shown Relator's Responses Do Not Allow PPFA to Identity and Locate the Responsive Discovery

Relator has produced nearly 10,000 pages of documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's complaint ("Prior Litigation Documents"). ECF No. 131 at 19. PPFA argues Relator's "document dumps" are improper "tactic[s] [that] can bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which may be relevant." ECF No. 131 at 19 (citing *Scott Hutchinson Enters., Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 54 (S.D. W. Va. Nov. 30, 2016)); *see also* FED. R. CIV. P. 33(d)(1). Relator repeatedly refers PPFA "to the Expert Reports of Donald Lochabay and the documents cited therein" and to the Prior Litigation Documents. *Id.* at 17. Relator asserts that PPFA's argument that it cannot easily identify relevant documents in the Prior Litigation Documents "strains credulity" because PPFA can simply consult its in-house counsel, who was involved in the prior litigation. ECF No. 140 at 3 n.1.

The Court agrees with Relator. If PPFA can identify relevant document by consulting its in-house counsel, then it can "locate and identify them as readily as" Relator can. *See* FED. R. CIV. P. 33(d)(1). And "while Defendant complains of the sufficiency of the document responses, [it] offers no evidence to support [its] complaints." *Brown v. Bridges*, No. 3:12-CV-4947-P, 2014 WL 2210510, at *3 (N.D. Tex. May 27, 2014). "Defendant must make an effort to review the proffered documents to determine whether they are in fact deficient." *Id.* at *4. "It is not until Defendant tries to review the documents and is denied access or finds the documents do not comply with . . . the Federal Rules" that the Court will find Relator's responses deficient. *Id.* at *3.

### D. The Court Does Not Compel Relator to Produce Potentially Privileged Documents and Communications

Rule 26(b)(1) limits the scope of discovery to "nonprivileged" matters. FED. R. CIV. P. 26(b)(1). "[W]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

"The joint-defense or common-interest doctrine extends certain privileges, typically the attorney-client privilege and work product protection, to documents that are prepared by parties sharing a common litigation interest that would otherwise not enjoy such privilege." *Windsor v. Olson*, No. 3:16-CV-934-L, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019) (internal marks omitted). The two types of communications protected under the common-interest doctrine are: (1) communications between co-defendants in actual litigation and their counsel; and

6

(2) communications between *potential* co-defendants and their counsel. *In re Santa Fe*, 272 F.3d at 710 (internal marks omitted).

The Fifth Circuit has not expressly held that the privilege is inapplicable to co-plaintiffs. *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015) (internal marks omitted). And several courts have held that the privilege extends to co-plaintiffs in litigation because the rationale is the same.[1] *Id.* (citing *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990)). "[T]here must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation." *In re Santa Fe*, 272 F.3d at 711.

Relator claims privilege in refusing to produce any documents in response to RFP Nos. 5–7 and to avoid providing full and complete responses to RFP Nos. 10–11, 13–14, 16, and Interrogatory Nos. 12–17 and 23. ECF No. 131 at 13. Specifically, Relator claims such materials are privileged or otherwise protected under the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or the government-investigative privilege. *Id.* Relator's amended responses to PPFA's interrogatories continue to state the same objection. ECF No. 152 at 2. Relator's first responses suggested that communications with government entities about the allegations in the complaint did not occur until February 5, 2021. *See* ECF No. 131-4 at 13–16. But the amended responses now clarify that Relator "provided information and evidence concerning the material facts and allegations set forth in Relator's Complaint" to government actors "beginning in May 2015." ECF No. 152 at 2. Relator has agreed to provide Defendants with a privilege log for any responsive information withheld for privilege. ECF No. 152-1 at 3.

---

[1] PPFA also concedes that the common interest privilege protects communications "between co-[parties]." *See* ECF No. 132 at 17.

"The rationale underlying the joint defense privilege focuses not on when documents were generated, but on the circumstance surrounding the disclosure of privileged documents to a jointly interested third party." *In re Grand Jury Subpoenas*, 902 F.2d at 249. And "nothing in the record suggests that this disclosure was not for the purpose other than to allow" the government-entity parties to participate in the litigation. *Id.* Indeed, several major events in this case occurred shortly after May 2015, including Defendants' termination from the Louisiana Medicaid Program and the Texas Office of the Inspector General's initial notice of termination to PPFA Affiliates. ECF No. 2 at 5, 29. Unsurprisingly, Defendants filed lawsuits against Texas and Louisiana officials over these terminations in 2015.

The Court thus disagrees with PPFA that Relator's privilege assertions made for documents and communications created and exchanged before February 5, 2021, are "baseless." ECF No. 152 at 4. Accordingly, the Court does not compel Relator to further amend their responses at this time.

### E. The Court Does Not Order Relator to Amend Responses to RFP Nos. 8 and 9 and Interrogatory No. 18

PPFA argues Relator misinterpreted RFP Nos. 8 and 9, which request all communications between Relator and the Center for Medical Progress ("CMP") and the media "relating to PPFA *or* [Relator's] allegations and claims in this litigation." ECF No. 131 at 20 (emphasis added). Relator responded to both stating: "Relator has not communicated with [CMP or the media] relating to this lawsuit and therefore has no documents responsive to this Request." *Id.* PPFA avers it did not only seek communications "relating to this lawsuit" and, therefore, Relator's responses are inadequate. *Id.* However, the Court fails to see how communications between Relator and the media relating to PPFA but *not* related to this litigation are relevant to this case. And Relator reasonably interprets the RFPs to require only relevant information. The Court does not order Relator to amend the responses.

PPFA also argues Relator fails to address Interrogatory No. 18. *Id.* It asks Relator to "describe all facts (and identify all statutes, regulations and judicial decisions)" supporting Relator's contention that PPFA had or has an obligation to repay Texas or Louisiana Medicare overpayments. *Id.* at 21. Parties dispute whether Interrogatory No. 18 seeks a legal conclusion or is an improper contention interrogatory. *Id.* However, Relator answered "[s]ubject to" their objections by referring PPFA to the facts alleged in Relator's complaint. ECF No. 131-4 at 21. Relator also amended the response to agree to supplement the answer at a reasonable time with any additional facts or information produced by Defendants in discovery. ECF No. 152-1. PPFA makes no argument as to how this is unresponsive, and the Court finds no reason why it would be. Therefore, the Court does not order Relator to further amend their response at this time.

## CONCLUSION

For the reasons stated above, PPFA's Motion is **DENIED**.

**SO ORDERED.**

September _1_, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE