IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>Defendants. | NO. 2:21-CV-00022-Z |

## DECLARATION OF JUSTIN R. CHAPA

1.   I am Justin R. Chapa. I am an attorney at O'Melveny & Myers LLP and represent Defendant Planned Parenthood Federation of America, Inc. ("PPFA") in the above-captioned cause (the "Lawsuit"). I am familiar with the claims and allegations in the Lawsuit. I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify to the facts in this declaration.

1

2.      On July 11, 2022, I attended a meet-and-confer session with counsel for Relator (the "Conference"), Andrew Stephens, along with attorneys for other Defendants, the State of Texas, and my colleagues, Danny Ashby and Katherine Takakjian, also attorneys at O'Melveny & Myers LLP.

3.      The purpose of the conference was to discuss PPFA's responses and objections to discovery requests from Texas and Relator, as well as PPFA's concerns with Relator's responses and objections to PPFA's discovery requests.

4.      PPFA's and Relator's counsel discussed a number of objections to each side's discovery requests, including PPFA's concern that Relator had not agreed to produce a single document in response to PPFA's Requests for Production ("RFPs").

5.      During the Conference, Relator's counsel focused on PPFA's responses to Relator's interrogatories, but also raised concerns with PPFA's responses to Relator's RFPs—primarily whether PPFA has possession, custody, or control over documents relevant to the provision of healthcare services.

6.      As to the RFPs addressed in Relator's Motion to Compel (the "Three RFPs"), Relator's counsel raised a specific complaint about PPFA's response to Relator's First RFP No. 7.

7.      Because the RFP sought "[a]ll documents and communications which Defendants have made or obtained . . . in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid," Relator's counsel asked whether PPFA would also produce documents internal to PPFA and not only those "exchanged between" PPFA and the Affiliate Defendants.

8.      PPFA's counsel clarified that the phrase "exchanged between" in PPFA's response to First RFP No. 7 was not intended to foreclose production of internal PPFA documents that also "concern[ed] the Affiliate Defendants' submission of Medicaid claims through, receipt of

Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid."

9. PPFA's counsel confirmed during the Conference that PPFA would search for and produce such internal documents and communications.

10. Beyond RFP No. 7, Relator's counsel generally discussed Relator's demands that PPFA produce all relevant and responsive documents concerning Texas or Louisiana Medicaid and to comply with Relator's RFPs "as written," including Relator's Second RFPs Nos. 2 and 3.

11. As to that dispute, PPFA's counsel reiterated their belief that PPFA is not obligated to produce all documents that in any way "concern" Texas or Louisiana Medicaid because the Rules do not permit fishing-expedition requests. Nonetheless, PPFA's counsel reiterated that PPFA was conducting a diligent search for documents and communications relating to its PPFA's alleged control over and involvement in the Affiliate Defendants' Medicaid-claims processes.

12. PPFA's counsel specifically pointed to, among other things, PPFA's Responses to Relator's First RFPs Nos. 7–8 and Second RFPs Nos. 1 and 4–5 (in addition to RFPs 2–3, addressed in the Motion). PPFA's counsel expressed their belief that PPFA's responses to these RFPs covered the substance of Relator's RFPs and documents relevant to Relator's claims and PPFA's defenses in the Lawsuit.

13. PPFA's counsel nonetheless emphasized that PPFA would consider any additional categories of relevant documents that Relator believed were not covered by PPFA's production commitments, and PPFA's counsel asked Relator's counsel whether there were additional areas of inquiry and production responsive to Relator's claims regarding PPFA's alleged control over the Affiliate Defendants' Medicaid submissions.

14. Relator's counsel stated that he could not think of any relevant category of documents not included within PPFA's agreed-to collection, and said that he would consider additional potential search terms and reconnect with PPFA's counsel if needed.

15. PPFA's counsel left the Conference believing that Relator's concerns had been resolved and that Relator's counsel would reach out for further discussions if he later concluded otherwise.

16. PPFA's counsel therefore was surprised when Relator filed the Motion to Compel the day after the Conference.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 7, 2022 in Arlington, Texas.

_____
Justin R. Chapa