IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP - 8 2022

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | |
| OF AMERICA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Defendant Planned Parenthood Federation of America, Inc.'s ("PPFA")

Motion to Compel to the State of Texas ("Motion") (ECF No. 132), filed on July 20, 2022. Having

considered the parties' briefing and applicable law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

On February 5, 2021, Relator filed this *qui tam* action, alleging Defendants violated the

False Claims Act. ECF No. 2. On January 6, 2022, the State of Texas filed its Complaint in

Intervention, alleging Defendants violated the Texas Medicaid Fraud Prevention Act ("TMFPA")

by "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money

or property to [the State of Texas] under the Medicaid Program." *See* ECF No. 22; TEX. HUM. RES.

CODE § 36.002(12). On June 3, 2022, PPFA served Texas with its First Requests for Production

("RFP") and First Set of Interrogatories ("Interrogatories"). ECF No. 132 at 9. Texas responded

on July 5, 2022. *Id.* PPFA now moves the Court to compel Texas to: (1) respond to RFP Nos. 1–

17 and 20; and (2) provide complete, verified answers to Interrogatory Nos. 1–13. ECF No. 132

at 7.

LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

ANALYSIS

A. PPFA's Motion is Moot as to Interrogatory Nos. 1–3, 6–13 and RFP Nos. 1–9, 13–17, and 20

Pursuant to the August 1 and 2, 2022 conferences between parties, Texas agreed to amend its responses to Interrogatory Nos. 1–3, 6–13, and RFP Nos. 1-9, 13–17, and 20. ECF No. 141

at 10. Texas argues these amendments render the Motion moot as to these requests. *Id.* Nevertheless, PPFA insists the Motion is not moot as to these requests because: (1) Texas only committed to producing "non-privileged" documents; and (2) Texas is asserting privileges PPFA believes are inapplicable. ECF No. 151 at 4.

The Court does not compel Texas to amend its responses when it already agreed to do so. Therefore, the Court agrees the Motion is moot as to these requests. However, the Court expects Texas to fulfill its discovery obligations in a manner consistent with this Order. The Court will address PPFA's remaining requests in the following sections.

### B. Interrogatory Nos. 4 and 5 and RFP Nos. 10–12 Seek Relevant Information

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). "At the discovery stage, relevancy is broadly construed, and information is considered relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-N-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.*

PPFA asserts Interrogatory Nos. 4 and 5 and RFP Nos. 10–12 are relevant because they seek documents concerning: (1) whether PPFA's affiliates could receive and retain the Medicaid payments that are the subject of Relator's and Texas's claims; and (2) the underlying factual allegations and the public-disclosure and government-action-bar defenses. ECF No. 132 at 10–11. Texas objects to all five of these requests on relevancy grounds. *See* ECF Nos. 132-3 at 20–24, 132-4 at 8–10. Texas's general objection is it need not produce documents or information concerning any claims or defenses in this case other than its specific TMFPA claim. *See id.* The Court has already considered and rejected this argument. *See* ECF No. 161 at 9–10. Therefore, the Court finds PPFA has met its burden with respect to Rule 26(b)(1)'s relevancy requirement.

### C. Interrogatory Nos. 4 and 5 and RFP Nos. 10–12 Are Proportional to the Needs of the Case

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). "A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (internal marks omitted). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as

4

a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

RFP Nos. 10–12 seek documents and communications about Texas's collective understanding of the effect of the prior litigation and the injunctions on a Texas Medicaid provider's duties with respect to payments received during those periods of time. ECF No. 141 at 14. Texas argues these RFPs are overbroad and unduly burdensome because Texas would bear the "virtually impossible" task of "search[ing] the records of **every** state employee for **every** communication with **any** person, including attorneys, about legal issues in this action." ECF No. 141 at 15 (emphasis in original). But PPFA understood — and did not object to — Texas's response that it would "only provide responses to RFPs on behalf of the Texas Medicaid Program and within the reasonable control of the Office of Attorney General as counsel for the HHSC; within the reasonable control of the HHSC; or within the reasonable control of the state agencies under the HHSC's organizational umbrella, or their successor agencies." *See* ECF No. 151 at 9. PPFA avers "[t]here is no reason why that same approach would not work equally well for RFPs No. 10–12." *Id.*

The Court agrees with PPFA. Additionally, Texas has not provided any proof of the time or expense involved in responding to the discovery request. And although Texas implies the requests are "facially overbroad," its cited authority does not support Texas's argument. ECF No. 141 at 14 (citing *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015)). "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests 'seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date'; '[t]he requests are not particularized'; and '[t]he period covered by the requests is

unlimited.'" *Andra Grp.*, 312 F.R.D. at 450 (internal marks omitted). That is not the case here. To begin, PPFA is not a non-party. But even if it were, the requests are particularized, and the period covered by the requests is not unlimited.

Texas also argues Interrogatory Nos. 4 and 5 are overbroad and unduly burdensome for essentially the same reasons. ECF No. 141 at 15. The arguments fail for the same reasons. The Court agrees with PPFA: "Texas should be able to ascertain whether relevant individuals at HHSC, HHSC-OIG, and/or the OAG were on notice of the alleged facts prior to February 5, 2021 and how they came to learn those facts." ECF No. 151 at 11 (citing *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (noting a party "is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him.")).

For these reasons, the Court finds PPFA has met its burden as to Rule 26(b)(1)'s proportionality requirement with respect to Interrogatory Nos. 4 and 5 and RFP Nos. 10–12.

### D. Texas Must Produce a Categorical Privilege Log

Texas maintains neither the information nor documents requested in Interrogatory Nos. 4 and 5 is discoverable because the "Medicaid Investigative Privilege" covers the information and documents requested. ECF No. 141 at 16–18 (citing TEX. GOV'T CODE §§ 531.102(k), 531.1021(g)). Although the statute flatly bars discovery of Medicaid fraud investigation materials gathered by the Office of the Attorney General of Texas ("Texas OAG"), PPFA avers that the Medicaid Investigative Privilege is not recognized by federal privilege law. ECF No. 151 at 4–6. PPFA also argues the common-interest privilege does not shield information Texas has exchanged with Relator prior to February 5, 2021, or with CMP at any time. *Id.* at 6–7.

This Court has already addressed the Medicaid Investigative Privilege and held it applies in this case. *See* ECF No. 161 at 8. The Court also considered the applicability of the common-interest privilege for communications between Plaintiffs. *See* ECF No. 162 at 6–7. The Court held that a common interest between Plaintiffs began in May 2015 when Relator provided material information and evidence to Texas in May 2015. *Id.* at 7–8. But the Court also held Texas must produce a categorical privilege log for its assertions of privilege. *See* ECF No. 161 at 9. The same applies here.

As for Texas's dealings with CMP, PPFA argues the common-interest privilege does not apply because Texas has no unity of interest with CMP with respect to any legal claim or issue. ECF No. 151 at 7 (citing *United States v. Homeward Residential, Inc.*, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016)). The Court agrees. However, Texas also asserts these communications are protected the attorney-client privilege, the work product doctrine, and the Medicaid Investigative Privilege. *See* ECF Nos. 132-3 at 17, 132-4 at 13–15. Texas makes similar claims for Interrogatory Nos. 4 and 5 and RFP Nos. 10–12. ECF No. 141 at 16. Texas must provide sufficient information in the privilege log to permit the Court and Defendants to test the merits of the privilege claims.

CONCLUSION

For the reasons stated above, PPFA's Motion is **GRANTED IN PART**. Because the Court has denied in part the Motion, the Court determines — under Federal Rules of Civil Procedure 37(a)(5)(C) and 26(c)(3) — the parties will bear their own expenses in connection with PPFA's Motion. *See Veroblue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2022 WL 1644442, at *23 (N.D. Tex. May 23, 2022).

**SO ORDERED**.

September 6, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE