


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Affiliate Defendants' Motion to Compel to Relator ("Motion") (ECF No. 134), filed on July 28, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

Relator Alex Doe alleges PPFA and its Texas and/or Louisiana affiliates violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On June 13, 2022, Planned Parenthood Gulf Coast, Inc. ("PPGC") served its First Set of Interrogatories and Requests for Production. ECF No. 135 at 8. On July 13, 2022, Relator submitted responses to the discovery requests. *Id.* PPGC now moves the Court seeking an order: (1) compelling full and complete responses to PPGC's interrogatories and requests for production ("RFP"); (2) requiring that Relator follow a reliable, generally accepted method for identifying, collecting, and producing responsive documents; and (3) requiring that Relator verify the interrogatory responses. *Id.* at 10–11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

## ANALYSIS

### A. Relator Must Provide a Privilege Log by September 30, 2022

Federal Rule of Civil Procedure 26(b)(5) provides that a party claiming a privilege "shall make the claim expressly and shall describe the nature of the documents, communications, or

things not produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

PPGC does not dispute Relator expressly claimed privilege in response to PPGC's discovery requests. Rather, PPGC argues "[t]o the extent Relator possesses responsive documents that are legitimately privileged, [Relator] must provide a privilege log." ECF No. 135 at 14. The Court agrees. However, Relator agreed to provide a privilege log. *See id.* at 15; ECF No. 148 at 3. PPGC moved for an order requiring Relator to provide the log by September 30, 2022, or within four weeks of completion of document production, whichever comes first. ECF No. 135 at 15. Relator did not oppose the proposed deadline in Relator's response to the Motion. *See* ECF No. 148. Therefore, Relator must provide a privilege log **on or before September 30, 2022.**

PPGC also argues the government investigative privilege is inapplicable and that the common-interest privilege does not apply to any communications between Relator and Texas prior to February 5, 2021. *Id.* at 12–13. The Court has already ruled on the applicability of these privileges. *See* ECF No. 162 at 6–8.

**B. PPGC Has Not Shown Relator's Responses Are Inadequate**

PPGC argues Relator's discovery responses are insufficient for the same reasons as its co-defendant, Planned Parenthood Federation, Inc. argued. ECF No. 131 at 19. The Court considered and rejected this argument. ECF No. 162 at 5–6. PPGC's argument fares no better. In short, PPGC must make an effort to review the proffered documents and offer evidence that the documents are unresponsive or not properly organized. Although it is true Relator may not simply direct PPGC to "all pages of all documents" Relator has produced, Relator has not done so here. ECF No. 135 (quoting *Worrell v. Hous. Can! Acad.*, 424 F. App'x 330, 334 (5th Cir. 2011)).

Instead, Relator referred PPGC "to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendant's First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL-010489." ECF No. 135-3 at 11. Relator also agreed to provide and verify supplemental interrogatory responses addressing PPGC's concerns.[1] ECF No. 148 at 3–4. Therefore, PPGC has not shown Relator's responses are inadequate. The Court does not compel Relator to amend the responses.

**C. PPGC Has Not Met Its Burden of Showing Its Requests Are Relevant**

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of

[1] Because Relator has agreed to verify the responses, the Court need not compel Relator to do so.

showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.* (internal marks omitted).

Here, PPGC argues Relator's "boilerplate objections" on relevancy and overbreadth grounds are deficient. ECF No. 135 at 17. The Court agrees boilerplate or unsupported objections are inadequate to voice a successful objection. *See Heller*, 303 F.R.D. at 483–84. However, PPGC misunderstands the nature of its burden. PPGC must first make an initial showing of relevance.

Interrogatory No. 9 requests Relator to identify — beginning with high school — the dates, locations, and names of institution or employer each and every place Relator has ever lived, studied, or worked. ECF No. 160-1 at 27. This interrogatory also requests Relator's reasons for leaving each institution or employer — including whether Relator was terminated or asked to resign, and why. *Id.* PPGC's offers two arguments that this is information is relevant. First, PPGC asserts the interrogatory "seeks basic demographic information that is routinely sought from parties in discovery." ECF No. 160 at 5. Second, PPGC argues it is entitled to discover whether Relator has any prior education or work experience to form opinions that Planned Parenthood violated medical and ethical standards. *Id.* at 6. The Court finds both these arguments unpersuasive. And the Court has already held "this case turns on questions of law — not Relator's individual characteristics."[2] ECF No. 79 at 8.

Similarly, Interrogatory No. 10 requests Relator to identify each and every civil, criminal, or administrative proceeding in which Relator has been accused of fraud, misrepresentation, false statement, perjury, theft, any other act of dishonesty, or recording a person without permission. ECF No. 160-1 at 28. PPGC argues this information is relevant because it "goes to Relator's character for truthfulness and could be used for impeachment purposes." ECF No. 160 at 6 (citing

[2] In addition, parties must refrain from utilizing gendered pronouns for Relator. Alex Doe is a gender-neutral name, and nothing should be inferred from accidental use of the masculine default for pronouns.

*Gonzalez v. Goodyear Tire and Rubber Co.*, No. CIV 05-941, 2006 WL 8444095 (D.N.M. July 28, 2006)). But Rule 26(b)(1) only requires parties to disclose information that is relevant to the claims and defenses in the case. And the 2015 amendment to Rule 26(b)(1) illustrates that evidence "offered solely for impeachment purposes is not discoverable." *IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2020 WL 1905736, at *3 (D. Ariz. Apr. 17, 2020). Thus, PPGC's reliance on *Gonzalez* is improper. *See also In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (noting the amendment was "intended to restrict, not broaden, the scope of discovery").

Because PPGC has not met its burden under Rule 37, the Court does not compel Relator to amend the responses.

**D. PPGC Has Not Made a Specific Showing That Relator Has Omitted Any Documents from Relator's Document Production**

PPGC asks this Court to order Relator's counsel to collect Relator's email inbox and image Relator's computer out of concern that responsive documents are likely to be missed in Relator's document production. ECF No. 135 at 19–20. But "ordering forensic imaging or examination of a computer system . . . generally requires a very particular showing" of deficiency in a party's production. *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249 (N.D. Tex. 2016). The requesting party should make a showing, including through "the documents that have been produced," that allows the Court to make "a reasonable deduction that other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2021 WL 5176839, at *9 (N.D Tex. Nov. 8, 2021).

The Court agrees with Relator: "PPGC has made no showing that Relator's document production omits any ESI or that Relator has not complied with discovery obligations concerning

ESI." ECF No. 148 at 6. PPGC has only speculated that responsive documents "are more likely to be missed" because Relator's counsel "declined to provide additional information about the process that Relator is using to ensure all responsive documents are located and produced." ECF No. 135 at 19. This is not the "very particular showing" that Rule 34 demands. And the Court disagrees that "Relator's productions to date have been facially deficient." ECF No. 160 at 4. The documents PPGC argues are missing from Relator's production are those for which Relator has asserted claims of privilege and should be accounted for in Relator's forthcoming privilege log. *Id.* at 4–5. Accordingly, the Court does not order Relator's counsel to collect Relator's email inbox and image Relator's computer.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion **IN PART**. Because the Court has denied in part the Motion, the Court determines — under Federal Rules of Civil Procedure 37(a)(5)(C) and 26(c)(3) — the parties will bear their own expenses in connection with PPFA's Motion. *See VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2022 WL 1644442, at *23 (N.D. Tex. May 23, 2022).

**SO ORDERED.**

September 8, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE