IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § | CIVIL ACTION NO.<br>2:21-CV-00022-Z |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § § § § | Date:   September 13, 2022 |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>    Plaintiffs,<br>v.<br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br>    Defendants. | § § § § § § § § § § § § § § § | |

**AFFILIATE DEFENDANTS' OPPOSITION TO
RELATOR'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ....................................................................................................................... 5

I.   Most of Relator's Requests Were Fully Mooted By Affiliate Defendants' Revised Responses................................................................................................... 5

II.  The Court Should Deny Relator's Motion to Compel As to the Remaining Requests in Relator's Third RFPs as Premature .................................................... 7

III. The Court Should Not Compel Affiliate Defendants to Respond to Requests 4, 5, 6, and 8 as Written ........................................................................................ 10

CONCLUSION.................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baird v. Shagdarsuren*,
   No. 2:17-XC-2000-B, 2019 WL 13159726 (N.D. Tex. Mar. 19, 2019) ................................. 7

*Brown v. Bridges*,
   No. 12-cv-4947-P, 2015 WL 11121361 (N.D. Tex. Jan. 30, 2015) ..................................... 4

*Brown v. Bridges*,
   No. 3:12-cv-4947-P, 2014 WL 2777373 (N.D. Tex. June 19, 2014) ................................... 4

*Eagle Railcar Serv.-Roscoe, Inc. v. NGL Crude Logistics, LLC*,
   No. 1:16-CV-0153-BL, 2018 WL 2317696 (N.D. Tex. May 22, 2018) .............................. 4, 5

*Jolivet v. Compass Group USA, Inc.*,
   No. 3:19-cv-2096-B, 2021 WL 90110 (N.D. Tex. Jan. 11, 2021) ....................................... 7

*MCR Oil Tools, LLC v. Wireline Well Serv. Tunisia*,
   No. 3:19-CV-2536-E, 2021 WL 7906873 (N.D. Tex. Sept. 27, 2021) ................................ 7

*MetroPCS v. Thomas*,
   327 F.R.D. 600 (N.D. Tex. 2018) ..................................................................................... 3

*Navarette v. C.R. Bard, Inc.*,
   No. 5:19-cv-01278-OLG, 2020 WL 8092373 (W.D. Tex. Oct. 2, 2020) ............................ 4

*Phinney v. Continental Tire the Americas, LLC*,
   No. 3:10-CV-1776-P, 2011 WL 13232552 (N.D. Tex. Nov. 4, 2011) ............................... 11

*Rotstain v. Trustmark Nat. Bank*,
   No. 3:09-CV-2384-N-BQ, 2020 WL 1697990 (N.D. Tex. Jan. 21, 2020), ..................... 3, 10

*Samsung Electronics America, Inc v. Yang Kun Chung*,
   321 F.R.D. 250 (N.D. Tex. 2017) ................................................................................... 10

*Stephens v. FAF, Inc.*,
   No. PE:18-CV-6-DC-DF, 2019 WL 580791 (W.D. Tex. Jan. 3, 2019) .............................. 7

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ........................................................................................................ 3, 10

Fed. R. Civ. P. 37(a)(3)(B) ........................................................................................................ 3

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) ............................................................................................. 5

L. R. 7.1(b) ............................................................................................................................... 5

Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), and Planned Parenthood San Antonio, Inc. ("PPSA") (collectively, "Affiliate Defendants") submit this brief in opposition to Relator's Second Motion to Compel Discovery Responses ("Motion to Compel") [Dkt. 150].

## INTRODUCTION

Throughout the discovery process, Affiliate Defendants have worked sincerely and diligently to timely produce documents responsive to Relator's discovery requests. Affiliate Defendants have consistently engaged in good faith discussions to understand and, where appropriate, address Relator's concerns regarding the sufficiency of Affiliate Defendants' discovery responses. Rather than meaningfully participate in the meet and confer process, Relator has chosen instead to file a premature Motion to Compel relating to Relator's Third Requests for Production ("Third RFPs") that will be largely moot by the time the Court adjudicates the Motion. As Affiliate Defendants stated in their revised responses to Relator's Third RFPs served on August 29, 2022, and as they reiterated last week in a telephonic conference with Relator's counsel, Affiliate Defendants have been working diligently to identify documents that may be responsive to many of the RFPs now at issue. Affiliate Defendants are working in good faith to produce those documents by September 15, 2022. *See* Ex A. (PPGC) at 7, Ex. B (PPCC) at 6–7, Ex. C (PPGT) at 7, Ex. D (PPSA) at 6–7, Ex. E (PPST) at 6–7. Unfortunately, due to Relator's decision to short circuit the meet-and-confer process and rush to the courthouse, Relator's Motion does not address Affiliate Defendants' revised responses. And until Relator reviews Affiliate Defendants' forthcoming document production, any complaints regarding the content of that production would be entirely speculative.

1

Further, as detailed below and explained in the attached declarations, many of Relator's sweeping discovery requests call for the production of documents that, at best, might be peripherally and tangentially related to the issues in this case. The collection and production of such documents would impose substantial and unreasonable burdens on Affiliate Defendants and be grossly disproportional to the needs of the case. For these reasons, the Court should deny Relator's Motion to Compel.

## BACKGROUND

Relator served Affiliate Defendants with Relator's Third RFPs on July 7, 2022. *See* Dkt. 150-4. Affiliate Defendants served their initial Objections and Responses to Relator's Third RFPs ("Third Responses") on August 8. Dkt. 150-7. The parties met and conferred regarding Affiliate Defendants' responses on the afternoon of August 19. Ex. F; *see also* Dkt. 150 at 3-4. The following business day, Affiliate Defendants' counsel informed Relator's counsel that Affiliate Defendants were working on amended responses to the Third RFPs and intended to serve those amended responses by the end of the week, noting that there was "movement on at least some of the [requests]." Ex. F. Affiliate Defendants further assured Relator that service of the amended responses would "restart" Relator's "15 day clock" to file a motion to compel, should Relator continue to have concerns regarding Affiliate Defendants' responses. *Id.* Relator's counsel did not respond. Instead, Relator filed a Motion to Compel the next day, Dkt. 150, requesting that the Court order Affiliate Defendants to respond to the very same discovery requests that Affiliate Defendants had already confirmed they were voluntarily revising in response to Relator's concerns.

On August 29, 2022, Affiliate Defendants served their amended responses ("Amended Third Responses"). *See* Exs. A-E. The Amended Third Responses committed Affiliate

2

Defendants to a good-faith attempt to produce responsive documents by September 15. *Id.* Relator's counsel did not acknowledge receipt of the Amended Third Responses, leading Affiliate Defendants' counsel to contact Relator's counsel by email on September 7 to ask whether the Amended Third Responses addressed the issues raised in Relator's Motion to Compel. Ex. F. Relator's counsel did not respond in writing, but later stated in a September 9 telephonic conference that Relator did not intend to withdraw Relator's Motion to Compel.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1) a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts analyze six factors to determine whether discovery requests are proportional to the needs of the case: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*; *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citation omitted).

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Per this Court's Amended Scheduling Order, a party must file "[a]ny motion to compel discovery or for a protective order . . . 15 days after the discovery response at issue was served or due to be served." Dkt. 123 § 6(A). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat. Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-N-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020).

Before moving to compel, the moving party is expected to engage in a meaningful meet and confer process in an attempt to resolve disputes and avoid requiring the Court to "needlessly expend . . . resources that it could better utilize elsewhere." *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015). As courts in this District have explained:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Eagle Railcar Serv.-Roscoe, Inc. v. NGL Crude Logistics, LLC*, No. 1:16-CV-0153-BL, 2018 WL 2317696, at *14 (N.D. Tex. May 22, 2018).; *Brown v. Bridges*, No. 3:12-cv-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties . . . that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention."); *Navarette v. C.R. Bard, Inc.*, No. 5:19-cv-01278-OLG, 2020 WL 8092373, at *1 (W.D. Tex. Oct. 2, 2020) ("'Good faith' requires a genuine attempt to resolve the dispute and 'conferment' requires two-way communication which is necessary to genuinely discuss any issues and avoid judicial recourse. The parties are not to treat the informal negotiation process as simply a formal prerequisite to judicial review.") (internal citations and quotations omitted)). This Court's Local Rules require the moving party to file a certificate of conference affirming that a conference was

4

held and explaining "why agreement could not be reached." L. R. 7.1(b); *see also* Dkt. 72 at 5 ("The Court expects the parties to work in good faith to resolve discovery disputes.").

Even if a moving party meets its burden and a motion to compel is granted, the moving party is not entitled to its fees and costs where it "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," if the responding party's nondisclosure, response, or objection was "substantially justified," or if the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see, e.g., Eagle Railcar*, 2018 WL 2317696, at *17-18 (denying motion to compel and for sanctions based on responding party's attempts to resolve the discovery dispute without judicial intervention, and moving party's failure to adequately confer in good faith prior to filing the motion).

## ARGUMENT

### I. Most of Relator's Requests Were Fully Mooted By Affiliate Defendants' Revised Responses

As set out in detail below, Affiliate Defendants have already agreed to produce the vast majority of the documents sought in Relator's Motion to Compel, making Relator's Motion moot as to those requests.

**Request No. 1** seeks "[a]ll documents and communications concerning policies and procedures for the prevention, direction, and reporting of health care fraud and abuse." Dkt. 150-4 at 11. Affiliate Defendants have agreed to produce non-privileged, responsive documents and communications from the relevant time period (for PPGC, PPST, PPSA, PPCC, February 1, 2011 through January 6, 2022 and for PPGT, August 31, 2012 through January 6, 2022) located through a reasonable search. Affiliate Defendants are working diligently and in good faith to complete their production of such documents by September 15, 2022. *See* Ex. A (PPGC) at 7–8; Ex. B (PPCC) at 7; Ex. C (PPGT) at 7–8; Ex. D (PPSA) at 7; Ex. E (PPST) at 7.

5

**Request No. 2** seeks "[a]ll documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse." Dkt. 150-4 at 11. Affiliate Defendants have agreed to produce non-privileged, responsive documents and communications from the relevant time period (for PPGC, PPST, PPSA, PPCC, February 1, 2011 through January 6, 2022 and for PPGT, August 31, 2012 through January 6, 2022) located through a reasonable search. Affiliate Defendants are working diligently and in good faith to complete their production of such documents by September 15, 2022. *See* Ex. A (PPGC) at 8; Ex. B (PPCC) at 7–8; Ex. C (PPGT) at 8; Ex. D (PPSA) at 8–9; Ex. E (PPST) at 8.

**Request No. 3** requires production of "[a]ll documents and communications concerning oversight, review, and evaluation of compliance with laws, regulations, and requirements of Medicaid, Texas Medicaid, and Louisiana Medicaid by Planned Parenthood." Dkt. 150-4 at 11. Affiliate Defendants have agreed to produce non-privileged, responsive documents and communications from the relevant time period (for PPGC, PPST, PPSA, PPCC, February 1, 2011 through January 6, 2022 and for PPGT, August 31, 2012 through January 6, 2022) located through a reasonable search. Affiliate Defendants are working diligently and in good faith to complete their production of these documents by September 15, 2022. *See* Ex. A (PPGC) at 8–9; Ex. B (PPCC) at 8–9; Ex. C (PPGT) at 9; Ex. D (PPSA) at 8–9; Ex. E (PPST) at 8–9.

**Request No. 7** seeks production of "[a]ll documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid." Dkt. 150-4 at 11-12. The revised responses from PPGC, PPGT, PPSA, and PPCC informed Relator that after conducting due diligence, these Affiliate Defendants have confirmed that no such documents exist. Ex. A (PPGC) at 12; Ex. B (PPCC) at 12; Ex. C (PPGT) at 12–13; Ex. D (PPSA) at 12. PPST has

6

agreed to produce all non-privileged, responsive documents from the relevant time period (February 1, 2011 through January 6, 2022) located through a reasonable search, and PPST is working diligently and in good faith to complete its production of such documents by September 15, 2022. Ex. E (PPST) at 12.

Accordingly, the Court should deny Relator's Motion to Compel as moot with respect to the above requests. *See* Dkt. 165 at 2-3 (holding PPFA's motion to compel moot because Texas agreed to amend its responses and produce responsive documents); Dkt. 166 at 4 n.1 (declining to compel Relator to verify interrogatory responses because Relator agreed to do so); *see also MCR Oil Tools, LLC v. Wireline Well Serv. Tunisia*, No. 3:19-CV-2536-E, 2021 WL 7906873, at *5 (N.D. Tex. Sept. 27, 2021) (denying motion to compel as moot with respect to requests where defendant had agreed to produce documents); *Jolivet v. Compass Group USA, Inc.*, No. 3:19-cv-2096-B, 2021 WL 90110, at *5–6 (N.D. Tex. Jan. 11, 2021) (denying a motion to compel as moot with respect to issues addressed through the defendant's "further document productions and amended discovery responses"); *Baird v. Shagdarsuren,* No. 2:17-XC-2000-B, 2019 WL 13159726, at *3 (N.D. Tex. Mar. 19, 2019) (similar); *Stephens v. FAF, Inc.*, No. PE:18-CV-6-DC-DF, 2019 WL 580791, at *5 (W.D. Tex. Jan. 3, 2019) (similar).

## II. The Court Should Deny Relator's Motion to Compel As to the Remaining Requests in Relator's Third RFPs as Premature

With respect to the remaining requests (Requests No. 4, 5, 6, and 8), Affiliate Defendants have agreed to produce responsive documents within reasonable limits. Affiliate Defendants developed their Amended Responses in good faith to target documents relevant to the allegations in Relator's Complaint and to address the concerns articulated by Relator's counsel in the parties' August 19, 2022 telephonic meet and confer, while also attempting to mitigate the already substantial burden on Affiliate Defendants to collect, review, and produce documents.

**Request No. 4** demands production of "[a]ll documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid." Dkt. 150-4 at 11. Without waiving Affiliate Defendants' objections that this request is overboard, unduly burdensome, and calls for irrelevant and/or privileged documents, Affiliate Defendants have agreed to produce the documents that are most likely to be relevant to the parties' claims and defenses, including all "non-privileged responsive internal audit reports" from the relevant time period that "identify potential fraud risk exposure related to its Medicaid billings, Medicaid terminations, or involvement in fetal tissue procurement or donation[.]" Ex. A (PPGC) at 9–10; Ex. B (PPCC) at 9; Ex. C (PPGT) at 9–10; Ex. D (PPSA) at 9; Ex. E (PPST) at 9. .

**Request No. 5** requests "[a]ll documents and communications concerning internal audits of services rendered, charges posted, and coding compliance by Planned Parenthood, including but not limited to internal audits of services rendered, charges posted, and coding compliance concerning Medicaid, Texas Medicaid, and Louisiana Medicaid." Dkt. 150-4 at 11. Without waiving Affiliate Defendants' general objections that this request is overboard, unduly burdensome, and calls for irrelevant and/or privileged documents, Affiliate Defendants have agreed to make good faith efforts to produce by September 15, 2022 all non-privileged, responsive internal audit reports from the relevant time period relating to Medicaid services rendered, charges posted, and coding compliance. Ex. A (PPGC) at 10; Ex. B (PPCC) at 10; Ex. C (PPGT) at 10; Ex. D (PPSA) at 10.

**Request No. 6** requests "[a]ll documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports

on program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood." Dkt. 150-4 at 11. Affiliate Defendants have, without waiving their objections that this request is unduly burdensome, vague, overbroad, and calls for the production of irrelevant and/or privileged documents, agreed to produce (1) documents concerning the maintenance and implementation of a Health Care Compliance Program that focuses on prevention, detection, and correction of Health Care Fraud and abuse; and (2) reports by a health care compliance officer to the board, member of the board, or committee of the board during the relevant time period that relate to relevant Health Care Compliance Program activities, that is, Medicaid billings, Medicaid terminations, and involvement in tissue procurement or donation. Ex. A (PPGC) at 11; Ex. B (PPCC) at 10–11; Ex. C (PPGT) at 11–12; Ex. D (PPSA) at 10–11; Ex. E (PPST) at 10–11. Affiliate Defendants are making a good faith effort to produce all such documents by September 15, 2022. *Id.*

**Request No. 8** requests "[a]ll documents and communications concerning the registration, review, or reports of any research projects, studies, or research-related activities of Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. with Planned Parenthood Federation of America, Inc., including but not limited to all documents and communications concerning the same with the Planned Parenthood Federation of America, Inc. Research Department." Dkt. 150-4 at 12. Affiliate Defendants have, without waiving their objections that Request No. 8 it is overbroad, unduly burdensome, and seeks information that is irrelevant and/or privileged, agreed to produce non-privileged, responsive documents and communications from the relevant time period relating to tissue studies, and are making a good

9

faith effort to produce such documents by September 15, 2022. Ex. A (PPGC) at 12; Ex. B (PPCC) at 12; Ex. C (PPGT) at 13; Ex. D (PPSA) at 12; Ex. E (PPST) at 8.

As discussed above, Relator has not met and conferred with Affiliate Defendants regarding Affiliate Defendants' Amended Third Responses. Therefore, to the extent Relator's Motion to Compel purports to challenge the sufficiency of those responses or Affiliate Defendants' forthcoming productions, such a challenge is not yet ripe. The forthcoming productions will contain documents responsive to Relator's requests, and it is a waste of judicial resources for the Court to adjudicate a motion to compel without first giving the parties an opportunity to attempt to resolve any concerns that Relator may or may not have after receipt and review of those documents.

### III. The Court Should Not Compel Affiliate Defendants to Respond to Requests 4, 5, 6, and 8 as Written

As discussed above, any motion to compel based on Affiliate Defendants' Amended Third Responses would be premature. Affiliate Defendants nonetheless briefly discuss here why, should a dispute regarding those responses become ripe, the Court should not compel Affiliate Defendants to respond to Relator's Requests 4, 5, 6, and 8 as written. "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Samsung Electronics America, Inc v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (citations omitted); *see also Rotstain*, 2020 WL 1697990, at *2–3 (N.D. Tex. Jan. 21, 2020) ("Information must therefore be nonprivileged, relevant, and proportional to the needs of the case to constitute discoverable material."). When a party brings a motion to compel the production of documents, "[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence," and courts are "authorized to limit the extent of discovery where the discovery sought

is unreasonably cumulative or duplicative or the burden or expense of the proposed discovery outweighs its likely benefit." *Phinney v. Continental Tire the Americas, LLC*, No. 3:10-CV-1776-P, 2011 WL 13232552, at *1 (N.D. Tex. Nov. 4, 2011).

Here, Relator's bald assertion that Requests 4, 5, 6, and 8 seek only relevant information does not come close to meeting his burden as the moving party. Indeed, Relator has not even attempted to tie many of Relator's discovery requests to specific allegations or issues in this litigation. For example, Relator does not explain why documents and communications relating to *any* research project or research study—including those that are wholly unrelated to the core issue in this case (fetal tissue)—are relevant, let alone argue that these materials' relevance justifies the substantial burden that their identification and collection would impose on Affiliate Defendants. *See* Dkt. 150; Dkt. 150-4 at 11–12. Nor has Relator explained the relevance of internal audits unrelated to Medicaid or state implementation of Medicaid programs. *Id.* Further, because of Relator's hasty filing of the pending Motion to Compel, the Motion cannot and does not address why Affiliate Defendants' Amended Third Responses and the forthcoming productions described within those responses are materially deficient. *See generally* Dkt. 150.

Moreover, if Affiliate Defendants are required to undertake the collection, review, and production of all discovery potentially encompassed by Relator's Third Requests, it would undoubtedly disrupt the fair resolution of the parties' dispute in this litigation and the transaction costs of electronic discovery would be disproportionate to the needs of this case. *See* Exs. G-K (Affiliate Defendant Affidavits describing burden). Of particular concern is Relator's demand for all "communications" relating to the broadly defined topics in Requests Nos. 4, 5, and 6, which encompass thousands, if not hundreds of thousands, of electronic communications, many of which would require a time and labor intensive privilege review, and would ultimately result in the

11

production of documents which have no bearing on the claims and defenses raised in this case. *See* Ex. G. (PPGC Decl.) at ¶¶ 8–9; Ex. H (PPCC Decl.) at ¶¶ 8–9; Ex. I (PPGT Decl.) at ¶¶ 8–9; Ex. J (PPSA Decl.) at ¶¶ 8–9; Ex. K (PPST Decl.) at ¶¶ 8–9. It is not simply that it would be difficult for Affiliate Defendants to complete this discovery in the time remaining in fact discovery; it would be impossible. *See* Ex. G. (PPGC Decl.) at ¶ 10; Ex. H (PPCC Decl.) at ¶ 10; Ex. I (PPGT Decl.) at ¶ 10; Ex. J (PPSA Decl.) at ¶ 10; Ex. K (PPST Decl.) at ¶ 10. At minimum, the Court should deny the pending Motion to Compel and require Relator to review the Affiliate Defendants' forthcoming productions, articulate what additional relevant and proportional discovery, if anything, Relator believes is necessary for the Third Requests and provide the parties an opportunity to meet and confer regarding Affiliate Defendants' responses before requiring Affiliate Defendants to shoulder this gargantuan undertaking.

## CONCLUSION

For the foregoing reasons, this Court should deny Relator's Second Motion to Compel Discovery, Dkt. 150.

Dated: September 13, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com

12

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar