# Exhibit J

**Affiliate Defendants' Opposition to Relator's Motion to Compel**
**No. 2:21-CV-00022**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF POLIN BARRAZA

I, Polin Barraza declare and state as follows:

1. I am on the board of Planned Parenthood San Antonio, Inc. ("PPSA") and currently serve as President and Board Chair. I have held this position since 2019. Additionally, I am currently employed by Planned Parenthood South Texas, Inc. ("PPST") as Senior Vice President and Chief Operations Officer, a position that I have held since 2013. Before that, I was the Senior Vice President for Healthcare and Compliance for PPST from 2010 to 2013. Given these roles, I have been in a position to possess documents relevant to this litigation for PPSA since 2010. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by

personally examining the business records kept in the normal course of business by PPSA. If called upon to testify, I could and would testify thereto.

2. I make this declaration in support of Affiliate Defendants' Oppositions to Relator's Second Motion to Compel and Third Motion to Compel ("Motions to Compel") in the above-captioned case. I am familiar with the scope of discovery sought by Relator's First and Third Set of Requests for Production to PPSA and the Motions to Compel.

3. PPSA maintains documents in a variety of locations and formats, including the data of any one of its 13 employees that it has employed since 2010 as well as thousands of boxes of hard copy documents that are maintained in offsite storage and more than 15 filing cabinets containing documents that are maintained with PPSA departments on site.

4. PPSA does not have an email retention policy. All emails are retained indefinitely unless manually deleted. However, employees under a litigation hold are not permitted to manually delete email.

5. PPSA has no reasonable means of searching across *all* of these available documents, particularly given the unknown likelihood of finding potentially relevant data in the custodial data of every one of its employees or former employees, the likelihood of searching through largely duplicative data between and among custodial and non-custodial files, and the associated costs of collecting, processing, and reviewing such a vast amount of data.

6. In response to Relator's First and Third Requests for Production, PPSA searched for and collected the reasonably accessible custodial data I possessed, as I am the custodian

    likely to have relevant and responsive information to those Requests, and it searched for and collected reasonably accessible, responsive non-custodial data.

7. Through that process, PPST, PPSA, and PPCC, which are sharing vendor costs for this matter, have already incurred approximately $33,000 in costs in just two months for their e-discovery vendor to collect, process, and produce that data. This figure does not include PPST's, PPSA's, and PPCC's internal costs to collect and produce the data.

8. That figure would grow exponentially if PPSA were required to collect the additional data sought by Relator's Motions to Compel, and it would impose a significant burden on PPSA in terms of time and resources, as well. It takes approximately an hour, on average, to collect a single PPSA custodian's entire custodial email file, depending on size. For 13 custodians, that would mean at least 13 hours dedicated to the collection, in addition to the vendor costs for the collection, processing, and production of that data. And it would require significant additional time and resources to collect, process, and produce any responsive data maintained in hard copy given the sheer volume of those documents.

9. Further, PPSA would need to review for privilege, attorney work product protection, and confidentiality: (1) any newly collected documents, communications, and families of those communications, and (2) if PPSA is required to produce all documents and communications that hit on PPSA's broad search terms, regardless of responsiveness, any documents, communications, and families of those communications that were previously collected and reviewed but determined to be nonresponsive. This would require significant time and resources to complete.

10. For all of these reasons, producing "all documents and communications" responsive to Relator's First and Third Requests for Production dating back to 2010 would be impossible in the time remaining for discovery and the vast majority of these documents would be irrelevant to the issues alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2022 in San Antonio, Texas.

_____
Polin Barraza