IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America <br> *ex rel.* ALEX DOE, Relator, <br><br> The State of Texas <br> *ex rel.* ALEX DOE, Relator, <br><br> The State of Louisiana <br><br> *ex rel.* ALEX DOE, Relator, <br><br>     Plaintiffs, <br><br> v. <br><br> Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § §    NO. 2:21-CV-22-Z |

## **DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S SECOND MOTION FOR PROTECTIVE ORDER**

Pursuant to Paragraph 7 of the Protective Order [DE 133], Planned Parenthood Federation of America, Inc. ("PPFA") moves for an order "to preserv[e] the designated status of [] disputed information" in PPFA's fourth and fifth document productions to Relator. Following those productions, Relator generically objected to virtually every document that PPFA designated as "Confidential" or "Confidential Attorney Eyes Only Information" ("AEO"). Counsel for PPFA and Relator since have conferred by email and telephone and narrowed their dispute to 43 documents. Because Relator still has not provided any reasoning for why Relator believes any specific document is improperly designated, this Motion addresses these documents by subject-matter categories, with exemplars filed with PPFA's concurrently filed Motion to Seal.

1

Hours after PPFA issued its fourth and fifth rolling productions, Relator immediately lodged an objection to every AEO designation in those fourth and fifth productions. As with their prior challenge to PPFA's confidentiality designations,[1] Relator did not provide their reasoning for challenging PPFA's confidentiality designations as improper. Nor did Relator identify any need to make a challenge to these designations. As PPFA has previously explained [DE 157], Relator's approach will unnecessarily waste enormous party and Court resources on disputes that are divorced from the merits of the case regarding documents that no party has even yet sought to use in depositions or motion practice. *See, e.g.*, *Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648 (D. Colo. 2021) (criticizing party for "conflat[ing] the entry of a protective order that facilitates the exchange of discovery in an efficient manner with the restriction of information and/or documents from the public docket"). It is likewise untenable in light of PPFA's production of more than 60,000 documents on September 9. PPFA therefore reiterates its request for an order for clarification requiring a receiving party to make document-specific challenges to designations.

**I.   BACKGROUND**

On the evening of August 30, 2022, hours after PPFA issued its fourth and fifth productions, Relator's counsel sent an email to PPFA's counsel, stating, "This email serves as our written objection and request under Paragraph 7 of the Protective Order that PPFA change the designations of the following documents marked 'Confidential' and/or 'Attorney's Eyes Only,'" and listed the Bates numbers of 54 documents PPFA designated Attorneys' Eyes Only. *See* Ex. A (Email Chain between Counsel) at 1. Relator's counsel did not provide additional explanation or elaboration.

---

[1] This challenge was the subject of PPFA's Motion for Protective Order and Clarification [DE 157] which is pending.

To promote resolution of Relator's challenges without Court intervention, PPFA reviewed its designations, clarified with Relator's counsel that 11 of the challenged documents contained PHI and PII under the Court's Protective Order, and thus ultimately narrowed the dispute over designations to 43 documents. PPFA created a chart identifying each designated document by Bates number and the reason each document qualified for protection. *See* Ex. B. PPFA provided this chart to Relator's counsel on September 13 2022, after counsel for Relator and PPFA met and conferred by telephone. Ex. C.

On September 13, 2022, counsel for Relator and PPFA met and conferred regarding the Relator's challenges to PPFA's designations. Relator's counsel agreed not to challenge PPFA's confidentiality designations with respect to the 11 documents that PPFA identified as containing personal identifying information ("PII"), which may be designated as AEO under the Protective Order. Relator's counsel declined to provide any additional explanation for Relator's challenge to the remaining 43 documents except to say that he believes PPFA has, in other cases, applied confidentiality designations inappropriately. Accordingly, PPFA has no choice but to file the instant Motion to preserve its designations.

## II.   THE PROTECTIVE ORDER'S RELEVANT PROVISIONS

Paragraph 2 of the Protective Order governs what information or documents may be designated "Confidential Information" or "Confidential Attorney Eyes Only Information."

The "Confidential Information" designation means:

> [T]he document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including 'protected health information' as the such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ('HIPAA').

3

Protective Order at 2.

> The "Confidential Attorney Eyes Only Information" designation means:
>
> [T]he document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information and Personal Identification Information, which includes: (1) social security numbers of Relator, Planned Parenthood staff, or State employees; (2) any financial account numbers of Relator, Planned Parenthood and/or its staff, and the State and/or its employees; (3) birthdates of Relator, Planned Parenthood staff, or State employees; (4) drivers' license numbers of Relator, Planned Parenthood staff, or State employees; (5) home addresses of Relator, Planned Parenthood staff, or State employees; (6) personal email addresses of Relator, Planned Parenthood staff, or State employees; and (7) the names of non-publicly identified Planned Parenthood employees.

Protective Order at 2.

Paragraph 7 of the Protective Order outlines the procedure for challenging and preserving the above-identified designations and provides, in relevant part, that:

> A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with Local Rule 7.l(a). If the parties are unable to reach an agreement through the meet and confer process, the producing party shall be required to move the court for an order preserving the designated status of the disputed information. Failure to file a motion with the Court within fourteen (14) days of the written objection shall terminate any restrictions and nullify any designation of "Confidential Information" or "Confidential Attorney Eyes Only Information" on the use of such information.

Protective Order at 5.

### III. THE DESIGNATIONS WERE MADE IN GOOD FAITH AND SHOULD STAND.

PPFA's designations fall into two categories of documents, all protectable under the Protective Order. Because the challenged documents consist of more than one thousand pages, PPFA has provided the Court with exemplars of each category as exhibits to the attached

4

Declaration of Vickie Jane Barrow-Klein. Ex. D (the "Declaration"). The exemplars have been filed under seal with PPFA's Motion to Seal. PPFA is happy to provide the Court with all designated documents for review *in camera* at the Court's request.

As explained in the Declaration, PPFA designated various documents in its fourth and fifth productions as Confidential or AEO under the Protective Order. *Id.* ¶ 6. As to the documents designated AEO, PPFA considers and treats the information in those documents as especially confidential, proprietary, and/or competitively sensitive. PPFA takes reasonable measures to protect this confidential, proprietary, or competitively sensitive information from public disclosure, including by storing the information in secure files, by limiting internal distribution to only those who require access to the information to carry out their duties and responsibilities, and implementing security procedures. Documents designated as AEO includes documents not shared with the public, as well as certain information which is not known by or routinely shared with PPFA Affiliates. PPFA's employees also acknowledge receipt of policy documents that require PPFA employees to keep confidential internal private information. *Id.* ¶ 7.

The AEO-designated documents reflect PPFA's highly sensitive confidential information, including non-public information about the operations of PPFA and several of its Affiliates; analysis of the financial and other performance of PPFA Affiliates; PPFA's assessment of the success and performance of PPFA's Affiliates; and the strategic or programmatic priorities of PPFA and/or its Affiliates. In the regular course of business, PPFA does not release publicly the information reflected in the documents listed in this category. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, because it would reveal detailed information about the operations of PPFA

and its Affiliates, and it could disrupt the ability of an Affiliate to provide care to its patients. *See id.* ¶¶ 8–9.

The "Confidential" documents reflect PPFA's confidential operational or competitive priorities and how PPFA performs analyses of those priorities that do not rise to the level of the "Attorneys' Eyes Only" designation but is nevertheless confidential and sensitive. This is not information that PPFA ordinarily releases publicly. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, such as by revealing non-public information revealing how PPFA assesses the efficacy of its programs, or the strategic and operating priorities of PPFA or its Affiliates. *See id.* ¶¶ 11-12.

\* \* \* \* \*

Relator has not explained why any designated document does not qualify for the indicated level of protection. Instead, Relator has "prophylactically" challenged every designation. Because each of the types of documents described above facially qualify for protection under the Protective Order, PPFA respectfully requests that the Court preserve the protections for each designated document. *See SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163, 168 (M.D.N.C. 2002) ("The burden of reviewing such a wholesale request [to remove confidentiality protections] constitutes grounds for denying the same.").

## IV. RELATOR'S BLANKET OBJECTIONS PREVENT MEANINGFUL DIALOGUE AND RESOLUTION OF DESIGNATION CHALLENGES.

PPFA has made every effort to resolve Relator's designation challenge in good faith and without Court intervention. But those efforts have been frustrated by Relator's continued, unelaborated blanket challenges to designated documents. As PPFA previously has argued, Relator's approach is not what the Protective Order or the law envisions, and it virtually forecloses

6

good faith conferral over PPFA's substantial interest in maintaining the confidentiality of certain non-public and sensitive documents. *See Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 267 (N.D. W. Va. 2013) (denying motion to compel and ordering sanctions where party "went through the motions of conferring . . . but it made no *good faith* attempt to actually resolve the dispute"); *cf. Barrington*, 339 F.R.D. at 650 (concluding that early, "preemptive" court review of proposed confidential documents "would impede the goal that civil discovery be largely self-regulating").

Relator (and every other party) must target specific designated documents to properly raise a designation objection and trigger the procedural mechanisms under the Protective Order. That is what the Protective Order's plain text requires. *See SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1272 (10th Cir.2010) ("The starting point for interpretation of a protective order lies in its plain language."). Paragraph 7 addresses disagreements with "a designation" and written requests to "change the designation." (emphasis added). PPFA cannot substantively or efficiently address Relator's concerns otherwise. Instead, PPFA has been forced to generally defend against unstated objections over broad swaths of designated documents, creating an obstacle to the free flow of documents between the parties that protective orders were designed to facilitate. *See, e.g.*, *Estate of Graves ex rel. Graves v. Nye Cnty., Nev.*, 2022 WL 902366, at *2 (D. Nev. Mar. 28, 2022) (explaining that protective orders like that here "are intended to facilitate the exchange of discovery documents" by, among other things, "permitting litigants to freely exchange sensitive information without the risk of disclosure"); *Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("[T]he use of blanket protective orders conserves judicial resources-and taxpayer money-by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003))).

Case law supports a document-specific approach to designation challenges. *See, e.g.*, *FDIC v. Cuttle*, 2013 WL 878773, at *4 (E.D. Mich. Mar. 8, 2013) (requiring "the challenging party [to] object to the designation of *particular material* and provide written notice of same to the designating party"). That approach "permits the designating party to review its designation of the material within the short [] window" and "to petition the Court for a ruling as to the particular designations challenged if the parties cannot agree on a resolution." *See id*. It also reduces the scope of any dispute ultimately presented to the Court; as it stands, Relator's objections unnecessarily implicate over a thousand pages of documents (which Relator's counsel either has not reviewed, or has refused to discuss despite a review). As one district court in the Fifth Circuit has observed, even if a challenging party believes that a producing party has "blanketly marked" documents, it is nonetheless improper to respond in kind because "there must be some concrete challenge to begin the debate." *Muslow v. Bd. of Supers. of La. State Univ.*, 2021 WL 4243354, at *3 (E.D. La. May 25, 2021) (collecting cases).

## **CONCLUSION**

PPFA respectfully requests that the Court enter an order preserving the confidentiality designations at issue.

Dated: September 13, 2022    **O'MELVENY & MYERS LLP**

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 371-8333
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2022, the foregoing document was electronically filed and served upon all parties and counsel of record via the Court's CM/ECF system.

/s/ *Danny S. Ashby*
Danny S. Ashby

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 13, 2022, counsel for PPFA conferred with counsel for Relator regarding the substance of the foregoing. Counsel for Relator stated that Relator opposes maintaining the designations addressed in this motion.

/s/ *Danny S. Ashby*
Danny S. Ashby