# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | NO. 2:21-CV-00022-Z |

## DECLARATION OF VICKIE JANE BARROW-KLEIN

I, Vickie Jane Barrow-Klein, declare and state as follows:

1.      I am currently employed by Planned Parenthood Federation of America, Inc. ("PPFA") as the Chief Financial Officer and Chief Operating Officer.  I have served as Chief Financial Officer since March 2018 and as Chief Operating Officer since January 2022.  Prior to that, I spent more than 20 years in the international development non-profit sector with experience working in complex federated organizations at a global scale.

2.      I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept in the normal course of business by PPFA.  If called upon to testify, I could and would testify to the facts in this declaration.

3.      I make this declaration in support of Planned Parenthood Federation of America, Inc.'s Motion for Protective Order in the above-captioned case.  I am familiar with the claims and allegations in the above-captioned case based on (among other things) my review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

4.      I am familiar with PPFA's business practices regarding the treatment of confidential information consisting of or relating to, among other things, PPFA's highly sensitive strategic and programming priorities; the operations of PPFA and its Affiliates; PPFA's finances or the finances of a PPFA Affiliate; internal analysis relating to the business and performance of PPFA or one of its Affiliates.

5.      PPFA has 49 member Affiliates, including Planned Parenthood Gulf Coast, Planned Parenthood of Greater Texas, and Planned Parenthood South Texas, that are, at their core, providers of healthcare services.  The same is true for former affiliates Planned Parenthood Cameron County and Planned Parenthood San Antonio.  As a Federation that connects these Affiliates with one another and with other Affiliates across the United States, PPFA competes with other organizations that facilitate the provision of healthcare services, including in facilitating the ability of its Affiliates to compete for patients in the market place.  As a 501(c)(3) non-profit organization, PPFA is also reliant on securing donations and other grants to fund its mission of facilitating high-quality reproductive healthcare to patients around the country.  In that context, PPFA is competing with similarly situated organizations to secure access to donations and grants, and to facilitate the access to donations and grants for its Affiliates.  In addition, PPFA's mission elicits strong opposition actors who have conducted acts against PPFA and Affiliates that range from harassing business and mission partners to acts of violence. Courts have recognized this in situations where parties have sought to publicly reveal PPFA's

2

internal documents. *See Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, __ F. Supp. 3d __, 2020 WL 2067500, at *4  (N.D. Cal. Apr. 29, 2020) ("CMP's plan was to create a video campaign…against Planned Parenthood with the objective of creating 'maximum negative impact – legal, political, professional, public – on [Planned Parenthood] and to 'create public outrage towards' Planned Parenthood.")

6.      I understand that the Relator has challenged the confidentiality and attorneys'-eyes-only designations that PPFA applied to certain documents that PPFA produced in this matter.  I understand that under the Protective Order entered in this matter, the party producing a document can produce a document either with no confidentiality designation, with a designation of "Confidential," or with a designation of "Confidential – Attorneys' Eyes Only."  I further understand that the Relator is challenging PPFA's designations for 43 documents.  As explained below, those 43 documents all concern PPFA's accreditation process for, and analysis of, its Affiliates and fit in the below categories of confidential and highly or especially sensitive information.  Attached as Exhibit 1 is a list of the 43 documents organized by category.

**Documents Designated Attorneys' Eyes Only**

7.      PPFA considers and treats the information it has designated "Attorneys' Eyes Only"  as especially confidential, proprietary, and/or competitively sensitive.  Attached as Exhibit 2 is an illustrative selection of documents in this category.   PPFA takes reasonable measures to protect this confidential, proprietary, or competitively sensitive information from public disclosure, including by storing the information in secure files, by limiting internal distribution to only those who require access to the information to carry out their duties and responsibilities, and implementing security procedures.  The category of documents designated Attorneys' Eyes Only includes documents not shared with the public, as well as certain

documents and information which is not known by or routinely shared with PPFA Affiliates.

PPFA's employees also acknowledge receipt of policy documents that require PPFA employees

to keep confidential internal private information.

8.      The category of documents designated Attorneys' Eyes Only reflect PPFA's

highly sensitive confidential information, including non-public information about the operations

of PPFA and several of its Affiliates; analysis of the financial and other performance of PPFA

Affiliates; PPFA's assessment of the success and performance of PPFA's Affiliates; and the

strategic or programmatic priorities of PPFA and/or its Affiliates.  In the regular course of

business, PPFA does not release publicly the information reflected in the documents listed in this

category.

9.      Disclosure of this confidential and proprietary information could cause PPFA

financial harm if it is obtained by the general public or PPFA's competitors, because it would

reveal detailed information about the operations of PPFA and its Affiliates, and it could disrupt

the ability of an Affiliate to provide care to its patients.

**Documents Designated "Confidential"**

10.      PPFA considers and treats the information designated "Confidential" as

confidential, proprietary, and/or competitively sensitive.  Attached as Exhibit 3 is an illustrative

selection of documents in this category.  PPFA takes reasonable measures to protect this

confidential, proprietary, or competitively sensitive information from public disclosure,

including by storing the information in secure files, implementing security procedures, and by

limiting internal distribution to only those who require access to the information to carry out

their duties and responsibilities.  PPFA's employees also acknowledge receipt of policy

documents that require PPFA employees to keep confidential internal private information.

11.     The documents listed in this category contain information that reflects PPFA's confidential operational or competitive priorities and how PPFA performs analyses of those priorities that do not rise to the level of the "Attorneys' Eyes Only" designation but is nevertheless confidential and sensitive.  This is not information that PPFA ordinarily releases publicly.

12.     Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, such as by revealing non-public information revealing how PPFA assesses the efficacy of its programs, or the strategic and operating priorities of PPFA or its Affiliates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2022 in Mechanicsville, Maryland.

Vickie Jane Barrow-Klein