IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>  Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>  Defendants. | NO. 2:21-CV-00022-Z |

**PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S
RESPONSE TO RELATOR'S SECOND MOTION TO COMPEL**

Relator's Second Motion to Compel should be denied because it seeks documents Relator already has, documents that Relator does not need, or documents Parenthood Federation of America, Inc. ("PPFA") does not have. Relator moves to compel [DE 150] ("Motion") as to six Requests for Production ("Requests" or "RFPs") included among Relator's Third and Fourth sets of Requests to Defendant PPFA. Relator misrepresents the record underlying this Motion with his assertions (*e.g.*, at 2) that PPFA responded to the Requests with only a blanket "refusal to produce the requested documents" and "unilaterally imposed limitations on" discoverable information. In fact, PPFA agreed to produce *and has produced* relevant documents, and objected only where Relator's facially overbroad requests sought irrelevant information.

Relator's motion as to one of the six RFPs (Third RFP No. 1) is untimely and Relator offers no explanation or justification for delay; as to that RFP, the Court should deny the Motion on that basis alone. The Court should also deny the Motion as to Third RFP No. 1 because PPFA has produced relevant organizational charts, and Relator's demand for all organizational charts over a seven-year period is an unnecessary fishing expedition.

Relator's motion as to another four RFPs (Fourth RFP Nos. 1, 2, 4, and 6) ignores PPFA's repeated explanation that, because it is not a healthcare provider, it does not have the type of program or training materials sought by those RFPs.

And Relator's motion as to the last RFP (Fourth RFP No. 7) is wholly unnecessary. PPFA already agreed to produce responsive documents and, in any case, Relator's request is mooted by PPFA's September 9, 2022 supplemental production of more than 300,000 pages of documents, a substantial portion of which relate to Texas or Louisiana Medicaid, i.e., the topic underlying this RFP.

Relator's Motion unnecessarily burdens judicial resources and imposes discovery costs on PPFA. As with Relator's prior motion to compel, all of this could have been avoided if Relator had participated in the meet and confer process in good faith, as the rules require. *See, e.g.*, Fed. R. Civ. P. 37(a)(1), (a)(5)(A)(i). PPFA respectfully asks the Court to deny the Motion and award PPFA the expenses it incurred in responding to the Motion.

## I.  THE AUGUST 17 CONFERENCE BETWEEN PPFA'S and RELATOR'S COUNSEL

At the August 17 Conference, PPFA's counsel and Relator's counsel discussed a number of PPFA's objections to Relator's discovery requests.

### *Third RFP No. 1*

Relator first challenged PPFA's response to RFP No. 1 from Relator's Third RFPs:

> **REQUEST FOR PRODUCTION NO. 1:**
> All documents and communications concerning any employee lists and/or organizational charts of Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc., including but not limited to all documents identifying each employee and the employee's position and/or job title, the employee hierarchy, the organizational hierarchy, the chain of command, and/or the lines of organizational communication. This request is limited to the time period of January 1, 2015 to present. You are to produce all responsive documents, including any and all versions of responsive documents, during this time period.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
> PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a seven-year period without regard to whether such documents and communications have to do with the parties' claims and defenses in this case. In addition, PPFA objects to this Request to the extent it (i) seeks information from PPFA more properly sought from other Defendants, which have relevant information in their possession, custody, or control; (ii) is overly broad and unduly burdensome because it seeks the production of all employee lists and organizational charts (and

> communications regarding those documents) created for any reason during an approximately seven-year period regardless of whether such documents contain duplicative information or relate to PPFA employees whose responsibilities at PPFA are related to the claims or defenses in this action; and (iii) is vague and ambiguous with respect to the undefined terms "employee lists" and "organizational charts."
>
> Subject to and without waiving its objections herein, PPFA responds as follows: PPFA does not maintain a repository of historical organization charts. PPFA will (i) produce by August 5, 2022 (a) an organizational chart that reflects PPFA's current leadership structure, and (b) an organizational chart that reflects the organizational structure of PPFA's Federation Engagement & Impact team; and (ii) include in its rolling production of electronically-stored information any communications involving or attaching organizational charts reflecting PPFA's historical leadership structure or Federation Engagement & Impact team.

Mot. Ex. D at 5–6 [DE 150-5].

PPFA's counsel explained that PPFA does not maintain a repository of historical organizational charts and that PPFA would not produce comprehensive lists of all PPFA employees or organizational charts for all PPFA departments, regardless of whether the employees had any involvement with the issues that are relevant to this litigation. That is, PPFA reasonably imposed boundaries on discovery in response to a sweepingly broad request. PPFA did agree, however, to produce (i) current organizational charts for PPFA's leadership and for the Federation Engagement and Impact (FE&I) department, which is the PPFA department charged with liaising with PPFA affiliates, and (ii) any historical organizational charts that PPFA locates for leadership and FE&I in the course of collecting, processing, reviewing, and producing documents in response to Relator's other discovery requests. PPFA also offered to provide current organizational charts for any specific department that Relator's counsel could identify as having some connection to the claims and defenses in this case or involvement with the affiliates, but Relator's counsel did not do so. Relator's counsel merely asserted he needs organizational charts for all of PPFA to identify potential witnesses.

3

*Fourth RFP Nos. 1, 2, 4, and 6*

Relator also moved as to PPFA's responses to RFP Nos. 1, 2, 4, and 6 from Relator's Fourth RFPs, each addressing documents that PPFA does not have, as PPFA's counsel informed Relator's counsel at the August 17 Conference:

> **REQUEST FOR PRODUCTION NO. 1:**
> All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
> PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.
> Subject to and without waiving its objections herein, PPFA responds as follows: PPFA does not maintain policies or procedures regarding the prevention, detection, or reporting of healthcare fraud and abuse by PPFA, because PPFA does not provide healthcare services or receive Medicaid reimbursements.
>
> **REQUEST FOR PRODUCTION NO. 2:**
> All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
> PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.
> Subject to and without waiving its objections herein, PPFA responds as follows: PPFA does not provide training regarding the prevention,

detection, or reporting of health care fraud and abuse, because PPFA does not provide healthcare services or receive Medicaid reimbursements.

**REQUEST FOR PRODUCTION NO. 4:**
All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in Relator's First Requests for Production. PPFA further objections to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to internal Medicaid audits. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Responses and Objections to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

**REQUEST FOR PRODUCTION NO. 6:**
All documents and communications concerning maintaining and implementing a Health Care Compliance Program that focuses on prevention, detection, and correction of health care fraud and abuse, including all documents, communications, and reports of program activities provided by a Health Care Compliance Officer to the board, member of the board, or committee of the board of Planned Parenthood.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request as overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case.

Subject to and without waiving its objections herein, PPFA responds as follows, PPFA does not have a Health Care Compliance Program or a Health Care Compliance Officer.

Mot. Ex. E at 5–6, 8–10 [DE 150-6].

During the Conference, PPFA's counsel explained that PPFA does not have the policies, programs, and employees identified in those RFPs because, among other things, PPFA is not involved in the delivery of medical services and is not a Medicaid provider. Relator's counsel refused to accept this explanation and suggested PPFA should still undertake a search for documents so that Relator could verify the veracity of PPFA's explanation.

### *Fourth RFP No. 7*

Finally, Relator moved to compel as to Request No. 7 in Relator's Fourth RFPs.

> **REQUEST FOR PRODUCTION NO. 7:**
> All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**
> PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA further objects to this Request to the extent it (i) is overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case; and (ii) is duplicative of Request Nos. 7, 8, and 9 in Relator's First Requests for Production. PPFA further objects to this Request on the ground that PPFA does not provide healthcare services or receive Medicaid reimbursements and, thus, does not maintain documents relating to any plan by PPFA to increase Medicaid services or volume. In addition, PPFA objects to this Request to the extent it seeks information from PPFA more properly sought from other Defendants.
> Subject to and without waiving its objections herein, PPFA responds as follows: PPFA directs the Relator to PPFA's Response and Objection to Request Nos. 7, 8, and 9 in the Relator's First Requests for Production.

Mot. Ex. E at 10.

Fourth RFP No. 7 was not discussed during the Conference except in passing, with the parties' counsel noting that the substance of that RFP is covered by PPFA's prior agreement to produce documents in response to Relator's First RFPs Nos. 7, 8, and 9, among others, which include:

- all documents and communications "concerning the Affiliate Defendants submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid," Resp. to First RFP No. 7;

- all documents and communications "between (i) PPFA and (ii) employees of the State of Texas or the State of Louisiana concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas or Louisiana Medicaid," Resp. to First RFP No. 8;

- all "2010-present PPFA bylaws, as well as PPFA's non-privileged, final business-associate documents applicable to the Affiliate Defendants, PPFA's contracts for services with the Affiliate Defendants, and PPFA's revenue-sharing agreements with the Affiliate Defendants," Resp. to Second RFP No. 1;

- all "non-privileged 2010-present communications between PPFA and the Affiliate Defendants concerning the Affiliate Defendants' submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid" or Louisiana Medicaid, Resp. to Second RFP Nos. 4–5; and

- all internal PPFA documents relevant to the above requests (and Second RFP Nos. 2–3).

PPFA has produced more than 75,000 documents on these and other topics since the August 17 Conference, including a voluminous number of documents that broadly concern Texas or Louisiana Medicaid.

Nevertheless, during the August 17 Conference, PFFA's counsel emphasized that PPFA would consider any additional categories of relevant documents that Relator believed were not covered by PPFA's production commitments, and PPFA's counsel asked Relator's counsel

7

whether there were additional areas of inquiry and production responsive to Relator's claims that related to the RFPs at issue. In what is now standard practice for Relator's counsel's approach to meet-and-confer sessions, *see* Chapa Decl. of Sept. 7, 2022 [DE 164-1], Relator's counsel stated that he could not think of any relevant category of documents not included within PPFA's agreed-to collection, and PPFA's counsel stated their willingness to discuss any such items on request.

Relator nonetheless, and without further discussion, filed the Motion on August 23, 2022.

## **LEGAL STANDARD**

Rule 26 limits discovery to non-privileged matters that are both (1) relevant to a claim or defense in the case, and (2) proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The moving party on a motion to compel bears the burden of showing that the discovery sought is relevant, and "both parties and the court [must] consider the proportionality of all discovery in resolving discovery disputes." *Innovation Sciences, LLC v. Amazon.com, Inc.*, 2020 WL 3288082, at * 1–2 (E.D. Tex. June 18, 2020); *see also Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) ("The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party."). Courts in the Fifth Circuit routinely deny motions to compel responses to facially overbroad and burdensome discovery requests that are not reasonably tailored to lead to the discovery of admissible evidence. *See, e.g., Innovation Sciences*, 2020 WL 3288082, at *3 (refusing to "compel production of a plethora of documents spanning fourteen years" where party's request was not "narrowly tailored" to the articulated issues in the case); *McPherson v. Bank of Am., N.A.*, 2014 WL 12596464, at *2–3 (N.D. Tex. May 22, 2014) (similar); *Lucero v. Target*

8

*Corp.*, 2011 WL 13273660, at *3 (W.D. Tex. Jan. 25, 2011) (similar); *Steinberg v. BPO Mgmt. Servs., Inc.*, 2010 WL 11618166, at *5 (N.D. Tex. Nov. 8, 2010) (similar).

Before filing a motion to compel, the movant has a duty to confer in good faith to obtain the sought-after discovery "without court action." Fed. R. Civ. P. 37(a)(1). It is not enough to go "through the motions" or pay "mere lip service" to the meet-and-confer requirement. *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 267 (N.D. W. Va. 2013). "'When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.'" *Brown v. Bridges*, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999))). The "good faith" requirement in Rule 37 "'mandates a genuine attempt to resolve the discovery dispute through non-judicial means.'" *Wooten v. Federal Express Corp.*, 2004 WL 7334011, at *1 (N.D. Tex. Oct. 27, 2004) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

## **ARGUMENT**

### A. The Court Should Deny Relator's Motion As To Third RFP No. 1 (Organizational Charts).

The Motion (at 6 (emphasis added)) demands that PPFA "produce *all* organizational charts that are in its possession, custody or control so that Relator can identify the names and job positions of current and former employees of PPFA who may have knowledge or information relevant to the claims and defenses in this lawsuit, as well as each of the divisions of PPFA." The Court should deny Relator's demand because it is both late and meritless. PPFA has already produced current organizational charts for the most relevant departments, as well as organizational charts identified in its search of 16 custodians' documents.

9

1. *The Motion Is Untimely*.

As to Third RFP No. 1, Relator's Motion is untimely. Under the Court's Scheduling Order, parties must file motions to compel within "15 days after the discovery response at issue was served or due to be served." Am. Sched. Order at 5. PPFA served its responses and objections to Relator's Third RFPs on July 18, 2022. Mot. Ex. E at 8. Relator waited until August 23, 2022—more than 35 days after PPFA served its responses and objections—to move to compel. Relator's motion to compel is untimely as to Third RFP No. 1 and should be denied on that basis alone. *See, e.g.*, *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 396–99 (N.D. Tex. 2006) (denying motion to compel as untimely because it was filed after deadline set in scheduling order); *see also Williams v. Las Vegas Metro. Police Dep't*, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015) ("Untimeliness is sufficient ground, standing alone, to deny a discovery motion." (citations omitted)).

2. *The Motion Has No Merit*.

As written—and as confirmed by Relator's counsel during the Conference—Third RFP No. 1 seeks *all* employee lists and organization charts for a sprawling organization from a seven-year period, as well as all documents and communications "*concerning*" such documents, even for PPFA employees and departments that have no involvement in the issues underlying the parties' claims and defenses in this case. That Request is extremely overbroad on its face—something Relator implicitly conceded by cabining the Motion to organization charts and abandoning the previous demand for all "employee lists." As to organization charts, PPFA already agreed to and has produced the current charts for PPFA's leadership and the FE&I department, as well as all organization charts it has identified in its document searches that already have resulted in the production of more than 300,000 pages of information.

Relator has provided no good reason why this Court should compel PPFA to produce more. *See* Ex. A (Barrow-Klein Decl.) ¶ 4. Any additional organization charts—much less every single organization chart for every PPFA department or division generated over a seven-year period—would have vanishingly little or no relevance to Relator's claims. Relator does not need every organization chart for the past seven years to identify potential witnesses. Mot. at 6. PPFA has disclosed its potential witnesses in its Initial Disclosures, and Relator could more efficiently seek identification of potential deponents through an interrogatory or by analyzing the tens of thousands of documents and communications that PPFA has produced.

Moreover, the burden associated with searching for these charts outweighs any marginal value. As "implausible" as Relator may believe it to be (at 6), PPFA does not maintain a repository of historical organizational charts. Barrow-Klein Decl. ¶ 4. Thus, the only way to identify such materials would be to collect and search the electronically stored information of a large number of custodians. By way of example, PPFA's human-resources department alone has had between 13-20 active employees each year since 2015. Barrow-Klein Decl. ¶¶ 4–5. What remains of Relator's discovery request is an impermissible "fishing expedition," and the Court should reject it. *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 367 (N.D. Tex. 2013).

\* \* \* \*

PPFA properly responded to Third RFP No. 1 and agreed to produce documents relevant and proportional to the needs of the case. The Court should reject the Motion's (untimely) demand for documents that are facially irrelevant to this case.

**B.    PPFA Cannot Be Compelled to Produce Documents It Does Not Have.**

Fourth RFPs Nos. 1, 2, 4, and 6 seek documents and communications related to PPFA's policies, procedures, audits, and training for preventing healthcare fraud and abuse, as well as

11

documents and communications related to a "Health Care Compliance Program" and a "Health Care Compliance Officer."

As PPFA's counsel explained to Relator's counsel at the August 17 Conference, and as reflected in the sworn testimony of PPFA COO Vickie Barrow-Klein, PPFA does not provide healthcare services or receive Medicaid reimbursements. *See* Barrow-Klein Decl. ¶¶ 6–7. Nor does PPFA maintain a "Health Care Compliance Program" or have a "Health Care Compliance Officer." Barrow-Klein Decl. ¶ 8. PPFA should not be compelled to undertake an expensive and resource-consuming search for documents relating to policies, procedures, audits, trainings, programs, and officers that it does not have. *See, e.g.*, *ORIX USA Corp. v. Armentrout*, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016); *see also Carter v. H2R Rest. Hldgs.*, 2017 WL 3764033, at *3 (N.D. Tex. Aug, 30, 2017) (denying motion to enforce subpoena; "no basis to compel" as to documents party "does not appear to have" (collecting cases)). The Motion should be denied as to Fourth RFPs No. 1, 2, 4, and 6.

### C.     Relator's RFP About Medicaid Services and Volume Is Moot.

Finally, the Court should deny the Motion as to Fourth RFP No. 7, which seeks "[a]ll documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid." In the discussion of this Request at the August 17 Conference, PPFA's counsel explained to Relator's counsel that—as noted in PPFA's response—PPFA has already committed to producing documents relevant to PPFA's interactions with the Affiliate Defendants about the submission and reimbursement of Medicaid claims, as well as revenue-sharing agreements and other business-related documents. *See supra* at 7. Relator's counsel seemed satisfied with this response but still moved to compel without identifying any deficiencies in PPFA's prior responses or productions. *See* Mot. at 8 (incorrectly stating that

12

"PPFA . . . objected and refused to produce any documents responsive to this request"). Moreover, the Court's Order on Relator's motion to compel [DE 153] (issued two days after the Motion was filed) effectively mooted the Motion as to Fourth RFP No. 7 by ordering PPFA to broadly produce documents related to Texas and Louisiana Medicaid, which PPFA did by making a voluminous production from 16 custodians spanning various PPFA departments that included any and all non-privileged documents regarding Texas or Louisiana Medicaid.

## CONCLUSION

For the foregoing reasons, PPFA respectfully requests that the Court deny Relator's Second Motion to Compel and, pursuant to Rule 37, order that Relator pay PPFA's costs of litigating the Motion.

| | |
|---|---|
| Dated: September 13, 2022 | **O'MELVENY & MYERS LLP** |
| | */s/ Danny S. Ashby* |
| | DANNY S. ASHBY |
| | Texas Bar No. 01370960 |
| | dashby@omm.com |
| | JUSTIN R. CHAPA |
| | Texas Bar No. 24074019 |
| | jchapa@omm.com |
| | MEGAN R. WHISLER |
| | Texas Bar No. 24079565 |
| | mwhisler@omm.com |
| | 2501 N. Harwood Street, Suite 1700 |
| | Dallas, Texas 75201 |
| | T: (972) 360-1900 |
| | F: (972) 360-1901 |
| | |
| | LEAH GODESKY (*pro hac vice*) |
| | lgodesky@omm.com |
| | 1999 Avenue of the Stars, 8th Floor |
| | Los Angeles, California 90067 |
| | T: (310) 553-6700 |
| | F: (310) 246-6779 |
| | |
| | **BLACKBURN BROWN LLP** |
| | |
| | RYAN PATRICK BROWN |
| | Texas Bar No. 24073967 |
| | brown@blackburnbrownlaw.com |
| | 1222 S. Fillmore St. |
| | Amarillo, Texas 79101 |
| | T: (806) 371-8333 |
| | |
| | *Attorneys for Defendant Planned Parenthood Federation of America, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on September 13, 2022, the foregoing Response to Relator's Second Motion to Compel was filed via the Court's CM/ECF system and, therefore, was served electronically on all counsel of record.

/s/ Danny S. Ashby
Danny S. Ashby

14