# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF POLIN BARRAZA

I, Polin Barraza declare and state as follows:

1. I am currently employed by Planned Parenthood South Texas, Inc. ("PPST") as Senior Vice President and Chief Operations Officer. I have held this position since 2013. Before that, I was the Senior Vice President for Healthcare and Compliance for PPST from 2010 to 2013. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept in the normal course of business by PPST. If called upon to testify, I could and would testify thereto.

2. I make this declaration in support of Affiliate Defendants' Oppositions to Relator's Second Motion to Compel and Third Motion to Compel ("Motions to Compel") in the

above-captioned case. I am familiar with the scope of discovery sought by Relator's First and Third Set of Requests for Production to PPST and the Motions to Compel.

3. PPST maintains documents in a variety of locations and formats, including current data that resides in the email PST files and personal computer drives of 68 current employees, historical data of any one of its 284 employees that it has employed since 2010, and thousands of boxes of hard copy documents that are maintained in offsite storage and more than 15 filing cabinets containing documents that are maintained with PPST departments on site.

4. PPST does not have an email retention policy. All emails are retained indefinitely unless manually deleted. However, employees under a litigation hold are not permitted to manually delete email.

5. PPST has no reasonable means of searching across *all* of these available documents, particularly given the unknown likelihood of finding potentially relevant data in the custodial data of every one of its employees or former employees, the likelihood of searching through largely duplicative data between and among custodial and non-custodial files, and the associated costs of collecting, processing, and reviewing such a vast amount of data.

6. In response to Relator's First Requests for Production, PPST searched for and collected the reasonably accessible custodial data of employees—both current and former—most likely to have relevant and responsive information, and it searched for and collected reasonably accessible, responsive non-custodial data. PPST collected documents from me, its current Vice President and Chief Operations Officer and former Senior Vice President for Healthcare and Compliance, as I was likely to have documents related to

First Set of RFP Nos. 1, 2, 3, 7, 8, 11 and Third Set of RFPs 1-7, as well as from its former Chief Executive Officer, who was likely to have documents related to RFP Nos. 1, 7, 8, 9.

7. Through that process, PPST, PPSA, and PPCC, which are sharing vendor costs for this matter, have already incurred approximately $33,000 in costs in just two months for their e-discovery vendor to collect, process, and produce that data. This figure does not include PPST's, PPSA's, and PPCC's internal costs to collect and produce the data.

8. That figure would grow exponentially if PPST were required to collect the additional data sought by Relator's Motion to Compel, and it would impose a significant burden on PPST staff in terms of time and resources, as well. It takes approximately an hour, on average, to collect a single PPST custodian's entire custodial email file, depending on size. For 284 custodians, that would mean at least 284 hours dedicated to the collection, in addition to the vendor costs for the collection, processing, and production of that data. And it would require significant additional time and resources to collect, process, and produce any responsive data maintained in hard copy given the sheer volume of those documents.

9. Further, PPST would need to review for privilege, attorney work product protection, and confidentiality (1) any newly collected documents, communications, and families of those communications, and (2) if PPST is required to produce all documents and communications that hit on PPST's broad search terms, regardless of responsiveness, any documents, communications, and families of those communications that were previously collected and reviewed but determined to be nonresponsive. This would require significant time and resources to complete.

10. For all of these reasons, producing "all documents and communications" responsive to Relator's First and Third Sets of Requests for Production dating back to 2010 would be impossible in the time remaining for discovery and the vast majority of these documents would be irrelevant to the issues alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2022 in San Antonio, Texas.

_____
Polin Barraza