# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| | § | |
| Plaintiffs, | §<br>§ | |
| | § | |
| v. | §<br>§ | |
| | § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | §<br>§ | |

## DECLARATION OF POLIN BARRAZA

I, Polin Barraza declare and state as follows:

1. I am a board member of Planned Parenthood Cameron County, Inc. ("PPCC") and

    currently serve as President. I have held this position since 2020.  Additionally, I am

    currently employed by Planned Parenthood South Texas, Inc. ("PPST") as Senior Vice

    President and Chief Operations Officer, a position that I have held since 2013.  Before

    that, I was the Senior Vice President for Healthcare and Compliance for PPST from

    2010 to 2013.  Given these roles, I have been in a position to possess documents

    relevant to this litigation for PPCC since 2010.  I am over the age of 18 and have

    personal knowledge of the matters herein or have acquired such knowledge by

personally examining the business records kept in the normal course of business by PPCC.  If called upon to testify, I could and would testify thereto.

2.  I make this declaration in support of Affiliate Defendants' Oppositions to Relator's Second Motion to Compel and Third Motion to Compel ("Motions to Compel") in the above-captioned case.  I am familiar with the scope of discovery sought by Relator's First and Third Set of Requests for Production to PPCC and the Motions to Compel.

3.  PPCC maintains documents in a variety of locations and formats, including the data of any one of its 13 employees that it has employed since 2010 as well as thousands of boxes of hard copy documents that are maintained in offsite storage and more than 15 filing cabinets containing documents that are maintained with PPCC departments on site.

4.  PPCC does not have an email retention policy. All emails are retained indefinitely unless manually deleted. However, employees under a litigation hold are not permitted to manually delete email.

5.  PPCC has no reasonable means of searching across *all* of these available documents, particularly given the unknown likelihood of finding potentially relevant data in the custodial data of every one of its employees or former employees, the likelihood of searching through largely duplicative data between and among custodial and non-custodial files, and the associated costs of collecting, processing, and reviewing such a vast amount of data.

6.  In response to Relator's First and Third Requests for Production, PPCC searched for and collected the reasonably accessible custodial data I possessed, as I am the custodian

2

most likely to have relevant and responsive information to those Requests, and it searched for and collected reasonably accessible, responsive non-custodial data.

7.  Through that process, PPST, PPSA, and PPCC, which are sharing vendor costs for this matter, have already incurred approximately $33,000 in costs in just two months for their e-discovery vendor to collect, process, and produce that data.  This figure does not include PPST's, PPSA's, and PPCC's internal costs to collect and produce the data.

8.  That figure would grow exponentially if PPCC were required to collect the additional data sought by Relator's Motion to Compel, and it would impose a significant burden on PPCC in terms of time and resources, as well.  It takes approximately an hour, on average, to collect a single PPCC custodian's entire custodial email file, depending on size.  For 13 custodians, that would mean at least 13 hours dedicated to the collection, in addition to the vendor costs for the collection, processing, and production of that data.  And it would require significant additional time and resources to collect, process, and produce any responsive data maintained in hard copy given the sheer volume of those documents.

9.  Further, PPCC would need to review for privilege, attorney work product protection, and confidentiality: (1) any newly collected documents, communications, and families of those communications, and (2) if PPCC is required to produce all documents and communications that hit on PPCC's broad search terms, regardless of responsiveness, any documents, communications, and families of those communications that were previously collected and reviewed but determined to be nonresponsive.  This would require significant time and resources to complete.

3

10. For all of these reasons, producing "all documents and communications" responsive to Relator's First and Third Requests for Production dating back to 2010 would be impossible in the time remaining for discovery and the vast majority of these documents would be irrelevant to the issues alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed September 13, 2022 in San Antonio, Texas.

Polin Barraza

4