**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH<br>TEXAS, INC., PLANNED<br>PARENTHOOD CAMERON<br>COUNTY, INC., PLANNED<br>PARENTHOOD SAN ANTONIO,<br>INC., | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

**RELATOR'S REPLY IN SUPPORT OF THIRD MOTION TO**
**COMPEL DISCOVERY RESPONSES**

Relator Alex Doe files this reply in support of Relator's Third Motion to Compel

Discovery Responses (the "Motion"). Dkt. 154. For the reasons set forth in the Motion

and below, Relator respectfully requests the Court enter an order compelling

Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater

1

Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("PPFA Affiliates") to produce all documents and communications responsive to Relator's First Requests for Production on or before September 30, 2022, and to produce a privilege log for every document the PPFA Affiliates withhold on the basis of privilege on or before September 30, 2022.

## INTRODUCTION

The PPFA Affiliates make several meritless arguments in their Opposition to the Motion, many of which are similar to arguments already made by PPFA and rejected by this Court. First, the PPFA Affiliates claim that Relator's Motion is untimely, apparently because Relator relied on the PPFA Affiliates' claim that they would comply with their obligations and produce documents on a rolling basis and waited to file the Motion until the PPFA Affiliates completed their rolling production. Dkt. 177 at 8-9. Second, the PPFA Affiliates claim that because they used search terms and a complex e-discovery process, they complied with their discovery obligations. But this argument requires the Court to ignore the fact that according to their own reports, the PPFA Affiliates have produced only 1,292 documents (and only 857 emails) concerning Medicaid for a nearly twelve-year time period during which they received millions of dollars from Texas and Louisiana Medicaid. *See* Ex. A at 1; Dkt. 177 at 2. They did not even search for the term "Medicaid." *See* Ex. A at 2. And they withheld nearly 1,000 documents for privilege. *See id.* No matter the process the PPFA Affiliates and their counsel claim to have used to respond to Relator's discovery

requests, their document production is facially incomplete and their egregious and ongoing violations of the discovery rules are sanctionable. Third, the PPFA Affiliates argue that Relator's discovery requests are facially overbroad, unduly burdensome, and not proportional to the claims and defenses in this lawsuit. *See* Dkt. 177 at 16-18. But this Court already rejected PPFA's similar argument with respect to their documents concerning Texas and Louisiana Medicaid. The PPFA Affiliates' arguments do not justify their failure to comply with their discovery obligations and the Court should enter an order compelling the PPFA Affiliates to produce all requested documents in their possession, custody, or control by September 26, 2022, to produce their privilege log by September 26, 2022, and award sanctions for their conduct.

## ARGUMENT

**I.     Relator promptly filed the Motion when it became apparent that the PPFA Affiliates and their counsel failed to produce all responsive documents.**

Relator filed this Motion after receiving the PPFA Affiliates' "rolling" document productions, reviewing the documents they produced, and conferring with their counsel numerous times. Ironically, the PPFA Affiliates accuse Relator of not meaningfully engaging in the meet-and-confer process, yet also appear to argue that Relator should have cut this process off and filed earlier, not taking the Affiliates' lawyers at their word. But Relator filed as soon as the PPFA Affiliates completed their "rolling" production and it was clear that it was woefully deficient. Given that the PPFA Affiliates apparently intended to abuse the discovery process by delaying

3

production and producing only the documents they wanted, perhaps Relator's counsel should not have relied in good faith on PPFA Affiliates' counsel's representations and should have assumed noncompliance. In any event, Relator's Motion is timely, and Relator gave the PPFA Affiliates more than enough time to comply with their discovery obligations before requesting this Court's intervention.

It is also plain that PPFA Affiliates have not complied with their discovery obligations. To confirm that the PPFA Affiliates have failed to produce all responsive documents, the Court need look no further than the number of documents produced. The PPFA Affiliates cannot provide any explanation for their document production containing so few documents when Relator's claims and discovery requests cover a twelve-year period during which the PPFA Affiliates received millions of dollars of Medicaid funds from Texas and Louisiana.  By contrast, after the Court ordered PPFA to produce all its responsive documents and emails concerning Texas and Louisiana Medicaid, PPFA produced approximately 75,000 documents and emails, even though (as PPFA claims) it does not directly participate in Medicaid. It is obvious that the PPFA Affiliates are withholding and refusing to produce documents that are both responsive and highly relevant to the claims at issue in this case. The PPFA Affiliates even admit in their response that there is a large volume of hard copy documents that have not even been searched. Dkt. 177 at 18. Their lawyers' excuses as to e-discovery protocols, search terms, and lists of custodians are irrelevant and do not address the fact that the PPFA Affiliates have clearly failed and refused to produce all responsive documents concerning Texas and/or Louisiana Medicaid. The

Court should reject the PPFA Affiliates' efforts to withhold and hide responsive emails and documents from the parties and the Court and order compliance.

Finally, the PPFA Affiliates claim that they are justified in not producing documents from the time period of January 1, 2010 to February 4, 2011 because they relate to events outside the statute of limitations. *See* Dkt. 177 at 8. But the PPFA Affiliates forfeited any statute of limitations defense. No Defendant asserted the statute of limitations as an affirmative defense in their Answers, as is required by Federal Rule of Civil Procedure 8(c). *See* Dkt. 80, 81. And "[i]f the affirmative defense is not included in the complaint, it is waived." *Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009) (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991)).

## II.   There is no basis for the PPFA Affiliates' claim that Relator was obligated to provide additional information before moving to compel PPFA to produce all responsive documents.

As a distraction from the PPFA Affiliates' utter failure to comply with their discovery obligations, the Affiliates argue (similarly to PPFA's unsuccessful argument, *see* Dkt. 153 at 5) that Relator did not meaningfully confer because Relator did not tell the PPFA Affiliates what documents their rolling productions failed to include before filing the Motion. But this places the burden in the wrong place. Relator is not required to specifically identify documents or categories of documents wholly in the possession of Defendants that may have been withheld or that should have been collected or produced. Relator is entitled to full and complete responses to Relator's discovery requests, including all responsive documents in PPFA's possession, custody, or control. It is also apparent that, given the Affiliates' bad faith

and intention to produce very little responsive material, even if Relator somehow knew specifically what was missing from the production, the Affiliates would not have produced it anyway. As Relator's counsel recently pointed out to the Affiliates' lawyers after being provided with the search terms the Affiliates used for their "rolling" productions, the PPFA Affiliates did not even search for the term "Medicaid." *See* Ex. A at 2; Ex. B at 2. Yet the PPFA Affiliates have not even agreed to do that as of the filing of this Reply. *See* Ex. B. at 2.

## III. The PPFA Affiliates' argument that Relator's discovery requests are "facially overbroad," "unduly burdensome," and not "proportional" is meritless.

Like PPFA, the PPFA Affiliates argue that Relator's discovery requests are unduly burdensome and not proportional to the claims and defenses in the case. Dkt. 177 at 16-18. But as the Motion explains, and as the Court already agreed with respect to PPFA, Relator is entitled to discovery of all non-privileged documents in the PPFA Affiliates' possession, custody, or control concerning Texas and Louisiana Medicaid because those documents may be used at trial to prove (1) the terms and conditions of the PPFA Affiliates' enrollment and participation in Texas Medicaid and/or Louisiana Medicaid; (2) the PPFA Affiliates' submission of claims for payment from Texas Medicaid and/or Louisiana Medicaid; (3) the PPFA Affiliates' knowledge of violations of Texas and/or Louisiana Medicaid rules, including the obligation to repay the government Medicaid funds received from Texas Medicaid and/or Louisiana Medicaid; (4) PPFA's direction and control of the business and operations of the PPFA Affiliates, including their participation in Texas and/or Louisiana

Medicaid; and (5) the significant financial relationship between PPFA and the PPFA Affiliates. Dkt. 154 at 6; *see also* Dkt. 153 at 3-4, 5.

The PPFA Affiliates claim (Dkt. 177 at 10) that Relator has not shown that the documents are relevant, but this Court rejected that argument with respect to PPFA's similar documents: The documents are "probative of every issue in this case." Dkt. 153 at 3. The PPFA Affiliates also assert, like PPFA, that they would be unduly burdensome to collect, review, and produce all the documents that are the subject of the Motion. Dkt. 177 at 16-18.  The PPFA Affiliates claim that it has already cost nearly $100,000 for the PPFA Affiliates to produce their 1,292 documents. Dkt. 177 at 17, Ex. B at 1, and that amount would "increase exponentially" for the PPFA Affiliates to collect, review, and produce all of the documents Relator has requested, Dkt. 177 at 17. Given that the PPFA Affiliates receive millions of dollars in Medicaid funds from Texas and Louisiana Medicaid—and are potentially liable for many millions of dollars in damages and civil penalties—it is not unduly burdensome or overly costly to require the PPFA Affiliates to comply with their discovery obligations and produce all documents and communications concerning Texas and Louisiana Medicaid.

The PPFA Affiliates further contend that there is not enough time left in discovery for them to comply with Relator's discovery requests, but that argument fails for two reasons. First, it is doubtful that the PPFA Affiliates cannot comply, given that PPFA produced over 300,000 pages of documents in a few weeks' time after the Court ordered it to do so. Second, the PPFA Affiliates have delayed responding to

Relator's discovery requests since they were served nearly four months ago on May 27, 2022. Allowing the PPFA Affiliates to shirk their discovery responsibilities now because of the press of time only incentivizes the gamesmanship they engaged in here. Running out the discovery clock is apparently exactly what they hoped for.

Finally, Relator's discovery requests are proportional to the needs of this case for several reasons. First, as already stated, this case involves millions of dollars of Medicaid funds and substantial potential civil monetary penalties. PPFA and the PPFA Affiliates have described this case as involving "couldn't-be-higher stakes" and "staggering claims." Dkt. 118 at 2. Relator's discovery requests seeking the PPFA Affiliates' documents concerning Texas and/or Louisiana Medicaid are thus proportional to the nature of this case involving substantial Medicaid funds and the amount of potential liability and civil penalties at stake, even if it is expensive for the PPFA Affiliates to comply.  Second, Defendants served Relator with broad discovery requesting that Relator produce essentially every document in Relator's possession, custody or control concerning or relating in any way to PPFA, the PPFA Affiliates, Relator's investigation of PPFA and the PPFA Affiliates, and the allegations in Relator's Complaint. PPFA filed a motion to compel asking the Court to order Relator to produce the documents PPFA requested. Dkt. 131. To resolve PPFA's motion without court intervention, and to move this case to trial with full and fair discovery, Relator agreed to produce all non-privileged documents requested by PPFA and has produced those documents. Dkt. 140. An order compelling the PPFA Affiliates to produce all documents responsive to Relator's discovery requests is proportional to

the discovery that was requested from Relator. And as this Court already determined, it is proportional to the needs of this case. *See* Dkt. 153 at 5.

## CONCLUSION

Relator respectfully requests the Court grant the Motion and compel the PPFA Affiliates to (1) provide full and complete responses to Relator's First Requests for Production and to produce to Relator all requested non-privileged documents in their possession custody or control on or before September 30, 2022, and (2) to provide to Relator a log of all documents withheld on the basis of privilege on or before September 30, 2022.[1]

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

---

[1] The PPFA Affiliates said they would provide a privilege log for documents already withheld by today, September 16, 2022. *See* Ex. B at 1. But as of the time of filing, the Affiliates have not yet provided it.

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

Exhibit A

Affiliate Defendants' Search Term Report - Trace and Relation / First Sets of RFPs
September 7, 2022

| CUSTODIAN* | DATA PROCESSED | DOCUMENTS REMOVED THROUGH CULLING (transfer files, system files, etc.) | DOCUMENTS REMOVED THROUGH DE-DUPLICATION | SEARCH TERM HITS PROMOTED TO REVIEW | | | | | | RECORDS PRODUCED | RECORDS WITHHELD FOR FURTHER PRIVILEGE REVIEW & LOGGING |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | FILES | FILES | FILES | FILES | EMAIL | EMAIL ATTACHMENT | IMMEDIATE FAMILY | CALENDAR APPT | CALENDAR ATTACHMENT | FILES | FILES |

*Custodian value identifies a single custodian. (Custodian metadata field) not all custodians included in these communications (Custodian1s) and Duplicatecustodian metadata field).

**DATE CULL January 31, 2011 to January 6, 2022**

| Search Term | Total Documents Hit | Unique Hits |
|---|---|---|
| Medi-caid | 8 | 0 |
| hhs.tx.gov | 0 | 0 |
| dhh.Louisiana.gov | 31 | 0 |
| Wachino | 18 | 0 |
| Kleibert | 3 | 1 |
| DHH | 415 | 146 |
| "qualified provider" | 603 | 4 |
| FFS | 785 | 76 |
| "provider agreement" | 1,410 | 234 |
| HHSC-OIG | 530 | 0 |
| MCO | 1,678 | 54 |
| Overpayment | 1,817 | 109 |
| "Cecile Richards" AND (termination OR medicaid OR texas OR louisiana) | 6,862 | 3,592 |
| "grace period" | 1,163 | 254 |
| "en banc" | 1,505 | 75 |
| repay* | 3,367 | 1,174 |
| revocation OR revoke | 3,510 | 575 |
| "Fee for service" OR fee-for-service | 2,905 | 530 |
| OIG | 5,174 | 1,112 |
| TRO | 2,926 | 731 |
| Centers w/5 (Medicare OR "Medicaid services") | 4,569 | 5 |
| Recoup* | 2,318 | 431 |
| "Managed care" | 11,138 | 2,335 |
| "fifth circuit" | 5,127 | 1,026 |
| HHS | 12,794 | 2,452 |
| TMHP | 5,336 | 1,431 |
| HHSC | 7,265 | 897 |
| CMS | 12,607 | 3,525 |
| Health w/2 "human services" | 15,950 | 3,079 |
| injunct* | 11,138 | 2,284 |
| (Medicaid AND (enroll* OR participat* OR eligibil* OR accred* OR submit* OR submission OR receiv* OR receipt OR terminat* OR qualif* OR refund*)) | 42,726 | 25,120 |
| | | 51,252 |

Exhibit B

| From: | Lollar, Tirzah |
|---|---|
| To: | Andrew Stephens; Martin, Meghan C.; Raymond Winter |
| Cc: | Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton; Heather Hacker; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.; lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore; dashby@omm.com; Weberman, Melissa L. |
| Subject: | RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al |
| Date: | Tuesday, September 13, 2022 10:56:22 AM |
| Attachments: | image001.png |
|  | image002.png |

Andrew, following up on the Affiliates' privilege log.  We should be able to generate a privilege log for the emails you asked about by the end of next week.


Thanks,
Tirzah


_____

Tirzah Lollar

Partner | Bio

**Arnold & Porter**

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Thursday, September 8, 2022 7:46 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore <Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Weberman, Melissa L. <Melissa.Weberman@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al


Andrew:

Thanks for your note.  When will Relator produce his privilege log (*see, e.g.*, Dkt. 162 at 7)?  We suggest working towards a reasonable deadline for a mutual exchange of logs by Relator and Affiliates.  Let us know what you think.

As for your question about Medicaid, we understand you to be referring to documents requested in Relator's First Set of RFPs for the Affiliates.  Relator moved to compel on those (Dkt. 145), so Affiliates will be filing their response next week.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio

**Arnold&Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Thursday, September 8, 2022 11:52 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore <Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Weberman, Melissa L. <Melissa.Weberman@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

External E-mail

Tirzah,

Do you have an answer to my question below regarding the privilege log for the 997 emails you identified as privileged in your initial review?

Also are the PPFA Affiliates willing to produce every non-privileged email communication that has the term "Medicaid"?

Andrew

**Andrew B. Stephens**
Partner

HACKER STEPHENS LLP
[www.hackerstephens.com](www.hackerstephens.com)

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

---

**From:** Andrew Stephens
**Sent:** Wednesday, September 7, 2022 12:12 PM
**To:** Lollar, Tirzah <[Tirzah.Lollar@arnoldporter.com](Tirzah.Lollar@arnoldporter.com)>; Martin, Meghan C. <[Meghan.Martin@arnoldporter.com](Meghan.Martin@arnoldporter.com)>; Raymond Winter <[Raymond.Winter@oag.texas.gov](Raymond.Winter@oag.texas.gov)>
**Cc:** Eugenia Krieg <[Eugenia.Krieg@oag.texas.gov](Eugenia.Krieg@oag.texas.gov)>; Drew Wright <[Drew.Wright@oag.texas.gov](Drew.Wright@oag.texas.gov)>; Sinty Chandy <[Sinty.Chandy@oag.texas.gov](Sinty.Chandy@oag.texas.gov)>; Christopher Hilton <[Christopher.Hilton@oag.texas.gov](Christopher.Hilton@oag.texas.gov)>; Amy Hilton <[Amy.Hilton@oag.texas.gov](Amy.Hilton@oag.texas.gov)>; Benjamin Walton <[Benjamin.Walton@oag.texas.gov](Benjamin.Walton@oag.texas.gov)>; Heather Hacker <[heather@hackerstephens.com](heather@hackerstephens.com)>; Sheehan, Christian <[Christian.Sheehan@arnoldporter.com](Christian.Sheehan@arnoldporter.com)>; Odell, Christopher M. <[Christopher.Odell@arnoldporter.com](Christopher.Odell@arnoldporter.com)>; Margolis, Craig D. <[Craig.Margolis@arnoldporter.com](Craig.Margolis@arnoldporter.com)>; [lgodesky@omm.com](lgodesky@omm.com); [brown@blackburnbrownlaw.com](brown@blackburnbrownlaw.com); [jchapa@omm.com](jchapa@omm.com); Michael Moore <[Michael.Moore@oag.texas.gov](Michael.Moore@oag.texas.gov)>; [dashby@omm.com](dashby@omm.com); Weberman, Melissa L. <[Melissa.Weberman@arnoldporter.com](Melissa.Weberman@arnoldporter.com)>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Thanks, Tirzah. When can we expect the PPFA Affiliates' privilege log for the 997 emails withheld for privilege?

Andrew

**Andrew B. Stephens**
Partner

HACKER STEPHENS LLP
[www.hackerstephens.com](www.hackerstephens.com)

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Wednesday, September 7, 2022 12:04 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Martin, Meghan C.
<Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com; Weberman, Melissa L.
<Melissa.Weberman@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

Attached please find information on Affiliates' collections, searches, and productions.  We are
performing additional validation of our predictive coding model and will provide information on that
process in a few days.

Ray and TX team, we are still waiting to receive your list of custodians and would appreciate an
update on Texas's efforts to collect and produce documents.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio

**Arnold&Porter**
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 2, 2022 3:50 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Martin, Meghan C.
<Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,

Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** Re: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

Ray and TX teams, please send us your custodians as agreed last week.

Our vendor is still working to pull the info that we discussed regarding Affiliates' collections
and searches with the TX folks and Andrew last week.  We should be able to send it on
Tuesday.

Thanks,
Tirzah

Sent from Nine

---

**From:** Lollar, Tirzah
**Sent:** Monday, August 29, 2022 5:04 PM
**To:** Andrew Stephens; Martin, Meghan C.; Raymond Winter
**Cc:** Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton;
Heather Hacker; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.;
zzz.External.lgodesky@omm.com; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com; Michael Moore; zzz.External.dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

Ray and TX team, are you willing to identify the custodians that Texas is searching?  We think it
makes sense for the parties to share this information, provided that everyone agrees to share it.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com

www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Monday, August 29, 2022 2:32 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter
<Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

External E-mail

Meghan, could you provide the names of the 8 custodians referenced in your email?

Thanks,

Andrew

---

**From:** Andrew Stephens
**Sent:** Friday, August 26, 2022 1:32 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter
<Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

Tuesday 10am CST works, dial-in info below.

Andrew

Andrew Stephens is inviting you to a scheduled personal audio conference.

Topic: Andrew Stephens' Personal Audio Conference
Passcode: 030527

Join via URL: https://us06web.zoom.us/pac/join/3813009255
Passcode: 030527

Or One tap mobile (US Toll Free):  8335480282,,3813009255#,,,,*030527#

Or join by phone:

   833 548 0282 (US Toll Free)
   +1 253 215 8782 (US Toll)
   +1 301 715 8592 (US Toll)
   +1 312 626 6799 (US Toll)
   +1 346 248 7799 (US Toll)
   +1 646 558 8656 (US Toll)
   Conference ID: 381 300 9255
   Passcode: 030527

---

**From:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Sent:** Friday, August 26, 2022 11:32 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore <Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Andrew -

Today doesn't work and Monday is not great.   Are you available on Tuesday?   We can do 11-2 ET or anytime after 3 ET on Tuesday.

Meghan

_____

Meghan Martin

Attorney and Advisor | Bio

**Arnold**&**Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Thursday, August 25, 2022 6:49 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter
<Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

External E-mail

Thank you, Meghan.  Is there a time tomorrow or Monday when we could have a call to meet and
confer regarding the review and document production?

Andrew

**Andrew B. Stephens**
Partner

HACKER STEPHENS LLP
www.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or
authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any
information contained in the message. If you have received the message in error, please advise the sender by replying or by
phone at (512) 399-3022 and delete the message.

**From:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>

**Sent:** Thursday, August 25, 2022 11:00 AM
**To:** Raymond Winter <Raymond.Winter@oag.texas.gov>; Lollar, Tirzah
<Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al


Ray and Andrew:

In response to Texas providing their search terms, Affiliate Defendants are providing similar
information.   In preparing to respond to Texas's and Relator's First Sets of RFPs, the Affiliates
Defendants identified 8 custodians who would have emails and documents responsive to those
requests.   Those custodians' full mailboxes were collected and once the mailboxes were loaded to
Affiliates Defendants' vendor's processing platform, the attached list of search terms were used to
determine the search universe.  The search hits produced approximately 36,000 emails with families
to be reviewed.  Those documents were reviewed and responsive non-privileged documents have
been produced in the rolling production made by Affiliates Defendants.

During the course of review, Affiliates Defendants learned that the full mailboxes of 2 of the 8
custodians were not initially collected correctly.   Those mailboxes were recollected and upon
running search terms, resulted in a new universe of approximately 77,000 emails with families from
those 2 custodians.    Prior to the Court's issuance of the Order [Dkt. 139] adopting the parties'
stipulation and proposed order regarding production of electronically stored information and hard
copy documents, Affiliate Defendants decided to use the Continuous Active Learning ("CAL")/TAR
methodology to use the coding from the initial set of 36,000 emails to determine what percentage
of the 77,000 would be review.  CAL was then used to go through 3 more rounds of review to
determine if more documents needed to be reviewed.  Any responsive non-privileged documents
from the set of reviewed documents have been produced in our rolling productions made by
Affiliates Defendants.

Please let me know if you have any questions or if you would like to discuss further.


Regards,
Meghan

―――――――――
Meghan Martin
Attorney and Advisor | Bio

**Arnold&Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Michael Moore <Michael.Moore@oag.texas.gov>
**Sent:** Wednesday, August 3, 2022 6:02 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; zzz.External.dashby@omm.com
<dashby@omm.com>
**Cc:** Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg
<Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy
<Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton
<Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Andrew
Stephens <andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>;
Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; Ramer, Paula
<Paula.Ramer@arnoldporter.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>
**Subject:** Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of
America Inc et al

External E-mail

Tirzah and Danny –

Thank you again for taking the time to confer with us Monday and yesterday.  Pursuant to our
discussion, Texas will search custodial files for relevant HHSC and HHSC-OIG witnesses using the
attached search terms.  We have asked HHSC to begin the searches using the attached terms.  We
remain available to meet and confer about the terms.  Please let us know if you would like to discuss.

Sincerely,

Michael J. Moore
Assistant Attorney General
Civil Medicaid Fraud Division
(512) 936-1449
michael.moore@oag.texas.gov

CONFIDENTIAL ATTORNEY CLIENT COMMUNICATIONS
The contents of this message and any attachments are privileged and confidential.  It is the specific
intent of the sender that no part of this message or an attachment shall be disclosed to any third
party unless necessary for the furtherance of rendition of professional legal services. TRE 503 and
TRCP 192.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com