IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | 2:21-CV-022-Z |
| § | |
| PLANNED PARENTHOOD FEDERATION § | |
| OF AMERICA, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court is Defendants' Motion to Transfer Venue ("Motion") (ECF No. 142), filed on August 12, 2022. Having considered the parties' briefing and applicable law, the Court **DENIES** the Motion.

**BACKGROUND**

On February 5, 2021, Relator filed this *qui tam* action, alleging Defendants violated the federal False Claims Act ("FCA"). ECF No. 2. On January 6, 2022, the State of Texas filed its Complaint in Intervention, alleging Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), and Planned Parenthood San Antonio, Inc. ("PPSA") (collectively, "Defendants")[1] violated the Texas Medicaid Fraud Prevention Act by "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to [the State of Texas] under the Medicaid Program." *See* ECF No. 22; TEX. HUM. RES. CODE § 36.002(12). Defendants moved to dismiss Relator's and Texas's Complaints for failure to state a claim under

---

[1] PPGC, PPGT, PPST, PPCC, and PPSA are collectively referred to herein as "Affiliate Defendants."

Rule 12(b)(6), which the Court granted in part on April 29, 2022. ECF No. 71. Defendants sought reconsideration of the motion to dismiss or — in the alternative — that the matter be certified for interlocutory appeal. ECF No. 82. But the Court denied the motion on July 13, 2022. ECF No. 121. Defendants now move to transfer venue to the Austin Division of the Western District of Texas.

### LEGAL STANDARD

"The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997) (internal marks omitted). "When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008). "Congress, however, has tempered the effects of this general venue statute by enacting the venue transfer statute, 28 U.S.C. § 1404." *Id.* "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

The preliminary question under Section 1404(a) is whether "a civil action might have been brought" in the destination venue. 28 U.S.C. § 1404(a). A party seeking a transfer under Section 1404(a) must also show "good cause" by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)). "When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected." *Id.* "Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Def. Distributed v. Bruck*, 30 F.4th 414,

2

433 (5th Cir. 2022). "In other words, the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*

Courts must assess four private-interest factors and four public interest factors pertinent to a transfer motion:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Volkswagen II*, 545 F.3d at 315 (cleaned up). Timeliness is considered in the fourth private-interest factor. *See Pride Int'l., Inc. v. Tesco Corp. (US)*, No. CIV.A. H-12-2889, 2014 WL 722129, at *4 (S.D. Tex. Feb. 24, 2014). "Parties seeking a change of venue should act with 'reasonable promptness.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3844 (2d ed. 1986)); *see also In re Radmax, Ltd.*, 720 F.3d 285, 289 n.7 (5th Cir. 2013) (noting a motion for transfer three weeks after service of process was "prompt"). "Courts have considered a party's delay in denying a motion to transfer." *Id.* (internal marks omitted). "[B]ut only if such circumstances are established by clear and convincing evidence." *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).

ANALYSIS

**A. This Action Could Have Been Brought in the Austin Division**

Claims under the FCA may be "brought in any district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732(a). The Austin Division meets this test because: (1) PPGT operates several clinics in Austin; (2) Relator alleges retention of Medicaid payments by PPGT — including its Austin clinics — violated the FCA; and (3) Relator alleges Affiliate Defendants presented false claims for payment to Texas Medicaid, which is administered in Austin. ECF No. 142 at 16. Plaintiffs do not challenge Defendants' contention that this action could have been brought in the Western District of Texas. *See* ECF No. 163 at 8 n.1. Therefore, Defendants have met their preliminary burden under Section 1404(a).

**B. The Private-Interest Factors Do Not Support a Transfer to the Western District of Texas**

1. *The relative ease of access to sources of proof.*

The first private-interest factor to consider is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. "Where important documents are in both venues, this factor does not weigh in favor of transfer." *Crestview Farms, L.L.C. v. Cambiaso*, No. 4:20-CV-01288-O, 2021 WL 2434845, at *7 (N.D. Tex. June 15, 2021) (internal marks omitted). "Although the Fifth Circuit warned that technological improvements do not render the location of evidence a nullity, the court focused on the documents and physical evidence relating to an accident scene." *Aloft Media, LLC v. Adobe Sys. Inc.*, No. 6:07-CV-355, 2008 WL 819956, at *4 (E.D. Tex. Mar. 25, 2008) (citing *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 385 (5th Cir. 2007)). "Any convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document." *Id.* "Because electronic information can be accessed conveniently in

4

any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored information is more convenient for anyone." *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009) (internal marks omitted).

Defendants admit some "limited" documentary evidence may be found within the Northern District of Texas but argue a considerable amount may be found in the Austin Division. ECF No. 142 at 17–18. Plaintiffs contend "significant" documentary evidence is located within the Northern District. ECF No. 163 at 14. This is because PPGT maintains its headquarters and operates at least 10 clinics in the Northern District. *See* ECF Nos. 142 at 17, 163 at 16–17. PPGT also received roughly 30% of the Medicaid funds at issue in this case. ECF No. 163 at 16. Accordingly, the Court finds there are important documents in both venues. The Court also agrees with Plaintiffs: some of the evidence cited by Defendants as being in the Austin Division "has already been provided (electronically) to Defendants by Plaintiffs." ECF No. 163 at 17–18.

More importantly, "Defendants have pointed to no evidence unavailable in an electronic format." *Id.* at 14; *see also Odom*, 596 F. Supp. 2d at 1000. Relator has produced over 48,000 pages of documents electronically and Texas has produced more than 165,000 pages electronically. *Id.* And a vast majority of the remaining discovery is expected to be done electronically. *Id.* Defendants contend "[t]hat this case may not involve significant 'physical evidence' does not matter." ECF No. 179 at 7. The Court disagrees. It is true that this factor has not been rendered "superfluous." *Volkswagen II*, 545 F.3d at 316. But Defendants do not dispute there is evidence located in both venues. Therefore, Defendants fail to establish this factor weighs in favor of transfer.

2. *The availability of compulsory process to secure the attendance of witnesses.*

"A venue that has absolute subpoena power for both deposition and trial is favored over one that does not." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:15-CV-4387-K, 2015 WL 13870507, at *3 (N.D. Tex. July 23, 2015) (internal marks omitted). But the Court "gives more weight to specifically identified witnesses, and less weight to vague assertions that witnesses are likely to be found in a particular forum." *Id.* (internal marks omitted). And when no party has alleged or shown any witness's unwillingness to testify, "courts generally find that the compulsory process factor should be given little weight." *All. Transp. Logistics, LLC v. G&J Truck Sales, Inc.*, No. 3:20-CV-3451-B, 2021 WL 5882820, at *3 (N.D. Tex. Dec. 13, 2021) (collecting cases).

Defendants assert "Austin is the indisputably superior venue because there is not a *single* identifiable witness who would fall within the scope of this Court's Rule 45 subpoena power in Amarillo." ECF No. 142 at 19 (citing FED. R. CIV. P. 45(c), (g)). In contrast, Defendants identify four witnesses over whom the Austin Division would enjoy Rule 45 subpoena power. *Id.* But as Plaintiffs correctly point out, "Defendants have not alleged that there is even a *single* witness who would be unwilling to testify." ECF No. 163 at 19. Accordingly, the Court finds this factor does not support transfer.

3. *The cost of attendance for willing witnesses.*

The third private-interest factor examines the cost of attendance for willing witnesses and is "probably the single most important factor in the transfer analysis." *Qualls v. Prewett Enter. Inc.*, No. 3:21-CV-00192, 2022 WL 889034, at *6 (S.D. Tex. Mar. 25, 2022) (internal marks omitted). "In considering the convenience of witnesses, however, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight" than the convenience to less important witnesses." *Id.* (internal marks omitted).

Defendants argue all Texas resident witnesses reside in Austin or areas closer to Austin than Amarillo. ECF No. 142 at 21–26. Additionally, Defendants note there are more options for witnesses to fly direct to Austin than Amarillo. *Id.* However, Defendants fail to consider other costs of travel and the convenience of air travel into and out of Amarillo. *See, e.g., Barton v. C.R. Bard, Inc.*, No. 2:19-CV-181-Z, 2020 WL 1809702, at *4 (N.D. Tex. Apr. 9, 2020) (comparing cost of Amarillo to Dallas). Plaintiffs also correctly note Amarillo is considerably cheaper than Austin for many reasons. ECF No. 163 at 21–23. Accordingly, the Court finds this factor is neutral or slightly favors transfer. But even if this factor does weigh in favor of transfer, this factor alone is insufficient to overcome the other factors weighing against transfer.

4. *Other practical problems that make trial of a case easy, expeditious and inexpensive.*

The final private-interest factor considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Plaintiffs aver at least two considerations support transfer under this factor: (1) the cost of attendance for *unwilling* witnesses to appear at trial; and (2) the Austin Division's familiarity with the facts and issues relevant to Relator's claims. ECF No. 142 at 27–28 (citing *Planned Parenthood Greater Tex. Family Plan. & Preventative Health Servs. v. Smith*, No. 1:15-CV-1058 (filed W.D. Tex. Nov. 23, 2015)). Plaintiffs offer four arguments in response. *See* ECF No. 163 at 10–13, 24–27. The Court finds these arguments persuasive.

First, the Court should not consider the convenience of unwilling witnesses in making a venue determination when Defendants can identify no such unwilling witnesses. Second, this Court is familiar with the facts and issues involved, whereas no active judge in the Western District is.[2] But in any case, this litigation involves distinct legal issues and is not a duplicative suit. And

---

[2] As Plaintiffs point out, Judge Sparks — who presided over a case dealing with some of Affiliate Defendants' termination from the Texas Medicaid program — has taken senior status. ECF No. 163 at 24. To the best of Plaintiffs'

7

it is this Court that has the most familiarity with this case and the relevant law. Third, it would not serve the interest of justice to allow Defendants to take a "second bite at the apple" in Austin following the denial of their motion to dismiss by requesting a transfer to their favored venue. *See Utterback v. Trustmark Nat'l Bank*, 716 Fed. App'x 241, 245 (5th Cir. 2017). Fourth, Defendants' Motion is inexcusably delayed. Defendants had multiple opportunities to object to venue and did not. Instead, Defendants filed their motion *seven months* after this case was unsealed and months into the discovery period. Thus, "[a] change of venue now is likely to upset the discovery and trial schedule and waste judicial resources." *F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395–96 (N.D. Tex. Apr. 14, 1997). But even if the circumstances of this delay are not "rare and special," the Court finds this factor — when weighting all relevant considerations — does not support a transfer to the Western District of Texas. *In re Radmax*, 720 F.3d at 289.

### C. The Public-Interest Factors Do Not Support a Transfer to the Western District of Texas

1. *The administrative difficulties flowing from court congestion.*

The first public-interest factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, 2021 WL 5547070, at *5 (W.D. Tex. Apr. 29, 2021) (quoting *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73, 84 (1963)). This factor is "the most speculative," and "case-disposition statistics may not always tell the whole story." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (internal marks omitted). "[A] court can utilize any knowledge it has of the 'flow of the docket' in the transferee court to assess whether court congestion in the transferee court does not support transferring the case." *Red Barn Motors, Inc. v. Nextgear Cap., Inc.*, No.

---

knowledge, Judge Sparks no longer takes cases, and no other judge within the Western District is familiar with the Medicaid termination litigation. *Id.* at 24–25.

CIV.A. 13-00778-BAJ-RLB, 2014 WL 4986674, at *11 (M.D. La. Sept. 29, 2014).

Here, Defendants argue the median time between filing and disposition and the number of pending cases per judgeship favors the Western District. ECF No. 142 at 29. However, these statistics are not current. Rather, Defendants cite statistics for the 12-month period ending March 31, 2022. *Id* at 29 n.68.[3] In the 12-month period ending June 30, 2022, the cases per judgeship, the median time from filing to trial in civil cases and pending caseload all favor the Northern District of Texas.[4] Additionally, the Austin Division of the Western District of Texas is likely more congested than the Amarillo Division of the Northern District of Texas.[5]

Defendants also repeat their argument that this factor favors the Western District because administrative congestion considers the availability of a venue that is already "familiar with the factual background and legal issues pertinent to th[e] litigation." *Id.* (quoting *ExpressJet Airlines, Inc. v. RBC Cap. Mkts. Corp.*, No. H-09-992, 2009 WL 2244468, at *12 (S.D. Tex. July 27, 2009)). Again, this argument fails. This Court is familiar with the factual background and legal issues. No judge within the Western District of Texas is familiar with the governing law. Therefore, this factor does not favor transfer.

---

[3] Defendants argue they properly rely on March 2022 statistics because "[t]ransfer motions are evaluated as of case commencement." ECF No. 179 at 12 (citing *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013)). It makes little sense to rely on outdated statistics when considering administrative difficulties flowing from court congestion. And even if Defendants are correct, March 2022 would still not be the correct statistics. The case commenced on February 5, 2021.

[4] U.S Courts, Table — U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (June 30, 2022), https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last accessed Sept. 19, 2022).

[5] The Court agrees with Defendants that population density does not "necessarily equate to court congestion." ECF No. 179 at 12 (quoting *Best Aviation Ltd. v. Chowdry*, No. 2:12-CV-05852-ODW, 2012 WL 5457439, at *7 (C.D. Cal. Nov. 7, 2012)). But an inference need not follow as a logical necessity for a court to reasonably make the inference.

2. *The local interest in having localized interests decided at home.*

The local interest in having localized interests decided at home favors transfer if "the events giving rise to this action occurred in [the transferee district/division]." *Volkswagen II*, 545 F.3d at 315. "This factor is based on the premise that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Roco v. Am. Airlines, Inc.*, No. 3:21-CV-2839-L, 2022 WL 658566, at *4 (N.D. Tex. Mar. 4, 2022) (internal marks omitted).

Here, Defendants argue this factor favors Austin for four reasons. First, citizens of Austin have a "particularly strong" interest in this litigation, whereas the citizens of Amarillo have "no specific interest" in this case. ECF No. 142 at 30. Second, Plaintiffs' claims concern clinics that operate in the Austin Division. *Id.* Third, the Texas Medicaid & Healthcare Partnership administers Texas Medicaid claims in Austin. And fourth, the underlying termination investigation and the related litigation took place in Austin. *Id.*

On the other hand, Relator's investigation of Affiliate Defendants spanned the entire State of Texas, and the events that lead to this case occurred throughout Texas. ECF No. 163 at 29. The Northern District has a localized interest because it serves as the corporate home of PPGT, which operates at least 10 clinics in the Northern District and received 30% of the Medicaid funds at issue in this case. *Id.* at 30. And the Northern District has an interest in decisions about Texas Medicaid claims because such decisions impact the provision of Medicaid throughout Texas.[6] *Id.* Furthermore, none of the six defendants are headquartered in Austin. *Id.* at 19–20. Therefore, the second public-interest factor does not favor transfer.

---

[6] Defendants assert *Volkswagen II* forecloses this argument. ECF No. 179 at 11. There, the Fifth Circuit found residents in a division "would be interested to know" whether a defective product is available does not imply that they have a local interest. *Volkswagen II*, 545 F.3d at 318. The provision of Medicaid in the Northern District is a more important local interest than knowing whether a seat adjustment mechanism in a Volkswagen Golf was defectively designed. But in any case, Defendants do not dispute the Northern District has a localized interest because it serves as the corporate home of PPGT.

3. *The familiarity of the forum with the law that will govern the case.*

"[I]n federal court, familiarity with the governing law is generally given little weight when considering transfer of venue." *Crestview Farms*, 2021 WL 2434845, at *9 (internal marks omitted). Defendants argue — for the third time — the Austin Division's familiarity with the underlying factual and legal arguments supports transfer. ECF No. 142 at 30 (citing *Hous. Fed'n of Tchrs. v. Tex. Educ. Agency*, No. SA-20-CV-222-XR, 2020 WL 12584275, at *4 (W.D. Tex. May 28, 2020)). The Court again rejects this argument. But even if Judge Sparks currently takes cases, the *Houston Federation of Teachers* court — on similar facts — found this factor to be neutral or only weighs slightly in favor of transfer. 2020 WL 12584275 at *4. And even if Defendants are correct that any familiarity gained by this Court is "irrelevant" — which the Court doubts — the fact remains there are distinct legal issues in this case, and it is not a duplicative suit. *See* ECF No. 179 at 11 (quoting *In re EMC Corp.*, 501 F. App'x at 976). *Smith* involved a claim challenging the termination of Affiliate Defendants from the Texas Medicaid program under the Medicaid Act. This case alleges Defendants have improperly retained payments under the FCA and similar Texas and Louisiana laws. The Austin Division is not more familiar with the governing law in this case. Therefore, this factor does not favor transfer.

4. *The avoidance of unnecessary problems of conflict or laws or in the application of foreign law.*

Parties agree this factor is neutral and does not favor transfer. *See* ECF Nos. 142 at 31, 163 at 31 n.17. The Court agrees this factor is neutral.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion.

**SO ORDERED**.

September 20, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE