IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before this Court is Relator's Third Motion to Compel Discovery Responses ("Motion") (ECF No. 154), filed on August 31, 2022. Having considered the parties' briefing and applicable law, the Court **ORDERS** that the Motion is **GRANTED**.

**BACKGROUND**

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On May 27, 2022, Relator served Affiliate Defendants with Relator's First Requests for Production ("RFP"). ECF No. 154 at 2. Affiliate Defendants served objections and responses to the RFP on June 27, 2022. On August 30, 2022, counsel for PPFA and Affiliate Defendants stated they had completed their rolling production and would not be producing any additional emails in response to Relator's discovery requests. ECF No. 154 at 3. Relator contends Affiliate Defendant's production is "woefully

inadequate" and moves the Court to grant the same relief as to Affiliate Defendants that the Court ordered on August 25, 2022, as to PPFA. *Id.* (citing ECF No. 153).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

ANALYSIS

**A. Relator's Motion Is Not Untimely**

"[C]ourts have considered a number of factors in determining whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (collecting cases).

Affiliate Defendants argue the Motion is untimely because the deadline to move to compel was on July 12, 2022 — which was "15 days after the discovery response at issue was served or due to be served." ECF No. 177 at 12–13 (quoting ECF No. 123 at 5) (Amended Scheduling Order). Relator contends the Motion was filed as soon as Affiliate Defendants completed their "rolling" production "and it was clear that it was woefully deficient." ECF No. 180 at 3. Thus, to have met the deadline Relator "should not have relied in good faith on [Affiliate Defendants'] counsel's representations and should have assumed noncompliance." ECF No. 180.

The Court first notes while it has imposed a 15-day deadline for motions to compel after the discovery response was served, the deadline for completion of discovery has not closed. *See* ECF No. 123 at 5 (ordering completion of all discovery by November 30, 2022). The same paragraph states parties are expected "to work in good faith to resolve discovery disputes." *Id.* Second, Affiliate Defendants have not argued they will suffer any prejudice from the discovery Relator seeks — nor can they, since there are over two months left before the discovery deadline.

Third, the Court finds Relator's explanation for the tardiness or delay to be reasonable. Fourth, the Motion came less than two months after the deadline imposed by the Amended Scheduling Order — but again, more than two months prior to the close of discovery. By contrast, the various late requests mentioned in *Days Inn* range from two weeks *after* the close of *all* discovery to *two years* after the discovery deadline. 237 F.R.D. at 397–98. Fifth, the Court finds little-to-no disruption to the schedule because the discovery period has not been completed. The Court also granted Relator's Motion to Expedite Briefing and Consideration of Third Motion to Compel to ensure there would be no disruption to the schedule. *See* ECF No. 159. Under these circumstances, the Court does not find Relator's Motion is untimely.[1]

## B. Relator Has Shown Affiliate Defendants' Document Productions Are Deficient

"To make [a] showing of a specific or material deficiency in the other party's production to require the responding party to engage in additional searches or discovery efforts," the requesting party "should make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed or must point to the existence of additional responsive material." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (internal marks omitted).

Affiliate Defendants assert "Relator's position boils down to a purely speculative belief that Affiliate Defendants' document collection and production was incomplete because of the size of the production (which Relator misstates in any event)." ECF No. 177 at 16. In their words,

---

[1] Additionally, Affiliate Defendants argue they are justified in not producing documents from January 1, 2010, to February 4, 2011, because such documents relate to events outside the statute of limitations. ECF No. 177 at 12. But no Defendant asserted the statute of limitations as an affirmative defense as required by Federal Rule of Civil Procedure 8(c). And "[i]f the affirmative defense is not included in the complaint, it is waived." *Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009) (internal marks omitted). Therefore, Affiliate Defendants cannot rely on the statute of limitations when withholding documents.

"Relator's argument is simply that since 857 emails is less than Relator was expecting . . . there must be something wrong with Affiliate Defendants' document production." *Id.* at 18. This — Affiliate Defendants argue — does not come close to showing a "specific or material deficiency in the production." *Id.* (quoting *VeroBlue*, 2021 WL 5176839, at *9).

The Court previously relied on *VeroBlue* in holding PPGC had not made a "specific showing" that Relator omitted any documents from production. *See* ECF No. 166 at 7–8. The reason was PPGC only speculated that responsive documents "are more likely to be missed" because Relator's counsel "declined to provide additional information about the process that Relator is using to ensure all responsive documents are located and produced." *Id.* at 8. Here, Relator has made a showing — *viz.*, through "the documents that have been produced" and by comparing Affiliate Defendants' production to PPFA's production. ECF No. 180 at 2, 4. Affiliate Defendants have produced "only 1,292 documents (and only 857 emails) concerning Medicaid for a nearly twelve-year time period." *Id.* at 2. By contrast, "PPFA produced approximately 75,000 documents and emails, even though (as PPFA claims) it does not directly participate in Medicaid." Thus, this showing allows the Court to make "a reasonable deduction that other documents may exist." *VeroBlue*, 2021 WL 5176839, at *9.

### C. Relator's Requests Are Relevant

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d

1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.* (internal marks omitted).

Here, Relator seeks documents and communications concerning Texas Medicaid and Louisiana Medicaid which the Court has already determined are "probative of every issue in this case." ECF No. 153 at 3. Affiliate Defendants maintain Relator's burden to establish relevance is not met. ECF No. 177 at 14. The Court disagrees. The Court has repeatedly explained relevancy is "broadly construed" and has applied the same standard to Defendants' requests. *See Coughlin*, 946 F.2d at 1152; ECF Nos. 161 at 9–10, 162 at 3, 165 at 3–4. Accordingly, Rule 26(b)(1)'s relevancy requirement is satisfied.

### D. Relator's Requests Are Proportional to the Needs of the Case

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. Dec. 7,

2015). "A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. Oct. 16, 2006) (internal marks omitted). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (internal marks omitted). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Here, Affiliate Defendants provide declarations from representatives explaining the cost and burden of complying with Relator's requests. *See* ECF No. 177 at 21. Affiliate Defendants claim they have already accumulated nearly $100,000 in discovery costs and that amount would "increase exponentially" to produce all the documents Relator has requested. *Id.* Furthermore, Affiliate Defendants claim it would take each Affiliate "hundreds to *thousands* of hours just to collect their employees' entire custodial email files for processing and review." *Id.* at 21–22.

Affiliate Defendants' objections are "more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490. However, the Court still finds Relator's requests are proportional to the needs of the case. As Relator points out, "this case involves *millions of dollars* of Medicaid funds and substantial potential civil monetary penalties." ECF No. 180 at 8 (emphasis added). Second, the Court has already held similar requests to be proportional to the needs of the case. *See* ECF Nos. 162 at 5, 153 at 5. Simply put, the discovery burdens for parties in this case were bound to be difficult and burdensome because the allegations span a 12-year period. The Court is thus highly skeptical of any argument that producing relative information concerning this period is not proportional to the needs of the case. The Rule 26(b) factors *all* favor production here. Therefore, the Court finds Rule 26(b)(1)'s proportionality requirement is satisfied.

**CONCLUSION**

For the reasons stated above, Relator's Motion is **GRANTED**. Affiliate Defendants are hereby **ORDERED** to provide full and complete responses to Relator's First RFP. The Court will grant Affiliate Defendants an opportunity to file a response to the request for Rule 37(a)(5)(A) sanctions **on or before October 5, 2022**, to fully explain whether their incomplete discovery requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(a) unjust. If Affiliate Defendants file a response, Relator may file a reply in support of its request for Rule 37(a)(5)(A) sanctions **on or before October 19, 2022**.

**SO ORDERED.**

September 20, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE