IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br>         Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br>         Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S REPLY RE: RULE 37(A)(5)(A) SANCTIONS**

In the Court's Order granting Relator's Motion to Compel against Defendant Planned Parenthood Federation of America (PPFA), the Court stated that PPFA should respond to whether sanctions for its noncompliance with discovery are

1

warranted, and that Relator could file a reply by today, September 21, 2022. Dkt. 153 at 6.

PPFA's response (Dkt. 164) largely continues to argue that it complied with its discovery obligations and that it essentially should not have lost the Motion to Compel. PPFA argues that, *inter alia*, (1) Relator filed the Motion to Compel prematurely, (2) it was Relator's burden to identify documents (in PPFA's sole custody and control) that PPFA should have produced, (3) that Relator's counsel is somehow to blame for PPFA's noncompliance, and (4) that PPFA's near-total noncompliance with the requests was a "good faith" discovery dispute. *See* Dkt. 164. But the Court already ruled against those arguments. Nor do any of those arguments (even if they were true) negate the fact that documents PPFA has now produced show that PPFA's claim that it "does not exercise[] any control over the Affiliates' Medicaid claim submissions or reimbursements," Dkt. 136 at 8 n. 3, and PPFA's dispute that "PPFA directed and controlled its affiliates' activities with respect to their submission of reimbursement requests to Texas and Louisiana Medicaid," Dkt. 49 at 32, were unfounded at best. Yet PPFA tried to avoid producing documents substantiating that relationship.

In any event, in response to the Court's Order, PPFA produced a large volume of documents on September 9 and September 16, 2022. Relator is in the process of reviewing these productions. Because of the large volume of documents produced and the amount of time it took to upload and process the productions, it will take additional time for Relator to determine whether PPFA has substantially complied

with the Court's Order. Thus, Relator does not urge the Court to award sanctions now. But if Relator's ongoing review of PPFA's production reveals additional deficiencies or further noncompliance, Relator will bring the issue to the Court's attention and may request an award of sanctions at that time.

                                      Respectfully submitted.

                                      <u>/s/ Heather Gebelin Hacker</u>
                                      Heather Gebelin Hacker
                                      Texas Bar No. 24103325
                                      Andrew B. Stephens
                                      Texas Bar No. 24079396
                                      HACKER STEPHENS LLP
                                      108 Wild Basin Road South, Suite 250
                                      Austin, Texas 78746
                                      (512) 399-3022
                                      heather@hackerstephens.com
                                      andrew@hackerstephens.com

                                      **Attorneys for Relator**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2022, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Heather Gebelin Hacker</u>
Heather Gebelin Hacker
