IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | 2:21-CV-022-Z |
| § | |
| PLANNED PARENTHOOD FEDERATION § | |
| OF AMERICA, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

On August 25, 2022, the Court granted Relator's Motion to Compel Discovery Responses ("Motion"). ECF No. 153. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court allowed Defendant Planned Parenthood Federation of America, Inc. ("PPFA") to file a response to Relator's request to be awarded reasonable expenses incurred in making the Motion. ECF No. 153 at 6. Having considered the parties' briefing and applicable law, the Court **ORDERS** that parties will pay their own expenses incurred in resolving the Motion.

### BACKGROUND

On May 27, 2022, Relator served PPFA with Relator's First Requests for Production ("RFP"). ECF No. 120 at 2. On June 2, 2022, Relator served PPFA with Relator's Second RFP. *Id.* at 2–3. Relator requested PPFA to produce all documents and communications concerning Texas and/or Louisiana Medicaid programs and PPFA's oversight and control of its affiliates' business and operations. *Id.* at 4–6. PPFA served objections to each request, respectively, on June 27, 2022, and July 5, 2022. *Id.* at 3. PPFA argued the requests were facially overbroad, unduly burdensome, and not proportional to the needs of the case. ECF No. 136 at 3, 4–5, 7–8. Relator moved the Court to compel PPFA to comply with the discovery requests and to pay Relator's

reasonable expenses in making the Motion, including attorney's fees. ECF No. 120 at 4. The Court granted the Motion on August 25, 2022. ECF No. 153.

### LEGAL STANDARD

"District courts have considerable discretion in managing discovery, and possess broad discretion to impose sanctions for discovery violations under Rule 37." *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015) (internal marks omitted). "Upon granting a motion to compel discovery, a court must order the opposing party to pay the moving partys 'reasonable expenses incurred in making the motion, including attorney's fees,' unless the opposing party was 'substantially justified' in its resistance to discovery, the prevailing party did not attempt to obtain discovery in good faith before moving to compel, or an expense award would be otherwise unjust." *Id.* at 126 (quoting FED. R. CIV. P. 37(a)(5)(A)). A party is "substantially justified" in opposing discovery or disobeying an order "if there is a 'genuine dispute,' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Id.* at 127 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

### ANALYSIS

**A.  PPFA's Discovery Responses Were Substantially Justified**

PPFA argued Relator's request was overbroad because it covered a twelve-year period and encompassed every document or communication that concerns Texas Medicaid or Louisiana Medicaid. ECF No. 136 at 4. The Court found Relator reasonably limited the scope of discovery to the period alleged in Relator's Complaint, the parties to this lawsuit, the Texas and Louisiana Medicaid programs, and the allegations regarding PPFA's control and oversight. ECF No. 153 at 6. Furthermore, the Court found PPFA offered no factual support for its undue burden and overbreadth objections. *Id.* (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 491 (N.D. Tex. 2014)).

PPFA now argues it "acted in good faith in response to a genuine discovery dispute, and it had a substantial justification for its responses to the Three RFPs." ECF No. 164 at 9. PPFA contends "its objections were well supported, even if the Court ultimately disagreed with PPFA's position." *Id.* at 11. The Court agrees PPFA's discovery responses were substantially justified. Furthermore, "Relator does not urge the Court to award sanctions now." ECF No. 185 at 3. For these reasons, the Court need not consider whether "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii).

### CONCLUSION

Pursuant to Rule 37(a)(5)(A), the Court does not order PPFA to pay Relator's expenses incurred in making the Motion. Parties must pay their own expenses.

**SO ORDERED.**

September 21, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE