# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>The State of Texas §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>The State of Louisiana §<br>§<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>  Plaintiffs, §<br>§<br>v. §<br>§<br>Planned Parenthood Federation of America, §<br>Inc., Planned Parenthood Gulf Coast, Inc., §<br>Planned Parenthood of Greater Texas, Inc., §<br>Planned Parenthood South Texas, Inc., Planned §<br>Parenthood Cameron County, Inc., Planned §<br>Parenthood San Antonio, Inc., §<br>§<br>  Defendants. §<br>§ | NO. 2:21-CV-22-Z |

### DECLARATION OF JUSTIN R. CHAPA

1.  I am Justin R. Chapa. I am an attorney at O'Melveny & Myers LLP and represent Defendant Planned Parenthood Federation of America, Inc. ("PPFA") in the above-captioned cause (the "Lawsuit"). I am familiar with the claims and allegations in the Lawsuit. I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify to the facts in this declaration.

1

2. PPFA began its rolling document production on August 1, 2022, and completed its third production on August 8, 2022. On August 18, Relator notified PPFA that they objected to all of PPFA's confidentiality designations, including designations for documents containing one of the seven express categories of Personally Identifying Information ("PII") under the Protective Order.

3. PPFA promptly responded to get further clarity on Relator's concerns and to narrow the volume of documents potentially implicated by Relator's objection. Relator provided no clarification of their concerns and simply reiterated their blanket objection.

4. To resolve the dispute without court intervention, PPFA conducted a document-by-document review of its designations (for which PPFA personnel, including Vickie Barrow-Klein, spent a substantial amount of time), prepared a detailed chart to explain its designations, and met and conferred with Relator's counsel by telephone on August 30, 2022. Although Relator agreed to withdraw their objections to documents containing PII or Protected Health Information ("PHI"), Relator maintained their objections to every other document designated as Confidential or AEO, without further explanation.

5. PPFA filed its first Motion for Protective Order and for Clarification on August 31. In an effort to not burden the docket and the Court with thousands of pages of documents (and in the face of Relator's nonspecific objection), PPFA provided categorial descriptions of the types of confidential materials in its productions and filed sealed copies of exemplar documents with the Court.

6. At the meet and confer of August 30, Relator's counsel initially indicated their willingness to consider the documents further while drafting their response to PPFA's Motion for Protective Order, but PPFA has received no further communication from Relator.

7. PPFA served its fourth production on August 22 and its fifth production on August 30, which totaled 83 documents spanning 1,420 pages, including 55 AEO documents. PPFA transmitted the password to its fifth production at 2:37 PM (CT) on August 30.

8. Relator's counsel emailed PPFA's counsel less than five hours later, stating: "This email serves as our written objection and request under Paragraph 7 of the Protective Order that PPFA change the designations of the following documents marked 'Confidential' and/or 'Attorney's Eyes Only,'" and listing the Bates numbers of 54 of 55 documents PPFA designated AEO across its fourth and fifth productions.

9. PPFA again reviewed its designations, clarified with Relator's counsel that 11 of the challenged documents contained PII, and again created a detailed chart identifying each designated document by Bates number and the reason each document qualified for protection. PPFA provided this chart to Relator's counsel on September 13.

10. That day, counsel for Relator and PPFA met and conferred. Relator's counsel agreed not to challenge PPFA's confidentiality designations with respect to the 11 documents that PPFA identified as containing PII, but never explained why Relator had challenged in the first place documents that clearly qualified as AEO under the Protective Order's express terms.

11. As to the remaining 43 documents, Relator's counsel again declined to provide any additional explanation for Relator's challenge except to accuse PPFA of generally applying confidentiality designations inappropriately. Relator's counsel also would not agree to extend PPFA's deadline to file for a protective order so that the parties could discuss the limited number of documents at issue and narrow the dispute ultimately presented to the Court.

12. On Friday, September 9, 2022, PPFA produced 74,845 documents, comprised of 313,613 pages, of which 9,133 documents were designated as Confidential, 55,207 as AEO, and

3

10,505 as public. Approximately 7,400 documents were found to reference medically-sensitive information.

13. To make the September 9 production, PPFA deployed more than 20 attorneys to individually review documents, as well as artificial-intelligence document-review software contemplated under the protective order. Collectively, PPFA's attorneys and vendors spent over 2,000 hours preparing the production.

14. PPFA attorneys also spent significant time communicating with Vickie Barrow-Klein and other PPFA personnel about document review matters, including inquiring about whether PPFA considered specific documents confidential and to what extent certain documents are available to PPFA employees.

15. PPFA maintains electronic records that identify the date and time that productions are first accessed by recipients for download. These records reflect that the individual productions within the September 9 production were not downloaded until September 12 and 13.

16. One of the individual productions, Production 9, could not be accessed until September 14 due to an inadvertent password error. PPFA learned of the error from counsel for Texas and promptly corrected it. No receiving party could have accessed Production 9 with the password originally sent with PPFA's September 9 production.

17. At the September 13 conference between PPFA and Relator, Relator's counsel refused to identify any specific documents of concern from the September 9 production, focusing instead on the total number of designated documents. Relator's counsel also stated that they had not yet reviewed the September 9 production.

18. PPFA's counsel explained that the high number of designations largely was due to documents containing PII and also explained some of the reasons why PPFA categorized certain types of documents as Confidential versus AEO.

19. Of the 55,207 AEO documents in the September 9 production 46,781—or about 85%—contain PII.

20. Relator's counsel indicated that, although PPFA's distinctions and explanations made sense, Relator would not withdraw their blanket objection. Relator's counsel also stated their belief that the Protective Order allows Relator to make blanket objections to every designation—without explanation—and requires PPFA to explain and provide an evidentiary defense for each and every one of its designations to the Court for them to be valid.

21. Relator's counsel further explained that they intentionally drafted the Protective Order to impose this one-sided burden, but that intent was never expressed to PPFA during the parties' numerous discussions about the draft protective order ultimately submitted to the Court.

22. Based on PPFA's previous efforts reviewing and providing the evidentiary bases for its confidentiality designations, PPFA cannot reasonably complete a document-by-document review and compile an appropriate evidentiary record for submission to the Court within the time allotted in the Protective Order. That review will be extremely burdensome and likely require several hundred hours of attorney and client review time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 21, 2022 in Arlington, Texas.

*J. Chapa*

Justin R. Chapa