IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>NO. 2:21-CV-22-Z |

### DECLARATION OF JEFFREY A. N. KOPCZYNSKI

I, Jeffrey A. N. Kopczynski, declare and state as follows:

1. I am a counsel at O'Melveny & Myers LLP and, under supervision of partners at O'Melveny, represent Defendant Planned Parenthood Federation of America, Inc. ("PPFA") in the above-captioned action (the "Litigation"). I am a senior attorney in O'Melveny's eDiscovery and Data Retention Practice. I have advised on or managed eDiscovery strategy in over five hundred

1

adversarial matters. In a typical year I design and supervise the search, culling, and production of tens of millions of documents for O'Melveny's clients.

2. I am familiar with the claims and allegations in the Litigation. I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify to the facts in this declaration.

3. On August 25, 2022, the Court entered an Order [DE 153] granting Relator's Motion to Compel PPFA to produce documents responsive to Relator's request for documents concerning Texas or Louisiana Medicaid, or PPFA's relationship with the Affiliate Defendants.

4. To make the September 9 production deadline, PPFA both (i) deployed nearly 60 attorneys to individually review approximately 79,000 documents; and (ii) used document-analysis tools—including Brainspace CMML, search models, and similar industry-standard automated workflows ("TAR Software")—contemplated under the Electronically Stored Information Stipulation to identify responsive documents. *See* DE 130-1, § III ¶ O. More than 275,000 documents were collected for review and PPFA's attorneys spent more than 3,000 hours reviewing and analyzing documents for responsiveness and privilege.[1] PPFA's review and analysis was conducted between September 1—when document collection, delivery, and pre-processing by PPFA's vendor was completed—and September 7. The review had to finish by September 7 to allow time for PPFA's vendor to complete production processing and delivery by September 9.

5. On September 9, 2022, PPFA produced 74,845 documents (comprised of 313,613 pages). Of those documents, PPFA designated under the terms of the Protective Order (i) 9,133

---

[1] In PPFA's emergency motion for protective order filed September 21, 2022, PPFA reported having spent at least 2,000 hours preparing the production. *See* DE 188, at 6. Not all time had been entered as of the filing of that motion, however, and now that time entries have been updated, the number is over 3,000 hours.

2

documents "Confidential," (ii) 55,207 documents "Confidential Attorney Eyes Only Information" ("AEO"), and (iii) 10,505 documents as requiring no confidentiality designation.

6. A document-by-document review of every document collected was not reasonably possible given the number of documents—more than a quarter million—at issue and the 9 business days that PPFA had to assemble an attorney review team, collect, transfer, process, review, and produce documents. Conducting a linear review of every single document would have required, at minimum, more than 8,500 hours of attorney review time alone. This would have been in addition to the more than 3,000 hours spent reviewing and preparing the production. It was not feasible to nearly triple the number of hours PPFA attorneys could spend on this matter in the time available. Relying on sophisticated software tools to aid in the review, designation, and production of likely responsive material was appropriate in this situation.

## I. DOCUMENTS DESIGNATED ATTORNEYS' EYES ONLY

### A. Personal Identification Information

7. Of the 55,207 AEO documents in the September 9 production, PPFA determined that 43,750—or almost 80%—contain personal identification information ("PII"). *See* DE 133 at ¶ 2. PPFA made that determination using two workflows. First, PPFA's attorney review team tagged PII as it was identified in the document-by-document review. Second, consistent with eDiscovery standard practices, PPFA also used RegEx and search modeling to identify PII. PPFA's model was designed to identify documents containing personal e-mail addresses, social security numbers, mobile-phone numbers, credit-card numbers, dates of birth, and bank account or routing numbers, and the name of Relator and of non-publicly identified employees of PPFA or the Affiliate Defendants. After validation using statistically significant samples, documents that the PII model identified as containing PII were coded as AEO.

3

**B.     Sensitive Information or Projects Identified by PPFA or the Affiliate Defendants**

8. The remaining AEO documents (11,457) were identified by PPFA as containing or likely containing especially sensitive material that qualifies as AEO under the Protective Order, including financial, marketing, research and development, and trade-secret information that PPFA or the Affiliate Defendants consider especially sensitive and to which they restrict access even internally.

9. Identifying these documents consisted of two steps. First, counsel for PPFA spent hours conferring with PPFA's Chief Operating Officer (Vickie Barrow-Klein), PPFA's Executive Vice President and Chief Federation and Impact Officer (Kim Custer), its in-house counsel, and other PPFA personnel to identify specific matters, projects, and categories of documents that PPFA treats as confidential or considers especially sensitive information and to which PPFA restricts access. In addition, counsel for PPFA consulted with counsel for the Affiliate Defendants to identify Affiliate-specific matters and projects that may be discussed in documents in PPFA's possession, given the requirement that PPFA produce documents concerning PPFA's "affiliation" and "relationship" with the Affiliate Defendants.

10. Second, using the information learned during those discussions, PPFA consulted with data identification and retrieval specialists to generate RegEx and search models. Those models were used to identify certain documents for review by attorneys in a document-by-document review; and (ii) to identify and designate certain discrete categories of documents "AEO."

4

## II. DOCUMENTS DESIGNATED CONFIDENTIAL

### A. Protected Health Information.

11. Of the 9,133 Confidential documents, 7,379—or about 81%—contain or likely contain protected health information ("PHI") as defined under the Protective Order. *See* DE 133 at ¶ 2. As with PII, PPFA used RegEx and search models to identify PHI. After validation and testing, any document that the models identified as containing PHI were coded Confidential. Attorney reviewers conducting document-by-document review also designated PHI-containing documents as "Confidential" as PHI was identified during the document review.

### B. Other Confidential Documents

12. The remaining 1,754 Confidential documents contain or likely contain sensitive material that qualifies as "Confidential" under the Protective Order because the communications reflect (i) trade-secret or commercial information that is of technical or commercial advantage to PPFA and which is not public; or (ii) material that PPFA is required by law or agreement to keep confidential.

13. As with the AEO documents, counsel for PPFA spent hours consulting with Ms. Barrow-Klein, Ms. Custer, its in-house counsel, and other PPFA personnel to identify specific matters, projects, and categories of documents that PPFA treats as confidential or considers sensitive information. In addition, counsel for PPFA consulted with counsel for the Affiliate Defendants to assist with the identification of any Affiliate-specific matters or projects that warrant a "Confidential" designation.

14. From those discussions, PPFA generated RegEx and search models that were (i) utilized by attorneys to identify potentially confidential documents for a document-by-document review; and (ii) used to identify and code discrete sets of documents "Confidential."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 27, 2022 in Hoboken, New Jersey.

_____
Jeffrey Kopczynski