# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§<br>§ | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:     September 30, 2022 |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>     Plaintiffs,<br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**MEMORANDUM IN SUPPORT FOR AFFILIATE DEFENDANTS'**
**MOTION FOR CLARIFICATION OF THE COURT'S**
**SEPTEMBER 20, 2022 ORDER [ECF 184]**

**Table of Contents**

INTRODUCTION ..................................................................................................................... 1

DISCUSSION .......................................................................................................................... 2

I.    Relators' First Set of RFPs and Affiliate Defendants' Responses ...................................... 2

II.    Relator's Motion to Compel and the Court's September 20, 2022 Order .......................... 3

III.    Affiliate Defendants' Good Faith Attempts to Comply with the Court's Order & Relator's Unreasonable and Burdensome Demands .......................................................................... 6

CONCLUSION ........................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re: 3M Combat Arms Earplug Prod. Liab. Litig.*,
    Case No. 3:19-md-2885, 2020 WL 4501794 (N.D. Fla. Aug. 5, 2020) ....................................8

*AIDS Healthcare Found., Inc. v. City of Baton Rouge*,
    Civ. A. No. 17-229, 2018 WL 5259465 (M.D. La. Oct. 22, 2018) ..........................................8

*Carr v. State Farm Mut. Auto. Ins. Co.*,
    312 F.R.D. 459 (N.D. Tex. 2015) ...........................................................................................11

*Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*,
    121 F.R.D. 284 (N.D. Tex. 1988) ...........................................................................................11

*Eisai Inc v. Sanofi-Aventis U.S., LLC*,
    Civ. A. No. 08-4168, 2012 WL 1299379 (D.N.J. Apr. 16, 2012) ..........................................10

*Enslin v. Coca-Cola Co.*,
    No. 2:14-cv-06476, 2016 WL 7042206 (E.D. Pa. June 8, 2016)......................................10, 11

*Firefighters' Retirement Sys. v. Citco Grp. Ltd.*,
    Civ. A. No. 13-373, 2018 WL 276941 (M.D. La. Jan. 3, 2018).........................................8, 10

*Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*,
    Civ. A. No. 2:09-cv-1081, 2013 WL 608154 (S.D. Oh. Feb. 19, 2013)................................8, 9

*U.S. ex rel. McBride v. Haliburton Co.*,
    272 F.R.D. 235 (D.D.C. 2011)................................................................................................10

*Mort. Resols. Serv., LLC v. JPMorgan Chase Bank, N.A.*,
    15 Civ. 0293 (LTS) (JCF), 2017 WL 2305398 (S.D.N.Y. May 18, 2017).........................8, 10

**Statutes**

False Claims Act ...............................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 26(b) ..........................................................................................................................3

Fed. R. Civ. P. 26(b)(1)...........................................................................................................7, 8, 11

Fed. R.. Civ. P. 26(g)(1)(B)(iii) .......................................................................................................11

Fed. R. Civ. P. 37(a)(1) ..........................................................................................................11

*The Sedona Principles, Third Ed.: Best Practices, Recommendations & Principles*
  *for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, Cmt.
  11. A, 164 (2018) ............................................................................................................11

Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") respectfully request clarification of the Court's September 20, 2022 Order. Specifically, Affiliate Defendants request an Order clarifying that Relator's Motion to Compel is granted only as to the requests discussed in Relator's Third Motion to Compel and analyzed in the Court's Order, and that the Court's order: (1) requires Affiliate Defendants to make good faith efforts to identify and produce documents relevant to Requests for Production 1, 2, 3, 4, 5, 6, 7, 8 and 9 by searching the emails of custodians determined by Affiliate Defendants to likely have documents related to Medicaid, but does not require that Affiliate Defendant collect and search all available ESI of every employee during the 2010 through 2022 period; (2) does not require Affiliate Defendants to produce documents responsive to RFP 10; and (3) does not require Affiliate Defendants to produce documents responsive to RFP 11 that do not relate to federal, Texas, or Louisiana Medicaid.

## INTRODUCTION

Affiliate Defendants are working diligently and in good faith to produce to Relator documents that are responsive to the requests discussed in Relator's Third Motion to Compel ("Relator's Motion"), *see* ECF Nos. 154, 154-1 and 180, and which Affiliate Defendants understand are encompassed by the Court's September 20, 2022 Order ("the Order"). ECF No. 184.[1] Despite Affiliate Defendants' good faith attempts to identify which individuals at each Affiliate Defendant are most likely to have documents relevant to "Medicaid" and their assurances

---

[1] As is further discussed below, in compliance with the Court's September 20, 2022 Order and as a good faith attempt to prevent further litigation on Relator's Requests, Affiliate Defendants are interpreting Relator's requests broadly, and Affiliates' supplemental productions will include not only non-privileged documents relating to Texas and/or Louisiana Medicaid that are identified through a reasonable search, but also documents that hit on the term "Medicaid" more generally.

to Relator that Affiliate Defendants will produce *all* non-privileged documents and communications from those custodians that contain the term "Medicaid," Relator has represented that Relator intends to move for sanctions if Affiliate Defendants' compliance with the Court's Order is anything short of a collection and review of *every single document or communication* in the possession of *any* database or Affiliate Defendants' employee during the 2010 to 2022 period.

Further, although Relator's Motion to Compel focused solely on the First RFPs' requests relating to Texas and Louisiana Medicaid, Relator sought—and the Court subsequently granted—an Order compelling supplemental responses to *all* requests in Relator's First RFPs, which include two requests that seek documents wholly unrelated to Medicaid and were not discussed in Relator's Motion or the Court's Order. *See* ECF Nos. 154-1 at 11-12 (RFP 10 & RFP 11). Affiliate Defendants wish to ensure they comply with the Court's September 20, 2022 Order granting Relator's Motion to Compel, and thus seek clarification regarding the scope of the Court's Order as they work to collect, review, and produce additional documents accordingly.

## DISCUSSION

### I. Relators' First Set of RFPs and Affiliate Defendants' Responses

Relator's First RFPs were served on May 27, 2022. ECF No. 154-1. Affiliate Defendants served Objections and Responses to Relator's First RFPs ("First Responses") on June 27, 2022. ECF No. 154-2. Nine of out the eleven requests in Relator's First RFPs seek documents and communications expressly related to Texas and Louisiana Medicaid, *see* ECF No. 154-1 at 9-10 (RFPs 1, 2, 3, 4, 5, 6, 7, 8, and 9), and one additional RFP seeks some documents and communications related to Medicaid, *see* ECF No. 154-1 at 11 (RFP 11) (collectively, the "Medicaid Requests"). Affiliate Defendants are working in earnest to respond to the Medicaid Requests.

Relator's final two RFPs seek documents *other* than those relating to Texas and/or Louisiana Medicaid. Specifically:

- Request 10 seeks "All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document concerning Defendants' assets, liabilities, income, expenses, loan, debt, credit facilities, or financial position."
- Request 11 demands "All documents and communications concerning each payment you received from *any* state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time." (emphasis added).

With respect to RFP 10, Affiliate Defendants stated in their June 27, 2022 responses that they would not produce responsive documents because it sought information that was not relevant to any party's claim or defense. *See, e.g.*, ECF No. 154-2 at 15. As to RFP 11, Affiliate Defendants agreed to produce relevant responsive documents, and explained during a subsequent meet and confer that they would limit their response to documents and communications relating to payments from federal, Texas, or Louisiana Medicaid. *See, e.g.,* ECF No. 154-2 at 14-16; *see also* ECF No. 177 at 8-9.

## II.     Relator's Motion to Compel and the Court's September 20, 2022 Order

On August 31, 2022, Relator filed a Motion to Compel Affiliate Defendants' responses to Relator's First Set of RFPs, arguing that "Affiliates' documents and communications concerning Texas Medicaid and Louisiana Medicaid are 'probative of every issue in this case,'" ECF No. 154 at 5, and that Relator had met the burden and relevancy requirements of Federal Rule of Civil Procedure 26(b) because "Relator's request for all documents and communications concerning Texas Medicaid and Louisiana Medicaid' is relevant to every claim and defense at issue in this case." ECF No. 154 at 4-8; *see also id.* at 6 (arguing that "Affiliates cannot plausibly contend that Relator's discovery requests are not relevant to Relator's claims" because the request for "'all

3

documents and communications concerning *Texas Medicaid and/or Louisiana Medicaid*' is relevant to every claim and defense at issue") (emphasis added); *id.* at 8 (arguing that "Relator 'reasonably limited the scope of discovery'" to requests regarding the facts alleged in the Complaint, the parties, "*the Texas and Louisiana Medicaid programs*, and Relator's allegations regarding . . . alleged violations of federal and state laws *arising from their participation in Texas Medicaid and/or Louisiana Medicaid*.") (emphasis added). The Motion to Compel did not even reference—let alone offer specific information or arguments regarding—RFP 10's demand for essentially all of Affiliates' financial documents or RFP 11's request for documents relating to government health programs other than federal, Texas, or Louisiana Medicaid. *See generally* ECF No. 154.

Relator's Reply was similarly focused exclusively on the Texas and Louisiana Medicaid requests. ECF No. 180 at 4 ("PPFA Affiliates have clearly failed and refused to produce all responsive documents concerning Texas and/or Louisiana Medicaid); *id.* at 6 (arguing that "PPFA Affiliates did not even search for the term 'Medicaid'");[2] *id.* at 6-7 (arguing that the requests are not unduly burdensome and are proportional to the needs of the case based on the Court's prior ruling on a Motion to Compel regarding documents "concerning Texas and Louisiana Medicaid" in the possession, custody or control of Defendant PPFA); *id.* at 8 (arguing that "Relator's discovery requests seeking the PPFA Affiliates' documents concerning Texas and/or Louisiana Medicaid are thus proportional to the nature of this case involving substantial Medicaid funds").

---

[2] This is untrue. As Relator is aware from the search terms and hit report provided by Affiliate Defendants on August 25, 2022, they searched for "Medicaid AND (enroll* OR partipat* OR eligibil* OR accred* OR submit* OR submission OR receiv* OR receipt OR terminat* OR qualif* OR refund*). *See* ECF No. 180, Ex. A. As noted above, however, Affiliate Defendants intend to search for the standalone term "Medicaid" in the data of the custodians they determine most likely to have responsive documents in light of the Court's Order.

Notwithstanding that Relator's papers focused solely on the Texas and Louisiana Medicaid aspects of Relator's First Set of RFPs, Relator requested an Order broadly compelling Affiliates "to provide full and complete responses to Relator's First Requests for Production," without exception. *See* ECF No. 154 and ECF No. 177.

On September 20, 2022, the Court entered an Order granting Relator's Motion to compel "full and complete responses to Relator's First RFP" explaining that "Relator seeks documents *concerning Texas Medicaid and Louisiana Medicaid* which the Court has already determined are 'probative of every issue in this case.'" ECF No. 184 at 6 (quoting ECF No. 153 at 3) (emphasis added). The Court further stated that Relator had made a specific showing that Affiliate Defendants' response was insufficient through Relator's by-the-numbers comparison of Affiliate Defendants' production of documents "concerning Medicaid" to PPFA's production of such documents. *Id.* at 5. The Court's Order did not specifically discuss the non-Medicaid requests, RFPs 10 and 11, or reference the topics of these requests. *See generally id.*[3]

---

[3] Although the Court addressed Affiliate Defendants' timeliness arguments as they related to the requests for which Affiliate Defendants' made rolling productions of documents, ECF No. 184 at 3-4, the Order does not address Affiliate Defendants' argument that Relator's motion to compel is untimely with respect to RFP 10. Unlike the requests discussed in the Court's Order, *id.*, Affiliate Defendants consistently asserted that they would not produce documents responsive to RFP 10, meaning that Relator was on notice of Affiliate Defendants' position as of June 27, 2022. ECF No. 117 at 8-9 (citing ECF No. 154-2 at 14). Thus, Relator's arguments regarding the "rolling productions" are not applicable here and a motion to compel responses to RFP 10 could be denied on timeliness alone. Affiliate Defendants also note that any financial documents and analysis relating to Medicaid have been or will be produced as part of Affiliate Defendants' production of non-privileged documents containing the term "Medicaid" that are located in the custodians determined to be most likely to have documents related to Medicaid. Relator also has been on notice of Affiliate Defendants' position that they would not produce documents unrelated to Medicaid in response to RFP 11 since, at the latest, following the parties' July 11, 2022 meet and confer in which RFP 11 was discussed. *Id.*

### III. Affiliate Defendants' Good Faith Attempts to Comply with the Court's Order & Relator's Unreasonable and Burdensome Demands

On September 26, 2022, Relator asked Affiliate Defendants to "confirm that [Affiliates] will be producing all non-privileged documents and emails for those custodians that hit for the search term 'Medicaid.'" *See* Ex. A. Affiliate Defendants explained to Relator during a September 29, 2022 meet and confer, and later reiterated in writing, that they were working diligently and in good faith to collect, review, and produce all non-privileged documents and communications in Affiliate Defendants' identified custodial data that contain the term "Medicaid." *See* Ex. B. Affiliate Defendants are doing so both for the corporate officers and executives comprising Affiliate Defendants' nine already-identified custodians, as well as twenty-one new custodians, who were identified through a comprehensive, good faith effort by each Affiliate Defendant to determine which of its current or former employees are most likely to have documents relevant to Medicaid (construing relevancy broadly). *See* Ex. C. Further, in an effort to ensure that Affiliate Defendants' supplemental production complies with the Court's Order, Affiliate Defendants do not plan to perform a "relevancy" review of the documents that contain the search term "Medicaid" prior to the production of those documents. Rather, Affiliate Defendants' pre-production review will be limited to running searches and reviewing documents for purposes of making confidentiality and privilege determinations; documents containing the term "Medicaid" will be withheld from production solely on the basis of privilege.

When asked for clarification regarding the non-Medicaid requests in Relator's First RFPs during the September 29 meet and confer, Relator stated that although Relator had not looked "specifically" at these requests and that the production of documents related to Medicaid were "most significant" to Relator, Relator's position was that the Order applies to all of the First RFPs. Relator then took the astounding position that Affiliate Defendants' proposed approach for the

6

Medicaid requests—*i.e.*, identification of custodians most likely to have responsive information and production of all non-privileged custodial documents with the term "Medicaid"—was *per se* deficient.  Relator further expressed that Relator intends to raise this with the Court because, in Relator's view, the Court's September 20, 2022 Order requires Affiliate Defendants to produce *every* document or communication from *every* individual or database associated with Affiliate Defendants during the 2010 to 2022 period which contains the word "Medicaid," and that anything short of this would be in violation of the Court's Order.  *See* Ex. B.

Given the burden such an approach would impose on Affiliate Defendants and the likelihood that the resulting productions would be both highly duplicative of information already produced and largely devoid of relevance to the issues in this litigation, Affiliate Defendants informed Relator that they would not use Relator's proposed process.  Instead, Affiliate Defendants noted again their good faith, comprehensive attempts to identify the most responsive custodians, as well as their willingness to meet and confer if Relator identified deficiencies with Affiliate Defendants' list of supplemental custodians.  *See* Ex. B (inviting Relator to meet and confer "regarding any specific custodians or even positions of custodians the Relator may think should be added.").  Relator simply reiterated Relator's position that anything short of *all* documents relevant to Medicaid would not be in compliance with the Court's Order, and in a subsequent email stated that these issues would be raised "in our sanctions and show cause motion."  *See* Ex. B.  Affiliate Defendants have since provided their list of 21 additional custodians and informed Relator that they will respond to Relator's request for sanctions as ordered by the Court on or before October 5, 2022.  *See* Ex. C.

Relator's reading of the Court's Order is outside the normal scope of discovery and far beyond what is contemplated by the Federal Rules.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may

7

obtain discovery regarding an nonprivileged matter that is relevant to any party's claim or defense and *proportional* to the needs of the case," considering factors including "whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).  Relator has not articulated why Affiliate Defendants' proposed custodians are inadequate; indeed, Relator took the position that Affiliate Defendants' response was not only insufficient, but sanctionable, before Relator *even received* the list of custodians.  Ex. B.  Courts routinely reject demands for additional custodians where parties have failed to make a showing that the custodians selected by the responding party are inadequate in some specific way.  *See, e.g.*, *AIDS Healthcare Found., Inc. v. City of Baton Rouge*, Civ. A. No. 17-229, 2018 WL 5259465, at *8 (M.D. La. Oct. 22, 2018) (denying motion for additional searches where ESI was already collected from identified custodians and movant did not "adequately explain[]" alleged deficiencies); *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, Civ. A. No. 13-373, 2018 WL 276941, at *4-*6 (M.D. La. Jan. 3, 2018) (denying motion for an additional ESI custodian and emphasizing that the responding party is best suited to identify relevant custodians); *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, Case No. 3:19-md-2885, 2020 WL 4501794, at *1 (N.D. Fla. Aug. 5, 2020) (stating that a requesting party "must demonstrate each [requested additional] custodian would provide 'unique relevant information not already obtained'")(collecting sources); *Mort. Resols. Serv., LLC v. JPMorgan Chase Bank, N.A.*, 15 Civ. 0293 (LTS) (JCF), 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) ("Unless [the responding party's] choice [of custodians] is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should play no role in dictating the design of the search, whether in choosing search tools, selecting search terms, or …designating custodians."); *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours*

8

*& Co.*, Civ. A. No. 2:09-cv-1081, 2013 WL 608154, at *8-9 (S.D. Oh. Feb. 19, 2013) (denying motion to compel additional custodians as "unwarranted and burdensome").

As Affiliate Defendants explained to Relator, Relator's interpretation of the Court's Order would require Affiliate Defendants to collect available electronically stored information (ESI) for *every single one* of the over 2,000 individuals employed by Affiliate Defendants over the past twelve years,[4] run a search across this incredibly expansive universe for the word "Medicaid," search and review documents for privilege and confidentiality, and subsequently produce *every* non-privileged document that contains that term. In practical effect, the logistical and financial burden of loading and storing this amount of data would be staggering. Then it would need to be searched for the term "Medicaid," and then that vast set of documents would need to undergo what would no doubt be a massive privilege and confidentiality review All this would requires significant time and expense. The burden imposed upon Affiliate Defendants of such an effort is well-supported by the Declarations provided to the Court on September 14, 2022, *see* ECF No. 177, Exs. A-E. In contrast, the specificity and enormity of this potential burden for Affiliate Defendants dwarfs the broad and speculative assertions of "burden" by Texas that were credited by this Court in its September 1, 2022 Order where it declined to compel Texas to produce information relevant to materiality (or the lack thereof), an issue directly relevant to Relator's claims in this case. ECF No. 161 at 11-12 (citing to ECF No. 137-1 at 43-45).

---

[4] The declarations submitted by Affiliate Defendants at ECF No. 173-7 through ECF No. 173-11 provide further detail. *See* ECF No. 177-7, Decl. of Alfred Curtis ¶ 3(Sept. 13, 2022) (stating that PPGC has employed 1,284 individuals since 2010, generating 1,000 gigabytes of custodial data and hundreds of boxes and filing cabinets of hard copy documents); ECF No. 177-3, 177-4, 177-5, Decls. of Polin Barraza (Sept. 13, 2022) (stating that PPST has employed 284 employees since 2010); ECF Nos. 173-8 and 173-10, Decls. of Polin Barraza (Sept. 13, 2022) (stating that Defendants PPCC and PPSA have employed 13 individuals since 2010); and ECF No. 173-9, Decl. of Sheila McKinney (Sept. 13, 2022) (stating that PPGT has employed 987 individuals since PPGT's inception in 2012).

Further, even if Relator had offered any information whatsoever that Relator's contemplated exhaustive search would result in the production of "some unique information," the limited value added through the hundreds of additional custodians "would not be warranted because the cost and burden would be disproportionate." *Mort. Resols. Serv., LLC v. JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); *see also* Fed. R. Civ. P. 26(b)(1). It is well established that "[t]here is no obligation on the part of a responding party to examine every scrap of paper in its potentially voluminous files, and in an era where vast amounts of electronic information is available for review, courts cannot and do not expect that any party can meet a standard of perfection." *Firefighters' Retirement Sys* 2018 WL 276941, at *6 (rejecting a request to "email everyone in every [Defendant] entity to ask whether [any employee] has knowledge relevant to this litigation" as "simply unreasonable") (internal citations and quotations omitted); *see also e.g., Eisai Inc v. Sanofi-Aventis U.S., LLC*, Civ. A. No. 08-4168, 2012 WL 1299379, at *7 (D.N.J. Apr. 16, 2012) (denying plaintiffs' motion to compel discovery from an additional 175 custodians, reasoning that "even if such additional discovery is relevant and likely to lead to the discovery of admissible evidence, the Court finds that 'the discovery sought is unreasonably cumulative or duplicative' and that 'the burden or expense of the proposed discovery outweighs its likely benefit.'") (quoting Fed. R. Civ. P. 26(b)(2)(C)); *U.S. ex rel. McBride v. Haliburton Co.*, 272 F.R.D. 235, 240-41 (D.D.C. 2011) (denying motion to add thirty-five additional custodians because it could not "possibly be justified when one balances its cost against its utility"); *Mort. Resols. Serv.*, 2017 WL 2305398, at *2 (denying plaintiffs' motion to compel five additional custodians in False Claims Act litigation, stating that a party responding to discovery requests is 'entitled to select the custodians most likely to possess responsive information and to search the files of those individuals'"); *Enslin v. Coca-Cola Co.*, No. 2:14-cv-

10

06476,2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) (noting that "[i]t must also be remembered that the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a 'reasonably comprehensive search strategy.'") (citation omitted); *The Sedona Principles, Third Ed.: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, Cmt. 11. A, 164 (2018) ("A responding party may satisfy its good faith obligations to produce relevant electronically stored information by using technology and processes such as sampling, searching, or *the use of selection criteria*.").

Here, Relator has failed to engage meaningfully with Affiliate Defendants as is required as a matter of regular discovery conduct. *See* Fed. R. Civ. P. 26(g)(1)(B)(iii); ECF No. 123 at 5 ("The Court expects parties to work in good faith to resolve discovery disputes."); *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) ("[T]he party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests."). Instead of explaining why the existing custodians are unreasonable, proposing additional custodians, or even reserving judgment until Relator had reviewed the proposed new custodian list, Relator instead demanded that Affiliate Defendants add an additional 2000 custodians or face sanctions. This strategy of manufacturing and filing meritless sanctions motions violates the rules of discovery and is a drain on the Court's resources. *See* Fed. R. Civ. P. 37(a)(1); *see also Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284, 288 (N.D. Tex. 1988) ("If a fellow member of the Bar makes a just request for cooperation . . . a lawyer will not arbitrarily or unreasonably withhold consent."). Affiliates will respond to Relator's request for sanctions on or before October 5, 2022, as directed by the Court. ECF No. 184 at 5.

Accordingly, Affiliate Defendants request clarification that the Court's September 20, 2022 Order: (1) requires Affiliates Defendants to make good faith efforts to identify and produce

11

documents relevant to Requests for Production 1, 2, 3, 4, 5, 6, 7, 8 and 9 by searching the emails of custodians determined by Affiliate Defendants to likely have documents related to Medicaid, but does not require that Affiliate Defendant collect and search all available ESI of *every employee* during the 2010 through 2022 period, without regard to whether an employee's scope of work related to Medicaid, let alone the actual issues in this case; (2) does not require Affiliate Defendants to produce documents responsive to RFP 10;[5] and (3) does not require Affiliate Defendants to produce documents responsive to RFP 11 that do not relate to federal, Texas, or Louisiana Medicaid.

## CONCLUSION

For the foregoing reasons, Affiliate Defendants request clarification regarding the Court's September 20, 2022 Order.

Dated: September 30, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner

---

[5] Because Affiliate Defendants are construing Relator's requests broadly and producing all non-privileged documents and communications that hit on the search term "Medicaid" in the custodians determined to most likely have documents related to Medicaid, it is likely that Affiliate Defendants' forthcoming productions will nevertheless contain financial documents that hit on that term.

12

 Alyssa.Gerstner@arnoldporter.com
 601 Massachusetts Ave, NW
 Washington, DC 20001-3743
 Telephone: +1 202.942.6127
 Fax: +1 202.942.5999

 Christopher M. Odell
 Texas State Bar No. 24037205
 Christopher.Odell@arnoldporter.com
 700 Louisiana Street, Suite 4000
 Houston, TX 77002-2755
 Telephone: +1 713.576.2400
 Fax: +1 713.576.2499

 Ryan Patrick Brown
 Texas State Bar No. 24073967
 brown@blackburnbrownlaw.com
 1222 S. Fillmore
 Amarillo, TX 79101
 Tel: (806) 371-8333
 Fax: (806) 350-7716

 *Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 30, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

                                      */s/ Tirzah S. Lollar*
                                      Tirzah S. Lollar

## **CERTIFICATE OF CONFERENCE**

On September 29, in accordance with Local Rule 7.1(b), counsel for Defendants certify that they conferred with counsel for Relator regarding the relief requested in this motion. Relator's counsel Andrew Stephens participated in the conference and stated that Relator is opposed.

/s/ *Tirzah S. Lollar*