## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

UNITED STATES OF AMERICA,　§
*ex rel.* ALEX DOE, Relator,　§
　§
THE STATE OF TEXAS,　§
*ex rel.* ALEX DOE, Relator,　§
　§
THE STATE OF LOUISIANA,　§
*ex rel.* ALEX DOE, Relator,　§
　§
　§
　　　Plaintiffs,　§
　§
v.　§　　Civil Action No. 2:21-CV-00022-Z
　§
PLANNED PARENTHOOD　§
FEDERATION OF AMERICA, INC.,　§
PLANNED PARENTHOOD GULF　§
COAST, INC., PLANNED　§
PARENTHOOD OF GREATER　§
TEXAS, INC., PLANNED　§
PARENTHOOD SOUTH　§
TEXAS, INC., PLANNED　§
PARENTHOOD CAMERON　§
COUNTY, INC., PLANNED　§
PARENTHOOD SAN ANTONIO,　§
INC.,　§
　§
　　　Defendants.　§

## RELATOR'S RESPONSE TO PPFA AFFILIATES'
## MOTION FOR CLARIFICATION

1

Relator respectfully files the below response to the PPFA Affiliates' Motion for Clarification (Dkt. 200) of the Court's September 20, 2022 Order granting Relator's Motion to Compel against the PPFA Affiliates (Dkt.184). Because Relator moved to compel responses to *all* of Relator's First Requests for Production, which includes RFPs 10 and 11, and because the Court granted Relator's Motion, the Court ordered that the PPFA Affiliates produce documents responsive to all of those Requests. While PPFA filed a motion to expedite briefing on their Motion for Clarification, their proposed schedule will take two weeks to complete. But given that the PPFA Affiliates have still not complied with their obligations under the Court's Order from almost two weeks ago and the end of discovery is fast approaching, Relator believes that this issue should be resolved even more quickly to avoid any further delay in the PPFA Affiliates' production. Thus, Relator proposes that the Court order the PPFA Affiliates to file any reply in support of the Motion for Clarification on **Tuesday, October 4, 2022**.

Because no clarification of the Court's Order is needed, Relator requests that the Court deny the PPFA Affiliates' Motion, order the PPFA Affiliates to fully comply with *all* of Relator's First Requests for Production by October 7, 2022, and enter sanctions and/or contempt against the PPFA Affiliates for the reasons set forth in Relator's forthcoming Motion for Sanctions and/or Order to Show Cause.

## INTRODUCTION

As Relator explained in the motion to compel briefing (Dkt. 154, 180), the PPFA Affiliates have completely failed to comply with their discovery obligations. The PPFA Affiliates argued in response to the motion to compel that there was not enough time remaining in discovery to comply with Relator's requests, Dkt. 177 at 18, yet here we are, almost two weeks after the Court's Order, with only a few more produced documents and with the PPFA Affiliates just now raising a need for "clarification" of the Court's Order and pretending that the Court's Order licenses their desired limits on the production they have already been ordered to complete. The PPFA Affiliates have delayed responding to Relator's discovery requests since they were served nearly four months ago on May 27, 2022 and the PPFA Affiliates' Motion is a transparent attempt to avoid being sanctioned or held in contempt for the reasons that will be raised in Relator's forthcoming Motion for Sanctions and/or Motion for Order to Show Cause.  The Court should tolerate no further delay tactics by the PPFA Affiliates and should order the PPFA Affiliates to fully respond to *all* of Relator's First Requests for Production by October 7, 2022 – a deadline that is over *four months* after the date Relator served the First Requests for Production and over two weeks since the Court ordered the PPFA Affiliates to fully comply.

## BACKGROUND

Relator alleges that Defendants Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and Louisiana affiliates ("PPFA Affiliates") violated state and federal law by falsely certifying their compliance with Texas and Louisiana

Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On May 27, 2022, Relator served the PPFA Affiliates with Relator's First Requests for Production. Dkt. 154-1. On June 27, 2022, the PPFA Affiliates served objections and responses to Relator's First Requests for Production Dkt. 154-2. The PPFA Affiliates objected to the requests on numerous grounds and responded that, subject to their objections, they would produce responsive documents on a rolling basis. *Id.* On July 11, 2022, counsel for Relator and the PPFA Affiliates met and conferred regarding the PPFA Affiliates' objections and responses. On August 30, 2022, counsel for Relator and the State of Texas met and conferred with counsel for the PPFA Affiliates, and the PPFA Affiliates stated that they had completed their rolling production and would not be producing any additional documents in response to Relator's discovery requests. Relator filed a Motion to Compel the PPFA Affiliates' responses the following day. Dkt. 154. On September 20, 2022, the Court granted Relator's Motion. Dkt. 184 at 8. The Court held that Relator's Motion was timely. Dkt. 184 at 3-4. The Court also determined that the Relator showed the PPFA Affiliates' document productions were deficient, Dkt. 184 at 4-5, and that Relator's requests are both relevant, Dkt. 184 at 5-6, and proportionate to the needs of the case, Dkt. 184 at 6-7.

After the Court ruled that the PPFA Affiliates must fully comply with Relator's First Requests for Production, Relator's counsel requested that the PPFA Affiliates confirm that they would be producing all documents that hit for the search term

"Medicaid" during the time period covered by Relator's requests. The PPFA Affiliates only responded once Relator's counsel informed them that Relator would be seeking sanctions and/or contempt if they did not produce those documents as ordered by the Court. Only then did the PPFA Affiliates raise the frivolous argument that the Court's Order compelling compliance with the First Requests for Production is somehow unclear or needs clarification.

## DISCUSSION

### I.   The Court's Order Applies to RFPs 10 and 11.

This Court's Order granting Relator's motion to compel against the PPFA Affiliates applies to all requests in Relator's First Requests for Production.

First, Relator's Motion clearly requested that the Court compel production as to all requests in Relator's First Requests for Production. Dkt. 154 at 2 ("Relator respectfully requests that the Court enter an order compelling the PPFA Affiliates to produce all documents and communications responsive to Relator's First Requests for Production," Dkt 154 at 8 ("Relator respectfully requests that the Court grant Relator's motion and compel the PPFA Affiliates to provide full and complete responses to Relator's First Requests for Production,"); *see also* Dkt. 180 at 1-2 ("Relator respectfully requests the Court enter an order compelling [PPFA Affiliates] to produce all documents and communications responsive to Relator's First Requests for Production . . ."); Dkt. 180 at 9 ("Relator respectfully requests the Court grant the Motion and compel the PPFA Affiliates to (1) provide full and complete responses to Relator's First Requests for Production . . .").

Second, in response to the Motion to Compel, the PPFA Affiliates offered no specific response as to why RFPs 10 and 11 should be treated differently than the rest of Relator's RFPs that they acknowledge are covered by the Court's Order yet are not expressly mentioned. *See generally* Dkt. 177; Dkt. 201 (admitting the Court's order applies to RFPs 1-9). The only specific argument the PPFA Affiliates made as to RFP 10 was that Relator's Motion to compel a response to that RFP was untimely. Dkt. 177 at 8. But the Court expressly determined that Relator's Motion *was* timely, thus eliminating the one argument the PPFA Affiliates made as to that RFP. Dkt. 184 at 3-4. The Affiliate Defendants' attempt to rehash that argument because the Court did not specify that it was also holding Relator's Motion was timely as to RFP 10 is specious. *See* Dkt. 201 at 5 n.3. The reasons the Court gave for determining Relator's motion was timely would apply equally to RFP 10. *See* Dkt. 184 at 3-4 (giving five reasons why the motion was timely: (1) discovery has not yet closed, (2) there is no prejudice to the Affiliates, (3) Relator's explanation was reasonable, (4) the motion came less than two months after the deadline imposed by the Amended Scheduling Order, and (5) there would be no disruption to the schedule).

Third, the Court's reasoning applies equally to RFPs 10 and 11. The PPFA Affiliates objected to RFP 10 as irrelevant to any claim or defense in the case, but the Court said "relevancy is 'broadly construed' and has applied the same standard to Defendants' requests." Dkt. 184 at 6. The PPFA Affiliates' responses to RFP 10 are clearly relevant as they are probative of whether the PPFA Affiliates will be able to

pay a judgment in this case, as well as to show the significant financial relationship between PPFA and the Affiliates. *See* Dkt. 180 at 7.

The PPFA Affiliates argue that they should not have to produce documents responsive to RFP 11 that do not relate to federal, Texas, or Louisiana Medicaid. Dkt. 201 at 1. It is clear why they don't want to produce documents responsive to this request.[1] But the PPFA Affiliates' complete responses to RFP 11 are clearly relevant to the PPFA Affiliates' knowledge of their obligation to repay government money they are not entitled to. Notably, the False Claims Act imposes liability not just for Medicaid fraud, so the Affiliates' knowledge of this obligation is relevant in contexts outside Medicaid. Thus, there is no reason to believe that the Court's Order somehow excused the PPFA Affiliates from responding to RFP 10 or providing information regarding funds received in other government programs aside from Texas and Louisiana Medicaid in response to RFP 11.

## II.   The Court's Order Does Not License the PPFA Affiliates' Desired Limitations on their Production.

The third section of the PPFA Affiliates' brief is a naked attempt to relitigate the Motion to Compel. The PPFA Affiliates continue to argue, relying on the declarations they submitted in support of their opposition to the Motion to Compel, that they have undertaken "comprehensive" searches for documents. Dkt. 201 at 6-

---

[1] *See Two Texas Planned Parenthoods Won't Give Back PPP Loans*, Reform Austin, (Aug. 4, 2020), https://www.reformaustin.org/coronavirus/two-planned-parenthoods-wont-give-back-ppp-loans/ (noting that 38 PPFA Affiliates, including the Affiliate Defendants here, were ordered to give back PPP loans by the Small Business Administration and PPGT returned the money, while PPST and PPGC did not).

12. But that argument was already rejected by the Court in finding that PPFA's production, regardless of its claims to "comprehensive" measures, was inadequate, Dkt. 184 at 4-5.

There is no basis for the Court to consider any of the PPFA Affiliate's proposed discovery limitations. Relator's RFPs sought relevant and discoverable documents from the PPFA Affiliates, Relator refused to produce those documents, and the Court entered the Order compelling production of the documents after considering both parties' positions on the requested discovery. The PPFA Affiliates again complain that they have to search and produce documents from many custodians and that to do so would be burdensome and not proportional to the case.  Yet, the PPFA Affiliates ignore the fact that they have received many millions of dollars of Medicaid funds from the federal and state governments and that the claims in this case arise from their receipt of those federal and state funds. As set forth in Relator's previous briefing on Relator's Motion to Compel, it strains credulity for a billion-dollar company like Planned Parenthood to complain about the "burden" of producing all of its Medicaid documents for the ten-year period of time that is at issue in this Medicaid fraud lawsuit. There should be no limitation on the PPFA Affiliates' obligation to fully comply with the Court's Order, nor should they need any additional clarification in order to fully comply.

Finally, Relator's forthcoming Motion for Sanctions and/or Order to Show Cause will explain how the PPFA Affiliates have egregiously violated their discovery obligations and continue to ignore the Court's Order requiring their full compliance

with all of Relator's First Requests for Production. The Court should deny the PPFA

Affiliates' Motion for Clarification and consider the issue of sanctions and/or contempt

against the PPFA Affiliates as will be raised in Relator's forthcoming motion.

Respectfully submitted.

/s/ Andrew B. Stephens
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

**Attorneys for Relator**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens