# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § <br> § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § | CIVIL ACTION NO. 2:21-CV-00022-Z <br><br> Date:      October 4, 2022 |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>      Plaintiffs,<br>v. | § <br> § <br> § <br> § <br> § | |
| Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc., | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants. | § <br> § <br> § <br> § | |

## AFFILIATE DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION FOR CLARIFICATION
## OF THE COURT'S SEPTEMBER 20, 2022 ORDER [ECF 184]

Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") respectfully submit this reply in support of their motion for clarification of the Court's September 20, 2022 Order ("September 20 Order").  ECF No. 184.

## ARGUMENT

### I.       Affiliates Defendants' Good Faith Efforts to Comply with the Court's Order Should be Deemed Sufficient

Relator does not meaningfully engage with Affiliate Defendants' arguments that their efforts, including an agreement to rapidly collect and produce (unless privileged) all documents hitting the term "Medicaid" in the data of twenty-eight (28) custodians,[1] are sufficient to comply with the Court's September 20 Order.  Instead, Relator plays with time, suggesting that the Court already found Affiliate Defendants' comprehensive measures undertaken *after* issuance of the September 20 Order to be inadequate.  ECF No. 204 at 8.  The Court found no such thing and has yet to rule on whether Affiliates Defendants' post-September 20 Order comprehensive measures are sufficient to comply with that Order.

Relator goes on to suggest, without any support, that because Affiliate Defendants received many millions of dollars of Medicaid funds, that they should have no trouble producing every single document referencing "Medicaid" from their combined more than 2,000 employees from the relevant time period.  *Id.*  To be clear, none of the Affiliate Defendants are a "billion-dollar company" and each has provided a detailed declaration regarding the massive burdens that would be placed on the five separate not-for-profit entities if they are required to do what Relator is

---

[1] Affiliate Defendants had agreed to collect and search the data of thirty custodians in total, but the relevant Affiliate does not have data for two of the thirty custodians.  *See, e.g.*, ECF No. 154-2 at 10 (describing the Affiliate's email retention policies).

demanding.  *See* ECF No. 177-1, Decl. of Alfred Curtis ¶¶ 7-9 (PPGC) (Sept. 13, 2022); ECF No. 177-3, 177-4, 177-5, Decls. of Polin Barraza (PPST, PPSA, PPCC) ¶¶ 7-9 (Sept. 13, 2022); and ECF No. 177-2, Decl. of Sheila McKinney ¶¶ 7-9 (PPGT) (Sept. 13, 2022).

Failing to cite a single case, Relator makes no effort to respond to the compelling case law cited in Affiliate Defendants' opening brief, where court after court only required production from additional custodians upon a showing that the custodians selected by the responding party are inadequate in some specific way, or that the search conducted was not reasonable.  ECF No. 201 at 8-11.  Relator similarly fails to identify any precedent for the sweeping and burdensome production order he asks this Court to make here, making clear that there is no support for it.

Accordingly, Relator has provided the Court no basis to find that the efforts expended by Affiliate Defendants to comply with the September 20 Order are insufficient.  Since that Order was entered, Affiliate Defendants:

- Ran a search for "Medicaid" in the data of the nine (9) custodians whose data was already loaded and begun to running searches and reviewing the "hits" plus their family members for confidentiality and privilege;

- Produced over 13,000 documents from the "Medicaid" search on October 3;

- Identified and collected emails for nineteen (19) additional custodians[2] determined to most likely have documents related to Texas or Louisiana Medicaid; and

- Continue to work with all deliberate speed to produce all documents, plus family members, that hit on the term "Medicaid" from the now twenty-eight (28) custodians.

---

[2] These custodians are from Affiliate Defendants' revenue, medical services, communications, and finance departments during the relevant time period.

Affiliate Defendants currently anticipate making another significant production by October 7 and are working to complete the entire "Medicaid" production from the twenty-eight (28) custodians by the end of the month. This is in addition to the ongoing efforts to produce documents responsive to: (1) Relator's Fourth Requests for Production, which request broad categories of all documents and communications related to Relator's investigation and subsequent Congressional and state investigations (Affiliate Defendants have agreed to use good faith efforts to produce by October 14, 2022); and (2) Relator's Fifth Requests for Production, which are similarly broad in that they seek all documents and communications between the Affiliate Defendants and PPFA (Affiliate Defendants have agreed to use good faith efforts to produce by October 28, 2022).

Relator complains that there has been a delay in his receipt of these documents (ECF No. 3), but it was Relator who delayed filing the motion to compel until August 31. In contrast, Affiliate Defendants have wasted no time working to comply with the Court's September 20 Order since it was issued and have already made a significant production.

Affiliate Defendants' efforts stand in stark contrast to those of Texas. Affiliate Defendants served their First Set of RFPs on Texas on June 1. ECF No. 128-2. Texas timely served its responses on July 1. ECF No. 128-4. Finding those responses insufficient, Affiliate Defendants promptly filed a timely motion to compel on July 18. ECF No. 128. The filing of the motion to compel caused Texas to belatedly agree on August 1-2 to respond substantively to several RFPs and Interrogatories. ECF No. 137 at 6. The Court then largely denied Affiliate Defendants' motion to compel, finding most of the requests moot since Texas had agreed to respond, albeit only after Affiliate Defendants filed a motion to compel. ECF No. 161 at 4-5.

Notably, the Court declined to order Texas to respond to the relevant RFPs and interrogatories by a certain date, finding that Texas should be able to produce "on a consistent,

3

rolling basis." *Id.* at 5.  That was over one month ago, and Texas just made its initial production of emails (less than 800) on September 30, 2022, a month after the Court ruled.  Texas has yet to respond to the interrogatories it agreed to answer.  In contrast, Affiliate Defendants produced over 13,000 documents within two weeks of the Court's September 20 Order.  And Texas earlier today stated in response to Affiliate Defendants' question that Texas "cannot tell Affiliate Defendants at this time when [Texas] will complete [its] rolling production, but perhaps [Texas] can provide an updated forecast at some point."

There is no comparison of the herculean efforts made by Affiliate Defendants to the paltry efforts made by Texas.[3]  The Court should clarify that Affiliate Defendants' efforts described above to comply with the September 20 Order are sufficient.

## II.   Affiliates Defendants Should Not Be Required To Produce Documents Unrelated to Federal, Texas, or Louisiana Medicaid in Response to RFPs 10 or 11

Relator's response underscores that Relator's briefing and the Court's ruling never once actually referenced on RFPs 10 or 11. ECF No. 204 at 5-6.  That is because Relator's efforts have been laser focused on his broad requests for *all documents related to Medicaid*.  *See, e.g.,* ECF No. 154 at 5 ("Affiliates' documents and communications *concerning Texas Medicaid and Louisiana Medicaid* are 'probative of every issue in this case,'") (emphasis added); *id.* at 6 ("Relator's request for all documents and communications *concerning Texas Medicaid and Louisiana Medicaid* is relevant to every claim and defense at issue in this case.") (emphasis added); *id.* at 8 (arguing that "Relator 'reasonably limited the scope of discovery'" to requests regarding the facts alleged in the Complaint, the parties, "*the Texas and Louisiana Medicaid programs*, and

---

[3] Affiliate Defendants anticipate renewing their motion to compel against Texas, consistent with the Court's Order.  ECF No. 161 at 5.

Relator's allegations regarding . . . alleged violations of federal and state laws *arising from their participation in Texas Medicaid and/or Louisiana Medicaid*.") (emphasis added); ECF No. 180 at 4 ("PPFA Affiliates have clearly failed and refused to produce all responsive documents *concerning Texas and/or Louisiana Medicaid*") (emphasis added); *id.* at 8 (arguing that "Relator's discovery requests seeking the PPFA Affiliates' documents *concerning Texas and/or Louisiana Medicaid* are thus proportional to the nature of this case") (emphasis added); ECF No. 201-4 at 7 ("are the PPFA Affiliates willing to produce every non-privileged email communication that has the term 'Medicaid'?") (Sept. 8, 2022), 5 (same) (Sept. 26, 2022).  It was only when Affiliate Defendants *asked* about RFPs 10 and 11 that Relator stated Relator *also* expects Affiliate Defendants to produce documents responsive to RFPs 10 and 11 unrelated to Medicaid.  *Id.* at 3 ("in response to your question concerning RFPs 10 and 11, we expect full compliance") (Sept. 30, 2022).

Limiting RFPs 10 and 11 to documents related to federal, Texas, or Louisiana Medicaid is appropriate given the issues in this case.  Relator alleges that Affiliate Defendants failed to repay amounts they had received in reimbursement from *Texas and Louisiana Medicaid* during the pendency on injunctions (ECF No. 2 ¶¶ 118-121) and that had the government known about PPGC's conduct when providing fetal tissue to University of Texas Medical Branch, it would not have paid any Affiliate Defendants' claims under *Texas and Louisiana Medicaid* (ECF No. 2 ¶¶ 105, 114-117).  As the Court has said, this is a case where documents and communications about *Texas Medicaid and Louisiana Medicaid* are "probative of every issue in this case."  ECF No. 184 at 6.  The additional discovery beyond federal, Texas, and Louisiana Medicaid sought by Relator is neither relevant nor proportionate to the needs of the case.

The documents sought in RFP 10 unrelated to Texas or Louisiana Medicaid have no bearing on Relator's allegations, and Relator does not credibly argue otherwise. As an initial matter, Relator's assertion that Relator needs these highly sensitive financial documents to determine if Affiliate Defendants can pay a judgment is completely at odds with Relator's assertion on the *next page* that Planned Parenthood is a "billion-dollar company" that should have no problem producing every single document with the term "Medicaid." ECF No. 204 at 7-8. But setting that irreconcilable contradiction aside, in a case like this, where punitive damages are not at issue, discovery about a litigant's ability to pay a judgment is not permissible until a judgment is entered. *F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) ("Under most circumstances. . . a private plaintiff may not discovery an opponent's assets until after a judgment against the opponent has been rendered"); *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974), *cert denied*, 95 S.Ct. 1573 (1975) ("We generally eschew the question whether litigants are rich or poor. Instead, we address ourselves to the merits of the litigation."); *Pamlab, L.L.C. v. Brookstone Pharmaceuticals, L.L.C.*, No. CV 09-7434, 2010 WL 11541806, at *2 (E.D. La. Feb. 19, 2010) ("[I]f and/or when plaintiff obtains a judgment against defendant, plaintiffs will have the opportunity to propound discovery under Federal Rule of Civil Procedure 69 as to defendant's financial solvency."). And to be clear, RFP 10 does not, as Relator suggests, seek documents related to "the significant financial relationship between PPFA and the Affiliates." ECF No. 204 at 7. RFP 10 does not even mention PPFA. ECF No. 154-2 at 14. And, as noted above, Affiliate Defendants are in the process of collecting and producing communications with PPFA in response to Relator's Fifth Set of RFPs, which will presumably show the financial relationship, or lack thereof, between the entities.

RFP 11 should be similarly limited to documents related to federal, Texas, or Louisiana Medicaid for the same reasons discussed above.  This is a case about the Affiliate Defendants' alleged knowing failure to repay amounts under Medicaid, not any other state or federal program.[4]

## **CONCLUSION**

For the foregoing reasons, Affiliate Defendants respectfully request that the Court grant Affiliate Defendants' Motion for Clarification.

Dated: October 4, 2022                                     Respectfully submitted,

                                                                        ARNOLD & PORTER KAYE SCHOLER LLP

                                                                        By:    *s/ Tirzah S. Lollar*
                                                                                Craig D. Margolis
                                                                                Craig.Margolis@arnoldporter.com
                                                                                Tirzah S. Lollar
                                                                                Tirzah.Lollar@arnoldporter.com
                                                                                Christian Sheehan
                                                                                Christian.Sheehan@arnoldporter.com
                                                                                Emily Reeder-Ricchetti
                                                                                Emily.Reeder-Ricchetti@arnoldporter.com
                                                                                Megan Pieper
                                                                                Megan.Pieper@arnoldporter.com
                                                                                Alyssa Gerstner
                                                                                Alyssa.Gerstner@arnoldporter.com
                                                                                601 Massachusetts Ave, NW
                                                                                Washington, DC 20001-3743
                                                                                Telephone: +1 202.942.6127
                                                                                Fax: +1 202.942.5999

---

[4] Presumably, Relator cited this article (ECF No. 204 at 7 n.1) to suggest that Affiliate Defendants improperly failed to repay loans under the Payroll Protection Program ("PPP") (ECF No. 204 at 7 n.1).  But even if true, documents related to this issue would not be responsive to RFP 11, which seeks documents "concerning each payment [each Affiliate Defendant] received from any state or federal program . . . that [each Affiliate Defendant] returned or refunded to the state or federal government at any time."  ECF 154-2 at 14.  Moreover, discovery into other federal and state programs would merely be a fishing expedition for information unrelated to the claims Relator has actually pleaded, which as Relator has made abundantly clear, focus on Texas and Louisiana Medicaid.

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County,
and Planned Parenthood San Antonio*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

9