IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD FEDERATION | § | |
| OF AMERICA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Affiliate Defendants' Motion for Clarification of the Court's September 20, 2022 Order ("Motion") (ECF No. 200), filed on September 30, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On September 20, 2022, the Court granted Relator's Third Motion to Compel and ordered Affiliate Defendants "to provide full and complete responses to Relator's First" Requests for Production ("RFP"). ECF No. 184 at 8 ("Order"). Affiliate Defendants now seek to clarify the Order: that Relator's Third Motion "is granted only as to the requests discussed in Relator's Third Motion to Compel and analyzed in the Court's Order, and that the Order (1) requires Affiliate Defendants to . . . produce documents relevant to [RFPs 1–9] by searching the emails of custodians determined by Affiliate Defendants

to likely have documents related to Medicaid, but does not require that Affiliate Defendants collect and search all available ESI of every employee during the 2010 through 2022 period; (2) does not require Affiliate Defendants to produce documents responsive to RFP 10; and (3) does not require Affiliate Defendants to produce documents responsive to RFP 11 that does not relate to federal, Texas, or Louisiana Medicaid." ECF No. 200 at 2. Affiliate Defendants also filed a motion to expedite briefing of the Motion, which Relator did not oppose. *See* ECF Nos. 202, 203. But since parties have already completed their briefing, the motion to expedite is now moot.

LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

ANALYSIS

**A. The Court's Order Applies to RFPs 10 and 11**

Relator's Third Motion to Compel requested the Court to compel Affiliate Defendants "to provide full and complete responses" to Relator's First RFP. ECF No. 154 at 8; *see also* ECF No. 204 at 2 ("Relator moved to compel responses to *all* of Relator's First [RFP], which includes RFPs 10 and 11 . . ."). The Court granted the motion after finding Relator's requests were relevant and proportional, and Affiliate Defendants' productions were deficient. *See generally* ECF No. 184.

But neither Relator's motion nor the Order specifically referenced RFPs 10 or 11. Likewise, Affiliate Defendant's response did not offer any argument as to RFPs 10 and 11 except that Relator's requests were untimely — an argument the Court rejected. *See* ECF Nos. 177 at 12–13, 184 at 4 n.1, 204 at 6. The requests are as follows:

- Request 10 seeks "All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document concerning Defendants' assets, liabilities, income, expenses, loan, debt, credit facilities, or financial position."

- Request 11 demands "All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time."

ECF No. 154-1 at 11–12. Relator contends Affiliate Defendants' responses to RFP 10 are relevant "to show the significant financial relationship between PPFA and the Affiliates." ECF No. 204 at 7 (citing ECF No. 180 at 7). Similarly, Affiliate Defendants' responses to RFP 11 are relevant to show Affiliate Defendants' "knowledge of their obligation to repay government money they are not entitled to." *Id.* Affiliate Defendants argue (1) because RFPs 1–9 seek documents "expressly related to Texas and Louisiana Medicaid," and (2) the Court determined such documents are "probative of every issue in this case," (3) the fact that RFPs 10 and 11 are "non-Medicaid requests" means (4) Affiliate Defendants are not required to produce documents responsive those requests. *See* ECF Nos. 201 at 6, 184 at 6, 201 at 9.

The Court has held documents and communications concerning Defendants' knowledge of their obligations to repay the government and "the significant financial relationship" between PPFA and Affiliate Defendants are "likely to lead to admissible evidence that may be used at trial." ECF No. 153 at 3–4. The Court thus agrees with Relator: "there is no reason to believe that the

Court's Order somehow excused [Affiliate Defendants] from responding to RFP 10 or providing information regarding funds received in other government programs aside from Texas and Louisiana Medicaid in response to RFP 11." ECF No. 204 at 7. Accordingly, the Order applies to RFPs 10 and 11.

### B. The Order Does Not Necessarily Require Affiliate Defendants to Collect All Available ESI of Every Employee During the 2010–2022 Period

"To make [a] showing of a specific or material deficiency in the other party's production to require the responding party to engage in additional searches or discovery efforts," the requesting party "should make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed or must point to the existence of additional responsive material." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (internal marks omitted). Affiliate Defendants contend they have made good faith attempts to comply with the Court's Order. ECF No. 201 at 10–15. Specifically, Affiliate Defendants:

- Ran a search for "Medicaid" in the data of 9 custodians whose data was already loaded and began running searches reviewing the "hits" plus their family members for confidentiality and privilege;

- Produced over 13,000 documents from the "Medicaid" search on October 3;

- Identified and collected emails for 19 additional custodians determined to most likely have documents related to Texas or Louisiana Medicaid;

- Continue to work "with all deliberate speed" to produce all documents, plus family members, that hit on the term "Medicaid" from the now 28 custodians; and

- Currently anticipate making "another significant production" by October 7 and are working to complete the entire "Medicaid" production by the end of the month.

4

ECF No. 207 at 3–4. Relator argues the Court "already rejected" Affiliate Defendants' argument by finding Affiliate Defendants' production was inadequate. ECF No. 204 at 8. But the Court "has yet to rule on whether Affiliate Defendants' post-September 20 Order comprehensive measures are sufficient to comply with that Order." ECF No. 207 at 2. And Relator has made no showing such measures are insufficient. Rather, Relator asserts there "should be no limitation" on Affiliate Defendants' obligation to fully comply with the Order. ECF No. 204 at 8.

The Court did not hold Affiliate Defendants are necessarily required to produce every document or communication from every individual or database associated with Affiliate Defendants during the 2010 to 2022 period which contains the word "Medicaid." Rather, the Court held that a production of "only 1,292 documents . . . for a nearly twelve-year time period" in contrast to PPFA's production of approximately 75,000 documents allowed the Court to make "a reasonable deduction that other documents may exist." ECF No. 184 at 5 (quoting *VeroBlue*, 2021 WL 5176839, at *9). But the Court will defer on ruling whether Affiliate Defendants have complied with the Order. If Relator believes Affiliate Defendants' compliance with the Order is inadequate, Relator may seek sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). Whether Affiliate Defendants have obeyed the Order will depend on the extent of their completed production and Relator's ability to make a showing of material deficiency.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion **IN PART**.

**SO ORDERED.**

October 11, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE