IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Planned Parenthood Federation of America, Inc.'s ("PPFA") Motion for Protective Order and for Clarification ("Motion") (ECF No. 157), filed on August 31, 2022. Having considered the parties' briefing and applicable law, the Court **DENIES** the Motion.

**BACKGROUND**

Following parties' joint motion, this Court entered a Protective Order on July 25, 2022. ECF No. 133. PPFA began its rolling production on August 1, 2022, and completed its third production on August 8, 2022. ECF No. 188 at 3. On August 17, 2022, Relator objected to: (1) any documents designated "Confidential" that do not contain Protected Health Information ("PHI"); and (2) any documents designated Attorney Eyes Only ("AEO") that do not contain Personal Identification Information ("PII") as listed in examples 1–6 of the Protective Order. ECF No. 157 at 2. PPFA asked Relator to identify any documents believed to be inappropriately designated so PPFA could review those documents and address any concerns. *Id.* at 3. Relator instead asked PPFA to provide the basis for its designations. ECF No. 157-1 at 2. PPFA filed this Motion on August 31, 2022. ECF No. 157 at 1.

Relator made similar objections to PPFA's fourth and fifth productions on August 30, 2022. ECF No. 174 at 2. PPFA filed its Second Motion for Protective Order ("Second Motion") on September 13, 2022. *Id.* at 1. Subject to Court Order, PPFA produced more documents on September 9, 2022. *See* ECF Nos. 188 at 6, 153 at 6. On September 13, 2022, Relator again objected to PPFA's AEO and Confidential designations. ECF No. 188. PPFA filed its Emergency Motion for Protective Order, Expedited Briefing, and Stay of Deadline to Move to Preserve Confidentiality on September 21, 2022. ECF No. 188. And PPFA filed its Third Motion for Protective Order ("Third Motion") on September 27, 2022. ECF No. 195. The Court denied PPFA's request to stay the deadline. *See* ECF No. 193. However — due to the overlapping issues in all three motions — the Court allowed parties to expedite briefing on PPFA's Second and Third Motions. *Id.* This was to allow the Court to consider all relevant briefings before issuing this Order and to ensure the Court's Second Amended Scheduling Order is not disrupted. *See* ECF No. 192. Thus, the Court seeks to either resolve all issues related to the Protective Order in this Order or at least clarify the Protective Order so parties can resolve issues without the Court's assistance going forward.

**LEGAL STANDARD**

"Because the [Protective] Order was part of a court-approved agreement, it must be construed according to general principles of contract law." *City of Hartford v. Chase*, 942 F.2d 130, 134 (2d Cir. 1991) (citing *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975)). "An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (quoting *Paine v. City of Chicago*, No. 06C3173, 2006 WL 3065515, at *2

(N.D. Ill. Oct. 26, 2006)). "Analysis begins with the plain language of the Protective Order[], and the textual interpretation of a court order is ultimately a legal question." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (internal marks omitted).

Paragraph 2 of the Protective Order governs what information or documents may be designated "Confidential Information" or AEO. "Confidential Information" means:

> [T]he document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ('HIPAA').

ECF No. 133 at 2. AEO means:

> [T]he document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information and Personal Identification Information, which includes: (1) social security numbers of Relator, Planned Parenthood staff, or State employees; (2) any financial account numbers of Relator, Planned Parenthood and/or its staff, and the State and/or its employees; (3) birthdates of Relator, Planned Parenthood staff, or State employees; (4) drivers' license numbers of Relator, Planned Parenthood staff, or State employees; (5) home addresses of Relator, Planned Parenthood staff, or State employees; (6) personal email addresses of Relator, Planned Parenthood staff, or State employees; and (7) the names of non-publicly identified Planned Parenthood employees.

*Id.* Paragraph 7 of the Protective Order outlines the procedure for challenging and preserving the above-identified designations and provides that:

> A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The parties shall promptly meet and confer and attempt in good faith to dispose of such dispute in accordance with Local Rule 7.1(a). If the parties are unable to reach an agreement through the meet and confer process, the producing party shall be required to move the court for an order preserving the designated status of the disputed information. Failure to file a motion with the Court within fourteen (14) days of the written objection shall terminate

any restrictions and nullify any designation of "Confidential Information" or "Confidential Attorney Eyes Only Information" on the use of such information.

*Id.* at 5. Paragraph 8 of the Protective Order allocates the burden and prohibits abuse of the process or using designations in a prophylactic manner:

> The party that designated the information "Confidential Information" or "Confidential Attorney Eyes Only Information," shall have the burden of demonstrating the propriety of its designation. If the Court should find that a litigant and/or its counsel have unfairly and without reasonable justification abused the process of designated materials or testimony as "Confidential" or has used such designation in a purely prophylactic manner, the Court may hold some or all such designations as having been waived.

*Id.* at 6.

**ANALYSIS**

**A. Relator's Blanket Challenges to PPFA's Designations Are Justified**

PPFA contends "the Protective Order's plain text requires" that "Relator (and every other party) must target *specific* designated documents to properly raise a designation objection and trigger the procedural mechanisms under the Protective Order." ECF No. 157 at 11 (emphasis added). PPFA argues the Protective Order "plainly provides for a document-specific approach to designation challenges" and "does not permit parties to blanketly challenge a producing party's use of designations." ECF No. 188 at 14. Relator objects to PPFA's "blanket" and "prophylactic designations" and argues "the Protective Order clearly places the burden on the designating party" to demonstrate the propriety of its designation. ECF No 189 at 2–3. Relator further characterizes PPFA's designations as "blatantly abusive" and "overbroad" and argues all such designations are waived under Paragraph 8 of the Protective Order. *Id.* at 8–9.

The case law "supports the view that the general rule requires a targeted challenge, not a blanket demand to review all documents produced and designated." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *8 (S.D. Fla. Sept. 4, 2013) (citing *Giddy Up, LLC v.*

*Prism Graphics, Inc.*, No. 3–06–CV–0948, 2007 WL 2460646, at *2 (N.D. Tex. Aug. 29, 2007)); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122–23 (3d Cir. 1986); *F.D.I.C. v. Cuttle*, No. 11-CV-13442, 2013 WL 878773, at *4 (E.D. Mich. Mar. 8, 2013). Courts have interpreted provisions like Paragraph 7, *e.g.* — that parties first attempt to resolve "such" challenges in "good faith" — to refer to specific documents. *Id.* at 7. "Otherwise, there is no practical way for the parties to have a meaningful dialogue, as required, about the propriety of the designations." *Id.* (internal marks omitted). Under this general rule, PPFA argues "the mere number or proportion of designated documents in a production is not determinative of bad faith or improper designations." ECF No. 188 at 11. In *Procaps* — for example — the court found that designating 35% of the documents did not justify a blanket challenge. *Id.* at 8.

PPFA's argument is grossly overstated. *Procaps* also explains an exception to the general rule: "if the challenging party demonstrates that the producing/designating party did not act in good faith, then it has grounds to assert a broad, blanket request to re-review and re-designation." *Id.* (citing *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598 (D. Kan. 2008)). Courts often find the number or proportion of designating documents to be the dominant factor in determining a lack of good faith by the producing party. For example, in *Paradigm Alliance*, the producing party's designation of 80% of documents as AEO justified the challenging party's blanket challenge and an order requiring a log to explain the designation for each document. *See* 248 F.R.D. at 605; *Storagecraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 6988819, at *3 (D. Utah Nov. 29, 2016) (designating 92% of discovery as AEO is improper); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *9 (S.D. Fla. July 20, 2015) ("a 95% highly confidential, AEO designation rate is problematic and questionable (or 'absurd') on its face"); *Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-

MJW, 2014 WL 6886923, at *5 (D. Colo. Dec. 5, 2014) (ordering defendants to re-review and re-designate their productions of documents because a 90% designation rate is "an absurd number"); *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 318 (D.D.C. 2006) (ordering removal of designations from all documents produced and relabeling in good faith where 99% of production was designated confidential); *THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (79% of documents designated as AEO was "absurdly high").[1]

In this case, PPFA designated 96% of its first four volumes of production as Confidential. ECF No. 189 at 2. To date, PPFA has produced a total of 77,876 documents. *Id.* at 3. PPFA has designated 56,425 of those documents as AEO, whereas it designated 10,810 documents as Confidential. *Id.* Therefore, 86% of PPFA's entire production to date cannot be viewed by the parties to this case. And cited authorities thus suggest PPFA's designations were not made in good faith. PPFA's "indiscriminate designation of documents . . . should not lead to the 'result of improperly shifting the cost of review of confidentiality'" to Relator. *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *7 (quoting *Del Campo*, 2007 WL 3306496, at *4).

---

[1] *See also PPD Enterprises, LLC v. Stryker Corp.*, No. CV H-16-0507, 2017 WL 3264001, at *1 (S.D. Tex. June 13, 2017), *clarified on denial of reconsideration*, No. CV H-16-0507, 2017 WL 3263469 (S.D. Tex. June 27, 2017) ("a blanket confidentiality designation is, by itself, *prima facie* evidence of bad faith"); *United States ex rel. Univ. Loft Co. v. AGS Enters., Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9461752, at *3 (W.D. Tex. Aug. 4, 2016) (ordering defendants to review the 90,000 pages of documents they produced and re-designate each page's level of restriction and serve on plaintiff itemized log); *Broadspring, Inc. v. Congoo, LLC*, No. 13–CV–1866 (JMF), 2014 WL 4100615, at *20–21 (S.D.N.Y. Aug. 20, 2014) (ordering Rule 37 sanctions and redesignation and reproduction of improperly designated documents); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151JWPVT, 2007 WL 3306496, at *4 (N.D. Cal. Nov. 6, 2007) (producing party's "massive overdesignation of documents warrants sanctions"); *Defazio v. Hollister, Inc.*, No. CIV S-04-1358DFL GGH, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) (warning defendants that sanctions may be imposed for unreasonable over-designation of confidential information); *Humphreys v. Regents of Univ. of Cal.*, No. C-04-03808 SI (EDL), 2006 WL 3302444, at *2 (N.D. Cal. Nov. 14, 2006) ("Defendants' overdesignation of documents as confidential needlessly caused extensive litigation that was extremely time-consuming and burdensome for the parties and for the Court."); *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, No. CIV.A. 02-12102-RWZ, 2003 WL 21975102, at *1 (D. Mass. Aug. 19, 2003) ("Since defendant abused . . . the Protective Order, the burden is properly on defendant to fix the problem . . ."); *Quotron Systems, Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (imposing short deadline for producing party to reclassify its document production after concluding the party "as a litigation tactic and not due to inadvertence, overstamped documents 'Highly Confidential'").

Under Paragraph 8 of the Protective Order, the Court would be justified in holding "some or all such designations as having been waived" — a term agreed to by all parties. *See* ECF Nos. 133 at 6, 129-1 at 7. But the Court need not go that far. Consistent with this line of authority, the Court finds it more appropriate to allow PPFA to review and re-label its designations. Accordingly — unless the parties agree otherwise — PPFA must review the documents it has produced to Relator **on or before November 4, 2022**. PPFA must re-designate each document's level of restriction per the classifications specified in the Protective Order by the same date. PPFA must also serve on Relator an itemized log that specifically identifies any document/page that continues to be classified as AEO or Confidential after the review and provides an explanation for such designations. PPFA should consider the Court's clarifications of the Protective Order set forth below.

### B. Confidential-AEO Designations Must Be Used Sparingly

"[P]laintiffs should not be put in a position where they are essentially kept in the dark about the important facts of the case." *Defazio*, 2007 WL 2580633 at *2. A party may be bound by litigation only if the party has had a full and fair opportunity to litigate the claim or issue. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480–81 (1982). A "full and fair opportunity" to litigate includes an "opportunity to be heard." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (internal marks omitted). An "opportunity to be heard" includes "a chance to present . . . evidence and arguments on the claim." *Blonder–Tongue Laby's, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). "Restrictions on a litigant's access to information that may constitute or lead to evidence and arguments may severely hamper the litigant's participation." *Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at *3 (D. Utah Feb. 18, 2009). PPFA's request to keep information thus implicates Relator's due process rights.

A Confidential or AEO designation "is a drastic remedy given its impact on the party entitled to the information." *Ragland v. Blue Cross Blue Shield of N. Dakota*, No. 1:12-CV-080, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013). Overuse makes it "difficult, and perhaps impossible for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client." *Dorchen/Martin Assoc., Inc. v. Brook of Cheboygan*, No. 11-10561, 2012 WL 1936415, at *1 (E.D. Mich. May 29, 2012) (quoting *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08–CV–548, 2009 WL 311125 (W.D. Mich. Feb. 9, 2009)). The Court thus reminds parties such designations are "meant to be a rarity, reserved for only the most sensitive information, that properly worthy of segregation in the midst of the normal free flow of relevant discovery." *Acuity Brands Lighting, Inc. v. Bickley*, No. 5:13-CV-366-DLB-REW, 2015 WL 12976102, at *4 (E.D. Ky. Sept. 4, 2015). Confidential or AEO designations "must be used sparingly and only when truly necessary because it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions." *Election Sys. & Software, LLC v. RBM Consulting, LLC*, No. 8:11CV438, 2015 WL 1321440, at *5 (D. Neb. Mar. 24, 2015) (internal marks omitted).

With these general principles in mind, the Court seeks to further clarify the Protective Order. PPFA states its AEO-designated documents include the following categories: (1) highly sensitive strategic, programmatic, or financial information; (2) internal market and financial information; and (3) proprietary fundraising strategy. EC No. 157 at 6–7. PPFA states its Confidential-designated documents include: (1) strategic programming information; (2) safety and security information; (3) sensitive business relationships; and (4) miscellaneous sensitive documents. *Id.* at 8–9. All categories at least partly justify their designations because the information is not released to the public. *See, e.g., id.* at 9 ("This is not information that PPFA or

its Affiliates release to the public in the regular course of business."); ECF No. 174 at 5 ("Documents designated as AEO includes documents not shared with the public, as well as certain information which is not known by or routinely shared with PPFA Affiliates.").

But the fact that the information is not publicly disclosed does not — without more — justify an AEO or Confidential designation under the Protective Order. The AEO designation refers to "trade secret information" that is "especially sensitive." ECF No. 133 at 2. Likewise, the Confidential designation does not protect all information "that is not publicly known," but rather "trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor." *Id.* The Court doubts so much of PPFA's production could qualify as "trade secrets." And in any case, Plaintiffs do not compete with PPFA or its Affiliates, "so it is unclear how hiding these documents from the parties in the litigation under an AEO designation would protect PPFA in this regard." ECF No 189 at 11 n.3 (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO(DMR), 2018 WL 2441518, at *26 (N.D. Cal. May 31, 2018)); *see also Quotron*, 141 F.R.D. at 40–41. The Court agrees with Relator: "publicly available news articles," "general announcements," "eight-year-old Affiliate financial reports," "grant agreements between PPFA and Affiliates," "services provided," and documents containing "only business cell phones that employees include as part of their email signature blocks"[2] are not worthy of AEO-designation under the Protective Order.[3] ECF Nos. 198 at 18–19, 189 at 12–13. PPFA similarly justifies its designations because disclosure "could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors." ECF No. 157

---

[2] PPFA argues "the fact that an employee uses and shares her personal cell phone number in conducting her job duties makes it no less 'personal.'" ECF No. 208 at 13. The Protective Order does not mention cell phones at all. The Court agrees the Protective Order can plausibly be read to include personal cell phone numbers. However, the Court cannot accept such information is "especially sensitive" when included in email signature blocks. And parties must remember AEO designations "must be used sparingly and only when truly necessary." *Election Sys.*, 2015 WL 1321440. At *5.

[3] PPFA admits mistakes have occurred and that such documents should be downgraded. *See* ECF No. 208 at 5.

at 6–9. But PPFA "must describe the alleged harm it will suffer from any disclosure 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *6 (quoting *Penn, LLC v. Prosper Bus. Devel. Corp.*, No. 2:10–CV–0993, 2012 WL 5948363 (S.D. Ohio Nov. 28, 2012)); *see also Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *Broadspring*, 2014 WL 4100615, at *21; *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986). To the extent PPFA's re-designations are made in good faith, Relator must target specific documents when making objections.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion. Because PPFA's Second and Third Motions were argued on the same grounds, those motions are also **DENIED**. The Court **ORDERS** PPFA to re-designate each document's level of restriction per the classifications specified in the Protective Order and further clarified by this Order **on or before November 4, 2022**. PPFA must also provide Relator an itemized log that specifically identifies any document/page that continues to be classified as AEO or Confidential after the review and provides an explanation for such designations. "Where appropriate, [PPFA] may consolidate its explanations." *Paradigm Alliance*, 248 F.R.D. at 605.

**SO ORDERED.**

October 11, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE