

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | 2:21-CV-022-Z |
| § | |
| PLANNED PARENTHOOD § | |
| FEDERATION OF AMERICA, *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

Before this Court is Relator's Second Motion to Compel Discovery Responses ("Motion") (ECF No. 150), filed on August 23, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On June 16, 2022, Relator served PPFA with Relator's Third Requests for Production ("RFP"). ECF No. 150 at 3. And on July 7, 2022, Relator served PPFA with Relator's Fourth RFP. *Id.* Relator now moves to compel Defendants to comply with the discovery requests and to pay Relator's reasonable expenses incurred in making the Motion, including attorney's fees. *Id.* at 4–5.

LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). If a motion to compel is granted or responses are provided after filing of said motion, a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii), (iii).

ANALYSIS

**A. Relator's Motion is Not Untimely**

PPFA first argues the Motion is untimely. ECF No. 176 at 11. This is because Relator did not file the Motion within 15 days after the response at issue was served per the Amended

Scheduling Order. *Id.* The Court previously addressed the same argument raised by Affiliate Defendants regarding Relator's Third Motion to Compel. *See* ECF No. 184 at 3–4. The Court found the motion was not untimely because, *inter alia*, the deadline for completion of discovery had not closed. *Id.* The same circumstances apply concerning this Motion. Accordingly, the Court finds the Motion is not untimely.

### B. Relator's Requests Are Relevant

Generally, the scope of discovery is broad, and a discovery request is relevant "when the request seeks admissible evidence or is reasonably calculated to the discovery of admissible evidence." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (internal marks omitted). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.* (internal marks omitted).

Relator's requests fall into three categories: (1) PPFA's organizational charts; (2) Defendants' policies, practices, training, oversight, audits, and compliance with Medicaid rules and regulations concerning healthcare fraud; and (3) Defendants' plans to increase Medicaid services or Medicaid volume. ECF No. 150 at 5–8. Relator argues the organizational charts will enable Relator to "identify the names and job positions of current and former employees of PPFA who may have knowledge or information relevant to the claims and defenses in this lawsuit, as well as each of the divisions of PPFA." *Id.* at 6. The second category goes "straight to the heart of Relator's claims . . . because those claims allege violations of state and federal rules and regulations concerning payments under Medicaid, Texas Medicaid, and Louisiana Medicaid." *Id.* at 7. Likewise, the requested documents may show Defendants' "compliance, knowledge, training, and oversight of potential health care fraud and or/violations of the fraud provisions of the relevant Medicaid, Texas Medicaid, and Louisiana Medicaid rules and regulations." *Id.* Additionally, the requested documents are "directly relevant" to Defendants' scienter defense. *Id.* Relator argues the third category of requests are relevant because they may show Defendants' "plans to obtain additional Medicaid funds and/or increase Medicaid services and Medicaid revenues in Texas and Louisiana" and to show the extent of oversight and knowledge PPFA has over Affiliate Defendants. *Id.*

PPFA's only relevancy argument relates to the organization charts. Relator requested PPFA to produce all organization charts for PPFA from January 1, 2015, to the present. *Id.* at 5. PPFA insists these charts "would have vanishingly little or no relevance to Relator's claims." ECF No. 176 at 12. This is because "Relator does not need every organization chart for the past seven years to identify potential witnesses." *Id.* But PPFA's assertion that Relator "could more efficiently

4

seek identification of potential deponents" through other means does not render Relator's requests irrelevant. *Id.* Accordingly, Relator has met its burden for Rule 26(b)(1) relevancy requirement.

### C. Relator's Requests are Proportional to the Needs of the Case

A party seeking to resist discovery on proportionality grounds "still bears the burden of making a specific objection and showing that the discovery calculation mandated by Rule 26(b) by coming forward with specific information to address — insofar as that information is available to it — the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). "A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citation omitted). "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (citation omitted). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Here, PPFA argues Relator's request for organizational charts is "extremely overbroad on its face." ECF No 176 at 11. PPFA also objects to RFP Nos. 1, 2, 4, 6, and 7 from Relator's Fourth RFPs. *Id.* at 5–7. PPFA asserts each request is "overly broad and unduly burdensome because it purports to seek the production of all documents and communications over a 12-year period without regard to whether such documents and communications relate in any way to the parties' claims and defenses in this case." *Id.* But the Court already held Relator's requests covering twelve years were proportional to the needs of the case. ECF No. 153 at 5. This is because "Relator

reasonably limited the scope of discovery to the period alleged in Relator's Complaint, the parties to this lawsuit, the Texas and Louisiana Medicaid programs, and the allegations regarding PPFA's control and oversight." *Id.* Although PPFA COO Vickie Barrow-Klein provided sworn testimony that PPFA would "need to collect and search dozens of custodians' files," the Court does not find this effort would be *unduly* burdensome. *See* ECF No. 177-3 at 4 ("It takes approximately an hour, on average, to collect a single . . . custodian's entire custodial email file, depending on size."). Accordingly, Rule 26(b)(1)'s proportionality requirement is met.

### D. The Court Does Not Compel PPFA to Produce Documents It Does Not Have

Fourth RFP Nos. 1, 2, and 4 seek documents and communications related to PPFA's policies, procedures, audits, and training for preventing healthcare fraud and abuse. ECF No. 150-3 at 11. RFP No. 6 seeks documents and communications related to a "Health Care Compliance Program" and a "Health Care Compliance Officer." *Id.* PPFA avers it does not maintain a "Health Care Compliance Program" or have a "Health Care Compliance Officer."[1] ECF No. 176 at 13; *see also* ECF No. 176-1 at 3 ("PPFA does not maintain policies or procedures regarding the prevention, detection, or reporting of healthcare fraud and abuse by PPFA, because PPFA does not provide healthcare or receive Medicaid reimbursements."). Thus, PPFA contends it should not be compelled to produce documents that it does not have. *Id.* Relator did not file a reply.

The Court agrees that "[a] party or non-party 'cannot produce what it does not have.'" *ORIX USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (internal marks omitted). Accordingly, the Court does not compel PPFA to produce documents responsive to these requests.

---

[1] The Court assumes PPFA is candid in stating it has no such program or officer. But PPFA would not need to maintain a program or position with titles *identical* to those provided by Relator to trigger its obligation to produce responsive documents.

### E. Relator's Fourth RFP No. 7 is Moot

PPFA contends the Court should deny the Motion as to Fourth RFP No. 7, which seeks "[a]ll documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, or Louisiana Medicaid." *See* ECF Nos. 176 at 13, 150-3 at 11–12. PPFA argues this request is moot because PPFA has already committed to producing relevant documents. ECF No. 176 at 13. Likewise, PPFA argues this request is effectively mooted by this Court's Order on Relator's Motion to Compel ("Order") (ECF No. 153) by ordering PPFA to broadly produce documents related to Texas and Louisiana Medicaid. The Court agrees but reminds PPFA of its obligations under the Order.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Relator's Motion **IN PART**. Accordingly, PPFA must produce documents responsive to Relator's Third RFP No. 1. Because the Court has denied in part the Motion, the Court determines — under Federal Rules of Civil Procedure 37(a)(5)(C) and 26(c)(3) — the parties will bear their own expenses in connection with PPFA's Motion. *See Veroblue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2022 WL 1644442, at *23 (N.D. Tex. May 23, 2022).

**SO ORDERED.**

October 11, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE