IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    October 17, 2022 |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>    Plaintiffs,<br>v. | § § § § § § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § | |

**DEFENDANTS' EMERGENCY MOTION TO
RECONSIDER BRIEFING SCHEDULE OR, IN THE ALTERNATIVE,
REQUEST TO SUMMARILY DENY RELATOR'S MOTION
<u>FOR FAILURE TO MEET & CONFER</u>**

Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants"), and Planned Parenthood Federation of America ("PPFA") (collectively, with Affiliate Defendants, "Defendants") oppose Relator's request filed less than one business day ago for expedited briefing regarding Relator's Motion to Compel Production and Appointment of Forensic Examiner and for Expedited Consideration, Dkt. 220

("the Motion").[1]  Accordingly, Defendants request that this Court reconsider the briefing schedule set forth in its Order, Dkt. 223, entered before Defendants had an opportunity to respond to the request to expedite, and reset the briefing schedule to follow the ordinary schedule permitted under the local rules.  Alternatively, if the Court is inclined to expedite briefing at all, Defendants request that they be permitted to file their opposition on November 1, 2022, and Relator to file their reply, if any, on November 8, 2022.

## BACKGROUND

On the afternoon of October 14, 2022, Relator sent an email to Defendants stating that, later that day, they planned to file a motion to compel and for appointment of a forensic examiner. Defendants responded that this was the first time they were hearing of Relator's intent to seek such relief and that the parties should meet and confer regarding the production Relator was seeking and why Relator believes the appointment of a forensic examiner is necessary before any motion was filed.  Relator responded by pointing to a September 27 meet and confer regarding PPFA's productions and to having "similar" concerns about Affiliates' productions.  Defendants disagreed about the scope of discussion during the September 27 meet and confer and reiterated their request that the parties speak so that Defendants could better understand what Relator is requesting.  A few hours later (but after the close of business), Relator filed the instant Motion asking this Court to compel production and appoint a forensic examiner to conduct a review and examination of Defendants' computer systems and electronic data.  *See* Dkt. 220.  Relator also requested that this Court expedite briefing and permit Defendants only three business days to respond to Relator's

---

[1] Relator did not file a stand-alone motion to expedite.  *See* Dkt. 220.  For the avoidance of doubt, Defendants here respond only to Relator's request that this Court expedite briefing.  As described below, Defendants believe they can respond to Relator's substantive motion by November 1, unless the Court summarily denies Relator's substantive motion.

2

sweeping Motion seeking relief granted in only the rarest of circumstances. *See id.* at 3, 19. Relator offered no authorities or reasoning to support Relator's request that the Court expedite the briefing schedule on such a potentially significant issue. On October 17, 2022, at approximately 1:51pm CDT and before Defendants had an opportunity to respond, this Court then entered an order requiring that Defendants file a response to the Motion on or before October 21, 2022 and that Relator file any reply on or before October 24, 2022. Dkt. 223.

As Affiliate Defendants will explain more fully in their substantive response to the Motion (if the Court does not summarily deny the motion), Relator has *never* raised any of the concerns regarding Affiliates Defendants' production contained in the Motion. *Id.* at 12-14. Nor did Relator ever identify any substantive deficiencies with PPFA's custodians or search terms. To the contrary, when Relator's counsel appeared for the September 27 meet-and-confer, Relator's counsel requested that PPFA identify the custodians and search terms used in its September 9, 2022 production. When PPFA's counsel pointed Relator's counsel to a September 9 letter that identified nearly three weeks earlier the 16 custodians and search terms underlying PPFA's production, Relator's counsel admitted they had not reviewed the information. PPFA's counsel thus left the meet and confer with the understanding that Relator's counsel intended to review that letter and would raise any concerns or alleged deficiencies with PPFA, so that the parties could discuss and attempt to resolve them without Court intervention. Yet, over the next two-and-a-half weeks, PPFA heard nothing further from Relator regarding its custodians or search terms—until Relator sent out of the blue their October 14, 2022 email asking whether Defendants were opposed to Relator's instant Motion.

That nineteen-page Motion is riddled with inaccurate statements that will need to be corrected, and it seeks an extraordinary remedy—appointment of a forensic examiner of Relator's

3

choosing with all costs to be borne by Defendants in circumstances where all Defendants have already incurred enormous costs in recent weeks producing hundreds of thousands of pages of documents—and processing, collecting, reviewing, and logging even more.  Expediting briefing under these circumstances would be inappropriate and highly prejudicial to Defendants.  It would also reward Relator's end-run around this Court's and District's longstanding instruction that parties meet and confer in a good-faith effort to resolve discovery disputes before seeking relief from the Court.

Accordingly, Defendants request that the Court reconsider the schedule ordered in Dkt. 223 and deny Relator's request to expedite briefing.  Defendants alternatively request that this Court summarily deny Relator's Motion, without prejudice to refiling after Relator meets and confers with the Defendants about Relator's concerns about their productions identified for the first time in the Motion, as required by Federal Rule of Civil Procedure 37(a)(1) and the Court's Amended Scheduling Order, Dkt. 192 at 5.

## ARGUMENT

### A.   The Court Should Deny Relator's Request to Expedite

The Court should deny Relator's request to expedite briefing, reconsider its order setting a briefing schedule, and enter a revised order setting the briefing schedule based on the ordinary briefing schedule permitted under the local rules.  Defendants are entitled to a full briefing schedule to develop their response to issues raised in the Motion that Relator has never discussed with Defendants.  Defendants need more than five business days to provide the Court with the full information necessary to decide the important issues raised by Relator's Motion — including information about the tens of thousands of documents that Defendants have produced and

Defendants' ongoing collection and production efforts, as well as a complete discussion of relevant legal authorities.

In addition, Relator's Motion is rife with misinformation. Defendants must respond to contentions that are, in several instances, flat-out wrong—and to do so, Defendants need an opportunity to prepare exhibits and most likely declarations to demonstrate these inaccuracies for the Court. Several of these exhibits, moreover, will likely need to be filed under seal, requiring preparation of a separate motion.

For example, Relator conflates Affiliate Defendants' efforts to respond to Relator's First Set of RFPs from *prior* to the Court's rulings (Dkts. 184, 213) with Affiliate Defendants' ongoing collection and production efforts *after* those rulings. *Compare* Dkt. 202 at 11 (complaining that Affiliate Defendants searched "Medicaid" in combination with certain terms), *with* Dkt. 213 (Affiliate Defendants are searching for "Medicaid" in available data for 28 custodians). Affiliate Defendants will need to correct the record with respect to these efforts, including more than 28,000 documents produced to date[2] and their ongoing work to collect and produce documents in response to Relators *six* different sets of RFPs. Since the parties appear to have different views of the course of discovery, declaration(s) likely will be necessary, which will take a reasonable period of time to prepare. Affiliate Defendants must also address the new concerns raised about their document production that they saw for the first time in the Motion, again, potentially with declarations. This too will take a reasonable period of time. In summary, because Relator's Motion contains many inaccuracies, Affiliate Defendants expect a time-consuming effort to compile information showing the realities of Affiliate Defendants' robust discovery efforts.

---

[2] Significant additional document productions are forthcoming.

PPFA anticipates undertaking similar efforts. The Court did not require PPFA "to produce every document or communication from every individual or database associated with [PPFA] during the 2010 to 2022 period" that contains a particular word. Dkt. 213 at 5. PPFA thus will need to substantiate the efforts it undertook to produce over 87,000 documents, across sixteen custodians, using a broad range of search terms tailored to the *actual* requests for production at issue. PPFA must also correct the record concerning the scope of Relator's discovery requests, including, among other things, (i) why PPFA's search terms were tailored to Louisiana and Texas Medicaid (i.e., because Relator's RFPs—and pleading—target only those states' Medicaid programs), and (ii) PPFA's already existing agreement to produce documents from its intranet (contrary to Relator's assertion, *see* Mot.11) in response to Relator's Sixth Request for Production. PPFA also will need to investigate and address the specific concerns about documents and custodians that Relator raises in the Motion—that PPFA is, again, hearing for the first time. To be sure, Relator has never discussed purported issues with PPFA's selected custodians or asked PPFA to add any additional custodians. All these efforts will take substantial time and expense to investigate and substantiate through declarations and exhibits so that PPFA may be able to respond to the Motion's numerous inaccuracies and Relator's unreasonable approach to addressing common discovery issues that are better addressed and potentially resolved through the meet-and-confer process.

Defendants' ability to quickly respond to the numerous issues raised in the Motion would also be hampered by the fact that they are simultaneously working through Rule 30(b)(6) deposition notices served by the Plaintiffs that each contain over 50 topics, as well as working to schedule and prepare for the 15 depositions noticed by Plaintiffs last week. It would be

fundamentally unfair to require Defendants to respond to Relator's Motion on the unreasonable timeframe Relator seeks even if they were not simultaneously also focused on deposition work.

Further, Relator seeks to subject Defendants to an extraordinary remedy — appointment of a forensic examiner to romp through Defendants' computer systems, to be made available to the proposed examiner a mere nine days from now along with a "detailed report of all on-premises and cloud-based systems, file storage locations and databases, and any other sources of electronic data" and a "Data Map" identifying the same — all at Defendants' expense [Dkt. 220 at 17]. Defendants' counsel are experienced FCA counsel with several dozens of cases between them, and yet they have *never* encountered such a request for appointment of a forensic examiner. That Relator seeks such a drastic remedy, and to then impose what would no doubt be significant expenses on Defendants, provides an additional reason to give Defendants the full 21 days to respond permitted under the Local Rules.

While this Court has at times ordered somewhat expedited briefing, no party has been subject to a five-business-day briefing schedule absent consent from the party filing the opposition on such a quick timeframe. *See* Dkt. 146 (denying expedited briefing on Defendants' motion to transfer); Dkt. 159 (denying three-business-day briefing schedule and setting schedule as proposed by party opposing motion to expedite). Defendants request that this Court decline to impose any expedited briefing schedule. However, if the Court is inclined to expedite briefing at all, Defendants believe they can respond to the substantive motion by November 1, 2022.

### B.   The Court Should Summarily Deny Relator's Motion Without Prejudice

Relator's Motion raises numerous issues that Relator never brought to Defendants' attention in a meet and confer in violation of the Court's scheduling order and Rule 37. *See* Dkt. 192 at 5 (parties must work together in good faith to resolve discovery disputes); Fed. R. Civ. P.

37(a)(1). But the meet and confer "prerequisite is not an empty formality." *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001). And while Relator emailed Defendants to inform Defendants of Relator's intent to file a motion a few hours before Relator filed it, an email cannot suffice, as a "single attempt through email" to resolve a party's discovery concerns "does not satisfy the requirements of Rule 37(a)(1)." *McAllister v. McDermott, Inc.*, No. CV 18-361-SDD-RLB, 2019 WL 6050724, at *2 (M.D. La. Nov. 15, 2019); *see also* Ex. A (October 14, 2022 emails between A. Stephens. D. Ashby, and T. Lollar). This would be the case even if the email laid out all the concerns raised in the subsequent Motion, which it did not. Ex. A.

Defendants were surprised and disappointed by Relator's Motion, the issues raised, the relief sought, and the inaccurate representations about Defendants' discovery efforts. Had Relator properly met and conferred with Defendants, Defendants would have corrected Relator's misunderstandings about the document production efforts to date and considered Relator's questions regarding alleged deficiencies—enabling the parties to try to resolve at least some of Relator's concerns, thereby reducing the issues for the Court to adjudicate. Instead, by rushing to file, Relator's Motion requires Defendants to painstakingly correct the record, and only then on a corrected record, present their arguments against the relief Relator seeks.

For these reasons, Defendants request that this Court summarily deny Relator's Motion in its entirety, without prejudice to Relator's ability to refile, after Relator complies with the Federal Rules' meet-and-confer requirement and the parties have the opportunity to at least narrow their areas of disagreement. *See, e.g.*, *Indorama Ventures Oxides LLC v. M/V Natchez Express*, No. 1:20-CV-00054, 2021 WL 2935299, at *2 (E.D. Tex. Mar. 2, 2021) (denying motion for failure to comply with meet and confer requirement and collecting cases holding the same).

## CONCLUSION

For the foregoing reasons, the Court should deny Relator's request to expedite briefing on Relator's motion seeking forensic examination, reconsider its order setting an expedited briefing schedule, and enter a revised order setting the briefing schedule in accordance with the local rules. Alternatively, this Court should deny in its entirety Relator's Motion, without prejudice, due to Relator's failure to properly meet and confer with Defendants.

Dated:  October 17, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/  Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*


O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.cm
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

        Ryan Patrick Brown
        Texas State Bar No. 24073967
        ryan@ryanbrownattorneyatlaw.com
        1222 S. Fillmore
        Amarillo, TX 79101
        Tel: (806) 372-5711
        Fax: (806) 350-7716

        *Attorneys for Defendant Planned Parenthood*
        *Federation of America, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

_/s/ Tirzah S. Lollar_
Tirzah S. Lollar
