# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

United States of America
*ex rel.* ALEX DOE, Relator,

The State of Texas
*ex rel.* ALEX DOE, Relator,

The State of Louisiana
*ex rel.* ALEX DOE, Relator,
     Plaintiffs,
v.
Planned Parenthood Federation of America, Inc.,
Planned Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc., Planned
Parenthood South Texas, Inc., Planned Parenthood
Cameron County, Inc., Planned Parenthood San
Antonio, Inc.,
     Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

NO. 2:21-CV-22-Z

## DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWERS
## TO RELATOR'S AND TEXAS'S COMPLAINTS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

RELEVANT BACKGROUND ........................................................................................... 3

    I.     The Parties' Pleadings ........................................................................................ 3

    II.    The Scheduling Orders ...................................................................................... 4

    III.   Post-Answer Discovery ..................................................................................... 4

LEGAL STANDARD ......................................................................................................... 6

ARGUMENT ...................................................................................................................... 7

    I.     Good Cause Exists to Modify the Scheduling Order. ........................................ 7

          A.    Sufficient Explanation Exists to Modify the Scheduling Order. ............... 7

          B.    The Requested Amendment Is Important. ................................................ 11

          C.    The Requested Amendment Would Not Prejudice Plaintiffs. .................. 11

          D.    If Necessary, The Court Could Issue A Continuance. ............................. 13

    II.    The Court Should Grant Defendants Leave to Amend. .................................... 13

CONCLUSION ................................................................................................................. 14

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aircraft Holding Sols. v. Learjet, Inc.*,
  No. 3:18-CV-0823-D, 2021 WL 2434840 (N.D. Tex. June 15, 2021) ................................. 2, 12

*Aircraft Holding Sols., LLC v. Learjet, Inc.,*
  No. 3:18-CV-0823-D, 2020 WL 6262183 (N.D. Tex. Oct. 23, 2020) ..................................... 6

*Allied Chem. Corp. v. Mackay*,
  695 F.2d 854 (5th Cir. 1983) ............................................................................................ 12

*Chapa v. Am. Airlines Grp., Inc.*,
  2022 WL 4553186 (S.D. Tex. Sept. 29, 2022) ......................................................................... 12

*Commodity Futures Trading Comm'n v. EOX Holdings L.L.C.*,
  No. CV H-19-2901, 2021 WL 4482145 (S.D. Tex. Sept. 30, 2021) ....................................... 11

*Dennis v. United States*,
  No. 3:16-CV-3148-G, 2017 WL 11496799 (N.D. Tex. Nov. 15, 2017) .................................... 11

*Escort Inc. v. Uniden Am. Corp.*,
  No. 3:18-CV-0161-N, 2019 WL 4246605 (N.D. Tex. Sept. 6, 2019) ................................. 7, 13

*Foman v. Davis*,
  371 U.S. 178 (1962) .......................................................................................................... 14

*In re Am. Housing Found.*,
  543 B.R. 245 (Bankr. N.D. Tex. 2015) ....................................................................................... 8

*John Mezzalingua Assocs. v. PCT Int'l, Inc.*,
  No. SA-05-CV-1002-WRF, 2007 WL 9706401 (W.D. Tex. Apr. 24, 2007) ...................... 3, 13

*Mitchell v. WSG Bay Hills IV, LLC*,
  2013 WL 6502875 (D. Md. Dec. 11, 2013) ............................................................................ 8

*O'Connor v. Cory*,
  No. 3:16-CV-1731-B, 2018 WL 5848860 (N.D. Tex. Nov. 8, 2018) ....................................... 13

*Perry v. Pediatric Inpatient Critical Care Servs.*,
  2022 WL 4456273 (W.D. Tex. Sept. 23, 2022) ....................................................................... 12

*Razmzan v. Wal-Mart Stores, Inc.*,
  No. 4:16CV771-ALM-KPJ, 2017 WL 1654074 (E.D. Tex. Mar. 6, 2017) ............................. 12

*Rivas v. Talavera*,
  No. EP-16-CV-00492-FM, 2017 WL 11236932 (W.D. Tex. Mar. 28, 2017) .................. 11, 13

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*S. Tex. Neon Sign Co. v. Ixtapa, Inc.*,
   No. CV L-08-0116, 2009 WL 10695782 (S.D. Tex. June 29, 2009) ................................ 1, 8, 9

*Sw. Bell Tel. Co. v. City of El Paso*,
   346 F.3d 541 (5th Cir. 2003) ........................................................................................ 7

*West v. United States*,
   2010 WL 4781146 (S.D. Ill. Oct. 25, 2010) ................................................................ 8

*White v. U.S. Corr., L.L.C.*,
   996 F.3d 302 (5th Cir. 2021) ...................................................................................... 2, 10

*Williams v. Santander Consumer USA Holdings Inc.*,
   No. 3:21-CV-3176-D-BH, 2022 WL 3081765 (N.D. Tex. Aug. 2, 2022) ........................ 7, 8

**Statutes**

31 U.S.C. § 3731(b)(2) (FCA) ...................................................................... 1, 2, 8, 10

La. R.S. § 439.1.B. (LMAPIL) .................................................................... 1, 8, 10

Tex. Hum. Res. Code § 36.104 (TMFPA) .................................................. 1, 8, 10

**Other Authorities**

Tex. Const. art. 1, § 13 ................................................................................ 11

**Rules**

Fed. R. Civ. P. 12(a)(4)(A) ......................................................................... 4, 7

Fed. R. Civ. P. 15(a)(2) ............................................................................... 7, 13

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc. (together, the "Providers"), and Planned Parenthood Federation of America, Inc. ("PPFA") (collectively, "Defendants"), move for leave to amend Defendants' (i) May 20, 2022 Answer and Affirmative Defenses (ECF No. 81) to Relator's Complaint (ECF No. 2); and (ii) May 20, 2022 Answer and Affirmative Defenses (ECF No. 80) to Texas's Complaint in Intervention (ECF No. 22).  For the reasons explained below, good cause exists to grant Defendants' request given that (i) the parties' May 13, 2022 deadline for amendments had already expired before Defendants had filed their May 20, 2022 Answers; and (ii) Defendants have since obtained new information through recent discovery that supports the addition of several affirmative defenses.  *See S. Tex. Neon Sign Co. v. Ixtapa, Inc*., No. CV L-08-0116, 2009 WL 10695782, at *1 (S.D. Tex. June 29, 2009) (good cause exists where "the changes were made as a result of new information recently learned through the discovery process").

First, Defendants seek leave to amend to assert affirmative defenses based on the applicable statutes of limitations and statutes of repose.  Relator asserts claims under the federal False Claims Act ("FCA"), the Texas Medicaid Fraud Prevention Act ("TMFPA"), and the Louisiana Medical Assistance Program Integrity Law ("LMAPIL"), which are subject to a statute-of-limitations period that runs at the later of six years after the date on which the violation is committed or three years after facts material to the right of action are known or reasonably should have been known by the government official charged with responsibility to act.  *See* 31 U.S.C. § 3731(b)(2) (FCA); Tex. Hum. Res. Code § 36.104 (TMFPA); La. R.S. § 439.1.B. (LMAPIL).  In addition, a ten-year

statute of repose bars claims that seek to recover for violations that occurred more than ten years prior to the complaint. *See id*. Here, Relator filed the Complaint on February 5, 2021.

Although Relator initially stated that they disclosed the material facts of the case to the Government on the same day the Complaint was filed, Relator has since admitted that they provided those material facts to the Government six years earlier, in 2015. In that case, the three-year limitations period ran in 2018, and Relator can only recover for violations that occurred within six years of the Complaint—*i.e.*, between February 5, 2015 and February 5, 2021. Because the statute of limitations bars claims for any alleged violations that occurred before February 5, 2015, and the statute of repose further bars claims for any alleged violations that occurred before February 5, 2011, Defendants seek leave to amend to add these affirmative defenses.

Second, and as further explained below, Defendants seek leave to add the affirmative defenses first raised in their Rule 12 motions to dismiss—and for which recent discovery has provided further support—regarding: (i) the "public disclosure bar"; (ii) the "government action bar"; and (iii) the "government intervention" bar. Because these defenses were timely raised more than six months ago—and Defendants have already preserved them for summary judgment and trial—Relator cannot possibly claim unfair surprise. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306 n.4 (5th Cir. 2021) (defendant preserved affirmative defense by raising in a Rule 12(b)(6) motion to dismiss); *see also Aircraft Holding Sols. v. Learjet, Inc.*, No. 3:18-CV-0823-D, 2021 WL 2434840, at *7 (N.D. Tex. June 15, 2021) (no prejudice where amendment was "largely consistent with the position defendants take in [prior] briefing").

Third, Defendants seek leave to add an excessive fines defense under the Texas Constitution. Defendants' initial Answers assert excessive fines under the Eighth Amendment of the United States Constitution as affirmative defenses, and Defendants seek only to add an

identical defense under the Texas Constitution in response to Texas's intent to seek over $1 billion in penalties, which was recently revealed during expert discovery.

There is no potential prejudice to Plaintiffs from any of the affirmative defenses Defendants seek leave to add to their Answer. Plaintiffs were on notice of Defendants' intent to pursue each of these defenses to the extent applicable from the filings date, including the discovery requests and motion to dismiss, and none will require any additional discovery. Regardless, the parties still have approximately two months to conduct fact and expert discovery under the current schedule, and trial is not set to begin until April 2023. *See John Mezzalingua Assocs. v. PCT Int'l, Inc.*, No. SA-05-CV-1002-WRF, 2007 WL 9706401, at *3 (W.D. Tex. Apr. 24, 2007) (good cause exists where trial was "almost five months away" and parties had "ample time … to prepare for the affirmative defense").

Given the importance of these affirmative defenses, the disclosure of critical information after the expiration of the deadline to amend the pleadings, and the absence of any prejudice, the Court should find that good cause exists for Defendants to file amended answers.

## RELEVANT BACKGROUND

### I.    The Parties' Pleadings

Relator and Texas filed complaints in this case on February 5, 2021 and January 6, 2022, respectively. The case was unsealed on January 12, 2022, and Defendants were subsequently served with the complaints on January 13, 2022. (ECF Nos. 27-31). Defendants timely moved to dismiss the complaints on February 14, 2022 (ECF Nos. 48, 50), arguing (among other things) that (i) Relator's FCA, TMFPA, and LMAPIL claims were barred under the "public disclosure bar" and the "government action" bar; and (ii) Relator's TMFPA claims were also barred by Texas's intervention in this case. (ECF No. 49). After the Court largely denied Defendants' motions to dismiss on April 29, 2022 (ECF No. 71), Rule 12 required Defendants to answer the complaints

by May 13, 2022, *see* Fed. R. Civ. P. 12(a)(4)(A), but the Court subsequently ordered Defendants to answer the complaints by May 20, 2022.  (ECF No. 78).

On May 20, 2022, Defendants answered the complaints and asserted four affirmative defenses to Plaintiffs' claims and allegations:  (i) failure to state a claim upon which relief can be granted; (ii) failure to plead fraud allegations with particularity; (iii) excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; and (iv) judicial estoppel.  (ECF Nos. 80-81).  Defendants also gave "notice that they may rely upon other applicable affirmative defenses of which they become aware during discovery" and "reserve[d] the right to amend [the answers] to assert any such defenses."  (ECF No. 81).

## II.     The Scheduling Orders

On May 11, 2022, the Court entered a Scheduling Order, requiring that any "amendments of pleadings shall be filed" by May 13, 2022—*i.e.*, the same day that Defendants were required to answer the complaints under Rule 12, and one week before Defendants' court-ordered deadline of May 20, 2022.  (ECF No. 72).  Although the Court later entered an Amended Scheduling Order (ECF No. 123) on July 13, 2022 and Second Amended Scheduling Order (ECF No. 192) on September 21, 2022, the May 13, 2022 "amendment of pleadings" deadline remained unchanged.

## III.    Post-Answer Discovery

In discovery, Defendants sought information concerning Relator's disclosure of material facts to the government to, among other things, determine whether any of the claims are untimely or otherwise barred.[1]  In response, Relator and Texas both refused to produce documents on the

---

[1] *See, e.g.*, Declaration of Megan Whisler ("Whisler Decl."), Ex. 5 (Jun. 3, 2022 PPFA Requests to Relator) at RFP No. 5 (seeking all communications with Texas concerning the claims and allegations asserted in the complaint); *id.*, Ex. 6 (Jun. 3, 2022 PPFA Requests to Texas) at RFP No. 5 (seeking 2013-to-present communications with Relator).

ground that they were protected from disclosure under the attorney-client, common interest, work product, and government investigative privileges.[2]  In addition, Defendants served interrogatories on Relator, to ascertain when Relator began communicating with Texas.[3]  Relator failed to adequately respond to these requests, stating only that it had "disclosed the material facts alleged in Relator's Complaint to the State of Texas on February 5, 2021."[4]

Defendants also sought information relevant to the "public disclosure bar," including the specific facts that Texas purportedly learned from Relator (and of which the State purportedly had no prior knowledge).[5]  Although Relator indicated that Texas would have this information,[6] Texas refused to answer the interrogatory on the grounds that the information is privileged.[7]

On July 20, 2022, PPFA moved to compel Relator and Texas to provide documents and answers in response to the above-mentioned discovery requests.  (ECF Nos. 131 & 132).  In response, Relator agreed to provide supplemental interrogatory responses concerning Relator's communications with Texas.  (ECF No. 140).  On August 15, 2022, Relator disclosed for the first

---

[2] *See id.*, Exs. 8 and 9 (July 5, 2022 Resp. and Objs.).

[3] *See, e.g., id.*, Ex. 3 (Jun. 3, 2022 PPFA Interrogatories to Relator) at No. 6 ("Identify the first date on which the Relator communicated with the State of Texas regarding any of the Affiliate Defendants' submission of claims to Texas Medicaid that You contend were false or fraudulent, and describe, in detail, the Relator's communication with the State of Texas regarding such claims (including without limitation the nature, circumstances, participants, and contents of the communication).").

[4] *See id.*, Ex. 7 (July 5, 2022 Resp. and Objs.) at No. 6.

[5] *See id.*, Ex. 3 (Jun. 3, 2022 Interrogatories to Relator) at No. 12 ("Identify all facts in Texas's Complaint of which You contend the State of Texas did not have knowledge before February 5, 2021, and describe, in detail, why the State of Texas could not have obtained knowledge of those facts before February 5, 2021."); *see also id.*, Ex. 4 (Jun. 3, 2022 Interrogatories to Tx.) at No. 4 ("Identify all facts in Texas's Complaint or the Relator's Complaint that the Relator disclosed to You and of which You did not have knowledge before February 5, 2021.").

[6] *See id.*, Ex. 11 (Aug. 15, 2022 Suppl. Resp. and Objs.) at No. 12 ("This Interrogatory seeks information that is within the knowledge, custody, or control of the State of Texas and calls for speculation regarding how or why another person or party could or could not have obtained knowledge.").

[7] *See id.*, Ex. 10 (July 5, 2022 Resp. and Objs.) at No. 4 ("The State stands on its Objections and Statement of Privileges and will not answer this Interrogatory").

time in the supplemental responses that Relator "provided information and evidence concerning the material facts and allegations ... to the State of Texas beginning in May 2015"[8]—*i.e.*, approximately *six years earlier* than Relator initially claimed.  For its part, and as relevant here, Texas continued to assert privilege over the documents and information that would allow Defendants to further assess whether Texas's TMFPA claim was barred.  (ECF No. 141).  Notably, however, Texas disclosed for the first time on August 10, 2022 that "the TMFPA claims originally brought by Relator that Texas did not include in its Complaint in Intervention are no longer viable," (ECF No. 141), leaving only a TMFPA claim under Texas Human Resources Code § 36.002(12).

The Court ruled on PPFA's motions to compel to Relator and Texas on, respectively, September 1 (ECF No. 162) and September 8 (ECF No. 165).  Certain privilege issues raised by both PPFA and the Affiliate Defendants that are addressed by those rulings are also the subjects of pending motions for reconsideration, filed on September 29 (ECF No. 196) and October 6 (ECF No. 210).

## LEGAL STANDARD

When the deadline for filing a motion for leave to amend the pleadings has expired, the Court must first determine whether "good cause" exists to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4).  *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-CV-0823-D, 2020 WL 6262183, at *4 (N.D. Tex. Oct. 23, 2020); *see also* Second Amended Scheduling Order at 3 ("After the date specified in this paragraph, a party may only amend the pleadings by leave of court upon a showing of good cause.").  "If good cause exists, then the Court determines whether to grant leave under the more liberal standard" in Federal Rule of Civil Procedure 15(a)(2).  *Escort Inc. v. Uniden Am. Corp.*, No. 3:18-CV-0161-N, 2019 WL 4246605,

---

[8] *See id.*, Ex. 11 (Aug. 15, 2022 Suppl. Resp. and Objs.) at No. 6.

at *1 (N.D. Tex. Sept. 6, 2019).  Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## ARGUMENT

**I.**   **Good Cause Exists to Modify the Scheduling Order.**

Courts in the Fifth Circuit analyze four factors in determining whether good cause exists to modify a scheduling order based on "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  Each factor weighs in favor of finding good cause to modify the scheduling order here.

**A.**   Sufficient Explanation Exists to Modify the Scheduling Order.

The reason Defendants did not seek leave to amend prior to the Court-ordered May 13 deadline is simple: the deadline had already expired before Defendants even answered, so Defendants "could not reasonably have met the scheduling deadline" to amend their pleadings. *Williams v. Santander Consumer USA Holdings Inc.*, No. 3:21-CV-3176-D-BH, 2022 WL 3081765, at *2 (N.D. Tex. Aug. 2, 2022).   The Court's Scheduling Order provided that "amendments of pleadings shall be filed" by May 13.  (ECF Nos. 72, 123).  That would have been Defendants' answer deadline under Rule 12, given the Court's April 29 order partially denying Defendants' motions to dismiss.  *See* Fed. R. Civ. P. 12(a)(4)(A).  Defendants could not reasonably have filed and substantively amended their pleadings on the exact same day.  Nor was it even possible for Defendants to do so in this case.  Defendants, with the Court's approval, filed their answers to the complaints on May 20—*i.e.*, one week *after* the May 13 deadline to amend pleadings.  Thus, it was impossible for Defendants to comply with the court-ordered deadline for

pleading amendments, regardless of their "diligence" in pursuing an amendment. *Williams*, 2022 WL 3081765, at *2.

But there is another reason why Defendants should be permitted to amend: Defendants recently obtained critical new information in discovery that provides the factual predicate for asserting additional affirmative defenses to Relator's complaint. *See Ixtapa, Inc.*, 2009 WL 10695782, at *1 (granting leave to amend when "the changes were made as a result of new information recently learned through the discovery process").[9]

        1.    *Statute of Limitations and Statute of Repose.*

Discovery has revealed that Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations or statute of repose. The FCA, TMFPA, and LMAPIL claims are subject to a statute-of-limitations period that runs at the later of six years after the date on which the violation occurred or three years after facts material to the right of action are known or reasonably should have been known by the government official charged with responsibility to act. *See* 31 U.S.C. § 3731(b)(2) (FCA); Tex. Hum. Res. Code § 36.104 (TMFPA); La. R.S. § 439.1.B. (LMAPIL). In addition, a ten-year statute of repose bars claims that seek to recover for violations that occurred more than ten years prior to the complaint. *See id*.

Here, Relator's Complaint alleges that Defendants violated the FCA, TMFPA, and LMAPIL between 2010 and 2020—*i.e.*, the maximum ten-year period permitted by those statutes.

---

[9] Although the statute of repose, public disclosure bar, government action bar, and government intervention bar may not constitute "affirmative defenses" within the meaning of Rule 8 (because they extinguish any right to bring a cause of action), Defendants nevertheless seek leave to affirmatively plead them out of an abundance of caution. *See, e.g.*, *In re Am. Housing Found.*, 543 B.R. 245, 260 (Bankr. N.D. Tex. 2015) ("A defendant should not have to raise an affirmative defense to avoid a claim extinguished by repose."); *West v. United States*, 2010 WL 4781146, at *1 (S.D. Ill. Oct. 25, 2010) ("The Court tends to think that the better-reasoned view is that a statute of repose is not an affirmative defense" because it "extinguish[es] any right to bring a cause of action, regardless of when, or even if, the cause has accrued or injury has resulted."); *Mitchell v. WSG Bay Hills IV, LLC*, 2013 WL 6502875 (D. Md. Dec. 11, 2013) ("'[T]he prevailing rule is that a statute of repose is not an affirmative defense that needs to be pleaded in a defendant's answer to avoid waiver.'" (citation omitted)).

(ECF No. 2 ¶¶ 3, 11).  Although Relator pled that Relator disclosed to the relevant government officials the material facts giving rise to these claims, Relator did not plead when that disclosure was made.  *Id.* ¶ 119.  During discovery, Relator initially stated that Relator disclosed the material facts to the Government on the date they filed the Complaint, February 5, 2021,[10] but Relator has since admitted that they provided those material facts to the Government in 2015.[11]  If this recently disclosed information is true, then the three-year limitations period ran in 2018 (before Relator filed the Complaint,) meaning that Relator only can recover for violations that occurred within six years of the Complaint.

Notwithstanding the allegations in their Complaint, Relator has also sought discovery concerning allegedly fraudulent Medicaid submissions from January 2010 to present, and beyond the 2010-2020 period alleged in the Complaint.[12]  But the federal and state false claims statutes preclude Relator from recovering on any alleged violation that occurred ten years prior to the Complaint.  Defendants objected to Relator's discovery on this ground, and the Court rejected it on the ground that Defendants had not pled a statute-of-limitations defense.  (ECF No. 184 at 4 n.4).[13]

Because the statute of limitations bars claims for any alleged violations that occurred prior to February 5, 2015, and the statute of repose further bars claims for any alleged violations that occurred prior to February 5, 2011, Defendants seek leave to amend to add these affirmative defenses.  *See Ixtapa Inc.,* 2009 WL 10695782, at *1 (finding good cause to amend where "the

---

[10] *See id.*, Ex. 7 (July 5, 2022 Resp. and Objs.) at No. 6.

[11] *See id.*, Ex. 11 (Aug. 15, 2022 Supp. Resp. and Objs.) at No. 6.

[12] *See id.*, Ex. 2 (May 27, 2022 Interrogatories to Defendants); Ex. 1 (May 27, 2022 Requests for Production to Defendants).

[13] Relator cannot have it both ways.  If Relator is permitted to assert claims (and seek discovery) beyond 2020 without amending their complaint, then Defendants must be permitted to assert statute of limitations and statute of repose affirmative defenses for any claims beyond a six and ten year period, respectively.

changes were made as a result of new information recently learned through the discovery process").

2.    *Public Disclosure Bar and Government Action Bar.*

Defendants expressly asserted the public disclosure bar and the government action bar to Relator's claims under the FCA, TMFPA, and LMAPIL in their motions to dismiss.  31 U.S.C. § 3731(b)(2) (FCA); Tex. Hum. Res. Code. § 36.104 (TMFPA); La. R.S. § 439.1.B. (LMAPIL). Even absent amendment, those defenses have been raised and preserved for purposes of summary judgment and trial.  *See* ECF No. 49 (arguing that Relator's FCA claims are "barred by the public disclosure bar"); *see also White*, 996 F.3d at 306 n.4 (Defendant preserved affirmative defense by raising in a Rule 12(b)(6) motion to dismiss).  And Defendants' discovery efforts and arguments have made clear that Defendants are continuing to pursue these defenses.[14]   Defendants nevertheless request leave to expressly identify them as affirmative defenses in their answer to Relator's Complaint.

3.    *Government Intervention Bar.*

Likewise, Defendants raised and preserved the "government intervention bar" to Relator's TMFPA claim through their motions to dismiss and thus should be permitted to plead it in an amended answer.  In addition, Texas has since acknowledged that "the TMFPA claims originally brought by Relator that Texas did not include in its Complaint in Intervention are no longer viable," (ECF No. 141), and thus provides further support to Defendants position that Relator cannot recover on any claims under the TMFPA.

---

[14] *See, e.g.*, Ex. 4 (Jun. 3, 2022 Interrogatories to Texas) at Interrogatory No. 4  ("Identify all facts in Texas's Complaint or the Relator's Complaint that the Relator disclosed to You and of which You did not have knowledge before February 5, 2021.");  (ECF No. 131) at 5, 15; (ECF No. 132) at 5.

4.    *Excessive Fines Under Texas Constitution (TEX. CONST. art. 1, § 13).*

Similarly, Defendants previously raised and asserted the Excessive Fines Clause of the Eighth Amendment to the United States Constitution as an affirmative defense in their initial answers to the complaints.  (ECF Nos. 80-81).  Since then, Texas has served an expert report that purports to seek over $1 billion in penalties under the TMFPA, so Defendants now seek to add a near identical defense under Texas's State Constitution.  *See* TEX. CONST. art. 1, § 13.  That defense is virtually identical to Defendants' Eighth Amendment defense—*e.g.*, whether the imposition of a certain fine is excessive.

B.    The Requested Amendment Is Important.

The affirmative defenses that Defendants seek to add "could be dispositive of the claims asserted."  *Commodity Futures Trading Comm'n v. EOX Holdings L.L.C.*, No. CV H-19-2901, 2021 WL 4482145, at *9 (S.D. Tex. Sept. 30, 2021); *see also Dennis v. United States*, No. 3:16-CV-3148-G, 2017 WL 11496799, at *2 (N.D. Tex. Nov. 15, 2017) (amendment permitted when the affirmative defense "does not appear frivolous but may be an important component of its case").  The public disclosure bar, government action bar, and government intervention bar could preclude Relator's claims entirely, and the excessive fines, statute of limitations, and statute of repose may defeat, or limit liability for, the FCA, TMFPA, and LMAPIL claims.  Thus, "the proposed amendment is important and this factor weighs in favor of granting" leave to amend.  *Rivas v. Talavera*, No. EP-16-CV-00492-FM, 2017 WL 11236932, at *1 (W.D. Tex. Mar. 28, 2017).

C.    The Requested Amendment Would Not Prejudice Plaintiffs.

Plaintiffs would suffer no prejudice from Defendants' requested amendment for at least two reasons.  First, "[t]he relief requested in the instant motion would not 'work a massive change in the nature and direction of the case.'"  *Chapa v. Am. Airlines Grp., Inc*., 2022 WL 4553186, at

*3 (S.D. Tex. Sept. 29, 2022) (citation omitted).  It would simply formalize defenses of which Plaintiffs are already aware—vis-à-vis the motions to dismiss, discovery, and other briefing in this case—and to which they are presumably prepared to respond.  *See Perry v. Pediatric Inpatient Critical Care Servs.*, 2022 WL 4456273, at *10 n.3 (W.D. Tex. Sept. 23, 2022) (concluding that amendment would not prejudice opposing party given that discovery responses put opposing party "on notice" of movant's position).

Defendants directly raised and asserted the "public disclosure," "government action," and "government intervention" bars in their Rule 12 motions to dismiss.  *See Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983) ("[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with Rule 8(c) is not fatal"); *Aircraft Holding Sols.*, 2021 WL 2434840, at *7 (no prejudice where amendment was "largely consistent with the position defendants take in [prior] briefing").  Defendants also raised an "excessive fines" defense under the U.S. Constitution in their initial answers.  (ECF Nos. 80-81).  And Defendants have repeatedly made clear, throughout discovery and their dealings with Plaintiffs, that they would be exploring and, to the extent applicable, asserting the statute of limitations and/or statute of repose.  *See Razmzan v. Wal-Mart Stores, Inc.*, No. 4:16CV771-ALM-KPJ, 2017 WL 1654074, at *3 (E.D. Tex. Mar. 6, 2017) (no prejudice when the defendant raised "the issue at a pragmatically sufficient time").  Plaintiffs have been on notice of those defenses and, in any event, the facts necessary to prove them do not require any new discovery requests. They also are already subsumed within the other claims and defenses, requiring only identification of the alleged violations and when the material facts related to those violations were known by the government.

Second, even if Defendants' proposed amendment did raise some "new" issues, the parties have sufficient time to conduct discovery concerning any purported "newly asserted matters." *Escort Inc.*, 2019 WL 4246605, at *2. Fact and expert discovery are ongoing, depositions have not yet begun, and dispositive motions will not be filed for more than two months. Nor would amendment delay the trial, which is not scheduled to commence until April 24, 2023. *See John Mezzalingua Assocs., Inc.*, 2007 WL 9706401, at *3 (finding good cause for amendment when the case was "set for trial almost five months away[,] . . . providing ample time for the parties to prepare for the affirmative defense"); *O'Connor v. Cory*, No. 3:16-CV-1731-B, 2018 WL 5848860, at *3 (N.D. Tex. Nov. 8, 2018) (allowing defendant to amend answer and assert statute of limitations "a little less than three months away" from trial).

Defendants, by contrast, would be severely prejudiced if they were not granted leave to amend and add these important and potentially dispositive affirmative defenses.

> D.    If Necessary, The Court Could Issue A Continuance.

Because there is "no obvious prejudice" to Plaintiffs, this factor favors Defendants or is at most "neutral." *See Rivas*, 2017 WL 11236932, at *2. Moreover, Defendants do not believe that a continuance of the schedule is necessary to accommodate the requested amendment in view of the fact that Plaintiffs have been on-notice of these issues throughout discovery and discovery is ongoing and will not be completed until November 30, 2022. Notwithstanding, the Court could issue a short continuance of the fact discovery deadline to the extent that additional time is needed to conduct discovery. Any such continuance need not interfere with or postpone the trial date, which is not scheduled to begin until late April 2023.

## II.    **The Court Should Grant Defendants Leave to Amend.**

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  For all the same reasons explained, the Court should grant Defendants leave to file amended answers.  Here, Defendants confirmed the relevant facts giving rise to the requested limitations and repose amendments only through recently produced discovery, after earlier discovery had provided contradictory information.  Defendants also promptly raised this request with the Court approximately two months before the close of fact discovery, thereby demonstrating appropriate diligence and avoiding any potential prejudice to Plaintiffs.  Nor does the amendment present any unfair surprise, as Plaintiffs have been on notice for several months of Defendants' intent to assert an "excessive fines" defense and the "public disclosure," "government action," and "government intervention" bars as affirmative defenses.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant them leave to file and enter on the docket Defendants' proposed Amended Answers to Relator's and Texas's Complaints, attached as exhibits hereto.

Dated: October 18, 2022                   Respectfully submitted,

                                          **ARNOLD & PORTER KAYE SCHOLER LLP**

                                              */s/ Tirzah S. Lollar*
                                          Craig D. Margolis
                                          Craig.Margolis@arnoldporter.com
                                          Tirzah S. Lollar
                                          Tirzah.Lollar@arnoldporter.com
                                          Paula Ramer
                                          Paula.Ramer@arnoldporter.com
                                          Christian Sheehan
                                          Christian.Sheehan@arnoldporter.com
                                          Emily Reeder-Ricchetti
                                          Emily.Reeder-ricchetti@arnoldporter.com
                                          Megan Pieper
                                          Megan.Pieper@arnoldporter.com
                                          Alyssa Gerstner
                                          Alyssa.Gerstner@arnoldporter.com
                                          601 Massachusetts Ave, NW
                                          Washington, DC 20001-3743
                                          Telephone: +1 202.942.6127
                                          Fax: +1 202.942.5999

                                          Christopher M. Odell
                                          Texas State Bar No. 24037205
                                          Christopher.Odell@arnoldporter.com
                                          700 Louisiana Street, Suite 4000
                                          Houston, TX 77002-2755
                                          Telephone: +1 713.576.2400
                                          Fax: +1 713.576.2499

                                          Ryan Patrick Brown
                                          Texas State Bar No. 24073967
                                          ryan@ryanbrownattorneyatlaw.com
                                          1222 S. Fillmore
                                          Amarillo, TX 79101
                                          Tel: (806) 372-5711
                                          Fax: (806) 350-7716

                                          *Attorneys for Defendants Planned Parenthood Gulf*
                                          *Coast, Inc., Planned Parenthood of Greater Texas,*
                                          *Inc., Planned Parenthood of South Texas, Inc.,*
                                          *Planned Parenthood Cameron County, Inc., and*
                                          *Planned Parenthood San Antonio, Inc.*

15

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.cm
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779


Ryan Patrick Brown
Texas State Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 372-5711
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022 the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Danny S. Ashby*
Danny S. Ashby

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(b), counsel for Defendants conferred on October 18, 2022 with counsel for Relator about the relief requested in the foregoing motion.  Counsel for Relator indicated that Relator opposes leave to amend. Counsel for Defendants also attempted to confer with counsel for Texas on October 18, 2011, but has not been able to ascertain Texas's position at the time of filing and presumes that Texas opposes leave to amend.

*/s/ Danny S. Ashby*
Danny S. Ashby
