IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| *ex rel.* ALEX DOE, Relator, § | | |
| § | | |
| THE STATE OF TEXAS, § | | |
| *ex rel.* ALEX DOE, Relator, § | | |
| § | | |
| THE STATE OF LOUISIANA, § | | |
| *ex rel.* ALEX DOE, Relator, § | | |
| § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 2:21-CV-00022-Z | |
| § | | |
| PLANNED PARENTHOOD § | | |
| FEDERATION OF AMERICA, INC., § | | |
| PLANNED PARENTHOOD GULF § | | |
| COAST, INC., PLANNED § | | |
| PARENTHOOD OF GREATER § | | |
| TEXAS, INC., PLANNED § | | |
| PARENTHOOD SOUTH TEXAS, § | | |
| INC., PLANNED PARENTHOOD § | | |
| CAMERON COUNTY, INC., § | | |
| PLANNED PARENTHOOD SAN § | | |
| ANTONIO, INC., § | | |
| § | | |
| Defendants. § | | |
| § | | |

**STATE OF TEXAS'S OPPOSITION TO
AFFILIATE DEFENDANTS' MOTION FOR RECONSIDERATION OR
CLARIFICATION OF ORDER ON AFFILIATE DEFENDANTS'
MOTION TO COMPEL TEXAS**

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................ 1
LEGAL STANDARDS ................................................................................................... 1
    I.    Motion for Reconsideration ................................................................................. 1
    II.   Motion for Clarification ....................................................................................... 2
ARGUMENT ..................................................................................................................... 3
    I.    The Court correctly concluded Defendants' Interrogatories 12 and 13 are overbroad and unduly burdensome. ........................................................................ 3
    II.   The Court correctly applied the Medicaid Investigative Privilege and clarification of the order is not necessary. ...................................................... 6
        A.   The Medicaid Investigative Privilege applies in this case. .......................... 6
        B.   The Medicaid Investigative Privilege has been neither asserted nor applied to any of the discovery requests discussed in Defendants' Motion. ........ 7
CONCLUSION & PRAYER .......................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*ACLU of Miss v. Finch*, 638 F.2d 1336 (5th Cir. 1981) ............................................. 6, 7

*APL Logistics Americas, Ltd. v. TTE Technology, Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588 (N.D. Tex. Mar. 5, 2013) ................................................................ 2

*Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731 (N.D. Tex. Jan. 20, 2009) ................................................................................................................ 2

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp 2d 550 (N.D. Tex. Aug. 13, 2009) .............................................................................................................. 2

*In re Xerox Corp.*, 555 S.W.3d 518 (Tex. 2018) ....................................................... 5, 9

*Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112 (D.D.C. 2006) ........ 2

*Landstar Homes Dall, Ltd. v. Mid-Continent Cas. Co.*, No. 3:10-CV-0014-K, 2010 WL 5071688 (N.D. Tex. Dec. 13, 2010) ................................................................... 2

*League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00299-DCG-JES-JVB, 2022 WL 2329195 (W.D. Tex. June 27, 2022) ......................................................... 7

*M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243  (N.D. Tex. Jan. 22, 2010) ........................................................................... 2

*Miles as Next of Friend of Q.s v. Dolgencorp of Texas, Inc.*, No. 3:19-CV-2630-X, 2020 WL 6083006 (N.D. Tex. Oct. 14, 2020) ......................................................... 7

*Nazari v. State*, 561 S.W.3d 495 (Tex. 2018) ............................................................. 5

*Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13047401 (N.D. Tex. Aug. 1, 2019) .......................................................................................................................... 1

*Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176 (2016) .............. 5

**Statutes**

Tex. Gov't Code § 36.001 *et seq* .................................................................................. 5

**Other Authorities**

https://www.hhs.texas.gov/sites/default/files/documents/laws-regulations/reports-presentations/2020/medicaid-chip-perspective-13th-edition/13th-edition-complete.pdf ............................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 54(b) ..................................................................... 1, 2

## SUMMARY

On September 1, 2022, the Court issued its order (ECF No. 161) on Affiliate Defendants' Motion to Compel the State (ECF No. 127). Displeased with the outcome, Defendants now invite the Court to reconsider or clarify its ruling, seemingly without even having read the order in its entirety.

First, Defendants attack the Court's analysis concluding Defendants' Interrogatories 12 and 13 are overbroad and unduly burdensome. Second, Defendants inexplicably ask the` Court to reconsider (or to clarify) its order on the Medicaid Investigative Privilege as it applies to twelve enumerated discovery requests to which the State did not assert the privilege and to which the Court did not apply the privilege.

Defendants' Motion provides no basis for the Court to reconsider the legal analysis contained in its September 1, 2022 Order (ECF No. 161). The State asks the Court to deny Defendants' Motion (ECF No. 196).

## LEGAL STANDARDS

### I. Motion for Reconsideration

A motion under Federal Rule of Civil Procedure 54(b) may be reviewed less stringently than motions to alter or amend a judgment under other rules, however, "a district court's broad discretion under 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13047401, at *1 (N.D. Tex. Aug. 1, 2019) (citations omitted). Furthermore, although it is within the Court's

1

discretion to reconsider an interlocutory order, "a motion to reconsider is not the proper vehicle for rehashing old arguments." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp 2d 550, 553 (N.D. Tex. Aug. 13, 2009) (citing *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)).

## II. Motion for Clarification

The standard for a motion for clarification under Rule 54(b) is not established by rule. Some courts apply the same standard set forth for a motion for reconsideration, while others use an "as justice requires" analysis. *APL Logistics Americas, Ltd. v. TTE Technology, Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *2 (N.D. Tex. Mar. 5, 2013) (citing *Landstar Homes Dall, Ltd. v. Mid-Continent Cas. Co.*, No. 3:10-CV-0014-K, 2010 WL 5071688, at *7 (N.D. Tex. Dec. 13, 2010) and *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *1 (N.D. Tex. Jan. 22, 2010)); *see also Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (cited by *M3Girl*, 2010 WL 304243, at *1). District courts' discretion to revisit prior orders is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Judicial Watch*, 466 F. Supp. 2d at 123 (citation omitted).

## ARGUMENT

**I.  The Court correctly concluded Defendants' Interrogatories 12 and 13 are overbroad and unduly burdensome.**

The Court's Order correctly ruled Defendants' Interrogatories 12 and 13 are overbroad and unduly burdensome.  Interrogatory 12 asks Texas to "Identify every Texas Medicaid provider that Texas has terminated from Texas Medicaid from 2010 to the present."  ECF No. 128, Exh. C at 19.  Similarly, for each provider identified in Interrogatory 12 who was terminated based on one of the grounds specified in Interrogatory 13, Defendants request extensive additional details about the provider, the underlying circumstances of termination, any subsequent overpayment actions, and the results from each termination and overpayment action.[1]  *Id*. at 20.

To provide some context for the overbreadth of these requests, as of 2020, 4.3 million Texans are enrolled in Texas Medicaid and receive care ranging from maternal health to dental services, from prescription drug coverage to home health

---

[1] Interrogatory 13 states, "For every former Texas Medicaid provider (whether affiliated to a Planned Parenthood Defendant or not) whose participation in Texas Medicaid was terminated from 2010 to the present on the basis that the provider was not qualified to provide medical services under Texas Medicaid, engaged in practices that violated generally accepted medical standards; [sic] and/or engaged in misrepresentations about its activity relating to fetal tissue procurements, identify the provider by name, state the date of termination, describe the principal and material facts that lead to the provider's termination, state whether Texas asked or required the provider to return amounts reimbursed under Texas Medicaid, and state the [sic] provider returned, if any."  ECF No. 128, Exh. C at 19.

3

care.[2] Defendants' requests span *all* providers of *all* services to *all* 4.3 million individuals enrolled in Texas Medicaid. ECF No. 128, Exh. C at 19–20.

As evidence of the staggering burden of responding to these overbroad requests, the State submitted the declaration of Cheryl Fee, the case manager for the Chief Counsel Division at Texas Health and Human Services, Office of Inspector General (HHSC-OIG). ECF No. 137, Exh. D. As just one example of the undue burden of Defendants' requests, Ms. Fee noted that Interrogatory 12 provided no limitations aside from the 12-year time period. ECF No. 137, Exh. D at ¶¶ 4, 5. Ms. Fee also stated that HHSC does not maintain its data in a way that "readily captures all elements of Interrogatory 12" and that some responsive materials may no longer exist due to applicable retention policies. ECF No. 137, Exh. D at ¶¶ 7, 8.

Interrogatory 13 goes even further, requiring the State to identify, compile, organize, and provide highly detailed information about every single provider who has been terminated since 2010 on any of the following grounds: (1) they were not qualified to provide services under Texas Medicaid; (2) they engaged in practices that violated generally acceptable medical standards; or (3) they engaged in misrepresentations about their activity related to fetal tissue procurement. ECF No. 128, Exh. C at 20.

---

[2] https://www.hhs.texas.gov/sites/default/files/documents/laws-regulations/reports-presentations/2020/medicaid-chip-perspective-13th-edition/13th-edition-complete.pdf at *18, 40–45.

4

Defendants dismiss the burden of responding as being entirely consumed by the "importance" of the information to the element of materiality as contemplated in *Escobar*.[3] ECF No. 197 at 3. This Court has already held that materiality is not an element of the State's TMFPA claims in this case.[4] ECF No. 71 at 16. Even if an *Escobar* materiality standard applies to non-TMFPA claims in this case, the standard would only apply to similarly situated defendants—a limitation Defendants' Interrogatories 12 and 13 conspicuously lack.[5] Interrogatories 12 and 13 are expressly *not* limited to similarly situated providers, rather they ask for information about the termination of every single provider from every single provider type who was terminated for every possible reason (Interrogatory 12) and, of those identified in Interrogatory 12, Defendants further demand highly detailed information about the underlying circumstances of any terminations premised on one of the three bases stated in Interrogatory 13. ECF No. 128, Exh. C at 20. The heavy burden on the

---

[3] *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176 (2016).
[4] Under Texas precedent, *Escobar* does not apply to any claims under the Texas Medicaid Fraud Prevention Act ("TMFPA"), Tex. Gov't Code § 36.001 *et seq*. For example, in *Escobar*, the United States Supreme Court resorted to *federal* common law to interpret the materiality requirements of the federal False Claims Act. *Escobar*, 579 U.S. at 173. The Texas Supreme Court has rejected Texas common law as an interpretive guide to the TMFPA. *See In re Xerox Corp.*, 555 S.W.3d 518, 527, 533–34, 536, 539 (Tex. 2018); *Nazari v. State,* 561 S.W.3d 495, 507–509 (Tex. 2018). It is inconceivable that the Texas Supreme Court would reject application of the *Texas* common law to the TMFPA and also embrace *Escobar*—and its reliance on *federal* common law.
[5] *See Escobar*, 579 U.S. at 195 (holding in an implied false certification case that, "if the Government pays a *particular claim* in full despite its actual knowledge that *certain requirements* were violated . . . . Or, if the Government regularly pays a *particular type of claim* in full despite actual knowledge that *certain requirements* were violated, . . . that is strong evidence that *the requirements* are not material." (emphases added)).

5

State of responding to these overbroad requests exceeds any potential benefit to Defendants.

Defendants' Interrogatories 12 and 13 were improper when they were served; they were improper when Defendants moved to compel; and they are still improper as Defendants ask the Court to reconsider its ruling. Defendants' still make no effort to limit or otherwise modify their requests in any way. These requests are overbroad and unduly burdensome, and the Court should deny Defendants' Motion for Reconsideration.

## II. The Court correctly applied the Medicaid Investigative Privilege and clarification of the order is not necessary.

In their second argument, Defendants challenge the application and scope of the Medicaid Investigative Privilege in this case. The Court should deny Defendants' Motion for two reasons: first, neither reconsideration nor clarification is necessary because the Court's Order correctly applied the law to this case; second, the State has not asserted the privilege nor has the Court applied the privilege to any of the requests discussed in Defendants' motion.

### A. The Medicaid Investigative Privilege applies in this case.

To determine whether a state law privilege applies in this federal case, the Court relied on the balancing test articulated in *ACLU of Miss v. Finch*, 638 F.2d 1336, 1343 (5th Cir. 1981). ECF No. 161 at 6. As the Court noted, the *Finch* test provides a superior analysis for recognizing state law privileges in federal court because it involves "balancing the policies behind the privilege against the policies

6

favoring disclosure." ECF No. 161 at 6 (citing *Miles as Next of Friend of Q.s v. Dolgencorp of Texas, Inc.*, No. 3:19-CV-2630-X, 2020 WL 6083006, at *9 (N.D. Tex. Oct. 14, 2020) (quoting *Finch*, 638 F.2d at 1343)).

The Court judiciously applied the *Finch* test, balancing the competing interests of the underlying policies for both protection and disclosure, and ultimately recognized the privilege for purposes of this litigation. ECF No. 161 at 6–8. One week after issuing ECF No. 161 recognizing the Medicaid Investigative Privilege in this case, the Court confirmed its recognition of the privilege in ECF No. 165 (September 8th Order on Planned Parenthood Federation of America's Motion to Compel the State of Texas at 7).

In ruling the Medicaid Investigative Privilege applies to this case, the Court exercised its "broad discretion to manage discovery in a way that maximizes its efficiency and effectiveness." ECF No. 161 at 8 (quoting *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00299-DCG-JES-JVB, 2022 WL 2329195 at *5 (W.D. Tex. June 27, 2022)). The Court confirmed the applicability of the privilege in a second order (ECF No. 165 at 7), and the State asks the Court to again confirm the privilege and to deny Defendants' Motion for Reconsideration (ECF No. 196).

**B. The Medicaid Investigative Privilege has been neither asserted nor applied to any of the discovery requests discussed in Defendants' Motion.**

Defendants' Motion erroneously states, "this Court determined that pursuant to the [Medicaid Investigative Privilege], Texas need not answer Interrogatories 8, 10, 11, 16, 17, nor produce documents (beyond a categorical privilege log) in response

to Requests for Production 14, 21–23, and 25–32." *See* ECF No. 197 at 7; *see also id.* at 9, 10, 12, 13, and 14 (misstating the scope of the Court's application of the privilege repeatedly throughout their Motion). This is a manifest misstatement of the Court's Order.

In actuality, the Court's Order correctly identifies the discovery requests in which the State has asserted the privilege (Interrogatories 8 and 10 and RFP No. 14) (ECF No. 161 at 5) and, after reasoned analysis, holds generally that "the Medicaid Privilege applies to this case." ECF No. 161 at 8. After misstating the Court's Order, Defendants go on to spend a significant amount of time and energy *protesting a position no one has taken* by addressing every single discovery request covered in the Court's Order *except for* the three to which the privilege actually applies:

| II. | The Court Should Reconsider or Clarify The Scope of Its Ruling on The Medicaid Investigative Privilege Based on The Privilege's Narrow Applicability | 6 |
|---|---|---|
| A. | The Medicaid Investigative Privilege Should Not Apply | 7 |
| B. | The Medicaid Investigative Privilege is Narrow in Scope | 9 |
| i. | Interrogatories 11, 16, and 17 | 10 |
| ii. | Requests for Production 27 and 28 | 12 |
| iii. | Requests for Production 29 and 30 | 13 |
| iv. | Requests for Production 21, 22, 23, 25, and 26 | 13 |

Defendants' Motion (ECF No. 197) at i (failing to discuss Interrogatories 8 and 10 or RFP 14 ).

This is not an instance of the Court's Order lacking precision or clarity (thus justifying the clarification Defendants alternatively pray for in their Motion (ECF

8

NO. 197 at 14)), rather this request for reconsideration is, at best, a failure to read or comprehend the plain language of the Order.

## CONCLUSION & PRAYER

Defendants Motion for Reconsideration or Clarification (ECF No. 196) should be denied. The Court considered the importance of the information sought in Interrogatories 12 and 13, the amount in controversy,[6] the parties' resources, and the burden of complying compared to the likely benefit, and correctly concluded the requests were unduly burdensome. ECF No. 161 at 11–12. Further, the Court fairly scrutinized the state law Medicaid Investigative Privilege and its application in this federal case and prudently concluded the privilege applies. ECF No. 161 at 8. Finally, Defendants' Motion inexplicably asks the Court to clarify its Order so as to limit the scope of the Medicaid Investigative Privilege *as it applies to discovery requests to which no one has asserted that privilege and to which the Court has not applied it*.

For these reasons, Texas respectfully requests that the Court Deny Affiliate Defendants' Motion for Reconsideration or Clarification of Order on Affiliate Defendants' Motion to Compel Texas (ECF No. 196).

DATED: October 20, 2022

---

[6] Texas seeks *no damages* in this case as "the remedies in Section 36.052 [of the TMFPA] are not damages." *Xerox*, 555 S.W.3d at 526. See Defendants' Motion (ECF No. 197) where Defendants argue that "no burden on Texas is 'undue' in responding to interrogatories 12 and 13, given the volume of *damages Texas seeks*." ECF No. 197 at 5 (emphasis added).

9

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on October 20, 2022, causing electronic service on all counsel of record.

*/s/ Raymond Charles Winter*
**Raymond Charles Winter**
