# Exhibit G



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 21, 2016

Ms. Lauren Downey
Assistant Attorney General
Public Information Coordinator
General Counsel Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

OR2016-01540

Dear Ms. Downey:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 595018 (PIR No. 15-42703).

The Office of the Attorney General (the "OAG") received a request for all communications related to a specified OAG investigation of Planned Parenthood. You state the OAG will continue to rely on Open Records Letter Nos. 2015-21370 (2015), 2015-21720 (2015), and 2015-22212 (2015) with respect to some of the requested information.[1] See Open Records Decision No. 673 at 6-7 (2001) (so long as law, facts, and circumstances on which prior ruling was based have not changed, first type of previous determination exists where requested information is precisely same information as was addressed in prior attorney general ruling, ruling is addressed to same governmental body, and ruling concludes

---

[1] In Open Records Letter No. 2015-21370, this office held the OAG may withhold the information at issue in that ruling under section 552.108(a)(1) of the Government Code. In Open Records Letter No. 2015-21720, this office held the OAG must withhold certain information under section 552.101 of the Government Code in conjunction with section 15.10(i)(1) of the Business and Commerce Code, may withhold certain information under section 552.103 of the Government Code, and must release the remaining information. In Open Records Letter Ruling No. 2015-22212, this office held the OAG may withhold the certain information under section 552.107(1) of the Government Code, and may withhold the remaining information at issue in that ruling under section 552.108(a)(1) of the Government Code.

information is or is not excepted from disclosure). You claim the remaining responsive information is excepted from disclosure under sections 552.103, 552.107, and 552.108 of the Government Code. We have considered the exceptions you claim and reviewed the submitted representative sample of information.[2]

Section 552.108(a) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if: (1) release of the information would interfere with the detection, investigation, or prosecution of crime[.]" Gov't Code § 552.108(a)(1). A governmental body claiming section 552.108(a)(1) must reasonably explain how and why the release of the information at issue would interfere with law enforcement. *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706, 710 (Tex. 1977). You state the information you have marked relates to an ongoing criminal investigation being conducted by the OAG's Criminal Investigations Division and release of the information would interfere with the pending investigation. Based on this representation, we conclude the release of the information at issue would interfere with the detection, investigation, or prosecution of crime. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177, 186-87 (Tex. Civ. App.—Houston [14th Dist.] 1975) (delineating law enforcement interests present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). Therefore, section 552.108(a)(1) is applicable to the information at issue and the OAG may withhold it on that basis.[3]

Section 552.103 of the Government Code provides in relevant part as follows:

> (a) Information is excepted from [required public disclosure] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.
>
> . . .
>
> (c) Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated

---

[2] We assume the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

[3] As our ruling is dispositive for this information, we need not address your remaining arguments against its disclosure.

on the date that the requestor applies to the officer for public information for access to or duplication of the information.

Gov't Code § 552.103(a), (c). The governmental body has the burden of providing relevant facts and documents to show the section 552.103(a) exception is applicable in a particular situation. The test for meeting this burden is a showing that (1) litigation is pending or reasonably anticipated on the date the governmental body received the request for information and (2) the information at issue is related to that litigation. *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, orig. proceeding); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990). The governmental body must meet both prongs of this test for information to be excepted from disclosure under section 552.103(a).

To establish litigation is reasonably anticipated, a governmental body must provide this office "concrete evidence showing that the claim that litigation may ensue is more than mere conjecture." Open Records Decision No. 452 at 4 (1986). In the context of anticipated litigation in which the governmental body is the prospective plaintiff, the concrete evidence must at least reflect litigation is "realistically contemplated." *See* Open Records Decision No. 518 at 5 (1989); *see also* Attorney General Opinion MW-575 (1982) (investigatory file may be withheld if governmental body attorney determines it should be withheld pursuant to section 552.103 and litigation is "reasonably likely to result"). Whether litigation is reasonably anticipated must be determined on a case-by-case basis. *See* ORD 452 at 4.

You state the remaining information you have marked pertains to anticipated litigation involving the OAG. You explain the information at issue pertains to a civil investigation being conducted by the OAG's Consumer Protection Division into possible violations by certain Planned Parenthood facilities of the Texas Health and Safety Code, the Texas Administrative Code, and the Texas Business and Commerce Code relating to the possible unlawful trafficking of fetal tissue in the State of Texas. You state this investigation was initiated for enforcement purposes, and if violations are uncovered, the OAG will initiate enforcement proceedings. Based on these representations, we agree the OAG reasonably anticipated litigation regarding this matter when you received the present request for information. Upon review of your arguments and the information at issue, we find the OAG has also established the information at issue relates to the reasonably anticipated litigation. Accordingly, the OAG has demonstrated the applicability of section 552.103 of the Government Code to the information at issue. Thus, the OAG may withhold the information you have marked under section 552.103 of the Government Code.

However, once the information has been obtained by all parties to the anticipated or pending litigation, no section 552.103(a) interest exists with respect to that information. Open Records Decision No. 349 at 2 (1982). We also note the applicability of section 552.103(a)

ends when the litigation has concluded. Attorney General Opinion MW-575 at 2 (1982); Open Records Decision Nos. 350 at 3 (1982), 349 at 2.

In summary, the OAG may withhold the information you have marked under section 552.108(a)(1) of the Government Code. The OAG may withhold the information you have marked under section 552.103 of the Government Code.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Joseph Behnke
Assistant Attorney General
Open Records Division

JB/som

Ref:   ID# 595018

Enc.   Submitted documents

c:     Requestor
       (w/o enclosures)