# Exhibit I



### KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 13, 2015

Ms. Lauren Downey
Assistant Attorney General
Public Information Coordinator
General Counsel Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

OR2015-21370

Dear Ms. Downey:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 583340 (OAG PIR No. 15-42011).

The Office of the Attorney General (the "OAG") received three requests from different requestors for a specified video recording. You claim the requested information is excepted from disclosure under section 552.108 of the Government Code. We have considered the exception you claim and reviewed the submitted representative sample of information.[1]

Section 552.108(a) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if: (1) release of the information would interfere with the detection, investigation, or prosecution of crime[.]" Gov't Code § 552.108(a)(1). A governmental body claiming section 552.108(a)(1) must reasonably explain how and why the release of the information at issue would interfere with law enforcement. *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706, 710 (Tex. 1977).

---

[1] This letter ruling assumes the submitted representative sample of information is truly representative of the requested information as a whole. This ruling does not reach, and therefore does not authorize, the withholding of any other requested information to the extent the other information is substantially different than that submitted to this office. *See* Gov't Code §§ 552.301(e)(1)(D), .302; Open Records Decision Nos. 499 at 6 (1988), 497 at 4 (1988).

You state the submitted information relates to an active criminal investigation being conducted by the OAG's Criminal Investigations Division and release of the information would interfere with the pending investigation. Based on this representation, we conclude the release of the submitted information would interfere with the detection, investigation, or prosecution of crime. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177, 186-87 (Tex. Civ. App.—Houston [14th Dist.] 1975) (delineating law enforcement interests present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). Therefore, section 552.108(a)(1) is applicable to the submitted information and the OAG may withhold it on that basis.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Kristi L. Godden
Assistant Attorney General
Open Records Division

KLG/cz

Ref:   ID# 583340

Enc.   Submitted documents

c:     3 Requestors
       (w/o enclosures)