# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | NO. 2:21-CV-00022-Z |
| The State of Texas | § | Date:   October 3, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| Plaintiffs, | § | |
| v. | § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § | |
| Defendants. | § | |

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO RELATOR'S SIXTH REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") hereby submits its objections and responses to Relator Alex Doe's ("Relator") Sixth Requests for Production (collectively, "Requests," and, individually, "Request") as follows:

## PRELIMINARY STATEMENT

The following responses to Relator's Requests are based solely on PPFA's knowledge as of the date of these responses and are being provided without prejudice to PPFA's right to produce evidence of any subsequently discovered facts. PPFA reserves the right to supplement and/or amend these responses. No response is an admission regarding relevance or admissibility.

By these responses, PPFA does not intend to waive, and does not waive, in whole or in part, any objection to admitting these responses into evidence. Rather, PPFA intends to preserve, and does preserve, all such objections, including, without limitation, objections based on relevance, foundation, authenticity, or privilege.

## GENERAL OBJECTIONS

In addition to PPFA's specific objections and responses to each Request as provided below, PPFA makes the following general objections to the Requests:

1. Privileged information will not be knowingly disclosed. Any disclosure of privileged information in response to any Request is inadvertent and is not intended to waive any privileges or protections. As provided for in the Court's July 13, 2022, Scheduling Order, Section 6(c), PPFA reserves the right to demand that the Relator return or destroy any privileged information inadvertently produced, including all copies and summaries thereof.

2. PPFA will produce documents based on a good-faith and reasonable review of information sources, document repositories, and custodian records likely to contain responsive, non-privileged documents.

3. PPFA objects to each and every Request to the extent it seeks information that is within the possession, custody, or control of Defendants other than PPFA, entities that PPFA does

not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

4.  Nothing contained in any response herein shall be deemed an admission, concession, or waiver by PPFA as to the validity of any claim against, or defense asserted by, PPFA.

5.  PPFA's responses to these Requests do not in any way constitute an adoption of the Relator's purported definitions of words or phrases contained in these Requests, including the definitions more specifically objected to below.

## OBJECTIONS TO DEFINITIONS

1.  PPFA objects to Relator's definition of "Concerning" because it would render the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Concerning" to mean directly relating to, directly referring to, directly describing, directly evidencing, or directly constituting, as relevant to the subject matter of the current litigation.

2.  PPFA objects to Relator's definition of "Defendants" to the extent it would require PPFA to respond to these Requests on behalf of any other Defendant, entities that PPFA does not control, and within which PPFA is not able to search for documents or communications responsive to these Requests.

3.  PPFA objects to Relator's definitions of "Document" and "Documents" because they would result in a production that is largely irrelevant and not material to the issues in the

current litigation. In responding to the Requests, PPFA will construe "Document" and "Documents" according to the definition stated in Federal Rules of Civil Procedure 34(a)(1)(A), i.e., "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." PPFA also objects to Relator's definitions of "Document" and "Documents" to the extent they purport to require the production of "original" copies, identical copies, and/or all versions of a document where it would be unduly burdensome to do so. To the extent that PPFA agrees to conduct a search for electronically stored information, it will search individual custodial email accounts and any shared electronic drive locations likely to contain such documents that may exist.

4. PPFA objects to Relator's definitions of "Communication" and "Communications" as overly broad, unduly burdensome, and oppressive. Relator's definitions would result in a production that is largely irrelevant and not material to the issues in the current litigation. PPFA also objects to Relator's definitions of "Communication" and "Communications" insofar as they purport to call for the production of communications that have not been memorialized or that are not in PPFA's possession, custody, or control.

5. PPFA objects to Relator's definition of "Person" because it renders the Requests unduly burdensome and oppressive and could result in a production that is largely irrelevant and not material to the issues in the current litigation. In responding to the Requests, PPFA will construe "Person" to mean natural persons and legal entities.

6. PPFA objects to Relator's definition of "Planned Parenthood" to the extent the definition implies or asserts that PPFA is part of the same corporate structure as any Planned

Parenthood Affiliate and/or to the extent the definition implies or asserts that PPFA exerts any measure of control or direction over Planned Parenthood Gulf Coast, Inc.; Planned Parenthood of Greater Texas, Inc.; Planned Parenthood South Texas, Inc.; Planned Parenthood Cameron County, Inc.; Planned Parenthood San Antonio, Inc.; and any or all of their respective representatives, employees, agents, officers, consultants, attorneys, adjustors, investigators, representatives, or any other person acting or purporting to act on behalf of the aforementioned entities (together, the "Affiliates"), which it does not.  PPFA further objects to this definition to the extent it purports to suggest that any of the aforementioned entities is an agent of PPFA or vice versa, which it is not.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications with Affiliates Risk Management Services, Inc. (ARMS) concerning Texas Medicaid, Louisiana Medicaid, and/or any of the PPFA Affiliates from January 1, 2010 through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA objects to this Request as overly broad and unduly burdensome to the extent it seeks documents and communications about three expansive topics—Texas Medicaid, Louisiana Medicaid, and the Affiliate Defendants—from an approximately twelve-year period without regard to whether the documents and communications are relevant to the parties' claims and defenses in this litigation.  PPFA further objects to this Request as duplicative of (i) Request Nos. 1, 4, and 7

from Relator's First Requests for Production,[1] and (ii) Request Nos. 3, 4, and 5 of Relator's Second Requests for Production.[2] In addition, PPFA communications with ARMS about Texas Medicaid, Louisiana Medicaid, or the Affiliate Defendants would have been produced by PPFA under the Court's August 25, 2022 Order [DE 153].

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA has already produced responsive non-privileged documents from the relevant custodians responsive to this request and will not search for additional documents. PPFA is, however, willing to meet and confer with the Relator regarding the purpose of this Request and whether Relator has any basis to believe that the Request has not already been addressed by PPFA's prior production.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications with Policyholders Trust concerning Texas Medicaid, Louisiana Medicaid, and/or the PPFA Affiliates from January 1, 2010 through present.

---

[1] *See* Relator's First Requests for Production, No. 1 ("All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts."); No. 4 ("All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts."); No. 7 ("All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.").

[2] *See* Relator's Second Requests for Production, No. 3 ("All documents and communications concerning Planned Parenthood Federation of America, Inc.'s relationship with any Planned Parenthood Affiliate, including but not limited to all documents and communications, concerning Planned Parenthood Federation of America, Inc.'s support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements concerning any Planned Parenthood Affiliate."); No. 4 ("All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Texas Medicaid."); No. 5 ("All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Louisiana Medicaid.").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response. PPFA objects to this Request as overly broad and unduly burdensome to the extent it seeks documents and communications about three expansive topics—Texas Medicaid, Louisiana Medicaid, and the Affiliate Defendants—from an approximately twelve-year period without regard to whether the documents and communications are relevant to the parties' claims and defenses in this litigation. PPFA further objects to this Request as duplicative of (i) Request Nos. 1, 4, and 7 from Relator's First Requests for Production,[3] and (ii) Request Nos. 3, 4, and 5 of Relator's Second Requests for Production.[4] In addition, PPFA communications with Policyholders Trust about Texas Medicaid, Louisiana Medicaid, or the Affiliate Defendants would have been produced by PPFA under the Court's August 25, 2022 Order [DE 153].

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA has already produced responsive non-privileged documents from the relevant custodians responsive to this request and will not search for additional documents. PPFA is, however,

---

[3] *See* Relator's First Requests for Production, No. 1 ("All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts."); No. 4 ("All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts."); No. 7 ("All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.").

[4] *See* Relator's Second Requests for Production, No. 3 ("All documents and communications concerning Planned Parenthood Federation of America, Inc.'s relationship with any Planned Parenthood Affiliate, including but not limited to all documents and communications, concerning Planned Parenthood Federation of America, Inc.'s support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements concerning any Planned Parenthood Affiliate."); No. 4 ("All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Texas Medicaid."); No. 5 ("All documents and communications between Planned Parenthood Federation of America, Inc. and any Planned Parenthood Affiliate concerning Louisiana Medicaid.").

willing to meet and confer with the Relator regarding the purpose of this Request and whether Relator has any basis to believe that the Request has not already been addressed by PPFA's prior production.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning compliance programs of the PPFA Affiliates, including but not limited to all documents and communications concerning (a) compliance program oversight by a compliance officer, internal compliance committee, and board of directors; (b) written standard of conduct and policies and procedures; (c) compliance education and training for employees and contracted individuals; (d) reporting mechanisms for communicating concerns and suspected violations of applicable laws or internal policies; (e) routine auditing and monitoring of compliance-related areas of risk; (f) investigations of allegations of non-compliance, and corrective action implemented; and/or (g) uniform disciplinary action to properly address non-compliant behavior.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA objects to this Request because it purports to seek from PPFA documents that are not within PPFA's possession, custody, or control, and/or would more appropriately be obtained from the Affiliate Defendants.  PPFA further objects to this Request as overly broad and unduly burdensome to the extent that it seeks with no time limitation all documents and communications with the Affiliate Defendants that "concern" to any extent for any reason a wide range of topics relating to the Affiliate Defendants' handling of compliance issues, without regard to whether the documents and communications are relevant to the parties' claims and defenses in this litigation.

PPFA further objects to this Request as duplicative of Request No. 3 in the Relator's Second Requests for Production.[5]  In addition, documents and communications concerning PPFA's involvement with the Affiliate Defendants would have been produced by PPFA under the Court's August 25, 2022 Order [DE 153].

Subject to and without waiving its objections herein, PPFA responds as follows:  PPFA has already produced responsive non-privileged documents from the relevant custodians responsive to this request and will not search for additional documents.  PPFA is, however, willing to meet and confer with the Relator regarding the purpose of this Request and whether Relator has any basis to believe that the Request has not already been addressed by prior production.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning ARMS Connect and the Center for Affiliated Learning concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid, including but not limited to all documents and communications concerning learning or training courses and/or learning or training materials concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid rules and regulations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA

---

[5] *See* Relator's Second Requests for Production, No. 3 ("All documents and communications concerning Planned Parenthood Federation of America, Inc.'s relationship with any Planned Parenthood Affiliate, including but not limited to all documents and communications, concerning Planned Parenthood Federation of America, Inc.'s support, control, oversight, involvement, direction, management, directives, marketing, communications, requirements, standards, guidelines, policies, accreditation, affiliation, certification, minimum legal requirements, insurance coverage, legal services, legal representation, monetary support, medical services, activities, programs, and/or pronouncements concerning any Planned Parenthood Affiliate.").

objects to this Request as overly broad and unduly burdensome to the extent that it seeks with no time limitation all documents and communications that "concern" to any extent for any reason two entities that are wholly distinct from PPFA, without regard to whether the communications are relevant to the parties' claims and defenses in this litigation. PPFA further objects to this Request as duplicative of (i) Request Nos. 1, 4, and 7 from Relator's First Requests for Production.[6] In addition, documents and communications concerning Texas Medicaid and Louisiana Medicaid would have been produced by PPFA under the Court's August 25, 2022 Order [DE 153].

Subject to and without waiving its objections herein, PPFA responds as follows: PPFA will conduct a supplemental reasonable inquiry and diligent search for January 1, 2010 to February 5, 2021 non-privileged documents and communications sent to or received by PPFA's Education Department involving ARMS Connect and the Center for Affiliated Learning that relate to Texas Medicaid, Louisiana Medicaid, or the Affiliate Defendants' submissions to Medicaid.

---

[6] *See* Relator's First Requests for Production, No. 1 ("All documents and communications concerning Defendants' provision of services billed to Texas Medicaid, excluding patient charts."); No. 4 ("All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts."); No. 7 ("All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.").

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications from the PPFA Medical Services intranet site concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid, including but not limited to Medicaid, Texas Medicaid, and/or Louisiana Medicaid rules and regulations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA further objects to this Request as overly broad and unduly burdensome to the extent it seeks with no time limit all documents and communications that relate to Medicaid to any extent for any reason without regard to whether the documents and communications are relevant to the parties' claims and defenses in this litigation.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce non-privileged documents and communications from the PPFA Medical Services intranet site concerning Texas Medicaid, Louisiana Medicaid, or the Affiliate Defendants' submissions to Medicaid.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications from the Medical Services blog concerning newly released materials, items of note, and information concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PPFA refers to and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though set forth fully in this Response.  PPFA further objects to this Request as overly broad and unduly burdensome to the extent it seeks with

no time limit all documents and communications that relate to Medicaid to any extent for any reason without regard to whether the documents and communications are relevant to the parties' claims and defenses in this litigation.

Subject to and without waiving its objections herein, PPFA responds as follows: Following a reasonable inquiry and diligent search, PPFA will produce non-privileged documents and communications from the PPFA Medical Services intranet site concerning Texas Medicaid, Louisiana Medicaid, or the Affiliate Defendants' submissions to Medicaid.

Dated:   October 3, 2022                                **O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*

DANNY S. ASHBY
Texas State Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas State Bar No. 24074019
jchapa@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
T: (310) 553-6700
F: (310) 246-6779

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 3, 2022, a true and correct copy of the foregoing Defendant Planned Parenthood Federation of America, Inc.'s Objections and Responses to Relator's Fifth Requests for Production was served by electronic mail on all counsel of record.

*/s/ Danny S. Ashby*