IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF TEXAS, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF LOUISIANA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>          Plaintiffs, §<br>§<br>v. §<br>§<br>PLANNED PARENTHOOD §<br>FEDERATION OF AMERICA, INC., §<br>PLANNED PARENTHOOD GULF §<br>COAST, INC., PLANNED §<br>PARENTHOOD OF GREATER §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD SOUTH TEXAS, §<br>INC., PLANNED PARENTHOOD §<br>CAMERON COUNTY, INC., §<br>PLANNED PARENTHOOD SAN §<br>ANTONIO, INC., §<br>§<br>          Defendants. §<br>§ | Civil Action No. 2:21-CV-00022-Z |

**STATE OF TEXAS'S OPPOSITION TO
AFFILIATE DEFENDANTS' MOTION FOR RECONSIDERATION OR
CLARIFICATION OF THIS COURT'S SEPTEMBER 8, 2022 ORDER
RELATING TO COMMON INTEREST PRIVILEGE**

**SUMMARY**

The State of Texas asks the Court to deny Affiliate Defendants' Motion for Reconsideration or Clarification of this Court's September 8, 2022 Order Relating to Common Interest Privilege (ECF Nos. 210 (Motion), 211 (Brief in Support) collectively referred to herein as Defendants' "Motion")). On July 18, 2022, Defendants filed a motion to compel "full and complete responses to interrogatories 2 and 4–18, as well as requests for production 3, 4, 6, 9–18, 21–39, 41–43, and 45." ECF No. 128 at 8. Despite the fact that the State asserted the Common Interest Privilege in response to 27 of the 52 requests in Defendants' Motion (ECF No. 128-3 (Exh. C) *et seq.*), Defendants neither raised this issue in their original Motion to Compel (ECF No. 128) nor in their first motion for reconsideration (ECF No. 197). They now refute the privilege by filing a motion for reconsideration of the Court's Order on their *co-defendant, PPFA's* Motion to Compel Texas (ECF No. 165 (Order) ECF No. 132 (PPFA's Motion to Compel)).

The Court has already considered this privilege; twice recognized its application to this case; and clearly defined its scope—there is no need for the Court to revisit its September 8th Order. Moreover, even if the Court were persuaded to reconsider or modify its Order, the materials Defendants seek would still not be subject to compelled production because they are independently protected by the Medicaid Investigative Privilege. *See* ECF No. 161 at 5–8, ECF No. 165 at 7. For these reasons, the State asks the Court to deny Defendants' Motion (ECF No. 210).

2

## LEGAL STANDARDS

### I. Motion for Reconsideration

A motion under Federal Rule of Civil Procedure 54(b) may be reviewed less stringently than motions to alter or amend a judgment under other rules, however, "a district court's broad discretion under 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13047401, at *1 (N.D. Tex. Aug. 1, 2019) (citations omitted). Furthermore, although it is within the court's discretion to reconsider an interlocutory order, "a motion to reconsider is not the proper vehicle for rehashing old arguments." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp 2d 550, 553 (N.D. Tex. Aug. 13, 2009) (citing *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)).

### II. Motion for Clarification

The standard for a motion for clarification under Rule 54(b) is not established by rule. Some courts apply the same standard set forth for a motion for reconsideration, while others use an "as justice requires" analysis. *APL Logistics Americas, Ltd. v. TTE Technology, Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *2 (N.D. Tex. Mar. 5, 2013) (citing *Landstar Homes Dall, Ltd. v. Mid-Continent Cas. Co.*, No. 3:10-CV-0014-K, 2011 WL 588055 (N.D. Tex. Feb. 8, 2011); *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *1 (N.D. Tex. Jan. 22, 2010)); *see also Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (cited by *M3Girl*, 2010 WL 304243, at *1). District courts'

discretion to revisit prior orders is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Judicial Watch*, 466 F. Supp. 2d at 123 (citing *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

## ARGUMENT

### I. The Court does not need to reconsider or clarify its September 8, 2022 Order relating to the Common Interest Privilege.

The Court does not need to reconsider or clarify its Order for two reasons: First, this Court correctly held that the Common Interest Privilege applies to the communications between co-plaintiffs Relator and State of Texas. Second, Defendants failed to raise this issue in earlier appropriate filings and the Court should decline to hear it now.

### A. The Common Interest Privilege applies to communications between Relator and Texas.

The Common Interest Privilege is intended to extend "certain privileges, typically the attorney-client privilege and work product protection, to documents that are prepared by parties sharing a common litigation interest that would otherwise not enjoy such privilege." ECF No. 162 at 6 (citing *Windsor v. Olson*, No. 3:16-CV-934-L, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019)). Although the privilege originated to protect communications between co-defendants, courts also hold that it also applies to co-plaintiffs under the same rationale. ECF No. 162 at 7 (citing *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015)). The determination for whether this privilege applies to a

4

particular relationship "focuses not on when documents were generated, but on the circumstance surrounding the disclosure of privileged documents to a jointly interested third party." *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990). In its Order, the Court considered the circumstances surrounding the initial communications between Relator and Texas in May 2015: shortly after Relator's initial communications Defendants were terminated from Louisiana Medicaid, the Texas HHSC Office of Inspector General sent its initial notice of termination from Texas Medicaid to the affiliates, and Defendants subsequently sued Texas and Louisiana over their termination from the Medicaid programs. ECF No. 162 at 8. In light of these circumstances, the Court correctly concluded there exists a common litigation interest between Relator and the State. ECF No. 162 at 8.

Moreover, although Defendants' Motion focuses heavily on the extension of the attorney-client privilege, the Common Interest Privilege also applies to extend the work product privilege. *E.g.*, *Windsor*, 2019 WL 77228, at *4. Federal Rule 26(b)(3)(A) states, "a party may not discovery documents and tangible things that are prepared in anticipation of litigation of for trial by *or for* another party or its representative (emphasis added)." The materials Defendants seek include communications Relator prepared *for* the State and communications *by* a Texas OAG investigator in anticipation of the current litigation.[1] The Court's Order correctly

---

[1] These are the documents identified by Bates number in Defendants' Motion (ECF No. 211) at 15. Texas snapped the documents back on the basis of Medicaid Investigative Privilege and Common Interest Privilege. ECF No. 211, Exh. H at 2.

5

applied the Common Interest Privilege to this case; the State requests the Court deny Defendants' Motion.

### B. A motion to reconsider is not the appropriate vehicle for raising arguments that could have been presented earlier.

A motion to reconsider "is not the proper vehicle for rehashing old arguments or raising arguments that could have been presented earlier." *Dos Santos*, 651 F. Supp. 2d at 553 (citing *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1). Texas asserted the Common Interest Privilege in response to four of the 16 interrogatories and 23 of the 36 requests for production on which Defendants moved to compel (ECF No. 128, Exh. C *et seq*), yet there is not a single mention of the privilege in Defendants' Motion to Compel Texas. ECF No. 128. Texas asserted the privilege in its response to Defendants' Motion to Compel (ECF No. 137 at 19–20), yet Defendants did not mention the privilege in their reply (ECF No. 149). The Court noted the State's claim of Common Interest Privilege in its Order (ECF No. 161 at 5), yet Defendants did not mention the privilege in their motion to reconsider or clarify that order (ECF No. 197). Rather than raising their objections to the Common Interest Privilege at any one of those logical points, Defendants chose instead to ignore the matter and now ask the Court to reconsider or clarify an Order pertaining to their co-defendant's motion to compel. ECF No. 211.

A party is entitled to its litigation strategies; however, courts have held that a motion for reconsideration is not an appropriate mechanism for raising an argument for the first time when that argument could have been raised earlier. *Dos Santos*, 651 F. Supp. 2d at 553 (citing *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1).

6

In the interest of judicial economy, "the court expects litigants to advance their strongest case the first time the court considers the matter." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, No. 3:03-CV-2837-G, 3:04-CV-0348-G, 2005 WL 827076, at *1 (N.D. Tex. April 6, 2005) (mem. op.) (citing *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co., Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. March 15, 1999)). "The Court has broad discretion to make whatever rulings that are just in light of the facts of the particular case." *Texas Instruments,* 50 F. Supp. 2d at 621. The State therefore requests the Court deny Defendants' Motion (ECF No. 210).

## II. The materials sought are independently protected by the Medicaid Investigative Privilege.

The Court was well within its authority when it ruled the Common Interest Privilege applies to the relationship between Relator and the State. *See* Section I, *supra.* However, even if the Common Interest Privilege was inapplicable to this case, Defendants are still not entitled to communications between Relator and the State because those communications are independently protected by the Medicaid Investigative Privilege, which this Court has twice recognized. ECF No. 161 at 8; ECF No. 165 at 7.

The Medicaid Investigative Privilege is a state privilege contained in Texas Government Code § 531.1021(g) that applies in this federal case under the analysis articulated in *ACLU of Miss. v. Finch*, 638 F.2d 1136 (5th Cir. 1981). *See* ECF No. 161 at 5–8. The privilege protects "all information and materials subpoenaed or compiled by the office in connection with an audit, inspection, or investigation or by

the office of the attorney general in connection with a Medicaid fraud investigation." Tex. Gov't Code § 531.1021(g). The Texas statute explicitly protects these materials from production or disclosure under the Texas Public Information Act and clearly states they are "not subject to disclosure, discovery, subpoena, or other means of legal compulsion in their release." Tex. Gov't Code § 531.1021(g).

The Court has held the Common Interest Privilege and the Medicaid Investigative Privilege apply in this case. ECF No. 162 at 6–8, ECF No. 165 at 7. The State has asserted both privileges in response to Defendants' discovery requests. CITE. The materials referenced in Defendants' Motion are separately and independently protected by both privileges. Therefore, even if the Court is persuaded to reconsider its September 8th Order as it pertains to the Common Interest Privilege, the materials remain privileged and are not subject to compelled production. CITE. For these reasons, the State asks the Court to deny Defendants' Motion (ECF No. 210).

## CONCLUSION & PRAYER

Defendants' Motion for Reconsideration or Clarification (ECF No. 210) should be denied. The Court has already considered the application of the Common Interest Privilege and defined the scope of that privilege based on the facts in this case. ECF No. 162 at 6–7, ECF No. 165 at 7. The Court has broad discretion in directing discovery and has already twice ruled on the application of this privilege in this case; there is no reason for the Court to reconsider the scope or application of this privilege for a third time. ECF No. 162 at 6–7, ECF No. 165 at 7. Furthermore, even if the

Court did reconsider or clarify the Common Interest Privilege, those materials are independently protected by the Medicaid Investigative Privilege. For these reasons, the State requests the Court Deny Defendants' Motion for Reconsideration (ECF No. 210).

DATED: October 27, 2022

    Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**Attorneys for State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on October 27, 2022, causing electronic service on all counsel of record.

                                           */s/ Raymond Charles Winter*
                                           **Raymond Charles Winter**