IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF TEXAS, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF LOUISIANA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> PLANNED PARENTHOOD § <br> FEDERATION OF AMERICA, INC., § <br> PLANNED PARENTHOOD GULF § <br> COAST, INC., PLANNED § <br> PARENTHOOD OF GREATER § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD SOUTH TEXAS, § <br> INC., PLANNED PARENTHOOD § <br> CAMERON COUNTY, INC., § <br> PLANNED PARENTHOOD SAN § <br> ANTONIO, INC., § <br> § <br> Defendants. § <br> § | Civil Action No. 2:21-CV-00022-Z |

**STATE OF TEXAS'S RESPONSE IN OPPOSITION TO AFFILIATE
DEFENDANTS' SECOND AND RENEWED MOTION TO COMPEL**

i

## TABLE OF CONTENTS

| | Page |
|---|---|
| SUMMARY | 1 |
| BACKGROUND | 2 |
| ARGUMENT & AUTHORITIES | 3 |
|    A. Defendants' Motion to Compel is moot as to Interrogatories 4-7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9-13, 15-18, 24, 33-39, and 41-43. | 4 |
|    B. Defendants' demand for documents from David Maxwell's custodial files seeks information that is categorically privileged and outside the scope of permissible discovery. | 5 |
|       1. Defendants' request targets information protected from discovery by the Medicaid Investigative Privilege | 7 |
|       2. Defendants' request targets information protected from disclosure under the Common Interest Privilege | 10 |
| CONCLUSION | 13 |
| CERTIFICATE OF SERVICE | 16 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU of Miss. v. Finch*, 638 F.2d 116 (5th Cir. 1981) .................................................. 9

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536 (5th Cir. 2005) ................................... 3

*Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259 (W.D. Tex. 2006) ............................ 3

*Freeman v. United States*, 556 F.3d 326 (5th Cir. 2009) ............................................. 4

*Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007 (5th Cir. 1986) ....................................... 4

*Paxton v. Tex. Dep't of State Health Servs.*, 500 S.W.3d 702 (Tex. App.–Austin 2016, no pet.) ................................................................................................................ 7,8,9

*Pulse Eng'g. Inc. v. Mascon, Inc.*, No. 08-CV-0595 JM, 2009 WL 3234177 (S.D. Cal. Oct. 2, 2009) ................................................................................................................ 12

*Rodriguez v. Seabreeze Jetlev LLC*, No. 4:20-cv-07073-YGR, 2022 WL 3327925 (N.D. Cal. 2022) ................................................................................................................ 12

*Regents of Univ. of Cal. v. Affymetrix, Inc.*, 326 F.R.D. 275 (S.D. Cal. 2018) ............ 12

*Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990 (N.D. Tex. Jan. 21, 2020) ................................................................................................... 3, 4

*In re Santa Fe*, 272 F.3d 705 (5th Cir. 2001) ............................................................. 13

*SSL Servs., LLC v. Citrix Sys.*, Civ. A. No. 2-08-cv-158-TJW, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010) ...................................................................................................... 3

*In re Tinsel Grp., S.A.*, No. H-13-2836, 2014 WL 243410 (S.D. Tex. Jan. 22, 2014) .. 13

*U.S. ex rel. Banigan v. Organon USA, Inc.*, No. 07-12153-RWZ, 2013 WL 139735 (D. Mass. 2013) ................................................................................................................. 9

*U.S. ex rel. Banigan v. Organon USA, Inc.*, No. 07-12153-RWZ, 2013 WL 12437578 (D. Mass. Oct. 8, 2013) ................................................................................................. 9

*Windsor v. Olson*, No. 3:16-cv-934-L, 2019 WL 77228 (N.D. Tex) ............................ 11

**Statutes**

Tex. Gov't Code § 531.1021 .......................................................................................... 9

Tex. Gov't Code § 531.1021(g) ................................................................................. 6,9

Tex. Gov't Code § 552.005 ......................................................................................... 10

Tex. Hum. Res. Code § 36.104(b) ................................................................................ 7

 **Page(s)**

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................... 4, 6, 7, 11

Fed. R. Civ. P. 26(b)(3)(A) ................................................................................................. 6, 11

The State of Texas ("Texas") submits this Response to Affiliate Defendants' Second and Renewed Motion to Compel to the State of Texas and Brief in Support (ECF Nos. 228, 229). The Affiliate Defendants' Motion renews their Motion to Compel responses to certain interrogatories and requests for production ("Renewed MTC") and moves to compel production of documents from David Maxwell's custodial data ("Maxwell MTC"). For the reasons set forth herein, this Court should deny as moot Defendants' Renewed Motion to Compel as to Interrogatories 4-7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9-13, 15-18, 24, 33-35, 37-39 and 41-43. Additionally, this Court should deny Defendants' Motion to Compel production of David Maxwell custodial data because Defendants' request seeks categorically privileged information that exceeds the scope of permissible discovery.

## SUMMARY

Defendants' Renewed MTC is premature. Contrary to Defendants' assertions, Texas has responded to Defendants' discovery requests consistent with the commitments it has made and consistent with the Court's September 1, 2022 Order. Defendants needlessly move the Court to compel Texas to perform tasks that are already underway.

Defendants' Maxwell MTC ignores this Court's prior rulings that found that the Medicaid Investigative Privilege and the Common Interest Privilege apply in this case. Defendants' Maxwell MTC seeks documents from the former Deputy Director of Law Enforcement at the Office of the Attorney General. The Motion seeks

1

privileged information that exceeds the scope of permissible discovery and should be denied.

## BACKGROUND

Defendants' Renewed MTC ignores the supplemental productions and responses Texas has made since the Court's September 1, 2022 Order (ECF No. 161).

Since that Order, Texas has: (1) produced over 44,000 pages of documents, including custodial files on a rolling, weekly basis;[1] (2) served supplemental responses to Interrogatory Nos. 4-7, 9, and 14-15; and (3) served verifications of Texas's Interrogatory Responses. *See* Exhibits B and C attached here. These responses to discovery are consistent with the Court's Order and consistent with the commitments Texas made to Defendants. *See* ECF No. 229-6. Texas has been diligently running the agreed-upon search terms and reviewing and producing non-privileged documents on a rolling basis to meet the expedited timetable allotted for discovery under the Scheduling Order.[2] Defendants' Renewed MTC is moot and should be denied.

---

[1] *See* production transmittal letters attached here as Exhibit A.
[2] Defendants complain about the timing of the production of a "Hit Report" and claim that "Hit reports are typically exchanged early in the discovery process." *See* ECF No. 229 at 6-7. However, Defendants first requested a hit report on October 3, 2022, just a little over two weeks prior to filing the MTC, and less than two months out from the close of discovery. Texas should not be faulted for the timing of Defendants' request. The ESI Protocol does not mandate the production of any data related to electronic searches except that such information will not be unreasonably withheld when requested. *See* ECF 130-1 at 13-14. Texas has committed to providing a Hit Report once its document production is complete. *See* ECF No. 229-7.

While styled as a motion to compel, Defendants' Maxwell MTC amounts to yet another motion for reconsideration[3] of the Court's rulings on the applicability of the Medicaid Investigative Privilege and the Common Interest Privilege. Defendants' Motion does not rebut the Court's prior rulings, and for the reasons detailed herein, Defendants' Maxwell MTC should be denied.

## ARGUMENT & AUTHORITIES

"[A] district court has broad discretion in all discovery matters . . ." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 545 (5th Cir. 2005). Federal Rule of Civil Procedure 37 "empowers the court to compel the production of documents and complete responses to interrogatories upon motion by the party seeking discovery." *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). "The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable." *SSL Servs., LLC v. Citrix Sys.*, Civ. A. No. 2-08-cv-158-TJW, 2010 WL 547478, at *1 (E.D. Tex. Feb. 10, 2010). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 1697990, at *3 (N.D. Tex. Jan. 21, 2020), *objections overruled*, No. 3:09-CV-2384-BQ, 2020 WL 1227063 (N.D. Tex. Feb. 20, 2020). "Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden

---

[3] Defendants' decision to again burden the Court regarding discovery that has already been the subject of prior motions to compel and their disregard of the Court's prior rulings has been a consistent theme in this case. To date, Defendants have filed three motions for reconsideration. *See* ECF Nos. 197, 200 and 210. The continuous attempts to revisit prior rulings is inefficient and wastes judicial resources.

3

of showing why the requested discovery is irrelevant, overly broad, unduly burdensome, or privileged." *Id.*

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)).

### A. Defendants' Motion to Compel is moot as to Interrogatories 4-7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9-13, 15-18, 24, 33-35, 37-39 and 41-43.

The Court's September 1, 2022 Order on Defendants' July 18 Motion to Compel determined that Defendants' Motion to Compel was moot as to Interrogatories 4–7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9–13, 15–18, 24, 33–35, 37–39, and 41–43. ECF No. 161 at 4–5. The Court reasoned, "The fact that Texas has not yet completely fulfilled its obligations does not require the Court to compel Texas to respond in ways it has already agreed to," and concluded that just as Defendants were continuing to make rolling productions, Texas should be given the same opportunity. ECF No. 161 at 5.

Since that Order, Texas has produced its initial privilege log, served verified supplemental interrogatory responses, produced documents relied upon by its expert, produced six installments of responsive documents,[4] and has committed to continue

---

[4] To date, Plaintiff has produced over 211,000 pages of documents.

4

its rolling production such that Texas reasonably anticipates based on currently available information that it will substantially complete its document production in response to Defendants' First Set of Requests for Production[5] by November 11, 2022.[6] This substantial completion date is in advance of the start of any State witness depositions and sufficiently in advance of the close of fact discovery under the Scheduling Order.[7] *See* ECF 192. The State is in compliance with its discovery obligations under the Rules and has been responding to discovery consistent with the Court's September 1, 2022 Order.

Texas's document productions and supplemental responses to Defendants' discovery requests render moot the Defendants' Renewed MTC on Interrogatories 4-7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9-13, 15-18, 24, 33-39, and 41-43. Defendants' Renewed MTC should be denied.

### B. Defendants' demand for documents from David Maxwell's custodial files seeks information that is categorically privileged and outside the scope of permissible discovery.

Defendants' MTC seeks Maxwell's communications with Relator beginning in June 2015. Maxwell is the former Deputy Director of Law Enforcement at the Texas Office of the Attorney General. Defendants' request targets communications that concern the subject matter of Defendants' lawsuit filed in November 2015 and ultimately adjudicated in December 2020. Accordingly, the scope of Defendants'

---

[5] On September 15, 2022, Defendants served their Second Set of Requests for Production ("RFPs") to which Texas is also working to respond. Defendants' MTC does not concern the Second Set of RFPs.
[6] If Texas receives new information that changes this anticipated date for substantial completion, Texas will promptly notify the Court and Defendants.
[7] Plaintiff notes that Defendants have not yet completed their document productions and Plaintiff begins taking depositions of Defendant witnesses on November 3, 2022.

request seeks information that is categorically privileged and protected by the Medicaid Investigative Privilege and the Common Interest Privilege.

Defendants contend that their request for documents from Maxwell's custodial files are relevant, not cumulative, and not unduly burdensome.[8] Even if these assertions were true (Texas does not concede they are), the Rules only permit discovery of materials that are relevant, proportional, and *not privileged*. Fed. R. Civ. P. 26(b)(1). Defendants' proposed search terms are specifically tailored to yield only privileged materials. *See* ECF No. 230-2 at 2 (filed under seal) (Defendants' request to the State to conduct certain searches of Maxwell documents).[9] Texas ran Defendants' requested searches and the 13 documents identified are privileged. Texas will amend its privilege log to include these documents. These are communications involving an OAG investigator related to the subject matter of the investigations that preceded Defendants' termination from the Medicaid program and subsequent litigation. *See id.* These materials are categorically privileged under both the Medicaid Investigative Privilege, Core Work Product and the Common Interest Privilege. *See* Tex. Gov't Code 531.1021(g) (Medicaid Investigative Privilege, applied in this case as stated in ECF No. 161 at 8, ECF No. 165 at 7); *see also* Fed. R. Civ. P. 26(b)(3)(A) (proscribing discovery of work product); ECF No. 162 at 7–8, ECF

---

[8] To the extent Defendants rely on arguments made in their Motion for Reconsideration (ECF No. 196), Texas respectfully directs the Court to Texas's Opposition to Affiliate Defendants' Motion for Consideration in response. ECF No. 227.

[9] Defendants had also requested Texas search Andrew Oldham's custodial files. *See* ECF No. 230-2 at 2. However, Defendants' motion does not seek to compel production of Oldham's files. Oldham was employed at the OAG from March 1, 2012 to February 22, 2015. Yet, as Texas explained during the Parties' September 21, 2022 meet-and-confer, Oldham's custodial files are no longer retained. This is consistent with the OAG's five-year retention policy after employee separation.

6

No. 165 at 7 (applying the Common Interest Privilege to this case). Texas will amend its privilege log to include these documents.

Defendants' request for Maxwell documents exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) limits the scope of discovery to "nonprivileged" matters. Fed. R. Civ. P. 26(b)(1).

### 1. Defendants' request targets information protected from discovery by the Medicaid Investigative Privilege.

This Court has already ruled the Medicaid Investigative Privilege applies to this case. *See* ECF No. 161 at 8. This Court wrote,

> Texas has a strong interest in preventing disclosure of this and other information obtained during Medicaid fraud investigations. This is because when 'the state declines to take over the action, the person bringing the action may proceed without the state's participation.' Tex. Hum. Res. Code § 36.104(b). There are important policies mandating confidentiality, including safeguarding protecting health information and ensuring that the government maintains the ability to fully investigate matters.

ECF No. 161 at 7. This Court agreed that "the communications between the Office of the Attorney General of Texas ("Texas OAG") and Relator originated in the confidence that they will be protected from disclosure under the TMFPA." *See* ECF Nos. 132-3 at 14-15, 131-2 at 10.

Defendants contend that "Texas must, at a minimum, establish that the communications and documents exchanged between Maxwell and Relator (and other third parties related to Relator) were 'subpoenaed or compiled' for the purpose of furthering a Medicaid fraud investigation." *See* ECF 229 at 18. To support this proposition, Defendants rely on *Paxton v. Tex. Dep't of State Health Servs.*, 500

7

S.W.3d 702, 706–07 (Tex. App.—Austin 2016, no pet.), but their reliance on this case is misplaced.

In *Paxton*, the Attorney General's Office denied the Texas Department of Health Services' ("DHS") request to withhold information in response to a Texas Public Information Act ("PIA") request. The PIA request sought information collected by the Office of Inspector General ("OIG") during an investigation of an employee complaint against another employee. *See Paxton,* 500 S.W.3d at 703–04. DHS argued that any information collected in connection with any OIG investigation concerning any subject matter was protected from disclosure under the Medicaid Investigative Privilege. *See id.* at 706. But the Austin Court of Appeals explained that

> such an interpretation fails when the provision is considered, as it must be, in the context of the OIG's enabling provisions. When considered in its proper context, it becomes apparent that the Legislature intended for confidentiality to extend only to those OIG audits and investigations concerning 'fraud, waste, and abuse in the provision and delivery of all health and human services in the state.'

*See id.* Accordingly, the Court of Appeals determined that the Medicaid Investigative Privilege did not protect from disclosure the investigation of an employee complaint, because the complaint did not relate to the provision of health care services. *See id.* at 706–07.

Here, the documents Defendants seek concern information related to an investigation of Defendants' provision of services billed to the Medicaid program. Under *Paxton*, the Medicaid Investigative Privilege protects such information from disclosure. *See id.* at 706.

8

Defendants also argue that the privilege does not apply unless the information was collected in accordance with a subpoena issued by OIG – not OAG. *See* ECF No. 229 at 19-20. This argument ignores this Court's prior rulings on the applicability of the Medicaid Investigative Privilege and it adds requirements to the applicability of the privilege that are not supported by the case law or the provision of the Texas Government Code that creates that privilege. *See Paxton*, discussion, *supra* (the Court of Appeals did not require the information be compiled by the OIG rather than the OAG); Tex. Gov't Code §531.1021(g) ("All information and materials subpoenaed or compiled . . . by the office of the attorney general . . . ").

Defendants' arguments run counter to prior decisions that recognize that the OAG enjoys the same Medicaid Investigative Privilege as the OIG when the OAG conducts the Medicaid investigation pursuant to the TMFPA. *See U.S. ex rel. Banigan v. Organon USA, Inc.*, No. 07-12153-RWZ, 2013 WL 139735, at *3 (D. Mass. Jan. 9, 2013) ("The statute flatly bars discovery, including via subpoena, of Medicare[sic] fraud investigation materials gathered by the Texas OAG") vacated in-part by *U.S. ex rel. Banigan v. Organon USA, Inc.*, 07-12153-RWZ, 2013 WL 12437578 (D. Mass. Oct. 8, 2013) (the court later vacated the opinion after determining it lacked jurisdiction), citing Tex. Gov't Code §531.1021. Here, the Court has decided that the Medicaid Investigative Privilege applies in this federal case under the analysis articulated in *ACLU of Miss. v. Finch*, 638 F.2d 1136 (5th Cir. 1981). *See* ECF No. 161 at 5-8. The statute clearly contemplates protecting

9

information compiled by the OAG in connection with Medicaid fraud investigations and is not limited to information obtained only via subpoena nor by the OIG alone.

To support their contention that the Medicaid Investigative Privilege should not apply, Defendants erroneously rely on letters issued by the Office of Attorney General's Open Records Division in response to Public Information Act requests. *See* ECF No. 229 at 21. Exceptions to disclosure under the Public Information Act do not inform the scope of discovery in litigation or the privileges that may apply in response. *See* Tex. Gov't Code §552.005 (the Public Information Act "does not affect the scope of civil discovery under the Texas Rules of Civil Procedure" and "[e]xceptions to disclosure under [the Act] do not create new privileges from discovery"). The fact that the OAG did not identify certain applicable privileges in response to PIA requests submitted in 2015 does not waive any privileges that may be asserted in litigation. The open records letters Defendants cite have no applicability to this litigation. *See e.g.*, ECF No. 229-7 at 5 ("This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances").

### 2. Defendants' request targets information protected from disclosure under the Common Interest Privilege.

This Court has already ruled that the common interest privilege applies to Relator's communications with the State of Texas. *See* ECF No. 162 at 7-8. Defendants' Motion is an attempt to relitigate that ruling.

Rule 26 of the Federal Rules of Civil Procedure bars the discovery they seek with respect to David Maxwell.  First, Rule 26(b)(1) limits the scope of discovery to "nonprivileged" matters. Fed. R. Civ. P. 26(b)(1).  Inherently privileged matters are not discoverable. *Id.*  Second, Defendants are prohibited from discovering "documents . . . prepared in anticipation of litigation" unless: "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).  Defendants fail on both counts, as the requested materials are not otherwise discoverable, and Defendants have made no showing of a "substantial need." *Id.*

Defendants' Motion focuses heavily on the extension of the attorney-client privilege, yet the Common Interest Privilege applies to extend the work product privilege as well. *E.g.*, *Windsor v. Olson*, No. 3:16-cv-934-L, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019).  Federal Rule 26(b)(3)(A) states, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by *or for* another party or its representative (emphasis added)."  Defendants' requests seek communications Relator prepared *for* the State, and communications *by* the Director of Law Enforcement at the OAG in anticipation of litigation.  The Court's Order correctly applied the Common Interest Privilege to this case; the State requests the Court deny Defendants' Motion.

Defendants' arguments concerning the timing of Relator's representation by counsel and the timing of his communications with the OAG has no bearing on

11

whether the Common Interest Privilege applies. The cases cited by Defendants in their Motion confirms that "the common-interest doctrine preserves work-product protection over materials communicated to third parties, so long as they generally share the client's interests and are not adversaries, irrespective of whether they have representation." *See Rodriguez v. Seabreeze Jetlev LLC*, No. 4:20-cv-07073-YGR, 2022 WL 3327925, at *6 (N.D. Cal. 2022) (citing *Pulse Eng'g. Inc. v. Mascon, Inc.*, No. 08-cv-0595 JM, 2009 WL 3234177, at *3 (S.D. Cal. Oct. 2, 2009) (quoting *Regents of Univ. of Cal. v. Affymetrix, Inc.*, 326 F.R.D. 275, 281 n.3 (S.D. Cal. 2018) ("'[C]ase law examining the common interest privilege in the work product context does not necessarily require representation on all sides.'")).[10]

Contrary to Defendants' assertion, Texas does *not* contend that "all communications at any point in time between Relator and a state or federal government employee" warrant protection under the Common Interest Privilege. ECF No. 229 at 25. But here, Defendants seek David Maxwell's communications with Relator from June 1, 2015 to the date of Relator's complaint. *See* ECF No. 230-2 at 2. The Court identified this time period as a factor that weighed in favor of applying the Common Interest Privilege to Defendants' discovery requests. ECF No. 162 at 7. The Court explained:

> The rationale underlying the joint defense privilege focuses not on when documents were generated, but on the

---

[10] Defendants cite *Rodriguez* to support the proposition that the common interest privilege should be limited to represented parties. However, in *Rodriguez*, the Court considered whether the common interest applied to communications made between the plaintiff and non-party witnesses before the non-party witnesses engaged legal representation. *See Rodriguez v. Seabreeze Jetlev LLC*, No. 4:20-cv-07073-YGR, 2022 WL 3327925, at *8 (N.D. Cal. 2022). Here, Defendants' requests seek communications between the OAG and Relator who are both parties to this litigation and to which the Court has already ruled the Common Interest Privilege applies.

12

>   circumstance surrounding the disclosure of privileged documents to a jointly interested third party.' [citation omitted]. And 'nothing in the record suggests that this disclosure was not for the purpose other than to allow' the government-entity parties to participate in the litigation. [citation omitted]. Indeed, several major events in this case occurred shortly after May 2015, including Defendants' termination from the Louisiana Medicaid Program and the Texas Office of the Inspector General's initial notice of termination to PPFA Affiliates. ECF No. 2 at 5, 29. Unsurprisingly, Defendants filed lawsuits against Texas and Louisiana officials over these terminations in 2015.

ECF No. 162 at 8. This consideration is consistent with the Fifth Circuit caselaw cited by Defendants in their Maxwell MTC. *See, e.g., In re Santa Fe Corp.*, 272 F.3d 705 (5th Cir. 2001) (communication from 1991 was not protected by the common interest privilege in anticipation of a lawsuit filed in 2000); *see also In re Tinsel Grp., S.A.*, No. H-13-2836, 2014 WL 243410, at *3 (S.D. Tex. Jan. 22, 2014) ("Temporal length between the majority of documents sought by Tinsel and the prospect of litigation is too great for the court to consider all the documents pre-dating the Common Interest Agreement to be covered by the common interest privilege"). The circumstances surrounding the scope of Defendants' request for Maxwell documents weighs in favor of denying Defendants' Maxwell MTC because it seeks information categorically protected by the Common Interest Privilege.

## CONCLUSION

For the reasons set forth above, Texas respectfully requests that this Court: (1) deny as moot Defendants' Renewed Motion to Compel as to Interrogatories 4-7, 9, 14, and 15 and Requests for Production 3, 4, 6, 9-13, 15-18, 24, 33-39, and 41-43; and (2)

deny Defendants' Motion to Compel David Maxwell documents because these requests seek information and materials that are categorically privileged and not discoverable.

DATED: October 28, 2022

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **BRENT WEBSTER**
        First Assistant Attorney General

        **GRANT DORFMAN**
        Deputy First Assistant Attorney General

        **SHAWN E. COWLES**
        Deputy Attorney General for Civil Litigation

        */S/ Raymond Charles Winter*
        **RAYMOND CHARLES WINTER**
        Chief, Civil Medicaid Fraud Division
        Texas Bar No. 21791950

        **AMY S. HILTON**
        Assistant Attorney General
        General Litigation Division
        State Bar No. 24097834

        Office of the Attorney General
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 / Fax (512) 320-0667
        Raymond.Winter@oag.texas.gov
        Amy.Hilton@oag.texas.gov

        **Attorneys for State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on October 28, 2022, causing electronic service on all counsel of record.

*/s/ Raymond Charles Winter*
**Raymond Charles Winter**