## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH TEXAS,<br>INC., PLANNED PARENTHOOD<br>CAMERON COUNTY, INC.,<br>PLANNED PARENTHOOD SAN<br>ANTONIO, INC., | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## APPENDIX TO STATE OF TEXAS'S OPPOSITION TO AFFILIATE
## DEFENDANTS' SECOND AND RENEWED MOTION TO COMPEL

| Exhibit | Document | Appx. Page Nos. |
|:---:|---|:---:|
| **A** | Compilation of Production transmittal letters | |
| **A-1** | September 14, 2022 Correspondence from R. Winter to Counsel with TXPP_0167498 to TXPP_0169490 | **Appx. 1-2** |
| **A-2** | September 16, 2022 Correspondence from R. Winter to Counsel with the Supplemental | **Appx. 3-4** |

| | | |
|---|---|---|
| | Expert Report of Donald E. Lochabay, Jr. and files produced in conjunction with his report Bates-numbered TXPP_0169491 | |
| A-3 | September 30, 2022 Correspondence from R. Winter to Counsel with TXPP_0169492 to TXPP_0188770 | **Appx. 5-6** |
| A-4 | October 7, 2022 Correspondence from R. Winter to Counsel with TXPP_0188771 to TXPP_0205575 | **Appx. 7-8** |
| A-5 | October 13, 2022 Correspondence from R. Winter to Counsel with TXPP_0205576 to TXPP_0206684 | **Appx. 9-10** |
| A-6 | October 21, 2022 Correspondence from R. Winter to Counsel with TXPP_0206685 to TXPP_0208348 | **Appx. 11-12** |
| B | State of Texas's Supplemental Objections, Statements of Privileges, and Answers to Defendants The Planned Parenthood Affiliates' First Set of Interrogatories | **Appx. 13-30** |
| C | State of Texas's Supplemental Objections, Statements of Privileges, and Answers to Defendants the Planned Parenthood Affiliates' First Set of Interrogatories served October 25, 2022 | |
| C-1 | Verification of Jeffrey Goldstein for State of Texas's Supplemental Objections, Statements of Privilege, and Answers to Defendants the Planned Parenthood Affiliates' First Set of Interrogatories Nos. 4, and 14 dated October 25, 2022 | **Appx. 31** |
| C-2 | Verification of David Drew Wright for State of Texas's Supplemental Objections, Statements of Privilege, and Answers to Defendants the Planned Parenthood Affiliates' First Set of Interrogatories Nos. 5, 6, 7(A), (B) and (D), and 9 dated October 25, 2022 | **Appx. 32** |
| C-3 | Verification of Emily Zalkovsky for State of Texas's Supplemental Objections, Statements of Privilege, and Answers to Defendants the Planned Parenthood Affiliates' First Set of Interrogatories Nos. 7(C), and 15 dated October 25, 2022 | **Appx. 33** |



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 14, 2022

*Via Kiteworks Secure Transmission*

| | |
|---|---|
| Tirzah S. Lollar | Danny S. Ashby |
| Craig D. Margolis | Justin R. Chapa |
| Christian D. Sheehan | Megan Whisler |
| Emily Reeder-Ricchetti | O'Melveny & Meyers LLP |
| Megan Pieper | 2501 N. Harwood Street, Suite 1700 |
| Arnold & Porter Kaye Scholer LLP | Dallas, Texas 75201 |
| 601 Massachusetts Ave., NW Washington, DC 20001 | dashby@omm.com |
| Tirzah.lollar@arnoldporter.com | jchapa@omm.com |
| Craig.margolis@arnoldporter.com | mwhisler@omm.com |
| Christian.Sheehan@arnoldporter.com | |
| Emily.Reeder-richetti@arnoldporter.com | |
| Megan.Pieper@arnoldporter.com | |
| | |
| Christopher M. Odell | Leah Godesky |
| Arnold & Porter Kaye Scholer LLP | O'Melveny & Meyers LLP |
| 700 Louisiana Street, Suite 4000 | 1999 Avenue of the Stars, 8th Floor |
| Houston, Texas 77002 | Los Angeles, California 90067 |
| Christopher.odell@arnoldporter.com | lgodesky@omm.com |
| | |
| Paula Ramer | Ryan Patrick Brown |
| Arnold & Porter Kaye Scholer LLP | Blackburn Brown LLP |
| 250 West 55th Street | 1222 S. Fillmore |
| New York, New York 10019-9710 | Amarillo, Texas 79101 |
| Paula.Ramer@arnoldporter.com | brown@blackburnbrownlaw.com |

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing files Bates-numbered TXPP-0167498 to TXPP_0169490.

September 14, 2022
Page 2


Various documents in this production are designated CONFIDENTIAL INFORMATION. Please treat these documents as "Confidential Information" pursuant to the Protective Order entered in this matter.

The production files are password protected.  The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:    Amy Hilton
       Andrew Stephens
       Heather Hacker



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 16, 2022

***Via Kiteworks Secure Transmission***

Tirzah S. Lollar
Craig D. Margolis
Christian D. Sheehan
Emily Reeder-Ricchetti
Megan Pieper
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW Washington, DC 20001
Tirzah.lollar@arnoldporter.com
Craig.margolis@arnoldporter.com
Christian.Sheehan@arnoldporter.com
Emily.Reeder-ricchetti@arnoldporter.com
Megan.Pieper@arnoldporter.com

Danny S. Ashby
Justin R. Chapa
Megan Whisler
O'Melveny & Meyers LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
dashby@omm.com
jchapa@omm.com
mwhisler@omm.com

Christopher M. Odell
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Christopher.odell@arnoldporter.com

Leah Godesky
O'Melveny & Meyers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
lgodesky@omm.com

Paula Ramer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Blackburn Brown LLP
1222 S. Fillmore
Amarillo, Texas 79101
brown@blackburnbrownlaw.com

Re:    Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing the Supplemental Expert Report of Donald E. Lochabay, Jr. and files produced in conjunction with his report Bates-numbered TXPP_0169491.

September 16, 2022
Page 2


Various documents in this production are designated CONFIDENTIAL INFORMATION. Please treat these documents as "Confidential Information" pursuant to the Protective Order entered in this matter.

The production files are password protected.   The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:     Amy Hilton
        Andrew Stephens
        Heather Hacker
        Catherine Hodges
        Meghan Martin
        Zachary Winter



## KEN PAXTON

ATTORNEY GENERAL OF TEXAS

September 30, 2022

*Via Kiteworks Secure Transmission*

Tirzah S. Lollar
Craig D. Margolis
Christian D. Sheehan
Emily Reeder-Ricchetti
Megan Pieper
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW Washington, DC 20001
Tirzah.lollar@arnoldporter.com
Craig.margolis@arnoldporter.com
Christian.Sheehan@arnoldporter.com
Emily.Reeder-richetti@arnoldporter.com
Megan.Pieper@arnoldporter.com

Danny S. Ashby
Justin R. Chapa
Megan Whisler
O'Melveny & Meyers LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
dashby@omm.com
jchapa@omm.com
mwhisler@omm.com

Christopher M. Odell
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Christopher.odell@arnoldporter.com

Leah Godesky
O'Melveny & Meyers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
lgodesky@omm.com

Paula Ramer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Blackburn Brown LLP
1222 S. Fillmore
Amarillo, Texas 79101
brown@blackburnbrownlaw.com

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing files Bates-numbered TXPP-0169492 to TXPP_0188770.

September 30, 2022
Page 2

The production files are password protected.   The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:    Amy Hilton
        Andrew Stephens
        Heather Hacker
        Catherine Hodges
        Meghan Martin
        Zachary Winter



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 7, 2022

*Via Kiteworks Secure Transmission*

Tirzah S. Lollar
Craig D. Margolis
Christian D. Sheehan
Emily Reeder-Ricchetti
Megan Pieper
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW Washington, DC 20001
Tirzah.lollar@arnoldporter.com
Craig.margolis@arnoldporter.com
Christian.Sheehan@arnoldporter.com
Emily.Reeder-richetti@arnoldporter.com
Megan.Pieper@arnoldporter.com

Danny S. Ashby
Justin R. Chapa
Megan Whisler
O'Melveny & Meyers LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
dashby@omm.com
jchapa@omm.com
mwhisler@omm.com

Christopher M. Odell
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Christopher.odell@arnoldporter.com

Leah Godesky
O'Melveny & Meyers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
lgodesky@omm.com

Paula Ramer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Blackburn Brown LLP
1222 S. Fillmore
Amarillo, Texas 79101
brown@blackburnbrownlaw.com

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing files Bates-numbered TXPP-0188771 to TXPP_0205575.

October 7, 2022
Page 2

The production files are password protected.   The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:   Amy Hilton
      Andrew Stephens
      Heather Hacker
      Catherine Hodges
      Meghan Martin
      Zachary Winter



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 13, 2022

*Via Kiteworks Secure Transmission*

| | |
|---|---|
| Tirzah S. Lollar | Danny S. Ashby |
| Craig D. Margolis | Justin R. Chapa |
| Christian D. Sheehan | Megan Whisler |
| Emily Reeder-Ricchetti | O'Melveny & Meyers LLP |
| Megan Pieper | 2501 N. Harwood Street, Suite 1700 |
| Arnold & Porter Kaye Scholer LLP | Dallas, Texas 75201 |
| 601 Massachusetts Ave., NW Washington, DC 20001 | dashby@omm.com |
| Tirzah.lollar@arnoldporter.com | jchapa@omm.com |
| Craig.margolis@arnoldporter.com | mwhisler@omm.com |
| Christian.Sheehan@arnoldporter.com | |
| Emily.Reeder-richetti@arnoldporter.com | |
| Megan.Pieper@arnoldporter.com | |
| | |
| Christopher M. Odell | Leah Godesky |
| Arnold & Porter Kaye Scholer LLP | O'Melveny & Meyers LLP |
| 700 Louisiana Street, Suite 4000 | 1999 Avenue of the Stars, 8th Floor |
| Houston, Texas 77002 | Los Angeles, California 90067 |
| Christopher.odell@arnoldporter.com | lgodesky@omm.com |
| | |
| Paula Ramer | Ryan Patrick Brown |
| Arnold & Porter Kaye Scholer LLP | Blackburn Brown LLP |
| 250 West 55th Street | 1222 S. Fillmore |
| New York, New York 10019-9710 | Amarillo, Texas 79101 |
| Paula.Ramer@arnoldporter.com | brown@blackburnbrownlaw.com |

Re:    Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing files Bates-numbered TXPP_0205576 to TXPP_0206684.

October 13, 2022
Page 2

The production files are password protected.  The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:     Amy Hilton
        Andrew Stephens
        Heather Hacker
        Catherine Hodges
        Meghan Martin
        Zachary Winter



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 21, 2022

***Via Kiteworks Secure Transmission***

Tirzah S. Lollar
Craig D. Margolis
Christian D. Sheehan
Emily Reeder-Ricchetti
Megan Pieper
Alyssa Gerstner
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW Washington, DC 20001
Tirzah.lollar@arnoldporter.com
Craig.margolis@arnoldporter.com
Christian.sheehan@arnoldporter.com
Emily.reeder-ricchetti@arnoldporter.com
Megan.pieper@arnoldporter.com
Alyssa.gerstner@arnoldporter.com

Danny S. Ashby
Justin R. Chapa
Megan Whisler
O'Melveny & Meyers LLP
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
dashby@omm.com
jchapa@omm.com
mwhisler@omm.com

Christopher M. Odell
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Christopher.odell@arnoldporter.com

Leah Godesky
O'Melveny & Meyers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
lgodesky@omm.com

Paula Ramer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
Paula.ramer@arnoldporter.com

Ryan Patrick Brown
Blackburn Brown LLP
1222 S. Fillmore
Amarillo, Texas 79101
brown@blackburnbrownlaw.com

Re:   Case 2:21-cv-00022-Z; *The United States of America, et al v. Planned Parenthood Federation of America, Inc., et al*; In the United States District Court for the Northern District of Texas, Amarillo Division.

Counselors:

Please find the enclosed secure transmission containing files Bates-numbered TXPP-0206685 to TXPP_0208348.

October 21, 2022
Page 2

The production files are password protected.   The password for the files will be e-mailed separately.

Sincerely,

*/s/ Raymond C. Winter*

Raymond C. Winter
Division Chief, Civil Medicaid Fraud Division
Raymond.Winter@oag.texas.gov
512-936-1709

cc:   Amy Hilton
      Andrew Stephens
      Heather Hacker
      Catherine Hodges
      Meghan Martin
      Zachary Winter

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH TEXAS,<br>INC., PLANNED PARENTHOOD<br>CAMERON COUNTY, INC.,<br>PLANNED PARENTHOOD SAN<br>ANTONIO, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**STATE OF TEXAS'S SUPPLEMENTAL OBJECTIONS, STATEMENTS
OF PRIVILEGES, AND ANSWERS TO DEFENDANTS THE PLANNED
PARENTHOOD AFFILIATES' FIRST SET OF INTERROGATORIES**

To:    Christopher M. Odell, Arnold & Porter, 700 Louisiana Street, Suite 4000,
       Houston, TX 77002-2755; Tirzah S. Lollar, Craig D. Margolis, Christian
       Sheehan, Emily Reeder-Ricchetti, Megan Pieper and Alyssa Gerstner,
       Arnold & Porter, 601 Massachusetts Ave, NW, Washington, DC 20001-
       3743; Paula Ramer, Arnold & Porter, 250 West 55th Street, New York, New
       York 10019-9710; and Ryan Patrick Brown, Blackburn Brown LLP, 1222
       S. Filmore, Amarillo, Texas 79101.

The State of Texas serves these supplemental objections, statements of privileges, and answers to Defendants' First Set of Interrogatories.

After meeting and conferring with the Defendants, in an attempt to resolve the issues on which the parties disagree, and pursuant to the Court's order on Defendant PPFA's motion to compel, and other Orders and filings in this case, the State of Texas serves these Supplemental Objections, Statements of Privileges, and Answers to Defendants the Planned Parenthood Affiliates' First Set of Interrogatories. The State does not waive, and hereby expressly reserves, its right to assert any and all objections as to the Defendant's First Set of Interrogatories, including but not limited to, the Defendant's definitions and any Interrogatory not included in this Supplemental Response.

2

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 4

Identify and describe in detail the principal and material facts that form the basis for Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid. Your response should include the basis of your contention that the affiliate: (A) is not qualified to provide medical services under Texas Medicaid, including but not limited to all laws, regulations, policies, agreements, manuals, or other guidance that you contend each of the Planned Parenthood Affiliates violated; (B) engaged in practices that violated generally accepted medical standards, including which generally accepted medical standards you contend were violated and how they were violated; and/or (C) engaged in misrepresentations about its activity relating to fetal tissue procurements, including identifying any such misrepresentations.

**OBJECTIONS:**

**Not Relevant to Texas TMFPA claims. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The "termination of each of the Planned Parenthood Affiliates" is not an issue for Texas's TMFPA claim. "Termination of each of the Planned Parenthood Affiliates" was decided as a matter of law when the Defendants failed to properly exercise their administrative remedies under Texas law. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. This question, therefore, asks for information that is irrelevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**Improper collateral attack of decided issues. This Interrogatory is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided as a matter of law when the Defendants failed to properly exercise their administrative remedies under Texas law. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

3

**ANSWER:**

**Without waiving any of the State's Objections or Claims of Privilege, the State answers: The immediate basis for the termination of each of the Planned Parenthood Affiliates from Texas Medicaid was that the Defendants failed to exercise their administrative remedies after receiving multiple rounds of detailed letters notifying each PPH Affiliate of the reasons for their impending termination, and the process for challenging the allegations described in those letters. Texas Medicaid through the Texas Health and Human Services Commission—Office of Inspector General ("HHSC-OIG") sent preliminary notice of termination letters to the Planned Parenthood Affiliates in or about September 2015, and final notice of termination letters in or about December 2016. These letters laid out the facts, reasoning, and law behind the PPH Affiliates' impeding termination. _See e.g._ Bates numbers PPGC00000013 - PPGC00000017 (preliminary notices); Bates numbers PPGC00000018 - PPGC00000023 (final notices). After the PPH Affiliates failed to exercise their administrative remedies to challenge those notices, their terminations became final by operation of Texas law. The Affiliates had a chance to challenge any contentions underlying the termination of each of the Planned Parenthood Affiliates from Texas Medicaid and failed to do so when they failed to exercise their administrative remedies.**

**Federal Rule of Evidence 201 permits a court to take judicial notice and adjudicate a fact if it is not subject to reasonable dispute. Accordingly, the following facts, which outline the foundation of this case, are not in dispute: Defendants failed to exercise their administrative remedies to appeal from final notice of termination letters issued by HHSC-OIG in December 2016, rendering Defendants' terminations final and unappealable under Texas law by the end of January 2017. Dkt. 22 at 2-6. Defendants instead sought relief in both the Western District of Texas and the state district court of Travis County, Texas, where they obtained now-vacated injunctive relief temporarily preventing Texas from implementing the final and unappealable terminations. _Id._ As described in the State's Expert's Reports and produced materials in this case, Defendants received more than $8 million for services delivered to Medicaid patients between February 1, 2017 (the date by which Defendants' terminations were final and unappealable by operation of Texas law) and March 12, 2021 (the date of the state court's final order) and have failed to pay or transmit those funds back to Texas despite the obligation to do so. _Id._**

4

**It is the State's position that the issues in this case can largely be resolved as a matter of law.**

**The Termination Notices of each of the Planned Parenthood Affiliates speak for themselves.**

**Please also see the State's Complaint in Intervention and its description of facts and other details. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory from the discovery production described above and from the State's Complaint in Intervention is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

INTERROGATORY NO. 5

Identify and describe in detail the principal and material facts that form the basis of your contention that PPGT, PPST, PP Cameron County, and PP San Antonio are each "a person that is affiliated with a person who commits a program violation" under 1 Tex. Admin. Code Sec. 371.1703(c)(7) and/or are otherwise not qualified to provide medical services under Texas Medicaid.

**OBJECTIONS:**

**Not Relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. The "commission of program violations" is not an issue for Texas's TMFPA claim. The termination of the Defendants as Medicaid providers was decided as a matter of law when the Defendants failed to exercise their administrative remedies. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court. This question, therefore, asks for information that is irrelevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**Improper collateral attack of decided issues. This Interrogatory is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants failed to exercise their administrative remedies and were terminated as Texas Medicaid providers as**

5

a matter of law. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.

**ANSWER:**

Without waiving any of the State's Objections or Claims of Privilege, the State answers: Texas Medicaid through HHSC-OIG sent preliminary notice of termination letters to the Planned Parenthood Affiliates in or about September 2015, and final notice of termination letters in or about December 2016. *See e.g.* Bates numbers PPGC00000013 - PPGC00000017 (preliminary notices); Bates numbers PPGC00000018 - PPGC00000023 (final notices). The PPH Affiliates were terminated as Texas Medicaid providers when the PPH Affiliates failed to exercise their administrative remedies to challenge their terminations. The Affiliates had a chance to challenge any contentions underlying the termination of each of the Planned Parenthood Affiliates from Texas Medicaid and did not do so.

Federal Rule of Evidence 201 permits a court to take judicial notice and adjudicate a fact if it is not subject to reasonable dispute. Accordingly, the following facts, which show that Defendants are not qualified to provide medical services under Texas Medicaid are not in dispute: Defendants failed to exercise their administrative remedies to appeal from final notice of termination letters issued by HHSC-OIG in December 2016, rendering Defendants' terminations final and unappealable, and rendering Defendants not qualified to provide medical services under Texas Medicaid, as a matter of Texas law by the end of January 2017. Dkt. 22 at 2-6. Defendants instead sought relief in both the Western District of Texas and the state district court of Travis County, Texas, where they obtained now-vacated injunctive relief temporarily preventing Texas from implementing the final and unappealable terminations. *Id.* As described in the State's Expert's Reports and produced materials in this case, Defendants received more than $8 million for services delivered to Medicaid patients between February 1, 2017 (the date by which Defendants' terminations were final and unappealable by operation of Texas law) and March 12, 2021 (the date of the state court's final order) and have failed to pay or transmit those funds back to Texas despite the obligation to do so. *Id.*

It is the State's position that the issues in this case – and especially Defendants' disqualification to provide medical services under Texas Medicaid -- can

6

**largely be resolved as a matter of law.**

**Please also see the State's Complaint in Intervention and its description of facts and other details. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory from the discovery production described above and from the State's Complaint in Intervention is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

INTERROGATORY NO. 6

State when you were first contacted by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations that any Planned Parenthood Affiliate was improperly engaged in fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement. Describe in detail the information provided to you by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including but not limited to any documents or other evidence that was provided to you.

**OBJECTION:**

**Not Relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. When the "Relator, the Center for Medical Progress, or third parties" first contacted the State, and "fetal tissue" are not relevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**STATEMENTS OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into when Texas was first contacted by "Relator, The Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations" of "fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement" asks for information which is covered by the attorney- client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definitions of "related to," and "you."**

7

Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into when Texas was first contacted by "Relator, The Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations" of "fetal tissue procurement or otherwise violating laws or regulations related to medical research or to fetal tissue procurement" especially with its overbreadth, asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").

**ANSWER:**

Without waiving any of the State's Objections or Claims of Privilege, the State answers:  The State was first contacted by Relator on or about May 2015 regarding allegations in Relator's Complaint. The State was further informed of those allegations before the Complaint was filed, and when the Complaint was filed, on February 5, 2022. Texas was aware of the amount of Medicaid funds the Planned Parenthood Affiliates have received but was unaware of the facts alleged in Relator and Texas's complaint regarding the Planned Parenthood Affiliates' liability under the TMFPA until Relator's Disclosure to Texas. Please also see the Relator's filings and discovery produced in this case including, but not limited to: the Relator's Answers and Supplemental Answers to PP Federation of America's First Set of Interrogatories number 6, 7, 12, and 15; the Relator's Answers and Supplemental Answers to Planned Parenthood Gulf Coast's First Set of Interrogatories number 7. Please also see the State's Complaint in Intervention and its description of facts and other details. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory from the discovery production described above and from the State's Complaint in Intervention and other filings is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.

8

INTERROGATORY NO. 7

Describe in detail your communications with the Government, if any, regarding the qualifications of each of the Planned Parenthood Affiliates to provide Medicaid or Texas Medicaid services, whether each of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether each of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, Texas's termination of each of the Planned Parenthood Affiliates from Texas Medicaid, and whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement. Your response should include, but not be limited to, a detailed description of any response from Texas to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Gary Jessee, Associate Commissioner for Medicaid/CHIP, Texas Health and Human Services Commission (attached as Ex. A).

**OBJECTIONS:**

**Not relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Neither the State's communication with "the Government" (whatever that means), or Defendants' "qualifications" and possible "misrepresentations," "generally accepted medical standards," "fetal tissue," Defendants' terminations from Texas Medicaid, nor "Medicaid's free choice of provider requirement" are relevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**Lacking specificity. It is unclear what the term "the Government" means in this Interrogatory which is directed to the State, which is a "Government."**

**Improper collateral attack of decided issues. This Interrogatory is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants failed to exercise their administrative remedies. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

9

**Overbroad. This request is overbroad because of the objectionably very broad definition of "your" here which encompasses untold persons and entities who have nothing to do with any claims or defenses in this case.**

**STATEMENTS OF PRIVILEGES:**

**Core Work Product, Common Interest, and Attorney/Client: This Interrogatory inquiring into "your communications with the Government" "regarding" Defendants': "qualifications to provide Medicaid or Texas Medicaid services," engaging "in practices that violated generally accepted medical standards" and misrepresentations about "fetal tissue procurements," Texas's termination of Defendants, and "whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement" asks for information which is covered by the attorney-client, common interest, and work product privileges and protections. This is especially true with the almost unlimited definition of "your."**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into "your communications with the Government" "regarding" Defendants' "qualifications to provide Medicaid or Texas Medicaid services," engaging "in practices that violated generally accepted medical standards" and misrepresentations about "fetal tissue procurements," Texas's termination of Defendants, and "whether the termination of each of the Planned Parenthood Affiliates from Texas Medicaid violates Medicaid's free choice of provider requirement," especially with its overbreadth, asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

10

**ANSWER:**

**A) Without waiving any of the State's Objections or Claims of Privilege, the State refers to its response to INTERROGATORY No. 4, above, and answers: Defendants were terminated from Texas Medicaid as a matter of law because Defendants did not exercise their administrative remedies. The facts surrounding Defendants' termination from Medicaid (for which the Court may take judicial notice under FRE 201) are not in dispute: Defendants failed to exercise their administrative remedies to appeal from the final notice of termination letters issued by HHSC-OIG in December 2016, rendering Defendants' terminations final and unappealable, as a matter of Texas law by the end of January 2017. Dkt. 22 at 2-6. Defendants instead sought relief in both the Western District of Texas and the state district court of Travis County, Texas, where they obtained now-vacated injunctive relief temporarily preventing Texas from implementing the final and unappealable terminations. _Id_. As described in the State's Expert's Reports and produced materials in this case, Defendants received more than $8 million for services delivered to Medicaid patients between February 1, 2017 (the date by which Defendants' terminations were final and unappealable by operation of Texas law) and March 12, 2021 (the date of the state court's final order) and have failed to pay or transmit those funds back to Texas despite the obligation to do so. _Id_.**

**B) It is the State's position that the issues in this case – and especially Defendants' disqualification to provide medical services under Texas Medicaid -- can largely be resolved as a matter of law.**

**C) Although irrelevant to Texas's TMFPA claim in this case, Texas HHSC Medicaid & CHIP Associate Commissioner Jami Snyder wrote a December 2, 2016 response to the August 11, 2016 letter from Centers for Medicare & Medicaid Services (CMS) Director Vikki Wachino to Texas HHSC Associate Commissioner for Medicaid & CHIP Gary Jessee. _See_ 12.2.2016 letter at Bates no. TXPP_0189218-0189219. In the December 2, 2016 letter Ms. Snyder discussed the "pending litigation in federal court" requesting an injunction related to Planned Parenthood Gulf Coast's termination as a Medicaid provider. _Id_. at 1. Ms. Snyder assured Ms. Wachino and CMS that "[r]egardless of the final resolution" of that lawsuit "the investigation of PPGC and any resulting administrative action has not and will not affect access to care, as Texas maintains a robust network of qualified providers." _Id_. Ms. Snyder also detailed that "HHSC has established network adequacy standards for its contracted managed care organizations, ensuring member access to**

11

**providers offering women's healthcare services in every region of the state."** *Id.* **She further detailed that "more providers are available to serve this population today than in previous years, and that those "[p]roviders include physicians, federally qualified health centers, Medicaid-certified rural health clinics, and other health care providers across the State[.]"** *Id.* **Ms. Snyder reassured Ms. Wachino and CMS that "[t]hese providers constitute an extraordinary expansion in access to women's healthcare that match and increase the kind of services PPGC and its affiliates have provided."** *Id.* **at 2.**

**D) Additionally, using agreed search terms the State has searched for and is producing non-privileged communications with the federal government, if any, "regarding the qualifications of each of the Planned Parenthood Affiliates to provide Medicaid or Texas Medicaid services." Please also see the State's Complaint in Intervention and its description of facts and other details. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory from the discovery production described above and from the State's Complaint in Intervention is substantially the same for the Defendants as it is for the State. Designated discovery has not been completed.**

INTERROGATORY NO. 9

Identify each person with knowledge of the principal and material facts relevant to the allegations in your Complaint, including but not limited to, your allegations that any of the Planned Parenthood Affiliates are not qualified to provide medical services under Texas Medicaid, whether any of the Planned Parenthood Affiliates engaged in practices that violated generally accepted medical standards and if so which ones, whether any of the Planned Parenthood Affiliates engaged in misrepresentations about its activity relating to fetal tissue procurements and if so which misrepresentations, that Texas's decision to terminate each of the Planned Parenthood Affiliates' participation in Texas Medicaid was justified, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017, that each of the Planned Parenthood Affiliates were obligated to repay to Texas Medicaid dollars it received in reimbursements, that each of the Planned Parenthood Affiliates were effectively terminated from Texas Medicaid, at the latest, by February 1, 2017. Your response should describe the facts about which each person has knowledge.

Appx. 024

**OBJECTIONS:**

**Not relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Neither Defendants' "qualifications" and possible "misrepresentations," "generally accepted medical standards," "fetal tissue," nor "Medicaid's free choice of provider requirement," let alone any person's knowledge of such, are relevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**Improper collateral attack of decided issues. This Interrogatory is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants failed to exercise their administrative remedies. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**ANSWER:**

**Without waiving any Objections, see the State's Complaint in Intervention, the State's other filings in this case, including the State's Response to RFP 1. The burden of deriving or ascertaining any relevant answers to the discrete subparts of this Interrogatory is substantially the same for the Defendant as it is for the State. Designated discovery has not been completed.**

**Generally, the allegations in the State's Complaint in Intervention do not require persons with knowledge of facts to support them. Federal Rule of Evidence 201 permits a court to take judicial notice and adjudicate a fact if it is not subject to reasonable dispute. Accordingly, the following facts, which show that Defendants were effectively terminated from Texas Medicaid are not in dispute: Defendants failed to exercise their administrative remedies to appeal from final notice of termination letters issued by HHSC-OIG in December 2016, rendering Defendants' terminations final and unappealable, and effectively terminating Defendants from Texas Medicaid, as a matter of Texas law by the end of January 2017. Dkt. 22 at 2-6.  Defendants instead sought relief in both the Western District of Texas and the state district court of Travis County, Texas, where they obtained now-vacated injunctive relief temporarily preventing Texas from implementing the final and unappealable terminations. *Id*. As described in the State's Expert's Reports and produced**

13

materials in this case, Defendants received more than $8 million for services delivered to Medicaid patients between February 1, 2017 (the date by which Defendants' terminations were final and unappealable by operation of Texas law) and March 12, 2021 (the date of the state court's final order) and have failed to pay or transmit those funds back to Texas despite the obligation to do so. *Id*.

It is the State's position that the issues in this case – and especially Defendants' effective termination as providers from Texas Medicaid -- can largely be resolved as a matter of law.

Support for the State's allegations in its Complaint in Intervention that Planned Parenthood Affiliates "are not qualified to provide medical services under Texas Medicaid" is found throughout the Complaint and in 1 Tex. Admin. Code § 371.1705(e), which reads in part: "If, after the effective date of an exclusion, an excluded person submits or causes to be submitted claims for services or items furnished within the period of exclusion, the person may be subject to civil monetary penalty liability." ECF 22 at 8.

There are no allegations in the State's Complaint in Intervention that any Defendants "engaged in practices that violated generally accepted medical standards."

There are no allegations in the State's Complaint in Intervention about misrepresentations or any other "activity relating to fetal tissue procurements."

Please also see Texas's pleadings, and discovery responses, including, but not limited to, Texas's disclosures.

INTERROGATORY NO. 14

Describe in detail your efforts, if any, to determine whether providers under Texas Medicaid have engaged in fetal tissue procurement that, in your view, might render them unqualified to provide medical services under Texas Medicaid or might violate generally accepted medical standards. Your response should describe the extent to which Texas Medicaid providers are informed of any such efforts. Your response should also identify any Texas Medicaid providers identified as a result of these efforts and describe in detail Texas's consideration of potentially terminating such providers, whether such providers were terminated, whether such

14

providers asked or required to repay amounts reimbursed under Texas Medicaid, and the amounts returned, if any.

**OBJECTIONS:**

**Not Relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. "Fetal tissue," and "generally accepted medical standards," are not part of Texas's Complaint in Intervention and are not relevant to the State's TMFPA claim or to defenses to the State's claim in this case.**

**Improper collateral attack of decided issues. This Interrogatory is an improper collateral attack of Defendants' termination from Texas Medicaid, which has been decided as a matter of law and which is not an issue in this case. This issue was decided when Defendants failed to exercise their administrative remedies. This has been recognized by the Fifth Circuit and the Honorable Judge Lora Livingston in Travis County District Court.**

**STATEMENT OF PRIVILEGE:**

**Government Code Medicaid Investigative Privilege. This Interrogatory inquiring into "your efforts, if any, to determine whether providers under Texas Medicaid have engaged in fetal tissue procurement" asks for information which is privileged under the Government Code Medicaid Investigative Privilege. Texas Government Code § 531.102(k) and Texas Government Code § 531.1021(g) ("All information and materials subpoenaed or compiled by the [OIG] office in connection with an audit or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure under Chapter 552, and not subject to disclosure, discovery, subpoena, or other means of legal compulsion for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.").**

15

**ANSWER:**

**Generally, HHSC-OIG investigates allegations that might render Texas Medicaid providers unqualified to provide medical services. These allegations may originate in various sources. Any information concerning wrongdoing by a provider generally receives a preliminary investigation and if there is cause for additional concern, it may proceed to a full-scale investigation.**

**Individualized investigations as to all Texas Medicaid providers are not conducted to determine whether those providers have engaged in fetal tissue procurement.**

INTERROGATORY NO. 15

Describe in detail why Texas granted the Grace Period, including but not limited to its basis for its apparent assertion that granting the Grace Period is not inconsistent with its contention in the Texas Complaint that the Planned Parenthood Affiliates were obligated to repay Texas Medicaid dollars that it received during the Grace Period.

**OBJECTION:**

**Not relevant to Texas's TMFPA claim. Texas's Complaint in Intervention is brought under Section 36.002(12) of the TMFPA, alleging the Defendants knowingly and improperly avoided an obligation to repay money owed to Texas Medicaid. Texas's Complaint in Intervention does not seek payment of civil remedies by Defendants or any recovery of Texas Medicaid dollars paid to Defendants for services delivered during the Grace Period. This makes facts regarding that Grace Period not relevant to any of the State's claims or to defenses to the State's claims in this case.**

**ANSWER:**

**The State of Texas granted the Grace Period to help facilitate continuity of care for Medicaid clients who received Medicaid health services from the Defendants and needed to be transitioned to other providers. The State is not seeking payment of civil penalties by Defendants or any recovery of Texas Medicaid dollars paid to Defendants for services delivered during the Grace Period.**

16

RESPECTFULLY SUBMITTED,


KEN PAXTON
Attorney General of Texas


BRENT WEBSTER
First Assistant Attorney General


GRANT DORFMAN
Deputy First Assistant Attorney General


SHAWN E. COWLES
Deputy Attorney General for Civil
Litigation


*/s/ Raymond Charles Winter*
RAYMOND CHARLES WINTER
Chief, Civil Medicaid Fraud Division
State Bar No. 21791950


AMY S. HILTON
Assistant Attorney General
General Litigation Division
State Bar No. 24097834


Office of the Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov


**Attorneys for State of Texas**


17

## CERTIFICATE OF SERVICE

I certify that on **October 25, 2022**, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

| | |
|---|---|
| Christopher Mohr Odell | christopher.odell@arnoldporter.com |
| Tirzah Lollar | tirzah.lollar@arnoldporter.com |
| Craig D Margolis | craig.margolis@arnoldporter.com |
| Christian Sheehan | christian.sheehan@arnoldporter.com |
| Emily Reeder-Ricchetti | emily.reeder-ricchetti@arnoldporter.com |
| Megan Pieper | megan.pieper@arnoldporter.com |
| Paula Ramer | paula.ramer@arnoldporter.com |
| Alyssa Gerstner | alyssa.gerstner@arnoldporter.com |
| Danny S Ashby | dashby@omm.com |
| Justin Roel Chapa | jchapa@omm.com |
| Leah Godesky | lgodesky@omm.com |
| Megan Whisler | mwhisler@omm.com |
| Ryan Patrick Brown | brown@blackburnbrownlaw.com |

**Attorneys for Defendants**

*/s/ Raymond Charles Winter*
**Raymond Charles Winter**

18

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

 I, Jeffrey Goldstein, Legal Assistant III for the HHS Office of the Inspector General, after having been first duly sworn, state on my oath that I have read the foregoing STATE OF TEXAS'S SUPPLEMENTAL OBJECTIONS, STATEMENTS OF PRIVILEGES, AND ANSWERS TO DEFENDANTS THE PLANNED PARENTHOOD AFFILIATES' FIRST SET OF INTERROGATORIES and verify the responses to *Interrogatory Nos.4 and 14*. These Responses are correct as they pertain to the Texas Medicaid Program to the best of my knowledge, information and belief.

Duly Authorized Representative
of the State of Texas

 Sworn to and subscribed before me this the 25th day of October, 2022.

Notary Public

My Commission Expires:



**CHARLENE GARNER**
Notary Public-State of Texas
Notary ID #132066930
Commission Exp. JUNE 24, 2023
**Notary without Bond**

Appx. 031

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

I, David Drew Wright, Assistant Attorney General for the Office of the Texas Attorney General, after having been first duly sworn, state on my oath that I have read the STATE OF TEXAS'S SUPPLEMENTAL OBJECTIONS, STATEMENTS OF PRIVILEGES, AND ANSWERS TO DEFENDANTS THE PLANNED PARENTHOOD AFFILIATES' FIRST SET OF INTERROGATORIES and verify the responses to *Interrogatories Nos. 5, 6, 7 paragraphs (A), (B), and (D), and 9* under Federal Rule of Civil Procedure 33(b)(1)(B) as they pertain to the Texas Medicaid Program to the best of my knowledge, information and belief.

Duly Authorized Representative
of the State of Texas

Sworn to and subscribed before me this the _25_ day of _October_ , 2022.

_Diana Reed_
Notary Public

My Commission Expires:



DIANA REED
Notary Public-State of Texas
Notary ID #125347114
Commission Exp. JULY 29, 2026
Notary without Bond

Appx. 032

## VERIFICATION

**STATE OF TEXAS**          §
                            §
**COUNTY OF TRAVIS**        §

I, Emily Zalkovsky, Texas Deputy State Medicaid Director, after having been first duly sworn, state on my oath that I have read the foregoing STATE OF TEXAS'S SUPPLEMENTAL OBJECTIONS, STATEMENTS OF PRIVILEGES, AND ANSWERS TO DEFENDANTS THE PLANNED PARENTHOOD AFFILIATES' FIRST SET OF INTERROGATORIES and verify the responses to *Interrogatory Nos 7 paragraph (C) and 15.* These Responses are correct as they pertain to the Texas Medicaid Program to the best of my knowledge, information and belief.

_____
Duly Authorized Representative
of the State of Texas

Sworn to and subscribed before me this the 25 day of October , 2022.

AMY LUTON
Notary Public-State of Texas
Notary ID #13299395-6
Commission Exp. MARCH 10, 2025

_____
Notary Public

My Commission Notary without Bond