IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV – 2 2022

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Affiliate Defendants' Motion for Reconsideration or Clarification of This Court's September 8, 2022 Order Relating to Common-Interest Privilege ("Motion") (ECF No. 210), filed on October 6, 2022. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On September 8, 2022, the Court ruled on the applicability of the common-interest privilege and incorporated by reference the reasoning in its September 1, 2022 Order (ECF No. 162) ruling on a motion filed by PPFA. *See* ECF No. 166 at 3. The Court held assertions of privilege between Relator and Texas were not "baseless" but directed Relator to produce a privilege log. *See* ECF Nos. 162 at 8, 166 at 2–3. Affiliate Defendants now seek reconsideration, arguing "Plaintiffs cannot withhold any communications between

Relator and Texas prior to the Relator's engagement of counsel retained for the purpose of bringing a civil action against Affiliate Defendants, any communications including any third party, nor any communications where privilege has otherwise been waived." ECF No. 211-1 at 11.

### LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997. Instead, courts should apply Rule 54(b) when considering a motion for reconsideration. *See Austin v. Kroger Tex.*, *L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal marks omitted). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (internal marks omitted).

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (internal marks omitted). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta v. Yellow Transp., Inc.*, No. CIV.A.3:05CV2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (internal marks omitted).

2

ANALYSIS

### A. Affiliate Defendants Could Have Raised Their Arguments Earlier

Affiliate Defendants have not presented any newly discovered evidence or identified any manifest errors of law. Instead, Affiliate Defendants are "rehashing old arguments or raising arguments that could have been presented earlier." *Dos Santos*, 651 F. Supp. 2d at 553 (citing *Arrieta*, 2009 WL 129731, at *1). There was no mention of the common-interest privilege in Affiliate Defendants' motion to compel Texas or in their reply — even though Texas raised the common-interest privilege in its objections several times. *See* ECF Nos. 128, 149, 128-3 at 14–18. Affiliate Defendants also failed to mention the privilege in their motion to consider or clarify the Court's September 1, 2022 Order (ECF No. 161). *See* ECF No. 197. Affiliate Defendants chose to ignore the matter and now ask the Court to reconsider or clarify an Order on their co-defendant's motion to compel. Thus, the Court could deny the Motion for this reason alone. But for the sake of clarity, the Court will explain why it did not err.

### B. The Common-Interest Privilege Applies to Communications Between Relator and Texas

Rule 26(b)(1) limits the scope of discovery to "nonprivileged" matters. FED. R. CIV. P. 26(b)(1). "The joint-defense or common-interest doctrine extends certain privileges, typically the attorney-client privilege and work product protection, to documents that are prepared by parties sharing a common litigation interest that would otherwise not enjoy such privilege." *Windsor v. Olson*, No. 3:16-CV-934-L, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019) (internal marks omitted). The two types of communications protected under the common-interest doctrine are: (1) communications between co-defendants in actual litigation and their counsel; and

(2) communications between *potential* co-defendants and their counsel.[1] *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (internal marks omitted). The rationale underlying the common-interest privilege "focuses not on when documents were generated, but on the circumstances surrounding the disclosure of privileged documents to a jointly interested third party." *In re Grand Jury Subpoenas*, 902 F.2d at 249. "Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the [common-interest privilege] remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *Id.*

An agreement to make a communication in pursuit of a joint strategy may be unwritten. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) (internal marks omitted). But "there must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation." *In re Santa Fe*, 272 F.3d at 711. "[A]lthough no bright line 'relation back' rule exists in the caselaw, the Government's ultimate intervention in [a] case lends factual support . . . that the communications between the Plaintiffs were in fact in furtherance of a strategic common legal interest." *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 6875354, at *1 (D. Minn. Dec. 17, 2019). The common interest privilege "in the work product context does not necessarily require representation on all sides." *Regents of Univ. of Ca. v. Affymetrix, Inc.*, 326

---

[1] The Fifth Circuit has not expressly held that the privilege is inapplicable to co-plaintiffs. *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015) (internal marks omitted). But several courts have held that the privilege extends to co-plaintiffs in litigation because the rationale is the same. *Id.* (citing *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990)). This Court held the same. *See* ECF No. 162 at 7.

F.R.D. 275, 282 n.3 (S.D. Cal. 2018) (collecting cases); *see also Rodriguez v. Seabreeze Jetlev LLC*, No. 420CV07073YGRLB, 2022 WL 3327925, at *6 (N.D. Cal. Aug. 11, 2022) ("Thus, the common-interest doctrine preserves work-product protection over materials communicated to third parties, so long as they generally share the client's interests and are not adversaries, irrespective of whether they have representation."). And "the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) (internal marks omitted).

In its Order, the Court considered the circumstances surrounding the initial communications between Relator and Texas in May 2015. Shortly after Relator's initial communications, Defendants were terminated from Louisiana Medicaid and the Texas HHSC Office of Inspector General sent its initial notice of termination from Texas Medicaid to Affiliate Defendants. ECF No. 162 at 8. Defendants subsequently sued Texas and Louisiana over their termination from the Medicaid programs. *Id.* Because of these circumstances, the Court concluded there existed a common interest between Relator and Texas. *Id.* And the fact that Texas ultimately intervened in Relator's lawsuit lends factual support to the present record that the communications between Plaintiffs were in furtherance of a common interest.

Texas is correct to note that although the Motion focuses heavily on the extension of the attorney-client privilege, the common-interest privilege also applies to extend the work-product privilege. ECF No. 240 at 5 (citing *Windsor*, 2019 WL 77228, at *4). The materials Affiliate Defendants seek include communications Relator prepared *for* Texas and communications *by* a Texas OAG investigator in anticipation of the current litigation. [2] *Id.* Therefore, the work-product

---

[2] Federal Rule of Civil Procedure 26(b)(3)(A) states, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by *or for* another party or its representatives." (emphasis added).

5

doctrine applies. Affiliate Defendants' repeated insistence that the common-interest privilege only applies when a party is represented by counsel thus misses the mark and misstates the law.[3] ECF Nos. 211-1 at 13–15; 248 at 13-15.

What Affiliate Defendants think a "common interest" means exactly is unclear. Affiliate Defendants stress that Relator must establish something more than "the mere fact of cooperation" — *i.e.*, Relator must establish "a specific, commonly understood *legal* interest with the represented party or counsel to whom the communications were made." ECF No. 211-1 at 16. Of course, it is true Plaintiffs must establish a common legal interest to assert the common interest privilege. But the facts of this case suggest there was a common legal interest. Affiliate Defendants liken this case to cases establishing there is no common interest between civil suits and criminal prosecutions. *See* ECF No. 211-1 at 17 (citing *Cameron-Ehlen*, 2019 WL 6875354, at *2; *Dresser-Rand Co. v. Schutte & Koerting Acquisition Co.*, 242 F. Supp. 3d 576, 579 (S.D. Tex. 2017)). Yet nothing in this record establishes any criminal prosecutions related to the facts of this case were ever initiated, or that Relator's disclosures were made solely out of a desire to see Planned Parenthood criminally prosecuted.

Similarly, Affiliate Defendants' argument that any privilege was waived by disclosure to third persons falls short. This is because the argument is predicated on the common-interest privilege extending attorney-client privilege rather than the work-product doctrine. *See* ECF Nos. 211-1 at 18–19; 248 at 15–17. In the work-product context, "protection is waived where disclosure

---

[3] Affiliate Defendants alternatively request the Court to review documents *in camera* to "ensure that no documents are withheld where Relator was communicating on Relator's own behalf on otherwise not represented by FCA counsel." ECF No. 211-1 at 20. The Court sees no need for this because there is no requirement for Relator to be represented by counsel for the work-product doctrine to apply. Additionally, the materials sought are independently protected by the Medicaid Investigative Privilege. *See* ECF No. 161 at 5–8; TEX. GOV'T CODE § 531.1021(g) ("All information and materials subpoenaed or compiled by the office in connection with an audit, inspection, or investigation or by the office of the attorney general in connection with a Medicaid fraud investigation are confidential and not subject to disclosure . . . discovery, subpoena, or other means of legal compulsion . . . .").

of the otherwise privileged information is made to a third party, and that disclosure *enables an adversary to gain access to the information.*" *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (internal marks omitted) (emphasis added); *see also Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503 BHS, 2015 WL 196713, at *2 (W.D. Wash. Jan. 14, 2015); *Pulse Eng'g, Inc. v. Mascon, Inc.*, No. CIV. 08CV0595JM(AJB), 2009 WL 3234177, at *4 (S.D. Cal. Oct. 2, 2009). Affiliate Defendants have not shown that any work-product disclosed to third parties resulted in disclosure to an adversary party. Their argument fails for that reason.

In sum, Affiliate Defendants have not identified any manifest errors of law. Affiliate Defendants completely ignore Texas's work-product argument and instead focus their Motion entirely on the common-interest privilege in the attorney-client context. This does not persuade the Court that it erred on the applicability of the common-interest privilege in this case.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Affiliate Defendants' Motion.

**SO ORDERED**.

November 2, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE