## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § § § | NO. 2:21-CV-22-Z |
| The State of Louisiana | § § | |
| *ex rel.* ALEX DOE, Relator, | § § | |
| Plaintiffs, | § § | |
| v. | § § § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | § § § § § § § § | |
| Defendants. | | |

## DEFENDANTS' SUR-REPLY IN OPPOSITION TO RELATOR'S MOTION TO COMPEL PRODUCTION AND APPOINTMENT OF FORENSIC EXAMINER

## PRELIMINARY STATEMENT

Relator does not dispute that Defendants provided Relator with their search terms and custodian lists and identified the repositories from which Defendants collected (and will collect additional) ESI. Relator also does not dispute that Defendants expressed a willingness to consider supplemental searches or additional custodians. Nor does Relator refute that Relator never once raised any request for additional custodians or repository searches before asking this Court to impose the extreme discovery sanction of a forensic examination. Those concessions alone doom Relator's request for **any** discovery relief, and the Court should deny the Motion and order Relator's good-faith participation in the meet-and-confer process on a going-forward basis.

The crux of Relator's Reply [DE 242] is that drastic discovery sanctions—against the backdrop of Defendants spending millions of dollars to produce hundreds of thousands of pages of discovery and on the eve of dozens of depositions—are nonetheless warranted because Defendants have not proved they have produced every stitch of potentially responsive data. *See* Reply at 1 (asserting Defendants failed to comply with discovery orders because they did not "produce **all** responsive documents"). But this Court has already rejected the nonsensical notion that every last scrap of arguably responsive data must be produced for a party to comply with its discovery obligations. *See* DE 213 at 5. Impliedly admitting as much, Relator's Reply (at 9–10) strategically retreats to a different "Data Map" demand. A request raised for the first time in a reply brief is procedurally improper and should be summarily denied on that basis alone.

The "Data Map" request should also be rejected because it is wholly unjustified. Relator has not shown why an order for "discovery on discovery" is warranted where Defendants have complied with their obligations to identify their expansive search terms and dozens of custodians, and (repeatedly) indicated their willingness to conduct supplemental searches. Nor has Relator

cited a single case ordering "discovery on discovery" relief in circumstances anywhere close to those presented here.  By refusing to meet and confer and rushing to the Court with a manufactured dispute, Relator is wasting the Court's and the parties' resources and jeopardizing the existing discovery schedule.

Defendants' productions have dwarfed Plaintiffs' respective productions.  And Defendants, unlike Plaintiffs, have consistently and diligently participated in good faith in the meet-and-confer process and provided the types of detailed information on custodians, search terms, hit reports, and other specifics of custodial and non-custodial collection methodologies that allow opposing counsel to identify and resolve any actual discovery disputes.  With only a month left before discovery closes, Relator's "Data Map" proposal—just like the "forensic-examination" demand that came before it—is entirely unfounded and would impose an unnecessary and undue burden on Defendants with no attendant benefit.

To the extent any additional discovery efforts from Defendants are warranted at all (and they are not), the Court should direct the parties to meet and confer regarding specific additional custodians and search terms and "resolve [any remaining] disputes by determining precisely what the [Relator] is actually seeking; what responsive documents or information the [Defendants] [are] reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." *See Brown v. Bridges*, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015); *Thompson v. Columbus Life Ins. Co*., 2007 WL 9725239, at *1 (D. Nev. Apr. 5, 2007) ) ("When initiating an informal conference the parties must present to each other the merits of their  respective positions with the same specificity with which they would brief the discovery dispute.).

**ARGUMENT**

**I.     RELATOR'S REQUEST FOR A DIFFERENT FORM OF RELIEF IN A REPLY BRIEF IS IMPROPER AND SHOULD BE SUMMARILY DENIED.**

The Court should summarily deny Relator's alternative proposal for relief, which Relator asserts only in the Reply.  The Fifth Circuit and courts in this District have "repeatedly held that [they] will not consider arguments raised for the first time in reply."  *Mid-Continent Cas. Co. v. Eland Energy*, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008); *see, e.g.*, *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *Clark v. Saxon Mortg. Co.*, 544 F. App'x 436, 436 (5th Cir. 2013) ("To the extent that Clark raises new theories for relief for the first time in his reply brief, we decline to address the allegations."); *Cavazos v. JP Morgan Chase Bank, N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'Arguments raised for the first time in a reply brief, even by a pro se litigants . . . are waived.'" (citation omitted); *Herrman Hldgs. v. Lucent Techs.*, 302 F.3d 552, 565 n.2 (5th Cir. 2002); *Brown*, 2014 WL 2777373, at *2 (plaintiff's failure to specifically address discovery issues until reply was "too little, too late where arguments should not be made for the first time in a reply"); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments raised in reply); *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (same); *Johnson v. Patton*, 2018 WL 10323034, at *5 (N.D. Tex. Feb. 2018) (similar).

There is good reason for doing so.  *First*, before a movant seeks a particular form of relief, the movant should first satisfy their meet-and-confer obligations and to determine if court intervention is actually necessary or the matter can be resolved between the parties.  *See Springs Indus. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (parties should meet-and-confer before injecting new matters in reply).  Just as Relator never conferred with Defendants

regarding any specific alleged deficiencies in their productions—let alone the extreme sanction requested in the Motion—Relator never raised the "Data Map" proposal with Defendants before filing the Reply.

*Second*, a request for relief raised for the first time in a reply brief deprives the nonmovant "a meaningful opportunity to respond to [those] arguments or evidence."  *Johnson*, 2018 WL 10323034, at *5; *Springs Indus.*, 137 F.R.D. at 239 (rule that nonmovant should be given fair opportunity to respond to motion "informs the court's practice of declining to consider arguments raised for the first time in a reply brief").  While the Court granted Defendants an opportunity to respond to Relator's alternative request [*see* DE 246], Defendants are nevertheless substantially prejudiced by the short period of time in which they must now do so.

## II.    RELATOR'S PROPOSAL IS UNNECESSARY AND INCONSISTENT WITH THE DISCOVERY RULES.

Neither part of Relator's late-breaking proposal is appropriate.  *First*, Relator wants "a detailed report" of "all sources of electronic data that were collected and searched by Defendants prior to October 14, 2022."  Reply at 9.  But as the Advisory Committee Notes for the 2015 Amendments to Rule 34 demonstrates, parties satisfy their discovery obligations by identifying the sources and types of documents that were searched and collected in producing relevant information.  *See* Fed. R. Civ. P. 34, Advisory Committee Notes, 2015 Amendments; *see also Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) (requiring disclosure of "custodians, sources, date ranges and search terms, or search methodology") (citing Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment).  That is precisely what Defendants have already done.  *See also Kaye v. N.Y. City Health & Hosps. Corp.*, 2020 WL 283702, at *2 (S.D.N.Y. Jan. 21, 2020)  (denying request for discovery on discovery where defendants "provided detailed information regarding the collection criteria they used" and use of

technology-assisted review software).  Indeed, Defendants have repeatedly—in production letters, during meet and confers, and in the briefing before this Court—disclosed the document repositories from which they collected ESI.  For example, PPFA (1) explained that it searched the custodial files of 16 identified custodians in connection with its September 9, 2022 production and conducted targeted collections from PPFA's non-custodial ESI sources, including PPFA's intranet and Google Drive, and (2) further committed to searching for additional documents on PPFA's intranet and Google Drive.  *See, e.g.*, PPFA Opp. Br. at 6–8, 13 & n.7.  And Affiliate Defendants have disclosed their search terms and custodians and offered to meet and confer about both (which Relator has either declined or affirmatively stated they have no concerns about the methods used). *See, e.g.*, Aff. Defs. Opp. Br [DE 237] at 7–14.  Affiliate Defendants have also expanded their search terms and custodians during the course of discovery.  *Id.*

*Second*, Relator asks (at 9) for "Data Maps" that inventory all potential sources of electronic data at PPFA and the Affiliate Defendants.  Relator does not identify any authority endorsing this approach or even attempt to provide a reasoned explanation as to how the requested relief is warranted given Defendants' voluminous productions and Relator's wholesale failure to meet and confer.  Relator's unsubstantiated request is thus "woefully insufficient to go down the rabbit hole of discovery on discovery."  *Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020) (denying discovery on discovery; citing *British Telecomm'cs PLC v. IAC/Interactivecorp*, 2020 WL 1043974, at *7 (D. Del. 2020) (insufficiently supported complaints about volume of document production do not justify discovery on discovery)).

The absence of on-point authorities or reasoned analysis supporting Relator's demand is unsurprising given the weight of authority supporting ***Defendants'*** position.  "When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the

discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Cahill v. Nike, Inc*., 2020 WL 4584241, at \*4 (D. Or. Aug. 10, 2020) (denying request for non-movant to produce documents that would assist movant in understanding opponent's storage and data systems (citation omitted)).

"As a general matter," moreover, "'[i]t is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility," and '[a] responding party is best situated to preserve, search, and produce its own [electronically stored information].'" *VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839, at \*9 (N.D. Tex. Nov. 8, 2021) (citations omitted).  That "'[p]rinciple . . . is grounded in reason, common sense, procedural rules, and common law, and is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel [, and eschewing "'discovery on discovery,'"] unless a specific deficiency is shown in a party's production.'" *Id.*; *see also Alley v. MTD Prods*. 2018 WL 4689112, at \*2 (W.D. Pa. Sept. 28, 2018) ("A party cannot seek discovery of another party's discovery processes [w]ithout any showing of bad faith or unlawful withholding of documents.").

The Comment to Principle 6 of the Sedona Principles echoes this approach:

> [A]s a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere "speculation") of a material failure by the responding party to meet its obligations.

The Sedona Conference, The Sedona Principles, Third Edition:  Best Practices, Recommendation & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1 (2018); *see*

*also Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) (rejecting request for order requiring defendants to produce information regarding their document repositories; "I simply do not think that district court judges should micro-manage the parties' internal review procedures.").

As Defendants demonstrated in their opposition briefs—and as Relator impliedly concedes with his eleventh-hour "alternative" request—Relator has failed to identify any deficiencies at all, and certainly none that require anything other than routine meeting and conferring regarding search terms, custodians, and document repositories. *See, e.g.*, *Kaye*, 2020 WL 283702, at *1 (denying movant's request for discovery regarding opponent's production process because, among other things, court was "not convinced that the parties have engaged in a thorough meet-and-confer process as to many of the issues raised . . . to the [c]ourt" and "[f]ailure to properly meet and confer results in just what has occurred here:  the seeking of relief prematurely from the [c]ourt").

Courts have rejected requests for information about a party's computer systems when, as here, the party merely requests such information on the grounds that it will "facilitate the production of [] relevant matter." *Lawyers Title Ins. Corp. v. U.S. Fid. & Guar. Co.*, 122 F.R.D. 567, 570 (N.D. Cal. 1988).  Like the plaintiff in *Lawyers Title*, Relator appears to seek "Data Maps" "not to facilitate [Defendants'] production efforts, but in order to better evaluate . . . those efforts." *Id*.  As the *Lawyers Title* court did, this Court should reject Relator's request to "force a party that has invested heavily in developing information management systems to share those systems with opposing counsel without some showing that the party has failed to respond in good faith and adequately to discovery probes." *Id*.  Relator has not established "a sufficient predicate for ordering disclosure of proprietary information about [Defendants'] computer system[s]," and [t]he mere possibility that a party might not produce all relevant, unprotected documents, is not a

sufficient basis for ordering such a party to disclose its entire computerized system of information management." *Id.*; *see also Podium Corp. Inc. v. Chekkit Geolocation Servs.*, 2022 WL 1773016, at \*5 (D. Utah June 1, 2022) (denying discovery request seeking to "verify" that nonmovant conducted a reasonably diligent search).

Relator's naked assertion that Defendants' productions are suspect "is the definition of unsupported speculation, and speculation is never sufficient." *Gross*, 2020 WL 4336062, at \*3 (finding movant's speculation that other relevant documents exist insufficient to warrant discovery on discovery); *see Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed. Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end."); *Alley*, 2018 WL 4689112, at \* 2 ("mere suspicion that the party's process has not produced adequate documents" is insufficient). A large volume of ESI has already been produced (and productions are ongoing) at enormous expense to Defendants.

"[D]iscovery on discovery with no basis other than plaintiffs' hopeful guess that there must be more . . . is substantially out of proportion to the needs of the case. The discovery rules are not a ticket. . . . to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest," *Gross*, 2020 WL 4336062, at \*4—which is ***exactly*** what Relator seeks here.

## CONCLUSION

The Court should deny Relator's Motion, including the Reply's newly-asserted "alternative" request, and award Defendants all costs incurred in responding to the Motion and Reply pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

Dated:    November 2, 2022

**O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

**RYAN BROWN ATTORNEY AT LAW**
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

**ARNOLD & PORTER KAYE SCHOLER LLP**
*/s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

9

Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, the foregoing document was electronically filed

and served upon all parties and counsel of record via the Court's CM/ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby