**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana | § | Date:     October 26, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
|      Plaintiffs, | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
|     Defendants. | § | |

**APPENDIX IN SUPPORT OF AFFILIATE DEFENDANTS'**
**<u>MOTION FOR PROTECTIVE ORDER</u>**

ARNOLD & PORTER KAYE SCHOLER LLP

Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

| EX. NO. | DOCUMENT NAME | APP. PAGE NO. |
|:---:|---|---|
| 1 | Email correspondence between the parties regarding PPFA Affiliates' Confidentiality Designations | App. 001 - App. 005 |
| 2 | Email correspondence between the parties regarding custodial redactions | App. 006 - App. 010 |
| 3 | Alfred Curtis Declaration | App. 011 - App. 016 |
| 4 | Sheila McKinney Declaration | App. 017 - App. 022 |
| 5 | Polin Barraza Declaration | App. 023 - App. 027 |

# Exhibit 1

| | |
|---|---|
| **From:** | Andrew Stephens |
| **To:** | Gerstner, Alyssa; Martin, Meghan C.; Raymond Winter; Amy Hilton; Heather Hacker; Hilton, Christopher; Michael Moore; Eugenia Krieg; Drew Wright; Lollar, Tirzah; Heather Hacker; zzz.External.lgodesky@omm.com; zzz.External.dashby@omm.com; zzz.External.jchapa@omm.com; zzz.External.asantella@omm.com |
| **Subject:** | RE: PPFA Affiliates" Confidentiality Designations |
| **Date:** | Friday, October 28, 2022 1:58:27 PM |
| **Attachments:** | image001.png |
| | image002.png |

---

External E-mail

Alyssa, as stated in my October 19 email, we objected to (1) all documents marked "Confidential" that do not contain "protected health information" as defined by Paragraph 2 of the Protective Order and (2) all documents marked "Attorney Eyes Only" that do not contain Personal Identification Information listed in examples 1-6 of Paragraph 2 of the Protective Order.

Andrew

---

**From:** Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>
**Sent:** Friday, October 28, 2022 12:45 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Hilton, Christopher <Christopher.Hilton@oag.texas.gov>; Michael Moore <Michael.Moore@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Heather Hacker <heather@hackerstephens.com>; lgodesky@omm.com; dashby@omm.com; jchapa@omm.com; asantella@omm.com
**Subject:** RE: PPFA Affiliates' Confidentiality Designations

Andrew,

As we discussed on the meet and confer regarding Affiliates' confidentiality designations on October 24, Affiliate Defendants made their designations for all productions made before your October 19 email before the Court issued its October 11 Order regarding PPFA's confidentiality designations. Affiliate Defendants are working in good faith to reassess their previous confidentially designations in light of that Order, including downgrading older financial documents and designations made solely on the basis of cell phone numbers. We anticipate getting those revised designations to you by the end of the week.  Based on information provided at the meet and confer, Affiliate Defendants will downgrade any documents identifying Magda Mijares that only received an AEO designation solely on the basis of a reference to her name.

We believe that these downgrades will address most, if not all, of Relator's objections.  However, Relator declined to hold Relator's October 19 concerns in abeyance until Affiliate Defendants are able to revise their confidentiality designations for their pre-October 19 productions and Relator has an opportunity to review the - revised designations. Relator also declined to identify specific designated documents to which Relator objects and is instead objecting to: (1) every "Confidential" designated document that does not contain personal health information unless Affiliate Defendants

App. 001

can provide a justification for the Confidential designation; and (2) every "Attorney Eyes Only" designated document that does not contain personal identifying information unless Affiliate Defendants can provide a justification for the AEO designation .

Please let us know if we have misstated Relator's position regarding their objections.

Best,
Alyssa

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Friday, October 21, 2022 6:37 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Hilton, Christopher <Christopher.Hilton@oag.texas.gov>; Michael Moore <Michael.Moore@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>; Heather Hacker <heather@hackerstephens.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; zzz.External.dashby@omm.com <dashby@omm.com>; zzz.External.jchapa@omm.com <jchapa@omm.com>; zzz.External.asantella@omm.com <asantella@omm.com>
**Subject:** RE: PPFA Affiliates' Confidentiality Designations

External E-mail

Yes 1130 Monday works.

**Andrew B. Stephens**
Partner

HACKER STEPHENS LLP

http://secure-web.cisco.com/1w2g-D1KCYUwkfq486-fUGi9a9CaamwctDYZjTdZOfII23oKbNTnrGIHUMUSq8dnWdq7iD7pdRGWQwf4iAXx8grNfVFGlFz9Z8LnXyGDeQbx1zOinzzORjUmhu9FrK3jCu-Vpr1VzyGP5rIJfLf1i8TtvvWbo3TnthF2Z8eMRaaq3Lc7ihUgtOibEIAiJ_-e-0w7WI4Z32gAI9CJ5GKgr8TRXXOHYXZs0qkGYwHFcu5GjH8Kr3TK0HM1htRdix6k2cMGTXtbT8XPTP0iJPbtLQ0Y4fbgxWHQ3Swl-5KRl7m6dAkcAKL3czvlmjHVkvkblgBBg7AxEAAUKKtpuxTN4izWFQOUpdaTr2-kenIUTUnJLpxUwMWh6CRIDTCgv10aCFIXbbcEdF0_smOwIbDeGJ7L9E_BqrdPpML7Nu882sfs/http%3A%2F%2Fwww.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

---

**From:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>

**Sent:** Friday, October 21, 2022 5:13 PM
**To:** Raymond Winter <Raymond.Winter@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;
Heather Hacker <heather@hackerstephens.com>; Hilton, Christopher
<Christopher.Hilton@oag.texas.gov>; Michael Moore <Michael.Moore@oag.texas.gov>; Eugenia
Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Lollar, Tirzah
<Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>; Gerstner,
Alyssa <Alyssa.Gerstner@arnoldporter.com>; Heather Hacker <heather@hackerstephens.com>;
lgodesky@omm.com; dashby@omm.com; jchapa@omm.com; asantella@omm.com
**Subject:** FW: PPFA Affiliates' Confidentiality Designations


Andrew -

Are you available on Monday to meet and confer about the Affiliate Defendants' designations?   We
are available during the time period of 11:30-1 pm CT.

Thanks
Meghan

_____

Meghan Martin
Attorney and Advisor | Bio

# Arnold&Porter

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, October 19, 2022 11:39 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; zzz.External.dashby@omm.com
<dashby@omm.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>;
zzz.External.jchapa@omm.com <jchapa@omm.com>; zzz.External.asantella@omm.com
<asantella@omm.com>
**Cc:** Raymond Winter <Raymond.Winter@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;
Heather Hacker <heather@hackerstephens.com>; Hilton, Christopher
<Christopher.Hilton@oag.texas.gov>; Michael Moore <Michael.Moore@oag.texas.gov>; Eugenia
Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>
**Subject:** PPFA Affiliates' Confidentiality Designations


External E-mail


Tirzah,

We have reviewed the PPFA Affiliates' document productions and this email serves as our written objection and request under Paragraph 7 of the Protective Order that you change the designations of (1) all documents marked "Confidential" that do not contain "protected health information" as defined by Paragraph 2 of the Protective Order and (2) all documents marked "Attorney Eyes Only" that do not contain Personal Identification Information listed in examples 1-6 of Paragraph 2 of the Protective Order. From your previous email, it appears you may have marked some documents AEO because they contain the names of non-publicly identified Planned Parenthood employees (designated with a * in your September 30 email). We thus also object to the AEO designation of all documents containing Magda Mijares's name, as she is publicly identified. We also object to all documents designated in a fashion that is inconsistent with the Court's October 11 order. For instance, the Court stated that the "Confidential" and "AEO" designations are to be used sparingly, and documents such as news articles, financial reports, grant agreements, and those containing cell phone numbers in an employee's signature block "are not worthy of AEO-designation under the Protective Order." Our review has shown that numerous such documents have been designated.

In addition, it appears that a majority of your production is designated either "Confidential" or "Attorney Eyes Only," with a majority of those being designated "Attorney Eyes Only." Thus, it appears that you have "used such designations in a purely prophylactic manner," which violates Paragraph 8 of the Protective Order.

We are available to meet and confer on this issue pursuant to Paragraph 7 of the Protective Order.

Andrew

**Andrew B. Stephens**
Partner

## HACKER STEPHENS LLP

http://secure-web.cisco.com/1w2g-D1KCYUwkfq486-fUGi9a9CaamwctDYZjTdZOfIl23oKbNTnrGlHUMUSq8dnWdq7iD7pdRGWQwf4iAXx8grNfVFGlFz9Z8LnXyGDeQbx1zOinzzORjUmhu9FrK3jCu-Vpr1VzyGP5rlJfLf1i8TtvvWbo3TnthF2Z8eMRaaq3Lc7ihUgtOibEIAiJ_-e-0w7WI4Z32gAI9CJ5GKgr8TRXXOHYXZs0qkGYwHFcu5GjH8Kr3TK0HM1htRdix6k2cMGTXtbT8XPTP0iJPbtLQ0Y4fbgxWHQ3SwI-5KRI7m6dAkcAKL3czvImjHVkvkblgBBg7AxEAAUKKtpuxTN4izWFQOUpdaTr2-kenIUTUnJLpxUwMWh6CRIDTCgv10aCFIXbbcEdF0_smOwIbDeGJ7L9E_BqrdPpML7Nu882sfs/http%3A%2F%2Fwww.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# Exhibit 2

| | |
|---|---|
| **From:** | Heather Hacker |
| **To:** | Reeder-Ricchetti, Emily; Lollar, Tirzah; Andrew Stephens |
| **Cc:** | Martin, Meghan C.; Gerstner, Alyssa; Pieper, Megan; Raymond Winter; Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.; zzz.External.lgodesky@omm.com; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com; Michael Moore; zzz.External.dashby@omm.com |
| **Subject:** | RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In |
| **Date:** | Thursday, October 13, 2022 2:06:16 PM |
| **Attachments:** | image001.png<br>image002.png |

<div style="border:1px solid red; display:inline-block; padding:2px;">External E-mail</div>

Emily,

We cannot agree to allow you to redact names from documents before they are produced.

Thanks,
Heather

---

**From:** Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Sent:** Thursday, October 13, 2022 12:05 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore <Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In

Andrew and Heather:

Affiliate Defendants continue to work diligently to search custodial data for documents containing the term "Medicaid" and to produce all non-privileged hits. In light of the Court's Oct 11 Order regarding PPFA's confidentiality designations, Affiliate Defendants are also revisiting some of the confidentiality designations for these to-be-produced documents. As part of this process, Affiliate Defendants are attempting in good faith to think of potential means to minimize, when feasible, the designation of documents as Confidential Attorneys Eyes Only (AEO). With this in mind, Affiliate Defendants wanted to raise the use of redactions for communications and documents produced from the custodial files of non-publicly identified Affiliate employees.

Affiliate Defendants' September 30 email below identifying Affiliate Defendants' supplemental custodians included seven non-public current or former Affiliate employees that Affiliate Defendants have determined are among those most likely to have documents related to "Medicaid," construed broadly.  Affiliates Defendants have collected the supplemental data and there are approximately 16,000 emails and documents within the seven non-public employees' custodial data that hit on "Medicaid."  When family members are added to the 16,000 documents, there are 23,000 emails and documents.  As you are aware, Affiliate Defendants are entitled to designate documents with "the names of non-publicly identified Planned Parenthood employees"  as AEO pursuant to the Protective Order (*see* Dkt. 133 at ¶ 2).  However, in light of Relator's stated concerns regarding the ability of counsel to share documents with and discuss them with Relator and the purported burden of filing AEO documents as exhibits, Affiliate Defendants wanted to revisit the possibility of redactions.

Affiliate Defendants propose that, for any of the 23,000 documents that contain the name or PII of a non-publicly identified custodian but do not otherwise qualify for AEO designation, Affiliate Defendants would redact any non-publicly identified custodian names and their PII, and the documents would be produced either with a Confidential designation or no confidentiality designation, depending on whether the document meets the Confidential designation standard once the non-public employee data is redacted. This would allow Relator's counsel to share these documents with Relator and, if the documents are not designated as Confidential, file them as exhibits without any special procedure.

Please let us know Relator's position on this proposal as soon as possible.

Thanks,
Emily

---

Emily Reeder-Ricchetti
Associate | Bio

## Arnold&Porter

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6475
Emily.Reeder-Ricchetti@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 30, 2022 6:32 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;

Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian
<Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Reeder-
Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America In

Andrew, in an effort to resolve the dispute regarding the scope of the Court's September 20 Order
promptly, Affiliates plan to seek expedited briefing with Relator's opposition due October 10 and any
reply due October 14.  Please let us know Relator's position on this proposed expedited briefing
schedule.

Thanks,
Tirzah

---

Tirzah Lollar
Partner | Bio

## Arnold&Porter

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Friday, September 30, 2022 5:57 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Heather Hacker
<heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa
<Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>;
Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>;
Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>;
Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;
Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian
<Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Reeder-
Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America In

External E-mail

Thanks, Tirzah.  We met and conferred yesterday.

Andrew

**Andrew B. Stephens**
Partner

HACKERSTEPHENS LLP

http://secure-web.cisco.com/19iGujPuJvdwsMb_nWgi8w6kyolgaAdjSa3lup4SHzOhNXRyMPxn49gdZJK-
c7wT6BTdybtLfbUHj-
bTXGuK_m0ijWxPNZmWHK6DGAmYpYC3qSBpTIVHqcjwD7DlCj9AJ_9Eholt6PaZeu0eWl3Ty1RDGj6Ape3lEAC
aiq4fxDsaNy-Yn2dWPggrgmknTzTXnpImeI0RiEpVM_unvih9FUy7OMb3Cgh-
fx3Rl7DuFIyB3UwVH7YQSIMiMp2t8FPnwah2UaVPiNb3uuPfEzOoJJM6qY2TIJVcyhrnG4aI0G40B86QIfu8_yQBy
7O7rE0qNWeGRiYLW8vKkTq6MF3fdMfjNOkhaiquLDWJYZyaE1DYmN52mPuxJdX7wltHQte-
RrE96ltE9lkpUIW01tHCcP9_HTxRBoTFLvpdW2_w9mhM/http%3A%2F%2Fwww.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or
authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any
information contained in the message. If you have received the message in error, please advise the sender by replying or by
phone at (512) 399-3022 and delete the message.

---

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 30, 2022 4:52 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker
<heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa
<Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>;
Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>;
Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>;
Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;
Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian
<Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com; Reeder-Ricchetti, Emily <Emily.Reeder-
Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America In

Andrew:

As Emily indicated in her email from yesterday, Affiliates have now identified 21 custodians (in

addition to the original 9) that they believe are most likely to have documents related to "Medicaid," construed broadly. The list of the 21 additional custodians is below.

Thank you for confirming Relator's position on Affiliates' motion for clarification. However, Affiliates are disappointed that, inconsistent with the Court's scheduling order and Rule 37(a)(1), Relator has declined to meet and confer regarding Affiliates' efforts to comply with the Court's September 20 Order. Affiliates will respond to Relator's request for sanctions on or before October 5, as directed by the Court. Dkt. 184 at 8.

PPGC:
REDACTED    *
Cirene Licea
Jeffrey Palmer
Alfred Curtis
REDACTED*
REDACTED*
REDACTED*
REDACTED    *
Rene Pilarte
Megan Redman
Jackie Kinabrew
Teo Norman
Bonnie Smith

PPGT:
Keri Copeland
Marianne deJong
Dan Sannes
Beth Watson
Kasia White
Sarah Wheat

PPST:
REDACTED*
Magda Mijares*

*Please note that the employees identified with an asterisk are non-publicly identified current or former Affiliate employees, so Affiliates are designating this email as Attorney's Eyes Only under the Protective Order.

Thanks,
Tirzah

_____
Tirzah Lollar

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, | § | |
| Inc., Planned Parenthood Gulf Coast, Inc., | § | |
| Planned Parenthood of Greater Texas, Inc., | § | |
| Planned Parenthood South Texas, Inc., | § | |
| Planned Parenthood Cameron County, Inc., | § | |
| Planned Parenthood San Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF ALFRED CURTIS

I, Alfred Curtis, declare and state as follows:

1. I am currently employed by Planned Parenthood Gulf Coast, Inc. ("PPGC") as Chief Operating Officer. I have held this position since September 2020, and prior to that I served as Chief Financial Officer of PPGC since December 2016. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining business records kept in the ordinary course of PPGC's business. If called upon to testify, I could and would testify thereto.

2. I make this declaration in support of Affiliate Defendants' Motion for Protective Order. I am familiar with the claims and allegations in the above-captioned case based on my

App. 011

review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

3. I am familiar with PPGC's business practices regarding the treatment of confidential information consisting of or related to, among other things: highly sensitive programming strategies and business relationships; sensitive real estate agreements; internal finances; and confidential programming strategies and business relationships.

4. PPGC is a healthcare provider, and competes with other healthcare organizations for medical professionals and patients in that market place.  As a 501(c)(3) non-profit organization, PPGC is also reliant on securing donations and other grants to fund its mission of facilitating high-quality reproductive healthcare to its patients in Texas and Louisiana. In that context, PPGC is competing with similarly situated organizations to secure access to donations and grants. In addition, PPGC's mission elicits strong opposition actors who have conducted acts against PPGC's that range from harassing business and mission partners to acts of violence.

5. I understand that the Relator has challenged the confidentiality and attorneys'-eyes-only designations that PPGC applied to certain documents that PPGC produced in this matter. I understand that under the Protective Order entered in this matter, the party producing a document can produce a document either with no confidentiality designation, with a designation of "Confidential," or with a designation of "Confidential Attorneys' Eyes Only."

6. PPGC takes reasonable measures to protected confidential, proprietary, or competitively sensitive information from public disclosure.  PPGC limits the access to this type of information internally only to those who require access to the information to carry out their

2

duties and responsibilities both by limiting access to certain financial, human resources, and development systems and limiting access to share drives. PPGC's accounting systems have restricted access that is limited to the fiscal team and the director of IT. PPGC's development system can only be accessed by the development team and the fiscal team, with the fiscal team having read-only access. I control which modules of our HR system are on employees' computers based on the relevant employee's security level. PPGC also password protects certain financial documents, including its department budgets. PPGC encrypts certain emails with confidential information that is sent externally. PPGC's email system will not allow credit card information or account information to be sent via email.

7. Documents designated as Attorneys' Eyes Only or Confidential include documents that have not been shared with the public and are not routinely shared with other Affiliates.

8. The documents in this category "Confidential Attorneys' Eyes Only Information" include highly sensitive strategic, programmatic or financial information, sensitive real estate relationships, and internal financial information.

9. <u>Highly Sensitive Strategic, Programmatic Or Financial Information.</u> The documents in this category reflect PPGC's highly sensitive confidential information including specific details about: (1) non-public programs and initiatives; and (2) relationships with business partners whose contracts require anonymity or non-disclosure of the business relationship. Disclosures of this information could cause considerable financial harm to PPGC if it was to be obtained by the general public or by PPGC's healthcare provider competitors, because it would impact PPGC's ability to retain skilled employees and key vendors and contractors. PPGC operates health centers in Houston, home to the largest medical center in the world. There are over 125 hospital systems in the surrounding Greater Houston area,

3

and competition for medical professionals is extremely high.  Disclosure of certain highly sensitive strategic material, such as rates that PPGC pays its employees or strategic goals, which include hiring plans, would harm PPGC's ability to recruit and retain medical staff for its health centers, causing financial and competitive harm.  Disclosures of information related to key business partners or vendors could lead to the loss of business partners or vendors, causing PPGC financial harm.  Disclosure of this information may also expose PPGC, its employees, and/or business partners with increased harassment and the risk of personal harm.

10. <u>Sensitive Real Estate Relationships.</u> The documents in this category contain information about how PPGC conducts its real estate transactions, including information relating to PPGC's key construction vendors and contractors.   Disclosure of this confidential information could cause PPGC financial harm if obtained by the general public or PPGC's competitors as it could prevent PPGC from receiving fair market rates for contractors and subcontractors.  The disclosure of this information could also lead to harassment of the contractors or subcontractors and may lead to the loss of those contractors and subcontractors, causing delay and an increase of costs in construction.  This is of significant concern in areas where there are limited contractors.  PPGC has previously experienced costly delays in construction when the names of construction vendors, contractors, and subcontractors became public, leading to harassment and threats of violence against the vendor.

11. <u>Internal Financial Information</u>. The documents listed in this category contain exceptionally sensitive confidential and proprietary information and propriety financial information, including the financial performance of PPGC within the past two years. The information

4

contained in the documents is not information that PPGC releases to the public during the regular course of business.   Access to this information is limited internally, including through the use of password protected documents.  Disclosures of this financial information could cause PPGC financial and competitive harm if obtained by the general public or by any of PPGC's healthcare provider competitors, as it would reveal detailed information about the volume and variety of medical services provided, detailed information about the salaries it pays its employees, and information about the projected budgets of PPGC.  This information could also impact the public opinion of PPGC, affecting its place in the market.

12. The documents in this category "Confidential Information" include sensitive strategic, programmatic or financial information.

13. Strategic Programming Information and Business Relationships. Documents in this category include strategic or programing information and certain business relationships that, while not so especially sensitive as to rise to the designation of AEO, is still commercial information that is not publicly known and is of a commercial advantage to PPGC.   This includes documents related to how PPGC allocates various resources, programs, and initiatives, and documents related to the assessments of the programs offered by PPGC.   This category also includes the Manual of Medical Standards and Guidelines (MS&Gs) that detail the policies and procedures for the medical services provided by PPGC.  This category also includes information regarding certain business relationships that PPGC is contractually obligated to keep confidential.  Disclosures of this information could cause financial harm to PPGC if obtained by its healthcare provider competitors and could disrupt current systems and affect PPGC' ability to provide patient care.  Disclosure of certain strategic material could also harm PPGC's ability to recruit and retain medical

5

staff for its healthcare centers, causing financial and competitive harm.  Disclosure of this type of information may also expose PPGC, its employees, and/or business partners with increased harassment and the risk of personal harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 2, 2022 in Houston, Texas.

_____
Alfred Curtis

6

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>      Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:21-CV-00022-Z |

## <u>DECLARATION OF SHEILA MCKINNEY</u>

I, Sheila McKinney, declare and state as follows:

1.  I am a current employee and former Chief Operating Officer of Planned Parenthood of Greater Texas, Inc. ("PPGT"). I served as Chief Operating Officer from 2013 to April 2022. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining business records kept in the ordinary course of PPGT's business. If called upon to testify, I could and would testify thereto.

2.  I make this declaration in support of Affiliate Defendants' Motion for Protective Order. I am familiar with the claims and allegations in the above-captioned case based on my review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

App. 017

3. I am familiar with PPGT's business practices regarding the treatment of confidential information consisting of or related to, among other things: highly sensitive programming strategies and business relationships; sensitive real estate agreements; internal finances; and confidential programming strategies and business relationships.

4. PPGT is a healthcare provider, and competes with other healthcare organizations for medical professional and patients in that market place. As a 501(c)(3) non-profit organization, PPGT is also reliant on securing donations and other grants to fund its mission of facilitating high-quality reproductive healthcare to its patients in Texas. In that context, PPGT is competing with similarly situated organizations to secure access to donations and grants. In addition, PPGT's mission elicits strong opposition actors who have conducted acts against PPGT that range from harassing business and mission partners to acts of violence.

5. I understand that the Relator has challenged the confidentiality and attorneys'-eyes-only designations that PPGT applied to certain documents that PPGT produced in this matter. I understand that under the Protective Order entered in this matter, the party producing a document can produce a document either with no confidentiality designation, with a designation of "Confidential," or with a designation of "Confidential Attorneys' Eyes Only."

6. PPGT takes reasonable measures to protected confidential, proprietary, or competitively sensitive information from public disclosure. PPGT limits the access to this type of information internally only to those who require access to the information to carry out their duties and responsibilities both by limiting access to certain financial, clinical, and development systems and by limiting access to share drives. PPGT password protects the

2

access to its development system and financial system.  PPGT requires dual authentication to access its development system.  Employees' access to information stored inside the development system is further limited by their roles and responsibilities.  PPGT encrypts all documents containing PHI that are sent externally.  When PHI or other confidential information must be emailed or provided internally, PPGT informs the employee recipient that the information is confidential and should not be shared outside of PPGT.

7.  Documents designated as Attorneys' Eyes Only or Confidential  have not been shared with the public and are not routinely shared with other Affiliates.

8.  The documents in the category "Confidential Attorneys' Eyes Only Information" include highly sensitive strategic, programmatic or financial information, sensitive real estate relationships, and internal financial information.

9.  <u>Highly Sensitive Strategic, Programmatic Or Financial Information:</u> The documents in this category reflect PPGT's highly sensitive confidential information including specific details about: (1) non-public programs and initiatives; (2) and relationships with business partners whose contracts require anonymity or non-disclosure of the business relationship. Disclosures of this information could cause considerable financial harm to PPGT if it was to be obtained by the general public or by PPGT's healthcare provider competitors, because it would impact their ability to retain key vendors and contractors.  Disclosure of certain highly sensitive strategic material, such as rates that PPGT pays its employees or strategic goals which include hiring plans, would harm PPGT's ability to recruit and retain medical staff for its health centers, causing financial and competitive harm.  Disclosures of information related to key business partners or vendors could lead to the loss of that business partner or vendor, causing PPGT financial harm.  Disclosure of this information

3

may also expose PPGT, its employees, and/or business partners with increased harassment and the risk of personal harm.

10. <u>Sensitive Real Estate Relationships.</u> The documents in this category contain information about how PPGT conducts business and structures its contractual relationships with real estate providers/contractors, including leases and real estate agreements.  The release of this information would cause security risks and financial harm to PPGT if obtained by the general public or by PPGT's competitors because information about any real estate agreements, PPGT's real estate strategy, or ongoing real estate negotiations could impede PPGT's ability to secure real estate required to support its daily operations as a healthcare provider. Disclosure of this  information could also cause PPGT financial harm if obtained by the general public or PPGT's competitors as it could prevent PPGT from receiving fair market rates for real estate, contractors, and subcontractors.  Additionally, PPGT has experienced costly delays in construction when the name of a subcontractor became public, and the disclosure of this information could similarly lead to harassment of the contractors and may lead to costly delays in construction.

11. <u>Internal Financial Information</u>. The documents listed in this category reflect the exceptionally sensitive confidential and propriety financial information, including the financial performance of PPGT, within the past two years.  The information in these documents is not information that PPGT ordinarily releases in the normal course of business and these are documents PPGT treats as highly sensitive and confidential with limits on internal access to the documents.  Disclosures of this financial information could cause PPGT financial and competitive harm if obtained by the general public or by any of PPGT's healthcare provider competitors, as it would provide detailed information about

4

the salaries PPGT pays its employees and information about PPGT's projected budgets. This information could also impact the public opinion of PPGT, affecting its place in the market.

12. The documents in the category "Confidential Information" include sensitive strategic, programmatic or financial information.

13. <u>Strategic Programming Information and Business Relationships</u>. Documents in this category include strategic or programing information and information about certain business relationships that, while not so especially sensitive as to rise to the designation of AEO, are still commercial information that is not publicly known and is of a commercial advantage to PPGT. This includes documents related to how PPGT allocates various resources, programs, and initiatives, and documents related to the assessments of the programs offered by PPGT. This also includes the Manual of Medical Standards and Guidelines ("MS&Gs") that detail the policies and procedures for the medical services provide by PPGT and certain business relationships that PPGT is contractually obligated to keep confidential. Disclosures of this information could cause financial harm to PPGT if obtained by its healthcare provider competitors who could then provide the same level of care as PPGT, could disrupt current systems, and affect PPGT's ability to provide patient care. Disclosure of certain strategic material could also harm PPGT's ability to recruit and retain medical staff for its healthcare centers. Disclosure of this type of information may also expose PPGT, its employees, and/or business partners with increased harassment and the risk of personal harm.

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 2, 2022 in Katy, Texas.

*Sheila McKinney*
Sheila McKinney

6

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| | § | |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | |
| | § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | § § § § § § § | |
| | § | |
| Defendants. | § § | |

## DECLARATION OF POLIN BARRAZA

I, Polin Barraza, declare and state as follows:

1. I am currently employed by Planned Parenthood South Texas, Inc. ("PPST") as Senior Vice President and Chief Operating Officer. I have held this position since 2013. I also currently volunteer at Planned Parenthood San Antonio, Inc. ("PPSA") as President and Board Chair, a position I have held since 2019 and at Planned Parenthood Cameron County, Inc. ("PPCC") as President, a position I have served in since 2020. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining business records kept in the ordinary course of PPST's, PPSA's, and PPCC's business. If called upon to testify, I could and would testify thereto.

2. I make this declaration in support of Affiliate Defendants' Motion for Protective Order.  I am familiar with the claims and allegations in the above-captioned case based on my review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

3. I am familiar with PPST's business practices regarding the treatment of confidential information consisting of or related to, among other things: highly sensitive programming strategies and business relationships; sensitive real estate agreements; internal finances; and confidential programming strategies and business relationships.  Employees of PPST manage the operations of PPSA and PPCC; PPSA and PPCC do not have their own employees.  For purposes of this Declaration, PPSA and PPCC have the same mission, operations, and business practices as PPST.  When I refer to PPST in this Declaration in subsequent paragraphs, the same information applies to PPSA and PPCC.

4.  PPST is a healthcare provider, and competes with other healthcare organizations for medical professional and patients in that market place.  As a 501(c)(3) non-profit organization, PPST is also reliant on securing donations and other grants to fund its mission of facilitating high-quality reproductive healthcare to its patients in Texas. In that context, PPST is competing with similarly situated organizations to secure access to donations and grants.  In addition, PPST's mission elicits strong opposition actors who have conducted acts against PPST that include harassing business and mission partners.

5. I understand that the Relator has challenged the confidentiality and attorneys' eyes only designations that PPST, PPSA, and PPCA applied to certain documents that PPST, PPSA, and PPCA produced in this matter. I understand that under the Protective Order entered in this matter, the party producing a document can produce a document either with no

2

confidentiality designation, with a designation of "Confidential," or with a designation of "Confidential Attorneys' Eyes Only."

6. PPST takes reasonable measures to protected confidential, proprietary, or competitively sensitive information from public disclosure. PPST limits the access to this type of information internally only to those who require access to the information to carry out their duties and responsibilities both by limiting access to certain financial, clinical, human resources, and development systems and by limiting access to share drives. These systems are password protected. PPST password protects certain reports that contain employee lists and payroll information. Accounting documents and human resource documents are kept in locked filing cabinets. PPST can password protect its printers to prevent the printer from releasing the job until the password is put in to prevent any sensitive documents from being made available to someone who is not authorized to have access. PPST encrypts or faxes documents containing sensitive information, including documents containing PHI or PII.

7. Documents designated as Attorneys' Eyes Only or Confidential are documents that have not been shared with the public and are not routinely shared with other Affiliates.

8. The documents in the category "Confidential Attorneys' Eyes Only information" include highly sensitive strategic, programmatic or financial information and sensitive real estate relationship.

9. Highly Sensitive Strategic, Programmatic Or Financial Information: The documents in this category reflect PPST's highly sensitive confidential information including specific details about: (1) non-public programs and initiatives; (2) and relationships with business partners whose contracts require anonymity or non-disclosure of the business relationship. Disclosures of this information could cause considerable financial harm to PPST if it was

3

to be obtained by the general public or by PPST's healthcare provider competitors, because it would impact PPST's ability to retain key vendors.  Disclosure of certain highly sensitive information related to key business partners or vendors could lead to the loss of that business partner or vendor, causing PPST financial harm.  Disclosure of this information may also expose PPST, its employees, and/or business partners with increased harassment and the risk of personal harm.

10. Sensitive Real Estate Relationships. The documents in this category contain information about how PPST conducts business and structures its contractual relationships with real estate providers/contractors, including leases and real estate agreements.  The release of this information would cause security risks and financial harm to PPST if obtained by the general public or by PPST's competitors because information about any real estate agreements, PPST's real estate strategy, or ongoing real estate negotiations could impede PPST's ability to secure real estate required to support its daily operations as a healthcare provider.  Disclosure of this  information could also cause PPST financial harm if obtained by the general public or PPST's competitors as it could prevent PPST from receiving fair market rates for real estate, contractors, and subcontractors. PPST has previously lost subcontractors due to harassment and the disclosure of this information could lead to harassment of  contractors.  Disclosure of this information could also lead to costly delays in construction and a difficulty to find additional contractors.

11. The documents in the category "Confidential Information" include sensitive strategic, programmatic or financial information.

12. Strategic Programming Information and Business Relationships. Documents in this category include strategic or programing information and certain business relationships

<div align="center">4</div>

that, while not so especially sensitive as to rise to the designation of AEO, are still commercial information that is not publicly known and is of a commercial advantage to PPST. This includes documents related to how PPST allocates various resources, programs, and initiatives, and documents related to the assessments of the programs offered by PPST. This also includes the Manual of Medical Standards and Guidelines ("MS&Gs") that detail the policies and procedures for the medical services provided by PPST and certain business relationships that PPST is contractually obligated to keep confidential. Disclosures of this information could cause financial harm to PPST if obtained by its healthcare provider competitors who could then provide the same level of care as PPST, could disrupt current systems, and affect PPST's ability to provide patient care. Disclosure of certain strategic material could also harm PPST's ability to recruit and retain medical staff for its healthcare centers. Disclosure of this type of information may also expose PPST, its employees, and/or business partners with increased harassment and the risk of personal harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 2, 2022 in San Antonio, Texas.

Polin Barraza