IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>  Plaintiffs,<br>v.<br><br>  Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br><br><br><br>Date:  November 3, 2022 |

**REPLY IN SUPPORT OF
AFFILIATE DEFENDANTS' MOTION FOR RECONSIDERATION
OR CLARIFICATION OF ORDER ON AFFILIATE DEFENDANTS'
MOTION TO COMPEL TO TEXAS**

Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") (collectively, "Affiliate Defendants") file this reply in support of their Motion for Reconsideration or Clarification of Order on Affiliate Defendants' Motion to Compel to Texas [Dkts. 196 & 197].

## INTRODUCTION

Under the Court's September 1 Order, Texas need not provide any response to Affiliate Defendants' Interrogatories 12 and 13, even though the Court has expressly held that these Interrogatories seek information relevant to the parties' claims and defenses – specifically, the FCA's materiality element. Texas should have to answer the Interrogatories in their entirety, as written, given the rigorous and important nature of the FCA's materiality requirement.

However, if the Court is inclined to credit Texas's argument based on burden, especially given the limited time remaining in the discovery period, Affiliate Defendants are willing to further meet and confer on this request. Therefore, at a minimum, the Court should order that Texas and Affiliate Defendants promptly meet and confer on the scope of Interrogatories 12 and 13 and that Texas respond to these Interrogatories after meeting and conferring in good faith.

In addition, this Court should reconsider its ruling on the applicability of the Medicaid investigative privilege. As Affiliate Defendants briefed in their Motion, this Court's order rests heavily on the notion that federal and state law provide the "same basic privilege." However, there is no such corollary under federal law, and similar investigative materials are routinely produced in federal litigation. In the alternative to reconsidering the privilege's applicability, Affiliate Defendants request that this Court clarify its scope to make clear that the privilege applies to only to materials subpoenaed or compiled for a Medicaid fraud investigation.

# ARGUMENT

## I. Texas Should be Required to Respond to Interrogatories 12 and 13

### A. Texas Should Be Required to Respond to Interrogatories 12 and 13 As Written

Texas does not dispute that Interrogatories 12 and 13 seek discovery that is directly relevant to materiality. Nor does Texas dispute that materiality is central to Affiliate Defendants' defense of Relator's FCA claims. *See* Dkt. 227 at 3-6. Through its silence on these fundamental points, Texas effectively concedes that discovery on other healthcare providers is relevant to materiality and discoverable.

Rather than seriously engage with Affiliate Defendants' arguments, Texas repeats the same argument that the TMFPA does not incorporate federal common law. *See id.* at 5 n.2. But that is a red herring; regardless of whether Affiliate Defendants would be entitled to responses to Interrogatories 12 and 13 in a case brought solely under the TMFPA, this case involves federal FCA claims brought by Relator. And this Court has already made clear that the scope of discovery encompasses material relevant to *any* party's claims or defense. *See* Dkt. 161 at 10. Regardless of which Plaintiff is pursuing the federal FCA claim, Affiliate Defendants are entitled to discovery relevant to each essential element under the federal FCA, including materiality.

Notwithstanding the fact that the Court has recognized and Texas concedes the importance of discovery relevant to materiality in defense of FCA claims, under the Court's Order, Texas need not provide *any* discovery related to other healthcare providers to Affiliate Defendants. When weighing the burden asserted against the critical nature of the evidence sought, *see Williams v. C. Martin Co. Inc.*, No. CIV.A. 07-6592, 2014 WL 3095161, at *3 (E.D. La. July 7, 2014), it is clear that requiring no answer whatsoever to these Interrogatories assigns too much weight to any asserted "burden" on Texas and fails to fully account for the critical nature of these documents.

2

This is especially true in litigation where, like here, the plaintiff is a government agency seeking hundreds of millions of dollars. *See United States ex rel. Goodman v. Arriva Med.*, LLC, 471 F. Supp. 3d 830, 845 (M.D. Tenn. 2020) (discussing the "heavy burden" on a government agency seeking to avoid responding to discovery requests); *Black Card, LLC v. Visa U.S.A., Inc.*, No. 15-CV-027-S, 2016 WL 7344061, at *3 (D. Wyo. Sept. 12, 2016) (burdensome requests do not place any undue burden when the plaintiff seeks "hundreds of millions of dollars in damages"). Of course, Texas's assertion that it seeks "no damages" because moneys owed under the TMFPA are styled as "remedies," *see* Dkt. 227 at 9 n.6, plainly misses the point. However labeled, Texas does not (and cannot) dispute that it has joined in a lawsuit where the Plaintiffs have made clear they seek *hundreds of millions of dollars*. Whether called "damages" or "remedies" or "penalties," the impact is the same. And, as briefed in Affiliate Defendants' Motion, Dkt. 197 at 5, case law makes clear that such a burden of discovery on Plaintiffs is not undue when there is such a large amount in controversy. No burden here is "undue," and Texas should be required to respond to the Interrogatories as written.

> **B.      At A Minimum, The Court Should Order That The Parties Meet and Confer To Narrow Interrogatories 12 and 13**

At a minimum, this Court should reconsider its ruling determining that Texas need not respond to the interrogatories *at all* and instead order the parties to meet and confer in good faith to narrow the scope of the Interrogatories. Given the short amount of time left in the discovery period and the importance of the information sought, Affiliate Defendants remain ready to confer with Texas about reasonably narrowing the interrogatories, such that Texas can promptly provide responses within the fact discovery period.

Indeed, when a party asserts an objection based on burden, courts routinely order that parties meet and confer to narrow the discovery request. *See, e.g.*, *Green v. Toyota Motor Corp.*, No. 3:11-CV-0207-N, 2012 WL 13065682, at *8 (N.D. Tex. July 18, 2012) (waiting to rule on burden objection until after parties conferred about narrowed scope of requests); *see also In re App. of Polygon Glob. Partners LLP*, No. 21-MC-007 WES, 2021 WL 1894733, at *5 (D.R.I. May 11, 2021); *Exist, Inc. v. E.S.Y., Inc.*, No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015); *City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06 CV 2233 (JBW), 2008 WL 346366, at *4 (E.D.N.Y. Feb. 6, 2008); *G.D. v. Riley*, No. CIV.A.2:05-CV-980, 2007 WL 2206559, at *4 (S.D. Ohio July 30, 2007).

\*   \*   \*

In sum, no burden on Texas in responding to Interrogatories 12 and 13 is "undue," and Texas should be required to respond to Interrogatories 12 and 13 as written. But given the pending close of discovery and the importance of Affiliate Defendants receiving responses to these interrogatories, Affiliate Defendants are willing to discuss narrowing the requests. At a minimum, therefore, the Court should order that the parties meet and confer in good faith about narrowing the requests within three days of the entry of an order on this Motion and that Texas respond to the Interrogatories within ten days of the parties' meet and confer.

II.   **The Medicaid Privilege Should Not Apply And, If It Does Apply, Should Be Limited in Scope To Materials Subpoenaed or Compiled for a Medicaid Fraud Investigation**

The Court mistakenly concluded that the United States and Texas recognize the "same basic privilege" because the FCA's FOIA exemption does not limit the types of evidence available in discovery. *See* Dkt. 197 at 7-8. To the contrary, materials gathered during an investigation are routinely produced in FCA litigation in federal court. *See id*.

4

Texas does not dispute Affiliate Defendants' argument that federal courts do not recognize anything similar to Texas' Medicaid investigative privilege. While Texas asserts that the Court already "balance[ed] the competing interests," Dkt. 227 at 7, the Court's balancing was predicated on its mistaken idea that a parallel federal privilege exists. *See* Dkt. 161 at 6-7. The Court should reconsider its Order in light of the nonexistence of any parallel federal privilege. And as the Court acknowledged, the fact that Texas law recognizes a privilege is not itself a "good reason for respecting the privilege in federal court." Dkt. 161 at 6.

Nor did Texas engage with Affiliate Defendants' argument regarding the scope of the Texas state privilege.[1] As discussed in Affiliate Defendants' Motion, the privilege applies, if at all, *only* to materials subpoenaed or compiled as part of a Medicaid fraud investigation. But Texas continues to assert the privilege far more broadly, and in circumstances that cannot possibly merit protection. For example, as is briefed more fully in Dkt. 249, Texas has clawed back documents produced by *another party* (Relator), which reflect communications between Relator and a Texas investigator about allegations related to fetal tissue. These communications facially do not relate to any investigation about Medicaid fraud. *Id.* And considering they were in another party's possession (who is not a government agency), they are simply not materials subpoenaed or compiled by Texas HHSC during a Medicaid fraud investigation.[2] If the Court declines to

---

[1] Affiliate Defendants note that Texas correctly stated that Texas has not asserted the privilege as to Interrogatories 11, 16, and 17, and Document Requests 21, 22, 23, 25, 26, 27, 28, 29, and 30. Accordingly, Affiliate Defendants withdraw their specific objections as to the privilege's applicability to those discovery requests. Affiliate Defendants, however, continue to seek reconsideration on the application and scope of the privilege.

[2] Indeed, as discussed in Dkt. 249 at 5-6, these communications reflect a Texas investigator contemplating whether fetal tissue procurement might violate some other Texas provisions, and noticeably absent from the list is any discussion of Medicaid fraud.

5

reconsider its holding that the Medicaid investigative privilege applies, then Affiliate Defendants respectfully request that it clarify that the privilege extends only to documents subpoenaed or compiled by Texas HHSG-OIG in the course of a Medicaid fraud investigation (or the Texas AG in support of such investigation). *See also* Dkt. 197 at 9; Dkt. 249 at 4-7.

Finally, in its opposition Texas does not dispute that, in the ESI Protocol, the parties agreed to produce document-by-document logs including certain agreed-upon fields, *see* Dkt. 130-1 at 14; nor does Texas dispute Affiliate Defendants' position that a categorical privilege log fails to satisfy the parties' agreement. In fact, Texas says nothing whatsoever about Affiliate Defendants' arguments, *see* Dkt. 197 at 8-9, on this point. This alone is sufficient reason to require Texas to produce a document-by-document log. *See, e.g.*, *Stanton v. Jarvis Christian Coll.*, 417 F. Supp. 3d 811, 821 (E.D. Tex. 2019) ("Because Plaintiff has failed to respond in opposition to this argument, the Court presumes that Plaintiff does not controvert this argument."); *Robertson v. Gautreaux*, No. CV 16-341-JJB-RLB, 2017 WL 690542, at *6 (M.D. La. Feb. 21, 2017) (noting that a "failure to address" certain arguments "results in abandonment"). Accordingly, and in light of the parties' agreed ESI protocol, Affiliate Defendants respectfully request that this Court reconsider its determination that Texas need only produce a categorical privilege log. Affiliate Defendants request that the Court order Texas to produce a document-by-document log within ten days of entry of an order on Affiliate Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Affiliate Defendants request that this court grant their Motion [Dkts. 196 & 197] and reconsider or clarify its September 1, 2022 Order [Dkt. 161].

    s/ *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned*

7

>*Parenthood of Greater Texas, Inc.,
>Planned Parenthood of South Texas, Inc.,
>Planned Parenthood Cameron County,
>Inc., and Planned Parenthood San
>Antonio, Inc.*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Tirzah S. Lollar*