IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before this Court is Affiliate Defendants' Second and Renewed Motion to Compel the

State of Texas ("Motion") (ECF No. 228), filed on October 20, 2022. Having considered the

Motion, briefing, and relevant law, the Court **DENIES** the Motion.

BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc.

("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and

federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and

regulations, and by failing to repay the government millions of dollars of Medicaid funds that they

knew or should have known they were obligated to repay. Affiliate Defendants move the Court to

compel Texas as to Interrogatories 4–7, 9, 14–15, and Requests for Production ("RFP") 3, 4, 6, 9–

13, 15–18, 24, 33–35, 37–39, and 41–43, and require Texas to substantially complete production

of non-privileged documents responsive to these requests and to provide verified (and as needed

amended) interrogatory responses. ECF No. 229 at 8. Additionally, Affiliate Defendants ask the

Court to order Texas to perform Affiliate Defendants' requested, narrowly tailored search for the

custodial data of David Maxwell, produce any responsive documents, and provide a privilege log within 10 days of the Court's order on the instant Motion. *Id.*

LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).

ANALYSIS

## A. The Motion is Moot as to Interrogatories 4-7, 9, 14-15 and RFPs 3, 4, 6, 9-13, 15-18, 24, 33-35, 37-39, and 41-43

The Court previously determined Affiliate Defendants' first motion to compel was moot as to Interrogatories 4–7, 9, 14–15 and RFPs 3, 4, 6, 9–13, 15–18, 24, 33–35, 37–39, and 41–43. *See* ECF No. 161 at 4–5 ("Order"). This was because Texas already agreed to respond to these requests. *Id.* at 5. Since that Order, Texas has produced its initial privilege log, served verified supplemental interrogatory responses, produced documents relied upon by its expert, produced six installments of responsive documents, and anticipates substantially completing its document production in response to these requests by November 11, 2022. *See* ECF No. 241 at 8–9. Texas has also committed to providing a "Hit Report" once its document production is complete. *Id.* at 6 n.2. And Affiliate Defendants have since withdrawn the Motion as to the interrogatory responses.

ECF No. 249 at 3 n.1. Accordingly, the Court does not "compel Texas to respond in ways it has already agreed to." ECF No. 161 at 5.

### B. Affiliate Defendants' Demand for Documents from David Maxwell's Custodial Files Seeks Potentially Privileged Information

1. *The information was compiled to further a Medicaid fraud investigation.*

Affiliate Defendants assert former Deputy Director of Law Enforcement David Maxwell "was one of Relator's primary contacts during Relator's early efforts to broadly interest law enforcement in Relator's 'investigation' into Defendants' alleged misconduct." ECF No. 229 at 16. Affiliate Defendants further argue Texas's refusal to produce responsive documents "rests entirely on its assertions of privilege." *Id.* at 17. Texas's assertions rely in part on the Texas Medicaid Investigative Privilege, which the Court has held applies in this case. *See* TEX. GOV'T CODE § 531.1021(g); ECF No. 161 at 5–8. Affiliate Defendants argue "Texas must, at a minimum, establish that the communications exchanged between Maxwell and Relator (and other third parties related to Relator) were 'subpoenaed or compiled' for the purpose of furthering a Medicaid fraud investigation." ECF No. 229 at 18.

But in this case, Affiliate Defendants *do seek* information related to an investigation of Defendants' provision of services billed to the Medicaid program. Affiliate Defendants cannot contend otherwise, notwithstanding their unsupported assertion that Relator initiated the communications with Maxwell "as a part of Relator's effort to encourage law enforcement to criminally prosecute Planned Parenthood affiliates for their alleged sale of fetal tissue." *Id.* at 20. Affiliate Defendants are splitting hairs — as if communications relating to the sale of fetal tissue are categorically different than communications relating specifically to Medicaid. But this ignores that Texas explicitly relied on Relator's investigation in 2015 when finding Affiliate Defendants

were liable "for a series of serious Medicaid program violations" — including fraud.[1] ECF No. 2 at 61–65. Thus, the Court disagrees that Texas is making a "*post hoc* attempt to re-characterize actions more than seven years after they occurred." ECF No. 249 at 7.

Affiliate Defendants further argue the Medicaid Investigative Privilege does not apply unless the information was collected by a subpoena issued by OIG — not OAG. ECF No. 229 at 19–20. But the OAG enjoys the same Medicaid Investigative Privilege as the OIG when the OAG conducts the Medicaid investigation under the Texas Medicaid Fraud Prevention Act. *See U.S. ex rel. Banigan v. Organon USA, Inc.*, No. 07-12153-RWZ, 2013 WL 139735, at *3 (D. Mass. Jan. 9, 2013) ("The [Medicaid Investigative Privilege] flatly bars discovery, including via subpoena, of Medicare [sic] fraud investigation materials gathered by the Texas OAG.") *vacated in part by U.S. ex rel. Banigan v. Organon USA, Inc.*, 07-12153-RWZ, 2013 WL 12437578 (D. Mass. Oct. 8, 2013); TEX. GOV'T CODE § 531.1021(g) ("All information and materials subpoenaed or compiled . . . by the office of the attorney general . . . ."). Thus, the Court agrees with Texas: "The statute clearly contemplates protecting information compiled by the OAG in connection with Medicaid fraud investigations and is not limited to information obtained only via subpoena nor by the OIG alone." ECF No. 241 at 13–14. Therefore, the Court is not persuaded that the Medicaid Investigative Privilege is inapplicable.

2. *The information is protected from disclosure under the common-interest privilege.*

Affiliate Defendants once again argue the common-interest privilege is unavailable for Plaintiffs. ECF No. 229 at 22–26. The Court held the common-interest privilege is applicable in

---

[1] To be more precise, the Medicaid Investigative Privilege is not strictly limited to investigations involving fraud but also "waste, and abuse in the provision and delivery of all health and human services in the state." *Paxton v. Tex. Dep't of State Health Servs.*, 500 S.W.3d 702, 705 (Tex. App.—Austin 2016, no pet.).

this case. *See* ECF No. 162 at 6–8. The Court also explained why it did not err in its order on

Affiliate Defendant's motion for reconsideration. *See generally* ECF No. 250. The Court will not

relitigate the issue a third time. But the Court will address Affiliate Defendants' new argument that

the privilege as an extension of work-product doctrine does not apply because the work-product

applies only if Relator was acting "as an agent or representative" for Texas. ECF No. 249 at 8

(citing *U.S. v. Nobles*, 422 U.S. 225, 237-39 (1975)).[2]

How this rule applies in the *qui tam* context is somewhat unclear. To begin, courts assume

relators are "agents" of the government.[3] *See generally U.S. ex rel. Gilbert v. Va. Coll., LLC*, 305

F. Supp. 3d 1315, 1321–22 (N.D. Ala. 2018); *United States v. Heartland Hospice, Inc.*, 386 F.

Supp. 3d 884, 894 (N.D. Ohio 2019), *aff'd sub nom. U.S. ex rel. Holloway v. Heartland Hospice,*

*Inc.*, 960 F.3d 836 (6th Cir. 2020) (collecting cases). Additionally, the common-interest doctrine

"*extends* . . . work product protection, to documents that are *prepared by parties sharing a*

*common litigation interest that would otherwise not enjoy such privilege.*" *Windsor v. Olson*,

No. 3:16-CV-934-L, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019) (emphasis added).

As the Court explained, the materials Affiliate Defendants seek "include communications

Relator prepared *for* Texas and communications *by* a Texas OAG investigator in anticipation of

the current litigation." ECF No. 250 at 5. And the rationale for the common-interest privilege is

that "persons who share a common interest in litigation should be able to communicate with their

respective attorneys *and with each other* to more effectively prosecute or defend their claims." *In*

*re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990)

---

[2] The Court need not address this argument, however. *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.").

[3] It is also well-settled that private citizens can become "government agents" in other contexts — *e.g.*, when they conduct "searches" under the Fourth Amendment. *See United States v. Blocker*, 104 F.3d 720, 725 (5th Cir. 1997).

(emphasis added). Likewise, the work-product doctrine "clearly applies" to "follow-ups" to meetings and "documents prepared *by a party* in anticipation of litigation or for trial." *United States v. Medica-Rents Co.*, No. 4:00-CV-483-Y, 2002 WL 1483085, at \*2 (N.D. Tex. June 21, 2002).

Additionally, the Supreme Court in *Nobles* also made clear that "investigators" are agents. 422 U.S. at 238. It was only because the party presented the investigator as a witness that the privilege was waived for matters covered in the testimony. *Id.* at 239. Other persons include a party's "*consultant*, surety, indemnitor, insurer, *or agent*." FED. R. CIV. P. 23(b)(3)(A) (emphasis added). Thus, the Court is persuaded the doctrine applies because Relator was a *potential* co-plaintiff at the time (and ultimately became a co-plaintiff in actuality). *See In Re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015). But to the extent *Nobles* must be strictly applied here, Relator can fairly be characterized as an investigator or consultant during these communications. Affiliate Defendants do not explain what criteria Relator must satisfy to become an "agent" of Texas. But in any case, the Court is not persuaded that Relator is not an "agent" simply because he is a private citizen of another state. ECF No. 249 at 8.

Affiliate Defendants can point to no case demonstrating that communications prepared by a relator for an intervening State government furthering a common legal strategy are categorically excluded from work-product protection. Such a rule would undercut the rationale for the common-interest privilege existing in the first place. Affiliate Defendants' reading of *United States v. Cameron-Ehlen Grp., Inc.* goes too far. No. 13-CV-3003 (WMW/DTS), 2019 WL 6875354, at \*2 (D. Minn. Dec. 17, 2019). There, the court only held there was no "factual predicate demonstrating" a common legal strategy or unity of interest between the relator and the United

6

States. This was because at the time of the communication, the relator's interests "could have been well at odds with the Government's interest in prosecuting the criminal action." *Id.* The *Cameron-Ehlen* court did not hold the relator could not be an "agent or representative" of the government. Indeed, such a holding would have been inconsistent with the authority cited above. Similarly, the court in *U.S. ex rel. Minge v. TECT Aerospace, Inc.* simply reasoned that the privilege log disclosures relating to messages from the relators were not described sufficiently for the court to find the content of the messages constituted work-product. No. 07-1212-MLB, 2011 WL 1885934, at *8 (D. Kan. May 18, 2011). Therefore, Affiliate Defendants' argument fails to persuade the Court the common-interest privilege does not apply.

Here, it will suffice to say the Court identified May 2015 and the events occurring shortly thereafter as the relevant period in which a common interest attached between Texas and Relator. ECF No. 250 at 5. The communications between Relator and Maxwell occurred in that period. *See* ECF No. 211-2 at 24. Therefore, the Court does not compel Texas to produce potentially privileged documents.

### 3. *Texas has searched for responsive documents.*

Finally, Affiliate Defendants argue Texas cannot simply invoke privilege to avoid searching for documents responsive to that request. ECF No. 229 at 26. The Court agrees and has held the same. *See* ECF No. 161 at 8. However, Texas did run Affiliate Defendants' requested searches and agreed to amend its privilege log to include the 13 documents it identifies as privileged. ECF No. 241 at 10. Therefore, Affiliate Defendants' request to order *in camera* review of "Texas' blanket assertion of privilege over Maxwell's communications with Relator" is either unwarranted or premature. But the Court's current assessment for Defendant's request for *in*

*camera* review is without prejudice. *See Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 348 (5th Cir. 2014).

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED**.

November _7_, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

8