**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | |
| | CIVIL ACTION NO. 2:21-CV-00022-Z |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>    Plaintiffs, | Date:    November 10, 2022 |
| v. | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | |
| Defendants. | |

## PLANNED PARENTHOOD GULF COAST INC.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH RELATOR'S NOTICE OF DEPOSITION OF MELANEY LINTON

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") files this Motion for a Protective Order and to Quash Relator's Notice of the Deposition of Melaney Linton for November 22, 2022.

## BACKGROUND

Ms. Linton is PPGC's Chief Executive Officer, *ex officio* board member for Defendant Planned Parenthood Federation of America ("PPFA"), member of the PPFA Federation Governance Committee, and board member for Affiliates Risk Management Services ("ARMS"). *See* Decl. of Melaney Linton, attached as Ex. 1, at ¶ 1. Throughout October, PPGC engaged in good faith with Relator to find a mutually agreeable date for Ms. Linton's deposition, offering six

different dates for the deposition.  Relator first unilaterally issued a notice for Mr. Linton's deposition on October 11, 2022 for November 28, 2022.  *See* Ex. 2.  After subsequent discussions but still no agreement on date, on October 25, 2022, Relator unilaterally issued an amended notice setting her deposition on November 22, 2022 in Houston.  *See* Ex. 3.  November 22 is not a date that the parties ever discussed for the deposition, and it is a date on which PPGC had expressly told Relator that Ms. Linton is not available.  It is also the Tuesday before Thanksgiving, and Ms. Linton ████████████████████████████████████  As a result, PPGC again contacted Relator to discuss a mutually agreeable date for the deposition.  Despite PPGC's repeated good faith attempts to find such a date that would accommodate Relator's schedule, Relator has threatened to seek sanctions against PPGC and Ms. Linton if Ms. Linton does not appear on November 22.  *See* Ex. 4.

## SUMMARY OF FACTS

The details of the lengthy back-and-forth between PPGC and Relator show that PPGC has engaged in good faith to find a mutually agreeable date for Ms. Linton's deposition:  PPGC has offered **six different dates** for the deposition: November 28 ████████████████  December 5 █ ███████████████████ ; December 8, 9, 10, or 16 ██████████ .[1]

On October 11, the parties met and conferred regarding discovery issues.  The State of Texas agreed to work with Defendants on scheduling rather than unilaterally issuing notices of depositions.  Later that evening, Relator unilaterally issued a notice for Ms. Linton's deposition on November 28.  *See* Ex. 2.

---

[1] The parties have scheduled several depositions for the week of December 5 and agreed that the taking of these depositions will not impact the dispositive motions deadline or the trial date.  PPGC also agreed that scheduling Ms. Linton's deposition on December 16 would not impact the dispositive motions deadline or the trial date.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ to attend a meeting of the Planned Parenthood Action Fund, a Planned Parenthood Votes meeting, and an ARMS board meeting. *Id.* at ¶ 6.  Her presence at these meetings is necessary in her capacity as PPGC's CEO and as a board member of ARMS. *Id.*

After Relator issued their first unilateral notice, PPGC on October 18, emailed Relator explaining that Ms. Linton had no availability on or before November 30.  Consistent with Ms. Linton's schedule as set forth above, PPGC offered to make Ms. Linton available for a deposition on **December 9**████████.  On October 20, Relator declined and asked if she was available on December 5 in ██████.  The same day, PPGC responded and asked if Relator could depose Ms. Linton on **December 5**████████████████████████████  On October 21, Relator rejected that date, stating that any deposition in ████████ would have to be on November 28.  Relator instead offered to depose Ms. Linton on December 1 ████████ provided that the PPGC Rule 30(b)(6) deposition that had been set for December 1 could be moved to December 5.  PPGC responded that Ms. Linton was not available on December 1 or 5 ███████ ████████████████████████, reiterated the offer for **December 8 or 9** ███████, and added ████████████████████ as another option.  Relator rejected the offer.  In response, PPGC offered **December 10**████████ and added the possibility of a **remote deposition on December 5** since Relator had been willing to take the deposition on December 5 ████████████████ ████████████████

Having not heard from Relator, PPGC raised the issue of Ms. Linton's deposition date during an October 24 meet and confer and then sent a follow up email that evening asking again if Relator could do December 8, 9, 10, or 16 ███████ Rather than responding to that question, Relator on the next day (October 25) issued a deposition notice for Ms. Linton on November 22 ███████ but said the parties should discuss Ms. Linton's date.  No party had raised November 22 as an option in *any* of the numerous communications between PPGC and Relator on this issue before October 25.  And it had been clear since October 18 that Ms. Linton is not available on November 22.  During a meet and confer on November 3, PPGC asked whether, now that the deposition schedule was largely set, Relator had determined if they could depose Ms. Linton on December 8, 9, or 10 ███████ Relator said they would look into this and asked if December 5 ███████ was still an option.  PPGC agreed to check on that.

PPGC then followed up again to ask if December 8, 9, or 10 would be possible.  Relator stated that they are standing on the November 22 notice. Ex. 4.  As a final effort to find a mutually agreeable date and avoid burdening the Court with what should be a routine scheduling issue, PPGC offered to make Ms. Linton available ███████ Because Relator will be ███ from November 28 to November 30 for other depositions in this case, PPGC offered **November 28** ███—the *original* date that Relator noticed—as an option.  Relator refused and threatened to seek sanctions against PPGC and Ms. Linton if she does not appear on November 22.  *See* Ex. 4.  While there is one other deposition already scheduled on November 28, there are actually *two* other depositions scheduled on November 22.  And the parties will be taking two or *more* depositions on each of November 30, December 6, December 7, December 8, and December 9.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(c)(1)(B), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). The movant must show good cause "with a specific demonstration of fact." *Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010). "The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002). According to the Court's Scheduling Order, the Court "expects the parties to work in good faith to resolve discovery disputes." ECF 123 at 5.[2]

Courts may consider witness schedules when considering the reasonableness of deposition scheduling. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming trial court's "attempt to postpone or prevent the necessity of taking" deposition "in light of defendant's reasonable assertions that [the witness] was extremely busy and did not have any direct knowledge of the facts"); *see also Friedman v. Baca*, No. 3:17-cv-433, 2019 WL 4546904, at *5 (D. Nev. Sept. 18, 2019) (ordering parties to schedule "at a time which does not unnecessarily conflict with" deponents other obligations).

Relator has known since October 18 that Ms. Linton is not available on November 22. She has been ███████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ But Relator set this date unilaterally, on a date when they knew Ms. Linton is not available. Courts have

---

[2] According to this Court's Scheduling Order, any motion to quash relating to a deposition must be filed more than five business days before the noticed date of the deposition. ECF 123 at 5. The deposition at issue has been noticed for November 22, so this motion is timely.

consistently rejected unilateral noticing of dates when the noticing party knows the witness is unavailable. *See, e.g.*, *Elgin v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-CV-00139-DJH, 2020 WL 8771656, at *4 (W.D. Ky. Oct. 1, 2020) ("[P]arties should generally not unilaterally dictate the date, time, location, and parameters of depositions."); *Allan v. Falcon Transp. Co.*, No. 6:17-cv-1747-ORL-41-GJK, 2018 WL 6624248, at *3 (M.D. Fla. June 26, 2018) (ordering parties to meet and confer to find new date after plaintiff unilaterally noticed deposition for date on which party was unavailable); *Chavez v. Arancedo*, No. 17-20003-CIV, 2017 WL 3025841, at *4 (S.D. Fla. July 17, 2017) (granting protective order when defendant attempted to accommodate plaintiff's demands for deposition date, explained that a particular date was unavailable, and plaintiff unilaterally noticed the deposition for that date anyway); *Dixon v. Verhey*, No. 8:13-cv-111, 2014 WL 2711853, at *3 (D. Neb. June 16, 2014) (same).

It would cause undue hardship for Ms. Linton to appear on November 22 because she █████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████  Good cause exists to allow Ms. Linton to avoid these burdens given that PPGC has proposed several alternative dates (including the *very first date* Relator had proposed at a location where Relator will be) and the parties are already taking more than one deposition on several dates in the discovery period.

Immediately after Thanksgiving, ████████████████████████████████████ █████████████████████████████████████████████████████████Her presence

at these meetings is necessary in her capacity as PPGC CEO and a board member of ARMS.  *Id.* Nonetheless, as PPGC has reiterated to Relator, Ms. Linton is willing to appear for a deposition █ ███████████ on November 28, the Monday after Thanksgiving.  Alternatively, she can appear for a deposition on December 8, 9, 10, or 16 █████████████████.

As Ms. Linton has made clear, she understands she is required to appear for a deposition and is willing to do so.  Ex. 1 at ¶ 7.  PPGC has repeatedly engaged with Relator in good faith to agree on a date for Ms. Linton's deposition.  As set forth above, PPGC has offered *six* different dates for the deposition, seeking a mutually agreeable date.  And PPGC is not seeking to unduly delay the deposition.  In fact, PPGC has offered to have the deposition *on the date that Relator initially noticed*—November 28—in the location where Relator will be—███████████████ Relator has given no reason why they cannot take her deposition on that date.  Although there is another deposition scheduled on November 28, the quick pace of the discovery timeline in this case has made it necessary to have two depositions on several other days.  In fact, the parties are scheduled to take *two* other depositions on November 22—the day they seek to depose Ms. Linton.

Further, scheduling the deposition for November 28 or the first two weeks of December would not interfere with the overall schedule in the case, and courts have found good cause to grant much longer delays, *see, e.g.*, *Williams*, 210 F.R.D. at 579 (finding good cause to allow a "short postponement" of three months).  There is good cause to reschedule the deposition for a date when Ms. Linton will not be forced to sit for a deposition unprepared and jetlagged or to cut her vacation short and be subjected to the attendant unnecessary expenses.  And there is also good cause to reschedule the deposition so she is not required to change her Thanksgiving plans ███████ ██████████████████ when she has made herself available on multiple dates shortly after

Thanksgiving.  PPGC has established good cause to allow Ms. Linton's deposition to be held on one of PPGC's proposed dates.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Planned Parenthood Gulf Coast, Inc., requests that this Court grant its Motion for a Protective Order and to Quash Relator's Notice of the Deposition of Melaney Linton.

<div style="margin-left:50%">

<u>s/  Tirzah S. Lollar</u>
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474

</div>

Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned
Parenthood Gulf Coast, Inc.*

## <u>CERTIFICATION OF GOOD FAITH</u>

In accordance with Fed. R. Civ. P. 26(c)(1), I hereby certify that movant Planned Parenthood Gulf Coast, Inc. has in good faith conferred with Relator in an effort to resolve this dispute without court action.

/s/ *Tirzah S. Lollar*                         

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Tirzah S. Lollar*