IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATES OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>e*x rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2-21-CV-022-Z |

### STATE OF TEXAS'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

NOW COMES the State of Texas, ("Texas" or "State") by and through the Attorney General of Texas, and hereby moves to quash the depositions of Stuart Bowen and Dr. Ted Spears pursuant to their

1

respective Notices of Deposition by Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., ("Planned Parenthood" or "Defendants") served on or about October 31, 2022, and further moves for a protective order from said Notices of Deposition of Stuart Bowen and Dr. Ted Spears pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3). *See* Appx.1–5 (S. Bowen Deposition Notice); Appx.6–10 (T. Spears Deposition Notice).

In the alternative, if Defendants are permitted to depose Mr. Bowen and Dr. Spears, Texas moves for a protective order pursuant to Rule 26(c) forbidding Defendants from inquiring into "the information and materials compiled" by the Texas Health and Human Services Commission-Office of Inspector General during its prior "audit, inspection, or investigation" of the Defendants. *See* Tex. Hum. Res. Code §§ 531.102(k), 531.1021(g). In support thereof, Texas would respectfully show the Court as follows:

2

## I.  Summary of the Argument

Mr. Bowen is the former Inspector General of the Texas Health and Human Services Commission-Office of Inspector General ("OIG"). He served in this capacity from January 2015 until May 2017. Dr. Spears is the Chief Medical Officer for the OIG, and has served in this capacity since August 2016. Both testified in the Western District of Texas litigation that followed OIG's decision in October 2015 to initiate proceedings to terminate the Medicaid provider credentials of Planned Parenthood Gulf Coast, Planned Parenthood Greater Texas, and Planned Parenthood South Texas (collectively, the "Affiliate Defendants"). *See Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Smith*, 236 F. Supp. 3d 974, 981 (W.D. Tex. 2017) (discussing OIG testimony).

Defendants clearly wish to depose Mr. Bowen and Dr. Spears to question them about the OIG's investigation into the Affiliate Defendants leading up to the OIG's decision to initiate termination proceedings. They do not have any other connection to this case. But "information and materials" compiled by the OIG as part of a Medicaid fraud investigation are privileged and expressly "not subject to disclosure, discovery,

3

subpoena, or other means of legal compulsion for their release." *See* Tex. Hum. Res. Code § 531.1021(g); *see also id.* at § 531.102(k). Any information Mr. Bowen or Dr. Spears possess would necessarily have been acquired as part of their responsibilities at the OIG and as part of the OIG's investigation of Defendants. This information is privileged and not discoverable. *Id.* Counsel for Plaintiffs have met and conferred with counsel for Defendants about these issues and the privileges that apply, but the Defendants intend to go forward with the depositions. Accordingly, Plaintiffs seek relief from the Court.

## II.  Texas Government Code Sections 531.102(k) and 531.1021(g)

Defendants are not entitled to testimony from Mr. Bowen and Dr. Spears about the OIG's investigation of the Affiliate Defendants. Any information possessed by Mr. Bowen or Dr. Spears related to that investigation was acquired in their respective roles with the OIG and is not discoverable pursuant to the Texas Government Code's Medicaid Investigative Privilege. Tex. Hum. Res. Code §§ 531.102(k), 531.1021(g). This statutory privilege is broad and without caveat:

> **All information and materials subpoenaed or compiled by the [OIG] in connection with an audit, inspection, or investigation … are confidential** and not subject to disclosure under Chapter 552, **and not subject to**

4

> **disclosure, discovery, subpoena, or other means of legal compulsion** for their release to anyone other than the office or the attorney general or their employees or agents involved in the audit, inspection, or investigation conducted by the office or the attorney general, except that this information may be disclosed to the state auditor's office, law enforcement agencies, and other entities as permitted by other law.

Tex. Hum. Res. Code § 531.1021(g) (emphasis added); *see also id.* at § 531.102(k). Texas courts recognize that the privilege extends to "OIG audits and investigations concerning 'fraud, waste, and abuse in the provision and delivery of all health and human services in the state.'" *See, e.g.*, *Paxton v. Tex. Dept. of State Health Servs.*, 500 S.W.3d 702, 706 (Tex. App.—Austin 2016). The privilege categorically prohibits third parties from obtaining OIG investigative materials or information through any form of legal compulsion, including discovery, and this Court has, on multiple occasions, recognized and applied the privilege in this case. ECF No. 161 at 8; ECF No. 165 at 7; ECF No. 250 at 6 n.3; *see also ACLU of Miss. v. Finch*, 638 F.2d 1136 (5th Cir. 1981) (applying state privilege in federal action).

Any information Mr. Bowen and Dr. Spears acquired in their respective capacities at the OIG is categorically protected from discovery by the Medicaid Investigative Privilege. Tex. Hum. Res. Code §§

5

531.102(k), 531.1021(g). Defendants may argue that Mr. Bowen's and Dr. Spears's prior testimony constitute a "waiver" of the privilege, but this argument misses the mark. While the Government Code clearly contemplates the disclosure by the government of OIG investigative materials "as permitted by other law," there is no indication that the Legislature intended such disclosure to serve as a waiver to permit third parties to compel *further disclosure* of privileged materials. *See* Tex. Hum. Res. Code § 531.1021(g) (providing no exception to the prohibition of third-party discovery of OIG investigative materials); *Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004) (rejecting construction that "would have us read an absent word into the statute" because it "would result … [in an] enlargement of it by the court"). Indeed, if the OIG's disclosure of investigative materials—for instance, as part of a Medicaid fraud enforcement action—subjected those materials to further compulsion in all other, unrelated actions, then the statute would offer the OIG very little protection at all. The plain language of the Section 1021(g) does not support this conclusion. Tex. Hum. Res. Code § 531.1021(g).

Moreover, this Court has already recognized that disclosure of materials protected by the Medicaid Investigative Privilege does not

dispense with the statute's protections. On October 6, 2022, Defendants moved this Court to reconsider a prior order, arguing that it was entitled to discover certain communications between the Relator and the Texas Attorney General's Office. ECF No. 210. Defendants rested their argument, in part, on the fact that "Relator repeatedly disclosed to third persons the substance of the communications between Relator and the Texas Attorney General's Office." ECF No. 211 at 7. In denying Defendants' motion, this Court nevertheless found that "the materials sought are independently protected by the Medicaid Investigative Privilege." ECF No. 250 at 6 n3. Thus, this Court has already held what Texas argues here—that Mr. Bowen's and Dr. Spears's prior testimony do not bear on whether Defendants can compel *further* testimony in plain violation of the protections of Section 531.1021(g) of the Texas Government Code.

## CONCLUSION

Texas respectfully requests that the Court grant its Motion to Quash and for Protection with respect to the Notices of Deposition for Stuart Bowen and Dr. Ted Spears and that Defendants be prohibited

7

from deposing Mr. Bowen and Dr. Spears.[1] Alternatively, Texas requests this Court enter a protective order forbidding Defendants from inquiring into "the information and materials compiled" by the Texas Health and Human Services Commission—Office of Inspector General during its prior "audit, inspection, or investigation" of the Defendants during any deposition of Mr. Bowen or Dr. Spears.

---

[1] The parties have agreed to seek an order expediting the briefing for this Motion to Quash and for Protection. In a separate motion filed concurrently herewith, the parties request that this Court order the Defendants to file a response by Thursday, November 17, 2022, and Texas to file a reply by Monday, November 21, 2022.

Dated: November 11, 2022

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Raymond Charles Winter*
**RAYMOND CHARLES WINTER**
Chief, Civil Medicaid Fraud Division
Texas Bar No. 21791950

**AMY SNOW HILTON**
Assistant Attorney General
General Litigation Division
Texas Bar No. 24097834

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Raymond.Winter@oag.texas.gov
Amy.Hilton@oag.texas.gov

**ATTORNEYS FOR STATE OF TEXAS**

## CERTIFICATE OF CONFERENCE

I certify that counsel for the State of Texas has made a good faith effort to confer with counsel for Defendants without the need for Court intervention on this matter but has been unable to resolve the issue.

> */s/ Raymond C. Winter*
> **RAYMOND C. WINTER**
> Chief, Civil Medicaid Fraud Division

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2022, this document was electronically filed and served via the Court's CM/ECF system.

> */s/ Raymond C. Winter*
> **RAYMOND C. WINTER**
> Chief, Civil Medicaid Fraud Division