**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>        Plaintiffs, | § <br> § <br> § <br> § | Date:        October 26, 2022 |
| v. | § <br> § | |
| | § | |
| Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc., | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| | § | |
|        Defendants. | § <br> § | |

**APPENDIX IN SUPPORT OF AFFILIATE DEFENDANTS RESPONSE TO
<u>NOVEMBER 8, 2022 SHOW CAUSE ORDER</u>**

ARNOLD & PORTER KAYE SCHOLER LLP

Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

| EX. NO. | DOCUMENT NAME | APP. PAGE NO. |
|---|---|---|
| 1 | Defendants' Rule 26(a)(1) Initial Disclosures | App. 001 - App. 009 |
| 2 | Defendants' Supplemental Rule 26(a)(1) Initial Disclosures | App. 010 - App. 017 |
| 3 | Affiliate Defendants' Rule 26(a)(1) Supplemental Disclosures | App. 018 - App. 022 |
| 4 | Affiliate Defendants' Rule 26(a)(1) Third Supplemental Disclosures | App. 023 - App. 027 |
| 5 | Declaration of Alfred Curtis | App. 028 - App. 030 |
| 6 | Declaration of Sheila McKinney | App. 031 - App. 034 |
| 7 | Declaration of Polin C. Barraza | App. 035 - App. 038 |
| 8 | Declaration of William Shelby | App. 039 - App. 042 |
| 9 | PPGC's Responses to Relator's Sixth Set of Requests for Production of Documents | App. 043 - App. 055 |
| 10 | PPGC's Responses to Relator's Third Set of Requests for Production of Documents | App. 056 - App. 069 |
| 11 | CMS Production Emails | App. 070 - App. 076 |
| 12 | Email from Lollar to Stephens; Winter attaching PP Affiliate Search Report | App. 077 - App. 086 |
| 13 | Email from Reeder and Hacker re custodial redactions | App. 087 - App. 091 |
| 14 | Declaration of Richard Holder | App. 092 - App. 095 |
| 15 | Declaration of Angel De La Cruz | App. 096 - App. 099 |

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| | § | Date:      March 9, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

Defendants Planned Parenthood Gulf Coast ("PPGC"), Planned Parenthood of Greater Texas, Inc., ("PPGT"), Planned Parenthood South Texas, Inc., ("PP South Texas"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") (collectively, the "Texas Affiliates"); and Planned Parenthood Federation of America, Inc. ("PPFA"), (together, the "Defendants") hereby submit their Initial Disclosures to Relator Doe and the State of Texas ("Plaintiffs") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

These disclosures are made based on the information presently available to Defendants and are subject to supplementation or modification as more information becomes available. By making these disclosures, Defendants are not representing that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. These disclosures are not intended to prejudice or waive any privileges or objections any of the Defendants may have with respect to any outstanding or subsequent requests for discovery.[1]

## I.      RULE 26(a)(1)(A)(i) WITNESSES

Defendants hereby disclose this list of persons who Defendants believe are likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, based on Defendants' knowledge to date.

---

[1] Defendants understand that discovery will not begin until after the Court issues a Scheduling Order. Order (March 7, 2022) (finding that Defendants' outstanding motion to dismiss constitutes "good cause" for delay and stating that the "Court anticipates it will rule on the pending Motions to Dismiss (ECF Nos. 44, 47, 48, 50) before it issues a Scheduling Order that includes Rule 34 production and other relevant discovery deadlines").

1

| Name | Contact Information | Subject Matter |
|---|---|---|
| Melaney Linton<br><br>PPGC President & Chief Executive Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's Texas and Louisiana Medicaid termination, Texas & Louisiana Medicaid claims process, and research agreements. |
| Melissa Farrell<br><br>Former PPGC Research Director | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's research agreements. |
| Alfred Curtis<br><br>PPGC Chief Operating Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's Texas and Louisiana Medicaid termination, Texas & Louisiana Medicaid claims process, and research agreements. |
| Ronda Exnicious<br><br>Clinical Health Network for Transformation, Chief Revenue Officer<br><br>Former PPGC Vice President, Revenue Cycle Management | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's Texas and Louisiana Medicaid termination and Texas and Louisiana Medicaid claims process, including during the period covered by the injunction of the termination notice. |
| Jeffrey Hons<br><br>PP South Texas President & Chief Executive Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PP South Texas' Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |
| Polin Barraza<br><br>PP South Texas Senior Vice President & Chief Operating Officer<br><br>PP Cameron County President<br><br>PP San Antonio President | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PP South Texas, PP Cameron County, and PP San Antonio's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |

2

| Name | Contact Information | Subject Matter |
|---|---|---|
| Ken Lambrecht<br><br>PPGT President & Chief Executive Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |
| Sheila McKinney<br><br>PPGT Chief Operating Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |
| Dan Sannes<br><br>PPGT Chief Financial Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |
| Kasia White<br><br>PPGT Vice President Quality, Risk Management & Training | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |
| Beth Watson<br><br>PPGT Vice President Health Services | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination, Texas Medicaid claims process, including during the period covered by the injunction of the termination notice, and research agreements. |

App. 004

| Name | Contact Information | Subject Matter |
|---|---|---|
| Kim Custer<br><br>PPFA Executive Vice President & Chief Federation Engagement & Impact Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPFA's relationship with its member-affiliates. |
| Relator Alex Doe | | |
| Unknown individuals currently or formerly employed by the Center for Medicare and Medicaid Services ("CMS") | Unknown | May have knowledge of facts related to the administration of the federal Medicaid program. |
| Unknown individuals currently or formerly employed by the Texas Ranger Division of the Texas Department of Public Safety | Unknown | May have knowledge of facts related to a visit by the Texas Rangers to PPGC to discuss research contracts. |
| Unknown individuals currently or formerly employed by the Texas Health & Human Services | Unknown | May have knowledge of facts related to Texas Affiliates' eligibility to participate and participation in Texas Medicaid. |
| Unknown individuals currently or formerly employed by the Texas HHSC Office of Inspector General | Unknown | May have knowledge of facts related to the decision to terminate the Texas Affiliates from Texas Medicaid. |
| Senator Chuck Grassley<br><br>Former Chair of Senate Judiciary Committee | Unknown | May have knowledge of facts related to Relator's contact with the committee and other Members of Congress. |
| Senator Marsha Blackburn<br><br>Chair of 2015 House Select Panel of the Energy & Commerce committee | Unknown | May have knowledge of facts related to Relator's contact with the committee and other Members of Congress. |

4

| Name | Contact Information | Subject Matter |
|------|---------------------|----------------|
| All Designated Fed. R. Civ. P. 30(b)(6) Witnesses | To be determined | Topics for which witnesses are or have been designated. |

Defendants also reserve the right to call any witness identified in Plaintiffs' complaints, any witnesses that Defendants identify in response to Plaintiffs' discovery requests, and any witness that Plaintiffs identify as persons with relevant knowledge.

## II.     RULE 26(a)(1)(A)(ii) DOCUMENTS AND TANGIBLE THINGS

Pursuant to Rule 26(a)(1)(A)(ii), Defendants identify the following categories of documents, electronically stored information, and tangible things that Defendants have in their possession that they may use to support their defenses presented in this case:

1.     Communications between Plaintiffs and Defendants;

2.     Communications between Relator and Texas Affiliates, their employees, and/or their staff members;

3.     Materials from Texas Affiliates regarding site visits by Relator or other "investigators" to any of the Texas Affiliates;

4.     Communications related to Texas Affiliates' Texas Medicaid claims after receiving termination notices;

5.     Communications related to Texas Affiliates' Louisiana Medicaid claims after receiving termination notices;

6.     Documents related to Texas Affiliates' Texas Medicaid claims submissions;

7.     Documents related to Texas Affiliates' Louisiana Medicaid claims submissions;

8.     Documents regarding Texas Affiliates' eligibility to participate in Texas Medicaid; and

9.      Documents regarding Texas Affiliates' eligibility to participate in Louisiana Medicaid.

## III.     RULE 26(a)(1)(A)(iii) DAMAGES

Not applicable.

## IV.     RULE 26(a)(1)(A)(iv) INSURANCE

Not applicable.

## V.      Supplementation

Defendants' Initial Disclosures are made without prejudice to Defendants' rights to change or supplement their responses, Defendants' rights to assert privileges or objections with respect to any requests for discovery, and Defendants' rights to introduce at trial additional evidence and documents as warranted by the development of the facts underlying this lawsuit.

Dated: March 9, 2022                     Respectfully submitted,

                                         ARNOLD & PORTER KAYE SCHOLER LLP


                                         By:      /s/ Craig D. Margolis
                                                  Craig D. Margolis
                                                  Craig.Margolis@arnoldporter.comMurad Hussain
                                                  Murad.Hussain@arnoldporter.comTirzah S. Lollar
                                                  Tirzah.Lollar@arnoldporter.com
                                                  601 Massachusetts Ave, NW
                                                  Washington, DC 20001-3743
                                                  Telephone: +1 202.942.6199
                                                  Fax: +1 202.942.5999

                                                  Christopher M. Odell
                                                  Texas State Bar No. 24037205
                                                  Christopher.Odell@arnoldporter.com
                                                  700 Louisiana Street,

6

Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar. No. 24073967
brown@blackburnbrownlaw.com
Blackburn & Brown, L.L.P.
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants*

7

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 9, 2022, the foregoing Defendants' Rule 26(a)(1) Initial

Disclosures were served upon all counsel of record for Plaintiffs by e-mail.


*/s/ Craig D. Margolis*

Craig D. Margolis

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of | § | |
| America, Inc., Planned Parenthood Gulf | § | |
| Coast, Inc., Planned Parenthood of Greater | § | |
| Texas, Inc., Planned Parenthood South | § | |
| Texas, Inc., Planned Parenthood Cameron | § | |
| County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **DEFENDANTS' SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES**

Defendants Planned Parenthood Gulf Coast ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood of South Texas, Inc. ("PP South Texas"), Planned Parenthood of Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio, Inc. ("PP San Antonio") (collectively, the "Texas Affiliates") and Planned Parenthood Federation of America, Inc. ("PPFA" and, together with the Texas Affiliates, the "Defendants") hereby supplement Defendants' Rule 26(a)(1) Initial Disclosures as follows:

## I.    RULE 26(a)(1)(A)(i) WITNESSES

Defendants disclose the following list of persons who Defendants believe are likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, based on Defendants' knowledge to date.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Jeffrey Hons[1]<br><br>Former PP South Texas President & Chief Executive Officer | This witness should be contacted through Arnold & Porter. | See Initial Disclosures. |
| Vickie Barrow-Klein<br><br>PPFA Chief Financial Officer and Chief Operating Officer | This witness should be contacted through O'Melveny. | May have knowledge of PPFA operations, PPFA's relationship with the Texas Affiliates, and PPFA's general corporate structure. |
| Unknown individuals currently or formerly employed by the U.S. Department of Health & Human Services ("DHHS") | 200 Independence Avenue, S.W., Washington, D.C. 20201 | May have knowledge of facts related to the administration of the federal Medicaid program. |

---

[1] Defendants include Mr. Hons here merely to alert Plaintiffs to Mr. Hons's new status as a former employee of PP South Texas following his recent retirement.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Unknown individuals currently or formerly employed by the Louisiana Department of Health ("LDH") | 628 N. 4th Street, Baton Rouge, Louisiana 70802 | May have knowledge of facts related to PPGC's eligibility to participate and participation in Louisiana Medicaid and the Louisiana termination proceedings and related litigation. |
| Unknown individuals currently or formerly employed by the Centers for Medicare and Medicaid Services ("CMS") | 7500 Security Boulevard, Baltimore, Maryland 21244 | See Initial Disclosures. |
| Individuals currently employed by Texas Health & Human Services Commission ("HHSC"), which may include, for example, Cecile Erwin Young, HHSC's Executive Commissioner, or Stephanie Stephens, HHSC's Chief Medicaid & CHIP Services Officer | North Austin Complex, 4601 W. Guadalupe St., Austin, TX 78751-3146 | See Initial Disclosures. |
| Unknown individuals currently or formerly employed by the Texas HHSC Office of Inspector General ("HHSC-OIG") | 11501 Burnet Road, Building 902, Austin, Texas 78758 | See Initial Disclosures. |
| Stuart Bowen<br><br>Former Inspector General, HHSC-OIG | 4010 Long Champ Drive, #1, Austin, TX 78746 | May have knowledge of facts related to Texas's decision to terminate the Texas Affiliates from Texas Medicaid, the preliminary injunction proceedings, and the order enjoining Texas from terminating the Texas Medicaid Provider Agreements. |

| Name | Contact Information | Subject Matter |
|------|---------------------|----------------|
| Ted Spears, M.D.<br><br>Chief Medical Officer, HHSC-OIG | 11501 Burnet Road, Building 902, Austin, Texas 78758 | May have knowledge of facts related to Texas's decision to terminate the Texas Affiliates from Texas Medicaid. |
| Charles Smith<br><br>Former Executive Commissioner, HHSC | Unknown (Austin, Texas) | May have knowledge of facts related to Texas's Final Termination Notice, the preliminary injunction proceedings, and Texas's payment of Medicaid claims during the pendency of preliminary injunction. |
| Individuals or Fed. R. Civ. P. 30(b)(6) Witnesses for Baylor College of Medicine ("BCM") | One Baylor Plaza, Houston, TX 77030 | Defendants dispute BCM's relevancy to the claims alleged, but if the Court disagrees and deems BCM relevant, then BCM witnesses may have knowledge of facts related to the research studies and/or negotiations alleged in Relator's Complaint. |
| Individuals or Fed. R. Civ. P. 30(b)(6) Witnesses for University of Texas Medical Branch | 301 University Boulevard, Galveston, TX 77555 | May have knowledge of facts related to the research studies and/or negotiations alleged in Relator's Complaint. |
| Individuals or Fed. R. Civ. P. 30(b)(6) Witnesses for Texas Medicaid & Healthcare Partnership | Unknown (Austin, Texas) | May have knowledge of facts related to Medicaid claims submitted by the Texas Affiliates and Medicaid reimbursements. |

The Defendants also reserve the right to call any witness identified in Plaintiffs' complaints, any witnesses that Defendant identifies in response to Plaintiffs' discovery requests, and any witness that Plaintiffs identify as persons with relevant knowledge.

App. 013

These supplemental disclosures are made without prejudice to Defendants' rights to change or supplement the responses, Defendants' rights to assert privileges or objections with respect to any requests for discovery, and Defendants' rights to introduce at trial additional evidence and documents as warranted by the development of the claims and facts underlying this lawsuit.

App. 014

Dated:  August 25, 2022                    Respectfully submitted,

**O'MELVENY & MEYERS LLP**

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Tel: (972) 360-1900
Fax: (972) 360-1901

LEAH GODESKY
(admitted *pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779

**BLACKBURN BROWN LLP**
RYAN PATRICK BROWN
Texas Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore Street
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Planned Parenthood
Federation of America, Inc.*

6

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Tirzah S. Lollar*
CRAIG D. MARGOLIS
(admitted *pro hac vice*)
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
(admitted *pro hac vice*)
Tirzah.Lollar@arnoldporter.com
CHRISTIAN D. SHEEHAN
(admitted *pro hac vice*)
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: (202) 942-6000
Fax: (202) 942-5999

CHRISTOPHER M. ODELL
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

BLACKBURN BROWN LLP
RYAN PATRICK BROWN
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for  Planned Parenthood Gulf
Coast, Inc., Planned Parenthood of Greater
Texas, Inc., Planned Parenthood South
Texas, Inc., Planned Parenthood Cameron
County, Inc., Planned Parenthood San
Antonio, Inc.*

App. 016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2022, Defendants' Supplemental Rule 26(a)(1) Initial

Disclosures were served upon all counsel of record for Plaintiffs by e-mail.


*/s/ Danny S. Ashby*
Danny S. Ashby

8

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| United States of America<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br>The State of Texas<br><br>*ex rel.* ALEX DOE, Relator,<br><br><br><br>The State of Louisiana<br><br>*ex rel.* ALEX DOE, Relator,<br><br>        Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

(table continued) CIVIL ACTION NO. 2:21-CV-00022-Z

Date:       October 6, 2022

**AFFILIATE DEFENDANTS' RULE 26(a)(1) SUPPLEMENTAL INITAL**
**DISCLOSURES**

Defendants Planned Parenthood Gulf Coast ("PPGC"), Planned Parenthood of Greater Texas,

Inc. ("PPGT"), Planned Parenthood of South Texas, Inc. ("PP South Texas"), Planned Parenthood of

Cameron County, Inc. ("PP Cameron County"), and Planned Parenthood San Antonio, Inc. ("PP San

Antonio") hereby supplement their Rule 26(a)(1) Initial Disclosures as follows:

## I.     RULE 26(a)(1)(A)(i) WITNESSES

Defendants hereby disclose this list of persons who Defendants believe are likely to have

discoverable information that Defendants may use to support their claims or defenses, unless

solely for impeachment, based on Defendants' knowledge to date.

| Name | Contact Information | Subject Matter |
|------|--------------------|----------------|
| Dr. Anitra Beasley<br><br>PPGC Independent Contractor Physician and Director of Abortion Training;<br><br>Planned Parenthood Center for Choice, Inc. ("PPCFC") Independent Contractor Physician | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's and PPCFC's provision of healthcare, PPGC's Texas and Louisiana Medicaid termination, and PPGC's research agreements. |
| Alfred Curtis<br><br>PPGC Chief Operational Officer and Chief Financial Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's Texas and Louisiana Medicaid termination, Texas & Louisiana Medicaid claims, and research agreements. |
| Marianne DeJong<br><br>Former PPGT Chief Financial Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination and Texas Medicaid claims. |
| Dr. Paul Fine<br><br>Former PPGC Medical Director | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's and PPCFC's provision of healthcare, PPGC's Texas and Louisiana Medicaid termination, and PPGC's research agreements. |
| Jeffery Palmer<br><br>Former PPGC Chief Operational Officer and Chief Financial Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's Texas and Louisiana Medicaid termination, Texas & Louisiana Medicaid claims, and research agreements. |
| Tram Nguyen<br><br>PPGC Senior Director of Quality Assurance & Abortion Access | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGC's and PPCFC's provision of healthcare, PPGC's Texas and Louisiana Medicaid termination, and |

| Name | Contact Information | Subject Matter |
|---|---|---|
| | | PPGC's research agreements. |
| Dr. Regan Theiler<br><br>Former Reproductive Health Research Scholar at University of Texas Medical Branch | This witness should be contacted through Erin Collins, Legal Counsel, Mayo Clinic at<br><br>507.293.7806 | May have knowledge of facts related to the UTMB studies. |
| Sarah Wheat<br><br>PPGT Chief External Affairs Officer | This witness should be contacted through undersigned counsel. | May have knowledge of facts related to PPGT's Texas Medicaid termination. |

Defendants also believe that individuals currently or formerly employees are likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, based on Defendants' knowledge to date.

Defendants also reserve the right to call any witness identified in the Plaintiffs' complaints, any witnesses that Defendants identify in response to Plaintiffs' discovery requests, and any witness that Plaintiffs identify as persons with relevant knowledge.

Dated: October 6, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:    s/ _Tirzah S, Lollar_____
        Craig D. Margolis
        Craig.Margolis@arnoldporter.com
        Tirzah S. Lollar
        Tirzah.Lollar@arnoldporter.com
        Christian Sheehan
        Christian.Sheehan@arnoldporter.com
        Emily Reeder-Ricchetti
        Emily.Reeder-Ricchetti@arnoldporter.com
        Megan Pieper

Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999


Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2022, the foregoing Affiliate Defendants' Rule

26(a)(1) Supplemental Disclosures were served upon all counsel record by e-mail.


s/ _*Tirzah S, Lollar*_____
Tirzah S. Lollar

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| | § | Date:       November 8, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## AFFILIATE DEFENDANTS' RULE 26(a)(1) THIRD SUPPLEMENTAL INITAL DISCLOSURES

Defendants Planned Parenthood Gulf Coast ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood of South Texas, Inc. ("PP South Texas"), Planned Parenthood of Cameron County, Inc. ("PP Cameron County"), and Planned Parenthood San Antonio, Inc. ("PP San Antonio") hereby supplement their Rule 26(a)(1) Initial Disclosures as follows:

## I.      RULE 26(a)(1)(A)(i) WITNESSES

Defendants hereby disclose this list of persons who Defendants believe are likely to have

discoverable information that Defendants may use to support their claims or defenses, unless

solely for impeachment, based on Defendants' knowledge to date.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Rebekah Gee<br><br>Former Louisiana Health Secretary | 1542 Tulane Avenue, Box T5-2<br>New Orleans, LA  70112<br>Phone: (504)568-4850 | May have knowledge of facts related to PPGC's termination from Louisiana Medicaid and the administration of Louisiana Medicaid. |
| Kami Geoffray<br><br>Former Senior Policy Advisor at the Health and Human Services Commission | This witness can be contacted through email at kami@geoffraystrategies.com or by telephone at<br><br>(512) 765-4897 | May have knowledge of facts related to PPGC's, PPST's,  PPCC's, PPSA's, and PPGT's Texas Medicaid termination and the administration of Texas Medicaid. |
| Kay Ghahremani<br><br>Former Texas Medicaid Director at the Health and Human Services Commission | 3036 Thrushwood Dr., Austin, TX 78757 | May have knowledge of facts related to PPGC's, PPST's,  PPCC's, PPSA's, and PPGT's Texas Medicaid termination and the administration of Texas Medicaid. |
| Dr. Dara Havemann<br><br>Former Co-Investigator of Reproductive Health Study at University of Texas Medical Branch | 3600 Gaston Avenue Barnett Tower, Suite 1001<br>Dallas, TX 75246 | May have knowledge of facts related to the UTMB studies. |
| David Maxwell<br><br>Former Director of Law Enforcement Division, Texas Attorney General's Office | Witness should be contacted through legal counsel at<br><br>Soltero Sapire Murrell PLLC 7320 N Mopac Suite 309 Austin, Texas 78731<br>(512) 422-1559 (phone) | May have knowledge of facts related to PPGT'S, PPST's, PPSA's, PPCC's and PPGC's Texas Medicaid terminations. |
| Dr. Sara Mucowski<br><br>Former Principal Investigator of Reproductive Health Study at University of | 3600 Gaston Avenue Barnett Tower, Suite 1001<br>Dallas, TX 75246 | May have knowledge of facts related to the UTMB studies. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Texas Medical Branch | | |
| Dr. Silke Paust<br><br>Former Reproductive Health Researcher at Baylor College of Medicine | Scripps Research<br>10550 North Torrey Pine, TPC-11, La Jolla, CA 92037<br><br>This witness can be contacted by telephone at (858) 784-2233 | May have knowledge of facts related to the Baylor studies. |
| Dr. Richard Rupp<br><br>Director of University of Texas Medical Branch | 301 University Boulevard, Galveston, TX 77555 | May have knowledge of facts related to the UTMB studies. |
| Steve Russo<br><br>Executive Counsel for Louisiana Department of Health | 628 N. 4th Street, Baton Rouge, LA 70802 | May have knowledge of facts related to PPGC's termination from Louisiana Medicaid and the administration of Louisiana Medicaid |
| Kim Sullivan<br><br>General Counsel for Louisiana Department of Health | 628 N. 4th Street, Baton Rouge, LA 70802 | May have knowledge of facts related to PPGC's termination from Louisiana Medicaid and the administration of Louisiana Medicaid |
| Dr. Chandrasekhar Yallampalli<br><br>Former Principal Investigator of Reproductive Health Study at University of Texas Medical Branch | One Baylor Plaza, Houston, TX 77030 | May have knowledge of facts related to the UTMB studies. |

Defendants also believe that individuals currently or formerly employees are likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment, based on Defendants' knowledge to date.

Defendants also reserve the right to call any witness identified in the Plaintiffs' complaints, any witnesses that Defendants identify in response to Plaintiffs' discovery requests, and any witness that Plaintiffs identify as persons with relevant knowledge.

Dated: November 8, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER
LLP


By:    s/ _Tirzah S, Lollar_____
          Craig D. Margolis
          Craig.Margolis@arnoldporter.com
          Tirzah S. Lollar
          Tirzah.Lollar@arnoldporter.com
          Christian Sheehan
          Christian.Sheehan@arnoldporter.com
          Emily Reeder-Ricchetti
          Emily.Reeder-Ricchetti@arnoldporter.com
          Megan Pieper
          Megan.Pieper@arnoldporter.com
          Alyssa Gerstner
          Alyssa.Gerstner@arnoldporter.com
          601 Massachusetts Ave, NW
          Washington, DC 20001-3743
          Telephone: +1 202.942.6127
          Fax: +1 202.942.5999


          Christopher M. Odell
          Texas State Bar No. 24037205
          Christopher.Odell@arnoldporter.com
          700 Louisiana Street, Suite 4000
          Houston, TX 77002-2755
          Telephone: +1 713.576.2400
          Fax: +1 713.576.2499


          Paula Ramer
          250 West 55th Street
          New York, New York 10019-9710
          T: +1 212.836.8474
          Paula.Ramer@arnoldporter.com


          Ryan Patrick Brown
          Texas State Bar No. 24073967
          brown@blackburnbrownlaw.com
          1222 S. Fillmore
          Amarillo, TX 79101
          Tel: (806) 371-8333
          Fax: (806) 350-7716

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2022, the foregoing Affiliate Defendants' Rule 26(a)(1) Third Supplemental Disclosures were served upon all counsel record by e-mail.


s/ *Tirzah S, Lollar*
Tirzah S. Lollar

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

United States of America
 *ex rel.* ALEX DOE, Relator,

The State of Texas
*ex rel.* ALEX DOE, Relator,

The State of Louisiana
*ex rel.* ALEX DOE, Relator,

      Plaintiffs,

v.

Planned Parenthood Federation of America,
Inc., Planned Parenthood Gulf Coast, Inc.,
Planned Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County, Inc.,
Planned Parenthood San Antonio, Inc.,

      Defendants.

CIVIL ACTION NO. 2:21-CV-00022-Z

## DECLARATION OF ALFRED CURTIS

I, Alfred Curtis, declare and state as follows:

1.  I am the Chief Operating Officer ("COO") of Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC"), a not-for-profit corporation headquartered in Houston.  I have held this position since September 2020.  Prior to that, I was PPGC's Chief Financial Officer from 2016 to 2020.

2.  I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify thereto.

1

3.       I submit this declaration in support of Affiliate Defendants' Response to November 8, 2022 Show Cause Order.

4.       In my capacity as COO, I am familiar with PPGC's email retention policies and practices and the litigation holds to which PPGC is subject.

5.       On February 18, 2022, PPGC imposed a litigation hold on all documents, communications, and electronically stored information ("ESI") potentially relevant to the above-captioned case.  This included documents relating to family planning and reproductive health care services at PPGC; costs of such services; hours, appointment availability, and wait times for Medicaid patients at PPGC health centers; Medicaid patient population statistics; availability of family planning services for Medicaid patients; Louisiana and Texas's termination of PPGC from Medicaid; infection control and OSHA in PPGC's surgical center; the 2015 videos regarding Planned Parenthood; Planned Parenthood entities' and PPGC's participation in fetal tissue donation; PPGC's participation in research; the history of PPGC and other Planned Parenthood entities' involvement with Texas and Louisiana Medicaid, and Medicaid patient files.

6.       The litigation hold was prepared by counsel and sent to all relevant custodians, including affiliate leadership, the fiscal team, the information technology team, the administrative team, the research team, the management team, and all clinic managers at Planned Parenthood Center for Choice, Inc., a related entity to PPGC.

7.       When the February 2022 litigation hold was issued, PPGC was already subject to litigation holds in several other cases.  These included (1) litigation holds sent on July 22, 2015 and August 11, 2015 requiring preservation of all records relating to fetal tissue donation; (2) a September 3, 2015 litigation hold requiring retention of

2

documents related to, among other topics, the Louisiana Medicaid termination action, PPGC's participation in Louisiana Medicaid, and PPGC's participation in fetal tissue donation; and (3) a litigation hold from October 20, 2015 requiring preservation of documents and communications relating to the Texas and Louisiana Medicaid termination actions, Relator's videos, and Medicaid billing and patient files. These litigation holds remain in effect.

8.   Because of the February 2022 litigation hold in the above-captioned case—and the litigation holds requiring retention of many of the same documents, communications, and ESI that were already in place—PPGC has retained all documents, communications, and ESI potentially relevant to this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2022.

_____
Alfred Curtis

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |  |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF SHEILA MCKINNEY

I, Sheila McKinney, declare and state as follows:

1. I am a current employee and former Chief Operating Officer of Planned Parenthood of

   Greater Texas, Inc. ("PPGT"). I served as Chief Operating Officer from 2013 to April

   2022. I am over the age of 18 and have personal knowledge of the matters herein or

   have acquired such knowledge by personally examining the business records kept in

   the normal course of business by PPGT. If called upon to testify, I could and would

   testify thereto.

2. I make this declaration in support of Affiliate Defendants' Response to the November

   8, 2022 Show Cause Order in the above-captioned case. I am familiar with the

document retention practices of PPGT and litigation holds in place at PPGT throughout my employment there.

3. PPGT began implementing electronic health records in 2012 and completed their implementation in all of its centers in 2016. All electronic health records are maintained indefinitely by PPGT. Paper medical records for Medicaid patients are maintained indefinitely. For non-Medicaid patients, paper medical records for adults are retained for a minimum of seven years past the date of service; paper medical records for minors are retained until the minor reaches the age of majority, plus seven years.

4. All PPGT emails, ESI, and documents are retained indefinitely unless manually deleted. Employees under a litigation hold are not permitted to manually delete any emails, ESI, or other documents.

5. PPGT has been operating under different and overlapping litigation holds in anticipation of litigation since I joined the organization in 2013. Litigation holds concerning emails, ESI, and other documents concerning the documents and ESI relevant to this action are described below.

6. On May 21, 2014, PPGT imposed a litigation hold requiring the preservation of all electronic files or documents concerning health services provided at the South Austin Health Center ASC and Southwest Fort Worth Health Center ASC in response to a subpoena issued by the Texas Attorney General in connection with pending litigation against non-PPGT providers.

7. On October 28, 2015, PPGT's CEO, Chief External Affairs Officer, and myself as COO began operating pursuant to a document preservation notice requiring the preservation of documents and communications related to the Texas Medicaid termination action,

2

including specifically the state's termination action and termination letters, Relator's videos regarding Planned Parenthood, participation in fetal tissue donation,[1] PPGT's Medicaid billing policies, and PPGT's Medicaid patient files.

8.  On August 4, 2016, PPGT's CEO, myself as COO, Vice President of Risk Management and custodian of medical records, and Vice President of Health Services began preserving documents pursuant to a document preservation notice requiring the preservation of all documents and communications that reference or relate to tissue disposal.

9.  Beginning on December 13, 2016, PPGT's CEO and myself as COO began preserving documents pursuant to a litigation hold on all documents and communications that reference or relate to, among other things, Medicaid-covered health services at PPGT health centers; Texas's Medicaid termination action and termination letters; PPGT's history of participation in Medicaid, including audits; Medicaid billing policies and related guidance from Texas; PPGT's participation in fetal tissue donation, if any; and communications about Relator's videos and any related investigation by a state or federal entity.

10. Beginning on May 20, 2022, PPGT imposed an additional litigation hold on all documents and communications that may be related to, among other things, Medicaid exclusion in Texas, including the 2015 videos described in Relator's Complaint; subsequent Medicaid investigation' participation in fetal tissue donation, if any; and Texas's Medicaid termination. The litigation hold further extends to all documents

---

[1] PPGT has never participated in any fetal tissue donation program or research.

3

related to PPGT's participation in the Texas Medicaid program, as well as patient files for Medicaid patients. This litigation hold was prepared by counsel and circulated to all personnel I determined to be potential custodians of the aforementioned documents, specifically PPGT's Chief Medical Officer; VP of Health Services; VP of Quality, Risk Management, & Training; Contact Center Senior Manager; Director of Board Relations; Health Services and Operations Support Coordinator; Senior Director of Security and Safety; Chief External Affairs Officer; and Director of Marketing.

11. In addition to the foregoing, PPGT imposes litigation holds in response to other anticipated or actual litigation, including employment litigation. Various such holds were in place throughout the relevant time period in this litigation.

12. Pursuant to the aforementioned litigation holds, PPGT has been preserving ESI and other documents relevant to this matter since at least October 28, 2015. Based on my familiarity with the litigation holds in this matter and with PPGT's email retention policies and practices, I am confident that PPGT custodians have not deleted any emails or ESI potentially relevant to this litigation, either before or after the issuance of the litigation hold on May 20, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 11, 2022 in Katy, Texas.

Sheila McKinney

4

App. 034

# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| United States of America<br> *ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>     Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>     Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF POLIN C. BARRAZA

I, Polin C. Barraza, declare and state as follows:

1.    I am Senior Vice President and Chief Operating Officer of Defendant Planned Parenthood South Texas, Inc. ("PPST"), a not-for-profit corporation headquartered in San Antonio. I have held this position since June 17, 2013. PPST is the parent corporation of Plaintiffs Planned Parenthood Cameron County, Inc. ("PPCC"), and Planned Parenthood San Antonio, Inc. ("PPSA"). I am President and Board Chair of PPSA and President of PPCC.

1

2.  I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify thereto.

3.  I submit this declaration in support of Affiliate Defendants' Response to November 8, 2022 Show Cause Order.

4.  I have access to the ARMS Connect and Center for Affiliate Learning ("CAL") platforms.  Following the Court's Show Cause Order on November 8, 2022, I searched for the term "Medicaid" on ARMS Connect and CAL and found there were no documents responsive to my search.

5.  I am responsible for the management of PPST and therefore am familiar with our issuance of litigation holds to PPST staff.  PPSA and PPCC lease all of their employees by agreement from PPST, so litigation holds issued to PPST staff are sufficient to preserve all relevant documents in the possession or control of PPSA and PPCC.

6.  By inadvertent error, I did not send a litigation hold to PPST staff in connection with the above captioned case when I learned about the case.  I have since sent a litigation hold to all PPST staff members, who possess all documents and communications for PPST, PPSA, and PPCC relevant to this case.

7.  There is now a litigation hold in place, under which all PPST staff must preserve all email communications, documents, and electronically stored information ("ESI") that relate to: (1) family planning at reproductive health care services at PPST; (2) family planning and reproductive health care costs for self-pay patients; (3) hours, appointment availability, and wait times for Medicaid patients; (4) Medicaid patient population statistics; (5) Texas's termination of PPST from Texas Medicaid; (6) infection control and OSHA in the surgical center; (7) the 2015 videos regarding

2

Planned Parenthood; (8) participation by Planned Parenthood entities in fetal tissue donation;[1] (9) PPST's participation in research generally; (10) the history of PPST and other Planned Parenthood entities' involvement in Texas Medicaid; and (11) patient files for Medicaid patients.

8.   I have spoken to the key staff members and administrators who are potentially relevant custodians in this case because they may possess relevant emails, documents, or ESI—including the Vice President for Community Engagement, the Associate Vice President for Operations & Growth, the Director of Public Affairs, the Revenue Cycle Manager, and the Director of Grant.  All of the relevant custodians were aware of this case, believed there was a litigation hold in place, and retained all potentially relevant documents.

9.   PPST is accustomed to functioning under litigation holds because of the high volume of litigation it has been involved in over the years challenging the constitutionality of Texas laws impacting access to reproductive health care.   All PPST email communications are automatically retained indefinitely, unless the staff member deletes the email and then removes the message from the deleted emails folder.

10.   Because of the numerous litigation holds under which PPST has operated and continues to operate, I do not delete any email communications, and I have spoken with all of the relevant custodians about their email retention practices.  All but one of them do not delete any emails, and the one who does delete emails does not remove messages from his deleted emails folder.

---

[1] At no time did PPST ever participate in fetal tissue donation or research involving fetal tissue.

11.     The custodians do not delete emails because they are subject to multiple litigation holds.

12.     For example, on June 21, 2017, I sent a litigation hold to all PPST staff in connection with *Whole Women's Health et al. v. Paxton*, No. 1:17-cv-690 (W.D. Tex., filed July 20, 2017) ("D&E Litigation Hold"), in which PPST subsidiary Planned Parenthood South Texas Surgical Center ("PPSTSC") was a plaintiff.  The D&E Litigation Hold instructed all PPST staff to preserve all documents potentially relating to the litigation.

13.     On June 14, 2021, I sent a litigation hold in connection with *Whole Women's Health et al. v. Jackson*, No. 1:21-cv-616 (W.D. Tex. filed July 13, 2021) ("SB 8 Litigation Hold"), a case in which PPSTSC was a plaintiff.  I sent the litigation hold to 20 members of PPST's staff, including all of the relevant custodians in this case.  The SB 8 Litigation Hold instructed staff to preserve all documents potentially relating to the litigation.

14.     The D&E and SB 8 Litigation Holds have not been lifted.  All PPST staff subject to them are under a continuing obligation to preserve all relevant information.

15.     Based on the information that I have learned from the relevant custodians, it is my belief that before the litigation hold in the above-captioned case was put in place, no PPST documents or communications relevant to this litigation have been deleted, either automatically or manually.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2022.

Polin C. Barraza

4

# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF WILLIAM SHELBY

I, William Shelby, declare and state as follows:

1. I am currently employed by Bridgehead IT as the Director of Client Services. I have held this role for eight years and have been an IT professional for twenty-three years. Bridgehead IT has offered IT services on a contractual basis to Planned Parenthood South Texas since May of 2021. In my role as Director of Client Services, I provide high level technical guidance to clients when it comes to IT infrastructure and IT management as necessary for their business. Additionally, I have served as the technical account manager of PPST since June 2022.

2. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept in the normal course of business by PPST.  If called upon to testify, I could and would testify thereto.

3. I make this declaration in support of Affiliate Defendants' Response to November 8, 2022 Show Cause Order.

4. Through my role as technical account manager of PPST, I am familiar with PPST's email retention policies.

5. PPST does not appear to have in place automatic deletion of documents or email communications that are not specifically flagged for automatic deletion.  Therefore, PPST emails are retained indefinitely unless manually deleted.

6. PPST emails that are manually deleted are maintained in a deleted emails folder.  Emails in the deleted emails folder are not automatically deleted unless removed from that folder.

7. PPST emails that are deleted *and* removed from the deleted emails folder are automatically deleted after 30 days unless specifically tagged to be archived for a different period of time.

8. When we pull user mailboxes to run searches for electronic discovery production, all emails on the server—including emails in the deleted emails folder—are searched.  Therefore, as long as a PPST user has not manually deleted an email and then removed the email from the deleted emails folder, such an email would appear in searches during the electronic discovery production process.

9. PPST does not have full time in-house IT staff and Bridgehead IT provides contractual IT services to PPST for a fee.  Any work conducted by Bridgehead IT to produce a system map for PPST will be an added cost to PPST.

App. 040

10. Bridgehead IT has the capability to produce a system map for PPST that shows all systems with ESI, including on-premises servers, cloud hosted applications, Microsoft 365 and inter-site/internet connectivity.  The process to produce a system map including this information would entail:  collecting and documenting a full inventory of all on-premises servers containing ESI; collecting and documenting a full inventory of user endpoints and their locations; identifying and documenting each cloud-based system; identifying and documenting all inter-site and internet access ISP information; and collating all the data into a Visio type drawing.  It is impossible to predict how long this process will take until it is underway, but based on currently available information, my best estimate is that this process would take a dedicated team member approximately 20 full working days to complete, though it ultimately could take significantly more time, or somewhat less time.

11. PPST employees use mobile devices but all PPST data on mobile devices would be captured in the systems listed above.   If we are required to include mobile devices in the system map, it would be necessary to first pull an audit log to identify employees that use PPST-issued mobile devices or personal devices that access their PPST emails, and then interview each user regarding their mobile device use in order to determine how that device is connected to PPST's Microsoft 365 system.  Once we determine this information, we would then document each device.  It is difficult to estimate how long this process would take because we do not currently know how many employees use PPST-issued mobile devices or personal devices that access their PPST emails.  But based on currently available information, my best estimate for completing these tasks in order to include mobile devices on the system map is 40 working hours (in addition to the 20 full working days noted in

3

Paragraph 10 above), but that number could increase or decrease based on the number of mobile device users.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 11, 2022 in San Antonio, Texas.

_William R. Shelby_

William Shelby

4

# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S RESPONSES TO
RELATOR'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") though its undersigned counsel, hereby

makes the following Responses to Relator's September 1, 2022 Sixth Set of Requests for

Production of Documents.

PPGC responds as follows:

-1-

App. 043

## GENERAL OBJECTIONS

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGC's specific responses.

1.     PPGC objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.     PPGC objects to Instruction No. 1, which purports to require PPGC to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGC, to the extent that such instruction calls for information not within PPGC's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.     PPGC objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGC reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable protection or grounds for objection concerning the use or admissibility of any information provided in that response.

4.     PPGC objects to each Request for Production to the extent that it seeks a legal conclusion.

App. 044

5.      PPGC objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

6.      PPGC objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGC to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPGC will limit its responses and productions accordingly.

7.      PPGC objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

8.      PPGC objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPGC objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  PPGC will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.[1]

10.     PPGC objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist

---

[1] PPGC is aware of the Court's ruling regarding a statute of limitations defense [Dkt. 184], but Affiliate Defendants intend to seek leave to amend their Answer to Relator's Complaint to include the defense.  Accordingly, PPGC includes this General Objection to make clear its position.  PPGC will, however, not rely on this General Objection unless and until the Court permits Defendants to amend their Answer to Relator's Complaint.

in a variety of locations and formats.  PPGC has no reasonable means of searching across *all* of its available documents.  PPGC will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGC's email retention policy allows current employees to manually delete emails older than 180 days unless the employee is under a litigation hold.  PPGC's IT department typically reviews former employees' emails twice a year. If the user account associated with the emails has been inactive for six months or more, the user account may be deleted with approval from the senior leadership team, including the general counsel.  User accounts for former employees under a litigation hold, however are not deleted and are retained until the litigation hold is lifted.  PPGC will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information. PPGC will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

11.     PPGC objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

12.     PPGC objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGC.

13.     PPGC objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPGC's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

14.     PPGC objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPGC will limit it responses accordingly.

15.     No incidental or implied admissions are intended by the responses herein.  The fact that PPGC has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPGC has answered part or all of any individual Request for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGC of any objection to such Requests for Production.

16.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGC's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGC's right to rely on other facts and documents at trial.

17.     Discovery is ongoing.  Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGC reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

18.     PPGC does not waive any general objections by providing specific responses to Relator's Requests.

19.     Responsive documents will be produced in the format agreed upon by the Parties as reflected in the parties' Stipulation and Proposed Order Regarding the Production of Electronically Stored Information and Hard Copy Documents, Dkt. 130, the Protective Order, Dkt. 133, and as required by the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

20.     PPGC objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents and communications with Affiliates Risk Management Services, Inc. (ARMS) concerning Texas Medicaid, Louisiana Medicaid, and/or any of the PPFA Affiliates from January 1, 2010 through present.

### Response to Request for Production No. 1

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case.  *See* General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 20.  PPGC objects to this Request to the extent it purports to seek privileged and/or

protected communications or documents.  *See* General Objection 3. PPGC further objects to this

Request as duplicative of Request Nos. 1-7 and 9 in Relator's First Requests for Production.

Subject to and on the basis of its General and Specific Objections, PPGC is conducting a

reasonable inquiry and diligent search for non-privileged documents and communications from

January 1, 2010 to January 6, 2022 related Texas or Louisiana Medicaid, consistent with the

Court's September 20, 2022 Order (Dkt. No. 184), and making good faith efforts to make rolling

productions of such documents.  Accordingly, PPGC will not search for additional documents

responsive to this request.

### Request for Production No. 2

All documents and communications with Policyholders Trust concerning Texas
Medicaid, Louisiana Medicaid, and/or the PPFA Affiliates from January 1, 2010 through
present.

### Response to Request for Production No. 2

PPGC objects to this Request for "all documents and communications" as overbroad and

unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the

grounds it calls for information that is not relevant to any claims or defenses in this case.  *See*

General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of

all responsive documents within thirty (30) days after service of the Requests.  *See* General

Objection 20.  PPGC objects to this Request to the extent it purports to seek privileged and/or

protected communications or documents.  *See* General Objection 3.  PPGC further objects to this

Request in that it is vague, failing to define "Policyholders Trust."  PPGC further objects to this

Request as duplicative of Request Nos. 1-7 and 9 in Relator's First Requests for Production.

Subject to and on the basis of its General and Specific Objections, PPGC states that no

responsive documents exist, but PPGC is conducting a reasonable inquiry and diligent search for

non-privileged documents and communications from January 1, 2010 to January 6, 2022 related

Texas or Louisiana Medicaid, consistent with the Court's September 20, 2022 Order (Dkt. No. 184), and making good faith efforts to make rolling productions of such documents. Accordingly, PPGC will not search for additional documents responsive to this Request.

**Request for Production No. 3**

> All documents and communications concerning compliance programs of the PPFA Affiliates, including but not limited to all documents and communications concerning (a) compliance program oversight by a compliance officer, internal compliance committee, and board of directors; (b) written standard of conduct and policies and procedures; (c) compliance education and training for employees and contracted individuals; (d) reporting mechanisms for communicating concerns and suspected violations of applicable laws or internal policies; (e) routine auditing and monitoring of compliance-related areas of risk; (f) investigations of allegations of non-compliance, and corrective action implemented; and/or (g) uniform disciplinary action to properly address non-compliant behavior.

**Response to Request for Production No. 3**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 20. PPGC objects to this Request to the extent it purports to seek privileged and/or protected communications or documents, *see* General Objection 3. PPGC further objects to this Request as duplicative of Relator's Third Set of Requests for Production, Request Nos. 1-6.

Subject to and on the basis of its General and Specific Objections, PPGC conducted a reasonable inquiry and diligent search for documents responsive to Relator's Third Set of Requests for Production, Request Nos. 1-6, and has produced those documents. Accordingly, PPGC will not search for additional documents responsive to this request.

**Request for Production No. 4**

-8-

All documents and communications concerning ARMS Connect and the Center for Affiliated Learning concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid, including but not limited to all documents and communications concerning learning or training courses and/or learning or training materials concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid rules and regulations.

**Response to Request for Production No. 4**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 20. PPGC objects to this Request to the extent it purports to seek privileged and/or protected communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define "ARMS Connect" and "Center for Affiliated Learning." PPGC further objects to this Request as duplicative of Request Nos. 1-7 and 9 in Relator's First Requests for Production.

Subject to and on the basis of its General and Specific Objections, PPGC is conducting a reasonable inquiry and diligent search for non-privileged documents and communications from January 1, 2010 to January 6, 2022 related Texas or Louisiana Medicaid, consistent with the Court's September 20, 2022 Order (Dkt. No. 184), and making good faith efforts to make rolling productions of such documents. Also subject to and on the basis of its General and Specific Objections, PPGC states that no documents responsive to the request for ARMS Connect or Center for Affiliated Learning concerning learning, training, courses, or training materials concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid rules and regulations exist. Accordingly, PPGC will not search for additional documents responsive to this Request.

-9-

**Request for Production No. 5**

All documents and communications from the PPFA Medical Services intranet site concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid, including but not limited to Medicaid, Texas Medicaid, and/or Louisiana Medicaid rules and regulations.

**Response to Request for Production No. 5**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 20. PPGC objects to this Request to the extent it purports to seek privileged and/or protected communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define "PPFA Medical Services" and "intranet site." PPGC further objects to this Request for Production because it calls for information within the possession, custody, or control of PPFA and not PPGC. *See* General Objection 11.

PPGC understands that PPFA will search for and produce documents responsive to this Request. Subject to and on the basis of its General and Specific Objections, PPGC accordingly will not produce documents responsive to this request.

**Request for Production No. 6**

All documents and communications from the Medical Services blog concerning newly released materials, items of note, and information concerning Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**Response to Request for Production No. 6**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See*

-10-

General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 20.  PPGC objects to this Request to the extent it purports to seek privileged and/or protected communications or documents.  *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define e.g. "the Medical Service blog," "newly released materials," and "items of note." PPGC further objects to this Request for Production because it calls for information within the possession, custody, or control of PPFA and not PPGC.  *See* General Objection 11.

PPGC understands that PPFA will search for and produce documents responsive to this Request.  Subject to and on the basis of its General and Specific Objections, PPGC accordingly will not produce documents responsive to this request.

<div style="text-align: right;">

s/ _Tirzah S. Lollar_____
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205

</div>

-11-

Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood of South Texas, Inc.,
Planned Parenthood Cameron County,
Inc., and Planned Parenthood San
Antonio, Inc.*

October 3, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood Gulf Coast, Inc.'s Objections and Responses to Relator's Sixth Set of Requests for Production has been served upon all attorneys of record in this case on this, the 3rd day of October, by email.

_____/s *Tirzah S. Lollar*

App. 055

# Exhibit 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S RESPONSES TO RELATOR'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court, Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") though its undersigned counsel, hereby makes the following Responses to Relator's July 7, 2022 Third Set of Requests for Production of Documents.

PPGC responds as follows:

-1-

## GENERAL OBJECTIONS

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGC's specific responses.

1.     PPGC objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.     PPGC objects to Instruction No. 1, which purports to require PPGC to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGC, to the extent that such instruction calls for information not within PPGC's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.     PPGC objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGC reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable protection or grounds for objection concerning the use or admissibility of any information provided in that response.

4.     PPGC objects to each Request for Production to the extent that it seeks a legal conclusion.

-2-

5.      PPGC objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

6.      PPGC objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGC to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPGC will limit its responses and productions accordingly.

7.      PPGC objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

8.      PPGC objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPGC objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  PPGC will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

10.     PPGC objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPGC has no reasonable means of searching across *all* of its available documents.  PPGC will undertake reasonable, good faith efforts to identify sources of

-3-

potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGC's email retention policy allows current employees to manually delete emails older than 180 days unless the employee is under a litigation hold.  PPGC's IT department typically reviews former employees' emails twice a year. If the user account associated with the emails has been inactive for six months or more, the user account may be deleted with approval from the senior leadership team, including the general counsel.  User accounts for former employees under a litigation hold, however are not deleted and are retained until the litigation hold is lifted.  PPGC will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information. PPGC will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

    11.    PPGC objects to each Request to the extent it seeks documents and communications concerning each and every claim submitted to Texas Medicaid for services provided by PPGC prior to May 3, 2021 or "each payment" PPGC received from "any" state or federal program prior to May 3, 2021 as overbroad, unduly burdensome, and disproportionate to the needs of the case. PPGC objects to this Request to the extent it seeks claim data prior to May 3, 2021 as unduly

burdensome because of the cost and time that it would take to access such data. Claim data for this period is kept in two separate databases, neither of which is currently in use. The previous two databases are legacy systems that are not accessible for claims data reporting/exportation without significant infrastructure investment. In addition, no current PPGC employee has the expertise to be able to run accurate reports of information from those databases. PPGC would need to hire a former employee in order to run such reports, and PPGC expects that it could take six months or more for the reports to be created and run. Accordingly, PPGC does not have reasonable access to such claim data because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).

12. PPGC objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

13. PPGC objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGC.

14. PPGC objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible. PPGC's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

15. PPGC objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries. PPGC will limit it responses accordingly.

16.     No incidental or implied admissions are intended by the responses herein.  The fact that PPGC has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPGC has answered part or all of any individual Request for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGC of any objection to such Requests for Production.

17.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGC's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGC's right to rely on other facts and documents at trial.

18.     Discovery is ongoing.  Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGC reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

19.     PPGC does not waive any general objections by providing specific responses to Relator's Requests.

20.     Responsive documents will be produced in the format agreed upon by the Parties as reflected in the parties' Stipulation and Proposed Order Regarding the Production of Electronically Stored Information and Hard Copy Documents, Dkt. 130, the Protective Order, Dkt. 133, and as required by the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

21.   PPGC objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPGC will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by September 15, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents and communications concerning policies and procedures for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

### Response to Request for Production No. 1

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case.  *See* General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 21.  PPGC further objects to this Request to the extent it purports to seek privileged communications or documents.  *See* General Objection 3.  PPGC further objects to this Request in that it is vague, failing to define, e.g., "health care fraud and abuse."  *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

### Request for Production No. 2

All documents and communications concerning training provided to staff for the prevention, detection and reporting of health care fraud and abuse by Planned Parenthood.

### Response to Request for Production No. 2

-7-

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case.  *See* General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 21.  PPGC further objects to this Request to the extent it purports to seek privileged communications or documents.  *See* General Objection 3.  PPGC further objects to this Request in that it is vague, failing to define, e.g., "health care fraud and abuse."  *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 3**

All documents and communications concerning oversight, review, and evaluation of compliance with laws, regulations, and requirements of Medicaid, Texas Medicaid, and Louisiana Medicaid by Planned Parenthood.

**Response to Request for Production No. 3**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 5, 10.  PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case.  *See* General Objections 6, 9.  PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 21.  PPGC further objects to this Request to the extent it purports to seek privileged communications or documents.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged responsive documents and communications from February 1, 2011 to January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good

-8-

faith efforts to ensure that production is complete by September 15, 2022.

**Request for Production No. 4**

All documents and communications concerning internal audits to identify fraud risk exposure by Planned Parenthood, including but not limited to internal audits concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 4**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3. PPGC further objects to this Request in that it is vague, failing to define, e.g., "fraud risk." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 5**

All documents and communications concerning internal audits of services rendered, charges posted, and coding compliance by Planned Parenthood, including but not limited to internal audits of services rendered, charges posted, and coding compliance concerning Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 5**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of

-9-

all responsive documents within thirty (30) days after service of the Requests. *See* General

Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged

communications or documents. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC

will produce non-privileged responsive documents and communications from February 1, 2011 to

January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good

faith efforts to ensure that production is complete by September 15, 2022.

### Request for Production No. 6

All documents and communications concerning maintaining and implementing a Health
Care Compliance Program that focuses on prevention, detection, and correction of health care
fraud and abuse, including all documents, communications, and reports on program activities
provided by a Health Care Compliance Officer to the board, member of the board, or committee
of the board of Planned Parenthood.

### Response to Request for Production No. 6

PPGC objects to this Request for "all documents and communications" as overbroad and

unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the

grounds it calls for information that is not relevant to any claims or defenses in this case. *See*

General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of

all responsive documents within thirty (30) days after service of the Requests. *See* General

Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged

communications or documents. *See* General Objection 3. PPGC further objects to this Request in

that it is vague, failing to define, e.g., "health care fraud and abuse." *See* General Objection 5.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce

documents responsive to this request.

### Request for Production No. 7

All documents and communications concerning plans considered or incorporated by Planned Parenthood to increase Medicaid services or increase Medicaid volume under Medicaid, Texas Medicaid, and Louisiana Medicaid.

**Response to Request for Production No. 7**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 21. PPGC further objects to this Request to the extent it purports to seek privileged communications or documents. *See* General Objection 3.

Subject to and on the basis of its General and Specific Objections, PPGC will not produce documents responsive to this request.

**Request for Production No. 8**

All documents and communications concerning the registration, review, or reports of any research projects, studies, or research-related activities of Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. with Planned Parenthood Federation of America, Inc., including but not limited to all documents and communications concerning the same with the Planned Parenthood Federation of America, Inc. Research Department.

**Response to Request for Production No. 8**

PPGC objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 5, 10. PPGC further objects to this Request on the grounds it calls for information that is not relevant to any claims or defenses in this case. *See* General Objections 6, 9. PPGC further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General

-11-

Objection 21.  PPGC further objects to this Request to the extent it purports to seek privileged communications or documents.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGC will produce non-privileged responsive documents and communications from February 1, 2011 to January 6, 2022 that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by September 15, 2022.

 s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333

-12-

Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

August 8, 2022

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood Gulf Coast, Inc.'s Objections and Responses to Relator's  Third Set of Requests for Production has been served upon all attorneys of record in this case on this, the 8th day of August 2022, by email.

<div align="right">

_____/s Tirzah S. Lollar_____

</div>

# Exhibit 11

Texas ex rel Doe v. Planned Parenthood et al

 meghan.martin@arnoldporter.com

Jul 7, 2022, 6:45 PM

To: andrew@hackerstephens.com, raymond.winter@oag.texas.gov

Cc:
craig.margolis@arnoldporter.com, zzz.external.dashby@omm.com, zzz.external.lgodesky@omm.com, meghan.martin@arn
oldporter.com, christopher.odell@arnoldporter.com, zzz.external.jchapa@omm.com, michael.moore@oag.texas.gov, sinty.ch
andy@oag.texas.gov, jennifer.rowell@oag.texas.gov, amy.hilton@oag.texas.gov, heather@hackerstephens.com, janice.garret
t@oag.texas.gov, ana.aranda@oag.texas.gov, rhonda.rodriguez@oag.texas.gov, megan.pieper@arnoldporter.com, eugenia.k
rieg@oag.texas.gov, brown@blackburnbrownlaw.com

1 attachment · Expires: 1659758399000


Counsel –

As requested, attached please find a zip file containing Defendants' production of documents received from
CMS/HHS.

The encryption code is Uf+53xp8!z~SO$|H

Regards,

_____
Meghan Martin
Staff Attorney | Bio
Arnold & Porter LLP
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter


File attachment expires: Aug 05, 2022

| Name | Size | |
|------|------|---|
| 📄 PPTHIRD001.zip | 34.7 MB | f361299e46b53a925ac0086cea28515fmd5 |

RE: US ex rel Doe v. Planned Parenthood - CMS documents

 **meghan.martin@arnoldporter.com**

Aug 4, 2022, 3:11 PM

To:
drew.wright@oag.texas.gov andrew@hackerstephens.com raymond.winter@oag.texas.gov michael.moore@oag.texas.gov sinty.chandy@oag.texas.gov jennifer.rowell@oag.texas.gov amy.hilton@oag.texas.gov heather@hackerstephens.com janice.garrett@oag.texas.gov ana.aranda@oag.texas.gov rhonda.rodriguez@oag.texas.gov eugenia.krieg@oag.texas.gov

Cc:
tirzah.lollar@arnoldporter.com craig.margolis@arnoldporter.com zachary.winter@arnoldporter.com catherine.hodges@arnoldporter.com

1 attachment - Expires: 1662004799000

Counsel -

Attached please find a zip file containing Defendants' production of the second set of documents received from CMS/HHS.

The encryption code is PIUys0z*IB:P*&%tisf.

Regards,

_____

Meghan Martin

Staff Attorney | Bio

Arnold & Porter LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

File attachment expires: Aug 31, 2022

| Name | Size | |
|------|------|--|
| PPTHIRD002.zip | 5.1 MB | a68ab9dedb42d1aa91836865bcc3a24emd5 |

App. 072

## RE: US ex rel Doe v. Planned Parenthood - CMS documents

 **meghan.martin@arnoldporter.com**

Aug 15, 2022, 12:07 PM

To:
drew.wright@oag.texas.gov andrew@hackerstephens.com ana.aranda@oag.texas.gov heather@hackerstephens.com ray
mond.winter@oag.texas.gov jennifer.rowell@oag.texas.gov amy.hilton@oag.texas.gov janice.garrett@oag.texas.gov rhond
a.rodriguez@oag.texas.gov eugenia.krieg@oag.texas.gov michael.moore@oag.texas.gov sinty.chandy@oag.texas.gov

Cc:
tirzah.lollar@arnoldporter.com craig.margolis@arnoldporter.com zachary.winter@arnoldporter.com catherine.hodges@ar
noldporter.com

1 attachment - Expires: 1662004799000

Counsel -

Attached please find a zip file containing Defendants' production of the second set of documents received
from CMS/HHS.

The encryption code is RcS20ag1U*N62FLF

Regards,

_____

Meghan Martin
Attorney and Advisor | Bio
Arnold & Porter LLP
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

File attachment expires: Aug 31, 2022

| Name | Size | |
|------|------|---|
| PPTHIRD003.zip | 1.1 MB | 1f3216ea0ca4b0d18dfe5785f970acf4md5 |

App. 073

# RE: US ex rel Doe v. Planned Parenthood - CMS documents

 **meghan.martin@arnoldporter.com**

Aug 26, 2022, 9:37 AM

To:
drew.wright@oag.texas.gov ana.aranda@oag.texas.gov andrew@hackerstephens.com heather@hackerstephens.com janice.garrett@oag.texas.gov eugenia.krieg@oag.texas.gov amy.hilton@oag.texas.gov jennifer.rowell@oag.texas.gov michael.moore@oag.texas.gov raymond.winter@oag.texas.gov rhonda.rodriguez@oag.texas.gov sinty.chandy@oag.texas.gov carrie.killion@oag.texas.gov

Cc:
tirzah.lollar@arnoldporter.com craig.margolis@arnoldporter.com zachary.winter@arnoldporter.com catherine.hodges@arnoldporter.com

1 attachment - Expires: 1662004799000

Counsel -

Attached please find a zip file containing Defendants' production of the fourth set of documents received from CMS/HHS.

The encryption code is RcS20ag1U*N62FLF

Regards,
Meghan

_____

Meghan Martin
Attorney and Advisor | Bio
Arnold & Porter LLP
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

File attachment expires: Aug 31, 2022

| Name | Size | |
|------|------|---|
| PPTHIRD004.zip | 405.0 MB | 6e3fdc1a1205e80da411262c9a847a84md5 |

App. 075

App. 076

# Exhibit 12

| From: | Lollar, Tirzah |
|---|---|
| To: | Andrew Stephens; Martin, Meghan C.; Raymond Winter |
| Cc: | Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton; Heather Hacker; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.; zzz.External.lgodesky@omm.com; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com; Michael Moore; zzz.External.dashby@omm.com; Weberman, Melissa L. |
| Subject: | RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al |
| Date: | Wednesday, September 7, 2022 1:03:49 PM |
| Attachments: | image002.png |
| | Planned Parenthood Affiliate Search Report 20220907- First Sets of RFPs.pdf |
| | image001.png |

Attached please find information on Affiliates' collections, searches, and productions.  We are performing additional validation of our predictive coding model and will provide information on that process in a few days.

Ray and TX team, we are still waiting to receive your list of custodians and would appreciate an update on Texas's efforts to collect and produce documents.

Thanks,
Tirzah

_____

Tirzah Lollar

Partner | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 2, 2022 3:50 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore <Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** Re: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Ray and TX teams, please send us your custodians as agreed last week.

Our vendor is still working to pull the info that we discussed regarding Affiliates' collections and searches with the TX folks and Andrew last week.  We should be able to send it on Tuesday.

Thanks,
Tirzah

Sent from Nine

---

**From:** Lollar, Tirzah
**Sent:** Monday, August 29, 2022 5:04 PM
**To:** Andrew Stephens; Martin, Meghan C.; Raymond Winter
**Cc:** Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton; Heather Hacker; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.; zzz.External.lgodesky@omm.com; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com; Michael Moore; zzz.External.dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Ray and TX team, are you willing to identify the custodians that Texas is searching?  We think it makes sense for the parties to share this information, provided that everyone agrees to share it.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Monday, August 29, 2022 2:32 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,

App. 078

Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

External E-mail

Meghan, could you provide the names of the 8 custodians referenced in your email?

Thanks,

Andrew

**From:** Andrew Stephens
**Sent:** Friday, August 26, 2022 1:32 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter
<Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

Tuesday 10am CST works, dial-in info below.

Andrew

Andrew Stephens is inviting you to a scheduled personal audio conference.

Topic: Andrew Stephens' Personal Audio Conference
Passcode: 030527

Join via URL: https://us06web.zoom.us/pac/join/3813009255
Passcode: 030527

Or One tap mobile (US Toll Free):  8335480282,,3813009255#,,,,*030527#

Or join by phone:

833 548 0282 (US Toll Free)
+1 253 215 8782 (US Toll)
+1 301 715 8592 (US Toll)
+1 312 626 6799 (US Toll)
+1 346 248 7799 (US Toll)
+1 646 558 8656 (US Toll)
Conference ID: 381 300 9255
Passcode: 030527

---

**From:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Sent:** Friday, August 26, 2022 11:32 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore <Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Andrew -

Today doesn't work and Monday is not great.   Are you available on Tuesday?   We can do 11-2 ET or anytime after 3 ET on Tuesday.

Meghan

_____

Meghan Martin
Attorney and Advisor | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>

**Sent:** Thursday, August 25, 2022 6:49 PM
**To:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Raymond Winter
<Raymond.Winter@oag.texas.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com;
zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore
<Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America Inc et al

External E-mail

Thank you, Meghan.  Is there a time tomorrow or Monday when we could have a call to meet and
confer regarding the review and document production?

Andrew


**Andrew B. Stephens**
Partner

www.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or
authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any
information contained in the message. If you have received the message in error, please advise the sender by replying or by
phone at (512) 399-3022 and delete the message.

---

**From:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Sent:** Thursday, August 25, 2022 11:00 AM
**To:** Raymond Winter <Raymond.Winter@oag.texas.gov>; Lollar, Tirzah
<Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>
**Cc:** Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>;
Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton
<Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton
<Benjamin.Walton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Sheehan,
Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;

App. 081

lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore <Michael.Moore@oag.texas.gov>; dashby@omm.com

**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America Inc et al

Ray and Andrew:

In response to Texas providing their search terms, Affiliate Defendants are providing similar information.   In preparing to respond to Texas's and Relator's First Sets of RFPs, the Affiliates Defendants identified 8 custodians who would have emails and documents responsive to those requests.   Those custodians' full mailboxes were collected and once the mailboxes were loaded to Affiliates Defendants' vendor's processing platform, the attached list of search terms were used to determine the search universe.  The search hits produced approximately 36,000 emails with families to be reviewed.  Those documents were reviewed and responsive non-privileged documents have been produced in the rolling production made by Affiliates Defendants.

During the course of review, Affiliates Defendants learned that the full mailboxes of 2 of the 8 custodians were not initially collected correctly.   Those mailboxes were recollected and upon running search terms, resulted in a new universe of approximately 77,000 emails with families from those 2 custodians.   Prior to the Court's issuance of the Order [Dkt. 139] adopting the parties' stipulation and proposed order regarding production of electronically stored information and hard copy documents, Affiliate Defendants decided to use the Continuous Active Learning ("CAL")/TAR methodology to use the coding from the initial set of 36,000 emails to determine what percentage of the 77,000 would be review.  CAL was then used to go through 3 more rounds of review to determine if more documents needed to be reviewed.  Any responsive non-privileged documents from the set of reviewed documents have been produced in our rolling productions made by Affiliates Defendants.

Please let me know if you have any questions or if you would like to discuss further.

Regards,
Meghan

_____

Meghan Martin
Attorney and Advisor | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5443
Meghan.Martin@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Michael Moore <Michael.Moore@oag.texas.gov>
**Sent:** Wednesday, August 3, 2022 6:02 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; zzz.External.dashby@omm.com

<[dashby@omm.com](mailto:dashby@omm.com)>

**Cc:** Raymond Winter <[Raymond.Winter@oag.texas.gov](mailto:Raymond.Winter@oag.texas.gov)>; Eugenia Krieg
<[Eugenia.Krieg@oag.texas.gov](mailto:Eugenia.Krieg@oag.texas.gov)>; Drew Wright <[Drew.Wright@oag.texas.gov](mailto:Drew.Wright@oag.texas.gov)>; Sinty Chandy
<[Sinty.Chandy@oag.texas.gov](mailto:Sinty.Chandy@oag.texas.gov)>; Christopher Hilton <[Christopher.Hilton@oag.texas.gov](mailto:Christopher.Hilton@oag.texas.gov)>; Amy Hilton
<[Amy.Hilton@oag.texas.gov](mailto:Amy.Hilton@oag.texas.gov)>; Benjamin Walton <[Benjamin.Walton@oag.texas.gov](mailto:Benjamin.Walton@oag.texas.gov)>; Andrew
Stephens <[andrew@hackerstephens.com](mailto:andrew@hackerstephens.com)>; Heather Hacker <[heather@hackerstephens.com](mailto:heather@hackerstephens.com)>;
Sheehan, Christian <[Christian.Sheehan@arnoldporter.com](mailto:Christian.Sheehan@arnoldporter.com)>; Odell, Christopher M.
<[Christopher.Odell@arnoldporter.com](mailto:Christopher.Odell@arnoldporter.com)>; Margolis, Craig D. <[Craig.Margolis@arnoldporter.com](mailto:Craig.Margolis@arnoldporter.com)>;
[zzz.External.lgodesky@omm.com](mailto:zzz.External.lgodesky@omm.com) <[lgodesky@omm.com](mailto:lgodesky@omm.com)>; Ramer, Paula
<[Paula.Ramer@arnoldporter.com](mailto:Paula.Ramer@arnoldporter.com)>; [brown@blackburnbrownlaw.com](mailto:brown@blackburnbrownlaw.com);
[zzz.External.jchapa@omm.com](mailto:zzz.External.jchapa@omm.com) <[jchapa@omm.com](mailto:jchapa@omm.com)>
**Subject:** Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of
America Inc et al

External E-mail

Tirzah and Danny –

Thank you again for taking the time to confer with us Monday and yesterday.  Pursuant to our
discussion, Texas will search custodial files for relevant HHSC and HHSC-OIG witnesses using the
attached search terms.  We have asked HHSC to begin the searches using the attached terms.  We
remain available to meet and confer about the terms.  Please let us know if you would like to discuss.

Sincerely,

Michael J. Moore
Assistant Attorney General
Civil Medicaid Fraud Division
(512) 936-1449
[michael.moore@oag.texas.gov](mailto:michael.moore@oag.texas.gov)

CONFIDENTIAL ATTORNEY CLIENT COMMUNICATIONS
The contents of this message and any attachments are privileged and confidential.  It is the specific
intent of the sender that no part of this message or an attachment shall be disclosed to any third
party unless necessary for the furtherance of rendition of professional legal services. TRE 503 and
TRCP 192.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended
recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives
this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
[http://www.arnoldporter.com](http://www.arnoldporter.com)

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended
recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives

this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

Williams Defendants' Search Term Report – Texas and Harbor's First Sets of RFPs
September 7, 2022

| CUSTODIAN | DATA PROCESSED | DOCUMENTS REMOVED THROUGH CULLING (bundle files, system files) | DOCUMENTS REMOVED THROUGH DE-DUPLICATION | | | SEARCH TERM HITS PROMOTED TO REVIEW | | | | | | RECORDS PRODUCED | | RECORDS WITHHELD FOR FURTHER PRIVILEGE REVIEW & LOGGING |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FILES | FILES | FILES | PST | EMAIL | FILES | PST | EMAIL | ATTACHMENT | EMBEDDED FILE | CALENDAR APPT | CALENDAR ATTACHMENT | FILES | FILES | FILES |

*Consider value identifies a single custodian (custodian would be THIS), not all custodians included on the communication (custodian included on the comm would be Duplicate Custodians and/or Duplicate Other metadata field).

**DATE CULL January 31, 2011 to January 6, 2022**

| Search Term | Total Documents Hit | Unique Hits |
|---|---|---|
| Medi-caid | 8 | 0 |
| hhs.tx.gov | 0 | 0 |
| dhh.Louisiana.gov | 31 | 0 |
| Wachino | 18 | 0 |
| Kleibert | 3 | 1 |
| DHH | 415 | 146 |
| "qualified provider" | 603 | 4 |
| FFS | 785 | 76 |
| "provider agreement" | 1,410 | 234 |
| HHSC-OIG | 530 | 0 |
| MCO | 1,678 | 54 |
| Overpayment | 1,817 | 109 |
| "Cecile Richards" AND (termination OR medicaid OR texas OR louisiana) | 6,862 | 3,592 |
| "grace period" | 1,163 | 254 |
| "en banc" | 1,505 | 75 |
| repay* | 3,367 | 1,174 |
| revocation OR revoke | 3,510 | 575 |
| "Fee for service" OR fee-for-service | 2,905 | 530 |
| OIG | 5,174 | 1,112 |
| TRO | 2,926 | 731 |
| Centers w/5 (Medicare OR "Medicaid services") | 4,569 | 5 |
| Recoup* | 2,318 | 431 |
| "Managed care" | 11,138 | 2,335 |
| "fifth circuit" | 5,127 | 1,026 |
| HHS | 12,794 | 2,452 |
| TMHP | 5,336 | 1,431 |
| HHSC | 7,265 | 897 |
| CMS | 12,607 | 3,525 |
| Health w/2 "human services" | 15,950 | 3,079 |
| injunct* | 11,138 | 2,284 |
| (Medicaid AND (enroll* OR participat* OR eligibil* OR accred* OR submit* OR submission OR receiv* OR receipt OR terminat* OR qualif* OR refund*)) | 42,726 | 25,120 |
|  |  | 51,252 |

# Exhibit 13

| From: | Heather Hacker |
|---|---|
| To: | Reeder-Ricchetti, Emily; Lollar, Tirzah; Andrew Stephens |
| Cc: | Martin, Meghan C.; Gerstner, Alyssa; Pieper, Megan; Raymond Winter; Eugenia Krieg; Drew Wright; Sinty Chandy; Christopher Hilton; Amy Hilton; Benjamin Walton; Sheehan, Christian; Odell, Christopher M.; Margolis, Craig D.; zzz.External.lgodesky@omm.com; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com; Michael Moore; zzz.External.dashby@omm.com |
| Subject: | RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In |
| Date: | Thursday, October 13, 2022 2:06:16 PM |
| Attachments: | image001.png |
| | image002.png |

External E-mail

Emily,

We cannot agree to allow you to redact names from documents before they are produced.

Thanks,
Heather

**From:** Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Sent:** Thursday, October 13, 2022 12:05 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Andrew Stephens
<andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa
<Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>;
Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>;
Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>;
Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;
Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian
<Christian.Sheehan@arnoldporter.com>; Odell, Christopher M.
<Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>;
lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore
<Michael.Moore@oag.texas.gov>; dashby@omm.com
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation
of America In

Andrew and Heather:

Affiliate Defendants continue to work diligently to search custodial data for documents containing
the term "Medicaid" and to produce all non-privileged hits. In light of the Court's Oct 11 Order
regarding PPFA's confidentiality designations, Affiliate Defendants are also revisiting some of the
confidentiality designations for these to-be-produced documents. As part of this process, Affiliate
Defendants are attempting in good faith to think of potential means to minimize, when feasible, the
designation of documents as Confidential Attorneys Eyes Only (AEO). With this in mind, Affiliate
Defendants wanted to raise the use of redactions for communications and documents produced
from the custodial files of non-publicly identified Affiliate employees.

App. 087

Affiliate Defendants' September 30 email below identifying Affiliate Defendants' supplemental custodians included seven non-public current or former Affiliate employees that Affiliate Defendants have determined are among those most likely to have documents related to "Medicaid," construed broadly.  Affiliates Defendants have collected the supplemental data and there are approximately 16,000 emails and documents within the seven non-public employees' custodial data that hit on "Medicaid."  When family members are added to the 16,000 documents, there are 23,000 emails and documents.  As you are aware, Affiliate Defendants are entitled to designate documents with "the names of non-publicly identified Planned Parenthood employees"  as AEO pursuant to the Protective Order (*see* Dkt. 133 at ¶ 2).  However, in light of Relator's stated concerns regarding the ability of counsel to share documents with and discuss them with Relator and the purported burden of filing AEO documents as exhibits, Affiliate Defendants wanted to revisit the possibility of redactions.

Affiliate Defendants propose that, for any of the 23,000 documents that contain the name or PII of a non-publicly identified custodian but do not otherwise qualify for AEO designation, Affiliate Defendants would redact any non-publicly identified custodian names and their PII, and the documents would be produced either with a Confidential designation or no confidentiality designation, depending on whether the document meets the Confidential designation standard once the non-public employee data is redacted. This would allow Relator's counsel to share these documents with Relator and, if the documents are not designated as Confidential, file them as exhibits without any special procedure.

Please let us know Relator's position on this proposal as soon as possible.

Thanks,
Emily

_____

Emily Reeder-Ricchetti
Associate | Bio

**Arnold & Porter**
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6475
Emily.Reeder-Ricchetti@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 30, 2022 6:32 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker
<heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa
<Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>;
Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>;
Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>;
Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>;

Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore <Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In

Andrew, in an effort to resolve the dispute regarding the scope of the Court's September 20 Order promptly, Affiliates plan to seek expedited briefing with Relator's opposition due October 10 and any reply due October 14.  Please let us know Relator's position on this proposed expedited briefing schedule.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio

**Arnold&Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Friday, September 30, 2022 5:57 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Heather Hacker <heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; brown@blackburnbrownlaw.com; zzz.External.jchapa@omm.com <jchapa@omm.com>; Michael Moore <Michael.Moore@oag.texas.gov>; zzz.External.dashby@omm.com <dashby@omm.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In

<div style="border:1px solid red; display:inline-block; padding:4px;">External E-mail</div>

Thanks, Tirzah.  We met and conferred yesterday.

Andrew


**Andrew B. Stephens**
Partner

# HACKER STEPHENS LLP

http://secure-web.cisco.com/19iGujPuJvdwsMb_nWgi8w6kyoIgaAdjSa3lup4SHzOhNXRyMPxn49gdZJK-
c7wT6BTdybtLfbUHj-
bTXGuK_m0ijWxPNZmWHK6DGAmYpYC3qSBpTIVHqcjwD7DlCj9AJ_9EholtI6PaZeu0eWl3Ty1RDGj6Ape3IEAC
aiq4fxDsaNy-Yn2dWPggrgmknTzTXnpImeI0RiEpVM_unvih9FUy7OMb3Cgh-
fx3Rl7DuFlyB3UwVH7YQSIMiMp2t8FPnwah2UaVPiNb3uuPfEzOoJJM6qY2TIJVcyhrnG4aI0G40B86QIfu8_yQBy
7O7rE0qNWeGRiYLW8vKkTq6MF3fdMfjNOkhaiquLDWJYZyaE1DYmN52mPuxJdX7wItHQte-
RrE96ItE9IkpUIW01tHCcP9_HTxRBoTFLvpdW2_w9mhM/http%3A%2F%2Fwww.hackerstephens.com


This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

---

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, September 30, 2022 4:52 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>
**Cc:** Martin, Meghan C. <Meghan.Martin@arnoldporter.com>; Gerstner, Alyssa <Alyssa.Gerstner@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Raymond Winter <Raymond.Winter@oag.texas.gov>; Eugenia Krieg <Eugenia.Krieg@oag.texas.gov>; Drew Wright <Drew.Wright@oag.texas.gov>; Sinty Chandy <Sinty.Chandy@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Odell, Christopher M. <Christopher.Odell@arnoldporter.com>; Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; lgodesky@omm.com; brown@blackburnbrownlaw.com; jchapa@omm.com; Michael Moore <Michael.Moore@oag.texas.gov>; dashby@omm.com; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>
**Subject:** RE: Case 2:21-cv-00022-Z United States of America et al v. Planned Parenthood Federation of America In

Andrew:

As Emily indicated in her email from yesterday, Affiliates have now identified 21 custodians (in

addition to the original 9) that they believe are most likely to have documents related to "Medicaid," construed broadly.  The list of the 21 additional custodians is below.

Thank you for confirming Relator's position on Affiliates' motion for clarification.  However, Affiliates are disappointed that, inconsistent with the Court's scheduling order and Rule 37(a)(1), Relator has declined to meet and confer regarding Affiliates' efforts to comply with the Court's September 20 Order.  Affiliates will respond to Relator's request for sanctions on or before October 5, as directed by the Court.  Dkt. 184 at 8.

PPGC:
REDACTED    *
Cirene Licea
Jeffrey Palmer
Alfred Curtis
REDACTED*
REDACTED*
REDACTED*
REDACTED *
Rene Pilarte
Megan Redman
Jackie Kinabrew
Teo Norman
Bonnie Smith

PPGT:
Keri Copeland
Marianne deJong
Dan Sannes
Beth Watson
Kasia White
Sarah Wheat

PPST:
REDACTED*
Magda Mijares*

*Please note that the employees identified with an asterisk are non-publicly identified current or former Affiliate employees, so Affiliates are designating this email as Attorney's Eyes Only under the Protective Order.

Thanks,
Tirzah

_____

Tirzah Lollar

App. 091

# Exhibit 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

United States of America
 *ex rel.* ALEX DOE, Relator,

The State of Texas
*ex rel.* ALEX DOE, Relator,

The State of Louisiana
*ex rel.* ALEX DOE, Relator,

      Plaintiffs,

v.

Planned Parenthood Federation of America,
Inc., Planned Parenthood Gulf Coast, Inc.,
Planned Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County, Inc.,
Planned Parenthood San Antonio, Inc.,

      Defendants.

CIVIL ACTION NO. 2:21-CV-00022-Z

---

## <u>DECLARATION OF RICHARD HOLDER</u>

I, Richard Holder declare and state as follows:

1.  I am currently employed by Planned Parenthood of Greater Texas, Inc. ("PPGT") as
    Senior Director of Business Operations. I have been responsible for PPGT's IT services
    since I was first employed by PPGT, in 2007. I am over the age of 18 and have personal
    knowledge of the matters herein. If called upon to testify, I could and would testify
    thereto.

App. 092

2. I make this declaration in support of Affiliate Defendants' Response to November 8, 2022 Show Cause Order.

3. As the Senior Director of Business Operations, I oversee our Information Technology Department, which is responsible for maintaining the security of PPGT's IT systems and keeping PPGT's servers up to date.

4. PPGT's data systems are complex and involve a large number of devices used to collect, store, and access information, including hundreds of computers, archive and file systems, and peripheral and ancillary systems.  PPGT maintains a myriad of systems on which it stores data, including systems for procurement, contracts, reception desk information, backup, and – critically for our cybersecurity concerns – vast quantities of patient data.  Some of the data in these systems is stored on premises, whereas other data is stored elsewhere. Accessing and imaging all of this data would be incredibly complicated, expensive, and time consuming.

5. PPGT has a small in-house IT staff of four and is currently 2 staff positions short. Throughout November and December 2022, IT staff will be out of office for conferences and scheduled vacation time.  To undertake the task of creating a system map would require assigning an IT staff member to handle this project full-time and drop their daily duties.  This would burden the remaining IT staff to compensate for those duties.  In the alternative, PPGT would need to hire a third party contractor firm to create the system map.   That contractor would need time to learn PPGT's system before they could create the system map.

6. PPGT's IT department has the capability to produce a system map for PPGT that shows all systems with ESI, including on-premise servers, cloud hosted applications,

<div align="center">2</div>

Microsoft 365 and inter-site/internet connectivity.  The process to produce a system map including this information would entail:  collecting and documenting a full inventory of all on-premise servers containing ESI; collecting and documenting a full inventory of user endpoints and their locations; identifying and documenting each cloud-based system; identifying and documenting all inter-site and internet access ISP information; and collating all the data into Visio type drawings.  It is impossible to predict how long this process will take until it is underway, but based on currently available information, my best estimate is that this process would take a dedicated team member approximately 20 full working days to complete, though it ultimately could take significantly more time, or somewhat less time.

7. PPGT employees use mobile devices, but all PPGT data on mobile devices would be captured in the systems listed above.  If we are required to include mobile devices in the system map, it would be necessary to first pull an audit log to identify employees that use PPGT-issued mobile devices or personal devices that access their PPGT emails, and then interview each user regarding their mobile device use in order to determine how that device  is connected to PPGT's Microsoft 365 system.  Once we determine this information, we would then document each device.  It is difficult to estimate how long this process would take because we do not currently know how many employees use PPGT-issued mobile devices or personal devices that access their PPGT emails.  But based on currently available information, my best estimate for completing these tasks in order to include mobile devices on the system map is 40 working hours

3

(in addition to the 20 full working days noted in Paragraph 6 above), but that number could increase or decrease based on the number of mobile device users.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2022.

Richard Holder

4

# Exhibit 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| United States of America<br> *ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>　　　Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z |

## <u>DECLARATION OF ANGEL DE LA CRUZ</u>

I, Angel de la Cruz, declare and state as follows:

1.  I am currently employed by Planned Parenthood of Greater Coast, Inc. ("PPGC") as Director of Information Technology ("IT"). I have worked at PPGC for ten years and have held this position for about ten months; previously, I worked as a network administrator. I am over the age of 18 and have personal knowledge of the matters herein. If called upon to testify, I could and would testify thereto.

App. 096

2. I make this declaration in support of Affiliate Defendants' Response to November 8, 2022 Show Cause Order.

3. As the Director of IT, I am responsible for operating the department, maintaining the security of PPGC's IT systems, and keeping PPGC's servers up to date. I oversee three employees.

4. PPGC uses a variety of devices to collect, store, and access information, including personal computers (PCs), Ipads, cellular phones, and laptop interfaces for medical equipment. PPGC's network currently has 513 endpoints, including 80 servers. PPGC also stores data in a wide variety of systems and formats. PPGC maintains 24 Terabytes (TB) of data on premises.

5. PPGC has a small in-house IT staff of four and that staff has recently undergone resignations and is not at full capacity. PPGC's IT staff is also currently undertaking an internal system migration. To undertake the task of creating a system map would require assigning an IT staff member to handle this project full-time and drop their daily duties. This would burden the remaining IT staff to compensate for those duties. In the alternative, PPGC would need to hire a third party contractor firm to create the system map. That contractor would need time to learn PPGC's system before they could create the system map.

6. PPGC's IT department has the capability to produce a high-level system map of PPGC's server system, endpoints, Microsoft Office 365, and cloud-based systems. The process to produce a system map including this information would entail: collecting and documenting a full inventory of all on-premise servers containing ESI; collecting and documenting a full inventory of user endpoints and their locations;

identifying and documenting each cloud-based system; identifying and documenting all inter-site and internet access ISP information; and collating all the data into Visio type drawings. It is impossible to predict how long this process will take until it is underway, but based on currently available information, my best estimate is that this process would take a dedicated team member approximately 20 full working days to complete, though it ultimately could take significantly more time, or somewhat less time.

7. PPGC employees use mobile devices but all PPGC data on mobile devices would be captured in the systems listed above. If we are required to include mobile devices in the system map, it would be necessary to first pull an audit log to identify employees that use PPGC-issued mobile devices or personal devices that access their PPGC emails, and then interview each user regarding their mobile device use in order to determine how that device is connected to PPGC's Microsoft 365 system. Once we determine this information, we would then document each device. It is difficult to estimate how long this process would take because we do not currently know how many employees use PPGC-issued mobile devices or personal devices that access their PPGC emails. But based on currently available information, my best estimate for completing these tasks in order to include mobile devices on the system map is 40 working hours (in addition to the 20 full working days noted in Paragraph 6 above), but that number could increase or decrease based on the number of mobile device users.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2022.

_____
Angel de la Cruz