IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br>     Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**OPPOSITION TO PLANNED PARENTHOOD GULF COAST'S
MOTION FOR PROTECTIVE ORDER AND TO QUASH RELATOR'S
NOTICE OF DEPOSITION OF MELANEY LINTON**

## INTRODUCTION

Relator is not trying to ruin anyone's Thanksgiving, but Melaney Linton, PPGC's CEO, has been noticed to appear for a deposition on November 22, 2022 for several weeks, and PPGC counsel has not been forthcoming with alternative dates within the discovery period despite repeated requests. As shown below, Relator has gone to great lengths to accommodate Defendants' witnesses' schedules. Relator even agreed to do a few depositions outside the discovery period after Defendants claimed those witnesses were not available earlier, even for one of Defendants' own experts.[1] Importantly, Relator proposed the same solution PPGC now proposes *weeks* ago— deposing Ms. Linton on November 28 when counsel had already planned to be on the East Coast for other depositions—but PPGC's counsel claimed that Ms. Linton was not available and continued to offer dates outside the discovery period. Now, there are five other depositions scheduled for that week and that option is unavailable.

As Ms. Linton's testimony will likely be damaging to the defense, delaying Ms. Linton's deposition was likely a strategic decision. Ms. Linton's choice to take a lengthy vacation outside the continental U.S. during the last weeks of the discovery period should not be an excuse to prevent Ms. Linton from preparing for her deposition before November 30, a date that has been set and known to all parties for months. Dkt. 123. Ms. Linton does not state that she must travel a long distance from

---

[1] Relator is mindful of the obligation under the Amended Scheduling order to provide "written notice" to the Court of any agreement to extend the discovery deadline. Dkt. 192 at 5. Relator has agreed because of scheduling needs to permit the depositions of the PPGT 30(b)(6), Terri Trivisonno, the PPGT 30(b)(6), Louis Dudney, and Tamara Kramer in the week following the discovery cutoff. These are all witnesses Plaintiffs originally noticed within the discovery period.

1

Houston to be with her family and thus will still be able to spend time with her family for Thanksgiving, even if she is required to appear as noticed on November 22, 2022. Dkt. 269-3. The Court should deny the motion and order Ms. Linton to appear.

## BACKGROUND

Relator does not want to waste the Court's time extensively recounting the negotiation the parties have done over depositions but attaches relevant correspondence for the Court's reference. *See* App.001-054. Below, the highlights of this negotiation are summarized:

- On October 6, 2022, Plaintiffs noticed depositions under Rule 30(b)(6) of Defendants Planned Parenthood Federation of America (PPFA), and the PPFA Affiliate Defendants, Planned Parenthood Gulf Coast (PPGC), Planned Parenthood Greater Texas (PPGT), Planned Parenthood South Texas (PPST), Planned Parenthood San Antonio (PPSA), and Planned Parenthood Cameron County (PPCC).

- On October 11, 2022, Relator noticed the depositions of three of Defendants' six disclosed experts, the three CEOs of the PPFA Affiliates, including Ms. Linton, and three PPFA officials. App.015. Ms. Linton's deposition was originally noticed for November 28, 2022. App.056. Plaintiffs noted that they were available to meet and confer regarding dates and locations. App.015. On October 13, 2022, Plaintiffs served amended notices for the 30(b)(6) depositions. App.014. All of Plaintiffs' proposed deposition dates were within the discovery period.

2

- PPFA Affiliates asked if the parties could confer on the 30(b)(6) notices on October 17, and the parties did so. On October 18, counsel for the PPFA Affiliates proposed alternate dates for some of the individual witnesses but stated that Melaney Linton, who is the CEO of PPGC and a critical witness, *had no availability* during the discovery period. App.012. PPGC counsel also stated that Defendants were still working on available dates for the 30(b)(6) depositions. App.012. On October 19, 2022, Relator's counsel asked Defendants' counsel for dates for the 30(b)(6) witnesses and the PPFA witnesses already noticed, and also stated that Relator would also like to depose a former PPGT employee and two former PPFA employees.[2] App.011.

- The same day, PPFA counsel responded with dates for some witnesses, proposed two 30(b)(6) witnesses and dates for those depositions at the end of the discovery period, and stated that one of Defendants' experts, Louis Dudney, had no availability during the discovery period. App.010. The parties continued to discuss dates for depositions.

- On October 20, PPGC counsel offered Ms. Linton on December 5 in New York, App.007, which would necessitate multiple lawyers traveling to New York just for that deposition, even though Ms. Linton is a party witness and lives in

---

[2] Plaintiffs have noticed 19 depositions altogether (counting PPST, PPCC, and PPSA separately, and including Jeffrey Hons, former PPST CEO, who was noticed for November 3 but cancelled, with Plaintiffs reserving the right to re-notice if the PPST/PPCC/PPSA 30(b)(6) deponent is inadequately prepared). PPST also produced nearly 60,000 additional pages on November 7. Federal Rule of Civil Procedure 30 limits each side to 10 depositions absent stipulation or leave of Court. Defendants have not objected to the number of depositions and offered dates/locations for them, but Plaintiffs have requested that Defendants clarify that they have stipulated to this. As of filing, they have not received a response. If Defendants refuse to stipulate to the additional depositions despite not stating any objections previously, Plaintiffs intend to seek leave from this Court.

- Houston. Relator's counsel declined and stated that if Ms. Linton needed to be deposed in New York, her deposition would need to take place during the same week as the already-scheduled PPFA witnesses in DC and proposed November 28 if the PPFA witnesses could shift over a day, App.005—which is *the same date* PPFA Affiliate counsel is now proposing.[3]

- Importantly, PPGC counsel claimed Ms. Linton was *not available* and instead proposed December 8 (the date of the deposition of PPFA employee Tamara Kramer in Chicago), December 9 (a day when Relator's counsel is unavailable), or December 16, which is only two weeks before the summary judgment deadline. App.004.

- PPGC counsel never told Plaintiffs that Ms. Linton would be on vacation "out of the continental United States" most of the last month of the discovery period. Nor did Affiliates' counsel tell Plaintiffs that Ms. Linton would be in D.C. during the PPFA depositions set there before the close of discovery. And the Affiliates' delay in producing documents prevented Relator from deposing Ms. Linton, a critical witness, before her lengthy vacation.

- Meanwhile, dates for additional witnesses were being set and the calendar was filling up. Relator's counsel made every effort to accommodate the dates given by PPFA and the PPFA Affiliates for their witnesses, even though they often conflicted with each other and Defendants are still producing documents. As

---

[3] That is no longer possible because there are now two PPFA witnesses scheduled for November 30, PPGC's 30(b)(6) witness is scheduled for December 1, and the Relator's deposition is scheduled for December 2 in Houston. *See* chart below on pp. 5-6.

4

- Defendants' counsel is aware, Relator is represented by a small law firm with only two lawyers which limits the number of depositions that can be set for the same day. Relator's counsel even agreed to accommodate a few dates in the week after the discovery period ends.

- On October 24, PPGC counsel declined to provide any other dates for Ms. Linton. App.019. On October 25, Relator's counsel sent amended deposition notices for several witnesses, including Ms. Linton. App.017. Ms. Linton's amended notice is for November 22, 2022. App.059. Relator's counsel noted in the email that Linton's deposition date still needed to be discussed. App.017.

- As of filing, this is the current[4] deposition schedule:

| Date | Witness | Party | Location |
|---|---|---|---|
| November 10, 2022 | Louis Rossiter | Defendants' Expert | Washington, D.C. |
| November 16, 2022 | Rosemary Coluccio | PPFA | New York (by Zoom) |
| November 16, 2022 | Ronda Exnicious | PPGC | Houston, TX (by Zoom) |
| November 17, 2022 | PPST/PPSA/PPCC 30(b)(6) | PPST/PPSA/PPCC | San Antonio, TX |
| November 18, 2022 | Marianne DeJong | PPFA (not represented by PPFA) | Dallas, TX |
| November 21, 2022 | Ken Lambrecht | PPGT | Austin, TX |
| November 22, 2022 | David Sokolow | Defendants' Expert | Austin, TX |
| November 22, 2022 | Melaney Linton | PPGC | Houston, TX |
| November 22, 2022 | Kay Ghahremani | Texas | Austin, TX |

---

[4] Texas moved to quash the depositions of Dr. Spears and Mr. Bowen. Dkt. 275. Jeffrey Hons, the former CEO of PPST, was scheduled for November 3, 2022, but Relator and Texas cancelled his deposition while reserving the right to re-notice it if PPST's 30(b)(6) witness is inadequately prepared. PPST has also since continued producing documents, producing nearly 60,000 pages of documents on November 7, several days after Mr. Hons was scheduled to be deposed.

| | | | |
|---|---|---|---|
| November 28, 2022 | Kim Custer (PPFA 30(b)(6)) | PPFA | Washington, D.C. |
| November 29, 2022 | Vickie Barrow-Klein (PPFA 30(b)(6)) | PPFA | Washington, D.C. |
| November 30, 2022 | Vickie Barrow-Klein | PPFA | Washington, D.C. |
| November 30, 2022 | Emily Stewart | PPFA | Washington, D.C. |
| December 1, 2022 | PPGC 30(b)(6) | PPGC | Houston, TX |
| December 2, 2022 | Relator Alex Doe[5] | Relator | Houston, TX |
| December 5, 2022 | Terri Trivisonno | PPFA | Florida (by Zoom)[6] |
| December 6, 2022 | PPGT 30(b)(6) | PPGT | Austin, TX |
| December 6, 2022 | TX/HHSC 30(b)(6) | Texas | Austin, TX |
| December 7, 2022 | Louis Dudney | Defendants' Expert | Chicago, IL |
| December 7, 2022 | Dr. Ted Spears | Texas | Austin, TX |
| December 7, 2022 | Kimberly Sullivan | Louisiana (subpoena by PP) | Metairie, LA |
| December 8, 2022 | Stephen Russo | Louisiana (subpoena by PP) | Metairie, LA |
| December 8, 2022 | Tamara Kramer | PPFA | Chicago, IL |
| December 9, 2022 | Louisiana 30(b)(6) | Louisiana (subpoena by PP) | Metairie, LA |
| December 9, 2022 | Stuart Bowen | Texas | Austin, TX |

- As PPGC counsel has not provided any other dates for Ms. Linton during the discovery period over the following weeks of negotiation over scheduling despite further requests, and as Ms. Linton was still under a valid notice to appear for a

---

[5] Relator's counsel told Defendants that Relator was available any time in November, but Defendants requested dates in December.

[6] To try to avoid unnecessary travel and reduce costs, Plaintiffs have agreed to conduct a few depositions by Zoom. But the depositions of more significant witnesses, like the 30(b)(6) witnesses and the CEOs of the Affiliates and Ms. Linton, must be done in person.

6

- deposition on November 22, 2022, Relator's counsel informed PPFA Affiliate counsel on November 8 that Plaintiffs would stand on the deposition notice. App.033.

- Affiliates' counsel responded on November 8 by offering to present Ms. Linton in D.C. on November 28—the same thing that Relator's counsel offered weeks earlier once Affiliates' counsel stated that Ms. Linton would be in the Northeast during that week (before additional depositions were scheduled that week making it impossible). App.032.

- Ms. Linton's testimony will likely be damaging to the defense, which appears to be the reason for her unavailability and for PPFA Affiliates' unwillingness to produce her during the discovery period.

## LEGAL STANDARD

Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Protective orders are governed by Rule 26(c) of the Federal Rules of Civil Procedure, which provides that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The question of whether notice is reasonable for purposes of Rule 30(b)(1) goes hand in hand with the stated reason for the exigency necessitating short notice. *Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *1 (W.D. Tex. Sept. 27, 2018). "Thus, what

constitutes reasonable notice often turns on the particular circumstances of the case." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-cv-00787(FLW)(LHG), 2017 WL 9481235, at *2 (D.N.J. Nov. 1, 2017) (citing 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2111 (3d ed., April 2017 Update) ("Obviously no fixed rule can be laid down because much will depend on the circumstances of the particular case.")).

"[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance. *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (citing *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) (per curiam)). A district court's rulings on matters relating to case management and discovery are, as a general matter, reviewed for abuse of discretion. *Barnes*, 79 Fed. Appx. at 697 (citing *Pierce v. Underwood*, 487 U.S. 552, 558 n. 1 (1988); *McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 (5th Cir.1993)).

## ARGUMENT

Ms. Linton, CEO of Defendant PPGC and a critical party witness in this case, has known for months that the discovery cutoff in this case is November 30, 2022. Ms. Linton nonetheless made herself unavailable during the last several weeks of the discovery period. At the same time, Ms. Linton's lawyers have delayed in producing relevant documents for months despite being ordered to do so by the Court. Ms. Linton was noticed on October 11 to appear for her deposition on November 28, and after Ms. Linton's counsel stated she was unavailable on November 28, was noticed

8

on October 25 to appear on November 22. Under the circumstances here, Ms. Linton has had more than adequate notice that she would be required to appear for a deposition in late November before the discovery cutoff. That Ms. Linton did not arrange her schedule to accommodate that is unfortunate, but there is no alternative but to continue with Ms. Linton's deposition as validly noticed for November 22, 2022, a date that Ms. Linton admits she will be in the United States and does not even state that she will be outside of Texas. *See* Dkt. 269-3.

Deposing Ms. Linton is critical for this case, as she obviously has personal knowledge relevant to Relator's claims under federal, Texas, and Louisiana law, and Texas's claim under state law. Ms. Linton personally signed several pertinent documents and also participates in PPFA leadership. Ms. Linton's testimony will likely be damaging to the defense. It is also critical to depose Ms. Linton during the discovery period, as Relator already agreed (because of the Thanksgiving holiday) to depose the PPGC 30(b)(6) witness on December 1, the day after discovery ends.[7] Permitting PPGC to delay in producing documents[8] and then its CEO to conveniently be unavailable during the last month of the discovery period will reward gamesmanship. That gamesmanship is underscored by PPGC now offering a date it knows is impractical and that Relator proposed weeks ago.

When PPGC (and its counsel) made these choices, it surely knew that there was a risk that Ms. Linton would have to change her plans to appear for her

---

[7] The other Affiliates' CEOs were noticed and scheduled within the discovery period. PPGT's 30(b)(6) deponent was not available until December 6, but PPGT's CEO, Ken Lambrecht, will be deposed on November 21.

[8] For instance, PPGC just produced nearly 70,000 additional pages of documents on November 7.

9

deposition. Far from the portrayal in PPGC's motion, Relator's counsel has been diligently attempting in good faith to work out a complex schedule for depositions to accommodate witness schedules and avoid unnecessary expenses and travel, including a date for Ms. Linton's deposition within the discovery period. Relator regrets that the November 22 date may now impact Ms. Linton's plans with her family, but it is unreasonable for PPGC to not make its CEO available for a deposition before the end of discovery period set by this Court.

## CONCLUSION

For the reasons stated above Relator respectfully requests that the Court deny PPGC's Motion for Protective Order and to Quash and order Ms. Linton to appear for her deposition on November 22, 2022.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Andrew B. Stephens
Andrew B. Stephens
