IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**EMERGENCY MOTION FOR PROTECTIVE ORDER AND FOR
EXPEDITED CONSIDERATION**

## INTRODUCTION AND BACKGROUND

PPFA's counsel asked Relator's counsel on November 3, 2022 if they would accept service of a subpoena for non-party Center for Medical Progress (CMP), and Relator's counsel stated that they do not represent CMP in this litigation and thus could not accept service. Relator's counsel further stated that if Defendants serve the subpoena, Relator would file a motion for a protective order because the topics listed do not have any relevance to the claims or defenses in this case and offered to meet and confer regarding the subpoena. Relator's counsel heard nothing else from Defendants.

However, Relator's counsel just became aware that last night, November 14, 2022, counsel for PPFA attempted to serve a subpoena on CMP, a nonprofit organization based in Orange County, California. The subpoena commands a representative for CMP to appear for a deposition in downtown Los Angeles on November 21, 2022, just four business days from today and the same day that Plaintiffs will be deposing Defendant PPGT's CEO, Ken Lambrecht, in Austin. While Relator's counsel does not believe that CMP has been effectively served with the subpoena yet, Relator preemptively seeks an emergency protective order from this Court so that non-party CMP is not required to comply with the subpoena. **Because the date of compliance on the subpoena is next Monday, November 21**, and the deposition is set to be held in Los Angeles, Relator also moves for expedited consideration of this motion. Relator requests that the Court order Defendants to file any response **by close of business tomorrow, November 16, 2022**.

1

## LEGAL STANDARD

Protective orders are governed by Rule 26(c) of the Federal Rules of Civil Procedure, which provides that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." The question of whether notice is reasonable for purposes of Rule 30(b)(1) goes hand in hand with the stated reason for the exigency necessitating short notice. *Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *1 (W.D. Tex. Sept. 27, 2018). "Thus, what constitutes reasonable notice often turns on the particular circumstances of the case." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-cv-00787(FLW)(LHG), 2017 WL 9481235, at *2 (D.N.J. Nov. 1, 2017) (citing 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2111 (3d ed., April 2017 Update) ("Obviously no fixed rule can be laid down because much will depend on the circumstances of the particular case.")).

## ARGUMENT

A court has broad discretion to issue a protective order on a showing of good cause. Fed. R. Civ. P. 26(c). In this case, there is good cause for the Court to issue a protective order.

First, the notice to CMP is inadequate. Until now, Defendants have not sought any discovery from CMP in this case. There is no reason and no excuse to now serve a subpoena at the end of the discovery period, giving CMP only four business days'

2

notice, and to schedule the deposition for a day when the Plaintiffs are already deposing a critical witness, Mr. Lambrecht, in Austin. Rule 30(b)(1) requires that a party who wants to depose another person "must give reasonable written notice to every other party." Rule 30(b)(1) does not explain what constitutes "reasonable written notice," but courts within the Fifth Circuit generally require notice of at least 10 calendar days:

> While Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least ten days is normally required. *See, e.g., Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497-JJB-SCR, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (notices "served on February 8 for depositions to be taken on February 11–15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-00593, 2008 WL 449972, at *2 (E.D. La. Feb 14, 2008) (the court previously held that four business days is not "reasonable written notice" (citing Auto Club Family Ins. v. Provosty, No. 05-6482, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006))); Cleveland v. Coldwell Banker Real Estate Corp., No. 4:05CV10-M-A, 2008 WL 141195, at *1 (N.D. Miss. Jan 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."); *see also Reedy v. CITGO Petroleum Corp.*, No. CV H-10-2971, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (15-day notice of the depositions at issue was sufficient).

*Duhaly v. Cincinnati Ins. Co.*, No. H-18-4158, 2019 WL 3202307 at *2 (S.D. Tex. July 16, 2019). While PPFA's counsel asked Relator's counsel on November 3, 2022 if they could accept service of the subpoena, CMP has not yet been served and thus lacks the required notice. Texas federal courts have held that four business days—the notice given here—is insufficient notice. *See Sanchez*, 2018 WL 7350677 at *2. While "[t]he question of whether notice is reasonable for purposes of Rule 30(b)(1) goes hand in hand with the stated reason for the exigency necessitating short notice," the close of discovery is not sufficient reason for a four-business-day notice here because as

3

explained below, Defendants have always known of their purported grounds to now seek discovery from CMP. *See id*.

Second, there is no need for the deposition. The subpoena appears to request information that may be obtained from another source: the Relator. Fed R. Civ. P. 26(b)(2)(C)(i). CMP is unrelated to this case except for the fact that the fetal-tissue investigation and publication of videos Relator participated in was done as a project funded by CMP. As Relator directly participated in the investigation, Defendants may question Relator about non-privileged information about the investigation during Relator's scheduled deposition on December 2, 2022. The questions regarding CMP's corporate structure, Board communications, and claims involved in the California litigation between CMP and Defendants, for example, are irrelevant to this case, which Relator brought as an individual. *See* Ex. 1. This information is thus outside the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

Moreover, even if these matters had any relevance here, PPFA cannot claim that they had no previous notice of that, as PPFA has been involved in extensive litigation with CMP (where presumably all these topics were covered *ad nauseum*) for six years. There is therefore no reason PPFA could not have sought this information earlier in discovery or through different means. And PPFA is attempting to force compliance with this subpoena on November 21, the same day Plaintiffs will be deposing a critical witness in this case, Defendant PPGT's CEO, Ken Lambrecht, which limits the ability of Plaintiffs' counsel to attend the CMP deposition.

Because there is no need for this deposition, and Defendants already had ample opportunity to obtain the requested information through discovery, *see* Fed. R. Civ. P. 26(b)(2)(C)(ii), the subpoena's apparent purpose is to harass and annoy CMP, *see* Fed. R. Civ. P. 26(c), and force Relator's counsel to waste time filing this motion while preparing for numerous depositions of Defendants' employees. Notably, Defendants said nothing about deposing *any* witnesses until weeks after Plaintiffs noticed a number of depositions. And PPFA said nothing about wanting to depose CMP until after the Fifth Circuit rejected their mandamus petition and motion for stay. PPFA's counsel asked Relator's counsel on November 3, 2022 if they would accept service of a subpoena for CMP, and Relator's counsel stated that they do not represent CMP in this litigation and thus could not accept service. PPFA then waited two weeks to actually attempt service of the subpoena. There is no explanation for this delay, other than to try to prevent Relator's counsel from timely filing a motion for protective order under the Amended Scheduling Order, which Relator's counsel warned Defendants' counsel they would do if the subpoena is served. *See* Dkt. 192 at 5; Ex. 1. The logical corollary of the five-business-day deadline for motions for protective order before a deposition is that a subpoena or notice must be served before that so that a party has the opportunity to move for protection, and PPFA has failed to do that here.

## CONCLUSION

For the reasons stated above, Relator respectfully requests that the Court grant the Motion and issue an order protecting CMP from compliance and ordering

Defendants' counsel to withdraw the subpoena. Relator also requests that the Court grant Relator's motion to consider this on an expedited basis and to order Defendants to respond to this motion by close of business on November 16, 2022.

                              Respectfully submitted.

                              <u>/s/ Heather Gebelin Hacker</u>
                              Heather Gebelin Hacker
                              Texas Bar No. 24103325
                              Andrew B. Stephens
                              Texas Bar No. 24079396
                              HACKER STEPHENS LLP
                              108 Wild Basin Road South, Suite 250
                              Austin, Texas 78746
                              (512) 399-3022
                              heather@hackerstephens.com
                              andrew@hackerstephens.com

                              **Attorneys for Relator**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 3, 2022, Relator's counsel offered to meet and confer with Defendants' counsel regarding the relief requested in this motion. Defendants' counsel never responded.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker