IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>    Plaintiffs,<br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br><br><br><br>Date:   November 15, 2022 |

## REPLY IN SUPPORT OF PLANNED PARENTHOOD GULF COAST INC.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH RELATOR'S NOTICE OF DEPOSITION OF MELANEY LINTON

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") files this reply in support of its Motion for a Protective Order and to Quash Relator's Notice of the Deposition of Melaney Linton.

## INTRODUCTION

In opposition to PPGC's motion, Relator—with no support whatsoever—accuses PPGC of "gamesmanship" and claims Ms. Linton's testimony will "likely be damaging to the defense." Dkt. 286 at 9, 10. This is pure speculation and has no basis in fact. Relator's assertions are particularly implausible given that PPGC's supposed attempt to delay the deposition is actually a request for it to be moved by six days: from the Tuesday before Thanksgiving (November 22,

1

2022) to the Monday after Thanksgiving (November 28).  Relator does not explain what strategic advantage such a minor scheduling change would confer.

PPGC's motion is not based on gamesmanship or on a belief that Ms. Linton's testimony will be harmful.  Rather, PPGC has engaged in good faith with Relator to schedule all the depositions in this case.  In fact, PPGC even agreed to present PPGC's revenue cycle manager for deposition on Relator's desired date of November 16 even though that date is inconvenient for PPGC and its counsel.  *See* Ex. 5.  Relator's opposition sets forth the deposition schedule, with 24 other depositions in the next four weeks.  *Id.* at 5–6.  PPGC has offered six different dates for the deposition to accommodate the already packed deposition schedule, counsel's schedules, and Ms. Linton's busy schedule.  It was only when Relator refused to accommodate Ms. Linton's schedule and threatened to seek sanctions that PPGC filed the instant motion.

## ARGUMENT

PPGC has established good cause for the Court to issue a protective order under Federal Rule of Civil Procedure 26(c)(1)(B) "with a specific demonstration of fact," *Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010).  As explained in its motion, Ms. Linton is unavailable on November 22.  She will be traveling outside of the continental United States from now until November 20, visiting her elderly parents for Thanksgiving from November 22 to 24, and traveling to Washington, DC and New York for business from November 25 to December 7.  Relator states that her "choice to take a lengthy vacation . . . during the last few weeks of the discovery period should not be an excuse." Dkt. 286 at 2.  Ms. Linton did not schedule her vacation with the discovery schedule in this case in mind.  In fact, her vacation has been planned since 2021, before PPGC learned that this case even existed.

This Court should reject out of hand Relator's unsupported speculation that PPGC is engaging in "gamesmanship" and that it is trying to delay a damaging deposition, Dkt. 286 at 9, 10.  Relator has absolutely no basis for these statements, and PPGC has offered more than ample factual support to demonstrate that Ms. Linton is not available on November 22 and that PPGC has made good faith efforts to find a different time for her deposition.  As set forth in detail in PPGC's motion, PPGC has offered six different dates for Ms. Linton's deposition: November 28 in New York or Washington, DC; December 5 in New York or remote; December 8, 9, 10, or 16 in Houston.

Relator originally noticed Ms. Linton's deposition for November 28 in Houston.  PPGC initially told Relator that she was not available on that date because she would be away from Houston on business.  Relator has since scheduled a deposition in Washington, DC on that day.  In PPGC's final attempt to find a mutually agreeable date that would not require PPGC to file a protective order, PPGC proposed that Relator depose Ms. Linton in Washington, DC on November 28 even though that would require Ms. Linton to rearrange her schedule over November 26-28.  Relator now asserts that it would be "impossible" to depose Ms. Linton on that date because "additional depositions were scheduled that week." Dkt. 286 at 7.  As the Court can see from the deposition schedule, there is only one other deposition currently scheduled for November 28.  There are *seven* dates on the calendar on which there is more than one deposition:  November 16, 22, and 30, and December 6, 7, 8, and 9.  In fact, there are already two depositions other than Ms. Linton's scheduled for November 22, whereas there is only one other deposition scheduled for November 28.  Far from being impossible, deposing Ms. Linton on November 28 would cause *less* conflict with other scheduled depositions than deposing her on November 22.

3

Relator makes much of PPGC's purported "delay" in producing documents. Dkt. 286 at 5. PPGC and the other Affiliate Defendants have diligently worked to produce hundreds of thousands of documents in response to Plaintiffs' requests for production in compliance with the Court's discovery orders. The expedited schedule in this matter made it impossible to complete document productions before depositions began. Indeed, neither of the Plaintiffs have completed their document productions and Texas just served its Third Requests for Production on October 31. PPGC has not intentionally delayed any document productions for any reason, much less done so in order to delay Ms. Linton's deposition.

"The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002). In this case, the balance is clear: the burdens that being deposed would impose on Ms. Linton far outweigh any interest Relator has in deposing her on November 22 instead of on November 28 (or one of PPGC's other proposed dates the following week). Notably, other than baldly asserting that PPGC is engaging in gamesmanship, Relator does not argue that rescheduling the deposition will interfere with discovery or with preparation for trial or dispositive motions. In contrast, requiring Ms. Linton to appear on November 22 would require her either to cut short her preplanned vacation, change her flight, and forfeit prepaid hotel costs to prepare or to sit for the deposition jetlagged and unprepared, all on very short notice. It would also force her to delay her Thanksgiving travel plans to see her elderly parents. PPGC has established good cause to allow Ms. Linton's deposition to be held on one of PPGC's proposed dates.

## CONCLUSION

For the foregoing reasons, Defendant Planned Parenthood Gulf Coast, Inc., requests that this Court grant its Motion for a Protective Order and to Quash Relator's Notice of the Deposition of Melaney Linton [Dkt. 268].

    s/ *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967

brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Gulf Coast, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                        /s/ *Tirzah S. Lollar*