# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, Relator §<br>§<br>§<br>THE STATE OF TEXAS, §<br>*ex rel.* ALEX DOE, Relator §<br>§<br>§<br>§<br>THE STATE OF LOUISIANA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>      Plaintiffs, §<br>§<br>v. §<br>§<br>PLANNED PARENTHOOD FEDERATION §<br>OF AMERICA, INC., §<br>PLANNED PARENTHOOD GULF COAST, §<br>INC., §<br>PLANNED PARENTHOOD OF GREATER §<br>TEXAS, INC., §<br>PLANNED PARENTHOOD SOUTH TEXAS, §<br>INC., §<br>PLANNED PARENTHOOD CAMERON §<br>COUNTY, INC., §<br>PLANNED PARENTHOOD SAN ANTONIO, §<br>INC., §<br>§<br>      Defendants. §<br>§<br>§ | No. 2:21-cv-022-Z<br><br>Date:    November 15, 2022 |

**<u>AFFILIATE DEFENDANTS' MOTION TO QUASH THE PPST/PPSA/PPCC 30(B)(6) DEPOSITION NOTICE AND DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE A MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS' NOTICES OF 30(B)(6) DEPOSITION TOPICS AND FOR EXPEDITED BRIEFING</u>**

1

Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), Planned Parenthood San Antonio, Inc. ("PPSA") (collectively, "Affiliate Defendants") respectfully request the Court vacate the November 17 PPST/PPSA/PPCC 30(b)(6) deposition setting. The Affiliate Defendants and Planned Parenthood Federation of America, Inc. ("PPFA") (all collectively, "Defendants") further respectfully request that the Court grant leave to file their request for a Protective Order as to Plaintiffs' Notices of 30(b)(6) Deposition Topics.

## BACKGROUND

On October 6, 2022, Plaintiffs served Defendants with six Rule 30(b)(6) deposition notices (one for each Defendant). *See* Fed. R. Civ. P. 30(b)(6). The Rule 30(b)(6) depositions have been scheduled and the first (of PPST, PPCC, and PPSA) is scheduled for November 17, 2022, with a spill over day to November 18, 2022, if needed.

Defendants met and conferred in good faith about the topics in Plaintiffs' Rule 30(b)(6) deposition notices, and the parties have come to some agreements about some of the fifty-eight topics in each notice. For example, the parties had a lengthy meet-and-confer conference on October 18, in which they discussed each of Plaintiffs' noticed topics. Defendants followed up with a detailed November 2 letter and Excel spreadsheet (the "Letter") that (i) memorialized Defendants' understanding of the scope of the 30(b)(6) topics following the October 18 meet and confer, and (ii) described Defendants' positions as to the documents and information that each witness will be prepared to address. *See* Ex. 1. Having heard nothing further from Plaintiffs, over the two weeks that followed, Defendants invested substantial time in preparing their witnesses consistent with the positions set out in the Letter.

Plaintiffs responded for the first time today, November 15, i.e., nearly two weeks after receiving the Letter and less than two days prior to the PPST/PPSA/PPCC 30(b)(6) deposition. *See* Ex. 2. Relator's two-sentence objection asserted only a blanket position that Relator does "not agree with the objections or limitations described" in the Letter, and a unilateral declaration that Relator "expects Defendants to present witnesses who are prepared to testify regarding the topics as noticed." *Id.* Relator neither identified specific concerns with the scope of topics detailed in the Letter, nor proposed alternative compromises. The parties are at an impasse and require this Court's intervention to resolve this discovery dispute.

## REQUEST FOR RELIEF

Under the Amended Scheduling Order, motions to quash or for a protective order regarding a deposition must be filed at least five days before the deposition, "unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date." Dkt. 123 at 5. Five business days before the first Rule 30(b)(6) deposition scheduled for November 17 was November 10, but on that date, Defendants believed that the parties were in agreement regarding the Rule 30(b)(6) notices because they had not received any response to their November 2 letter from Plaintiffs. Within hours of receiving notice of Plaintiffs' late-breaking objection, Defendants now move to quash the November 17, 2022 PPST/PPSA/PPCC 30(b)(6) deposition setting and to seek leave to file motion for protective order regarding the PPST/PPSA/PPCC deposition and the other 30(b)(6) depositions scheduled to occur over the ensuing weeks. Accordingly, extraordinary or extenuating circumstances existed to prevent the requested relief from being presented at an earlier date.

3

Plaintiffs' delayed response to the Letter—and failure to engage at all on the merits of the parties' dispute—is a transparent attempt to preclude any meaningful discussion about the deposition topics and to force the Affiliate Defendants to proceed on November 16 without meaningful opportunity to seek relief from the Court. Plaintiffs' position is squarely at odds with the Federal Rules' requirement that parties meet to clarify the topics for corporate-representative depositions so that the responding party can adequately prepare its designated representatives. *See* Fed. R. Civ. P. 30 Advisory Committee Notes, 2020 Amendment (addressing concerns about "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses"). It also undermines well-placed concerns about efficient use of court and party resources.

Defendants respectfully ask the Court to: (1) grant the Affiliate Defendants' motion to quash the PPST/PPSA/PPCC deposition notice and vacate the current November 17 deposition setting pending resolution of the parties' dispute related to the scope of the 30(b)(6) deposition topics; (2) order expedited briefing on this emergency motion to quash the deposition notice, such that Plaintiffs must file their response on November 16, given the timing of the PPST/PPSA/PPCC deposition setting; (3) grant Defendants leave to file a motion for protection related to the scope of the 30(b)(6) deposition topics at all scheduled depositions; and (4) grant expedited briefing on the motion for protection. Defendants could be prepared to file a motion on Friday, November 18 by 12:00 noon and would recommend that Plaintiffs file their response on Monday, November 21, and Defendants file their reply on Wednesday, November 23. This schedule would allow for judicial resolution before the next-scheduled 30(b)(6) deposition (currently scheduled for November 28). It also provides Plaintiffs with substantially more time than Defendants are

afforded to respond to the protective-order motion that Relator's counsel filed today and to which Defendants were ordered to respond the next day (tomorrow, November 16).  *See* DE 290.

| | |
|---|---|
| Dated:  November 15, 2022 | Respectfully submitted,<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br><br>By:   */s/ Tirzah S. Lollar*<br>Craig D. Margolis<br>Craig.Margolis@arnoldporter.com<br>Tirzah S. Lollar<br>Tirzah.Lollar@arnoldporter.com<br>Christian Sheehan<br>Christian.Sheehan@arnoldporter.com<br>Emily Reeder-Ricchetti<br>Emily.Reeder-Ricchetti@arnoldporter.com<br>Megan Pieper<br>Megan.Pieper@arnoldporter.com<br>Alyssa Gerstner<br>Alyssa.Gerstner@arnoldporter.com<br>601 Massachusetts Ave, NW<br>Washington, DC 20001-3743<br>Telephone: +1 202.942.5000<br>Fax: +1 202.942.5999<br><br>Christopher M. Odell<br>Texas State Bar No. 24037205<br>Christopher.Odell@arnoldporter.com<br>700 Louisiana Street, Suite 4000<br>Houston, TX 77002-2755<br>Telephone: +1 713.576.2400<br>Fax: +1 713.576.2499<br><br>Paula Ramer<br>250 West 55th Street<br>New York, New York 10019-9710<br>T: +1 212.836.8474<br>Paula.Ramer@arnoldporter.com<br><br>Ryan Patrick Brown<br>Texas State Bar No. 24073967<br>brown@blackburnbrownlaw.com<br>1222 S. Filmore<br>Amarillo, TX 79101<br>Tel: (806) 371-8333 |

Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

/s/  *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF CONFERENCE**

On November 15, 2022, Defendants' counsel conferred in good faith with Plaintiffs' counsel via email regarding the relief requested in this motion. Counsel for Relator indicated that Relator is opposed to the relief sought.

*/s/ Tirzah S. Lollar*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2022, I served via CM/ECF this motion on all counsel of record.

*/s/ Tirzah S. Lollar*