IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**OPPOSITION TO MOTION TO QUASH THE PPST/PPSA/PPCC 30(B)(6) DEPOSITION NOTICE AND DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE A MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS' NOTICES OF 30(B)(6) DEPOSITION TOPICS AND FOR EXPEDITED BRIEFING**

## INTRODUCTION AND BACKGROUND

Plaintiffs served Rule 30(b)(6) deposition notices on Defendants PPFA and the PPFA Affiliates on October 6, 2022. The notices set the deposition of Defendants PPST, PPSA and PPCC for November 1, 7, and 8, 2022. Ex. 1. On October 17, the parties met and conferred for over two hours regarding the notices and the topics described therein as required by Federal Rule 30(b)(6). Defendants' counsel objected and attempted to improperly limit the scope of the topics described in the 30(b)(6) deposition notices. On October 19, 2022, counsel for PPST, PPSA, and PPCC proposed November 16-18 for the depositions. On October 20, Relator's counsel confirmed November 17. On October 24, counsel for PPST, PPSA, and PPCC proposed November 17 for the deposition with November 18 as a spillover date as needed. The next day, Plaintiffs served an amended notice reflecting those dates. Ex. 2. Nothing in the notice changed other than the date and location of the depositions.

On November 2, 2022, Defendants sent a letter and a 54-page spreadsheet outlining objections and limitations to almost every topic in the notices for every Defendant. Defs. Ex. 1. These objections included attempts to limit the scope of the depositions, including in ways that have been rejected by the Court in ruling on motions to compel. Defendants did not inquire again about whether their objections and proposed limitations were acceptable, nor did Defendants file a motion for protective order to limit the scope of the noticed topics. On November 15, 2022, as counsel prepared for PPST, PPCC, and PPSA's deposition, Relator's counsel realized that no further discussion had taken place and no motions had been filed to limit the

1

scope of the notices. Thus, Relator reiterated Relator's position to Defendants that the scope of the topics was proper and that (other than the date limitations agreed to in the parties' lengthy meet-and-confer, *see* Defs. Ex. 1), Relator expected that Defendants' 30(b)(6) designees would be prepared to testify on the topics in the valid notices. Defs. Ex. 2. This motion followed.

## ARGUMENT

This motion should be summarily denied because Defendants did not file a motion for protective order as to PPST, PPSA, and PPCC's depositions within the deadline required by paragraph 6B of the Court's Second Amended Scheduling Order, which provides:

> B. *Motion to Quash or Protective Order Relating to Deposition*
> Any motion to quash or for protective order relating to a deposition that is filed less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

*See* Dkt. 192 at 5. Because the topics in the 30(b)(6) notice fall within the proper scope of discovery under Federal Rule of Civil Procedure 26(b)(1), Plaintiffs may seek this information "[u]nless otherwise limited by court order." Further, PPST, PPSA, and PPCC are obligated to appear for their depositions unless an order of the Court excuses them. "The mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance. *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (citing *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) (per curiam)). Thus, as PPST, PPCC, and PPSA are obligated to appear and testify

2

per their valid notices, it is Defendants' responsibility to seek agreement, and if none is forthcoming, an order of the Court, to limit the scope of testimony from that delineated in the deposition notice.

Because a pending motion for protective order may protect a party from sanctions for non-compliance, including failing to properly appear for a 30(b)(6) deposition, *see* Fed. R. Civ. P. 37(d)(2), that is why the Scheduling Order specifies that such motions must be filed at least five business days before the scheduled deposition. Otherwise, parties could unilaterally delay or avoid duly noticed depositions just by filing a motion for protective order on the eve of the deposition because the Court will not have time to resolve it. Thus, it is an important responsibility of the party seeking to limit discovery to timely seek that relief from the Court. Defendants cannot foist this responsibility onto Plaintiffs. There are no "extraordinary or extenuating circumstances" that prevented Defendants from seeking this relief from the Court in accordance with the Second Amended Scheduling Order. Defendants could have inquired with Plaintiffs again as to their objections if no response was received, especially given the flurry of activity in this case during the last two weeks, and if no response was forthcoming, Defendants should have sought relief from the Court. Defendants did not timely seek that relief, so their motion should be summarily denied per the Second Amended Scheduling Order.

With respect to the other relief requested in Defendants' motion, the 30(b)(6) deposition of PPST, PPCC, and PPSA should go forward as noticed as the time has expired to move for a protective order as to that deposition, as explained above. *See*

Dkt. 192 at 5. The next 30(b)(6) deposition—PPFA's—is scheduled for November 28-29, 2022. If Defendants file a motion for protective order on November 18 to limit the scope of that deposition, that would be less than five business days before PPFA's 30(b)(6) depositions because of the federal holidays on November 24 and 25, which does not comply with the Second Amended Scheduling Order. Because Defendants have not met their burden to show "extraordinary or extenuating circumstances" as required by the Second Amended Scheduling Order to file a tardy motion, Defendants' request for leave to file a late motion on November 18 as to PPFA's deposition should be denied. PPGC's deposition is scheduled for December 1, and PPGT's is scheduled for December 6, so if Defendants file their motion on November 18, that would comply with the Scheduling Order and Defendants do not need to seek leave to file a motion as to PPGC and PPGT. The briefing schedule proposed by Defendants for the PPGC and PPGT motion is acceptable and Relator will file a response by November 21. Relator does not oppose Defendants' request for expedited consideration of this motion.

## CONCLUSION

The Court should summarily deny Defendants' Motion to Quash and Motion for Protective Order as to the 30(b)(6) depositions of PPST, PPSA and PPCC which are scheduled for November 17 and 18, 2022. The Court should deny leave to file a motion for protective order less than five business days before the remaining 30(b)(6) depositions.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, the foregoing document was filed and served via CM/ECF.

/s/ Heather Gebelin Hacker<br>
Heather Gebelin Hacker