IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § | |

### ORDER

Before the Court is Planned Parenthood Gulf Coast Inc's ("PPGC") Motion for Protective Order and to Quash Relator's Notice of Deposition of Melaney Linton ("Motion") (ECF No. 268), filed on November 10, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

#### BACKGROUND

Melaney Linton is PPGC's Chief Executive Officer, *ex officio* board member for Defendant Planned Parenthood Federation of America ("PPFA"), member of the PPFA Federation Governance Committee, and board member for Affiliates Risk Management Services. ECF No. 268 at 1. Throughout October, PPGC and Relator have worked to find a mutually agreeable date for Ms. Linton's deposition. *Id.* On October 25, Relator's counsel sent notice to Ms. Linton that her deposition is scheduled for November 22, 2022. ECF No. 286 at 6. But Ms. Linton is unavailable on that day. PPGC therefore seeks to allow Ms. Linton's deposition to be held on one of PPGC's proposed dates.

LEGAL STANDARD

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

ANALYSIS

Because PPGC moved the Court to file portions of its Motion under seal, the Court will not go into specifics as to why Ms. Linton is unavailable on November 22. *See* ECF No. 269. It will suffice to say here the Court does not wish to disturb Ms. Linton's schedule. The Court understands Relator's desire to depose Ms. Linton by November 30, the deadline for discovery. *See* ECF No. 192. However, depositions are currently scheduled through December 9. *See* ECF No. 286 at 7. Thus, the Court cannot agree that deposing Ms. Linton during the discovery period is "critical." *Id.* at 10.

PPGC offers six alternative dates for the deposition: November 28 and December 5, 8, 9, 10, or 16. ECF No. 268 at 2. Relator claims November 28 is unavailable because there are five other depositions scheduled for that week. ECF No. 286 at 2. December 5 "would necessitate multiple lawyers traveling to New York just for that deposition, even though Ms. Linton is a party witness and lives in Houston." *Id.* at 5. December 8 is the date of the deposition of PPFA employee Tamara Kramer in Chicago. *Id.* Relator's counsel is unavailable on December 9 for unstated reasons. *Id.* And Relator objects to the December 16 date because it is less than two weeks before the summary judgment deadline. *Id.*

However, Relator has provided no reason why December 10 is an unworkable date. This date would come only a day after other depositions are already scheduled to take place. *See id.*

at 7. And the date falls more than two weeks before the December 27 deadline for dispositive motions. ECF No. 192. Therefore, the Court finds December 10 to be a reasonable compromise that is fair to all parties. Accordingly — unless parties can agree on another date — the Court hereby **ORDERS** Ms. Linton to make herself available for her deposition on December 10, 2022.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** PPGC's Motion.

**SO ORDERED.**

November 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE