IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Affiliate Defendants' Motion to Quash the PPST/PPSA/PPGC 30(B)(6)

Deposition Notice and Defendants' Joint Motion for Leave to File a Motion for Protective Order

as to Plaintiff's Notices of 30(B)(6) Deposition Topics and for Expedited Briefing ("Motion")

(ECF No. 291), filed on November 15, 2022. Having considered the Motion, briefing, and relevant

law, the Court **DENIES** the Motion.

### BACKGROUND

On October 6, 2022, Plaintiffs served Defendants with six deposition notices under Federal

Rule of Civil Procedure 30(b)(6). ECF No. 291 at 2. On November 2, Defendants responded with

a letter and spreadsheet that memorialized Defendants' understanding of the scope of the

Rule 30(b)(6) topics and described Defendants' objections or limitations to the documents and

information that each witness will address. *Id.* On November 15, Relator responded that Relator

does "not agree with the objections or limitations described" in the letter and "expects Defendants

to present witnesses who are prepared to testify regarding the topics as noticed." *Id.* at 3.

Defendants now move the Court to: (1) grant Affiliate Defendants' motion to quash the

PPST/PPSA/PPCC deposition notice and vacate the current November 17 deposition; (2) order

expedited briefing on the Motion to quash the deposition notice; (3) grant Defendants leave to file

a motion for protection related to the scope of the Rule 30(b)(6) deposition topics at all scheduled

depositions; and (4) grant expedited briefing on the motion for protection. *Id.* at 4.

LEGAL STANDARD

"A party who wants to depose a person by oral questions must give reasonable written

notice to every other party." FED. R. CIV. P. 30(b)(1). "The court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense . . . ." FED. R. CIV. P. 26(c)(1).

ANALYSIS

A. **Affiliate Defendants'** *Untimely* **Motion to Quash the PPST/PPSA/PPGC Deposition Notice and Vacate the November 17 Deposition**

Under the Second Amended Scheduling Order, "[a]ny motion to quash or for protective

order relating to a deposition that is filed less than five business days before the scheduled or

noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants

leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances

that prevented the requested relief from being presented to the Court at an earlier date." ECF No.

192 at 5. As Defendants admit, five business days before the first Rule 30(b)(6) deposition

scheduled for November 17 was November 10. ECF No. 291. But Defendants did not file the

Motion until November 15.

Defendants insist "extraordinary or extenuating circumstances existed to prevent the

requested relief from being presented at an earlier date" because Plaintiffs did not respond to the

November 2 letter until November 15. *Id.* at 3. The Court disagrees: these are not extraordinary or

extenuating circumstances. Defendants had from November 2 until November 10 to communicate

with Plaintiffs and should have been prepared to file the instant Motion on that date. The Court

2

will not vacate a deposition scheduled for tomorrow because Defendants failed to do so. Consequently, there is no need to order expedited briefing on this issue.

### B. Defendants' Proposed Motion for Protective Order on November 18 to Limit the Scope of the November 28 Deposition Would Violate the Second Amended Scheduling Order

The next scheduled Rule 30(b)(6) deposition is November 28. *Id.* at 4. Defendants state they could be prepared to file a motion for protection by November 18 and propose expedited briefing that would be completed by November 23. *Id.* But because of the federal holidays on November 24 and 25, the motion would come less than five business days before the deposition. And in any case, the Court anticipates that would likely be unprepared to rule on the motion until November 28 at the earliest — the day of the deposition. Thus, any ruling would either come too late to grant Defendants the relief they seek or would prejudice Plaintiffs. Defendants may file a motion for protection for their later scheduled depositions in December without leave from the Court, so long as Defendants comply with the Second Amended Scheduling Order.

### C. Plaintiffs' Deposition Notices Are Described with "Reasonable Particularity"

Rule 30(b)(6) provides, in relevant part, that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe *with reasonable particularity* the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

(emphasis added).

"In other words, plaintiffs must provide defendants with enough information so that they are on notice of the areas of inquiry plaintiffs will explore in the deposition." *Pipeline Prods., Inc. v. Madison Cos., LLC*, No. CV 15-4890-KHV, 2019 WL 1940282, at *4 (D. Kan. May 1, 2019).

3

The party responding to a Rule 30(b)(6) notice is expected to interpret the request reasonably. *See* ABA Civil Discovery Standards § 19(d). And the serving party "should not be held to a more rigorous standard than that contemplated by Rule 30(b)(6)." *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 505 (D.S.D. 2009). "Rule 30(b)(6) does not limit what can be asked at deposition." *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom. King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000), and *aff'd sub nom. King v. Pratt & Whitney*, 213 F.3d 647 (11th Cir. 2000). "However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Id.*

Here, Defendants make various objections to phrases like "training requirements," "including but not limited to," "related entity" or "related entities," "financial support," "business operations," "relationships," "agreements," and "role in litigation." *See generally* ECF No. 291-1. The Court does not agree the notices are not described with reasonable particularity simply because there is some inherent ambiguity in these phrases. If Defendants have objections to questions outside the scope of the Rule 30(b)(6) designation, "counsel shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability." *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000). "Counsel may note on the record that answers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party." *Id.*

However, the Court makes this ruling without prejudice. The Court will allow Defendants to re-urge their objections if they file a motion for protective order for the depositions scheduled in December.

4

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED**.

November 16, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE