IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § | |

**ORDER**

On October 14, 2022, Relator filed its Motion to Compel Production and Appointment of Forensic Examiner to Conduct a Review and Examination of Defendants' Computer Systems and Electronic Data, and for Expedited Consideration ("Motion") (ECF No. 220). The Court deferred ruling on the Motion and instead ordered Defendants to show cause. *See* ECF No. 263. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion. However, the Court deems that supplemental discovery may be necessary.

The Court rests its ruling on PPFA's express willingness to conduct supplemental searches of additional custodians. *See* ECF No. 279 at 20. PPFA also "remains willing to conduct additional searches if Relator's counsel identifies additional documents that PPFA may have inadvertently omitted . . . ." *Id.* at 27. Likewise, Affiliate Defendants have committed to continue making rolling productions, including a production this week that will include over 100,000 documents. ECF No. 277 at 14–16.

The Court **ORDERS** parties to meet and confer in good faith regarding any pending or future discovery issues. The Court also reminds parties of the numerous discovery orders that have already been issued and clarified. To the extent Relator alleges any deficiencies in Defendants'

forthcoming productions and files any subsequent motions to compel, the Court expects Relator to provide proof that Relator's concerns have first been brought to Defendants' attention. Additionally, if Relator further identifies any other custodians that may possess responsive documents or ESI, Relator must articulate a basis for the Court to find that ESI in the possession of the additional custodians would be different from — and not simply duplicative of — information that Defendants have already produced. *See, e.g., Enslin v. Coca-Cola Co.*, No. 2:14-CV-06476, 2016 WL 7042206, at *2 (E.D. Pa. June 8, 2016).

**SO ORDERED.**

November 17, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE