```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
    NOV 18 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| Plaintiffs, | § § § | |
| v. | § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Relator's Emergency Motion for Protective Order and for Expedited Consideration ("Motion") (ECF No. 288), filed on November 15, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

### BACKGROUND

On October 31, 2022, PPFA's counsel informed Relator's counsel during a telephonic meet and confer of PPFA's intent to subpoena the Center for Medical Progress ("CMP"). ECF No. 296 at 2. Defendants gave notice of their intent to serve subpoenas on November 3. ECF No. 288-1. PPFA unsuccessfully attempted service on CMP's registered agent on November 7, and four additional times before effectuating service on November 16. ECF No. 296 at 3. The subpoena commands a representative for CMP to appear for a deposition in Los Angeles, California, on November 21. ECF No. 288 at 2. Relator moved for a protective order, arguing: (1) the notice to CMP is inadequate; (2) the information sought is either irrelevant or duplicative; and (3) Defendants had ample opportunity to obtain the information by discovery. *Id.* at 3–6. The Court granted Relator's request for expedited briefing. *See* ECF No. 290.

LEGAL STANDARD

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

ANALYSIS

A. Federal Rule of Civil Procedure 45 is Inapplicable

Defendants rely heavily on the notion that the Court lacks jurisdiction under Federal Rule of Civil Procedure 45 to quash or modify the subpoena. *See* ECF No. 296 at 3–6. Rule 45(d)(3)(A) provides that "the court for the district where compliance is required" must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The court or district "where compliance is required" is determined by the location or "place" for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii). *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017).

Here, the subpoena commands CMP to appear for a deposition in Los Angeles, California. *See* ECF No. 288-1 at 10. Accordingly, the Central District of California is the court where compliance is required. "When the court where compliance is required did not issue the subpoena, it may transfer a motion . . . if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). But that has not happened here. Therefore, Defendants argue this Court is not the court where compliance is required and does not have jurisdiction to quash or modify the subpoena. ECF No. 296 at 5–6. Likewise, Defendants argue

Relator lacks standing to object to the subpoena under Rule 45 because Relator is not the person to whom the subpoena is directed. *Id.* at 6–7.

However, Relator's Motion is a motion for a protective order under Rule 26 — not a motion to modify or quash a subpoena under Rule 45. When a party files a motion for a protective order, Rule 26 standing requirements apply, "regardless of whether [they have] standing to bring a motion to quash under Rule 45." *Lyman v. Greyhound Lines, Inc.*, No. 2:20-CV-01812-DCN, 2021 WL 3811298, at *4 (D.S.C. Aug. 26, 2021) (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (collecting cases)). Rule 26(c) provides that "a party or any person" may move for a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." And even if Relator had challenged the subpoena under Rule 45, the Court may "construe a motion to quash a subpoena as a motion for a protective order under Rule26(c)." *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, No. 2:15-CV-645-FTM-99CM, 2016 WL 6568014, at *5 (M.D. Fla. Nov. 4, 2016). Therefore, the Court has jurisdiction to enter a protective order under Rule 26.

### B. The Information Defendants Seek Can Be Obtained from Relator

A court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing FED. R. CIV. P. 26(b)(2)(C)(i)). Under this principle, courts routinely deny motions to compel discovery and quash subpoenas directed to non-parties where the discovery sought is obtainable from a party to the litigation. *See Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408–09 (E.D. Mich. 2019) (collecting cases).

Here, CMP is a non-party, and the subpoena requests information that may be obtained from Relator — who is the President of CMP. For example, the subpoena seeks information and documents about Relator's role and responsibilities at CMP, communications between Relator and CMP's Board, and how CMP received funding to support Relator's investigation. ECF No. 296 at 9. Thus, Relator concedes that Defendants may question Relator about non-privileged information related to the investigation during Relator's scheduled deposition on December 2, 2022. ECF No. 288 at 5. Defendants offer no argument as to why the information they seek is not obtainable from Relator. Therefore, Defendants must "seek discovery from its party opponent before burdening the non-party" CMP. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993).

To the extent Relator maintains its relevancy objections, Relator must first meet and confer with Defendants as to the scope of information sought by the subpoena — as Defendants state they are willing to do. ECF No. 296 at 9. But the Court reminds parties that although relevancy at the discovery stage is broadly construed, evidence offered solely for impeachment purposes is not discoverable. *See* ECF No. 166 at 6.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion.

**SO ORDERED.**

November 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE