IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, <br><br>THE STATES OF TEXAS, *ex rel.* ALEX DOE, Relator, <br><br>THE STATE OF LOUISIANA, e*x rel.* ALEX DOE, Relator, <br><br>   *Plaintiffs,* <br><br>v. <br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br>   *Defendants.* | Civil Action No. 2-21-CV-022-Z |

**TEXAS'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

The State of Texas ("State") files this reply in support of its Motion to Quash and for Protective Order ("Motion").[1] For the reasons set forth in its Motion and in this Reply, the State respectfully requests this Court to enter the protective order attached to the State's Motion. The State seeks to quash the depositions of Stuart Bowen (former Inspector General for Texas Health and Human Services Commission,

---

[1] State of Texas's Motion to Quash and for Protective Order, Dkt. #275; Defendants' Response in Opposition to Texas's Motion to Quash and for Protective Order, Dkt. #301.

Office of Inspector General ("OIG")) and Dr. Ted Spears (OIG Chief Medical Officer). The only connection these two witnesses have to this case is their role in the OIG investigation of Affiliates during the 2015-2016 timeframe. Any testimony about their role in that investigation is protected from compulsory disclosure under the "Medicaid Investigative Privilege" as set forth in Texas Government Code Sections 531.102(k) and 531.1021(g).

In reply to Defendants' Opposition, the State asks the Court to grant its Motion for two reasons. First, Defendants are not entitled to the materials sought under the plain language of the statute. Second, Defendants are not entitled to the materials under their misguided theory of "waiver."

The Medicaid Investigative Privilege set forth in Texas Government Code Section 531.1021(g) is simple and straightforward. The plain language of the statute states (1) what is protected; (2) what it is protected from; and (3) the exception to this protection. That is: (1) all information and materials compiled by OIG in connection with an audit or investigation or by OAG in connection with a Medicaid fraud investigation; (2) is protected from disclosure to anyone other than OIG or OAG through means of legal compulsion; (3) except that the information may be disclosed to the state auditor's office, to law enforcement agencies, or to other entities as permitted by law. Tex. Gov't Code §§ 531.1021(g), *see also* 531.102(k). The testimony Defendants seek is information that was gathered in connection with an OIG investigation; therefore, it is not subject to production *by means of legal compulsion* to *anyone other than* OIG or OAG, except that it may be released to the state auditor's

office or to a law enforcement agency or another entity as permitted by law. Tex. Gov't Code §§ 531.102(k), 531.1021(g). Defendants are not the state auditor's office. Defendants are not a law enforcement agency. Defendants provide no law (indeed, there is no law) permitting compulsory disclosure to Defendants. There is no further caveat or exception to this statutory privilege. *Id.*

Second, the State has not "waived" the Medicaid Investigative Privilege. Defendants argue the privilege was waived when the State offensively used the materials gathered during the OIG investigation into Affiliate Defendants in a hearing on Affiliate Defendants' termination as Medicaid providers based on the findings of that investigation. Dkt. #301 at 9. This interpretation is not supported by the plain language of the statute.

As explained above, the investigative privilege protects materials gathered during an investigation from *disclosure by legal compulsion*. Tex. Gov't Code § 531.1021(g). When the OIG uses the materials gathered during an investigation in a hearing related to the investigation where the subject of that investigation was fully permitted to cross-examine the witnesses about the investigation, that is not disclosure by legal compulsion. In contrast, here, the State is *not* offering the materials offensively, yet Defendants ask this Court to order the State—literal legal compulsion—to disclose those materials in contravention of the statutory proscription against such disclosure. Tex. Gov't Code §§ 531.102(k); 531.1021(g). To be sure, when the OIG (or OAG) conducts investigations, it may use that information—disclosing it

3

as necessary—to fulfill its statutory obligations. But that does not mean that a third party may later compel the disclosure of the entire investigation in another action.

The plain facts are that Stuart Bowen and Dr. Ted Spears were not compelled to testify in the earlier hearing against Affiliate Defendants. The witnesses were called by the State offensively and were fairly and fully subjected to cross-examination. Neither Bowen nor Spears is being offered offensively in this case, and Defendants are not legally entitled to obtain their testimony about the prior investigation into Affiliate Defendants by "discovery, subpoena, or other means of legal compulsion." Tex. Gov't Code 531.1021(g); *see also* Tex. Gov't Code 531.102(k).

The Court has consistently applied the Medicaid Investigative Privilege in this case and the State asks it to continue to do so here by entering the Protective Order attached to its Motion (Dkt. #275). The State further seeks any and all relief, whether at law or in equity, to which it may be justly entitled.

Dated:  November 21, 2022

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **BRENT WEBSTER**
        First Assistant Attorney General

        **GRANT DORFMAN**
        Deputy First Assistant Attorney General

        **SHAWN E. COWLES**
        Deputy Attorney General for Civil Litigation

        */s/ Amy Snow Hilton*
        **AMY SNOW HILTON**
        Assistant Attorney General
        General Litigation Division
        Texas Bar No. 24097834

        Office of the Attorney General
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 / Fax (512) 320-0667
        Amy.Hilton@oag.texas.gov

        **ATTORNEYS FOR STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, this document was electronically filed and served via the Court's CM/ECF system.

*/s/ Amy Snow Hilton*
**AMY SNOW HILTON**
Assistant Attorney General