IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is State of Texas's Motion to Quash and for Protective Order ("Motion") (ECF No. 275), filed on November 11, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

On or about October 31, 2022, Defendants served on Texas notices of deposition of Stuart Bowen and Dr. Ted Spears under Federal Rules of Civil Procedure 26(c) and 30(d)(3). ECF No. 275 at 2. Mr. Bowen is the former Inspector General of the Texas Health and Human Services Commission-Office of the Inspector General ("OIG"). *Id.* at 3. Dr. Spears is the Chief Medical Officer for the OIG. *Id.* Texas asserts any information possessed by Mr. Bowen or Dr. Spears relating to the OIG's investigation into Affiliate Defendants preceding the OIG's decision to initiate termination proceedings is not discoverable under the Texas Medicaid Investigative Privilege. *Id.* at 4 (citing TEX. HUM. RES. CODE §§ 531.102(k), 531.1021(g)). The Court has recognized and applied the privilege in this case. *See* ECF Nos. 161 at 6–8, 262 at 6–7. Thus, Texas requests that the Court prohibit Defendants from deposing Mr. Bowen and Dr. Spears. ECF No. 275 at 7–8. Alternatively, Texas asks the Court to enter a protective order forbidding Defendants

from inquiring into "the information and materials compiled" by the OIG during its prior "audit, inspection, or investigation" of Defendants during any deposition of Mr. Bowen or Dr. Spears. *Id.* at 8.

**LEGAL STANDARD**

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

**ANALYSIS**

**A. The Medicaid Investigative Privilege Can Be Waived**

The crux of Defendants' argument is that Texas waived the privilege by voluntary disclosure. *See generally* ECF No. 301. This is because Mr. Bowen and Dr. Spears "testified at length about the OIG investigation" at an evidentiary hearing in January 2017. *Id.* at 9. Additionally, Defendants argue Texas is "impermissibly seeking to use privilege as both a sword and a shield." *Id.* at 21. Therefore, Defendants argue they "should be permitted to depose Mr. Bowen and Dr. Spears regarding any details regarding the OIG investigation of which they have knowledge." *Id.* at 25. Texas avers that while the Texas Government Code contemplates disclosure by the government of OIG investigative materials "as permitted by law," the Texas Legislature did not intend such disclosure as a waiver to permit third parties to compel *further disclosure* of privileged materials in another action. ECF No. 275 at 6 (citing TEX. HUM. RES. CODE § 531.1021(g)). In other words, Texas argues the Medicaid Investigative Privilege cannot be waived because Defendants' waiver argument "is not supported by the plain language of the statute." ECF No. 304 at 3.

"Because of the key role of the testimony of witnesses in the judicial process, courts have historically been cautious about privileges." *United States v. Nixon*, 418 U.S. 683, 710 n.18 (1974). Statutorily created privileges "are not absolute." *O'Boyle v. Jensen*, 150 F.R.D. 519, 522 (M.D. Pa. 1993). And the absence of an express waiver provision in the statute does not preclude a finding that the privilege can be impliedly waived. *See id.*; *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 512–13 (Tenn. 2010). Texas cannot prove that no waiver has occurred merely by relying on the absence of an express waiver provision in the statute. Texas cites no caselaw in support of its argument that the Medicaid Investigative Privilege or any similar privilege is absolute and cannot be waived. And Texas did not object on privilege grounds during Mr. Bowen and Dr. Spears's prior testimony.

Therefore, the Court does not adopt Texas's broad reading of the statute. Because Mr. Bowen and Dr. Spears testified about the details of OIG's investigation, Texas cannot assert a blanket privilege over that investigation. Accordingly, the Court holds that the Medicaid Investigative Privilege does not categorically prevent Mr. Bowen and Dr. Spears from being deposed.

### B. Texas May Assert the Medicaid Investigative Privilege on a Question-by-Question Basis

"Customarily, issues of privilege are resolved on a question-by-question basis, as the privilege may be justified as to some questions but not as to others." *United States v. Yerardi*, 192 F.3d 14, 21 (1st Cir. 1999) (internal marks omitted); *see also In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997); *Cooper v. Dep't of Navy*, 594 F.2d 484, 488 (5th Cir. 1979). Defendants spend significant portions of their response citing caselaw on waiver of privilege generally or more specifically in the attorney-client or work-product contexts. *See generally* ECF No. 301. Defendants dedicate only three sentences to the more precise issue of "where the party is a

government investigative entity asserting a statutory privilege." *Id.* at 21. There, Defendants rely on *Bliss v. Fisher*, 743 F. Supp. 2d 25 (D. Mass. 2010). *Id.* "In *Bliss,* Judge Harrington ruled that the OIG had waived any applicable privilege because it has already disclosed substantial information about its investigation by posting a comprehensive report on its website and because OIG investigators had previously testified concerning that investigation in a separate case." *Town of Grafton v. Pulte Homes of New England, LLC*, No. CIV.A. 12-10524-TSH, 2013 WL 5948000, at *3 (D. Mass. Nov. 4, 2013) (internal marks omitted).

Accordingly, the *Town of Grafton* court — in a case involving similar facts as *Bliss* and this case — found the OIG had waived the blanket assertion of privilege. *Id.* However, the court held the OIG "may still invoke the privilege doctrine but must do so on a 'question-by-question basis.'" *Id.* (quoting *Bliss*, 743 F. Supp. 2d at 29). In doing so, the court recognized that "[c]ourts have held in the context of executive privilege that 'release of a document only waives these privileges for the document or information specifically released, and not for related materials.'" *Id.* at n.6 (quoting *Puerto Rico v. United States*, 490 F.3d 50, 66 (1st Cir. 2007)). Similarly, *Bliss* only held "since some information has already been disclosed, the blanket assertion of the privilege has been waived." 743 F. Supp. 2d at 30.

The same is true here. Texas cannot assert blanket privilege over all matters of the OIG investigation. But Texas has only waived the privilege for the information specifically disclosed. Therefore, Texas may assert the Medicaid Investigative privilege during the depositions for questions pertaining to information not previously disclosed.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion **IN PART**.

**SO ORDERED.**

November 22, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE