## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH<br>TEXAS, INC., PLANNED<br>PARENTHOOD CAMERON<br>COUNTY, INC., PLANNED<br>PARENTHOOD SAN ANTONIO,<br>INC., | § § § § § § § § § § § § | |
| Defendants. | § § | |

## RELATOR'S OPPOSITION TO PPFA AFFILIATES' MOTION FOR PROTECTIVE ORDER

1

## INTRODUCTION

Like PPFA, the PPFA Affiliates have engaged in clearly prophylactic designations in direct contravention of the Protective Order and this Court's Order on October 11, 2022 (Dkt. 214). To date, the PPFA Affiliates have produced a total of 321,125 documents.[1] It has designated 110,496 of those documents AEO, and an additional 53,328 documents as "Confidential." *See* Ex. A. Thus, over one-third of the PPFA Affiliates' entire production to date cannot even be viewed by the parties, including Relator, whose investigation of Defendants and underlying knowledge of their practices is important to the prosecution of the case. This Court has already warned that confidential and AEO designations should be used "sparingly" and reminded the parties that "such designations are 'meant to be a rarity, reserved only for the most sensitive information, that properly worthy of segregation in the midst of the normal free flow of relevant discovery.'" Dkt. 214 at 8 (quoting *Acuity Brands Lighting, Inc. v. Bickley*, No. 5:13-CV-366-DLB-REW, 2015 WL 1296102 (E.D. Ky. Sept. 4, 2015). Yet even after the PPFA Affiliates redesignated some of the documents after Relator's objection and right before filing this motion, a review of the Affiliates' productions shows that documents such as HHSC manuals, public newsletters, and court pleadings are still designated AEO.

The Court should deny the PPFA Affiliates' Motion for Protective Order. Dkt. 252. The Court should also apply the consequence given in the Protective Order for

---

[1] The PPFA Affiliates produced approximately 481,000 pages on November 16, 2022 and an additional 30,000 pages on November 22. Plaintiffs have not yet been able to access the 11/22 productions but Relator can update the Court with the tallies of AEO/Confidential documents as soon as that information is available if the Court desires.

designation abuse or prophylactic designation, *see* Dkt. 133 at 6, or the same consequence that it applied to PPFA and require the PPFA Affiliates to re-designate its productions per the Protective Order and serve an "itemized log that specifically identifies any document/page that continues to be classified as AEO or Confidential after the review and provides and explanation for such designations." Dkt. 214 at 7. At minimum, the Court should further clarify the Protective Order and again admonish the parties to stop overdesignating.

## BACKGROUND

The PPFA Affiliates have each produced several volumes of documents. *See* Ex. B. After reviewing the documents, Relator's counsel sent the following written objection to the PPFA Affiliates' counsel on October 19, 2022:

> We have reviewed the PPFA Affiliates' document productions and this email serves as our written objection and request under Paragraph 7 of the Protective Order that you change the designations of (1) all documents marked "Confidential" that do not contain "protected health information" as defined by Paragraph 2 of the Protective Order and (2) all documents marked "Attorney Eyes Only" that do not contain Personal Identification Information listed in examples 1-6 of Paragraph 2 of the Protective Order. From your previous email, it appears you may have marked some documents AEO because they contain the names of non-publicly identified Planned Parenthood employees (designated with a * in your September 30 email). We thus also object to the AEO designation of all documents containing Magda Mijares's name, as she is publicly identified. We also object to all documents designated in a fashion that is inconsistent with the Court's October 11 order. For instance, the Court stated that the "Confidential" and "AEO" designations are to be used sparingly, and documents such as news articles, financial reports, grant agreements, and those containing cell phone numbers in an employee's signature block "are not worthy of AEO-designation under the Protective Order." Our review has shown that numerous such documents have been designated.

In addition, it appears that a majority of your production is designated either "Confidential" or "Attorney Eyes Only," with a majority of those being designated "Attorney Eyes Only." Thus, it appears that you have "used such designations in a purely prophylactic manner," which violates Paragraph 8 of the Protective Order.

We are available to meet and confer on this issue pursuant to Paragraph 7 of the Protective Order.

Ex. B.

The parties met and conferred on October 24, 2022. On that phone call, PPFA Affiliate counsel stated that they would redesignate their previous productions in light of the Court's October 11 order. The PPFA Affiliates produced the redesignation overlay on November 1, 2022 and filed this motion on November 2, 2022. While the PPFA Affiliates have reduced the numbers of confidentiality designations, over half of their productions to date are still designated either confidential or AEO, with a third designated AEO. Ex. A.

## LEGAL STANDARD

The rules governing discovery in federal court are designed to "accomplish full disclosure of the facts, eliminate surprise, and promote settlement." *S. Ry. Co. v. Lanham*, 403 F.2d 119, 127 (5th Cir. 1968) (discussing Federal Rule of Civil Procedure 34). As a result, the "deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Protective orders serve as narrow exceptions to this general rule of disclosure and allow parties to keep specific categories of documents confidential by agreement. *See* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2043 (3d ed.) ("It is well settled

that there is no absolute privilege for trade secrets and similar confidential information.").

The parties' agreement in a protective order governs not only what materials are protected, but also the method of contesting a confidentiality determination. "The starting point for interpretation of a protective order lies in its plain language." *S.E.C. v. Merrill Scott & Assos., Ltd.*, 600 F.3d 1262, 1271–72 (10th Cir. 2010) (citations omitted). When a protective order is "part of a court-approved agreement, it must be construed according to general principles of contract law." *See City of Hartford v. Chase*, 942 F.2d 130, 134–35 (2d Cir. 1991) (citations omitted). "Thus, deference is to be paid to the plain meaning of the language . . . and the normal usage of the terms selected." *Id.* (alteration in original). "An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms." *Orthoflex, Inc. v. ThermoTek, Inc.*, 3:11–CV–0870–D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (citations omitted).

"Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)). In determining whether to grant a protective order, the court must balance the requesting party's need for the information against the injury that might result if uncontrolled disclosure is compelled. *See Pansy v. Borough of*

5

*Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Through this balancing process, courts should afford due weight to the affected party's privacy interests. *See id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984)). Significantly, however, "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." *Id.* Thus, courts should consider for what purpose the information is being sought—if the case involves matters of legitimate public concern or issues relating to public health or safety, those are factors weighing against a protective order. *Id.* at 787–88; *see also Morrow v. City of Tenaha*, No. 2–08–cv–288–TJW, 2010 WL 3927969, at *4 (E.D. Tex. Oct. 5, 2010). Here, "the [contested confidential] materials concern an issue of acute and substantial public interest, the hotly contested public debate concerning the "right to life" as opposed to the "pro-choice" right to an abortion." *Gee v. Women's Health Care Ctr.*, No. MC 18-4793, 2019 WL 2617109, at *6 (E.D. La. June 25, 2019). This case also involves government programs and taxpayer money. "In these circumstances of extreme public interest, openness and transparency are the higher value . . ." *Id.*

## ARGUMENT

### I.   Prophylactic Designations Are Improper.

Despite this Court's warnings on October 11, the PPFA Affiliates continue to designate large numbers of documents AEO or Confidential, including documents like those specifically mentioned by the Court and documents that contain no conceivable confidential information, much less information of the "most sensitive" nature. Dkt. 214 at 8. The Protective Order expressly prohibits prophylactic or blanket

designations and warns of the consequence of that conduct: "If the Court should find that a litigant and/or its counsel have unfairly and without reasonable justification abused the process of designating any discovery materials or testimony as "Confidential" or has used such designation in a purely prophylactic manner, the Court may hold some or all such designations as having been waived." Dkt. 133 at 6.

The consequences of the PPFA Affiliates' overdesignation are clear: Relator's counsel is unable to show 110,496 of the Affiliates' documents to Relator. Courts— including this one—have recognized this abuse and its implications on the prosecution of the case when parties have attempted to do what the PPFA Affiliates has done here:

> Many courts have held that the indiscriminate use of an AEO designation poses 'a significant handicap on the restricted litigant' because '[d]iscovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant.' In addition, 'courts cannot ignore the fact that ninety-eight percent of cases are not tried, but are resolved in mediation and other settlement methods.' *Id*. Consequently, 'it is difficult, and perhaps impossible, for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client.'

*Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, *6 (S.D. Fla. July 20, 2015) (footnote omitted) (quoting *Arvco Container Corp. v. Weyerhaeuser*, No. 1:08–cv–548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009)); *see also Nvision Biomed. Techs. v. Jalex Med. LLC*, No. 5:15-CV-284 RP, 2016 WL 8259076, *4 (W.D. Tex. Feb. 1, 2016) ("Maintaining the AEO designation would likely significantly undermine Nvision's ability to prosecute the claims it raises in its First Amended Complaint."); *K & M Int'l, Inc. v. NDY Toy, L.L.C.*, No. 1:13CV771, 2015 WL 520969 (N.D. Ohio Feb. 9,

2015) (noting that preventing counsel from sharing and discussing discovery with their client "creates a substantial impediment" to the client's "ability to prepare and litigate" the claim); *see also Healthtrio, LLC v. Aetna*, 2014 WL 6886923, *4 (D. Colo. Dec. 5, 2014) (noting that "the risks [of disclosure] identified by Defendants must be balanced against the harm to Plaintiff in forcing its attorneys to try the case without the assistance of their client," and "[t]he burden is on Defendants to justify restrictions on the use of information.").

This Court already agreed, noting that "'plaintiffs should not be put in a position where they are essentially kept in the dark about the important facts of the case," Dkt. 214 at 7 (quoting *Defazio v. Hollister, Inc.*, No. CIV S-04-1358DFL GGH, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007)), and "'[r]estrictions on a litigant's access to information that may constitute or lead to evidence and arguments may severely hamper the litigant's participation,'" Dkt. 213 at 7 (quoting *Martinez v. City of Ogden*, No. 1:08CV00087TCDN, 2009 WL 424785, at * 3 (D. Utah Feb. 18, 2009). The PPFA Affiliates' request to keep AEO Documents away from Relator "thus implicates Relator's due process rights." Dkt. 214 at 7. Yet the PPFA Affiliates' production still designates over a hundred thousand documents AEO, and that is even after they reduced their designations in response to Relator's objection. *See* Ex. A.

PPFA and the PPFA Affiliates' overdesignation has already resulted in unnecessary briefing over documents that should not have been designated in this fashion. Allowing this abuse to continue will waste the parties' and the Court's

resources because the parties will have to file and brief motions to seal, and presumably nearly all of the parties' MSJ appendices due next month will have to be at least initially filed under seal given these designations in contravention to the principle of open court proceedings.

## II.   The PPFA Affiliates' AEO Designations are Overbroad.

As the Court already held, "'if the challenging party demonstrates that the producing/designating party did not act in good faith, then it has grounds to assert a broad, blanket request to re-review and re-designation.'" Dkt. 214 at 5 (quoting *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *8 (S.D. Fla. Sept. 4, 2013)). While the percentages of the PPFA Affiliates' pre-objection designations are not as egregious as PPFA's were, *see* Ex. A, they are still high given the Court's admonishment that Confidential and AEO designations should be used "sparingly" and should be a "rarity." Dkt. 214 at 7-8. And given that documents like publicly available newsletters and court pleadings are still designated AEO even after the PPFA Affiliates reviewed and reduced their designations, *see generally* App.004-0889,[2] whatever process the PPFA Affiliates are using to designate documents does not appear to be producing good faith designations. No sentient lawyer reviewing those examples could properly believe that such documents are worthy of AEO designation, especially in light of the Court's previous order and warning to the parties about this very issue. Moreover, the PPFA Affiliates designated expert Louis Rossiter's report AEO, even though it essentially contains

---

[2] Relator's Appendix in Support of this Response is filed separately with a motion to seal pursuant to the Protective Order. Dkt. 133.

the same arguments the PPFA Affiliates made in the termination litigation, and designated Louis Dudney's expert report AEO, which purports to opine on the separation between PPFA and the Affiliates. They have also stated their intention to designate Rossiter's deposition transcript Confidential with some AEO portions. This shows that the PPFA Affiliates intend to continue overdesignating, forcing the parties to repeat the designation objection process over and over again.

The agreed Protective Order allows for "Confidential" or "AEO" designations in only a few discrete instances, with the "Confidential" designation intended to be a broader category covering trade secrets[3] or Protected Health Information (PHI) under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Dkt. 133 at 2. The AEO designation is intended to be far narrower, reserved only for information that is "especially sensitive" trade-secret-type information,[4] and Personal Identification Information (PII), which includes only (1) social security numbers; (2) financial account numbers; (3) birthdates; (4) drivers' license numbers; (5) home addresses; (6) personal email addresses; and (7) "the names of non-publicly identified Planned Parenthood employees." Dkt. 133 at 2.

The Court already agreed that certain categories of documents are not worthy of AEO designation under the protective order:

> The AEO designation refers to 'trade secret information' that is 'especially sensitive.' Likewise, the Confidential designation does not

---

[3] The Protective Order defines this as "trade secrets or commercial information that is not publicly known and that is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G)," or "other information required by law to be kept confidential." Dkt. 133 at 2.

[4] The Protective Order defines this type of information as "confidential research and development, financial, technical, marketing, or any other sensitive trade secret information." Dkt. 133 at 2. That definition is like the definition in the form protective order for the Northern District of Texas.

protect all information 'that is not publicly known and is of technical or commercial advantage to its possessor.' The Court doubts so much of PPFA's production could qualify as 'trade secrets.' And in any case, Plaintiffs do not compete with PPFA or its Affiliates, 'so it is unclear how hiding these documents from the parties in the litigation under an AEO designation would protect PPFA in this regard.' The Court agrees with Relator: 'publicly available news articles,' 'general announcements,' eight-year-old Affiliate financial reports,' 'grant agreements between PPFA and Affiliates,' 'services provided,' and documents containing 'only business cell phones that employees include as part of their email signature blocks' are not worthy of AEO designation under the Protective Order.

Dkt. 214 at 9 (citations omitted). Yet these same types of documents are designated AEO by the Affiliates. *See, e.g.*, App.0157-0160 (grant agreement); 0803-0859 (public IRS 990); 0870-0889 (publicly available newsletter); 0082-0130 (filed Complaint in *Whole Woman's Health v. Jackson*); 0161-0733 (HHSC manuals); App.0793-0796, 0860-0861, 0866-0869 (general announcements); 0061-0081 (a blank managed care contract); 0734-0792 (report from a pro-life group about Planned Parenthood). There are also other documents that do not seem to warrant any confidential protection. *See, e.g.*, App.0005-0060, 0131-0156, 0797-0802, 0862-0865.

## III.   The PPFA Affiliates' Confidential Designations Are Overbroad.

PPFA's Confidential designations fare no better. These are all documents that a party will have to file under seal if used in support of court filings, *see* Dkt. 133 at 8, yet do not even arguably contain confidential information. Among the examples of abusive "Confidential" designations: a 2016 W-9 for PPGT containing publicly available information, App.0965-0968; a notice for re-enrollment from Louisiana, App.0931-0932; email string regarding a PPFA grant, App.0915-0920; email sending a generally available newsletter and discussing meeting logistics, App.0959-0964;

general news updates, App.0934-0958, emails of press releases, App.0970-0973; public grant requirements (App.0974-0979); and a vendor contract, App.0980-0988.

## CONCLUSION

Relator respectfully requests that the Court deny the PPFA Affiliates' Motion for Protective Order. It should also apply the consequence given in the Protective Order for designation abuse or prophylactic designation, Dkt. 133 at 6, or the same consequence that it applied to PPFA and require the PPFA Affiliates to re-designate its productions per the Protective Order and serve an "itemized log that specifically identifies any document/page that continues to be classified as AEO or Confidential after the review and provides and explanation for such designations." Dkt. 214 at 7. At minimum, it should further clarify the Protective Order and again admonish the parties to stop overdesignating.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2022, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Heather Gebelin Hacker</u>
Heather Gebelin Hacker