IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §     2:21-CV-022-Z |
| | § |
| PLANNED PARENTHOOD | § |
| FEDERATION OF AMERICA, *et al.*, | § |
| | § |
| Defendants. | § |

### ORDER

Before the Court is Defendants' Motion for Leave to File Amended Answers to Relator's and Texas's Complaints ("Motion") (ECF No. 226), filed on October 18, 2022. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

#### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. On May 20, 2022, Defendants filed their answers to Plaintiffs' complaints. *See* ECF Nos. 80, 81. Defendants now seek leave to amend to assert affirmative defenses based on: (1) the applicable statutes of limitations and statutes of repose; (2) the "public disclosure bar," the "government action bar," and the "government intervention bar"; and (3) the excessive fines defense under the Texas Constitution. The amendment deadline was May 13, 2022. *See* ECF Nos. 72, 192.

**LEGAL STANDARD**

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). "Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (internal marks omitted). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (internal marks omitted). To determine good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal marks omitted).

"If good cause exists, then the Court determines whether to grant leave under the more liberal standard" of Rule 15(a)(2). *Escort Inc. v. Uniden Am. Corp.*, No. 3:18-CV-0161-N, 2019 WL 4246605, at *1 (N.D. Tex. Sept. 6, 2019) (internal marks omitted). Under Rule 15, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts examine five considerations to determine whether to grant a party leave to amend a complaint under Rule 15(a): "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The "decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court" and is subject to review only for abuse of discretion. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).

ANALYSIS

A. **Defendants' Explanation for Failure to Timely Move for Leave is Insufficient**

Defendants offer two explanations as to why good cause exists to modify the scheduling order. First, Defendant's deadline to answer the Complaint was May 13 — the same day as the deadline to amend. *See* ECF Nos. 226 at 11, 72 at 1. Thus, Defendants argue they "could not reasonably have filed and substantively amended their pleadings on the exact same day." ECF No. 226 at 11. Second, Defendants argue they recently obtained "critical new information" that provides the factual predicate for asserting additional affirmative defenses. *Id.* at 12.

The first argument is well taken. However, even if the May 13 deadline could not reasonably have been met despite due diligence, Defendants "were aware of the facts on which they now rely" to support their Motion. *Lopez v. Reliable Clean-Up & Support Servs., LLC*, No. 3:16-CV-2595-D, 2018 WL 3609271, at *4 (N.D. Tex. July 27, 2018). Defendants admit they were aware of several of the defenses they now seek to assert as early as February 14, 2022. *See* ECF No. 226 at 6 ("Defendants now seek to add the affirmative defenses first raised in their Rule 12 motions to dismiss . . . ."). Defendants offer no sufficient explanation for why the defenses could not have been included in their answer or why they waited more than five months after the deadline to file the Motion. Defendants rely heavily on the notion that it was not until August 15, 2022, that Relator "disclosed for the first time" that Relator provided information and evidence concerning the material facts and allegations to Texas in May 2015 — "approximately *six years earlier* than Relator initially claimed." *Id.* at 9–10. If this is true — Defendants argue — "then the three-year limitations period ran in 2018 (before Relator filed the Complaint), meaning that Relator only can recover for violations that occurred within six years of the Complaint." *Id.* at 13.

This argument fails for three reasons. First, it is not true that Relator disclosed this information for the first time on August 15. Relator stated in the Complaint filed on February 5, 2021, that Relator began communications with Texas in 2015. *See, e.g.*, ECF No. 2 at ¶ 79. Second, the Court already held Defendants waived the statute of limitations defense by not raising it in their answer to the Complaint as required by Federal Rule of Civil Procedure 8(c). *See* ECF No. 184 at 4 n.1 (citing *Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009)). Third, Relator's disclosures to Texas are immaterial as to when the limitations period began tolling.

To begin, the limitations period for the Texas Medicaid Fraud Prevention Act applies only "[i]f the state declines to take over the action." TEX. HUM. RES. CODE. § 36.104(b). But Texas did intervene in this case. It is also unclear how Relator's disclosures to Texas could affect Louisiana's statute of limitations. As for the federal False Claims Act ("FCA"), Relator's claims may not be brought "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known *by the official of the United States* charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last." 31 U.S.C. § 3731(b)(2) (emphasis added); *see also Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 139 S. Ct. 1507, 1511 (2019) (holding § 3731(b)(2) applies in a relator-initiated suit in which the United States has declined to intervene).

Courts have held an "official of the United States" must be either an officer of the United States under Article II of the United States Constitution or an employee of the United States. *See U.S. ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *14 (N.D. Tex. Oct. 1, 2021); *U.S. ex rel. MC2 Sabtech Holdings, Inc. v. GET Eng'g Corp.*, 580 F. Supp. 3d 876, 896 (S.D. Cal. 2022) (collecting cases). Relator's August 15 statement specifies that Relator

provided information to *Texas* in 2015 and to the United States Attorney on February 5, 2021. *See* ECF No. 226-1 at 206. But Texas is not an "official of the United States." Thus, even if it is true Relator did not disclose this fact until August 15, 2022 (it's not), and even if Defendants had not waived the statute of limitations defense (they have) — Defendants' "critical new information" would not affect the statute of limitations provided by the FCA. And in any case, Relator's statement on August 15 has no bearing on Defendants' other defenses for which they were aware when they filed their answers.

With no new information that Defendants can rely on to support their showing of "good cause," Defendants are left with a delay of more than 5 months after the deadline for which they cannot explain. Thus, "this factor heavily favors denying leave" to amend. *Lopez*, 2018 WL 3609271, at *4.

### B. Defendants' Proposed Amendments Are Not Important

Defendants concede that the other defenses included in their proposed amendments are not "affirmative defenses" within the meaning of Rule 8. *See* ECF No. 226 at 12 n.9. Defendants acknowledge — and Plaintiffs agree — that even absent amendment, the public disclosure bar, government action bar, and government intervention bar have been raised and preserved for purposes of summary judgment and trial. *See* ECF Nos. 226 at 14, 264 at 16. Although Defendants have not previously raised the "excessive fines" defense under the Texas Constitution, this is also not an affirmative defense under Rule 8. And Defendants have already raised a "virtually identical" defense under the Eighth Amendment of the United States Constitution. ECF No. 226 at 15. The Court finds the defense under the Texas Constitution is also preserved for purposes of summary judgment and trial. Thus, the "defenses cannot be considered important to add to the Answers when Defendants concede it is unnecessary." ECF No. 264 at 16.

### C. The Proposed Amendments Would Prejudice Plaintiffs

Plaintiffs argue they will be prejudiced by the granting of Defendants' Motion because it comes five months after Defendants filed their initial answers in which Defendants had sufficient knowledge to assert all proposed defenses. *Id.* at 17. Specifically, briefing on the Motion was not completed until November 22 — only eight days before the close of discovery. *See* ECF No. 192. And because depositions are scheduled to occur throughout November, further questioning after these depositions may be necessary if the Motion is granted. ECF No. 264 at 17. Additionally, Plaintiffs oppose any continuance to cure such prejudice because it "would increase expenses of litigation that Plaintiffs will have to bear due to Defendants' delay in asserting these proposed defenses." *Id.* at 19.

The Court agrees. Defendants argue the proposed amendments "would simply formalize defenses of which Plaintiffs are already aware — vis-à-vis the motions to dismiss, discovery, and other briefing in this case — and to which they are presumably prepared to respond." ECF No. 226 at 16. But Plaintiffs reasonably concluded that any defense based on the statute of limitations had already been waived. *See* ECF Nos. 180 at 5, 184 at 4 n.1. And to the extent Plaintiffs were already aware of the other defenses — this only undermines the "importance" of the proposed amendments.

In sum, Defendants' defenses — other than the statute of limitations and statute of repose — are already preserved for summary judgment and trial. Therefore, there is no good cause to modify the scheduling order for Defendants to include them and no good cause to justify filing the Motion more than five months after the deadline had passed. This is reason enough to deny Defendants' Motion. And because Defendants have not shown good cause to modify the scheduling order, the Court need not determine whether to grant leave under Rule 15.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion.

**SO ORDERED**.

November 29, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

7