## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA *ex rel.*          )
  ALEX DOE, Relator, *et al.*,              )
                                  )          Civil Action No. 2:21-22
      Plaintiffs              )
                                    )
v.          )
                                    )
PLANNED PARENTHOOD FEDERATION          )
OF AMERICA, INC., *et al.*,              )
                                    )
      Defendants.


## MOTION FOR A PROTECTIVE ORDER AND TO QUASH
## DEPOSITION SUBPOENAS BY NON-PARTIES LOUISIANA DEPARTMENT OF
## HEALTH, ATTORNEY STEPHEN RUSSO, AND ATTORNEY KIMBERLY SULLIVAN

## AND

## FOR EXPEDITED CONSIDERATION

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 3

INTRODUCTION AND MOTION.................................................................................... 6

BACKGROUND ................................................................................................................. 6

LEGAL STANDARDS ..................................................................................................... 10

ARGUMENT .................................................................................................................... 11

   I.     THE SUBPOENAS ARE FACIALLY INVALID. .......................................... 11

      A.  Planned Parenthood failed to tender witness fees and mileage, such that the subpoenas were never properly served under Fifth Circuit law ...................................... 11

      B.  Planned Parenthood's subpoenas violate this Court's scheduling order. ...................... 12

      C.  No extension of discovery is warranted. ...................................................................... 13

   II.    THE SUBPOENAS ARE BARRED BY SOVEREIGN IMMUNITY. ............................. 15

   III.   PLANNED PARENTHOOD'S SUBPOENAS ARE OVERBROAD AND SEEK DISCOVERY OF INFORMATION THAT IS IRRELEVANT, MINIMALLY RELEVANT, OR PRIVILEGED. ....................................................................... 16

      A.  Planned Parenthood failed to comply with the requirements to depose LDH attorneys Russo and Sullivan, such that their deposition subpoenas should be quashed or severely limited. ................................................................................................. 16

      B.  Planned Parenthood seeks discovery that lacks relevance. ........................................... 18

CONCLUSION.................................................................................................................. 20

CERTIFICATE OF CONFERENCE............................................................................... 21

CERTIFICATE OF SERVICE ........................................................................................ 21

## TABLE OF AUTHORITIES

**Cases**

*Beattie v. Madison County School District,*
  254 F.3d 595 (5th Cir. 2001) ............................................................................................ 14

*Boron Oil Co. v. Downie,*
  873 F.2d 67 (4th Cir. 1989) ............................................................................................... 15

*Boze Mem., Inc. v. Travelers Lloyds Ins. Co.,*
  2013 WL 5299278 (N.D. Tex. Sept. 20, 2013) .................................................................. 11

*CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.,*
  713 F.2d 494 (9th Cir. 1983) ............................................................................................. 11

*City of Austin v. Paxton,*
  943 F.3d 993 (5th Cir. 2019) ............................................................................................. 15

*Darlak v. Bobear,*
  814 F.2d 1055 (5th Cir. 1987) ........................................................................................... 15

*David v. Signal Int'l, L.L.C.,*
  2014 WL 6612598 (E.D. La. Nov. 19, 2014) ..................................................................... 12

*Days Inn Worldwide, Inc. v. Sonia Investments,*
  237 F.R.D. 395 (N.D. Tex. 2006) ...................................................................................... 12

*Derr v. Swarek,*
  766 F.3d 430 (5th Cir. 2014) ............................................................................................. 19

*Elec. Data Sys. Corp. v. Steingraber,*
  2003 WL 21653405 (E.D. Tex. July 9, 2003) ................................................................... 17

*Hickman v. Taylor,*
  329 U.S. 495 (1947) ........................................................................................................... 17

*Houston v. Citi Mortgage Corp.,*
  2016 WL 3182003 (N.D. Tex. June 8, 2016) ..................................................................... 19

*In re Dennis,*
  330 F.3d 696 (5th Cir. 2003) ...................................................................................... 5, 11

*In re Planned Parenthood Fed'n of Am., Inc.,*
  No. 22-11009 (5th Cir. Oct. 14, 2022) ..................................................................... 5, 11, 13

*In re Planned Parenthood,*
  52 F. 4th 625 (5th Cir. 2022) .............................................................................................. 9

*In re Taxable Municipal Bonds Litig.*,
   1993 WL 45156 (E.D. La. Feb. 12, 1993) ............................................................... 17

*Jacked Up, L.L.C. v. Sara Lee Corp.*,
   854 F.3d 797 (5th Cir. 2017)....................................................................................... 14

*Jones v. Gee*,
   2020 WL 564956 (E.D. La. Feb. 5, 2020) ................................................................. 15

*Kador v. City of New Roads*,
   2010 WL 3418265 (M.D. La. Aug. 26, 2010) ........................................................... 11

*Lafluer v. Leglue*,
   2017 WL 2960541 (M.D. La. July 11, 2017)............................................................. 17

*Landry v. Air Line Pilots Ass'n Int'l*,
   901 F.2d 404 (5th Cir. 1990) ...................................................................................... 10

*McCollum v. Puckett Machinery Co.*,
   628 F. App'x 225 (5th Cir. 2015) ............................................................................... 12

*McMillan v. J.P. Morgan Chase Bank, N.A.*,
   2017 WL 373447 (M.D. La. Jan. 25, 2017) .............................................................. 12

*Mitchell v. Sikorsky Aircraft*,
   533 F. App'x 354 (5th Cir. 2013) ............................................................................... 14

*Montgomery-Smith v. La. Dept. of Health & Hosp.*,
   299 F. Supp. 3d 790 (E.D. La. Mar. 2, 2018) ........................................................... 15

*Montross v. United Parcel Serv. Of Am., Inc.*,
   73 F. App'x 757 (5th Cir. 2003).................................................................................. 10

*Nguyen v. Excel Corp.*,
   197 F.3d 200 (5th Cir. 1999)................................................................................ 16, 18

*Planned Parenthood Gulf Coast, Inc. v. Kliebert*,
   141 F. Supp. 3d 604 (M.D. La. Oct. 29, 2015) ......................................................... 18

*Planned Parenthood of Greater Tex. v. Kauffman*,
   981 F.3d 347 (5th Cir. 2020)...................................................................................... 18

*Russell v. Jones*,
   49 F.4th 507 (5th Cir. 2022)............................................................................. 6, 14, 15

*Securs Tech., Inc. v. Global Tel\*Link Corp.*,
   331 F. Supp. 3d 633 (N.D. Tex. 2017) ................................................................. 16

*Shelton v. Am. Motors Corp.*,
   805 F.2d 1323 (8th Cir. 1986) ....................................................................... 16, 17

*Squyres v. Heico Co.*,
   782 F.3d 224 (5th Cir. 2015) .............................................................................. 13

*Theriot v. Parish of Jefferson*,
   185 F.3d 477 (5th Cir. 1999) .............................................................................. 16

*Tucker v. Tangipahoa Parish Sch. Bd.*,
   2007 WL 1989913 (E.D. La. July 3, 2007) ........................................................ 11

*U.S.E.P.A. v. Gen. Elec. Co.*,
   197 F.3d 592 (2d Cir. 1999) .............................................................................. 15

*Wiwa v. Royal Dutch Petrol. Co.*,
   392 F.3d 812 (5th Cir. 2004) .............................................................................. 10

**Statutes**
28 U.S.C. 1821 ........................................................................................................ 11

**Rules**
Fed. R. Civ. P. 26 ........................................................................ 5, 9, 10, 19

Fed. R. Civ. P. 45 ............................................................................ 5, 7, 10

## INTRODUCTION AND MOTION

Pursuant to Fed. R. Civ. P. 26 and 45, non-party Louisiana Department of Health ("LDH"), joined by its non-party attorneys Stephen Russo and Kimberly Sullivan in their official capacities, moves for a protective order and to quash deposition subpoenas directed to LDH and its senior attorneys.[1] Service of the subpoenas was invalid under Fifth Circuit law for failure to tender witness fees and mileage. *In re Dennis*, 330 F.3d 696 (5th Cir. 2003). The subpoenas also violate this Court's scheduling order by specifying deposition dates are after the close of discovery, which is another reason to quash. The Court need go no further; no valid subpoena has been validly served. Were the Court to reach the merits, it would find the subpoenas are barred by Louisiana's sovereign immunity. *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). Moreover, Planned Parenthood failed to meet the requirements for a disfavored deposition of LDH's attorneys, and its subpoena to LDH is vastly overbroad and unduly burdensome.

Out of an abundance of caution, LDH moves for a protective order and to quash. Because the subpoenas call for depositions on December 7, 8, and 9, **Movants request expedited consideration, with Planned Parenthood to file any response by midnight, Friday, December 2, and Movants to file any reply by midnight, Monday, December 5.** Proposed orders are attached.

## BACKGROUND

This is a qui tam action that follows the States of Texas and Louisiana terminating defendant Planned Parenthood Gulf Coast and its affiliates (collectively, "Planned Parenthood") as Medicaid providers. Dkt. 1 ¶ 5, 82. Planned Parenthood did not challenge those terminations

---

[1] Planned Parenthood identified Louisiana as a non-party in their Certificate of Interested Persons filed in connection with a petition for mandamus. Motion to Stay Proceedings at 2, *In re Planned Parenthood Fed'n of Am., Inc.*, No. 22-11009 (5th Cir. Oct. 14, 2022). It similarly conceded that LDH is a non-party during a November 30, 2022, telephonic meet and confer.

in state administrative proceedings. *Id.* ¶¶ 6, 83, 85, 106. Instead, Planned Parenthood filed lawsuits in federal courts, which issued preliminary injunctions on Planned Parenthood's claims. *Id.* ¶ 7. Planned Parenthood then continued to submit claims for payment for Medicaid services even after Louisiana and Texas informed Planned Parenthood it was not qualified to provide Medicaid services or receive payments under the Medicaid program. The U.S. Court of Appeals for the Fifth Circuit subsequently vacated the preliminary injunction in the Texas case. *Id.* ¶¶ 9-10. Planned Parenthood then dismissed the Louisiana case with prejudice, and the Middle District of Louisiana subsequently vacated its preliminary injunction. Appx. 143, 169. Planned Parenthood nevertheless failed to report or repay the United States, Texas, or Louisiana within the statutorily required time. Dkt. 1 ¶ 11. A Relator accordingly brought this action alleging Planned Parenthood presented false or fraudulent claims for payment for payment or approval under the Medicaid program, and concealed or improperly avoided an obligation to repay money wrongfully obtained under the Medicaid program. *Id.* ¶¶ 1, 3, 11-12.

THIS COURT'S SCHEDULING ORDERS

In March 2022, the Relator and Planned Parenthood jointly proposed a schedule, with Planned Parenthood caveating its belief that discovery should be stayed pending resolution of its motion to dismiss. Dkt. 56 at 4. The Court denied Planned Parenthood's Motion to Stay Discovery, Dkt. 59, then denied Planned Parenthood's Motions to Dismiss on April 29, 2022, Dkt. 69. On May 11, 2022, the Court entered a Scheduling Order providing that "all discovery … shall be completed" by September 30, 2022. Dkt. 72 at 5. At Planned Parenthood's request, Dkt. 107, this Court extended the deadline for completion of discovery to November 30, 2022, Dkt. 123 at 5. In a subsequent order, the Court maintained November 30, 2022, as the deadline for completion of discovery. Dkt. 192 at 1. No motion to alter the schedule is pending.

PLANNED PARENTHOOD'S DOCUMENT SUBPOENAS TO LOUISIANA

Planned Parenthood first sought discovery from Louisiana months into the litigation, on June 20, 2022, when it served the Louisiana Department of Justice with a subpoena directed to former Louisiana Attorney General Buddy Caldwell (apparently in his individual capacity) and calling for production of documents in Washington, DC. Appx 4. The Louisiana Department of Justice ("LADOJ") objected, explained it could not accept service on behalf of Mr. Caldwell, and further explained that Planned Parenthood's subpoena was facially invalid under Fed. R. Civ. P. 45 because it called for production more than 100 miles from any location in Louisiana. LADOJ repeatedly made clear that it required "a facially valid subpoena" before it would provide a substantive response. Appx 51, 53. Planned Parenthood then served a revised subpoena directed to Louisiana Attorney General Jeff Landry, and the accompanying correspondence clarified it was directed to him in his official capacity. Appx 49, 61. Attorney General Landry provided responses and objections. Appx 107. During a telephonic meet and confer, Planned Parenthood rejected Attorney General Landry's offer of a limited production of claims data that was within his control and readily available. Appx 140. Planned Parenthood appears to have abandoned that subpoena.

Although the Complaint identifies the Louisiana Department of Health ("LDH") as the agency that "oversees the Louisiana Medicaid Program" and attached correspondence from LDH as an exhibit, Dkt. 1 ¶ 41 & Exh. A, Planned Parenthood did not seek discovery from LDH until August 5, 2022, when it served a public records request and a document subpoena. Appx. 173, 327. LDH provided responses and objections, Appx 177, 202, 309, 314, negotiated search terms, Appx 317, and produced responsive documents.

MANDAMUS IS DENIED

On October 14, Planned Parenthood filed a petition for a writ of mandamus to transfer

8

venue to the Austin Division of the Western District of Texas because that "is where many of the relevant events happened, is home to numerous party and non-party witnesses, and is a location for many sources of proof." Pet. at 9, *In re Planned Parenthood Fed'n of Am.*, No. 22-11009 (5th Cir.). Planned Parenthood's brief could not mention Austin enough. But although Planned Parenthood identified numerous witnesses — including non-party witnesses — in support of its petition for mandamus, it did not identify any witnesses as being located in Louisiana. *See id.* at 21. Rather, Planned Parenthood mentioned Louisiana only in oblique statements acknowledging that some of Plaintiffs' claims arise under the Louisiana Medical Assistance Program Integrity Law, and "the Louisiana Medicaid program … is administered by the Louisiana Department of Health … in Baton Rouge, Louisiana." *Id.* at 3. The Fifth Circuit denied Planned Parenthood's petition on October 31. *In re Planned Parenthood*, 52 F. 4th 625 (5th Cir. 2022). Like Planned Parenthood, the Fifth Circuit made no mention of Louisiana witnesses in its analysis.

LDH Receives Deposition Subpoenas Out-of-the-Blue

Within hours of that denial, Planned Parenthood issued subpoenas to LDH and two of its senior attorneys. *See* Appx 2 ¶¶ 6-7. The following day, on November 1, Planned Parenthood sent LDH a 31-topic deposition subpoena, accompanied by deposition subpoenas directed to LDH executive counsel Stephen Russo and LDH deputy general counsel Kimberly Sullivan. Appx 372, 375, 385, 395. Those subpoenas call for depositions on December 7, 8, and 9, 2022, *i.e.*, after this Court's November 30, 2022, deadline for completion of discovery. None of the subpoenas were accompanied by a tender of witness fees or mileage as required by Rule 45. Appx 372 ¶ 2.

On November 30, 2022, LDH counsel Joseph St. John engaged in a telephonic meet-and-confer with Planned Parenthood counsel Tirzah Lollar. During that conference, LDH notified

Planned Parenthood's counsel that the subpoenas had not been properly served; the subpoenas called for depositions after the deadline set by this Court; and Rule 45 subpoenas to LDH are barred by sovereign immunity. Appx 145. Planned Parenthood nevertheless refused to withdraw its subpoenas. This motion follows.

## LEGAL STANDARDS

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms … for the disclosure or discovery; … [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.*; *see also* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). A motion for a protective order is a proper manner of seeking to quash deposition subpoenas. *See Montross v. United Parcel Serv. Of Am., Inc.*, 73 F. App'x 757, 758 (5th Cir. 2003); *Landry v. Air Line Pilots Ass'n* 901 F.2d 404, 410, 435-36 (5th Cir. 1990).

Where protection is sought based on undue burden, the moving party must generally show "how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). However, "[a] court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* And where "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample

10

opportunity to obtain the information by discovery," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," "the court must limit the frequency or extent of discovery otherwise allowed." Fed. R. Civ. P. 26(b)(2)(C).

## ARGUMENT

### I.     THE SUBPOENAS ARE FACIALLY INVALID.

#### A. Planned Parenthood failed to tender witness fees and mileage, such that the subpoenas were never properly served under Fifth Circuit law.

Planned Parenthood delivered its subpoenas to LDH, but failed to tender witness fees and mileage. Appx 372 ¶¶ 1-2. But the Federal Rules provide that "[s]erving a subpoena requires delivering a copy to the named person, <u>and</u> if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "The plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (quoting *CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)). Accordingly, a subpoena delivered without the witness fees and mileage "was not properly served" and should be quashed. *Id.* More recent district court cases are in accord. *See, e.g.*, *Boze Mem., Inc. v. Travelers Lloyds Ins. Co.*, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (denying motion to compel: "the subpoena ad testificandum is invalid"); *Kador v. City of New Roads*, 2010 WL 3418265 (M.D. La. Aug. 26, 2010) (denying motion for contempt: "A failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena, and a non-party deponent is not required to attend the deposition set forth in that subpoena."); *Tucker v. Tangipahoa Parish Sch. Bd.*, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007) (quashing subpoena: "[S]ervice of the subpoena was improper because no

witness fee or mileage fee was tendered with service.").[2]

Applying the plain terms of Rule 45 and *In re Dennis*, Planned Parenthood failed to properly serve its subpoenas because it failed to properly tender the required witness fees and mileage. Planned Parenthood's service of its subpoenas was therefore invalid. Out of an abundance of caution, LDH asks for a protective order and that the subpoenas be quashed.

### B. Planned Parenthood's subpoenas violate this Court's scheduling order.

Planned Parenthood was plainly cognizant of this Court's scheduling order. Indeed, Planned Parenthood pointed to the "fast approaching" close of discovery "on November 30, 2022" as reason for the Fifth Circuit to stay this Court's proceedings while Planned Parenthood's petition for mandamus was being considered. Mot. to Stay Proceedings at 5, *In re Planned Parenthood Fed'n of Am., Inc.*, No. 22-11009 (5th Cir. Oct. 14, 2022). Planned Parenthood nevertheless issued subpoenas calling for LDH and two of its senior attorneys to appear for deposition after the close of discovery. Appx 375, 385, 395.

The rule is clear: "[A] subpoena served before the discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline." *McMillan v. J.P. Morgan Chase Bank, N.A.*, 2017 WL 373447, at *1 (M.D. La. Jan. 25, 2017) (collecting cases). Not only must the date of compliance be before the discovery deadline, but "[t]he majority of courts generally look to the deadline for completion of discovery in considering whether a motion to compel has been timely filed." *David v. Signal Int'l, L.L.C.*, 2014 WL 6612598, at *2 (E.D. La. Nov. 19, 2014) (citing, *inter alia, Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395 (N.D. Tex. 2006)); *see also McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 (5th Cir. 2015) ("[A] district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline-regardless of the requested discovery's value to the

---

[2] Payment of witness fees and allowances is mandated by statute. 28 U.S.C. 1821.

party's case."). As the Eastern District of Louisiana explained: "A discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met. When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized." 2014 WL 6612598, at *3.

Here, Planned Parenthood chose to wait months before seeking document discovery from LDH, and it did not seek depositions from LDH until November 1, *i.e.*, after the Fifth Circuit had denied mandamus on the issue of venue and nearly eight months after the complaint was filed. The circumstances strongly suggest the delay was for purposes of forum shopping: Planned Parenthood glossed over Louisiana in its venue analysis and told the Fifth Circuit its interests would be "unfairly and irreparably undermine[d]" if discovery was completed under this Court's supervision rather than in a transferee forum. Mot. to Stay Proceedings at 12, *In re Planned Parenthood Fed'n of Am., Inc.*, No. 22-11009 (5th Cir. Oct. 14, 2022). Although Planned Parenthood fired off its subpoenas within hours of its mandamus being denied, Appx 2 ¶¶ 6-7, it then delayed even more: Planned Parenthood apparently couldn't be bothered to identify dates between November 15 (when the compliance after valid service on November 1 would be reasonable) and November 30 (when discovery closed). Instead, Planned Parenthood unilaterally set compliance dates after the close of discovery. Planned Parenthood's failure to comply with this Court's scheduling order is an independent ground for quashing Planned Parenthood's subpoenas.[3]

### C. No extension of discovery is warranted.

No doubt Planned Parenthood will argue for yet another extension of discovery so that it

---

[3] During a November 30 telephonic meet-and-confer, Planned Parenthood pointed to a purported "agreement" with Plaintiffs to permit depositions after the close of discovery. Appx 145. LDH was not party to that agreement, and it appears to be limited to specific depositions. Dkt. 286 at 1 & n.1.

can have a do-over of its invalid subpoenas. Such an extension would be subject to Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See Squyres v. Heico Co.*, 782 F.3d 224, 237 (5th Cir. 2015). To show good cause, Planned Parenthood "has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* Planned Parenthood cannot do so.

Again, there is every indication Planned Parenthood consciously chose to delay seeking discovery from LDH and its attorneys, both in the opening months of this litigation and again this fall. The result was that Planned Parenthood left itself no time to correct any errors in its subpoenas. Regardless, Fifth Circuit cases make clear that Planned Parenthood was not diligent in seeking discovery from LDH, such that it cannot meet the Rule 16(b)(4) standard for extending discovery. In *Beattie v. Madison County School District*, 254 F.3d 595 (5th Cir. 2001), for example, the Court held that a litigant was "not diligent" where she had "several months, from the time she sued, to depose" critical witnesses. *Id.* at 606. The litigant tried to explain her delay by pointing to settlement negotiations, but the Fifth Circuit made plain that "a party suspends discovery at his own risk." *Id.* The same result followed in *Mitchell v. Sikorsky Aircraft*, 533 F. App'x 354 (5th Cir. 2013). In that case, the litigant "had over seven months between entry of the district court's … scheduling order and her … motion for continuance to schedule and conduct depositions." *Id.* at 358. The Fifth Circuit held she did not "show due diligence in conducting discovery" by waiting until shortly before summary judgment to begin coordinating depositions. *Id.* And the Fifth Circuit has found diligence utterly lacking where, as here, a party failed to move to compel production of the requested discovery before the deadline. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). The circumstances in

*Beattie*, *Mitchell*, and *Jacked Up* are on fours with the circumstances here: Planned Parenthood did not seek *any* discovery from non-party LDH until August, then tarried another three months before seeking depositions, and discovery has now closed without a motion to compel. In any event, Planned Parenthood's failure to timely seek discovery will not prejudice it: LDH and its employees can be subpoenaed to testify at trial pursuant to the nationwide service of process provision for federal qui tam cases, at least to the extent such subpoenas are not barred by LDH's sovereign immunity.

## II.     THE SUBPOENAS ARE BARRED BY SOVEREIGN IMMUNITY.

In *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), the Fifth Circuit held that third party subpoenas issued to state officials pursuant to Rule 45 were subject to the State's sovereign immunity. *Id.* at 510, 512. The court explained that "sovereign immunity is an immunity from *suit* (including discovery), not just liability." *Id.* at 514. One rationale for that immunity is to "prevent the indignity of subjecting a state to coercive process of judicial tribunals at the instance of private parties." *Id.* (quotation omitted). "These interests … are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint." *Id.* And the same rationale applies to subpoenas requiring testimony. *See id.* at 516 (discussing *Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989) and *U.S.E.P.A. v. Gen. Elec. Co.*, 197 F.3d 592 (2d Cir. 1999)); *see also State of Louisiana v. Sparks*, 978 F.2d 226, 229, 236 (5th Cir. 1992) (ordering that state court subpoena requiring testimony from federal employee be quashed).

Applied here, "LDH is considered an arm of the state and, therefore, protected by the Eleventh Amendment." *Jones v. Gee*, 2020 WL 564956, at *8 (E.D. La. Feb. 5, 2020) (citing *Montgomery-Smith v. La. Dept. of Health & Hosp.*, 299 F. Supp. 3d 790, 807 (E.D. La. Mar. 2, 2018); *see also Darlak v. Bobear*, 814 F.2d 1055, 1060 (5th Cir. 1987) ("[W]e hold that both [LDH's predecessor agency] and Charity are the alter egos of the State of Louisiana, and that

therefore suit against them … is barred by the [E]leventh [A]mendment."). Planned Parenthood's subpoena to LDH is accordingly subject to sovereign immunity under *Russel*. Planned Parenthood's demand for testimony from LDH attorneys Russo and Sullivan is likewise barred by Louisiana's sovereign immunity. *See Montgomery-Smith*, 299 F. Supp. 3d at 807; *see also Russell*, 49 F.4th at 516; *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019). Accordingly, to the extent they are otherwise valid subpoenas, all three of Planned Parenthood's subpoenas should be quashed on the basis of Louisiana's sovereign immunity.

### III.   PLANNED PARENTHOOD'S SUBPOENAS ARE OVERBROAD AND SEEK DISCOVERY OF INFORMATION THAT IS IRRELEVANT, MINIMALLY RELEVANT, OR PRIVILEGED.

#### A. Planned Parenthood failed to comply with the requirements to depose LDH attorneys Russo and Sullivan, such that their deposition subpoenas should be quashed or severely limited.

Planned Parenthood seeks to depose LDH executive counsel Stephen Russo and LDH deputy general counsel Kimberly Sullivan, both of whom "were intimately involved" in defending LDH against Planned Parenthood in the Louisiana action, in other litigation involving PPGC, and in responding to Planned Parenthood's document subpoena in this case. Appx 369-370 ¶¶ 3, 5; *see also* Appx 148-149, 200, 205, 312, 315. "[F]ederal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) ("One would suspect that a request to depose opposing counsel generally would provide a district court with good cause to issue a protective order."). Under *Shelton*, a deposition of a party's attorney "requires a showing that 1) no other means exist to obtain the information; 2) the information sought is relevant and non privileged; and 3)

the information is crucial to the preparation of the case." *Securs Tech., Inc. v. Global Tel\*Link Corp.*, 331 F. Supp. 3d 633, 637 (N.D. Tex. 2017). Although the Fifth Circuit "has never explicitly adopted the *Shelton* test," it "has used these considerations in determining if a deposition of opposing counsel was appropriate." *Id.* (applying factors and citing *Nguyen*, 197 F.3d at 209). The same factors are instructive even when the attorney sought to be deposed is not opposing counsel in the same litigation. *Id.* at 638.

With respect to the first *Shelton* factor, Planned Parenthood made no effort to obtain from other sources whatever information attorneys Russo and Sullivan may have. Planned Parenthood has not sought to depose non-attorney fact witnesses that are plainly identified in the Louisiana action and LDH's document production in this case. *See* Appx 370 ¶ 4. Planned Parenthood's subpoena to LDH provides another source for any information Russo and Sullivan may have. Tellingly, Planned Parenthood refused to identify what specific information it sought from Mr. Russo and Ms. Sullivan. Appx 145. And when pressed on what Planned Parenthood had done to get information from other sources, its counsel merely pointed to its documents subpoena and public records request, then stated "some information you just can't get from documents." *Id.*

With respect to the second *Shelton* factor, both Russo and Sullivan believe that whatever information they have is derived from their provision of legal advice to LDH and their development of information to further LDH's litigation positions, such that any deposition testimony "would largely consist of declining to answer questions on the basis of attorney-client privilege, the work product doctrine, and/or deliberative process." Appx 370 ¶ 6; Appx 149 ¶ 6. It's difficult to imagine a burden more undue that requiring a senior attorney to prepare for and sit for a deposition, only to spend the day declining to answer questions on the basis of privilege.

With respect to the third *Shelton* factor, Planned Parenthood refused to elaborate on the

17

specific information it seeks from Russo and Sullivan. Appx 145. That Planned Parenthood delayed seeking that information until the end of discovery strongly suggests it is not crucial.

The *Shelton* factors also reflect a more fundamental rule. "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 516 (1947) (Jackson, J., concurring). "While the Federal Rules of Civil Procedure governing discovery are liberal, they do not allow a party to simply ask opposing counsel what the relevant *facts* are when those facts are otherwise available to that party through other discovery techniques provided by the rules." *In re Taxable Municipal Bonds Litig.*, 1993 WL 45156, at *2 (E.D. La. Feb. 12, 1993); *see also, e.g.*, *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653405, at *2-3 (E.D. Tex. July 9, 2003) (denying motion to compel information obtained via attorney's pretrial investigation); *Lafluer v. Leglue*, 2017 WL 2960541, at *6 (M.D. La. July 11, 2017) (same).

Applying those strictures here, Planned Parenthood's subpoenas to LDH attorneys Russo and Sullivan should be quashed outright. To the extent those subpoenas are not quashed outright, any deposition should be by written questions and limited to the information Planned Parenthood demonstrates is uniquely in the possession of Russo and Sullivan. Further, the Court should forbid inquiry "into counsel's work product and mental impressions," "counsel's perceptions and opinions," or "counsels' assessment of [LDH's] compliance with the law." Declining to do so would be error. *Nguyen*, 197 F.3d at 210-211.

### B.  Planned Parenthood seeks discovery that lacks relevance.

Many of the topics in Planned Parenthood's subpoena to LDH fail to meet the minimal burden of relevancy. Appx 398-404. Topics 4-12 and 15-16 appear to seek testimony about the events that resulted in termination of Planned Parenthood, as well as the terminations

18

themselves. But the underlying facts and the general reasons for those terminations do not appear to be seriously disputed or even disputable in a way relevant to this litigation. *See Planned Parenthood of Greater Tex. v. Kauffman*, 981 F.3d 347, 350-53 (5th Cir. 2020) (reviewing facts); *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, 141 F. Supp. 3d 604, 612-20 (M.D. La. Oct. 29, 2015). Instead, it appears the Relator's claims are based on Planned Parenthood's knowledge, together with what Planned Parenthood did or did not do in *response* to termination of Planned Parenthood's provider agreements, *i.e.*, information entirely within Planned Parenthood's control. Topics 17, 27, and 28 are even further afield: they seek testimony regarding LDH's termination of *other* Medicaid providers.

In any event, Planned Parenthood brought claims on those issues against LDH and the Texas Health and Human Services Commission ("THHSC"), lost in Texas on the merits, and dismissed its claims against LDH with prejudice. Planned Parenthood should not be permitted to re-litigate those same issues here. *See, e.g.*, *Houston v. Citi Mortgage Corp.*, 2016 WL 3182003, at *1-2, *3-4 (N.D. Tex. June 8, 2016) (holding that a voluntary dismissal with prejudice triggered res judicata); *see also Derr v. Swarek*, 766 F.3d 430 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.").

To the extent Planned Parenthood is permitted to re-litigate those issues, it should have an adequate record to do so based on its district court litigations against LDH and THHSC. Planned Parenthood should not be permitted to burden  non-party LDH by demanding the agency prepare witnesses on events dating back to 2015 in view of the voluminous information available to Planned Parenthood from other sources. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Planned Parenthood certainly should not be permitted to seek testimony about LDH's views of what the

law permits it do — a purely legal question — as Topics 21 and 22 demand.

## **CONCLUSION**

For the foregoing reasons, the Court should grant a protective order and quash Planned Parenthood's subpoenas to LDH, LDH executive counsel Stephen Russo, and LDH deputy general counsel Kimberly Sullivan.

Dated: November 30, 2022

Respectfully submitted:

/s/ Joseph S. St. John
JOSEPH S. ST. JOHN (LSB 36682)
  *Deputy Solicitor General*
LOUISIANA DEPT. OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, LA 70112
stjohnj@ag.louisiana.gov
Tel: 225-485-2458

*Counsel for Non-Parties Louisiana Department of Health, Stephen Russo in his official capacity, and Kimberly Sullivan in her official capacity*

## **CERTIFICATE OF CONFERENCE**

On November 30, 2022, LDH counsel Joseph St. John engaged in a telephonic meet-and-confer with Planned Parenthood counsel Tirzah Lollar. During that conference, LDH notified Planned Parenthood's counsel that the subpoenas had not been properly served; the subpoenas called for depositions after the deadline set by this Court; and Rule 45 subpoenas to LDH are barred by sovereign immunity. Planned Parenthood nevertheless refused to withdraw its subpoenas.

/s/ Joseph Scott St. John

## **CERTIFICATE OF SERVICE**

I certify that on November 30, 2022, I am causing the foregoing document to be filed via the Court's ECF system, which will serve all counsel of record.

/s/ Joseph Scott St. John