# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALEX DOE, Relator, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) Civil Action No. 2:21-22 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### \*\*\* EMERGENCY \*\*\*
### SECOND MOTION FOR A PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENAS BY NON-PARTIES LOUISIANA DEPARTMENT OF HEALTH, ATTORNEY STEPHEN RUSSO, AND ATTORNEY KIMBERLY SULLIVAN

### AND

### FOR LEAVE TO FILE LESS THAN FIVE DAYS BEFORE DEPOSITION

### AND

### FOR EXPEDITED CONSIDERATION

1

## BACKGROUND AND MOTION

On November 30, 2022, non-parties Louisiana Department of Health, its executive counsel Stephen Russo, and its deputy general counsel Kimberly Sullivan (collectively, "LDH") moved to quash deposition subpoenas issued on behalf of Defendant Planned Parenthood Gulf Coast, Inc. and its affiliates ("Planned Parenthood"). LDH explained that it had not been validly served under controlling Fifth Circuit law; the subpoenas improperly called for depositions after the deadline for completion of discovery; and there was no good cause to extend the discovery deadline. Dkt. 318.

Rather than permit the Court to resolve LDH's motion or ask the Court for leave to issue subpoenas after the deadline, Planned Parenthood simply issued new subpoenas on LDH. Its doing so was a flagrant violation of this Court's Scheduling Order: the subpoenas were issued and delivered to LDH on December 1, and they call for depositions to occur on December 7, 8, and 9, Appx 414, 426, 436, despite the deadline for completion of discovery being November 30, Dkt. 192 at 1. And the subpoenas remain plagued by the same sovereign immunity, attorney discovery, and relevance problems as plagued Planned Parenthood's original subpoenas, compounded by Planned Parenthood unilaterally setting deposition dates less than one week after issuance. LDH is thus forced to again move for a protective order and to quash pursuant to Fed. R. Civ. P. 26 and 45, now on an emergency basis.

LDH further submits that Planned Parenthood's tardy service of its subpoenas is an extraordinary circumstance that prevented the requested relief from being presented to the Court at an earlier date, such that justifies relief from the five business day requirement set forth in Scheduling Order ¶ 6(B), Dkt. 192 at 5. **LDH requests expedited consideration, with Planned Parenthood to file any response on or before Saturday, December 3, and LDH to file any**

**reply on or before Monday, December 5, which may be consolidated with LDH's reply in support of LDH's First Motion for a Protective Order and to Quash (Dkt. 318).**

## LEGAL STANDARDS

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms … for the disclosure or discovery; … [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.*; *see also* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). A motion for a protective order is a proper manner of seeking to quash deposition subpoenas. *See Montross v. United Parcel Serv. Of Am., Inc.*, 73 F. App'x 757, 758 (5th Cir. 2003); *Landry v. Air Line Pilots Ass'n* 901 F.2d 404, 410, 435-36 (5th Cir. 1990).

Where protection is sought based on undue burden, the moving party must generally show "how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). However, "[a] court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* And where "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," "the court must limit the frequency or extent of discovery

3

otherwise allowed." Fed. R. Civ. P. 26(b)(2)(C).

## ARGUMENT

I.  **THE NEW SUBPOENAS VIOLATE THIS COURT'S SCHEDULING ORDER.**

This Court's Second Amended Scheduling Order sets November 30, 2022, as the deadline for completion of discovery. In setting that deadline, this Court rejected Planned Parenthood's request to extend discovery until January 27, 2023. *See* Dkt. 107-14. LDH specifically called out the November 30 deadline in its first Motion for a Protective Order, as well as the rule that "a subpoena … is … untimely if the date of compliance is beyond discovery deadlines." Dkt. 318 (quoting *McMillan v. J.P. Morgan Chase Bank, N.A.*, 2017 WL 373447, at *1 (M.D. La. Jan. 25, 2017) (collecting cases)); *see also, e.g.*, *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) (collecting cases and quashing subpoena: "[T]he discovery was untimely as it could not have been *completed* within the … discovery deadline.").

Not satisfied with only violating that rule, Planned Parenthood issued a new set of subpoenas after the deadline for completion of discovery. Appx 414, 426, 436. It is black-letter law that "Rule 45 subpoenas … constitute discovery and are subject to the same time constraints that apply to other methods of formal discovery, including the deadlines established by a Court's scheduling order." *State Auto. Mut. Ins. Co. v. Freehold Mgmt.*, 2018 WL 10391736 (N.D. Tex. Dec. 17, 2018); *see also Kelly v. Cowboy's Motorsports of San Antonio, LLC*, 2013 WL 12345010, at *7 & n.72 (W.D. Tex. Oct. 15, 2013) (collecting cases: "Courts in the Fifth Circuit … recognize Rule 45 non-party subpoenas are subject to the rules governing discovery, including deadlines set by the Court.").

Planned Parenthood notably did not seek relief from the November 30 deadline before issuing its new subpoenas to LDH and LDH's attorneys. "With the subpoenas being a form of

4

discovery and with discovery now closed, [Planned Parenthood's] subpoena[s] should not have been issued without permission from the court to extend the discovery deadline." *Doherty v. Shelton Mut. Ins. Co.*, 2020 WL 6811118, at *4 (S.D. Miss. Apr. 13, 2020) (quashing subpoena). In any event, Planned Parenthood can't make the required showing under Fed. R. Civ. P. 16(b)(4) to obtain an extension. *See* Dkt. 318 at 13-15. It has known the identity of these witnesses since the start of this litigation; Planned Parenthood simply chose not to seek timely discovery from them. The Court should therefore enter a protective order and quash Planned Parenthood's subpoenas to LDH, attorney Russo, and attorney Sullivan. *See, e.g.*, *Jonas v. Roberge*, 2015 WL 12734169 (W.D. Tex. Mar. 11, 2015) (granting protective order and quashing third party subpoena served after discovery deadline); *Nash v. City of Houston*, 2011 WL 13253338, at *1 (S.D. Tex. Mar. 2, 2011) (denying motion to compel third party compliance with subpoena issued after the discovery deadline).

**II.   THE NEW SUBPOENAS PROVIDE AN UNREASONABLE TIME TO RESPOND, AND FURTHER SUFFER FROM THE SAME DEFECTS AS THE ORIGINAL SUBPOENAS**.

The timeline unilaterally set by Planned Parenthood provides an independent basis for a protective order. Planned Parenthood's post-deadline subpoenas leave only six to eight days to prepare objections and witnesses for a 31-topic (plus numerous subparts) deposition of the agency, plus prepare two of LDH's most-senior attorneys for depositions. The unreasonableness of that timeline is manifest. Indeed, this Court has noted subpoenas for testimony with compliance deadlines of "less than 14 days are likely unreasonable." *United Health Care Servs., Inc. v. NextHealth, LLC*, 2021 WL 4734503, at *1 (N.D. Tex. Sept. 29, 2021) (quoting *Bergeron v. Great W. Cas. Co.*, 2015 WL 5307685, at *2 (E.D. La. Sept. 10, 2105)). And this Court has directly held that "six calendar days" is "not a reasonable time for [a party] to determine the

appropriate representative to testify, prepare him or her to testify, and actually get him or her to the [testimony site]." *Id.* Likewise the Southern District of Texas, which has quashed a deposition notice on the basis that service nine days before the deadline for compliance "does not afford … a reasonable time to comply." *United States v. 43.412 Acres of Land*, 2021 WL 3732756 (S.D. Tex. Aug. 24, 2021).

A non-party like LDH responding to a Rule 45 subpoena should operate under even more forgiving standards for reasonable notice than a party. *See United Health*, 2021 WL 4734503, at *2; *see also* Fed. R. Civ. P. 30(b)(6) (requiring "the serving party and the organization [to] confer in good faith about the matters for examination"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Planned Parenthood's subpoenas to LDH and its in-house attorneys should be quashed for lacking reasonable notice.

In addition to that new defect, the defects identified in LDH's earlier Motion for a Protective Order are still present in Planned Parenthood's new subpoenas. Planned Parenthood's subpoenas are barred by LDH's sovereign immunity. Dkt. 318 at 15-16 (discussing *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022)). Planned Parenthood still has not satisfied the requirements to depose attorneys, particularly given that LDH executive counsel Stephen Russo and LDH general counsel Kimberly Sullivan "were intimately involved" in defending LDH against Planned Parenthood in multiple litigations and in responding to Planned Parenthood's document subpoena in this case. Dkt. 318 at 16-18 (discussing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)). And a broad swath of Planned Parenthood's 30(b)(6) topics still lack relevance. Dkt. 318 at 18-20.3

### III. PLANNED PARENTHOOD'S COUNSEL SHOULD BE ORDERED TO PAY LDH'S ATTORNEYS FEES IN RESPONDING TO SUBPOENAS ISSUED AFTER THE DEADLINE FOR COMPLETION OF DISCOVERY.

"Attorneys derive the authority to issue subpoenas from their status as court officers." *Mick Haig Productions, e.K. v. Does*, 2011 WL 5104095, at *4 (N.D. Tex. Sept. 9, 2011). It "is a substantial delegation of authority to private [attorneys], and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004). Accordingly, there is "increased responsibility and liability for [its] misuse." *Mick Haig*, 2011 WL 5104095, at *4 (quoting 1991 Advisory Committee Notes to Fed. R. Civ. P. 45).

Rule 26 provides, that by signing a discovery request such as a subpoena, an attorney "certifies to the best of [her] knowledge, information and belief formed after a reasonable inquiry," the request is

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g). To the same end, Rule 45 provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And Rule 16 generally requires a "party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any non-compliance with [Scheduling Orders], unless the noncompliance was substantially justified …." Fed. R. Div. P. 16(f).

Applied here, Planned Parenthood issued three subpoenas after the deadline to complete discovery, each calling for short-notice depositions. Planned Parenthood did so despite the deadline having both the deadline and cases holding such subpoenas are improper having been brought to its attention, despite the Court having previously denied Planned Parenthood's motion to extend the discovery deadline, and after refusing to engage in discussion of whether the factors for heavily disfavored depositions of LDH's attorneys had been satisfied. Courts have awarded attorneys fees in analogous circumstances.

In *Mick Haig*, for example, this Court found that a subpoena issued before a Rule 26(f) conference "grossly abused" the attorney's subpoena power. 2011 WL 5104095, at *4. The attorney had moved for an exception to the Rule 26(f) requirement, this Court had denied that motion, but the attorney issued subpoenas anyway. *Id.* at *4-5. This Court held that the attorney's conduct in issuing unauthorized subpoenas "merits severe sanctions under Rules 26 and 45" and ordered payment of fees to the attorneys appointed to represent the subpoenaed third parties. *Id.* at *5, *7. The Fifth Circuit affirmed, holding "that no miscarriage of justice will result from the sanctions imposed as a result of [the attorney's] flagrant violation of the Federal Rules of Civil Procedure and the district court's orders. *Mick Haig Productions E.K. v. Does 1-670*, 687 F.3d 649, 652 (5th Cir. 2012).

*Dixon v. Greyhound Lines*, 2014 WL 7338870 (M.D. La. Dec. 22, 2014), is even more on point. In that case, an attorney issued a notice of deposition after the close of discovery and after a motion to extend discovery had been denied. The court declined to impose sanctions, but ordered the issuing attorney to pay the opposing party's attorney fees pursuant to Rule 26(g). *Id.* at *2-3. *Mid-Atlantic Contructors Inc. v. Stone & Webster Constr., Inc.*, 231 F.R.D. 465 (E.D. Pa. 2005), is similar. In that case, the defendant served a document subpoena "past the deadline

8

for discovery, without notice to the plaintiffs, and without the court's permission." *Id.* at 466. The court held that the conduct violated both Rule 45 and Rule 16, and accordingly awarded attorneys fees and costs under both its inherent powers and Rule 16(f). *Id.* at 467. The Court should do the same here.

On behalf of LDH, the Louisiana Department of Justice spent over 12 hours responding to Planned Parenthood's unauthorized subpoenas. Appx 410 ¶ 4. Appropriate attorney fees should be assessed against Planned Parenthood and the attorney who issued the subpoenas in violation of this Court's Amended Scheduling Order. LDH respectfully submits that an award of $5,000 in fees is appropriate. *See* Appx 412 ¶ 16; Appx 457-459.

## CONCLUSION

For the foregoing reasons, the Court should grant a protective order and quash Planned Parenthood's new subpoenas to LDH, LDH executive counsel Stephen Russo, and LDH deputy general counsel Kimberly Sullivan. The Court should further order Planned Parenthood and the issuing attorney to pay reasonable attorney fees to LDH.

Dated: December 2, 2022

Respectfully submitted:

/s/ Joseph S. St. John
JOSEPH S. ST. JOHN (LSB 36682)
 *Deputy Solicitor General*
LOUISIANA DEPT. OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, LA 70112
stjohnj@ag.louisiana.gov
Tel: 225-485-2458

*Counsel for Non-Parties Louisiana Department of Health*, *Stephen Russo in his official capacity, and Kimberly Sullivan in her official capacity*

## CERTIFICATE OF CONFERENCE

Counsel for LDH was alerted to the subpoenas at issue at approximately 4:00p.m. on December 1, 2022. At 8:30 a.m. on December 2, 2022, LDH counsel Joseph St. John emailed Planned Parenthood counsel Tirzah Lollar and requested a telephonic meet-and-confer before 11:00 a.m. Central. Appx. 454-456. Ms. Lollar responded at 11:20 a.m. and stated that "someone from our team should be available after about 4pm." LDH counsel responded asking that the subpoenas be immediately withdrawn, asked that Ms. Lollar contact him immediately to meet and confer, and alerted Ms. Lollar of LDH's intent to seek emergency relief. None of the Planned Parenthood attorneys on that email responded. Given the weekend and the short time until compliance with the subpoenas is required, LDH can not wait until the Court is closed to seek relief. LDH accordingly treats this motion as opposed.

/s/ Joseph Scott St. John

## CERTIFICATE OF SERVICE

I certify that on December 2, 2022, I am causing the foregoing document to be filed via the Court's ECF system, which will serve all counsel of record.

/s/ Joseph Scott St. John