# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | ) | |
| ALEX DOE, Relator, *et al*., | ) | |
| | ) | Civil Action No. 2:21-22 |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLANNED PARENTHOOD FEDERATION | ) | |
| OF AMERICA, INC., *et al*., | ) | |
| | ) | |
| Defendants. | | |

## APPENDIX IN SUPPORT OF NON-PARTY LOUISIANA DEPARTMENT OF HEALTH ET AL's SECOND MOTION FOR PROTECTIVE ORDER AND TO QUASH

| Exh. | Description | Page Nos. |
|---|---|---|
| | St. John Second Declaration | 410 - 413 |
| 19 | PPGC Subpoena to Sullivan (depo for 12/7/22) | 414 - 425 |
| 20 | PPGC Subpoena to Russo (depo for 12/8/22) | 426 - 435 |
| 21 | PPGC Subpoena to LDH (depo for 12/9/22) | 436 - 453 |
| 22 | Emails Between St. John (LADOJ) and Lollar (PPGC) | 454 - 456 |
| | Jones Declaration, No. 20-cv-445 (D.D.C.) | 457 - 460 |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALEX DOE, Relator, *et al*., | ) ) ) | |
| Plaintiffs | ) ) | Civil Action No. 2:21-22 |
| v. | ) ) | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al*., | ) ) ) ) | |
| Defendants. | ) | |

**SECOND DECLARATION OF ATTORNEY JOSEPH ST. JOHN**

I serve as a Deputy Solicitor General in the Louisiana Department of Justice. I am counsel for non-parties Louisiana Department of Health, Stephen Russo (in his official capacity), and Kimberly Sullivan (in her official capacity) in connection with the above-captioned litigation. I have personal knowledge of the facts stated herein.

1.      Attached as Exhibits 19-21 are true and accurate copies of subpoenas, as provided to me by the Louisiana Department of Health.

2.      Attached as Exhibit 22 is a true and accurate copy of an email chain with opposing counsel.

3.      I was alerted to Exhibits 19-21 shortly before 4 p.m. on December 1, 2022, via an email from LDH. I promptly conferred with LDH and began working on a Second Motion for a Protective Order. I researched and drafted that motion from approximately 4 p.m. on December 1 until approximately 2 a.m. on December 2, and again from approximately 08:30 until sometime after 12:45 on December 2, subject to short breaks. I expended more than 12 hours in preparing that motion.

1

## QUALIFICATIONS

4.      I earned a B.S. with Merit from the U.S. Naval Academy in 2003.

5.      I earned a J.D. with Honors from the George Washington University Law School in 2008. I was admitted to the practice of law in 2008.

6.      From 2008 – 2010, I practiced law as an associate at Kirkland & Ellis LLP. My principal area of practice was intellectual property litigation in federal courts and before the U.S.I.T.C.

7.      From 2010 – 2011, I served as a law clerk to the Hon. Arthur J. Gajarsa of the U.S. Court of Appeals for the Federal Circuit.

8.      From 2012 – 2015, I practiced law as an associate at Covington & Burling LLP. My principal area of practice was intellectual property litigation in federal courts and before the U.S.I.T.C.

9.      From 2016 – 2018, I practiced law as an associate at Kahn, Swick, & Foti, *i.e.*, the law firm of a former Louisiana Attorney General. My principal area of practice was securities class actions in federal courts.

10.     From 2018 – present, I have served as a Deputy Solicitor General in the Louisiana Department of Justice.

11.     My present responsibilities center around representing the State of Louisiana in high-profile litigation. In connection with those responsibilities, I am also responsible for approving bills submitted by law firms (local and national) that represent the State. I am accordingly familiar with local and national billing practices and rates.

12.     Representative matters for which I have had primary responsibility over the last year include:

2

**Appx 411**

- *June Medical Services v. Phillips*, 22 F.4th 512 (5th Cir. Jan. 7, 2022), in which the U.S. Fifth Circuit reversed the Middle District of Louisiana and held that publicly available information cannot be sealed

- *Louisiana v. Biden*, 585 F. Supp. 3d 840 (W.D. La. Feb. 11, 2022), stayed pending appeal, 2022 WL 866282 (5th Cir. Mar. 16 2022), in which the district court preliminarily enjoined use of the Biden Administration's revised Social Cost of Carbon estimates in regulatory cost-benefit analyses

- *Louisiana v. American Rivers*, 596 U.S. __ (Apr. 6, 2022), in which Louisiana obtained a stay of the Norther District of California's vacatur of the Clean Water Act Section 401 Rule

- *Lift Louisiana v. State*, 343 So. 3d 203 (La. App. 1 Cir. June 3, 2022), in which the Louisiana First Circuit affirmed a trial court's dismissal of a challenge to a Louisiana abortion statute

13.     In short, I have extensive experience in federal litigation, including complex multi-party and multi-forum litigation.

14.     My most recent non-contingent private billing rate was $600 per hour in 2015. In either 2015 or 2016, I undertook a contingency matter that, in accordance with applicable ethics rules, specified my then-reasonable hourly rate as $600 per hour.

15.     A September 3, 2020, Declaration (Dkt. 31-1) filed in *Dimaio v. Wolf*, No. 1:20-cv-445 (D.D.C.), claims "standard billing rates" of $990 per hour for Arnold & Porter attorneys with experience levels similar to mine.

16.     In view of the issues, the stakes, my experience, the billing rates claimed by Arnold & Porter, and the need for filing on less than one day's notice, I believe a fee of $5000 is reasonable for the preparation of LDH's Second Motion for a Protective Order.

17.     Further declarant sayeth naught.

3

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF LOUISIANA THAT THE FOREGOING IS TRUE AND CORRECT to the best of my knowledge.

Executed in New Orleans, Louisiana, this 2d day of December 2022.

/s/ Joseph S. St. John

JOSEPH S. ST. JOHN

4

# EXHIBIT 19

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### RECEIVED
### DEC 0 1 2022
### BUREAU OF
### LEGAL SERVICES

for the

Northern District of Texas

| | | |
|---|---|---|
| U.S. ex rel. ALEX DOE et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Kim Sullivan
          628 N. 4th Street, Baton Rouge, LA 70802
          *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001 | Date and Time: 12/07/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer, electronically recorded, videotaped

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 1, 2022

          *CLERK OF COURT*

                                  OR

                                          /s/ Tirzah Lollar
_____          _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.
                                  , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6196, tirzah.lollar@arnoldporter.com

#### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Appx 415**



# Arnold & Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

December 1, 2022

<u>**VIA HAND DELIVERY**</u>

Kim Sullivan
628 N. 4th Street
Baton Rouge, LA 70802

Re:     *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Ms. Sullivan:

As you know, we represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

As you also know, we issued the enclosed subpoena as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. You received service of this document one month ago on November 1. The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 7, 2022 at 9:30am.

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW  |  Washington, DC  20001-3743  |  www.arnoldporter.com

**Appx 416**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

**RECEIVED**

for the

Northern District of Texas ▼

**DEC 0 1 2022**

**BUREAU OF
LEGAL SERVICES**

U.S. ex rel. ALEX DOE et al.

)
)
)
)
)
)

*Plaintiff*

v.

Planned Parenthood Federation of America, Inc., et al.

*Defendant*

Civil Action No.   NO. 2:21-CV-00022-Z

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 Kim Sullivan
                          628 N. 4th Street, Baton Rouge, LA 70802
                          *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams,<br>1 Galleria Blvd., Suite 1100, Metairie, LA 70001 | Date and Time:<br>12/07/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer, electronically recorded, videotaped

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2022

                    *CLERK OF COURT*

                                              OR

                                                       /s/ Tirzah Lollar

_____          _____
       *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                          , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Appx 417**

AO 88A  (Rev. .12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| Plaintiffs, | § | |
| v. | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| Defendants. | | |

## DEFENDANTS' NOTICE OF ORAL
## DEPOSITION OF KIM SULLIVAN

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Defendants, by and through their attorneys, will take the oral and videotaped deposition of:

| | |
|---|---|
| Witness: | Kim Sullivan |
| Date: | December 7, 2022 |
| Time: | 9:30 a.m. (CST) |
| Location: | Chehardy Sherman Williams |
| | 1 Galleria Blvd., Suite 1100 |
| | Metairie, LA 70001 |

The deposition will be taken upon oral examination before a certified court reporter

authorized by law to take depositions upon oral examination and will be stenographically and

electronically recorded and will be videotaped. The oral examination will be taken pursuant to

Federal Rules of Civil Procedure and is being taken for the purpose of discovery, for use at trial,

1

or for such other purposes as are permitted under the Local Rules of the Court, the Federal Rules of Civil Procedure, and/or the Federal Rules of Evidence.

Said deposition will commence at the time stated above and will continue from day to day until completed, Sundays and Holidays excluded. Said deposition will be taken by a certified shorthand reporter and Notary Public or such other person authorized to administer oaths, at the place where the deposition is taking place or, should the deposition be undertaken remotely, will participate and administer the oath remotely.

Defendants reserve all rights regarding any documents or other written discovery that have not been timely provided in advance of depositions, including the right to question each witness about such materials at a later date.

2

Dated:  October 31, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of Greater*

3

Appx 421

*Texas, Inc., Planned Parenthood of South Texas,*
*Inc., Planned Parenthood Cameron County, Inc.,*
*and Planned Parenthood San Antonio, Inc.*

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood*
*Federation of America, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, the foregoing document was served on all counsel of record via e-mail.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

.

# Arnold & Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

November 1, 2022

**VIA HAND DELIVERY**

Kimberly Sullivan
Louisiana Department of Health
628 N. 4th Street
Baton Rouge, LA 70802

Re:    *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Dear Ms. Sullivan:

We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

We have issued the enclosed subpoena and deposition notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 7, 2022 at 9:30am.

# Arnold&Porter

Kimberly Sullivan
Page 2


      We encourage you to contact the undersigned as soon as possible to discuss logistical arrangements for your deposition testimony.

Sincerely,


*/s/ Tirzah S. Lollar*
Tirzah S. Lollar
*Attorney for Affiliate Defendants*


Enclosures

CC:    Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood Federation of America, Inc.

# EXHIBIT 20

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

**RECEIVED**

for the

Northern District of Texas  ▾

**DEC 0 1 2022**

BUREAU OF
LEGAL SERVICES

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Steve Russo
628 N. 4th Street, Baton Rouge, LA 70802
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, <br> 1 Galleria Blvd., Suite 1100, Metairie, LA 70001 | Date and Time: <br> 12/08/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:  stenographer,electronically recorded,videotaped

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 1, 2022

*CLERK OF COURT*

OR

/s/ Tirzah Lollar

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Planned Parenthood Gulf Coast, Inc., et al.
, who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Appx 427**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Appx 428**

# Arnold&Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

November 1, 2022

**VIA HAND DELIVERY**

Steve Russo
Louisiana Department of Health
628 N. 4th Street
Baton Rouge, LA 70802

Re:  *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Dear Mr. Russo:

We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

We have issued the enclosed subpoena and notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas.  The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 8, 2022 at 9:30am.

# Arnold&Porter

Steve Russo
Page 2


We encourage you to contact the undersigned as soon as possible to discuss logistical arrangements for your deposition testimony.

Sincerely,


*/s/ Tirzah S. Lollar*
Tirzah S. Lollar
*Attorney for Affiliate Defendants*



Enclosures

CC:   Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood Federation of America, Inc.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas  ▼

**RECEIVED**

**DEC 0 1 2022**

BUREAU OF
LEGAL SERVICES

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                                    Steve Russo
                        628 N. 4th Street, Baton Rouge, LA 70802
                          *(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, | Date and Time: |
|---|---|
| 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | 12/08/2022  9:30 a.m. |

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/01/2022

|                 |                    | OR | |
|---|---|---|---|
| *CLERK OF COURT* | | | /s/ Tirzah Lollar |
| | *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                              , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Appx 431**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| Plaintiffs, | § | |
| v. | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| Defendants. | | |

**DEFENDANTS' NOTICE OF ORAL**
**DEPOSITION OF STEVE RUSSO**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Defendants, by and through their attorneys, will take the oral and videotaped deposition of:

| | |
|---|---|
| Witness: | Steve Russo |
| Date: | December 8, 2022 |
| Time: | 9:30 a.m. (CST) |
| Location: | Chehardy Sherman Williams |
| | 1 Galleria Blvd., Suite 1100 |
| | Metairie, LA 70001 |

The deposition will be taken upon oral examination before a certified court reporter

authorized by law to take depositions upon oral examination and will be stenographically and

electronically recorded and will be videotaped. The oral examination will be taken pursuant to

Federal Rules of Civil Procedure and is being taken for the purpose of discovery, for use at trial,

or for such other purposes as are permitted under the Local Rules of the Court, the Federal Rules

of Civil Procedure, and/or the Federal Rules of Evidence.

1

Dated:  October 31, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood*
*Gulf Coast, Inc., Planned Parenthood of Greater*

3

## CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2022, the foregoing document was served on all counsel of record via e-mail.

                                        */s/ Tirzah S. Lollar*
                                        Tirzah S. Lollar

# Arnold & Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

December 1, 2022

**VIA HAND DELIVERY**

Steve Russo
628 N. 4th Street
Baton Rouge, LA 70802

      Re:    *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Mr. Russo:

As you know, we represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

As you also know, we issued the enclosed subpoena as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. You received service of this document one month ago on November 1. The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 8, 2022 at 9:30am.

# EXHIBIT 21

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas ▾

**RECEIVED**

**DEC 0 1 2022**

**BUREAU OF LEGAL SERVICES**

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Louisiana Department of Health
628 N. 4th St., Baton Rouge, LA 70802

*(Name of person to whom this subpoena is directed)*

☑ Testimony: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time: 12/09/2022 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: stenographer,electronically recorded,videotaped

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 1, 2022

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Tirzah Lollar |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Planned Parenthood Gulf Coast, Inc., et al. _____, who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Appx 437**



**Arnold & Porter**

Tirzah S. Lollar
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

November 1, 2022

<u>**VIA HAND DELIVERY**</u>

Louisiana Department of Health
c/o Dr. Courtney N. Phillips
628 N. 4th Street
Baton Rouge, LA 70802

Re:     *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

To Whom It May Concern:

We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

We have issued the enclosed subpoena and Rule 30(b)(6) deposition notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. The subpoena and notice require the Louisiana Department of Health ("LDH") to provide deposition testimony on the matters for examination listed on the notice at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 9, 2022 at 9:30am.

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW | Washington, DC  20001-3743 | **www.arnoldporter.com**

**Appx 438**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas   ▾

**RECEIVED**

**DEC 0 1 2022**

|  |  |  |
|---|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

BUREAU OF LEGAL SERVICES

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

Louisiana Department of Health
628 N. 4th St., Baton Rouge, LA 70802
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001 | Date and Time: 12/09/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2022

*CLERK OF COURT*

OR

|  |  |
|---|---|
|  | /s/ Tirzah Lollar |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.
, who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Appx 439

AO 88A  (Rev  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV- |
| The State of Texas | § | 00022-Z |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | Date:     October 31, 2022 |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION OF LOUISIANA DEPARTMENT OF HEALTH**

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood San Antonio, Inc. ("PPSA"), Planned Parenthood Cameron County ("PPCC") (collectively, "Affiliate Defendants") and Planned Parenthood Federation of America, Inc. ("PPFA") will take the deposition of the Louisiana Department of Health ("LDH") on December 9, 2022, beginning

at 9:00 a.m., at the office of Chehardy Sherman Williams, One Galleria Blvd., Suite 1100, Metairie, LA 70001. The deposition will be stenographically and electronically recorded and will be videotaped. The deposition will be used for discovery and/or evidentiary purposes to the full extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

As used in this Notice, the term "Defendants" refers to PPGC, PPGT, PPST, PPSA, PPCC, and PPFA. As used in this Notice, the term "LDH" refers to the Louisiana Department of Health and the Louisiana Department of Health and Hospitals. Unless otherwise noted, the relevant time period for each topic is January 2010 to January 2022.

Pursuant to Rule 30(b)(6), LDH shall designate one or more individuals to testify as to all information reasonably available to LDH concerning the following subjects:

1.   LDH's knowledge and understanding of Louisiana Medicaid including:

   a. the Louisiana Medicaid Provider Manual;

   b. Louisiana Medicaid Provider Agreements; and

   c. Louisiana Medicaid enrollment and participation requirements;

2.   LDH's knowledge and understanding of the administration of Louisiana Medicaid, including but not limited to:

   a. The process by which claims submitted by providers for Louisiana Medicaid patients covered by a "fee for service" Medicaid plan are submitted to and paid by LDH;

   b. The process by which LDH contracts with Managed Care Organizations ("MCOs") and determines the capitated amounts it will pay to each MCO;

   c. The process by which LDH collects encounter data from MCOs and how that data is used by LDH;

3.   LDH's knowledge and understanding of the Defendants' participation in Louisiana Medicaid, including but not limited to:

   a. each Defendant's enrollment in Louisiana Medicaid;

2

   b. each Defendant's provider status in Louisiana Medicaid;

   c. any documentation reflecting each Defendant's provider status in Louisiana Medicaid, including but not limited to approved provider lists provided to MCOs;

   d. each Defendant's submission of claims for reimbursement to Louisiana Medicaid;

   e. whether PPST, PPGT, PPCC, PPST, or PPFA ever submitted claims for reimbursement to Louisiana Medicaid;

   f. communications between Louisiana Medicaid and each Defendant; and

   g. whether PPGC was ever terminated from Louisiana Medicaid;

4. Communications between LDH and PPGC regarding whether PPGC was engaged in the donation or sale of fetal tissue and a video made on April 9, 2015 at a PPGC facility, including but not limited to:

   a. July 15, 2015 letter from LDH Secretary Kathy Kliebert to PPGC CEO Melaney Linton;

   b. July 28, 2015 letter from Linton to Kliebert;

   c. August 4, 205 letter from Kliebert to Linton; and

   d. August 15, 2015 letter from Linton to Kleibert;

5. The LDH August 2015 decision to initiate termination proceedings pursuant to La. R.S. 46:437.11(D)(1) against one or more of the Affiliate Defendants, including but not limited to the:

   a. Basis for the decision;

   b. Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

   c. Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to initiate termination proceedings; and

   d. The identities of the LDH employees involved in the decision;

6. The September 2015 LDH decision to rescind the termination notices issued to one or more of the Affiliate Defendants in August 2015, including but not limited to the:

   a. Basis for the decision;

3

    b.  Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

    c.  Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to rescind termination proceedings; and

    d.  The identities of the LDH employees involved in the decision;

7.    The LDH September 2015 decision to initiate termination proceedings pursuant to La. R.S. 46:437.11 and 46:437.14 against one or more of the Affiliate Defendants, including but not limited to the:

    a.  Basis for the decision;

    b.  Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

    c.  Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to initiate termination proceedings; and

    d.  The identities of the LDH employees involved in the decision;

8.    The LDH initiation of termination proceedings in August and September 2015 against one or more of the Affiliate Defendants, litigation in federal and state courts concerning termination of one or more of the Affiliate Defendants from Louisiana Medicaid, including but not limited to the:

    a.  Basis for the termination proceedings; and

    b.  The identities of the LDH employees involved in the termination proceedings;

9.    LDH's knowledge and understanding of:

    a.  The requirements of fetal transplantation research found in 42 U.S.C. §§ 289g, 289g-1, and 289g-2; and

    b.  The ethical standards at issue in research involving fetal and placental tissue;

10.    LDH's knowledge and understanding of the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act, including whether the termination of the Affiliate Defendants violated the free choice of provider requirements;

4

11.     LDH's knowledge and understanding of the procedure for terminating a provider from Louisiana Medicaid, including but not limited to any requirements that notice must be provided to Louisiana Medicaid Managed Care Organizations regarding the termination;

12.     LDH's knowledge and understanding of the potential Medicaid sanctions under Louisiana Administrative Code Title 50, sections 4145 and 4161, including the State of Louisiana's policies and procedures for investigating potential Medicaid violations to determine what, if any, sanction is appropriate;

13.     LDH's knowledge and understanding of recoupment and/or recovery of overpayments including:

       a.   LDH's knowledge and understanding of the definition of overpayment under Louisiana Administrative Code Title 50;

       b.   LDH's knowledge and understanding of the recoupment process; and

       c.   Efforts by LDH, the Office of the Attorney General's Medicaid Fraud Control Unit, or any other agency in the State of Louisiana to obtain recoupment of overpayments;

14.     LDH's authority to refer suspected fraud and abuse to the Office of the Attorney General's Medicaid Fraud Control Unit under the Louisiana Administrative Code, including LDH's knowledge and understanding of such authority, whether it exercised such authority with respect to any of the Affiliate Defendants, and the LDH employees who were involved in deciding whether or not to make the referral;

15.     LDH's knowledge and understanding of any Medicaid fraud investigations of any of the Affiliate Defendants (including but not limited to the "ongoing investigation" referenced in Kleibert's August 4, 2015 letter to Linton, and the "investigations of PPGC by both DHH and the Louisiana Office of Inspector General" referenced in the September 15, 2015 termination notices to PPGC) conducted by any agency of the State of Louisiana, including but not limited to the dates, allegations, subjects, targets, persons involved in conducting the investigations, final reports issued, and outcomes of any such Medicaid fraud investigations;

16.     Any efforts made by LDH to determine whether any Louisiana Medicaid Providers have engaged in fetal tissue procurement or donation that might render the provider unqualified to provide medical services under Louisiana Medicaid or violate generally accepted medical standards or ethical standards, including but not limited to:

       a.   whether any providers that were identified were terminated from Louisiana Medicaid;

5

      b.   whether any providers that were identified were asked or required to repay amounts reimbursed under Louisiana Medicaid; and

      c.   whether any amounts were repaid;

17.    Circumstances under which LDH terminated a Louisiana Medicaid Provider other than PPGC on the basis that:

      a.   The provider entered into a federal False Claims Act settlement in connection with conduct unrelated to the provider's provision of services under Louisiana Medicaid (see LDH September 2015 notice of termination);

      b.   The provider did not adhere to its affirmative duty to provide written notice within 10 working days to LDH that the provider had entered into a federal False Claims Act settlement in connection with conduct unrelated to the provider's provision of services under Louisiana Medicaid (see LDH September 2015 notice of termination);

      c.   The provider's agents, affiliates, or providers-in-fact were subject to provider audits or federal false claims cases (see LDH September 2015 notice of termination);

      d.   The provider misrepresented its actions in response to an investigation initiated by either LDH or the Louisiana Office of Inspector General (see LDH September 2015 notice of termination); and

      e.   The provider engages in or follows a policy of agreeing to engage in fetal tissue procurement or donation;

18.    LDH's knowledge and understanding of any requests or demands from LDH, the Louisiana Attorney General's Office, the Medicaid Fraud Control Unit, or any other agency in the State of Louisiana that PPGC repay amounts PPGC had received from Louisiana Medicaid during the pendency of the injunction entered by the U.S. District Court for the Middle District of Louisiana in *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, No. 3:15-cv-565-JWD-SCR;

19.    LDH's consideration of whether PPGC had an obligation or would be required to repay amounts received for Medicaid services provided;

20.    LDH's knowledge and understanding of the Louisiana Attorney General's Office's, the Medicaid Fraud Control Unit's, or any other agency in the State of Louisiana's consideration of whether any PPGC had an obligation or would be required to repay amounts received for Medicaid services provided;

6

21. LDH's consideration of whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to PPGC;

22. LDH's knowledge and understanding of the Louisiana Attorney General's Office's, the Medicaid Fraud Control Unit's, or any other agency in the State of Louisiana's consideration of whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to PPGC;

23. Any notices provided by LDH to Louisiana Medicaid Managed Care Organizations that PPGC had been terminated from Louisiana Medicaid;

24. Any notices provided by LDH to Louisiana Medicaid Managed Care Organizations that PPGC could no longer accept new Medicaid clients;

25. LDH's requests that a Louisiana Medicaid provider repay amounts received under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

26. LDH's decision not to initiate administrative recoupment proceedings to recover amounts paid to a Louisiana Medicaid provider under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

27. Providers other than PPGC that LDH has terminated "for similar violations of" La R.S. 46:437.11 and 46:437.14 as mentioned in a September 27, 2016 email from LDH Deputy General Counsel to Vicki Wachino, CMS Director, including but not limited to for each provider:

   a. date of the termination;

   b. reason for the termination;

   c. date of the conduct that resulted in the termination;

   d. whether the provider was asked or obligated to return any amounts reimbursed under Medicaid or Louisiana Medicaid;

   e. whether the provider did return any amounts reimbursed under Medicaid or Louisiana Medicaid; and

   f. the amount of any reimbursements that were returned;

28. LDH's knowledge and understanding of any Louisiana Medical Assistance Programs Integrity Law actions brought by Louisiana based on alleged failure to repay funds received under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

7

29. LDH's communications and dealings with Relator, including but not limited to:

    a. When LDH first had contact (if any) with Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations of potential misconduct by any of the Affiliate Defendants;

    b. Information or documents provided by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding potential misconduct by any of the Affiliate Defendants; and

    c. Any information or documents requested or received from Relator relating to any of the Affiliate Defendants;

30. LDH's communications and dealings with the Louisiana Office of the Attorney General, including but not limited to the Office of the Attorney General's Medicaid Fraud Control Unit, regarding potential misconduct by any of the Affiliate Defendants;

31. LDH's communications and dealings with the U.S. Department of Health & Human Services, Centers for Medicare and Medicaid Services, regarding

    a. potential misconduct by any of the Affiliate Defendants;

    b. the facts that form the basis for Louisiana's termination of any of the Affiliate Defendants from Louisiana Medicaid; and

    c. whether Louisiana's termination of any of the Affiliate Defendants from Louisiana Medicaid violated the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act.

8

/s/ Tirzah S. Lollar
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

9

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.cm
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

Ryan Patrick Brown
Texas State Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 372-5711
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood
Federation of America, Inc.*

October 31, 2022

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Rule 30(b)(6) Deposition of the Louisiana Department of Health by Defendants has been served upon all attorneys of record in this case on this, the 31st day of October, 2022, by electronic email.

_s/ Tirzah S. Lollar_____
Tirzah S. Lollar

11



**Arnold&Porter**

Tirzah S. Lollar
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

December 1, 2022

**VIA HAND DELIVERY**

Louisiana Department of Health
c/o Dr. Courtney N. Phillips
628 N. 4th Street
Baton Rouge, LA 70802

Re:   *United States of America ex rel. Doe v. Planned Parenthood Federation of
America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

To Whom It May Concern:

As you know, we represent the Planned Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned
Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate
Defendants") in the above-captioned civil lawsuit.

As you also know, we issued the enclosed subpoena and Rule 30(b)(6) deposition
notice, as authorized by the Federal Rules of Civil Procedure and under the authority of
the United States District Court for the Northern District of Texas. You received service
of these documents one month ago on November 1. The subpoena and notice require the
Louisiana Department of Health ("LDH") to provide deposition testimony on the matters
for examination listed on the notice at Chehardy Sherman Williams, 1 Galleria Blvd.,
Suite 1100, Metairie, LA 70001, on December 9, 2022 at 9:30am.

**Appx 452**

# Arnold&Porter

Louisiana Department of Health
Page 2


Despite our repeated attempts to contact Scott St. John, the attorney from the Louisiana Attorney General's Office handling the subpoena, starting on November 1, Mr. St. John for the first time contacted me to discuss the subpoena and notice on November 30, 2022. Mr. St. John informed me that the subpoena and notice was not accompanied by the witness fee or mileage fee. That was an oversight, so we enclose here a check for those fees along with another copy of the subpoena and notice. Out of an abundance of caution, we also enclose a new subpoena with appropriate fees.

We look forward to seeing you at the deposition on December 9, 2022.

Sincerely,


*/s/ Tirzah S. Lollar*
Tirzah S. Lollar
*Attorney for Affiliate Defendants*



Enclosures

CC:     Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood Federation of America, Inc.

# EXHIBIT 22

**St. John, Joseph**

| | |
|---|---|
| **From:** | St. John, Joseph |
| **Sent:** | Friday, December 2, 2022 11:25 AM |
| **To:** | 'Lollar, Tirzah' |
| **Cc:** | Pieper, Megan; Odell, Christopher M.; Rosenwald, Elliot; Gerstner, Alyssa |
| **Subject:** | RE: US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.) - REQUEST FOR PROMPT MEET AND CONFER |

Tirzah:

I wish to be abundantly clear: you have issued a subpoena in violation of the Court's scheduling order, and you did so after the deadline for completion of discovery and other defects were called to your attention. I ask that you immediately withdraw those unauthorized subpoenas, or contact me immediately to meet and confer. You can reach me at 225-485-2458. We contemplate seeking emergency relief from the Court.

Best regards,
Scott

**From:** Lollar, Tirzah [mailto:Tirzah.Lollar@arnoldporter.com]
**Sent:** Friday, December 2, 2022 11:20 AM
**To:** St. John, Joseph
**Cc:** Pieper, Megan; Odell, Christopher M.; Rosenwald, Elliot; Gerstner, Alyssa
**Subject:** Re: US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.) - REQUEST FOR PROMPT MEET AND CONFER

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Scott:

I'm traveling today and just received your email.  Someone from our team should be available after about 4pm CST if there is a time that would work for you.

Thanks,
Tirzah

Sent from Nine

**From:** "St. John, Joseph" <StJohnJ@ag.louisiana.gov>
**Sent:** Friday, December 2, 2022 10:07 AM
**To:** Lollar, Tirzah; Pieper, Megan
**Subject:** US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.) - REQUEST FOR PROMPT MEET AND CONFER

External E-mail

Tirzah:

**Appx 455**

We are in receipt of subpoenas issued by you to LDH and its attorneys after the deadline for completion of discovery. LDH and its attorneys contemplate moving for a protective order, to quash, and for sanctions. We ask that you make yourself available for a meet-and-confer. I am available any time before 11 am Central; please let me know a time that works for you.


Best regards,
Scott




**Joseph Scott St. John**
Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com



The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Appx 456**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN DIMAIO,<br>    et al.,<br><br>                              *Plaintiffs*,<br><br>              v.<br><br>CHAD WOLF, in his official capacity as Acting Secretary<br>of Homeland Security,<br>    et al.,<br><br>                              *Defendants*. | Case No.  1:20-cv-00445<br><br>**DECLARATION OF<br>R. STANTON JONES** |

I, R. Stanton Jones, do hereby declare as follows:

1.      I am a duly-licensed attorney practicing in the District of Columbia.  I respectfully submit this declaration in support of Plaintiffs' Response to the Court's August 27, 2020 Minute Order.

2.      I am a partner with the law firm Arnold & Porter Kaye Scholer LLP.  I graduated *magna cum laude* from Georgetown University Law Center in 2007 and have been practicing law in the District of Columbia since that time.  My practice focuses on complex questions of constitutional, statutory, and international law.  Within the last year, my appellate work was recognized by *The Legal 500 U.S.*, and I was named as a "Rising Star" by *Law360* and a "DC Rising Star" by *The National Law Journal*.  I have also taught Appellate Advocacy as an adjunct professor at Georgetown University Law Center.  My standard billing rate is $990 per hour.

3.      Elisabeth S. Theodore is also a partner at Arnold & Porter Kaye Scholer LLP.  Ms. Theodore graduated *magna cum laude* from Harvard Law School in 2009.  After clerking on the U.S. Court of Appeals for the District of Columbia Circuit and the United States Supreme Court, Ms. Theodore served as special counsel to the Director of the Federal Bureau of

**Appx 457**

Investigation.  Ms. Theodore's practice focuses on appellate and complex civil litigation.  Within the last year, Ms. Theodore's appellate work was recognized by *The Legal 500 U.S.*, and she was named as a "Rising Star" by *Law360* and a "DC Rising Star" by *The National Law Journal*.  Ms. Theodore's standard billing rate is $990 per hour.

4.      Graham W. White is an associate at Arnold & Porter Kaye Scholer LLP.  Mr. White graduated from Yale Law School in 2016.  He clerked for the U.S. District Court for the District of Columbia, and for the U.S. Court of Appeals for the District of Columbia Circuit. Mr. White focuses his practice on appellate and complex civil litigation.  Mr. White served as lead counsel for the Plaintiffs and had principal responsibility for drafting the Complaint and summary judgment briefing, and argued for the Plaintiffs during the Court's telephonic summary judgment hearing in June.  Mr. White's standard billing rate is $750 per hour.

5.      Janine M. Lopez is an associate at Arnold & Porter Kaye Scholer LLP.  Ms. Lopez graduated from Harvard Law School in 2014.  She clerked for the U.S. Court of Appeals for the District of Columbia Circuit and for the U.S. Supreme Court.  Ms. Lopez focuses her practice on appellate and complex civil litigation.  Ms. Lopez's standard billing rate is $750 per hour.

6.      Andrew Tutt is a senior associate at Arnold & Porter Kaye Scholer LLP.  Mr. Tutt graduated from Yale Law School in 2013.  Mr. Tutt clerked for the U.S. Court of Appeals for the District of Columbia Circuit.  He also served as an Attorney-Advisor in the Office of Legal Counsel at the U.S. Department of Justice.  Mr. Tutt focuses his practice on Supreme Court, appellate, and complex civil litigation.  Mr. Tutt's standard billing rate is $875 per hour.

7.      Stephen Wirth is a senior associate at Arnold & Porter Kaye Scholer LLP.  Mr. Wirth graduated *magna cum laude* from Cornell Law School.  He served as a law clerk on the

**Appx 458**

U.S. District Court for the Southern District of New York, and on the U.S. Court of Appeals for the Ninth Circuit.  Mr. Wirth focuses his practice on Supreme Court, appellate, complex civil litigation, and foreign relations matters. Mr. Wirth's standard billing rate is $850 per hour.

8.      The other Arnold & Porter attorneys who worked on this matter are associates Sean Mirski and Kolya Glick, who reviewed the briefing and relevant case law and participated as moot judges in one of the moot court sessions in advance of the summary judgment argument. Mr. Mirski graduated from Harvard Law School in 2015.  He served as a law clerk on the U.S. Court of Appeals for the District of Columbia Circuit and on the United States Supreme Court. Mr. Mirski also served as Special Counsel to the General Counsel of the U.S. Department of Defense.  Mr. Glick graduated from the George Washington University Law School.  He clerked on the U.S. Court of Appeals for the Tenth Circuit, the U.S. Court of Appeals for the D.C. Circuit, and the U.S. District Court for the Eastern District of Virginia.  Mr. Mirski and Mr. Glick have a standard billing rate of $750 per hour.

9.      I have reviewed our firm's billing records associated with this litigation, and they are consistent with my recollection of the work performed by each of the attorneys listed therein. These billing records were recorded contemporaneously in Arnold & Porter's internal time and expense reporting system.  The tasks counsel undertook in connection with this litigation include researching, drafting, and revising the Complaint; researching, drafting, and revising Plaintiffs' summary judgment briefing; preparing for oral argument; reviewing multiple versions of the Administrative Record; and filing post-argument briefing.  The following chart sets out the time spent by each lawyer and support personnel in this matter:

| Attorney Name | Position | Total Hrs |
|---|---|---|
| Jones, R. S. | Partner | 8.00 |
| Theodore, Elisabeth S. | Partner | 49.20 |
| | **Partner Total** | **57.20** |
| White, Graham | Associate | 99.80 |
| Mirski, Sean | Associate | 5.50 |
| Tutt, Andrew | Associate | 28.50 |
| Wirth, Stephen | Associate | 11.10 |
| Lopez, Janine | Associate | 45.60 |
| Glick, Kolya | Associate | 3.10 |
| | **Associate Total** | **193.60** |
| Lindsey, Kathryne D. | Specialist | 0.50 |
| | **Specialist Total** | **0.50** |
| Cameron, Laurie A. | Research Analyst | 0.30 |
| | **Research Analyst Total** | **0.30** |

10.     In addition to reviewing the hours listed above to determine they are reasonable, we provided to Defendants' counsel the total hours worked by partners, associates, and paralegals so that they likewise could confirm that the fees are reasonable.

11.     The fees and costs set forth in the Proposed Order and Settlement Agreement also include $5,338.70 in expenses, which were incurred from legal research and court filing fees.

Respectfully submitted this the 3rd day of September, 2020.

_____
R. Stanton Jones

*Attorney for Plaintiffs*

4

**Appx 460**