**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | |
| | § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | §<br>§<br>§ | CIVIL ACTION NO. 2:21-CV-<br>00022-Z |
| | § | |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>        Plaintiffs, | §<br>§<br>§<br>§ | Date:        December 2, 2022 |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc., | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
|         Defendants. | §<br>§ | |

**APPENDIX IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR A
PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENAS BY NON-
PARTIES LOUISIANA DEPARTMENT OF HEALTH, ATTORNEY STEPHEN RUSSO,
AND ATTORNEY KIMBERLY SULLIVAN**

ARNOLD & PORTER KAYE SCHOLER LLP

Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

| EX. NO. | DOCUMENT NAME | APP. PAGE NO. |
|---------|---------------|---------------|
| A. | 6/17/2022 Subpoena to State of Louisiana | App. 001 - App. 044 |
| B. | 7/26/2022 Non-Party Louisiana Attorney General Jeff Landry's Responses and Objections to Defendant Planned Parenthood Gulf Coast, Inc.'s Subpoena | App. 045 - App. 074 |
| C. | 8/19/2022 Non-Party Louisiana Department of Health's Responses and Objections to Defendant Planned Parenthood Gulf Coast, Inc.'s Subpoena | App. 075 - App. 098 |
| D. | 11/23/2022 Letter from T. Lollar to J. St. John | App. 099 - App. 141 |
| E. | 11/30/2022 Email from J St. John to T. Lollar | App. 142 - App. 144 |
| F. | 12/1/2022 Executed Return of Service of Subpoenas on Louisiana Department of Health, Kim Sullivan, and Steve Russo | App. 145 - App. 156 |

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Attorney General James D. Caldwell

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: described in Attachment A

| Place: 601 Massachusetts Ave. NW Washington, DC 20001 | Date and Time: 07/07/2022 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/17/2022

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Planned Parenthood Gulf Coast, Inc. _____      , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 001

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO SUBPOENA TO STATE OF LOUISISANA**

**DEFINITIONS AND TERMS**

1.      The terms "Louisiana," "you," and "your" refer to the government of the State of Louisiana; any agency, office, division, or department of the Louisiana Government, including but not limited to the Louisiana Department of Health, Louisiana Office of State Inspector General, and Louisiana Attorney General's Office; and any attorneys, agents, representatives (including any auditors or investigators hired by the Louisiana Government) acting or purporting to act on its behalf.

2.      The term "Texas" "refers to the government of the State of Texas; any agency, office, division, or department of the Texas Government, including but not limited to the Texas Health & Human Services Commission, Texas Office of the Inspector General, Texas Attorney General's Office, Texas Department of State Health Services, and the Texas Department of Public Safety; and any attorneys, agents, representatives (including any auditors or investigators hired by the Texas Government) acting or purporting to act on its behalf.

3.      The term "Relator" refers to Relator Alex Doe, his agents, legal representatives, or anyone purporting to act on the named Relator's behalf.

4.      The term "Planned Parenthood Defendants" refers to Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), Planned Parenthood San Antonio,

1

Inc. ("PP San Antonio") and Planned Parenthood Federation of America, Inc. ("PPFA").

5.   The term "Affiliate Defendants" refers to Defendants PPGC, PPGT, PPST, PP Cameron County, and PP San Antonio.

6.   The term "Relator's Complaint" refers to Relator's Complaint filed on February 5, 2021.

7.   The term "Texas's Complaint" refers to Texas's Complaint filed on January 6, 2022.

8.   The term "Center for Medical Progress" refers to the entity headquartered in Irvine, California, including all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

9.   The term "Center for Medical Progress videos" refers to videos related to any Planned Parenthood Defendant or other Planned Parenthood entity created by the Center for Medical Progress and/or currently or previously posted to the website of the Center for Medical Progress and/or Center for Medical Progress's YouTube Channel from 2013 to the present.

10.   The term "David Daleiden" refers to the founder and president of the Center for Medical Progress, including but not limited to any agents, representatives, employees, consultants, attorneys, or others acting on his behalf.

11.   The terms "Person" and "Persons" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

2

12.     The term "Government" refers to the government of the United States of America; any agency, office, or military branch of the U.S. Government; and any attorneys, agents, representatives (including any auditors or investigators hired by the U.S. Government) acting or purporting to act on its behalf.

13.     The term "Medicaid" refers to the federal Centers for Medicare & Medicaid Services administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

14.     The term "Texas Medicaid" refers to the State of Texas administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

15.     The term "Louisiana Medicaid" refers to the State of Louisiana administered Medicaid program and any officers, officials, employees, agents, attorneys, or other representatives acting or purporting to act on its behalf, including any Managed Care Organization.

16.     The term "generally accepted medical standards" has the meaning used in the Final Notice of Termination of Enrollment dated December 20, 2016.  Relator's Compl. [Dkt. 2] Ex. C.

17.     The term "fetal tissue procurement" and has the meaning used in the Final Notice of Termination of Enrollment issued by the Office of Inspector General, Texas Health & Human Service Commission dated December 20, 2016.  Relator's Compl. [Dkt. 2] Ex. C (referring to Planned Parenthood's alleged "policy of agreeing to

3

procure fetal tissue, potentially for valuable consideration, even it means altering the timing or method of abortion" and Planned Parenthood's alleged "misrepresentation about [its] activity related to fetal tissue procurements").

18.    The term "Medicaid's free choice of provider requirement" refers to the requirement for a state plan to allow a beneficiary to obtain Medicaid services from any institution, agency, pharmacy, person, or organization, including family planning services, that is qualified to furnish services and willing to furnish them to that particular beneficiary. *See* 42 CFR § 431.51.

19.    The term "including" shall mean "including, but not limited to."

20.    The term "overpayment" has the meaning as used in Paragraphs 17 and 40 of the Texas Complaint.

21.    The term "Grace Period" refers to the thirty-day period granted by Texas Health and Human Services Commission to Planned Parenthood through February 3, 2021, referenced in Texas's Complaint.  Tex. Compl. ¶ 6.

22.    The term "the Media" refers to any news organization or mass media organization, including print, internet, television, radio, or other media.

23.    "Documents" as used herein shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda, tapes, records, telegrams, electronic

4

mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature.

24.     The terms "relate to," "related to," "relating to," and "concerning" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A document may "relate to" or an individual or entity without specifically mentioning or discussing that individual or entity by name.

25.     The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

26.     The terms "communication" and "communications" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages,

telegrams, telefax, electronic mail, mailgrams, telephone conversations, and all oral, written, and electronic expressions, or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

## **INSTRUCTIONS**

1. Furnish all documents and things within the possession, custody, or control of Louisiana that are responsive to these Requests, including information or items in the possession of their assignees, agents, legal representatives, employees, representatives, attorneys, other personnel thereof, or anyone purporting to act on behalf of Louisiana.

2. If an objection is made to any request herein, all documents and things responsive to the request not subject to the objection should be produced. Similarly, if any objection is made to the production of a document, the portion(s) of that document not subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly as such. Otherwise, no communication, document, file, or thing requested should be altered, changed, or modified in any respect. All communications, documents, and files shall be produced in full and unexpurgated form, including all attachments and enclosures either as they are kept in the ordinary course or organized to correspond with those requests.

3. No communication, document, file, or thing requested should be disposed of or destroyed.

4. If you object to any Document Request, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds:

   a.    identify the Document Request to which objection or claim of privilege is

6

made;

    b.    identify every document withheld; the author, the date of creation, and all recipients;

    c.    identify all grounds for objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; and

    d.    identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants.

5. Unless otherwise specified, the relevant time period for these Document Requests is 2010 to the present.

6. You are under an affirmative duty to supplement your responses to these Document Requests with documents you may acquire or discover after completing your production, if you learn your response is in some material respect incomplete or incorrect and the additional or corrective information has not been made known to Planned Parenthood.

**<u>DOCUMENTS TO BE PRODUCED</u>**

1. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to PPGC's Louisiana Medicaid status from 2010 to the present including but not limited to:

    a.    documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether PPGC remains a Louisiana Medicaid Provider after November 23, 2020; and

    b.    documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether PPGC remains a Louisiana Medicaid Provider after January 20, 2022.

2. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's consideration and decision to terminate any Planned Parenthood Defendant from Louisiana Medicaid based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (attached as Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the

7

Louisiana Department of Health and Hospitals on or about September 15, 2015 (attached as Ex. B) including but not limited to:

    a.  documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Jen Steele, Medicaid Director, State of Louisiana, Department of Health and Hospitals (attached as Ex. C).and Louisiana's response to that letter on September 27, 2016 (attached as Ex. D); and

    b.  documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the basis for Louisiana's termination/revocation of the Louisiana Medicaid Provider Agreements with PPGC, including but not limited to the alleged "mispresentations" by PPGC referenced in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (attached as Ex. B).

3.    Documents sufficient to identify the instances when Louisiana "terminated other types of providers for similar violations of these provisions" as referenced in Louisiana's response to Question No. 2 in its September 27, 2016 response (attached as Ex. D).  Your response should include for each termination, documents sufficient to identify the provider that was terminated, the date of the termination, the reason for the termination, the date of the conduct that resulted in the termination, whether the provider was asked or obligated to return any amounts reimbursed under Medicaid or Louisiana Medicaid, whether the provider did return any amounts reimbursed under Medicaid or Louisiana Medicaid, and the amount of any reimbursements that were returned.

4.    All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A).

5.    All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's decision to rescind the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A).

6.    All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B).

7.    All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's consideration and decision to terminate any Planned Parenthood Defendant from Texas Medicaid based on grounds asserted in the termination notices issued to Planned Parenthood by the Office of Inspector

General, Texas Health & Human Services Commission on or about October 19, 2015 and December 20, 2016 (Relator's Compl. [Dkt. 2] Exs. B, C).

8. All documents relating to or reflecting communications with the Center for Medical Progress and/or David Daleiden from 2013 to present.

9. All documents related to your decision to not intervene in Relator Doe's case.

10. All documents relating to or reflecting communications with any staff, attorneys, or investigators for Louisiana regarding the matters alleged Relator's Complaint, including but not limited to (i) information about any Planned Parenthood Defendant provided to the State of Louisiana by Relator, (ii) the termination of any Planned Parenthood Defendant from Louisiana Medicaid, and (iii) the litigation initiated by any Planned Parenthood Defendant regarding its potential termination from Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

11. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any fetal tissue procurement or donation in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or facilitated or agreed to participate or facilitate.

12. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the participation or facilitation or alleged participation or facilitation of any Planned Parenthood Defendant in any fetal tissue procurement or donation.

13. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether participation or an agreement to participate in any fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid.

14. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to federal court injunctions and/or the effects of federal court injunctions related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

15. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to state court injunctions and/or the effects of a state court injunction related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

16. All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether termination of PPGC violated Medicaid's free choice of provider requirement and why or why not.

17.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the continued participation of any Planned Parenthood Defendant in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

18.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Medicaid, Texas Medicaid, and/or Louisiana Medicaid to any Planned Parenthood Affiliate.

19.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

20.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement or donation, or an agreement to engage in fetal tissue procurement or donation, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked or obligated to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

21.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked or obligated to return amounts reimbursed under Medicaid.

22.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your understanding of relationships between affiliated companies under Medicaid, Texas Medicaid, or Louisiana Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider.

23.   All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your views regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.*, Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

24.   All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any Planned Parenthood Affiliate's qualifications to provide services under Medicaid, Texas, Medicaid, and/or Louisiana Medicaid.

25.   All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to information provided by you to the U.S. Congress related to any Planned Parenthood Defendant from 2015 to present regarding any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or agreeing to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

26.   All communications between Louisiana and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or an agreement to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

27.   All documents or videos (both edited and unedited) provided to Louisiana by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including staff, attorneys, or investigators.

28.   All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Louisiana's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos.

11

29.     All communications between Louisiana and the Media relating to the Center for Medical Progress videos.

30.     All communications between Louisiana and members of the United States Congress (including their staff) related to the Center for Medical Progress videos.

31.     All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to allegations that Planned Parenthood submitted claims to the United States, Texas, or Louisiana in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B).

32.     Documents sufficient to identify the Louisiana Medicaid claims for which Louisiana Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B); and/or (b) you believe that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

33.     Documents sufficient to identify all unpaid Louisiana Medicaid claims that any Planned Parenthood Defendant presented or caused to be presented to Louisiana Medicaid from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B); and/or (b) you believe that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

34.  Documents sufficient to identify all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which: (a) you have concluded that the Planned Parenthood Defendant has an obligation to repay the claim(s); and/or (b) you believe the Planned Parenthood Defendant has an obligation to repay the claim(s), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

35.  Documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the materiality of the alleged participation of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider in fetal tissue procurement or donation or agreement to participate in fetal tissue procurement or donation to the payment of claims to that provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

*   *   *

13

# Exhibit A

Bobby Jindal
GOVERNOR

Kathy H. Kliebert
SECRETARY

# State of Louisiana
### Department of Health and Hospitals
#### Bureau of Legal Services

## BUREAU OF LEGAL SERVICES — FAX TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** | 8·3·15 | | |
| **TO:** | Melaney Linton | | |
| | | | |
| **FROM:** | Steve Russo | | |
| **RE:** | Planned Parenthood | | |
| **FAX NUMBERS:** | 713 535 2618 | | |
| | | | |

**COMMENTS:**

**PAGES:** (INCLUDING COVER SHEET)  9

### PRIVACY AND CONFIDENTIALITY WARNING:

This facsimile is from an attorney and may contain information that is confidential or legally privileged. Further, this facsimile may contain Protected Health Information (PHI), Individually Identifiable Health Information (IIHI) and other information which is protected by law.

This message is only for the use of the intended recipient. Use by an erroneous recipient or any other unauthorized individual or entity of information contained in, or attached to, this or any other facsimile message may result in legal action.

If you are not the intended recipient, you are hereby notified any review, disclosure/re-disclosure, copying, storing, distributing or the taking of action in reliance on the content of this facsimile and any attachments thereto, is strictly prohibited.

If you are not the intended recipient and/or have received this facsimile in error, please (1) immediately advise the sender by telephone that this message has been inadvertently transmitted to you, and (2) destroy the contents of this facsimile and its attachments by deleting any and all electronic copies and any and all hard copies regardless of where they are maintained or stored.

Bienville Building • 628 North 4th Street • P.O. Box 3836 • Baton Rouge, Louisiana 70821-3836
Phone #: (225) 342-1128 • Fax #: (225) 342-2232 • WWW.DHH.LA.GOV
"An Equal Opportunity Employer"

**Bobby Jindal**
GOVERNOR

**Kathy H. Kliebert**
SECRETARY

# State of Louisiana

Department of Health and Hospitals
Office of the Secretary

August 3, 2015

Planned Parenthood of Louisiana
ATTN: Melaney Linton
4018 Magazine St.
New Orleans, LA 70115

**Certified Mail, Return Receipt Requested (7012 1640 0001 7222 5655)**

Re:     Medicaid Provider Agreement
        Provider Number 91338

Dear Mrs. Linton:

As you are aware, in order to participate in the Louisiana Medicaid Program (Medicaid), providers are required to sign a Medicaid provider agreement with the Louisiana Department of Health and Hospitals (LDHH). Pursuant to La. R.S. 46:437.11, each such provider agreement shall be a voluntary contract between LDHH and the applicable health care provider. According to subsection (D)(1) of the statute, a provider agreement **SHALL** be terminable by either party 30 days after receipt of written notice. In accordance with this statute, please consider this your written notice that LDHH is exercising its right to terminate your provider agreement effective 30 days after your receipt of this notice.

After any and all local, state, or federal investigations of your entity have been concluded, LDHH expressly reserves the right to amend this notice and terminate your provider agreement immediately, and without written notice, if you become the subject of a sanction or of a criminal, civil, or departmental proceeding.

Pursuant to La. R.S. 46:107, you have an opportunity for a hearing at the state level based on this termination of your provider agreement. All final decisions in cases of appeal are rendered by the office of the secretary at the state level and such decisions exhaust your administrative remedy. Your request for an Administrative Appeal must be in writing and must set out the reasons for which you are seeking an appeal and the basis on which you disagree with the department's decision. All requests for an Administrative Appeal must be received within 30 calendar days of receipt of this letter.

App. 018

August 3, 2015
Page 2

Any such request must be sent to the address below:

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone: (225) 342-0443
Fax: (225) 219-9823

Please send a copy of any request for appeal to the Bureau of Legal Services at P.O. Box 3836, Baton Rouge, Louisiana 70821, Attention: Stephen Russo.

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying his/her name, address, and telephone number at the address given above.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel at 225-342-1128.

Sincerely,

Kathy Kliebert
Secretary

Cc: Planned Parenthood Gulf Coast (7099 3400 0002 6023 8151)

**Bobby Jindal**
GOVERNOR

**Kathy H. Kliebert**
SECRETARY

# State of Louisiana
Department of Health and Hospitals
Office of the Secretary

August 3, 2015

Planned Parenthood of Houston
ATTN: Melaney Linton
4600 Gulf Fwy.
Houston, TX 77023

**Certified Mail, Return Receipt Requested (7012 1640 0001 7222 5594)**

Re:     Medicaid Provider Agreement
        Provider Number 45802

Dear Mrs. Linton:

As you are aware, in order to participate in the Louisiana Medicaid Program (Medicaid), providers are required to sign a Medicaid provider agreement with the Louisiana Department of Health and Hospitals (LDHH). Pursuant to La. R.S. 46:437.11, each such provider agreement shall be a voluntary contract between LDHH and the applicable health care provider. According to subsection (D)(1) of the statute, a provider agreement **SHALL** be terminable by either party 30 days after receipt of written notice. In accordance with this statute, please consider this your written notice that LDHH is exercising its right to terminate your provider agreement effective 30 days after your receipt of this notice.

After any and all local, state, or federal investigations of your entity have been concluded, LDHH expressly reserves the right to amend this notice and terminate your provider agreement immediately, and without written notice, if you become the subject of a sanction or of a criminal, civil, or departmental proceeding.

Pursuant to La. R.S. 46:107, you have an opportunity for a hearing at the state level based on this termination of your provider agreement. All final decisions in cases of appeal are rendered by the office of the secretary at the state level and such decisions exhaust your administrative remedy. Your request for an Administrative Appeal must be in writing and must set out the reasons for which you are seeking an appeal and the basis on which you disagree with the department's decision. All requests for an Administrative Appeal must be received within 30 calendar days of receipt of this letter.

August 3, 2015
Page 2

Any such request must be sent to the address below:

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone: (225) 342-0443
Fax: (225) 219-9823

Please send a copy of any request for appeal to the Bureau of Legal Services at P.O. Box 3836, Baton Rouge, Louisiana 70821, Attention: Stephen Russo.

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying his/her name, address, and telephone number at the address given above.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel at 225-342-1128.

Sincerely,

Kathy Kliebert
Secretary

Cc: Planned Parenthood Gulf Coast (7012 1640 0001 7222 5693)

App. 021

**Bobby Jindal**
GOVERNOR

**Kathy H. Kliebert**
SECRETARY

## State of Louisiana

Department of Health and Hospitals
Office of the Secretary

August 3, 2015

Planned Parenthood
ATTN: Melaney Linton
4018 Magazine St.
New Orleans, LA 70115

## Certified Mail, Return Receipt Requested (7012 1640 0001 7222 5686)

Re:   Medicaid Provider Agreement
Provider Number 133673

Dear Mrs. Linton:

As you are aware, in order to participate in the Louisiana Medicaid Program (Medicaid), providers are required to sign a Medicaid provider agreement with the Louisiana Department of Health and Hospitals (LDHH). Pursuant to La. R.S. 46:437.11, each such provider agreement shall be a voluntary contract between LDHH and the applicable health care provider. According to subsection (D)(1) of the statute, a provider agreement **SHALL** be terminable by either party 30 days after receipt of written notice. In accordance with this statute, please consider this your written notice that LDHH is exercising its right to terminate your provider agreement effective 30 days after your receipt of this notice.

After any and all local, state, or federal investigations of your entity have been concluded, LDHH expressly reserves the right to amend this notice and terminate your provider agreement immediately, and without written notice, if you become the subject of a sanction or of a criminal, civil, or departmental proceeding.

Pursuant to La. R.S. 46:107, you have an opportunity for a hearing at the state level based on this termination of your provider agreement. All final decisions in cases of appeal are rendered by the office of the secretary at the state level and such decisions exhaust your administrative remedy. Your request for an Administrative Appeal must be in writing and must set out the reasons for which you are seeking an appeal and the basis on which you disagree with the department's decision. All requests for an Administrative Appeal must be received within 30 calendar days of receipt of this letter.

August 3, 2015
Page 2

Any such request must be sent to the address below:

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone: (225) 342-0443
Fax: (225) 219-9823

Please send a copy of any request for appeal to the Bureau of Legal Services at P.O. Box 3836, Baton Rouge, Louisiana 70821, Attention: Stephen Russo.

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying his/her name, address, and telephone number at the address given above.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel at 225-342-1128.

Sincerely,

Kathy Kliebert
Secretary

Cc:  Planned Parenthood Gulf Coast (7012 1640 0001 7222 5679)

**Bobby Jindal**
GOVERNOR

**Kathy H. Kliebert**
SECRETARY

## State of Louisiana
Department of Health and Hospitals
Office of the Secretary

August 3, 2015

Planned Parenthood
ATTN: Melaney Linton
3955 Government Street, Ste. 2
Baton Rouge, LA 70806

**Certified Mail, Return Receipt Requested (7012 1640 0001 7222 5662)**

Re: Medicaid Provider Agreement
Provider Number 133689

Dear Mrs. Linton:

As you are aware, in order to participate in the Louisiana Medicaid Program (Medicaid), providers are required to sign a Medicaid provider agreement with the Louisiana Department of Health and Hospitals (LDHH). Pursuant to La. R.S. 46:437.11, each such provider agreement shall be a voluntary contract between LDHH and the applicable health care provider. According to subsection (D)(1) of the statute, a provider agreement **SHALL** be terminable by either party 30 days after receipt of written notice. In accordance with this statute, please consider this your written notice that LDHH is exercising its right to terminate your provider agreement effective 30 days after your receipt of this notice.

After any and all local, state, or federal investigations of your entity have been concluded, LDHH expressly reserves the right to amend this notice and terminate your provider agreement immediately, and without written notice, if you become the subject of a sanction or of a criminal, civil, or departmental proceeding.

Pursuant to La. R.S. 46:107, you have an opportunity for a hearing at the state level based on this termination of your provider agreement. All final decisions in cases of appeal are rendered by the office of the secretary at the state level and such decisions exhaust your administrative remedy. Your request for an Administrative Appeal must be in writing and must set out the reasons for which you are seeking an appeal and the basis on which you disagree with the department's decision. All requests for an Administrative Appeal must be received within 30 calendar days of receipt of this letter.

Bienville Building • 628 North 4th Street • P.O. Box 629 • Baton Rouge, Louisiana 70821-0629
Phone #: 225/342-9509 • Fax #: 225/342-5568 • *WWW.DHH.LA.GOV*
"An Equal Opportunity Employer"

August 3, 2015
Page 2

Any such request must be sent to the address below:

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone: (225) 342-0443
Fax: (225) 219-9823

Please send a copy of any request for appeal to the Bureau of Legal Services at P.O. Box 3836, Baton Rouge, Louisiana 70821, Attention: Stephen Russo.

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying his/her name, address, and telephone number at the address given above.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel at 225-342-1128.

Sincerely,

Kathy Kliebert
Secretary

Cc:  Planned Parenthood Gulf Coast (7012 1640 0001 7222 5549)

App. 025

# Exhibit B



Bobby Jindal
GOVERNOR

Kathy H. Kliebert
SECRETARY

**State of Louisiana**
Department of Health and Hospitals
Office of the Secretary

September 15, 2015

Planned Parenthood
ATTN: Melaney Linton
4018 Magazine Street
New Orleans, LA 70115

**Certified Mail, Return Receipt Requested (7012 2210 0001 6260 0080)**

Re:    Termination / Revocation of Louisiana Medicaid Provider Agreement
       Provider Number 91338

Dear Mrs. Linton:

Based on the initial findings of Louisiana's investigation into Planned Parenthood Gulf Coast (PPGC), you are hereby notified that the Department of Health and Hospitals (DHH) is hereby terminating / revoking the PPGC provider agreement referenced above. This action is being taken pursuant to La. R.S. 46:437.11 and 46:437.14. This action will take effect following final determination, judgment, completion, withdrawal from, or termination of all administrative and/or legal proceedings in this matter. Such proceedings include, but are not limited to, informal hearings, administrative appeals, appeals for judicial review, appellate judgments, and/or denials of writ applications.

Specifically, it is clear that PPGC entered into a Federal False Claims Act settlement signed on July 25, 2013, by Melaney A. Linton, President and CEO of PPGC agreeing to pay $4,300,000 to the United States who "contend[ed] that PPGC submitted false claims." Settlement Agreement, *Reynolds v. Planned Parenthood Gulf Coast*, No. 9:09-cv-124 (E.D. TX, Lufkin Div.)(July 25, 2013). In accordance with the Louisiana Administrative Code, Title 50, this is a violation. Further, under that same administrative code, PPGC had an affirmative duty to inform BHSF in writing of this violation. Since DHH, through BHSF, was not informed within ten (10) working days of when the provider knew or should have known of the violation, this constitutes a separate violation. Also under consideration in our departmental proceedings are provider audits and federal false claims cases against Planned Parenthood of America (PPFA) affiliates. Included among these are pending federal false claims cases against PPGC, one in which the presiding judge found that the information already provided "allows the court to draw the reasonable inference that Planned Parenthood knowingly filed false claims." Memorandum Opinion and Order at 17, *Carroll v. Planned Parenthood Gulf Coast*, 4:12-cv-03505 (S.D. TX, Houston Div.) (May 14, 2014). Providers and providers-in-fact are required to ensure that all their agents and affiliates are in compliance with all federal and state laws as well as rules, policies and procedures of the Medicaid program. PPGC and its parent organization PPFA has failed to do so and has failed to notify DHH of violations and misconduct by affiliates and providers-in-fact. These are also violations of La. Admin. Code, Title 50.

App. 027

Further, in regard to the Center for Medical Progress (CMP) videos, DHH reviewed responses received from PPGC via letters dated July 24, 2015, and August 14, 2015, from Melaney Linton in response to DHH letters dated July 15, 2015, and August 4, 2015. After said review, DHH believes that PPGC misrepresented its actions therein and had contradictions within the body of the letter and with the statements and admissions made in the CMP videos, including but not limited to the video released on August 4, 2015 and taped in April of this year, containing conversations with PPGC senior management, including the PPGC director of research and PPCFC facility director.

According to La. R.S. 46:437.11(D)(2), the Secretary may terminate a provider agreement immediately and without written notice if a health care provider is the subject of a sanction or of a criminal, civil, or departmental proceeding. The Department determines that PPGC currently fits within this statute due to the investigations of PPGC by both DHH and the Louisiana Office of Inspector General. DHH expressly reserves the right to amend this notice and to terminate your provider agreement immediately and without written notice based on the further findings of the pending investigations by any department of Louisiana, any other State or state agency, or the pending investigations in the congressional committees. DHH has elected to provide PPGC with full due process rights as mentioned above and will not pursue immediate termination pursuant to this notice.

According to 46:437.14(A)(1), DHH may deny or revoke enrollment in the Medicaid program in cases of misrepresentation. As alleged above, DHH believes PPGC's responses to inquiries, when compared to clear representations in various videos, rises to the level of misrepresentation. Further, according to La. R.S. 46:437.14(A)(10) and (12), DHH may move to revoke enrollment if a provider is found in violation of licensing or certification conditions or professional standards relating to the licensure or certification of health care providers or the required quality of goods, services, or supplies provided. Also, a provider agreement can be revoked for failure to meet any condition of enrollment. As a Medicaid provider, PPGC is charged with maintaining compliance with all state statutes, rules and regulations, including the Louisiana Administrative Code mentioned above. PPGC's actions mentioned above are clear violations of applicable administrative code provisions and are clear violations of the statutes mentioned. Based on the conduct described, the above provider number is hereby being terminated / revoked.

You are entitled to an administrative review of this action and it is suspensive if you avail yourself of same. Initially, you should request an Informal Hearing at which you are entitled to both present information in writing or orally, present documents, and to further inquire as to the reasons for our determination. You must make your request for an Informal Hearing in writing and within fifteen (15) calendar days (including Saturdays and Sundays) of receipt of this notice. Your written request should be sent to:

Louisiana DHH, Office of Secretary
P.O. Box 3836
Baton Rouge, Louisiana 70821

You may be represented by an attorney or authorized representative at the Informal Hearing. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address given above.

Following the Informal Hearing you will receive a written Notice of the Results of the Informal Hearing from which you are entitled to seek an appeal before the Division of Administrative Law. This hearing will also be suspensive in nature. Your request for Administrative Appeal must be in writing and set out the reasons for which you are seeking an appeal and the basis upon which you disagree with the results of the Informal Hearing. All requests for an Administrative Appeal must be received within thirty (30) calendar days (including Saturdays and Sundays) of the receipt of this notice. Request for Administrative Appeal must be sent to the address given below.

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone (225) 342-0443
Fax (225) 219-9823

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address above.

You may choose to forego the Informal Hearing and instead request an Administrative Appeal of this action. If you choose this alternative, please follow the procedure described above for scheduling an Administrative Appeal.

If you do not request an Informal Hearing or an Administrative Appeal, your termination will become effective thirty (30) days (including Saturdays and Sundays) from the date of your receipt of this letter.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel, at (225) 342-1115.

Sincerely,

Kathy Kliebert, Secretary
Louisiana Department of Health and Hospitals

Cc: Planned Parenthood Gulf Coast

15-30987-350

Bienville Building • 628 N. 4ᵗʰ Street • P.O. Box 629 • Baton Rouge, Louisiana 70821-0629
Phone #: 225/342-9509 • Fax #: 225/342-5568 • WWW.DHH.LA.GOV
"An Equal Opportunity Employer"

App. 029



Bobby Jindal
GOVERNOR

Kathy H. Kliebert
SECRETARY

### State of Louisiana
Department of Health and Hospitals
Office of the Secretary

September 15, 2015

Planned Parenthood
ATTN: Melaney Linton
3955 Government Street, Suite 2
Baton Rouge, Louisiana 70806

**Certified Mail, Return Receipt Requested (7012 2210 0001 6260 0097)**

Re:    Termination / Revocation of Louisiana Medicaid Provider Agreement
        Provider Number 133689

Dear Mrs. Linton:

Based on the initial findings of Louisiana's investigation into Planned Parenthood Gulf Coast (PPGC), you are hereby notified that the Department of Health and Hospitals (DHH) is hereby terminating / revoking the PPGC provider agreement referenced above. This action is being taken pursuant to La. R.S. 46:437.11 and 46:437.14. This action will take effect following final determination, judgment, completion, withdrawal from, or termination of all administrative and/or legal proceedings in this matter. Such proceedings include, but are not limited to, informal hearings, administrative appeals, appeals for judicial review, appellate judgments, and/or denials of writ applications.

Specifically, it is clear that PPGC entered into a Federal False Claims Act settlement signed on July 25, 2013, by Melaney A. Linton, President and CEO of PPGC agreeing to pay $4,300,000 to the United States who "contend[ed] that PPGC submitted false claims." Settlement Agreement, *Reynolds v. Planned Parenthood Gulf Coast*, No. 9:09-cv-124 (E.D. TX, Lufkin Div.)(July 25, 2013). In accordance with the Louisiana Administrative Code, Title 50, this is a violation. Further, under that same administrative code, PPGC had an affirmative duty to inform BHSF in writing of this violation. Since DHH, through BHSF, was not informed within ten (10) working days of when the provider knew or should have known of the violation, this constitutes a separate violation. Also under consideration in our departmental proceedings are provider audits and federal false claims cases against Planned Parenthood of America (PPFA) affiliates. Included among these are pending federal false claims cases against PPGC, one in which the presiding judge found that the information already provided "allows the court to draw the reasonable inference that Planned Parenthood knowingly filed false claims." Memorandum Opinion and Order at 17, *Carroll v. Planned Parenthood Gulf Coast*, 4:12-cv-03505 (S.D. TX, Houston Div.) (May 14, 2014). Providers and providers-in-fact are required to ensure that all their agents and affiliates are in compliance with all federal and state laws as well as rules, policies and procedures of the Medicaid program. PPGC and its parent organization PPFA has failed to do so and has failed to notify DHH of violations and misconduct by affiliates and providers-in-fact. These are also violations of La. Admin. Code, Title 50.

App. 030

15-3089736(

Further, in regard to the Center for Medical Progress (CMP) videos, DHH reviewed responses received from PPGC via letters dated July 24, 2015, and August 14, 2015, from Melaney Linton in response to DHH letters dated July 15, 2015, and August 4, 2015. After said review, DHH believes that PPGC misrepresented its actions therein and had contradictions within the body of the letter and with the statements and admissions made in the CMP videos, including but not limited to the video released on August 4, 2015 and taped in April of this year, containing conversations with PPGC senior management, including the PPGC director of research and PPCFC facility director.

According to La. R.S. 46:437.11(D)(2), the Secretary may terminate a provider agreement immediately and without written notice if a health care provider is the subject of a sanction or of a criminal, civil, or departmental proceeding. The Department determines that PPGC currently fits within this statute due to the investigations of PPGC by both DHH and the Louisiana Office of Inspector General. DHH expressly reserves the right to amend this notice and to terminate your provider agreement immediately and without written notice based on the further findings of the pending investigations by any department of Louisiana, any other State or state agency, or the pending investigations in the congressional committees. DHH has elected to provide PPGC with full due process rights as mentioned above and will not pursue immediate termination pursuant to this notice.

According to 46:437.14(A)(1), DHH may deny or revoke enrollment in the Medicaid program in cases of misrepresentation. As alleged above, DHH believes PPGC's responses to inquiries, when compared to clear representations in various videos, rises to the level of misrepresentation. Further, according to La. R.S. 46:437.14(A)(10) and (12), DHH may move to revoke enrollment if a provider is found in violation of licensing or certification conditions or professional standards relating to the licensure or certification of health care providers or the required quality of goods, services, or supplies provided. Also, a provider agreement can be revoked for failure to meet any condition of enrollment. As a Medicaid provider, PPGC is charged with maintaining compliance with all state statutes, rules and regulations, including the Louisiana Administrative Code mentioned above. PPGC's actions mentioned above are clear violations of applicable administrative code provisions and are clear violations of the statutes mentioned. Based on the conduct described, the above provider number is hereby being terminated / revoked.

You are entitled to an administrative review of this action and it is suspensive if you avail yourself of same. Initially, you should request an Informal Hearing at which you are entitled to both present information in writing or orally, present documents, and to further inquire as to the reasons for our determination. You must make your request for an Informal Hearing in writing and within fifteen (15) calendar days (including Saturdays and Sundays) of receipt of this notice. Your written request should be sent to:

Louisiana DHH, Office of Secretary
P.O. Box 3836
Baton Rouge, Louisiana 70821

15-30087-361

You may be represented by an attorney or authorized representative at the Informal Hearing. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address given above.

Following the Informal Hearing you will receive a written Notice of the Results of the Informal Hearing from which you are entitled to seek an appeal before the Division of Administrative Law. This hearing will also be suspensive in nature. Your request for Administrative Appeal must be in writing and set out the reasons for which you are seeking an appeal and the basis upon which you disagree with the results of the Informal Hearing. All requests for an Administrative Appeal must be received within thirty (30) calendar days (including Saturdays and Sundays) of the receipt of this notice. Request for Administrative Appeal must be sent to the address given below.

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone (225) 342-0443
Fax (225) 219-9823

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address above.

You may choose to forego the Informal Hearing and instead request an Administrative Appeal of this action. If you choose this alternative, please follow the procedure described above for scheduling an Administrative Appeal.

If you do not request an Informal Hearing or an Administrative Appeal, your termination will become effective thirty (30) days (including Saturdays and Sundays) from the date of your receipt of this letter.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel, at (225) 342-1115.

Sincerely,

Kathy Kliebert

Kathy Kliebert, Secretary
Louisiana Department of Health and Hospitals

Cc: Planned Parenthood Gulf Coast

15-30987.362

Bienville Building • 628 N. 4ᵗʰ Street • P.O. Box 629 • Baton Rouge, Louisiana 70821-0629
Phone #: 225/342-9509 • Fax #: 225/342-5568 • WWW.DHH.LA.GOV
"An Equal Opportunity Employer"



**Bobby Jindal**
GOVERNOR

**Kathy H. Kliebert**
SECRETARY

**State of Louisiana**
Department of Health and Hospitals
Office of the Secretary

September 15, 2015

Planned Parenthood
ATTN:Melaney Linton
4600 Gulf Hwy.
Houston, TX  77023

**Certified Mail, Return Receipt Requested (7012 2210 0001 6260 0073)**

Re:    Termination / Revocation of Louisiana Medicaid Provider Agreement
         Provider Number 45802

Dear Mrs. Linton:

Based on the initial findings of Louisiana's investigation into Planned Parenthood Gulf Coast (PPGC), you are hereby notified that the Department of Health and Hospitals (DHH) is hereby terminating / revoking the PPGC provider agreement referenced above.  This action is being taken pursuant to La. R.S. 46:437.11 and 46:437.14.  This action will take effect following final determination, judgment, completion, withdrawal from, or termination of all administrative and/or legal proceedings in this matter.  Such proceedings include, but are not limited to, informal hearings, administrative appeals, appeals for judicial review, appellate judgments, and/or denials of writ applications.

Specifically, it is clear that PPGC entered into a Federal False Claims Act settlement signed on July 25, 2013, by Melaney A. Linton, President and CEO of PPGC agreeing to pay $4,300,000 to the United States who "contend[ed] that PPGC submitted false claims."  Settlement Agreement, *Reynolds v. Planned Parenthood Gulf Coast*, No. 9:09-cv-124 (E.D. TX, Lufkin Div.)(July 25, 2013).  In accordance with the Louisiana Administrative Code, Title 50, this is a violation.  Further, under that same administrative code, PPGC had an affirmative duty to inform BHSF in writing of this violation.  Since DHH, through BHSF, was not informed within ten (10) working days of when the provider knew or should have known of the violation, this constitutes a separate violation.  Also under consideration in our departmental proceedings are provider audits and federal false claims cases against Planned Parenthood of America (PPFA) affiliates.  Included among these are pending federal false claims cases against PPGC, one in which the presiding judge found that the information already provided "allows the court to draw the reasonable inference that Planned Parenthood knowingly filed false claims."  Memorandum Opinion and Order at 17, *Carroll v. Planned Parenthood Gulf Coast*, 4:12-cv-03505 (S.D. TX, Houston Div.) (May 14, 2014).  Providers and providers-in-fact are required to ensure that all their agents and affiliates are in compliance with all federal and state laws as well as rules, policies and procedures of the Medicaid program. PPGC and its parent organization PPFA has failed to do so and has failed to notify DHH of violations and misconduct by affiliates and providers-in-fact. These are also violations of La. Admin. Code, Title 50.

App. 033

Further, in regard to the Center for Medical Progress (CMP) videos, DHH reviewed responses received from PPGC via letters dated July 24, 2015, and August 14, 2015, from Melaney Linton in response to DHH letters dated July 15, 2015, and August 4, 2015. After said review, DHH believes that PPGC misrepresented its actions therein and had contradictions within the body of the letter and with the statements and admissions made in the CMP videos, including but not limited to the video released on August 4, 2015 and taped in April of this year, containing conversations with PPGC senior management, including the PPGC director of research and PPCFC facility director.

According to La. R.S. 46:437.11(D)(2), the Secretary may terminate a provider agreement immediately and without written notice if a health care provider is the subject of a sanction or of a criminal, civil, or departmental proceeding. The Department determines that PPGC currently fits within this statute due to the investigations of PPGC by both DHH and the Louisiana Office of Inspector General. DHH expressly reserves the right to amend this notice and to terminate your provider agreement immediately and without written notice based on the further findings of the pending investigations by any department of Louisiana, any other State or state agency, or the pending investigations in the congressional committees. DHH has elected to provide PPGC with full due process rights as mentioned above and will not pursue immediate termination pursuant to this notice.

According to 46:437.14(A)(1), DHH may deny or revoke enrollment in the Medicaid program in cases of misrepresentation. As alleged above, DHH believes PPGC's responses to inquiries, when compared to clear representations in various videos, rises to the level of misrepresentation. Further, according to La. R.S. 46:437.14(A)(10) and (12), DHH may move to revoke enrollment if a provider is found in violation of licensing or certification conditions or professional standards relating to the licensure or certification of health care providers or the required quality of goods, services, or supplies provided. Also, a provider agreement can be revoked for failure to meet any condition of enrollment. As a Medicaid provider, PPGC is charged with maintaining compliance with all state statutes, rules and regulations, including the Louisiana Administrative Code mentioned above. PPGC's actions mentioned above are clear violations of applicable administrative code provisions and are clear violations of the statutes mentioned. Based on the conduct described, the above provider number is hereby being terminated / revoked.

You are entitled to an administrative review of this action and it is suspensive if you avail yourself of same. Initially, you should request an Informal Hearing at which you are entitled to both present information in writing or orally, present documents, and to further inquire as to the reasons for our determination. You must make your request for an Informal Hearing in writing and within fifteen (15) calendar days (including Saturdays and Sundays) of receipt of this notice. Your written request should be sent to:

Louisiana DHH, Office of Secretary
P.O. Box 3836
Baton Rouge, Louisiana 70821

You may be represented by an attorney or authorized representative at the Informal Hearing. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address given above.

Following the Informal Hearing you will receive a written Notice of the Results of the Informal Hearing from which you are entitled to seek an appeal before the Division of Administrative Law. This hearing will also be suspensive in nature. Your request for Administrative Appeal must be in writing and set out the reasons for which you are seeking an appeal and the basis upon which you disagree with the results of the Informal Hearing. All requests for an Administrative Appeal must be received within thirty (30) calendar days (including Saturdays and Sundays) of the receipt of this notice. Request for Administrative Appeal must be sent to the address given below.

Division of Administrative Law – HH Section
P.O. Box 4189
Baton Rouge, Louisiana 70821-4189
Phone (225) 342-0443
Fax (225) 219-9823

You may be represented by an attorney or authorized representative at the Administrative Appeal. Your attorney or authorized representative must file a written notice of representation identifying himself by name, address, and telephone number at the address above.

You may choose to forego the Informal Hearing and instead request an Administrative Appeal of this action. If you choose this alternative, please follow the procedure described above for scheduling an Administrative Appeal.

If you do not request an Informal Hearing or an Administrative Appeal, your termination will become effective thirty (30) days (including Saturdays and Sundays) from the date of your receipt of this letter.

If you have any questions regarding this correspondence, you may contact Stephen R. Russo, Executive Counsel, at (225) 342-1115.

Sincerely,

Kathy Kliebert, Secretary
Louisiana Department of Health and Hospitals

Cc: Planned Parenthood Gulf Coast

15-30987.365

Bienville Building • 628 N. 4th Street • P.O. Box 629 • Baton Rouge, Louisiana 70821-0629
Phone #: 225/342-9509 • Fax #: 225/342-5568 • WWW.DHH.LA.GOV
"An Equal Opportunity Employer"

App. 035

# Exhibit C

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



August 11, 2016

Ms. Jen Steele, Medicaid Director
State of Louisiana
Department of Health and Hospitals
628 N. 4th Street
PO Box 91030
Baton Rouge, LA  70821-9030

Dear Director Steele:

This letter is in response to recent actions taken by the State of Louisiana to terminate its Medicaid provider agreements with Planned Parenthood Gulf Coast (PPGC).  As previously discussed with the state on August 4, 2016, the Centers for Medicare & Medicaid Services (CMS) would like to remind the state of its obligation to remain in compliance with the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act (the Act).  In addition, the state is obligated to ensure beneficiary access to covered services under section 1902(a)(30)(A) of the Act.   As highlighted below, CMS seeks a response from the state detailing its compliance with those requirements.

Under federal law, at section 1902(a)(23) of the Act, a Medicaid beneficiary may obtain medical services "from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . who undertakes to provide him such services."  This provision is often referred to as the "any willing provider" or "free choice of provider" provision.  While states maintain the authority to establish reasonable standards for provider qualifications (in accordance with 42 C.F.R. § 431.51(c)(2)), any willing provider that is qualified to provide covered services according to the reasonable standards established by the state must be allowed to provide such services to Medicaid beneficiaries.  For further discussion of the "Free Choice of Provider Provisions," see State Medicaid Director Letter #16-005, published on April 19, 2016.

In addition, CMS is concerned about the effect the termination of the provider agreement with PPGC would have on Louisiana Medicaid beneficiaries' access to women's health services within the state.  Section 1902(a)(30)(A) of the Act requires that states have methods and procedures to ensure that there are sufficient providers so that care and services are available to Medicaid beneficiaries "at least to the extent that such care and services are available to the general population in the area."  It is not clear that this access requirement would be met for beneficiaries in several areas in Louisiana without the participation of PPGC, absent other changes in Louisiana's program.

Although states have authority to terminate providers from participating in Medicaid, this authority is limited to circumstances implicating the fitness of the provider to perform covered medical services or appropriately bill for them.  States must terminate those providers that have

Page 2 – Ms. Jen Steele, Medicaid Director

committed certain types of fraud or other criminal acts related to involvement with the Medicare, Medicaid or the Children's Health Insurance Program (CHIP) programs. States must also terminate providers subject to federal disbarment or exclusion determinations. As explained in the April 2016 guidance, states must have a valid reason for terminating a provider, related to the provider's ability to render covered services or to properly bill for those services – reasons, for instance, that bear on the individual's or entity's professional competence, professional performance, or financial integrity.

We are unaware of any basis for Louisiana to terminate PPGC's provider agreements, which would be consistent with these limited reasons for excluding providers from Medicaid participation. Therefore, we ask that you provide information to CMS documenting the state's basis for termination, including documentation and supporting evidence that answers the following questions:

1. Why does the state believe that there were violations of La R.S. 46:437.11 and 46:437.14?

2. Has the state terminated other types of providers for similar violations of these provisions?

3. How do the state provisions located at La R.S. 46:437.11 and 46:437.14 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

4. Why does the state believe that there were violations of the State's Administrative Code Title 50?

5. How does the State's Administrative Code Title 50 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

6. Does the state have evidence that the provider has committed fraud or criminal action, was in material non-compliance with relevant requirements, or had material issues concerning its fitness to perform covered services or appropriately bill for them? If so, please provide that evidence.

7. How will the state's actions affect access to women's health services in the state, including the state's ability to comply with the requirements set forth in section 1902(a)(30)(A)?

To the extent that Louisiana's actions conflict with federal law, CMS may take further actions to protect Medicaid beneficiaries using its authority under section 1904 of the Act, as implemented at 42 Code of Federal Regulations (CFR) 430.35 and 42 CFR Part 430, Subpart D. Please submit a response to this letter explaining the reasons for the termination of PPGC, and the state's analysis of access issues, by September 6, 2016. Absent a response by this date indicating how Louisiana is in compliance with section 1902(a)(23), CMS may initiate a compliance action that could result in the withholding of federal funds.

Page 2 – Ms. Jen Steele, Medicaid Director

Should the state have any questions or wish to discuss the federal requirements applicable to this matter, please feel free to contact me at (410)786-3870.

Sincerely,

Vikki Wachino
Director

# Exhibit D

**Williams, Reynaldo (CMS/OSORA)**

| | |
|---|---|
| **From:** | Kimberly Sullivan <Kimberly.Sullivan@LA.GOV> |
| **Sent:** | Tuesday, September 27, 2016 12:19 PM |
| **To:** | Schubel, Jessica L. (CMS/CMCS); Kress, Marielle J. (CMS/CMCS); Wachino, Victoria (CMS/CMCS) |
| **Cc:** | Lee, Gia (OS/OGC); Kimberly Humbles; Stephen Russo; Steele, Jen |
| **Subject:** | RE: CMS letter dated 8/11/16 to Louisiana |
| **Attachments:** | PPGC ltrs 9.15.15.pdf |

Ms. Wachino,

The Louisiana Department of Health (LDH) is in receipt of your letter of August 11, 2016 in regards to the actions taken on the Medicaid provider agreements with Planned Parenthood Gulf Coast (PPGC). We appreciate the extra time given to LDH to respond to the letter in light of the flooding event.

First, LDH takes its responsibility to administer the Medicaid Program in accordance with all federal and state laws very seriously. Cooperation by a Medicaid provider during an investigation into potential wrongdoing is a cornerstone to fulfilling this obligation. Second, LDH is well aware of the right of a Medicaid recipient to choose a Medicaid provider from the pool of eligible, qualified providers. However, a Medicaid provider that is disqualified from the program must exhaust the required administrative review process before seeking judicial review. Louisiana's Administrative Code protects the Medicaid recipients during the review by making the process suspensive, effectively staying the administrative action until the process concludes. The ruling by the Court to allow Medicaid recipients to challenge a disqualification decision in federal court during the administrative process, or after a provider abandons that process, will have a grave impact on Medicaid administration. Based on this recent Court decision, it is only a matter of time before disqualified Medicaid providers attempt to recruit Medicaid recipients to file lawsuits that a Medicaid provider may not be allowed to file.

With regard to the action referenced in the August 11, 2016 letter, LDH had a good faith basis to investigate PPGC following the revelations, in which you are aware. Any reasonable person would agree that the information in the video was concerning and warranted further investigation. Based in part on the position of CMS regarding the at-will termination, LDH voluntarily withdrew that action and proceeded with a termination for-cause. LDH fully anticipated that PPGC would proceed with the administrative review process, during which its Medicaid recipients were assured access. Regrettably, PPGC instead chose to abandon the administrative appeal process, risking the care to all of its Medicaid recipients and brought a lawsuit by three Medicaid recipients recruited by PPGC.

With regard to your specific questions, we offer the following:

1.   Why does the state believe that there were violations of La R.S. 46:437.11 and 46:437.14?

     *Please see attached letters sent to PPGC on September 15, 2015.*

2.   Has the state terminated other types of providers for similar violations of these provisions?

     *Yes.*

3. How do the state provisions located at La R.S. 46:437.11 and 46:437.14 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

*Please see attached letters sent to PPGC sent on September 15, 2015. The provisions of La R.S. 46:437.11 and 46:437.14 are an important part of the authority structure that enables LDH to administer the state plan in a fiscally, professionally, and morally responsible manner that protects Medicaid recipients and public resources.*

4. Why does the state believe that there were violations of the State's Administrative Code Title 50?

*Please see attached letters sent to PPGC on September 15, 2015.*

5. How does the State's Administrative Code Title 50 relate to the fitness of the providers to furnish covered services or its ability to appropriately bill for them in accordance with the approved state plan?

*Please see attached letters sent to PPGC on September 15, 2015.*

6. Does the state have evidence that the provider has committed fraud or criminal action, was in material non-compliance with relevant requirements, or had material issues concerning its fitness to perform covered services or appropriately bill for them? If so, please provide that evidence.

*Please see attached letters sent to PPGC on September 15, 2015.*

7. How will the state's actions affect access to women's health services in the state's ability to comply with the requirements set forth in section 1902(a)(30)(A)?

*The action taken by the state regarding PPGC did not affect Medicaid recipient access to health care because the action was not final and was subject to a fully suspensive administrative review. PPGC inexplicably abandoned that process and, instead, obtained a preliminary injunction. The result to the Medicaid recipient is the same; access to women's health services has not been disturbed.*

LDH believes this adequately addresses the issues raised in the letter of August 11, 2016. As always, LDH's primary concern is the care and health of the Medicaid recipients it serves through the Louisiana Medicaid program. None of the actions taken against PPGC affected the health or access to health care services of any Louisiana Medicaid recipients.

Sincerely,

*Kimberly Sullivan*
*LDH Deputy General Counsel*
*628 N. 4th Street*
*P.O. Box 3836*
*Baton Rouge, LA 70821*
*(225) 342-1128*
*Fax: (225) 342-2232*
*kimberly.sullivan@la.gov*

App. 042



---

**From:** Schubel, Jessica L. (CMS/CMCS) [mailto:Jessica.Schubel@cms.hhs.gov]
**Sent:** Sunday, September 18, 2016 6:35 PM
**To:** Kimberly Sullivan; Kress, Marielle J. (CMS/CMCS); Wachino, Victoria (CMS/CMCS)
**Cc:** Lee, Gia (OS/OGC); Kimberly Humbles; Stephen Russo
**Subject:** RE: CMS letter dated 8/11/16 to Louisiana

Ms. Sullivan,

Apologies for the delayed response, but we will provide a one-week extension.  Your response is due Tuesday, September 27th.

Thanks,
Jessica

Jessica Schubel
Senior Policy Advisor
Office of the Director, Center for Medicaid and CHIP Services

---

**From:** Kimberly Sullivan [mailto:Kimberly.Sullivan@LA.GOV]
**Sent:** Thursday, September 15, 2016 10:30 AM
**To:** Kress, Marielle J. (CMS/CMCS) <Marielle.Kress@cms.hhs.gov>; Wachino, Victoria (CMS/CMCS) <Victoria.Wachino1@cms.hhs.gov>
**Cc:** Lee, Gia (OS/OGC) <Gia.Lee@hhs.gov>; Schubel, Jessica L. (CMS/CMCS) <Jessica.Schubel@cms.hhs.gov>; Kimberly Humbles <Kimberly.Humbles@LA.GOV>; Stephen Russo <Stephen.Russo@LA.GOV>
**Subject:** RE: CMS letter dated 8/11/16 to Louisiana

Ms. Kress and Ms. Wachino,

In light of the 5th Circuit ruling in the Planned Parenthood case yesterday, we are asking for a further extension to respond to this letter so the State can re-evaluate the actions taken in this case.

Sincerely,

*Kimberly Sullivan*
*LDH Deputy General Counsel*
*628 N. 4th Street*
*P.O. Box 3836*
*Baton Rouge, LA  70821*
*(225) 342-1128*
*Fax: (225) 342-2232*
*kimberly.sullivan@la.gov*



3

**From:** Kress, Marielle J. (CMS/CMCS) [mailto:Marielle.Kress@cms.hhs.gov]
**Sent:** Friday, September 02, 2016 2:59 PM
**To:** Kimberly Sullivan; Kimberly Humbles; Stephen Russo; Jen Steele
**Cc:** Wachino, Victoria (CMS/CMCS); Lee, Gia (OS/OGC); Schubel, Jessica L. (CMS/CMCS)
**Subject:** RE: CMS letter dated 8/11/16 to Louisiana

Ms. Sullivan,

Vikki asked me to respond to you on her behalf. We are granting you the two week extension you requested. Your response is due on Tuesday, September 20th.

Thanks,
Marielle

**Marielle Kress**
Senior Advisor
Office of the Director, Center for Medicaid and CHIP Services
224-234-7913 (blackberry) | marielle.kress@cms.hhs.gov

**From:** Kimberly Sullivan [mailto:Kimberly.Sullivan@LA.GOV]
**Sent:** Friday, September 2, 2016 1:18 PM
**To:** Wachino, Victoria (CMS/CMCS) <Victoria.Wachino1@cms.hhs.gov>
**Cc:** Kimberly Humbles <Kimberly.Humbles@LA.GOV>; Stephen Russo <Stephen.Russo@LA.GOV>; Steele, Jen <Jen.Steele@LA.GOV>
**Subject:** CMS letter dated 8/11/16 to Louisiana

Ms. Wachino,

The Department is in receipt of your letter dated August 11, 2016 in regards to the State's decision to terminate its Medicaid provider agreements with Planned Parenthood Gulf Coast.  Currently, our response is due on September 6, 2016.  Due to recent flooding events and the fact that this issue is currently in litigation, we would like to request a two week extension in which to respond.

Sincerely,

*Kimberly Sullivan*
*LDH Deputy General Counsel*
*628 N. 4th Street*
*P.O. Box 3836*
*Baton Rouge, LA  70821*
*(225) 342-1128*
*Fax: (225) 342-2232*
*kimberly.sullivan@la.gov*



App. 044

# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALEX DOE, Relator, *et al.*, | ) ) ) | |
| Plaintiffs | ) ) | Civil Action No. 2:21-22 |
| v. | ) ) | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

### NON-PARTY LOUISIANA ATTORNEY GENERAL JEFF LANDRY'S RESPONSES AND OBJECTIONS TO DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S SUBPOENA

Pursuant to the Federal Rules of Civil Procedure, non-party Louisiana Attorney General Jeff Landry ("AG Landry"), in his official capacity hereby provides his responses and objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the Subpoena") issued by Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC").

### PRELIMINARY STATEMENT AND OFFER TO MEET AND CONFER

Defendant PPGC's subpoena to non-party AG Landry appears to largely seek files from prior litigation involving PPGC. The relevance of the facts underlying that litigation to this litigation is dubious, at best. To the extent documents regarding AG Landry's prior litigation on behalf of the Louisiana Department of Health are relevant and not privileged, those documents are presumably in PPGC's possession. Several requests that don't target the Louisiana Department of Justice's litigation files facially seek documents providing legal advice or analysis; and other requests seek documents that are in the possession, custody, or control of the named parties, such

1

that propounding those requests to a non-party is generally improper. AG Landry notes PPGC appears to have propounded more document requests—35—on non-party AG Landry than it has on actual parties: only 15 requests to the relator, and only 20 requests to the State of Texas. *See* Dkt. 131-1, 132-1.

PPGC's subpoena as a whole is over broad, unduly burdensome, and not proportional to the needs of this case. It reflects an utter failure to "take reasonable steps to avoid imposing undue burden or expense" on non-party AG Landry. Fed. R. Civ. P. 45(d)(1). In view of the vast overbreadth and undue burden posed by PPGC's subpoena, AG Landry will not search for or produce documents other than claims data, *see* Request Nos. 32-34, until the parties confer and agree on the scope of a reasonable search.

## **GENERAL OBJECTIONS**

1.       AG Landry objects to the Subpoena, and each request, definition, and instruction therein to the extent that it is inconsistent with or attempts to impose burdens or obligations on AG Landry beyond those imposed by the Federal Rules of Civil Procedure and applicable law. AG Landry will comply with the Federal Rules of Civil Procedure, but assumes no further obligations in responding to the Subpoena.

2.       AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, or any other applicable privilege or protection such as HIPAA ("privileged information"). The inadvertent disclosure of privileged information in response to these requests shall not be deemed a waiver of any privilege as to any privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently disclosed privileged

2

information.  To the extent any privileged information that is requested (a) is not otherwise objectionable, (b) was created or modified prior to August 3, 2015 (when LDH notified PPGC it was terminating PPG's Medicaid provider agreements), or alternatively August 25, 2015 (when PPGC sued LDH), or alternatively September 15, 2015 (when LDH terminated PPGC's Medicaid provider agreements), or alternatively February 5, 2021 (when relator filed this lawsuit), and (c) was transmitted to or received from outside the Louisiana Department of Justice, it will be identified in a privilege log of withheld documents, which shall be provided at a reasonable date in the future after the parties meet and confer.

3.     AG Landry asserts that documents not transmitted outside the Louisiana Department of Justice are categorically privileged under the attorney-client privilege, work product doctrine, and/or deliberative process privilege, and that requiring non-party AG Landry to search for, review, and prepare a log of such documents is not proportional to the needs of the case. AG Landry will neither search for nor prepare a log of such internal LADOJ documents.

4.     AG Landry objects to the Subpoena and each request, definition, and instruction therein as overbroad, unduly burdensome, and oppressive to the extent that it seeks documents or information that: (a) are already in PPGC's possession, custody, or control; (b) do not exist or are unlikely to be in AG Landry's possession, custody, or control; (c) are equally or more readily available from sources other than AG Landry; (d) PPGC can obtain from other sources that are more convenient, less burdensome, and/or less expensive than requiring non-party AG Landry to search for and provide the documents or information.

5.     AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent they call for information that is protected by HIPAA or is confidential by law.

3

6.      AG Landry objects to the Subpoena and each request, definition, and instruction therein as overbroad, unduly burdensome, and oppressive to the extent it seeks production of "all" documents, especially when supplemented by terms such as "including," "concerning," "relating to," or the like. AG Landry similarly objects to searching for and producing draft documents as unduly burdensome and beyond the scope of permissible discovery, particularly given AG Landry's status as a non-party. *See* Fed. R. Civ. P. 26(b)(1). AG Landry will produce such final, non-privileged documents as are located after a reasonable search.

7.      AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent that it:

    a.   is unduly burdensome, oppressive, overly broad, ambiguous, confusing, or vague;

    b.   is duplicative or unreasonably cumulative of other requests or discovery;

    c.   calls for AG Landry to draw a legal conclusion in order to respond; or

    d.   seeks disclosure of information that is the confidential information of, proprietary to, or the trade secret of, a third party to whom AG Landry owes a duty of confidentiality, or is protected by court order.

8.      AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent that it seeks information or documents that are not relevant to any claim or defense asserted in this action or otherwise beyond the scope of permissible discovery in this action.

9.      AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent that it does not specify a time period or seeks to impose an unreasonable time period.

4

10.     AG Landry's responses to these requests shall not be construed in any way as an admission that any definition provided by PPGC is either factually correct or legally binding upon AG Landry.

11.     AG Landry objects to each request, definition, and instruction to the extent that they contain numerous subparts, are compound, pose multiple requests and/or questions, and thereby render the set of requests unduly burdensome.

12.     AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent it uses words and phrases that are vague, ambiguous, not defined in an understandable manner, requires subjective knowledge, or involves issues of law subject to resolution by the court. To the extent feasible, AG Landry will interpret the terms and phrases used in the Subpoena as those terms and phrases are understood by AG Landry.

13.     AG Landry objects to the Subpoena and each request, definition, and instruction therein to the extent it seeks documents or things in a manner other than the manner in which such documents or things are kept in the usual course of business.

14.     AG Landry objects to the 35 request (plus numerous subparts) subpoena as facially overbroad, unduly burdensome, oppressive, and inconsistent with PPGC's and the issuing attorney's responsibility to take reasonable steps to avoid imposing undue burden or expense, particularly given AG Landry's status as a non-party. *See* Fed. R. Civ. P. 45(d)(1). Indeed, AG Landry notes that cursory investigation reveals that numerous requests are not applicable to AG Landry. AG Landry reserves the right to seek to quash the Subpoena, seek a protective order, seek cost shifting, and/or seek other relief.

15.     AG Landry objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, and oppressive to the extent it seeks data found on

5

email, backup media, voicemails, PDAs, or mobile phones.  Pursuant to Fed. R. Civ. P. 45(e)(1), data found on email, backup media, voicemails, PDAs, and mobile phones will not be searched or produced. AG Landry identifies these sources of ESI as not reasonably accessible because of undue burden and cost particularly given AG Landry's status as a non-party.

16.    AG Landry objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, oppressive, and outside the scope of discovery to the extent it seeks the production of metadata. Pursuant to Fed. R. Civ. P. 45(e)(1), metadata will not be searched or produced. AG Landry identifies metadata as not reasonably accessible because of undue burden and cost, particularly given AG Landry's status as a non-party.

17.    AG Landry objects to the specified time of production, particularly given the vast breadth of the Subpoena. After the parties agree on a reasonable scope of resposnes, AG Landry will conduct a reasonable search for responsive documents and will produce such responsive, nonprivileged documents as are located at a mutually convenient time and place, or via electronic transmission to the attorney who issued the Subpoena. AG Landry will produce responsive claims data, if any is located, in coming days.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1. AG Landry objects to the definition of "Louisiana," "you," and "your" as vague and ambiguous to the extent it requires knowledge about agencies, offices, divisions, or departments other than the Louisiana Department of Justice, or the identities of persons acting on their behalf. AG Landry will respond based on his understanding of these terms. AG Landry objects to this term as used in the subpoena to the extent it purports to require him to search for or produce documents outside of his possession, custody, or control.

2. AG Landry objects to the definition of "Texas" as vague and ambiguous to the extent it

6

requires knowledge about the relationships of Texas, Texas agencies, other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

3. AG Landry objects to the term "Relator" as vague and ambiguous because no name is provided.

8. AG Landry objects to the term "Center for Medical Progress" as vague and ambiguous to the extent it requires knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

10. AG Landry objects to the term "David Daleiden" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

12. AG Landry objects to the term "Government" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

13. AG Landry objects to the term "Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

14. AG Landry objects to the term "Texas Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

15. AG Landry objects to the term "Louisiana Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. AG Landry will respond based on his understanding of that term.

16. AG Landry objects to the term "generally accepted medical standards" as vague and

ambiguous to the extent it is based on someone else's subjective understanding. AG Landry will respond based on his understanding of that term.

17. AG Landry objects to the term "fetal tissue procurement" as vague and ambiguous to the extent it is based on someone else's subjective understanding. AG Landry will respond based on his understanding of that term.

20. AG Landry objects to the term "overpayment" as vague and ambiguous to the extent it is based on someone else's subjective understanding. AG Landry will respond based on his understanding of that term.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST NO. 1:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to PPGC's Louisiana Medicaid status from 2010 to the present including but not limited to:
a. documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether PPGC remains a Louisiana Medicaid Provider after November 23, 2020; and
b. documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether PPGC remains a Louisiana Medicaid Provider after January 20, 2022.

**RESPONSE TO REQUEST NO. 1:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, compound, indecipherable, and beyond the scope of discovery, particularly to the extent it seeks "all documents . . . related to . . . including by not limited to . . . ." multiple subjects. AG Landry objects to this request as over broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks (a) publicly available documents or (b) documents in the possession of the parties.

Subject to the foregoing general and specific objections, AG Landry is willing to meet

8

and confer regarding an appropriate scope of non-privileged documents to search for in response

to this request.

**REQUEST NO. 2:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Louisiana's consideration and decision to terminate any Planned Parenthood Defendant from Louisiana Medicaid based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (attached as Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (attached as Ex. B) including but not limited to:

a. documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Jen Steele, Medicaid Director, State of Louisiana, Department of Health and Hospitals (attached as Ex. C).and Louisiana's response to that letter on September 27, 2016 (attached as Ex. D); and

b. documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the basis for Louisiana's termination/revocation of the Louisiana Medicaid Provider Agreements with PPGC, including but not limited to the alleged "mispresentations" by PPGC referenced in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (attached as Ex. B).

**RESPONSE TO REQUEST NO. 2:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry

objects to this request to the extent it seeks privileged information. AG Landry objects to this

request as overbroad, unduly burdensome, compound, indecipherable, and beyond the scope of

discovery, particularly (a) to the extent it seeks "all documents . . . related to . . . including by not

limited to . . . ." multiple subjects, (b) as it seeks documents of marginal or no relevance, and (c)

to the extent it seeks documents that are publicly available or available from the parties.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

confer regarding an appropriate scope of non-privileged documents to search for in response to

9

this request.

## REQUEST NO. 3:

Documents sufficient to identify the instances when Louisiana "terminated other types of providers for similar violations of these provisions" as referenced in Louisiana's response to Question No. 2 in its September 27, 2016 response (attached as Ex. D). Your response should include for each termination, documents sufficient to identify the provider that was terminated, the date of the termination, the reason for the termination, the date of the conduct that resulted in the termination, whether the provider was asked or obligated to return any amounts reimbursed under Medicaid or Louisiana Medicaid, whether the provider did return any amounts reimbursed under Medicaid or Louisiana Medicaid, and the amount of any reimbursements that were returned.

## RESPONSE TO REQUEST NO. 3:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as inherently subjective in seeking "documents sufficient to identify" various circumstances. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case in seeking documents related to termination of providers other than any Defendant, *i.e.*, documents that are either marginally relevant or not relevant to the claims and defenses in this case.

Subject to the foregoing general and specific objections, AG Landry will neither search for nor produce documents in response to this request.

## REQUEST NO. 4:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A).

## RESPONSE TO REQUEST NO. 4:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this

App. 054

request as unduly burdensome and disproportionate to the needs of the case, particularly (a) as it

seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available

from the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

confer regarding an appropriate scope of non-privileged documents to search for in response to

this request.

**REQUEST NO. 5:**

All documents (including, but not limited to, communications involving one of your personnel
and any other person or persons) related to Louisiana's decision to rescind the termination
notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals
on or about August 3, 2015 (Ex. A).

**RESPONSE TO REQUEST NO. 5:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry

objects to this request to the extent it seeks privileged information. AG Landry objects to this

request as overbroad, unduly burdensome, and beyond the scope of discovery, particularly to the

extent it seeks "all documents  . . . related to . . ." a subject. AG Landry objects to this request as

unduly burdensome and disproportionate to the needs of the case particularly (a) as it seeks

documents of marginal or no relevance, and (b) to the extent it seeks documents available from

the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

confer regarding an appropriate scope of non-privileged documents to search for in response to

this request.

**REQUEST NO. 6:**

All documents (including, but not limited to, communications involving one of your
personnel and any other person or persons) related to the termination notices issued
to Planned Parenthood by the Louisiana Department of Health and Hospitals on or

about September 15, 2015 (Ex. B).

**RESPONSE TO REQUEST NO. 6:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to . . ." a subject. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 7:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to Texas's consideration and decision to terminate any Planned Parenthood Defendant from Texas Medicaid based on grounds asserted in the termination notices issued to Planned Parenthood by the Office of Inspector General, Texas Health & Human Services Commission on or about October 19, 2015 and December 20, 2016 (Relator's Compl. [Dkt. 2] Exs. B, C).

**RESPONSE TO REQUEST NO. 7:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to . . ." a subject. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 8:**

All documents relating to or reflecting communications with the Center for Medical Progress and/or David Daleiden from 2013 to present.

**RESPONSE TO REQUEST NO. 8:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery, particularly to the extent it seeks (a) "all documents relating to or reflecting . . . ." or (b) documents available from a party.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

**REQUEST NO. 9:**

All documents related to your decision to not intervene in Relator Doe's case.

**RESPONSE TO REQUEST NO. 9**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad and unduly burdensome to the extent it seeks "all documents related to" a subject.

Subject to the foregoing general and specific objections, AG Landry will not produce documents in response to this request.

13

**REQUEST NO. 10:**

All documents relating to or reflecting communications with any staff, attorneys, or investigators for Louisiana regarding the matters alleged Relator's Complaint, including but not limited to (i) information about any Planned Parenthood Defendant provided to the State of Louisiana by Relator, (ii) the termination of any Planned Parenthood Defendant from Louisiana Medicaid, and (iii) the litigation initiated by any Planned Parenthood Defendant regarding its potential termination from Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 10:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery to the extent it seeks "all documents . . . related to or reflecting communications . . . regarding the matters alleged in Relator's complaint, including but not limited to . . . ." various subjects. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and harassing to the extent it seeks production of files from prior litigations. AG Landry objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents available from a party or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will neither search for nor produce documents in response to this request.

**REQUEST NO. 11:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any fetal tissue procurement or donation in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or facilitated or agreed to participate or facilitate.

**RESPONSE TO REQUEST NO. 11:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this

14

request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks

"all documents  . . . relating to" various subjects. AG Landry objects to this request as unduly

burdensome and disproportionate to the needs of the case to the extent it seeks publicly available

documents. AG Landry objects to this request as beyond the scope of discovery and seeking

information not relevant to any party's claim or defense.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

confer regarding an appropriate scope of non-privileged documents to search for in response to

this request.

**REQUEST NO. 12:**

All documents (including, but not limited to, communications involving one of your personnel and
any other person or persons) relating to the participation or facilitation or alleged participation or
facilitation of any Planned Parenthood Defendant in any fetal tissue procurement or donation.

**RESPONSE TO REQUEST NO. 12:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry

objects to this request to the extent it seeks privileged information. AG Landry objects to this

request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks

(a) "all documents  . . . relating to" multiple subjects, (b) documents of no relevance or marginal

relevance, or (c) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

confer regarding an appropriate scope of non-privileged documents to search for in response to

this request.

**REQUEST NO. 13:**

All documents (including, but not limited to, communications involving one of your personnel and
any other person or persons) related to whether participation or an agreement to participate in any
fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service
under Medicaid, Texas Medicaid, or Louisiana Medicaid.

15

## RESPONSE TO REQUEST NO. 13:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and harassing to the extent it seeks production of files from prior litigations. AG Landry objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

## REQUEST NO. 14:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to federal court injunctions and/or the effects of federal court injunctions related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

## RESPONSE TO REQUEST NO. 14:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

16

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 15:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to state court injunctions and/or the effects of a state court injunction related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

## RESPONSE TO REQUEST NO. 15:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

## REQUEST NO. 16:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether termination of PPGC violated Medicaid's free choice of provider requirement and why or why not.

## RESPONSE TO REQUEST NO. 16:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege,

work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

**REQUEST NO. 17:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the continued participation of any Planned Parenthood Defendant in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 17:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks (a) "all documents . . . relating to" multiple subjects or (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

**REQUEST NO. 18:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Medicaid, Texas Medicaid, and/or Louisiana Medicaid to any Planned Parenthood Affiliate.

**RESPONSE TO REQUEST NO. 18:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

**REQUEST NO. 19:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE TO REQUEST NO. 19:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

19

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

## REQUEST NO. 20:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement or donation, or an agreement to engage in fetal tissue procurement or donation, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked or obligated to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

## RESPONSE TO REQUEST NO. 20:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague incomprehensible, and beyond the scope of discovery, particularly to the extent it seeks "all documents  . . . related to . . . related to . . . including but not limited to" multiple subjects. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

## REQUEST NO. 21:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked or obligated to return amounts reimbursed under Medicaid.

20

**RESPONSE TO REQUEST NO. 21:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague incomprehensible, and beyond the scope of discovery, particularly to the extent it seeks "all documents . . . related to . . . including but not limited to" multiple subjects. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

**REQUEST NO. 22:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your understanding of relationships between affiliated companies under Medicaid, Texas Medicaid, or Louisiana Medicaid and any laws, regulations, policies, or guidance regarding whether and how a finding that one company is not a qualified provider may affect an affiliated company's qualifications as a provider.

**RESPONSE TO REQUEST NO. 22:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" a legal positions on multiple subjects. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

**REQUEST NO. 23:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to your views regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.,* Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

**RESPONSE TO REQUEST NO. 23:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents  . . . related to" AG Landry's views on a legal position. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request. AG Landry does, however, direct your attention to La. R.S. 14:17.

**REQUEST NO. 24:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to any Planned Parenthood Affiliate's qualifications to provide services under Medicaid, Texas, Medicaid, and/or Louisiana Medicaid.

22

**RESPONSE TO REQUEST NO. 24:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" multiple subjects. AG Landry objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks publicly available documents.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

**REQUEST NO. 25:**

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to information provided by you to the U.S. Congress related to any Planned Parenthood Defendant from 2015 to present regarding any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or agreeing to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE TO REQUEST NO. 25:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" multiple subjects. AG Landry objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are

23

available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 26:

All communications between Louisiana and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or an agreement to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

## RESPONSE TO REQUEST NO. 26:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications . . . relating to" multiple subjects, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 27:

All documents or videos (both edited and unedited) provided to Louisiana by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including staff, attorneys, or investigators.

24

## RESPONSE TO REQUEST NO. 27:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all documents . . . provided," (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available. AG Landry further objects that this request facially seeks documents in the possession, custody, or control of a party.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 28:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to Louisiana's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos.

## RESPONSE TO REQUEST NO. 28:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all documents . . . relating to . . . including but not limited to" various subjects (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and

25

confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

**REQUEST NO. 29:**

All communications between Louisiana and the Media relating to the Center for Medical Progress videos.

**RESPONSE TO REQUEST NO. 29:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications" on a subject, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are publicly available. AG Landry objects to this request to the extent it seeks documents outside of his possession, custody, or control.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

**REQUEST NO. 30:**

All communications between Louisiana and members of the United States Congress (including their staff) related to the Center for Medical Progress videos.

**RESPONSE TO REQUEST NO. 30:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications . . . related to" a subject, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are publicly available.

26

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 31:

All documents (including, but not limited to, communications involving one of your personnel and any other person or persons) related to allegations that Planned Parenthood submitted claims to the United States, Texas, or Louisiana in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B).

## RESPONSE TO REQUEST NO. 31:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as overbroad, unduly burdensome, vague, beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all documents . . . related to" multiple subjects, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are publicly available. AG Landry objects to this request to the extent it seeks documents outside of his possession, custody, or control.

Subject to the foregoing general and specific objections, AG Landry is willing to meet and confer regarding an appropriate scope of non-privileged documents to search for in response to this request.

## REQUEST NO. 32:

Documents sufficient to identify the Louisiana Medicaid claims for which Louisiana Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which (a) you have concluded that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 {Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of

App. 071

Health and Hospitals on or about September 15, 2015 {Ex. B); and/or (b) you believe that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

## RESPONSE TO REQUEST NO. 32:

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as vague and requiring subjective interpretation in seeking "documents sufficient to identify." AG Landry objects to this request as requiring legal analysis or opinion. AG Landry objects to this request as seeking documents or information already in the possession, custody, or control of the Planned Parenthood Defendants.

Subject to the foregoing general and specific objections, AG Landry will produce responsive, non-privileged claims data if any is located after a reasonable search.

## REQUEST NO. 33:

Documents sufficient to identify all unpaid Louisiana Medicaid claims that any Planned Parenthood Defendant presented or caused to be presented to Louisiana Medicaid from 20IO to present, for which (a) you have concluded that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B); and/or (b) you believe that the claim was submitted in violation of the Louisiana Medical Assistance Programs Integrity Law based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about August 3, 2015 (Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (Ex. B), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**RESPONSE TO REQUEST NO. 33:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as vague and requiring subjective interpretation in seeking "documents sufficient to identify." AG Landry objects to this request as requiring legal analysis or opinion. AG Landry objects to this request as seeking documents or information already in the possession, custody, or control of the Planned Parenthood Defendants.

Subject to the foregoing general and specific objections, AG Landry will produce responsive, non-privileged claims data if any is located after a reasonable search.

**REQUEST NO. 34:**

Documents sufficient to identify all Medicaid claims for which Medicaid paid any Planned Parenthood Defendant from 2010 to present, for which: (a) you have concluded that the Planned Parenthood Defendant has an obligation to repay the claim(s); and/or (b) you believe the Planned Parenthood Defendant has an obligation to repay the claim(s), excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**RESPONSE TO REQUEST NO. 34:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request to the extent it seeks privileged information. AG Landry objects to this request as vague and requiring subjective interpretation in seeking "documents sufficient to identify." AG Landry objects to this request as requiring legal analysis or opinion. AG Landry objects to this request as seeking documents or information already in the possession, custody, or control of the Planned Parenthood Defendants.

Subject to the foregoing general and specific objections, AG Landry will produce responsive, non-privileged claims data if any is located after a reasonable search.

**REQUEST NO. 35:**

Documents (including, but not limited to, communications involving one of your personnel and any other person or persons) relating to the materiality of the alleged participation of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider in fetal tissue procurement or donation or agreement to participate in fetal tissue procurement or donation to the payment of claims to that provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 35:**

AG Landry incorporates his General Objections as if fully set forth herein. AG Landry objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. AG Landry objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "documents . . . relating to" a legal determination on multiple subjects. AG Landry objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, AG Landry will not search for or produce documents in response to this request.

Dated: July 26, 2022

Respectfully submitted:

/s/ Joseph S. St. John
JOSEPH S. ST. JOHN (LSB 36682)
  *Deputy Solicitor General*
LOUISIANA DEPT. OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, LA 70112
stjohnj@ag.louisiana.gov
tel: 225-485-2458

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

UNITED STATES OF AMERICA *ex rel.*  )
ALEX DOE, Relator, *et al.*,              )
                                                       )   Civil Action No. 2:21-22
            Plaintiffs                           )
                                                       )
v.                                                    )
                                                       )
PLANNED PARENTHOOD FEDERATION  )
OF AMERICA, INC., *et al.*,              )
                                                       )
            Defendants.                        )

**NON-PARTY LOUISIANA DEPARTMENT OF HEALTH'S**
**RESPONSES AND OBJECTIONS**
**TO DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S SUBPOENA**

Pursuant to the Federal Rules of Civil Procedure, non-party State of Louisiana Department of Health ("LDH" or the "Department") hereby provides its responses and objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the Subpoena") issued by Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC").

## GENERAL OBJECTIONS

1.    LDH objects to the Subpoena, and each request, definition, and instruction therein to the extent that it is inconsistent with or attempts to impose burdens or obligations on LDH beyond those imposed by the Federal Rules of Civil Procedure and applicable law. LDH will comply with the Federal Rules of Civil Procedure, but assumes no further obligations in responding to the Subpoena.

2.    LDH objects to the Subpoena and each request, definition, and instruction therein to the extent that it seeks information that is protected from disclosure by the attorney-client

1

privilege, work product doctrine, deliberative process privilege, common interest privilege, or any other applicable privilege or protection such as HIPAA ("privileged information"). The inadvertent disclosure of privileged information in response to these requests shall not be deemed a waiver of any privilege as to any privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently disclosed privileged information.   To the extent any privileged information that is requested (a) is not otherwise objectionable, (b) was created or modified prior to August 3, 2015 (when LDH notified PPGC it was terminating PPG's Medicaid provider agreements), or alternatively August 25, 2015 (when PPGC sued LDH), or alternatively September 15, 2015 (when LDH terminated PPGC's Medicaid provider agreements), or alternatively February 5, 2021 (when relator filed this lawsuit), and (c) was transmitted to or received from outside the Louisiana Department of Health, it will be identified in a privilege log of withheld documents, which shall be provided at a reasonable date in the future after the parties meet and confer.

3.     LDH asserts that documents not transmitted outside the LDH are categorically privileged under the attorney-client privilege, work product doctrine, and/or deliberative process privilege, and that requiring non-party LDH to search for, review, and prepare a log of such documents is not proportional to the needs of the case. LDH will neither search for nor prepare a log of such internal LDH documents.

4.     LDH objects to the Subpoena and each request, definition, and instruction therein as overbroad, unduly burdensome, and oppressive to the extent that it seeks documents or information that: (a) are already in PPGC's possession, custody, or control; (b) do not exist or are unlikely to be in LDH's possession, custody, or control; (c) are equally or more readily available from sources other than LDH; (d) PPGC can obtain from other sources that are more convenient,

2

less burdensome, and/or less expensive than requiring non-party LDH to search for and provide the documents or information.

5.      LDH objects to the Subpoena and each request, definition, and instruction therein to the extent they call for information that is protected by HIPAA or is confidential by law.

6.      LDH objects to the Subpoena and each request, definition, and instruction therein as overbroad, unduly burdensome, and oppressive to the extent it seeks production of "all" documents, especially when supplemented by terms such as "including," "concerning," "relating to," or the like. LDH similarly objects to searching for and producing draft documents as unduly burdensome and beyond the scope of permissible discovery, particularly given LDH's status as a non-party. *See* Fed. R. Civ. P. 26(b)(1). LDH will produce such final, non-privileged documents as are located after a reasonable search.

7.      LDH objects to the Subpoena and each request, definition, and instruction therein to the extent that it:

      a.   is unduly burdensome, oppressive, overly broad, ambiguous, confusing, or vague;

      b.   is duplicative or unreasonably cumulative of other requests or discovery;

      c.   calls for LDH to draw a legal conclusion in order to respond; or

      d.   seeks disclosure of information that is the confidential information of, proprietary to, or the trade secret of, a third party to whom LDH  owes a duty of confidentiality, or is protected by court order.

8.      LDH objects to the Subpoena and each request, definition, and instruction therein to the extent that it seeks information or documents that are not relevant to any claim or defense asserted in this action or otherwise beyond the scope of permissible discovery in this action.

9.      LDH objects to the Subpoena and each request, definition, and instruction therein to the extent that it does not specify a time period or seeks to impose an unreasonable time period.

10.     LDH's responses to these requests shall not be construed in any way as an admission that any definition provided by PPGC is either factually correct or legally binding upon LDH.

11.     LDH objects to each request, definition, and instruction to the extent that they contain numerous subparts, are compound, pose multiple requests and/or questions, and thereby render the set of requests unduly burdensome.

12.     LDH objects to the Subpoena and each request, definition, and instruction therein to the extent it uses words and phrases that are vague, ambiguous, not defined in an understandable manner, requires subjective knowledge, or involves issues of law subject to resolution by the court. To the extent feasible, LDH will interpret the terms and phrases used in the Subpoena as those terms and phrases are understood by LDH.

13.     LDH objects to the Subpoena and each request, definition, and instruction therein to the extent it seeks documents or things in a manner other than the manner in which such documents or things are kept in the usual course of business.

14.     LDH objects to the 27 request (plus numerous subparts) subpoena as facially overbroad, unduly burdensome, oppressive, and inconsistent with PPGC's and the issuing attorney's responsibility to take reasonable steps to avoid imposing undue burden or expense, particularly given LDH's status as a non-party. *See* Fed. R. Civ. P. 45(d)(1). Indeed, LDH notes that cursory investigation reveals that numerous requests are not applicable to LDH. LDH reserves the right to seek to quash the Subpoena, seek a protective order, seek cost shifting, and/or seek other relief.

15.     LDH objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, and oppressive to the extent it seeks data found on email, backup media, voicemails, PDAs, or mobile phones.  Pursuant to Fed. R. Civ. P. 45(e)(1), data found on email, backup media, voicemails, PDAs, and mobile phones will not be searched or produced. LDH identifies these sources of ESI as not reasonably accessible because of undue burden and cost particularly given LDH's status as a non-party.

16.     LDH objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, oppressive, and outside the scope of discovery to the extent it seeks the production of metadata. Pursuant to Fed. R. Civ. P. 45(e)(1), metadata will not be searched or produced. LDH identifies metadata as not reasonably accessible because of undue burden and cost, particularly given LDH's status as a non-party.

17.     LDH objects to the specified time of production, particularly given the vast breadth of the Subpoena. After the parties agree on a reasonable scope of responses, LDH will conduct a reasonable search for responsive documents and will produce such responsive, nonprivileged documents as are located at a mutually convenient time and place, or via electronic transmission to the attorney who issued the Subpoena. LDH will produce responsive claims data, if any is located, in coming days.

18.     LDH objects to the production of documents under this subpoena because a duplicative public records request under Louisiana's Public Records Law (La. R.S. 44:1 *et seq.*) was submitted to LDH by Defendants Planned Parenthood Federation of America, Inc. *et al*. on August 8, 2022. The public records requests replicate the substance of the Request for Production of Documents contained within the Subpoena, particularly Request for Production Nos. 1, 2, 3, 8, 22, and 23; however, the breadth of the public records requests may encompass the documents

5

sought in all other Requests for Production contained in the Subpoena. In addition to the other objections raised by LDH herein, LDH objects to the production of documents under the Subpoena because such production is duplicative of the public records requests. The duplication of efforts is unduly burdensome to LDH.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1. LDH objects to the definition of "Louisiana," "you," and "your" as vague and ambiguous to the extent it requires knowledge about agencies, offices, divisions, or departments other than the LDH, or the identities of persons acting on their behalf.  LDH will respond based on its understanding of these terms. LDH objects to this term as used in the subpoena to the extent it purports to require it to search for or produce documents outside of its possession, custody, or control.

2. LDH objects to the definition of "Texas" as vague and ambiguous to the extent it requires knowledge about the relationships of Texas, Texas agencies, other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

3. LDH objects to the term "Relator" as vague and ambiguous because no name is provided.

4. LDH objects to the term "Center for Medical Progress" as vague and ambiguous to the extent it requires knowledge about the relationships of other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

5. LDH objects to the term "David Daleiden" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

6. LDH objects to the term "Government" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on

6

their behalf. LDH will respond based on its understanding of that term.

7. LDH objects to the term "Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

8. LDH objects to the term "Texas Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

9. LDH objects to the term "Louisiana Medicaid" as vague and ambiguous to the extent it requires knowledge of knowledge about the relationships of other entities, persons, or persons acting on their behalf. LDH will respond based on its understanding of that term.

10. LDH objects to the term "generally accepted medical standards" as vague and ambiguous to the extent it is based on someone else's subjective understanding. LDH will respond based on its understanding of that term.

11. LDH objects to the term "fetal tissue procurement" as vague and ambiguous to the extent it is based on someone else's subjective understanding. LDH will respond based on its understanding of that term.

12. LDH objects to the term "overpayment" as vague and ambiguous to the extent it is based on someone else's subjective understanding. LDH will respond based on its understanding of that term.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All documents and communications related to PPGC's Louisiana Medicaid status from 2010 to the present including but not limited to whether PPGC remained a Louisiana Medicaid Provider after November 23, 2020 and whether PPGC remains a Louisiana Medicaid Provider after January 20, 2022.

7

**RESPONSE TO REQUEST NO. 1:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, compound, indecipherable, and beyond the scope of discovery, particularly to the extent it seeks "all documents . . . related to . . . including but not limited to . . . ." multiple subjects. LDH objects to this request as over broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks (a) publicly available documents or (b) documents in the possession of the parties. LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 2:**

All documents and communications related to Louisiana Department of Health's consideration and decision to terminate PPGC from Louisiana Medicaid based on grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health on or about August 3, 2015 (attached as Ex. A) or grounds asserted in the termination notices issued to Planned Parenthood by the Louisiana Department of Health on or about September 15, 2015 (attached as Ex. B) including but not limited to:

a. documents and communications related to the August 11, 2016 letter from Vikki Wachino, Director, Centers for Medicare & Medicaid Services, addressed to Jen Steele, Medicaid Director, State of Louisiana, Department of Health (attached as Ex. C).and Louisiana's response to that letter on September 27, 2016 (attached as Ex. D); and

b. documents and communications related to the basis for Louisiana Department of Health's termination/revocation of the Louisiana Medicaid Provider Agreements with PPGC, including but not limited to the alleged "mispresentations" by PPGC referenced in the termination notices issued to Planned Parenthood by the Louisiana Department of Health and Hospitals on or about September 15, 2015 (attached as Ex. B).

8

**RESPONSE TO REQUEST NO. 2:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, compound, indecipherable, and beyond the scope of discovery, particularly (a) to the extent it seeks "all documents . . . related to . . . including but not limited to . . . ." multiple subjects, (b) as it seeks documents of marginal or no relevance, and (c) to the extent it seeks documents that are publicly available or available from the parties. LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 3:**

Documents sufficient to identify the instances when Louisiana Department of Health "terminated other types of providers for similar violations of these provisions" as referenced in Louisiana Department of Health's response to Question No. 2 in its September 27, 2016 response (attached as Ex. D). Your response should include for each termination, documents sufficient to identify the provider that was terminated, the date of the termination, the reason for the termination, the date of the conduct that resulted in the termination, whether the provider was asked or obligated to return any amounts reimbursed under Medicaid or Louisiana Medicaid, whether the provider did return any amounts reimbursed under Medicaid or Louisiana Medicaid, and the amount of any reimbursements that were returned.

**RESPONSE TO REQUEST NO. 3:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as inherently subjective in seeking "documents sufficient to identify" various circumstances. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case in seeking documents related to termination of providers

9

other than any Defendant, *i.e.*, documents that are either marginally relevant or not relevant to the claims and defenses in this case.  LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 4:**

All documents related to the termination notices issued to Planned Parenthood by the Louisiana Department of Health on or about August 3, 2015 (Ex. A).

**RESPONSE TO REQUEST NO. 4:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as unduly burdensome and disproportionate to the needs of the case, particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will neither search for nor produce documents in response to this request.

**REQUEST NO. 5:**

All documents and communications related to Louisiana's decision to rescind the termination notices issued to Planned Parenthood by the Louisiana Department of Health on or about August 3, 2015 (Ex. A).

**RESPONSE TO REQUEST NO. 5:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery, particularly to the extent it seeks "all

10

documents . . . related to . . ." a subject. LDH objects to this request as disproportionate to the

needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the

extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will neither search for nor

produce documents in response to this request.

## REQUEST NO. 6:

All documents and communications related to the termination notices issued to
Planned Parenthood by the Louisiana Department of Health on or about September
15, 2015 (Ex. B).

## RESPONSE TO REQUEST NO. 6:

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this

request to the extent it seeks privileged information. LDH objects to this request as overbroad,

unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . .

related to . . ." a subject. LDH objects to this request as disproportionate to the needs of the case

particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks

documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will neither search for nor

produce documents in response to this request.

## REQUEST NO. 7:

All documents and communications related to Texas's consideration and decision to terminate
any Planned Parenthood Defendant from Texas Medicaid based on grounds asserted in the
termination notices issued to Planned Parenthood by the Office of Inspector General, Texas
Health & Human Services Commission on or about October 19, 2015 and December  20, 2016
(Relator's  Compl. [Dkt. 2] Exs. B, C).

## RESPONSE TO REQUEST NO. 7:

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this

request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to . . ." a subject. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 8:**

All documents relating to or reflecting communications with the Center for Medical Progress and/or David Daleiden from 2013 to present.

**RESPONSE TO REQUEST NO. 8:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery, particularly to the extent it seeks (a) "all documents relating to or reflecting . . . ." or (b) documents available from a party. LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 9:**

All documents related to your decision to not intervene in Relator Doe's case.

12

**RESPONSE TO REQUEST NO. 9:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad and unduly burdensome to the extent it seeks "all documents related to" a subject.

Subject to the foregoing general and specific objections, LDH will not produce documents in response to this request.

**REQUEST NO. 10:**

All documents and communication relating to or reflecting information about any Planned Parenthood Defendant provided to the Louisiana Department of Health by Relator.

**RESPONSE TO REQUEST NO. 10:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to . . ." a subject. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will neither search for nor produce documents in response to this request.

**REQUEST NO. 11:**

All documents and communications relating to any fetal tissue procurement or donation in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or facilitated or agreed to participate or facilitate.

13

**RESPONSE TO REQUEST NO. 11:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" various subjects. LDH objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks publicly available documents. LDH objects to this request as beyond the scope of discovery and seeking information not relevant to any party's claim or defense.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 12:**

All documents and communications related to whether participation or an agreement to participate in any fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 12:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and harassing to the extent it seeks production of files from prior litigations. LDH objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks publicly available documents.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

14

App. 088

**REQUEST NO. 13:**

All documents and communications relating to federal court injunctions and/or the effects of federal court injunctions related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 13:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 14:**

All documents and communications relating to state court injunctions and/or the effects of a state court injunction related to the potential termination of any Planned Parenthood Defendant's participation in Medicaid, Texas Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 14:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks

15

production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 15:**

All documents and communications relating to whether termination of PPGC violated Medicaid's free choice of provider requirement and why or why not.

**RESPONSE TO REQUEST NO. 15:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 16:**

All documents and communications related to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Medicaid, Texas Medicaid, and/or Louisiana Medicaid to any Planned Parenthood  Affiliate.

**RESPONSE TO REQUEST NO. 16:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product

16

doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 17:**

All documents and communications relating to whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE TO REQUEST NO. 17:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 18:**

All documents and communications related to termination by the United States, Texas, or

17

Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement or donation, or an agreement to engage in fetal tissue procurement or donation, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked or obligated to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 18:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, vague incomprehensible, and beyond the scope of discovery, particularly to the extent it seeks "all documents . . . related to . . . related to . . .  including but not limited to" multiple subjects. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 19:**

All documents and communications related to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked or obligated to return amounts reimbursed under Medicaid.

**RESPONSE TO REQUEST NO. 19:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, vague incomprehensible, and beyond the scope of discovery, particularly to the extent it seeks "all documents . . . related to . . . including but not limited to" multiple subjects. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, and

18

disproportionate to the needs of the case particularly (a) as it seeks documents of marginal or no relevance, and (b) to the extent it seeks documents available from the parties or publicly available documents.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

**REQUEST NO. 20:**

All documents and communications related to your views regarding whether a payment, to which a Medicaid provider is entitled at the time of payment, can become an overpayment based on a subsequent change in law and/or a judicial decision. *See, e.g.,* Centers for Medicare & Medicaid Services, Medicare Program; Reporting and Returning of Overpayments, 81 Fed. Reg. 7653, 7658 (Feb. 12, 2016) ("We agree that payments that were proper at the time the payment was made do not become overpayments at a later time due to changes in law or regulation, unless otherwise required by law.").

**RESPONSE TO REQUEST NO. 20:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as facially seeking information protected by the attorney-client privilege, work product doctrine, and/or deliberative process privilege. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" LDH's views on a legal position. LDH objects to this request as overbroad, unduly burdensome, beyond the scope of discovery, disproportionate to the needs of the case, and harassing to the extent it seeks production of (a) files from prior litigations, (b) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request. LDH does, however, direct your attention to La. R.S. 14:17.

**REQUEST NO. 21:**

All documents and communications relating to any Planned Parenthood Affiliate's qualifications

19

to provide services under Medicaid, Texas, Medicaid, and/or Louisiana Medicaid.

**RESPONSE TO REQUEST NO. 21:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . relating to" multiple subjects. LDH objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks publicly available documents.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 22:**

All documents and communications related to information provided by you to the U.S. Congress related to any Planned Parenthood Defendant from 2015 to present regarding any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or agreeing to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE TO REQUEST NO. 22:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, and beyond the scope of discovery to the extent it seeks "all documents . . . related to" multiple subjects. LDH objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are available from a party or publicly available. LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

20

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 23:**

All communications between Louisiana Department of Health and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether participation in fetal tissue procurement or donation or an agreement to participate in fetal tissue procurement or donation renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE TO REQUEST NO. 23:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications . . . relating to" multiple subjects, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available. LDH further objects to this request because the information sought is duplicative of a public records request submitted by Defendants.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search through Defendants' public records request.

**REQUEST NO. 24:**

All documents or videos (both edited and unedited) provided to Louisiana Department of Health by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf, including staff, attorneys, or investigators.

21

**RESPONSE TO REQUEST NO. 24:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all documents . . . provided," (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available. LDH further objects that this request facially seeks documents in the possession, custody, or control of a party.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 25:**

All documents and communications relating to Louisiana Department of Health's evaluation of the Center for Medical Progress videos, including but not limited to your response(s) to those videos and any public official or other public agency's response(s) to those videos.

**RESPONSE TO REQUEST NO. 25:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request to the extent it seeks privileged information. LDH objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all documents . . . relating to . . . including but not limited to" various subjects (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are available from a party or publicly available.

Subject to the foregoing general and specific objections, LDH will not search for or produce documents in response to this request.

22

**REQUEST NO. 26:**

All communications between Louisiana Department of Health and the Media relating to the Center for Medical Progress videos.

**RESPONSE TO REQUEST NO. 26:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications" on a subject, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are publicly available. LDH objects to this request to the extent it seeks documents outside of its possession, custody, or control.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

**REQUEST NO. 27:**

All communications between Louisiana Department of Health and members of the United States Congress (including their staff) related to the Center for Medical Progress videos.

**RESPONSE TO REQUEST NO. 27:**

LDH incorporates its General Objections as if fully set forth herein. LDH objects to this request as overbroad, unduly burdensome, vague, and beyond the scope of discovery, and disproportionate to the needs of the case to the extent it seeks (a) "all communications . . . related to" a subject, (b) documents not relevant or marginally relevant to the claims or defenses of any party, or (c) documents that are publicly available.

Subject to the foregoing general and specific objections, LDH will produce responsive, non-privileged documents if any are located after a reasonable search.

Dated: August 19, 2022          Respectfully submitted:

_____/s/ *Michelle Y. Christopher*_____
Michelle Y. Christopher, La. Bar No. 25619
Kimberly L. Sullivan, La. Bar No. 27540
Stanley J. Bordelon II, La. Bar No. 33022
**Attorneys for the Louisiana Department of Health**
628 North Fourth Street (70821)
Post Office Box 3836
Baton Rouge, Louisiana 70821-3836
Telephone: (225) 342-4090
Facsimile: (225) 342-2232
Email: michelle.christopher@la.gov

24

# Exhibit D

# Arnold & Porter

**Tirzah Lollar**
+1 202.942.6199 Direct
Tirzah.Lollar@arnoldporter.com

November 23, 2022

Joseph Scott St. John
Louisiana Attorney General's Office
1885 N. 3rd St.
Baton Rouge, LA 70802

**Re:**   **Depositions of Louisiana Department of Health, Steve Russo, and Kim Sullivan,** *U.S. ex rel. Doe v. Planned Parenthood*, **No. 2:21-cv-00022-Z (N.D. Tex.)**

Mr. St. John:

As you are aware, we represent the Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively, the "Affiliate Defendants") in the above-captioned False Claims Act lawsuit.

Three weeks ago, on November 1, 2022, Affiliate Defendants as well as the Planned Parenthood Federation of America (all together, "Defendants") issued a Rule 30(b)(6) deposition subpoena to the Louisiana Department of Health ("LDH"), as well as deposition subpoenas to LDH employees Steve Russo and Kim Sullivan.  The depositions are scheduled as follows:

- **Kim Sullivan**: December 7, 2022 at 9:30 am at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001

- **Steve Russo**:   December 8, 2022 at 9:30 am at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001

- **Louisiana Department of Health**:   December 9, 2022 at 9:30 am at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001

On November 1, 2022, Kimberly Humbles, General Counsel for the Louisiana Department of Health's Bureau of Legal Services, informed us that the Louisiana Attorney

---

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave, NW  |  Washington, DC 20001-3743  |  **www.arnoldporter.com**

App. 099

**Arnold&Porter**

Joseph Scott St. John
November 23, 2022
Page 2

General's Office would be representing LDH, Mr. Russo, and Ms. Sullivan, and that we should contact you for all issues regarding the subpoenas and this matter generally. On November 1, I emailed you to ask if you were authorized to accept service of the subpoenas and stated our willingness to meet and confer regarding the LDH Rule 30(b)(6) deposition topics. You did not respond. After the subpoenas were served later that day, I again contacted you via email asking you to contact me to discuss any scheduling issues, logistics, and the LDH Rule 30(b)(6) deposition topics. You did not respond. I again emailed on November 8, 2022 to follow up on my prior emails and asked if you were available on November 8 or 9 to discuss logistics for the depositions and the LDH Rule 30(b)(6) deposition topics. Again, you did not respond. To date, we have not heard back from you about these depositions that are scheduled to begin two weeks from today.

Defendants have stood ready to engage with you regarding the upcoming depositions and the Rule 30(b)(6) topics for LDH. We are disappointed that we have not received any response to my three different emails, especially given the challenging deposition schedule in this case. There are currently six depositions scheduled in this case during the week of November 27, and eleven scheduled for the week of December 4. Accordingly, it is increasingly difficult to consider any requests for a change to the deposition schedule, as the parties have little flexibility. And of course, Defendants must coordinate certain logistics — e.g., deposition venues, court reporters, and videographers — in advance of the depositions.

Notwithstanding these difficulties, Defendants would be happy to discuss how we might minimize any burden on LDH and your office regarding these depositions; for example, Defendants might be able to complete the depositions of Ms. Sullivan and Mr. Russo in a single day. However, if Defendants do not hear back from your office by Tuesday, November 29, 2022, we will understand that LDH, Ms. Sullivan, and Mr. Russo have no objection to the depositions as scheduled.

Separately, as the Federal Rules make clear, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). This requirement is intended to help both the noticing and responding parties ensure that there is clarity about the topics for deposition so that the witness can be adequately prepared. *See* Fed. R. Civ. P. 30 Advisory Committee Notes, 2020 Amendment (noting that the meet-and-confer requirement is, in part, to avoid ambiguously worded topics and inadequately prepared witnesses). Since the meet-and-confer requirement is not optional, Defendants request that you respond promptly to discuss. However, if we do not hear back from your office regarding to the Rule 30(b)(6) deposition topics by Tuesday, November 29, 2022, Defendants will understand that LDH has no objections to or questions about the scope of

**Arnold&Porter**

Joseph Scott St. John
November 23, 2022
Page 3

the topics, and that LDH will provide a witness or witnesses to testify to the topics as written.

We hope to hear from you soon.

Sincerely,

*Tirzah S. Lollar*
Tirzah S. Lollar

Enclosures:     Subpoena documents for LDH
                Subpoena documents for Steve Russo
                Subpoena documents for Kim Sullivan
                November 8, 2022 Email from T. Lollar

cc:             Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned
                Parenthood Federation of America, Inc.

| | |
|---|---|
| **From:** | Lollar, Tirzah |
| **To:** | St. John, Joseph |
| **Cc:** | Pieper, Megan; zzz.External.dashby@omm.com |
| **Subject:** | RE: United States of America ex rel. Alex Doe, Relator, et al v. Planned Parenthood Federation of America, Inc., et al Docket: 2:21-CV-00022-Z, USDC, Northern District of Texas |
| **Date:** | Tuesday, November 8, 2022 1:59:13 PM |
| **Attachments:** | image001.png |

Scott, I'm following up on my emails to you a week ago on Nov 1. We would like to discuss logistics for the LDH depositions and the 30b6 topics. Are you available for a call on Wed afternoon or Thursday midday?

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio

## Arnold&Porter

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Tuesday, November 1, 2022 7:55 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Cc:** Pieper, Megan <Megan.Pieper@arnoldporter.com>; zzz.External.dashby@omm.com <dashby@omm.com>
**Subject:** Re: United States of America ex rel. Alex Doe, Relator, et al v. Planned Parenthood Federation of America, Inc., et al Docket: 2:21-CV-00022-Z, USDC, Northern District of Texas

Scott, we understand the subpoenas were served today. Now that we know the AG's office is handling this matter for LDH, we will of course communicate through you regarding the deposition logistics. Please let us know a good time to discuss the 30b6 topics and any scheduling or logistical issues.

Thanks

Sent from Nine

**From:** Lollar, Tirzah
**Sent:** Tuesday, November 1, 2022 1:48 PM
**To:** St. John, Joseph
**Cc:** Pieper, Megan; zzz.External.dashby@omm.com
**Subject:** FW: United States of America ex rel. Alex Doe, Relator, et al v. Planned Parenthood

Federation of America, Inc., et al Docket: 2:21-CV-00022-Z, USDC, Northern District of Texas

Scott:

Please let us know if you are authorized to accept the attached deposition subpoenas for Steve Russo, Kimberly Sullivan, and LDH.  The notice for the LDH Rule 30(b)(6) notice is attached.  Because we had not heard whether LDH or now the AG's office is authorized to accept service of the subpoenas, we are in the process of sending a process server.  We are happy to tell the process server to stand down if you are authorized to accept service.

We are also willing to meet and confer regarding the Rule 30(b)(6) topics.

Thanks, and we look forward to working with you.

Tirzah

_____

Tirzah Lollar

Partner | Bio

## Arnold&Porter

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Flaxman, Carrie <carrie.flaxman@ppfa.org>
**Sent:** Tuesday, November 1, 2022 1:27 PM
**To:** Kimberly Humbles <Kimberly.Humbles@la.gov>
**Cc:** Kimberly Sullivan <Kimberly.Sullivan@la.gov>; Stanley Bordelon <Stanley.Bordelon@la.gov>; Stephen Russo <Stephen.Russo@la.gov>; St. John, Joseph <StJohnJ@ag.louisiana.gov>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Subject:** Re: United States of America ex rel. Alex Doe, Relator, et al v. Planned Parenthood Federation of America, Inc., et al Docket: 2:21-CV-00022-Z, USDC, Northern District of Texas

External E-mail

Thanks Kim.  I'm cc'ing Tirzah Lollar from Arnold and Porter.

On Tue, Nov 1, 2022 at 1:24 PM Kimberly Humbles <Kimberly.Humbles@la.gov> wrote:

> Carrie:
>
> Please be advised that the Louisiana Attorney General's Office will be representing the Louisiana Dept of Health and its officials and employees, in the above captioned matter, as it relates to the deposition notices and any other discovery issues or related matters.   Please contact Scott St. John, Deputy Solicitor General with the Louisiana Attorney General's Office, for all issues

regarding the above captioned matter, including the service issue you reference below.   Mr. St. John is copied on this email, and may be reached at (225) 485-2458.

Thank you.
Kim


*Kimberly L. Humbles*

General Counsel
Bureau of Legal Services
Louisiana Department of Health
P. O. Box 3836
Baton Rouge, Louisiana 70821-3836
Telephone:  (225) 342-2556
Facsimile:  (225) 342-3805
Kimberly.Humbles@La.Gov



**PRIVACY AND CONFIDENTIALITY WARNING:**
This e-mail is from an attorney and may contain information that is confidential or legally privileged. Further, this e-mail may contain Protected Health Information (PHI), Individually Identifiable Health Information (IIHI) and other information which is protected by law.

This message is only for the use of the intended recipient. Use by an erroneous recipient or any other unauthorized individual or entity of information contained in, or attached to, this or any other  e-mail message may result in legal action.

If you are not the intended recipient, you are hereby notified any review, disclosure/re-disclosure, copying, storing, distributing, dissemination, duplication, or the taking of action in reliance on the content of this e-mail and any attachments thereto, is strictly prohibited.

If you are not the intended recipient and/or have received this email in error, please (1) immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you, and (2) destroy the contents of this e-mail and its attachments by deleting any and all electronic copies and any and all hard copies regardless of where they are maintained or stored.

Thank you for your cooperation.

---

**From:** Flaxman, Carrie <carrie.flaxman@ppfa.org>
**Sent:** Tuesday, November 1, 2022 7:32 AM
**To:** Kimberly Humbles <Kimberly.Humbles@LA.GOV>

**Cc:** Kimberly Sullivan <Kimberly.Sullivan@LA.GOV>; Stanley Bordelon <Stanley.Bordelon@la.gov>; Stephen Russo <Stephen.Russo@LA.GOV>
**Subject:** Re: Confidential - Revised Planned Parenthood Settlement Agreement

**EXTERNAL EMAIL:** Please do not click on links or attachments unless you know the content is safe.

Good morning,
I'm attaching courtesy copies of the notices of subpoena we served in Doe v. PPFA yesterday. Please let us know this morning if you're able to accept service by email so that we can avoid sending out a process server.
Thanks,
Carrie

On Mon, Oct 31, 2022 at 5:19 PM Kimberly Humbles <Kimberly.Humbles@la.gov> wrote:

> Carrie:   On your question on today's call regarding accepting service of deposition notices/subpoenas by email, can you please let us know specifically who the deposition notices/subpoenas would be directed to?  We need that information before we can answer about the service issue.
>
> Thanks
> Kim

--
Carrie Y. Flaxman
Senior Director
Public Policy Litigation and Law
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
carrie.flaxman@ppfa.org
(202) 973-4830

Pronouns: she/her/hers

*This e-mail is for the sole use of the intended recipient(s) and contains information which is confidential and/or legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.*

*This e-mail is for the sole use of the intended recipient(s) and contains information which is confidential and/or legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| | § | Date:      October 31, 2022 |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION OF LOUISIANA DEPARTMENT OF HEALTH**

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater

Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood

San Antonio, Inc. ("PPSA"), Planned Parenthood Cameron County ("PPCC") (collectively,

"Affiliate Defendants") and Planned Parenthood Federation of America, Inc. ("PPFA") will take

the deposition of the Louisiana Department of Health ("LDH") on December 9, 2022, beginning

at 9:00 a.m., at the office of Chehardy Sherman Williams, One Galleria Blvd., Suite 1100, Metairie, LA 70001.  The deposition will be stenographically and electronically recorded and will be videotaped.  The deposition will be used for discovery and/or evidentiary purposes to the full extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

As used in this Notice, the term "Defendants" refers to PPGC, PPGT, PPST, PPSA, PPCC, and PPFA.  As used in this Notice, the term "LDH" refers to the Louisiana Department of Health and the Louisiana Department of Health and Hospitals.  Unless otherwise noted, the relevant time period for each topic is January 2010 to January 2022.

Pursuant to Rule 30(b)(6), LDH shall designate one or more individuals to testify as to all information reasonably available to LDH concerning the following subjects:

1.   LDH's knowledge and understanding of Louisiana Medicaid including:

   a.   the Louisiana Medicaid Provider Manual;

   b.   Louisiana Medicaid Provider Agreements; and

   c.   Louisiana Medicaid enrollment and participation requirements;

2.   LDH's knowledge and understanding of the administration of Louisiana Medicaid, including but not limited to:

   a.   The process by which claims submitted by providers for Louisiana Medicaid patients covered by a "fee for service" Medicaid plan are submitted to and paid by LDH;

   b.   The process by which LDH contracts with Managed Care Organizations ("MCOs") and determines the capitated amounts it will pay to each MCO;

   c.   The process by which LDH collects encounter data from MCOs and how that data is used by LDH;

3.   LDH's knowledge and understanding of the Defendants' participation in Louisiana Medicaid, including but not limited to:

   a.   each Defendant's enrollment in Louisiana Medicaid;

2

b.   each Defendant's provider status in Louisiana Medicaid;

c.   any documentation reflecting each Defendant's provider status in Louisiana Medicaid, including but not limited to approved provider lists provided to MCOs;

d.   each Defendant's submission of claims for reimbursement to Louisiana Medicaid;

e.   whether PPST, PPGT, PPCC, PPST, or PPFA ever submitted claims for reimbursement to Louisiana Medicaid;

f.   communications between Louisiana Medicaid and each Defendant; and

g.   whether PPGC was ever terminated from Louisiana Medicaid;

4.   Communications between LDH and PPGC regarding whether PPGC was engaged in the donation or sale of fetal tissue and a video made on April 9, 2015 at a PPGC facility, including but not limited to:

a.   July 15, 2015 letter from LDH Secretary Kathy Kliebert to PPGC CEO Melaney Linton;

b.   July 28, 2015 letter from Linton to Kliebert;

c.   August 4, 205 letter from Kliebert to Linton; and

d.   August 15, 2015 letter from Linton to Kleibert;

5.   The LDH August 2015 decision to initiate termination proceedings pursuant to La. R.S. 46:437.11(D)(1) against one or more of the Affiliate Defendants, including but not limited to the:

a.   Basis for the decision;

b.   Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

c.   Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to initiate termination proceedings; and

d.   The identities of the LDH employees involved in the decision;

6.   The September 2015 LDH decision to rescind the termination notices issued to one or more of the Affiliate Defendants in August 2015, including but not limited to the:

a.   Basis for the decision;

3

    b.  Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

    c.  Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to rescind termination proceedings; and

    d.  The identities of the LDH employees involved in the decision;

7.    The LDH September 2015 decision to initiate termination proceedings pursuant to La. R.S. 46:437.11 and 46:437.14 against one or more of the Affiliate Defendants, including but not limited to the:

    a.  Basis for the decision;

    b.  Information from non-LDH employees on which LDH relied in making its decision or with whom LDH consulted in making its decision;

    c.  Communications between LDH and employees of the State of Louisiana regarding LDH's consideration and ultimate decision to initiate termination proceedings; and

    d.  The identities of the LDH employees involved in the decision;

8.    The LDH initiation of termination proceedings in August and September 2015 against one or more of the Affiliate Defendants, litigation in federal and state courts concerning termination of one or more of the Affiliate Defendants from Louisiana Medicaid, including but not limited to the:

    a.  Basis for the termination proceedings; and

    b.  The identities of the LDH employees involved in the termination proceedings;

9.    LDH's knowledge and understanding of:

    a.  The requirements of fetal transplantation research found in 42 U.S.C. §§ 289g, 289g-1, and 289g-2; and

    b.  The ethical standards at issue in research involving fetal and placental tissue;

10.    LDH's knowledge and understanding of the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act, including whether the termination of the Affiliate Defendants violated the free choice of provider requirements;

4

11.  LDH's knowledge and understanding of the procedure for terminating a provider from Louisiana Medicaid, including but not limited to any requirements that notice must be provided to Louisiana Medicaid Managed Care Organizations regarding the termination;

12.  LDH's knowledge and understanding of the potential Medicaid sanctions under Louisiana Administrative Code Title 50, sections 4145 and 4161, including the State of Louisiana's policies and procedures for investigating potential Medicaid violations to determine what, if any, sanction is appropriate;

13.  LDH's knowledge and understanding of recoupment and/or recovery of overpayments including:

   a.  LDH's knowledge and understanding of the definition of overpayment under Louisiana Administrative Code Title 50;

   b.  LDH's knowledge and understanding of the recoupment process; and

   c.  Efforts by LDH, the Office of the Attorney General's Medicaid Fraud Control Unit, or any other agency in the State of Louisiana to obtain recoupment of overpayments;

14.  LDH's authority to refer suspected fraud and abuse to the Office of the Attorney General's Medicaid Fraud Control Unit under the Louisiana Administrative Code, including LDH's knowledge and understanding of such authority, whether it exercised such authority with respect to any of the Affiliate Defendants, and the LDH employees who were involved in deciding whether or not to make the referral;

15.  LDH's knowledge and understanding of any Medicaid fraud investigations of any of the Affiliate Defendants (including but not limited to the "ongoing investigation" referenced in Kleibert's August 4, 2015 letter to Linton, and the "investigations of PPGC by both DHH and the Louisiana Office of Inspector General" referenced in the September 15, 2015 termination notices to PPGC) conducted by any agency of the State of Louisiana, including but not limited to the dates, allegations, subjects, targets, persons involved in conducting the investigations, final reports issued, and outcomes of any such Medicaid fraud investigations;

16.  Any efforts made by LDH to determine whether any Louisiana Medicaid Providers have engaged in fetal tissue procurement or donation that might render the provider unqualified to provide medical services under Louisiana Medicaid or violate generally accepted medical standards or ethical standards, including but not limited to:

   a.  whether any providers that were identified were terminated from Louisiana Medicaid;

5

    b.  whether any providers that were identified were asked or required to repay amounts reimbursed under Louisiana Medicaid; and

    c.  whether any amounts were repaid;

17.    Circumstances under which LDH terminated a Louisiana Medicaid Provider other than PPGC on the basis that:

    a.  The provider entered into a federal False Claims Act settlement in connection with conduct unrelated to the provider's provision of services under Louisiana Medicaid (see LDH September 2015 notice of termination);

    b.  The provider did not adhere to its affirmative duty to provide written notice within 10 working days to LDH that the provider had entered into a federal False Claims Act settlement in connection with conduct unrelated to the provider's provision of services under Louisiana Medicaid (see LDH September 2015 notice of termination);

    c.  The provider's agents, affiliates, or providers-in-fact were subject to provider audits or federal false claims cases (see LDH September 2015 notice of termination);

    d.  The provider misrepresented its actions in response to an investigation initiated by either LDH or the Louisiana Office of Inspector General (see LDH September 2015 notice of termination); and

    e.  The provider engages in or follows a policy of agreeing to engage in fetal tissue procurement or donation;

18.    LDH's knowledge and understanding of any requests or demands from LDH, the Louisiana Attorney General's Office, the Medicaid Fraud Control Unit, or any other agency in the State of Louisiana that PPGC repay amounts PPGC had received from Louisiana Medicaid during the pendency of the injunction entered by the U.S. District Court for the Middle District of Louisiana in *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, No. 3:15-cv-565-JWD-SCR;

19.    LDH's consideration of whether PPGC had an obligation or would be required to repay amounts received for Medicaid services provided;

20.    LDH's knowledge and understanding of the Louisiana Attorney General's Office's, the Medicaid Fraud Control Unit's, or any other agency in the State of Louisiana's consideration of whether any PPGC had an obligation or would be required to repay amounts received for Medicaid services provided;

6

21.     LDH's consideration of whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to PPGC;

22.     LDH's knowledge and understanding of the Louisiana Attorney General's Office's, the Medicaid Fraud Control Unit's, or any other agency in the State of Louisiana's consideration of whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to PPGC;

23.     Any notices provided by LDH to Louisiana Medicaid Managed Care Organizations that PPGC had been terminated from Louisiana Medicaid;

24.     Any notices provided by LDH to Louisiana Medicaid Managed Care Organizations that PPGC could no longer accept new Medicaid clients;

25.     LDH's requests that a Louisiana Medicaid provider repay amounts received under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

26.     LDH's decision not to initiate administrative recoupment proceedings to recover amounts paid to a Louisiana Medicaid provider under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

27.     Providers other than PPGC that LDH has terminated "for similar violations of" La R.S. 46:437.11 and 46:437.14 as mentioned in a September 27, 2016 email from LDH Deputy General Counsel to Vicki Wachino, CMS Director, including but not limited to for each provider:

    a.   date of the termination;

    b.   reason for the termination;

    c.   date of the conduct that resulted in the termination;

    d.   whether the provider was asked or obligated to return any amounts reimbursed under Medicaid or Louisiana Medicaid;

    e.   whether the provider did return any amounts reimbursed under Medicaid or Louisiana Medicaid; and

    f.   the amount of any reimbursements that were returned;

28.     LDH's knowledge and understanding of any Louisiana Medical Assistance Programs Integrity Law actions brought by Louisiana based on alleged failure to repay funds received under a federal court injunction prohibiting the provider's termination from Louisiana Medicaid;

7

29.   LDH's communications and dealings with Relator, including but not limited to:

    a.   When LDH first had contact (if any) with Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding allegations of potential misconduct by any of the Affiliate Defendants;

    b.   Information or documents provided by Relator, the Center for Medical Progress, or third parties acting on Relator's behalf regarding potential misconduct by any of the Affiliate Defendants; and

    c.   Any information or documents requested or received from Relator relating to any of the Affiliate Defendants;

30.   LDH's communications and dealings with the Louisiana Office of the Attorney General, including but not limited to the Office of the Attorney General's Medicaid Fraud Control Unit, regarding potential misconduct by any of the Affiliate Defendants;

31.   LDH's communications and dealings with the U.S. Department of Health & Human Services, Centers for Medicare and Medicaid Services, regarding

    a.   potential misconduct by any of the Affiliate Defendants;

    b.   the facts that form the basis for Louisiana's termination of any of the Affiliate Defendants from Louisiana Medicaid; and

    c.   whether Louisiana's termination of any of the Affiliate Defendants from Louisiana Medicaid violated the "free choice of provider" requirements specified in section 1902(a)(23) of the Social Security Act.

US 172770297v3

/s/ *Tirzah S. Lollar*_____
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of
Greater Texas, Inc., Planned Parenthood of
South Texas, Inc., Planned Parenthood
Cameron County, Inc., and Planned
Parenthood San Antonio, Inc.*

9

O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.cm
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

Ryan Patrick Brown
Texas State Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 372-5711
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood*
*Federation of America, Inc.*

October 31, 2022

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Notice of Rule 30(b)(6) Deposition of the Louisiana Department of Health by Defendants has been served upon all attorneys of record in this case on this, the 31st day of October, 2022, by electronic email.

     s/ Tirzah S. Lollar
Tirzah S. Lollar

11

# Arnold&Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
**Tirzah.Lollar@arnoldporter.com**

November 1, 2022

<u>**VIA HAND DELIVERY**</u>

Louisiana Department of Health
c/o Dr. Courtney N. Phillips
628 N. 4th Street
Baton Rouge, LA 70802

Re:     *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

To Whom It May Concern:

We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

We have issued the enclosed subpoena and Rule 30(b)(6) deposition notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas.  The subpoena and notice require the Louisiana Department of Health ("LDH") to provide deposition testimony on the matters for examination listed on the notice at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 9, 2022 at 9:30am.

**Arnold&Porter**

Louisiana Department of Health
Page 2

 We encourage you to contact the undersigned as soon as possible to discuss logistical arrangements for LDH's deposition testimony.  We are also available to meet and confer regarding the matters for examination on the enclosed notice.

 Sincerely,


 /s/ *Tirzah S. Lollar*
 Tirzah S. Lollar
 *Attorney for Affiliate Defendants*


Enclosures

CC: Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood Federation of America, Inc.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| U.S. ex rel. ALEX DOE et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.  NO. 2:21-CV-00022-Z

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                     Louisiana Department of Health
628 N. 4th St., Baton Rouge, LA 70802
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Chehardy Sherman Williams,<br>1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time:<br>12/09/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:  stenographer,electronically recorded,videotaped

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/01/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Tirzah Lollar
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                                        , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 119

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| Plaintiffs, | § | |
| v. | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| Defendants. | | |

**DEFENDANTS' NOTICE OF ORAL**
**DEPOSITION OF STEVE RUSSO**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Defendants, by and through their attorneys, will take the oral and videotaped deposition of:

| | |
|---|---|
| Witness: | Steve Russo |
| Date: | December 8, 2022 |
| Time: | 9:30 a.m. (CST) |
| Location: | Chehardy Sherman Williams |
| | 1 Galleria Blvd., Suite 1100 |
| | Metairie, LA 70001 |

The deposition will be taken upon oral examination before a certified court reporter

authorized by law to take depositions upon oral examination and will be stenographically and

electronically recorded and will be videotaped.  The oral examination will be taken pursuant to

Federal Rules of Civil Procedure and is being taken for the purpose of discovery, for use at trial,

or for such other purposes as are permitted under the Local Rules of the Court, the Federal Rules

of Civil Procedure, and/or the Federal Rules of Evidence.

1

Said deposition will commence at the time stated above and will continue from day to day until completed, Sundays and Holidays excluded.  Said deposition will be taken by a certified shorthand reporter and Notary Public or such other person authorized to administer oaths, at the place where the deposition is taking place or, should the deposition be undertaken remotely, will participate and administer the oath remotely.

Defendants reserve all rights regarding any documents or other written discovery that have not been timely provided in advance of depositions, including the right to question each witness about such materials at a later date.

Dated:  October 31, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of Greater*

3

*Texas, Inc., Planned Parenthood of South Texas,
Inc., Planned Parenthood Cameron County, Inc.,
and Planned Parenthood San Antonio, Inc.*

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood
Federation of America, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 31, 2022, the foregoing document was served on all counsel of record via e-mail.

          <u>*/s/ Tirzah S. Lollar*        </u>
          Tirzah S. Lollar

# Arnold&Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
**Tirzah.Lollar@arnoldporter.com**

November 1, 2022

**VIA HAND DELIVERY**

Steve Russo
Louisiana Department of Health
628 N. 4th Street
Baton Rouge, LA 70802

      Re:     *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Dear Mr. Russo:

    We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

    We have issued the enclosed subpoena and notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 8, 2022 at 9:30am.

# Arnold&Porter

Steve Russo
Page 2


We encourage you to contact the undersigned as soon as possible to discuss logistical arrangements for your deposition testimony.

Sincerely,


/s/ *Tirzah S. Lollar*
Tirzah S. Lollar
*Attorney for Affiliate Defendants*


Enclosures

CC:    Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood Federation of America, Inc.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| U.S. ex rel. ALEX DOE et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   NO. 2:21-CV-00022-Z

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 
Steve Russo
628 N. 4th Street, Baton Rouge, LA 70802
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time: 12/08/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:  stenographer,electronically recorded,videotaped

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Tirzah Lollar
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.
, who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 129

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* ALEX DOE, Relator, | § | CIVIL ACTION NO. 2:21-CV- |
| | § | 00022-Z |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| Plaintiffs, | § | |
| v. | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| Defendants. | | |

**DEFENDANTS' NOTICE OF ORAL
DEPOSITION OF KIM SULLIVAN**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Defendants, by and through their attorneys, will take the oral and videotaped deposition of:

| | |
|---|---|
| Witness: | Kim Sullivan |
| Date: | December 7, 2022 |
| Time: | 9:30 a.m. (CST) |
| Location: | Chehardy Sherman Williams |
| | 1 Galleria Blvd., Suite 1100 |
| | Metairie, LA 70001 |

The deposition will be taken upon oral examination before a certified court reporter

authorized by law to take depositions upon oral examination and will be stenographically and

electronically recorded and will be videotaped.  The oral examination will be taken pursuant to

Federal Rules of Civil Procedure and is being taken for the purpose of discovery, for use at trial,

1

or for such other purposes as are permitted under the Local Rules of the Court, the Federal Rules of Civil Procedure, and/or the Federal Rules of Evidence.

Said deposition will commence at the time stated above and will continue from day to day until completed, Sundays and Holidays excluded.  Said deposition will be taken by a certified shorthand reporter and Notary Public or such other person authorized to administer oaths, at the place where the deposition is taking place or, should the deposition be undertaken remotely, will participate and administer the oath remotely.

Defendants reserve all rights regarding any documents or other written discovery that have not been timely provided in advance of depositions, including the right to question each witness about such materials at a later date.

2

Dated:  October 31, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood*
*Gulf Coast, Inc., Planned Parenthood of Greater*

3

App. 134

*Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

O'MELVENY & MYERS LLP

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, the foregoing document was served on all counsel of record via e-mail.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

# Arnold & Porter

**Tirzah S. Lollar**
+1 202.942.6199 Direct
**Tirzah.Lollar@arnoldporter.com**

November 1, 2022

**VIA HAND DELIVERY**

Kimberly Sullivan
Louisiana Department of Health
628 N. 4th Street
Baton Rouge, LA 70802

Re:   *United States of America ex rel. Doe v. Planned Parenthood Federation of America, Inc.*, No. 2:21-CV-00022-Z (N.D. Tex.)

Dear Ms. Sullivan:

We represent the Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") in the above-captioned civil lawsuit.

We have issued the enclosed subpoena and deposition notice, as authorized by the Federal Rules of Civil Procedure and under the authority of the United States District Court for the Northern District of Texas. The subpoena requires you to provide deposition testimony at Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001, on December 7, 2022 at 9:30am.

# Arnold&Porter

Kimberly Sullivan
Page 2


        We encourage you to contact the undersigned as soon as possible to discuss logistical arrangements for your deposition testimony.

                                Sincerely,



                                /s/ *Tirzah S. Lollar*
                                Tirzah S. Lollar
                                *Attorney for Affiliate Defendants*



Enclosures

CC:     Danny Ashby, O'Melveny & Myers, counsel for Defendant Planned Parenthood
        Federation of America, Inc.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas ▾

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Planned Parenthood Federation of America, Inc., et al. | ) Civil Action No.  NO. 2:21-CV-00022-Z |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Kim Sullivan
                          628 N. 4th Street, Baton Rouge, LA 70802
                     *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time: 12/07/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:  stenographer,electronically recorded,videotaped

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/01/2022

            *CLERK OF COURT*

                                        OR

                                                /s/ Tirzah Lollar
_____          _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.
, who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# Exhibit E

| | |
|---|---|
| **From:** | St. John, Joseph <StJohnJ@ag.louisiana.gov> |
| **Sent:** | Wednesday, November 30, 2022 5:12 PM |
| **To:** | Lollar, Tirzah; Pieper, Megan |
| **Subject:** | RE: US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.) |

External E-mail

Tirzah:

Thank you for taking the time to chat. Our call lasted from 4:00 until approximately 4:15. I spoke on behalf of LDH; you spoke on behalf of Plaintiffs.

At the start of our call, I alerted you the invalidity of Planned Parenthood's subpoenas to LDH, Mr. Russo, and Ms. Sullivan for failure to tender witness fees and mileage. I pointed you to *In re Dennis*, 330 F.3d 696 (5th Cir. 2003), as controlling law on this issue. I then explained that district courts in the Fifth Circuit have repeatedly quashed or refused to enforce subpoenas that are delivered without the required fees. To make the situation clean, I asked you to withdraw Planned Parenthood's subpoenas to LDH, Mr. Russo, and Ms. Sullivan; you refused to do so. You asked if the witnesses would appear; I responded that no valid subpoena has been served, so LDH would not produce witnesses.

Turning to dates, I noted the dates Planned Parenthood set for the depositions were after the November 30 close of discovery. You responded that "the parties agreed to take depositions after the close of discovery." I explained that I have seen the Court's scheduling order, but I have not seen an order authorizing late depositions. You pointed to an order authorizing a deposition of Ms. Linton after the close of discovery. You then insisted "the parties had agreed" to post-close depositions. I explained that LDH was not involved in any such agreement, and it was only aware of the scheduling order.

I next explained that under Fifth Circuit law, Rule 45 subpoenas are subject to sovereign immunity. I directed you to *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). You asked me to "break it down" for you. I explained that LDH is an agency of the State of Louisiana; LDH is therefore subject to sovereign immunity, as are its employees. Under *Russell*, that sovereign immunity applies to Rule 45 subpoenas. I further explained that sovereign immunity can be raised at any time, including for the first time before the Supreme Court. You acknowledged that Louisiana is "not actually a party," but you insisted Planned Parenthood is entitled to non-party discovery from Louisiana.

We next discussed Planned Parenthood's subpoenas to Mr. Russo and Ms. Sullivan. You appeared aware that both Mr. Russo and Ms. Sullivan are attorneys. With respect to Ms. Sullivan, you stated she is a "fact witness" because she sent a letter to CMS. With respect to Mr. Russo, you stated he is a "fact witness" with knowledge regarding a termination that was prospectively withdrawn. For both, you stated that you "don't intend to go into privileged information" during any deposition. You repeatedly refused to elaborate on what specific information you sought from Mr. Russo and Ms. Sullivan. When I asked what Planned Parenthood had done to get that information from other sources, you merely pointed to Planned Parenthood's document subpoena and public records request to LDH, then stated "some information you just can't get from documents."

Turning to Planned Parenthood's subpoena to LDH, I noted that much of the subpoena is directed to facts underlying LDH's termination of Planned Parenthood, and I asked you to explain the relevance. You responded that the Relator alleges all of Planned Parenthood Gulf Coast's claims reimbursements going back to 2010 are false because PPGC is not a qualified provider. Planned Parenthood seeks discovery of LDH's view of whether PPGC is a qualified provider. With respect to how LDH treated other providers, you asserted that it is relevant to materiality under *Escobar*.

At the end of our call, you said you would need to consult with your client, but you would get back to us.

I trust this is an accurate recounting of our conversation.

Best regards,
Scott



**Joseph Scott St. John**

Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

---

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Wednesday, November 30, 2022 9:48 AM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Pieper, Megan <Megan.Pieper@arnoldporter.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.)

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Sure.  We can talk today at 4pm CST.  If that works, what number should we call for you?

_____
Tirzah Lollar
Partner | Bio

**Arnold & Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Wednesday, November 30, 2022 10:15 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>
**Subject:** US ex rel Doe v. Planned Parenthood, No. 2:21-cv-22 (N.D. Tex.)

External E-mail

Tirzah and Megan:

If you have a minute, I'd appreciate a quick call regarding Planned Parenthood's deposition subpoenas to LDH, Ms. Sullivan, and Mr. Russo. I'm generally available after 2pm Central.

Best regards,
Scott

App. 143



**Joseph Scott St. John**
Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

App. 144

# Exhibit F

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| U.S. ex rel. ALEX DOE et al. | )
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Louisiana Department of Health
              628 N. 4th St., Baton Rouge, LA 70802
              *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Chehardy Sherman Williams,<br>1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time:<br>12/09/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/01/2022

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Tirzah Lollar |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                                    , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 145

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Louisiana Department of Health

on *(date)*  12/1/2022                 .

☒  I served the subpoena by delivering a copy to the named individual as follows:   through Ms. Valerie Mitchell,

Authorized Employee of Louisiana Department of Health Legal Department,

628 N 4th St, Baton Rouge, LA 70802                            on *(date)* 12/1/2022 3:03 PM; or

❒  I returned the subpoena unexecuted because:

                                                                                                                                                          .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$               134.50               .

My fees are $                       for travel and $                       for services, for a total of $                       .

I declare under penalty of perjury that this information is true.

Date:      12/1/2022

_____
*Server's signature*

Herb Battistella, Process Server
_____
*Printed name and title*

Agent for Lexitas
4299 San Felipe, Suite 350
Houston, Texas 77027
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of Texas ▢

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Louisiana Department of Health
           628 N. 4th St., Baton Rouge, LA 70802
           *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time: 12/09/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 1, 2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Tirzah Lollar |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                               , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _NO. 2:21-CV-00022-Z_

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Louisiana Department of Health

on *(date)*  12/1/2022          .

☒ I served the subpoena by delivering a copy to the named individual as follows:    through Ms. Valerie Mitchell,

Authorized Employee of Louisiana Department of Health Legal Department,

628 N 4th St, Baton Rouge, LA 70802                      on *(date)* 12/1/2022 3:03 PM; or

❐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   134.50                .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:   12/1/2022

_____
*Server's signature*

Herb Battistella, Process Server
_____
*Printed name and title*

Agent for Lexitas
4299 San Felipe, Suite 350
Houston, Texas 77027
_____
*Server's address*

Additional information regarding attempted service, etc.:

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| U.S. ex rel. ALEX DOE et al. | )  |
|---|---|
| _Plaintiff_ | ) |
| v. | ) |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| _Defendant_ | ) |

Civil Action No.    NO. 2:21-CV-00022-Z

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Kim Sullivan
628 N. 4th Street, Baton Rouge, LA 70802

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Chehardy Sherman Williams,<br>1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time:<br>12/07/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

❒ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2022

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Tirzah Lollar |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Planned Parenthood Gulf Coast, Inc., et al.                                              , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 149

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. ___NO. 2:21-CV-00022-Z___

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ___Kim Sullivan___

on *(date)* ___12/1/2022___ .

☒ I served the subpoena by delivering a copy to the named individual as follows: ___through Ms. Valerie Mitchell,___

___Authorized Employee of Louisiana Department of Health Legal Department,___

___628 N 4th St, Baton Rouge, LA 70802___ on *(date)*___12/1/2022 3:03 PM___; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ___134.50___ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: ___12/1/2022___

_____
*Server's signature*

Herb Battistella, Process Server
_____
*Printed name and title*

Agent for Lexitas
4299 San Felipe, Suite 350
Houston, Texas 77027
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of Texas ⏷

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   NO. 2:21-CV-00022-Z

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Kim Sullivan
                              628 N. 4th Street, Baton Rouge, LA 70802
                              *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100, Metairie, LA 70001 | Date and Time: 12/07/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:  stenographer,electronically recorded,videotaped

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 1, 2022
                      _____

                      *CLERK OF COURT*
                                                                OR

_____                    /s/ Tirzah Lollar
*Signature of Clerk or Deputy Clerk*                    _____
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.
_____ , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Kim Sullivan

on *(date)*   12/1/2022         .

☒ I served the subpoena by delivering a copy to the named individual as follows:   through Ms. Valerie Mitchell,

Authorized Employee of Louisiana Department of Health Legal Department,

628 N 4th St, Baton Rouge, LA 70802                          on *(date)* 12/1/2022 3:03 PM ; or

❏ I returned the subpoena unexecuted because:   _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$        134.50           .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:    12/1/2022

_____
*Server's signature*

Herb Battistella, Process Server
_____
*Printed name and title*

Agent for Lexitas
4299 San Felipe, Suite 350
Houston, Texas 77027
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         Steve Russo
                              628 N. 4th Street, Baton Rouge, LA 70802
                          *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Chehardy Sherman Williams, 1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time: 12/08/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2022

              *CLERK OF COURT*
                                                            OR
                                                                    /s/ Tirzah Lollar
    _____                    _____
       *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
 Planned Parenthood Gulf Coast, Inc., et al.
                                                          , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 153

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Steve Russo

on *(date)*  12/1/2022        .

☒ I served the subpoena by delivering a copy to the named individual as follows:  through Ms. Valerie Mitchell,

Authorized Employee of Louisiana Department of Health Legal Department,

628 N 4th St, Baton Rouge, LA 70802                 on *(date)* 12/1/2022 3:03 PM; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$        134.50        .

My fees are $                  for travel and $                  for services, for a total of $                  .

I declare under penalty of perjury that this information is true.

Date:    12/1/2022

*Server's signature*

Herb Battistella, Process Server
*Printed name and title*

Agent for Lexitas
4299 San Felipe, Suite 350
Houston, Texas 77027
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Texas

| | |
|---|---|
| U.S. ex rel. ALEX DOE et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   NO. 2:21-CV-00022-Z |
| Planned Parenthood Federation of America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Steve Russo
                        628 N. 4th Street, Baton Rouge, LA 70802
                  *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Chehardy Sherman Williams,<br>1 Galleria Blvd., Suite 1100,Metairie, LA 70001 | Date and Time:<br>12/08/2022  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographer,electronically recorded,videotaped

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 1, 2022

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Tirzah Lollar |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Planned Parenthood Gulf Coast, Inc., et al.                                    , who issues or requests this subpoena, are:

Tirzah Lollar, 601 Massachusetts Ave. NW, Washington, DC 20001, 202-942-6199, tirzah.lollar@arnoldporter.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 155

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. NO. 2:21-CV-00022-Z

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* ___Steve Russo_____

on *(date)* __12/1/2022_____ .

    ☒ I served the subpoena by delivering a copy to the named individual as follows: ___through Ms.__ Valerie Mitchell,

Authorized Employee of Louisiana Department of Health Legal Department,_____

628 N 4th St, Baton Rouge, LA 70802_____ on *(date)* 12/1/2022 3:03 PM ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also

tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____134.50_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: ___12/1/2022_____

                                       _____
                                              *Server's signature*

                              Herb Battistella, Process Server
                                            *Printed name and title*

                                Agent for Lexitas
                              4299 San Felipe, Suite 350
                              Houston, Texas 77027
                                            *Server's address*

Additional information regarding attempted service, etc.: