**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Texas | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| The State of Louisiana | § | CIVIL ACTION NO. |
| *ex rel.* ALEX DOE, Relator, | § | 2:21-CV-00022-Z |
|     Plaintiffs, | § | |
| v. | § | Date:    December 3, 2022 |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
|     Defendants. | § | |
| | § | |
| | § | |

**DEFENDANTS' OPPOSITION TO SECOND MOTION FOR A PROTECTIVE ORDER
AND TO QUASH DEPOSITION SUBPOENAS BY NON-PARTIES LOUISIANA
DEPARTMENT OF HEALTH, ATTORNEY STEPHEN RUSSO,
<u>AND ATTORNEY KIMBERLY SULLIVAN</u>**

Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") (all collectively, "Defendants") hereby oppose nonparties Louisiana Department of Health ("LDH"), Stephen Russo, and Kimberly Sullivan's (collectively, "Movants") Second Motion for Protective Order and to Quash, Dkt. 322 (the "Motion" or "Mot.").

## INTRODUCTION

Defendants had no choice in view of Movants' delay tactics but to cover their bases by issuing new subpoenas addressing the original subpoenas' administrative oversight—since cured —as soon as it was identified a month after service. The new subpoenas call for exactly the same compliance as the original subpoenas—if fact, the original and new subpoenas are identical in every way except the service date. The Motion posits a novel and unsupported rule that would enable any subpoena recipient to immunize itself from compliance by delaying in raising an inadvertent technical defect. Movants otherwise merely fall back on the same flawed arguments they tried in yesterday's motion and which Defendants already addressed in their first opposition brief. The new subpoenas are valid and Defendants have engaged in no improper conduct at all, let alone conduct warranting the imposition of attorneys' fees. The Motion should be denied in its entirety.

## BACKGROUND

The Court is familiar with the factual and legal background relevant to this Motion, as it is the same as that set forth in the opposition Defendants filed yesterday regarding the subpoenas they served on November 1, 2022 (the "Original Subpoenas"). *See* Dkt. 325 ("Original

Opposition"). As discussed in the Original Opposition, out of an abundance of caution following Movants' last-minute assertion of an apparent technical flaw in the Original Subpoenas, Defendants served each Movant with both a cured Original Subpoena and a new subpoena issued December 1 that mirrored the original subpoena in every manner other than the date of service (the "New Subpoenas"). Movants accepted service of the New Subpoenas at 3:03 p.m. on December 1, and have identified neither any technical flaws in service nor any substantive difference whatsoever between the Original Subpoenas and the New Subpoenas other than the service date.

Because they call for exactly the same compliance as the Original Subpoenas, Defendants intend to withdraw the New Subpoenas promptly if the Court holds (or if Movants concede) that the Original Subpoenas were properly served.

## LEGAL STANDARDS

The party or nonparty moving to quash or modify a subpoena under Rule 45 "has the burden of proof." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citing *Wiwa v. Royal Dutch Petroleum. Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). When such a motion is made on claimed overbreadth grounds, the party or nonparty resisting the subpoena "must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (quoting *Andra Grp. LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015)). Quashing a subpoena outright is disfavored; modification is preferred. *Id.* (quoting *Wiwa*, 392 F.3d at 818). Similarly, Rule 26(c) imposes on the "movant … the burden of showing that a protective order is necessary." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

## ARGUMENT

## I.      The New Subpoenas Provide A Reasonable Time To Respond

The compliance dates called for in the New Subpoenas are reasonable because they are identical to those in the Original Subpoenas, of which Movants have indisputably had notice for more than a month. When a subpoena recipient has "actual knowledge" of the subpoena, a "technical violation" of Rule 45 does not vitiate the recipient's obligations under it. *KB Oreo, LLC v. Winnerman*, No. 20-mc-0073, 2020 WL 13412947, at *2 (D. Colo. Nov. 5, 2020). As such, actual notice is the touchstone of the reasonable time inquiry. *See, e.g., Local Access, LLC v. Peerless Network, Inc.*, No. 17-cv-236, 2019 WL 13211744, at *2 (M.D. Fla. Feb. 27, 2019) (citing "actual notice" to deponent as a reason that less-than-two-week notice for third-party subpoena was reasonable); *Lillie v. ManTech Int'l Corp.*, No. 17-cv-02538, 2019 WL 653085, at *2 (C.D. Cal. Feb. 15, 2019) (eleven-day timeline for trial-testimony subpoena reasonable due to earlier email notice). Subpoena recipients "cannot avoid adjudication of the merits of the subpoena by running out the clock in the underlying litigation." *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., Ltd.*, No. 02-C-8133, 2003 WL 145419, at *1 (N.D. Ill. Jan. 21, 2003) (declining to quash subpoena with five-calendar-day response time necessitated by impending discovery deadline, where subpoena did not call for anything outside the scope of a prior timely subpoena that recently had been quashed). As described in Defendants' Original Opposition, Movants made the choice not to engage with Defendants for an entire month. The five-week lead time that Defendants gave is abundantly reasonable. Movants' failure to engage for four of those weeks is patently unreasonable, and this Court should not enable them to benefit from such "running out the clock" gamesmanship. *See id.*

The Northern District of California recently declined to quash a subpoena in a similar situation. *See Cabell v. Zorro Productions Inc.*, No. 15-cv-00771, 2018 WL 3023343 (N.D. Cal. June 18, 2018). There, formal service was completed only six business days before the deposition, but counsel had received email notice of the subpoena 14 days before the noticed deposition date. *Id.* at *1–2. Counsel objected to the timing of the subpoena but did not provide any alternative dates. *Id.* at *1. The witness argued that the subpoena should be quashed because six business days was insufficient time to prepare for her deposition. *Id.* at *3. The court rejected this argument and declined to quash the subpoena, holding that the issue "likely could have been resolved had counsel for [the witness] promptly conferred with counsel for the [issuing party] regarding an alterative date for [the] deposition," but "counsel failed to so confer." *Id.* So too here.

Relatedly, Movants' description of the Subpoenas' timelines as having been "unilaterally set by" Defendants is misleading at best. *See* Mot. at 5. When Movants ignored Defendants' attempts to discuss the Original Subpoenas with Movants before serving them, Defendants gave up their meet-and-confer effort and served the Original Subpoenas five weeks before their compliance dates. As described in the Original Opposition, Defendants then made numerous attempts to confer with Movants' counsel, but did not receive even the courtesy of a response for more than four weeks. *See* Dkt. 325 at 3. The first time that Defendants heard from Movants' counsel was only seven days before the compliance date of the first subpoena.

There is no logical basis on which to hold that a subpoena promptly reissued to correct a technical flaw implicates notice and timeliness concerns in circumstances where a substantively identical subpoena has been outstanding for five weeks. Nor is there any authority supporting Movants' position. That is unsurprising, because endorsing Movants' novel subpoena-avoidance

5

rule would mean that any subpoena with an arguable technical deficiency could never be enforced because recipients could simply run out the clock and file a motion to quash less than fourteen days, but more than five, before the compliance date. *Cf.* Fed. R. Civ. P. 1 ("[Federal Rules of Civil Procedure" should be construed, administered, and employed by the court and the parties to secure the *just*, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).

## II.    The New Subpoenas Are Timely And Substantively Proper For The Same Reasons That The Original Subpoenas Should Be Enforced

Because the New Subpoenas are materially identical to the Original Subpoenas, Movants merely repeat the same complaints about the scope and substance of the subpoenas Movants raised in their first motion to quash.  *See* Mot. at 2 (asserting that the New Subpoenas "remain plagued by the same sovereign immunity, attorney discovery, and relevance problems as plagued" the Original Subpoenas); Mot. at 6 (asserting that, other than purported "new defect" of unreasonable time to respond, "the defects identified in [Movants'] earlier Motion for a Protective Order are still present" in the New Subpoenas). Accordingly, Defendants incorporate by reference herein the arguments raised in their Original Opposition regarding the timeliness of the depositions and the substantive validity of the subpoenas. *See* Dkt. 325 at 7–13.[1]

## III.    There Is No Basis For Awarding Attorney's Fees

---

[1] Movants make the arguably new assertion that Defendants "did not seek relief from the November 30 deadline before issuing" the New Subpoenas to Movants. Mot. at 4. As Defendants explained in their Original Opposition, this assertion is contrary to the Court's prior ruling (on a motion brought by one of the Affiliate Defendants) that both endorsed the schedule including Movants' depositions and held that depositions are timely through December 10. *See* Original Opposition at 7 (citing Dkt. 293).

Attorney's fees should not be awarded because, as explained above and in the Original Opposition, Defendants have not "impos[ed] undue burden or expense on a person subject to [a] subpoena." *See* Fed. R. Civ. P. 45(d)(1). Defendants issued substantively valid subpoenas with an administrative defect of which they were not aware until four weeks after issuance. Because of Movants' unreasonable thirty-day delay in advising Defendants of their concerns with the Original Subpoenas,[2] and their decision to file a motion to quash mere hours after first speaking with Defendants, Defendants had no choice but to take a belt-and-suspenders approach by curing the Original Subpoenas and issuing the New Subpoenas. Defendants' choice to protect their discovery rights against Movants' last-minute gamesmanship was "consistent with [the Federal Rules] and warranted by existing law," had no "improper purpose," and was "neither unreasonable nor unduly burdensome or expensive." *See* Fed. R. Civ. P. 26(g).

Movants' argument to the contrary largely rests on the incorrect proposition that depositions after November 30 but before December 10 violate the scheduling order in this case. As explained elsewhere, the Court has held otherwise. That holding distinguishes this case from the authority on which Movants rely, which involved prior *denial* of leave to take depositions after a discovery deadline. *See Dixon v. Greyhound Lines*, No. 13-179, 2014 WL 7338870 (M.D. La. Dec. 22, 2014)) (cited at Mot. 8). Enforcing a schedule that the court has explicitly endorsed cannot possibly warrant the imposition of attorney's fees. Moreover, Defendants reached out to Movants

---

[2] By way of comparison, Rule 45 requires nonparty recipients of document subpoenas to serve objections within no more than 14 days service. Fed. R. Civ. P. 45(d)(2)(B). Movants also assert that 14 days is a presumptively reasonable timeframe for a nonparty to prepare for a deposition. *See* Mot. at 5–6. Certainly, the much less onerous task of constructing a list of concerns about which to meet and confer could have been accomplished within that time. Notably, like Movants' prior motion, *see* Dkt. 318, the instant Motion provides not a word of explanation for this delay.

multiple times throughout November in an attempt to address any concerns Movants may have had with the subpoenas (including, but not limited to, scheduling), but these attempts were met with silence. *Cf. Antero Res. Corp. v. C&R Downhole Drilling, Inc.*, No. 14-CV-668-Y, 2020 WL 13443034, at \*3 (N.D. Tex. Mar. 6, 2020) (denying Rule 45 fees motion where issuing party "attempted to work with [the subpoena recipient] to . . . reduce the burden of responding to the subpoena").

## **CONCLUSION**

Defendants' New Subpoenas to Movants are valid, and Defendants have engaged in no misconduct that would warrant an award of attorney's fees. The New Subpoenas should not be quashed, and the Motion should be denied.

Dated: December 3, 2022                        Respectfully Submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Tirzah. S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: +1 202.942.5000
Fax: +1 202.942.5999

8

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
Paula.Ramer@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
Tel: +1 212.836.8474

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333

*Attorneys for Defendants Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc., Planned
Parenthood of South Texas, Inc., Planned
Parenthood Cameron County, Inc., and
Planned Parenthood San Antonio, Inc.*

9

**O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

**RYAN BROWN ATTORNEY AT LAW**
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned*
*Parenthood Federation of America, Inc.*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 3, 2022, the foregoing document was electronically filed and served upon all parties and counsel of record via the Court's CM/ECF system.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar