## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH<br>TEXAS, INC., PLANNED<br>PARENTHOOD CAMERON<br>COUNTY, INC., PLANNED<br>PARENTHOOD SAN ANTONIO,<br>INC., | § § § § § § § § § § § § § | |
| Defendants. | § | |

## RELATOR'S JOINDER IN LOUISIANA'S MOTIONS
## FOR PROTECTIVE ORDER

Louisiana, on behalf of Louisiana Department of Health, its executive counsel

Stephen Russo, and its deputy general counsel Kimberly Sullivan (collectively,

"LDH") moved on November 30 and December 2, 2022 for a protective order against

subpoenas issued by Defendants in this case. Dkt. 318, 322. Relator hereby joins in

those motions and respectfully requests that the Court enter the requested protective orders pursuant to Federal Rule of Civil Procedure 26(c)(1)(B), which permits the Court to govern the time and place of discovery.

It appears that Defendants' first subpoenas to LDH were not validly served. *See* Dkt. 318. Defendants' second subpoenas on LDH were apparently served on December 1, 2022 and request appearance on December 7, 8, and 9. But both the date of service and the dates of compliance fall outside of the discovery period in this case. The Second Amended Scheduling Order provides that the cutoff for discovery was November 30, 2022. Dkt. 192 at 5. The Scheduling Order states that the parties must seek leave of Court for any modifications to that Order. Dkt. 192 at 11. Defendants did not seek leave to permit the noticing and subpoena of witnesses for depositions outside of the discovery period before serving either set of subpoenas.

Nor is there any agreement to permit discovery beyond the discovery period. The Second Amended Scheduling Order does state that the parties may agree to continue the discovery deadline provided that it does not affect any other deadlines in the Order. Dkt. 192 at 5. But the Scheduling Order also clearly requires notice to the Court if there is such an agreement. Dkt. 192 at 5. No such notice has been given because there is no such agreement. Every deposition noticed by Relator or the State in this case was originally noticed for a date during the discovery period, and every subpoena served by Relator or the State was served within the discovery period. The only reason any depositions are taking place after the discovery deadline is because Defendants' counsel represented that those witnesses were unavailable during the

discovery period. Accommodation of each witness's schedule was on a case-by-case basis and not pursuant to a broader agreement. Indeed, in Relator's opposition to Defendant PPGC's motion to quash the deposition notice of Melaney Linton, Relator repeatedly emphasized the importance of noticing depositions within the discovery period, noted these facts, and reiterated that there was no agreement to extend the discovery period. *See, e.g.,* Dkt. 286 at 1 at n.1, 2, 9 at n.7.[1]  Defendants also never sought Plaintiffs' agreement to permit depositions of Louisiana witnesses outside the discovery period. Moreover, Plaintiffs do not agree because Defendants made no effort to subpoena LDH to appear for a deposition within the discovery period and have no excuse for not doing so before. It would have been obvious months ago that LDH would be a potential witness in this case and Defendants had ample time to secure LDH testimony within the discovery period. Defendants chose to wait to notice subpoenas to LDH shortly after receiving an unfavorable ruling on their mandamus petition regarding transfer of venue, and then Defendants then apparently failed to validly serve those subpoenas. Defendants' choice to serve subpoenas for depositions outside the discovery period without an agreement from counsel or leave of Court is ample reason for the Court to grant the instant motions.

---

[1] The table on pages 5-6 of Relator's opposition to PPGC's motion to quash (Dkt. 286) was not an agreement to permit these depositions, nor could it be construed as one in light of the discussion elsewhere in the same opposition about the importance of the discovery deadline and lack of agreement to extend that date. The table simply noted the dates that depositions were noticed at that time to show the Court that there were already multiple depositions potentially occurring on the dates PPGC offered Ms. Linton. The subpoenas to LDH were not even validly served when the opposition was filed.

## CONCLUSION

Based on the foregoing, Relator joins in LDH's requests for protective orders and respectfully requests that the Court grant LDH's motions.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

**Attorneys for Relator**

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2022, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker