IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>    Plaintiffs,<br>v.<br>Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc.,<br>    Defendants. | CIVIL ACTION NO.<br>2:21-CV-00022-Z<br><br>Date:    December 5, 2022 |

## DEFENDANTS' OPPOSITION TO
## RELATOR'S JOINDER IN LOUISIANA'S MOTIONS FOR PROTECTIVE ORDER

Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") (all collectively, "Defendants") hereby oppose Relator's Joinder in Louisiana's Motions for Protective Order (the "Joinder"), Dkt. 328.

Relator's Joinder fails both procedurally and substantively. Procedurally, the Joinder does not comply with the applicable filing deadline, and Relator has not sought (and provides no argument to justify) the Court's leave to file on an emergency basis. Substantively, the Joinder misstates the record, which clearly establishes that the parties consented to—and the Court endorsed—the holding of the three depositions at issue on December 7, 8, and 9.

*First*, the Joinder should be summarily rejected because it "relate[s] to a deposition [and] is filed less than five business days before the scheduled or noticed date of the deposition." *See* Dkt. 192 at 5. Relator has not sought, and the Court has not granted, "leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date." *See id.* Indeed, Relator does not and could not argue in favor of such leave. Relator has known that these depositions were noticed for December 7, 8, and 9 since receiving Defendants' notices over a month ago on October 31 (*see* Ex. 1, Lollar email with Sullivan, Russo, and LDH Rule 30(b)(6) notices attached) and Relator themselves then presented this deposition schedule to the Court nearly three weeks ago (*see* Dkt. 286 at 5–6). The Joinder also comes later than Defendants' response deadlines for both of the motions it purports to join. Accordingly, the Court should summarily decline to consider the Joinder.

*Second*, to the extent the Court considers the Joinder, Relator's arguments are lacking for exactly the same reasons that support denial of the motions to quash: The parties have an agreement, endorsed by the Court, to hold these depositions on these dates. Relator's own briefing described the schedule including these depositions as "the current deposition schedule" as of November 14. Dkt. 286 at 5 (footnote omitted). In that filing, Relator explicitly confirmed that "Relator's counsel even agreed to accommodate a few dates in the week after the discovery period ends." *Id.* at 5.[1] In a footnote reserving certain objections, Relator expressed no objection to the dates of the three Louisiana-related depositions, nor any objection to taking nine other depositions after November 30. *Id.* at 5 n.4. When Relator argued against certain proposed December dates for the deposition of an Affiliate Defendant's CEO, the *only* reason Relator gave for why December

---

[1] December 7, 8, and 9, are in the calendar week following November 30.

8 did not work is that it conflicted with another deposition—which had been noticed by Relator. *See* Dkt. 286 at 4; Ex. 2. Relator's only objection to December 9 was that "counsel is unavailable." Dkt. 286 at 4. Only as to the potential December 16 date did Relator argue that December 16 was too late given the December 27 dispositive motions deadline. *See id.* After considering these representations by Relator, the Court ordered that the deposition at issue in that motion take place on December 10, finding that date to be reasonable in view of the scheduling order and the other depositions the parties had agreed to schedule that week. *See* Dkt. 293. Indeed, the parties recently agreed to take one deposition as late as December 13 after the witness became ill with Covid-19 and her deposition had to be rescheduled.[2]

Relator's own prior briefing thus conclusively establishes that the parties have an agreement regarding the dates of the three Louisiana-related depositions. But even if it did not, it would at a minimum establish that Relator has waived any argument otherwise. An argument is waived when that party has previously argued the opposite. *See Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 540 (5th Cir. 2007) (citing *Aldrup v. Caldera*, 274 F.3d 282, 288 (5th Cir. 2001)). Here, in the brief where Relator raised timeliness objections as to a potential deposition date *after* the calendar week following November 30 (i.e., December 16), Relator explicitly noted they had "agreed to accommodate a few dates the week after discovery period ends" and then included on the very next page a list of the agreed-upon depositions, including the three LDH depositions at issue now. *See* Dkt. 286 at 5–6. Relator cannot now make the opposite argument.

---

[2] At one point in the Joinder, Relator also misstates the standard under the Court's scheduling order. The order does not say that "the parties must seek leave of Court for any modifications." *See* Joinder at 2. As Relator correctly notes elsewhere in the Joinder, the order actually says that "the parties must give written notice of the extension to the Court." Dkt. 192 at 5. The parties have done just that, as described above.

3

Dated: December 5, 2022                                  Respectfully Submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Tirzah. S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
Paula.Ramer@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
Tel: +1 212.836.8474

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned*

*Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

**O'MELVENY & MYERS LLP**

*/s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

**RYAN BROWN ATTORNEY AT LAW**
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2022, the foregoing document was electronically filed and served upon all parties and counsel of record via the Court's CM/ECF system.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar
