

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Non-Party Louisiana Department of Health *et al.*'s Motion for Protective Order and to Quash Deposition Subpoenas, and for Expedited Consideration ("Motion") (ECF No. 318), filed on November 30, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

### BACKGROUND

Relator Alex Doe alleges Defendant Planned Parenthood Federation of America, Inc. ("PPFA") and its Texas and/or Louisiana affiliates ("Affiliate Defendants") violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. After giving notice to Plaintiffs on October 31, 2022, the next day Defendants sent non-party Louisiana Department of Health ("LDH") a 31-topic deposition subpoena, accompanied by deposition subpoenas directed to LDH executive counsel Stephen Russo and LDH deputy general counsel Kimberly Sullivan. ECF No. 318 at 9.

The subpoenas call for depositions on December 7, 8, and 9. *Id.* On November 30, LDH counsel engaged in a meet-and-confer with PPFA counsel. *Id.* LDH counsel advised PPFA that the subpoenas had not been properly served; the subpoenas call for depositions after the deadline set by this Court, and Rule 45 subpoenas to LDH are barred by sovereign immunity. *Id.* at 9–10. Specifically, Defendants failed to tender witness fees and mileage under Federal Rule of Civil Procedure 45(b)(1). *Id.* at 11. Defendants refused to withdraw their subpoenas. *Id.* at 10. But on December 1 — after LDH filed the instant Motion — Defendants served on LDH both cured subpoenas which include the appropriate fees and new subpoenas for the same dates. ECF No. 325 at 9. LDH then filed its second motion for a protective order ("Second Motion") (ECF No. 322). On December 4, Relator file its Joinder in Louisiana's Motions for Protective Order ("Joinder"). *See* ECF No. 328.

LEGAL STANDARD

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

ANALYSIS

A. The Subpoenas Are Not Facially Invalid

1. The Scheduling Order is an insufficient reason to quash the subpoenas.

The deadline for discovery in this case was November 30, 2022. *See* ECF No. 192 at 5. The Scheduling Order provides that "parties may agree to extend this discovery deadline, provided (a) the extension does not affect the trial setting, dispositive-motions deadline, or pre-trial submission dates; and (b) the parties give written notice of the extension to the Court." *Id.*

2

Because the subpoenas call for depositions in December, LDH argues the subpoenas violate the Scheduling Order and should therefore be quashed. ECF No. 318 at 12.

The Scheduling Order is an insufficient reason to justify quashing the subpoenas. To begin, at least 9 other depositions are already scheduled for December.[1] *See* ECF Nos. 286 at 7, 293 at 2–3. And the Court held that it was not "critical" that a deposition be conducted before the deadline. ECF No. 293 at 2. That was in response to a motion for a protective order in which one of Affiliate Defendants' witnesses was unavailable on November 22 and other dates before the deadline were unworkable. *Id.* Relator's Joinder argues that each deposition noticed by Relator or Texas was originally noticed for a date during the discovery period.[2] ECF No. 328 at 2. Hence, the "only reason any depositions are taking place after the discovery deadline is because Defendant's counsel represented that those witnesses were unavailable during the discovery period." *Id.* at 2–3. In other words, accommodation of each witness's schedule "was on a case-by-case basis and not pursuant to a broader agreement." *Id.* at 3. Because Defendants never sought Plaintiffs' agreement to permit depositions of the Louisiana witnesses outside the discovery period or made any effort to depose the witnesses within the discovery period, Relator argues the subpoenas at issue here violate the Scheduling Order. *Id.*

The Court disagrees. Relator was given notice of the subpoenas on October 31. ECF No. 329 at 2. The record is devoid of any objection to the deposition dates before Relator's December 4 Joinder. Relator's briefing on the prior motion for protective order described the schedule including the three depositions at issue as "the current deposition schedule." ECF No. 286 at 6–7;

---

[1] Parties recently agreed to take one deposition as late as December 13. *See* ECF No. 329 at 3.
[2] Defendants argue the Joinder should be summarily rejected under the Scheduling Order because it "relate[s] to a deposition [and] is filed less than five business days before the scheduled or noticed date of the deposition." ECF No. 329 at 2 (citing ECF No. 192 at 5). But this provision in the Scheduling Order refers to motions — not all filings of any kind. The Court does not construe Relator's notice of joinder to the (timely filed) Motion as a "motion" under the Scheduling Order. The Court will therefore not reject the Joinder on that basis.

*see also id.* at 6 ("Relator's counsel even agreed to accommodate a few dates in the week after the discovery period ends."). Relator's own briefing and lack of objections before the Joinder therefore suggests there was no disagreement as to the Louisiana deposition dates. But in any case, December 9 is the deposition date for Texas witness Stuart Bowen. ECF No. 286 at 7. When Texas sought to quash this deposition, it made no mention of the discovery deadline. *See generally* ECF No. 275. The Court denied that motion in part. *See* ECF No. 306. And the Court ordered an Affiliate Defendant witness to make herself available for a December 10 deposition. *See* ECF No. 293. Thus, the December 7, 8, and 9 dates for the Louisiana witnesses do not extend the deadline beyond what was already agreed to by parties or ordered by this Court.

LDH relies on precedent from the Middle District of Louisiana to support its argument that a subpoena served before the discovery deadline is untimely if the date of compliance is beyond the discovery deadline. *See* ECF No. 318 at 12 (citing *McMillan v. J.P. Morgan Chase Bank, N.A.*, No. CIV.A 15-500-SDD-RLB, 2017 WL 373447, at *1 (M.D. La. Jan. 25, 2017)). But there, the court was relying in part on its Local Rules — for which this Court has no analogous rule. *McMillan*, 2017 WL 373447 at *1. In one of the *McMillan* court's cited cases, the subpoena "was untimely served over a year after expiration of the deadline." *Sandifer v. Hoyt Archery, Inc.*, No. CIV.A. 12-322-SDD, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015). That is not the case here.

Other cases were focused on discovery in the context of interrogatories and requests for production. *See Hall v. Louisiana*, No. CIV.A. 12-657-BAJ, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014). There, the timeliness of the request is more important because the Federal Rules of Civil Procedure allow a party 30 days to respond to such requests. *See* FED. R. CIV. P. 33(b)(2), FED. R. CIV. P. 34(b)(2)(A), FED. R. CIV. P. 36(a)(3). These cases also rely on the proposition that "requests must be served at least thirty days prior to the completion of discovery" to be considered

timely. *Hall*, 2014 WL 2560715 at *1 (quoting *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003)). However, the subpoenas at issue here were issued 30 days before the deadline.

Of course, it is not the case that every subpoena calling for depositions scheduled after the discovery deadline is valid. But here — where parties have numerous depositions scheduled mere days after the deadline — the Court will not allow a non-party to rely on the Scheduling Order as an independent basis to quash a subpoenas that schedule depositions in the same date range. And for that reason, the Court will not order Defendants to pay LDH's attorney fees. *See* ECF No. 322 at 7 (citing FED. R. CIV. P. 16(f)).

2. <u>Defendants cured their failure to tender witness fees and mileage.</u>

If a subpoena requires a person's attendance, Rule 45(b)(1) requires "tendering the fees for 1 day's attendance and the mileage allowed by law." A deposition witness is entitled to a statutory fee of 40 dollars and a reasonable mileage allowance based on his mode and distance of transportation. *See* 28 U.S.C. § 1821(b)-(c). Even where the mileage allowance would have been less than five dollars, the Fifth Circuit has required compliance with Rule 45(b)(1). *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003). In other words, Rule 45(b)(1) "contains no *de minimis* exception." *Id.* Accordingly, a subpoena delivered without the witness fees and mileage is "not properly served" and should be quashed. *Id.*

LDH argues Defendants failed to properly serve their subpoenas because they failed to tender the required witness fees and mileage. ECF No. 318 at 12. The Court agrees that under the plain text of Rule 45 and Fifth Circuit precedent, the first set of subpoenas was not properly served. However, "while a subpoena request without the witness fee is technically invalid, the defect can be cured." *Adams v. Dolgencorp, LLC*, No. CIV.A. 11-784-FJP, 2012 WL 1867123, at *1 (M.D. La. May 22, 2012) (citing *Meyer v. Foti*, 720 F. Supp. 1234, 1244 (E.D. La. 1989)).

5

Here, Defendants issued and served new subpoenas for the same dates, which include the appropriate fees. ECF No. 325 at 9. Still, LDH argues the new subpoenas provide an unreasonable time to respond. *See* ECF No. 322 at 5 ("[Defendants] post-deadline subpoenas leave only six to eight days to prepare. . . ."). But LDH has been on actual notice of the deposition dates since November 1. Thus, the Court disagrees that notice and timeliness concerns are implicated here. *See, e.g., Loc. Access, LLC v. Peerless Network, Inc.*, No. 617CV236ORL40TBS, 2019 WL 13211744, at *2 (M.D. Fla. Feb. 27, 2019). Therefore, Defendants cured their failure to tender witness fees and mileage.

### B. Sovereign Immunity Bars the Subpoenas

Unless Congress abrogates state sovereign immunity through the Fourteenth Amendment or the state consents to suit, the doctrine of state sovereign immunity poses a total bar to "suit," not just to liability. *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (internal marks omitted). Courts will find a waiver if the State voluntarily invokes federal jurisdiction or makes a "clear declaration" that it intends to submit itself to federal jurisdiction. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (internal marks omitted). State sovereign immunity "applies only to states and state officials," and "only to state officials in their official capacities." *Russell*, 49 F.4th at 513. But "sovereign immunity also applies to state officials as third parties, not just as defendants." *Id.* at 514. "Where sovereign immunity applies, it applies totally." *Id.*

LDH argues the Fifth Circuit's recent decision in *Russell* bars the subpoenas from being enforceable. ECF No. 318 at 15–16. *Russell* involved subpoenas on non-party county district judges — "state officials" for the purposes of sovereign immunity. 49 F.4th at 513. The district court denied the motions to quash in part because it found no decision "that sovereign immunity

categorically bars seeking third-party fact discovery from state officials" and determined that it could "carefully balance[] sovereignty interests and the burdens to government officials" with the need for relevant fact discovery from third parties. *Id.* at 511. The Fifth Circuit reversed. Although states-as-defendants are the usual recipients of state sovereign immunity, the Court reasoned that "sovereign immunity respects a broader berth." *Id.* at 513.

Here, LDH is "considered an arm of the state and, therefore, protected by the Eleventh Amendment" from suit. *Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *8 (E.D. La. Feb. 5, 2020) (internal marks omitted). LDH attorneys Russo and Sullivan are likewise protected by Louisiana's sovereign immunity. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Were that the end of the matter, *Russell* would control the analysis. But here, the Louisiana Medical Assistance Programs Integrity Law gives statutory authorization for individuals to file complaints on Louisiana's behalf in federal court. *See* LA. REV. STAT. § 46:439.2(A)(1). Hence, Defendants argue that by submitting itself to federal jurisdiction in those actions, Louisiana cannot subsequently claim sovereign immunity bars discovery in those actions. ECF No. 325 at 12.

Waiver is effective when it is the "intentional relinquishment or abandonment of a known right or privilege." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 277 (5th Cir. 2005) (internal marks omitted). The test for determining whether a State has waived its immunity from federal-court jurisdiction "is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (internal marks omitted). A State's consent to suit must be "unequivocally expressed" in the text of the relevant statute. *Id.* (internal marks omitted). Courts strictly construe the scope of a sovereign immunity waiver "in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996) (internal marks omitted). Accordingly, the Fifth Circuit has reasoned that "a general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh

Amendment." *Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*, 482 F.3d 809, 812 (5th Cir. 2007) (internal marks omitted). Likewise, the Fifth Circuit has held that "statutes lacking an explicit reference to sovereign immunity are not sufficiently clear." *Tex. Educ. Agency v. U.S. Dep't of Educ.*, 992 F.3d 350, 360 (5th Cir. 2021).

Controlling precedent squarely forecloses Defendants' argument. The Louisiana statute here only states that qui tam complaints "shall be filed with the appropriate state or federal district court." LA. REV. STAT. § 46:439.2(A)(1). There is no explicit reference to sovereign immunity. At most, the language only generally authorizes suit in federal court. Thus, it is not "unmistakably clear in the language of the statute" that Louisiana has knowingly and voluntarily waived its immunity — much less for qui tam suits in which it declines to intervene. *See Sossamon*, 563 U.S. at 286 (internal marks omitted); *Pace*, 403 F.3d at 277.

Defendants also argue Louisiana waived any claim to immunity by responding to previously issued document subpoenas without objecting based on sovereign immunity. ECF No. 325 at 13–14. But this is not surprising, given that the responses came before LDH had the benefit of the Fifth Circuit's decision in *Russell*. See ECF No. 326 at 78, 103. In any case, "sovereign immunity can be raised at any time, even for the first time in the Supreme Court." ECF No. 332 (citing *Edelman v. Jordan*, 415 U.S. 651, 658 (1974); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 467 (1945)). Therefore, Louisiana has not waived its immunity. Accordingly, this Court "lacks jurisdiction to enforce a subpoena against an unwilling sovereign." *Russell*, 49 F.4th 507 (internal marks omitted).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** LDH's Motion. Accordingly, the Second Motion is **DENIED** as moot.

**SO ORDERED.**

December 6, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE