**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

United States of America
*ex rel.* ALEX DOE, Relator,

The State of Texas
*ex rel.* ALEX DOE, Relator,

The State of Louisiana
*ex rel.* ALEX DOE, Relator,

*Plaintiffs*,

v.

Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,

*Defendants*.

§ § § § § § § § § § § § § § § § § § §

CIVIL ACTION NO. 2:21-CV-00022-Z

Date: December 9, 2022

**REPLY BRIEF IN SUPPORT OF AFFILIATE DEFENDANTS' MOTION FOR PROTECTIVE ORDER [ECF NO. 253]**

**INTRODUCTION**

Affiliate Defendants, in producing nearly 330,000 documents, have taken care to follow the procedures set forth in the Protective Order for designating documents as Confidential Information ("Confidential") and Confidential Attorney Eyes Only Information ("AEO"). ECF No. 133 ¶ 2. While a document-by-document manual review for confidentiality was not possible given the significant volume of documents Affiliate Defendants have had to produce in a short time, they have made good faith efforts to designate only documents that meet the standards of the Protective Order as clarified by the Court's October 11 Order. *See* ECF No. 214 ("Clarifying Order"). These designations were not "prophylactic," but rather the result of tailored search terms, targeted review, and revisions based on the Clarifying Order.

The Protective Order provides that "[a] receiving party may challenge [in writing] a producing party's designation" of a document as "Confidential Information" or "Confidential Attorney Eyes Only Information" and that the parties must first "meet and confer and attempt in good faith to" resolve the dispute. ECF No. 133 ¶ 7. The receiving party must identify "specific documents," so that the parties may engage "in a meaningful dialogue, as required, about the propriety of [Affiliate Defendants'] designations." Clarifying Order at 5 (citing *Procaps SA. v. Patheoncon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *7 (S.D. Fla. Sept. 4, 2013)). However, Relator did not raise any *specific* objections to confidentiality designations until Relator's November 25 Opposition (which identifies 44 documents).

Even though Relator failed to follow the procedures required by the Protective Order and this Court's Clarifying Order, Affiliate Defendants are working in good faith to address the specific designation challenges raised for the first time in Relator's Opposition. Affiliate Defendants intend to: (1) downgrade 1 of the 44 identified documents from AEO to Confidential;

(2) downgrade 18 of the 44 from AEO to public; and (3) downgrade 16 of the 44 from Confidential to public. The remaining 9 documents identified by Relator include 4 that will remain AEO because they contain personal identifying information ("PII")[1] and 5 that will remain Confidential because they contain information about non-public business relationships that is "commercial information that is not publicly known" and is of a commercial advantage to Affiliate Defendants.[2] Dkt. 133 ¶ 2. Exhibit 6 contains Affiliate Defendants' responses to each of the challenged designations. Affiliate Defendants have also run additional searches across their entire production for documents similar to the 44 identified documents and intend to: (1) downgrade 19 additional documents from AEO to Confidential; (2) downgrade 794 additional documents from AEO to public; and (3) downgrade 198 additional documents from Confidential to public. Affiliate Defendants expect to produce the downgraded documents with revised designations by December 13, 2022, the date of the last scheduled deposition in the case.

Had Relator identified any of these 44 documents during the October 24 meet and confer, Affiliate Defendants would have taken the same action, and the parties may have been able to avoid raising this dispute with the Court at all. Indeed, Affiliate Defendants have consistently complied with the Protective Order's meet and confer requirement. For example, when Relator raised whether a specific employee is publicly identified, Affiliate Defendants looked into the issue and agreed to downgrade documents. ECF No. 253 at 12. Similarly, they offered to produce documents with minimal redactions to avoid having to produce them as AEO, but Relator declined to accept redacted documents. *Id.* at 11. And, as noted, now that Relator identified concerns about specific documents, Affiliate Defendants will make downgrades where appropriate.

---

[1] ECF No. 311-1 at App. 0131-143; App. 0139; App. 0860-861; App. 0862-865.
[2] ECF No. 311-1 at App. 898-899; App. 905-912; App. 913-914 App.915-920; App. 974-979 (documents involving business relationships and grant related materials).

In contrast, Relator has not met their meet and confer obligation. First, Relator refused to hold their objections in abeyance for a few days to allow Affiliate Defendants to revise their designations consistent with the Clarifying Order. ECF. No. 254 at App. 01. Second, Relator declined to identify any specific documents whose designations they were challenging during the meet and confer. *Id.* at App. 01-02.

Third, flouting the Court's admonishment that before raising additional discovery disputes, "the Court expects Relator to provide proof that Relator's concerns have first been brought to Defendants' attention" (ECF No. 299 at 1-2), Relator in their Opposition raised concerns for the *first time* about one document produced after the October 24 meet and confer. Relator also backtracked from their position during the meet and confer that they were objecting *only* to designations of non-protected health information ("PHI") documents as confidential and non-PII as AEO. *Id.* at App. 001 (objecting to "(1) all documents marked 'Confidential' that do not contain 'protected health information' . . . and (2) all documents marked 'Attorney Eyes Only' that do not contain Personal Identification Information"). In their Opposition, Relator now objects to *all* documents designated AEO or confidential, regardless of whether they contain PII or PHI, in an apparent attempt to boost the percentages of challenged documents so they can argue that a blanket challenge is appropriate.

The Court should summarily reject Relator's contentions about documents designated as AEO that contain PII and documents designated as confidential that contain PHI. The Court should grant Affiliate Defendants' Motion for a Protective Order to preserve the Confidential and AEO designations of those documents produced by Affiliate Defendants prior to October 19 that clearly fall within the protected categories. For any documents produced after Relator's October 19 email, the Court should order that Relator identify specific documents during a meet and confer. Then,

if the meet and confer does not resolve the dispute, Affiliate Defendants should be permitted to file a motion for protective order regarding these documents, consistent with the Protective Order.

## ARGUMENT

### I. Affiliate Defendants Have Not Prophylactically or in Bad Faith Designated Documents as Confidential or AEO.

As Affiliate Defendants explained in their Motion, Relator's blanket challenges to documents designated as Confidential that do not contain PHI and designated as AEO that do not contain PII are not justified absent a showing that those designations were made in bad faith. ECF No. 253 at 9-12. Relator does not attempt to (and cannot) provide evidence of bad faith. To the contrary, Affiliate Defendants have in good faith revised their designations after receiving the Clarifying Order[3] and have attempted to meet and confer to address Relator's objections.

Relator relies merely on volume to support their claim of prophylactic designation. But as Affiliate Defendants established in their Motion—and as the Court recognized in its Clarifying Order—courts require an *extremely high* proportion of documents designated as confidential to support a finding of bad faith. *Id.* at 6-7, 9-11; Clarifying Order at 5-6 (designations of over 79% of documents as AEO or 99% as confidential indicate of bad faith). Indeed, in *Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923 (D. Colo. Dec. 5, 2014), which Relator relies on, the court found that designating 90% of documents as AEO was indicative of over-designation. *Id.* at *3. Affiliate Defendants have designated nowhere near this percentage of documents as Confidential—much less as AEO. At the time of Relator's written challenge on October 19, 33% of documents were designated as AEO or Confidential (excluding PII and PHI)

[3] It is disingenuous of Relator to suggest that Affiliate Defendants changed their practices because of Relator's objection rather than because of the Clarifying Order. Affiliate Defendants explained during the October 24 meet and confer that they were revising the confidentiality designations made prior to the Court's ruling less than two weeks before. ECF No. 253 at 5.

and only 17% were AEO. After Affiliate Defendants redesignated their pre-October 19 productions to conform to the Clarifying Order, those percentages fell to 24% combined and only 11% as AEO—far lower percentages than cases where bad faith was found.

*Chart 1: Designations of Documents Not Containing PHI or PII (as of Oct. 19)*

| | Production as of October 19 | Revised Production as of November 1[4] |
|---|---|---|
| **Confidential No PHI** | **5,145 (16%)** | **4,117 (13%)** |
| **AEO No PII** | **5,376 (17%)** | **3,413 (11%)** |
| **Public Documents** | **11,285 (35%)** | **14,123 (45%)** |
| Total Number of Documents Produced | 31,458 (100%) | 31,458 (100%) |

Critically, Relator's briefing does not distinguish between the number of documents designated as Confidential versus Confidential but not containing PHI, or the number designated as AEO versus AEO but not containing PII. Indeed, the PHI and PII documents are a red herring, as Relator focused exclusively on documents that do *not* contain PHI or PII prior to filing their Opposition and does not provide any support for challenging these designations, which are indisputably consistent with the Protective Order. ECF No. 113 ¶ 2. Relator's improper attempt to increase the relevant percentages by now challenging *all* designated documents, regardless of whether they contain PII or PHI, should be rejected.

Even including PII and PHI documents, however, the percentages do not meet the 79-99% standards required to allow a blanket challenge, as shown in Chart 2 below. And it is hardly

[4] Affiliate Defendants have produced 329,983 in total documents as of the date of today's filing, but Relator's objection relates only to the 31,458 documents Affiliate Defendants had produced as of Relator's October 19 email. Accordingly, the instant motion discusses only the categories of documents designated from the 31,458 set.

surprising that a large number of documents containing PHI and PII have been produced in this case given the allegations and parties in this case.

*Chart 2: Designations of all Documents, with or without PHI or PII (as of Oct. 19)*

| | Production as of October 19 | Revised Production as of November 1[5] |
|---|---|---|
| **Confidential (with and without PHI)** | **9,776 (31%)** | **9,178 (29%)** |
| **AEO (with and without PII)** | **10,397 (33%)** | **8,157 (26%)** |
| **Public Documents** | **11,285 (36%)[6]** | **14,123 (45%)** |
| Total Number of Documents Produced | 31,458 (100%) | 31,458 (100%) |

Relator's due process argument fares no better. ECF No. 310 at 7-8. Relator's broad discovery requests have required production of thousands of documents of tangential relevance to the issues of the case. While Relator argues they cannot see documents about "important facts of the case," they do not even attempt to demonstrate an impact on Relator's ability to prosecute their case. *Id.* at 8. Relator has not identified a *single* document's AEO designation in their 900-page appendix which has impacted their ability to litigate this case. Instead, they point to documents such as public filings, which were designated in error and will be downgraded.

In another attempt to achieve the percentages that might pass muster to support a blanket challenge, Relator belatedly adds to their challenge documents produced after their October 19 challenge, about which the parties have *never* met and conferred. ECF No. 310 at 2. Relator then

---

[5] Affiliate Defendants have produced 329,983 in total documents as of the date of today's filing, but Relator's objection relates only to the 31,458 documents Affiliate Defendants had produced as of Relator's October 19 email.

[6] A slight rounding discrepancy accounts for this figure being 36% as opposed to 35% in the chart above.

switches methodologies and focuses their arguments on the total *number* of documents designated rather than the *percentage* of documents designated. Total number of documents is not the standard. *See* ECF No. 214 at 5-6 (citing *Procaps SA.,* 2013 WL 4773433, at *8-9, among other cases). Moreover, Relator's own chart demonstrates that the percentage of documents designated as either Confidential or AEO actually *decreased* when considering Affiliate Defendants' production from October 19-November 22. ECF No. 310-1 (Hacker Decl.) at 4 (51% AEO/Confidential documents produced between October 19 and November 21, versus 53% AEO/Confidential documents produced before October 19).

Furthermore, although Affiliate Defendants' productions after October 19 are not at issue in the current dispute, just 11% of Affiliate Defendants' total production to date are documents designated AEO that do not contain PII. And only 14% of their total production are documents designated as Confidential that do not contain PHI. As shown in the chart below, a blanket challenge to the designations made across the entire production is also improper:

*Chart 3: Total Production Designation Percentages*[7]

| Designation | Total Number of Documents | % Total Documents |
|---|---|---|
| **AEO No PII** | **36,235** | **10.98%** |
| **AEO With PII** | **77,825** | **23.58%** |
| **Confidential No PHI** | **47,227** | **14.31%** |
| **Confidential With PHI** | **9,102** | **2.76%** |
| **Public** | **159,594** | **48.36%** |
| Total | 329,983 | |

At bottom, regardless of what time period is reviewed (and even including documents containing PHI and PII, although those documents should not be included), the proportion of

[7] While this chart reflects current percentages, the downgrade production that Affiliate Defendants will serve next week will slightly decrease the AEO percentage and increase the public percentage.

documents designated as Confidential or AEO simply does not meet the high threshold required to demonstrate bad faith. Accordingly, a blanket challenge is not appropriate.

## II. Affiliate Defendants' Designations Fall into the Categories Set Forth in the Protective Order.

The Protective Order plainly states that Personal Identification Information ("PII") including "the names of non-publicly identified Planned Parenthood employees" qualifies for AEO designation and that PHI qualifies for Confidential designation. ECF No. 133 ¶ 2. Relator makes no attempt to argue that any of the challenged documents do not contain PHI or PII.

Instead, Relator identifies 22 examples of documents they claim are improperly designated as Confidential. Despite the fact that some of these documents were clearly designated through an inadvertent error, Relator did not properly object to these documents until their Opposition. *See* ECF No. 133 ¶ 7; *Brady v. Grendene USA Inc.*, No. 12CV604-GPC KSC, 2015 WL 1886906, at *2 (S.D. Cal. Apr. 23, 2015) ("If a party believes specific discovery materials have been designated in error, that party must confer with the producing party in a good faith effort to resolve the dispute."); *MasterObjects, Inc. v. Yahoo! Inc.*, No. C 11-02539 JSW LB, 2012 WL 2705018, at *3 (N.D. Cal. July 6, 2012) ("[N]o production is perfect, and some documents may be designated in error."). As noted above, now that Relator has identified specific documents with designations they challenge, Affiliate Defendants are taking steps to downgrade certain of those documents and certain similar documents. *See supra* at 1-2.

The same is true for the 22 documents Relator identifies as having been improperly designated as AEO.[8] And, the 5 documents identified by Relator that will remain Confidential contain "commercial information that is not publicly known" about certain business relationships

[8] One of the AEO designations Relator is challenging was produced after October 19.

that is of a commercial advantage to Affiliate Defendants. ECF No. 253 at 15 (defending Confidential designation of information regarding Strategic Programing and Business Relationships). *See* ECF No. 311-1 at App. 898-899, 905-920, 974-979. And one of the documents initially designated as AEO will be downgraded to Confidential because it contains "commercial information that is not publicly known" regarding strategic programming information in a grant agreement. ECF No. 311-1 at App. 157-160.

**III. Relator Has Not Followed the Procedures in the Protective Order for Challenging Designations.**

Once again Relator has bypassed the meet and confer process and raised complaints for the first time in a brief even though the Court has made abundantly clear that it "expects Relator to provide proof that Relator's concerns have first been brought to Defendants' attention" before raising them with the Court. ECF No. 299 at 1-2. When given the opportunity, Affiliate Defendants have demonstrated their commitment to working with the Relator in good faith to resolve or narrow issues of specific designations. For example, when Relator alerted Affiliate Defendants that one of their staff members had previously been publicly identified, Affiliate Defendants downgraded documents. Had Relator identified particular documents prior to filing their Opposition brief, Affiliate Defendants would have engaged in a meaningful meet and confer process and, if appropriate, downgraded documents.

For the first time in their Opposition, Relator raised concerns about: (1) documents designated as AEO that contain PII; (2) documents designated as confidential that contain PHI; and (3) a document produced after October 19. Since the parties never met and conferred about any of these issues, the Court should order that the parties meet and confer and that Relator identify specific documents at that time. Then, if the meet and confer does not resolve the dispute,

Affiliates Defendants should be permitted to file a separate motion for protective order regarding these other documents consistent with the Protective Order.

**CONCLUSION**

For the foregoing reasons, Affiliate Defendants respectfully request that the Court reject Relator's arguments about: (1) documents designated as AEO that contain PII; (2) documents designated as Confidential that contain PHI; and (3) a document produced after October 19, that were raised for the first time in Relator's Opposition and order Relator to comply with their meet and confer obligations. For documents produced prior to the October 19 objection, the Court should grant Affiliate Defendants' Motion for a Protective Order to preserve the Confidential and AEO designations of documents produced by Affiliate Defendants prior to October 19.

Dated: December 9, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By: _/s/ Tirzah S. Lollar_

Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar