IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>       Plaintiffs,<br>v.<br>Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc.,<br>       Defendants. | §§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>2:21-CV-00022-Z<br><br>Date:    December 16, 2022 |

**DEFENDANTS' OPPOSITION TO**
**THE STATE OF TEXAS'S MOTION FOR EXPEDITED BRIEFING**

Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. ("Affiliate Defendants") and Planned Parenthood Federation of America, Inc. ("PPFA") (collectively "Defendants") hereby oppose the State of Texas's Motion for Expedited Briefing (the "Motion to Expedite"), ECF No. 343.

**INTRODUCTION**

The Motion to Expedite seeks to force Defendants into a two business day briefing schedule on an issue of critical importance: Defendants' ability to safeguard confidential communications with their attorneys for the purpose of legal advice. Not only would it be highly prejudicial to make Defendants respond in such short order to a motion of such importance, but

1

any urgency is entirely of Texas's making: the lion's share of challenged privilege log entries were served on Texas more than ten weeks ago. With Texas not raising its challenges until November 30, 2022, *i.e.*, the day before discovery closed, and with trial not scheduled until April 2023, there is no need to expedite briefing on this important matter. For both those reasons, the Court should deny the Motion and permit Defendants the ordinary 21 days to respond to the underlying motion to compel (the "Motion to Compel"). *See* Local Rule 7.1(e); *cf.* ECF No. 146 (denying Defendants' motion to expedite briefing on motion to transfer upon finding that Plaintiffs would have "be[en] prejudiced if required to respond . . . within only 14 days").[1]

## BACKGROUND

**Affiliate Defendants**

In its Motion to Compel, Texas challenges Affiliate Defendants' withholding of documents on the ground of attorney-client privilege. Affiliate Defendants produced the challenged privilege logs to Texas on September 27 and 29. On October 11, the parties first met and conferred about certain of Texas's concerns regarding the Affiliate Defendants' privilege claims, though Texas did not raise the specific objections reflected in the Motion to Compel at that time. Following that call, the Affiliates Defendants provided a written response to the questions raised by Texas during the meet and confer and Texas did not respond, leading the Affiliate Defendants to believe the issues had been resolved.

Several weeks later, on November 30, Texas first expressed its purported concerns with respect to "396 line items on the Affiliates' privilege log over which they claim privilege where there is a PPFA non-[Litigation & Law ("L&L")] employee on the email."

---

[1] The realities of the summary judgment briefing schedule and the impending holidays make any compromise schedule impracticable. For example, a schedule making Defendants' brief due in 14 days rather than 21 would cause it to be due one day after their summary judgment brief, during the week between Christmas and New Year's.

2

The parties scheduled a meet-and-confer about this topic on December 7. In the days leading up to the December 7 call, Affiliate Defendants diligently reviewed each of the documents flagged in Texas's November 30 email and came to the meet and confer prepared to discuss each one. At the beginning of the meet and confer, Texas stated that it had sent an incorrect list of log entries to which it objected, and shortly after the call replaced it with a list of approximately 200 documents to which Texas in fact objected. Because Texas could not confirm whether the new list was a subset of the prior, incorrect list, Affiliate Defendants had to undertake a new review of the full list.

After they did so, Affiliate Defendants met and conferred with Texas again on December 14. For the first time, Texas expanded the scope of its objections to include communications between the Affiliate Defendants and Litigation & Law that also included employees of Planned Parenthood Texas Votes, an ancillary organization of the Affiliates. Also for the first time, Texas stated that it intended to move to compel production of these documents and for an expedited briefing schedule on that motion.

The next day, Texas filed its Motions to Compel and to Expedite.

**PPFA**

In its Motion to Compel, Texas challenges PPFA's withholding of documents on the grounds of attorney-client privilege and attorney work product. PPFA produced its primary privilege log on October 11 (2,267 entries) and a smaller, supplemental log on November 30, 2022 (196 entries). Texas contacted PPFA for the first time on November 30, 2022 to challenge 71 log entries on PPFA's October 11, 2022 log. The next day, Texas challenged 180 entries from PPFA's November 30 supplemental log. After carefully reviewing a total of 251 challenges, PPFA

3

responded promptly on December 5 by agreeing to withdraw its privilege claims on 51 documents.[2]

The parties then agreed on December 7 to delay any further meet and confer on the remaining challenged documents until Texas had time to review the amended privilege log and downgrade production, which occurred on December 9 and 12, respectively. The next day, PPFA and Texas met and conferred about the remaining challenges to PPFA's privilege logs, which totaled 96 and included 8 new challenges.

The next day, and only 26 hours later, Texas notified PPFA that it would file a motion to compel concerning the challenged log entries at 5:00pm CST. *See* Ex. A. PPFA notified Texas that it was still in the process of reviewing the challenged entries in light of the information provided during the recent meet and confer, and that it anticipated downgrading or redacting certain additional documents. *See id.* PPFA maintained that any motion to compel would be premature because the parties were still actively discussing the challenged documents and there is no genuine emergency.

As explained above, the next day Texas filed the instant Motions to Compel and to Expedite.

## ARGUMENT

The Motion to Expedite should be denied because it would unfairly prejudice Defendants, and because it is unwarranted in view of Texas's delay in raising this issue. "Expedited briefing would be unfair and inappropriate to both [Defendants] and the Court in this situation," because Texas's "proposed schedule is unrealistic and would unduly prejudice [Defendants] by giving

---

[2] PPFA's decision to downgrade these documents reflects its good faith participation in the meet-and-confer process and is not, and shall not be deemed or interpreted to be, a waiver of PPFA's privilege claims over any other documents and communications.

4

[them] less than a week to respond to the [Motion to Compel], all while preparing for a [summary-judgment deadline] upon the doorstep." *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, 2021 WL 8441748, at *2 (E.D. Tex. Dec. 22, 2021).

*First*, attorney-client privilege is an issue of critical importance to the Defendants, and they would face great prejudice if given only two business days to draft a brief that explains the arguments necessary to protect this vital right. *See, e.g., In re Aventel, S.A.*, 343 F.3d 311, 317 n.5 (5th Cir. 2003) (citing multiple cases reflecting the "substantial importance" of the privilege); *In re Itron, Inc.*, 883 F.3d 553, 567–68 (5th Cir. 2018) (granting mandamus to reverse privilege ruling because the privilege serves "weighty interests" that cannot be protected by other means once forced disclosure occurs); *cf., e.g., Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (discussing the "broader public interests in the observance of law and administration of justice" furthered by the privilege). This is especially true because some of these objections were raised for the first time by Texas just yesterday.

*Second*, any apparent urgency is entirely of Texas's making. Texas seeks extraordinarily expedited briefing regarding a dispute about privilege log entries that Texas received from Affiliate Defendants no later than September 29, which was 76 days ago, and from PPFA no later than October 11 for their primary privilege log, which was 56 days ago. The Affiliate Defendants first met and conferred about Texas's objections to the logs more than two months ago, and Texas said nothing about the logs for more than a month after Affiliate Defendants provided a written response following that meet-and-confer. Even after Texas raised its late-breaking objections on November 30, it took *five* business days for Texas to recognize and correct the mistaken list of objections it had provided—more than twice as much time as it now proposes to give Affiliate Defendants to draft a substantive brief on a crucial issue. For PPFA, Texas first raised its

5

objections only 16 days ago, and the parties first met and conferred by telephone about the log only 3 days ago. Moreover, as the Defendants will explain in their response to the Motion to Compel, any suggestion by Texas that recent deposition testimony somehow changed their earlier understanding of the Defendants' privilege claims misconstrues the testimony.

In addition, Texas is flouting the Local Rules and this Court's recent directives by abandoning the meet and confer process before it is exhausted (even though PPFA was working expeditiously and diligently to engage with Texas and resolve or narrow the issues to be presented to the Court). *See* Local Rule 7.1(a) ("Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed."); *see also* Local Rule 7.1(b)(1)-(2) ("1. Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed. 2. If a motion is opposed, the certificate must state that a conference was held, indicate the date of conference and the identifies of the attorneys conferring, and explain why agreement could not be reached."); *see also* ECF No. 297 ("The Court ORDERS parties to meet and confer in good faith regarding any pending or future discovery issues.") With trial nearly four months away, there is simply no reason to allow Texas to force such a schedule on the Defendants.

Importantly, in addition to dedicating significant efforts to their summary judgment motion, Defendants are working diligently to review Texas's third and fourth privilege logs, which were served on November 22 and 30 and which together include more than 37,000 entries. Had Texas wanted the Court to resolve these objections sooner, it should have raised them (correctly) sooner. *Cf.* ECF No. 145 at 4 (Plaintiffs arguing that "adhering to this Court's standard briefing schedule" was appropriate in light of "already substantial delay" and fact that "parties [were] neck[-]deep in discovery deadlines and briefing on the pending motions").

**CONCLUSION**

The Motion to Expedite should be denied, and the schedule for briefing the Motion to Compel should be as laid out in Local Rule 7.1(e).

Dated: December 16, 2022

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By:     */s/ Paula Ramer*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore

Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

O'MELVENY & MYERS LLP

/s/  *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

8

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served via CM/ECF on all counsel of record on December 16, 2022.

*Danny S. Ashby*
Danny. S. Ashby