# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |  |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>2:21-CV-00022-Z<br><br>DATE: December 20, 2022 |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, |  |  |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, |  |  |
|       Plaintiffs,<br>v. |  |  |
| Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc., |  |  |
|       Defendants. |  |  |

## DEFENDANTS' EMERGENCY MOTION TO MODIFY THE BRIEFING SCHEDULE FOR TEXAS'S MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS IDENTIFIED ON DEFENDANTS' PRIVILEGE LOGS

Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc. (together, "Affiliate Defendants"), and Planned Parenthood Federation of America, Inc. (together with the Affiliate Defendants, "Defendants") hereby move the Court to modify the briefing schedule for Texas's Motion to Compel Defendants' Production of Documents Identified on Defendants' Privilege Logs (the "Motion," ECF No. 342-2), ECF No. 345, to require Defendants to respond no earlier than December 29, 2022.

**INTRODUCTION**

Without any warning—let alone any attempt to meet and confer—Texas filed a supplement (the "Supplement") to its Motion barely 48 hours before Defendants' responses to the original Motion are due.  Upon initial review, the Supplement appears to *more than triple* the number of documents Texas is challenging (from about 200 to more than 750) and to substantially increase the number of persons that Texas claims are outside the Defendants' privilege circles.  The Supplement has multiple procedural defects that would warrant striking it outright, but in the interest of conserving the parties' and the Court's resources, Defendants seek only more limited relief: a modification of the briefing schedule to avoid having to respond by tomorrow night to a filing about weighty issues that Texas has never previously raised, which would be both unfair and prejudicial to Defendants.[1]

**ARGUMENT**

Defendants request that the Court modify its prior Order expediting the briefing schedule for the Motion.  The Supplement significantly expands Texas's challenges to Defendants' withholding of the documents on their privilege logs, attaching an extensive list of challenged individuals, some of whom may present different legal issues for Defendants to brief.  *See id.* (noting that one potential issue is "whether [certain attorneys] even represented Defendants at the time of the communication," an issue not raised in the original Motion).  In order to properly address these crucial issues, Defendants require sufficient time to review the challenged documents, downgrade and produce any documents that were inadvertently miscategorized, and draft a response addressing the new issues raised in the Supplement.  Bifurcating briefing into a response to the initial Motion and then the Supplement would be inefficient for all parties and the

---

[1] Defendants contacted Texas's counsel, who advised that Texas opposes this motion.

Court. Judicial resources would be better preserved if all of Texas's privilege challenges to Defendants' logs are briefed together.

A modest extension of Defendants' time to respond to the Motion and the Supplement is proportional to the situation at hand and substantially less drastic than striking the Supplement, which would also be warranted on the grounds of failure to seek leave to file a supplemental brief and failure to meet and confer. *See* Local Rule 56.7 (stating that "a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence"); *Le v. Exeter Fin. Corp.*, No. 15-cv-3839-L, 2019 WL 1436375, at *6 (N.D. Tex. Mar. 31, 2019) (quoting *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 06-cv-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007)) (striking material filed in violation of Local Rule 56.7, and explaining that the purpose of the Rule is to avoid the delays inherent in one party's filing of, and the other party's inevitable need to respond to, supplemental materials). Judges in this district routinely strike supplemental materials that fail to comply with Local Rule 56.7. *See, e.g., id.* at *10; *Easterling v. U.S. Bank Nat'l Ass'n*, No. 18-cv-2528, 2019 WL 6218771, at *2 n.3 (N.D. Tex. Nov. 5, 2019) (declining to consider material filed in violation of this rule); *Hicks v. Dallas Cnty. Cmty. Colls.*, No. 17-cv-809-D, 2018 WL 2271174, at *2 n.5 (N.D. Tex. Apr. 25, 2018) (similar). And, this Court has repeatedly expressed the importance of the parties' adherence to the requirement of meeting and conferring before seeking relief from this Court. *See* L.R. 7.1(a) (requiring that a party meet and confer prior to requesting relief from the Court); ECF No. 297 ("The Court **ORDERS** parties to meet and confer in good faith regarding any pending or future discovery issues." (emphasis in original)).[2]

---

[2] The Order continued: "To the extent Relator alleges any deficiencies in Defendants' forthcoming productions and files any subsequent motions to compel, the Court expects Relator to provide

Further, Texas filed the Supplement without ever contacting the Affiliate Defendants regarding its concerns about their final privilege log, let alone giving them an opportunity to meet and confer to narrow any potential issues. Therefore, Texas does not (and could not) certify that "agreement could not be reached" as to the new issues in the Supplement, because it has never tried to reach agreement with Defendants about them. *See* L.R. 7.2(b)(2) (requiring such a certification). Just as the meet and confer process prior to the initial Motion lead to a narrowing of the dispute between the parties with respect to certain documents, the same might have occurred here had Texas adhered to its obligations under the Local Rules and the Court's prior instructions to the parties. Indeed, during the meet and confer that preceded Texas's filing of its original Motion, the parties determined that Texas had provided an erroneous and overbroad list of objections, which Texas later replaced with a corrected list, which was half as long. Defendants then further narrowed the dispute by downgrading certain inadvertently withheld documents.

The Supplement includes more than 550 new documents, many of which raise entirely new issues not raised in the initial Motion. The Court previously gave Defendants six calendar days to respond to the initial Motion, and an extension of at least as much time would be in order here. That Motion, however, came at the conclusion of a meet and confer process that gave Defendants a general awareness of the issues Texas might raise and at least some familiarity with the challenged documents. Here, because Texas gave no prior notice of its concerns or intent to file the Supplement, Defendants face an entirely new set of documents that is more than twice as large as the original set that Defendants had been discussing with Texas for a week prior to the filing of Texas's brief. In addition, six days from December 19 falls on December 25 and the next day,

---

proof that Relator's concerns have first been brought to Defendants' attention." ECF No. 297 at 1-2. The same should apply to Texas.

December 26, is a federal holiday.  Accordingly, Defendants request that their time to respond to the issues raised in the original Motion and the Supplement be extended to December 29, 2022, and that Texas be given until December 30, 2022 to file any reply.[3]

## **CONCLUSION**

For the reasons discussed above, Defendants request that the Court modify the briefing schedule for Texas's Motion such that Defendants' responses to the Motion and Supplement are due no earlier than December 29, 2022, with any reply by Texas to be filed by December 30, 2022.


Dated:  December 20, 2022                    Respectfully submitted,

                                             Arnold & Porter Kaye Scholer LLP

                                             By:   /s/ *Tirzah S. Lollar*

                                             Craig D. Margolis
                                             Craig.Margolis@arnoldporter.com
                                             Tirzah S. Lollar
                                             Tirzah.Lollar@arnoldporter.com
                                             Christian Sheehan
                                             Christian.Sheehan@arnoldporter.com
                                             Emily Reeder-Ricchetti
                                             Emily.Reeder-Ricchetti@arnoldporter.com
                                             Megan Pieper
                                             Megan.Pieper@arnoldporter.com
                                             Alyssa Gerstner
                                             Alyssa.Gerstner@arnoldporter.com
                                             Meghan C. Martin
                                             Meghan.Martin@arnoldporter.com
                                             601 Massachusetts Ave, NW
                                             Washington, DC 20001-3743
                                             Telephone: +1 202.942.6127
                                             Fax: +1 202.942.5999

---

[3] Defendants would not oppose a slight extension to the dispositive motions deadline should the Court adopt their alternative proposed schedule.

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716
*Attorneys for Defendants Planned Parenthood*
*Gulf Coast, Inc., Planned Parenthood of Greater*
*Texas, Inc., Planned Parenthood South Texas,*
*Inc., Planned Parenthood Cameron County, and*
*Planned Parenthood San Antonio*

O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com

6

1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned
Parenthood Federation of America, Inc.*

## CERTIFICATE OF ATTEMPTED CONFERENCE

Prior to filing this emergency motion, counsel for Defendants contacted counsel for Texas, who stated that Texas opposes the relief sought.  Given the time-sensitive nature of the relief sought, it was not possible to confer further prior to filing this motion.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar