IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., <br> PLANNED PARENTHOOD GULF COAST, INC., <br> PLANNED PARENTHOOD OF GREATER TEXAS, INC., <br> PLANNED PARENTHOOD SOUTH TEXAS, INC., <br> PLANNED PARENTHOOD CAMERON COUNTY, INC., <br> PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. 2:21-cv-022-Z <br><br> Date:   December 21, 2022 |

**PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO TEXAS'S MOTION TO COMPEL**

1

## INTRODUCTION

The crux of Texas's Motion to Compel is that the attorney-client privilege was waived by the inclusion of certain third parties on privileged communications. But in moving to compel, Texas conspicuously ignores that all but 10 of the challenged entries on PPFA's log are *also* protected under the work-product doctrine—a protection that Texas does not challenge. The Fifth Circuit has long held that the work-product protection cannot be waived merely by disclosure of the privileged information to third parties. *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("[T]he mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege"). Because the Affiliate Defendants' attorneys' work product was disclosed only to third parties with whom the Affiliate Defendants share aligned interests and an expectation of confidentiality, there is no basis on which the Court could possibly find a work-product waiver. The Motion to Compel should be denied as to 81 of the 91 challenged PPFA documents for that reason alone.

Texas's attorney-client-privilege waiver argument is just wrong. As described in more detail in the Affiliate Defendants' concurrently filed brief, the 91 communications at issue (including the 10 documents over which PPFA has asserted only the attorney-client privilege) were shared to facilitate the provision of legal advice and with an expectation of continued confidentiality. Under federal privilege law, therefore, there was no waiver. Texas's attorney-client-privilege waiver argument is thus likewise meritless, and the Court should reject it.

## BACKGROUND

On October 11, 2022, PPFA served a privilege log with 2,267 entries. On November 30, 2022, PPFA served a supplemental privilege log with 196 entries. This motion challenges 91

entries spanning both privilege logs.[1] Of those, 81 of the challenged entries are protected from disclosure under both the work-product and attorney-client privileges (*see* Appendix A), and 10 are protected by only the attorney-client privilege (*see* Appendix B).

The attorney-client privileged communications reflected in the 91 challenged documents were sent and received by two attorneys in PPFA's Public Policy Litigation and Law ("Lit & Law") Department, Jennifer Sandman (89 logged communications) and Carrie Flaxman (3 logged communications), in the course of their representation of the Affiliate Defendants.[2] *See Alpert v. Riley*, 267 F.R.D. 202, 208 (S.D. Tex. 2010) (under "both federal common law and Texas Evidence Rule 503, the client, not the client's attorney, holds" attorney-client privilege). Ms. Sandman and Ms. Flaxman represented the Affiliate Defendants in the Medicaid-termination litigations underlying this lawsuit, as well as other lawsuits involving Texas and Louisiana restrictions on access to reproductive healthcare.

There are two categories of individuals other than employees of the Affiliate Defendants and members of PPFA's Lit & Law department who appear on the 91 challenged communications:

- 10 of the privileged communications involve members of PPFA's communications department;[3] and
- all 91 of the privileged communications involve individuals associated with Planned Parenthood Texas Votes ("PPTV"), a 501(c)(4) organization that partners with the three Texas-based Affiliate Defendants to ensure that Planned Parenthood patients in

---

[1] While Plaintiffs challenged 96 privilege log entries, PPFA is withdrawing privilege claims for five of those documents: PRIV-000001; PRIV-002286; PRIV-002380; PRIV-002385; PRIV-002409.
[2] *See* Baglin Decl. ¶ 5.
[3] *See* Baglin Decl. ¶ 6.

Texas can access quality, affordable reproductive health care.  PPTV is a nonpartisan policy, advocacy, and political organization.

## ARGUMENT

### I. THE CHALLENGED DOCUMENTS ARE PROTECTED UNDER THE WORK-PRODUCT DOCTRINE.

"The work product privilege … does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Shields*, 864 F.2d at 382.  "[T]he mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Id.*  As this Court recently emphasized, "[i]n the work-product context, protection is waived where disclosure of the otherwise privileged information is made to a third party, and that disclosure *enables an adversary to gain access to the information*."  Dkt. No. 250 at 7 (emphasis in original); *see also McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 2016 WL 2997744, at *7 (N.D. Tex. May 25, 2016) ("[D]isclosure only waives the work product privilege if it is given to adversaries or is 'treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material.'") (collecting cases); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 123 (S.D.N.Y. 2014).  Additionally, "[t]he work product doctrine differs from the attorney-client privilege in that non-waiver need not be proven to invoke work product immunity." *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 n.10 (5th Cir. 2010); *see also SEC v. Brady*, 238 F.R.D. 429, 444 (N.D. Tex. 2006) ("Unlike the attorney-client privilege, the burden of proving waiver of work product immunity falls on the party asserting waiver.").

The work-product doctrine protects 81 of the 91 documents on PPFA's log.  *See* Appendix A; *see also* Sandman Decl. ¶¶ 5-7.  Texas's Motion to Compel does not challenge this

4

protection, and little wonder—there is no basis upon which Texas could claim that the work-product protection was waived as to these communications. Fifth Circuit law is clear: "[d]isclosure of work product to a third party will waive the work-product privilege only if the disclosure 'has substantially increased the opportunities for potential adversaries to obtain the information.'" *Mir v. L-3 Communications Integrated Systems, L.P.*, 315 F.R.D. 460, 467 (N.D. Tex. 2016) (*quoting Ecuadorian Plaintiffs*, 619 F.3d at 378). And disclosure of the Affiliate Defendants' privileged information to PPFA's internal communications team and to individuals at PPTV did *nothing* to increase the opportunity for the Affiliate Defendants' adversaries to obtain the confidential communications. PPFA's communications department strictly maintains the confidentiality of litigation-related information that it receives from the Affiliate Defendants' attorneys in the Lit & Law department. *See* Verrilli Decl. ¶ 6; Ferrero Decl. ¶ 5; Soto Decl. ¶ 6. PPTV's employees similarly keep information relating to the Texas Affiliate Defendants' litigation in strict confidence. *See* Limon-Mercado Decl. ¶ 13. They would not, and did not, disclose such information to third parties—let alone to the States of Texas and Louisiana, against which the Defendant Affiliates were actively litigating. *See* Limon-Mercado Decl. ¶ 13.

Because "there is no indication that [the Affiliate Defendants'] sharing of documents with…an individual aligned with [them] substantially increased the likelihood that [their adversaries at the States of Texas and Louisiana] would come into possession of the information," the work-product protection is not waived as to these communications. *Boze Memorial, Inc. v. The Travelers Lloyds Ins. Co.*, 2013 WL 12123898, at *5 (N.D. Tex. Aug. 16, 2013) (documents properly withheld under work-product doctrine); *see also TravelPass Group, LLC v. Caesars Entertainment Corp.*, 2021 WL 4027374, at *4 (E.D. Tex. Feb. 9, 2021) (documents shared with DOJ "did not substantially increase the likelihood that an adversary

would come into possession of the information[,]" and "disclosure of the materials to the DOJ did not constitute a waiver of the work product privilege."). The Court should therefore deny the Motion to Compel with regard to the 81 documents protected by the work-product doctrine.

## II. THE CHALLENGED DOCUMENTS ARE PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE

### A. Texas's Articulated Basis For the Attorney-Client-Privilege Challenge Does Not Cover 26 of the 91 Documents.

The premise of Texas's motion is that testimony by PPFA corporate representatives that PPFA did not have a privileged relationship with its Lit & Law department *in the context of the underlying Medicaid-termination litigations* demonstrates that privilege was waived over all the challenged communications involving PPFA employees. *See* Br. at 4 (arguing testimony "vitiates the privilege" because PPFA testified that "with respect to the HHSC-OIG terminations of the Affiliate Defendants, PPFA does not have an attorney-client relationship with L&L").

26 of the 91 challenged documents, however, have nothing to do with the underlying Medicaid-termination litigations.[4] *See also* Appendix D. Texas has therefore failed to articulate any basis on which to overcome the privilege claim over that subset of documents. The Court should therefore deny the Motion to Compel as to those 26 documents.

### B. The Affiliates Did Not Waive The Attorney-Client Privilege By Including PPTV In Their Confidential Communications.

All 91 of the attorney-client privileged communications on PPFA's log include individuals from PPTV. *See* Appendix C. Texas's contention that the attorney-client privilege over those communications was waived by inclusion of PPTV employees is addressed and disproved by the Affiliate Defendants in their concurrently filed opposition brief, which PPFA expressly incorporates here by reference. *See* Affiliate Br. Section II(B).

---

[4] *See* Baglin Decl. ¶ 7.

### C. The Affiliates Did Not Waive The Attorney-Client Privilege By Involving PPFA Public-Relations Experts In Their Confidential Communications.

Texas contends that "any communications involving PPFA individuals outside of L&L cannot be privileged." Br. at 5. This is wrong. The only PPFA employees outside the Lit & Law department involved in the challenged attorney-client-privileged communications are members of PPFA's communications department. *See supra* at 3. The Affiliate Defendants detail in their brief why their inclusion of PPFA public-relations specialists in their attorney-client privileged communications did not waive the privilege, and PPFA hereby incorporates that argument by reference. *See* Affiliate Br. Section I(B).

### CONCLUSION

The Court should deny the Motion to Compel in its entirety.

Dated: December 21, 2022

Respectfully submitted,

O'MELVENY & MYERS LLP

By: */s/ Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN

7

                                              Texas Bar No. 24073967
                                              ryan@ryanbrownattorneyatlaw.com
                                              1222 S. Fillmore St.
                                              Amarillo, Texas 79101
                                              T: (806) 372-5711
                                              F: (806) 350-7716

                                              *Attorneys for Defendant Planned Parenthood*
                                              *Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2022, a copy of the foregoing was served pursuant to the Court's ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby
