UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, RELATOR, *et al.* §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§ Civil Action No. 2-21-CV-022-Z<br>PLANNED PARENTHOOD FEDERATION §<br>OF AMERICA, INC., *et al.* §<br>*Defendants.* §<br>§ | |

**TEXAS'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL THE STATE OF TEXAS TO REVISE ITS PRIVILEGE LOG AND PRODUCE CERTAIN DOCUMENTS**

Consistent with its discovery obligations in this case, and within the Scheduling Order set forth by this Court, Texas served privilege logs on the Defendants on the following dates: October 7, 2022 (Texas's First Privilege Log); October 28, 2022 (Texas's First Privilege Log Amended); November 20, 2022 (Texas's Second Privilege Log); November 22, 2022 (Texas's Third Privilege Log); and November 30, 2022 (Texas's Fourth Privilege Log). ECF 348 at 7 (acknowledging the timing of Texas's privilege logs). Unlike Texas's pending Motion to Compel, which relies on deposition testimony of Defendants' own employees that contradicts Defendants' long-standing claims of privilege, *see* ECF 354, Defendants' Motion to Compel makes facial challenges to *all* of Texas's privilege logs based on information that has been in their possession for weeks. Defendants' challenge to Texas's logs is

1

untimely. ECF 346 at 5 (requiring "[a]ny motion to compel discovery" be "filed by 15 days after the discovery response at issue was served"). Accordingly, Defendants' entire Motion to Compel should be denied.

Notwithstanding the untimeliness of Defendants' motion as to Texas's logs, Texas nevertheless has addressed the specific concerns raised by Defendants. It has: (1) re-reviewed the documents identified by Defendants and included as part of Exhibit 1 to their motion (*see* ECF 349-1 at 3-43); (2) re-reviewed its privilege logs for additional documents not identified by Defendants but that contain similar facial issues to those identified in Defendants' Exhibit 1; (3) withdrawn claims of privilege over, and produced, 387 documents in response to issues raised by Defendants.[1] Texas has satisfied its discovery obligations with respect to Defendants' belated challenges to Texas's privilege logs.

Moreover, Texas has undertaken to re-review the roughly 7,000 documents identified on Texas's Fourth Privilege Log since Defendants' challenge to that log is only one day out of time—both as a good faith effort to address Defendants' concerns, despite their untimeliness, and to narrow the issues that the Court need address. *See* ECF 346 at 5. Texas will withdraw claims of privilege as appropriate and produce any downgraded documents and an amended privilege log to Defendants on or before December 29, 2022. The Court should deny Defendants' Motion to Compel as to any additional relief requested by Defendants.

---

[1] This number includes certain documents produced as a result of the parties' meet and confer on December 14, 2022.

## LEGAL STANDARD

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) "does not include privileged information or, absent the showing that [Rule 26(b)(3)] mandates, work product protected information." *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 17 (N.D. Tex. 2021) (internal quotations and citation omitted); *see also* Fed. R. Civ. P. 26(b)(1). While a "party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability," *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001), parties challenging withholding of documents should not leave "the Court to deduce which specific records" they are challenging. *See Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 3d 101, 174 n.42 (D.D.C. 2013) (noting that "plaintiff's failure to identify by Bates number the specific documents at issue" rendered "the Court unable to provide a document-specific parsing of which documents or portions thereof were properly or improperly withheld").

## ARGUMENT

Although Defendants point out that Texas has withheld more than 37,000 documents, the volume of Texas's privileged documents should come as no surprise, since the Court has already recognized "the sweeping nature of Affiliate Defendants' requests" for production. ECF 161 at 9. Ultimately, the parties attempted to limit the scope of responsive documents by using agreed search terms and custodians, but the universe of documents nevertheless reflects the unnecessarily broad view of discovery Defendants have taken in this case. While Texas has already ameliorated the facial challenges identified in Defendants' Exhibit 1 (and expanded its efforts beyond the

specific documents identified therein), Defendants' legal arguments in support of its request that this Court compel Texas to do more than it has already agreed to do are not persuasive. Texas addresses each below.

A.  **The Legislative Privilege Applies to this Case.**

Extraordinarily, Defendants ask this Court to compel Texas to produce *all* documents over which it has claimed a legislative privilege, resting on the blanket assertion that any applicable legislative privilege in this case "does not extend to communications with state executive-branch officials." ECF 348 at 21; *see also id.* at 23. Defendants' arguments are unpersuasive.

Although Defendants concede that "the Fifth Circuit has not addressed whether federal privilege law applies to all claims in a suit premised on federal-question jurisdiction with pendent state-law claims," ECF 348 at 19 n.3, their motion nevertheless proceeds as though federal privilege law controls here. *See generally* ECF 348 at 18–22. In primarily relying on *TitleMax of Tex., Inc. v. City of Dallas*, Defendants' argument avoids some nuance in the application of federal privilege law:

> And, to determine whether the legislative privilege precludes disclosure, a court must balance the interests of the party seeking the evidence against the interests of the individual claiming the privilege. … The court in *Rodriguez* identified five factors to aid in this determination, including: (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Titlemax*, No. 21-cv-1040, 2022 WL 326566, at *5 (N.D. Tex. Feb. 3, 2022) (citations and internal quotation marks omitted). Defendants' motion is *entirely devoid* of any

4

such balancing analysis, relying instead on the vague, speculative conclusion that the withheld documents "*might* be crucial to their defense." ECF 348 at 22 (emphasis added).

Moreover, Defendants' argument wholly ignores other federal precedent recognizing the application of the federal legislative privilege to the types of communications Texas has withheld here. In *Texas v. Holder*, the District Court held:

> [A] Member's gathering of information beyond the formal investigative setting is protected by the Speech or Debate Clause so long as the information is acquired in connection with or in aid of activity that qualifies as "legislative" in nature. … As such, a legislator's request for information to a State agency regarding pending legislation is subject to the legislative privilege and need not be produced. Similarly, agency responses and intra-agency communications regarding a legislator's request, including any factual information contained therein, need not be produced if production would necessarily reveal which legislator requested and received the information—for instance, if Defendant's request for production specifically sought communications between an agency and a particular legislator.

*Holder*, No. CV-12-128, 2012 WL 13070060, at *4 (D.D.C. Jun. 5, 2012) (citations and internal quotation marks omitted). Thus, Texas has, in good faith, withheld communications between a state legislator's office and the Texas Health and Human Services Commission ("HHSC"), as well as intra-HHSC communications regarding those requests that would necessarily reveal privileged information, and Texas has taken efforts to shield the legislators' identities by redacting their names from Texas's privilege logs. *See id.* Defendants have made no showing that their interests in the withheld documents supplant Texas's interest in maintaining valid claims of privilege, and they certainly have offered no case law that requires this Court to compel blanket production of such documents. *See Titlemax*, 2022 WL 326566, at *5.

5

B.  **Defendants Do Not Cite Authority Holding that Texas Must Produce Documents or Families in Part.**

Defendants likewise take issue with the fact that Texas has not produced any documents in redacted form or produced any partial families of documents. ECF 348 at 15. Although Defendants present the issue as one governed by a hard and fast rule, the one case they cite that is even reasonably on point only permits them to draw the conclusion that a "producing party is *entitled* to redact" privileged portions of a communication. *See* ECF 348 at 10 (citing *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 31-32 (N.D. Tex. 2021)) (emphasis added). In *Jolivet*, the court considered certain discovery disputes and determined that the defendant properly claimed privilege over a redacted portion of a communication—*not* that the defendant was required to redact and otherwise produce a withheld communication. *Jolivet*, 340 F.R.D. at 31-32. Similarly, the other cases Defendants cite do not stand for the proposition for which they are offered. *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 299 (N.D. Tex. 2017) (considering whether a party can redact *nonresponsive*—not privileged—information from an otherwise responsive document); *Raines v. Jones*, No. 16-cv-00208, 2017 WL 3579608, at *2, *aff'd*, 2017 WL 2905855 (E.D. Ark. 2017) (considering defendant's *existing* redactions of certain documents and whether defendant over-redacted certain information); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 245 (N.D. Tex. 2016) (noting that court had previously discussed with counsel that defendant

6

cannot redact *nonresponsive*—not privileged—information from a responsive document).²

Indeed, Defendants ignore a wealth of case law that holds to the contrary— that non-privileged material cannot necessarily be parsed out from otherwise privileged documents. This is true in the case of attorney-client privilege. *See, e.g.*, *Hartford Underwriters, Ins. Co. v. Elite Spice, Inc.*, No. 3:10-CV-0466-P (BK), 2011 WL 13233326, at *2 (N.D. Tex. Jun. 16, 2011) (in diversity case, applying Texas law that "if a document is a confidential communication, the privilege extends to the entire document and not merely to the portion of the document containing legal advice, opinions, or analysis") (citing *In re ExxonMobil Corp.*, 97 S.W.3d 353, 357 (Tex. App.—Hous. [14th Dist.] 2003, no pet.)); *Longfellow Expl., Partners, Ltd. v. SandRidge Energy, Inc.*, No. P-09-CV-045, 2010 WL 11506529, at *3 (W.D. Tex. July 12, 2010) (rejecting "an attempt to parse" an "email into sections that are and are not privileged"); *see also Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 19-CV-4007-HLT-TJJ, 2020 WL 7626536, at *2 (D. Kan. Dec. 22, 2020) (holding that "[o]nce it is established that a document contains a confidential communication, the privilege extends to the entire document, and not merely the specific portions relating to legal advice, opinions, or mental analysis") (citing *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d at 425; *In re ExxonMobil*, 97 S.W.3d at 358)). This is also true in the case of attorney work-product. *Nishnic v. U.S. Dep't of Justice*, 671 F. Supp. 771, 773 (D.D.C. 1987) ("[a]bsent a showing of 'substantial need,' these [work

---

² Defendants cite no case law concerning the withholding of entire families.

7

product] documents are privileged and the factual material contained therein need not be separated from the mental impressions or legal theories for release") (citation omitted); *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 806 (Tex. 2017) (holding that redaction of work product from a document is "insufficient as a matter of law to mask the attorney's thought processes and strategies"). Likewise, this is also true of the Medicaid Investigative Privilege. *See* Tex. Gov't Code § 531.1021(g) (protecting "*[a]ll* information and materials compiled" during relevant HHSC-Office of Inspector General and/or Office of the Attorney General investigations, audits, or inspections) (emphasis added). Defendants offer no compelling argument why this Court should compel Texas to produce any partial documents or families over which it has claimed privilege.[3] And Defendants do not sufficiently identify particular privilege log entries where the failure to produce documents in redacted form is in any way deficient. The Court need not do this work for Defendants. *See Nat'l Sec. Counselors*, 960 F. Supp. 3d at 174 n.42. Accordingly, Defendants are not entitled to any relief with respect to this issue.

C.   **Texas's Privilege Logs are Document-by-Document.**

Defendants accuse Texas of failing to produce a "document-by-document privilege log." ECF 348 at 8-9. Given that Defendants articulate on *four occasions* in their brief that Texas has withheld "more than 37,000 documents," this argument is facially meritless. *See id.* at 6, 7, 10, 15.

---

[3] Although Texas is not required to produce any partial families or redacted documents, in an effort to resolve this dispute without the need for further judicial intervention, Texas will re-review documents contained in its Fourth Privilege Log with the intent to produce as much non-privileged material as possible, including in redacted form where appropriate.

8

**D.     The General Subject Matter Description in Log Entries is Consistent with the Parties' ESI Agreement.**

Finally, Defendants argue that Texas's logs fail to provide sufficient subject matter descriptions of withheld documents. ECF 348 at 16–18. However, Texas's logs comply with the parties' Stipulation and Order Regarding the Production of Electronically Stored Information and Hard Copy Documents (the "ESI Agreement"). ECF 130-1; ECF 139 (granted by this Court). Therein, the parties agreed to include on privilege logs the "general subject matter of the document (*e.g.*, "legal advice regarding [topic]." ECF 130-1 at 14. And as described above, Defendants failed to raise this is as a concern in a timely fashion.

Texas's subject matter description of "HHSC Legal Internal Communications"—which Defendants claim is insufficient—complies with the ESI Agreement. Similar to the example set forth in the ESI Agreement, this description identifies that the communication is an internal communication of a legal nature between HHSC employees. Moreover, Texas's privilege logs include the "subject" line of each communication, which provides additional description about the topic covered by the withheld document. *See, e.g.*, ECF 349-1 at 3–43. Texas has provided this extra information to Defendants despite: (a) the ESI Agreement not requiring it (ECF 130-1 at 14); and (b) Defendants not providing that same information to Texas in their privilege logs. As a result, Texas has provided the information required by the ESI Agreement, and Defendants have sufficient information to challenge any of Texas's claims of privilege. Nonetheless, Texas will provide more detailed descriptions in connection with its Amended Fourth Privilege Log.

9

## CONCLUSION

For the reasons set forth above, Texas respectfully requests that this Court deny Defendants' Motion to Compel beyond what Texas has done—and agreed to do—to address the concerns raised by Defendants regarding Texas's Fourth Privilege Log.

Dated: December 22, 2022

        Respectfully submitted.

        **KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Chief, General Litigation Division
Texas Bar No. 24087727

**AMY SNOW HILTON**
Assistant Attorney General
General Litigation Division
Texas Bar No. 24097834

**REYNOLDS BRISSENDEN**
Director of Litigation
Assistant Attorney General
Civil Medicaid Fraud Division
Texas Bar No. 2056969

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Christopher.Hilton@oag.texas.gov
Amy.Hilton@oag.texas.gov
Reynolds.Brissenden@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, this document was electronically filed and served via the Court's CM/ECF system.

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
