IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>The State of Texas §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>The State of Louisiana §<br>*ex rel.* ALEX DOE, Relator, §<br>    Plaintiffs, §<br>v. §<br>Planned Parenthood Federation of America, Inc., §<br>Planned Parenthood Gulf Coast, Inc., Planned §<br>Parenthood of Greater Texas, Inc., Planned §<br>Parenthood South Texas, Inc., Planned Parenthood §<br>Cameron County, Inc., Planned Parenthood San §<br>Antonio, Inc., §<br>    Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br>Date:    December 23, 2022 |

**AFFILIATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO RELATOR'S MEMORANDUM IN SUPPORT OF STATE OF TEXAS'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON DEFENDANTS' PRIVILEGE LOG**

Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PP Cameron County"), and Planned Parenthood San Antonio, Inc. ("PP San Antonio") (together, "Affiliate Defendants") respectfully file this opposition to Relator's Memorandum in Support of State of Texas's Motion to Compel Production of Documents on Defendants' Privilege Log.

**INTRODUCTION**

The law of the case forecloses the relief Relator seeks, both procedurally and on the merits. Procedurally, this Court has spoken in clear and unequivocal terms: "The Court **ORDERS** parties to meet and confer in good faith regarding any pending or future discovery issues." Dkt. 297. Relator's most recent filing—styled as a brief in support of a motion filed by another party (Texas)

1

to which Affiliate Defendants already responded—plainly violates this requirement. Without even attempting to confer with Affiliate Defendants, Relator levels the serious charge that a witness may have provided false testimony and Affiliate Defendants are "hid[ing]" a document from Relator and the Court. Dkt. 370 at 2-3.[1] Had Relator bothered to meet and confer with Affiliate Defendants, Relator would have learned what Affiliate Defendants convey in this brief: that the document at issue is protected by the attorney work product doctrine and the attorney client privilege (as extended by the common interest privilege) and therefore was properly produced in redacted form.[2] If Relator continued to disagree with Affiliate Defendants' privilege claim after a meet and confer, Relator could have filed a motion and the Court could have adjudicated the issue in an orderly fashion. Yet, Relator has again flouted this Court's rules, necessitating another round of emergency briefing. This Court should enforce its prior Order and deny the relief requested in Relator's "memorandum in support" because Relator failed to meet and confer with Affiliate Defendants before filing.

Were the Court to consider Relator's "memorandum in support" on the merits, it should hold that the document Bates labeled PPGT00015864-PPGT00015871 (the "Disputed Document") reflects attorney work product and attorney-client communications. The document is

---

[1] Relator's accusation that this document—which discusses litigation on an unrelated issue (SB-8) and references past government audits that are not relevant to this case—may be "evidence" that one or more witnesses provided false testimony is meritless. Because Relator's spurious claim has no bearing on the merits of the privilege dispute, however, Affiliate Defendants do not address the substance of it here. Of course, should the Court require additional information regarding this issue, Affiliate Defendants are happy to provide it.

[2] Affiliate Defendants inadvertently produced an unredacted copy of PPGT00015864-PPGT00015871, but pursuant to Federal Rule of Evidence 502(d) and the Court's Scheduling Orders, Affiliate Defendants promptly clawed it back upon discovery of the inadvertent production and subsequently produced a redacted version.

an email chain between PPGT's outside counsel at Waters & Kraus LLP ("Waters & Kraus"), PPGT CEO Ken Lambrecht, attorney and PPGT Board Member Alexandra Albright, and five other attorneys, from Thompson Coburn LLP ("Thompson Coburn"), Alexander Dubose & Jefferson ("ADJ"), and Susan Hays, P.C., reflecting a discussion of litigation strategy related to Texas Senate Bill 8 ("SB8") litigation. The strategy discussion in this email reflects attorney work product. Because all participants expected the information would be kept confidential, the fact that not all attorneys represented PPGT does not affect work product protection. The email is also protected by the attorney-client privilege because PPGT and its counsel shared a common interest with other plaintiffs challenging SB8 and their counsel. For these reasons, the Court should hold that the Disputed Document was properly produced in redacted form and deny Relator's request for its production.

## BACKGROUND

Waters & Kraus has represented PPGT and its related entities since August 2021, when the firm was retained in anticipation of litigation related to SB8. Ex. 1, Decl. of Caitlyn Silhan ¶ 2 (Dec. 23, 2022) ("Silhan Decl."). On September 2, 2021, Planned Parenthood of Greater Texas Surgical Health Services ("PPGTSHS") filed a legal challenge to SB8 in Texas state court. *Id.* ¶ 4. At the time, PPGTSHS was a separate but related entity of PPGT that provided reproductive health services, including abortion, miscarriage management, and contraception. *Id.* PPGT appointed all PPGTSHS board members, and Ken Lambrecht served as president and CEO of both entities. *Id.* Waters & Kraus was listed as PPGTSHS's counsel of record in the Texas state court challenge to SB8, along with co-counsel at the Kaplan Law Firm, PLLC and Planned Parenthood Federation of America ("PPFA") Litigation & Law counsel. *Id.* Waters & Kraus withdrew as

counsel of record on September 15, 2021, but continued to serve as legal counsel to PPGT and PPGTSHS, including on matters related to SB8. *Id.* ¶ 6.

The Disputed Document is an email chain dated September 18, 2021 through September 20, 2021 between Alexandra Albright (PPGT Board Member and attorney with ADJ), Ken Lambrecht (PPGT CEO), Charles Siegel (Waters & Kraus attorney), Caitlyn Silhan (Waters & Kraus attorney), Peter Kraus (Waters & Kraus attorney), Kevin Dubose (ADJ attorney), Marcy Greer (ADJ attorney), Elizabeth Myers (Thompson Coburn attorney), Jennifer Eckland (Thompson Coburn attorney), and Susan Hays (attorney and Jane's Due Process[3] legal advisory board member). *Id.* ¶ 7. As noted, at that time Waters & Kraus was (and remains) counsel to PPGT on litigation-related matters.[4] *Id.* ¶ 5. ADJ and Thompson Coburn represented plaintiffs challenging SB8 in Texas state court, and Susan Hays was an attorney and legal advisory board member of Jane's Due Process, who was a co-plaintiff to PPGTSHS in a federal challenge to SB8. *Id.* ¶ 7. Accordingly, each participant in the communication was a representative for a plaintiff challenging SB8 (Mr. Lambrecht, Ms. Albright, and Ms. Hays) or counsel for a plaintiff challenging SB8 (Waters & Kraus and ADJ). *Id.* ¶¶ 7-8. The purpose of the communication was to discuss strategy related to the SB8 litigation and the communications were made with the expectation that they would be kept confidential. *Id.* ¶¶ 9-10. The participants in the

---

[3] Jane's Due Process is a 501(c)(3) nonprofit organization that, at the time of the document at issue, assisted young women in Texas seeking to navigate parental consent and confidentiality laws related to abortion and birth control. *Jane's Due Process*, https://janesdueprocess.org/about/.

[4] Mr. Siegel of Waters & Kraus also served on the board of Jane's Due Process. *Id.* ¶ 7. Ms. Silhan of Waters & Kraus also serves on the board of the North Texas Equal Access Fund, which at the time was a plaintiff in SB8 litigation pending in both state and federal court. *Id.* Thompson Coburn and ABJ represented the North Texas Equal Access Fund in the state-court SB8 challenge. *Id.* at note 3.

communication did not intend that the contents of the exchange would ever be disclosed to PPGT's adversaries in litigation. *Id.* ¶ 10.

## ARGUMENT

**I.     The Disputed Document is Protected by the Attorney Work Product Doctrine**

The Disputed Document reflects a discussion of strategy regarding litigation related to SB8. Litigation strategy discussions are quintessential attorney work product. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) (noting that "[p]roper preparation of a client's case demands" that counsel "prepare his legal theories and plan his strategy," and that this work is reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways"); *Doe 1 v. Baylor Univ.*, 320 F.R.D. 430, 444 (W.D. Tex. 2017) (describing "litigation strategy" as "core attorney work product"); *Buchanan v. Sterling Constr. Co. Inc.*, Civ. Act. No. 4:16-cv-3429, 2018 WL 1305062, at *2 (S.D. Tex. Mar. 12, 2018) (finding that attorney work product protected an email discussing litigation strategy sent by a company employee, even though the email was not authored by an attorney, nor sent to or from an attorney, because the email nonetheless contained the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party"). The participation of attorneys who did not represent PPGT does not destroy work product protection. As this Court held, "[i]n the work product context, protection is waived where disclosure of the otherwise privileged information is made to a third party, and that disclosure enables an adversary to gain access to the information." Dkt. 250 at 7; *see also* Dkt. 364 at 4 (collecting cases). By contrast, where work product is shared with "an [aligned] individual" with a shared expectation that it will be kept confidential, there is no risk that the information will be shared with an adversary and therefore no waiver. *See Boze Mem'l, Inc. v. Travelers Lloyds Ins.*

*Co.*, No. 3:12-cv-669-P, 2013 WL 12123898, at *5 (N.D. Tex. Aug. 16, 2013); *see also* Dkt. 364 at 4-6 (collecting cases).

At the time of the communications in the Disputed Document, PPGT, Jane's Due Process, and the North Texas Equal Access Fund were plaintiffs in lawsuits challenging SB8. The communications that Affiliate Defendants have redacted reflect a discussion of legal strategy between representatives and counsel about the litigation in which they were jointly involved. And as reflected in the Declaration of Caitlyn Silhan, the communications were made with the expectation that they would be kept confidential and shielded from PPGT's adversaries. Silhan Decl. ¶¶ 9-10. Accordingly, the redacted portions of the Disputed Document are protected attorney work product.

## II. The Disputed Document is Protected by the Attorney-Client Privilege, as Extended by the Common Interest Privilege

The Disputed Document is also protected by the attorney-client privilege. The common interest privilege "extends certain privileges, typically the attorney-client privilege and work product protection, to documents that are prepared by parties sharing a common litigation interest that would not otherwise enjoy such privilege." Dkt. 250 at 3 (quoting *Windsor v. Olson*, No. 3:16-cv-934, 2019 WL 77228, at *4 (N.D. Tex. Jan. 2, 2019)). As this Court explained, the common interest privilege can extend both to actual co-defendants or co-plaintiffs and potential co-defendants or co-plaintiffs. *Id.* at 3-4 (emphasis in original). "Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the common-interest privilege remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or

defend their claims." *Id.* at 4 (quoting *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)).

That is precisely what happened here. Attorneys and party representatives for PPGT communicated with attorneys for plaintiffs in a nearly identical lawsuit regarding common litigation strategy. Such communications, made to advance a common legal interest, are clearly protected by the common interest privilege, as interpreted by this Court, and therefore immune from discovery. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 712 (5th Cir. 2001) (quoting with approval a district court's ruling that the common interest "encompasses shared communications . . . to the extent they concern common issues and are intended to facilitate representation in possible subsequent proceedings, or whenever the communication was made in order to facilitate the rendition of legal services to each of the clients involved . . .") (quoting *Aiken v. Tex. Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 (E.D. Tex. 1993)); *id.* at 711 (noting that the attorney-client privilege "is not . . . waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication.") (quoting *Hodges, Grant, & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985)); *accord Luckenbach Tex., Inc. v. Engel*, No. 1:19-CV-00567-DH, 2022 WL 9530041, at *4 (W.D. Tex. Oct. 14, 2022) (noting that "the policy underlying the extension of the [common interest doctrine]—encouraging collaboration and efficiency—is present whether the parties are sued in the same lawsuit or not" and citing cases explaining that common interest includes communications made to advance a joint legal strategy in separate litigation or reasonably anticipated joint litigation).

## **CONCLUSION**

For all of these reasons, this Court should deny the relief requested in Relator's "memorandum in support" of Texas's motion to compel.

Dated: December 23, 2022

Respectfully submitted,
ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
T: +1 202.942.5000

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
T: +1 713.576.2400

Paula Ramer
Paula.Ramer@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8474

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
T: +1 806.371.8333

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2022, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

                                            */s/ Tirzah S. Lollar*
                                            Tirzah S. Lollar