IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America,<br>*ex rel.* ALEX DOE, Relator<br><br>The State of Texas,<br>*ex rel.* ALEX DOE, Relator<br><br>The State of Louisiana,<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. 2:21-cv-022-Z<br><br>Date:    January 4, 2023 |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OR CLARIFICATION OF ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWERS**

I.  **INTRODUCTION**

Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively, "Defendants") move for partial reconsideration or clarification of the Court's November 29, 2022 Order, ECF No. 316, on Defendants' Motion for Leave to File Amended Answers to Relator's and Texas's Complaints, ECF No. 226.

The Court erroneously stated that Defendants waived their statute-of-repose defenses by not including them as affirmative defenses in Defendants' Answers. *See* ECF No. 316 at 6 ("In sum, Defendants' defenses—other than the statute of limitations and statute of repose—are already preserved for summary judgment and trial."). That conclusion did not consider the substantial case law confirming that statutes of repose are non-waivable defenses that, *as even Plaintiffs acknowledged* (ECF No. 264 at 10–11), need not be pled. *See, e.g.*, *Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 302 (7th Cir. 1996) (indicating that "a defendant cannot waive a statute of repose"); *Perez v. Preston*, 2015 WL 13647378, at *2 (N.D. Ga. Oct. 27, 2015) ("[A] statute of repose is not subject to waiver—even express waiver."); *In re Am. Hous. Found.*, 543 B.R. 245, 260 (Bankr. N.D. Tex. 2015) ("A defendant should not have to raise an affirmative defense to avoid a claim extinguished by repose."). Accordingly, the Court should reconsider its ruling on the purported waiver of Defendants' statute-of-repose defenses or otherwise clarify that Defendants may raise

1

such defenses at summary judgment and trial in response to Relator's False Claims Act ("FCA") and Louisiana Medical Assistance Program Integrity Law ("LMAPIL") claims.[1]

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

A district court may revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (internal quotations and citation omitted). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Courts will grant reconsideration when, in reviewing a prior order, the court determines it erred. *See, e.g.*, *Wi-Lan, Inc. v. Acer, Inc.*, 2010 WL 5559546, at *2 (E.D. Tex. Dec. 30, 2010).

### B. Motion for Clarification

"While motions to clarify do not espouse an exacting legal standard, district courts 'possess the inherent procedural authority to [clarify a prior order] for causes seen by it to be sufficient.'" *APL Logistics Americas, Ltd. v. TTE Tech., Inc.*, 2013 WL 12124588, at *2 (N.D. Tex. Mar. 5,

---

[1] Count III of Relator's Complaint contains claims brought under the Texas Medicaid Fraud Prevention Act ("TMFPA"), but as the Court noted, because Texas elected to intervene as to that Count, "Relator is not responsible for its prosecution," ECF No. 71 at 33; *see also* ECF No. 141 at 2–3 ("Texas's January 6, 2022, Complaint in Intervention supersedes Relator's TMPFA complaint and asserts the only live claim in this action"). As a result, Defendants need not invoke the TMFPA's repose provision in response to claims that are effectively no longer in Relator's case. For its part, the State of Texas does not assert any claim based on conduct outside the TMPFA's ten-year repose period. ECF No. 22, ¶¶ 8, 9, 38 (alleging conduct between February 1, 2017 and March 12, 2021). Thus, the instant motion is limited to defenses against Relator's claims.

2013). Because clarification is "a discretionary area, a court may modify or clarify 'as justice requires.'" *Id.* (internal citations omitted).

### III. ARGUMENT

#### A. Plaintiffs Conceded That Defendants Are Not Obligated to Plead The Relevant Repose Defenses.

In their Opposition to Defendants' Motion for Leave to Amend Answers, Plaintiffs acknowledged that Defendants' statute-of-repose defenses "are not affirmative defenses" that need to be pled under Rule 8. *See* ECF No. 264 at 10–11. They further acknowledged that Defendants' proposed amendments incorporating those defenses were technically unnecessary because "to assert [repose] as a defense to liability, Defendants can make [the relevant] arguments before trial." *See id.* at 11. As explained below, Plaintiffs are correct—and what they describe is exactly what Defendants now seek to do at summary judgment and trial. The Court should permit Defendants to proceed.

#### B. Defendants' Statute-of-Repose Defenses Under the FCA and the LMAPIL Cannot Be Waived.

"Unlike a statute of limitations, a statute of repose creates a substantive right to be free from liability after a legislatively determined period." *Barnett v. DynCorp. Int'l, L.L.C.*, 831 F.3d 296, 307 (5th Cir. 2016); *see also CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182–83 (2014). A statute of repose functions "like a jurisdictional prerequisite," *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1097 n.5 (9th Cir. 2005), and just like subject matter jurisdiction, it may not be waived, *see Hinkle*, 85 F.3d at 302; *Weil v. Elliott*, 859 F.3d 812, 816 (9th Cir. 2017) (Christen, J., concurring); *Perez*, 2015 WL 13647378, at *2; *Am. Fed'n of Tchrs., AFL-CIO v. Bullock*, 605 F. Supp. 2d 251, 261 (D.D.C. 2009) ("[A] statute of repose is not an affirmative defense that must be pled in an answer to avoid waiving the defense."); *see also Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 903 (6th Cir. 2002) (same).

3

The Fifth Circuit's decision in *Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506 (5th Cir. 2008), is instructive. In that case, the court considered the effect of the Equal Credit Opportunity Act's repose provision, which uses wording similar to the FCA's ten-year statute of repose. *Compare* 15 U.S.C. § 1691e(f) ("No such action shall be brought later than 5 years after the date of the occurrence of the violation"[2]), *with* 31 U.S.C. § 3731(b)(2) (an action "may not be brought . . . more than 10 years after the date on which the violation is committed"). The court held that the provision's "sweeping and direct language . . . establish[ed] with clear text a 'jurisdictional bar'" to consideration of late claims. 550 F.3d at 508.

The same is true for the FCA's statute of repose. *See Kooritzky v. Herman*, 178 F.3d 1315, 1319–20 (D.C. Cir. 1999) (similar language in different statutes is a strong indication that the language should be interpreted alike). Section 3731(b)(2) unequivocally states that "in no event" may an FCA action be brought more than ten years after the date of the violation. 31 U.S.C. § 3731(b)(2). Because that provision effectively creates a jurisdictional defense, it cannot be waived as a matter of law. *Cf. Rivero v. Fidelity Invs., Inc.*, 1 F.4th 340, 343 (5th Cir. 2021) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

Louisiana law echoes that its statutes of repose, more commonly known as "peremptive periods" or "peremption,"[3] may likewise not be waived. *See Reeder v. North*, 701 So. 2d 1291, 1298 (La. 1997) ("[N]othing may interfere with the running of a peremptive period. It may not be interrupted or suspended; *nor is there provision for its renunciation*." (emphasis added)); *Dendy*

---

[2] At the time the court decided *Archer*, the ECOA's repose provision specified "two years from the date of the occurrence of the violation." 550 F.3d at 508.

[3] *See Stanley ex rel. Est. of Hale v. Trinchard,* 579 F.3d 515, 518 n.3 (5th Cir. 2009) ("Common law jurisdictions refer to this type of limitation as a statute of repose, while states with civil codes use the term peremptive period. No legal distinction exists."); *Gines v. D.R. Horton, Inc.*, 867 F. Supp. 2d 824, 834 (M.D. La. 2012) ("In Louisiana, . . . peremptive periods operate as statutes of repose.").

*v. City Nat'l Bank*, 977 So. 2d 8, 15 (La. App. 2007) (contrasting peremption with "defense of prescription,"[4] which "can be waived by the failure to affirmatively plead it or through acknowledgment"). The LMAPIL's statute of repose—which mirrors the language of its non-waivable FCA counterpart, *see* La. Rev. Stat. § 46:439.1.B. ("no more than ten years after the date" of the violation)—is no exception to the rule.

Because both the FCA and LMAPIL statutes of repose create non-waivable defenses, the Court should confirm that Defendants may raise such defenses at summary judgment and trial.

## IV.   CONCLUSION

For the foregoing reasons, the Court should reconsider its ruling on the waiver of Defendants' statute-of-repose defenses or otherwise clarify that Defendants may raise such defenses at summary judgment and trial in response to Relator's FCA and LMAPIL claims.

---

[4] *Howard v. Louisiana, ex rel. Att'y Gen. of Louisiana*, 2011 WL 6955709, at *3 (E.D. La. Dec. 21, 2011) (explaining that "prescription" under Louisiana law is conceptually analogous to a statute of limitations).

5

Dated: January 4, 2023                    Respectfully submitted,

**O'MELVENY & MYERS LLP**

By:   */s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (pro hac vice)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

Ryan Patrick Brown
Texas State Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
Tel: (806) 372-5711
Fax: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*


**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

6

Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
ryan@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby