IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On December 16, 2022, Defendants filed a Motion to Compel the State of Texas to Revise its Privilege Log and Produce Certain Documents ("Motion"). Among the issues raised in the Motion is Texas's withholding of documents based on assertions of legislative privilege. Defendants argue: (1) Texas does not have standing to assert the privilege; and (2) even if Texas does have standing, the legislative privilege does not extend to communications with state executive officials. ECF No. 348 at 21. After reviewing parties' briefing, the Court ascertains that supplemental briefing is necessary.

**THE LEGISLATIVE PRIVILEGE**

The legislative privilege is an evidentiary privileged "governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence." *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (internal marks omitted). "While the common-law legislative immunity for state legislators is absolute, the legislative privilege for state lawmakers is, at best, one which is qualified." *Id.* (internal marks omitted). This privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify

or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Id.* (internal marks omitted).

"The state legislative privilege must be protected when it arises; at the same time, the privilege must not be used as a cudgel to prevent the discovery of non-privileged information or to prevent the discovery of the truth in cases where the federal interests at stake outweigh the interests protected by the privilege." *League of United Latin Am. Citizens Abbott v. United States*, No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022) (internal marks omitted). Five factors aid in this determination: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *TitleMax of Tex., Inc. v. City of Dallas*, No. 3:21-CV-1040-S-BN, 2022 WL 326566, at *5 (N.D. Tex. Feb. 3, 2022) (internal marks omitted).

Some courts have held that "before the Court may balance factors that determine whether documents may be produced, a legislator must properly assert the privilege." *Id.* at *6; *see also Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014) ("[N]either the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative privilege on behalf of any legislator or staff member that may be deposed."). Likewise, courts have held that "the legislative privilege is waived when a state legislator communicates with executive branch officials." *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 1667687, at *4 (W.D. Tex. May 25, 2022). On the other hand, at least one court has held that "a legislator's request for information to a State agency regarding pending legislation is subject to the legislative privilege and need not be produced." *Texas v.*

2

*Holder*, No. CV12128DSTRMCRLW, 2012 WL 13070060, at *4 (D.D.C. June 5, 2012). "Similarly, agency responses and intra-agency communications regarding a legislator's request, including any factual information contained therein, need not be produced if production would necessarily reveal which legislator requested and received the information — for instance, if Defendant's request for production specifically sought communications between an agency and a particular legislator." *Id.*

Accordingly, the Court **ORDERS** parties to brief the following issues:

1. Is the *Texas v. Holder* court correct that communications between legislators and state agencies regarding pending legislation and intra-agency responses to those communications are covered by the legislative privilege? Is such a rule consistent with the purposes behind the legislative privilege?

2. Have the legislators identified in the documents at issue personally requested the State of Texas or the Attorney General of Texas to assert the privilege on their behalf? If so, does that cure any alleged standing problem — and what documentation is necessary to prove same? And if the legislators have not done so, is that fatal to Texas's assertions of legislative privilege?

3. Are the documents at issue privileged based on an attorney-client relationship between the legislators and the State of Texas or the Attorney General of Texas?

4. Assuming Texas or the Attorney General of Texas does have standing to assert the privilege and the privilege was not waived, how should the Court balance the five-factor test in determining whether the federal interests at stake outweigh the interests protected by the privilege?

The Court hereby **ORDERS** parties to file a response to this Order **on or before January 11, 2023.**

**SO ORDERED**.

January 4, 2023.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE