IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>The State of Texas §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>The State of Louisiana §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>  *Plaintiffs*, §<br>v. §<br>Planned Parenthood Federation of America, §<br>Inc., Planned Parenthood Gulf Coast, Inc., §<br>Planned Parenthood of Greater Texas, Inc., §<br>Planned Parenthood South Texas, Inc., Planned §<br>Parenthood Cameron County, Inc., Planned §<br>Parenthood San Antonio, Inc., §<br>  *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00022-Z<br><br><br>Date:    January 6, 2023<br><br><br>ORAL ARGUMENT REQUESTED |

## AFFILIATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Planned Parenthood Gulf Coast, Inc. ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc. ("PPST"), Planned Parenthood Cameron County, Inc. ("PPCC"), Planned Parenthood San Antonio, Inc. ("PPSA") (collectively, "Affiliate Defendants") move for summary judgment in their favor on all claims.

### SUMMARY OF GROUNDS FOR SUMMARY JUDGMENT

Relator Alex Doe and the State of Texas assert claims against Defendants under the federal False Claims Act ("FCA"), the Texas Medicaid Fraud Prevention Act ("TMFPA"), and the Louisiana Medical Assistance Programs Integrity Law ("LMAPIL"). The elements of each claim or defense as to which summary judgment is sought are more fully articulated in Affiliate

1

Defendants' accompanying Memorandum in Support of Affiliate Defendants' Motion for Summary Judgment, which sets forth the legal and factual grounds for summary judgment. As explained in the Memorandum, Defendants are entitled to summary judgment on the following grounds:

I. Plaintiffs fail to satisfy the essential elements of their "reverse" FCA claims under the federal FCA, TMPFA, and LMAPIL. To prevail on these claims, Plaintiffs must prove that Affiliate Defendants had (1) an obligation to pay money to the United States, Texas, and Louisiana; (2) knowingly avoided their repayment obligation; and (3) for the FCA and TMFPA, that the avoidance was improper. The undisputed evidence establishes that Affiliate Defendants had no repayment obligation and did not act with the requisite scienter. Therefore, no reasonable jury could find for Plaintiffs on their reverse FCA claims.

II. Relator fails to satisfy the essential elements of their affirmative FCA claims under the federal FCA and LMAPIL.[1] To prevail on their claims, Relator must prove that (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due. The undisputed evidence demonstrates that Relator cannot establish the essential elements of falsity, scienter, and materiality. Therefore, no reasonable jury could find for Relator on their affirmative FCA claims.

---

[1] Relator's affirmative false claims and conspiracy claims under the TMFPA are no longer part of the case. If, however, these claims remained in the case after Texas's Complaint in Intervention, Defendants would be entitled to summary judgment for the same reasons: Relator cannot prove falsity or scienter on their affirmative false claims theory, and they cannot show an underlying fraud or agreement for their conspiracy claim.

III. Relator fails to satisfy the elements of their conspiracy claims under LMAPIL. To prevail on this claim, Relator must prove (1) the existence of an unlawful agreement between Defendants to get a false or fraudulent claim allowed or paid by the government and (2) at least one act performed in furtherance of that agreement. The undisputed evidence demonstrates that Relator cannot establish any underlying fraud, nor any evidence of an agreement to defraud the government. Therefore, no reasonable jury could find for Relator on their conspiracy claims.

IV. Relator's claims are barred in part by the FCA and LMAPIL's non-waivable statutes of repose.

For the reasons set out in this Motion and the accompanying Memorandum, Affiliate Defendants request that the Court grant their Motion for Summary Judgment and dismiss this action with prejudice in its entirety.

**ORAL ARGUMENT REQUESTED**

Affiliate Defendants request oral argument in connection with their Motion.

Dated: January 6, 2023

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Tirzah S. Lollar*
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner

Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

Paula Ramer
Paula.Ramer@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Fillmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

/s/ *Tirzah S. Lollar*

Tirzah S. Lollar