IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| United States of America *ex rel.* ALEX DOE, Relator, | § § § § § |
| The State of Texas *ex rel.* ALEX DOE, Relator, | § § § CIVIL ACTION NO. § 2:21-CV-00022-Z § § DATE: January 11, 2023 |
| The State of Louisiana *ex rel.* ALEX DOE, Relator, | § § § § |
| Plaintiffs, v. | § § § § |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § § § § § § § |
| Defendants. | § § |

**DEFENDANTS' NOTICE REGARDING STATE OF TEXAS'S
WITHDRAWAL OF LEGISLATIVE PRIVILEGE CLAIMS**

At 1:41 p.m. Central this afternoon, the State of Texas ("Texas") advised Defendants that "Texas is withdrawing its legislative privilege assertions, and [] will advise the Court accordingly today." This late-breaking about-face *after* telling Defendants a month ago that Texas would not reconsider its position, *after* the close of document discovery, *after* the last fact-witness deposition, *after* Texas instructed a witness not to answer at deposition on legislative-privilege grounds,[1] and *after* the summary-judgment deadline is substantially prejudicial to Defendants.

---

[1] *See* Ex. 1, Texas/HHSC Rule 30(b)(6) (Zalkvosky) Dep. Tr. at 151:19–21.

*First*, Defendants reserve the right to seek to take discrete supplemental discovery, if warranted, after they receive and review the late-produced documents—both the documents Texas has now agreed to produce and those that Defendants respectfully request the Court order Texas to produce on the ground that it has failed to substantiate a work-product or attorney-client privilege claim.

*Second*, Texas's recent commitment to produce documents over which it previously asserted legislative privilege should *also* extend to those over which it asserted a combination of legislative privilege and attorney-client privilege (and no other privilege). Texas has made no assertion that personnel in its executive branch agencies provided legal representation to members of the Legislature (and especially not personnel in the Texas Health and Human Services Commission ("HHSC"), which employs every custodian from whom Texas produced documents). There can be no viable assertion of attorney-client privilege as to documents that include communications with a non-client, which, in this case, would include every Texas legislator and legislative staff member. In addition, Defendants reserve all rights to supplement or renew their Motion to Compel if Texas continues to improperly assert privilege over documents on this basis or otherwise fails to produce documents that should be produced in light of the withdrawal of its legislative privilege assertions.

*Third*, Defendants' ability to evaluate Texas's privilege determinations (including today's revised determinations relating to legislative privilege) remains impermissibly stymied by Texas's failure to produce a sufficient privilege log. *See* ECF Nos. 348, 373. Texas has done little to address the deficiencies underlying its privilege claims and logs since Defendants filed their December 16 motion to compel demonstrating that: (1) the logs do not adequately describe the type of document or the basis for the privilege claim; (2) Texas failed to produce any documents

2

in redacted form or any non-privileged members of a family where only part of the family contains privileged information; (3) large number of documents on logs cannot be privileged, or at least not privileged in their entirety, based on the descriptions provided; (4) Texas used the categorical and bare-bones description of "HHSC Legal Internal Communications" for tens of thousands of documents, including emails that do not include a single attorney and/or include individuals from outside parties; and (5) the logs include emails sent to distribution lists that appear to contain outside recipients as well as mass emails that include dozens of recipients with few or no lawyers present on the communication.  *See* ECF Nos. 348 at 2-5, 8-13; 373 at 4-7.

In its reply to Defendants' Motion to Compel, Texas stated it would re-review documents on its *Fourth* Privilege Log and produce downgraded materials (ECF No. 371 at 2)—even though Texas has never refuted Defendants' argument that the "facial issues" identified in the Fourth Log exist in the first three logs as well.  *See* ECF No. 371 at 2.  On December 29, 2022, Texas served a Revised Fourth Privilege Log of 315 pages that still contained 3,000 entries, some of which still have inadequate descriptions.  For example, there are 51 loglines that read "in support of legislator efforts internally among HHSC staff."[2]  *See, e.g.,* Ex. 2 at pp. 78 (DOC_0012569), 81 (DOC_0012628).  Although Texas also produced 4,416 downgraded documents from its Fourth Privilege Log, Texas still has yet to produce a single document in redacted form and appears to still be withholding entire families of documents.  In addition, Texas has refused to revisit the more than 30,000 documents and 3,100 pages comprising its first three privilege logs.  *See* ECF No. 349 (appendix containing numerous examples of insufficient log entries).  The fact that Texas's re-review of its Fourth Privilege Log led it to downgrade and produce *more than half* (57.9%) of the

---

[2] Several instances of this description, including the two examples cited here from pages 78 and 81, are used to support a joint assertion of legislative and attorney-client privilege.

documents initially listed on the log only serves to underscore the serious process concerns Defendants have raised about all four of Texas's privilege logs, including the first three that Texas has made *no effort* to revise.

Defendants accordingly request that (1) the Court order Texas to submit affidavits or other evidence sufficient to justify and support its claims of privilege over the categories of materials identified above, as well as the process it used to determine which documents would be withheld as privileged and then to describe those documents on its logs (ECF No. 348 at 17); (2) the Court order Texas to revise its privilege logs to bring them in compliance with the Court's Orders, including by reconsidering the applicability of its assertions of privilege, so that Defendants can properly assess Texas's privilege claims (*id.* at 18); and (3) the Court order Texas to produce all documents over which Texas asserted a combination of legislative privilege and attorney-client privilege (and no other privilege).

Dated: January 11, 2023

Respectfully Submitted,

ARNOLD & PORTER KAYE
SCHOLER LLP

/s/ *Tirzah Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743

Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
JUSTIN R. CHAPA
Texas Bar No. 24074019
jchapa@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700

5

>Dallas, Texas 75201
>T: (972) 360-1900
>F: (972) 360-1901
>
>LEAH GODESKY (pro hac vice)
>lgodesky@omm.com
>1999 Avenue of the Stars, 8th Floor
>Los Angeles, California 90067
>T: (310) 553-6700
>F: (310) 246-6779
>
>RYAN BROWN ATTORNEY AT LAW
>RYAN PATRICK BROWN
>Texas Bar No. 24073967
>ryan@ryanbrownattorneyatlaw.com
>1222 S. Fillmore St.
>Amarillo, Texas 79101
>T: (806) 372-5711
>F: (806) 350-7716
>
>*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2023, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Tirzah S. Lollar*

6