IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' Motion to Compel the State of Texas to Revise its Privilege Log and Produce Certain Documents ("Motion") (ECF No. 347), filed on December 16, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion **IN PART**.

**BACKGROUND**

On July 18, 2022, Affiliate Defendants moved to compel Texas to produce, *inter alia*, a privilege log detailing any privileges that the State wishes to assert in response to discovery requests. *See* ECF No. 128 at 24. Texas took the position that it need not produce a privilege log for materials covered by the Medicaid Investigative Privilege. ECF No. 137 at 22 n.7. The Court ordered Texas to produce a privilege log. *See* ECF No. 161 at 9. The Court permitted Texas to use a categorical logging approach but clarified the log "must still provide information needed to evaluate claims of privilege." *Id.* On November 8, Affiliate Defendants moved for reconsideration of that Order. ECF No. 196. The Court granted that motion in part and ordered Texas to produce a document-by-document log. ECF No. 262 at 7. This was because parties agreed to produce

document-by-document logs and Texas did not challenge that request. *Id.*; *see also* ECF No. 130-1 at 14.

To date, Texas has produced four privilege logs which include more than 37,000 entries. ECF No. 348 at 7. Defendants argue Texas's process used to determine which documents would be withheld as privileged and to describe those documents on its logs "was grossly deficient." *Id.* at 11. Therefore, Defendants request that the Court order Texas to: (1) submit sufficient evidence to explain its process for determining which documents Texas withheld as privileged; (2) adequately describe those documents on its logs; (3) justify and support its claims of privilege; and (4) revise its privilege logs to bring them in compliance with the Court's Orders. *Id.* at 11–12. On January 4, the Court ordered supplemental briefing on Texas's assertions of legislative privilege over more than 2,000 documents. ECF No. 80. Texas responded by withdrawing all previously asserted legislative privilege designations and producing those documents. ECF No. 397.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).

ANALYSIS

A. **The Motion Is Timely**

Texas first argues the Motion is untimely because the Scheduling Order requires any motion to compel discovery to be filed by 15 days after the discovery response at issue was served. ECF No. 371 at 1–2. But the Scheduling Order requires that such a motion must be "filed by 15 days after the discovery response at issue was served *or due to be served*." ECF No. 346 at 5 (emphasis added). Whatever the case, Defendants argue even if the Motion is deemed late by one day, "almost every factor under the test the Court has previously applied weighs in favor of permitting the Motion to be considered." ECF No. 373 at 10 (citing ECF No. 184 at 3). The Court agrees. It was not until December 14 that it became clear Texas was unwilling to undertake a comprehensive review of its privilege logs. *Id.* at 9. Thus, Defendants were put "in an impossible position of having to violate their duty to meet and confer, or run out of time to file." *Id.* at 9–10. The Court considered one of Relator's motions to compel filed past the deadline for similar reasons. *See* ECF No. 184 at 3–4. Accordingly, the Motion is timely.

B. **Texas Provided a Document-by-Document Privilege Log**

Defendants argue Texas failed to provide a document-by-document privilege log. This is because the logs fail to identify the type of each attachment — *e.g.*, whether the attachment is a spreadsheet, presentation, or another type of document. ECF No. 348 at 9. Additionally, Defendants argue the "General Subject Matter" field is populated "with only a handful of generic phrases" that fail to convey any meaningful information about the documents. *See id.* (citing descriptions such as "HHSC Legal Internal Communications"). Texas asserts this argument is "facially meritless" because Defendants articulate on four occasions that Texas has withheld more than 37,000 documents. ECF No. 371 at 8. Furthermore, Texas argues the logs

3

comply with the stipulated ESI Order. *See* ECF No. 130-1 at 14 (requiring logs to contain the "general subject matter of the document (*e.g.*, '... legal advice regarding [topic].'"). Moreover, the logs include the "subject" line of each communication, despite: (1) the ESI Order not requiring it; and (2) Defendants not providing the same information in their privilege logs. ECF No. 371 at 9.

Defendants argue "even if there were some interpretation of the ESI Order under which this unspecified descriptor were sufficient, the log entries still would abjectly fail to satisfy the mandate of Rule 26 and Fifth Circuit precedent that a privilege log is only sufficient if it allows parties to 'test' or 'assess' — as to each document — the privilege assertion." ECF No. 373 at 7 (quoting FED. R. CIV. P. 26(b)(5)(A)(ii); *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017)). But Defendants ignore that their own privilege log descriptions often contain little information. *See, e.g.*, ECF No. 355 at 79 ("Email chain providing legal advice re: litigation strategy and revisions to draft"), 81 ("Spreadsheet prepared at the request of counsel and containing information"), 88 ("Draft containing information for legal review re: revisions to press release").

A holding that Texas's logs are facially insufficient could trigger more litigation concerning all parties' privilege logs in this case. The stipulated ESI Order mandates an easier solution: meet and confer. ECF No. 130-1 at 16. And Defendants *have* been able to "test" or "assess" the privilege assertions. *See, e.g.*, ECF No. 348 at 10 ("[T]he logs include a large number of documents that, based on the information in the log, simply cannot be privileged — and certainly not privileged in their entirety."). Additionally, Texas agreed to provide more detailed descriptions in connection with its Amended Fourth Privilege Log. ECF No. 371 at 9. For these reasons, the Court finds that Texas has complied with the ESI Order's privilege log requirement.

### C. Deficiencies in Texas's Privilege Log Process

Similarly, Defendants argue other deficiencies in Texas's privilege log raise serious questions about its privilege log process. ECF No. 348 at 13. For example, "Texas's privilege log contains hundreds, if not thousands, of emails sent to or from third-parties and mass distribution emails sent to dozens of recipients with only a few or no lawyers." *Id.* at 14. "Likewise, Texas has asserted privilege over hundreds of emails to or from the distribution list 'HHSC MCO Communications.'" *Id.* And none of the 37,000 documents listed on the log were produced with redactions. *Id.* at 15.

Texas argues the producing party is only *entitled* — not required — to redact privileged portions of a communication. ECF No. 371 at 6 (citing *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 31–32 (N.D. Tex. 2021)). But the ESI Order requires that "if any part of an Email or its attachments is responsive, the entire email and attachments will be produced, except for any attachments that must be withheld or redacted on the basis of privilege, immunity, or applicable privacy laws." ECF No. 130-1 at 6. For that reason, the Court agrees there are deficiencies in the logs that must be addressed. However, Texas: (1) re-reviewed the documents identified by Defendants; (2) re-reviewed its privilege logs for additional documents not identified by Defendants but contain similar issues; (3) withdrew claims of privilege for 387 documents; and (3) began re-reviewing the roughly 7,000 documents identified on its Fourth Privilege Log. ECF No. 371 at 2. Additionally, Texas has since produced 4,416 downgraded documents from it Fourth Privilege Log. ECF No. 398 at 3. And Texas has withdrawn all assertions of legislative privilege and produced those documents. ECF No. 397. But these efforts must also include producing documents with redactions — to the extent they are responsive and include non-privileged information.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion **IN PART**. Texas is hereby **ORDERED** to: (1) explain its process for determining which documents are withheld as privileged; (2) continue re-reviewing its privilege logs; and (3) comply with the ESI Order by producing responsive documents with redactions for privileged information.

**SO ORDERED.**

January 17, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE