## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § | |
| THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § | |
| THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator, | § <br> § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD<br>FEDERATION OF AMERICA, INC.,<br>PLANNED PARENTHOOD GULF<br>COAST, INC., PLANNED<br>PARENTHOOD OF GREATER<br>TEXAS, INC., PLANNED<br>PARENTHOOD SOUTH<br>TEXAS, INC., PLANNED<br>PARENTHOOD CAMERON<br>COUNTY, INC., PLANNED<br>PARENTHOOD SAN ANTONIO,<br>INC., | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants. | § <br> § | |

## RELATOR'S MOTION TO UNSEAL MEMORANDUM AND APPENDIX IN
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

The parties agreed to a Protective Order in this case to govern the exchange of information during discovery. Dkt. 133. In accordance with paragraph 17 of the Protective Order, Relator filed Plaintiffs' Memorandum in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 391) ("Memorandum") and Appendix in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 390) ("Appendix") under seal because nearly every document in the Appendix (and discussed in the Memorandum) was designated by Defendants as either "Confidential" or "Attorney Eyes Only." *Id.* at 8.[1] Relator now respectfully moves this Court to unseal the Memorandum and Appendix.

## LEGAL STANDARD

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). In recognition of this fundamental principle, this Court's chamber rules note its reluctance to seal items in the record:

> The Court 'heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.' *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 520–21 (5th Cir. 2022). The parties may agree between themselves to designate documents 'confidential' during discovery. The typical standard there involves the parties asserting whether they want that material in the public domain. But

---

[1] During discovery, Relator challenged many of Defendants' confidentiality designations. *See* Dkt. 189, 198, 205, 310. Because of the sheer number of documents that Defendants designated as "Confidential" or "Attorney Eyes Only," however, it was not possible for Relator to challenge every document that was improperly designated by Defendants.

  
> filing that material with the Court under seal is a different
> matter altogether. *See [Le]*, 990 F.3d [at] 417[.]

Judge Specific Requirements, Judge Matthew J. Kacsmaryk, United States District Court, N. Dist. of Texas, https://www.txnd.uscourts.gov/judge/judge-matthew-kacsmaryk (last accessed Jan. 18, 2023).

"The decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 599 (1978)). "In exercising this discretion, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up). In determining whether to unseal documents, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Vantage*, 913 F.3d at 450 (internal citations omitted). "Undergirding balancing is a presumption in favor of the public's common law right of access to court records." *Id.* (internal citations omitted). "The public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (internal citations omitted). "[B]ecause 'We the People' are not meant to be bystanders, the default expectation is transparency—that what happens in the halls of government happens in public view." *Le*, 990 F.3d at 417. "Article III courts are independent, and it is particularly because they are independent that the access presumption is so vital—it gives the

federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Id.* (cleaned up).

## ARGUMENT

As the Court knows, this is a case brought under the federal False Claims Act and Texas and Louisiana Medicaid fraud statutes. It involves claims that Defendants—who are tax-exempt and taxpayer-funded entities—received millions of dollars of Medicaid funds that they were not entitled to receive, and failed to repay Medicaid funds that they were obligated to repay to the government. Matters involving "misspent government funds" are "of particularly public interest." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020). In such cases, the presumption of public access is even more substantial:

> Courts have also recognized that when cases involve matters of particularly public interest, such as misspent government funds, the rationale for public access is even greater. *See, e.g., Smith v. United States District Court for Southern Dist.*, 956 F.2d 647, 650 (7th Cir. 1992) (appropriateness of making court files accessible is accentuated in cases where the government is a party) (citing *FTC v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st. Cir.1987)); *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir.1986) (a district court must set forth "substantial reasons" for denying requests for access to court materials, and "when the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records.") (citing *United States v. Criden*, 648 F.2d 814, 822 (3d Cir.1981)).

*Under Seal v. Under Seal*, 1994 WL 283977, at *2 (4th Cir. 1994); *see also June Med. Servs.*, 22 F.4th at 520 ("The rationale for public access is even greater where, as here, the case involves matters of particularly public interest.") (cleaned up).

Plaintiffs' Memorandum and Appendix contain, for example, information relating to Defendants' corporate structure, billing practices, financial relationships, participation and termination from the Texas and Louisiana Medicaid programs, state and federal funding, knowledge and oversight of Medicaid rules and regulations, state and federal lobbying activities concerning Medicaid, and other important evidence that supports the claims alleged on behalf of the United States, the State of Texas, and the State of Louisiana. Medicaid is a publicly funded program, and its administration concerns every taxpayer. Further favoring public access, Defendants are all nonprofit entities and the recipients of hundreds of millions of dollars of government funds every year. Balanced against the Defendants' desire to keep information confidential—and therefore shielded from public view—the public's right of access should prevail.  Yet because of Defendants' confidentiality designations during discovery, which Relator hotly disputed, *see* Dkt. 189, 198, 205, 310, Plaintiffs' Memorandum and Appendix were required to be filed out of view of the public, nor could Relator's counsel even show them to Relator before filing.

Defendants cannot deny that this case involves significant public interest considering their own public statements, press releases, and media coverage.[2] They have already started a media blitz to spin this case as "frivolous," "desperate," and "baseless," yet Plaintiffs' decidedly non-frivolous arguments (as the Court recognized

---

[2] *See, e.g.* Planned Parenthood, *Planned Parenthood Texas Affiliates and PPFA Move for Decision in Baseless Medicaid False Claims Act Case*, (Jan. 7, 2023), https://www.plannedparenthood.org/about-us/newsroom/press-releases/planned-parenthood-texas-affiliates-and-ppfa-move-for-decision-in-baseless-medicaid-false-claims-act-case; Eleanor Klibanoff, *Texas Sues Planned Parenthood for $10 Million in Medicaid Payments*, Texas Tribune (Jan. 13, 2022) https://www.texastribune.org/2022/01/13/texas-medicaid-planned-parenthood-lawsuit/.

in denying Defendants' motions to dismiss) are now hidden from the public's view and cannot publicly contradict Defendants' false narrative. Laura Terrill, CEO of Defendant Planned Parenthood of South Texas has called this lawsuit "the latest political attack" and "[t]his is about controlling people's bodies and lives. It is not enough here in Texas to simply ban abortion, but now the state is shutting down health care providers and preventing them from meeting the health care needs of Texans."[3] Melaney Linton, CEO of Defendant Planned Parenthood Gulf Coast, has claimed that "[t]his [lawsuit] is not about correcting a wrong, because we didn't do anything wrong. This is about intentionally trying to shut down Planned Parenthood."[4] Defendants have intentionally put this case into the public's view and cannot now shield the evidence supporting Plaintiffs' claims from the public to further their one-sided narrative.

As the Court already noted multiple times, documents like the ones in Plaintiffs' Appendix do not warrant "Attorney Eyes Only" designation. *See* Dkt. 340 at 5-6 (citing Dkt. 214 at 8-9). But even if they did, the Protective Order in this case does not justify the sealing of documents in the judicial record. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *June Med. Servs.*,

---

[3] *See* Jennifer Gerson, *Texas Lawsuit Against Planned Parenthood Challenges Medicaid Reimbursements*, The 19th (Jan. 9, 2023), *available at* https://truthout.org/articles/texas-lawsuit-against-planned-parenthood-challenges-medicaid-reimbursements/ (last accessed Jan. 18, 2023).

[4] Bridget Grumet, *Paxton seeks to crush Planned Parenthood's ability to provide nonabortion care*, Austin American Statesman, Jan. 13, 2023 (behind paywall); *see also* Planned Parenthood, "ICYMI: Texas's Desperate Attempt to Shut Down Planned Parenthood and Eliminate Health Care Options for Texans," (Jan. 13, 2022), https://www.plannedparenthood.org/about-us/newsroom/press-releases/icymi-texas-s-desperate-attempt-to-shut-down-planned-parenthood-and-eliminate-health-care-options-for-texans (discussing Statesman article).

22 F.4th at 519 (cleaned up). "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Le*, 990 F.3d at 420 (emphasis in original). "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* at 419 (emphasis in original). "Under both standards, the working presumption is that judicial records should not be sealed." *Id.* Moreover, even if the parties *agree* that the materials should be sealed, that has little bearing because "[m]ost litigants have no incentive to protect the public's right of access." *Le*, 990 F.3d at 420 (cleaned up). Therefore, "judges, not litigants[,] must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up).

The balance of the public interest in the claims and facts underlying this case outweighs any interest the Defendants might have in confidentiality. This Court should accordingly unseal Plaintiffs' Memorandum and Appendix.

## CONCLUSION

Based on the foregoing, Relator respectfully requests that this Court unseal Plaintiffs' Memorandum in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 391) and Appendix in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 390).

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys for Relator**

**CERTIFICATE OF CONFERENCE**

On January 17, 2023, in accordance with Local Rule 7.1(b), the undersigned certifies that he conferred with counsel for Defendants and for the State of Texas regarding the relief requested in this motion. The State of Texas is unopposed. The PPFA Affiliate Defendants are opposed. As of the time of filing, Counsel for Defendant PPFA had not responded with their position.

/s/ Andrew B. Stephens
Andrew B. Stephens

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens
Andrew B. Stephens

8