**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § § | |
| | § | No. 2:21-cv-022-Z |
| Plaintiffs, | § § | Date:      February 8, 2023 |
| v. | § § | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § | |
| Defendants. | § § | |

**OPPOSITION IN PART TO RELATOR'S MOTION TO UNSEAL MEMORANDUM
AND APPENDIX IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD........................................................................................................... 4

ARGUMENT ........................................................................................................................ 5

    I.    Defendants Do Not Oppose Unsealing Plaintiffs' Brief, Plaintiffs' Cited
        Documents, or Defendants' Cited Documents That Were Never Designated
        Confidential............................................................................................................ 6

    II.   The Court Should Deny Relator's Motion to Unseal Documents That Plaintiffs
        Never Cited in Support of Their Summary Judgment Arguments. ...................... 7

    III.  The Materials Identified in Charts 3-6 Should Remain Sealed. ......................... 12

CONCLUSION..................................................................................................................... 20

TABLE OF AUTHORITIES

**Cases**

*Airboss Rubber Compounding (NC), Inc. v. Kardoes Rubber Co.*,
  2013 WL 12380267 (M.D.N.C. July 23, 2013) ...................................................................... 10

*Apple Inc. v. Samsung Elec. Co.*,
  727 F. 3d 1214 (Fed. Cir. 2013) ...................................................................................... 14

*Arrowpac Inc. v. Sea Star Line, LLC*,
  2014 WL 12617731 (M.D. Fla. May 1, 2014) ..................................................................... 17

*Baroness Small Ests., Inc. v. Round Hill Cellars*,
  2011 WL 6152969 (D. Colo. Dec. 12, 2011) ..................................................................... 20

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) ............................................................................................. 4

*Carter v. Sw. Airlines Co.*,
  2022 WL 283025 (N.D. Tex. Jan. 31, 2022) ............................................................... 10, 16

*Chavez v. Standard Ins. Co.*,
  2020 WL 6382611 (N.D. Tex. Oct. 30, 2020) ............................................................... 5, 14

*City of Greenville v. Syngenta Crop Protection, LLC*,
  764 F.3d 695 (7th Cir. 2014) ................................................................................. 3, 8, 9, 11

*Cole v. Janssen Pharms., Inc.*,
  2017 WL 2929523 (E.D. Wisc. July 10, 2017) .................................................................. 19

*Collado v. City of New York*,
  193 F. Supp. 3d 286 (S.D.N.Y. 2016) ............................................................................. 19

*Combier v. Portelos*,
  2018 WL 4678577 (E.D.N.Y. Sept. 29, 2018) .................................................................. 19

*Decapolis Grp., LLC v. Mangesh Energy, Ltd.*,
  2014 WL 702000 (N.D. Tex. Feb. 24, 2014) ............................................................... 14, 18

*Fidelity Nat'l Financial, Inc. v. Attachmate Corp.*,
  2016 WL 9526337 (M.D. Fla. Nov. 7, 2016) ...................................................................... 4

*Goesel v. Boley Int'l (H.K.) Ltd.*,
  738 F.3d 831 (7th Cir. 2013) ............................................................................................. 8

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*,
  2019 WL 13159728 (W.D. Tex. Dec. 4, 2019) ..................................................................... 5

*Hatch v. Demayo*,
  2021 WL 7162554 (M.D.N.C. Feb. 22, 2021) .................................................................. 17

*Herbert v. Unum Grp.*,
  2020 WL 13608412 (E.D. Tex. Aug. 25, 2020) ............................................................ 15, 16

*Ho v. Blue Mountain Mech., Inc.*,
  2020 WL 1866427 (D. Haw. Apr. 14, 2020) .................................................................... 16

TABLE OF AUTHORITIES

*In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*,
  9 F.4th 768 (8th Cir. 2021) .............................................................................. 13, 19

*In re Boston Herald, Inc.*,
  321 F.3d 174 (1st Cir. 2003) .............................................................................. 11, 14

*In re Elec. Arts, Inc.*,
  298 Fed. App'x. 568 (9th Cir. 2008) ........................................................................ 15

*In re NC Swine Farm Nuisance Litig.*,
  2017 WL 5178038 (E.D.N.C. Nov. 8, 2017) ......................................................... 12, 20

*In re Pol'y Mgmt. Sys.*,
  67 F.3d 296 (4th Cir. 1995) ......................................................................................... 4

*Johnson v. Quantum Learning Network, Inc.*,
  2016 WL 4472993 (N.D. Cal. Aug. 22, 2016) ........................................................... 17

*June Med. Servs., L.L.C. v. Phillips*
  22 F.4th 512 (5th Cir. 2022) ............................................................................. 4, 6, 11

*Lima v. Wagner*,
  2018 WL 11198080 (S.D. Tex. Oct. 24, 2018) ........................................................... 12

*Neon Enter. Software, LLC v. Internat'l Bus. Machs. Corp.*,
  2011 WL 2964796 (W.D. Tex. July 20, 2011) ............................................................ 12

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ......................................................................................... 5, 11

*NML Cap. Ltd. v. Repub. of Argentina*,
  2015 WL 727924 (D. Nev. Feb. 19, 2015) ................................................................ 16

*Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*,
  2022 WL 3566939 (S.D. Tex. Aug. 18, 2022) ................................................... 5, 14, 19

*Planned Parenthood of Great Nw. & Hawaiian Islands, Inc. v. Azar*,
  352 F. Supp. 3d 1057 (W.D. Wash. 2018) ................................................................. 15

*Planned Parenthood of Wisc., Inc. v. Van Hollen*,
  94 F. Supp. 3d 949 (W.D. Wis. 2015) ....................................................................... 18

*S.E.C. v. Van Waeyenberghe*,
  990 F.2d 845 (5th Cir. 1993) ............................................................................... 4, 10

*Seaman v. Duke Univ.*,
  2018 WL 10446957 (M.D.N.C. June 6, 2018) ...................................................... 12, 20

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984) ..................................................................................... 8, 10, 11

*Slattery Co., Inc. v. Chesapeake La., LP*,
  2014 WL 12659587 (W.D. La. May 22, 2014) .......................................................... 17

*Stone v. U.S. Sec. Assocs., Inc.*,
  2018 WL 11344317 (N.D. Ga. May 31, 2018) ........................................................... 10

*Szany v. City of Hammond*,
  2019 WL 3812492 (N.D. Ind. Aug. 14, 2019) ................................................................ 3, 11

*Trans Tool, LLC v. All State Gear Inc.*,
  2022 WL 608945 (W.D. Tex. Mar. 1, 2022) ................................................................. 15, 20

*Udoewa v. Plus4 Credit Union*,
  754 F. Supp. 2d 850 (S.D. Tex. 2010) ................................................................................ 16

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ....................................................................................... 13, 16

*United States v. McDougal*,
  103 F.3d 651 (8th Cir. 1996) ............................................................................................. 11

*United States v. Sealed Search Warrants*,
  868 F.3d 385 (5th Cir. 2017) ............................................................................................... 4

*United States v. Wey*,
  256 F. Supp. 3d 355 (S.D.N.Y. 2017) ................................................................................ 17

*Vantage Health Plan, Inc. v. Willis Knighton Medical Ctr.*,
  913 F.3d 443 (5th Cir. 2019) ............................................................................................... 5

*Young v. Actions Semiconductor Co.*,
  2007 WL 2177028 (S.D. Cal. July 27, 2007) ...................................................................... 9

**Rules**

Fed. R. Civ. P. 5(d)(1)(A) ........................................................................................................ 9

Fed. R. Civ. P. 56(c)(1) .......................................................................................................... 10

Loc. R. 5.2(d) ....................................................................................................................... 6, 9

Loc. R. 56.6 ............................................................................................................................. 9

Loc. R. 56.7 ............................................................................................................................. 9

## INTRODUCTION

Relator's motion to unseal Plaintiffs' summary judgment brief and Appendix is not an altruistic attempt to ensure the public's access to relevant judicial records; it is a transparent gambit to circumvent the Protective Order and paper over Plaintiffs' own violation of the Court's rules. Rather than grant a wholesale unsealing of an Appendix that is more than five times as long as *The Lord of the Rings* trilogy,[1] more than half of which was *never cited* in Plaintiffs' brief, the Court should reject Relator's attempt to publish confidential discovery materials in circumvention of the Protective Order, and maintain under seal Defendants' proprietary information, the private and sensitive information of non-parties, and other confidential information that has no bearing on this litigation.

Relator says they were forced to file Plaintiffs' summary judgment brief and Appendix under seal because "nearly every document in the Appendix (and discussed in the Memorandum) was designated by Defendants as either 'Confidential' or 'Attorney Eyes Only.'" ECF No. 410 at 1. Not so. To start, Plaintiffs could have publicly filed a redacted brief. The decision to instead file the entire brief under seal was one of their own making, and Relator's argument about a "one-sided narrative" arising out of the summary judgment filings (*see id.* at 5) has nothing to do with Defendants. And in any case, Defendants do not oppose the public filing of Plaintiffs' entire summary judgment brief.

As the chart below shows, Plaintiffs filed a stunningly overbroad ***13-volume, 6,295-page*** Appendix.

---

[1] The print length of J.R.R. Tolkien's seminal work, including maps and appendices, is just over 1,200 pages.

| Total Documents[2] | 255 |
|---|---|
| Document Not Cited | 137 |
| Documents Cited | 118 |
| Public or Non-Confidential Documents Cited | 41 |
| Plaintiffs' AEO or Confidential Documents Cited | 2 |
| Defendants' AEO or Confidential Documents Cited | 75 |

What's more, much of the material Plaintiffs cited is either publicly available or was not designated as confidential (41 documents)—and therefore did not need to be filed under seal in the first place—or are Plaintiffs' own confidential materials (two documents).  Defendants do not object to the unsealing of these documents.

But Defendants strongly object to Relator's baseless effort to make public 137 documents, *see* Exhibit A, and thousands of pages of deposition testimony that Plaintiffs did *not* cite in their summary judgment motion.  These documents and testimony are irrelevant, and Plaintiffs violated this Court's Local Rules by nevertheless including them in the Appendix.[3]

Relator has repeatedly tried to use this litigation as a vehicle to gain unfettered access to Defendants' confidential materials.  Relator unsuccessfully sought a blanket de-designation of those materials so that those materials would be publicly available—as demonstrated in no fewer than four rounds of briefing and well over 20 separate briefs on the topic.  Relator is now

---

[2] In reviewing Plaintiffs' Appendix to conduct the requisite document-by-document, line-by-line review, *see infra* at 4, Defendants identified 255 unique documents in Plaintiffs' Appendix, which does not strictly align with the number of documents listed on Plaintiffs' index (ECF No. 400) because, for example, Plaintiffs treated multiple emails as a single document.

[3] Plaintiffs' recently filed Opposition and Supplemental Appendix, which were completely filed under seal, also violated the Local Rules.  Once again, Plaintiffs filed an overly broad supplemental appendix of 77 documents, only 11 of which were actually cited in their Opposition brief.  Of those 11, three were not designated confidential at all, and eight were designated as AEO or Confidential. ECF Nos. 415, 416.  Defendants oppose Relator's recent motion to unseal Plaintiffs' Opposition brief and Supplemental Appendix (ECF No. 425) and will respond within the time provided for under the rules.

attempting to circumvent the Court's prior Protective-Order rulings with a "right of public access" plea that does not even apply to the documents that Plaintiffs did not cite in their brief. But courts––savvy to such gamesmanship—have time and again rejected similar efforts by parties to abuse the public-access doctrine. *See City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697-98 (7th Cir. 2014); *Szany v. City of Hammond*, 2019 WL 3812492, at *4 (N.D. Ind. Aug. 14, 2019) ("If the mere fact of a document's filing were sufficient to render the document influential in a judicial decision, then unscrupulous parties would be able to abuse the system and force discovery out into the open by filing discovery documents at will."). Extraneous documents and testimony filed but not relied on do not constitute "judicial records" to which public-access principles apply, and Relator's motion to unseal them should be denied on that basis alone. That rule disposes of the 137 uncited documents, which is the majority of Relator's unsealing request.[4]

As for the remaining 75 documents (42 from PPFA and 33 from the Affiliate Defendants), Defendants have engaged in a detailed analysis to determine whether their unsealing would create harm that outweighs the public's general right of access. Based on that review, Defendants (i) do not oppose de-designating and unsealing the documents identified in **Charts 1 and 2** of **Exhibit B**, (ii) do not oppose partially unsealing (*i.e.*, applying redactions to) the documents identified in **Charts 3 and 4**, and (iii) oppose unsealing the limited number of remaining documents identified in **Charts 5 and 6**.

---

[4] To be clear, the 60 uncited documents designated by Defendants as AEO or Confidential should not only remain sealed because they are not part of the judicial record, but also because each one has independent reasons for being so designated and their unsealing would cause substantial harm to Defendants and third parties. *See* Declaration of Kim Custer ("Custer Decl.") ¶ 4, Declaration of Alfred Curtis ("Curtis Decl.") ¶¶ 5-6, 8; Declaration of Sheila McKinney ("McKinney Decl.") ¶¶ 5-6, 8; Declaration of Polin Barraza ("Barraza Decl.") ¶¶ 5, 7-8.

**LEGAL STANDARD**

Whether materials should be unsealed is a two-step inquiry.  First, the Court must determine whether the material is a "judicial record" to which the public may have a right of access. *United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017) (whether a document is a "judicial record" subject to the public-access presumption is a "gateway question"); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (purpose of public-access right is to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system") (citation omitted). Critically, only documents that would reasonably tend to influence a district court's ruling constitute "judicial records" to which the public-access right applies.  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  In contrast, materials that are merely filed with the court, but do not affect judicial decision making, do not constitute "judicial records" to which the public has any right of access.  *Id.*; *In re Pol'y Mgmt. Sys.*, 67 F.3d 296, at *4 (4th Cir. 1995) (documents that "played no role in the court's adjudication . . . did not achieve the status of judicial documents to which the common law presumption of public access attaches"); *see also Fidelity Nat'l Financial, Inc. v. Attachmate Corp.*, 2016 WL 9526337, at *1 (M.D. Fla. Nov. 7, 2016) ("The presumption [of public access] applies to materials used to invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues.").

But materials are not unsealed merely because they qualify as a judicial record.  Once the court identifies a true "judicial record," in the second step it "must undertake a document-by-document, line-by-line balancing of the public's . . . right of access" to that material "against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (internal quotations omitted); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).  Although the public has a common-law right to inspect "judicial records," the Supreme Court has long recognized that the

4

public's right of inspection is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Rather, the right of access is a qualified right that must yield when, for example, a party seeks to use court filings to release "sources of business information that might harm a litigant's competitive standing." *Id.* Although "other circuits have held that the [public access] presumption is 'strong,'" the Fifth Circuit has "repeatedly refused to so characterize the public access presumption." *Vantage Health Plan, Inc. v. Willis Knighton Medical Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). "Rather, in this circuit the decision to seal or unseal records is to be analyzed on a case-by-case basis." *Id.* Thus, consistent with *Nixon*, courts in this circuit have applied a balancing test to seal judicial records to prevent the disclosure of confidential business information, protect the privacy interests of non-parties, and otherwise prevent "court files [from] becom[ing] a vehicle for improper purposes." *Chavez v. Standard Ins. Co.*, 2020 WL 6382611, at *1 (N.D. Tex. Oct. 30, 2020) (cleaned up) (sealing insurer's claims-handling guidelines that would harm defendant's competitive standing if unsealed); *see Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 2022 WL 3566939, at *7 (S.D. Tex. Aug. 18, 2022) ("Courts in this circuit have sealed documents to prevent the disclosure of confidential business information"); *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 2019 WL 13159728, at *2 (W.D. Tex. Dec. 4, 2019) (allowing summary judgment exhibits to remain sealed).

## ARGUMENT

Plaintiffs filed a bloated, 13-volume, 6,295-page[5] Appendix containing 135 of Defendants' Confidential or AEO documents and thousands of pages of deposition testimony concerning

---

[5] In contrast, all six Defendants *collectively* filed fewer than 800 pages of material in their respective summary judgment appendices. *See* ECF No. 387-1 (PPFA's 312-page appendix); ECF Nos. 383, 384-2 (Affiliate Defendants' public and sealed appendices, totaling 418 pages). PPFA filed its summary judgment brief publicly, and the Affiliate Defendants filed a lightly redacted summary judgment brief in order to protect references to documents designated by Plaintiffs or that might reveal Relator's identity. *See* ECF Nos. 382, 385.

Defendants' confidential information, most of which Plaintiffs did not cite or rely on in their brief. Relator now seeks to unseal that sweeping Appendix in its entirety—not to advance the interests served by the public-access doctrine, *June Med. Servs*, 22 F.4th at 519, but to circumvent the Protective Order[6] and publicize Defendants' highly confidential documents.  The Court should categorically deny Relator's Motion as to the 137 documents and thousands of pages of deposition transcripts that Plaintiffs never cited and filed without any proper purpose.  *See* Loc. R. 5.2(d) ("[w]hen discovery materials are necessary for consideration of a pretrial motion, a party shall file *only the portions of discovery on which that party relies* to support or oppose the motion") (emphasis added); *infra* Section II.  In addition, the Court should order redactions or keep sealed the materials identified in Charts 3-6 of Exhibit B.  Public disclosure of those unredacted materials could competitively harm Defendants and non-parties to this litigation—and much of it is not relevant to the issues presented to the Court.  *See infra* Section III.

## I.      Defendants Do Not Oppose Unsealing Plaintiffs' Brief, Plaintiffs' Cited Documents, or Defendants' Cited Documents That Were Never Designated Confidential.

Defendants have no objection to the unsealing of Plaintiffs' brief or the 41 public or non-confidential documents cited therein.  Relator vastly overstates the Protective Order's restrictions in asserting that the entirety of "Plaintiffs' Memorandum and Appendix were required to be filed out of view of the public."  ECF No. 410 at 4.  Plaintiffs could have publicly filed a redacted version of their brief, just like the Affiliate Defendants did.  *See* ECF No. 382.  Indeed, many pages of Plaintiffs' brief contain no citations to *any* evidence in the appendix, s*ee, e.g.*, ECF No. 391 at 4-5, 26-35, 47-56, or refer only to documents that have no confidentiality designation, *see, e.g.*, *id.*

---

[6] Although Relator claims that it was not possible to challenge "every document that was improperly designated by Defendants," ECF No. 410 at 1, n.1, Relator does not explain why they did not (or could not) challenge the designations for *these particular documents*, consistent with this Court's prior Order, if they believed they had been mis-designated.  *See* ECF No. 214 at 10 ("Relator must target specific documents when making [designation] objections").

at 1-2, 7, 14.  To the extent Plaintiffs' brief makes passing reference to documents that Defendants designated Confidential or AEO under the Protective Order, *see, e.g.*, *id.* at 36-46, Plaintiffs could have deployed narrow redactions and publicly filed the balance of their brief without even needing to seek leave to do so from Defendants or the Court.  Relator's complaints about the purported necessity of filing their brief under seal are therefore misplaced.  Nevertheless, since reviewing Plaintiffs' brief (ECF No. 391), Defendants have determined that they have no objection to the unsealing of Plaintiffs' brief in its entirety.

## II.   The Court Should Deny Relator's Motion to Unseal Documents That Plaintiffs Never Cited in Support of Their Summary Judgment Arguments.

As for Plaintiffs' entirely sealed Appendix, nothing required Plaintiffs to file under seal the two cited documents that *Plaintiffs* designated confidential under the Protective Order, much less the 41 cited documents that have no confidentiality designations.  Only 135 documents in the Appendix were designated Confidential or AEO by Defendants, and 60 of those documents—plus thousands of pages of deposition testimony from full transcripts submitted—should not have been filed *at all* because Plaintiffs did not rely on them in moving for summary judgment.

The Court should maintain under seal all of the uncited documents, *see* Exhibit A, and thousands of pages of uncited deposition testimony that Plaintiffs did not rely on in seeking summary judgment because those materials (i) do not constitute "judicial records" that could implicate the public's right of access, (ii) were filed for an improper purpose—*i.e.*, to seek an end-run around the Protective Order and the Court's prior rulings, and (iii) violate the Local Rules governing the submission of discovery materials in connection with filings.[7]

---

[7] The 137 uncited documents listed in Exhibit A include 60 documents that should remain sealed for the additional reason that they were designated Confidential or AEO by PPFA (31 documents) or the Affiliate Defendants (29 documents).

Confronted with a similar situation, the Seventh Circuit recognized how the "[t]ension between secrecy of discovery and disclosure of the record" may "tempt" parties "to use the latter to undermine the former" by filing discovery materials with the court so that an adversary's private communications may be publicly disclosed. *City of Greenville*, 764 F.3d at 697. "To resolve this tension," courts "have limited the presumption of public access to materials that affect judicial decisions." *Id.*; *see also Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption."). Applying these principles, the Seventh Circuit affirmed a district court's decision to categorically maintain under seal documents that were not cited in the party's papers. *City of Greenville*, 764 F.3d at 698.

The public-access doctrine does not depend "on what the parties filed" but rather "on whether a document 'influenced or underpinned the judicial decision.'" *Id.* To apply the public-access presumption merely because a party filed a document with the court would "eviscerate" and render "toothless" the Supreme Court's holding in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984), that confidential discovery materials "were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice." *City of Greenville*, 764 F.3d at 697-98 (citing *Seattle Times*, 467 U.S. at 33); *see also id.* (because "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action . . . restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information").

Moreover, applying public-access principles to court filings that append discovery materials not relied on "would needlessly increase the district court's workload" by "requiring

judges to vet *every* document in the record to determine whether it is covered by a privilege or some other basis of confidentiality." *Id.* at 697; *see also Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *5 (S.D. Cal. July 27, 2007) ("To the extent [an exhibit] is not relevant to the Motion to Dismiss, moving the court to review voluminous exhibits for purposes of sealing is an inefficient use of judicial resources because the court need not consider such materials.").  And "[t]he increased risk of releasing commercially valuable information to the public also would induce litigants to resist disclosure in the first instance." *City of Greenville*, 764 F.3d at 697.

The Court's Local Rules prohibit parties from including any uncited discovery materials in a filing—doubtless in part for this very reason.  Local Rule 5.2 states that, "[w]hen discovery materials are necessary for consideration of a pretrial motion, a party shall file *only the portions of discovery on which that party relies* to support or oppose the motion."  Loc. R. 5.2(d) (emphasis added); *see also* Fed. R. Civ. P. 5(d)(1)(A) ("discovery requests and responses must not be filed *until they are used* in the proceeding") (emphasis added).  Local Rules 56.6 and 56.7 similarly prohibit a party from including any materials in a summary judgment appendix beyond those that the party actually relies on to support or oppose a motion for summary judgment.  *See* Loc. R. 56.6(a) ("A party who relies on materials in the record . . . to support or oppose a motion for summary judgment must include the materials in an appendix"); Loc. R. 56.7 (a party may not, without permission of the presiding judge, file supplemental materials beyond the motions, responses, replies, briefs, and appendices required by rule).

And here, Plaintiffs' unnecessary larding of the Appendix is further exacerbated by Plaintiffs' inclusion of *thousands* of irrelevant pages of deposition testimony.  *Compare* ECF No. 391 (Plaintiffs cited 20 pages from the transcripts of Vickie Barrow-Klein's two depositions; 10 pages from the transcript of Rosemary Coluccio's deposition; and 4 pages from the transcript of

Louis Rossiter's deposition) *with* ECF No. 390-3 (Plaintiffs filed the full 421-page transcripts of Vickie Barrow-Klein's two depositions; filed the full 122-page transcript of Rosemary Coluccio's deposition; and filed the full 225-page transcript of Louis Rossiter's deposition).   Plaintiffs, moreover, did not cite a *single line* from the 104-page Emily Stewart deposition transcript, the 139-page Ronda Exnicious deposition transcript, or the 141-page Marianne DeJong deposition transcript, *see* ECF No. 391—but they nevertheless included each full transcript in the Appendix.

Because Plaintiffs did not cite these materials in moving for summary judgment, the Court need not consider them in adjudicating Plaintiffs' motion.  *See Stone v. U.S. Sec. Assocs., Inc.*, 2018 WL 11344317, at *2 (N.D. Ga. May 31, 2018) (documents not cited in papers "are of limited relevance to the merits of any substantive matters pending before the Court, and are not required to be analyzed or discussed in any significant detail in connection with the resolution of either motion"); *Airboss Rubber Compounding (NC), Inc. v. Kardoes Rubber Co.*, 2013 WL 12380267, at *1 (M.D.N.C. July 23, 2013) ("to the extent the Court does not rely on the information in reaching its decision, no right of access applies") (citations omitted).  Plaintiffs bear the burden of pointing the Court to the relevant evidence supporting their summary judgment motion.  *See* Fed. R. Civ. P. 56(c)(1).  Given that none of the uncited documents or uncited deposition testimony would shed any light on the functioning of the Court or the basis of any decision in this case, public disclosure would not advance any goal served by the public-access doctrine.  *See Van Waeyenberghe*, 990 F.2d at 849; *see Carter v. Sw. Airlines Co.*, 2022 WL 283025, at *2 (N.D. Tex. Jan. 31, 2022).

To conclude otherwise would only "tempt" Plaintiffs and future litigants to use court filings to publish confidential discovery materials that, as the Supreme Court has observed, can and should be shielded from the public eye.  *See Seattle Times*, 467 U.S. at 33; *see also City of*

*Greenville*, 764 F.3d at 697.  "If the mere fact of a document's filing were sufficient to render the document influential in a judicial decision, then unscrupulous parties would be able to abuse the system and force discovery out into the open by filing discovery documents at will." *Szany*, 2019 WL 3812492, at *4.  A party could, for example, file any number of confidential documents as "evidence in support" of a dispositive motion—without actually relying upon that "evidence" in their motion—and then move to unseal the record on public-access grounds and thereby render discovery protections meaningless.[8]   *City of Greenville*, 764 F.3d at 698 ("*Seattle Times*' protection of discovery materials would be toothless" if the presumption of public access was triggered by merely filing an uncited document).  Such a result—foreclosed by both common sense and Supreme Court precedent, *Nixon*, 435 U.S. at 598, *Seattle Times*, 467 U.S. at 33—is precisely what Relator seeks by way of this motion:  back-door publication-by-unsealing of hundreds of sensitive documents.

    "[A]s a matter of public policy," the Court should "avoid becoming the instrumentalit[y]" of Relator's "private pursuits," *United States v. McDougal*, 103 F.3d 651, 658 (8th Cir. 1996).  *See also In re Boston Herald, Inc*., 321 F.3d 174, 191 (1st Cir. 2003) (court "would be well within [its] discretion to consider" whether "to deny access where court files might have become a vehicle for improper purposes and to insure that its records are not used to gratify private spite or promote public scandal") (cleaned up).  Maintaining the sealing of testimony that Plaintiffs did not cite or rely on is also consistent with the "line-by-line" balancing test that the Fifth Circuit requires.  *See June Med. Servs*., 22 F.4th at 521.  To the extent Plaintiffs did not cite that deposition testimony in their brief, it should not have been included in the Appendix, and "there is no public right of

---

[8] As another court noted, those protections "are valuable because they can expedite discovery." *Szany*, 2019 WL 3812492, at *4.

11

access to [those] portions of testimony."[9]  *In re NC Swine Farm Nuisance Litig.*, 2017 WL 5178038, at *12 (E.D.N.C. Nov. 8, 2017) ("Because plaintiffs did not cite to this deposition testimony in their response brief, the court has not considered the testimony in ruling on defendant's motion for partial summary judgment.  As such, there is no right of public access to these portions of testimony"); *see also Seaman v. Duke Univ.*, 2018 WL 10446957, at *2 n.2 (M.D.N.C. June 6, 2018) ("[I]t is obvious that the parties could have filed only the portion of the document that was relevant, and there is no reason to find the irrelevant portions of the document, which were not considered by the Court, to be a judicial record.").

## III.  The Materials Identified in Charts 3-6 Should Remain Sealed.

The materials identified in Charts 3-6 should be maintained under seal because they contain Defendants' confidential business and financial information and/or private and sensitive information of non-parties—much of which is not relevant to the summary-judgment-stage questions presented to the Court.

"It is not uncommon," even at summary judgment, "for a court to seal documents in a case when those records contain trade secrets, sensitive commercial information, privileged material, individual personal identifiers, personal medical information, or material impacting national security."  *Neon Enter. Software, LLC v. Internat'l Bus. Machs. Corp.*, 2011 WL 2964796, at *1 (W.D. Tex. July 20, 2011); *see Lima v. Wagner*, 2018 WL 11198080, at *3 (S.D. Tex. Oct. 24, 2018) (noting that sensitive or personal information in judicial records associated with summary judgment could be redacted).  That is particularly true when, as here, the sensitive materials a party

---

[9] If, however, the Court concludes otherwise, Defendants respectfully request the Court afford them the opportunity to submit redacted copies of these transcripts for consideration, given that they contain confidential and sensitive information of Defendants and non-parties (including, for example, confidential information concerning unrelated matters involving PPFA's expert, Louis Dudney, that Plaintiffs' counsel acknowledged and agreed should not be disclosed, *see* Appx.001782 (160:23-161:13)).

seeks to seal include information that is largely irrelevant to the matters to be adjudicated.  As the Eighth Circuit recently explained, "'the strong weight to be accorded the public right of access' . . . derives from the central role the documents in question play 'in determining litigants' substantive rights' and 'from the need for public monitoring of that conduct.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Where testimony or documents play only a negligible role in the performance of Article III duties . . . the weight of the [public-access] presumption is low."  *Id.* (citation omitted).

In light of these considerations, Defendants conducted a renewed review of Defendants' designated documents in Plaintiffs' Appendix and cited in Plaintiffs' brief.  Based on that review, Defendants (i) do not oppose de-designating and unsealing the documents identified in **Charts 1 and 2**, (ii) do not oppose partially unsealing (*i.e.*, applying redactions to)[10] the documents identified in **Charts 3 and 4**, and (iii) oppose unsealing the limited number of remaining documents identified in **Charts 5 and 6**.  As further explained below, the limited materials that Defendants seek to maintain under seal are consistent with those that courts have relied upon as favoring nondisclosure, particularly when, as here, they are largely irrelevant to the Court's adjudication of the motions.

Trade Secret and Proprietary Information.  The documents listed in **Charts 5 and 6** (and portions of certain documents listed in **Charts 3 and 4**) should remain under seal because they

---

[10] Defendants recognize that the Court's prior ruling (ECF No. 124) rejected the redaction of the names of non-public employees in favor of the production of unredacted "Confidential Attorney Eyes Only" production of documents that included names of those employees.  If the Court's position on this issue remains the same for purposes of the (related but different) public-access balancing analysis, Defendants alternatively request that documents containing those names be maintained under seal in full.

contain highly sensitive business and financial information, which constitute trade secrets, *see* ECF No. 157-4 at 4-8, that are regularly sealed by courts.  *See Apple Inc. v. Samsung Elec. Co.*, 727 F. 3d 1214, 1226, 1228 (Fed. Cir. 2013) (district court should have sealed Apple's and Samsung's detailed financial information and Apple's market research reports); *Occidental Petroleum Corp.*, 2022 WL 3566939, at \*7 ("Courts in this circuit have sealed documents to prevent the disclosure of confidential business information"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd*., 2014 WL 702000, at \*2 (N.D. Tex. Feb. 24, 2014) (sealing documents that contained "sensitive information such as business strategies and the developmental progress of [the party's] oil and gas exploration").  As the First Circuit noted, "[r]ecognition of the importance of financial privacy is [] enshrined in public policy" and should be recognized here.  *In re Boston Herald, Inc*., 321 F.3d at 190.  "If trade secrets were not safeguarded by courts, litigants would be forced to choose between fully presenting their claims or defenses (losing trade secret protection) or foregoing their claims or defenses (potentially losing their case).  Moreover, this would extend litigation and decrease efficiency of the discovery process."  *Chavez*, 2020 WL 6382611, at \*2.

Plaintiffs seek to unseal myriad, detailed accreditation templates and reports that include highly sensitive information about the performance and operation of Planned Parenthood affiliates. *See, e.g.*, Appx.002727-4021.  These accreditation templates and reports, if made public, would reveal non-public information about PPFA's strategic priorities and initiatives, as well as information concerning the volume and variety of medical services provided by all 49 Planned Parenthood affiliates, 46 of which are not parties to this case.  Custer Decl. ¶ 6; Curtis Decl. ¶ 7; McKinney Decl. ¶ 7; Barraza Decl. ¶ 6.  Disclosure of financial information and fundraising strategy in the accreditation documents could cause financial harm to Affiliate Defendants, disrupt Affiliate Defendants' ability to provide patient care, and harm Affiliate Defendants' ability to

recruit and retain medical staff for their health care centers, causing financial and competitive harm. *Id.* Plaintiffs seek to unseal documents that include Affiliate Defendants' sensitive security information, including the accreditation reports. Curtis Decl. ¶¶ 7, 9; McKinney Decl. ¶ 7; Barraza Decl. ¶ 6. If made public, this information would put patients and employees of the Affiliate Defendants at risk of harassment and physical harm, and could also cause financial harm to the Affiliate Defendants, since their buildings have previously been targets for costly vandalism and arson. *Id.* Plaintiffs also seek to unseal documents containing recent detailed financial and grant information for each of the Affiliate Defendants, *see, e.g.*, Appx.004572-4821, which, if made public, would reveal information about Affiliate Defendants' revenues to its health care competitors and cause financial and competitive harm. Curtis Decl. ¶ 8; McKinney Decl. ¶ 8; Barraza Decl. ¶ 8. *Cf., e.g.*, *Planned Parenthood of Great Nw. & Hawaiian Islands, Inc. v. Azar*, 352 F. Supp. 3d 1057, 1064-65 (W.D. Wash. 2018) (sealing grant application that included "detailed information regarding, among other things: Plaintiffs' objectives and goals for the grant project, the communities and number of patients the project proposes to service, and proprietary information regarding Plaintiffs' pricing methodologies"); *In re Elec. Arts, Inc*., 298 Fed. App'x. 568, 569-70 (9th Cir. 2008) (district court should have sealed trial exhibit with pricing terms, royalty rates, and minimum payment terms that constituted "trade secret" information).

Non-Party Names and Contact Information. Certain documents listed in **Charts 3 and 4** should remain under seal or be redacted because they contain personal and private information about non-parties to this litigation that, if made public, would put non-parties at risk of harassment and personal harm. Curtis Decl. ¶ 5; McKinney Decl. ¶ 5. *See Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *8 (W.D. Tex. Mar. 1, 2022) (instructing parties to redact invoices with non-public information about customers not party to case); *Herbert v. Unum Grp.*, 2020 WL

13608412, at *3 (E.D. Tex. Aug. 25, 2020) (granting defendants' request to redact names of outside brokers and brokerages because they "are not parties to [the] suit," "their names are not relevant to the claims presented in [the] case," and "[i]f their names were not redacted from the record, the documents in [the] case could harm [defendants'] competitive standing with these brokers"); *Udoewa v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 883 (S.D. Tex. 2010) (exhibit containing "significant amounts of sensitive financial and personnel information, naming individual employees who are not parties to this case . . . should remain confidential . . . and filed under seal").  There is no significant public interest in the names or contact information of non-parties, and thus the public's right of access does not trump the privacy interests of those individuals.  *See Carter*, 2022 WL 283025, at *2 ("the public's interest in knowing the names of the non-party [] does not outweigh the non-party['s] privacy interest"); *Ho v. Blue Mountain Mech., Inc.*, 2020 WL 1866427, at *3 (D. Haw. Apr. 14, 2020) (sealing confidential personnel information concerning non-party employee that was irrelevant); *NML Cap. Ltd. v. Repub. of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) ("Redacting [personal identification information] from the public record will not infringe the quality or integrity of the judicial process, which the public right of access protects, because the information is irrelevant to the merits of [plaintiff's] action.").

Non-Party Financial and Commercial Information.  The Court should maintain under seal documents in Plaintiffs' Appendix that also concern the confidential information of non-parties, *see, e.g.*, Appx.005190-5194 (identifying non-party pharmacies and distributors), because, if made public, it would subject these non-parties to increased risk of harassment, financial harm, and litigation.  Curtis Decl. ¶ 6.  *See Amodeo*, 71 F.3d at 1050 ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (citation omitted); *see, e.g.*,

*United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (granting motion to seal exhibits submitted with brief because "relevant materials reflect medical, financial, educational, and other personal information pertaining to non-parties"); *Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (sealing portions of declaration that contain "sensitive financial information of non-parties . . . as well as sensitive financial information of Defendant that, if made public, could harm Defendant's business interests"); *Hatch v. Demayo*, 2021 WL 7162554, at *2 (M.D.N.C. Feb. 22, 2021) (sealing information "to ensure the protection of financially sensitive information made available by non-parties"); *Arrowpac Inc. v. Sea Star Line, LLC*, 2014 WL 12617731, at *2 (M.D. Fla. May 1, 2014) (sealing loan documents containing "non-parties' confidential, competitively sensitive, private, and proprietary financial information"); *Slattery Co. v. Chesapeake La., LP*, 2014 WL 12659587, at *1 (W.D. La. May 22, 2014) (sealing agreements that contained "financial information of other entities (some of which are separate from, but related to, Defendant) and detailed information about how various rates were calculated.").

Documents Nominally Cited For Their Existence.  The Appendix also includes voluminous documents that Plaintiffs merely included to support the undisputed proposition that such documents exist.  For example, Plaintiffs cited over 200 pages of detailed, AEO-designated reports (Appx.004390-4546, Appx.004547-4570) to support the non-controversial proposition that: "PPFA also created and funded a program called the Health Care Investment Program (HCIP) to provide technical assistance to Planned Parenthood Affiliates on issues such as Medicaid."  ECF No. 391 at 85.  But, based on the Fifth Circuit's "line-by-line" balancing test, the pages and materials within those documents that are irrelevant to the claims in this case do not fall within the

17

public-access presumption or, at minimum, the public interest in them is low when balanced against those interests favoring nondisclosure of such sensitive information.  Custer Decl. ¶ 5.

Similarly, Plaintiffs cite—but do not meaningfully discuss—PPFA's "Medicaid Reimbursement Toolkit" (Appx.004979-5009) and "Revenue Cycle Toolkit" (Appx.005037-5055) to support the proposition that these documents were created and exist.  Plaintiffs cite no specific information from these documents, instead asserting without support that they exist to "advise[] best practices on billing."  ECF No. 391 at 85.  But these documents contain sensitive, confidential information reflecting PPFA's strategic priorities and specific details about non-public programs or initiatives, Custer Decl. ¶ 7, and should thus remain sealed.  *Cf., e.g.*, *Decapolis Grp.*, 2014 WL 702000, at *2 (sealing document that contained "sensitive information such as business strategies and the developmental progress of [the party's] oil and gas exploration"); *Planned Parenthood of Wisc., Inc. v. Van Hollen*, 94 F. Supp. 3d 949, 960 (W.D. Wis. 2015) (sealing trial exhibits with excerpts of Planned Parenthood of Wisconsin's manuals because they contained "proprietary and sensitive business information" constituting trade secrets).  If Plaintiffs could cite—and to be clear, they cannot—limited, relevant portions of these documents to support their assertion that the "Medicaid Toolkit . . . advises best practices on billing," ECF No. 391 at 85, or that PPFA "assists Affiliates with their revenue cycle . . . includ[ing] Medicaid billing," *id.* at 9, PPFA would not object to unsealing such portions of these documents.

Plaintiffs' Appendix similarly includes nearly a thousand pages of accreditation and corrective action reports (Appx.003028-4010) simply to support the idea that PPFA has an accreditation process, ECF No. 391 at 8, and to support the statement that "PPFA has completed several comprehensive accreditation reviews" of each Affiliate Defendant, *id.* at 78. As discussed above, these documents contain highly sensitive information about the performance and operation

18

of each Affiliate Defendant.  Custer Decl. ¶ 6; Curtis Decl. ¶ 7; McKinney Decl. ¶ 7; Barraza Decl. ¶ 6.  The accreditation documents should remain sealed.

Thus, while Defendants do not oppose Plaintiffs discussing the existence of these documents in a publicly filed brief, the documents themselves contain highly sensitive, proprietary business information that Plaintiffs did not rely upon and should remain under seal.  *Occidental Petroleum Corp.*, 2022 WL 3566939, at *7; *see also Combier v. Portelos*, 2018 WL 4678577, at *9 (E.D.N.Y. Sept. 29, 2018) (holding party's "voluminous, and at times irrelevant, filings in this matter implicate the private interests of Plaintiff and her husband sufficient to warrant the Court's order to seal"); *Cole v. Janssen Pharms., Inc*., 2017 WL 2929523, at *3 (E.D. Wisc. July 10, 2017) (sealing voluminous and detailed medical records except as to those portions relevant to party's claim cited by the parties or the court).

<u>Irrelevant, Confidential Information</u>.  Plaintiffs also included documents that contain confidential information that does not rise to the level of a trade secret but should nevertheless remain under seal because it is not relevant to this action and thus "the weight of the [public-access] presumption is low." *In re Bair Hugger*, 9 F.4th at 792 (citation omitted).  Even a "small risk" of disclosure of sensitive information is "unwarranted" when the information sought to be sealed is irrelevant.  *Collado v. City of New York*, 193 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2016) (granting request to seal because presumption of public access had "scant weight" with respect to irrelevant information).  One such example is PPFA's general ledger data, Appx.004572-4821. The general ledger reflects thousands of confidential transactions, mostly with non-parties. Plaintiffs cited this confidential document solely to support the proposition that "[t]here are thousands of financial transactions between the Affiliates and PPFA each year."  ECF No. 391 at 10.  But—as evidenced by Plaintiffs' failure to cite even a single specific transaction in their

19

brief—the confidential and detailed financial information contained in the document is irrelevant to the issues before the Court.

Sealing such information is consistent with the approaches taken by other courts that have, for example, maintained under seal excerpts of an email exchange that were not relevant and thus "no right of public access [attached] to the email exchange." *In re NC Swine Farm*, 2017 WL 5178038, at *10; *see also, e.g.*, *Trans Tool*, 2022 WL 608945, at *8 (if "pricing information is irrelevant to this litigation, the best course is to redact it from the exhibit"); *Seaman*, 2018 WL 10446957, at *1-2 (sealing pages containing party's "institution-wide and department-wide funding and budgeting information" that "have nothing to do with any of the legal or factual disputes before the Court" and thus were "not necessary for public understanding of the issues" to be adjudicated); *Baroness Small Ests., Inc. v. Round Hill Cellars*, 2011 WL 6152969, at *8 (D. Colo. Dec. 12, 2011) ("Entire e-mails are offered in order to present evidence of one statement contained therein; to the extent that the rest of the email contains sensitive information, it can be redacted.").

## CONCLUSION

Defendants do not oppose the unsealing of Plaintiffs' brief, Plaintiffs' own confidential documents, or Defendants' non-confidential documents cited in Plaintiffs' brief. But Relator's motion to unseal Plaintiffs' Appendix in full should be denied as to any uncited materials in Exhibit A and the materials identified in Charts 3-6 of Exhibit B. There is no legitimate public interest in the thousands of pages of highly sensitive documents that Plaintiffs included in their Appendix— a fact Relator must concede, because they are cited nowhere in Plaintiffs' brief. As to the limited universe of Defendants' documents that are actually referenced in support of Plaintiffs' summary judgment arguments, the Court should order a combination of redactions and continued sealing as reflected in Charts 3-6 of Exhibit B.

Dated:  February 8, 2023

Respectfully submitted,

O'MELVENY & MYERS LLP

By:  */s/ Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood*
*Federation of America, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP

By:  */s/ Craig D. Margolis*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com

21

EMILY REEDER-RICHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York, New York
10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby