IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | No. 2:21-cv-022-Z |

## DECLARATION OF KIM CUSTER

I, Kim Custer, declare and state as follows:

    1.    I am currently employed by Planned Parenthood Federation of America, Inc. ("PPFA") as Executive Vice President and Chief Federation Engagement & Impact Officer. I

have served as Executive Vice President since 2015 and as Chief Federation Engagement & Impact Officer since the end of 2021.

2. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept in the normal course of business by PPFA. If called upon to testify, I could and would testify to the facts in this declaration.

3. I make this declaration in support of Defendants' Opposition in Part to Relator's Motion to Unseal Memorandum and Appendix in Support of Motion for Summary Judgment (the "Opposition"). I am familiar with the claims and allegations in the above-captioned case based on my review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

4. I understand that Relator seeks to unseal in full the Appendix filed in support of Plaintiffs' Motion for Summary Judgment. However, I also understand that the Appendix contains dozens of documents designated by PPFA as Confidential or Attorneys' Eyes Only under the Protective Order. Unsealing these materials—specifically, those in **Exhibit A** to the Opposition and those listed in **Charts 3 and 5** of **Exhibit B** to the Opposition—would substantially and materially harm PPFA and others by disclosing trade-secret level, non-public information.

5. **Non-Public and Confidential HCIP Documents.** Relator proposes unsealing several documents related to PPFA's Health Care Investment Program ("HCIP") (*see, e.g.*, Appx.004390-4570, Appx.005083-5121). These documents contain detailed and confidential information about dozens of third parties—namely, Planned Parenthood Affiliates which are not involved in this case. Such reports are not released publicly and are not shared outside PPFA.

These are documents that summarize specific types of technical assistance and support that PPFA staff provide to all Affiliates. These documents include extensive details concerning these entities' public-affairs strategies, including sensitive relationships that are not public; their external consultants' business operations; and their government-reform efforts, including sensitive conversations with state administrators outside of Texas and Louisiana. Making such documents public would harm these non-parties' businesses, their third-party consultants, and individual staff members who are wholly unconnected to this case. Furthermore, the documents detail how the proprietary HCIP program operates, which is a sensitive trade secret and would create a commercial disadvantage for PPFA if made public, given the number of competitors in this unique market sector.

6. **Detailed Accreditation Process Documents and Reports.** Relator further seeks to unseal highly detailed documents describing PPFA's method of assessing and accrediting Affiliates (*see, e.g.*, Appx.002730-3353, Appx.003447-3545, Appx.003583-3792, Appx.003970-4010). PPFA is a membership organization that requires Affiliates to be accredited as a condition of membership. The reports that result from accreditation visits are intended to help Affiliates improve operations and provide quality services and care to their patients. The scope of sensitive financial, marketing, clinical, and trade-secret information shared within the course of the review and included in reports is broad enough to cause financial harm to the Affiliates' businesses if it were released to the public or to the Affiliates' competitors. Making such confidential reports public could also cause extensive harm to the three Affiliate Defendants, which may have had opportunities for improvement highlighted by reviewers that could be taken out of context and used by competitors or adversaries to deter patients from seeking care at Planned Parenthood health centers, even if such reports are years old and even if they do not

3

suggest any violation of the standard of care. Analyses of Affiliate operations identify strengths and weaknesses; public disclosure of that information would allow competitors of Planned Parenthood health centers to target ostensible Affiliate weaknesses and harm them commercially. Because these reports are created in an effort to help Affiliates improve their services, making them public would also have a chilling effect on how PPFA conducts its accreditation work. Additionally, sharing details about PPFA's proprietary accreditation program could cause serious competitive and financial harm to PPFA and all 49 of its Affiliates that rely on this unique program. While PPFA is public about its accreditation model and the benefit that model provides to Affiliates, PPFA has invested decades of work into this program and worked diligently to keep the details confidential. Disclosing information about the process would jeopardize years of efforts on this front.

7. **Trade-Secret Level, Non-Public Documents.** Relator also seeks to unseal highly confidential, proprietary materials created by PPFA that contain information constituting a trade secret or otherwise highly confidential, non-public information about PPFA programs and procedures (*see, e.g.*, Appx.004977-5009, Appx.005037-5055). These materials were developed as confidential and proprietary resources for the benefit of Planned Parenthood Affiliates, as one of the numerous benefits of Planned Parenthood membership. Because the guidance and recommendations included in these documents are intended to be adaptable and used by Affiliates in all 50 states, it would be easy for competitors across the country to use them to the detriment of any Planned Parenthood Affiliate, including the 46 Affiliates which are not parties to this case. Making such documents available to the public could cause competitive harm to all Affiliates by making the expertise, guidance, and findings included in these materials available to anyone to use. It would also provide a detailed picture of how the Planned Parenthood

4

Affiliates—including those named in these materials as examples and case studies—operate their businesses, which would in turn put them at a competitive disadvantage.

8. **Documents Containing Highly Sensitive Financial Information, Third-Party Financial Information, or Information About Sensitive or Confidential Business Relationships.** Finally, Relator proposes unsealing an assortment of documents that include complex financial information about third parties, PPFA, and the Affiliate Defendants, and non-public information that is required to be kept confidential concerning PPFA's relationships with other third-party businesses and entities (*see, e.g.*, Appx.004571-4859, Appx.004863-4887, Appx.005066-5071, Appx.005155-5158, Appx.005214-5219). Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, such as by revealing non-public information about how PPFA allocates resources between Affiliates and in support of various programs or initiatives, or by revealing how PPFA assesses the efficacy of its programs. Releasing PPFA's detailed financial information and that of Planned Parenthood Affiliates (including 46 Affiliates which are not parties to this case) could cause them significant financial harm, as competitors—and other third parties—could use that data to evaluate their business and find places to exploit and undercut them in future transactions. Public disclosure of this information could cause further harm and disruption to PPFA's current programs or standing in the marketplace, as well as expose the staff of PPFA, Affiliates, and/or their business partners to unwarranted harassment or personal harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 8, 2023 in New York, New York.

Kim Custer