## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| THE STATE OF LOUISIANA, | § | |
| *ex rel.* ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00022-Z |
| | § | |
| PLANNED PARENTHOOD | § | |
| FEDERATION OF AMERICA, INC., | § | |
| PLANNED PARENTHOOD GULF | § | |
| COAST, INC., PLANNED | § | |
| PARENTHOOD OF GREATER | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD SOUTH | § | |
| TEXAS, INC., PLANNED | § | |
| PARENTHOOD CAMERON | § | |
| COUNTY, INC., PLANNED | § | |
| PARENTHOOD SAN ANTONIO, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## RELATOR'S MOTION TO COMPEL PRODUCTION OF DOCUMENT ON DEFENDANTS' PRIVILEGE LOG

Relator respectfully requests that the Court order the PPFA Affiliate

Defendants to submit to the Court for in camera review, and ultimately produce to

1

Plaintiffs, the document Bates-stamped PPGT00015864-PPGT00015871, also listed as document number 1647 on the PPFA Affiliates' Third Privilege Log.[1]:

| Logline | Date | Sender/Author | Recipients | CC | Other Recipients | Privilege Claim | Privilege Description | Privilege Redaction | PRODBEG |
|---|---|---|---|---|---|---|---|---|---|
| 1647 | 9/20/ 2021 | Peter A. Kraus <kraus@waters kraus.com > | Charles Siegel <siegel@waters kraus.com>; Kevin Dubose <kdubose@adjtl aw.com>; Susan Hays <hayslaw@me.c om> | "Ecklund, Jennifer R." <jecklund@tho mpsoncoburn.c om>; "Myers, Elizabeth G." <emyers@thom psoncoburn.co m>; Alexandra Albright; Caitlyn Silhan <csilhan@water skraus.com>; Ken Lambrecht; Marcy Greer <mgreer@adjtla w.com> | Ecklund, Jennifer R. <JEcklund@tho mpsoncoburn.co m>; Ken Lambrecht; Myers, Elizabeth G. <EMYERS@tho mpsoncoburn.c om>; Peter Kraus <kraus@watersk raus.com> | AC;WP | Email chain requesting and providing legal advice of counsel re: potential SB8 related bounty suits | REDACTED | PPGT00015864 |

Relator previously raised this document in Relator's Memorandum in Support of State of Texas's Motion to Compel Production of Documents on Defendants' Privilege Log (Dkt. 370). The Court denied the State of Texas's Motion to Compel (Dkt. 354) but the Order did not address the document at issue in this Motion and in Relator's previous brief memorandum. *See* Dkt. 376.

## BACKGROUND

Affiliate Defendants' privilege log references SB8 litigation, and the Affiliate Defendants' abortion clinic entities were in fact involved in a lawsuit filed in Travis County District Court to block enforcement of the Texas Heartbeat Act (Senate Bill 8 from the Legislature's 2021 session). The Affiliate Defendants' abortion clinics along with PPFA filed the lawsuit on September 2, 2021 against Texas Right to Life (TRTL)

---

[1] The produced, redacted document is filed as Exhibit A to this motion. The document is labeled AEO but after conferring, counsel for Affiliate Defendants agreed to downgrade the designation of this document to public.

2

and one of its employees. *See* Ex. B. The Texas Planned Parenthood abortion clinics were represented in the lawsuit by the Kaplan Law Firm PLLC and PPFA Attorneys Julie Murray, Richard Muniz, and Sarah McDougall. Waters & Kraus LLP additionally represented PPGT's abortion clinic, Planned Parenthood of Greater Texas Surgical Health Services (PPGTSHS). *Id.* Waters & Kraus later withdrew from representation of PPGTSHS in that matter on September 15, 2021. *See* Dkt. 372 at 3-4.

In addition to the Planned Parenthood clinics' lawsuit, TRTL was also sued in 13 other lawsuits filed in late August and early September 2021 which also challenged the Heartbeat Act. The plaintiffs in those lawsuits were represented by Thompson Coburn LLP lawyers Jennifer Ecklund and Elizabeth Myers.[2] TRTL was represented by Relator's counsel and Mitchell Law PLLC in all 14 lawsuits. On September 11, 2021, TRTL filed a motion to have the Planned Parenthood abortion clinics' case, along with the 13 others, transferred to an MDL pretrial court.[3] On September 13, Affiliate Defendants' abortion clinics filed an opposition to that motion. *See* Ex. C. In that opposition, the Planned Parenthood clinics contended that transfer to the MDL court along with the other cases was inappropriate because the Planned Parenthood case was "not related to the others." Ex. C at 7-10. Alexander

---

[2] *See* Mot. Transfer to Multidistrict Litigation Pretrial Court at Tab 1, *In re: Tex. Heartbeat Act Litig.*, No. 21-0782 (Tex. Multidistrict Litigation Panel filed Sept. 13, 2021), *available at* https://search.txcourts.gov/SearchMedia.aspx?Media VersionID=eacd68d9-1d2e-4f34-960f-fb0c3c7b565e&coa=cossup&DT=BRIEFS& MediaID=0a2bea7c-b350-4150-bda6-11936d00e527.

[3] *Id.* at 14.

Dubose & Jefferson LLP lawyers Kevin Dubose, Alexandra Albright, and Marcy Greer later appeared in the MDL transfer matter on September 24 when the other plaintiffs filed their opposition to transfer.[4] The transfer was not granted until October 14, 2021.[5] Susan Hays is a lawyer but never represented any of the plaintiffs in any of the SB8 lawsuits, including the Planned Parenthood clinics. *See* Dkt. 372 at 4. There were never any SB8 enforcement or so-called "bounty lawsuits" filed against Affiliate Defendants' abortion clinics, nor had TRTL ever threatened to sue Planned Parenthood.

The document at issue was originally produced by PPGT, but later clawed back and re-produced with redactions. The few portions of the document that are redacted are the relevant portions. *See* Ex. A at PPGT00015867, PPGT00015869. Affiliate Defendants claim this document is privileged because it contains privileged information related to SB8 litigation. Even if that communication were privileged (it is not), that matter is not responsive to any of Plaintiffs' discovery requests. That this document is logged as privileged—and not simply non-responsive—means it must contain relevant information to Plaintiffs' claims. Yet, the redacted version does not include any relevant information. The relevant statement(s) that first prompted

---

[4] *See* Pls.' Opp. to Mot. to Transfer to MDL, *In re: Tex. Heartbeat Litig.*, (Tex. Multidistrict Litigation Panel filed Sept. 24, 2021), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=6c909f80-4ef4-42e3-b9fd-3535c147ba98&coa=cossup&DT=BRIEFS&MediaID=ecd9b9cb-0844-4cb6-80f0-49a3631572a1.

[5] Order Granting Mot. to Transfer, *In re: Tex. Heartbeat Litig.*, (Tex. Multidistrict Litigation Panel Oct. 14, 2021), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=c299fbcd-6673-4cac-a701-f1f9fa59b5f9&coa=cossup&DT=DISPOSITION&MediaID=ea2a3a57-2da9-4ca1-90c0-ee79106bf88a.

PPGT to produce this document must be contained in the (improperly) redacted portions of the document. Plaintiffs objected to Affiliate Defendants' assertion of privilege over this document, but Affiliate Defendants refused to re-produce the parts of this document that are obviously relevant.

Texas filed a motion to compel production of documents Defendants were asserting privilege over, including this document. Relator filed a memorandum supporting compelled production of this document. Dkt. 370. But the Court, without addressing this particular document, denied Texas's motion because it said that Texas did not explain why Defendants' assertion of work-product privilege did not apply. Dkt. 376. Additionally, the Court's order discussed only Defendants' assertions of privilege over communications between PPFA attorneys and the Affiliate Defendants and communications involving Planned Parenthood Texas Votes. *Id.* It did not address whether communications between the parties to the communication at issue here—which does not involve PPFA attorneys or PPTV—would be protected under attorney-client or work-product privilege. *Id.* Before filing this motion, Relator's counsel conferred again with Defendants' counsel about this document and Defendants are opposed to this motion.

## LEGAL STANDARD

A party is entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense or that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). While this doctrine does have "ultimate and necessary boundaries," the district court has broad discretion over

5

discovery matters. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Attorney-client privilege "is the oldest of the privileges for confidential communication known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). But it applies "only where necessary to achieve its purposes." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). The party claiming the attorney-client privilege bears "[t]he burden of demonstrating [its] applicability." *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). The attorney-client privilege protects confidential communications between an attorney and his or her client made "for the purpose of providing or procuring legal advice or services." *United States v. Robinson*, 121 F.3d 971, 874 (5th Cir. 1997). The one asserting attorney-client privilege "must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Id.* 121 F.3d at 974. Without these necessary requirements, the interests of discovery and uncovering admissible evidence control, rather than an asserted privilege.

The work-product doctrine protects from discovery materials prepared by an attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir.1979). "[T]he work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). Like the attorney-client privilege, "[t]he burden of establishing that a document is work product is on

6

the party who asserts the claim." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). The party who asserts work-product protection must establish the following elements: (1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party. *Id.*

## ARGUMENT

### A. The document may not be withheld under attorney-client privilege.

This document cannot be withheld under attorney-client privilege because it was sent and/or received by attorneys who did not represent PPGT or its other entities at the time of the communications—September 19-20, 2021. Waters & Kraus withdrew as counsel for PPGTSHS before the date of the email chain at issue in the Texas state court proceedings challenging SB8 and never represented PPGT, PPST, or PPGC in those proceedings. *See* Ex. B, C. But even if Waters & Kraus represented PPGT or PPGTSHS on other matters, *see* Dkt. 372 at 4, attorneys Jennifer Ecklund, Elizabeth Myers, Alexandra Albright, Kevin Dubose, Susan Hays, and Marcy Greer never represented any Planned Parenthood entity in the SB8 matter; rather, they were representing other "plaintiffs challenging SB8 in Texas state court." Dkt. 372 at 4. They were not "jointly involved" in litigation, Dkt. 372 at 6, and such an assertion

now would mean that Planned Parenthood untruthfully asserted to the Multidistrict Litigation Panel on September 13, 2021 that the other plaintiffs' case were "unrelated" to theirs. *See* Ex. C at 7-10. Defendants did not demonstrate that those other attorneys listed on the email communications had an attorney-client relationship with any Planned Parenthood entity at the time of the subject email communications. The mere fact that a person is an attorney does not create an attorney-client relationship and the related privilege.

Moreover, any communications or statements made by Mr. Lambrecht, CEO of PPGT and PPGTSHS, in this document that do not seek his attorneys' legal advice would not be privileged, even if other parts of the document are. *See* Ex. A at PPGT00015867. Mr. Lambrecht could not be seeking legal advice related to SB8 from lawyers who do not represent him, nor would such advice be responsive to Plaintiffs' requests in this case in any event. Thus, there is reason to believe that Mr. Lambrecht's email, at minimum, would not be privileged and is relevant to this case. The Court could therefore order disclosure of only non-privileged portions of the document, even if it finds that some portions are covered by the attorney-client privilege.

### B. The document may not be withheld as attorney work product or under the common-interest doctrine.

This document should also not be protected under the work-product doctrine. *See Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) (laying out the boundaries of work-product privilege). Waters & Kraus withdrew from representing PPGTSHS in the SB8 litigation prior to these

emails and never represented PPGT, PPST, or PPGC, and Affiliate Defendants have not shown that the other parties presented impressions or opinions on the ongoing litigation that would create the work-product protections for the redacted portions. Defendants also did not address why any statements made by Mr. Lambrecht in the email exchange with attorneys who did not represent his companies warranted work-product protection.

Even if work-product protections did apply, Relator's counsel believes that this document is highly relevant to the issues in this case because Affiliate Defendants indicated that this document is responsive to Plaintiffs' requests even though Plaintiffs did not request materials related to SB8, and there is no other way for Relator's counsel to obtain this information. Fed. R. Civ. P. 26(b)(3) (documents otherwise protected by the work-product doctrine shall be produced upon a "showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."). Further, Defendants should at minimum be required to produce portions of the document that are not work product, such as any statements or communications made by Mr. Lambrecht, a non-lawyer. *See* Ex. A at PPGT00015867.

Affiliate Defendants also may not rely on the common-interest doctrine. The Court previously applied the doctrine to communications between Texas and the qui tam Relator, *see* Dkt. 250, though it appears that the Fifth Circuit may have only applied the common-interest rule to co-defendants and potential co-defendants, and

Defendants' abortion clinics in the SB8 litigation were plaintiffs. *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 Fed. Appx. 690, 703-04 (5th Cir. 2015).

Regardless, it is "unsettled" in the Fifth Circuit whether "the federal common law common interest doctrine extends to communications between counsel for these plaintiffs *in separate actions*…." *Windsor v. Olson*, 2019 WL 77228, at *10 (N.D. Tex. 2019) (emphasis added). The subject communications were between attorneys who no longer represented Planned Parenthood entities, and other parties or attorneys who never represented Planned Parenthood entities, but represented others in *separate lawsuits* that the Planned Parenthood abortion clinics contended at this time were "unrelated" to theirs. Ex. C. at 7-10. Defendants cannot argue now that their interests were so aligned with the other plaintiffs in different SB8 litigation that those communications are protected or that they had any expectation of protection because at the time they were made, Planned Parenthood apparently believed (and told the MDL panel) the opposite. *See* Ex. C. In addition, because the common-interest rule— as well as other privilege and work-product rules— are "obstacle[s] to truthseeking," the Fifth Circuit holds that such rules must "be construed narrowly." *In re Santa Fe*, 272 F.3d at 710 (citing cases).

## CONCLUSION

Relator respectfully requests that the Court review document Bates-stamped PPGT00015864-PPGT00015871 in camera and order immediate production of the document, or at minimum, any non-privileged portions of the document.

10

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys For Relator***

11

**CERTIFICATE OF CONFERENCE**

On February 3, 2023, in accordance with Local Rule 7.1(b), the undersigned certifies that Relator's counsel conferred with counsel for Defendants and for Texas regarding the relief requested in this motion. Counsel for Defendants stated that they oppose the relief requested. Texas is unopposed.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker