IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S REPLY IN SUPPORT OF MOTION TO UNSEAL MEMORANDUM AND APPENDIX IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Relator files this Reply in Support of Relator's Motion to Unseal Plaintiffs' Memorandum and Appendix in Support of Motion for Summary Judgment and respectfully requests the Court unseal the Memorandum (Dkt. 391) and Appendix (Dkt. 390) in their entirety. Defendants state in their opposition brief (Dkt. 426) that they do not oppose unsealing Plaintiffs' entire Memorandum. Defendants argue that the Court should not unseal the Appendix because it contains documents that Plaintiffs did not cite in their Memorandum and documents that Defendants designated "Confidential" and "Attorneys Eyes Only" during discovery. Neither argument is sufficient to overcome the strong presumption in favor of the public's right of access to judicial records.

**ARGUMENT**

I. **The Documents in Plaintiffs' Appendix are Summary Judgment Evidence Cited and Relied on in Plaintiffs' Summary Judgment Briefing.**

Defendants argue at length that the Court should not unseal the Appendix because it contains documents that Plaintiffs did not cite in their Memorandum. The documents in the Appendix are relevant and admissible summary judgment evidence, and are part of the summary judgment record. Defendants are correct that many of the documents in the Appendix were not cited in Plaintiffs' Memorandum which was filed on January 7, 2023. But Plaintiffs have since filed their brief in opposition to Defendants' motions for summary judgment, Dkt. 415, a reply brief in support of Plaintiffs' motions for summary judgment, Dkt. 440, and two supplemental

1

appendices, Dkt. 416, 441. All of these filings are part of the summary judgment record and nearly every document in the Appendix is cited in one or more of the summary judgment briefs Plaintiffs have filed in this case. Thus, there is no basis for Defendants' argument that documents not cited in the Memorandum should remain under seal.

> II. **Defendants' Argument That Documents Designated "Confidential" and "Attorneys Eyes Only" Should Remain Under Seal is Meritless.**

As the Court already noted multiple times, documents like the ones in Plaintiffs' Appendix do not warrant "Attorney Eyes Only" designation. *See* Dkt. 340 at 5-6 (citing Dkt. 214 at 8-9). But even if they did, the Protective Order in this case does not justify the sealing of documents in the judicial record. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519 (cleaned up). "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Le*, 990 F.3d at 420 (emphasis in original). "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* at 419 (emphasis in original). "Under both standards, the working presumption is that judicial records should not be sealed." *Id.* Moreover, even if the parties *agree* that the materials should be sealed, that has little bearing because "[m]ost litigants have no incentive to protect the public's right of access." *Le*, 990 F.3d at 420 (cleaned up). Therefore, "judges, not litigants[,] must undertake a case-by-case,

2

document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. (cleaned up).

Defendants argue that the Court should not unseal the Appendix because it contains documents with trade secret and proprietary information, non-party names and contact information, and non-party financial and commercial information. Dkt. 426 at 13-17. The Court previously cast doubt on whether Defendants' documents could qualify as "trade secrets." Dkt. 214 at 9. Defendants previously sought to justify "Confidential" and "Attorneys Eyes Only" designations because disclosure "could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors." Dkt. 157 at 6-9; Dkt. 340 at 6-7. The Court held that "PPFA must describe the alleged harm it will suffer from any disclosure 'with particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Dkt. 214 at 9-10. *See Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at \*6 (quoting *Penn, LLC v. Prosper Bus. Devel. Corp.*, No. 2-10-CV-0993, 2012 WL 5948363 (S.D. Ohio Nov. 28, 2012)); *see also Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *Broadspring, Inv. v. Congoo, LLC*, No. 13-CV-1866 JMF, 2014 WL 4100615, at \*21 (S.D.N.Y. Aug. 20, 2014); *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986). Defendants claim that disclosure could cause financial harm to Defendants, disrupt their ability to provide patient care, and harm their ability to recruit staff, Dkt. 426 at 14-15, but these are "stereotyped and conclusory statements" that do not describe the alleged harm "with particular and specific demonstration of fact." Dkt. 214 at 9-10; Dkt. 340 at 7 ("Apart

3

from the general concept that disclosure of some types of sensitive information to a competitor may result in harm, the Motion contains no particularized argument."). Defendants also claim that disclosure of non-party information would subject non-parties to increased risk of harassment, financial harm, and litigation. Dkt. 426 at 15, 16. But Defendants' purported risk of harm to non-parties is purely speculative and is not described with "particular and specific demonstration of fact." Dkt. 214 at 9-10. Defendants unsupported and speculative assertions regarding risks of harassment and financial harm are insufficient for the Court to depart from controlling Fifth Circuit precedent that these documents should be public. *Le*, 990 F.3d at 417.

The balance of the public interest in the claims and facts underlying this case outweighs any interest the Defendants might have in confidentiality. This Court should accordingly unseal Plaintiffs' Memorandum and Appendix in their entirety.

## CONCLUSION

Based on the foregoing, Relator respectfully requests that this Court unseal Plaintiffs' Memorandum in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 391) and Appendix in Support of Texas's Motion for Summary Judgment and Relator's Motion for Partial Summary Judgment (Dkt. 390).

4

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens
Andrew B. Stephens
