IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 3 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-0022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Affiliate Defendants' Motion to File Under Seal the Unredacted Memorandum and Portion of Appendix in Support of Affiliate Defendants' Motion for Summary Judgment ("Motion") (ECF No. 384), filed on January 6, 2023. Having considered the Motion, the Court **GRANTS** the Motion.

### LEGAL STANDARD

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "The decision whether to allow public access to court records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (internal marks omitted). "[T]he default expectation is transparency — that what happens in the halls of government happens in public view." *Binh Hoa Le*, 990 F.3d at 417. "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Id. at* 420. "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* Judges must "undertake

a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (internal marks omitted).

**ANALYSIS**

Relator's interest in maintaining anonymity favors nondisclosure. The unredacted memorandum contains protected identifying information about Relator. *See* ECF No. 12. The memorandum and appendix portion also includes excerpts and quotations from documents designated by parties as "Confidential Information" or "Confidential Attorneys' Eyes Only Information." *See* ECF No. 133. This includes excerpts from Relator's deposition, PPGC's settlement agreement with the Louisiana Department of Health, and other sensitive documents. In *Binh Hoa Le*, the Fifth Circuit was concerned that "3,202 of 4,391 pages" was hidden from public view at the summary judgment stage, "for no discernable reason other than both parties wanted it that way." 990 F.3d at 417. Here, Affiliate Defendant also filed a redacted version of the memorandum that contains modest redactions on only 5 out of 69 pages. *See generally* ECF No. 382. Similarly, Affiliate Defendants only wish to file roughly 6 percent of over 400 pages in their appendix under seal. For these reasons, the concerns raised by *Binh Hoa Le* are not implicated by the Motion. Accordingly, the Court **GRANTS** the Motion and directs the Clerk to file the unredacted memorandum and portions of the appendix under seal.

**SO ORDERED.**

February 23, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE