IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> PLANNED PARENTHOOD FEDERATION § <br> OF AMERICA, INC., *et al.*, § <br> § <br> Defendants. § | 2:21-CV-022-Z |

## ORDER

Before the Court is Defendants' Motion to Stay ("Motion") (ECF No. 422), filed on February 1, 2023. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

**BACKGROUND**

Relator Alex Doe alleges Defendants violated state and federal law by falsely certifying their compliance with Texas and Louisiana Medicaid rules and regulations, and by failing to repay the government millions of dollars of Medicaid funds that they knew or should have known they were obligated to repay. The Seventh Circuit has held that a defendant can avoid liability under the False Claims Act's ("FCA") scienter requirement of committing violations "knowingly" if: "(a) it has an *objectively* reasonable reading of the statute or regulation and (b) there was no authoritative guidance indicating that their practices are likely wrong." *U.S. ex rel. Schutte v. SuperValu Inc.*, 9 F.4th 455, 468 (7th Cir. 2021), *cert. granted sub nom. U.S. ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 644 (2023). The Supreme Court granted certiorari in consolidated cases *SuperValu* and *U.S. ex rel. Proctor v. Safeway, Inc.*, 30 F.4th 649, 659 (7th Cir. 2022), *cert. granted*, 143 S. Ct. 643 (2023).

The question before the Supreme Court is "[w]hether and when a defendant's contemporaneous subjective understanding or beliefs about the lawfulness of its conduct are relevant to whether it 'knowingly' violated the [FCA]." ECF No. 409. Affiliate Defendants cite *SuperValu* and *Safeway* in their motion for summary judgment to argue it was objectively reasonable to conclude they were entitled to keep Medicaid payments received during the pendency of a preliminary injunction later vacated. *See* ECF No. 382 at 43. This Court ordered Plaintiffs to submit a brief to explain whether Defendants are still liable under the FCA, assuming *arguendo* that *SuperValu* and *Safeway* are affirmed by the Supreme Court. ECF No. 409. Defendants now ask the Court for a stay until the Supreme Court decides those cases.

### LEGAL STANDARD

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. "Before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (internal marks omitted). "Thus, a stay must be so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.* (internal marks omitted).

ANALYSIS

A. Good Cause Exists to Stay This Case

The Court agrees that the Supreme Court's resolution of *SuperValu* and *Safeway* could bear on the outcome of this case. However the Supreme Court decides this issue, it will most likely provide valuable guidance for parties and the Court. Once those cases are decided, "this important case can be litigated without the risk of draining the parties' and the Court's resources, only to start over if legal contours change." *Nairne v. Ardoin*, No. CV 22-178-SDD-SDJ, 2022 WL 3756195, at *2 (M.D. La. Aug. 30, 2022). Defendants predict that the Supreme Court will decide *SuperValu* and *Safeway* in June. ECF No. 422 at 7. This would not be an "immoderate" or "indefinite" stay. *Wedgeworth*, 706 F.2d at 545. And the Court doubts that Plaintiffs will suffer significant prejudice from a modest stay that clarifies the FCA's scienter requirement. Accordingly, good cause exists to stay this case.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** that the case be stayed until the Supreme Court decides *SuperValu* and *Safeway*. Parties are further **ORDERED** to file separate briefs explaining the Supreme Court's decision on those consolidated cases within 3 calendar days of the decision.

SO ORDERED.

February 23, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE