# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**RELATOR'S MOTION TO LIFT STAY FOR THE LIMITED PURPOSE OF CONTINUING BRIEFING ON ALREADY-PENDING MOTIONS**

Relator respectfully requests that the Court partially lift the stay it entered on February 23, 2022 (Dkt. 442) for the limited purpose of allowing the parties to continue briefing on motions that were already pending and in the middle of briefing before the Court entered the stay.

## FACTUAL BACKGROUND

On February 1, 2023, during summary judgment briefing, Defendants filed a motion to stay the case pending the Supreme Court's resolution of *U.S. ex rel. Schutte v. SuperValu Inc.*, 9 F. 4th 455 (7th Cir. 2021), *cert granted sub nom. U.S. ex rel. Schutte v. SuperValu, Inc.*, 143 S. Ct. 644 (2023). Dkt. 422. The Court granted Defendants' motion for expedited briefing on February 2, Dkt. 424, and ordered Plaintiffs to file a response on February 14, Dkt. 427. On February 6, Relator filed a motion to unseal Plaintiffs' opposition to Defendants' summary judgment motions and supporting appendix. Dkt. 425. On February 17, Relator filed a motion to compel production of a document and an unopposed motion to expedite. Dkt. 433. The parties concluded summary judgment briefing on February 21. The Court granted the motion to stay two days later. Dkt. 442. Defendants subsequently filed notices stating that they would not respond to the pending motions because of the stay. Dkt. 447, 449. Defendants had previously agreed to file their response to the motion to compel by February 24. Dkt. 434. Defendants' response to Relator's motion to unseal was due by February 27 according to Local Rule 7.1(e).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

1

effort for itself, for counsel, and for litigants." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "In determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources." *Id.* (citing *Landis,* 299 U.S. at 254–55.

## ARGUMENT

The Court previously granted a stay while noting that the Court "doubts that Plaintiffs will suffer significant prejudice" because the Supreme Court will decide *SuperValu* in June. Dkt. 442 at 3. But the fact that motions other than the summary-judgment motions were in the middle of briefing was not a factor in the Court's analysis. Respectfully, it is highly prejudicial to Relator, and against Relator's interests, *see Greco*, 116 F. Supp. 3d at 761, if the Court also stays briefing on already-pending motions which have nothing to do with the resolution of *SuperValu*. The result is that Defendants now get a months-long extension to respond to the motion to compel, which they previously agreed to respond to on an expedited basis. That is unfair to Relator and provides Defendants an unwarranted advantage. Similarly, Defendants now get a months-long extension to respond to Relator's motion to unseal. It is also worth noting that because of the previous schedule, these motions were filed by Relator during the crush of summary-judgment briefing, making long extensions allowing Defendants to file a leisurely response particularly unjust. Relator is already prejudiced by Defendants' failure to file timely responses to these motions.

Conversely, it causes no prejudice whatsoever to Defendants if they are required to respond to these motions (as they agreed to do by February 24 in the case

of the motion to compel, *see* Dkt. 434, and by February 27 per Local Rule 7.1(e) in the case of the motion to unseal). Given the stay, Relator is not asserting that the Court must *decide* these motions right away, so continued briefing will therefore not impact "judicial resources." *Greco*, 116 F. Supp. 3d at 761. But because briefing is already in progress, there *is* a need to finish it according to the schedule already established to prevent further prejudice to Relator. Moreover, if the Court requires briefing on these pending motions to continue, it will serve the interests of "economy, time, and effort" because the Court will have all motions relevant to summary judgment[1] fully briefed and ripe for decision once the *SuperValu* opinion is announced and the parties file their responding briefs. *Id.*

If the Court grants this motion, Relator proposes that the Court give Defendants one day to file their response to that motion because the stay was issued the day before Defendants' response to the motion to compel was due. Relator will file any reply within three days, the previously agreed time period. *See* Dkt. 434. And because the stay was issued four days before Defendants' response to the motion to unseal was due, Relator proposes that the Court give Defendants four days to file their response. Relator will file any reply brief in accordance with Local Rule 7.1(f).

---

[1] Relator also intends to file a motion to unseal Plaintiffs' Reply Brief and appendix (Dkt. 440, 441), but out of respect for the Court's stay, Relator will refrain from doing so until after the stay is lifted, unless the Court prefers that motion be fully briefed during the stay as well.

## CONCLUSION

Relator respectfully requests that the Court order Defendants to respond to the Motion to Compel (Dkt. 433) and the Motion to Unseal (Dkt. 425).

    Respectfully submitted.

    /s/ Heather Gebelin Hacker
    Heather Gebelin Hacker
    Texas Bar No. 24103325
    Andrew B. Stephens
    Texas Bar No. 24079396
    HACKER STEPHENS LLP
    108 Wild Basin Road South, Suite 250
    Austin, Texas 78746
    (512) 399-3022
    heather@hackerstephens.com
    andrew@hackerstephens.com

    ***Attorneys For Relator***

## CERTIFICATE OF CONFERENCE

On February 28 and March 1, 2023, in accordance with Local Rule 7.1(b), the undersigned certifies that Relator's counsel conferred with counsel for Defendants and for Texas regarding the relief requested in this motion. Counsel for Defendants are opposed. Texas is unopposed.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
