IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | No. 2:21-cv-022-Z<br><br>Date:    March 10, 2023 |

## DEFENDANTS' OPPOSITION TO RELATOR'S MOTION TO PARTIALLY LIFT STAY

Relator seeks to "partially lift" the stay this Court entered on February 23, 2023 pending the Supreme Court's decision in *United States ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 644 (2023) (granting cert.). *See* ECF No. 446; ECF No. 450 at 2. Defendants oppose this motion because lifting the stay would consume judicial and party resources for no practical purpose. And Relator has unreasonably proposed a one-sided arrangement that would allow continued briefing of Plaintiffs' pending motions but would deprive Defendants of the ability to resolve Texas's compliance with the Court's January 17, 2023 order compelling Texas to revise its privilege logs and produce responsive, redacted documents. ECF No. 408.

Relator—but not Texas—asks the Court to partially lift the stay to allow continued briefing on Relator's Motion to Unseal Plaintiffs' Response to Defendants' Motions for Summary Judgment and Supplemental Appendix, ECF No. 425, and Relator's Motion to Compel Production of Document on Defendants' Privilege Log, ECF No. 433. In an attempt to avoid burdening the Court with motion practice regarding the scope of the stay, Defendants offered to accommodate Relator and seek joint relief on Relator's request if Plaintiffs would (1) commit to continue meeting and conferring regarding compliance with the Court's January 17, 2023 order, ECF No. 408, and (2) consistent with Defendants' stay motion,[1] permit Defendants and Texas to brief any necessary motion related to compliance with that order. *See* Ashby Decl. ¶ 5. Relator rejected this proposal, *id.* ¶ 6, insisting on an arrangement in which only Relator—but not Defendants—could seek the Court's assistance on issues that were open when the Court stayed the case.

---

[1] When Defendants filed their motion to stay, they requested that "the Court require that Texas comply in the meantime with the Court's January 17, 2023 Order, Dkt. 408." ECF No. 422 at 7 n.4. Defendants thus sought agreement with Plaintiffs on a proposal specifically contemplated by the Defendants' stay request. In contrast, Relator's opposition to the stay request said nothing at all about any potential prejudice related to the then-pending motions to unseal and to compel.

Relator argues that lifting the stay to conclude briefing on Relator's pending motions will "serve the interests of 'economy, time, and effort' because the Court will have all motions relevant to summary judgment fully briefed and ripe for decision once the *SuperValu* opinion is announced and the parties file their responding briefs." ECF No. 450 at 4. This is incorrect. First, the Court has already received all briefing necessary to rule on summary judgment, save for the parties' briefs addressing any effect of the yet-to-be-issued *SuperValu* decision. Defendants will be ready to complete briefing on Relator's pending motions as soon as the stay is lifted, giving the Court plenty of time to decide those motions alongside the summary-judgment motions, especially if the Court sets a new date for oral argument on the latter. Second, Relator is the one who may prolong resolution of summary-judgment-related issues by filing yet another motion to unseal Plaintiffs' summary-judgment reply brief and corresponding appendix after the stay is lifted. *Id.* at 4 n.1. As Relator concedes, the Court need not resolve Relator's pending motions until after the stay is lifted. *Id.* at 4. But Relator fails to acknowledge that resolving the motion to unseal while the stay is pending would be a particular waste of the Court's time because Relator intends to file another motion on essentially the same issue after the stay is lifted.

Relator is not prejudiced by the stay. Relator's argument that Relator will suffer prejudice should Defendants receive a "months-long extension" to respond to the motion to unseal and motion to compel—especially since Relator filed these motions "during the crush of summary-judgment briefing"—makes no sense. ECF No. 450 at 3. Relator chose to file these motions concurrently with summary-judgment briefing. It is unclear why the overlap with that briefing should affect the prejudice inquiry on this motion. And in any case, Relator's pending motions are not complicated strategic matters for which Defendants would somehow benefit from months of extra time to formulate a response.

The question here is whether lifting the stay to complete briefing of these motions is a worthwhile use of the Court's and the parties' resources while the case is otherwise stayed. Given the absence of any prejudice from pausing briefing on Relator's pending motions until after *SuperValu* is decided, and the fact that Relator already plans to file an additional related motion once the stay is lifted, Defendants submit that it is not.[2]

For the foregoing reasons, Defendants respectfully request that the Court deny Relator's motion to partially lift the stay.

Dated:  March 10, 2023

Respectfully submitted,

O'MELVENY & MYERS LLP

By:   */s/ Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com

---

[2] If the Court is inclined to partially lift the stay as Relator requests, Defendants respectfully request that the Court also order Plaintiffs to continue meeting and conferring with Defendants regarding compliance with the Court's January 17, 2023 order, and to permit Defendants and Texas to brief any necessary motion related to compliance with that order.

1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Paula Ramer*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
EMILY REEDER-RICHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York, New York
10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby

5