IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**REPLY IN SUPPORT OF RELATOR'S MOTION TO LIFT STAY FOR THE LIMITED PURPOSE OF CONTINUING BRIEFING ON ALREADY-PENDING MOTIONS**

Defendants' response (Dkt. 452) includes no showing of any prejudice to them if the Court grants the instant motion (Dkt. 450). Nor does it acknowledge that it requires no extra judicial resources to allow the parties to continue briefing the two motions that were already pending when the Court granted Defendants' motion to stay. Relator is not requesting that the Court *decide* the pending motions, as Relator already stated. Dkt. 450 at 3. Defendants' only objection, as they admit, is that Relator declined to agree to also ask the Court to lift the stay for the purpose of allowing Defendants to continue attempting to obtain documents from Texas's privilege log, an issue for which there is no already-pending motion. As Relator's counsel stated, *see* Ex. A, that places the issue outside the very narrow scope of relief that Relator was requesting only because of the prejudice suffered by Relator in that Defendants have now received months-long extensions on their responses to Relator's motions. Defendants cannot similarly claim prejudice because they cannot continue their dispute with Texas, as Defendants were the ones that requested the stay, Dkt. 422, and they did so ostensibly because of *U.S. ex rel. Schutte v. SuperValu Inc.*, 9 F. 4th 455 (7th Cir. 2021), *cert granted sub nom. U.S. ex rel. Schutte v. SuperValu, Inc.*, 143 S. Ct. 644 (2023), not to give Defendants more time to dispute Texas's privilege log. Thus, what Defendants wanted was for Relator to agree to file an entirely different motion for different reasons. And ironically, Defendants' request *would* consume the resources of the parties (Texas and Defendants) and the Court (because the Court would have to decide a motion to compel or to show cause).

1

Defendants cannot reasonably dispute the prejudice to Relator. If a party receives months to file a response to a motion instead of days, that is obviously prejudicial to the other party. And Defendants have no legitimate reason to oppose this motion, which is evident from their apparent initial agreement until they sensed an opportunity to use Relator's narrow request to their advantage. *See* Ex. A.

## CONCLUSION

Relator respectfully requests the Court grant the motion and order Defendants to file a response to Relator's Motion to Compel (Dkt. 433) within one day and a response to the motion to unseal (Dkt. 425) within four days of the Court's order.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys For Relator*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
