# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>    Defendants. | No. 2:21-cv-022-Z<br><br>Date:   June 20, 2023 |

**OPPOSITION IN PART TO RELATOR'S MOTION TO UNSEAL PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND SUPPLEMENTAL APPENDIX**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1
LEGAL STANDARD....................................................................................................... 2
ARGUMENT.................................................................................................................... 4
    I.    The Court Should Deny the Motion to Unseal Documents Plaintiffs Did Not Cite.
................................................................................................................................ 4
    II.    The Confidential Cited Materials Should—Mostly—Remain Sealed................... 5
    A.    Valid Reasons Exist for Sealing Three Documents in Part. .................................. 6
    B.    Valid Reasons Exist for Retaining Two Documents Completely Under Seal........ 8
CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Airboss Rubber Compounding (NC), Inc. v. Kardoes Rubber Co.*,
  2013 WL 12380267 (M.D.N.C. July 23, 2013) ........................................................................... 5

*Apple Inc. v. Samsung Elec. Co., Ltd.*,
  727 F. 3d 1214 (Fed. Cir. 2013) ......................................................................................... 6, 10

*Arnold v. Bayview Loan Servicing, LLC*,
  2016 WL 375154 (S.D. Ala. Jan. 29, 2016), *aff'd,* 659 F. App'x 568 (11th Cir. 2016) ............ 6

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) ................................................................................................. 2, 3

*Carter v. Sw. Airlines Co.*,
  2022 WL 283025 (N.D. Tex. Jan. 31, 2022) ............................................................................ 5

*Chavez v. Standard Ins. Co.*,
  2020 WL 6382611 (N.D. Tex. Oct. 30, 2020) ......................................................................... 3

*City of Greenville v. Syngenta Crop Protection, LLC*,
  764 F.3d 695 (7th Cir. 2014) ............................................................................................. 2, 5

*Cole v. Janssen Pharms., Inc.*,
  2017 WL 2929523 (E.D. Wisc. July 10, 2017) ........................................................................ 7

*Collado v. City of New York*,
  193 F. Supp. 3d 286 (S.D.N.Y. 2016) ..................................................................................... 7

*Conn Credit I, LP v. TF LoanCo III, LLC*,
  2016 WL 8231153 (E.D. Tex. May 9, 2016) ......................................................................... 10

*Decapolis Grp., LLC v. Mangesh Energy, Ltd.*,
  2014 WL 702000 (N.D. Tex. Feb. 24, 2014) ......................................................................... 10

*Dethrow v. Parkland Health Hosp. Sys.*,
  204 F.R.D. 102 (N.D. Tex. 2001) ............................................................................................ 1

*Fidelity Nat'l Financial, Inc. v. Attachmate Corp.*,
  2016 WL 9526337 (M.D. Fla. Nov. 7, 2016) .......................................................................... 3

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*,
  2019 WL 13159728 (W.D. Tex. Dec. 4, 2019) ....................................................................... 3

*Ho v. Blue Mountain Mech., Inc.*,
  2020 WL 1866427 (D. Haw. Apr. 14, 2020) ....................................................................... 7, 8

*In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*,
  9 F.4th 768 (8th Cir. 2021) ................................................................................................... 10

*In re Elec. Arts, Inc.*,
  298 Fed. App'x. 568 (9th Cir. 2008) ....................................................................................... 9

*In re Pol'y Mgmt. Sys.*,
  67 F.3d 296 (4th Cir. 1995) .................................................................................................... 3

## TABLE OF AUTHORITIES

**Page(s)**

*June Med. Servs., L.L.C. v. Phillips*
  22 F.4th 512 (5th Cir. 2022) .................................................................................. 2, 3, 4, 5

*Lima v. Wagner*,
  2018 WL 11198080 (S.D. Tex. Oct. 24, 2018) ................................................................ 6

*Loc. 640 Trustees of IBEW & Ariz. Chapter NECA Health & Welfare Tr. Fund v. Cigna Health & Life Ins. Co.*,
  2020 WL 6273409 (D. Ariz. Oct. 26, 2020) .................................................................... 6

*N.H. Right to Life v. Dep't of Health & Hum. Servs.*,
  976 F. Supp. 2d 43 (D.N.H. 2013), *aff'd sub nom. N.H. Right to Life v. U.S. Dep't of Health & Hum. Servs.*, 778 F.3d 43 (1st Cir. 2015) ........................................................... 6, 7, 9

*Neon Enter. Software, LLC v. Internat'l Bus. Machs. Corp.*,
  2011 WL 2964796 (W.D. Tex. July 20, 2011) ................................................................ 6

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ......................................................................................................... 3

*NML Cap. Ltd. v. Repub. of Argentina*,
  2015 WL 727924 (D. Nev. Feb. 19, 2015) .................................................................. 7, 8

*Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*,
  2022 WL 3566939 (S.D. Tex. Aug. 18, 2022) ............................................................ 3, 10

*Robles v. Eminent Med. Ctr., LLC*,
  2022 WL 3081827 (N.D. Tex. Aug. 3, 2022) .................................................................. 1

*S.E.C. v. Van Waeyenberghe*,
  990 F.2d 845 (5th Cir. 1993) ....................................................................................... 3, 5

*Seaman v. Duke Univ.*,
  2018 WL 10446957 (M.D.N.C. June 6, 2018) ................................................................ 5

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984) ........................................................................................................... 5

*Spectrum Pharms., Inc. v. Sandoz Inc.*,
  2014 WL 4104037 (D. Nev. Aug. 19, 2014) .................................................................... 6

*Stone v. U.S. Sec. Assocs., Inc.*,
  2018 WL 11344317 (N.D. Ga. May 31, 2018) ................................................................ 5

*Szany v. City of Hammond*,
  2019 WL 3812492 (N.D. Ind. Aug. 14, 2019) ................................................................. 2

*United States v Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ............................................................................................ 8

*United States v. Sealed Search Warrants*,
  868 F.3d 385 (5th Cir. 2017) ........................................................................................... 2

*Vantage Health Plan, Inc. v. Willis Knighton Medical Ctr.*,
  913 F.3d 443 (5th Cir. 2019) ........................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

*Wilkins v. Overall*,
  2021 WL 824954 (S.D. Ill. Mar. 4, 2021) .................................................................................. 9

**Regulations**

Loc. R. 5.2(d) ................................................................................................................................ 4

**INTRODUCTION**[1]

Relator seeks to unseal Plaintiffs' Response to Defendants' Motions for Summary Judgment ("Response") and a bloated Supplemental Appendix, more than three-quarters of which Plaintiffs *never cited*. The instant unsealing motion (ECF No. 425) is substantially identical to one Relator previously filed (ECF No. 410). Defendants do not oppose unsealing the Response (ECF No. 415), but for all the reasons Defendants detailed in their opposition to Relator's first motion,[2] the Court should reject this second attempt to publish confidential documents in circumvention of the Protective Order.

Along with their Response, Plaintiffs filed an excessively broad ***1,490-page*** Supplemental Appendix that contains 77 documents—63 of which Plaintiffs included even though they were never cited in their opposition, *see* **Exhibit A**. Just because Plaintiffs chose to include an uncited document in an Appendix does not magically make the document "part of the summary judgment record." *Cf.* ECF No. 442 at 1. The Court should categorically reject Relator's attempts to—again—unseal dozens of extraneous documents that do not constitute "judicial records"[3] and were filed in violation of this Court's Local Rules.[4] *See City of Greenville v. Syngenta Crop Protection,*

---

[1] Defendants' opposition was originally due on February 27, 2023. The Court stayed the case on February 23, 2023 (ECF No. 446) and subsequently directed the administrative stay be lifted the stay on June 16, 2023 (ECF No. 458).
[2] Defendants hereby incorporate and adopt their arguments from that opposition. ECF No. 426.
[3] To be clear, the 45 uncited documents designated AEO or Confidential by Defendants should also remain sealed because each has independent reasons for being so designated and unsealing them would cause substantial harm to Defendants and third parties. *See generally* ECF No. 426-4 ¶ 4; ECF No. 426-3 ¶¶ 5-6, 8; ECF No. 426-2 ¶¶ 5-6, 8; ECF No. 426-1 ¶¶ 5, 7-8.
[4] In reply to their first unsealing motion, ECF No. 442, Relator contends that "nearly every document in the Appendix is cited in one or more of the summary judgment briefs Plaintiffs have filed in this case." *Id.* at 2. That is not true. Over 75 documents in Plaintiffs' Appendix and Supplemental Appendix have *never* been cited (including the full deposition transcript of Ronda Exnicious), and 125 other documents were cited for the first time on Reply (filed *after* Defendants argued in their response to Relator's first motion to unseal that uncited documents should not be unsealed, ECF No. 426 at 7-12), in violation of the Local Rules. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (declining to consider any evidence cited for the first time in a reply brief); *Robles v. Eminent Med. Ctr., LLC*, 2022 WL 3081827, at *9 (N.D. Tex. Aug. 3, 2022) (declining to consider movant's new arguments or new evidence on reply; "it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence"). Relator has moved to unseal their Reply and Second Supplemental Appendix in support of their Motion for Summary Judgment (ECF No. 459). Defendants oppose this motion and will address the propriety of unsealing documents in

1

*LLC*, 764 F.3d 695, 697-98 (7th Cir. 2014); *Szany v. City of Hammond*, 2019 WL 3812492, at *4 (N.D. Ind. Aug. 14, 2019).

As for the 14 documents that Plaintiffs *did* cite, seven have no confidentiality designations. Plaintiffs should never have filed these seven documents under seal in the first place, and Defendants do not object to those documents being unsealed now.[5] Defendants have analyzed the seven cited documents that Defendants designated Confidential or Attorney's Eyes Only ("AEO")—three from PPFA and four from the Affiliate Defendants—to determine whether unsealing those documents would create harm that outweighs the public's general right of access. Based on that review, Defendants (i) do not oppose unsealing Appx.006437-6438 and Appx.006322-6402; (ii) do not oppose partially unsealing Appx.006296-6300, Appx.006447-6499, and Appx. 006504; and (iii) oppose unsealing the two remaining documents: Appx.007338-7771 and Appx. 006301-6308. *See* **Exhibit B**.

## LEGAL STANDARD

Whether materials should be unsealed is a two-step inquiry. First, the Court must determine whether the material is a "judicial record" to which the public may have a right of access. *United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). Only documents that would reasonably tend to influence a district court's ruling constitute "judicial records" to which the public-access right applies. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Materials that are merely filed with the court, but do not affect judicial decision making, are not "judicial records"

---

any of Plaintiffs' appendices that are cited *only* in Plaintiffs' Reply in their opposition to ECF No. 459. Additionally, one undesignated document in Plaintiffs' Supplemental Appendix, Appx.6506, is *only* cited in Plaintiffs' Reply and includes unredacted attorney-client privileged information that has been clawed back. The uncited, unredacted attorney-client privileged information should not be unsealed. Affiliate Defendants will provide the Court with an appropriately redacted version of the document in their Opposition to Relator's Motion to Unseal their Reply and Second Supplemental Appendix.
[5] Appx.006309-6312, Appx.006403-6406, Appx.006413-6418, Appx.007329-7337.

2

to which the public has a right of access. *Id.*; *In re Pol'y Mgmt. Sys.*, 67 F.3d 296, at *4 (4th Cir. 1995); *see also Fidelity Nat'l Financial, Inc. v. Attachmate Corp.*, 2016 WL 9526337, at *1 (M.D. Fla. Nov. 7, 2016).

If the material constitutes a true "judicial record," then the court "must undertake a document-by-document, line-by-line balancing of the public's . . . right of access" to that material "against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (internal quotations omitted); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). While the public has a common-law right to inspect "judicial records," the Supreme Court has long recognized that such a right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Rather, it is a qualified right that must yield when, for example, a party seeks to use court filings to release "sources of business information that might harm a litigant's competitive standing." *Id.* Although "other circuits have held that the [public access] presumption is 'strong,'" the Fifth Circuit has "repeatedly refused to so characterize the public access presumption." *Vantage Health Plan, Inc. v. Willis Knighton Medical Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). "Rather, in this circuit the decision to seal or unseal records is to be analyzed on a case-by-case basis." *Id.* Consistent with *Nixon*, courts in this circuit have applied a balancing test to seal judicial records to prevent the disclosure of confidential business information, protect the privacy interests of non-parties, and otherwise prevent "court files [from] becom[ing] a vehicle for improper purposes." *Chavez v. Standard Ins. Co.*, 2020 WL 6382611, at *1 (N.D. Tex. Oct. 30, 2020) (cleaned up); *see Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 2022 WL 3566939, at *7 (S.D. Tex. Aug. 18, 2022); *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 2019 WL 13159728, at *2 (W.D. Tex. Dec. 4, 2019).

**ARGUMENT**

Plaintiffs' Supplemental Appendix contains 52 of Defendants' Confidential or AEO documents, more than 85% of which Plaintiffs did not cite or rely on in their Response. Relator now seeks to unseal that Supplemental Appendix in its entirety—not to advance the interests served by the public-access doctrine, *June Med. Servs*, 22 F.4th at 519, but to circumvent the Protective Order[6] and publicize Defendants' confidential documents. The Court should categorically deny Relator's Motion as to all 63 documents that Plaintiffs never cited in their response and filed without any proper purpose. *See* Loc. R. 5.2(d) ("[w]hen discovery materials are necessary for consideration of a pretrial motion, a party shall file *only the portions of discovery on which that party relies* to support or oppose the motion") (emphasis added); *infra* Section I. In addition, the Court should maintain under seal those materials identified in Section II that, if publicly disclosed, would competitively harm Defendants and non-parties to this litigation—especially given much of it is not relevant to the issues presented to the Court anyway. *See infra* Section II.

**I.    The Court Should Deny the Motion to Unseal Documents Plaintiffs Did Not Cite.**

The Court should categorically deny Relator's motion to unseal the 63 documents in the Supplemental Appendix that Plaintiffs did not rely on in their Response. As Defendants explained at length in their Opposition to Relator's first motion, the filing of documents that are not relied upon is a violation of the Local Rules, *see* ECF No. 426 at 6, 9, and in any case such documents do not constitute "judicial records" to which public-access principles apply, *see id*. at 3, 7-12.[7]

---

[6] Although Relator once again claims that it was not possible to challenge "every document that was improperly designated by Defendants," ECF No. 425 at 1, n.1, Relator (again) does not explain why they did not (or purportedly could not) challenge the designations for *the seven cited documents*, consistent with this Court's prior Order, if they believed they had been mis-designated. *See* ECF No. 214 at 10 ("Relator must target specific documents when making [designation] objections").

[7] Relator does not even try to argue that their inclusion of uncited documents in their appendices is consistent with the Court's local rules. *See* ECF No. 442 at 1-2 (arguing instead without support that documents in appendices "are part

Unsealing those 63 documents would not shed any light on the functioning of the Court or the basis of any decision in this case and thus would not advance any goal served by the public-access doctrine.  *See Van Waeyenberghe*, 990 F.2d at 849; *see also Carter v. Sw. Airlines Co.*, 2022 WL 283025, at *2 (N.D. Tex. Jan. 31, 2022); *Stone v. U.S. Sec. Assocs., Inc.*, 2018 WL 11344317, at *2 (N.D. Ga. May 31, 2018); *Airboss Rubber Compounding (NC), Inc. v. Kardoes Rubber Co.*, 2013 WL 12380267, at *1 (M.D.N.C. July 23, 2013).  To the contrary, ascribing any public-access principles to those documents would "eviscerate" and render "toothless" the Supreme Court's holding in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), that confidential discovery materials "were not open to the public at common law, […] and, in general, they are conducted in private as a matter of modern practice."  *City of Greenville*, 764 F.3d at 697-98 (citing *Seattle Times*, 467 U.S. at 33).  Accordingly, the Court should deny Relator's motion to unseal the 63 documents that Plaintiffs never should have filed in their Supplemental Appendix.  *See Seaman v. Duke Univ.*, 2018 WL 10446957, at *2 n.2 (M.D.N.C. June 6, 2018).

**II.    The Confidential Cited Materials Should—Mostly—Remain Sealed.**

As for the seven Confidential or AEO documents in Plaintiffs' Supplemental Appendix that Plaintiffs *did* cite in their Response, Defendants:  (1) do not oppose unsealing Appx.006437-6438 and Appx.006322-6402; (ii) do not oppose partially unsealing Appx.006296-6300, Appx.006447-6499, and Appx. 006504; and (iii) oppose unsealing Appx.007338-7771 and Appx. 006301-6308.  As further explained below, the limited materials Defendants seek to maintain under seal are consistent with the Fifth Circuit's "line-by-line" balancing test, *June Med. Servs.*, 22 F.4th at 521, and those grounds that courts have relied upon as favoring nondisclosure, particularly when, as here, the materials are largely irrelevant to the Court's adjudication of the

---

of the summary judgment record").  In any event, Relator's statement that "nearly every document in the Appendix is cited in one or more of the summary judgment briefs Plaintiffs have filed," *id.*, is untrue.  *See supra* note 3.

motions, *see Neon Enter. Software, LLC v. Internat'l Bus. Machs. Corp.*, 2011 WL 2964796, at *1 (W.D. Tex. July 20, 2011); *Lima v. Wagner*, 2018 WL 11198080, at *3 (S.D. Tex. Oct. 24, 2018).[8]

### A.   Valid Reasons Exist for Sealing Three Documents in Part.

<u>Training Slide Deck (Appx.006447-6499)</u>.  Although PPFA does not object to unsealing the two pages that Plaintiffs cite from this 52-page document (Appx.006482-6483), the remaining pages (Appx.006447-6481, Appx.006484-6499) should remain under seal because they include confidential information concerning non-public and proprietary PPFA training materials that are irrelevant to this litigation.  *See* Declaration of Kim Custer ("Custer Decl.") ¶ 5; *Arnold v. Bayview Loan Servicing, LLC*, 2016 WL 375154, at *2-3 (S.D. Ala. Jan. 29, 2016), *aff'd*, 659 F. App'x 568 (11th Cir. 2016) (granting company's motion to seal its internal compliance policy and related training material to "protect the commercially sensitive information from disclosure").  PPFA has expended considerable time and resources developing and refining these training materials which are made available only to its affiliates as a membership benefit.  *See* Custer Decl. ¶ 5.  Unsealing the entire slide deck to make it available to the public would cause competitive harm to PPFA by diminishing the value of PPFA membership and its attendant benefits.  *Id.*  Those pages not relied upon by Plaintiffs should therefore remain under seal because, on balance, even a "small risk" of disclosure of sensitive information is "unwarranted" when the information sought to be sealed is

---

[8] Contrary to Relator's assertion in their Reply to the first motion, ECF No. 442 at 2, Defendants do not rely on the Protective Order to justify sealing judicial records.  Rather, Defendants conducted an independent assessment of the documents and have substantiated why, on balance, interests favoring non-disclosure outweigh any public interest in the information that Defendants contend should remain under seal.  These are not conclusory statements, but rather showings that are consistent with those that courts have found sufficient in other cases.  *See N.H. Right to Life v. Dep't of Health & Hum. Servs.*, 976 F. Supp. 2d 43, 56 (D.N.H. 2013), *aff'd sub nom. N.H. Right to Life v. U.S. Dep't of Health & Hum. Servs.*, 778 F.3d 43 (1st Cir. 2015); *Apple Inc. v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013); *Spectrum Pharms., Inc. v. Sandoz Inc.*, 2014 WL 4104037, at *2-3 (D. Nev. Aug. 19, 2014); *Loc. 640 Trustees of IBEW & Ariz. Chapter NECA Health & Welfare Tr. Fund v. Cigna Health & Life Ins. Co.*, 2020 WL 6273409, at *2 (D. Ariz. Oct. 26, 2020).  By contrast, Relator's Reply is noticeably silent regarding what, if any, interest the public has in thousands of pages of materials that are irrelevant to the merits of this litigation and thus wholly fails to engage with the Fifth Circuit's balancing analysis.

irrelevant. *Collado v. City of New York*, 193 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2016) (granting request to seal because presumption of public access had "scant weight" with respect to irrelevant information); *see also, e.g.*, *Cole v. Janssen Pharms., Inc.*, 2017 WL 2929523, at *3 (E.D. Wisc. July 10, 2017) (sealing voluminous and detailed medical records except as to those portions relevant to party's claim cited by the parties or the court).

<u>January 4, 2021 Email (Appx.006296-6300)</u>. The Court should maintain under seal the personal contact information (direct line and cell phone numbers) that appears on Appx.006296-6299 because it is private information of two non-parties to this litigation, irrelevant to any issue in this case, and, if released, would place those individuals at risk of harassment or personal harm. *See, e.g.*, *Ho v. Blue Mountain Mech., Inc.*, 2020 WL 1866427, at *3 (D. Haw. Apr. 14, 2020); *NML Cap. Ltd. v. Repub. of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015). While Relator identifies no grounds that justify unsealing on public-access grounds and deems the associated risks with doing so "speculative," ECF No. 442 at 4, other courts have recognized that personal contact information "falls under the penumbra of Rule 5.2 because it raises the 'privacy and security concerns' Rule 5.2 protects," and redacting such "information from the public record will not infringe the quality or integrity of the judicial process, which the public right of access protects, because the information is irrelevant to the merits." *NML Cap. Ltd.*, 2015 WL 727924, at *5. Accordingly, PPFA does not oppose unsealing the rest of the document, but the personal contact information should be redacted to protect the privacy and security of those non-parties, which unquestionably outweighs any public interest (or lack thereof) in that information.[9]

---

[9] Courts have similarly rejected attempts by parties to obtain the names and phone numbers of Planned Parenthood employees under FOIA, finding that releasing such information "would constitute a clearly unwarranted invasion of their personal privacy" that outweighs the public interest in such information. *See N.H. Right to Life*, 976 F. Supp. 2d at 63-64 ("Right to Life does not identify, and the court cannot conceive of, any public interest in that kind of information").

7

March 13, 2021 Email (Appx.006504). Consistent with the protective order (ECF No. 133 ¶ 2), the Court should maintain under seal the names of the three non-publicly identified PPGT employees that appear in Appx.006504, because they are not relevant to any issue in this case. If the document were released, it would place those individuals at risk of harassment or personal harm. *See, e.g.*, *United States v Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (citation omitted); *Ho*, 2020 WL 1866427, at *3; *NML Cap. Ltd.*, 2015 WL 727924, at *5; *see also* Declaration of Sheila McKinney ("McKinney Decl.") ¶ 5, ECF No. 426-2. PPGT does not object to unsealing the rest of this document, provided this information is redacted.[10]

### B.  Valid Reasons Exist for Retaining Two Documents Completely Under Seal.

PPFA's Medical Standards & Guidelines (Appx. 7338-7771). PPFA's Medical Standards & Guidelines ("MS&Gs") is a 433-page document that includes detailed, proprietary, trade-secret information that provides a model for operating a family-planning clinic and for providing services consistent with Planned Parenthood's unique model of evidence-based care. The MS&Gs provide significant detail regarding clinical and operational protocols and procedures, as well as safety and clinic standards and guidelines. They have been developed over 40 years by PPFA through ongoing monitoring of the professional literature, evaluations of clinical experiences across the country, and regular consultations with national medical experts. *See* Custer Decl. ¶ 6. They reflect Planned Parenthood's unique distillation of constantly evolving medical standards and protocols developed from affiliates' nationwide clinical experiences and ongoing monitoring of evidence-based medical developments. These standards and guidelines are the foundational

---

[10] Affiliate Defendants will provide the names of non-publicly identified employees to the Court *in camera* if requested.

8

documents by which all Planned Parenthood affiliates across the country provide consistent, high-quality medical care and thus represent the Planned Parenthood brand and mark.

PPFA has taken considerable efforts to maintain the secrecy of the MS&Gs, including with a written policy prohibiting their reproduction, reprinting, and distribution, and it expects all affiliates to treat the material as proprietary and highly confidential. *See* Custer Decl. ¶ 6. Publicly releasing the MS&Gs would not only diminish the value of PPFA membership, but also allow other health care providers to copy and use the MS&Gs to compete with Planned Parenthood affiliates across the country for patients, funding, staff, and clinical providers, *see id.*, which, as other courts have recognized, "would likely cause substantial harm to the competitive position of Planned Parenthood," *see N.H. Right to Life*, 976 F. Supp. 2d at 56 (denying FOIA request for the Medical Standards and Guidelines because a release "would likely cause substantial harm to the competitive position of Planned Parenthood").

The MS&Gs should remain under seal for that reason alone, particularly where, as here, the specific information contained therein is irrelevant to any issue in this litigation. *See In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569-70 (9th Cir. 2008) (district court should have sealed trial exhibit with pricing terms, royalty rates, and minimum payment terms that constituted "trade secret" information). Plaintiffs cite this voluminous document only to support the generalized statement that "[PPFA] also developed and enforced Medical Standards and Guidelines." ECF No. 415 at 60. Because Plaintiffs do not rely on any particular information in the MS&Gs, the document does not fall within the public-access presumption. At minimum, the public interest in the MS&Gs is extremely low when balanced against the interests that strongly weigh against disclosure of such sensitive information. *See Wilkins v. Overall*, 2021 WL 824954, at *3 (S.D. Ill. Mar. 4, 2021) (sealing medical guidelines except for two specific pages referenced in plaintiff's

9

dispositive motion); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) ("Where testimony or documents play only a negligible role in the performance of Article III duties . . . the weight of the [public-access] presumption is low") (citation omitted).

PPGC January 30, 2021 Board of Directors Minutes (Appx.006301-6308).  The Court should allow the entirety of the document to remain under seal.  These minutes include highly sensitive business and financial information, which constitute trade secrets that are unrelated to the issues in this litigation, *see* ECF No. 157-4 at 4-8.  Such documents are regularly sealed by courts.  *See, e.g.*, *Apple Inc.*, 727 F. 3d at 1226, 1228 (district court should have sealed Apple's and Samsung's detailed financial information and Apple's market research reports); *Occidental Petroleum Corp.*, 2022 WL 3566939, at *7 ("Courts in this circuit have sealed documents to prevent the disclosure of confidential business information"); *Conn Credit I, LP v. TF LoanCo III, LLC*, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (maintaining seal on documents containing "large amount of confidential business information"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014) (sealing documents that contained "sensitive information such as business strategies and the developmental progress of [the party's] oil and gas exploration").  Unsealing this information would cause financial and competitive harm to PPGC.  *See* Declaration of Melaney Linton ("Linton Decl.") ¶ 6.

## CONCLUSION

Defendants do not oppose unsealing Plaintiffs' Response or the undesignated documents that Plaintiffs cited and thus properly included in their Supplemental Appendix.  But Relator's motion to unseal Plaintiffs' Supplemental Appendix should be denied as to all the uncited materials in **Exhibit A** and the few cited, confidential documents discussed herein.  Relator can claim no legitimate public interest in the hundreds of pages of highly sensitive documents included in the

Supplemental Appendix—a fact Relator must concede because 63 of the 77 documents are cited nowhere in the Response. As to the limited universe of Defendants' documents that are actually cited in support of Plaintiffs' arguments, the Court should order a combination of redactions and continued sealing as reflected herein and in **Exhibit B**.

| | |
|---|---|
| Dated: June 20, 2023 | Respectfully submitted, |

O'MELVENY & MYERS LLP

By:   */s/ Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Tirzah S. Lollar*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
EMILY REEDER-RICHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York, New York 10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499


RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

*/s/ Danny S. Ashby*
Danny S. Ashby