**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br>　　　Plaintiffs,<br>v.<br><br>Planned Parenthood Federation of America, Inc.,<br>Planned Parenthood Gulf Coast, Inc., Planned<br>Parenthood of Greater Texas, Inc., Planned<br>Parenthood South Texas, Inc., Planned Parenthood<br>Cameron County, Inc., Planned Parenthood San<br>Antonio, Inc.,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:21-CV-<br>00022-Z<br><br>Date:　　June 20, 2023 |

**APPENDIX IN SUPPORT OF AFFILIATE DEFENDANTS' BRIEF**
<u>**IN OPPOSIITON TO RELATOR'S MOTION TO COMPEL**</u>

ARNOLD & PORTER KAYE SCHOLER LLP

Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

| EX. NO. | DOCUMENT NAME | APP. PAGE NO. |
|---------|---------------|---------------|
| 1 | Declaration of Caitlyn Silhan | App. 001 - App. 004 |
| 2 | Supplemental Declaration of Caitlyn Silhan | App. 005 - App. 006 |
| 3 | February 17, 2023 Email from Heather Hacker | App. 007 - App. 012 |
| 4 | Relator's July 13, 2022 Responses to PPGC First Requests for Production | App. 013- App. 042 |
| 5 | PPGT's June 27, 2022 Responses to Relator's First Request for Production | App. 043 - App. 057 |

# Exhibit 01

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

|  |  |  |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator, | § § § | |
| The State of Texas<br>*ex rel.* ALEX DOE, Relator, | § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |
| The State of Louisiana<br>*ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc., | § § § § § § § § | |
| Defendants. | § § | |

## <u>DECLARATION OF CAITLYN E. SILHAN</u>

I, Caitlyn E. Silhan, declare and state as follows:

1.  I am a partner at the law firm of Waters & Kraus, LLP. I make this declaration in support of Affiliate Defendants' Memorandum in Opposition to Relator's Memorandum in Support of State of Texas's Motion to Compel Production of Documents on Defendants' Privilege Log.

2.  Waters & Kraus has represented Planned Parenthood of Greater Texas, Inc. ("PPGT") and its related entities since August of 2021, when the firm was first retained in anticipation of litigation brought against PPGT under Texas Senate Bill 8 (2021) ("SB8"). The firm later agreed to represent PPGT and its related entities in, among other things, proactive litigation challenging SB8.

3. Waters & Kraus continues to serve as legal counsel to PPGT through the present day, providing PPGT with legal compliance services and advising on litigation strategy.

4. On September 2, 2021, Waters & Kraus, as counsel for Planned Parenthood of Greater Texas Surgical Health Services ("PPGTSHS"), along with the Kaplan Law Firm, PLLC and Planned Parenthood Federation of America ("PPFA") Litigation & Law counsel for PPGTSHS and other Texas Planned Parenthood affiliates, filed a legal challenge to SB8 in the 53rd District Court of Travis County, Texas, Cause No. D-1-GN-21-004632 ("SB8 state challenge"). At the time, PPGTSHS was a separate but related entity of PPGT that provided reproductive health services including abortion, miscarriage management, and contraception. PPGT appointed PPGTSHS's board members, and Ken Lambrecht served as president and CEO of both PPGT and PPGTSHS.

5. In September 2021, in addition to the SB8 state challenge, PPGTSHS was also a plaintiff in a federal challenge to SB8 ("SB8 federal challenge").[1] Jane's Due Process was one of PPGTSHS's co-plaintiffs in the SB8 federal challenge.

6. On September 15, 2021, Waters & Kraus withdrew as counsel of record for PPGTSHS in the SB8 state challenge. Waters & Kraus continued to advise PPGT and PPGTSHS on, among other things, SB8-related litigation and legal strategy after its withdrawal as counsel of record, including conferring with Litigation & Law counsel at PPFA about the SB8 challenges.

7. The email chain Bates-numbered PPGT-00015864-PPGT-00015871 is one in which Alexandra Albright, a board member of PPGT and attorney for other plaintiffs

---

[1] *Whole Woman's Health v. Jackson*, 13 F.4th 434 (5th Cir. 2021). Relator's counsel were also opposing counsel of record in the federal challenge.

challenging SB8 in Texas state court at the time,[2] copied her colleagues at Alexander, Dubose, & Jefferson; her co-counsel at Thompson Coburn; Susan Hays, an attorney and legal advisory board member of Jane's Due Process; PPGT CEO Ken Lambrecht; and counsel for PPGT at Waters & Kraus. In addition to serving as counsel for PPGT at Waters & Kraus, Charles Siegel was a board member of Jane's Due Process at the time of these emails. Likewise, in addition to serving as counsel for PPGT at Waters & Kraus, I was and am a board member of the North Texas Equal Access Fund, a plaintiff in both the federal and state SB8 challenges.[3]

8. Each of the individuals included in the emails in Bates Nos. PPGT-00015864-PPGT-00015871 were then representatives of a party, counsel of record, or otherwise engaged to provide legal representation to parties in pending and anticipated litigation involving SB8 and Relator's counsel.

9. The purpose of the emails exchanged in Bates Nos. PPGT-00015864-PPGT-00015871 was to discuss legal strategy in light of ongoing and anticipated litigation involving SB8. The communications were exchanged with the expectation that they were and would continue to be confidential, privileged, and protected as attorney work product.

10. I, and Waters & Kraus, did not intend, and would not have expected, that the contents of the emails exchanged in Bates Nos. PPGT-00015864-PPGT-00015871 would ever

---

[2] *See In re Texas Heartbeat Act Litigation*, No. 21-0782.  Relator's counsels' clients in the SB8 state challenge moved to transfer PPGT's SB8 challenge, along with the SB8 litigation initiated by Ms. Albright's clients, to an MDL court on September 13, 2021.  *See* Mot. for Transfer to a Multidistrict Litigation Pretrial Court and Emergency Request for Stay of All Trial-Court Proceedings, No. 21-0782 (Sept. 13, 2021).

[3] Thompson Coburn and Alexander Dubose & Jefferson represent the North Texas Equal Access Fund in the state-court SB8 challenge.

be disclosed to PPGT's adversaries in litigation, including both the instant matter and the SB8 challenges.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 23, 2022 in Dallas, Texas.

Caitlyn E. Silhan

4

# Exhibit 02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| *ex rel.* Alex Doe, Relator, | § | |
| | § | |
| The State of Texas | § | No. 2:21-CV-00022-Z |
| *ex rel.* Alex Doe, Relator, | § | |
| | § | |
| The State of Louisiana | § | |
| *ex rel.* Alex Doe, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, | § | |
| Inc., Planned Parenthood Gulf Coast, Inc., | § | |
| Planned Parenthood of Greater Texas, Inc., | § | |
| Planned Parenthood South Texas, Inc., Planned | § | |
| Parenthood Cameron County, Inc., Planned | § | |
| Parenthood San Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL DECLARATION OF CAITLYN E. SILHAN**

I, Caitlyn E. Silhan, declare and state as follows:

1.      I am a partner of the law firm of Waters Kraus & Paul ("Waters & Kraus"). I make this supplemental declaration in support of Affiliate Defendants' Brief in Opposition to Relator's Motion to Compel, to be filed in the above-captioned matter.

2.      I signed a declaration on December 23, 2022, in support of Affiliate Defendants' Memorandum in Opposition to Relator's Memorandum in Support of State of Texas's Motion to Compel Production of Documents on Defendants' Privilege Log (ECF No. 372-1).  The statements in my December 23 declaration are true and correct.  In addition, during the pendency of the SB8 litigation referenced in that

previous declaration, Jane's Due Process was another organization that, like PPGT, was engaged in a federal litigation to challenge SB8. As of August 30, 2021, Jane's Due Process was also represented by the law firm of Thompson Coburn in connection with potential litigation in state court related to SB8. I was aware of this representation on September 18–20, 2021, when I participated in the email chain reflected in the document spanning the bates range PPGT00015864 through -15871, and it was part of the basis for my understanding that: (1) each of the individuals participating in that email chain, including Susan Hays (an attorney and legal advisory board member of Jane's Due Process) was then a representative of a party, counsel of record, or otherwise engaged to provide legal representation to parties in pending and anticipated litigation involving SB8; and (2) the communications exchanged were for the purpose of discussing legal strategy in light of the ongoing and anticipated litigation involving SB8 and therefore were and would continue to be confidential, privileged, and protected as attorney work product.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 17, 2023, in Dallas, Texas.

Caitlyn E. Silhan

# Exhibit 03

| | |
|---|---|
| **From:** | Heather Hacker <heather@hackerstephens.com> |
| **Sent:** | Friday, February 17, 2023 12:01 PM |
| **To:** | Lollar, Tirzah; Andrew Stephens; Christopher Hilton; Amy Hilton; Reynolds Brissenden |
| **Cc:** | Margolis, Craig D.; Sheehan, Christian; Pieper, Megan; Reeder-Ricchetti, Emily; zzz.External.lgodesky@omm.com; zzz.External.dashby@omm.com; zzz.External.rgalin@omm.com; Whisler, Megan; zzz.External.jchapa@omm.com; Bloom, Craig P.; zzz.External.asantella@omm.com; ryan@ryanbrownattorneyatlaw.com; Martin, Meghan C. |
| **Subject:** | RE: US ex rel Doe v. Planned Parenthood |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

<span style="border:1px solid red; color:red;">External E-mail</span>

Hi Tirzah,

This motion fell by the wayside, but we intend to file it today. We also would like to ask for an expedited briefing schedule. Based on the below, would you agree to file a response by next Friday, February 24?

Also, this document is designated AEO and that designation does not appear to be warranted. I'd like to be able to file it as an exhibit without filing it under seal. Would you agree to remove that designation?

Thanks,
Heather

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, February 3, 2023 11:47 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com; dashby@omm.com; rgalin@omm.com; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com; ryan@ryanbrownattorneyatlaw.com; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood

Thanks.  Affiliate Defendants are opposed to the motion to compel.  They would agree to an expedited briefing schedule where their opposition is due Feb 10 and any reply would be due Feb 13 or 14.  We know you have another brief due on Feb 14.

---

Tirzah Lollar
Partner | Bio



601 Massachusetts Ave., NW
Washington,  DC 20001-3743

App. 007

T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Friday, February 3, 2023 12:07 PM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; zzz.External.dashby@omm.com <dashby@omm.com>; zzz.External.rgalin@omm.com <rgalin@omm.com>; Whisler, Megan <mwhisler@omm.com>; zzz.External.jchapa@omm.com <jchapa@omm.com>; Bloom, Craig P. <cbloom@omm.com>; zzz.External.asantella@omm.com <asantella@omm.com>; ryan@ryanbrownattorneyatlaw.com; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood

External E-mail

PPGT00015864-15871

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Friday, February 3, 2023 11:06 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com; dashby@omm.com; rgalin@omm.com; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com; ryan@ryanbrownattorneyatlaw.com; Martin, Meghan C. <Meghan.Martin@arnoldporter.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood

Andrew, that bates number is for a single page in a multipage document.  Do you mind giving us the full bates range for the document you are asking about so we can be sure we have the right one?

Thanks,
Tirzah

_____
Tirzah Lollar
Partner | Bio

**Arnold & Porter**

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Friday, February 3, 2023 10:58 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather

App. 008

Hacker <heather@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>

**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; zzz.External.dashby@omm.com <dashby@omm.com>; zzz.External.rgalin@omm.com <rgalin@omm.com>; Whisler, Megan <mwhisler@omm.com>; zzz.External.jchapa@omm.com <jchapa@omm.com>; Bloom, Craig P. <cbloom@omm.com>; zzz.External.asantella@omm.com <asantella@omm.com>; ryan@ryanbrownattorneyatlaw.com

**Subject:** RE: US ex rel Doe v. Planned Parenthood

External E-mail

Danny, Tirzah,

We are filing a motion to compel production of the document Bates stamped PPGT00015876 and will be asking the Court for a February 8 deadline for Defendants to file a response with our reply due February 10. Please let me know if you are opposed or unopposed.

Andrew

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, February 1, 2023 9:24 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com; dashby@omm.com; rgalin@omm.com; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com; ryan@ryanbrownattorneyatlaw.com
**Subject:** Re: US ex rel Doe v. Planned Parenthood

Opposed. Separate issue but please let me know by noon today if you are oppose or unopposed to unsealing Plaintiffs' supplemental appendix.

Andrew

---

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Wednesday, February 1, 2023 9:08 AM
**To:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Andrew Stephens <andrew@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com <lgodesky@omm.com>; dashby@omm.com <dashby@omm.com>; rgalin@omm.com <rgalin@omm.com>; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com <jchapa@omm.com>; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com <asantella@omm.com>; ryan@ryanbrownattorneyatlaw.com <ryan@ryanbrownattorneyatlaw.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood

Thanks for the quick responses.

Heather, would Oppns due Feb 14 and Replies Feb 16 work?  We don't want to interfere with your argument, but think we all benefit from briefing this issue more quickly than the default local rule would otherwise provide for.

_____

Tirzah Lollar
Partner | Bio

## Arnold&Porter

601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

**From:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Sent:** Wednesday, February 1, 2023 9:39 AM
**To:** Heather Hacker <heather@hackerstephens.com>; Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; zzz.External.lgodesky@omm.com <lgodesky@omm.com>; zzz.External.dashby@omm.com <dashby@omm.com>; zzz.External.rgalin@omm.com <rgalin@omm.com>; Whisler, Megan <mwhisler@omm.com>; zzz.External.jchapa@omm.com <jchapa@omm.com>; Bloom, Craig P. <cbloom@omm.com>; zzz.External.asantella@omm.com <asantella@omm.com>; ryan@ryanbrownattorneyatlaw.com
**Subject:** Re: US ex rel Doe v. Planned Parenthood

External E-mail

Opposed.

Get Outlook for iOS

**From:** Heather Hacker <heather@hackerstephens.com>
**Sent:** Wednesday, February 1, 2023 8:34:52 AM
**To:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>; Andrew Stephens <andrew@hackerstephens.com>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com <lgodesky@omm.com>; dashby@omm.com <dashby@omm.com>; rgalin@omm.com <rgalin@omm.com>; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com <jchapa@omm.com>; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com <asantella@omm.com>; ryan@ryanbrownattorneyatlaw.com <ryan@ryanbrownattorneyatlaw.com>
**Subject:** RE: US ex rel Doe v. Planned Parenthood

We oppose both the motion to stay and the motion for expedited consideration. There is no reason not to continue briefing summary judgment and you can cover Supervalu in your reply brief. Further, that briefing schedule does not work for Relator because of the CA5 OA which prompted us to move the reply brief deadline in the first place.

App. 010

**From:** Lollar, Tirzah <Tirzah.Lollar@arnoldporter.com>
**Sent:** Wednesday, February 1, 2023 8:29 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Heather Hacker <heather@hackerstephens.com>; Hilton, Christopher <Christopher.Hilton@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Reynolds Brissenden <Reynolds.Brissenden@oag.texas.gov>
**Cc:** Margolis, Craig D. <Craig.Margolis@arnoldporter.com>; Sheehan, Christian <Christian.Sheehan@arnoldporter.com>; Pieper, Megan <Megan.Pieper@arnoldporter.com>; Reeder-Ricchetti, Emily <Emily.Reeder-Ricchetti@arnoldporter.com>; lgodesky@omm.com; dashby@omm.com; rgalin@omm.com; Whisler, Megan <mwhisler@omm.com>; jchapa@omm.com; Bloom, Craig P. <cbloom@omm.com>; asantella@omm.com; ryan@ryanbrownattorneyatlaw.com
**Subject:** US ex rel Doe v. Planned Parenthood

Counsel:

As suggested in our Opposition brief last week, Affiliate Defendants will be filing a motion to stay the case pending the Supreme Court's ruling in *Safeway* and *Supervalu*.  Please let us know your position on the motion to stay, which we expect to file today.

If Plaintiffs oppose the motion, we also will seek expedited ruling on the motion with Oppositions due Feb 7 and any Reply by February 10.  Please let us know your views on that as well (if you oppose the motion to stay).

We would appreciate a response by 3pm CST.

Thanks,
Tirzah

_____

Tirzah Lollar
Partner | Bio

## Arnold & Porter

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6199
Tirzah.Lollar@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

App. 011

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

App. 012

# Exhibit 04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DOE, *et al.,* §<br>§<br>§<br>§ | |
| *Plaintiffs,* §<br>§ | |
| v. §<br>§ | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.,* §<br>§<br>§<br>§ | |
| *Defendants.* § | |

---

### RELATOR'S OBJECTIONS AND RESPONSES TO PLANNED PARENTHOOD GULF COAST, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR

---

To:   Defendant Planned Parenthood Gulf Coast, Inc., c/o Craig Margolis, Murad Hussain, Tirzah Lollar, Christopher Odell, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001, Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.

Relator Alex Doe serves these Objections and Responses to Planned Parenthood Gulf Coast, Inc.'s First Set of Requests for Production to Relator.

### OBJECTIONS

1.     Relator objects to the Requests for Production, including the "Definitions" and "Instructions," where they exceed the requirements imposed by Federal Rule of Civil Procedure (FRCP) 34, other FRCPs, or elsewhere. Relator will respond to the Requests in accordance with FRCP 34, other FRCPs, and applicable law.

App. 013

2.      Relator objects to the Requests where they seek disclosure of information protected by the attorney-client privilege, the work-product doctrine, the investigative-communications privilege, the common-interest privilege, and/or any other privileges and exemptions set forth in applicable law.

3.      Relator objects to the Requests where they seek information not within Relator's possession, custody, or control.

4.      Relator objects to the Requests where they call for information to be disclosed that is protected by the HIPAA Privacy Rule or is confidential by law.

5.      Relator objects to the Requests where they are not properly limited to an appropriate time period. Answering Requests outside of an appropriate time period will be overly broad, unduly burdensome, and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1).

6.      Defendants' definition of the term "Communication" is overly broad, vague, and answering Requests by searching for and producing documents with this definition would be unduly burdensome. Relator will interpret the term "communication" consistent with applicable FRCPs, rules, law, and common usage.

7.      Defendants' definition of the term "Document" is overly broad, vague, and answering Requests with that definition would be unduly burdensome where the definition departs from the FRCPs and other applicable law. Relator will interpret the term "document" consistent with FRCP 34 and other applicable FRCPs, rules, and law.

8.      Defendants' definition of the terms "Regarding," "relating to," "related

to," "in relation to," or "relates to" is overly broad, vague, and answering Requests by searching for and producing documents with that definition would be unduly burdensome. Relator will interpret the terms "Regarding," "relating to," "related to," "in relation to," or "relates to" consistent with applicable FRCPs, rules, law, and common usage.

9.      Defendants' definition and use of the terms "Relator," "You," and "Your" is overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of the case, under FRCP 26(b)(1). Answering Requests, and identifying and producing documents, with those terms as defined would be unduly burdensome. These terms as defined by Defendants include persons and entities with no relation to this matter. The terms' vagueness and overbreadth make any Request with the terms as defined by Defendant exceed the scope of the specific claims and issues in this case and therefore makes those Requests objectionable. Relator will respond to Requests and produce responsive documents in Relator's possession, custody or control in accordance with the applicable FRCPs.

10.     Relator objects to all of Defendants' Instructions which exceed the requirements of FRCP 34, or other applicable Rules or law. Relator will answer the Requests as required by FRCP 34, and other applicable Rules and law.

11.     The responses made at this time are without prejudice to Relator's rights to amend or supplement its responses as appropriate under FRCP 34 or other rules or law.

12.     By answering these Requests and producing documents responsive to these Requests, Relator does not concede the relevance or admissibility of the documents, materials, or information. Relator further does not waive, but instead, expressly preserves, the Objections here.

13.     Relator incorporates by reference the objections above into the responses set forth below. The failure to repeat any of the objections above does not waive any objection to the specific Request.

14.     Relator intends to not produce documents which are privileged under the attorney-client, common interest, work-product, and government investigative privileges and protections. Any production of documents which are covered by the attorney-client, common interest, work product and government investigative privileges and protections is inadvertent under Federal Rule of Evidence 502.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents identified in the Relator's Complaint, supporting your allegations in the Relator's Complaint, or that you relied on in making the allegations in the Relator's Complaint, your Rule 26 Initial Disclosures, Relator's Opposition to Motion to Dismiss [Dkt. No. 61], and your other filings in this case, including but not limited to, documents substantiating your version of events and showing the manner you contend the Planned Parenthood Defendants benefited or the Government, Texas, and Louisiana were harmed by the acts or omissions you allege.

4

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to identify what are characterized in the Relator's Complaint, your Rule 26 Initial Disclosures, Relator's Opposition to Motion to Dismiss [Dkt. No. 61], and your other filings in this case as "claims" that were submitted to the Government, Texas, and Louisiana for payment, excluding patient names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information.

**RESPONSE**:

Relator refers Defendants to the Expert Reports of Donald Lochabay, the documents cited therein and produced to Defendants, and the documents contained in the trial and appellate record in the federal court litigation involving Defendants

referenced in Relator's Complaint.

## REQUEST FOR PRODUCTION NO. 3

Transcribed, recorded, or written statements, correspondence, affidavits, or declarations relating to your claims in this case made by any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case, including any documents received from any persons or witnesses relating to your claims in this litigation, or during the course of obtaining these statements, correspondence, affidavits, or declarations.

**RESPONSE**:

This request is overbroad and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator will produce witness statements as required under the FRCP and refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint.

## REQUEST FOR PRODUCTION NO. 4

Notes of any conversations related to your claims in this case with any persons or witnesses who have knowledge of, who claim to have knowledge of, or whom you contend have knowledge of, facts relevant to this case.

**RESPONSE**:

This request is overbroad and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative

privileges and protections. Subject to Relator's objections and statements of privileges, Relator responds that Relator will produce documents responsive to this request, if any.

## REQUEST FOR PRODUCTION NO. 5

All documents provided to, reviewed by, relied upon, or created by any expert witness for you or Texas.

**RESPONSE**:

This request is overbroad and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

## REQUEST FOR PRODUCTION NO. 6

All documents and communications between you and Texas that relate to compensation for any expert's study or testimony in this case, identify facts or data that you or Texas's attorney(s) provided and that the expert considered in forming the opinions to be expressed by the expert, and/or identify assumptions that Texas or Relator provided and that the expert relied on in forming the opinions to be expressed in this case.

**RESPONSE**:

This request is overbroad and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative

App. 019

privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants.

**REQUEST FOR PRODUCTION NO. 7**

All documents you relied on in drafting your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

**RESPONSE**:

This request is overbroad and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the response to Request No. 1 above and will produce other documents responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 8**

All documents identified in your responses to Interrogatories or Requests for Admission issued by any of the Defendants in this case.

**RESPONSE**:

*See* Response to Request No. 1 above. Relator will produce other documents responsive to this request, if any.

**REQUEST FOR PRODUCTION NO. 9**

All documents related to every claim for payment submitted by each Affiliate Defendants that you contend was submitted in violation of the False Claims Act, the Texas Medicaid Fraud Prevention Act, or the Louisiana Medical Assistance

8

Programs Integrity Law. This request does not seek patients' names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient identifying information associated with the claims.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 10**

All documents related to every overpayment received by each of the Affiliate Defendants that you contend Affiliate Defendants were obligated to report and return, but did not. This request does not seek patients' names, patient dates of birth, patient marital status, insured names, insured dates of birth, insured marital status, or other patient information associated with the claims.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are

App. 021

covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 11

All documents relating to or reflecting communications with the Center for Medical Progress from 2013 to the present relating to the allegations in Relator's Complaint.

## RESPONSE:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

10

**REQUEST FOR PRODUCTION NO. 12**

All documents relating to or reflecting communications with Texas from 2013 to the present relating to the allegations in Relator's Complaint or Texas' Complaint.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 13**

All documents relating to or reflecting communications with Louisiana from 2013 to the present relating to the allegations in Relator's Complaint.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in

11

the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 14

All documents and communications relating to any fetal tissue procurement or donation in which any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood participated or facilitated or agreed to participate or facilitate.

## RESPONSE:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 15

All documents and communications relating to the participation or alleged participation or facilitation of any Planned Parenthood Defendant in any fetal tissue procurement or donation.

12

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 16**

All documents and communications relating to any investigation Relator, the Center for Medical Progress, and/or third parties acting on Relator's behalf have conducted or are conducting from 2010 to the present into participation, past or present, by any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood in fetal tissue procurement, including but not limited to the plans for the investigation, interview methodology, investigative notes, and documents sufficient to show participants in the investigation.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants

13

referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 17**

All documents and communications with Medicaid, Texas Medicaid, and/or Louisiana Medicaid regarding any investigation Relator, the Center for Medical Progress, and/or third parties acting on Relator's behalf have conducted or are conducting from 2010 to the present into participation or facilitation, past or present, by any Medicaid, Texas Medicaid, or Louisiana Medicaid provider unrelated to Planned Parenthood in fetal tissue procurement or donation.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 18**

All documents and communications related to whether participation in or an agreement to participate in or facilitate any fetal tissue procurement or donation, or conduct relating to such participation or facilitation, renders a Medicaid provider unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana

14

App. 026

Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 19**

All documents and communications relating to Texas's decision to grant the Grace Period to PPGC, PPST, and PPGT, including but not limited to documents and communications relating to the Affiliate Defendants status as Medicaid providers before or during the Grace Period.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas.

15

**REQUEST FOR PRODUCTION NO. 20**

All documents and communications relating to whether termination of any Affiliate Defendant violated Medicaid's free choice of provider requirement and if so, why.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 21**

All documents and communications relating to the continued participation of any Affiliate Defendant in Louisiana Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in

16

the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 22

All documents and communications relating to whether any Planned Parenthood Defendant had an obligation to repay any amount paid by Medicaid, Texas Medicaid, or Louisiana Medicaid to any Affiliate Defendant.

## RESPONSE:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 23

All documents and communications relating to whether Medicaid, Texas

17

Medicaid, and/or Louisiana Medicaid could or should seek recoupment of amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 24**

All documents and communications relating to termination by the United States, Texas, or Louisiana of any Medicaid provider unrelated to Planned Parenthood for violations of laws or regulations related to medical research, fetal tissue procurement, or an agreement to engage in fetal tissue procurement, including but not limited to whether any terminated federal, Texas, or Louisiana Medicaid provider was asked to return amounts reimbursed under federal, Texas, or Louisiana Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are

18

covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 25**

All documents and communications relating to termination by the United States, Texas, and/or Louisiana of any Medicaid, Texas Medicaid, or Louisiana Medicaid provider on basis that the entity was not a qualified provider, including but not limited to whether any terminated Medicaid provider was asked or obligated to return amounts reimbursed under Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 26**

All documents and communications relating to any Affiliate Defendants'

qualifications to provide services under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the Expert Reports of Donald Lochabay and the documents cited therein and produced to Defendants, the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 27**

All documents and communications relating to Texas's determination that any Affiliate Defendant is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in

the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_ REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 28

All documents and communications relating to Louisiana's determination that any Affiliate Defendant is not a qualified provider under Medicaid, Texas Medicaid, or Louisiana Medicaid.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

## REQUEST FOR PRODUCTION NO. 29

All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and members of the United States Congress (including their staff) or the Government related to the Center for Medical

21

Progress videos.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 30**

All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and Texas related to the Center for Medical Progress videos.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants

22

App. 034

referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 31**

All documents and communications between you, including third parties acting on your behalf (including but not limited to Americans United for Life, Susan B. Anthony List, and the Federalist Society), and Louisiana related to the Center for Medical Progress videos.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 32**

All communications between you, including third parties acting on your behalf (including but not limited to CRC Public Relations), and the Media relating to

23

the Center for Medical Progress videos.

RESPONSE:

     This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 33**

     All documents that you provided to or received from the Government relating to your claims or otherwise providing an account of your investigation and alleged observations of any Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation, or agreement.

RESPONSE:

     This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in

the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 34**

All documents that you provided to or received from Texas relating to your claims or otherwise providing an account of your investigation and alleged observations of any Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation, or agreement.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 35**

All documents that you provided to or received from the Louisiana relating to your claims, or otherwise providing an account of your investigation and alleged observations of any Affiliate Defendants' participation in or facilitation of, or agreement to participate in or facilitate, fetal tissue procurement or donation, or of any conduct relating to such participation, facilitation or agreement.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 36**

All communications between you and the Media relating to any Planned Parenthood Defendant's qualifications to provide service under Medicaid, Texas Medicaid, and/or Louisiana Medicaid; any Planned Parenthood Defendant's termination in Texas and/or Louisiana; continued participation of any Planned Parenthood Defendant in Louisiana Medicaid; whether conduct relating to participation in fetal tissue procurement or donation an agreement to participate in or facilitate fetal tissue procurement or donation rendered a Medicaid provider

unqualified to provide service under Medicaid, Texas Medicaid, or Louisiana Medicaid; and whether Medicaid, Texas Medicaid, and/or Louisiana Medicaid could or should seek recoupment for amounts reimbursed to any Planned Parenthood Defendant from 2010 to the present.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 37**

All Center for Medical Progress videos (both edited and unedited), including but not limited to all such videos you or third parties acting on your behalf provided to the Government (including Congress), Texas, and/or Louisiana.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and

statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 38**

All documents, including communications, supporting any claim for damages alleged in the Relator's Complaint.

**RESPONSE**:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

**REQUEST FOR PRODUCTION NO. 39**

All documents and communications supporting your allegation that each Affiliate Defendant participated in fetal tissue procurement.

RESPONSE:

This request is overbroad, not relevant, and asks for documents which are covered by the attorney-client, common interest, work product, and government investigative privileges and protections. Subject to Relator's objections and statements of privileges, Relator refers Defendants to the documents contained in the trial and appellate record in the federal court litigation involving Defendants referenced in Relator's Complaint, the documents referenced and/or produced by the State of Texas in response to Request No. 1 in Defendants' First Set of Requests for Production to the State of Texas, and documents produced by Relator at REL_000001-REL_010489.

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

**Attorneys For Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, a true and correct copy of the foregoing document was sent by electronic mail to Defendants' counsel to the e-mail addresses below:

Leah Godesky
Danny Ashby
Justin Chapa
Amanda Santella
O'MELVENY & MYERS LLP
lgodesky@omm.com
dashby@omm.com
jchapa@omm.com
asantella@omm.com

**Attorneys for Defendant Planned Parenthood Federation of America, Inc.**

Craig Margolis
Murad Hussain
Tirzah Lollar
Christopher Odell
ARNOLD PORTER KAY SCHOLER LLP
Craig.Margolis@arnoldporter.com
Murad.Hussain@arnoldporter.com
Tirzah.Lollar@arnoldporter.com
Christopher.Odell@arnoldporter.com

**Attorneys for Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.**

/s/ Andrew B. Stephens
Andrew B. Stephens

App. 042

# Exhibit 05

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | NO. 2:21-CV-00022-Z |
| | § | |
| The State of Texas | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| | § | |
| | § | |
| The State of Louisiana | § | |
| | § | |
| *ex rel*. ALEX DOE, Relator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Planned Parenthood Federation of America, Inc., | § | |
| Planned Parenthood Gulf Coast, Inc., Planned | § | |
| Parenthood of Greater Texas, Inc., Planned | § | |
| Parenthood South Texas, Inc., Planned Parenthood | § | |
| Cameron County, Inc., Planned Parenthood San | § | |
| Antonio, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT PLANNED PARENTHOOD OF GREATER TEXAS, INC.'S
OBJECTIONS AND RESPONSES TO RELATOR'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rules of this Court,

Defendant Planned Parenthood of Greater Texas Inc. ("PPGT") though its undersigned counsel,

hereby makes the following Responses to Relator's May 27, 2022 First Set of Requests for

Production of Documents.

PPGT responds as follows:

App. 043

## GENERAL OBJECTIONS

The following general objections apply to each Request for Production, and shall have the same force and effect as if fully set forth in PPGT's specific responses.ma

1.      PPGT objects to each Request for Production and the preceding Definitions and Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas, and to the extent that each seeks information beyond that permitted by such rules.

2.      PPGT objects to Instruction No. 1, which purports to require PPGT to furnish responsive documents in the possession, custody, or control of its attorneys, agents, employees, independent contractors, and all other persons acting on behalf of PPGT, to the extent that such instruction calls for information not within PPGT's possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

3.      PPGT objects to each Request for Production addressed to PPGT because it did not submit any claims for reimbursement to Louisiana Medicaid.  Any objection or response to these Requests shall not be deemed an admission that PPGT submitted any claims for reimbursement to or received payments from Louisiana Medicaid.

4.      PPGT objects to each Request for Production to the extent that it purports to seek documents or information protected by the attorney-client privilege, the work-product doctrine, the privilege for critical self-analysis, or any other applicable privilege or protection recognized under the law.  Any response shall not be deemed to be a waiver of any objection set forth in the response and PPGT reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving, or intending to waive, any privilege or other applicable

App. 044

protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5.      PPGT objects to each Request for Production to the extent that it seeks a legal conclusion.

6.      PPGT objects to each Request for Production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case.

7.      PPGT objects to each Request that requests documents that are not relevant and proportional to the needs of the case to the extent they purport to require PPGT to provide discovery beyond the scope of Relator's allegations.  Unless otherwise indicated, PPGT will limit its responses and productions accordingly.

8.      PPGT objects to Instruction No. 7 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

9.      PPGT objects to Instruction No. 12 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or the local rules for the United States District Court for the Northern District of Texas.

10.     PPGT objects to Instruction No. 13 to the extent that it purports to seek documents or information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  The greatest statute of limitations applicable to a False Claims Act case is ten (10) years, and Relator filed his Complaint on February 5, 2021.  PPGT will limit its responses and productions to the time period February 1, 2011 to January 6, 2022, the date of the filing of the Complaint in Intervention by the State of Texas.

11.    PPGT objects to each Request for Production to the extent it seeks "all documents and communications" or is otherwise overbroad and unduly burdensome.  Documents may exist in a variety of locations and formats.  PPGT has no reasonable means of searching across *all* of its available documents.  PPGT will undertake reasonable, good faith efforts to identify sources of potentially responsive documents.  Furthermore, it would be unduly burdensome to try to search for and produce documents in the custodial data of every employee or former employee who might have discoverable information, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a vast amount of data.  PPGT does not have an email retention policy.  All emails are retained indefinitely unless manually deleted, however, employees under a litigation hold may not manually delete email.  PPGT will take reasonable steps, consistent with its obligations under the Federal Rules of the Civil Procedure and the Rules of this Court, to respond to these Requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time period when they are most likely to have relevant information.  PPGT will produce responsive, non-privileged documents and non-privileged family members of such documents found as a result of such a search, as they are kept in the ordinary course of business and in accordance with the format for the production of documents to be agreed upon by the parties.

12.    PPGT objects to each Request to the extent it seeks documents and communications concerning each and every claim submitted to Texas Medicaid for services provided by PPGT or "each payment" PPGT received from any state or federal program as unduly burdensome because of the cost and time that it would take to access such data.  PPGT uses outside third parties to store and manage its patient and billing data.  Creating a new custom report to identify the requested

App. 046

information is unduly burdensome because PPGT will have to merge data from two sources and work with two different third parties to generate the report.

13.     PPGT objects to each Request for Production to the extent it seeks documents and communications prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.

14.     PPGT objects to each Request for Production to the extent that it calls for information not within its possession, custody, or control or from persons and entities with no pertinent role in, or responsibility for, the matters at issue in this case.

15.     PPGT objects to each Request for Production on grounds of undue burden to the extent it seeks information that is already in Relator's possession, publicly available, already produced, or which is otherwise as accessible to Relator as it is to PPGT.

16.     PPGT objects to Definition No. 2 to the extent it purports to seek information contained on archival backup tapes that are not readily accessible.  PPGT's archival backup tapes are expected to duplicate data maintained elsewhere and are not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), in particular, because of the cost and inefficiency of searching them.

17.     PPGT objects to each Request for Production as overly broad and not relevant to the extent it purport to seek documents and communications concerning claims for services not provided to Medicaid beneficiaries.  PPGT will limit it responses accordingly.

18.     No incidental or implied admissions are intended by the responses herein.  The fact that PPGT has responded to any of the individual Requests for Production should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Requests for Production.  The fact that PPGT has answered part or all of any individual Request

App. 047

for Production, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by PPGT of any objection to such Requests for Production.

19.     These responses are given without conceding the relevancy, materiality, or admissibility of the subject matter of any Request for Production, and are given without prejudice to PPGT's right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Request for Production, and also without prejudice to PPGT's right to rely on other facts and documents at trial.

20.     Discovery is ongoing. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, PPGT reserves the right to supplement and amend its responses, if necessary, in the event that it obtains further responsive information.

21.     PPGT does not waive any general objections by providing specific responses to Relator's Requests.

22.     Responsive documents will be produced in the format to be agreed upon by the Parties as reflected in the Joint Proposed Scheduling Order.  Dkt. 56 ("The parties anticipate discovery of electronically stored information and will attempt to reach an agreement regarding the form or forms in which it should be produced.").

23.     PPGT objects to these Requests to the extent they seek production of all documents within thirty (30) days after service of the Requests.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents and communications concerning Defendants' provision of services billed

App. 048

to Texas Medicaid, excluding patient charts.

**Response to Request for Production No. 1**

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10. PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 23.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 2**

All documents and communications concerning claims submitted by Defendants to Texas Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to: (a) the date the service was provided; (b) the amount of the claim submitted to Texas Medicaid; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 2**

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome. *See* General Objections 6, 11, 12. PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General

Objection 10.  PPGT further objects to this Request to the extent it seeks documents prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.   *See* General Objection 13.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 3

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to the managed care organization; (c) the Texas Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

## Response to Request for Production No. 3

PPGT objects to this Request for "all documents and communications" as overbroad and unduly burdensome.  *See* General Objections 6, 11, 12.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks documents prior to August 31, 2012 as PPGT did not come into corporate existence until August 31, 2012.  *See* General Objection 13.  PPGT further objects to this Request as overly broad and not relevant to the extent it seeks documents and communications concerning claims for services not provided to Medicaid beneficiaries.  *See* General Objection 17.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.

-8-

App. 050

*See* General Objection 23.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

**Request for Production No. 4**

All documents and communications concerning Defendants' provision of services billed to Louisiana Medicaid, excluding patient charts.

**Response to Request for Production No. 4**

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 5**

All documents and communications concerning claims submitted by Defendants to Louisiana Medicaid for Fee For Service delivered on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 5**

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 6**

App. 051

All documents and communications concerning claims submitted through a managed care organization for services provided by Defendants on and between January 1, 2010 and the present, including but not limited to:  (a) the date the service was provided; (b) the amount of the claim submitted to Louisiana Medicaid; (c) the National Provider Identification Number and/or the Louisiana Provider Identification Number of the Defendant that submitted the claim (the suffix as well as the base); (d) the address of the Defendant that submitted the claim; (e) the address of the location where the service was provided; (f) the amount of the payment you received for the claim and the identity of the payor; (g) the date you received the payment for the claim.

**Response to Request for Production No. 6**

PPGT objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.  Because PPGT did not provide services or subject claims for reimbursement to Louisiana Medicaid, PPGT states that there are no documents responsive to this Request in its possession, custody, or control.

**Request for Production No. 7**

All documents and communications which Defendants have made or obtained concerning Texas Medicaid and/or Louisiana Medicaid, excluding patient charts, and including but not limited to statements, declarations, audio recordings, and video recordings, in any form, from any person concerning Texas Medicaid and/or Louisiana Medicaid.

**Response to Request for Production No. 7**

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad.  *See* General Objections 6, 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents and communications related to the submission

of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas Medicaid that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 8

All documents and communications by and between Defendants and any former or current employee of the State of Texas and/or the State of Louisiana concerning Texas Medicaid and Louisiana Medicaid.

## Response to Request for Production No. 8

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objection 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce non-privileged, responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 9

All documents and communications by and between Kenneth Lambrecht, Jeffrey Hons, and Melanie Linton, Cecile Richards, and any other person concerning Texas Medicaid and/or Louisiana Medicaid.

## Response to Request for Production No. 9

App. 053

PPGT objects to this Request for "all documents and communications" as unduly burdensome and overbroad. *See* General Objections 6, 11.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022. *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the privilege for self-critical analysis, or any other applicable privilege or protection recognized under the law. *See* General Objection 4. PPGT further objects to this Request to the extent documents and communications by and between Melanie Linton, Jeffrey Hons, and Cecile Richards are not in the possession, custody, or control of PPGT. *See* General Objection 2.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests. *See* General Objection 23.   PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid. *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents and communications related to the submission of Medicaid claims through, receipt of Medicaid payments from, or actual or potential repayment of Medicaid funds to Texas that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August 1, 2022.

## Request for Production No. 10

All documents and communications concerning financial analysis, financial models, financial projections, accounting documents, accounting statements, balance sheets, cash flow statements, income statements, expense statements, revenue statements, and any other document containing information concerning Defendants' assets, liabilities, income, expenses, loans, debt, credit facilities, or financial position.

## Response to Request for Production No. 10

PPGT objects to this Request on the grounds that it is overbroad, unduly burdensome, and

disproportionate to the needs of the case.  *See* General Objections 6, 10, 11.  PPGT further objects to this Request on the grounds that it calls for documents that are not relevant to the allegations in this case.  *See* General Objection 7.

Subject to and on the basis of its General and Specific Objections, PPGT will not produce documents responsive to this Request.

## Request for Production No. 11

All documents and communications concerning each payment you received from any state or federal program from January 1, 2010 to present that you returned or refunded to the state or federal government at any time.

## Response to Request for Production No. 11

PPGT objects to this Request as it is unduly burdensome and overbroad.  *See* General Objections 6, 11, 12.  PPGT further objects to this Request as the term "any" is vague and ambiguous. PPGT further objects to this Request as overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to the extent it seeks payment information from "any" state or federal program other than Texas Medicaid or Louisiana Medicaid.  *See* General Objections 6, 7.  PPGT further objects to this Request on the grounds it calls for information that is not relevant to the allegations in this case in that it seeks information from January 1, 2010 to January 31, 2011 and after January 6, 2022.  *See* General Objection 10.  PPGT further objects to this Request to the extent it seeks production of all responsive documents within thirty (30) days after service of the Requests.  *See* General Objection 23.  PPGT further objects to this Request as it did not provide services or submit claims for reimbursement to Louisiana Medicaid.  *See* General Objection 3.

Subject to and without waiving these Specific Objections or its General Objections, PPGT will produce such non-privileged responsive documents that can be located through a reasonable search on a rolling basis, with all good faith efforts to ensure that production is complete by August

1, 2022.

_____/s Tirzah S. Lollar_____
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Ryan Patrick Brown
Texas State Bar No. 24073967
brown@blackburnbrownlaw.com
1222 S. Filmore
Amarillo, TX 79101
Tel: (806) 371-8333
Fax: (806) 350-7716

*Attorneys for Defendant Planned
Parenthood Gulf Coast, Inc., Planned
Parenthood of Greater Texas, Inc.,
Planned Parenthood South Texas, Inc.,
Planned Parenthood Cameron County,
and Planned Parenthood San Antonio*

June 27, 2022

App. 056

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant Planned Parenthood of Greater Texas Inc.'s Objections and Responses to Relators' First Set of Requests for Production has been served upon all attorneys of record in this case on this, the 27th day of June 2022, by electronic email.

/s Tirzah S. Lollar

App. 057