IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF TEXAS, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF LOUISIANA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>  Plaintiffs, §<br>§<br>v. §<br>§<br>PLANNED PARENTHOOD §<br>FEDERATION OF AMERICA, INC., §<br>PLANNED PARENTHOOD GULF §<br>COAST, INC., PLANNED §<br>PARENTHOOD OF GREATER §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD SOUTH §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD CAMERON §<br>COUNTY, INC., PLANNED §<br>PARENTHOOD SAN ANTONIO, §<br>INC., §<br>§<br>  Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Relator Alex Doe, by and through counsel, and pursuant to Federal Rule of Civil Procedure 56(a) and Local Civil Rule 56, respectfully moves this Court for summary judgment on the following claims and grounds:

- Under the False Claims Act's reverse false claims provision, 31 U.S.C. § 3729(a)(1)(G), for knowingly and improperly avoiding an obligation to repay or Medicaid funds to the United States.

- Under the TMFPA's reverse false claims provision, Tex. Hum. Res. Code § 36.002(12), for knowingly and improperly avoiding an obligation to repay or Medicaid funds to the State of Texas.

- Under the LMAPIL's reverse false claims provision, La. Rev. Stat. § 46.438.3(C), for knowingly and improperly avoiding an obligation to repay or Medicaid funds to the State of Louisiana.

- Under the FCA's implied false certification provision, 31 U.S.C. § 3729(a)(1)(A), for knowingly presenting false claims for payment or approval to the United States after their terminations from Louisiana and Texas Medicaid became final under state law on October 15, 2015 and January 19, 2017, respectively.

- Under the TMFPA's implied false certification provisions, Tex. Hum. Res. Code § 36.002(2), (4), for knowingly concealing or failing to disclose information that permitted Planned Parenthood to receive a benefit or payment under the Medicaid program, Tex. Hum. Res. Code § 36.002(2), and knowingly making false statements or misrepresentations concerning certification or recertification required by the Medicaid program, Tex. Hum. Res. Code § 36.002(4), on claims submitted to Texas after January 19, 2017.

- Under the LMAPIL's implied false certification provision, La. Rev. Stat. § 46.438.3(A), for knowingly presenting false claims for payment or approval to the State of Louisiana after October 15, 2015.

- Under the conspiracy to commit health-care fraud provisions of the TMFPA and LMAPIL, Tex. Hum. Res. Code § 36.002(9); La. Rev. Stat. § 46.438.3(D).

- Defendants' affirmative defenses set forth in their Answer to Relator's Complaint, ECF No. 81.

1

If the Court enters summary judgment against Defendants as requested on Relator's claims relating to Texas Medicaid, Relator, in conjunction with the State of Texas, seeks summary judgment on civil fines, civil penalties, attorneys' fees, costs, and expenses, in the following amounts:

- **$8,962,162**, representing "the amount of any payment … provided under the [Texas] Medicaid program, directly or indirectly, as a result of the unlawful act[s]" in accordance with Tex. Hum. Res. Code § 36.052(a)(1) and 31 U.S.C. § 3729(a)(1); plus

- **Interest on $8,962,162** "at the prejudgment interest rate in effect on the day the payment or benefit was received or paid, for the period from the date the benefit was received or paid to the date the state recovers the amount of the payment or value of the benefit" under the Texas Medicaid program, in accordance with Tex. Hum. Res. Code § 36.052(a)(2) (2015); plus

- **$17,924,324**, representing "two times the amount of the payment … described by Subdivision (1)" under the Texas Medicaid program, in accordance with Tex. Hum. Res. Code § 36.052(a)(4) and 31 U.S.C. § 3729(a)(1); plus

- **$566,434,197**, representing the statutory minimum "civil penalty of … not less than [$12,537] … for each unlawful act committed by the person" under the Texas Medicaid program, in accordance with Tex. Hum. Res. Code § 36.052(a)(3)(B), 31 U.S.C. § 3729(a)(1), and 28 U.S.C. § 2461; plus

- **Fees, expenses, and costs** reasonably incurred in obtaining civil remedies in accordance with Tex. Hum. Res. Code § 36.110(c) and 31 U.S.C. § 3730(d).[1]

Relator requests that these amounts be awarded to the State of Texas minus Relator's fee, and Relator requests the Court award the maximum relator's fee to

---

[1] Upon an entry of judgment, Relator will move the Court for a sum certain reflecting "fees, expenses, and costs reasonably incurred in obtaining … civil remedies … including court costs, reasonable attorney's fees, witness fees, and deposition fees." TMFPA § 36.110(c); *see also* 31 U.S.C. § 3730(d).

2

Relator under 31 U.S.C. § 3730(d)(1) for claims Texas intervened in and 31 U.S.C. § 3730(d)(2) for non-intervened claims.

If the Court enters partial summary judgment as requested against Defendants on Relator's claims relating to Louisiana Medicaid, Relator seeks summary judgment on damages, civil fines, civil penalties, attorneys' fees, costs, and expenses, in the following amounts:

- **$8,059,229**, representing "the difference between what the [Louisiana Medicaid] program paid, … and the amount that should have been paid had not a violation of this Part occurred," in accordance with La. Rev. Stat. § 46.438.6(A)(2) and 31 U.S.C. § 3729(a)(1); plus

- **Interest on $8,059,229**, "at the maximum rate of legal interest provided by La. Rev. Stat. 13.4202 from the date the damage occurred to the date of repayment," in accordance with La. Rev. Stat. § 46.438.6(A)(2); plus

- **$24,177,687**, representing "three times the amount of [the payment described by Subsection A]" under the Louisiana Medicaid program, in accordance with La. Rev. Stat. § 46.438.6(B)(2) and 31 U.S.C. § 3729(a)(1); plus

- **Interest on $24,177,687**, representing the statutory minimum "civil monetary penalty of … interest on the amount of the civil fine imposed pursuant to Subsection B … at the maximum rate of legal interest provided by La. Rev. Stat. 13.4202 from the date the damage occurred to the date of repayment," in accordance with La. Rev. Stat. § 46.438.6(C)(1)(b); plus

- **$1,244,046,510**, representing the statutory minimum "civil monetary penalty of … not less than $[$12,537] … for each false or fraudulent claim, misrepresentation, illegal remuneration, or other prohibited act," in accordance with La. Rev. Stat. § 46.438.6(C)(1)(a) and 31 U.S.C. § 3729(a)(1), and 28 U.S.C. § 2461; plus

- **Fees, expenses, and costs** that are reasonable, necessary, proper, and related to the "investigations and proceedings associated with the

3

violation, including attorney fees," in accordance with La. Rev. Stat. § 46.438.6(D)(1)-(2) and 31 U.S.C. § 3730(d).[2]

Relator requests that these amounts be awarded to the State of Louisiana minus Relator's fee, and Relator requests the Court award the maximum relator's fee to Relator under 31 U.S.C. § 3730(d)(2) and La. Stat. Ann. § 46:439.4(B).

There are no genuine issues of material fact and Relator is entitled to judgment as a matter of law, as explained in the accompanying Memorandum. Each of the matters required by Rule 56 and Local Civil Rule 56.3(a) are set forth in the accompanying Memorandum in Support.

In support of this Motion, Relator relies on the following:

1. Relator's Memorandum and Appendix in support;
2. Relator's Complaint, ECF No.1;
3. Defendants' Answers to Relator's Complaint and Texas's Complaint in Intervention, ECF Nos. 80 and 81; and
4. All further evidence necessary to support this Motion.

WHEREFORE, Relator respectfully requests that partial summary judgment on the above claims be entered in Relator's favor and against Defendants.

---

[2] Upon an entry of judgment, Relator will move the Court for a sum certain reflecting "costs, expenses, fees, and attorney fees." La. Rev. Stat. § 46:439.4(C)(1); *see also* 31 U.S.C. § 3730(d).

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

**Attorneys for Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, the foregoing document was filed and served via CM/ECF.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker