IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**PLAINTIFFS' BRIEF ON**
***UNITED STATES EX REL. SCHUTTE v. SUPERVALU***

**INTRODUCTION**

The Court temporarily stayed this case to await the Supreme Court's opinion in consolidated cases *U.S. ex rel. Schutte v. SuperValu Inc.*, No. 21-1326 (U.S. Jan. 13, 2023), and *U.S. ex rel. Proctor v. Safeway, Inc.*, No. 22-111 (U.S. Jan. 13, 2023). Dkt. 446. In the order granting the stay, the Court ordered the parties to file briefs "explaining the Supreme Court's decision on those consolidated cases within 3 calendar days of the decision." Dkt. 446 at 3.

The Supreme Court heard argument in the consolidated cases on April 18, 2023 and issued its opinion on June 1, 2023 reversing the Seventh Circuit's decisions. *United States ex rel. Schutte v. SuperValu Inc.,* No. 21-111, 2023 WL 3742577 (U.S. June 1, 2023). The Supreme Court rejected the argument relied on by Defendants—that they can avoid liability if there is an objectively reasonable interpretation that would justify their actions, even if they knew or should have known their actions violated the False Claims Act (FCA). The Court should therefore grant summary judgment to Plaintiffs, because as explained extensively in summary judgment briefing, Defendants' conduct meets the requisite scienter requirement under the FCA.

**I. The Supreme Court Reaffirmed the Statutory Definition of Scienter Under the FCA and Rejected Defendants' "Objective Reasonableness" Argument.**

Below, in *SuperValu*, the Seventh Circuit held that a defendant can avoid liability under the FCA's scienter requirement of committing violations "knowingly" if "(a) it has an *objectively* reasonable reading of the statute or regulation and (b) there was no authoritative guidance indicating that their practices are likely wrong."

1

9 F.4th 455, 468 (7th Cir. 2021) (emphasis in original). In doing so, it relied on the Supreme Court's decision in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), which interpreted the term "willfully" (a different scienter requirement) in the Fair Credit Reporting Act (a different statute), even though the FCA itself defines "knowingly." 31 U.S.C. § 3729(b)(1).

Defendants, like the defendants in *SuperValu* and *Safeway*, attempted to argue that they could not be liable under the FCA because there was an "objectively reasonable" interpretation of the facts and law that would justify their actions in (1) not repaying what they knew or should have known was an overpayment and (2) submitting false claims for reimbursement. Plaintiffs argued that there was no such "objectively reasonable" interpretation. *See* Dkt. 427 at 7-13. Regardless, the Supreme Court has now foreclosed Defendants' argument. In a unanimous opinion, the Supreme Court held that FCA's scienter element refers to the defendant's knowledge and subjective beliefs, not what an objectively reasonable person might have known or believed. *Schutte*, 2023 WL 3742577 at *6.

Under the FCA, the term "knowingly" includes (1) actual knowledge of the information; (2) deliberate ignorance of the truth or falsity of the information; or (3) reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A). "In short, either actual knowledge, deliberate ignorance, or recklessness will suffice." *Schutte*, 2023 WL 3742577 at *6. The FCA expressly states that "the terms 'knowing' and 'knowingly' require no proof of specific intent to defraud." *Id.* at n. 3 (quoting 31 U.S.C. § 3729(b)(1)(B)). And these elements generally track the traditional elements

2

for common law fraud. *Id.* Also, "capturing the FCA's use of the term 'deliberate ignorance,' . . . an action for fraud would lie if 'a person making a false statement had shut his eyes to the facts, or purposely abstained from inquiring into them.'" *Id.* (citations omitted). The Supreme Court provided the following guidance on the statutory standard for scienter, which tracks what Plaintiffs have already argued:

> On their face and at common law, the FCA's standards focus primarily on what respondents thought and believed. First, the term 'actual knowledge' refers to whether a person is 'aware of' information. Second, the term "deliberate ignorance' encompasses defendants who are aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statement's truth or falsity. And, third, the term 'reckless disregard' similarly captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false, but submit the claims anyway.

*Id.* at *7 (citations omitted). As discussed extensively in Plaintiffs' summary judgment briefing, Defendants meet this standard and are liable for "knowingly and improperly" avoiding their obligation to repay Medicaid funds in violation of the FCA. *See* Dkt. 391 at Section I.B; Dkt. 415 at Section I.B.

Here, the definitions of "overpayment" or "false claim" are not ambiguous under the statute. But even if they were, the Supreme Court additionally noted that "facial ambiguity" "does not by itself preclude a finding of scienter under the FCA." *Id.* at *8. That is because "ambiguity does not preclude [defendants] from having learned [the terms'] correct meaning—or, at least, becoming aware of a substantial likelihood of the terms' correct meaning." *Id.* And the focus is what the defendant knew or should have known at the time of submitting the false claim, or in the context of overpayment, at the time it should have been repaid. *See id.* at *7.

3

The Supreme Court also rejected the argument that *Safeco* even supported the "objectively reasonable interpretation" standard the Seventh Circuit used for two reasons. First, as Plaintiffs have already pointed out, *Safeco* was decided in the context of a different statute. *Id.* at *8. And further, *Safeco* "did not purport to set forth the purely objective safe harbor that respondents invoke," and did not suggest that what the defendant knew was irrelevant. *Id.* at *9.

Finally, the Supreme Court also noted that policy arguments "cannot supersede the clear statutory text." *Id.* at *10 (citation omitted).

## II. The Supreme Court Decisions in *Supervalu* and *Safeway* Do Not Apply to TMFPA And LMAPIL Claims.

As Plaintiffs have already explained, there is no basis for applying the scienter requirement of *SuperValu* or *Safeway* to Relator and Texas's claims under the TMFPA, nor to Relator's claims under LMAPIL. *See* Dkt. 427 at 13-15.

### CONCLUSION

*SuperValu* does not help Defendants nor absolve them of liability. Plaintiffs request that the Court grant their motions for summary judgment.

4

Respectfully submitted.

/s/Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys For Relator***


JOHN B. SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

/s/ Reynolds Brissenden
Reynolds Brissenden
Texas Bar No. 24056969
Deputy Chief, Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Reynolds.Brissenden@oag.texas.gov

***Attorneys for State of Texas***

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/Heather Gebelin Hacker
Heather Gebelin Hacker
