**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | No. 2:21-cv-022-Z |

**THE PARTIES' PROPOSED SCHEDULING ORDERS**

On June 26, 2023, the Court ordered the Parties to file a joint proposed scheduling order consistent with the Court's prior scheduling orders concerning the trial date and remaining pretrial matters by June 30, 2023. *See* Dkt. 464. Because the Parties were unable to reach agreement on a proposed scheduling order, they hereby submit their respective positions and proposed scheduling orders for the Court's consideration.

1

A.      **PLAINTIFFS' PROPOSAL**

| Pretrial Disclosures and Objections (para. 7) | August 31, 2023 |
| --- | --- |
| Expert Objections (para. 5d) | September 7, 2023 |
| Motions in Limine (para. 8F) | September 12, 2023 |
| Pretrial Materials (para. 8) | September 15, 2023 |
| Motion in Limine Responses (para. 8F) | September 19, 2023 |
| Exchange of Exhibits (para. 8C) | September 26, 2023 |
| Motions in Limine Replies (para. 8F) | September 26, 2023 |
| Pretrial Conference (para. 10) | September 29, 2023 |
| Trial Date (para. 1) | October 10, 2023 |

Plaintiffs respectfully request that the Court reset trial in this matter for October 10, 2023 and enter the pretrial schedule set forth above which is consistent with the pretrial schedule previously entered by the Court. Plaintiffs' position is that Defendants are represented by over twenty lawyers from two of the largest law firms in the world and should not be permitted to delay the trial in this matter based on other matters their lawyers are handling. Defendants have repeatedly requested amended schedules to delay the trial date in this case.  The case was last set for trial on April 24, 2023 and Defendants requested a stay which the Court granted in February. The case was stayed for approximately 15 weeks until June 16, 2023.  Because Plaintiffs anticipated that Defendants would request additional time and delay of the trial date based on conflicts among their team of lawyers, Plaintiffs proposed October 10, 2023 rather than August 25, 2023 (approximately 15 weeks after April 24, 2023). Plaintiffs have been prepared to try this case for many months and remain ready and willing to do so at the earliest date available for the Court. It cannot be that over twenty lawyers representing Defendants are incapable of being ready for trial over three months from today, especially when the case was previously set for trial on April 24, 2023.  If Defendants' purported trial counsel Craig Margolis (who has not participated in this case in over a year other than taking a single deposition) actually goes to trial in another matter that conflicts with the proposed October 10, 2023 trial date (which is unlikely), Defendants

can raise his conflict at that time and explain why their many other lawyers are unable to try the case without him. Moreover, Defendants' lead counsel Tirzah Lollar has no conflict in October. Accordingly, Plaintiffs request that the Court set the case for trial on October 10, 2023.

B. **DEFENDANTS' PROPOSAL**

Due to conflicts with Plaintiffs' proposed trial date, Defendants respectfully request that the Court reset trial for December 4, 2023, along with related pretrial deadlines, as set forth below and in Defendants' Proposed Fourth Amended Scheduling Order attached hereto as Exhibit D-1.[1]

| | |
|---|---|
| Pretrial Disclosures (para. 7) (Includes identification of witnesses who may be presented by deposition, but does not include depo designations) | October 16, 2023 |
| Initial Depo. Designations (para. 7) | October 20, 2023 |
| Objections to Pretrial Disclosures (para. 7) Daubert Motions (para. 5D) | October 30, 2023 |
| Motions in Limine (para. 8F) Objections to Depo. Designations (para. 7) Counter Depo. Designations | November 3, 2023 |
| If no MILs, Joint Rule 7.1 Conf. Statement (para. 8F) | November 7, 2023 |
| Joint Pretrial Order (para. 8A) File Witness List (para. 8B) Objections to Counter-Depo. Designations Counters to Counter-Depo Designations Responses to Objections to Pretrial Disclosures | November 10, 2023 |
| Motion in Limine Responses (para. 8F) | November 13, 2023 |
| Objections to Counter-Counter Depo. Designations Replies in Support of Pretrial Disclosures | November 17, 2023 |
| Exchange Exhibits & Submit Marked Exhibits to Court (para. 8C) File Exhibit List and Depo. Designations/Objections (para. 8C) | November 22, 2023 |

---

[1] Prior to the stay in this case, Defendants and Plaintiffs had discussed modifying the process for pretrial disclosures and deposition designations in the prior scheduling order to add certain dates while working within the framework of the Court's existing scheduling order. Consistent with those discussions, Defendants' Proposed Fourth Amended Scheduling Order adds additional dates and procedures for objections, responses, and replies for pretrial disclosures, as well as additional dates and procedures for initial deposition designations, objections, and counter-designations. Those changes are reflected in the table on the first page (for Pretrial Disclosures and Objections to Pretrial Disclosures) and Paragraph 7 of the proposed scheduling order.

3

| | |
|---|---|
| Motion in Limine Replies (para. 8F) | |
| Pretrial Conference (para. 9)<br>Proposed Voir Dire Questions (para. 8E)<br>Trial Briefs (para. 8G)<br>Joint Proposed Jury Charge & Verdict Form (para. 8D)<br>Trial Binders (para. 8H) | November 27, 2023 |
| Trial Date | December 4, 2023 |

Plaintiffs have identified <u>no conflicts</u> with Defendants' proposed trial date, nor have they identified any prejudice associated with commencing trial the first week of December versus the second week of October. By contrast, Plaintiffs' proposal for an October 10 trial date conflicts with trial schedules for PPFA's lead trial counsel and two trial partners (including lead trial counsel) and two associates for Affiliate Defendants. It would be fundamentally unfair to require PPFA or Affiliate Defendants, or potentially *all* Defendants, to proceed without their lead trial counsel for a trial in which Plaintiffs seek to hold Defendants liable for up to $1.8 billion dollars in damages and penalties. Further details on the pre-existing conflicts are below.

- **PPFA Conflict: Trial (September 19 - 27)**

  Lead trial counsel for PPFA (Leah Godesky) is scheduled for trial from September 19 through September 27 before Judge Killefer in California Superior Court for Los Angeles County in *Foxcroft Productions, Inc. v. Universal City Studios*, Case No. BC683206, which has been pending since November 2017 and was set for a re-trial after the court of appeals affirmed the court's order for a new trial. *See* Exhibit D-2, Notice of Trial and Final Status Conference, *Foxcroft Productions, Inc. v. Universal City Studios*, Case No. BC683206. Although the parties in *Foxcroft Productions* expect the presentation of the case to close by September 27, 2023, it is simply not reasonable to expect PPFA's lead trial counsel to appear for the pretrial conference in this case a mere two days later (assuming that the *Foxcroft* trial does not run over and the jury renders a quick verdict) under Plaintiffs' proposed scheduling order.

- **Affiliates Defendants Conflict: Pretrial Conference (October 3) and Trial (October 16 – November 16)**

  Lead trial counsel (Craig Margolis) and associates (Megan Pieper and Jayce Born) for Affiliate Defendants are scheduled for trial on October 16, with a Pretrial Conference scheduled on October 3, before Judge Fallon in the Eastern District of Louisiana in *US ex rel. Romero v. AECOM et al*., No. 16-cv-15092 (E.D. La.), which is expected to last four

4

to five weeks.  *See* Exhibit D-3, Order (Dkt. 273), *US ex rel. Romero v. AECOM et al.*, No. 16-cv-15092 (E.D. La. Apr. 5, 2023); Exhibit D-4, Declaration of Craig Margolis ("Margolis Decl."), at ¶¶ 3-5 (June 30, 2023).  *Romero* is a False Claims Act case that was unsealed in June 2020 after the United States intervened.  Although the court recently reset the trial date to October 16 (after lead counsel for the United States had a health issue), as the attached declaration explains, it is the parties' understanding that Judge Fallon has set aside significant time for that trial and the trial setting is firm.  *See* Ex. D-4, Margolis Decl. at ¶¶ 4-5.

- **PPFA Conflict:  Pretrial Conference (October 16) and Trial (November 7 - 21)**

Lead trial counsel for PPFA (Leah Godesky) is also scheduled for trial from November 7 through November 21, with a Pretrial Conference scheduled on October 16, before Judge Snyder in the Central District of California in *Malkin v. Federal Insurance Company*, Case No. 2:21-CV-00172 (C.D. Cal.), which was removed to federal court and has been pending since January 2021.  *See* Exhibit D-5, Amended Order (Dkt. 61), *Malkin v. Federal Insurance Company*, Case No. 2:21-CV-00172 (C.D. Cal. Jan. 3, 2023).  The court there has indicated that **"[n]o further continuances will be granted except for extraordinary good cause**." *Id*.

- **Affiliate Defendants Conflict:  Pending Joint Request for Three-Week Trial Setting in October**

Trial partner for Affiliate Defendants (Chris Odell) also recently jointly requested with opposing counsel a preferential trial setting in October for a three-week trial before Judge Rosenthal in the Southern District of Texas in *Petrobas America, Inc. v. Samsung Heavy Indus. Co., Ltd*., 4:19-cv-01410 (S.D. Tex.), which has been pending in that court since March 5, 2019.  *See* Exhibit D-6, Parties' Joint Letter Regarding Mediation Outcome (Dkt. 225), *Petrobas America, Inc. v. Samsung Heavy Indus. Co., Ltd*., 4:19-cv-01410 (S.D. Tex. June 23, 2023).  While the parties have requested a trial date in October, *id*., under the present schedule, the case will be assigned a two-week trial docket starting August 2, 2023, and after that date can be called to trial within 48 hours' notice at any time.  *See Petrobas America, Inc. v. Samsung Heavy Indus. Co., Ltd*., 4:19-cv-01410 (S.D. Tex.) *and* R. 11A, Ct. Proc. of the Honorable Lee H. Rosenthal (last accessed June 30, 2023), https://www.txs.uscourts.gov/page/judge-rosenthals-court-procedures.

The sole objection that Relator raised to Defendants' proposal was their insistence that a December trial is "too late" and an "unnecessary delay" despite Defendants' identification of scheduling conflicts in several cases that have been pending *much longer* than the instant case.  Relator dismissed Defendants' scheduling conflicts as creating an "unnecessary delay" based only on their speculation that the *Romero* case is "very unlikely" to go to trial on October 16 because

5

dispositive motions are not due until July and prior continuances have been granted in that case. But *Romero* is not the only conflict that Defendants have identified. As discussed above, PPFA's lead trial counsel (Leah Godesky) has two scheduling conflicts: (i) she has one trial that is scheduled through at least September 27 in California Superior Court and cannot reasonably be expected to prepare and appear at a pretrial conference in this case on September 29 and (ii) she has a pretrial conference scheduled on October 16 in another case in the Central District of California that squarely conflicts with Plaintiffs' proposed October 10 trial date. In addition, trial partner for Affiliate Defendants (Chris Odell) has a pending joint request for a preferential trial setting in October for another case in the Southern District of Texas.

As for the *Romero* case, additional schedule extensions are not anticipated and the October 16 trial date is not expected to change. Ex. D-4, Margolis Decl. ¶ 5. It is unclear why Relator believes the due date for dispositive motions bears on the "likelihood" that that case will go to trial on October 16. Presumably, when it entered the scheduling order in that case, the *Romero* court anticipated that it could rule on the dispositive motions (assuming any) and, if denied, move forward with the October 16 trial date specified in that order. As for Relator's reference to other continuances in that case, the fact that prior continuances have been granted typically means that the court is *less likely* to grant any further continuances, *not* that it is more likely to do so. *See, e.g., Mahar v. Nat'l Railroad Passenger Corp.*, 2022 WL 1102222, at *5 (E.D. La. Apr. 13, 2022) (noting court denied motion to continue trial date after granting several prior trial continuances); *Brown v. Cooper*, 2012 WL 12861170, at *3 (D. Wy. Nov. 27, 2012) (denying motion to continue trial date when "[t]here have already been several continuances").

That Defendants have scheduling conflicts with Plaintiffs' proposed schedule, and Plaintiffs have identified none as to Defendants' proposed schedule, counsels in favor of adopting Defendants' Proposed Fourth Amended Scheduling Order.[2]

Dated:  June 30, 2023

Respectfully submitted,

By:   */s/ Andrew B. Stephens*
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys For Relator***


JOHN B. SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

---

[2]  Indeed, even if the Court had acted *sua sponte* to reset trial for October 10, 2023, scheduling conflicts such as these—that are beyond counsels' control—would provide good cause for continuing the trial date.  *See, e.g., In re Commercial Servs. Building, Inc.*, 2017 WL 3836039, at *3 (C.D. Cal. Aug. 31, 2017); *see also Hoffman v. L&M Arts*, 2012 WL 5906722, at *2 (N.D. Tex. Nov. 26, 2012) (continuing trial and stating that "[b]ecause the court has reset this case to this docket without determining whether counsel, their clients, or their witnesses have material conflicts-e.g., conflicting settings in cases that are likely to be tried and prepaid vacations—counsel should alert the court to conflicts before seeking continuances in other cases").

By: */s/ William D. Wassdorf*
Reynolds Brissenden
Texas Bar No. 24056969
Deputy Chief, Civil Medicaid Fraud Division
William D. Wassdorf
Texas Bar No. 24103022
Assistant Attorney General

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Reynolds.Brissenden@oag.texas.gov
Will.Wassdorf@oag.texas.gov

***Attorneys for State of Texas***


O'MELVENY & MYERS LLP

By: */s/ Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101

T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*


ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Tirzah S. Lollar*
CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
EMILY REEDER-RICCHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York, New York 10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499


RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN

9

                    Texas Bar No. 24073967
                    ryan@ryanbrownattorneyatlaw.com
                    1222 S. Fillmore St.
                    Amarillo, Texas 79101
                    T: (806) 372-5711
                    F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

                    */s/ Danny S. Ashby*
                    Danny S. Ashby