## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § | |
| Defendants. | § | |

## RELATOR'S REPLY IN SUPPORT OF MOTION TO UNSEAL PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND SUPPLEMENTAL APPENDIX

## INTRODUCTION

Relator files this Reply in Support of Relator's Motion to Unseal Plaintiffs' Response to Defendants' Motions for Summary Judgment and Supplemental Appendix and respectfully requests the Court unseal Plaintiffs' Response (Dkt. 415) ("Response") and Supplemental Appendix (Dkt. 416) ("Supplemental Appendix") in their entirety. Defendants state in their opposition brief (Dkt. 460) that they do not oppose unsealing Plaintiffs' entire Response. Defendants argue that the Court should not unseal the Supplemental Appendix because it contains documents that Plaintiffs did not cite in their Response and documents that Defendants designated "Confidential" and "Attorneys Eyes Only" during discovery. Neither argument is sufficient to overcome the strong presumption in favor of the public's right of access to judicial records.

## ARGUMENT

### I.    The Documents in Plaintiffs' Supplemental Appendix are Summary Judgment Evidence Cited and Relied on in Plaintiffs' Summary Judgment Briefing.

Defendants argue at length that the Court should not unseal the Supplemental Appendix because it contains documents that Plaintiffs did not cite in their Response. The documents in the Supplemental Appendix are relevant and admissible summary judgment evidence, and are part of the summary judgment record. Defendants are correct that many of the documents in the Supplemental Appendix were not cited in the Response, but Plaintiffs have since filed their reply brief in support of Plaintiffs' motions for summary judgment, and a second supplemental appendix, Dkt. 440, 441.

1

All of these filings (in addition to Plaintiffs' prior summary judgment brief and appendix) are part of the summary judgment record and, based on Plaintiffs' review, nearly every document in the Supplemental Appendix is cited in one or more of the summary judgment briefs Plaintiffs have filed in this case. Exhibit A to Defendants' opposition is false and misleading because nearly every document on Exhibit A has been cited by Plaintiffs in their summary judgment briefing. Thus, there is no basis for Defendants' argument that documents not cited in the Response should remain under seal since these documents are part of the summary judgment record and nearly every document in the Supplemental Appendix is cited in one or more of the summary judgment briefs that Plaintiffs have filed in this case.

## II.   Defendants' Argument That Documents Designated "Confidential" and "Attorneys Eyes Only" Should Remain Under Seal is Meritless.

As the Court already noted multiple times, documents like the ones in Plaintiffs' Supplemental Appendix do not warrant "Attorney Eyes Only" designation. *See* Dkt. 340 at 5-6 (citing Dkt. 214 at 8-9). But even if they did, the Protective Order in this case does not justify the sealing of documents in the judicial record. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519 (cleaned up). "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Le*, 990 F.3d at 420 (emphasis in original). "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* at 419 (emphasis in original). "Under both standards,

the working presumption is that judicial records should not be sealed." *Id.* Moreover, even if the parties *agree* that the materials should be sealed, that has little bearing because "[m]ost litigants have no incentive to protect the public's right of access." *Le*, 990 F.3d at 420 (cleaned up). Therefore, "judges, not litigants[,] must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up).

Defendants argue that the Court should not unseal the Supplemental Appendix because it contains PPFA training materials, nonparty information, the PPFA Medical Standards & Guidelines, and PPGC Board of Directors Minutes. Dkt. 460 at 6-10. The Court previously cast doubt on whether Defendants' documents could qualify as "trade secrets." Dkt. 214 at 9. Defendants previously sought to justify "Confidential" and "Attorneys Eyes Only" designations because disclosure "could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors." Dkt. 157 at 6-9; Dkt. 340 at 6-7. The Court held that "PPFA must describe the alleged harm it will suffer from any disclosure 'with particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Dkt. 214 at 9-10. *See Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *6 (quoting *Penn, LLC v. Prosper Bus. Devel. Corp.*, No. 2-10-CV-0993, 2012 WL 5948363 (S.D. Ohio Nov. 28, 2012)); *see also Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *Broadspring, Inv. v. Congoo, LLC*, No. 13-CV-1866 JMF, 2014 WL 4100615, at *21 (S.D.N.Y. Aug. 20, 2014); *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986). Defendants claim that disclosure of

the PPFA training materials could cause financial harm to Defendants, Dkt. 460 at 14, but these are "stereotyped and conclusory statements" that do not describe the alleged harm "with particular and specific demonstration of fact." Dkt. 214 at 9-10; Dkt. 340 at 7 ("Apart from the general concept that disclosure of some types of sensitive information to a competitor may result in harm, the Motion contains no particularized argument."). Defendants also claim that disclosure of non-party information would subject non-parties to increased risk of harassment, financial harm, and litigation. Dkt. 460 at 7, 8. But Defendants' purported risk of harm to non-parties is purely speculative and is not described with "particular and specific demonstration of fact." Dkt. 214 at 9-10. Defendants unsupported and speculative assertions regarding risks of harassment and financial harm are insufficient for the Court to depart from controlling Fifth Circuit precedent that these documents should be public. *Le*, 990 F.3d at 417.

Moreover, the public has a compelling right to access these documents in their entirety. PPFA claims that it cannot be liable for Medicaid fraud in this case because it does not provide medical care and does not direct or control the operations of the PPFA Defendant Affiliates. That argument is false as shown by many of the summary judgment documents submitted by Plaintiffs, including the documents that Defendants now seek to hide from public view – PPFA training materials, the complete PPFA Medical Standards & Guidelines, and PPGC Board of Directors Minutes. PPFA even admits the significance of the PPFA Medical Standards & Guidelines, stating in its opposition to unsealing that these "standards and guidelines

are the *foundational documents* by which *all Planned Parenthood affiliates across the country* provide consistent, high-quality medical care and thus represent the Planned Parenthood brand and mark." Dkt. 460 at 8-9 (emphasis added). The public has a compelling interest in full and complete access to the PPFA Medical Standards & Guidelines because, based on PPFA's own admission, this document undermines PPFA's argument that it does not direct or control the business of the PPFA Defendant Affiliates. The same is true of the PPFA training materials that it provides to the PPFA Defendant Affiliates. The public has a compelling interest in having full access to the summary judgment record in this case, including the documents in Plaintiffs Supplemental Appendix that Defendants seek to hide from public view.

The balance of the public interest in the claims and facts underlying this case outweighs any interest the Defendants might have in confidentiality. This Court should accordingly unseal Plaintiffs' Response and Supplemental Appendix in their entirety.

## CONCLUSION

Based on the foregoing, Relator respectfully requests that this Court unseal Plaintiffs' Response to Defendants' Motions for Summary Judgment (Dkt. 415) and Supplemental Appendix (Dkt. 416).


Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker

5

Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Andrew B. Stephens
Andrew B. Stephens