IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

# ORDER

Before the Court is Relator's Motion to Compel Production of Document on Defendants' Privilege Log ("Motion") (ECF No. 490), filed on June 16, 2023. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

On January 2, 2023, the Court entered an order denying Texas's Motion to Compel Defendants' Production of Documents Identified on Defendants' Privilege Logs. *See* ECF No. 376. Aside from the standard briefing for the motion, Relator also filed a short memorandum in support of Texas's motion. ECF No. 370. Relator's filing highlighted a single document Bates-stamped PPGT00015864-PPGT00015871 (the "Document") — an email chain identified on Defendants' privilege log as "requesting and providing legal advice" concerning SB8 "bounty suits." ECF No. 490 at 2. The Court's order did not discuss Relator's brief in depth because it provided no additional analysis, and because the Document was otherwise not mentioned specifically in Texas's briefing or Defendants' opposition briefing. Relator now moves to compel Defendants to produce the Document. Relator contends the Document is relevant and cannot be withheld under attorney-client privilege or the work product doctrine.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any non-privileged matters that are both: (1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Control of discovery "is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).

**ANALYSIS**

**A. The Court Already Decided This Issue**

Defendants rightly point out that the Motion is essentially a motion for reconsideration of an issue the Court has already decided. ECF No. 461 at 12. The Federal Rules of Civil Procedure generally do not recognize such motions. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, courts apply Rule 54(b) when considering a motion for reconsideration. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). "Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005). "Such motions are not the proper vehicle for rehashing old arguments or advancing

theories of the case that could have been presented earlier." *Arrieta v. Yellow Transp., Inc.*, No. CIV.A.3:05CV2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009).

As explained above, the Court denied Texas's motion to compel in its entirety. ECF No. 376. The conclusion to that order expressly declined to compel Defendants to produce the Document that Relator seeks. *Id.* at 8. The Court held that Texas's motion failed mostly because it "challenge[d] Defendants' assertions of attorney-client privilege while ignoring Defendants' assertions of work-product protection that purport to cover almost all the challenged documents." *Id.* at 6. Relator's supplemental brief could have addressed that issue and its applicability to the Document as the Motion does now. *See* ECF No. 490 at 8. But because Relator did not make those arguments then, Relator cannot make those arguments now. Nor can Relator rehash old arguments that have already been presented to the Court. Relator contends that the Document is "new evidence" that "justifies reconsideration" because the Document was produced "*after* Texas filed its motion to compel." ECF No. 502 at 2. However, the unredacted form of the Document was inadvertently produced before that, and the redacted version was produced only two days after Texas filed its motion. ECF No. 354. And the Court was aware of the Document when it denied Texas's motion. Thus, the Document is not "newly discovered evidence" that would warrant a motion for reconsideration. *AMS Staff Leasing*, 2005 WL 3148284, at *3. Accordingly, the Court declines to reconsider its ruling.

### B. The Motion is Untimely

Additionally, the Motion is untimely. The Court has been generous concerning the timeliness of any motions to compel. *See* ECF Nos. 184 at 3, 408 at 3. As noted, courts consider various factors in determining whether a motion to compel after the discovery deadline should be permitted, including: "(1) the length of time since the expiration of the deadline, (2) the length of

time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." ECF No. 184 at 3 (quoting *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006)).

But here, these factors do not counsel in favor of considering the Motion. *See* ECF No. 461 at 18–19. The Motion was originally filed almost two months after the discovery deadline passed, and that deadline has not been extended. *See* ECF Nos. 346, 433. Relator does not deny they have "known about the discovery" since October 28, 2022, when Defendants notified Relator that the Document was inadvertently produced without redactions. ECF No. 461 at 18. Dispositive motions have been filed and briefing on those motions is complete. And the explanation that the Motion "fell by the wayside" because "Relator's counsel was kept busy" is insufficient. ECF Nos. 462 at 12, 502 at 3. Therefore, the Motion is untimely.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED.**

July __7__, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE