**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>     Plaintiffs ,<br><br>v.<br><br>Planned Parenthood Federation of America,<br>Inc., Planned Parenthood Gulf Coast, Inc.,<br>Planned Parenthood of Greater Texas, Inc.,<br>Planned Parenthood South Texas, Inc.,<br>Planned Parenthood Cameron County, Inc.,<br>Planned Parenthood San Antonio, Inc.,<br><br>     Defendants. | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF MELANEY LINTON

I, Melaney Linton, declare and state as follows:

1.     I am currently the President and Chief Executive Officer of Planned Parenthood Gulf Coast, Inc. ("PPGC"). I have held this position since 2012. From 2007 to 2012, I was Chief Operating Officer of PPGC. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining business records kept in the ordinary course of PPGC's business. If called upon to testify, I could and would testify thereto.

2.     I make this declaration in support of Defendants' Opposition to Relator's Motion to Unseal Plaintiffs' Reply in Support of Plaintiffs' Motions for Summary Judgment and Second Supplemental Appendix (ECF No. 459). I understand that the Relator is attempting to unseal Plaintiffs' Reply (ECF No. 495) and 1,569 page Second Supplemental Appendix (ECF No. 496),

and that some of the documents in Plaintiffs' Second Supplemental Appendix were designated by PPGC as "Confidential" or "Confidential Attorneys' Eyes Only" under the Protective Order entered in this matter. I also understand that Plaintiffs included certain documents designated by PPGC as "Confidential" or "Confidential Attorneys' Eyes Only" in their Appendix in Support of their Motions for Summary Judgment (ECF No. 475) ("Appendix") and Supplemental Appendix in Support of their Opposition to Defendants' Motions for Summary Judgment (ECF No. 482) ("Supplemental Appendix") and cited certain designated documents in their Appendix and Supplemental Appendix for the first time in their Reply. PPGC has reviewed the documents in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix and has downgraded the confidentiality designations on certain documents. Unsealing the documents or portions of documents that PPGC has not downgraded would substantially and materially harm PPGC and others by disclosing trade-secret level, non-public information.

3.      PPGC is a healthcare provider, and competes with other healthcare organizations for medical professionals and patients in the market place. As a 501(c)(3) non-profit organization, PPGC is also reliant on securing donations and other grants to fund its mission of providing high-quality reproductive healthcare to its patients in Texas and Louisiana. In that context, PPGC is competing with similarly situated organizations to secure access to donations and grants. In addition, PPGC's mission elicits strong opposition actors who have conducted acts against PPGC that range from harassing business and mission partners to acts of violence.

4.      The documents Relator is seeking to unseal were designated as "Confidential" or "Confidential Attorneys' Eyes Only Information" because they include non-party names and contact information, financial information and information regarding grants PPGC has received, trade secret and proprietary information, and non-party financial information.

**Documents in Plaintiffs' Appendix that were Cited for the First Time in the Reply**

5.       PPGC stated its objections on grounds other than the lack of citation to unsealing the documents in Plaintiffs' Appendix that were designated by PPGC as "Confidential" or "Confidential Attorneys' Eyes Only," including documents that were cited for the first time in Plaintiffs' Reply, in its February 8, 2023 Declaration.  *See* Curtis Decl. ¶¶ 5, 8, ECF No. 488 at 39-41.[1]  PPGC reincorporates these objections now that the documents have been cited.

**Documents in Plaintiffs' Supplemental Appendix that were Cited for the First Time in the Reply**

6.       Non-Party Names and Contact Information. The documents in this category contain the personal contact information of PPGC board members, including the home address of one board member.  *See* APPX.006769-APPX.006777.  As previously stated in its February 8, 2023 declaration, the disclosure of this information could cause an increase in harassment and the threat of violence to those PPGC board members.  *See* Curtis Decl. ¶ 5, ECF No. 488 at 39-40.

7.       Trade Secret and Proprietary Information. The documents in this category include a PPFA compliance training document for provided to PPGC as one of the benefits of Planned Parenthood membership.  *See* APPX.006813-APPX.006848.[2]  Disclosure of this information could lead to financial harm to PPGC if obtained by its healthcare provider competitors, as the document contain expertise and guidance from PPFA and could disrupt current systems and affect PPGC's ability to provide patient care.  Further, as these materials are developed as confidential

---

[1] PPGC objected to the unsealing of: (1) APPX.005587-APPX.005588 because it contains non-party names and contact information and (3) APPX.004115-APPX.004117 because it contains financial and grant information.

[2] This document was designated as "Confidential Attorneys' Eyes Only" and was produced as a native PowerPoint presentation, which did not include the confidentiality designation markings or Bates numbers, and a slipsheet indicating its confidentiality designation.  Plaintiffs' Supplemental Appendix only includes the native PowerPoint presentation and did not include the slipsheet to indicate the confidentiality designation.

and proprietary resources for the benefit of all Planned Parenthood Affiliates, including the 46 Affiliates which are not parties in this case, the disclosure of these documents could cause competitive harms to all Affiliates by making the expertise, guidance, and findings available for anyone to use.  *See* Custer Decl. ¶ 7, ECF No. 488 at 46-47.

**Documents in Plaintiffs' Second Supplemental Appendix**

8.    <u>Non-Party Names and Contact Information.</u> The documents in this category include the names and emails of non-public employees.  APPX.009187-APPX.009189.  As previously stated in its February 8, 2023 declaration, the disclosure of this information could cause an increase in harassment and the threat of violence to those non-public employees. *See* Curtis Decl. ¶ 5, ECF No. 488 at 39-40.

9.    <u>PPFA Annual Affiliate Financial Reports.</u> These documents contain complex financial information about PPFA, PPGC, the other Affiliate Defendants, and third parties.  *See* APPX.007772-APPX.007784 and APPX007992-APPX.008083.  Disclosure of this confidential financial information could cause PPGC financial harm if it is obtained by the general public or PPGC's competitors, such as by revealing non-public information about how PPFA allocates resources between Affiliates and in support of various programs or initiatives.  These documents also include financial information about PPGC and could lead to financial harm to PPGC if obtained by its competitors as it could reveal information about PPGC's revenues.  Releasing financial information of the other Planned Parenthood Affiliates (including 46 Affiliates which are not parties to this case) could cause them significant financial harm, as competitors—and other third parties—could use that data to evaluate their business and find places to exploit and undercut them in future transactions.  Public disclosure of this information could cause further harm and disruption to PPGC's and the non-party affiliates' current programs or standing in the marketplace,

as well as expose the staff of non-party affiliates to harassment or harm.  *See* Custer Decl. ¶ 7-8, ECF No. 488 at 46-47; Curtis Decl. ¶ 6, 8, ECF No. 488 at 40-41.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 10, 2023 in San Francisco, California.

Melaney Linton