IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | No. 2:21-CV-00022-Z |

**DECLARATION OF KIM CUSTER**

I, Kim Custer, declare and state as follows:

1. I am currently employed by Planned Parenthood Federation of America, Inc. ("PPFA") as Executive Vice President and Chief Federation Engagement & Impact Officer. I have served as Executive Vice President since 2015 and as Chief Federation Engagement & Impact Officer since the end of 2021.

2. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept in the normal course of business by PPFA. If called upon to testify, I could and would testify to the facts in this declaration.

3. I make this declaration in support of Defendants' Opposition in Part to Relator's Motion to Unseal Plaintiffs' Reply in Support of Plaintiffs' Motions for Summary Judgment and Second Supplemental Appendix. I am familiar with the claims and allegations in the above-captioned case based on my review of the Complaint filed by Relator and the Complaint in Intervention filed by the State of Texas.

4. I have reviewed the documents discussed below, which I understand were included in a sealed Appendix, Supplemental Appendix, or Second Supplemental Appendix filed by Plaintiffs that Relator seeks to unseal.

5. **Trade-Secret Level, Non-Public Documents.** Several of the documents that Relator seeks to unseal contain highly confidential, proprietary materials created by PPFA that include information constituting a trade secret or otherwise highly confidential, non-public information about PPFA programs and procedures. These materials were either developed as confidential and proprietary resources for the benefit of Planned Parenthood affiliates, as one of the numerous benefits of Planned Parenthood membership, or the documents themselves discuss confidential and proprietary PPFA programs and initiatives. Making such documents available to the public could cause competitive harm to PPFA and/or Planned Parenthood affiliates by making the expertise, guidance, findings, and initiatives detailed in these materials available to anyone to use. It would also provide to the public closely held information about how the Planned Parenthood affiliates—including those non-parties named in these documents as examples and case studies—operate their businesses, which would in turn put them at a competitive disadvantage.

    a. **PPFA 2020 Draft Funding Agreement Between PPFA and BetterHealth: A Planned Parenthood Partnership (Appx.004158-4166).** Relator seeks to unseal

2

a draft, unexecuted funding agreement between PPFA and BetterHealth, an organization that partners with Planned Parenthood affiliates to manage their electronic health records and medical revenue cycles. This draft funding agreement is highly confidential and proprietary material drafted by PPFA and BetterHealth, and PPFA treats the terms contained therein as a trade secret regarding the methods of transaction of PPFA's business. The agreement involves a non-party vendor with which PPFA routinely engages in business, and the final agreement—let alone an unexecuted draft of it—has no relevance to this litigation. Agreements like this one are routinely treated as confidential in business transactions and are not shared outside the organizations that are party to them. This draft agreement details possible terms between PPFA and a non-party to this litigation, and it details sensitive financial information related to a proposed PPFA grant. Making this draft agreement available to the public would reveal, at the very least, how PPFA considers funding non-profit partners, which directly relates to how PPFA runs its business. This could cause a competitive disadvantage for PPFA if prospective contracting partners could see the draft terms for agreements negotiated with PPFA's other business partners.

b. **PPFA 2016 OHS (Online Health Service) NewCo Business Plan (Appx.004167-4213).** Relator seeks to unseal PPFA's 2016 OHS NewCo Business Plan. This business plan contains highly confidential and proprietary business material created by PPFA, and PPFA treats the information contained therein as a trade secret, as facially noted in the footer of that document. The business plan includes a detailed financial plan, affiliate customer insights, and an operating plan complete with

3

platform-development and marketing plans, all of which directly lay out PPFA's business intentions and strategies related to launching the NewCo platform. This business plan was developed in collaboration with Planned Parenthood affiliates at considerable time, effort, and expense, and after extensive research and consultation, as the document itself highlights. Making the business plan available to the public could cause competitive harm to all Planned Parenthood affiliates by making the research, findings, expertise, and detailed strategic plans (including volume and revenue projections) included therein available to anyone to use and copy without having to incur the associated costs that PPFA and its affiliates incurred to develop this business plan. It would also provide a detailed picture to competitors of how PPFA manages its online health services platform, which would in turn put PPFA at a competitive disadvantage in the marketplace.

c. **PPFA 30(b)(6) Deposition of Vickie Barrow-Klein, Exhibit 15 (Appx.004822-4859).** Relator also seeks to unseal in full a detailed financial document that was used at Vickie Barrow-Klein's Rule 30(b)(6) deposition. While a portion of this document contains public information (i.e., Appx.004822-4837) and may be unsealed, the remainder of the document includes highly sensitive financial information (on a transaction-by-transaction basis) that is not shared with anyone in report form. This transaction-specific information (which goes far beyond what PPFA discloses in its public Form 990s) provides a detailed breakdown of PPFA's financial data that may only be queried for specific research or reconciliation purposes (i.e., for internal business and strategic evaluation) with leadership approval. Additionally, if this document is unsealed, competitors of PPFA could

4

use the detailed financial information to harm PPFA's brand and interfere with PPFA's business relationships.

d. **Medical Director Orientation Manual (Appx.004888-4942).** Relator also seeks to unseal a draft of PPFA's Medical Director Orientation Manual, which is highly confidential and proprietary material created by PPFA that PPFA treats as a confidential trade secret that it does not share publicly outside its membership. Because orientation materials are created to assist Medical Directors employed by Planned Parenthood affiliates with properly complying with regulations and guidelines, making them public would have a chilling effect on how PPFA shares important information with its affiliates and would devalue one of the benefits of membership (i.e., access to materials tailored to family-planning healthcare providers). While PPFA is public about its partnership with the Planned Parenthood affiliates and will generally discuss a variety of resources available to them, PPFA has spent years and significant resources developing this Orientation Manual, and PPFA has worked diligently to maintain the confidentiality of this valuable resource. Publicizing the Orientation Manual would thus jeopardize years of work and devalue the Planned Parenthood brand by allowing any competitor to obtain the benefits of the Orientation Manual without having to undertake the time, effort, and expense that PPFA undertook to produce this material.

e. **Email from Wall to Trivisonno and Coluccio forwarding "HCIP Weekly Update—10.02.14" (Appx.005076-5082).** Relator proposes unsealing an email containing updates about Planned Parenthood affiliates that participated in the Health Care Investment Program ("HCIP"). This document contains detailed and

confidential information about dozens of third parties—namely, Planned Parenthood affiliates which are not involved in this case. Such information is not released publicly and is not shared outside PPFA. This document summarizes specific findings and efforts related to funds provided by HCIP to participating Planned Parenthood affiliates, which PPFA keeps confidential and does not share widely beyond the HCIP leadership team. This document includes extensive detail concerning these affiliates' contracting efforts, negotiations, and their government-reform efforts. Making this document public would disclose confidential business undertakings of Planned Parenthood affiliates which are not involved in this litigation. Furthermore, the document details the affiliates' efforts to improve their own services and how HCIP is implemented, which is a sensitive trade secret and would create a commercial disadvantage for PPFA and Planned Parenthood affiliates if made public, given the number of competitors in this unique market sector.

f. **PPGC Financial Operations Assessment (Appx.005130-5135).** Relator proposes unsealing a PPFA consultant's summary of Planned Parenthood Gulf Coast's ("PPGC") financial operations. This document, which provides a consultant's observations of PPGC's strengths and opportunities, contains highly confidential and proprietary information related not just to PPGC's revenue, expenses, financial controls, and broad financial management, but also to PPFA's proprietary accreditation standards. If this document were unsealed, the public would have access to confidential and sensitive affiliate financial information and business strategy related to health center operations and budgeting, which would

directly disadvantage PPGC in the highly competitive marketplace in which it operates. It could also have a chilling effect on other Planned Parenthood affiliates' willingness to conduct their own improvement reviews, for fear that such documents could be made public in litigation.

g. **Email from Trivisonno to Baxter Attaching RCM Playbook Chapter; NCL Playbook Chapter (Appx.005318-5435).** Relator proposes unsealing an email attaching training materials covering health center labor costs and revenue cycle management. These training materials contain highly confidential and proprietary material created by PPFA, and PPFA treats the information contained therein as a trade secret. These documents were developed within PPFA and are not shared publicly. Because training materials such as these are created in an effort to help Planned Parenthood affiliates manage health center costs and optimize revenue streams, making them public would have a chilling effect on how PPFA shares information with the affiliates. Additionally, the public disclosure of these proprietary and confidential training materials could cause serious competitive and financial harm to PPFA and all 49 Planned Parenthood affiliates that rely on such training. While PPFA is public about its partnership with the Planned Parenthood affiliates and will generally discuss a variety of resources available to them, PPFA has spent years and significant resources developing materials like these training materials, and PPFA has worked diligently to maintain the confidentiality of these valuable resources, which are available only to its membership. Publicizing these materials would jeopardize years of work optimizing revenue strategy and health center operations, and devalue the Planned Parenthood brand by granting the public

7

access to materials that are intended to be a membership benefit for Planned Parenthood affiliates only.

h. **Research & Analysis (Appx.005451-5519).** Relator proposes unsealing a research and analysis slide deck regarding affiliate health centers. This research deck contains highly confidential and proprietary business material created by PPFA, and PPFA treats the information contained therein as a trade secret. The deck includes detailed customer insights and observations regarding affiliate health centers and optimal environments and layouts for providing healthcare services, and it directly lays out PPFA's suggested strategies related to improvements to affiliate health centers. This research deck was developed using considerable time, effort, and expense. Making the research deck available to the public could cause competitive harm to all 49 Planned Parenthood affiliates by making the expertise and recommended strategies included in these materials available to anyone to use and copy. It would also provide a detailed picture to competitors of how PPFA may advise Planned Parenthood affiliates regarding health center improvements, which would in turn put them at a competitive disadvantage.

i. **PPFA Medicaid Reimbursement Toolkit (Appx.006604-6634).** Relator proposes unsealing PPFA's Medicaid Reimbursement Toolkit. This Toolkit is highly confidential and proprietary material created by PPFA for Planned Parenthood affiliates, as a benefit of membership, and PPFA treats the information contained therein as a trade secret. This Toolkit contains sensitive, highly confidential information reflecting PPFA's strategic priorities and specific details about non-public programs and initiatives. This Toolkit was developed within

8

PPFA; it represents the know-how and experience of Planned Parenthood affiliates, and it is not shared publicly. Because this Toolkit was created by PPFA to broadly educate Planned Parenthood affiliates regarding nationwide developments related to Medicaid reimbursements for family-planning services and strategies for communicating with state governments regarding Medicaid reimbursements, making it public would have a chilling effect on how PPFA shares information with Planned Parenthood affiliates. Additionally, the public disclosure of PPFA's proprietary and confidential Toolkit could cause serious competitive and financial harm to PPFA and all 49 Planned Parenthood affiliates that use this Toolkit (most of which are not parties to this case). While PPFA is public about its partnership with the Planned Parenthood affiliates and will generally discuss a variety of resources available to them, PPFA has spent years and significant resources developing this Toolkit, and PPFA has worked diligently to maintain the confidentiality of this valuable resource, which is available only to its membership. Publicizing the Toolkit would jeopardize years of work and devalue the Planned Parenthood brand.

j. **PPFA HCIP Year 4 Report Core Competencies (Appx.006653-6661).** Relator proposes unsealing a document summarizing key presentation notes regarding HCIP. This document contains detailed and confidential information regarding HCIP efforts and strategic focuses, including healthcare service pricing and compliance information. This document was not released publicly and was not shared outside PPFA. This document summarizes specific examples of technical assistance and support that PPFA staff provide to all Planned Parenthood affiliates.

9

This document also includes extensive detail concerning pricing strategies, negotiation, and policy-reform efforts. Making this document public would hinder PPFA's ability to communicate internally about key HCIP training points for affiliate development and training. Furthermore, the document details specifics about how the proprietary HCIP operates, which is a sensitive trade secret and would create a commercial disadvantage for PPFA and all Planned Parenthood affiliates if made public, given the number of competitors in this unique market sector.

k. **Email Regarding Agenda and Background Materials for PPFA Meetings; Dated February 4, 2013 (Appx.006672-6691).** Relator proposes unsealing this email attaching a document detailing agenda items for an HCIP meeting. This document contains detailed and confidential information about various third parties—namely, Planned Parenthood affiliates not involved in this case. Such meeting agendas are not released publicly and are not shared outside PPFA. This document specifies the strategic plans and efforts of those involved in HCIP and details priorities for HCIP. This document also includes extensive detail concerning these entities' public-affairs strategies, legislative efforts, and patient statistics for the various participating affiliates. Making this document public would harm these non-parties' businesses and individually named staff members who are wholly unconnected to this case. Furthermore, the document details strategic priorities of HCIP, which is a sensitive trade secret and would create a commercial disadvantage for PPFA and Planned Parenthood affiliates if made public, given the number of competitors in this unique market sector.

10

l. **PPFA's Bi-Weekly Briefing for President and Executive Leadership Team (Appx.009233-9239).** Relator proposes unsealing this document containing strategic priority areas that was circulated to PPFA's executive leadership team. This document contains sensitive, confidential information reflecting PPFA's strategic priorities and specific details about action items related to those priorities. Much of the information contained in this document is treated by PPFA as a trade secret and is not shared outside the executive leadership team at PPFA or the PPFA Board of Directors. Public disclosure of this document could cause PPFA competitive harm by allowing PPFA's competitors to assess the relative strengths and weaknesses of PPFA's operations and to gain insight into PPFA's short-term and long-term strategic initiatives and priorities.

m. **Email Regarding Leadership Team Meeting; Dated July 15, 2016 (Appx.009242-9245).** Relator proposes unsealing this email detailing Federation-wide updates for PPFA leadership. This email contains sensitive, highly confidential information reflecting PPFA's long-term business strategies and metrics for measuring business success, and well as information about individual PPFA personnel that are not parties to this litigation. Much of the information contained in this email and the attached materials is treated by PPFA as a trade secret and is not shared outside the executive leadership team at PPFA or the PPFA Board of Directors. Public disclosure of this document could cause PPFA competitive harm by allowing PPFA's competitors to assess the relative strengths and weaknesses of PPFA's strategic priorities and to gain insight into PPFA's short-term and long-term strategic initiatives and priorities. Further, public access to this

document would expose the individuals named in the document to unwelcome publication of their names and potential harassment.

n. **PPFA's CXO Org Chart and CXO Leadership Teams Overview (Appx.009246-9278).** Relator proposes unsealing this document which contains PPFA's strategic priorities, as well as the names and photos of executive leadership staff for PPFA and its affiliates, that should remain under seal. A substantial portion of this document concerns PPFA's "five-year strategic roadmap" that, as the document notes, is "not for distribution" because this information is highly confidential and not shared outside the executive leadership team at PPFA, the PPFA Board of Directors, or affiliate leadership teams. It identifies the organization's main goals, along with accompanying strategies, tactics, clear milestones, strategic investment priorities, and an evolving set of measures of success—as well as the rationale for these strategic choices based on PPFA's experience and research. If the details of this five-year roadmap were disclosed, then those efforts could be directly undercut by competitors and private interests who are opposed to the work done by PPFA and the Planned Parenthood affiliates, and thus derives value from not being generally known outside PPFA and the Planned Parenthood affiliates. In addition to this highly confidential business information, the document also contains sensitive, confidential information concerning leaders within PPFA and Planned Parenthood affiliates (including the names and photographs of non-party employees) and the organization's various reporting structures, which is not widely shared outside PPFA and its affiliates. Public disclosure of these documents could cause harm to befall the non-parties

12

identified in this document and could expose them to unwanted publicity or harassment.

o. **Board Report Presentation Slide Decks (Appx.009279-9335).** Relator proposes unsealing two slide decks that were presented to PPFA's Board of Directors. These Board meetings are not open to the public and the information shared at such meetings is treated as confidential. The two slide decks contain sensitive, highly confidential information reflecting PPFA's long-term business strategies and metrics for measuring business success, and well as information about individual PPFA personnel that are not parties to this litigation. Much of the information contained in these decks is treated by PPFA as a trade secret and is not shared outside the executive leadership team at PPFA, senior PPFA staff, or the PPFA Board of Directors. Public disclosure of these documents could cause PPFA competitive harm by allowing its competitors to assess the relative strengths and weaknesses of PPFA's and the Planned Parenthood affiliates' strategic priorities and to gain insight into PPFA's short-term and long-term strategic initiatives and priorities. Further, public access to these documents would expose the individuals named in the document to unwelcome publication of their names and potential harassment.

6. **Documents Containing Highly Sensitive Financial Information, Third-Party Financial Information, or Information About Sensitive or Confidential Business Relationships.** Relator proposes unsealing an assortment of documents that include complex financial information about third parties, PPFA, and the Affiliate Defendants, and non-public information that is required to be kept confidential concerning PPFA's and/or Planned Parenthood

affiliates' relationships with other non-party businesses and entities. Disclosure of this confidential and proprietary information could cause PPFA financial harm if it is obtained by the general public or PPFA's competitors, such as by revealing non-public information about how PPFA allocates resources between affiliates and in support of various programs or initiatives, or by revealing how PPFA assesses the efficacy of its programs. Releasing PPFA's detailed financial information and that of Planned Parenthood affiliates (including 46 affiliates that are not parties to this case) could cause them significant financial harm, as competitors—and other third parties—could use that data to evaluate their business and find places to exploit and undercut them in future transactions. Public disclosure of this information could cause further harm and disruption to PPFA's current programs or standing in the marketplace, as well as expose the staff of PPFA, Planned Parenthood affiliates, and/or their business partners to unwarranted harassment or personal harm.

    a. **PPFA Annual Affiliate Financial Reports for 2019, 2017, 2015 (Appx.007772-8083).** Relator proposes unsealing this document containing financial reports for PPFA affiliates. This document contains highly confidential financial and commercial information about the finances of Planned Parenthood affiliates, including specific financial metrics (days cash, profit margin, and financial ratios), as well as data and statistics regarding financial sources. This document also contains confidential and proprietary information, as noted on the first page of the document. If this information is publicly released, it could cause PPFA and its 49 affiliates—dozens of which are not parties to this case—competitive harm, because such disclosure would provide competitors insight into the affiliates' financial

14

condition that would allow them to unfairly compete with or for those affiliates' business.

b. **PPFA Retirement Plan, Sponsored by Planned Parenthood of Greater Texas, Inc. (Appx.004143-4157).** Relator proposes unsealing information related to a proprietary PPFA retirement program that PPFA makes available, as a benefit of membership, to Planned Parenthood affiliates who may not otherwise be able to obtain as favorable terms and benefits on their own; in this case, the financial statements for the retirement plan that Relator proposes unsealing is one sponsored and funded by Planned Parenthood Greater Texas ("PPGT"). The terms and financial details of this defined-contribution plan—including the specific benefits offered by PPGT to its employees—are not shared publicly. If it were to be unsealed, PPGT would suffer harm because its competitors in the marketplace would be able to directly compete with the benefits that PPGT offers it employees.

c. **PPFA 2016 Financial Grant Renewal Application (Appx.004058-4112).** Relator proposes unsealing this entire 54-page document containing a 12-page PPFA grant-renewal application and 42 pages of attachments. This application and the dozens of pages of attachments contain strategic planning and financial information that is confidential and not publicly disclosed by PPFA. The terms of the grant itself require PPFA to maintain confidentiality of the information contained therein, including the identity of the donor. Making the application available to the public would reveal sources of PPFA funding and how PPFA positions itself competitively to receive grant money. This could indisputably cause a disadvantage for PPFA when grant competitors are able to use all of this

information to compete with and apply for the same or similar grants to the disadvantage of PPFA and its fundraising efforts.

7.   **Documents Containing Personal Contact Information for Third Parties.** Finally, Relator has sought the unsealing of multiple documents containing the personal contact information—either cell phone numbers or personal email addresses—of individuals who are not parties to this case (Appx.004388-4389, Appx.005056-5058, Appx.005059-5065, Appx.005072-5075, Appx.005122-5126, Appx.005152-5153, Appx.005286-5288, Appx.005436-5437, Appx.005590-5594, Appx.006444-6446, Appx.006505, Appx.006635-6636, Appx.006637, Appx.006665-6671, Appx.007311-7314, and Appx.9230-9232). Public disclosure of this personal contact information could expose PPFA and Planned Parenthood affiliate staff, as well as other non-parties, to unwarranted harassment or personal harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 11, 2023 in San Francisco, California.

_____
Kim Custer