IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Texas<br>*ex rel.* ALEX DOE, Relator,<br><br>The State of Louisiana<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00022-Z |

## DECLARATION OF SHEILA MCKINNEY

I, Sheila McKinney, declare and state as follows:

1.  I am a current employee and former Chief Operating Officer of Planned Parenthood of Greater Texas, Inc. ("PPGT"). I served as Chief Operating Officer from 2013 to April 2022. I am over the age of 18 and have personal knowledge of the matters herein or have acquired such knowledge by personally examining business records kept in the ordinary course of PPGT's business. If called upon to testify, I could and would testify thereto.

2.  I make this declaration in support of Defendants' Opposition to Relator's Motion to Unseal Plaintiffs' Reply in Support of Plaintiffs' Motions for Summary Judgment and Second Supplemental Appendix (ECF No. 459). I understand that the Relator is attempting to unseal

Plaintiffs' Reply (ECF No. 495) and 1,569 page Second Supplemental Appendix (ECF No. 496), and that some of the documents in Plaintiffs' Second Supplemental Appendix were designated by PPGT as "Confidential" or "Confidential Attorneys' Eyes Only" under the Protective Order entered in this matter. I also understand that Plaintiffs included certain documents designated by PPGT as "Confidential" or "Confidential Attorneys' Eyes Only" in their Appendix in Support of their Motions for Summary Judgment (ECF No. 475) ("Appendix") and Supplemental Appendix in Support of their Opposition to Defendants' Motions for Summary Judgment (ECF No. 482) ("Supplemental Appendix") and cited certain designated documents in their Appendix and Supplemental Appendix for the first time in their Reply. PPGT has reviewed the documents in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix and has downgraded the confidentiality designations on certain documents. Unsealing the documents or portions of documents that PPGT has not downgraded would substantially and materially harm PPGT and others by disclosing trade-secret level, non-public information.

3.      PPGT is a healthcare provider, and competes with other healthcare organizations for medical professionals and patients in the market place. As a 501(c)(3) non-profit organization, PPGT is also reliant on securing donations and other grants to fund its mission of providing high-quality reproductive healthcare to its patients in Texas. In that context, PPGT is competing with similarly situated organizations to secure access to donations and grants. In addition, PPGT's mission elicits strong opposition actors who have conducted acts against PPGT that range from harassing business and mission partners to acts of violence.[1]

---

[1] *See, e.g.,* Tex. Att. Gen. Open Records Letter Ruling, 2012-13509, https://www2.texasattorneygeneral.gov/opinions/openrecords/50abbott/orl/2012/pdf/or201213509.pdf (Aug. 24, 2012) (agreeing that a Planned Parenthood facility in Ft. Worth satisfied its burden to keep employee and patient information confidential in response to an Open Records request

2

4. The documents Relator is seeking to unseal were designated as "Confidential" or "Confidential Attorneys' Eyes Only Information" because they include the names and contact information of non-publicly identified PPGT employees, non-party commercial information, trade secret and proprietary information, strategic programming information, and financial and grant information.

**Documents in Plaintiffs' Appendix that were Cited for the First Time in the Reply**

5. PPGT stated its objections on grounds other than the lack of citation to unsealing the documents in Plaintiffs' Appendix that were designated by PPGT as "Confidential" or "Confidential Attorneys' Eyes Only," including documents that were cited for the first time in Plaintiffs' Reply, in its February 8, 2023 Declaration. *See* McKinney Decl. ¶¶ 5-6, 8, ECF No. 488 at 34-36. PPGT reincorporates these objections now that the documents have been cited.[2]

**Documents in Plaintiffs' Supplemental Appendix that were Cited for the First Time in the Reply[3]**

6. Strategic Programming Information. The documents in this category include strategic decisions for healthcare clinic programing and funding decisions that are not information that PPGT releases to the public during the regular course of business. *See* APPX.006431-APPX.006436 and APPX.006987-APPX.006992. Disclosures of this information could cause

---

with evidence of harassment and threats, including two attacks involving explosives at similar locations).

[2] PPGT objected to the unsealing of: (1) APPX.005577 and APPX.005641-APPX.005643, because they contain non-party names and contact information; (2) APPX.004216-APPX.004221 because it contain non-party financial information; and (3) APPX.004118-APPX.004124, APPX.004131-APPX.004137, and APPX.004138-APPX.004140 because they contain financial and grant information.

[3] APPX.006500–APPX.6502 is identical to APPX.005641-APPX.005643. PPGT incorporates its objection to the identical document on the grounds that the document contains non-party names and contact information. *See* McKinney Decl. ¶ 5, ECF No. 488 at 34-35.

financial harm to PPGT if obtained by its healthcare provider competitors who could then provide the same level of care as PPGT, could disrupt current systems, and affect PPGT's ability to provide patient care. Disclosure of certain strategic material could also harm PPGT's ability to recruit and retain medical staff for its healthcare centers. APPX.006431-APPX.006436 also includes non-party identifying information that may expose non-publicly identified employees to threats and harassment. *See* McKinney Decl. ¶ 5, ECF No. 488 at 34-35. APPX.006987-APPX.006992 also includes certain grant and fundraising information that may cause PPGT financial and competitive harm if obtained by the general public or by any of PPGT's healthcare provider competitors, as it would reveal specific information about PPGT's revenues. *See* McKinney Decl. ¶ 8, ECF No. 488 at 36.

       7.    <u>Trade Secret and Proprietary Information.</u> The documents in this category include PPFA proprietary training documents, as well as national program support including fundraising information and formulas and highly confidential, non-public information about PPFA programs and procedures, provided to PPGT as one of the benefits of Planned Parenthood membership. *See* APPX.006849-APPX.006867 and APPX.006965-APPX.006973. Disclosure of this information could lead to financial harm to PPGT if obtained by its healthcare provider competitors, as the documents contain expertise, guidance, and findings and could disrupt current systems and affect PPGT's ability to provide patient care. Further, as these materials are developed as confidential and proprietary resources for the benefit of all Planned Parenthood Affiliates, including the 46 Affiliates which are not parties in this case, the disclosure of these documents could cause competitive harms to all Affiliates by making the expertise, guidance, and findings available for anyone to use. *See* Custer Decl. ¶ 7, ECF No. 488 at 46-47. It would also provide a detailed

4

picture of how the Planned Parenthood Affiliates operate their businesses and fundraising, which would in turn put them at a competitive disadvantage. *Id.*

8. <u>Non-Party Commercial Information.</u> The documents listed in this category contains an email with identifying information regarding a non-party group purchasing organization agreement with a medical device and medication vendor that contains a confidentiality clause, APPX.007042-APPX.007062, and resources provided to PPGT by a non-party insurance company, APPX.007088-APPX.007140 and APPX.007141-APPX.007155. Disclosure of this information could lead to the loss of those business partners, causing PPGT financial harm and impacting PPGT's ability to retain favorable pricing options for certain medical devices and medications. Disclosure of this information may also expose PPGT's business partners to increased harassment, the risk of personal harm to the individuals identified, and the risk of litigation. Disclosure of information regarding the agreement with the non-party distributor would be a violation of confidentiality clause in that agreement. Disclosure of the insurance company's resources could cause the insurance company competitive and financial harm. Disclosures of this information may also expose these entities to increased risk of harassment. *See* McKinney Decl. ¶ 6, ECF No. 488 at 35.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 9, 2023 in Katy, Texas.

*Sheila McKinney*
Sheila McKinney (Jul 9, 2023 17:11 CDT)

Sheila McKinney