IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S REPLY IN SUPPORT OF MOTION TO UNSEAL PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT AND SECOND SUPPLEMENTAL APPENDIX**

## INTRODUCTION

Relator files this Reply in Support of Relator's Motion to Unseal Plaintiffs' Reply in Support of Motions for Summary Judgment and Second Supplemental Appendix and respectfully requests the Court unseal Plaintiffs' Reply (Dkt. 440) ("Reply") and Second Supplemental Appendix (Dkt. 441) ("Second Supplemental Appendix") in their entirety. Defendants have largely abandoned their argument that the summary judgment record should remain under seal because it contains uncited documents. Defendants acknowledge that nearly every document in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix was cited in Plaintiffs' briefing. Instead, Defendants now contend that the Court should not unseal the entire summary judgment record because it contains documents that Defendants believe are not relevant to the issues in this case. That argument is false based on a review of the documents contained in Plaintiffs' Appendix, Supplemental Appendix and Second Supplemental Appendix, as well as Defendants' own admissions and statements in their briefing. It is clear from Plaintiffs' opposition brief that their true goal in opposing unsealing is to hide from the public many of the most compelling documents that prove their liability – including Defendant PPFA's extensive control and oversight of nearly every aspect of Defendants' business, including their participation in Medicaid. Defendants – including PPFA's CEO – have begun a media campaign attacking the credibility of this Court and they now want to hide the evidence of their liability from the public so that they can criticize any ruling the Court makes as unjustified. *But see Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d

1

410, 417 (5th Cir. 2021) ("Put simply, protecting the public's right of access is 'important to maintaining the integrity and legitimacy of an independent Judicial Branch.' And hopefully, more access to judicial records means more trust in judicial officers and more respect for judicial orders." (citation omitted)). The Court should grant Plaintiffs' Motions to Unseal and unseal the summary judgment record in its entirety.

## ARGUMENT

**I. The Documents in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix are Summary Judgment Evidence Cited and Relied on in Plaintiffs' Summary Judgment Briefing.**

The documents in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix are relevant and admissible summary judgment evidence, and are part of the summary judgment record. Defendants acknowledge that nearly all of the documents are cited in Plaintiffs' summary judgment briefing, but now argue that it was improper for Plaintiffs to include the evidence in their Second Supplemental Appendix, claiming that means they are not "judicial records" entitled to the presumption of public access. It is telling that Defendants do not cite any controlling precedent for this supposed "two-part test" they claim the Court must follow, which they appear to believe involves a second bite at the apple for the opposing party to object to the admissibility of filed evidence. In the Fifth Circuit, "'once a document is filed on the public record,'" a document "becomes a 'judicial record.'" *Le*, 990 F.3d at 419 (citation omitted). Sealing such records is "heavily disfavor[ed]." *June Med. Services, L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

2

And the line-by-line, document-by-document review Defendants mention applies when documents are to be sealed from public view—the Fifth Circuit does not require the Court to do a line-by-line, document-by-document review to determine whether documents should be *unsealed*, given that is the overwhelming presumption. In fact, the Fifth Circuit warns litigants in the briefing notice that it will unseal documents in the appellate record—which comprises all filed documents—even if sealed in the district court, unless the litigants meet the high standard to justify sealing.[1]

Defendants also contend, without citing to any particular documents, that Plaintiffs Second Supplemental Appendix is comprised of documents and evidence that does not respond to Defendants' opposition brief. But the documents and evidence Plaintiffs included in their Second Supplemental Appendix support the arguments made in Plaintiffs' Reply and are cited therein. Each of those arguments responds to Defendants' claims and rebuttal evidence, and the documents Plaintiffs cite are evidence in support of Plaintiffs' Reply. Moreover, Affiliate Defendants themselves filed a Second Supplemental Appendix with their reply brief – containing new documents and evidence – in further support of Defendants' motions for summary judgment.

Defendants claim that Northern District of Texas Local Rule 56.7 and the Third Amended Scheduling Order prohibit any new evidence from being submitted

---

[1] The Fifth Circuit has in fact summarily done that twice in cases involving the Affiliate Defendants, including unsealing documents that Planned Parenthood previously claimed were "confidential" and "proprietary." *See* Mot. to Unseal, *Whole Woman's Health v. Paxton*, No. 17-51060 (5th Cir. filed Mar. 14, 2018), Order Granting Motion to Unseal, *id.* (5th Cir. filed Mar. 15, 2018); Opp. to Mot. to Unseal, *Planned Parenthood of Greater Tex. v. Kauffman*, (5th Cir. filed Aug. 24, 2017), Order Granting Mot. to Unseal, *id.* (5th Cir. filed Aug. 30, 2017).

with a reply brief without leave of court. Neither the Local Rule nor the Third Amended Scheduling Order require leave of court for the submission of evidence with a reply brief. Rather, the Local Rule and Third Amended Scheduling Order do not allow "supplemental pleadings, briefs, summary judgment evidence, or other documents will be allowed in connection with a motion for summary judgment or response without leave of court" other than those that are always permitted – a brief in support of a motion, response in opposition to a motion, and reply in further support of the motion. Plaintiffs filed a Reply and Second Supplemental Appendix which are clearly permitted by the Federal Rules, Local Rules, and Third Amended Scheduling Order, as did Affiliate Defendants. Further, it is inappropriate for Defendants to now use unsealing briefing as a way to belatedly object to the contents of Plaintiffs' filings. The Court recently denied Plaintiffs' motion to compel as untimely; the Court should similarly not consider these untimely arguments. If Defendants believed that Plaintiffs' filings were procedurally improper or failed to comply with the Rules of Evidence, they should have filed a motion to strike back in February. They did not, so cannot complain now that these documents are part of the judicial (and summary judgment) record.

Plaintiffs Reply and Second Supplemental Appendix (in addition to Plaintiffs' prior summary judgment briefing, Appendix and Supplemental Appendix) are part of the summary judgment record and are therefore judicial records to which the public has a right of access.

## II. Defendants' Arguments that Specific Documents Should Remain Sealed is Meritless.

Defendants claim that many of the documents in the Second Supplemental Appendix should remain sealed because they are of limited relevant and public interest. Defendants' arguments that the following documents should remain under seal are meritless as described below:

- Appx. 007772-8082: PPFA's and the PPFA Affiliates' financial reports are cited as evidence that PPFA and its affiliates receive nearly $500 million in federal and state Medicaid funds each year. This is a highly relevant and significant fact in this lawsuit. The financial records show that Defendants PPFA and the PPFA Affiliates receive substantial amounts of Medicaid funds and rebut PPFA's contention that PPFA has no control, oversight, or involvement in the PPFA Affiliates participation in Medicaid. The public has a compelling interest in having full access to these financial records which show the substantial financial relationship between PPFA and the PPFA Affiliates. Further, Defendants claimed in response to Plaintiffs' summary judgment motion that they lacked the ability to pay a large judgment. Financial records directly refute that claim.

- Appx. 004822-4822, Appx. 004058-4112, Appx. 005130-5135: PPFA financial statements, financial grant renewal application, and PPGC Financial Operations are relevant and of significant public interest because they show the financial relationships between PPFA and the PPFA Affiliates, as well as the substantial growth in PPFA's revenue over the past decade. The public has a right to know the true financial condition of PPFA and the PPFA Affiliates in a case involving many millions of dollars of Medicaid funds and significant civil penalties. In addition, these documents show the financial relationships between PPFA and the PPFA Affiliates and that PPFA provides financial grants to the PPFA Affiliates to maximize Medicaid revenue.

- Appx. 004158-4166, Appx. 004134-4157: Defendants argue that these documents are not relevant because they do not relate to Medicaid. But the documents are not cited for that proposition. Rather, Plaintiffs included and cited these documents because they demonstrate the business and financial relationships between PPFA and the PPFA Affiliates. For example, PPFA in partnership with the PPFA Affiliates establishes affiliated and/or subsidiary companies to provide products, services, and prescription drugs to the PPFA Affiliates. PPFA also administers

5

retirement plans for PPGT. These documents are evidence of the business and financial relationships between PPFA and the PPFA Affiliates, and rebut Defendants' contention that they must all be treated as separate entities for purposes of determining liability for Medicaid fraud.

- Appx. 004138-4140, Appx. 005128-5129: These documents show that PPFA created a "Medicaid Gap Fund" for the PPFA Affiliates to provide direct financial assistance to the PPFA Affiliates in connection with their termination from Medicaid. Defendants claim that these documents could cause financial harm, but do not explain how they could cause such harm. The public has a compelling interest in seeing evidence of PPFA's direct financial involvement with the PPFA Affiliates' termination from Medicaid.

- Appx. 006987-6992: This document is evidence of the PPFA Affiliates efforts to remain in the Medicaid program after they had been terminated and to use that termination for fundraising purposes. The public has a compelling interest in knowing how PPFA and the PPFA Affiliates use Medicaid termination decisions to improve their financial bottom line.

- Appx. 004167-4213: PPFA's Online Health Service Business Plan is evidence of PPFA's extensive involvement in the provision of healthcare through and in partnership with the PPFA Affiliates. PPFA claims that this document would provide competitive advantages to its competitors, but PPFA does not identify any such competitors.

- Appx. 005076-5082, Appx. 006653-6661, Appx. 006672-6691: PPFA's Health Care Investment ("HCIP") Program is a significant program developed by PPFA to provide direct support and services to the PPFA Affiliates for their enrollment and participation in Medicaid. PPFA claims that public access to documents describing the HCIP program would create a commercial disadvantage for PPFA and the PPFA Affiliates. PPFA again does not identify any of its competitors or explain how these documents could be used by any unidentified competitor for a competitive advantage.

- Appx. 009246-9278, Appx. 009279-9335: These documents show the PPFA's leadership structure, including the role of PPFA's Litigation and Law team, which played a significant role in PPFA and the PPFA Affiliates' litigation efforts concerning termination from Medicaid. PPFA's involvement in that litigation was significant and supports Plaintiffs' claim that PPFA is liable in this case.

- Appx. 004888-4942, Appx. 005289-5303, Appx. 005318-5435, Appx. 005451-5519, Appx. 006604-6634, Appx. 006813-6848, Appx. 006849-6867, Appx. 006965, Appx. 006431-6436, Appx. 006987-6992: These documents include

6

- PPFA's Medical Director Orientation Manual, National Office Review and White Paper, RCM Playbook Chapter and NCL Playbook Chapter, Research & Analysis, Introduction of the PPFA Compliance Initiative, PPFA Revenue Cycle Toolkit, and PPFA National Program Support. Each of these documents is relevant evidence regarding the relationship between PPFA and the PPFA Affiliates, including materials that PPFA prepares and provides to the PPFA Affiliates concerning their compliance programs and Medicaid billing and compliance. These documents further show the control and oversight PPFA exercises over nearly every aspect of the PPFA Affiliates' business, including their provision of healthcare services to Medicaid patients. The public has a compelling interest in these documents as they are central to the claims alleged against PPFA, the PPFA Affiliates' Medicaid compliance and billing practices, and revenue sharing between PPFA and the PPFA Affiliates.

- Appx. 004222-4385, Appx. 007042-7062, Appx. 007088-7140, Appx. 007141-7155: These documents are further evidence of the complex business relationships between PPFA and the PPFA Affiliates and evidence of PPFA's control and oversight of the PPFA Affiliates. Defendants claim that these are sensitive financial parties involving third parties, yet the third party involved is a PPFA developed and controlled entity. Similarly, the group purchasing organization involved in one of these documents is a company founded and established by PPFA to provide services and pharmaceuticals to the PPFA Affiliates. Finally, these documents include risk management practices and procedures concerning Medicaid compliance. Defendants claim that this is a document from a third party insurance company when in fact that company is a captive insurance company owned and controlled by PPFA, further evidence of PPFA's control over the PPFA Affiliates and their liability for the Medicaid fraud alleged in this lawsuit.

For all of the above reasons as well as those set forth in Plaintiffs' prior briefing in support of Plaintiffs' motions to unseal, the public has a compelling interest in full disclosure of the entire summary judgment record in this case, including all of the documents in Plaintiffs' Appendix, Supplemental Appendix, and Second Supplemental Appendix. This compelling interest in public disclosure substantially outweighs the vague and largely unsupported confidentiality concerns alleged by Defendants.

## CONCLUSION

Based on the foregoing, Relator respectfully requests that this Court unseal Plaintiffs' Reply in Support of Motions for Summary Judgment (Dkt. 440) and Second Supplemental Appendix (Dkt. 441).

Respectfully submitted.

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens