IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Defendants' Motion for Oral Argument on Summary Judgment Motions ("Motion") (ECF No. 506), filed on July 6, 2023. The Court **GRANTS** the Motion and sets a hearing for **10:00 a.m. (CDT) on Wednesday, August 9, 2023**. The hearing will take place in the first-floor courtroom of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, located at 205 Southeast 5th Avenue, Amarillo, Texas 79101-1559. Plaintiffs are allocated **two hours** for oral argument and may reserve time for rebuttal. The Court will recess for **fifteen minutes** to allow Defendants time to reconfigure the courtroom, as necessary. Defendants are allocated **two hours** for oral argument, with no rebuttal time reserved. Plaintiffs will then follow with any rebuttal time reserved. Time allocations include responses to questions posed by the Court.

Plaintiffs and Defendants shall determine how much time will be allocated among each individual party and each attorney. But parties should sequence attorney time to avoid alternating counsel at the microphone. Parties should be prepared to discuss, explain, and argue any issue raised by the briefing, including but not limited to:

- Whether Affiliate Defendants had an "obligation" to return "overpayments";

- Whether Affiliate Defendants "knowingly and improperly" violated the False Claims Act's ("FCA") "reverse" false claims provision and its relevant state analogues;

- Whether Affiliate Defendants submitted false claims under the "implied false certification" theory of FCA liability at any stage of this dispute;

- Whether parties are entitled to summary judgment on PPFA's liability for Affiliate Defendants' alleged false claims under the "reverse" false claims theory or the "implied false certification" theory;

- Whether any evidence that shows PPFA has *control* over Affiliate Defendants is relevant under 31 U.S.C. § 3729(a)(1)(G) to show PPFA "cause[d] to be made" any false claims;

- Whether Defendants can be liable under the FCA for misrepresentations of law or fact after *U.S. ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391 (2023);

- Whether parties are entitled to summary judgment on Relator's *conspiracy* claims;

- Whether Plaintiffs are entitled to summary judgment on Defendants' "excessive fines" defense under the Eighth Amendment; and

- How this Court should address extensive pretrial publicity, national and local advertisements, and potential jury pool taint, citing any least restrictive corrective measure authorized by the Supreme Court, Fifth Circuit, or other binding authority — including lesser alternatives consistent with the First, Fifth, Sixth, and Seventh Amendments.

Attorneys of record will need their bar card to enter the courthouse with any electronic devices — *e.g.*, cell phones, laptops, etc. Counsel must also provide business cards for the Court Reporter. For ease of reference, when citing parts of the record, parties should use the ECF page numbering system at the top of the page, which may or may not correspond to the original pagination at the bottom of the page. Finally, parties and counsel shall submit IT support requests to the Courtroom Deputy **on or before 10:00 a.m. (CDT) on Tuesday, August 8, 2023**.

**SO ORDERED.**

August 2, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE