IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

**ORDER**

The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). "All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). "Judicial records belong to the American people; they are public, not private, documents." *Id.* at 417. "[T]he default expectation is transparency — that what happens in the halls of government happens in public view." *Id.* "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Id.* at 420. "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* "When it comes to protecting the right of access, the judge is the public interest's principal champion." *Id.* at 421. "And when the parties are mutually interested in secrecy, the judge is its *only* champion." *Id.* Therefore, judges must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419.

With that in mind, the Court will address the various motions to seal or unseal filed by parties. The Court first turns to the motions filed by Defendants.

ANALYSIS

A. **Defendants' Motions to Seal**

PPFA filed its Motion to Seal Appendix in Support of Motion for Summary Judgment and Supporting Brief ("PPFA Motion") (ECF No. 472). PPFA seeks to file over 200 pages of its appendix under seal because of the Court's Protective Order and because of the "sensitive and highly confidential nature of information in these documents." ECF No. 472 at 1–2. But as explained above, "the working presumption is that judicial records should not be sealed." *Phillips*, 22 F.4th at 521. The "rationale for public access is even greater" where the case involves "matters of particularly public interest." *Id.* at 520.[1] "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*" *Id.* at 521.[2] This means that "information that would normally be private" should typically become public by entering the judicial record. *Id.* at 520. Accordingly, the Court has conducted a review of these documents and finds they are not so sensitive as to defeat the presumption against sealing in this case. Therefore, the Court **DENIES** the PPFA Motion.

Likewise, Affiliate Defendants filed their Motion to Seal Exhibit 2 of Defendants' Notice Regarding State of Texas's Withdrawal of Legislative Privilege Claims ("Affiliates' First Motion") (ECF No. 477). Affiliate Defendants note this information "could fall into" the Protective Order's confidentiality designations. ECF No. 477 at 2. Having reviewed the documents, the Court

---

[1] *See also Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020) (recognizing that cases involving "misspent government funds" are matters of "particularly public interest").

[2] *See also Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("An agreement between the parties regarding sealing does nothing to carry the movant's burden on the motion.").

**DENIES** Affiliate's First Motion for the same reasons.

Finally, Affiliate Defendants also filed their Motion to File Under Seal the Unredacted Memorandum and Portion of Supplemental Appendix in Support of Affiliate Defendants' Opposition to Plaintiffs' Motions for Summary Judgment ("Affiliates' Second Motion") (ECF No. 485). Here, Affiliate Defendants make similar arguments as above but also note some of the documents contain "identifying information about the Relator." ECF No. 485 at 2. Having reviewed the documents, the Court agrees that some identifying information is contained therein. *See* ECF No. 420 at 52–53 ("Relator Documents"). And the Court has previously found that "Relator's interest in maintaining anonymity favors nondisclosure." ECF No. 443 at 2. However, the Court otherwise finds no documents that warrant secrecy. The Court therefore **GRANTS** Affiliates' Second Motion but only as to the Relator Documents and any others that contain Relator's identifying information.

### B. Relator's Motions to Unseal

Relator first filed their Motion to Unseal Memorandum and Appendix in Support of Motion for Summary Judgment (ECF No. 479). Relator then filed motions to unseal Plaintiffs' response to Defendant's motion for summary judgment (ECF No. 487) and Plaintiffs' reply (ECF No. 459) and their corresponding appendices (collectively, "Relator's Motions"). Relator filed these documents under seal because "nearly every document" was designated by Defendants as "Confidential" or "Attorney Eyes Only" under the Protective Order. ECF No. 479 at 2. Respecting *Le*'s distinction between the discovery and adjudicative stage, Relator now moves to unseal.

The Court addresses Relator's Motions summarily because all three raise the same issues. Simply put, Defendants express three positions related to the documents: (1) Defendants do not

object to unsealing documents that did not need to be sealed in the first place; (2) Defendants object to unsealing documents that were never cited in the summary judgment briefing or were cited improperly; and (3) Defendants object in full or in part to unsealing documents that contain confidential and/or private and sensitive information. The Court will focus on the latter two positions.

### 1. The documents are "judicial records"

*Le*'s "essential point" is this: "Judicial records are public records." 990 F.3d at 416. Yet, *Le* and *Phillips* are less clear as to which documents constitute "judicial records" in the first place. The opinions appear to presume that "judicial records" are any "materials" that "enter the court record" at the adjudicative stage. *Id.* at 420.[3] However, Defendants' core contention is that "[j]ust because Plaintiffs chose to include an uncited document in an Appendix does not magically make the document 'part of the summary judgment record.'" ECF No. 460 at 6. Defendants' only binding authority for this notion comes from a footnote in a pre-*Le* opinion. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017) (noting that whether warrant materials are "judicial records" is a "gateway question"). But the two cases cited in the footnote only seem to support Relator's Motions.[4]

---

[3] *See also Bradley*, 954 F.3d at 227 n.8 ("Once filed with the court," documents that affect the disposition of federal litigation "are presumptively open to public view" unless "a statute, rule, or privilege justifies confidentiality."); *id.* ("The status of a document as a 'judicial record' . . . depends on whether a document has been filed with the court"); *id.* ("[F]iling clearly establishes such status") (quoting *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014); *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). Additionally, "a document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document, or requires that it be submitted to the court under seal." *Id.*

[4] *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989) (rejecting argument that because a search warrant "is ancillary to the investigation of one suspected of crime and not to the criminal trial itself," it is not a judicial record); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) ("Once a settlement is filed in district court, it becomes a judicial record.").

It is doubtful that whether a document is a "judicial record" should turn largely on whether the document is *cited* in support of a dispositive motion after it has been filed.[5] Were that the case, a party could easily satisfy that requirement by citing an appendix with a "*see generally*" or by inserting copious footnotes in its brief. Additionally, the mere fact that a document is not pin cited in a brief does not mean that the Court has not reviewed the document.[6] Nor can it be the case that a judge is expected to painstakingly explain whether each document out of thousands has affected his or her decision one way or another as a "gateway question" — especially before the Court has even ruled on the dispositive motion — when ruling on a motion to *un*seal.[7] Because of the lack of guidance from any controlling authority on the issue, the Court therefore declines the opportunity to impose a rigorous standard for "judicial records."[8] As Relator notes, any such argument could be construed "as a way to belatedly object to the contents of Plaintiffs' filings." ECF No. 511 at 5. Even if such objections were timely, Defendants offer mostly broad and conclusory arguments as to the irrelevancy of the documents. *See, e.g.*, ECF No. 426 at 14 (objecting to "Plaintiffs' inclusion of *thousands* of irrelevant pages of deposition testimony"). So to the extent the *City of Greenville* standard should apply here, the Court interprets it broadly and considers it satisfied.

---

[5] *See AmerGen Energy Co., LLC v. United States*, 115 Fed. Cl. 132, 139 n.5 (Fed. Cl. 2014) (finding no recognized distinction "between dispositive motion exhibits submitted *and* cited versus those submitted *but not* cited").

[6] *See City of Greenville*, 764 F.3d at 698 (The fact of filing "suggests at least that the document was at the judge's fingertips.").

[7] *See F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) (citing Federal Rule of Evidence 401's "having any tendency" definition of relevance in determining whether documents were "judicial documents"). Of course, there may be easy cases — *e.g.*, when a document plainly has nothing do with any issues that are relevant to the case or is only filed to harass the opposing party. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (a court should ensure that its records are not "used to gratify private spite or promote public scandal"). But despite Defendants' objections, the Court has not identified any documents here that could fit in that category.

[8] Judge Easterbrook's opinion in *City of Greenville* is also distinguishable because it concerned documents that the district judge "explicitly declined" to consider and "did not even look at." 764 F.3d at 698. Here, the Court made no explicit determinations on which documents will be considered.

But in any case, Relator argues that "nearly every document in the Appendix" is cited in Plaintiffs' subsequent filings. *See* ECF Nos. 442 at 3, 504 at 2, 511 at 2. Shifting gears then, Defendants maintain that documents cited for the first time in a Reply or included in an appendix to a Reply cannot be "judicial records." *See* ECF No. 510 at 9–10 (objecting to Plaintiffs' "late-cited" evidence).[9] The reason is that Local Rules 56.5(c) and 56.7 do not permit "summary judgment reply appendixes." *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001) (collecting cases). But Affiliate Defendants did the same thing by filing a second appendix along with the reply in support of their motion for summary judgment, which Plaintiffs likewise did not challenge. *See* ECF Nos. 439, 494. And Defendants did not file a motion to strike Plaintiffs' filing on these grounds or move for leave to file a sur-reply. *See, e.g., Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626–27 (N.D. Tex. 2022).[10] "Acquiescence in additional submissions permits all appropriate evidence to be considered by the court." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991). Additionally, parties will be allowed to respond to any new evidence at the summary judgment hearing. ECF No. 514.[11] Therefore, the Court will not adjudicate relevancy issues or the propriety of parties' filings when deciding motions to seal or unseal. The documents are "judicial records" and should presumptively become public.

---

[9] It is unclear why a document should be considered "new evidence" because it was *cited* for the first time in a reply, even if: (1) it was previously filed along with a motion for summary judgment, (2) the opposing party was aware of it then, and (3) the evidence was not raised in support of a new *argument*. And it is not clear why such a practice violates Local Rule 5.2(d) because the reply citation means the party relied on the materials "to support or oppose the motion."

[10] Nothing prevented Defendants from pursuing either option, despite their insistence that they "would have objected to the inclusion of documents not relevant to the summary judgment issues" had Plaintiffs conferred with Defendants. ECF No. 510 at 9.

[11] *See also Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) ("[A] district court may rely on arguments and evidence presented for the first time in a reply brief as long as the court gives the nonmovant an adequate opportunity to respond.").

## 2. *Some information should be redacted*

As for the remaining documents Defendants object to unsealing, the Court has explained that "stereotyped and conclusory statements" of alleged harm Defendants will suffer from disclosure do not suffice even when moving for a protective order at the discovery stage. ECF No. 214 at 10.[12] The Court has noted that much of Defendants' "confidential business and financial information" did not warrant sealing under the Protective Order to begin with. ECF Nos. 426 at 17, 214 at 7–10. And the Court has doubted that much of Defendants' production could qualify as "trade secrets." ECF No. 214 at 9. If a court were always impressed by these kinds of arguments, then cases like *Le* and *Phillips* would be all but meaningless. *See Le*, 990 F.3d at 417 (contemplating that some information should be private if it "could endanger lives or threaten national security"). That's why these arguments are often rejected.[13] Thus, while Defendants' affidavits in support of their opposition are appreciated, the stated theories of harm are trifling or speculative and amount to little more than boilerplate that could virtually always be recited in this context.[14]

---

[12] *See also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("Moreover, the harm must be significant, not a mere trifle.").

[13] *See, e.g., Phillips*, 22 F.4th at 518 n.3 (discussing case where the Fifth Circuit ordered records to be unsealed despite "the defendant's concerns about its trade secrets becoming public"); *Weinreis Ethanol, LLC v. Kramer*, No. 21-CV-03120-CMA-NRN, 2022 WL 180635, at *4 (D. Colo. Jan. 20, 2022) ("The trade secrets and supposed competitive advantage are in no way apparent from the face of the Operating Agreement, which appears to be a run-of-the-mill LLC document."); *Zambrano v. Ins. Auto Auctions Corp.*, No. CV 20-367, 2021 WL 4950849, at *1 (W.D. La. Sept. 15, 2021) (denying motion to seal document containing "internal policies" and "common sense safety procedures" and rejecting argument that the document was equivalent to "trade secrets"); *Mize v. BMW of N. Am., LLC*, No. 2:19-CV-7-Z-BR, 2021 WL 4047041, at *1 (N.D. Tex. May 20, 2021) (denying the defendant's motion to seal "information that is proprietary and sensitive from both a technical and procedural standpoint," including "trade secrets," research, and development); *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 560 (W.D. Pa. 2014) ("Documents do not contain trade secrets merely because a party has deemed them to be confidential. To the contrary, trade secrets generally have independent status under the substantive law.") (internal marks omitted).

[14] *See, e.g.*, ECF Nos. 426-1 at 3 (disclosure of financial information "could affect donations," harm Defendants' "ability to recruit and retain medical staff," and could subject business partners to harassment), 460 at 11 (disclosure of training "slide deck" available to affiliates as a membership benefit would diminish "the value of PPFA membership and its attendant benefits").

The Court has also questioned whether cell phone information is "especially sensitive" when it is included in email signature blocks. ECF No. 214 at 9 n.2. However, the Court is mindful of Defendants' testimony that their "mission elicits strong opposition actors" who have conducted acts that "range from harassing business and mission partners to acts of violence." ECF No. 426-2 at 2. Relator was permitted to proceed pseudonymously for similar reasons. *See* ECF No. 12.

"[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." *Trans Tool, LLC*, 2022 WL 608945, at *9. Accordingly, the Court **GRANTS** Relator's Motions but **ORDERS** that the personal cell phone and non-party contact information outlined in ECF Nos. 426-6 at 7–10, 12–13, 460-2 at 4–5 (citing Appx. 6300, 6504), and 510-2 at 6 (citing Appx. 4389), 7–10, 11–12 (citing Appx. 9232, 9245), 18 (citing Appx. 9187–89, 9229) be unsealed with proper redactions. *See Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *3 (N.D. Tex. Jan. 31, 2022) ("[T]he public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest."). All other documents should be unsealed in their entirety.

CONCLUSION

For the foregoing reasons, the Court: (1) **DENIES** the PPFA Motion (ECF No. 472) and Affiliates' First Motion (ECF No. 477); (2) **GRANTS** Affiliates' Second Motion (ECF No. 485) **IN PART**; and (3) **GRANTS** Relator's Motions (ECF Nos. 459, 479, 487), subject to the limitations listed above.

**SO ORDERED.**

August 4, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE