IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**EMERGENCY MOTION FOR RECONSIDERATION OF
AUGUST 7, 2023 ORDER AND MOTION FOR CLARIFICATION
ON USE OF SEALED DOCUMENTS IN COURT PROCEEDINGS**

**INTRODUCTION**

Despite the Court's August 4 order granting Relator's motions to unseal, the public continues to lack access to the briefing and documents explaining why this case is far from "meritless" and "baseless," as Defendants continue to argue to the media.[1] On August 7, 2023, the Court issued an order (Dkt. 522) effectively staying its August 4, 2023 Order granting Relators' motions to unseal Plaintiffs' summary judgment briefing and appendices (Dkt. 517 ("Unsealing Order")). Plaintiffs were not given the opportunity to respond before this relief was granted to Defendants. The Court may not be aware that Relator's counsel had no idea there was any issue with the appendices they redacted in accordance with the Unsealing Order and re-filed (and was unaware of any communication with the Court by Defendants) until shortly before the Court issued the Order.

Relator believes that Defendants should have filed a motion to stay showing they meet the appropriate legal standard if they wish to seek a stay of the Unsealing Order, which is not automatic, even when it comes to orders unsealing documents, and even if Defendants wish to seek reconsideration of the Court's Order or file an appeal. Defendants have agreed to do so today. The Court should also unseal Plaintiffs' summary judgment briefing in its entirety, as Defendants expressed no

---

[1] *See* Planned Parenthood Fed. of Am., *The Facts on United States ex rel. Doe v. Planned Parenthood Federation of America, the Meritless Case that Could Shut Down Planned Parenthood*, Aug. 4, 2023, https://www.plannedparenthood.org/about-us/newsroom/press-releases/the-facts-on-united-states-ex-rel-doe-v-planned-parenthood-federation-of-america-the-meritless-case-that-could-shut-down-planned-parenthood.

1

issue with that in their filing last night, though Defendants continue to believe that Plaintiffs' MSJ Reply should be redacted. The parties were able to come to a partial agreement regarding how sealed documents may be used during the summary judgment hearing, but the parties need the Court's approval and resolution of an outstanding issue regarding what Defendants contend are non-party or non-public names.

## LEGAL STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Grand Famous Shipping Ltd. v. Port of Hous. Auth.*, 572 F. Supp. 3d 307, 315–16 (S.D. Tex. 2021) (citation omitted). Motions for reconsideration "'allow[] a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 316 (quoting *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

While some courts will choose to stay an unsealing order if requested by a party, such stays are not automatic. "'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian R.*, 272 U.S. at 672–73). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at 433–34. "The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that

2

discretion .... '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Id.* at 434 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). Those "legal principles have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

## ARGUMENT

Defendants continue their repeated attempts to keep the documents demonstrating their liability from the public's view. Defendants have already been heard on this issue *three times*, so it is unlikely they will be able to satisfy the stringent requirements to obtain a stay of the Court's Unsealing Order. Regardless, it is prejudicial to Relator that Defendants received this relief without a motion and without an opportunity for Relator to respond.

The Court issued the Unsealing Order at approximately 5:00 p.m. on August 4. Dkt. 517. Relator's counsel heard nothing from Defendants regarding any further relief being sought. Given the quickly approaching summary judgment hearing, Relator's counsel made the redactions to Plaintiffs' summary judgment appendices required by the Unsealing Order and re-filed the appendices around 10:30 a.m. CT on August 7, 2023. Dkt. 518, 519, 520, 521. Relator's counsel had no idea that there

3

was any issue with the re-filed appendices until approximately 3:30 p.m. CT, when they received an email from PPFA counsel stating the following:

> Defendants are filing an emergency motion to stay and to seal the documents you filed publicly this morning. There are a number of documents that we believe should have excluded the names of non-party employees. We obviously could have avoided this issue had you asked to meet and confer with us before you re-filed the appendices. In addition, we want the opportunity to seek additional relief from the court and/or to take an appeal, which requires that the documents remain under seal during that period. We will indicate that you are opposed to the motion unless you tell us otherwise by 4 pm CT today.

Ex. A.[2] At 3:48 p.m., the Court's Order directing the Clerk's office to seal the appendices was sent out to the parties through ECF. Dkt. 522. The Court's Order does not appear to apply the *Nken* factors for a stay, though that is the effect of the Order.

Having already received the relief they desired, no "emergency motion" or stay motion was filed by Defendants. Ex. A. And no further information on what Defendants claim Plaintiffs should have been additionally redacted according to the Unsealing Order has been provided. In a filing late last night, Defendants now indicate only that they will file a motion for reconsideration by September 1, Dkt. 523, even though the summary judgment hearing will be held next Tuesday, August 15, Dkt. 516. Further, though Defendants' counsel did not mention that they had any lingering issue with the briefing being unsealed in his email, and so presumably did not express any to the Court, the Court ordered that the Clerk's office keep those filings under seal as well. Dkt. 522. Defendants' filing last night only states that they

---

[2] The Court's Unsealing Order specified required redactions, so no further "meet and confer" was required. *See* Dkt. 517 at 8.

4

intended only to ask that *the appendices* remain under seal pending the filing of their motion for reconsideration. Dkt. 523 at 2.

Shortly before filing this motion, Relator's counsel conferred with Defendants' counsel regarding the relief requested:

- Defendants do not agree that the appendices should be unsealed but agree to file a motion to stay the Unsealing Order today.

- Defendants agree that Plaintiffs' summary judgment briefing may be unsealed in its entirety except for Plaintiffs' Reply Brief, which Defendants contend contains clawed back privileged material. Relator's position is that the clawback (which actually occurred on April 25, 2023 *see* Ex. B, after Defendants saw how damaging the document was for them in the briefing, nearly five months after the close of discovery, and two months after the close of summary judgment briefing) is improper, any privilege is waived, and the Court's Order unsealing the brief was correct.

- Defendants agree that Plaintiffs' counsel may use the materials in the sealed appendices filed on August 7 during the hearing, including discussing the documents, quoting from the documents, and displaying the documents in the courtroom. The parties agree that discussing individuals' phone numbers not redacted is unnecessary, but part ways on the discussion or use of documents containing what Defendants contend are "non-party" or "non-public" names. Relator believes that the use of names might come up in recounting who sent or received an email and having to take the additional step of cross-referencing the names with the hearing demonstratives is burdensome and unnecessary, especially on this short time frame.

5

## CONCLUSION

Based on the foregoing, Relator respectfully requests that the Court reconsider its August 7 Order (Dkt. 522) and unseal the Plaintiffs' summary judgment appendices and briefs unless Defendants file a motion to stay the Unsealing Order demonstrating that they meet the appropriate legal standard if they wish to seek a stay of that Order and allowing Relator the opportunity to be heard. At minimum, the Court should reconsider its ruling on Plaintiffs' summary judgment briefing and unseal the briefing in its entirety. Relator also respectfully requests that Court clarify what restrictions, if any, the parties must abide by to use sealed documents from the appendices at the summary judgment hearing next week.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys for Relator***

6

## CERTIFICATE OF CONFERENCE

On August 9, 2023, in accordance with Local Rule 7.1(b), the undersigned certifies that they conferred with counsel for Defendants and for Texas regarding the relief requested in this motion. Texas is unopposed. Undersigned counsel conferred by telephone with Defendants' counsel Danny Ashby and Tirzah Lollar and sets forth their positions communicated on that call according to the undersigned's good faith understanding.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
