IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | No. 2:21-cv-022-Z |

## MOTION TO STAY UNSEALING ORDER

Defendants Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively, "Defendants") respectfully request that the Court stay its August 4, 2023 Order (ECF No. 517) ("Unsealing Order") for thirty (30) days to allow Defendants time to file a motion for clarification and reconsideration and/or seek an appeal relating to certain aspects of this Court's Order, which is consistent with what other courts have done under similar circumstances. *See, e.g., Stafford v. Int'l Bus. Machines Corp.*, 2022 WL 1486494, at *1 (S.D.N.Y. May 10, 2022) (staying unsealing order "for thirty days to provide IBM an opportunity to decide whether

to appeal"); *United States ex rel. Reeves v. Merrick & Co.*, 2012 WL 8527783, at *2 (E.D. Tenn. Sept. 14, 2012) (staying unsealing order "for thirty (30) days so that any party may file a motion for reconsideration or notice of appeal"); *In re Roman Catholic Archbishop of Portland in Oregon*, 2009 WL 1851010, at *18 (D. Or. June 24, 2009) (staying order lifting the seal on filed document for "30 days from the date of entry of the order in this matter, to allow the parties time to file any notice of appeal and to seek a stay of document release pending appeal").

While Defendants do not oppose unsealing the summary judgment briefing (with the exception of three lines of Plaintiffs' reply brief, which reveals attorney-client privileged information that Affiliate Defendants clawed back four months ago without any challenge from Plaintiffs until today)[1], a blanket unsealing of the documents in the parties' appendices in the meantime would substantially prejudice Defendants' rights before this Court and the Court of Appeals, and there is no prejudice to Plaintiffs or the public interest in maintaining the status quo in contrast to the irreparable harm that would result to Defendants.

**ARGUMENT**

I. **RELATOR UNLITERALLY FILED APPENDICES THAT WERE NOT CONSISTENT WITH THE COURT'S UNSEALING ORDER.**

Even though the Court's Unsealing Order nowhere directed the parties to refile any document, Relator unilaterally made redactions and filed Plaintiffs' summary judgment appendices in the public record Monday morning without alerting or conferring with Defendants regarding their intent to do so. Although Relator's Notice of Filing (ECF No. 521) represented that the publicly-filed Appendix, Supplemental Appendix, and Second Supplemental Appendix (the "Appendices") complied with the Court's Unsealing Order, *see* ECF No. 521 at 1–2, in the

---

[1] Defendants included a public version of Plaintiffs' reply brief with those three lines redacted in their Opposition to Relator's Motion to Unseal Documents 441 Sealed and/or Ex Part Appendix/Brief/Memorandum in Support. *See* ECF No. 510-1, pg. 23.

short time since Relator's filing Defendants have identified several instances where the Appendices did not appear to be consistent with the Unsealing Order. Namely, and although Defendants' review is ongoing, Defendants have identified several instances where Plaintiffs' filings disclosed the names of non-public employees and third parties, personal cell phone numbers, home addresses, and personal email addresses that were not redacted in accordance with the Unsealing Order. *Compare* Exhibit A *with* ECF No. 517 at 8 (citing *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *3 (N.D. Tex. Jan. 31, 2022) ("[T]he public's interest in knowing the names of non-party employees does not outweigh the non-party employees' privacy interest."). Moreover, Plaintiffs' filings also revealed social security numbers and financial account numbers that were not properly redacted in accordance with Federal Rule of Civil Procedure 5.2(a), and nothing in the Court's Unsealing Order reflected an intent to alter Rule 5.2(a)'s requirement that a filing should include only "the last four digits of the social-security number" and "the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a).

## II.     THE UNSEALING ORDER SHOULD BE TEMPORARILY STAYED.

The Court should temporarily stay the Unsealing Order and maintain the three lines in Plaintiffs' summary judgment reply brief and the appendices subject to that Unsealing Order under seal for thirty days to not only permit the parties to meet and confer about the above-described errors in the Appendices that Plaintiffs filed on Monday, but also provide Defendants sufficient time to seek further relief from this Court through a Motion for Clarification and Reconsideration or, if necessary, to pursue an appeal to the Fifth Circuit Court of Appeals.

Although Relator argues that "[t]he Court's Order does not appear to apply the *Nken* factors for a stay," ECF No. 524 at 4, it is not clear that the four factors that *Nken v. Holder*, 556

U.S. 418 (2009), identifies for a stay pending appeal even apply here. What Defendants are seeking (and what the Court's Order merely sought to preserve) is the preservation of Defendants' right—under the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure—to file a reconsideration motion or appeal, at which point, Defendants would *then* seek a stay pending reconsideration or appeal (as applicable) that would be evaluated under the *Nken* factors. Defendants are unaware of a *single* case where a court exercised its discretion to deprive a party of a meaningful opportunity to seek reconsideration or appeal by declining to temporarily stay an unsealing order. To the contrary, courts have temporarily stayed unsealing orders for thirty days for the precise reason that Defendants advance here—"so that any party may file a motion for reconsideration or notice of appeal," *Reeves*, 2012 WL 8527783, at *2; *see also Stafford*, 2022 WL 1486494, at *1. But even if the *Nken* factors somehow applied, they are easily met under the circumstances presented here.

**First**, Defendants have a clear right to file a motion for reconsideration because Federal Rule of Civil Procedure 59(e) affords them such a right, *see, e.g.*, *Alvarado v. City of New York*, 2006 WL 2850602, at *1 (E.D.N.Y. Oct. 3, 2006), and/or seek an appeal, because the Fifth Circuit has long recognized that unsealing orders are immediately appealable under the collateral order doctrine, *see Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 223 (5th Cir. 2020) (unsealing orders appealable under the collateral order doctrine). Whether a *further* stay is warranted *pending review* of a reconsideration motion or appeal—and the likelihood of success of either—has not yet been presented, but the considerations below reflect meritorious grounds for relief that Defendants should be afforded a meaningful opportunity to seek such relief in accordance with the Federal Rules of Civil Procedure and Federal Rules of Appellate

Procedure.[2]

Through their Motion for Clarification and Reconsideration, Defendants intend (i) to identify specific instances where non-party names and contact information appear in the Appendices that Defendants believe should be redacted consistent with the Court's order to redact such information; (ii) to seek confirmation that documents should be redacted consistent with Rule 5.2(a) (e.g., for social security numbers and bank account information); and (iii) to request that the Court reconsider the Unsealing Order to order redactions of Affiliate Defendants' attorney-client privileged information and the non-party contact information in documents that Defendants' requested be kept entirely under seal. ECF No. 517 at 8 (citing *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *3 (N.D. Tex. Jan. 31, 2022) ("[T]he public's interest in knowing the names of non-party employees does not outweigh the non-party employees' privacy interest.")).

While the Court's Unsealing Order identifies those instances where Defendants took the position that a particular document should be unsealed, subject to redactions for non-party contact information, *see* ECF No. 517 at 8, the Unsealing Order does not account for non-party contact information that should be redacted for the same reason in documents where Defendants took the position that a document should remain ***entirely*** under seal. Given Defendants' position that such documents should remain entirely under seal, Defendants did not separately flag the pages where non-party contact information appears for redaction in their briefing. In light of the voluminous documents at issue, Defendants need time to identify and bring these issues to the Court's attention so that those non-parties may be protected from harassment and harm. *Cf., e.g.,*

---

[2] In noting these considerations below, Defendants do not intend to waive, and hereby preserve, any other issues or grounds that they may raise for relief in a motion for reconsideration or appeal.

*United States v. Avenatti*, 550 F. Supp. 3d 36, 54–55 (S.D.N.Y. 2021) (denying request to entirely seal documents but allowing defendant two weeks to offer redactions for Court's consideration); *Stafford*, 2022 WL 1486494 at *3 (directing parties to confer on any sensitive information about non-party employee and file proposed redactions under seal within two weeks of unsealing order). Defendants also did not identify information that would be protected by Rule 5.2(a)'s redactions requirements (e.g., for social security numbers and bank account information) in documents where Defendants took the position that a document should remain entirely under seal in their briefing. In addition, given that the Court's Unsealing Order did not specifically address the attorney-client privileged information in Plaintiffs' reply brief and appendix, Affiliate Defendants fear that it may have been overlooked and thus merits reconsideration of the order to unseal that information.

Separately, a temporary stay is also warranted to preserve Defendants' right to seek an appeal. Defendants are considering appealing to the Fifth Circuit Court of Appeals the "important and serious question" concerning the interpretation of "judicial records" that the Court identified in the Unsealing Order. *Compare* ECF 517 at 5 (noting the "lack of guidance from any controlling authority on the issue") *with Bradley*, 954 F.3d at 226 n.6 (noting language in *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993) addressing judicial records is open to "two possible interpretations" and declining to choose between them). A party has thirty days to appeal from a final judgment, *see* Fed. R. App. P. 4, and Federal Rule of Appellate Procedure 8 anticipates that a party will "move first in the district court" for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1). A brief stay is thus warranted to protect Defendants' right and practical ability to seek an appeal and a stay pending appeal from this Court before the information subject to the Unsealing Order is released to the public.

*See F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 60 (11th Cir. 2013) (district court granted motion to stay unsealing order until party had a chance to appeal); *Seidl v. Am. Century Cos., Inc.*, 2014 WL 10937513, at *8 (W.D. Mo. July 2, 2014) (staying order to unseal documents "[o]n its own initiative" to prevent information from being revealed "before Defendants could protect their interests by seeking appellate review"); *Harpold v. Ethicon Endo-Surgery*, Inc., 2009 WL 35277, at *3 n.2 (S.D. Ind. Jan. 5, 2009) (staying order to unseal exhibit "to permit the defendant to seek emergency review by the Court of Appeals if it wishes to do so"); *United States v. Gonzalez*, 927 F. Supp. 768, 784 (D. Del. 1996) (staying unsealing of documents "to give the government ample opportunity to seek an extension of the stay from the Third Court of Appeals"); *In re Search Warrant for Second Floor Bedroom*, 489 F. Supp. 207, 212 (D.R.I. 1980) (granting motion to unseal document but staying that decision "to preserve the status quo and prevent irreparable harm").

**Second**, Defendants would be irreparably harmed absent a stay, as would the non-parties whose information Defendants are seeking to protect consistent with the Unsealing Order and Federal Rule of Civil Procedure 5.2(a). Unsealing documents is a "bell that cannot be unrung" and denying Defendants the opportunity to seek reconsideration or "meaningful appellate review [would] qualify as an irreparable harm." *Walmart Inc. v. Synchrony Bank*, 2020 WL 475829, at *5 (W.D. Ark. Jan. 29, 2020); *see also Apple, Inc. v. Samsung Electronics Co.*, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012) ("Although this Court does not believe that the partial denial of the parties' sealing request was erroneous, this Court nonetheless recognizes that should the Federal Circuit disagree, the parties will be deprived of any remedy if this Court does not stay its order.").

**Third**, and by contrast, neither Plaintiffs nor the public would suffer any material

prejudice from a temporary stay of the Court's Unsealing Order pending Defendants' submission of a Motion for Clarification and Reconsideration and/or Notice of Appeal.[3]  Such a stay only maintains the status quo and does no "irreparable harm" to Plaintiffs or the public; at most, it would only delay for a short time (not foreclose) the release of information if Defendants' requests for further relief are ultimately denied. *See Apple*, 2012 WL 3536800, at *1 (finding "the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay" and "a short stay would merely maintain the status quo until the parties can seek stay relief from the Federal Circuit").  In addition, Defendants have consented to the unsealing of the summary judgment briefing (except for the three lines containing attorney-client privileged information) and to referring to information in the sealed appendices (except for the attorney-client privileged information and non-party names and contact information) at the upcoming summary judgment hearing while preserving Defendants' rights with respect to the sealing of those documents in whole or in part.

## CONCLUSION

Defendants respectfully request that the Court grant this Motion to Stay the Unsealing Order for thirty days to permit Defendants a meaningful opportunity to exercise their right to seek clarification, reconsideration, and/or an appeal (and seek a further stay pending review of any such motion or appeal) pursuant to the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure.

---

[3] At that time, Defendants would also file an accompanying request for a further stay pending reconsideration or appeal, as applicable, under the *Nken* factors.

Dated:  August 9, 2023

                                      **O'MELVENY & MYERS LLP**

By:  /s/ *Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:   */s/ Tirzah S. Lollar*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
EMILY REEDER-RICHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York,
New York 10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Danny S. Ashby*

## CERTIFICATE OF CONFERENCE

On August 9, 2023, I emailed counsel for Plaintiffs asking for their position regarding the relief requested in this motion by 7:00 p.m. (CT), given that Defendants agreed to file the instant motion to stay today. Counsel for Relator stated that they were opposed, and the undersigned did not receive a response from counsel for Texas before filing.

*/s/ Danny S. Ashby*