IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Relator's Emergency Motion for Reconsideration of August 7, 2023 Order and Motion for Clarification on Use of Sealed Documents in Court Proceedings ("Motion") (ECF No. 524), filed on August 9, 2023. Having considered the Motion, pleadings, and relevant law, the Court **GRANTS** the Motion **IN PART**.

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." ECF No. 262 at 7. On August 4, 2023, the Court entered an order granting Relator's motions to unseal summary judgment memoranda and appendices in support. ECF No. 517. After Relator filed the papers in the public domain, the Court then directed the Clerk's office to provisionally seal those documents while the Court adjudicates any forthcoming motion for reconsideration from Defendants. ECF No. 522. As Defendants note, this was "consistent with what other courts have done in similar circumstances." ECF No. 523 at 2 (citing *U.S. ex rel. Reeves v. Merrick & Co.*, No. 3:11-CV-430, 2012 WL 8527783, at *2 (E.D. Tenn. Sept. 14, 2012)) (denying request for documents to remain under seal but staying the unsealing of the case "so that any party may file a

motion for reconsideration or notice of appeal").[1] As these cases suggest, such orders do not necessarily implicate the traditional stay factors outlined in *Nken v. Holder*, 556 U.S. 418 (2009). *See United States v. Ahsani*, No. 23-20097, 2023 WL 4994302, at *5 (5th Cir. Aug. 4, 2023) (courts have "substantial discretion" in managing their cases); *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (a district judge "has broad discretion in managing his docket"). Therefore, the Court will not reconsider its August 7, 2023 Order.[2]

However, the Court will clarify its prior orders. Although the Clerk's office was directed to maintain the sealing of Plaintiff's summary judgment briefing, "Defendants agree that Plaintiffs' summary judgment briefing may be unsealed in its entirety except for Plaintiffs' Reply Brief." ECF Nos. 522, 524 at 6. Accordingly, the Court **DIRECTS** the Clerk's office to unseal Plaintiffs' other summary judgment briefing (ECF Nos. 476, 481). As for the use of sealed documents in court proceedings, "Defendants agree that Plaintiffs' counsel may use the materials in the sealed appendices filed on August 7 during the hearing, including discussing the documents, quoting from the documents, and displaying the documents in the courtroom." ECF No. 524 at 6. The Court also agrees. Likewise, parties "agree that discussing individuals' phone numbers not redacted is unnecessary." *Id.* Again, the Court agrees.

---

[1] *See also U.S. Bank Nat'l Ass'n v. N. Am. Title Ins. Co.*, No. 219-CV-00424-JAD-EJY, 2023 WL 4826475, at *1 (D. Nev. Apr. 11, 2023); *Stafford v. Int'l Bus. Machines Corp.*, No. 21-CV-6164 (JPO), 2022 WL 1486494, at *1 (S.D.N.Y. May 10, 2022); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 2862859, at *4 (S.D. Ill. June 11, 2018); *United States v. Kilmartin*, No. 1:14-CR-00129-JAW, 2018 WL 1702403, at *4 (D. Me. Apr. 6, 2018); *Garcia v. Healy*, No. 16-CV-05871 NC (PR), 2018 WL 1471922, at *11 (N.D. Cal. Mar. 26, 2018); *U.S. ex rel. Martin v. Life Care Centers of Am., Inc.*, 912 F. Supp. 2d 618, 627 (E.D. Tenn. 2012); ECF No. 525 at 7 (collecting cases).

[2] Because the filings are already provisionally sealed, the Court **DENIES** Defendants' Motion to Stay Unsealing Order (ECF No. 525) as moot but **ORDERS** Defendants to file any motion for reconsideration **on or before September 1, 2023**.

Relator and Defendants "part ways on the discussion or use of documents containing what Defendants contend are 'non-party' or 'non-public' names." *Id.* Here, the Court agrees with Relator: "[H]aving to take the additional step of cross-referencing the names with the hearing demonstratives is burdensome and unnecessary, especially on this short time frame." *Id.* And "the use of names might come up in recounting who sent or received an email." *Id.* The Court has clarified that parties should use the ECF page numbering system when citing parts of the record. ECF No. 513 at 2. For example: "Your Honor, that language appears in ECF No. 456 at page 9 of 19, paragraph 2." Additionally, parties should use the recently re-filed documents from June 16, 2023, when citing the summary judgment filings. Parties are also encouraged to use an individual's job title or generic descriptions of their status within an organization to avoid using names. These instructions should suffice for the Court to locate any document referenced by parties at the hearing. Therefore, parties should otherwise be careful not to verbally disclose any non-party or non-public names during court proceedings for no good reason.

**SO ORDERED.**

August 11, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE