**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § § | No. 2:21-cv-022-Z |
| Plaintiffs, | § § § | Date:     August 25, 2023 |
| v. | § § | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § | |
| Defendants. | § § | |

**<u>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO TEXAS'S MOTION FOR SUMMARY JUDGMENT AND
RELATOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

At the August 15, 2023 oral argument on the parties' cross-motions for summary judgment, the Court solicited supplemental briefing on (i) "any post-2009 cases that find the sort of indirect liability for a Clause 2 reverse false claim" that Relator and Texas (collectively, "Plaintiffs") argue should apply to Defendant Planned Parenthood Federation of America, Inc. ("PPFA"), and (ii) any canons of statutory interpretation relevant to construing the FCA's reverse-false-claim provision, 31 U.S.C. § 3729(a)(1)(G).  S.J. Hr'g Tr. at 32-34.  PPFA has not identified any post-2009 cases holding one way or the other whether the second clause of Section 3729(a)(1)(G)—the applicable provision here—supports indirect liability of the sort Plaintiffs allege.[1]  But two established canons of construction require holding that it does not.

1.  As PPFA explained in its opposition to Plaintiffs' motions, and as further discussed at the August 15 hearing, the Supreme Court has explained that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) (per curiam)); ECF No. 501 at 16-17; *see also In re Xerox Corp.*, 555 S.W.3d 518, 527 (Tex. 2018) ("We . . . presume the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012).  That canon precludes reading the second clause of Section 3729(a)(1)(G) to allow for third-party reverse-false-claim liability for the reasons previously explained: the first clause includes causation language (i.e., language that

---

[1] As PPFA explained in its reply brief, the cases that Plaintiffs cite for indirect liability involve either the pre-2009 reverse-false-claims language, the first clause of Section 3729(a)(1)(G), or other provisions of the FCA altogether.  ECF No. 492 at 10-11 & n.2.

creates third-party liability), whereas the second clause omits that language, so the Court must "presume[] that Congress act[ed] intentionally and purposely in the disparate inclusion or exclusion." *Russello*, 464 U.S. at 23.

That conclusion is fortified by the Supreme Court's express application of this canon to the FCA. In *State Farm Fire & Casualty Co. v. United States ex rel. Rigsby*, 580 U.S. 26 (2016), the Court considered whether a violation of the statute's sealing requirement mandated automatic dismissal of a relator's suit. The Court reasoned that while the provision at issue did not specify a remedy, "the FCA has a number of [other] provisions that do require, in express terms, the dismissal of a relator's action." *Id.* at 34. In this circumstance, it was "proper to infer that, had Congress intended to require dismissal for a violation of the seal requirement, it would have said so." *Id.*

That inference applies *a fortiori* here. Not only does the FCA contain "a number of provisions" that provide for causal liability "in express terms," *id.*; 31 U.S.C. §§ 3729(a)(1)(A), (B), (D), but Congress amended the *specific provision* at issue to include causal language in one clause and *not* in the other clause, *see* 31 U.S.C. § 3729(a)(1)(G); ECF No. 501 at 16. As in *Rigsby*, there is no ambiguity in the text of Section 3729(a)(1)(G): By using "causes" in the first clause—and numerous other provisions of the FCA—but not in the second clause, the reverse-false-claims provision provides only for *direct* liability when a "person . . . knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G).

2. In light of Congress's inclusion of causation liability in the first clause of Section 3729(a)(1)(G) (and elsewhere in the FCA), and its omission of that language from the second clause, the statute unambiguously forecloses third-party reverse-false-claim liability in this case.

2

But even if the Court did consider the statutory language here ambiguous, it would be required to resolve that ambiguity in PPFA's favor. "The law is settled that . . . one 'is not to be subjected to a penalty unless the words of the statute plainly impose it.'" *Comm'r of Internal Revenue v. Acker*, 361 U.S. 87, 91 (1959) (quoting *Keppel v. Tiffin Savings Bank*, 197 U.S. 356, 362 (1905)); *see also Tiffany v. Nat'l Bank of Mo.*, 85 U.S. 409, 410 (1873) (in action "brought to recover that which is substantially a statutory penalty," such as under National Banking Act, "[t]he defendant is not to be subjected to a penalty unless the words of the statute plainly impose it"). Because the words of Section 3729(a)(1)(G) do not "plainly impose" liability for causing a third party to avoid an obligation to the government, PPFA should not be subjected to FCA penalties under this theory. The same is true under Texas and Louisiana law. *See Brown v. Mid.-Am. Apartments, LP*, 348 F. Supp. 3d 594, 599 & n.3 (W.D. Tex. 2018) ("[c]ourts must strictly construe a penal statute such that any ambiguities are resolved in favor of the penalized party," where "penal statute" means one that "creates a penalty"); *In re Xerox Corp.*, 555 S.W.3d at 534 ("TMFPA employs a penalty scheme"); *Elio Motors, Inc. v. La. Motor Vehicle Comm'n*, 268 So. 3d 1132, 1137 (La. Ct. App. 2019) (applying rule that statutes that "are penal in nature . . . must be strictly construed" in construing licensing statute that provided for civil penalties); *Caldwell v. Janssen Pharm., Inc.*, 144 So. 3d 898, 912 (La. 2014) (LMAPIL "was enacted with the express purpose of combatting fraud and abuse of the medical assistance programs through the use of punitive measures," including civil penalties).

3. "[B]ecause the meaning of the FCA's text and structure is 'plain and unambiguous'"— with any ambiguity resolved against FCA liability for the reasons just explained—the Court need not "consider the legislative history." *Rigsby*, 580 U.S. at 36-37 (quoting *Whitfield v. United States,* 543 U.S. 209, 215 (2005)). But even if it did, the relevant committee reports here support

finding that Congress intended the second clause to create only direct liability.  The Senate report explained that the 2009 amendments to the reverse-false-claims provision were intended to "close[ a] loophole" in the prior version of the statute, which created liability for individuals who made or caused to be made "a false record or statement to conceal, avoid, or decrease an obligation" to the government, but which did not create liability "for actions to conceal, avoid, or decrease an obligation *directly* to the Government."  S. Rep. No. 111-10, at 13-14 (2009) (emphasis added). By adding the second clause of Section 3729(a)(1)(G), Congress created reverse-false-claims liability in circumstances where someone  *actually* avoids *their own* "obligation directly to the Government."  *Id.*  Because Plaintiffs do not allege that PPFA owed any obligation directly to the government, there is no basis on which to find PPFA liable under the second clause of Section 3729(a)(1)(G).

Because fundamental principles of statutory interpretation establish that the statutes at issue do not create liability for causing someone else to avoid their obligation to the government, this Court should grant PPFA's motion for summary judgment on Plaintiffs' reverse-false-claims claims and deny Plaintiffs' motions on the same.

Dated:  August 25, 2023

Respectfully submitted,

O'MELVENY & MYERS LLP

By:    */s/ Danny S. Ashby*

DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900

4

F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

ANTON METLITSKY (*pro hac vice*)
ametlitksy@omm.com
7 Times Square
New York, New York 10036
T: (212) 326-2000
F: (212) 326-2061

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood
Federation of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, a copy of the foregoing was served pursuant to the Court's ECF system.

/s/ *Danny S. Ashby*

Danny S. Ashby

5