# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § | |
| Defendants. | § § | |

## MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND STAY BRIEFING DEADLINE

## INTRODUCTION

The Court should strike Defendants' Motion for Judgment on the Pleadings ("Motion") (Dkt. 533) and Brief in Support (Dkt. 534) as untimely. The Motion is a dispositive motion, and thus, under the Court's operative Scheduling Order (Dkt. 346), was required to be filed no later than January 6, 2023, nine months ago. A motion under Federal Rule of Civil Procedure 12(c) motion may only "be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b)," *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010), yet Defendants offer no argument as to how their motion satisfies the good-cause standard of Rule 16. Nor can they, as the constitutional argument they are now belatedly trying to cram into the district court record is not new. The Fifth Circuit rejected it over a decade ago, like every other court of appeals to consider it. And there has been no change in law that would excuse Defendants' failure to timely raise this argument. The Court should thus strike this motion as untimely. To avoid expending unnecessary resources by the parties and the Court, the Court should also stay briefing on Defendants' Motion until this Motion is resolved.[1]

## LEGAL STANDARD

To assist in the speedy and efficient resolution of cases, Federal Rule of Civil Procedure 16(b) requires courts to enter a scheduling order that "limits the time to

---

[1] In conference, Defendants threatened that they will consider this Motion to Strike as Plaintiffs' response to their motion (which is not due until September 22) and stated that they will ask the Court to treat it as such. But their Motion is clearly untimely and should be stricken without further briefing. Defendants are just trying to get further briefing on the merits of their baseless motion to try to preserve an untimely argument they have already forfeited.

join other parties, amend the pleadings, complete discovery, and file motions." Fed.

R. Civ. P. 16(b)(3)(A). Once in place, the scheduling order may only be modified "for

good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause

standard requires a showing by the movant that "the deadlines cannot reasonably be

met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile*

*USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021), *cert. denied*, 2021 WL 5869440 (U.S.

Dec. 13, 2021).

This applies to motions under Rule 12(c). *Ellis v. Clarksdale Pub. Utilities*, No.

21-60885, 2023 WL 3302839, at *2 n.3 (5th Cir. May 8, 2023) (citing *Argo*, 399 F.

App'x at 3, *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th

Cir. 1997)); *accord Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995). Although

Rule 12(c) permits any party to move for judgment on the pleadings "[a]fter the

pleadings are closed—but early enough not to delay trial," a Rule 12(c) motion still

may only "be brought after the dispositive motions deadline if the moving party

complies with the requirements of Rule 16(b) and if it will not delay trial." *Argo*, 399

F. App'x at 3. "Consistent with the authority vested in the trial court by [R]ule 16,

[the Fifth Circuit] gives the trial court 'broad discretion to preserve the integrity of

the scheduling order.'" *Ellis*, 2023 WL 3302839, at *2 n.3 (quoting *Geiserman v.*

*Macdonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

## ARGUMENT

### I.       Defendants' Motion Is Untimely.

Defendants proceed as if they are permitted to file a Rule 12(c) motion at any time. *See* Dkt. 534 at 15. They fail to consider that the Court set a deadline for dispositive motions in its Scheduling Order. The Court clearly stated that "[a]ll motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **January 6, 2023**." Dkt. 346 at 3 (emphasis in original). The relief Defendants request in their motion is complete dismissal—thus, their motion "would dispose of all . . . of this case." *Id.*; *see also* Dkt. 533 at 2. It is therefore untimely under the Scheduling Order, which "shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court." Dkt. 346 at 11 (citing Fed. R. Civ. P. 16(b)(4)). Defendants also attempt to make additional summary judgment arguments in their brief (for example, in footnote 5, citing a case it appears they have never cited before) which is blatantly improper and a transparent attempt to preserve extra come-lately arguments for appeal that were not properly raised before this Court.[2] The Court has already been more than generous and has given the Defendants numerous chances to make their summary judgment arguments, culminating in an all-day hearing. Nor may Defendants' arguments be considered as part of the summary judgment record under

---

[2] This is a practice that Defendants have repeatedly engaged in. For example, instead of filing a brief "explaining the Supreme Court's decision [in *Schutte*] within 3 calendar days of the decision," Dkt. 446 at 3, Defendants filed a nineteen-page brief amounting to a summary-judgment surreply, Dkt. 456. And after the Court invited supplemental briefing on any post-2009 cases that find indirect liability for a clause 2 reverse false claim, *see* MSJ Hearing Tr. at 34:19-25, PPFA filed a brief acknowledging there were none but making additional arguments. Dkt. 531.

the Court's rules. *See* L.R. 56.7 (Except for the motions, responses, replies, briefs, and appendices required by these rules [for summary judgment], a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence.").

The Court would be well within its discretion to enforce its Scheduling Order if it struck Defendants' motion. Numerous courts have rejected attempts to file Rule 12(c) or similar motions after the dispositive motion deadline, and appellate courts have affirmed. *See, e.g., Ellis*, 2023 WL 3302839, at *2 (affirming decision to strike 12(c) motion filed three weeks after the dispositive motion deadline); *Argo*, 399 F. App'x at *2 (affirming denial of 12(c) motion filed three months after dispositive motion deadline as untimely); *Al - Khawaldeh v. Tackett*, No. 1:20-CV-1079-RP, 2021 WL 5986053, at *5 (W.D. Tex. Dec. 16, 2021), *report and recommendation adopted*, No. 1:20-CV-1079-RP, 2022 WL 2718537 (W.D. Tex. Jan. 20, 2022) (denying leave to designate a responsible party where motion was filed eight months after dispositive motion deadline and where movant did not demonstrate good cause); *Rockwel v. Parker Drilling Mgmt. Services, Ltd.*, No. CV H-19-1054, 2020 WL 11563093, at *3 (S.D. Tex. Dec. 15, 2020) (striking untimely affirmative defenses and denying untimely motion for summary judgment and alternative 12(c) motion for failure to demonstrate good cause); *Zywczyk v. Syndicated Office Sys., LLC*, No. 5-17-CV-00771-FB-RBF, 2019 WL 2565283, at *2 (W.D. Tex. Feb. 7, 2019), *report and recommendation adopted*, No. CV SA-17-CA-0771-FB, 2019 WL 2565261 (W.D. Tex. Mar. 8, 2019) (striking 12(c) motion as untimely when filed one month after the

4

dispositive motion deadline and where the defendant failed to explain how it met

"Rule 16's fairly stringent 'good cause' standard which requires [the movant] to give

a persuasive reason why the dates originally set by the scheduling order for the filing

of dispositive motions could not reasonably be met despite the diligence of the party

seeking the extension." (cleaned up)); *Crompton Greaves, Ltd. v. Shippers Stevedoring*

*Co.*, No. CIV.A. H-08-1774, 2011 WL 5920930, at \*3 (S.D. Tex. Nov. 28, 2011) (denying

untimely motion for leave to designate responsible party (and therefore denying

motion to strike as moot) for failure to demonstrate good cause); *Sea–Land Services,*

*Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253–54 (S.D. Tex. 1984) (denying defendant's Rule

12(c) motion filed seven months after motion cut-off date because there was no

showing of good cause); *cf. Fisher v. Dall. Cnty.*, No. 3:12-CV-3604-D, 2014 WL

4797006, at \*9 (N.D. Tex. 2014) (holding that "when a party files a Rule 12(c) motion,

the opposing party does not file an intervening pleading (e.g., an amended complaint)

that is subject to challenge for failure to state a claim on which relief can be granted,

and the party files a second Rule 12(c) motion that is addressed to the same pleading

that is the subject of the first Rule 12(c) motion, the second motion is successive and

can be denied on that basis.").

## II.    Defendants Failed to Show Good Cause.

The only attempt Defendants make to excuse their tardiness pertains to their

nearly three-month delay in filing the Motion after the opinion in *United States, ex*

*rel. Polansky v. Executive Health Res., Inc.*, 599 U.S. 419 (June 16, 2023), which they

try to use as justification for their motion. Even assuming for the moment that

*Polansky* had some effect on these proceedings, Defendants' only excuse is that they "endeavored to file this motion as soon as they reasonably could while preparing for the hearing on the parties' summary judgment motions." Dkt. 533 at 2. The Court did not set a summary-judgment hearing until August 2, 2023. Dkt. 513. What were Defendants and their numerous attorneys doing between June 16 and August 2? The Court previously held that Relator's two lawyers had no excuse for delay in filing a motion to compel despite numerous briefing deadlines and a Fifth Circuit argument in the intervening period. Dkt. 507 at 4. Defendants have no valid excuse for their delay, and this falls far short of meeting Rule 16's good cause standard. *Olivarez*, 997 F.3d at 602.

Defendants' motion falls even further from the mark given that the *raison d'etre* of their motion is the Supreme Court's decision in *Polansky*. Defendants point not to the opinion of the Court nor to any change in law. Instead, they cite the *dissent* of Justice Thomas and a brief concurring opinion by Justice Kavanaugh (joined by Justice Barrett) stating that he believes the Court "should consider the competing arguments in an appropriate case" presenting the question of whether qui tam provisions violate Article II of the United States Constitution. *Polansky*, 599 U.S. at 442 (Kavanaugh, J., concurring).[3] That does not announce a change in law justifying a belated argument. Nor does it announce a new argument, even if Defendants only thought of it after it was too late to raise it. As Defendants acknowledge, the Fifth Circuit considered and rejected the argument over a decade ago. *Riley v. St. Luke's*

---

[3] And as the Court knows, three votes are not even enough to grant a petition for writ of certiorari.

*Episcopal Hosp.*, 252 F.3d 749 (5th Cir. 2001). And as Justice Thomas noted in his dissent, this argument has been considered "for decades." *Id.* at 450 (Thomas, J., dissenting). *Polansky* also says nothing about the Louisiana and Texas Constitutions, nor Plaintiffs' state law claims here. Defendants' delay in filing their motion is inexcusable and they failed to even attempt to meet the good cause standard for deviating from the Scheduling Order. The numerous cases cited above support striking Defendants' motion as untimely.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court strike Defendants' Motion for Judgment on the Pleadings (Dkt. 533) and Brief in Support (Dkt. 534). Plaintiffs also respectfully request that the Court stay briefing on Defendants' Motion until the Court resolves this motion.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

ANGELA COLMENERO
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

7

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES R. LLOYD
Acting Deputy Attorney General for Civil
Litigation

/s/ William D. Wassdorf
William D. Wassdorf
Texas Bar No. 24103022
Assistant Attorney General, General
Litigation Division
Reynolds Brissenden
Texas Bar No. 24056969
Deputy Chief, Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
will.wassdorf@oag.texas.gov

***Attorneys for State of Texas***

8

## CERTIFICATE OF CONFERENCE

On September 6, 2023, in accordance with Local Rule 7.1(b), the undersigned certifies that Relator's counsel conferred with counsel for Defendants and Defendants are opposed to this motion.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker