IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| United States of America *ex rel.* Alex Doe, Relator, | § § § | |
| The State of Texas *ex rel.* Alex Doe, Relator, | § § § | No. 2:21-CV-00022-Z |
| The State of Louisiana *ex rel.* Alex Doe, Relator, | § § § | Date: September 15, 2023 |
| *Plaintiffs*, v. | § § § § | |
| Planned Parenthood Federation of America, Inc., Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., Planned Parenthood San Antonio, Inc., | § § § § § § § § | |
| *Defendants*. | § | |

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND STAY BRIEFING DEADLINE

Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (together "Affiliate Defendants," and collectively with PPFA, "Defendants") respectfully submit this brief in opposition to Plaintiffs' Motion to Strike Defendants' Motion for Judgment on the Pleadings and Stay Briefing Deadline [Dkt. 536].

## INTRODUCTION

Rather than engage with Defendants' Rule 12(c) motion on the merits, Plaintiffs attempt to dodge it, arguing that it should be stricken because it violates the scheduling order and is untimely. Motions to strike, frequently used as "a dilatory tactic," are "viewed with disfavor and are infrequently granted." *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Plaintiffs must show Defendants' motion contains an "insufficient defense" or "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs do not even attempt to meet that high bar, nor could they, as Defendants raise the same types of serious constitutional concerns voiced by three justices of the U.S. Supreme Court. Accordingly, the Court should deny the motion to strike.

If the Court were to reach the timeliness issue despite Plaintiffs raising it through an improper vehicle, the Court should find that Defendants' motion for judgment on the pleadings is timely. Plaintiffs argue that Defendants were required to, but did not, comply with Federal Rule of Civil Procedure 16(b)'s requirements for amending the scheduling order as a prerequisite to filing the Rule 12(c) motion. That argument is flatly contrary to Fifth Circuit precedent. While Plaintiffs rely principally on the Fifth Circuit's unpublished (and non-precedential) decision in *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010), a subsequent *published* Fifth Circuit decision rejected the very argument Plaintiffs advance here and relied on the plain terms of Rule 12(c) to

- 1 -

affirm the district court's consideration of a motion for judgment on the pleadings after the dispositive motion deadline. *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015). Under Rule 12(c), a movant must show only that the motion will not delay trial; "good cause" to amend the schedule under Rule 16 is not required. *Id.*

Plaintiffs have not asserted that Defendants' motion for judgment on the pleadings will delay trial, nor could they credibly do so, given that Rule 12(h)(2) expressly permits a party to raise the issue addressed in Defendants' 12(c) motion—failure to state a claim upon which relief may be granted—as late as "at trial." Fed. R. Civ. P. 12(h)(2). Defendants' motion raises purely legal issues that should be resolved before trial; no further factual development, or even consideration of the already developed factual record, is necessary to resolve it. Nonetheless, even if good cause were required, it exists here because Defendants have compelling reasons for filing when they did and Plaintiffs will suffer no prejudice from the Court's consideration of the important issues raised by Defendants' motion. Moreover, considerations of economy favor resolution of these issues of law now, rather than awaiting trial, when a ruling in Defendants' favor would preserve party and judicial resources preparing for a trial that may either prove unnecessary or be significantly circumscribed.

## ARGUMENT

### I. Plaintiffs Fail to Meet the High Bar for Striking Defendants' Motion

Under Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Fed. Deposit Ins. Corp.*, 821 F. Supp. at 449; *see also Puckett v. U.S.*, 82 F. Supp. 2d 660, 662–63 (S.D. Tex. 1999). In addition, "motions to

strike pleadings generally should not be granted absent a showing of prejudice to the moving party." *Brown v. Lee*, No. 3:19-CV-33-HTW-LGI, 2021 WL 1561256, at *3 (S.D. Miss. Mar. 31, 2021). Plaintiffs here do not even *mention* Rule 12(f), let alone attempt to meet its exacting requirements. For this reason alone, Plaintiffs' motion to strike should be denied. *See Brown*, 2021 WL 1561256, at *3 (denying motion to strike judgment on the pleadings where movant failed to establish how it met Rule 12(f)'s requirements).

## II. Defendants' Motion for Judgment on the Pleadings Is Timely Because Rule 12(c) Governs, Not the Scheduling Order Deadline for Dispositive Motions

Rather than address the stringent Rule 12(f) standard governing their motion, Plaintiffs argue only that Defendants' motion is untimely and without good cause, issues that Plaintiffs could and should have raised in their opposition to Defendants' motion. Were the Court inclined to address the "timeliness" issue on a motion to strike, it should conclude that Defendants' motion is timely. Plaintiffs' contention that Defendants improperly filed the Rule 12(c) motion after the dispositive motion deadline, without seeking leave to amend the scheduling order, is incorrect because, under the Fifth Circuit's decision in *Long*, Rule 12(c)'s separate timing rule governs and Defendants' motion satisfies that rule. *See* 798 F.3d at 275.

Rather than engage with, or even acknowledge, *Long*, Plaintiffs rely instead on an earlier unpublished, non-precedential decision *(Argo)* and argue that it required Defendants to move to amend the Court's scheduling order, which requires a showing of good cause. Dkt. 536 at 1; *see* 5th Cir. L.R. 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent."). The Fifth Circuit's later, *published* decision in *Long*, however, rejected this exact argument, advanced, coincidentally, by a False Claims Act ("FCA") relator. *Long* relied instead on Rule 12(c) to hold that the district court properly considered a motion for judgment on the pleadings filed after the scheduling order's dispositive motions deadline. The Fifth Circuit held

- 3 -

the district court properly allowed the Rule 12(c) filing because "motions for judgment on the pleadings may be filed at any time after the pleadings are closed so long as filing them does not delay trial." *Long*, 798 F.3d at 275; *see* Fed. R. Civ. P. 12(c) ("After the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings."). Because "a published opinion controls over an unpublished opinion," *Long* governs, and Defendants need not show good cause under Rule 16(b) to file their Rule 12(c) motion. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020).[1]

Defendants' motion must meet only Rule 12(c)'s requirements, and it clearly does. Plaintiffs do not attempt to show prejudice from the Rule 12(c) motion or to show that the Court's consideration of that motion would delay trial. The Court has not set a trial in this case and consideration of the purely legal issues presented in Defendants' motion requires no factual development or findings. The Court thus should deny Plaintiffs' motion to strike and for a stay, and it should proceed to the merits of the constitutional questions presented in Defendants' motion. Nothing would be gained by deferring Defendants' grounds for dismissal—which present pure issues of law unrelated to the merits—to trial. *See* Fed. R. Civ. P. 12(h)(2) (defendant may challenge plaintiff's failure to state a claim through Rule 12(c) motion or at trial).

---

[1] Plaintiffs' reliance on additional cases that apply Rule 16(b), *see* Dkt. 536 at 4-5, is similarly misplaced as none of those cases cite *Long*, and none are published, precedential opinions. *See, e.g.*, *Ellis v. Clarksdale Pub. Utils.*, No. 21-60885, 2023 WL 3302839, at *2 n.3 (5th Cir. May 8, 2023) (unpublished opinion erroneously relying on *Argo*). Courts that have considered *Long* have held that Rule 16(b)'s requirements do not apply to motions for judgment on the pleadings filed after the dispositive motions deadlines. *See Turk v. Somervell Cnty. Hosp. Dist.* No. 615-CV-00231-ADA-JCM, 2018 WL 11471884, at *1 (W.D. Tex. Nov. 9, 2018) ("Motions for judgment on the pleadings may be filed at any time before the pleadings are closed so long as the motion does not delay trial—'good cause' need not be shown.").

- 4 -

### III. Good Cause, Though Not Required, Exists to Hear Defendants' Motion

Even if good cause were required for the filing of Defendants' motion, it clearly exists here. There are four factors relevant to that determination: (1) the explanation for the failure to meet the scheduling order's deadlines; (2) the importance of the filing; (3) potential prejudice in allowing the filing; and (4) the availability of a continuance to cure such prejudice. *See, e.g.*, *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Each of these factors weighs in favor of Defendants here.

*First,* as Defendants explained in their motion, *see* Dkt. 533 at 2; Dkt. 534 at 1, there is good reason why they did not previously challenge the constitutionality of the federal and state *qui tam* provisions. The constitutional issue had been considered and addressed by a handful of courts in the years following the FCA's 1986 amendments and has been largely dormant since. *See, e.g.*, *U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032 (6th Cir. 1994); *U.S. ex rel. Kelly v. Boeing Co.*, 9 F.3d 743 (9th Cir. 1993); *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148 (2d Cir. 1993); *see also* Constitutionality of the Qui Tam Provisions of the False Claims Act, 13 Op. O.L.C. 207 (1989). The most recent of these decisions are more than twenty years old. *See U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787 (10th Cir. 2002); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749 (5th Cir. 2001) (en banc). When *Polansky* was handed down on June 16, 2023, however, Justices Thomas, Kavanaugh, and Barrett breathed new life into the constitutional question, signaling they believed it worthy of Supreme Court review. Their opinions (particularly that of Justice Thomas, which engages substantively with the constitutional question) demonstrate the importance of the issues raised by Defendants, not only with respect to the federal FCA but with respect to the state analogues, as well. Defendants are not alone in their view regarding the significance of Justice

Thomas's opinion; other defendants have begun to file constitutional challenges similar to those in Defendants' 12(c) motion and have done so on a similar timeline to Defendants here. Mot. for Judgment on Pleadings, *U.S. ex rel. Brooks v. Exactech Inc.*, No. 7:18-cv-1010 (N.D. Ala. Aug. 15, 2023) [ECF No. 234] (filed two months after *Polansky*).[2]

*Second*, Defendants' motion raises important issues—whether the *qui tam* device is constitutional as a matter of Texas, Louisiana, and federal law. That question bears directly on the ability of courts to hear lawsuits brought by private citizens under statutes that subject defendants to an "essentially punitive" regime of treble damages and penalties, *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 784-85 (2000), and that significantly restrict state and federal executive power, *see* Dkt. 534 at 11-18.

*Third* and *fourth*, because, as noted above, Defendants' motion will not delay trial—and Rule 12(h) authorizes this precise issue (failure to state a claim) to be raised "at trial"—Plaintiffs will suffer no prejudice and no continuance is needed.

Accordingly, because each of the above factors weighs in favor of Defendants, good cause exists for this Court to consider Defendants' motion. On the other hand, if the Court were to strike Defendants' Rule 12(c) motion, Defendants still would be entitled to raise these issues of law at trial, which, if granted, could result in a waste of judicial and party resources that could have been avoided by resolving Defendants' Rule 12(c) motion earlier.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion to Strike Defendants' Motion for Judgment on the Pleadings and Stay Briefing Deadlines.

---

[2] Plaintiffs downplay Justice Thomas's opinion in *Polansky* because it is a dissent, but examples abound of a Supreme Court justice's dissent signaling the direction of the Court in a future case.

| | |
|---|---|
| Dated: September 15, 2023 | Respectfully Submitted,<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br><br>/s/ *Tirzah S. Lollar*<br>CRAIG D. MARGOLIS<br>Craig.Margolis@arnoldporter.com<br>TIRZAH S. LOLLAR<br>Tirzah.Lollar@arnoldporter.com<br>CHRISTIAN D. SHEEHAN<br>Christian.Sheehan@arnoldporter.com<br>JAYCE BORN<br>Jayce.Born@arnoldporter.com<br>EMILY REEDER-RICHETTI<br>Emily.Reeder-Ricchetti@arnoldporter.com<br>MEGAN PIEPER<br>Megan.Pieper@arnoldporter.com<br>ALYSSA GERSTNER<br>Alyssa.Gerstner@arnoldporter.com<br>MEGHAN C. MARTIN<br>Meghan.Martin@arnoldporter.com<br>601 Massachusetts Ave, NW<br>Washington, DC 20001-3743<br>Telephone: +1 202.942.6127<br>Fax: +1 202.942.5999<br><br>PAULA RAMER<br>Paula.Ramer@arnoldporter.com<br>250 West 55th Street New York,<br>New York 10019-9710<br>T: +1 212.836.8474<br><br>CHRISTOPHER M. ODELL<br>Texas Bar No. 24037205<br>Christopher.Odell@arnoldporter.com<br>700 Louisiana Street, Suite 4000<br>Houston, TX 77002-2755<br>Telephone: +1 713.576.2400<br>Fax: +1 713.576.2499<br><br>RYAN BROWN ATTORNEY AT LAW<br>RYAN PATRICK BROWN<br>Texas Bar No. 24073967<br>ryan@ryanbrownattorneyatlaw.com<br>1222 S. Fillmore St.<br>Amarillo, Texas 79101<br>T: (806) 372-5711<br>F: (806) 350-7716 |

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood of South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.*

Respectfully submitted,

O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

ANTON METLITSKY (*pro hac vice*)
ametlitksy@omm.com
7 Times Square
New York, New York 10036
T: (212) 326-2000
F: (212) 326-2061

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 15, 2023, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

                                            */s/ Tirzah S. Lollar*
                                            Tirzah S. Lollar