IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF TEXAS, <br> *ex rel.* ALEX DOE, Relator, <br><br> THE STATE OF LOUISIANA, <br> *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:21-CV-00022-Z |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND
STAY BRIEFING DEADLINE**

## INTRODUCTION

The Court should strike Defendants' Motion for Judgment on the Pleadings ("Motion") (Dkt. 533) and Brief in Support (Dkt. 534) as untimely. Defendants' arguments to the contrary are meritless. The Court has broad discretion to enforce its Scheduling Order, and it has already indicated that it intends to hold the parties to that Order. *See* Dkt. 346 at 2, 11; MSJ Hearing Tr. 34:23-25 (allowing supplemental briefing on a particular topic as "an exception to the standing orders on the briefing schedule."). Defendants' response claims that Plaintiffs disregarded a precedential opinion that controls here. That is false. That opinion merely upheld the district court's discretion in choosing to allow an untimely Rule 12(c) motion under the circumstances in that case, which are different from those here. It did not purport to establish a rule that all untimely Rule 12(c) motions must be allowed despite a court's Scheduling Order. And the numerous cases relied on by Plaintiffs *including a Fifth Circuit decision from May 2023* show significant support for this Court exercising its discretion to strike this improper motion. Defendants' argument that Rule 12(f) applies to this motion to strike an untimely motion—not a pleading—is also wrong. And these arguments would come as a surprise to the numerous parties who filed motions to strike *in this exact instance* that were *granted* by district courts and affirmed on appeal. The Court should grant Plaintiffs' motion, and at minimum, should stay the deadline for Plaintiffs' response to Defendants' 12(c) motion—currently due this **Friday, September 22**—until this motion is resolved.

1

# ARGUMENT

## I. Defendants' Motion Is Untimely.

"District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Once in place, the scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This applies to motions under Rule 12(c). *Ellis v. Clarksdale Pub. Utilities*, No. 21-60885, 2023 WL 3302839, at *2 n.3 (5th Cir. May 8, 2023) (citing *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010)), *Reliance*, 110 F.3d at 257); *accord Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995). A Rule 12(c) motion may only "be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial." *Argo*, 399 F. App'x at 3. "Consistent with the authority vested in the trial court by [R]ule 16, [the Fifth Circuit] gives the trial court 'broad discretion to preserve the integrity of the scheduling order.'" *Ellis*, 2023 WL 3302839, at *2 n.3 (quoting *Geiserman v. Macdonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

The case relied on by Defendants does not change any of this established law. In *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015), the relator argued on a motion for reconsideration that the defendants' motion to dismiss (which the district court treated as a motion for judgment on the pleadings) was untimely because it was filed after the dispositive motion deadline and that Defendants lacked good cause under Rule 16(b)(4). The Fifth Circuit held that the district court did not abuse its discretion in allowing the filing. *Id.* In that case,

2

however, the motion was filed only one day after the dispositive motion deadline, *United States ex rel. Long v. GSD & M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014), and it was based on relevant facts that were just discovered by the defendants, *Long*, 798 F.3d at 270. That is much different than the present case, where the motion in question was filed nine months after the deadline and it was based on a decades-old legal argument that Defendants could have raised before. *Long* also acknowledges the broad discretion district courts have in enforcing their scheduling orders. *Id.* at 275. Just because the Fifth Circuit found that it was not an abuse of discretion to allow the late filing in *Long* does not mean that it would be an abuse of discretion to *disallow* it here. And that is clearly demonstrated by the many post-*Long* cases, including *Ellis*, that held otherwise. Defendants' attempt to stretch *Long* into a bright-line rule fails.

## II.     This is Not a Motion Under Fed. R. Civ. P. 12(f).

Defendants claim that Plaintiffs' motion is an "improper vehicle" because it does not comport with Rule 12(f). Dkt. 537 at 1. Rule 12(f), as is clear from its context, addresses a motion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Pleadings" under the Federal Rules of Civil Procedure are "a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, an answer to a third-party complaint, and, if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a) (cleaned up). A motion for judgment on the pleadings is

3

not a "pleading" within the Rules' definition. "Motions and other papers" are a different category. *See* Fed. R. Civ. P. 7(b).

Nor does Rule 7 limit the types of motions parties may file—in other words, any "request for a court order" is a motion under the Rules. Fed. R. Civ. P. 7(b). Plaintiffs' motion to strike is not necessarily a 12(f) motion to strike.[1] Plaintiffs are not seeking to strike *a defense* that Defendants made in a pleading. Defendants never included unconstitutionality of the FCA, TMFPA, and LMAPIL as a defense in their responsive pleading, Dkt. 81, nor even in their proposed amended answers, Dkt. 226-2, 226-3. Many courts have accepted—and granted—motions to strike untimely filings. In *Ellis*, the Fifth Circuit affirmed the district court's decision to "str[ike] both [motions for judgment on the pleadings] as untimely." 2023 WL 3302839, at *1. In *Adegbenro v. Bank of Am., N.A.*, No. 4:22-CV-00828, 2023 WL 4275507, at *5 (S.D. Tex. June 12, 2023), *report and recommendation adopted*, No. 4:22-CV-00828, 2023 WL 4275012 (S.D. Tex. June 27, 2023), the Court granted a motion to strike a pro se plaintiff's untimely cross-motion for summary judgment, filed "weeks" after the deadline. In *Zywczyk v. Syndicated Office Sys., LLC*, No. 5-17-CV-00771-FB-RBF, 2019 WL 2565283, at *2 (W.D. Tex. Feb. 7, 2019), *report and recommendation adopted*, No. CV SA-17-CA-0771-FB, 2019 WL 2565261 (W.D. Tex. Mar. 8, 2019), the

---

[1] Plaintiffs' motion could also be construed as a request for summary denial of a motion. Defendants appear to believe that even if a party files a blatantly improper motion, the opposing party is obligated to file a full response on the merits. That is not the law. And adopting such a view would waste parties' and court resources and allow parties—like Defendants here—to defy the scheduling order and attempt through improper filings to preserve arguments that were not properly before the Court.

4

Court *sua sponte* struck a 12(c) motion that was filed one month past the dispositive motion deadline.

Defendants cite *Brown v. Lee*, No. 3:19-CV-33-HTW-LGI, 2021 WL 1561256, at *3 (S.D. Miss. Mar. 31, 2021), in support of this argument. There, the court denied a pro se plaintiff's motion to strike a defendant's motion for judgment on the pleadings merely because the plaintiff said, "defendants waived any right to raise such a motion at this late stage." The plaintiff there apparently did not have any authority—such as a binding Scheduling Order—to cite as to why the Court should not consider that motion. And the authority discussed by Brown has to do with "striking defenses." *Id*. As noted above, Defendants' newfound argument was not a defense that was asserted in a pleading, it is being asserted in an untimely motion. *Brown* does not help Defendants.

In any event, even if the Court were to construe Plaintiffs' motion as a 12(f) motion to strike, and if the Court were to construe Rule 12(f) as limiting the Court's clear authority and "broad discretion" to enforce its Scheduling Order, Ellis, 2023 WL 3302839, at *2 n.3, the rule allows the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f). Given the Court's Scheduling Order, there is no question that Defendants' attempt to file a dispositive motion nine months after the explicit deadline with no justification and no leave requested is "impertinent." *Id*. It is also "insufficient" because it was not timely raised and is thus forfeited. *Id*. The Court is well within its discretion to strike the untimely motion.

5

### III.     Defendants Failed to Show Good Cause.

A court's scheduling order shall not be modified except upon "'a showing of good cause and by leave of the district judge.'" Dkt. 316 at 2 (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The good-cause standard requires a showing by the movant that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021), *cert. denied*, 2021 WL 5869440 (U.S. Dec. 13, 2021); *accord Al - Khawaldeh v. Tackett*, No. 1:20-CV-1079-RP, 2021 WL 5986053, at *4 (W.D. Tex. Dec. 16, 2021), *report and recommendation adopted*, No. 1:20-CV-1079-RP, 2022 WL 2718537 (W.D. Tex. Jan. 20, 2022) (applying *Olivarez* in the context of an untimely dispositive motion); Dkt. 316 at 2 (quoting same language but citing *Sw. Bell.*). To determine good cause, courts consider four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." S*pringboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019) (citation omitted).

Defendants, now belatedly attempting to show good cause, still fail to satisfy this standard. Even assuming that the dissent in *United States, ex rel. Polansky v. Executive Health Res., Inc.*, 599 U.S. 419 (2023) somehow "breathed new life" into an argument that has been made for decades, Dkt. 537 at 6, Defendants do not even

6

address, much less "explain," their delay between June 16 (the date of the Court's opinion) and September 8 (the date of their motion).

But the *Polansky* dissent does not justify Defendants' tardy motion, which means that Defendants cannot justify their failure to meet the dispositive motion deadline. A relevant change in law could justify a late 12(c) motion. But a dissent does not change the law. *Polansky* also says nothing about the Louisiana and Texas Constitutions, nor Plaintiffs' state law claims here. Defendants do not address this either, other than their conclusory statement that *Polansky* (despite Justice Thomas's dissent and Justice Kavanaugh's concurrence addressing only the federal constitution) somehow raises "important issues" under matters of state law. Again, these are not new arguments, nor arguments that Defendants could not have made earlier. Even setting aside the Fifth Circuit precedent that rejected the argument decades ago, litigants have raised this very issue with respect to the federal constitution within the last few years. *See, e.g., United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 740 n.7 (10th Cir. 2018) (rejecting unconstitutionality argument made for the first time on appeal as forfeited); *cert. dismissed sub nom. Intermountain Health v. U.S. ex rel. Polukoff*, 139 S. Ct. 2690 (2019). Because Defendants have no valid excuse for their delay, and because they cannot point to an important reason why they should be permitted to make this argument at this late date, the first two factors weigh against them. With respect to the third factor, there is prejudice to Plaintiffs. It is unfair to allow Defendants to continue making new arguments (that are not *new* to anyone else) after protracted litigation when the case

7

is on the cusp of a decision on cross-motions for summary judgment, especially an argument Defendants contend would require dismissal of the entire case. Defendants argue that they can raise this issue at trial, so they should be allowed to raise it now. But even if that were true, that does not mean that they can raise it through an untimely dispositive motion.

Defendants' delay in filing their motion is inexcusable and they utterly fail to meet the good cause standard for deviating from the Scheduling Order. The numerous cases cited above support striking Defendants' motion as untimely.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court strike Defendants' Motion for Judgment on the Pleadings (Dkt. 533) and Brief in Support (Dkt. 534). Plaintiffs also respectfully request that the Court stay briefing on Defendants' Motion until the Court resolves this motion.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys for Relator***

8

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES R. LLOYD
Acting Deputy Attorney General for Civil Litigation

/s/ William D. Wassdorf
William D. Wassdorf
Texas Bar No. 24103022
Assistant Attorney General, General Litigation Division
Reynolds Brissenden
Texas Bar No. 24056969
Deputy Chief, Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
will.wassdorf@oag.texas.gov

***Attorneys for State of Texas***

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, this document was electronically filed and served via the Court's CM/ECF system.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
