IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF TEXAS, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>THE STATE OF LOUISIANA, §<br>*ex rel.* ALEX DOE, Relator, §<br>§<br>§<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>PLANNED PARENTHOOD §<br>FEDERATION OF AMERICA, INC., §<br>PLANNED PARENTHOOD GULF §<br>COAST, INC., PLANNED §<br>PARENTHOOD OF GREATER §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD SOUTH §<br>TEXAS, INC., PLANNED §<br>PARENTHOOD CAMERON §<br>COUNTY, INC., PLANNED §<br>PARENTHOOD SAN ANTONIO, §<br>INC., §<br>§<br>Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**RELATOR'S RESPONSE TO DEFENDANTS' MOTION FOR
CLARIFICATION AND PARTIAL RECONSIDERATION OF
UNSEALING ORDER**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii
INTRODUCTION ............................................................................................................... 3
LEGAL STANDARD .......................................................................................................... 4
ARGUMENT ....................................................................................................................... 6
   I.   Relator redacted all information required by the Court's order ......................... 6
   II.  Defendants' additional redaction requests exceed what they requested previously, but Plaintiffs do not oppose some further redaction ....................... 8
   III. Defendants have failed to meet their burden for reconsideration of the Court's Order as to the documents Defendants request should be sealed in their entirety .................................................................................................................. 10
CERTIFICATE OF SERVICE ............................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Banister v. Davis*,
   140 S. Ct. 1698, 1708 (2020) .................................................................................... 5, 8
*Binh Hoa Le v. Exeter Fin. Corp.*,
   990 F.3d 410 (5th Cir. 2021) .............................................................................. 9, 10, 11
*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
   920 F.3d 209 (5th Cir. 2019) ...................................................................................... 10
*Carter v. Sw. Airlines Co.*,
   No. 3:17-CV-02278-X, 2022 WL 283025 (N.D. Tex. Jan. 31, 2022) .................. 6, 7, 9
*Cunningham v. Healthco, Inc.*,
   824 F.2d 1448, 1458 (5th Cir.1987) ............................................................................. 9
*Doe v. Mckesson*,
   945 F.3d 818, 835 n.12 (5th Cir. 2019) ...................................................................... 10
*Edward H. Bohlin Co. v. Banning Co.*,
   6 F.3d 350 (5th Cir. 1993) ............................................................................................ 5
*Fed. Deposit Ins. Corp. v. Meyer*,
   781 F.2d 1260, 1268 (7th Cir.1986) ............................................................................. 8
*Forsythe v. Saudi Arabian Airlines Corp.*,
   885 F.2d 285, 289 (5th Cir. 1989) ................................................................................ 5
*Guy v. Crown Equip. Corp.*,
   394 F.3d 320 (5th Cir. 2004) ........................................................................................ 5
*Johnson v. Navarez*, No. 5:18-CV-187-BQ,
   2019 WL 11503087 (N.D. Tex. June 14, 2019) ................................................. 3, 5, 8
*June Med. Servs., L.L.C. v. Phillips*,
   22 F.4th 512 (5th Cir. 2022) ................................................................................ 10, 11
*Keene Corp. v. Int'l Fidelity Ins. Co.*,
   561 F. Supp. 656 (N.D. Ill. 1982) ................................................................................ 4
*Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*,
   542 F.3d 1053 (5th Cir. 2008) ...................................................................................... 5
*Mesquiti v. Gallegos, C.A.*, No. C-09-136,
   2010 WL 2928168 (S.D. Tex. June 23, 2010) ............................................................. 3
*Planned Parenthood of Greater Tex. Surgical Health Services v. City of Lubbock,* No.
   5:21-CV-114-H, 2021 WL 4775135 (N.D. Tex. Oct. 13, 2021) ............................ 5, 13
*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854, 863-64 (5th Cir. 2003) .......................................................................... 8
*Schiller v. Physicians Res. Grp., Inc.*,
   342 F.3d 563 (5th Cir. 2003) .................................................................................. 4, 8

*Simon v. United States*,
  891 F.2d 1154, 1159 (5th Cir. 1990) .................................................................................... 8, 9
*So. Constrs. Grp., Inc. v. Dynalectric Co.*,
  2 F.3d 606, 611 (5th Cir. 1993) ................................................................................................ 6
*Templet v. HydroChem Inc.*,
  367 F.3d 473, 479 (5th Cir. 2004) ........................................................................................ 6, 8
*United States v. Branch*,
  91 F.3d 699 (5th Cir. 1996) ................................................................................................... 13
*Waltman v. Int'l Paper Co.*,
  875 F.2d 468 (5th Cir. 1989) ................................................................................................... 4
*Yan v. Mueller*, No. CV H-07-0313,
  2007 WL 9811059, at *2 (S.D. Tex. June 5, 2007) .................................................................. 6

**Rules**

Fed. R. Civ. P. 59(e) .......................................................................................................... *passim*
Fed. R. Evid. 106................................................................................................................... 13

## INTRODUCTION

Defendants' Motion for Clarification and Partial Reconsideration presents three issues. First, Defendants contend that Relator failed to redact everything the Court ordered redacted from the appendices. *See* Defs.' Ex. A (Dkt. 535-1). But the redactions Defendants claim are missing were not ordered by the Court according to the plain language of the Court's Unsealing Order, and in some cases, Defendants claim that Relator failed to redact information they never even asked to be redacted. Second, Defendants now argue that *additional* materials should be redacted. *See* Defs.' Ex. B (Dkt. 535-2). Third, Defendants contend that certain documents in the appendices should remain sealed in their entirety for reasons the Court has already rejected or based on arguments Defendants could have raised earlier when this issue was briefed *three times*. Dkt. 535 at 14-28. But Federal Rule of Civil Procedure 59(e) may not be used "to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court." *Johnson v. Navarez*, No. 5:18-CV-187-BQ, 2019 WL 11503087, at *1 (N.D. Tex. June 14, 2019) (quoting *Mesquiti v. Gallegos, C.A.*, No. C-09-136, 2010 WL 2928168, at *2 (S.D. Tex. June 23, 2010)).

Relator does not object to Defendants' additional proposed redactions in their Exhibits A and B concerning personal email addresses and cell phone numbers. Those two categories cover most of the redactions Defendants now request. Relator does object, however, to the redaction of what Defendants confusingly label "non-party names," which they claim includes the names of "non-public employees." Those are

3

two separate categories. Regardless, Defendants have not made a sufficient showing to redact all "non-party names" nor all "non-public employee" names.

Relator also opposes Defendants' request to seal the other documents in their entirety. Defendants do not offer a sufficient basis for reconsideration under Rule 59(e) because there are no changed facts or law and Defendants cannot point to any clear error of the Court. Defendants' arguments boil down to a disagreement with the Court's ruling, repetition of arguments previously made and rejected, and an attempt to make additional arguments they could have made earlier. That is an improper use of Rule 59(e). Moreover, on Relator's review, it does not appear that Defendants have ever before asked for one of the documents—the Kaleido security policy—to remain under seal. *See* Dkt. 426, 460, 510.

## LEGAL STANDARD

A motion under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). To prevail on a Rule 59(e) motion, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Failure to "clearly establish" one of the three grounds for relief under Rule 59(e) falls short of the required burden. *Marseilles Homeowners Condo. Ass'n Inc. v.*

4

*Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted); *Johnson*, 2019 WL 11503087, at *2.

When considering a 59(e) motion, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Waltman*, 875 F.3d at 479, 483. Consequently, "Rule 59(e) motions seldom change judicial outcomes." *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020). According to the Fifth Circuit, the Rule 59(e) standard "favors *denial* of motions to alter or amend a judgment." *So. Constrs. Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (emphasis added). "[O]nly when a district court commits an error that is 'plain and indisputable, and that amounts to a complete disregard of the controlling law[,]' can its decision be 'manifestly erroneous.'" *Planned Parenthood of Greater Tex. Surgical Health Services v. City of Lubbock, Tex.*, No. 5:21-CV-114-H, 2021 WL 4775135, at *2 (N.D. Tex. Oct. 13, 2021), *appeal dismissed*, No. 21-11148, 2022 WL 1554993 (5th Cir. Jan. 21, 2022) (*PPGTSHS*) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

A Rule 59(e) motion "may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). No matter how strongly Defendants disagree with the Court's reasoning or wish they had argued their points differently, a Rule 59(e) motion is "not

5

the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Where "the petitioner's arguments consist of mere dissatisfaction with the result, the Court need not revisit those issues which have already been decided in the absence of a clear showing of manifest error." *Yan v. Mueller*, No. CV H-07-0313, 2007 WL 9811059, at *2 (S.D. Tex. June 5, 2007). Defendants cannot make that showing here.[1]

## ARGUMENT

### I. Relator redacted all information required by the Court's order.

As an initial matter, Defendants' assertion that Relator did not redact all information ordered by the Court is incorrect. Relator redacted what the Court ordered:

> That the personal cell phone and non-party contact information outlined in ECF Nos. 426-6 at 7–10, 12–13, 460-2 at 4–5 (citing Appx. 6300, 6504), and 510-2 at 6 (citing Appx. 4389), 7–10, 11–12 (citing Appx. 9232, 9245), 18 (citing Appx. 9187–89, 9229) be unsealed with proper redactions. All other documents should be unsealed in their entirety.

Dkt. 517 at 8. Some courts order that the proponent of the redactions do the redacting within a short period of time and submit to the other party for approval before filing, but the Court here did not do that. *See, e.g., Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *2 (N.D. Tex. Jan. 31, 2022) (ordering the sealing proponent to "provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file."). Given that the summary judgment hearing

---

[1] By Relator's count, this is Defendants' *sixth* Motion for Reconsideration. *See* Dkt. 82, 196, 210, 224, 378, 535.

6

was upcoming in which documents in the sealed appendices would need to be used, no party was assigned the duty of redaction by the Court's Order, and since Defendants' incentive would be to delay, Relator's counsel did the redacting required by the Order and re-filed the documents a few days later.[2]

Defendants' claim that Relator did not comply with the Court's Order is based on their misinterpretation of the plain language of the Order. The Order did not require the redaction of *categories* of information with the cited information as an example—it required the redaction of "non-party contact information" and "personal cell phone numbers" found on the pages of the record specified by Defendants that the Court cited. Dkt. 517 at 8. The information contained in Exhibit A that Defendants claim should have been redacted was either not indicated on the pages the Court specified or was not "non-party contact information" or a "personal cell phone number." Dkt. 517 at 8. And the Court's Order clearly did not require the redaction of any names, whether "non-party" or "non-public employee."[3]

---

[2] Defendants' counsel identified a handful of instances in the State's documents where Fed. R. Civ. P. 5.2 information was inadvertently not redacted in the re-filed appendices. Relator's counsel will redact this information (as well as any other instances they identify) and provide it to Defendants' counsel for review before it is refiled.

[3] After ordering only contact information to be redacted, the Court cited Judge Starr's opinion in *Carter v. Southwest Airlines*, quoting this language: "[T]he plaintiff does not rely on the non-parties' identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest." Dkt. 517 at 8 (quoting 2022 WL 283025, at *3). But the full context of that quote is important. Judge Starr made that determination because, as the first part of the sentence quoted stated, "the information discloses private and sensitive information about non-party employee disciplinary proceedings" in the context of an employment discrimination suit. Judge Starr did not order the redaction of *names* in any other context. *See Carter*, 2022 WL 283025 at *4 (allowing only redaction of non-party contact information, "phone numbers, email addresses, etc."); *id.* at *5 (allowing redaction of names in the context of disciplinary records of non-party employees).

7

Defendants attach as Exhibit A to their Motion for Reconsideration a list of Appendix pages that they claim the Court ordered redacted but that Relator did not redact. Dkt. 535-1 at 1-3. Plaintiffs' Exhibit A is incorrect. The Court did not order any information from Appendix 1312, 1341, 5577, 5587, 5641, 6500, 6500, 6769, 6776, and 6777 to be redacted, *see* Dkt. 517 at 8, so Relator did not redact those pages. The Court ordered that Appendix 2706, 2707, and 5675-6121 be redacted, *id.*, but Defendants did not identify those pages as having "personal cell phone numbers" or "non-party contact information." Dkt. 517 at 8; Dkt. 426-6 at 12 (requesting redaction of "All non-public employee names" and "All non-public PP employee names"). Since the Court did not order redaction of non-public employee names, Relator did not redact those pages.

>    II.   **Defendants' additional redaction requests exceed what they requested previously, but Plaintiffs do not oppose some further redaction.**

As the Fifth Circuit has held repeatedly, Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller*, 342 F.3d at 568 (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *accord Johnson*, 2019 WL 11503087, at *2 (movant "cannot use a Rule 59(e) motion to proffer 'evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" (quoting *Templet*, 367 F.3d at 479)). It does not permit "repeated attacks on a decision." *Banister*, 140 S. Ct. at 1708. Nor may it "'be used to argue a case under a new legal theory.'" *Simon*, 891 F.2d at 1159 (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)).

8

To the extent Defendants now request additional redactions beyond what they requested before, they have forfeited such arguments. Arguments "not raised or argued at trial are ordinarily waived by the parties failing to raise them." *Simon*, 891 F.2d at 1159 (citing *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1458 (5th Cir.1987)). That said, Relator does not object to the additional redaction of personal email addresses and cell phone numbers that Defendants request. Those agreed redactions are highlighted in yellow in Exhibit A to this response. While the Court has an independent obligation to scrutinize materials to seal, even if the parties agree to sealing, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), Plaintiffs agree that those details are not relevant to the issues in the summary judgment motions and those individuals' privacy interests in their contact information outweigh the public's interest in access to those details, as the Court previously held with respect to similar information. *See* Dkt. 517 at 8; *see also Carter*, 2022 WL 283025, at *4. Those two categories cover most of the redactions Defendants now request.

Relator does object, however, to the redaction of what Defendants confusingly label "non-party names," which they claim includes the names of "non-public employees." Those are two separate categories. Non-party means that they are not party to the lawsuit, and employees of the Defendant corporations would not be included in that. Defendants have not made a sufficient showing to redact all "non-party names" nor all "non-public employee" names. Unlike what the Court determined when it permitted Relator to proceed pseudonymously, Defendants have

9

not offered evidence of "specific threats of violence made directly against" the individuals whose names Defendants wish to redact. Dkt. 79 at 7; *Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *cert. granted, vacated on other grounds*, 141 S. Ct. 48 (2020).

### III. Defendants have failed to meet their burden for reconsideration of the Court's Order as to the documents Defendants request should be sealed in their entirety.

The only basis Defendants offer for reconsideration of the unsealing of these documents, other than their disagreement with the Court's ruling, is their accusation that the Court did not conduct "an individualized evaluation of the documents subject to sealing." Dkt. 535 at 14. But Defendants mischaracterize both what the Court needed to do and what it did do. The "default" is that judicial records are public records. *Le*, 990 F.3d at 419. To overcome that default presumption, a party that desires information to be sealed must explain "in particularity the necessity for sealing," *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019), and how privacy interests outweigh "the public's common law right of access," *Le*, 990 F.3d at 419. Before a court orders that information to be sealed, it must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* That means that the court may only seal the specific information which meets this "arduous" standard. *Id.* at 420. The Court is the "champion" of the public interest and the "public's right of access to judicial records." *Id.* at 421. Thus, the Court's obligation is to decide "whether something should be sealed" according to the above standard. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). It does not

10

engage in this searching analysis to determine whether something should be *unsealed* because that is the "working presumption." *Id.*

Defendants misconstrue the law. They apparently believe that to defeat the presumption of public access, they can make assertions that whole documents should remain under seal reciting the words "trade secret," "sensitive," and "confidential" without the "line-by-line," particularized showing explained above, yet the Court has the responsibility to disregard their arguments and meet their burden for them. *See* Dkt. 460 at 13-14 (arguing the Medical Standards and Guidelines should remain under seal in their entirety because they are "proprietary" and "trade secret information"), Dkt. 426 at 23 (arguing the Medicaid Reimbursement Toolkit should remain under seal in its entirety because it contains "sensitive, confidential information"), Dkt. 426 at 23-24 (arguing that the accreditation documents should remain under seal in their entirety because they contain "highly sensitive information"). That is not the law. The presumption is openness, so to *unseal* court records, the Court was only obligated to consider the arguments made by the sealing proponent and the justifications for sealing offered. Only where the Court sanctions *sealing* does the Court's obligation of the "document-by-document," "line-by-line" review come into play to ensure that only information "'congruent to the need'" is sealed. *June Med. Servs.*, 22 F.4th at 521 (quoting *Le*, 990 F.3d at 420). Here, the Court rejected Defendants' argument that the appendices were not judicial records, and also rejected the justification for sealing that Defendants offered as "trifling or speculative and amount[ing] to little more than boilerplate that could virtually

11

always be recited in this context." Dkt. 517 at 7. To *unseal* the documents, the Court was not obligated to do more than that.

Defendants go on to repeat arguments in favor of sealing these documents that that they already made and the Court rejected and cite additional case law that could have been cited before. *Compare* Dkt. 535 at 14-18 *with* Dkt. 460 at 13-14; *compare* Dkt. 535 at 20-26 *with* Dkt. 426 at 23-24; *compare* Dkt. 535 at 26-28 *with* Dkt. 426 at 23. Defendants also more or less repeat their argument that pages of documents not cited in Plaintiffs' briefing should remain under seal, which the Court also rejected. *See, e.g.*, Dkt. 535 at 14-15, 17 (Medical Standards and Guidelines), 22-23 (accreditation materials), 27 (PPFA Medicaid Reimbursement Toolkit). Their assertions of what Plaintiffs cited those documents for are also false. Those documents are not cited for their mere existence, *contra* Dkt. 535 at 17, 22-23, 27, but rather the *entirety* of the documents demonstrates the extensive control PPFA has over every detail of the Affiliates' business operations, including the provision of medical services and Medicaid reimbursements. This is a key issue in this case. The length and detail of the documents proves Plaintiffs' point. Defendants obviously want to keep these documents hidden because they are very damaging to their argument that PPFA has nothing to do with the Affiliates' business operations and thus cannot be liable for the Medicaid fraud alleged here. But that is not a sufficient reason to keep such key documents to this case hidden from public view. Defendants contend that these documents contain proprietary information and trade secrets which justify sealing, but the Court already rejected that argument as to these

12

documents because the evidence Defendants submitted was insufficient to demonstrate the arduous burden for sealing was met. Dkt. 517 at 7.

Defendants fail to explain which points they offer are new and therefore were not previously considered by the Court, nor do they offer any explanation as to why they were unable to raise these points before. That falls well short of meeting their burden to justify the "extraordinary" relief of Rule 59(e). *PPGTSHS*, 2021 WL 4775135, at *2. Thus, to the extent anything Defendants offer is new, it should be disregarded as it cannot form a basis for relief under Rule 59(e). *Id.* ("A motion to reconsider may not be used to . . . present evidence or arguments that should have been offered before judgment was entered."). For instance, Defendants now request that the Court keep under seal Kaleido Health Solutions' security policy. (Kaleido is a Planned Parenthood company and the platform through which Planned Parenthood provides telehealth services, some of which are billed to Medicaid). That security policy was attached to a report from a board meeting cited by Plaintiffs. While that part of the board meeting report is not central to Plaintiffs' claims like the other documents Defendants want sealed, Plaintiffs included it in the appendices pursuant to the doctrine of completeness because it was part of a document cited. *See* Fed. R. Evid. 106; *United States v. Branch*, 91 F.3d 699, 727 (5th Cir. 1996) (noting that FRE 106 codifies the common-law rule of completeness, the purpose of which is to permit the factfinder to view evidence in context). It does not appear that Defendants have ever previously offered a substantive explanation of why the Kaleido security policy should remain under seal. *See* Dkt. 426, 460, 510.

## CONCLUSION

The Court should deny Defendants' motion with the exception of the redactions Relator agrees to as explained above and as highlighted in Exhibit A attached hereto.

        Respectfully submitted.

        /s/ Andrew B. Stephens
        Andrew B. Stephens
        Texas Bar No. 24079396
        Heather Gebelin Hacker
        Texas Bar No. 24103325
        HACKER STEPHENS LLP
        108 Wild Basin Road South, Suite 250
        Austin, Texas 78746
        (512) 399-3022
        andrew@hackerstephens.com
        heather@hackerstephens.com

        ***Attorneys for Relator***

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Andrew B. Stephens</u>
Andrew B. Stephens
