# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

UNITED STATES OF AMERICA, *ex rel.* §
ALEX DOE, Relator, THE STATE OF §
TEXAS, *ex rel.* ALEX DOE, Relator, THE §
STATE OF LOUISIANA, *ex rel.* ALEX DOE, §
Relator, § No. 2:21-cv-022-Z
§
     Plaintiffs, §
§
v. §
§
PLANNED PARENTHOOD FEDERATION §
OF AMERICA, INC., PLANNED §
PARENTHOOD GULF COAST, INC., §
PLANNED PARENTHOOD OF GREATER §
TEXAS, INC., PLANNED PARENTHOOD §
SOUTH TEXAS, INC., PLANNED §
PARENTHOOD CAMERON COUNTY, §
INC., PLANNED PARENTHOOD SAN §
ANTONIO, INC., §
§
     Defendants. §


## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF UNSEALING ORDER

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

I.     Relator's Race To Unseal Defendants' Documents Was Wholly Unjustified ...................................................................................................... 2

II.    The Redaction of Non-Party Names is Consistent with the Unsealing Order. .............................................................................................................. 2

III.   The Court Should Reconsider Its Order To Unseal 23 Trade Secret Documents. ..................................................................................................... 5

        A.    The Decision to Unseal Documents Must Be Based on an Individualized Examination of Documents and Balancing of Interests. .................................................................................... 5

        B.    Reconsideration is Also Appropriate Because Arguments and Facts May Have Been Overlooked. ................................................. 6

        C.    The Court Did Not Reject Defendants' Narrowly Tailored Proposal for Sealing. ......................................................................... 8

IV.   The Kaleido Health Solutions Security Policy Should Remain Sealed. .............. 10

CONCLUSION ............................................................................................................... 10

i

## INTRODUCTION

Relator's opposition to Defendants' request for clarification makes the task presented to the Court even more straight-forward.  Relator does not oppose redacting home addresses, personal emails, or cell-phone numbers identified on Defendants' Exhibit A and Exhibit B.  By failing to address Defendants' request that the Court keep sealed both a three-line reference to a privileged email and the underlying email itself, Relator implicitly agrees to Defendants' request and waives the argument that the privileged information should be unsealed.  *See Kellam v. Services,* 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) ("[T]he failure to respond to arguments constitutes abandonment or waiver of the issue.").  And Relator's opposition to redacting the names of non-public employees and third parties (including patients[1]) cannot be reconciled with the Court's prior orders.  The August 4 Unsealing Order explicitly acknowledges that "non-party employees' privacy interest" outweighs any public interest in "knowing [their] names," and the August 11 Clarifying Order further cautioned the parties not to reference non-party names at the summary-judgment hearing.  The motion for clarification should be granted.

Relator's opposition to Defendants' request for reconsideration attempts to distract the Court from meritorious arguments and compelling evidence that warrant sealing 23 discrete documents containing trade-secret information (the "Trade Secret Documents") and a non-party's detailed security policy.  Relator's contention that the rules and analysis that apply to motions to seal are irrelevant to Relator's motion to **un**seal is nonsensical, and Relator offers no substantive response to Defendants' detailed showing that these few documents satisfy the Fifth Circuit's standard for sealing.  The Court should grant Defendants' motion for reconsideration.

---

[1] In addition to the non-party names that appear in Plaintiffs' Appendices, Defendants' Motion (at 4) sought clarification that the Unsealing Order's redaction requirements should extend to and include non-party names in documents the Court ordered fully unsealed in Defendants' summary judgment appendices, which include non-party names of Planned Parenthood patients. *See, e.g.*, ECF No. 469, App.020-021, App.025-026 (disclosing names of three patients).

1

## ARGUMENT

### I.    Relator's Race To Unseal Defendants' Documents Was Wholly Unjustified.

As a threshold matter, Relator's claimed justification for immediately filing their "redacted" Appendices on the public docket—without notice or consulting with Defendants—falls flat. *See* Resp. at 6–7. Relator plainly recognized that "no party was [specifically] assigned the duty of redaction by the Court's Order," *id.* at 7, yet decided to make all redaction determinations unilaterally,[2] rather than seek clarification from the Court or Defendants. Relator claims time was of the essence in view of the then-imminent summary-judgment hearing, *see id.*, but there were more than ten days between the Court's August 4 Unsealing Order and the August 15 summary-judgment hearing—more than ample time to consult with Defendants or seek clarification from the Court to avoid running afoul of the Unsealing Order. Accordingly, Defendants respectfully request that the Court require Plaintiffs to provide Defendants with any proposed redacted filings not less than two business days before filing them on the public docket.

### II.    The Redaction of Non-Party Names is Consistent with the Unsealing Order.

Contrary to Relator's assertion (Resp. at 7), the Court's August 4 Unsealing Order and August 11 Clarifying Order *do* include protections for personal information of non-parties and non-public Planned Parenthood employees. The Unsealing Order required the parties to redact the "personal cell phone and non-party contact information outlined" in the referenced charts—which included non-party names,[3] personal cell phone numbers, home addresses, and personal email addresses—to protect the non-parties' privacy interests. *See* ECF No. 517 at 8 (citing *Carter v. Sw. Airlines Co.*, 2022 WL 283025, at *3 (N.D. Tex. Jan. 31, 2022) ("[T]he public's interest in knowing the names of the non-party employees does not outweigh the non-party

---

[2] Plaintiffs acknowledge that they incorrectly redacted certain documents. *See* Resp. at 7 n.2.

[3] These names include current non-public employees, former employees, and various third parties, including employees of more than 60 non-party Affiliates.

employees' privacy interest.")).  Consistent with the Unsealing Order's recognition of non-party privacy interests, the Court further cautioned all parties against disclosing non-party names at the summary-judgment hearing.  *See* ECF No. 526 at 3 (instructing parties to use an individual's job title or generic description of their status within an organization to avoid using names during oral argument and instructing parties to be careful not to verbally disclose any non-party or non-public names during court proceedings).  Taken together, the Orders direct continued confidentiality for names and personal contact information identifying non-parties whose privacy interests outweigh the public's interest in that wholly irrelevant information.

Relator's insistence that their unsealing position is justified by the "full context" of the Court's citation to *Carter v. Southwest Airlines* (*see* Resp. at 7 n.3) is unavailing.  The *Carter* court did not say that redacting individual names would only be appropriate in the context of employee disciplinary proceedings.  2022 WL 283025.  Rather, the *Carter* court found that continued confidentiality of non-party employee names was warranted in several contexts, including travel-request forms produced during discovery, because "*the plaintiff [did] not rely on the non-parties' identities* in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest."  *Id.* at *2 (emphasis added).  As Defendants showed in their oppositions to the unsealing motions (*see* ECF No. 488 at 15–16; ECF No. 460 at 7–8; ECF No. 510 at 18–19), the ruling in *Carter* is not an outlier; courts regularly order redaction of non-party personal information (including names) where the information is not relevant to the issues presented to the court.  *See, e.g., Trans Tool, LLC v. All State Gear Inc.,* 2022 WL 608945, at *7 (W.D. Tex. Mar. 1, 2022) (names of confidential source and interpreter could be redacted to preserve confidentiality; "their names [were] irrelevant to the issues in this case"); *id.* at *8 (names and

addresses of customers could be redacted because they were "irrelevant to the proffer in this case"); *Hebert v. Unum Group*, 2020 WL 13608412, at *3 (E.D. Tex. Aug. 25, 2020) (names of non-party brokers and brokerage firms could be redacted because they were irrelevant to the presented claims).

Here, the identities of the individuals listed in Defendants' Exhibit A and Exhibit B, ECF Nos. 535-1, 535-2, are irrelevant to Relator's claims and any public interest in those names therefore cannot "'outweigh the non-part[ies'] . . . privacy interest[s].'"   ECF No. 517 at 8 (quoting *Carter*, 2022 WL 283025, at *3).[4]   Tellingly, Relator does not argue otherwise. Relator's only response is that—even if the names themselves are wholly irrelevant to the parties' claims and defenses—redactions are not warranted unless Defendants demonstrate a specific threat of harm that would arise from their public disclosure.   *See* Resp. at 9-10. Relator's only authority for this heightened test is inapposite.   The court in *Doe v. McKesson* recognized there is a strong public interest in knowing **the name of a plaintiff**, and that litigations involving anonymous plaintiffs implicate First Amendment concerns that are evaluated under a distinct three-factor test.   945 F.3d 818, 835 n.12 (5th Cir. 2019) ("district court walked through three factors common to anonymous-party suits that we have said 'deserve considerable weight'" and "concluded that none of these factors applied to the fact of this case"). Here, however, the only names Defendants seek to redact are those of non-parties, including patients, non-public employees, and other third parties.[5]

---

[4] Courts have similarly rejected attempts by parties to obtain the names and phone numbers of Planned Parenthood employees under FOIA, finding that releasing such information "would constitute a clearly unwarranted invasion of their personal privacy" that outweighs the public interest in such information. *See N.H. Right to Life v. Dep't of Health & Hum. Servs.,* 976 F. Supp. 2d 43, 63-64 (D.N.H. 2013), *aff'd sub nom. N.H. Right to Life v. U.S. Dept. of Health & Hum. Servs.*, 778 F.3d 43 (1st Cir. 2015) ("Right to Life does not identify, and the court cannot conceive of, any public interest in that kind of information").

[5] Relator makes a half-hearted assertion that Defendants' employees who do not publicly identify as Planned Parenthood employees should be deemed "parties" to the litigation.   *See* Resp. at 9.   But these

III.     **The Court Should Reconsider Its Order To Unseal 23 Trade Secret Documents.**

     A.     <u>The Decision to Unseal Documents Must Be Based on an Individualized Examination of Documents and Balancing of Interests.</u>

Defendants showed that their Trade Secret Documents warrant sealing based on detailed evidence presented in sworn declarations. *See, e.g.*, Mot. at 10–11, 15–17, 21–22.  And the Fifth Circuit requires "a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring non-disclosure."  *June Medical Servs, L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (cleaned up).  The reviewing court must "scrupulously examine each document sought to be sealed."[6] *Id.*

Relator does not dispute that the Unsealing Order does not reflect a document-by-document evaluation of the Trade Secret Documents that Defendants sought to keep sealed in whole or in part.  Relator contends that an individualized evaluation need be conducted only if the court is presented with a motion to ***seal***, rather than a motion to ***un***seal.  *See* Resp. at 10–11.  The obligation to undertake a "searching analysis" is only triggered—according to Relator—if

---

non-publicly-identified employees are plainly not named defendants and also do not serve as officers, directors, or managing agents of the organizations.  As such, they should be treated as non-parties. *Cf. Jackson v. Stevens Transp., Inc.,* 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015) (corporate employee who does not qualify as an officer, director or managing agent is "treated as any other non-party" under the Rules).  Even if those individuals could for some reason be treated as "parties," party names may *still* be redacted from the public record if the information is not directly relevant to the claims and the party would suffer harm if publicly identified. *See Hebert*, 2020 WL 13608412, at *3 (permitting redaction of employee names and information related to irrelevant allegations as not directly relevant to claims that would be harmful if publicly released).  As this Court has recognized, Defendants' "mission elicits strong opposition actors who have conducted acts that range from harassing business and mission partners to acts of violence."  ECF No. 517 at 8.  For this reason, the State of Texas has allowed the names of Planned Parenthood employees to remain confidential in response to an Open Records Request because of evidence of harassment and threats, including two attacks involving explosives at similar locations. *See* Tex. Att. Gen. Open Records Letter Ruling, 2012 13509, https://www2.texasattorneygeneral.gov/ opinions/openrecords/50abbott/orl/2012/pdf/or201213509.pdf (Aug. 24, 2012).

[6] The Fifth Circuit's identification of a "working presumption" in favor of public access does not relieve the court of its obligation to engage in that "searching analysis." *Contra* Resp. at 10-11.  It merely undergirds the document-by-document balancing of the public's common law right of access (which the court "presumes") against the interests favoring non-disclosure. *See Vantage Health Plans, Inc.*, 913 F.3d at 450 ("Undergirding balancing is a 'presumption in favor of the public's common law right of access to court records.'" (citation omitted)).

the court "sanctions *sealing*," and does not—again, according to Relator—apply to a court's decision to *un*seal.  *Id*. at 11.  Relator does not cite a single authority that adopts their reimagining of the inquiry that courts must undertake in deciding whether information belongs in the public record.  That is not surprising, because Relator's proposal—whereby one standard would apply to motions and decisions to *seal* and yet another would apply to motions and decisions to *un*seal—is nonsensical.  Whether presented in a motion to seal or *un*seal, the fundamental inquiry is the same:  whether the underlying documents and information should be open to the public. The Fifth Circuit has expressly observed that "a district court abuses its discretion in decisions to seal or *un*seal documents" in two scenarios:  "failure to identify and apply the proper legal standards, or failure to provide sufficient reasons for its decision to enable appellate review."  *Vantage Health Plans, Inc. v. Willis-Knighton Medical Ctr.*, 913 F.3d 443, 450–451 (5th Cir. 2019) (emphasis added).  Because the Unsealing Order does not specifically address the Trade Secret Documents (or the Kaleido Health Solutions Security Policy, *see infra* Section IV), reconsideration is warranted on that basis alone.

      B.    <u>Reconsideration is Also Appropriate Because Arguments and Facts May Have Been Overlooked.</u>

Courts also have recognized the merits of seeking reconsideration when arguments or factual matters may have been overlooked by the Court's order.  *See, e.g., Praetorian Special Ins. Co. v. Pelican Enterprises, LLC,* 2010 WL 11678695, at *2 (S.D. Tex. Sept. 10, 2010) (granting reconsideration where court's ruling was based on manifest error of fact); *Avila v. Am. Color Graphics, Inc*., 2005 WL 1248878, at *1 (S.D. Tex. Apr. 26, 2005) (reconsideration motion should "'point to controlling decisions or data that the court overlooked—matters, in other words, that might alter the conclusion reached by the court'" (citation omitted)); *In re Bard IVC Filters Prods. Liability Litig*., 2018 WL 3721373, at *1 (D. Ariz. Aug. 3, 2018).

That is why Defendants' Motion identifies for the Court the key facts establishing the trade-secret nature of Defendants' confidential information. *See contra* Resp. at 12 (complaining Defendants "repeat arguments in favor of sealing these documents that they already made"). Those facts are not "stereotyped and conclusory statements," or "boilerplate that could virtually always be recited in this context." ECF No. 517 at 7 (Unsealing Order). Defendants' declarations detailed the time, effort, and expense that went into the development of the trade-secret information; the measures undertaken to preserve its confidentiality, including the use of confidentiality stamps and enforcement of policies precluding distribution; the value to the Planned Parenthood brand of that information not being generally known; and the potential competitive harm of publicly disclosing the information to competitors who could use it to obtain a head start and compete with PPFA and its affiliates. *See, e.g.*, Mot. at 10–11, 15–17, 21–22. Those are the types of facts that courts regularly deem sufficient to seal "trade secret" information. *See, e.g., Planned Parenthood of Wisc., Inc. v. Van Hollen*, 94 F. Supp. 3d 949, 960 (W.D. Wisc. 2015); *Last v. M-I, L.L.C.*, 2022 WL 105107, at *1–2 (E.D. Cal. Jan. 11, 2022).

Relator's procedural complaints fare no better. Relator says the Court should disregard Defendants' authority because the Motion cites cases not included in Defendants' original opposition to Relator's unsealing motions. *See* Resp. at 12. But many of Defendants' cases were addressed in Defendants' opposition briefs. For example, Defendants previously cited *Wilkins v. Overall*, 2021 WL 824954 (S.D. Ill. Mar. 4, 2021) and *New Hampshire Right to Life*, 976 F. Supp. 2d 43, in support of their request to seal the Medical Standards and Guidelines. *See* ECF No. 460 at 9–10. Yet Relator offered no meaningful response to either case in their prior reply brief or recently filed Response brief. Nor does Relator cite any authority supporting their complaint over Defendants' citation to supplemental authority. To Defendants' knowledge,

there is no rule or prohibition against citing supplemental authority to elaborate on arguments when seeking reconsideration and clarification of prior rulings. Even if the Court has expressed some "doubt[] that much of Defendants' production could qualify as 'trade secrets,'" ECF No. 517 at 7, that does not mean that the 23 Trade Secret Documents identified in the Motion fall short of the relevant standard. The Motion properly seeks to show, with supporting authority, how and why the information in the Trade Secret Documents meets those qualifications.

      C.    <u>The Court Did Not Reject Defendants' Narrowly Tailored Proposal for Sealing.</u>

Relator misconstrues Defendants' proposal to unseal portions of the Trade Secret Documents. According to Relator, Defendants merely "repeat their argument that pages of documents not cited in Plaintiffs' briefing should remain under seal, which the Court [] rejected." Resp. at 12. But Defendants do not seek reconsideration of their argument that uncited documents are not "judicial records." *Cf.* ECF No. 517 at 6 (Unsealing Order). Even ***accepting*** the Court's determination that the Trade Secret Documents constitute "judicial records," the Court still should balance the public's interest in access to those records against Defendants' interest in non-disclosure by unsealing only the portions that concern the contentions of law and fact raised in summary-judgment briefing. Defendants' partial-unsealing proposal reflects the kind of "narrow tailoring" that courts routinely deploy to protect sensitive trade-secret information under similar circumstances. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1226–28 (Fed. Cir. 2013) (reversing order to unseal nine market reports totaling approximately 500 pages and adopting Apple's proposal to unseal only 12 pages actually cited by parties because remainder "not central to a decision on the merits"); *Wilkins*, 2021 WL 824954, at *3 (unsealing specific pages of medical guidelines cited in dispositive motion, but sealing remainder to avoid fully disclosing trade secrets).

Because Relator must concede that the particular information in those documents is not

directly relevant to this litigation, Relator instead retorts that the Trade Secret Documents should be completely unsealed because the "length and detail" of the documents "proves Plaintiffs' point" about PPFA's "extensive control . . . over every detail of the Affiliates' business operations." Resp. at 12. But Plaintiffs did not rely on the "length and detail" of those documents in their briefing or at oral argument. And any public interest in the length of the documents cannot reasonably outweigh Defendants' interest in keeping their contents confidential.[7]

Indeed, even if *all* the minute details contained in those documents were directly relevant (and they are not), Supreme Court and Fifth Circuit precedent establishes that the interest in preserving trade-secret information will generally overcome any public interest in accessing that information.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (recognizing that "protecting trade secrets" provides "good reason[]" to seal).

Finally, Relator's argument that Defendants seek to keep these documents sealed because they are substantively damaging to PPFA's legal argument that it does not control the Affiliates' business operations has no basis in fact.  As PPFA demonstrated in its summary judgment briefing, it does not control the Affiliates' business operations; PPFA has never argued that it "has nothing to do with the Affiliates' business operations."  Resp. at 12; *cf.* PPFA Statement of Undisputed Fact ¶ 5, ECF No. 470 at 3–4 (explaining that, "[t]o maintain membership in PPFA, affiliates must undergo a regular and thorough accreditation process to assess adherence with [PPFA] Standards of Affiliation," including voluntarily "affirm[ing their] compliance . . . with

---

[7] If the Court finds any merit to Relator's late-breaking position, the documents should, at most, be unsealed subject to redactions of the underlying substantive information, consistent with Defendants' alternative proposal for the accreditation reports.  *See* Mot. at 20.  That approach would convey the "length and detail" of the documents without revealing the entire compilation of proprietary information that PPFA has spent years developing and zealously guarding from disclosure.

PPFA's Manual of Medical Standards and Guidelines").   And PPFA has agreed to unseal documents describing its Accreditation Program and Medical Standards and Guidelines.

IV.   <u>**The Kaleido Health Solutions Security Policy Should Remain Sealed.**</u>

The Kaleido Health Solutions Security Policy should remain sealed.  That policy was included in a package of non-party board documents that Plaintiffs included but did not cite in their opening summary-judgment brief.  *See* ECF No. 488 at 54 (Appx.004222-4385, 416 Holdings Board of Directors Meeting Agenda and Materials).  Although Plaintiffs nominally cited to one page in that package (but not the particular policy in question) in their summary-judgment ***reply***, *see* ECF No. 495 at 32 (citing Appx. 4259), it was improperly cited for the first time on reply and, furthermore, contains sensitive non-party information.  *See, e.g.*, ECF No. 510-2 at 24.  The Unsealing Order rejected the former argument, but did not otherwise address the 416 Holdings board package in any way.

Given the interests at stake in disclosing a non-party's security policy (particularly the risk of exposing patient information to cybersecurity attacks), Defendants identified the Kaleido Security Policy as an additional document meriting reconsideration—and Relator's Response only further demonstrates why sealing is appropriate.  Relator does not dispute that the policy discloses details that would pose a cybersecurity risk to non-party information if revealed, and Relator admits that the security policy is "not central to Plaintiffs' claims."  Resp. at 13; *see id*. (Plaintiffs only included the policy "pursuant to the doctrine of completeness").  Because the interests in non-disclosure plainly outweigh the non-existent public interest in that information, the Court should grant reconsideration to retain the Kaleido Security Policy under seal.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Clarification and Partial Reconsideration of the Unsealing Order.

Dated: October 6, 2023                    Respectfully Submitted,


                                          O'MELVENY & MYERS LLP

                                          /s/ *Danny S. Ashby*
                                          DANNY S. ASHBY
                                          Texas Bar No. 01370960
                                          dashby@omm.com
                                          MEGAN R. WHISLER
                                          Texas Bar No. 24079565
                                          mwhisler@omm.com
                                          2501 N. Harwood Street, Suite 1700
                                          Dallas, Texas 75201
                                          T: (972) 360-1900
                                          F: (972) 360-1901

                                          LEAH GODESKY (pro hac vice)
                                          lgodesky@omm.com
                                          1999 Avenue of the Stars, 8th Floor
                                          Los Angeles, California 90067
                                          T: (310) 553-6700
                                          F: (310) 246-6779

                                          ANTON METLITSKY (pro hac vice)
                                          ametlitksy@omm.com
                                          7 Times Square
                                          New York, New York 10036
                                          T: (212) 326-2000
                                          F: (212) 326-2061

                                          RYAN BROWN ATTORNEY AT LAW
                                          Ryan Patrick Brown
                                          Texas Bar No. 24073967
                                          ryan@ryanbrownattorneyatlaw.com
                                          1222 S. Fillmore St.
                                          Amarillo, Texas 79101
                                          T: (806) 372-5711
                                          F: (806) 350-7716

                                          *Attorneys for Defendant Planned Parenthood*
                                          *Federation of America, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Tirzah S. Lollar*
Craig D. Margolis
Craig.Margolis@arnoldporter.com
Tirzah S. Lollar
Tirzah.Lollar@arnoldporter.com
Christian Sheehan
Christian.Sheehan@arnoldporter.com
Jayce Born
Jayce.Born@arnoldporter.com
Emily Reeder-Ricchetti
Emily.Reeder-Ricchetti@arnoldporter.com
Megan Pieper
Megan.Pieper@arnoldporter.com
Alyssa Gerstner
Alyssa.Gerstner@arnoldporter.com
Meghan C. Martin
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

Christopher M. Odell
Texas State Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

Paula Ramer
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474
Paula.Ramer@arnoldporter.com

RYAN BROWN ATTORNEY AT
LAW
Ryan Patrick Brown
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711

-12-

F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of Greater
Texas, Inc., Planned Parenthood of South Texas,
Inc., Planned Parenthood Cameron County, Inc.,
and Planned Parenthood San Antonio, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Danny S. Ashby*

-14-