IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, <br><br> Defendants. | 2:21-CV-022-Z |

## SCHEDULING ORDER

| | |
|---|---|
| Finalized Designation of Experts | Nov. 6, 2023 |
| Expert Objections | Nov. 20, 2023 |
| Completion of Discovery | Dec. 4, 2023 |
| Pretrial Disclosures | Feb. 12, 2024 |
| Objections to Pretrial Disclosures | Feb. 26, 2024 |
| Pretrial Materials | Mar. 11, 2024 |
| Exchange of Exhibits | Mar. 25, 2024 |
| Pretrial Conference | Apr. 2, 2024 at 10:00 A.M. (CDT) |
| Trial Date | Apr. 16, 2024 at 9:00 A.M. (CDT) |

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the materials submitted by both parties, finds that the foregoing schedule should govern the disposition of this case. Unless otherwise ordered or modified by this Order, all limitations and requirements of the Federal Rules of Civil Procedure and the Northern District of Texas Local Civil Rules must be observed.

### TRIAL DATE

This case is set for trial beginning April 16, 2024, at 9:00 A.M. (CDT). The trial date will not be postponed or continued except on written motion in compliance with Local Civil Rule 40.1.

**EXPERTS**

A. *Finalized Designation of Experts*

Unless otherwise stipulated or directed by an order of this Court, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) **on or before Monday, November 6, 2023**.

B. *Expert Objections*

Objections to the qualifications or competency of experts — or "*Daubert* motions" — must be made in a written motion filed **on or before Monday, November 20, 2023**.

**COMPLETION OF DISCOVERY**

By Monday, December 4, 2023, all discovery — including discovery concerning expert witnesses — shall be completed. The parties may agree to extend this discovery deadline, provided (a) the extension does not affect the trial setting or pretrial-submission dates; and (b) the parties give written notice of the extension to the Court. The Court expects the parties to work in good faith to resolve discovery disputes.

A. *Motion to Compel Discovery or Protective Order*

Any motion to compel discovery or for a protective order must be filed by **15 days** after the discovery response at issue was served. Any other motions that are related to discovery but do not seek to compel or avoid as-of-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed by **15 days** after the discovery response at issue was served.

Any motion to quash or for protective order relating to a deposition that is filed less than **5 business days** before the scheduled or noticed date of the deposition will be summarily denied

unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

B. *Attorney-Client Privilege and Work-Product Protection*

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information — inadvertent or otherwise — is not a waiver of the privilege or work-product protection in this case or any other federal or state proceeding. This Order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this Order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged information before production.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received information of the claim with the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**PRETRIAL DISCLOSURES AND OBJECTIONS**

Unless otherwise directed by order, **on or before Monday, February 12, 2024**, the parties must make the disclosures required by Rule 26(a)(3)(A). **On or before Monday, February 26,**

**2024**, a party must serve and file a list disclosing any objections, together with the grounds therefore, to: (a) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and (b) the admissibility of materials identified under Rule 26(a)(3)(A)(iii). The list must identify the nature and basis of each objection, identifying the specific portion of the exhibit objected to and explaining the objection in detail. Other than exhibits on file with the Court, the objecting party must attach the materials at issue to the objections. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause. Responses to any objections to Rule 26(a)(3)(A) disclosures are due **on or before Monday, March 11, 2024**, and replies in support of a party's objections are due **on or before Monday, March 18, 2024**.

With respect to the identification of witnesses to be called by deposition, parties must identify the portions of the deposition transcript they intend to use **on or before Friday, February 16, 2024**. Identification should be done by highlighting the relevant testimony. Parties' highlights should be specific to the relevant testimony only. The parties must identify any objections to the initial deposition designations and any counter-deposition designations **on or before Friday, March 1, 2024**. Objections to any counter-deposition designations and designations of any counter-deposition testimony to the counter-deposition designations are due **on or before Monday, March 11, 2024**. Objections to counter-counter deposition designations are due **on or before Monday, March 18, 2024**.

Counsel — or the party if not represented by counsel — must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will hear necessary arguments on the admissibility of the exhibits and issue any necessary order.

**PRETRIAL MATERIALS**

A. *Pretrial Order*

A joint pretrial order shall be submitted by the Plaintiff's attorney **on or before Friday, March 22, 2024**. The pretrial order shall address each matter listed in Local Rule 16.4 and state the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorneys shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order. Parties may identify contested elements using colors, fonts, bold/italics, or any other clear means of identification. Failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control subsequent proceedings. The proposed pretrial order must be transmitted to the electronic address Kacsmaryk_Orders@txnd.uscourts.gov.

B. *Witness List*

Parties must file a list of witnesses who may be called by each in its case in chief **on or before Monday, March 11, 2024**. Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable. The witness list should also state whether the witness will offer testimony as an expert, record custodian, or fact witness. If any witness needs an interpreter, please note this on the witness list and arrange that an interpreter be present at trial.

C. *Exhibit List and Deposition-Testimony Designations*

A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial shall be filed by each party **on or before Friday, March 22, 2024**.

The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list and must identify the party submitting the exhibit.

Each party's exhibit list shall be accompanied by a written statement, signed by counsel for each party, and shall state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, specifically identifying the nature and legal basis of any objection and the objected-to portions of the exhibit as well as the name of the objecting party or parties. Parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been timely filed. Objections not adequately identified in the statement may be waived. A list of each party's exhibits to which no objection will be lodged (pre-admitted) must be submitted at the pretrial conference. Parties are expected to confer and agree to admit most of their exhibits prior to trial.

Counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel at least **14 days** before trial and shall deliver a set of marked exhibits to the Amarillo Division's Clerk's Office, marked to the attention of Judge Kacsmaryk's chambers. Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. Parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench — the Court prefers that each binder contain no more than approximately 300 pages.

D. *Jury Charge*

The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, **on or before Tuesday, April 2, 2024**. The parties shall simultaneously email the agreed charge and verdict form in Word format to Kacsmaryk_Orders @txnd.uscourts.gov. Counsel for Plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document; but if no plaintiff is represented by counsel, counsel for Plaintiff must assume this responsibility. All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions. The Court advises the parties to rely, wherever possible, on United States Supreme Court and/or Fifth Circuit authority and pattern instructions or relevant state-law authority and pattern instructions.

The Court expects the parties to engage — in person, by telephone, or via video teleconference — in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in boldface. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal positions regarding the disputed portions of the joint proposed jury charge and verdict form. If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions, questions, or omissions must be filed with the Clerk of Court as soon as reasonably

possible and simultaneously emailed in Word format to Kacsmaryk_Orders@txnd.uscourts.gov.

E. *Voir Dire*

Voir dire will be conducted initially by the Court, with each party being allotted twenty (20) minutes for supplementary voir dire. Parties must submit any requested voir dire questions to Kacsmaryk_Orders@txnd.uscourts.gov no later than the pretrial conference. The Court may provide a written questionnaire for the jury pool to answer. At voir dire, the parties will be provided a "Juror Chart" with the venire panel members plotted by venireperson, in order, with the name, occupation, age, and marital status of each venireperson printed on each space provided. The Court requires venirepersons to be referred to by their assigned number (*e.g.*, "venireperson number 7") and not by name.

F. *Motions in Limine*

Motions in limine must be filed with the Court and served on the opposing party **on or before Friday, March 1, 2024**. Motions in limine must contain both discrete topics that are actually in dispute and supporting legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) for each topic. Motions in limine are subject to good faith compliance with the conference requirements of Local Rule 7.1 — this conference will help the parties narrow issues and determine the topics that are actually in dispute. Boilerplate requests that are not tailored to a case-specific matter will not be tolerated. Parties may not raise an issue in a motion in limine to obtain a substantive ruling that should have been requested in advance of trial by motion.

Responses must be filed with the Court and served on the opposing party **on or before Monday, March 11, 2024**. Responses must contain legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that supports the respondent's position. Replies to responses are due **on or before Monday, March 18, 2024**. If no topics are disputed after the Rule

7.1 conference, the parties must file a joint advisory with the Court **on or before Wednesday, March 6, 2024**. The joint advisory must confirm that the parties engaged in a Rule 7.1 conference in good faith, that no disputed topics exist, and that a motion in limine is unnecessary.

G. *Trial Briefs*

A short trial brief, not to exceed 5 pages (excluding any table of contents and table of authorities), is required of each party and shall be filed **on or before Tuesday, April 2, 2024**. The trial briefs should briefly explain and address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues.

H. *Trial Binders*

**No later than 5:00 P.M. (CDT), on Tuesday, April 2, 2024**, each party shall deliver to the Court, after allowing an inspection by the opposing party, a three-ring, tabbed trial binder that contains: (1) a table of contents, (2) all attorney's contact information, (3) witness lists, (4) exhibit lists, (5) relevant pretrial motions and orders expected to be addressed during trial, (6) the Joint Proposed Jury Charge, (7) relevant bench briefs and caselaw, (8) the trial brief, (9) any motions in limine, and (10) any other relevant documents that will assist the Court and the parties during trial. The exhibits that will be sent to the Amarillo Division Clerk's Office in a separate binder, as stated in subsection "8c" of this order, should not be included in the trial binder. The binders must be three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled as "Trial Binder — [Party Name]". Parties should make sure that the size of the trial binders is not overly cumbersome for the Court to utilize on the bench — the Court prefers each binder to contain no more than approximately 300 pages.

**PRETRIAL CONFERENCE**

A pretrial conference will be held at **10:00 A.M. (CDT) on Tuesday, April 2, 2024**, in person at the J. Marvin Jones Federal Building (205 East Fifth Street, Amarillo, Texas). There, the Court will discuss, ascertain, and finalize the time limits on the presentation of evidence that will likely reduce the parties' estimated trial length — and the Court's methodology for tracking and enforcing the time limits on a daily basis. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. FED R. CIV. P. 16 (c)(1) & (e). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The Court will hear and decide objections on exhibits. At the pretrial conference, it should be possible to confirm the specific date for trial during the three-week docket. Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial.

Time allotments — inclusive of opening, closing, rebuttal, and cross-examination — will be set at the pretrial conference. Defendants may divide up and yield their time as they may agree and, failing agreement, the management of their time will be monitored by the Court. The Court must finish this case in the time allotted and believes the foregoing method is preferable to the Court's micromanagement of the number of witnesses and the content of their testimony.

The Court's allocation of trial time for Defendants is, of course, subject to the requirements of due process. If Defendants believe that the Court's limitation of their trial time violates their right to due process, they must be prepared, upon request, to demonstrate to the Court, by reasonably specific proffer, the testimony and/or exhibits that they have been prevented from presenting by reason of said limitation. Upon finding by the Court that Defendants have used their

allotted time wisely and nevertheless have been or will be denied due process by reason of the enforcement of the trial-time limitations, additional time will be granted to Defendants that is sufficient to meet the requirements of due process.

### MODIFICATION OF THE SCHEDULING ORDER

This Order shall control the disposition of the case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause — even if the motion is agreed or unopposed.

### TRIAL PROCEDURES

Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and, if necessary, one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Civil Rule 83.4 governs the conduct of counsel at trial. Each party is responsible for keeping track of which exhibits are admitted during trial, for conferring with opposing counsel on a consolidated list, and for submitting the list as a table of contents to accompany the exhibits to the jury room and to file of record in the case. If parties have electronic evidence to admit as exhibits and send to the jury room, they must supply the equipment to view it in the jury room.

### TRIAL DELIVERABLES — DAILY SYNOPSES, PRETRIAL JOINT EXHIBIT LIST

To ensure a fair and efficient trial, the Court **ORDERS** that, starting on **Monday, April 15, 2024**, and continuing through the duration of the trial, parties must provide the Court with daily deliverables according to the following instructions:

- The party presenting evidence the following day must e-mail the Court and law clerk (Victoria_Shrewsbury@txnd.uscourts.gov and David_Tye@txnd.uscourts.gov), as well as all counsel, **by 7:30 P.M. (CDT)** identifying: (1) witnesses it intends to present; (2) exhibits it intends to cover; and (3) demonstratives it intends to use the following day. The party must also e-mail **the Court and law clerk only** (4) a summary of the testimony it intends to elicit from each witness.

- The opposing side must e-mail the Court and law clerk, as well as all counsel, **by 9:30 P.M. (CDT) the same day** specifying what, if any, objections it has to those exhibits or demonstratives. Each objection shall contain the concise written basis for the objection with a citation to the relevant authority. Explanations should be in plain English, and a mere citation to a rule number is insufficient. The Court will rule on those objections at **8:30 A.M. (CDT)** the next morning, time permitting, or at sidebars throughout trial.

### COMPLIANCE WITH THIS ORDER

Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**SO ORDERED.**

October 23, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE