**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § § § § | |
| | § | No. 2:21-cv-022-Z |
| Plaintiffs, | § § | |
| v. | § § | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § | |
| Defendants. | § § | |

**PPFA'S MOTION FOR STAY PENDING APPEAL BASED ON DIVESTITURE OF
JURISDICTION AND TO EXPEDITE BRIEFING**

## TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 2

    I.    The Claims Against PPFA Turn In Whole Or In Part On L&L Attorney
        Advice ...................................................................................................... 2

        A.    Relator's Remaining Claims Against PPFA ............................................ 2

        B.    PPFA's Attorney-Immunity Defense ........................................................ 4

    II.    The Court Lacks Jurisdiction To Continue This Litigation As To PPFA
        During The Pendency Of The Appeal .................................................... 5

Conclusion ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023) .......................................................................................................... 5, 6

*Duke v. Wells Fargo Bank N.A.*,
   2018 WL 1157957 (N.D. Tex. Mar. 2, 2018) ........................................................................ 5

*Griggs v. Provident Consumer Discount Co.*,
   459 U.S. 56 (1982) ...................................................................................................... 2, 5, 6

*Guillory v. Beaumont Indep. Sch. Dist.*,
   2009 WL 10705652 (E.D. Tex. May 18, 2009) ..................................................................... 6

*McFadyen v. Duke Univ.*,
   2011 WL 13134315 (M.D.N.C. June 9, 2011) ...................................................................... 6

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) .............................................................................................................. 6

*Shanks v. AlliedSignal, Inc.*,
   169 F.3d 988 (5th Cir. 1999) ............................................................................................ 2, 5

*Troice v. Proskauer Rose, L.L.P.*,
   816 F.3d 341 (5th Cir. 2016) ..................................................................................... 1, 2, 5, 6

*United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctrs.*,
   2021 WL 2003016 (D. Mass. May 19, 2021) ........................................................................ 4

*Williams v. Brooks*,
   996 F.2d 728 (5th Cir. 1993) ............................................................................................ 5, 6

## INTRODUCTION

On November 20, 2023, Defendant Planned Parenthood Federation of America, Inc. ("PPFA") filed a notice of appeal regarding the Court's October 23, 2023 order partially denying PPFA's summary-judgment motion. *See* ECF Nos. 554, 568. Because the Fifth Circuit has jurisdiction over PPFA's appeal under the collateral-order doctrine, the filing of the notice of appeal divests this Court of jurisdiction over PPFA on all remaining claims.

The heart of Relator's case against PPFA is that attorneys in PPFA's "Litigation & Law" department ("L&L") caused the Affiliate Defendants to file impliedly false claims after the effective dates of their terminations from Texas and Louisiana Medicaid and conspired with the Affiliate Defendants to violate the Texas Medicaid Fraud Prevention Act ("TMFPA") and Louisiana Medical Assistance Programs Integrity Law ("LMAPIL"). Relator alleges that these attorneys committed this conduct by advising their clients to seek relief in federal court, drafting and filing certain pleadings, briefs, and communications, and otherwise "masterminding and orchestrating" a legal strategy. ECF No. 391 at 76-88. PPFA argued on summary judgment that none of this conduct could create liability because it is nonactionable attorney conduct under Texas, Louisiana, and federal law. ECF No. 414 at 18-27; ECF No. 435 at 14-22. This Court rejected that argument, holding that the "litigation privilege" does not apply because (i) Relator does "not purport to attach personal liability to the individual L&L lawyers' representation of Affiliate Defendants," but rather respondeat superior liability to PPFA, and (ii) "nothing in Section 3729(a)(1) purports to preclude liability if the person who 'causes' the submission of false claims just so happens to be a lawyer." ECF No. 554 at 43.

This Court's interlocutory rejection of attorney immunity and litigation privilege to Relator's claims is an immediately appealable collateral order. *See, e.g.*, *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016) (denial of "attorney immunity under Texas law is

1

an appealable collateral order"); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999) (denial of litigation privilege is appealable collateral order). The Court is accordingly divested of jurisdiction over all "aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Because the attorney-immunity argument affects all remaining claims as to PPFA, the Court must stay all proceedings as to PPFA pending the resolution of its appeal. Furthermore, in light of impending pre-trial deadlines and in the interest of conserving judicial resources, PPFA respectfully requests that the Court expedite briefing on the instant motion, such that any opposition from Plaintiffs would be due on **December 11, 2023**, and PPFA's reply brief would be due on **December 20, 2023**.

## ARGUMENT

Relator's remaining claims against PPFA turn in whole or in part on the conduct and advice given by L&L attorneys to the Affiliate Defendants.[1] This Court denied PPFA's argument that the related doctrines of attorney immunity and litigation privilege bar those aspects of Plaintiffs' claims. PPFA has appealed that ruling based on Fifth Circuit precedent holding that an interlocutory order denying those arguments is an immediately appealable collateral order. *See, e.g.*, *Troice*, 816 F.3d at 348; *Shanks*, 169 F.3d at 992. The Court thus lacks jurisdiction to proceed against PPFA until the appeal is resolved.

## I.   The Claims Against PPFA Turn In Whole Or In Part On L&L Attorney Advice

### A.   Relator's Remaining Claims Against PPFA

Plaintiffs asserted three categories of claims against PPFA: (i) implied false certification (pled by Relator); (ii) reverse false claims (pled by Texas and Relator); and (iii) conspiracy (pled by Relator). This Court granted PPFA summary judgment as to the reverse-false-claims theory,

---

[1] Because Texas intervened only as to the reverse-false-claims TMFPA claim, it has no remaining claims against PPFA. ECF No. 22 at 15-17; ECF No. 554 at 39 (granting PPFA summary judgment on reverse false claims).

but denied PPFA's motion as to the remaining claims.  ECF No. 554 at 1.  The implied-false-certification claims arise under the federal False Claims Act ("FCA"), TMFPA, and LMAPIL. ECF No. 2 at 37-39, 40-43; ECF No. 22 at 15-17.  The conspiracy claims arise under the TMFPA and LMAPIL.  ECF No. 2 at 43; ECF No. 71 at 34 (dismissing Relator's federal claim for conspiracy to commit health-care fraud).

As detailed below, both remaining categories of claims turn in whole or in part on L&L attorneys' advice, court filings, and the like.  PPFA argued that this aspect of Relator's claims cannot proceed based on attorney immunity and litigation privilege.  This Court rejected those arguments in its summary-judgment order.

Implied false certification.  Relator's implied-false-certification claim turns in large part on L&L attorneys' legal advice and legal filings.  Relator argued at summary judgment that PPFA "caused" the submission of allegedly false claims after Relator alleges that Affiliate Defendants were terminated from Texas and Louisiana Medicaid by "masterminding and orchestrating a strategy—implemented by PPFA's in-house litigation attorneys . . . to enable Affiliate Defendants to continue to seek reimbursement from Texas and Louisiana Medicaid after the effective date of their terminations."  ECF No. 391 at 76-77.  That "strategy" involved advising Affiliate Defendants to seek federal district-court injunctions precluding their termination (rather than seeking relief through the state administrative process) and representing the Affiliate Defendants in seeking and obtaining those federal district-court injunctions.  *Id.* at 78-82.  Relator also argued that PPFA is liable for implied false certification because it "'understood that [the Affiliates'] revenues were tied to Medicaid,' 'understood that Medicaid had requirements in terms of licensure and qualification,' knew about the allegedly unlawful acts, and 'had the power to fix the regulatory violations which caused the presentation of false

-3-

claims but failed to do so.'"  *Id.* at 89 (quoting *United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctrs.*, 2021 WL 2003016, at *129-30 (D. Mass. May 19, 2021)).

    <u>Conspiracy</u>.  Relator's theory of conspiracy covers only Medicaid claims submitted after Relator alleges the Affiliate Defendants were terminated from Texas and Louisiana Medicaid.  *See* ECF No. 391 at 99-100 (describing "three ways" Defendants "are liable for conspiracy" as (i) agreeing to seek injunctions and not return overpayments; (ii) "agreeing that PPST, PPGT, and PPGC would continue to file claims for reimbursement" in Texas and Louisiana "even after it knew that the State's termination of its Medicaid provider agreements was final"; and (iii) seeking a grace period from Texas).  That entire theory rests on L&L attorney advice and litigation conduct.  In particular, Relator's argument is that PPFA (i.e., L&L) and the Affiliate Defendants agreed "to use the courts, either by asking through PPFA for relief they knew was unsupported or by avoiding updating the court as to developments directly impacting the legal basis for their claims, to extend the amount of time they could bill Medicaid under preliminary or temporary injunctions, even though they knew or were recklessly indifferent to the fact that they were no longer Medicaid providers under state law."  ECF No. 391 at 100.  Relator similarly argues that PPFA and the Affiliate Defendants, "through a letter drafted by PPFA"—which, again, means L&L attorneys—"conspired to violate the TMFPA by telling the State of Texas that [the Affiliate Defendants] needed a 'grace period' to remain in Texas Medicaid even after termination to transition their patients to other providers."  *Id.*

    **B.     PPFA's Attorney-Immunity Defense**

    In its summary-judgment briefing, PPFA argued that "Plaintiffs' assertion that PPFA 'mastermind[ed] and orchestrat[ed]' a legal 'strategy . . . to enable Affiliate Defendants to continue to seek reimbursement from Texas and Louisiana Medicaid after the effective date of their terminations,' . . . is precluded as a matter of law" because it is "predicated solely on L&L's

legal representation of the Affiliate Defendants." ECF No. 435 at 14. PPFA argued that "it is black-letter law that a lawyer providing advice within the scope of her client representation cannot be held liable by a third party for actions the client takes based on that advice." *Id.* PPFA cited Texas law holding that "attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client," *id.* (quoting *Duke v. Wells Fargo Bank N.A.*, 2018 WL 1157957, at \*3 (N.D. Tex. Mar. 2, 2018)), along with similar federal and Louisiana rules, *id.* at 15-16.

The Court rejected this argument, holding that the "litigation privilege" does not apply here because Relator does "not purport to attach *personal* liability to the individual L&L lawyers' representation of Affiliate Defendants," but rather respondeat superior liability to their employer, PPFA. ECF No. 554 at 43 (emphasis added). The Court held that "nothing in Section 3729(a)(1) [of the FCA] purports to preclude liability if the person who 'causes' the submission of false claims just so happens to be a lawyer." *Id.*

## II. The Court Lacks Jurisdiction To Continue This Litigation As To PPFA During The Pendency Of The Appeal

On November 20, 2023, PPFA timely appealed the Court's ruling under 28 U.S.C. § 1291. *See* ECF No. 568. The Fifth Circuit has jurisdiction over PPFA's appeal because interlocutory decisions rejecting "attorney immunity" and "litigation privilege" arguments are immediately appealable collateral orders. *See Troice*, 816 F.3d at 348; *Shanks*, 169 F.3d at 992. That appeal divests this Court of jurisdiction over Relator's remaining claims against PPFA.

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs*, 459 U.S. at 58). This "*Griggs* principle," "a longstanding tenet of American procedure," *id.*, "applies with particular force in the immunity context." *Williams v.*

*Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) (per curiam).  This is because an immunity is not only a defense from liability but "an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."  *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985)); *see also Troice*, 816 F.3d at 346 ("[A]ttorney immunity is properly characterized as a true immunity from suit, not as a defense to liability.").  For this reason, an appeal of a "district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant."  *Williams*, 996 F.2d at 730.

While an appeal divests a district court of jurisdiction only "over those aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, the appeal here covers every remaining claim against PPFA.  As explained, all of Relator's live claims against PPFA—both the implied-false-certification claims and the conspiracy claims—are based on allegations that PPFA's in-house attorneys, in the course of their representation of the Affiliate Defendants, either caused the Affiliate Defendants to submit false claims or conspired with the Affiliate Defendants to avoid the Affiliate Defendants' obligation to return funds obtained for those claims.  *See supra* 3-4.  Because PPFA's attorney-immunity defense covers all these claims and is now up on appeal, this Court is divested of jurisdiction as to PPFA.  *See Bielski*, 599 U.S. at 741; *Griggs*, 459 U.S. at 58; *Guillory v. Beaumont Indep. Sch. Dist.*, 2009 WL 10705652, at *1 (E.D. Tex. May 18, 2009) (district court "divested of jurisdiction over any matter related to the claim" subject to qualified-immunity appeal); *McFadyen v. Duke Univ.*, 2011 WL 13134315, at *3 (M.D.N.C. June 9, 2011) (district court "divested of control" over "any claims that have been included in the Notice of Appeal").  The case against PPFA must thus be stayed pending resolution of the Fifth Circuit's appeal.

**CONCLUSION**

For these reasons, the Court should stay this case as to PPFA for lack of jurisdiction until PPFA's collateral-order appeal is resolved.  Additionally, the Court should expedite briefing on the instant motion, such that any opposition must be filed by **December 11, 2023**, and PPFA's reply brief must be filed by **December 20, 2023**.


Dated: November 27, 2023                    Respectfully Submitted,


                                            O'MELVENY & MYERS LLP

                                            /s/ *Danny S. Ashby*
                                            DANNY S. ASHBY
                                            Texas Bar No. 01370960
                                            dashby@omm.com
                                            MEGAN R. WHISLER
                                            Texas Bar No. 24079565
                                            mwhisler@omm.com
                                            2501 N. Harwood Street, Suite 1700
                                            Dallas, Texas 75201
                                            T: (972) 360-1900
                                            F: (972) 360-1901

                                            LEAH GODESKY (pro hac vice)
                                            lgodesky@omm.com
                                            1999 Avenue of the Stars, 8th Floor
                                            Los Angeles, California 90067
                                            T: (310) 553-6700
                                            F: (310) 246-6779

                                            ANTON METLITSKY (pro hac vice)
                                            ametlitksy@omm.com
                                            7 Times Square
                                            New York, New York 10036
                                            T: (212) 326-2000
                                            F: (212) 326-2061

                                            RYAN BROWN ATTORNEY AT LAW
                                            Ryan Patrick Brown
                                            Texas Bar No. 24073967
                                            ryan@ryanbrownattorneyatlaw.com

1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood*
*Federation of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Danny S. Ashby*

## CERTIFICATE OF CONFERENCE

Counsel for PPFA contacted counsel for Plaintiffs on November 24, 2023.  Plaintiffs' counsel stated on November 27, 2023 that they opposed this motion as well as PPFA's proposal for an expedited briefing schedule given looming pretrial deadlines.

*/s/  Danny S. Ashby*