IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | No. 2:21-cv-022-Z |

**AFFILIATE DEFENDANTS' MOTION TO STAY PENDING PPFA'S APPEAL AND TO EXPEDITE BRIEFING ON SAME**

Defendants Planned Parenthood Gulf Coast ("PPGC"), Planned Parenthood of Greater Texas, Inc. ("PPGT"), Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (together, "PPST") (collectively, "Affiliate Defendants") respectfully request that the Court stay the entire action until the appeal of Planned Parenthood Federation of America ("PPFA") regarding application of the attorney immunity doctrine is resolved. In light of upcoming pretrial deadlines, the need to conserve judicial resources, and the approaching winter holidays, Affiliate Defendants also request that the Court expedite briefing on this motion consistent with the briefing schedule it just set on PPFA's motion to stay. ECF No. 570 (Plaintiffs shall file a response by December 11, 2023 and PPFA shall file a reply by December 20, 2023).

## INTRODUCTION

On November 20, 2023, PPFA filed a notice of interlocutory appeal of this Court's October 23, 2023 order regarding summary judgment. *See* ECF No. 568. PPFA's appeal relates to PPFA's attorney-immunity defense, which PPFA argues shields it from suit on the bulk of Plaintiffs' allegations against PPFA. *See* ECF No. 569 at 4-5. On November 27, 2023, PPFA filed a motion arguing that the attorney immunity it asserts is "a true immunity from suit," *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016), and that all the remaining claims against PPFA turn in whole or in part on allegations of attorney advice, so the appeal divests the Court of jurisdiction and the case against PPFA must be stayed pending resolution of the appeal. *See* ECF No. 569 at 5-6.

Because the claims against the Affiliate Defendants are so closely interconnected with and involve the same underlying facts as the claims against PPFA, the Court should stay the entire case until PPFA's appeal is resolved.

1

Absent a full stay during the pendency of PPFA's appeal, a separate trial of the Affiliate Defendants in April 2024 would require the Court and a jury to hear evidence regarding the same underlying facts from the same witnesses that the Court and yet another jury would be required to later hear at a trial of PPFA if its appeal is ultimately denied.[1]  A full stay would therefore preserve judicial resources, particularly given the need to specially empanel jurors for multiple trials, and mitigate litigation costs for all parties.

## LEGAL STANDARD

"A notice of appeal from an interlocutory order . . . only divests the district court of jurisdiction over those aspects of the case on appeal[,]" and "the district court may still proceed with matters not involved in the appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007).  While it is not mandatory, courts often in their discretion stay the entire case.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The decision of whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255.

## ARGUMENT

Although the Court retains jurisdiction over the legal claims relating to Affiliate Defendants, it should still stay the case as a whole pending the outcome of PPFA's appeal.  In such circumstances, courts often stay the entire case because, among other reasons, it is "more

---

[1] Trial is currently set for April 16, 2024.  ECF No. 567 at 1.  It is likely that PPFA's appeal will remain pending on that date. *See* Fifth Circuit's Clerk's Office, *Practitioner's Guide to the U.S. Court of Appeals for the 5th Circuit*, at 4, https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf (last updated Oct. 2023) (noting that, as of June 2023, "the median time from filing the notice of appeal to issuance of the court's opinion was 8.4 months").

2

efficient to try the claims together." *Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2022 WL 1744454, at *3 (W.D. Tex. May 31, 2022).

This is especially true where, as here, the claims against different defendants are "very closely interconnected" and involve the same "underlying facts" and "causes of action." *Gaalla v. Citizens Med. Ctr.*, No. CIV.A. V-10-14, 2011 WL 23233, at *2 (S.D. Tex. Jan. 4, 2011) (determining that "[i]n light of the close relationship between the claims" against a defendant who had not asserted immunity defense and defendants who had asserted immunity defense, it was "appropriate to stay this case in its entirety pending resolution of the . . . immunity issues on interlocutory appeal"); *see also Trent v. Wade*, No. 3:12-CV-01244-P, 2013 WL 12176988, at *3 (N.D. Tex. Oct. 15, 2013) (staying entire action when claims of defendant were "predicated on" claims subject to interlocutory appeal); *Waller v. City of Fort Worth*, No. 4:15-CV-670-Y, 2015 WL 5836041, at *7 (N.D. Tex. Oct. 2, 2015) (complete stay should be granted when "there are no claims that are factually and legally distinct"). The claims against PPFA – which are based on an alleged conspiracy with Affiliate Defendants and an implied false certification theory that rests on the conduct of PPFA's Litigation & Law Department ("L&L") (ECF No. 569 at 3-4) – focus on the same facts and causes of action as the claims against Affiliate Defendants. While the theories of liability are not identical, they are "closely interconnected," such that allowing these claims to proceed piecemeal would result in substantial inefficiencies.

***As to implied false certification***, Relator alleges that: (1) Affiliate Defendants "continued to file claims for reimbursement after the effective date of their terminations because federal courts had temporarily enjoined the States from giving *effect* to the terminations" because PPFA "masterminded and orchestrated a strategy" that enabled them to do so (ECF No. 391 at 56 (emphasis in original), 76); (2) Affiliate Defendants submitted false claims in Texas during the

3

grace period after Affiliates claimed in a letter "drafted and spearheaded by PPFA" that "they suddenly needed more time to help their patients find other Medicaid providers" (*id.* at 57); and (3) "every claim PPGC filed in Louisiana after the Texas termination became final . . . was a false claim because PPGC was not in compliance with program rules and requirements" and "PPFA employees provided legal advice and counsel to PPGC during this time so PPFA is liable for 'causing' false claims to be made by PPGC" (*id.* at 61).

*As to conspiracy*, Relator alleges that based on L&L's conduct: (1) PPFA and the Affiliate Defendants agreed that the Affiliate Defendants "would not return the overpayments they received under the vacated preliminary injunctions;" (2) PPFA and the Affiliate Defendants agreed that Affiliate Defendants would continue to file claims under Texas Medicaid even after they knew the terminations were final; and (3) Affiliate Defendants told Texas that they needed a grace period to transition their patients to other providers through a letter drafted by PPFA and then used the grace period to bill for as many services as they could.  *Id.* at 87-88.

Accordingly, Relator's implied false certification and conspiracy claims against PPFA are based on the same evidence and witnesses on which Relator's claims against the Affiliate Defendants are based.  For example, in a trial against Affiliate Defendants and PPFA, Relator would likely call the three then-Affiliate CEOs who signed the letter to Texas requesting the grace period, as well as witness(es) from PPFA to confirm PPFA's role in drafting the letter.  Affiliate Defendants and PPFA would call the same witnesses to testify that the Affiliate Defendants' claims in fact were not false.  There are additional reasons not to proceed with a trial of Affiliate Defendants on Relator's conspiracy claims.  Those claims center exclusively on an alleged conspiracy between PPFA and the Affiliates Defendants, *see* ECF No. 391 at 87-88, so trying this issue before PPFA's appeal is decided runs both an unnecessary risk of a second trial

on the conspiracy claims (if PPFA's appeal is not successful) or of additional motions practice and/or another appeal (if PPFA's appeal forecloses a theory that had been advanced by Relator against Affiliate Defendants at trial).  And, while the Court granted PPFA's motion for summary judgment on the reverse false claims theory, Relator's and Texas's reverse false claims theory against Affiliate Defendants rests on the same evidence and underlying facts on which Relator's implied false certification and conspiracy claims do.  *See, e.g.,* ECF No. 391 at 37, 40 ("the Affiliate Defendants elected not to contest their termination in state administrative proceedings [and] instead chose to pursue relief in federal court"), 43, 46 ("Defendants were aware of and certified their obligation . . . .to repay funds they received during a period of termination").  The witnesses who would testify regarding Affiliate Defendants' knowledge of an obligation to repay[2] are the same witnesses who would testify regarding Affiliate Defendants' allegedly impliedly false claims.

Concerns regarding preservation of judicial resources and litigation costs are even more pronounced where the question is whether to stay a trial—and not just pretrial discovery—pending appeal.  For example, even when courts have permitted some pretrial discovery "on issues not related to [an asserted] immunity," they have decided to "not set the action for trial until the issue of . . . immunity is resolved on appeal." *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 734 (N.D. Tex. 2014).  This makes good sense; waiting to set an action for trial until the interlocutory appeal is resolved both permits PPFA to have its asserted immunity adjudicated and conserves the Court's and the parties' resources.  It would also limit the burden on third party witnesses who are former employees of the Affiliate Defendants who would

---

[2] Affiliate Defendants dispute that they had an obligation to repay Medicaid reimbursements they received during the pendency of the injunctions but recognize that the Court has held that they did have an obligation to repay.  ECF No. 554 at 7.

5

otherwise have to take time from their current employment to travel to Amarillo to testify in multiple trials.

A full stay is therefore appropriate to preserve resources of the Court, the parties, and third parties. *See Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) ("Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole."). Requiring witnesses to testify at multiple trials, at considerable time and expense to the parties (as well as third parties), would be inefficient and would needlessly take time from the Court's otherwise busy docket.

In addition, Affiliate Defendants request expedited briefing on their motion to stay consistent with the briefing schedule that this Court set on PPFA's motion to stay, with Plaintiffs' opposition to be filed on December 11, 2023, and Affiliate Defendants' reply to be filed on December 20, 2023. *See* ECF No. 570. Plaintiffs have asked to extend that briefing schedule, *see* ECF No. 571,[3] but expedited briefing as ordered by the Court would serve the interests of all parties and is appropriate. Absent expedited briefing, briefing on Affiliate Defendants' Motion to Stay would not be complete until January 3, 2024. *See* N.D. Tex. L.R. 7.1(e). There are also several upcoming pre-trial deadlines that will require significant work, including Rule 26(b)(3) disclosures and deposition designations, scheduled soon after briefing would be completed on Affiliate Defendants' Motion to Stay. For these reasons, Affiliate Defendants request expedited briefing.

---

[3] In their motion to extend briefing, Plaintiffs note that *Daubert* motions are due on December 8, 2023. *See* ECF No. 571 at 2. However, under the Court's October 23 scheduling order, these motions were originally set to be filed by November 20. ECF No. 555. Plaintiffs sought received an extra 30 days to prepare these filings, *see* ECF Nos. 565 & 566, so these expert challenges – which Plaintiffs have had ample time to prepare – provide no reason to extend the briefing schedule on Affiliate Defendants' motion to stay.

6

## **CONCLUSION**

For the foregoing reasons, Affiliate Defendants respectfully request a stay of this action as a whole pending resolution of PPFA's appeal. Additionally, Affiliate Defendants ask that the Court expedite briefing on their motion consistent with the briefing schedule it set for PPFA's motion to stay.

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *Tirzah S. Lollar*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
JAYCE BORN
Jayce.Born@arnoldporter.com
EMILY REEDER-RICHETTI
Emily.Reeder-Ricchetti@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER
Alyssa.Gerstner@arnoldporter.com
MEGHAN C. MARTIN
Meghan.Martin@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street New York,
New York 10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711

F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, and Planned Parenthood San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Tirzah S. Lollar*

## CERTIFICATE OF CONFERENCE

On November 28, 2023, I conferred with counsel for Plaintiffs. Relator stated that they were opposed to the relief requested in this motion; Texas has not stated its position.

*/s/ Tirzah S. Lollar*