# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator,<br><br>    Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>    Defendants. | No. 2:21-cv-022-Z |

**PPFA'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINE TO FILE RESPONSE TO PPFA'S MOTION TO STAY AND MOTION FOR EXPEDITED CONSIDERATION**

The Court should deny Plaintiffs' Motion (ECF No. 571):

*First,* PPFA showed that this Court cannot properly exercise jurisdiction over PPFA while the appeal is pending. ECF No. 569 ("Motion to Stay") at 9 ("the appeal here covers every remaining claim against PPFA. . . . Because PPFA's attorney-immunity defense covers all these claims and is now up on appeal, this Court is divested of jurisdiction as to PPFA."). An efficient resolution of the Motion to Stay avoids the risk of the Court improperly exercising such jurisdiction.

*Second*, it is in the interest of the Court and all parties to resolve the Motion to Stay expeditiously. Under Plaintiffs' proposed schedule, the Court would not be able to rule on the Motion to Stay until January 2024, when the parties will be in the middle of preparing and submitting their pretrial filings. *See* Mot. at 2 (acknowledging that expert objections are due on December 8); *see also* ECF No. 555 (Pretrial Scheduling Order) (setting deadlines starting in November 2023). And even though the first pretrial disclosures are not due until February 12, 2024, submitting the materials mandated by Rule 26(a)(3)(A) (e.g., witness lists, exhibit lists, designated deposition testimony), *see* ECF No. 555 at 3-4, necessarily requires the parties to dedicate an enormous amount of time and energy to their preparation in the weeks leading up to that deadline. A waste of resources should be avoided in all circumstances, but it is especially important when (as here) the very question on appeal is PPFA's immunity from trial for attorney conduct—it would violate both the divestiture-of-jurisdiction rule and basic principles of equity to effectively deprive PPFA of that immunity while its validity is being considered by the Fifth Circuit. *See Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) (per curiam) (the principle that an appeal deprives the district court of jurisdiction "applies with particular force in the immunity context").

*Finally*, Plaintiffs have failed to articulate "good cause" or a compelling reason for the Court to reverse its earlier order. Fed. R. Civ. P. 16(b)(4); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"). The Court's "expedited" schedule is not even especially accelerated and gives Plaintiffs more than ample time to respond. Plaintiffs complain that they would only have "a weekend to respond to the motion to stay, after filing the expert objections already due on Friday, December 8, 2023, and after Relator's counsel travels to defend an out-of-town deposition on December 6 and 7, 2023." Mot. at 2-3. But this framing is misleading. Plaintiffs have nearly two full weeks to respond to a six-and-a-quarter-page brief; this is just one week less than they would have under the default schedule set by the Local Rules.[1] And pursuant to the Court's order, Plaintiffs' response is limited to ten pages. ECF No. 570. Though Plaintiffs vaguely reference competing work and family obligations, Motion at 2, these are burdens borne by all attorneys in any litigation. Here, both the State of Texas and Relator are represented by multiple attorneys. Surely they will not *all* be consumed with drafting expert objections in this case and defending (not taking) a single deposition in an unrelated matter. *See id.* at 2-3.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion and not change its order that any opposition to PPFA's Motion to Stay must be filed by **December 11, 2023**, and PPFA's reply brief must be filed by **December 20, 2023**.

---

[1] The Local Rules of the Northern District of Texas provide more time to oppose a motion than other federal courts do. *Compare* N.D. Tex. Loc. R. 7-1(e) (21 days to oppose any motion) *with* W.D. Tex. Loc. R. 7(d)(2) (seven days to oppose a discovery or case-management motion; 14 days to oppose all other motions).

Dated: November 29, 2023	Respectfully Submitted,

O'MELVENY & MYERS LLP

/s/ *Danny S. Ashby*
DANNY S. ASHBY
Texas Bar No. 01370960
dashby@omm.com
MEGAN R. WHISLER
Texas Bar No. 24079565
mwhisler@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

ANTON METLITSKY (*pro hac vice*)
ametlitksy@omm.com
7 Times Square
New York, New York 10036
T: (212) 326-2000
F: (212) 326-2061

RYAN BROWN ATTORNEY AT LAW
Ryan Patrick Brown
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendant Planned Parenthood Federation of America, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 29, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Danny S. Ashby*
