## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO PPFA'S MOTION TO STAY**

**TABLE OF CONTENTS**

INTRODUCTION .............................................................................................................. 1

LEGAL STANDARD...................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    The Court Should Retain Jurisdiction and Certify the Appeal as
          Frivolous. ............................................................................................................ 2

        A.  PPFA forfeited any immunity defense by not pleading it.............................. 2

        B.  There is no appellate jurisdiction of interlocutory orders regarding mere
             arguments against liability, and PPFA forfeited any assertion of attorney
             or litigation immunity as an immunity to suit.............................................. 4

        C.  Attorney immunity does not apply here because PPFA's
             attorney-employees are not being sued personally. ...................................... 7

        D.  Litigation immunity does not apply because Plaintiffs contend that PPFA
             is liable for actions well beyond statements made in judicial proceedings..... 9

    II.   Even if PPFA's interlocutory appeal were proper, the Court has
           jurisdiction over PPFA. .................................................................................... 9

CONCLUSION................................................................................................................ 10

CERTIFICATE OF SERVICE...................................................................................... 12

i

## INTRODUCTION

As a desperate attempt to avoid trial, Defendants have made (at least) their *sixth* attempt to delay the case. Now PPFA insists that it can appeal an interlocutory order, that this Court therefore lacks jurisdiction, and that the case must be stayed pending appeal. But PPFA's appeal is frivolous. Even assuming the immunity defenses apply here (and they do not), PPFA forfeited them by not pleading them. PPFA previously argued that it could not be liable for the actions of attorney-employees, but this was only briefly presented in response to Plaintiffs' summary judgment arguments as one of several arguments against liability, not as an affirmative defense on which PPFA bears the burden of proof, nor as immunity from suit. And it is established law that only where a defendant asserts immunity from suit is there any basis at all for an interlocutory appeal. The Court should deny this motion to stay. And because PPFA's appeal is frivolous, the Court should certify it as such and retain jurisdiction.

## LEGAL STANDARD

A "stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). PPFA requests a stay pending appeal but does not provide analysis under the *Nken* factors. Dkt. 569. Neither do the Affiliates. Dkt. 572. Defendants' sole justification for the stay is PPFA's incorrect claim that the Court no longer has jurisdiction over PPFA. *Id.* But as explained below, PPFA's appeal is frivolous. A "district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is

1

frivolous or dilatory." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017). The Court must "expressly certify, in writing, that [the] defendant forfeited the right to a pretrial appeal" if an immunity defense is waived. *Id.*

## ARGUMENT

### I. The Court Should Retain Jurisdiction and Certify the Appeal as Frivolous.

PPFA's appeal is from an order largely denying summary judgment, which is not a final judgment. But interlocutory appellate jurisdiction is the exception rather than the rule. Congress has given the courts of appeals jurisdiction over interlocutory appeals only in certain, limited circumstances. *Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 957 (5th Cir. 1988). Interlocutory appeals are not favored and the statutes allowing them must be strictly construed. *E.E.O.C. v. Kerrville Bus Co., Inc.*, 925 F.2d 129, 131 (5th Cir. 1991). Courts must "approach this . . . somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." *Switzerland Cheese Ass'n, Inc. v. E. Hornes Market, Inc.*, 385 U.S. 23, 24 (1966) (citation omitted).

### A. PPFA forfeited any immunity defense by not pleading it.

"Absolute immunity"—such as immunity given to statements made in judicial or quasi-judicial proceedings—"is an affirmative defense that is waived if it is not pleaded." *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). Under Texas law, "[a]ttorney immunity is an affirmative defense." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).[1] Affirmative defenses are generally waived unless they are raised in the

---

[1] PPFA does not cite any case suggesting that attorney immunity is a defense under federal law or the False Claims Act. "A state law immunity, though perhaps helpful in deriving an historical practice relevant to determining whether absolute immunity should be extended against a federal claim, is far from dispositive." *Ray v. Recovery Healthcare Corp.*, No. 3:19-CV-3055-G, 2021 WL 1102081, at *6 (N.D. Tex. Mar. 22, 2021), *reconsideration denied*, No. 3:19-CV-3055-G, 2021 WL 3603339 (N.D. Tex.

defendant's pleading. Fed. R. Civ. P. 8(c); Tex. R. Civ. P. 94; La. Code Civ. P. art. 1005; *accord Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009); *see also* Dkt. 184 at 4 n.1, Dkt. 316 at 4. Defendants never requested dismissal of the case based on attorney immunity or litigation privilege. Dkt. 49, 51. Defendants did not plead attorney immunity or litigation privilege as an affirmative defense in their Answers, nor even in their proposed Amended Answers. Dkt. 80, 81, 226-2, 226-3. Having not pleaded them, these defenses are forfeited. *Cozzo*, 279 F.3d at 283. Nor can Defendants argue that they nevertheless raised these defenses at a proper time because months before they requested leave to amend in October 2022, they knew that Plaintiffs contended that PPFA lawyers' involvement was one aspect of PPFA's liability. *See* Ex. A (Relator's Objections and Responses to PPFA's First Set of Interrogatories, served in July 2022); Ex. B (Relator's Supplemental Objections and Responses to PPFA's First Set of Interrogatories, served in August 2022).

Permitting Defendants to assert these affirmative defenses at this late date despite their waiver would also be highly prejudicial to Plaintiffs. If Defendants had pleaded attorney immunity or litigation privilege as an affirmative defense, they would have had the burden to establish that it applies, and Plaintiffs could have moved for summary judgment on the defenses. Plaintiffs also would have been entitled to more discovery to probe the extent of PPFA's attorneys' involvement in the Affiliates' actions and to what extent those actions were germane to legal representation of the Affiliates or were in furtherance of their employer PPFA's interests. *See Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017) (determining the

---

Aug. 13, 2021) (citing *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 375-76 (1990) (concluding that state law immunities have no force in § 1983 suits "over and above" those provided by § 1983 because "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law")). In Louisiana, it does not appear that there is a specific immunity defense. Rather, under Louisiana law, attorneys can be liable if they exceed the limits of their agency and may be liable for malpractice even to third parties in cases of fraud or collusion. *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

scope of representation is necessary because "[t]he mere fact that an attorney was representing a client at the time of alleged fraudulent activity is not enough to warrant immunity.").

But Defendants claimed privilege over thousands of documents involving communications between the Affiliates and the PPFA attorneys. Dkt. 390-12. Defendants cannot use privilege as a "'shield and a sword. In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.'" *Jolivet v. Compass Group USA, Inc.,* 340 F.R.D. 7, 24 (N.D. Tex. 2021) (quoting *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2017 WL 1094394, at *4 (N.D. Tex. Mar. 8, 2017)). If Defendants wanted to hide behind the PPFA attorneys' involvement to avoid liability, they needed to produce those documents. *Cf. United States v. Crinel*, No. CR 15-61, 2016 WL 6441249, at *11 (E.D. La. Nov. 1, 2016) ("Where a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transaction for which counsel's advice was sought." (citation omitted)); *see also* Dkt. 569 (asserting that Relator's claims turn on attorney advice). Defendants' refusal to produce these materials thus also waives these defenses. *Jolivet*, 340 F.R.D. at 24 (quoting *Charalambopoulos*, 2017 WL 1094394, at *4) ("a privilege 'may implicitly be waived when [a] defendant asserts a claim that in fairness requires examination of protected communications.'"). Defendants cannot raise these defenses at this late date to try to avoid trial.

> **B. There is no appellate jurisdiction over interlocutory orders regarding mere arguments against liability, and PPFA forfeited any assertion of attorney or litigation immunity as immunity from suit.**

The collateral order doctrine permits appeals from orders that are deemed final under 28 U.S.C. § 1291 because they "(1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 766 (5th Cir. 1996). The Court's summary judgment order did not "conclusively determine" PPFA's liability on Relator's implied false certification and conspiracy claims—it merely held that there are issues of disputed fact that must be resolved by a jury. And PPFA's liability is directly involved in the "merits of the action." *Id.*

To be sure, "orders denying certain immunities are strong candidates for prompt appeal under § 1291." *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 871 (1994). That is because some immunities protect a defendant from *suit*, not just liability. Thus, it is well-established that government officials asserting absolute or qualified immunity may appeal the denial of a motion to dismiss. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But even those defendants have only a limited right to appeal an order denying their motion for summary judgment—they may appeal only the determination of legal issues. The Fifth Circuit recently held so while granting a motion to dismiss an appeal in which the defendant sought to have the "court resolve the very factual disputes that the district court found to be genuine and properly submitted for trial on the merits, which we do not have jurisdiction to do." *Oliver v. Arnold*, 3 F.4th 152, 155 (5th Cir. 2021); *accord Carter ex rel. Carter v. Butler*, No. 21-30216, 2022 WL 72730, at *4 (5th Cir. Jan. 7, 2022).

Thus, whether the summary judgment order here "would be effectively unreviewable on appeal from final judgment" for purposes of the collateral order doctrine depends on whether attorney or litigation immunity as asserted here

"'provides a true immunity from suit and not a simple defense to liability.'" *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345 (5th Cir. 2016) (citation omitted). "The critical question ... is whether 'the essence' of the claimed right is a right not to stand trial." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524 (1988). There is no interlocutory appeal when a defendant loses on a "mere defense to liability." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995). And "[a]n erroneous ruling on liability may be reviewed effectively on appeal from final judgment." *Id.* Thus, the Court must "view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994).

PPFA's claim to an interlocutory appeal fails here. Even if PPFA had not waived attorney immunity as a defense, PPFA has *never* asserted it as an immunity to suit or a "right not to stand trial," not even in its motion to stay. In fact, PPFA does not even address the issue. But in *Troice*, the case PPFA relies on to establish their entitlement to a pretrial appeal, the attorney-defendants moved to dismiss the case based on the defense and were explicitly asserting it as an immunity to suit. 816 F.3d at 345. Here, the first time the issues were raised was in summary judgment briefing, and only in response to Plaintiffs' arguments as two of many arguments against liability, not as affirmative defenses nor as immunities from suit. *See* Dkt. 385 (PPFA MSJ not mentioning either immunity argument); Dkt. 414 at 19-22 (PPFA's response to Plaintiffs' MSJ arguing only defensively that an attorney cannot be held liable for actions undertaken during representation of a client, and shifting the burden to Plaintiffs, pointing out that Plaintiffs "cited no case"); Dkt. 435 at 9-12 (making identical argument in MSJ reply brief). A party cannot raise a defense it has the burden of proof on for the first time in reply. And if Defendants have never presented these arguments as an immunity to suit before, they cannot do so now to delay trial.

6

Additionally, even if PPFA had properly asserted attorney immunity as an immunity from suit, Fifth Circuit precedent still demonstrates that there is no jurisdiction over the interlocutory appeal of the summary judgment order. PPFA disputes the facts outlined in Part I.C below regarding the PPFA attorney-employees, which is why the Court held that they must be resolved by the jury. As in *Oliver*, PPFA would be asking the Fifth Circuit to resolve a factual dispute this Court sent to trial. 3 F.4th at 155; *Carter*, 2022 WL 72730, at *4. Thus, the interlocutory appeal is improper for this additional reason, and this Court retains jurisdiction.

### C. Attorney immunity does not apply here because PPFA's attorney-employees are not being sued personally.

PPFA is correct that the Fifth Circuit has held that orders denying immunity to lawyers for conduct an attorney engages when discharging his duties to his client may be appealable under the collateral order doctrine. But every single case that PPFA cites involving the issue,[2] and indeed, every case Plaintiffs have seen applying attorney immunity, involves direct claims against lawyers or law firms.[3] That is because "[a]ttorney immunity is an affirmative defense that 'stem[s] from the broad declaration over a century ago that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making *themselves* liable for damages.'" *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 73 (Tex. 2021) (emphasis added) (quoting *Cantey Hanger LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). Attorney immunity is a "comprehensive affirmative defense protecting *attorneys* from liability to non-clients." *Kelly*, 868 F.3d at 374

---

[2] *See Troice*, 816 F.3d 341 (law firm defendant) (cited by PPFA); *Duke v. Wells Fargo Bank N.A.*, No. 4:17-CV-987-A, 2018 WL 1157957, at *1 (N.D. Tex. Mar. 2, 2018) (law firm defendant) (cited by PPFA).
[3] There is a case with a nonprofit organization defendant in addition to an attorney defendant, but the Texas Supreme Court held that attorney immunity did not apply because the actions at issue (media statements) were not germane to legal representation, even if it could be applied to the nonprofit. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 51 (Tex. 2021). Plaintiffs have identified no case that applies attorney immunity outside the context of direct claims against lawyers or a law firm.

(emphasis added); *accord Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-CV-0927-B, 2023 WL 3000623, at *3 (N.D. Tex. Apr. 18, 2023) ("*Attorneys and law firms* in Texas are generally immune from third party liability for legal services provided in the representation of a client." (emphasis added)). As the Court correctly pointed out in the summary judgment order, Plaintiffs are not suing PPFA's attorney-employees personally—they are suing PPFA, which is not a law firm. Those attorneys therefore fear no "liabil[ity] for damages," which is the very purpose behind the defense. *Id.* The identity of the party asserting an immunity from suit matters— for instance, a government entity may not assert qualified or good-faith immunity, only individual government officials can. *Fairchild v. Coryell Cnty., Tex.*, 40 F.4th 359, 367 (5th Cir. 2022); *see also Sanchez v. Oliver*, 995 F.3d 461, 472 (5th Cir. 2021) ("an employee of a large firm 'systematically organized to perform a major administrative task for [a governmental entity for] profit,' is categorically ineligible to assert the defense of qualified immunity").

Additionally, the facts that will be presented to the jury in this case demonstrate that PPFA's attorney-employees did not act as lawyers advising clients with no other interests in mind other than the clients', as a normal law firm or lawyer would be. Instead, PPFA's Litigation & Law attorneys are employed by PPFA, report to a non-lawyer PPFA executive, have duties and responsibilities to PPFA, work to further PPFA's mission, and advised the Affiliates in a manner that was contrary to their interests but was in their employer PPFA's interest. *See, e.g.,* Dkt. 440 at 42-47. PPFA's liability in this case simply does not implicate the concern that justifies attorney immunity in the first place. If defendants could escape Medicaid fraud liability just because an in-house lawyer was involved at some point in their actions (which would frequently be the case—or certainly would become so if the immunity

8

doctrine were applied in the fashion PPFA urges), it would turn Medicaid fraud statutes on their head. Thus, the cases PPFA cites applying the attorney immunity defense do not apply here.

### D. Litigation immunity does not apply because Plaintiffs contend that PPFA is liable for actions well beyond statements made in judicial proceedings.

The immunity asserted by the defendant in *Shanks v. AlliedSignal, Inc.*, cited by PPFA, "attaches only to a limited and select number of situations which involve the administration of the functions of the branches of government, such as statements made during legislative and judicial proceedings." 169 F.3d 988, 993 (5th Cir. 1999). Such immunity commonly arises in cases where a claim centers on harm caused by those statements, *i.e.* defamation (as in *Shanks*). Here, Plaintiffs never alleged that particular statements made by PPFA in judicial proceedings were how it caused the Affiliates to submit false claims. Rather, PPFA's conduct representing the Affiliates in litigation is part of a broader pattern of conduct (outlined in Plaintiffs' MSJ briefing) that demonstrates PPFA's control over, knowledge of, and participation in the Affiliates' actions. *See* Dkt. 391 at 76-99, 440 at 42-49. Litigation privilege or immunity is therefore inapposite, even if PPFA had not waived it.

### II.   Even if PPFA's interlocutory appeal were proper, the Court has jurisdiction over PPFA.

The Court also retains jurisdiction over PPFA as the involvement of PPFA's attorney-employees in the Affiliates' violation of the FCA, TMFPA, and LMAPIL is only one of many reasons PPFA should be held liable. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Fifth Circuit case law "makes this point clearly . . . where an appeal is allowed

from an interlocutory order, the district court may still proceed with matters not involved in the appeal.'" *Id.* at 564–65 (citation omitted).

As the Court recognized, Plaintiffs "chiefly argued" that PPFA's liability arises out of its extensive control over the Affiliate Defendants' business operations and Medicaid operations. Dkt. 554 at 39. And it also recognized that a reasonable juror could conclude that PPFA caused Affiliate Defendants' submission of false claims "through various means." Dkt. 554 at 43. Thus, PPFA's liability does not hinge solely on whether the Court accepts its argument that it cannot be liable for acts of attorney-employees—rather, there are many other reasons the jury could find PPFA liable. Thus, even if that were a valid defense here, the Court retains jurisdiction over PPFA. Whether or not it makes practical sense to go to trial while one of Defendants' many arguments as to why they should not be liable is being determined (assuming the Fifth Circuit even entertains this appeal, which as discussed above, it likely will not) is another question. But PPFA claims only that the Court must stay the case because it totally lacks jurisdiction over PPFA, which is wrong.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendant PPFA's motion to stay pending appeal, find that PPFA forfeited the defenses now asserted, and certify PPFA's appeal as frivolous and retain jurisdiction.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746

10

(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys for Relator***

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

/s/ Amy S. Hilton
Amy S. Hilton
Special Counsel
Special Litigation Division
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

William D. Wassdorf
Texas Bar No. 24103022
Assistant Attorney General
General Litigation Division
Will.Wassdorf@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

***Attorneys for State of Texas***

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Heather Gebelin Hacker</u>
Heather Gebelin Hacker