IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF TEXAS, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF LOUISIANA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> PLANNED PARENTHOOD § <br> FEDERATION OF AMERICA, INC., § <br> PLANNED PARENTHOOD GULF § <br> COAST, INC., PLANNED § <br> PARENTHOOD OF GREATER § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD SOUTH § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD CAMERON § <br> COUNTY, INC., PLANNED § <br> PARENTHOOD SAN ANTONIO, § <br> INC., § <br> § <br> Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**PLAINTIFFS' RESPONSE TO AFFILIATE DEFENDANTS'
MOTION TO STAY**

As a desperate attempt to avoid trial, Defendants have made (at least) their *sixth* attempt to delay the case. PPFA insists that it can appeal an interlocutory order and that this Court therefore lacks jurisdiction and must grant a stay, and Affiliate Defendants request a stay as well. But PPFA's appeal is frivolous for the reasons explained in Plaintiffs' Response to PPFA's Motion to Stay (Dkt. 588). A "district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017). The Court should deny both motions for stay, certify PPFA's appeal as frivolous, and retain jurisdiction. And in the alternative, as explained in Plaintiffs' Response to PPFA's Motion to Stay, even if PPFA's appeal were not frivolous and it had properly preserved and asserted defenses entitling it to an interlocutory appeal, the Court retains jurisdiction over PPFA for the rest of the case. PPFA's only basis for a stay is its erroneous claim that the Court totally lacks jurisdiction over PPFA.

If, despite all of this, the Court still grants a stay as to PPFA (and it *should not*), the Court should also grant a stay as to the Affiliate Defendants. Plaintiffs agree that having separate trials for the Affiliate Defendants and PPFA is inefficient and would waste the Court's and the parties' resources.

                                              Respectfully submitted.

                                              /s/ Heather Gebelin Hacker
                                              Heather Gebelin Hacker
                                              Texas Bar No. 24103325
                                              Andrew B. Stephens
                                              Texas Bar No. 24079396
                                              HACKER STEPHENS LLP
                                              108 Wild Basin Road South, Suite 250
                                              Austin, Texas 78746
                                              (512) 399-3022

andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

<u>/s/ Amy S. Hilton</u>
Amy S. Hilton
Special Counsel
Special Litigation Division
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

William D. Wassdorf
Texas Bar No. 24103022
Assistant Attorney General
General Litigation Division
Will.Wassdorf@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

***Attorneys for State of Texas***

2

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 18, 2023, this document was electronically filed and served via the Court's CM/ECF system.

             <u>/s/ Heather Gebelin Hacker</u>
             Heather Gebelin Hacker