IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

# ORDER

Before the Court is PPFA's Motion for Stay Pending Appeal Based on Divestiture of Jurisdiction ("PPFA's Motion") (ECF No. 569), filed November 27, 2023; Affiliate Defendants' Motion for Stay Pending PPFA's Appeal ("Affiliates' Motion") (ECF No. 572), filed November 29, 2023; and Plaintiffs' Motion to Certify PPFA's Appeal as Frivolous and Retain Jurisdiction ("Plaintiffs' Motion") (ECF No. 590), filed December 18, 2023. Having considered the briefing and law, the Court **GRANTS** PPFA's Motion and Affiliates' Motion and **DENIES** Plaintiffs' Motion.

## BACKGROUND

At summary judgment, Relator argued "that attorneys in PPFA's 'Litigation & Law' department ('L&L') caused the Affiliate Defendants to file impliedly false claims after the effective dates of their terminations from Texas and Louisiana Medicaid and conspired with the Affiliate Defendants to violate the Texas Medicaid Fraud Prevention Act ('TMFPA') and Louisiana Medical Assistance Programs Integrity Law ('LMAPIL')." ECF No. 569 at 4; *see also* ECF Nos. 588 at 5; 593 at 2. PPFA responded "that none of this conduct could create liability because it is nonactionable attorney conduct under Texas, Louisiana, and federal law." ECF No. 569 at 4; *see also* ECF Nos. 414 at 18–27; 435 at 14–22. This Court rejected those arguments, "holding that the 'litigation

privilege' does not apply because (i) Relator does 'not purport to attach personal liability to the individual L&L lawyers' representation of Affiliate Defendants,' but rather respondeat superior liability to PPFA, and (ii) 'nothing in Section 3729(a)(1) purports to preclude liability if the person who causes the submission of false claims just so happens to be a lawyer.'" ECF No. 569 at 4; *see also* ECF No. 554 at 43.

The parties now dispute whether this Court's "interlocutory rejection" of "litigation privilege" and "attorney immunity" to Relator's claims "is an immediately appealable collateral order." ECF No. 569 at 4; *see also* ECF No. 588 at 9. And if it is, the parties disagree about the extent to which jurisdiction is divested and whether — and how — the case should be stayed. ECF No. 569 at 5; *see also* ECF No. 588 at 3.

### LEGAL STANDARDS

The collateral order doctrine "allows the review of orders that (1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgement." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 766 (5th Cir. 1996). "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). Moreover, a court may grant a stay to a party upon finding it has been divested of jurisdiction over that party. *See Whole Woman's Health v. Jackson*, 13 F.4th 434, 446 (5th Cir. 2021) ("The district court implicitly found such a divestiture of jurisdiction over the State Defendants, which explains why it granted a stay as to them.").

ANALYSIS

A. This Court's rejection of any "litigation privilege" or "attorney immunity" concerning PPFA's L&L department is an immediately appealable collateral order.

As discussed *supra*, PPFA argued at summary judgment that its L&L department could not be liable for "masterminding and orchestrating" a scheme to cause Affiliate Defendants to file impliedly false claims because "it is nonactionable attorney conduct." ECF No. 569 at 4; *see also* ECF Nos. 414 at 18–27; 435 at 14–22. This Court responded that, because Relator's allegations "do not purport to attach personal liability to the individual L&L lawyers' representation of Affiliate Defendants" and "Section 3729(a)(1) broadly attaches liability to 'any person' who violates one of its subjections," PPFA "could be held liable if they [the L&L department] 'were acting within the scope of their authority and for the purpose of benefitting' PPFA." ECF No. 554 at 43 (quoting *United States v. Hangar One, Inc.*, 563 F.2d 1155, 1158 (5th Cir. 1977)).

The foregoing constituted a rejection of PPFA's claims to litigation privilege and attorney immunity. And according to the Fifth Circuit, the interlocutory rejection of litigation privilege and attorney immunity is an immediately appealable collateral order. *Troice v. Proskauer Rose*, L.L.P., 816 F.3d 341, 344 (5th Cir. 2016); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 990 (5th Cir. 1999). In *Troice*, the Fifth Circuit confronted the "fallout from Allen Stanford's massive Ponzi scheme." *Troice*, 816 F.3d at 344. The plaintiffs there filed a class action "against one of Stanford's lawyers" and "the law firms where he worked," arguing they "aided and abetted Stanford's fraud and conspired to thwart the SEC's investigation of Stanford's scheme." *Id.* at 343–44. The defendants' response — that the complaint was "barred by attorney immunity" — was rejected by the district court. *Id.* at 344. On appeal, the Fifth Circuit held that attorney immunity is "a true immunity of suit" and, therefore, its denial "is appealable under the collateral order doctrine." *Id.* So too in *Shanks*. There, "we concluded

that the litigation privilege provided true immunity under Texas law and, thus, orders denying that immunity were appealable." *Troice*, 816 F.3d at 347.

Nevertheless, Plaintiffs aver that (1) PPFA forfeited any immunity defense by not pleading it, and (2) attorney immunity does not apply here because PPFA's attorney-employees are not being sued personally. ECF No. 588 at 4–9. On the former point, Plaintiffs' argument is simple: "Affirmative defenses are generally waived unless they are raised in the defendant's pleading" and "Defendants did not plead attorney immunity or litigation privilege as an affirmative defense in their Answers, nor even in their proposed Amended Answers." *Id.* at 4–5. They conclude that "[p]ermitting Defendants to assert these affirmative defenses" would be highly prejudicial. *Id.* at 5.

Plaintiffs' first argument falls short. True, PPFA did not assert waiver in their initial pleadings — but that is because Plaintiffs clearly expounded their theory concerning PPFA's L&L department only at summary judgment. *See* ECF No. 391 at 76. Indeed, Plaintiffs' complaint mentioned neither the L&L department nor attorneys employed by PFFA. PPFA's purported "technical failure" to raise the attorney immunity and/or litigation privilege defense is thus "not fatal" because it "raised the issue at a pragmatically sufficient time." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983). "This 'play in the joints' is permissible because 'Rule 8(c)'s purpose is to give the plaintiff fair notice.'" *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019) (quoting *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *see also Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017).

Plaintiffs' second argument — that attorney immunity does not apply here because PPFA's attorney-employees are not being sued personally — is unsupported by case law. No supporting cases were cited by Plaintiffs, nor is this Court aware of any. At the very least, then, PPFA's argument here cannot be deemed frivolous, despite Plaintiffs' request. *See* ECF No. 590.

### B. The L&L department's purported "litigation privilege" and "attorney immunity" affects all the remaining claims as to PPFA.

This Court's Memorandum Opinion and Order left standing two categories of claims against PPFA: (1) implied false certification and (2) conspiracy, both pled by Relator. *See* ECF No. 554. Concerning the implied false certification claims, Relator argues that "PPFA's in-house litigation attorneys in their 'Litigation & Law' Department ('L&L')" "mastermind[ed] and orchestrat[ed] a strategy" to enable "Affiliate Defendants to continue to seek reimbursement from Texas and Louisiana Medicaid after the effective date of their terminations and continue in their refusal to return those funds." ECF No. 391 at 76–77. That strategy, according to Relator, involved the L&L department "steer[ing] Affiliate Defendants away from the prescribed administrative appeals and into lengthy legal battles" and "craft[ing] a request to HHSC for a 'grace period' for the purpose of transitioning their patients to new Medicaid providers — mere pretext to allow Affiliate Defendants to continue to bill Texas Medicaid temporarily." *Id.* at 78.

As for the conspiracy claims, Relator argues that PPFA "conspired to violate the TMFPA by agreeing that [Affiliate Defendants] would not return the overpayments they received under the vacated preliminary injunctions" and "would continue to use the courts [via the L&L department] . . . to extend the amount of time they could bill Medicaid under preliminary or temporary injunctions," despite "the fact that they were no longer Medicaid providers under state law." *Id.* at 99–100. PPFA allegedly "conspired to violate the TMFPA by agreeing that [Affiliate Defendants] would continue to file claims for reimbursement under the Texas Medicaid program even after it knew that the State's termination of its Medicaid provider agreements was final" and "by telling the State of Texas that it needed a 'grace period' to remain in Texas Medicaid even after termination to transition their patients to other providers." *Id.* at 100.

PPFA correctly notes that these claims "turn in whole or in part on L&L attorneys' advice, court filings, and the like." ECF No. 569 at 6. The two categories are predicated on alleged litigation strategies, conduct, and legal maneuvering — orchestrated by PPFA's L&L department — to "cause" the submission of allegedly false claims and to conspire to violate both federal and state law. Accordingly, the Court finds that the L&L department's purported "litigation privilege" and "attorney immunity" affects all the remaining claims as to PPFA.

### C. Judicial economy weighs in favor of staying the entire case.

Affiliate Defendants acknowledge that this Court retains jurisdiction over the claims against them. ECF No. 572 at 3. They nevertheless argue that it "should still stay the case as a whole pending the outcome of PPFA's appeal" because, "[a]bsent a full stay during the pendency of PPFA's appeal, a separate trial of the Affiliate Defendants in April 2024 would require the Court and a jury" to hear evidence "regarding the same underlying facts from the same witnesses that the Court and yet another jury would be required to later hear at a trial of PPFA if its appeal is ultimately denied." *Id.* Plaintiffs respond that no stay is warranted because "PPFA's appeal is frivolous," but agree that *if* the Court grants a stay as to PPFA, "the Court should also grant a stay as to the Affiliate Defendants." ECF No. 589 at 2. "Plaintiffs agree that having separate trials for the Affiliate Defendants and PPFA is inefficient and would waste the Court's and the parties' resources." *Id.*

Having already found that PPFA's Motion is not frivolous, the Court **STAYS** the case in its entirety. First, given the demands of dual trials, "it will be more efficient to try the claims together." *Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2022 WL 1744454, at *3 (W.D. Tex. May 31, 2022). Second, the claims leveled against PPFA and Affiliate Defendants are "closely interconnected," involve the same "underlying facts," and are predicated on the same "causes of action." *Gaalla v. Citizens Med. Ctr.*, No. CIV.A. V-10-14, 2011 WL 23233, at *2 (S.D. Tex. Jan. 4,

2011); *see also Waller v. City of Fort Worth*, No. 4:15-CV-670-Y, 2015 WL 5836041, at *7 (N.D. Tex. Oct. 2, 2015). Third, "Relator's implied false certification and conspiracy claims against PPFA are based on the same evidence and witnesses on which Relator's claims against the Affiliate Defendants are based." ECF No. 572 at 5; *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) ("Controlling litigation expenses and . . . judicial resources serves not only the parties and the Court, but also the public as a whole.").

CONCLUSION

For the foregoing reasons, the Court **GRANTS** PPFA's Motion and Affiliates' Motion and **DENIES** Plaintiffs' Motion. This case is **STAYED** in its entirety — covering all remaining claims against all remaining defendants — pending resolution of PPFA's appeal to the Fifth Circuit. *See* ECF No. 569. This Court's amended scheduling order (ECF No. 567) is no longer in effect.

**SO ORDERED.**

January 11, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE