## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, | § § § | |
| THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

## RELATOR'S RESPONSE TO COURT'S ORDER RE: POSITION ON MOTION TO INTERVENE AND UNSEAL

## INTRODUCTION

Pursuant to the Court's Order of May 31, 2024, the parties are required to "state—with an explanation—whether they (1) 'oppose' or (2) 'do not oppose'" the Reporters Committee for Freedom of the Press (RCFP)'s motion to intervene for the limited purpose of unsealing the summary judgment order (Motion). ECF No. 613. Relator therefore provides Relator's current position and an explanation as well as an explanation of Relator's previous decision not to take a position on the motion.

## RESPONSE

Relator opposes the Motion.

As noted in the Motion to Intervene, in response to RCFP's conference of the motion, Relator took no position on the motion. But after RCFP's email on April 24, and four days before RCFP actually filed the motion on May 8, 2024, ECF No. 610, the Court stayed the case, ECF No. 606. Relator therefore opposes briefing or granting a motion while the case is stayed pursuant to this Court's past practice, which did not permit the briefing or resolution of pending motions during the previous stay. *See, e.g.,* ECF No. 454, 458.[1]

As for an explanation of Relator's previous position, as Relator has briefed to the Court before, the Fifth Circuit's sealing standards are high, and there is a presumption in favor of public access to judicial records. "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). And this Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests." Judge Specific Requirements, Judge Matthew J. Kacsmaryk, United States District

---

[1] RCFP cannot argue that it is unfair that the stay has delayed consideration of their motion given that it filed the motion to unseal over six months since the order was entered.

Court, N. Dist. of Texas, https://www.txnd.uscourts.gov/judge/judge-matthew-kacsmaryk (last accessed June 6, 2024) (quoting *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 520–21 (5th Cir. 2022)).

That said, "[a] district court has supervisory authority over its records," and its "decision to seal a judicial record" is reversible only "for abuse of discretion." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). And "[a] court may deny access to records if the records become a vehicle for improper purposes." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The court's "discretion [is] to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

When sealing a court record, "a court usually must make 'specific, substantive findings ... that closure is necessary to protect higher values and is narrowly tailored to serve such goals.'" *United States v. Ahsani*, 76 F.4th 441, 448 (5th Cir. 2023) (quoting *In re Hearst Newspapers, LLC*, 641 F.3d 168,181 (2011)). "Such an explanation is a procedural safeguard of the First Amendment rights of the press and the public." *Id.*[2] Accordingly, the Court explained that its decision to *sua sponte* seal the summary judgment order was based on three reasons: (1) preventing jury pool taint, (2) protecting the identity and physical safety of the parties and their employees, given the "delicate subject matter," and (3) because the Court relied on sealed documents in the Order. ECF No. 554 at 47. These are all reasons that can justify sealing.

---

[2] "If the district court cannot adequately explain its reasoning without disclosing sealed information or information it seeks to protect by closing the proceeding, it may file its reasoning under seal." *Ahsani*, 76 F.4th at 448 (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)).

The Court also noted that the order would be unsealed "as soon as the Court deems that . . . [it] can be done without substantial risk to any of the foregoing factors." *Id.* Because the Order is still sealed, Relator presumes that the Court still believes that the risk is too high, or that there may be other risks the Court is considering (such as the safety of others beyond the parties, such as witnesses, court staff or employees,[3] or local observations of the potential of jury pool taint that may not be possible to resolve with voir dire, such as the size of the jury pool) that have arisen since the Order was entered. Whatever the reason, Relator assumes that the Court has a good reason for maintaining the seal. If not, Relator trusts the Court to unseal the Order when the stay is lifted.[4] Thus, Relator felt it was inappropriate to take a position one way or another without knowing the Court's rationale for maintaining the seal. If the Court does have such ongoing concerns, Relator opposes the motion.

---

[3] *See Ahsani*, 76 F.4th at 453-54 (affirming decision to seal where court was concerned about "the safety of the defendants and their families."); *accord* ECF No. 12 (order sealing Relator's identity because of evidence of safety concerns).

[4] When/if the Court does decide to unseal the summary judgment order, it should also unseal the record on which the order is based. *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, *with the record supporting the court's decision sealed from public view*." (emphasis added)).

**CONCLUSION**

Relator opposes the motion. Relator's position is that the Court should not entertain a motion to intervene and unseal while the case is stayed. And the Court should not grant the motion to intervene and unseal if it has ongoing concerns regarding risks related to jury taint, safety, or the reference to sealed documents.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

***Attorneys for Relator***

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Heather Gebelin Hacker</u>
Heather Gebelin Hacker