IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF TEXAS, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> THE STATE OF LOUISIANA, § <br> *ex rel.* ALEX DOE, Relator, § <br> § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> PLANNED PARENTHOOD § <br> FEDERATION OF AMERICA, INC., § <br> PLANNED PARENTHOOD GULF § <br> COAST, INC., PLANNED § <br> PARENTHOOD OF GREATER § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD SOUTH § <br> TEXAS, INC., PLANNED § <br> PARENTHOOD CAMERON § <br> COUNTY, INC., PLANNED § <br> PARENTHOOD SAN ANTONIO, § <br> INC., § <br> § <br> Defendants. § | Civil Action No. 2:21-CV-00022-Z |

**TEXAS'S RESPONSE TO COURT'S ORDER RE: POSITION ON MOTION TO INTERVENE AND UNSEAL**

The State of Texas respectfully opposes The Reporters Committee for Freedom of the Press (the Committee)'s Motion for Leave to Intervene and Unseal the Summary Judgment Order. Dkt. 609.

In contrast to Relator's Motion to Unseal Plaintiffs' Memorandum in Support of Plaintiffs' Motions for Summary Judgment (Dkt. 410)—to which Texas was unopposed—the Committee's Motion is untimely. Texas is sensitive to the Committee's First Amendment interests, but the Committee's unexplained delay in waiting to file its Motion until almost seven months after the issuance of the Court's Order—despite acknowledging awareness of major news outlets' significant coverage of the Order[1]—shifts the balance of interests in favor of preserving the integrity of the jury pool—a concern this Court previously recognized. *See* Dkt. 554.

Permissive intervention must be timely. *See, e.g.*, *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Not only did the Committee wait nearly seven months after the issuance of the Court's Order to move to intervene and unseal, the Committee waited an additional eight days after conferencing to file it. Dkt. 609 at 4. By the time the Committee filed its Motion, the Court had administratively closed the case. Dkt. 606.

---

[1] *See* Dkt. 610 at 7–8; *see also Planned Parenthood must face trial over Texas Medicaid fraud claims*, REUTERS (Oct. 24, 2023), https://tinyurl.com/ReutersOct;  *National Planned Parenthood org says it can't be sued in Texas fraud case*, REUTERS (Feb. 12, 2024), https://tinyurl.com/ReutersPP; *Planned Parenthood Seeks Fifth Cir. Review of Whistleblower Suit*, BLOOMBERG LAW (Nov, 22, 2023), https://tinyurl.com/Bloomberg5CA; *Planned Parenthood Appeal Poses Immunity Risks for Companies*, Bloomberg Law (Mar. 12, 2024), https://tinyurl.com/BloombergAppeal;

2

The Court has "complete discretion" over permissive interventions. *Quantlab Group v. Dempster*, No. 4:18-cv-2171, 2020 WL 224537, at *3 (S.D. Tex. Jan. 15, 2020) (citing *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 513 (5th Cir. 2005)). This Court has weighed the "public's common law right of access against the interests favoring nondisclosure" and determined that sealing is necessary to protect the integrity of the jury pool and protect the parties given the subject matter of the litigation. *Binha Loa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *see also* Dkt. 610 at 9 (acknowledging that a "published news report" listed the Court's "motivation to prevent jury pool taint—and thereby serve the interests of justice—and/or to protect the identity and physical safety of the parties and their employees"). The Court's concern about the risk of tainting the jury pool is well-founded. The risk of jury pool taint is more acute in the Amarillo Division than, for example, in the Houston Division of the Southern District. The 26 counties that the Amarillo Division serves have a total population of 509,904.[2] By contrast, the Houston Division of the Southern District serves 13 counties, one of which alone (Harris County) has nearly ten times that population.[3]

The Court's determination to seal the Order need not be disturbed when the case is closed, and the Committee did not timely pursue the unsealing of the Order. Accordingly, Texas is opposed to the Committee's Motion to Intervene and Unseal.

---

[2] United States Census Bureau, https://data.census.gov/.
[3] United States Census Bureau, https://data.census.gov/profile/Harris_County,_Texas?g=050XX00US48201.

3

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

*/s/ Amy S. Hilton*
**AMY S. HILTON**
Special Counsel
Amy.Hilton@oag.texas.gov

**WILLIAM D. WASSDORF**
Texas Bar No. 24103022
Deputy Chief, General Litigation Division
Will.Wassdorf@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

***Attorneys for State of Texas***

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, this document was electronically filed and served via the Court's CM/ECF system.

*/s/ Amy S. Hilton*

4