# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | No. 2:21-cv-022-Z |

## AFFILIATE DEFENDANTS' MOTION TO UNSEAL SUMMARY-JUDGMENT ORDER

Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively, "Affiliate Defendants") respectfully request that the Court unseal its summary-judgment opinion, ECF No. 554.[1]

## INTRODUCTION

On October 23, 2023, this Court issued a 47-page order resolving the parties' cross-motions for summary judgment.  ECF No. 554 ("the Order").  The Order resolves key legal disputes and sets the stage for trial in this case. Plaintiffs' inflammatory and baseless allegations—not to mention their request for a staggering $1.8 billion in penalties—have already attracted national attention, and clearly will continue to do so when the case approaches trial. This keen national interest in this case militates for access to the Court's opinion and reasoning, not a veil of secrecy that effectively functions as a gag order—depriving the public of accurate information and leaving the Affiliate Defendants unable to meaningfully participate in a national conversation about the litigation status, this Court's rulings, or the underlying claims.  This restraint is especially prejudicial because the Order has been posted in its entirety online, and notwithstanding the sealing the Center for Medical Progress has publicly mischaracterized its contents.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████      ███████████

████████████████████████████████████

---

[1] Although the case is administratively closed, ECF No. 606, Affiliate Defendants are filing this motion now for the sake of judicial efficiency given the Court's May 31, 2024 Order directing the parties to state their position on the RCFP motion to intervene and unseal the Court's summary judgment order.  ECF No. 613.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████

On May 8, 2023, the Reporters Committee for Freedom of the Press ("RCFP") filed a motion to intervene for the purpose of unsealing the Order.  ECF No. 609.  Because the public and the press, including RCFP, are entitled to access the Order and Affiliate Defendants are entitled to exercise their First Amendment right to discuss it, Affiliate Defendants respectfully request that the Court unseal the Order or, alternatively, invite the parties to propose limited redactions addressing specific confidentiality concerns.

## LEGAL STANDARD

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████  █████████████

████████████████████████████████████████ This presumption of access to judicial records is rooted in both the Constitution and common law. *Bin Hoa Le*, 990 F.3d at 417-18; *see also Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)

("The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny."); *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 887-90 (S.D. Tex. 2008) (describing common-law history of right of public access). Because "[j]udicial records belong to the American people" and "are public, not private, documents," "courts are duty-bound to protect public access to judicial proceedings and records." *Bin Hoa Le*, 990 F.3d at 417.[2]

Even when certain specific evidence is appropriately sealed or redacted, the presumption of public access "is 'especially strong' for judicial opinions" because a "court's decrees, its judgments, its orders, are the quintessential business of the public's institutions." *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 51 (D.D.C. Aug 11, 2008) (quoting *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). "[E]ven in cases involving issues of national security, a 'sealed opinion and order' is barely imaginable." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (per curiam); *see also Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d at 891 (describing "opinions" and "orders" as "top drawer of judicial records" that is "hardly ever closed to the public"). "Redacting portions of opinions is one thing, secret disposition quite another." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Cap., Inc.*, 827 F.3d 689 (7th Cir. 2016) (ordering public filing of opinions magistrate judge had issued under seal without "explain[ing] what authority permits a federal court to issue entire opinions in secret").

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van*

---

[2] The Fifth Circuit has held that parties have standing to seek unsealing of judicial records based on the public's right to access those records. *See United States v. Holy Land Foundation for Relief & Devel.*, 624 F.3d 685, 690 (5th Cir. 2010) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 850 (5th Cir. 1993)).

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).   District-court sealing orders "must be explained at 'a level of detail that will allow for [appellate] review.'"   *Bin Hoa Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)).   This requires "a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'"   *Id.* (citations omitted).   "[T]o the extent that any sealing is necessary, it must be 'congruent to the need.'"   *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Bin Hoa Le*, 990 F.3d at 420).

# ARGUMENT

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████   Even in high-profile cases, courts choose less-restrictive means of preventing jury-pool taint than sealing entire orders.   █████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████.[3]   Regardless, any concerns on this front would be properly addressed via redaction.

---

[3] On August 4, 2023, the Court denied Planned Parenthood Federation of America's ("PPFA") motion to seal portions of its summary-judgment appendix; partially granted Affiliate Defendants' motion to seal its summary-judgment motion and portions of its appendix; and granted Relator's motions to unseal Plaintiffs' summary-judgment briefing and appendices, subject to limited redactions of "personal cell phone and non-party contact information."   ECF No. 517 at 2-3, 8.   Defendants moved for clarification and reconsideration of portions of this order, ECF No. 535, and the Court provisionally sealed the appendices and Plaintiffs' reply brief pending its adjudication of Defendants' motion, ECF Nos. 522, 526.   All other summary-judgment briefs are publicly available.   ECF No. 526 at 2.   ████████████████████████

████████████████████████████████████████████████████

It has also come to Affiliate Defendants' attention that the Order has already been posted in its entirety on a publicly available website and is being publicly discussed by non-parties.[4] *See infra* pg. 6-7.  Affiliate Defendants do not know when the Order was posted or how it came into the possession of the party that posted it, but the Fifth Circuit is clear that "[p]ublicly available information cannot be sealed."  *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).  Affiliate Defendants respectfully urge this Court to unseal the Order or invite the parties to suggest redactions to address any specific concerns.

## I.      Sealing Is an Overbroad and Unnecessary Means of Preventing Jury-Pool Taint

"The mere possibility of publicity concerning" a judicial opinion is not a reason to seal that opinion.  *United States v. Castellano*, 610 F. Supp. 1151, 1168 (S.D.N.Y. 1985) (ordering opinions regarding disqualification of counsel in criminal RICO case unsealed).  To the contrary, "[t]he rationale for public access is even greater" where a case "involve[s] matters of particularly public interest."  *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).  "The reason that fair trials can coexist with media coverage is because there are ways to minimize prejudice to [parties] without withholding information from public view."  *Matter of Appl. & Aff. for a Search Warrant*, 923 F.2d 324, 330 (4th Cir. 1991) (affirming district court's unsealing of search-warrant affidavit in high-profile case involving abduction of young girl).

Voir dire in particular is "a sufficient device to eliminate from jury service those so affected by exposure to pre-trial publicity that they cannot fairly decide" the issues.  *Appl. of Nat'l Broadcasting Co.*, 635 F.2d 945, 953 (2d Cir. 1980) (affirming district court's grant of television networks' application to copy and televise video evidence admitted at criminal trial of members of Congress and other public officials on bribery and related charges); *see also Bradley*

---

[4] ████████████████████████████████████████████████
████████████████████████████████████████████

*v. Ackal*, 954 F.3d 216, 231 (5th Cir. 2020) ("any risk of jury prejudice . . . is addressable through voir dire").  "Even the intensive publicity surrounding the events of Watergate, very likely the most widely reported crime of the past decade, did not prevent the selection of jurors without such knowledge of the events as would prevent them from serving impartially."  *Appl. of Nat'l Broadcasting Co.*, 635 F.2d at 953. Indeed, if the search-warrant affidavit, video evidence, and judicial opinions in *Matter of Application & Affidavit for a Search Warrant, Application of National Broadcasting Co*., and *Castellano* could be released without violating the criminal defendants' Sixth Amendment rights to a fair trial, the risk of prejudice posed by unsealing the Order in this civil case does not outweigh the public right of access to this core judicial record.

As the Court and the parties agreed at the summary-judgment hearing, any hypothetical risk of "jury pool taint" in this case can be "cut down on" via solutions like jury questionnaires and voir dire.  S.J. Hr'g Tr. 135; *see also id.* 41-42.  All agreed that a gag order on the parties, counsel, and/or the press would be "draconian" and inappropriate.  *Id.* 42, 136.  Yet by issuing its Order entirely under seal, the Court has imposed a de facto gag order on counsel and the parties. This silencing is especially prejudicial to Affiliate Defendants given that the Center for Medical Progress ("CMP") has been making public statements on X (formerly Twitter) that grossly mischaracterize the Court's summary-judgment ruling.  ██████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████  CMP falsely claimed that "Planned Parenthood has now *been found liable*" and "will go to trial to determine the full level of penalties due."[5]

---

[5] @CtrMedProgress, Twitter (Oct. 31, 2023, 1:37 PM), https://x.com/CtrMedProgress /status/1719453438256538016?s=20 (emphasis added).



Due to the sweeping sealing order, however, Affiliate Defendants cannot dispute Relator's false assertion or otherwise respond to the allegations Relator continues to make.[6]

Keeping the Order under seal thus violates not just the public's right to access judicial opinions but Affiliate Defendants' First Amendment right to discuss those opinions. This extreme prohibition is not justified by a "substantial likelihood of prejudice," nor is it "narrowly tailored" or "the least restrictive means" of achieving the Court's stated goals. *See Marceaux v. Lafayette City-Parish Consol. Gov't*, 731 F.3d 488, 492-94 (5th Cir. 2013) (describing gag-order test for civil cases).[7]

---

[6] The Order is wholly absent from the publicly viewable docket. As a result, Affiliate Defendants cannot even clarify the summary-judgment-stage status of the order.

[7] The expansive nature of the sealing language has already led to an additional sealed judicial order (ECF No. 560), numerous motions filed under seal with this Court (ECF Nos. 569, 572), and several under seal filings in the Fifth Circuit (*see* Order Granting Motion to Seal, *Doe v. Planned Parenthood*, No. 23-11184, ECF No. 92 (5th Cir. Mar. 5, 2024); Order Granting Motion to Seal, *Doe v. Planned Parenthood*, No. 23-11184, ECF No. 55 (5th Cir. Feb. 5, 2024)). If the Order remains under seal, any future motions or judicial orders referencing the Order, including at least some portion of the Fifth Circuit's forthcoming order adjudicating PPFA's

## II.    Sealing Is Not Necessary to Protect the Identity or Safety of the Parties or Their Employees or Any Sealed Information

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████    ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████  Bowen is a public figure and Linton is already publicly associated with PPGC and this case, having signed numerous declarations filed on the public record.  *See*, *e.g.*, ECF No. 383 at 372-78.  Lochabay has been mentioned by name in public briefing, ECF No. 476, and has since been publicly designated by Plaintiffs as a testifying expert, ECF No. 563.  ████████████████████████████████████████████████████████

████████████████████████████████████████

Indeed, Affiliate Defendants have sought to ensure the safety and anonymity of their non-public employees and third parties by seeking clarification and partial reconsideration of the Court's August 4, 2023 order unsealing most of the summary-judgment record.  ECF No. 535; ECF No. 517.  Affiliate Defendants seek to protect the names and personal contact information for non-public employees and third parties, as well as some social-security and financial-account numbers and other sensitive information.  ECF No. 535 at 7-11.  Plaintiffs do not oppose redacting much of that information.  ECF No. 543 at 9 n.2, 11.  Affiliate Defendants also seek reconsideration of the Court's decision to unseal a discrete set of 24 documents that contain sensitive non-party security information and proprietary trade secrets.  ECF No. 535 at 14-28.

████████████████████████████████████████████████████████

attorney immunity appeal will remain shrouded from the public and the parties' First Amendment rights to discuss those orders will be infringed.

██████████████████████████████.[8]

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████[9]

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████

For these reasons, sealing the entire Order is not necessary to protect the identity or physical safety of the parties or their employees, and in fact would violate the mandate that "[p]ublicly available information cannot be sealed." *June Med. Servs.*, 22 F.4th at 520.

---

[8] Despite Relator's assertion in their response to RCFP's Motion to Intervene, unsealing the Order does not require the wholesale unsealing of the record upon which the Order is based. *See* ECF No. 617 at 3 n.3.  As Affiliate Defendants explained in their motion for reconsideration, the Fifth Circuit allows for sealing portions of the record with a "document-by-document" and "line-by-line" balancing of "the public's common law right of access against the interests favoring non-disclosure."  ECF No. 353 at 9 (quoting *June Med. Servs.*, 22 F.4th at 5210.

[9] █████████████████████████████████████████████
████  ████████████████████████████████  The Court granted Affiliate Defendants' application to seal this portion of its appendix on February 23, 2023, ECF No. 443, and Plaintiffs did not move to unseal it.

## CONCLUSION

For these reasons, Affiliate Defendants respectfully request that the Court unseal the Order or invite the parties to propose limited redactions addressing specific confidentiality concerns.

Dated: June 13, 2024                          Respectfully Submitted,


                                              ARNOLD & PORTER KAYE SCHOLER LLP

                                              /s/ *Tirzah S. Lollar*
                                              Craig D. Margolis
                                              Craig.Margolis@arnoldporter.com
                                              Tirzah S. Lollar
                                              Tirzah.Lollar@arnoldporter.com
                                              Christian Sheehan
                                              Christian.Sheehan@arnoldporter.com
                                              Emily Reeder-Ricchetti
                                              Emily.Reeder-Ricchetti@arnoldporter.com
                                              Megan Pieper
                                              Megan.Pieper@arnoldporter.com
                                              Alyssa Gerstner
                                              Alyssa.Gerstner@arnoldporter.com
                                              Meghan C. Martin
                                              Meghan.Martin@arnoldporter.com
                                              601 Massachusetts Ave, NW
                                              Washington, DC 20001-3743
                                              Telephone: +1 202.942.5000
                                              Fax: +1 202.942.5999

                                              Christopher M. Odell
                                              Texas State Bar No. 24037205
                                              Christopher.Odell@arnoldporter.com
                                              700 Louisiana Street, Suite 4000
                                              Houston, TX 77002-2755
                                              Telephone: +1 713.576.2400
                                              Fax: +1 713.576.2499

                                              Paula Ramer
                                              250 West 55th Street
                                              New York, New York 10019-9710
                                              T: +1 212.836.8474

Paula.Ramer@arnoldporter.com

RYAN BROWN ATTORNEY AT
LAW
Ryan Patrick Brown
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

*Attorneys for Defendants Planned Parenthood
Gulf Coast, Inc., Planned Parenthood of Greater
Texas, Inc., Planned Parenthood of South Texas,
Inc., Planned Parenthood Cameron County, Inc.,
and Planned Parenthood San Antonio, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Tirzah S. Lollar*
Tirzah S. Lollar


## CERTIFICATE OF CONFERENCE

On June 6, 2024, counsel for the Affiliate Defendants conferred about this motion with the other parties.  PPFA is unopposed.  Relator and Texas oppose this motion.

*/s/  Tirzah S. Lollar*
Tirzah S. Lollar