# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX DOE, Relator, THE STATE OF TEXAS, *ex rel.* ALEX DOE, Relator, THE STATE OF LOUISIANA, *ex rel.* ALEX DOE, Relator, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC., <br><br> Defendants. | No. 2:21-cv-00022-Z |

## REPLY OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF MOTION TO INTERVENE AND TO UNSEAL SUMMARY JUDGMENT ORDER

TO THE HONORABLE COURT:

Movant the Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP") respectfully files this Reply in Support of its Motion to Intervene and to Unseal Summary Judgment Order (ECF No. 609) and respectfully shows:

## I. INTRODUCTION

Defendant Planned Parenthood Federation of America and its Affiliate Defendants do not oppose the Reporters Committee's Motion, stating that the Order "does not contain any sensitive, confidential information." ECF No. 614 at 2; ECF No. 616 at 2. The Affiliate Defendants now have filed their own Motion to Unseal Summary Judgment Order.  ECF No. 619.[1]  Despite having taken no position on the Motion initially, Relator and the State of Texas filed limited objections. ECF Nos. 617, 618.  None of those objections is persuasive.

As an initial matter, no party contests that:

- RCFP has standing to intervene;

- RCFP can intervene as a matter of right under Federal Rule of Civil Procedure 24(a);[2]

- RCFP satisfies the second and third prongs of the test applicable to permissive intervention under Federal Rule of Civil Procedure 24(b):  RCFP's Motion involves a "claim or defense" involving a common question of law or fact with the main action and will not unduly delay or prejudice the parties.[3]

Relator and the State first argue, instead, that the Court should not decide the Motion while the administrative stay is in place. Then, although Relator acknowledges the heavy burden that

---

[1] The Affiliate Defendants' Motion to Unseal Summary Judgment Order notes that the Order has been posted online and has been the subject of commentary on social media.  ECF No. 619 at 2, 7–8.

[2] The State directs its timeliness objection only at RCFP's permissive intervention request.

[3] Because neither the Relator nor the State claims any prejudice or delay will result from RCFP's limited intervention, the State's timeliness objection fails.  As detailed below, preventing prejudice to the parties is the primary purpose of the timeliness requirement.  *See infra* at 4–5.

must be satisfied to maintain court records under seal, Relator merely cites this Court's Judge-Specific Requirements on sealing and states that it "presumes" and "assumes that the Court has a good reason for maintaining the seal" on the Summary Judgment Order. ECF No. 617 at 2–3. The State, for its part, argues that, if treated as a permissive intervention request, RCFP's Motion is untimely, and that the Court adequately balanced the competing interests in sealing the entire Summary Judgment Order. ECF No. 618 at. 2–3. Each of these objections fails for the reasons detailed below. The Court should grant RCFP's Motion and enter an order unsealing the Summary Judgment Order.

## II. ARGUMENT AND AUTHORITIES

### A.  The Administrative Stay is No Barrier to the Court Deciding RCFP's Motion.

Relator and the State point to the administrative stay as a purported reason for the Court to delay acting on RCFP's Motion. But RCFP's Motion is distinct from pre-trial or trial proceedings on the merits of Plaintiffs' claims, and this Court has the inherent power and the discretion to modify the administrative stay to decide RCFP's Motion now, even though the proceedings on the merits in the underlying action remain stayed. *See Myers v. AutoZoners, LLC,* 2019 WL 480467, at *1 (W.D. Pa. 2019) (noting that a district court "has the inherent authority to interpret its own orders"); *cf. Brock v. Marysville Body Works,* 829 F.2d 383, 387 (3d Cir.1987) (court has authority to determine the scope of the automatic bankruptcy stay). The Court should not delay ruling on RCFP's Motion, as delay would only harm the firmly established public and press rights of access.

### B.  RCFP's Motion to Intervene is Timely.

Citing a single 50-year-old case not involving the sealing of court records and ignoring the wealth of cases to the contrary in which sealing and judicial transparency were at issue, including those RCFP cited in its Brief (ECF No. 610) at 5, the State of Texas argues that RCFP's

"permissive intervention" request is untimely.  The State's lone case, *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977), however, supports RCFP's intervention request.  In *Stallworth*, the Fifth Circuit reversed the denial of a request for intervention that the district court had held was untimely. In doing so, it set out four factors to be considered when determining the timeliness of an intervention request:

> Factor 1.  The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.
>
> \*\*\*
>
> Factor 2.  The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.
>
> \*\*\*
>
> Factor 3.  The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.
>
> \*\*\*
>
> Factor 4.  The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Stallworth*, 558 F.2d at 264–66.

The Fifth Circuit also cautioned district courts to avoid absolutes when measuring timeliness: yet an absolute is precisely what the State of Texas asks this Court to adopt by arguing that seven months since the entry of the order is too long.  Eschewing any such hard and fast rule, the Fifth Circuit wrote that "the timeliness requirement of Rule 24, which is 'an elemental form of laches or estoppel,' rather than a time bar of fixed dimensions, is relative, not absolute" and underscored the importance of a showing of prejudice that would result from the Movant's alleged delay in requesting to intervene. *Id*. at 266 (citation omitted).  Because the State does not (and could not) allege any prejudice it suffered or would suffer because of the seven-month timeframe between entry of the Order and the filing of RCFP's Motion, and because RCFP's intervention

will not "interfere with the orderly judicial processes" in this case, the State's timeliness objection is meritless. *Id.* And although the State says it is "sensitive to the [Reporters] Committee's First Amendment interests," it fails to acknowledge the real prejudice that RCFP and the public will suffer if RCFP's Motion is denied: an inability to access the Court's Summary Judgment Order.  In sum, the State's *Stallworth* argument incorrectly looks exclusively to Factor 1, and elevates it into an impermissible, absolute bar without discussing or acknowledging the other three factors or the caselaw applicable to interventions for the limited purpose of challenging sealing orders.

In addition to misapplying *Stallworth*, the State also ignores the many authorities that construe the timeliness requirement flexibly when the public's right to access court records is at stake.  In addition to the cases cited in RCFP's Brief (ECF No. 610) at 5, two relatively recent cases involving the political action committee True the Vote, Inc. emphasize that, where the right to inspect judicial records is involved, intervention even after entry of judgment and dismissal is timely.  *True the Vote, Inc. v. Internal Revenue Service*, No. 1:13-cv-00734-RBW, ECF No. 267, 2024 WL 2803332, at *6–8 (D.D.C. May 31, 2024); *Eshelman v. True the Vote, Inc.*, No. 4:20-cv-04034, ECF No. 66 (S.D. Tex. Sept. 26, 2023); *see also Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410 (5th Cir. 2021) (sealing issue raised by the Court sua sponte on appeal); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) (noting the "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated.").

Because the main purpose of the timeliness requirement is to prevent prejudice to the rights of the parties to the action, and neither Relator nor the State claims that any prejudice would result from RCFP's limited intervention, RCFP's intervention request is timely.

**C.  The Record Does Not Support Continued Sealing of the Order in its Entirety.**

Relator contends that it "assumes" the Court conducted a proper balancing test in sealing the Summary Judgment Order in its entirety and presumes that whatever stated or unstated reasons on which the Court relied to justify sealing are valid. ECF No. 617 at 3. The State half-heartedly supports the possibility of jury pool taint as a reason for sealing, noting that the population of the Amarillo Division of the Northern District of Texas is smaller than the population of the Houston Division of the Southern District of Texas. ECF No. 618 at 3. Tellingly, however, the State does not even discuss, much less distinguish, the cases holding that speculation about jury pool taint is an insufficient interest to justify sealing. RCFP Brief (ECF No. 610) at 12; *see also* Affiliate Defendants' Motion to Unseal Summary Judgment Order at 6–8 (collecting cases).

RCFP will not repeat here its previous arguments about why the Summary Judgment Order should be unsealed. *See* ECF No. 610 at 6–15. In short, neither the speculative risk of tainting the jury pool, nor the physical safety of the parties and/or their employees, nor the Order's reliance on sealed documents is sufficient to overcome the public's common law and Constitutional rights of access.  And sealing an entire Order resolving cross-motions for summary judgment in a case of immense public interest does not comport with settled Fifth Circuit authority requiring that the Court conduct a "document-by-document" and "line-by-line" review before sealing court records.  *See*, *e.g.*, *Binh Hoa Le*, 990 F.3d at 419. The press and public are entitled to know the Court's reasoning as set forth in the Summary Judgment Order, and the strong public interest in judicial transparency requires unsealing it in full.

**D.  If the Summary Judgment Order Contains any Information that Must Remain Sealed, Redaction is a Less Restrictive Alternative to Sealing.**

Neither Relator nor the State of Texas argues against redaction as a less restrictive alternative to continued sealing of the Order in its entirety.  If the Court identifies a substantial or

compelling interest, supported by specific factual findings, that necessitates continued sealing of some portion of the Order when balanced against the public's common law and Constitutional rights of access to court records, the Court should order only that information be redacted and unseal the balance of the Order. *See* RCFP Brief (ECF No. 610) at 15–16; Affiliate Defendants' Motion to Unseal Summary Judgment Order, ECF No. 619 at 3, 11.

### III. CONCLUSION AND PRAYER

For these reasons and the reasons stated in its Motion and Brief, the Reporters Committee for Freedom of the Press prays that the Court grant its motion to intervene for the limited purpose of challenging sealing of the Summary Judgment Order, unseal that Order, reinstate the accompanying docket entry on the public docket, and award such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ Thomas S. Leatherbury
Thomas S. Leatherbury
Texas Bar No. 12095275
THOMAS S. LEATHERBURY LAW, PLLC
1901 N. Akard St.
Dallas, Texas 75201
Telephone: (214) 213-5004
tom@tsleatherburylaw.com

Peter Steffensen
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Attorneys for Movant-Intervenor
Reporters Committee for Freedom of The Press

## CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2024, a true and correct copy of this document properly was served on all counsel of record via electronic filing in accordance with the USDC, Northern District of Texas Procedures for Electronic Filing.

/s/ Thomas S. Leatherbury
Thomas S. Leatherbury