IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA, *et al.*,

    Plaintiffs,

v.                                                                                          2:21-CV-022-Z

PLANNED PARENTHOOD
FEDERATION OF AMERICA, *et al.*,

    Defendants.

# ORDER

Before the Court is the Motion of the Reporters Committee for Freedom of the Press for Leave to Intervene and to Unseal Summary Judgment Order ("Motion") (ECF No. 609). In sealing this Court's summary judgment memorandum opinion and order (ECF No. 554), the Court relied on *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021). There, the Fifth Circuit held that "[t]he public's right of access to judicial records is a fundamental element of the rule of law" and that "[p]roviding public access to judicial records is the duty and responsibility of the Judicial Branch." *Id.* at 417.[1] Specifically, the Court of Appeals took issue with a wide range of documents being indefinitely sealed merely on the parties' request. "In other words, the parties decided unilaterally what judicial records to keep secret, and their decision was permanent." *Id.* at 420.

That is not — and was not — the case here. Rather, this Court's decision to seal the memorandum opinion and order was made (1) on a document-by-document basis; (2) was justified wholly apart from any request by the parties; (3) served to prevent jury pool taint; and (4) protected

---

[1] Judge Willett observed that the "presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419. That is why this Court has undergone the exhaustive "case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up).

the parties' safety given the history of terroristic threats and violence endured by practitioners affiliated with both parties. And in this Court's memorandum opinion and order, it stated that it would unseal particular filings when it could do so without substantial risk to the foregoing factors. That statement was made pursuant to *Binh Hoa Le*'s recognition that "[j]udicial records belong to the American people." *Id.* at 417.

Today, this Court has before it a Motion to unseal the memorandum opinion and order. ECF No. 609. Affiliate Defendants have moved to unseal it as well. ECF No. 619. And Plaintiff Relator merely states that "the Court should not grant the motion to intervene and unseal *if* it has ongoing concerns regarding . . . jury taint, safety, or the reference to sealed documents." ECF No. 617 at 5.

Lastly, this Court recognizes that it typically avoids ruling on motions during a stay. ECF Nos. 454, 458. However, this Motion is different: it pertains to the interests of the public, not just the interests of the parties. As such, the Reporters Committee for Freedom of the Press is **GRANTED** intervention for the sole purpose of contesting this Court's sealing of the memorandum opinion and order, and having reviewed its Motion, the Court **DIRECTS** the Clerk to unseal this Court's memorandum opinion and order (ECF No. 554) in its entirety **on July 1, 2024**. ECF Nos. 619 and 620 are **DENIED** as moot by virtue of this Order.

**SO ORDERED.**

June 21, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE