IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-022-Z |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, *et al.*, | |
| Defendants. | |

# ORDER

Before the Court is Plaintiffs' Motion to Lift Stay as to Affiliate Defendants, Enter Amended Scheduling Order and Set Trial Date, and Expedite Briefing ("Motion"), filed July 23, 2025. ECF No. 626. In their Motion, Plaintiffs ask the Court to lift the stay currently in place as to the Affiliate Defendants and set the case against them for trial in November 2025, with a separate trial against Defendant Planned Parenthood Federation of America ("PPFA") to follow at a later date. *See id.* at 2. The Affiliate Defendants filed a Response on August 1, 2025. ECF No. 627. Plaintiffs filed their Reply on August 8, 2025. ECF No. 628. The Motion is now ripe. For the reasons that follow, Plaintiffs' Motion is **DENIED**.

### LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[I]n determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources." *Id.* (quoting *Landis*, 299 U.S. at 254–55); *see also Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-CY-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15,

2008) ("Controlling litigation expenses and . . . judicial resources serves not only the parties and the Court, but also the public as a whole."). "A court is within its discretion to grant a stay when," as here, "a related case with substantially similar issues is pending before a court of appeals." *Greco*, 116 F. Supp. 3d at 761 (citing *Trinity Indus., Inc. v. 188 L.L.C.*, No. CIV. 3:02-CV-405, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002)).

ANALYSIS

This Court previously stayed this case on January 11, 2024, after PPFA and the Affiliate Defendants filed an interlocutory appeal and moved for a stay pending the appeal's resolution. *See* ECF No. 569, 572. In granting that stay, the Court rebuffed Plaintiffs' request that the Court proceed to trial on some of Plaintiffs' claims while Defendants' interlocutory appeal remained pending. *See* ECF No. 601 at 6–7. At that time, the Court found that a stay was warranted because "the demands of dual trials" mean that "it will be more efficient to try the claims together." *Id.* at 6 (quoting *Ramirez v. Escajeda*, No. EP-17-CV-00193, 2022 WL 1744454, at *3 (W.D. Tex. May 31, 2022) (internal quotation marks omitted)). The Court noted that "the claims leveled against PPFA and Affiliate Defendants are 'closely interconnected,' involve the same 'underlying facts,' and are predicated on the same 'causes of action.'" *Id.* at 6–7 (quoting *Gaalla v. Citizens Med. Ctr.*, No. CIV.A. V-10-14, 2011 WL 23233, at *2 (S.D. Tex. Jan. 4, 2011)). And the Court observed that "Relator's implied false certification and conspiracy claims against PPFA are based on the same evidence and witnesses on which Relator's claims against the Affiliate Defendants are based." *Id.* at 7 (quoting ECF No. 572 at 5).

None of those considerations have changed. Defendants' appeal remains pending before the Fifth Circuit, which granted en banc rehearing of the panel decision on June 26, 2025. *See* ECF No. 626 at 3. The case will be argued before the full Fifth Circuit on September

2

25, 2025. *See id.* That appeal will resolve an immunity issue that will be relevant to determining PPFA's potential liability. *See* ECF No. 627 at 9–10.

The Court finds that the same factors that motivated its prior decision to stay this case pending appeal remain in place. At this time, any impact related to further delay in the proceedings on appeal is greatly outweighed by the burden on the parties and the Court in holding two separate trials. Accordingly, Plaintiffs' Motion is **DENIED**.

**SO ORDERED.**

September 2, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE