**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF TEXAS,<br>*ex rel.* ALEX DOE, Relator,<br><br>THE STATE OF LOUISIANA,<br>*ex rel.* ALEX DOE, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTH TEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., PLANNED PARENTHOOD SAN ANTONIO, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:21-CV-00022-Z |

**JOINT STATUS REPORT**

Plaintiffs Relator, the State of Texas, and the United States (collectively, "Plaintiffs"), Defendant Planned Parenthood Federation of America, Inc. ("PPFA"), and Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc. (collectively, the "Affiliate Defendants," and together with PPFA, "Defendants") submit this Joint Status Report in response to the Court's Order of October 6, 2026. ECF No. 633. Counsel for the parties and the United States conferred on November 4, 2026 in preparing this Report. Where the parties do not agree, each side's position is stated separately.

## I. UPDATE ON THE STATUS OF THIS CASE

On January 11, 2024, the Court stayed this case pending resolution of PPFA's interlocutory appeal and terminated the deadlines in the then-operative scheduling order. ECF No. 601 at 7. The en banc Fifth Circuit unanimously dismissed the appeal for lack of jurisdiction on August 12, 2026, ECF No. 631, and the mandate issued on October 5, 2026, ECF No. 632. On October 6, 2026, the Court lifted the stay, directed the Clerk to administratively reopen the case, and ordered this Report. ECF No. 633.

Before the stay, the parties had completed fact and expert discovery and the summary-judgment briefing contemplated by the Court's prior Amended Scheduling Order (ECF No. 567). The Court entered partial summary judgment on October 23, 2023, finding that PPGC, PPGT, and PPST have a legal obligation to return the overpayments they received and granted PPFA summary judgment on the reverse-false claims based on the Court's interpretation of the statutes. *See* ECF No. 554 at 47. The Court denied summary judgment in all other respects and denied Defendants'

Motion for Judgment on the Pleadings (ECF No. 533). *See* ECF No. 554 at 1 n.1. After the summary judgment ruling, the parties began preparing for trial, serving expert disclosures, briefing *Daubert* motions, and were about a month away from the pretrial disclosure deadline when the Court stayed the case pending PPFA's interlocutory appeal. ECF No. 601.

Since the stay was entered, relevant developments aside from the Fifth Circuit's ruling are as follows:

- The United States is planning to file a motion to intervene by November 13, 2026. Defendants state that they reserve all rights with respect to any intervention, including in opposing intervention, seeking additional discovery, and seeking appropriate deadline extensions. Plaintiffs' position is that Defendants have no rights to additional discovery or deadline extensions.
- Relator has elected to simplify their case and will no longer pursue the subset of implied false certification claims that arose before Defendants were, as the court previously held, terminated from Texas and Louisiana Medicaid as a matter of law, respectively, at trial.

## II. MOTIONS PENDING WHEN THE CASE WAS STAYED AND CLOSED THAT THE PARTIES INTEND TO REFILE

The parties identify the following motions that were pending when the case was stayed and closed and that they intend to refile now:

| Party | Motion | Original ECF No. | Status of Motion Before Stay | Proposed Refiling Date |
|---|---|---|---|---|
| Defendants | Motion for Clarification and Partial Reconsideration of Unsealing Order | 535 | Fully briefed before summary judgment order entered on October 23, 2023 but not resolved other than provisional sealing order (ECF No. 522). | See below. The parties propose picking up again after trial given the provisional seal. |
| Plaintiffs | Motion to Exclude Testimony of Louis F. Rossiter | 579 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |
| Plaintiffs | Motion to Exclude Testimony of Cara C. Heuser | 580 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |
| Plaintiffs | Motion to Exclude Testimony of R. Alta Charo | 581 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |
| Plaintiffs | Motion to Exclude Testimony of David Simon Sokolow | 582 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |
| Plaintiffs | Motion to Exclude Testimony of Anitra Beasley | 583 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |
| Plaintiffs | Motion to Exclude Testimony of Louis G. Dudney | 584 | Opposition by Defendants filed; stay entered before reply deadline | December 14, 2026 |

Before the stay, the parties had fully briefed the Defendants' Motion for Clarification and Partial Reconsideration of Unsealing Order, which sought to limit the unsealing (ECF No. 517) of materials contained in Plaintiffs' appendices in support of summary judgment. ECF Nos. 535, 543, 546. The Court had yet to rule on it, but the Court provisionally sealed all documents at issue pending resolution of the

motion except the summary judgment briefing, which Defendants agreed could be unsealed. *See* ECF No. 522. The Court also clarified how confidential documents could be used in court. ECF No. 526. As the documents at issue are currently under seal, the parties believe that the priority for the moment is moving the case toward trial, and sealing issues related to the pre-trial record can be resolved after the conclusion of trial, so long as the provisionally sealed documents remain sealed until the motion can be heard. Given that Plaintiffs are streamlining their claims as described above in Section I, Plaintiffs do not oppose allowing Defendants to amend their expert designations *to remove* some or all experts considering that change.

Defendants position is that, unless and until Plaintiffs inform Defendants of the evidentiary impact of ”streamlining” their claims, Defendants are not be in a position to revisit expert reports, although they welcome Plaintiffs to have a productive discussion that may obviate the need for extensive Daubert litigation.

Plaintiffs' position is that it is Defendants' responsibility to assess the "evidentiary impact" of Plaintiffs streamlining their claims for trial as described in Section I in determining whether any of their experts have been rendered irrelevant. Plaintiffs welcome efforts to obviate the need for overly broad *Daubert* litigation.

Once the November 16, 2026 deadline for Defendants to serve any amended expert designations has passed, Plaintiffs will refile any applicable *Daubert* motions. Otherwise, the parties believe that all deadlines that had passed at the time the case was stayed should not be reinstituted to move the case expeditiously toward trial.

## III. EVENTS FROM THE PRIOR AMENDED SCHEDULING ORDER (ECF NO. 567) TO BE INCLUDED IN A NEW AMENDED SCHEDULING ORDER

The parties recommend that the following events from the Court's prior Amended Scheduling Order (ECF No. 567) be included in a new Amended Scheduling Order. The parties jointly propose that trial begin on Tuesday, April 13, 2027, at 9:00 a.m. (CDT). The parties estimate the trial will require seven days. The proposed deadlines below preserve the interval between each event and the trial date set in ECF No. 567, counted backward from April 13, 2027 (except for the deadlines for objections and responses to expert objections, which both maintains the interval between each and sets the responses deadline one additional week later in light of the New Year's holiday). Each proposed deadline falls on the same day of the week as the corresponding deadline in ECF No. 567, and none falls on a federal holiday.

| Event | Date in ECF No. 567 | Proposed Date |
|---|---|---|
| Amended Expert Designations | Nov. 6, 2023 | Mon., Nov. 16, 2026 |
| Expert objections (*Daubert* motions) | Dec. 8, 2023 | Fri., Dec. 14, 2026 |
| Responses to expert objections | Jan. 8, 2024 | Mon., Jan. 11, 2027 |
| Pretrial disclosures (Fed. R. Civ. P. 26(a)(3)(A)) | Feb. 12, 2024 | Mon., Feb. 8, 2027 |
| Identification of deposition transcript designations | Feb. 16, 2024 | Fri., Feb. 12, 2027 |
| Objections to pretrial disclosures | Feb. 26, 2024 | Mon., Feb. 22, 2027 |
| Motions in limine; objections to initial and counter-deposition designations | Mar. 1, 2024 | Fri., Feb. 26, 2027 |
| Joint advisory if no limine topics are disputed after Local Rule 7.1 conference | Mar. 6, 2024 | Wed., Mar. 3, 2027 |
| Witness lists; responses to objections to pretrial disclosures; responses to motions in limine; objections to counter-deposition designations | Mar. 11, 2024 | Mon., Mar. 8, 2027 |
| Replies on objections to pretrial disclosures and on motions in limine; objections to counter-counter deposition designations | Mar. 18, 2024 | Mon., Mar. 15, 2027 |

| Event | Date in ECF No. 567 | Proposed Date |
|---|---|---|
| Joint pretrial order; exhibit lists and deposition-testimony designations | Mar. 22, 2024 | Fri., Mar. 19, 2027 |
| Exchange of marked exhibits; delivery of exhibits to the Amarillo Division Clerk's Office | Mar. 25, 2024 | Mon., Mar. 22, 2027 |
| Pretrial conference (10:00 a.m. CDT); joint proposed jury charge and verdict form; trial briefs; trial binders (5:00 p.m. CDT); requested voir dire questions | Apr. 2, 2024 | Tue., Mar. 30, 2027 |
| Daily trial deliverables begin (7:30 p.m. and 9:30 p.m. CDT) | Apr. 15, 2024 | Mon., Apr. 12, 2027 |
| **Trial (9:00 a.m. CDT) (estimated seven days)** | **Tue., Apr. 16, 2024** | **Tue., Apr. 13, 2027** |

The parties further propose carrying forward the remaining provisions of ECF No. 567 that do not set dates, including the provisions on discovery motions and Federal Rule of Evidence 502(d), voir dire, trial time allocation, trial procedures, and compliance with the order.

## IV. ADDITIONAL EVENTS FOR A NEW AMENDED SCHEDULING ORDER

The parties jointly propose including the following additional events, with recommended deadlines.

| Proposed Additional Event | Proposed Deadline | Position |
|---|---|---|
| Mediation deadline/Joint Mediation Report due | January 29, 2027 | Joint |

**Defendants' position**. The schedule above assumes the case proceeds to trial on the claims and theories as currently pleaded. Should any Plaintiff be granted leave to amend their complaint, Defendants respectfully request that the Court enter additional case deadlines that allow Defendants a reasonable opportunity to file an amended responsive pleading, and to serve supplemental disclosures if necessary.

**Plaintiffs' response**. No plaintiff intends to amend their complaint, and the United States does not intend to file a separate complaint in intervention.

## V. SETTLEMENT AND MEDIATION

The parties briefly engaged in settlement discussions after summary judgment briefing was completed, but before the Court's summary judgment order, and have not engaged in settlement or mediation discussions since the stay was entered. The parties are open to mediation and suggest the Court add the above deadline to the Amended Scheduling Order. The parties do not believe that settlement or mediation discussions should affect the dates in a new Amended Scheduling Order, other than adding a deadline for mediation as proposed in Section IV.

## VI. OTHER ISSUES TO BE ADDRESSED BEFORE TRIAL

**PPFA's position regarding scope of issues to be tried.** PPFA respectfully submits that trial should be limited to the claims and theories actually pled in Plaintiffs' operative complaints. PPFA does not consent, and has not consented, to the trial of any unpled claim or theory by express or implied consent under Federal Rule of Civil Procedure 15(b). As this Court has recognized, this includes claims based on the actions of attorneys employed by PPFA's Litigation & Law department in the course of their representation of the Affiliate defendants in the underlying Medicaid termination litigation. *See* ECF No. 601 at 4 (observing that Plaintiffs "clearly expounded their theory concerning PPFA's L&L department only at summary judgment" and that "Plaintiffs' complaint mentioned neither the L&L department nor attorneys employed by PPFA"). PPFA's reference to and addressing of such unpled claims and theories in prior briefing does not constitute consent to try them. If they

wish to try such theories, Plaintiffs must seek leave to amend and demonstrate good cause for the requested amendment at this stage of the case. *See* ECF No. 346 (after May 13, 2022 "a party may only amend the pleadings by leave of court upon a showing of good cause").

**Relator and the United States' position**. Relator and the United States intend to try the case under the Federal Rules of Civil Procedure, including Rule 15(b). In any event, Relator and the United States do not seek to try any unpled claim and do not intend to seek leave to amend. The claims remaining against PPFA—implied false certification and conspiracy—are pled in the operative complaint, as this Court and the en banc Fifth Circuit acknowledged. See ECF No. 601 at 5 (describing the remaining claims against PPFA as "both pled by Relator"); ECF No. 631 at 4–5 (PPFA "must still stand trial on these claims to the extent they are premised on its own actions").

PPFA's reliance on the Court's order granting the stay pending PPFA's interlocutory appeal (ECF No. 601) is misplaced. The language PPFA quotes explains why PPFA's failure to plead attorney immunity as an affirmative defense was excused under Rule 8(c)'s fair-notice standard. ECF No. 601 at 4. The Court did not hold that any part of Relator's claims was unpled. Rather, the same order recognized that the pled claims encompass the conduct of PPFA's Litigation & Law employees, *id.* at 5–6, and the Court addressed PPFA's liability for its employees' conduct on the merits at summary judgment, ECF No. 554 at 43. PPFA has had notice of this

evidence since at least the 2023 summary judgment briefing and has litigated it through en banc review.

Neither Relator nor the United States intend to argue that PPFA is liable based solely on its in-house attorneys' legal representation of the Affiliate Defendants. But evidence of what PPFA's employees—including employees of its Litigation & Law department—knew and did is relevant to the pled claims, including PPFA's own conduct, knowledge, and participation. To the extent the parties disagree about the scope of evidence at trial, that disagreement is properly resolved through the joint pretrial order and motions in limine on the schedule proposed above. Because no Plaintiff intends to seek leave to amend, no additional pleading or disclosure deadlines are needed, and this issue should not affect the trial date.

**Defendants' position regarding potential intervention by the United States:**

Should the Court allow intervention by the United States, and given that Texas has already intervened, the Court must consider the extent and nature of Relators' participation in the trial as the United States and Texas, respectively, would have assumed primary responsibility for trial in the case and Relators cannot represent either the United States or Texas. As to the Louisiana claims, the State has not intervened, and to the extent to which the Relators are pressing those claims, they would take on responsibility for those claims.

**Relator and the United States' position.** Defendants' suggestion that Relator's role at trial must be curtailed is contrary to the False Claims Act. Even if

the Court grants the United States' forthcoming motion to intervene, the Relator "shall have the right to continue as a party to the action." 31 U.S.C. § 3730(c)(1). The Court may restrict a relator's participation only upon a showing by the Government that unrestricted participation would interfere with or unduly delay the Government's prosecution of the case, or would be repetitious, irrelevant, or for purposes of harassment, *id.* § 3730(c)(2)(C), or upon a showing by the defendant of harassment or undue burden or expense, *id.* § 3730(c)(2)(D). No such showing has been made, and the United States does not seek to limit Relator's participation. As to Texas, the State intervened only in the reverse false claim count, and it has no remaining claims against PPFA; Relator's remaining TMFPA claims are Relator's to prosecute. Trial responsibilities on the Plaintiffs' side are for Plaintiffs' counsel to coordinate. That coordination provides no basis for altering the schedule nor Relator's status as a party.

## CONCLUSION

The parties respectfully submit this Joint Status Report and request that the Court enter a new Amended Scheduling Order consistent with Parts II through VI above. The parties are available at the Court's convenience should the Court wish to hold a status conference regarding the matters addressed in this Joint Status Report.

Respectfully submitted.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Texas Bar No. 24103325
Andrew B. Stephens
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

***Attorneys for Relator***

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILL WASSDORF**
Deputy Attorney General for Civil Litigation

/s/ Amy Snow Hilton
**AMY SNOW HILTON**
Chief, Healthcare Program Enforcement Division
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 936-1709
Fax: (512) 499-0712

***Attorneys for the State of Texas***

**BRETT A SHUMATE**
Assistant Attorney General

**RYAN RAYBOULD**
United States Attorney

**BRENNA E. JENNY**
Deputy Assistant Attorney General

**BRANTLEY T. MAYERS**
Counsel to the Assistant Attorney General

/s/ Brian W. Stoltz
**BRIAN W. STOLTZ**
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

***Attorneys for the United States***

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Tirzah S. Lollar*

CRAIG D. MARGOLIS
Craig.Margolis@arnoldporter.com
TIRZAH S. LOLLAR
Tirzah.Lollar@arnoldporter.com
CHRISTIAN SHEEHAN
Christian.Sheehan@arnoldporter.com
MEGAN PIEPER
Megan.Pieper@arnoldporter.com
ALYSSA GERSTNER

Alyssa.Gerstner@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6127
Fax: +1 202.942.5999

PAULA RAMER
Paula.Ramer@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
T: +1 212.836.8474

CHRISTOPHER M. ODELL
Texas Bar No. 24037205
Christopher.Odell@arnoldporter.com
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499

RYAN BROWN ATTORNEY AT LAW

RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

***Attorneys for Defendants Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.***

O'MELVENY & MYERS LLP

By: *<u>/s/ Danny S. Ashby</u>*

DANNY S. ASHBY
Texas Bar No. 01370960

dashby@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

LEAH GODESKY (*pro hac vice*)
lgodesky@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
T: (310) 553-6700
F: (310) 246-6779

RYAN BROWN ATTORNEY AT LAW
RYAN PATRICK BROWN
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore St.
Amarillo, Texas 79101
T: (806) 372-5711
F: (806) 350-7716

***Attorneys for Defendant Planned Parenthood Federation of America, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, this document was electronically filed and served via the Court's CM/ECF system.

/s/Heather Gebelin Hacker