**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

UNITED STATES OF AMERICA, et al.
ex rel. ALEX DOE,

Plaintiffs,

v.

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GULF COAST, INC., PLANNED PARENTHOOD OF GREATER TEXAS, INC., PLANNED PARENTHOOD SOUTHTEXAS, INC., PLANNED PARENTHOOD CAMERON COUNTY, INC., AND PLANNED PARENTHOOD SAN ANTONIO, INC.,

Defendants.

Civil Action No. 2:21-cv-022-Z

## GOVERNMENT'S MOTION FOR LEAVE TO INTERVENE

Pursuant to 31 U.S.C. § 3730(c)(3), the United States moves for leave to intervene for good cause in the federal False Claims Act claims the Relator is pursuing through the operative complaint. Doc. 2. Relator and the State of Texas are unopposed. Defendants are opposed.

## BACKGROUND

Relator filed this action under the False Claims Act (FCA)'s *qui tam* provision on February 5, 2021, against Planned Parenthood Federation of America, Inc. ("PPFA") and several PPFA affiliates: Planned Parenthood Gulf Coast, Inc.; Planned Parenthood of Greater Texas, Inc.; Planned Parenthood of South Texas, Inc.; Planned Parenthood Cameron County, Inc.; and Planned Parenthood of San Antonio, Inc. (the "Affiliate Defendants"). Doc. 2. Relator alleged that the Defendants submitted or caused to be submitted false claims to the Texas and Louisiana Medicaid programs. Relator further alleged that the Defendants are liable under the FCA's reverse false claims provision for failing to return Medicaid payments they received after they were terminated from the Texas and Louisiana Medicaid programs. Relator also brought related claims on behalf of Texas and Louisiana pursuant to the Texas Medicaid Fraud Prevention Act ("TMFPA") and the Louisiana Medical Assistance Programs Integrity Law.

On November 3, 2021, the United States notified the Court, pursuant to 31 U.S.C. § 3730(b)(4), that it was declining to intervene in this action, although it expressly reserved its right to intervene later. Doc. 18. Following the Government's declination, Relator has continued to proceed with the action as permitted by the *qui tam* statute. The United States remains the real party in interest and has continued to monitor the case.

On November 1, 2021, the State of Texas filed a notice of partial intervention pursuant to the Texas Medicaid Fraud Prevention Act.[1] Doc. 16. Texas filed its complaint

[1] The State of Louisiana has not intervened.

in intervention on January 6, 2022. Doc. 22. Texas intervened as to Defendants' alleged violations of the TMFPA's reverse false claims provision, Tex. Hum. Res. Code § 36.002(12), relating to the Defendants' failure to repay amounts received from the Texas Medicaid program for claims submitted after the Affiliate Defendants had been terminated from Texas Medicaid. *See generally* Doc. 22.

The case proceeded through discovery, and on October 23, 2023, the Court entered an order on the parties' motions and cross-motions for summary judgment. The Court granted PPFA summary judgment with respect to Texas's and Relator's reverse false claims allegations. *See* Doc. 554 at 39. As to the Affiliate Defendants, the Court held that they were terminated from the Texas and Louisiana Medicaid programs as of January 19, 2017, and October 15, 2015, respectively. *Id.* at 12. The Court further held that the Texas and Louisiana Medicaid payments the Affiliate Defendants received after those dates were overpayments that they were obligated to return. *See id.* at 12, 19. The Court denied the parties' motions for summary judgment on the implied false certification claims. *See id.* at 29-34, 39-44.

On November 20, 2023, PPFA filed an interlocutory appeal of this Court's rejection of PPFA's assertion of attorney immunity as a defense to liability in this case. Doc. 568. Following PPFA's notice of appeal, the Court stayed the case in its entirety as to both PPFA and the Affiliate Defendants. Doc. 601 at 7. On August 12, 2026, the *en banc* Fifth Circuit dismissed the appeal for lack of jurisdiction. Doc. 631.

On October 6, 2026, the Court lifted the stay of this case and ordered the parties to submit a Joint Status Report by October 30. Doc. 633. On October 22, Relator and Texas

filed an unopposed request for an extension of time until November 6, 2026, so that the United States could participate in discussions relating to the Joint Status Report. Doc. 634. On October 23, the Court granted the motion. Doc. 635. The parties filed the Joint Status Report on November 6, and the United States noted that it planned to file a motion to intervene by November 13, 2026. *See* Doc. 637.

For good cause, the United States now moves to intervene.

## LEGAL STANDARD

In the FCA, Congress provided two paths for the United States to intervene. First, the United States may intervene during the period in which the complaint remains under seal, which is for at least 60 days after the relator serves the complaint and supporting disclosure materials on the United States, and thereafter for as long as the Court approves an extension. 31 U.S.C. §§ 3730(b)(1)-(3). If the United States does not elect to intervene at that time, "the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause." *Id.* § 3730(c)(3); *see, e.g.*, *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 425-26 (2023) ("[T]he Government can intervene after the seal period ends, so long as it shows good cause to do so.").

Congress did not define "good cause," but courts have recognized that the required showing is "neither a burdensome nor unfamiliar obligation," and stated that "good cause" is "a uniquely flexible and capacious concept, meaning simply a legally sufficient reason." *Polansky*, 599 U.S. at 429 n.2; *see, e.g.*, *United States ex rel. Jackson v. Ventavia Rsch. Grp., LLC*, 744 F. Supp. 3d 676, 686 (E.D. Tex. 2024) (applying the standard outlined in

*Polansky*). This lenient standard makes sense because Congress added the "good cause" language to expand, rather than limit, the United States's ability to intervene during the litigation. *See United States ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, 62 (E.D.N.Y. 1995).

Some courts have suggested that the "good cause" requirement also serves "to protect the interests of the relator." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 950 F. Supp. 1046, 1049 (D. Colo. 1996). Thus, the relator's consent, or lack thereof, is a relevant consideration. When the relator consents to the United States's intervention, district courts have almost uniformly allowed the United States to intervene. *See, e.g.*, *U.S. United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 06:09-cv-1002, 2011 WL 4480846, at *1 (M.D. Fla. Sep. 27, 2011) (granting intervention on basis of relator's consent); *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 2667207, at *3 (N.D. Ill. Oct. 17, 2005) (granting motion to intervene more than two years after filing notice of declination where relator consented); *Stone*, 950 F. Supp. at 1049 (allowing intervention where relator consented and in public interest).

Courts also consider whether the United States's intervention will unfairly prejudice defendants. *See Griffith v. Conn*, No. 11-157-ART-EBA, 2016 WL 3156497, at *3 (E.D. Ky. Apr. 22, 2016) (Thapar, J.). When intervention will not result in duplicative discovery or undue delay, there is no unfair prejudice to the defense. *See Hall*, 887 F. Supp. at 62.

## ARGUMENT

Good cause is present, and this Court should therefore grant intervention. In the five years since the Government declined to intervene in this case, the Relator and Texas

took discovery and this Court concluded that genuine disputes of material fact remained as to most of the Relator's claims. In the light of these developments, the United States has re-evaluated Relator's claims and determined it is in the public interest to join this litigation and pursue the federal claims the Relator pursues, as the claims were brought to recover damages to the public fisc. Intervention will not prejudice the Relator—who consents—nor will it prejudice the Defendants, as the United States intends only to pursue the federal claims Relator does based on the existing record.

**A. The United States's intervention is justified.**

Five years ago, the United States declined to intervene in this action. *See* Doc. 18. The United States made clear, though, that it reserved the right to intervene later. *See id.* at 2. And since then, the United States has signaled its interest in the case by filing an amicus brief in support of Relator in front of the *en banc* Fifth Circuit. *See* Doc. 217, No. 23-11184 (5th Cir. Sept. 5, 2025). Now, intervention is justified. As is apparent from this Court's summary judgment order, Relator and Texas have developed evidence based on which a reasonable jury could find violations of the FCA. *See, e.g.*, Doc. 554 at 26 ("[S]ummary judgment on Affiliate Defendants' liability for reverse FCA claims should be denied. The Court finds that Affiliate Defendants had an obligation to return overpayments and that a genuine dispute of material fact exists as to whether they 'knowingly and improperly' avoided those obligations."); *id.* at 27-36 (denying summary judgment on Affiliate Defendants' liability under "implied false certification" theory); *id.* at 37 ("PPFA is not entitled to summary judgment under the implied false certification theory but is entitled to summary judgment under the reverse false claims theory."). More than that, this

Court concluded that the Affiliate Defendants "had an obligation to repay the government payments they received as a matter of law." *Id.* at 19.

And now that the case has been reopened after a three-year stay, *see* Doc. 633, trial on those claims appears imminent. This is a distinct change of circumstance when compared to where this case stood five years ago. *Cf. United States ex rel. Capshaw v. White*, No. 3:12-CV-4457-N, 2017 WL 11511289, at *1 (N.D. Tex. Apr. 25, 2017) ("Good cause may include a showing of changed circumstances . . . ." (internal quotation marks and citation omitted)). Given the United States's compelling interest in "uncover[ing] and fight[ing] fraud," *United States ex rel. Ferguson v. Lockheed Martin Corp.*, 169 F.4th 558, 567 (5th Cir. 2026), and "protecting public revenue," *Pickett v. Brown*, 462 U.S. 1, 14 (1983), the Court should allow for the United States's intervention in this matter. The alleged fraud concerns a Federal health care program in which the public has a vested interest in protecting. And the United States— a "real party in interest," *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 934 (2009)—will be able to utilize its resources and expertise in pursing the claims in this matter, including at trial.

These are all legally sufficient reasons for intervention now. Although the Government declined to intervene five years ago, it has reconsidered and concluded intervention is appropriate in light of this Court's determination that trial is warranted on most of Relator's claims, and therefore now moves to intervene shortly after this Court reopened the case. *Cf. Higareda-Cano v. Noem*, No. 1:25-CV-225-H, 2026 WL 274495, at *5 (N.D. Tex. Jan. 30, 2026) ("New administrations are free to reconsider the government's position." (internal quotation marks and citation omitted)); *Griffith*, 2016 WL 3156497, at

*3 ("The primary purpose of the FCA was to protect the government from fraud, so the government should be able to intervene when necessary to protect its own interests." (citation omitted)). The United States has an undisputed interest in the pursuit of those claims and the undisputed expertise in doing so. It follows that participation by the United States will "add significantly to the completeness and fairness of [the] trial." *Stone*, 950 F. Supp. at 1049; *see United States ex rel. Ross v. Indep. Health Corp.*, No. 12-CV-299S, 2021 WL 3492917, at *3 (W.D.N.Y. Aug. 9, 2021) ("The purpose of the [False] Claims Act is to protect the government from fraud, and it is best protected if it fully participates in the litigation, bringing its considerable expertise and resources to bear against those alleged to have defrauded it."). This Court should accordingly allow for intervention.

**B. Intervention will not cause any unfair prejudice to the Relator or Defendants.**

In evaluating a motion to intervene, courts also consider whether intervention will cause "unfair prejudice" to "relators and defendants." *Griffith*, 2016 WL 3156497, at *3. No such prejudice will result here. Because the Relator consents to intervention, the Relator will not be prejudiced if this Court grants the United States's motion. *See id.* at *4.[2] Defendants will not be unfairly prejudiced either. The United States's intervention will not add any new claims, allegations, or issues into the case. Instead, the United States intends to pursue the federal claims the Relator pursues on the existing factual record, with no reopening of discovery necessary. Thus, Defendants' outlook will not materially change, and they accordingly will not face any unfair prejudice. *Cf. id.* at *3 (hypothesizing

[2] To the extent the "good cause" inquiry considers Texas's position, Texas, like the Relator, is unopposed to the United States's intervention.

that prejudice would result if the United States's intervention "caus[ed] some discovery to be repeated, require[ed] new discovery, and potentially require[ed] relitigation of some issues"); *Hall*, 887 F. Supp. at 62 ("Intervention in this action would not unduly prejudice defendants because it would not result in duplicative discovery or undue delay."); *Fernandez v. Cornelios Trucking Refrigerados SA de CV*, No. 7:21-CV-00064, 2021 WL 3929181, at *3 (S.D. Tex. Sept. 2, 2021) ("[B]ecause Mr. Carrisalez does not anticipate any continuances for additional discovery, the Court holds that his intervention will not unduly delay or prejudice any original party." (footnote omitted)).

For these reasons, the substantial justifications that support intervention are not counterbalanced by any prejudice to the Relator and Defendants.

## CONCLUSION

Because the United States has shown good cause, this Court should grant the motion to intervene.

Respectfully submitted,

**JONATHAN D. GUYNN**
Acting Assistant Attorney General

**RYAN RAYBOULD**
United States Attorney

**BRENNA E. JENNY**
Deputy Assistant Attorney General

**BRANTLEY T. MAYERS**
Counsel to the Acting Assistant
Attorney General

/s/ Brian W. Stoltz
**BRIAN W. STOLTZ**
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

Certificate of Conference

This is to certify that the government has conferred with the other parties about the relief requested herein, and the parties' positions are as follows:

Relator is unopposed.

The State of Texas is unopposed.

Defendants are opposed.

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

Certificate of Service

On November 13, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney